UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT
GROUP,
                Plaintiff,

    v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION,
ET. AL.
                Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 02-3830

FILED 10/18/02
3:40 pm
FJM

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the

Motion For Additional Extension Of Time To Respond To Complaint, it is hereby ORDERED

that the Motion is GRANTED, and that the time to answer, move or otherwise plead in response

to the Amended Complaint for any defendant who has previously received an extension of time

to do so is hereby extended until November 27, 2002 or the entry of the First Case Management

Order, whichever comes

BY THE COURT:

_____
                                J.

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL. | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR ADDITIONAL EXTENSION OF TIME TO RESPOND TO COMPLAINT

Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by its undersigned counsel, hereby moves for an extension of time to answer, move or otherwise plead in response to the complaint for those defendants who have previously received an extension of time to do so. In support of this motion, Plaintiff avers as follows:

1.      On September 27, 2002, Plaintiff filed stipulations signed by Plaintiff and defendants Emhart Industries, Inc., Carpenter Technology Corporation, Merit Metals Products Corporation, Plymouth Tube Company, Novartis Corporation, Advanced Environmental Technology Corporation, Rohm and Haas Company, NRM Investment Company, Knoll, Inc., Quikline Design and Manufacturing Company, Inc., Rahns Specialty Metals, Inc., Techalloy Company, Inc., Thomas & Betts Corporation, Unisys Corporation, Handy & Harman Tube Company, Inc. and Ashland Chemical Company Inc. extending the time for these defendants to respond to the complaint for thirty days until October 28, 2002.

2.      On October 15, 2002, Plaintiff filed a stipulation signed by Plaintiff and defendant Simon Wrecking Company, Inc. ("Simon") extending the time for Simon to respond to the complaint for fourteen days until October 28, 2002.

3.     Plaintiff agreed to extend the time for the defendants listed in paragraphs 1 and 2 (collectively "Stipulation Defendants") to respond to the complaint in order to permit an extended and productive Rule 26(f) process.

4.     On October 16, 2002, Plaintiff submitted a proposed First Case Management Order ("CMO") that obviates the need for defendants to answer the complaint.  (Copies of the CMO and accompanying cover letter are attached at Exhibit A).

5.     Plaintiff is filing the present motion in order to give the Court time to consider the CMO and meet with the parties.

WHEREFORE, Plaintiff respectfully requests that the Court grant to the Stipulation Defendants an additional extension of thirty days to respond to the complaint.

Monique M. Mooney
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
(215) 864-8999

Date:  October 18, 2002

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP

PLAZA 1000 · SUITE 500

MAIN STREET

VOORHEES, NEW JERSEY 08043-4636

856-761-3400

FAX: 856-761-1020

LAWYERS@BALLARDSPAHR.COM

GLENN A. HARRIS
DIRECT DIAL: 856-761-3440
PERSONAL FAX: 856-761-9001
HARRISG@BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
CAMDEN, NJ
DENVER, CO
SALT LAKE CITY, UT
WASHINGTON, DC

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

October 16, 2002

*By Hand Delivery*

The Honorable Legrome D. Davis, U.S.D.J.
United States District Court
U.S. Courthouse
601 Market Street
Room 5918
Philadelphia, PA 19106

Re:    *Boarhead Farm Agreement Group v. Adv. Env. Technology Corp., et al.*
       *Civil Action No. 02-3830*

Dear Judge Davis:

This firm represents plaintiff Boarhead Farm Agreement Group with respect to the above-referenced matter. This letter reports on the results of extensive discussions among the parties pursuant to Fed. R. Civ. P. 26(f) to develop a proposed discovery and scheduling plan.

This is a multi-party environmental action arising out of the Boarhead Farm Superfund Site ("the Site") located in Upper Black Eddy Township, Bucks County, Pennsylvania. Plaintiff consists of five companies who have agreed with the United States Environmental Protection Agency and the Pennsylvania Department of Environmental Protection to remediate contamination at the Site. Plaintiff seeks to recover from approximately twenty defendants their equitable shares of the remediation costs Plaintiff allegedly has incurred and will in the future incur at the Site.

Prior to serving its Complaint, Plaintiff met with Defendants to explore the possibility of using an alternative dispute resolution ("ADR") process in lieu of litigation pursuant to the Federal Rules of Civil Procedure to resolve the claims it has asserted and the potential defenses and claims of the Defendants. It appears that an initial period of focused discovery is necessary to enable the Defendants to evaluate whether alternatives to litigation,

The Honorable Legrome D. Davis, U.S.D.J.
October 16, 2002
Page 2

including ADR, will be effective and efficient. The proposed First Case Management Order enclosed with this letter is one that the parties believe will fairly and efficiently accomplish such discovery.

The proposed initial discovery concerns the alleged nexus of each of the parties to the Site; that is, whether any of the parties either arranged for the disposal of hazardous substances, which hazardous substances were disposed of at the Site, or whether any of the parties transported hazardous substances to the Site, or both. The proposed discovery plan consists of initial disclosures by all parties and the deposition of twelve or so witnesses expected to have information relevant to alleged nexus of each of the parties.

The parties are hopeful that the completion of this discovery will make possible settlement of some or all of the parties' claims. It will certainly inform any discussion of what further litigation phases or ADR processes might fully resolve the matter.

The parties are most anxious to discuss the proposed plan with Your Honor, either by telephone conference or in court, so that a final form of case management order acceptable to Your Honor may be entered and discovery can begin.

Respectfully yours,

Glenn A. Harris

GAH/dmn
Enclosure

cc w/encl.:    Counsel on Attached Service List

VH_DOCS_A #73129 v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOARHEAD FARM AGREEMENT GROUP,  :
                                              :
                  Plaintiff,            :
                                                :
v.                                                   :            Civil Action No. 02-3830
                                                   :
ADVANCED ENVIRONMENTAL          :
TECHNOLOGY CORPORATION, ET AL.,   :
                                                 :
                  Defendants.      :

## (PROPOSED) FIRST CASE MANAGEMENT ORDER

          Plaintiff filed this contribution action on June 18, 2002 under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, and the Pennsylvania Hazardous Sites Cleanup Act.

          Plaintiff seeks to recover from Defendants response costs it allegedly incurred in connection with the Boarhead Farms Superfund Site ("the Site") located in Upper Black Eddy Township, Bucks County, Pennsylvania.  Plaintiff also seeks a declaration that Defendants are liable for future response costs to be incurred at the Site.

          Prior to serving its Complaint, Plaintiff met with Defendants to explore the possibility of using an alternative dispute resolution ("ADR") process in lieu of litigation pursuant to the Federal Rules of Civil Procedure to resolve the claims it has asserted and the potential claims of the Defendants.  It appears that an initial period of discovery and information exchange is necessary to determine whether alternatives to litigation, including ADR, will be acceptable to the parties.

1

This Court has determined that the just, efficient, cost-effective, and prompt resolution of this case requires entry of this Case Management Order pursuant to Fed. R. Civ. P. 16(b) and 26(f). The parties have had an opportunity to participate in the development of this Case Management Order.

WHEREFORE, it is hereby ORDERED that this Case Management Order shall govern the proceedings in this matter.

1.    <u>Overall Case Management Approach</u>. The Court finds that the interests of justice and judicial economy are best served by dividing this action into phases for purposes of case management. Phase 1 shall consist of information exchanges concerning Site "nexus" and the liability, if any, of each of the parties.

2.    <u>Pleadings and Motions</u>. After service of the Complaint, all Defendants are deemed to have denied all claims. No pleadings, cross-claims, counterclaims, motions (other than motions for admission pro hac vice), or discovery requests shall be served by any party until further Order of the Court, except that any Defendant electing to file a motion under Rule 12(b)(1) through 12(b)(6) or Rule 12(e) of the Federal Rules of Civil Procedure shall file such motion within 60 days from entry of this Order, or within 60 days from the filing of any amended Complaint. All other Motions are deferred until completion of Phase 1 and shall be addressed in a subsequent Case Management Order. Plaintiff may amend its Complaint at any time during Phase I.

3.    <u>Initial Disclosures</u>.

A.    <u>Document Repository</u>. Plaintiff shall create a Document Repository ("the Repository"), including a document inspection area, to maintain the documents

2

related to this matter at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735

Market Street, Philadelphia, Pennsylvania 19103-7599. The Repository shall be made

available to all parties during normal business hours, and upon reasonable advance

notice. All documents submitted to the Repository are to receive both the prefix shown

in Exhibit A that corresponds to the submitting party and an identification number.

Plaintiff shall prepare an index of the Repository, update that index from time to time,

and provide copies to all parties. Any party submitting records to or securing records

from the Repository shall do so at its own expense, which may include fees for retrieval,

copying, and filing of records, and shall pay all such fees directly to the Plaintiff.

Nothing in this Order shall require a party to submit to the Repository (1) duplicates of

documents that the party has ascertained are already in the Repository or (2)

documents that the party has in its possession, custody, or control solely as a result of

disclosure or production by another party to this action. The Defendants shall

reimburse Plaintiff for one-half of any reasonable and customary out-of-pocket

expenditures (expected to be primarily legal assistant time, the current hourly rate for

which is $110.00) incurred by Plaintiff in maintaining the Repository. Plaintiff shall

submit quarterly invoices to each Defendant for its per capita share of such costs, along

with a detailed record of the total costs incurred in maintaining the Repository.

Undisputed invoices shall be paid within sixty days of receipt.

      B.   Initial Disclosure of Information by All Parties.

        (1)   Plaintiff's Provision of Documents. Within 20 days

from the entry of this Order, Plaintiff shall place in the Repository the following

documents in the possession, custody, or control of Plaintiff or of its members: (a)

documents signed or created by EPA or PADEP, or submitted by or on behalf of Plaintiff or its members to either of those agencies, relating to investigations of the Site or the selection or implementation of response actions at the Site; (b) documents created or maintained by Site owners and/or operators, such as corporate records of DeRewal Chemical Corporation, Boarhead Corporation, and related entities; (c) documents obtained from EPA or PADEP, such as responses to EPA CERCLA § 104(e) requests for information and witness statements and depositions previously taken by EPA, and (d) any other non-privileged documents that refer to, relate to, or reflect upon the liability of any Defendant in connection with the Site.

(2)    All Parties' Provision of Documents.  In lieu of preliminary disclosures pursuant to Fed. R. Civ. P. 26(a)(1), within 45 days from the entry of this Order, Plaintiff and each Defendant shall serve on the Repository the following documents in the possession, custody, or control of Defendants or of Plaintiff or its members, to the extent such documents are not included in the party's previous CERCLA § 104(e) responses for the Site:  All non-privileged documents referring to, relating to, or reflecting upon dealings during the years 1970 through 1977 for waste handling, recycling, or disposal between each of the party's plants or facilities listed on Exhibit B hereto and: Manfred DeRewal, Sr.; Bruce DeRewal; Manfred DeRewal, Jr.; Jeffrey Shaak; John Barsum; Richard Minthorn; Kenneth Gross; John Shuman; Joseph Sienkowski; Karen Bean; John Bean; Linda Cochran; Alex Imich; Danny Rufe; DeRewal Chemical Co.; Boarhead Corporation; Environmental Chemical Control, Inc.; Revere Chemical Company; Revere Chemical Transport Company; Echo, Inc.; Advanced Environmental Technology Corporation; Envirotech Co.; and Globe Disposal.

4

(3)    <u>All Parties' Provision of Information.</u>  Within 45 days

from the entry of this Order, Plaintiff shall also serve on each Defendant, with a copy to

the Repository, and each Defendant shall serve on Plaintiff, with a copy to the

Repository, the following information with respect to each of the party's plants or

facilities listed on Exhibit B, to the extent such information is not included in the party's

previous CERCLA § 104(e) responses for the Site: (a) the commonly used name and

the address of each as well as a general description of the manufacturing or other

operations conducted there during the years 1970 through 1977; (b) a list of all other

owners and/or operators of each during the years 1970 through 1977; (c) the name,

address, and telephone number of each individual likely to have discoverable

information relevant to the liability and Site "nexus" of that party, identifying the subjects

of the information; (d) a statement that any CERCLA § 104(e) responses of that party

placed in the Repository pursuant to this Paragraph 3B are true and correct copies of all

of that party's CERCLA § 104(e) responses for the Site (alternatively, the party may

serve on the Repository true and correct copies of all such responses); and (e) a list of

the documents or categories of documents provided in its initial disclosure pursuant to

Paragraph 3B, together with the assigned identification numbers for those documents.

(4)    <u>Privilege Log.</u>  Any party withholding a document on

the grounds of privilege shall provide a privilege log to the Repository within 20 days

after providing the responses and documents required by Paragraph 3B(2).  The

privilege log shall, without limitation, identify all documents created during the period

1970 to 1977 that the party is withholding for any reason and the basis for withholding

each such document.  However, no privilege log need be produced for documents that

are either attorney-client communications or joint defense communications between or among attorneys representing one or more parties having a common interest in prosecuting or defending this action or any issues related to this action.

    (5) Duty to Supplement Initial Disclosures. All parties shall supplement their initial disclosures pursuant to Paragraph 3B, to the extent required by the Federal Rules of Civil Procedure, by submitting the supplemental response to the Repository in the same manner as the initial response and shall serve counsel by Federal Express or its equivalent.

  4. Admission Pro Hac Vice. Any attorney desiring to be admitted pro hac vice to practice before this Court in this case may file a motion seeking such admission. Absent any opposition, the motion may be acted upon without a hearing.

  5. Depositions of Site Witnesses. Beginning 30 days after service of the disclosures described in Paragraph 3B(2) on the Repository, and continuing for 120 days thereafter, the depositions of persons with knowledge of the operations of the Site and/or the operations of DeRewal entities ("Site Witnesses") shall be taken. These depositions shall include those of (a) Manfred DeRewal, Sr.; (b) Manfred DeRewal, Jr.; (c) Linda Cochrane; and (d) John Barsum, whose depositions shall be videotaped and taken at the U.S. Court House, 601 Market Street, Philadelphia, Pennsylvania 19106. Plaintiff shall be responsible for timely serving a subpoena duces tecum under Rule 45, Fed. R. Civ. P., compelling attendance of each witness and compelling production of all non-privileged documents in each witness's possession, custody, or control that refer to, or relate in any way to, the Site. Plaintiff also contemplates noticing and taking the depositions of six (6) to twelve (12) additional Site Witnesses, in such manner and at

such locations as shall be mutually agreed upon.  Except as otherwise provided in this

paragraph, these depositions shall be governed by the Federal Rules of Civil

Procedure.  Unless otherwise agreed by the parties, each deposition shall be limited to

3 days and a total of 21 hours.  Initial questioning shall be conducted by counsel for

Plaintiff, and shall be followed by the opportunity for further questioning by counsel for

each of the Defendants.  The parties shall bear the costs of written transcripts,

videotape, recordings and copies thereof, on a per capita basis.  The Court may, for

good cause shown, extend the length of these depositions.

6.    Second Case Management Conference.  Following the close of Phase I

and over a period  of 60 days ("Phase II"),  the parties shall meet and confer to discuss

the nature and basis of their claims and defenses and to explore possibilities for

resolution of the case, including settlement with, dismissal of, or ADR with some or all of

the parties.  The Court expects these discussions to be conducted in good faith and to

include frequent communications among the parties.  If the parties have not resolved all

claims at the conclusion of Phase II, counsel for Plaintiff shall be responsible for

contacting the Court and arranging a second case management conference to establish

a framework and schedule for the next phase of the case.  Prior to the conference, the

parties shall confer in good faith regarding the terms of a proposed Second Case

Management Order to govern further proceedings.

7.    Joint Defendant Communications.  Activities and communications

undertaken by, among, and/or between any Defendants with respect to their defense(s)

in this case shall be deemed protected by the joint defense privilege and shall not be

subject to discovery.  All information and/or documents exchanged by, among, and/or

between any Defendants (other than information and/or documents produced in

discovery) shall be deemed to be communications for the limited purpose of assisting in

a common defense in this litigation, and such exchanges shall not constitute a waiver of

any applicable privilege.

IT IS SO ORDERED.


Dated: _____          _____

Legrome D. Davis, U.S.D.J.

## EXHIBIT A

| | |
|---|---|
| Advanced Environmental Technology Corporation | AETC |
| Agere Systems, Inc. | AGER |
| Ashland Chemical Company | ASHL |
| Boarhead Corporation | BOAR |
| Carpenter Technology Corporation | CART |
| Crown Metro, Inc. | CROW |
| Cytec Industries Inc. | CYTC |
| Diaz Chemical Corporation | DIAZ |
| Emhart Industries, Inc. | EMHA |
| Etched Circuits, Inc. | ETCH |
| fcg, inc. (f/k/a Flexible Circuits, Inc.) | FLEX |
| Ford Motor Company | FORD |
| Globe Disposal Co., Inc. | GLOB |
| Globe-Wastech, Inc. | GLWA |
| Handy & Harman Tube Company, Inc. | HAND |
| Knoll, Inc. | KNOL |
| Merit Metal Products Corporation | MERI |
| Novartis Corporation | NOVA |
| NRM Investment Company | NRMI |
| Plymouth Tube Company | PLYM |
| Quikline Design and Manufacturing Co. | QUIK |
| Rahns Specialty Metals, Inc. | RAHN |
| Rohm and Haas Company | ROHM |
| Simon Wrecking Co., Inc. | SIMO |
| SPS Technologies, Inc. | SPST |
| Techalloy Co., Inc. | TECH |
| Thomas & Betts Corporation | THOM |
| TI Group Automotive Systems LLC | TIGR |
| Unisys Corporation | UNIS |
| United States of America, Department of Navy | NAVY |

## EXHIBIT B

**Agere Systems, Inc.**
**(Western Electric Company)**
Winston-Salem, North Carolina
Allentown, Pennsylvania

**Ashland Chemical Company**
Great Meadows, New Jersey

**Carpenter Technology Corporation**
Reading, Pennsylvania

**Crown Metro, Inc. and Emhart Industries, Inc.**
Greenville, South Carolina

**Cytec Industries Inc.**
**(American Cyanamid Company)**
Bound Brook, New Jersey

**Diaz Chemical Corporation**
Holley, New York

**fcg, inc.**
**(Flexible Circuits, Inc.)**
Warrington, Pennsylvania

**(Etched Circuits, Inc.)**
Cherry Hill, New Jersey

**Ford Motor Company**
**(Philco Ford Corporation)**
Watsontown, Pennsylvania
Philadelphia, Pennsylvania

**Handy & Harman Tube Company, Inc.**
Norristown, Pennsylvania

**Knoll, Inc.**
Pennsburg, Pennsylvania
East Greenville, Pennsylvania

**Merit Metal Products Corporation**
Warrington, Pennsylvania

**Novartis Corporation**
Cranston, Rhode Island

**NRM Investment Company**
**(National Rolling Mills)**
Malvern, Pennsylvania

**Plymouth Tube Company**
**(Ellwood Ivins Plant)**
Horsham, Pennsylvania

**Quikline Design and Manufacturing Co.**
Cherry Hill, New Jersey

**Rahns Specialty Metals, Inc.**
Rahns, Pennsylvania

**Rohm and Haas Company**
Bridesburg Plant

**Simon Wrecking Co., Inc.**
**(Simon Resources, Inc.)**
Williamsport, Pennsylvania

**SPS Technologies, Inc.**
Jenkintown, Pennsylvania

**Techalloy Co., Inc.**
Rahns, Pennsylvania

**Thomas & Betts Corporation**
New Hope, Pennsylvania
Perkasie, Pennsylvania

**TI Group Automotive Systems LLC**
**(Bundy Corporation)**
Malvern, Pennsylvania

**Unisys Corporation**
Blue Bell, Pennsylvania
Uttica, New York

**United States of America, Department of Navy**
Naval Air Development Center,
Warminster , Pennsylvania

## CERTIFICATE OF SERVICE

I hereby certify that, on October 18, 2002, a true and correct copy of the foregoing

Motion For Additional Extension Of Time To Respond To Complaint. was served by first class

mail, postage prepaid, upon:

Thomas W. Sabino, Esquire
Wolff & Samson, PC
280 Corporate Center
5 Becker Farm Road
Roseland, New Jersey 07068-1776
*Attorney for Advanced Environmental Technology Corp.*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
Stewart & Olstein, P.C.
Six Becker Farm Road
Roseland, New Jersey 07068-1739
*Attorney for Handy & Harman Tube Company*

David A. Christiansen, Esquire
Associate General Counsel & Assistant Secretary
Legal Department
Carpenter Technology Corporation
1047 North Park Road
Wyomissing, PA 19610
*Attorney for Carpenter Technology Corporation*

Michael W. Steinberg, Esquire
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
*Attorney for Novartis Corp.*

Mr. Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holley, NY  14470-1156
*Diaz Chemical Corp.*


Seth vdH. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
*Attorney for Flexible Circuits & Etched Circuits*


Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
*Attorney for Merit Metals Products Corp.*


Steven J. Lemon, Esquire
Jones, Lemon, Graham & Chaney
28 North Bennett Street, Suite A
P.O. Box 805
Geneva, IL  60134-0805
*Attorney for Plymouth Tube Company*


Sandford F. Schmidt, Esquire
Law Offices of Schmidt & Tomlinson
29 Union Street
Medford, NJ  08055
*Attorney for Quikline Design*

Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
***Attorney for Rahns Specialty Metals, Inc.
and Techalloy Co., Inc.***

Michael J. Geiger, Esquire
Assistant General Counsel
Thomas & Betts Corporation
8155 Thomas & Betts Boulevard
Memphis, TN  38125
***Attorney for Thomas & Betts Corporation***

David T. Nobel, Esquire
Assistant General Counsel
Environment, Health & Safety
Unisys Corporation
Township Line & Union Meeting Roads
P.O. Box 500
Blue Bell, PA  19424-0001
***Attorney for Unisys Corporation***

David M. Doto, Esquire
Phelen, Pettit & Biedrzycki
Suite 1600
The North American Building
121 South Broad Street
Philadelphia, PA 19107
***Attorney for Ashland, Inc.***

Jerome C. Muys, Jr., Esquire
Swidler Berlin Shereff Friedman, LLP
3000 K Street, N.W., Suite 300
Washington, DC  20007
***Attorney for Emhart Corporation***

Jennifer Berke Levin, Esquire
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA  19106-2349
*Attorney for Rohm and Haas Company*


Sharon O. Morgan, Esquire
Mattleman Weinroth & Miller
Land Title Building, Suite 2226
Broad & Chestnut Street
Philadelphia, PA 19110
*Attorney for Simon Wrecking Co., Inc.*


United States of America, Department of Navy
Judith Keith, Esquire
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC  200263986
*United States of America, Department of Navy*


Edward Fackenthal, Esquire
Henderson, Weitherill, O'Hey & Horsey
902 One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
*Attorney for NRM Investment Co.*


Richard Friedman, Esquire
McNees, Wallace & Nurick, LLC
P.O. Box 1166
100 Pine Street
Harrisburg, PA  171081166
*Attorney for Knoll Inc.*


Boarhead Corporation
Lonely Cottage Drive
Upper Black Eddy
Bridgeton Township, PA 18972

Mr. Ivan Block
President, CEO
Crown Metro Inc.
315 Echelon Road
Greenville, SC 29605 -5234

Dated: _____October 18 2002_____

_____
Monique M. Mooney