IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | 02-CV-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**CASE MANAGEMENT ORDER**

Plaintiff filed this contribution action on June 18, 2002 under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, and the Pennsylvania Hazardous Sites Cleanup Act.

Plaintiff seeks to recover from Defendants response costs it allegedly incurred in connection with the Boarhead Farms Superfund Site ("the Site") located in Upper Black Eddy Township, Bucks County, Pennsylvania. Plaintiff also seeks a declaration that Defendants are liable for future response costs to be incurred at the Site.

Prior to serving its Complaint, Plaintiff met with Defendants to explore the possibility of using an alternative dispute resolution ("ADR") process in lieu of litigation pursuant to the Federal Rules of Civil Procedure to resolve the claims it has asserted and the potential claims of the Defendants. It appears that an initial period of discovery and information exchange is

necessary to determine whether alternatives to litigation, including ADR, will be acceptable to the parties.

This Court has determined that the just, efficient, cost-effective, and prompt resolution of this case requires entry of this Case Management Order pursuant to Fed. R. Civ. P. 16(b) and 26(f). The parties have had an opportunity to participate in the development of this Case Management Order.

WHEREFORE, on this 31st day of January, 2003, it is hereby ORDERED and DECREED that this Case Management Order shall govern the proceedings in this matter.

1. <u>Overall Case Management Approach</u>. The Court finds that the interests of justice and judicial economy are best served by dividing this action into phases for purposes of case management. Phase 1 shall consist of information exchanges concerning Site "nexus" and the liability, if any, of each of the parties.

2. <u>Pleadings and Motions</u>. After service of the Complaint, all Defendants are deemed to have denied all claims. No pleadings, cross-claims, counterclaims, motions (other than motions for admission pro hac vice), or discovery requests shall be served by any party until further Order of the Court, except that any Defendant electing to file a motion under Rule 12(b)(1) through 12(b)(6) or Rule 12(e) of the Federal Rules of Civil Procedure shall file such motion within 60 days from entry of this Order, or within 60 days from the filing of any amended Complaint. All other Motions are deferred until completion of Phase 1 and shall be addressed in a subsequent Case Management Order. Plaintiff may amend its Complaint at any time during Phase I.

3. <u>Initial Disclosures</u>.

    A. <u>Document Repository</u>.  Plaintiff shall create a Document Repository ("the Repository"), including a document inspection area, to maintain the documents related to this matter at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, Pennsylvania  19103-7599. The Repository shall be made available to all parties during normal business hours, and upon reasonable advance notice.  All documents submitted to the Repository are to receive both the prefix shown in Exhibit A that corresponds to the submitting party and an identification number.  Plaintiff shall prepare an index of the Repository, update that index from time to time, and provide copies to all parties.  Any party submitting records to or securing records from the Repository shall do so at its own expense, which may include fees for retrieval, copying, and filing of records, and shall pay all such fees directly to the Plaintiff.  Nothing in this Order shall require a party to submit to the Repository (1) duplicates of documents that the party has ascertained are already in the Repository or (2) documents that the party has in its possession, custody, or control solely as a result of disclosure or production by another party to this action.  The Defendants shall reimburse Plaintiff for one-half of any reasonable and customary out-of-pocket expenditures (expected to be primarily legal assistant time, the current hourly rate for which is $110.00) incurred by Plaintiff in maintaining the Repository.  Plaintiff shall submit quarterly invoices to each Defendant for its per capita share of such costs, along with a detailed record of the total costs incurred in maintaining the Repository.  Undisputed invoices shall be paid within sixty days of receipt.

    B. <u>Initial Disclosure of Information by All Parties.</u>

      (1) <u>Plaintiff's Provision of Documents.</u>  Within 20 days from the entry of this Order, Plaintiff shall place in the Repository the following documents in the

3

possession, custody, or control of Plaintiff or of its members: (a) documents signed or created by EPA or PADEP, or submitted by or on behalf of Plaintiff or its members to either of those agencies, relating to investigations of the Site or the selection or implementation of response actions at the Site; (b) documents created or maintained by Site owners and/or operators, such as corporate records of DeRewal Chemical Corporation, Boarhead Corporation, and related entities; (c) documents obtained from EPA or PADEP, such as responses to EPA CERCLA § 104(e) requests for information and witness statements and depositions previously taken by EPA, and (d) any other non-privileged documents that refer to, relate to, or reflect upon the liability of any Defendant in connection with the Site.

(2) <u>All Parties' Provision of Documents.</u> In lieu of preliminary disclosures pursuant to Fed. R. Civ. P. 26(a)(1), within 45 days from the entry of this Order, Plaintiff and each Defendant shall serve on the Repository the following documents in the possession, custody, or control of Defendants or of Plaintiff or its members, to the extent such documents are not included in the party's previous CERCLA § 104(e) responses for the Site: All non-privileged documents referring to, relating to, or reflecting upon dealings during the years 1970 through 1977 for waste handling, recycling, or disposal between each of the party's plants or facilities listed on Exhibit B hereto and: Manfred DeRewal, Sr.; Bruce DeRewal; Manfred DeRewal, Jr.; Jeffrey Shaak; John Barsum; Richard Minthorn; Kenneth Gross; John Shuman; Joseph Sienkowski; Karen Bean; John Bean; Linda Cochran; Alex Imich; Danny Rufe; DeRewal Chemical Co.; Boarhead Corporation; Environmental Chemical Control, Inc.; Revere Chemical Company; Revere Chemical Transport Company; Echo, Inc.; Advanced Environmental Technology Corporation; Envirotech Co.; and Globe Disposal.

      (3)    <u>All Parties' Provision of Information.</u>  Within 45 days from the entry of this Order, Plaintiff shall also serve on each Defendant, with a copy to the Repository, and each Defendant shall serve on Plaintiff, with a copy to the Repository, the following information with respect to each of the party's plants or facilities listed on Exhibit B, to the extent such information is not included in the party's previous CERCLA § 104(e) responses for the Site: (a) the commonly used name and the address of each as well as a general description of the manufacturing or other operations conducted there during the years 1970 through 1977; (b) a list of all other owners and/or operators of each during the years 1970 through 1977; (c) the name, address, and telephone number of each individual likely to have discoverable information relevant to the liability and Site "nexus" of that party, identifying the subjects of the information; (d) a statement that any CERCLA § 104(e) responses of that party placed in the Repository pursuant to this Paragraph 3B are true and correct copies of all of that party's CERCLA § 104(e) responses for the Site (alternatively, the party may serve on the Repository true and correct copies of all such responses); and (e) a list of the documents or categories of documents provided in its initial disclosure pursuant to Paragraph 3B, together with the assigned identification numbers for those documents.

      (4)    <u>Privilege Log.</u>  Any party withholding a document on the grounds of privilege shall provide a privilege log to the Repository within 20 days after providing the responses and documents required by Paragraph 3B(2).  The privilege log shall, without limitation, identify all documents created during the period 1970 to 1977 that the party is withholding for any reason and the basis for withholding each such document.  However, no privilege log need be produced for documents that are either attorney-client communications or joint defense communications between or among attorneys representing one or more parties

5

having a common interest in prosecuting or defending this action or any issues related to this action.

      (5) <u>Duty to Supplement Initial Disclosures.</u>  All parties shall supplement their initial disclosures pursuant to Paragraph 3B, to the extent required by the Federal Rules of Civil Procedure, by submitting the supplemental response to the Repository in the same manner as the initial response and shall serve counsel by Federal Express or its equivalent.

 4. <u>Admission Pro Hac Vice</u>.  Any attorney desiring to be admitted pro hac vice to practice before this Court in this case may file a motion seeking such admission.  Absent any opposition, the motion may be acted upon without a hearing.

 5. <u>Depositions of Site Witnesses</u>.  Beginning 30 days after service of the disclosures described in Paragraph 3B(2) on the Repository, and continuing for 120 days thereafter, the depositions of persons with knowledge of the operations of the Site and/or the operations of DeRewal entities ("Site Witnesses") shall be taken.  These depositions shall include those of (a) Manfred DeRewal, Sr.; (b) Manfred DeRewal, Jr.; (c) Linda Cochrane; and (d) John Barsum.  Plaintiff shall be responsible for timely serving a subpoena duces tecum under Rule 45, Fed. R. Civ. P., compelling attendance of each witness and compelling production of all non-privileged documents in each witness's possession, custody, or control that refer to, or relate in any way to, the Site.  Plaintiff also contemplates noticing and taking the depositions of six (6) to twelve (12) additional Site Witnesses, in such manner and at such locations as shall be mutually agreed upon.  Except as otherwise provided in this paragraph, these depositions shall be governed by the Federal Rules of Civil Procedure.  Unless otherwise agreed by the parties, each deposition shall

be limited to 3 days and a total of 21 hours. Initial questioning shall be conducted by counsel for Plaintiff, and shall be followed by the opportunity for further questioning by counsel for each of the Defendants. The parties shall bear the costs of written transcripts, videotape, recordings and copies thereof, on a per capita basis. The Court may, for good cause shown, extend the length of these depositions or permit one or more of the witnesses to be deposed again in a later phase of this litigation.

6. <u>Second Case Management Conference</u>. Following the close of Phase I and over a period of 60 days ("Phase II"), the parties shall meet and confer to discuss the nature and basis of their claims and defenses and to explore possibilities for resolution of the case, including settlement with, dismissal of, or ADR with some or all of the parties. The Court expects these discussions to be conducted in good faith and to include frequent communications among the parties. If the parties have not resolved all claims at the conclusion of Phase II, counsel for Plaintiff shall be responsible for contacting the Court and arranging a second case management conference to establish a framework and schedule for the next phase of the case. Prior to the conference, the parties shall confer in good faith regarding the terms of a proposed Second Case Management Order to govern further proceedings.

7. <u>Joint Defendant Communications</u>. Activities and communications undertaken by, among, and/or between any Defendants with respect to their defense(s) in this case shall be deemed protected by the joint defense privilege and shall not be subject to discovery. All information and/or documents exchanged by, among, and/or between any Defendants (other than information and/or documents produced in discovery) shall be deemed to be communications for

the limited purpose of assisting in a common defense in this litigation, and such exchanges shall not constitute a waiver of any applicable privilege.

**IT IS SO ORDERED.**

Legrome D. Davis, Judge

**EXHIBIT A**

| | |
|---|---|
| Advanced Environmental Technology Corporation | AETC |
| Agere Systems, Inc. | AGER |
| Ashland Chemical Company | ASHL |
| Boarhead Corporation | BOAR |
| Carpenter Technology Corporation | CART |
| Crown Metro, Inc. | CROW |
| Cytec Industries Inc. | CYTC |
| Diaz Chemical Corporation | DIAZ |
| Emhart Industries, Inc. | EMHA |
| Etched Circuits, Inc. | ETCH |
| fcg, inc. (f/k/a Flexible Circuits, Inc.) | FLEX |
| Ford Motor Company | FORD |
| Globe Disposal Co., Inc. | GLOB |
| Globe-Wastech, Inc. | GLWA |
| Handy & Harman Tube Company, Inc. | HAND |
| Knoll, Inc. | KNOL |
| Merit Metal Products Corporation | MERI |
| Novartis Corporation | NOVA |
| NRM Investment Company | NRMI |
| Plymouth Tube Company | PLYM |
| Quikline Design and Manufacturing Co. | QUIK |
| Rahns Specialty Metals, Inc. | RAHN |
| Rohm and Haas Company | ROHM |
| Simon Wrecking Co., Inc. | SIMO |
| SPS Technologies, Inc. | SPST |
| Techalloy Co., Inc. | TECH |
| Thomas & Betts Corporation | THOM |
| TI Group Automotive Systems LLC | TIGR |
| Unisys Corporation | UNIS |
| United States of America, Department of Navy | NAVY |

# EXHIBIT B

Agere Systems, Inc.
(Western Electric Company)
Winston-Salem, North Carolina
Allentown, Pennsylvania

**Ashland Chemical Company**
Great Meadows, New Jersey

**Carpenter Technology Corporation**
Reading, Pennsylvania

**Crown Metro, Inc. and Emhart Industries, Inc.**
Greenville, South Carolina

**Cytec Industries Inc.**
**(American Cyanamid Company)**
Bound Brook, New Jersey

**Diaz Chemical Corporation**
Holley, New York

**fcg, inc.**
**(Flexible Circuits, Inc.)**
Warrington, Pennsylvania

**(Etched Circuits, Inc.)**
Cherry Hill, New Jersey

**Ford Motor Company**
**(Philco Ford Corporation)**
Watsontown, Pennsylvania
Philadelphia, Pennsylvania

**Handy & Harman Tube Company, Inc.**
Norristown, Pennsylvania

**Knoll, Inc.**
Pennsburg, Pennsylvania
East Greenville, Pennsylvania

**Merit Metal Products Corporation**
Warrington, Pennsylvania

**Novartis Corporation**
Cranston, Rhode Island

**NRM Investment Company**
**(National Rolling Mills)**
Malvern, Pennsylvania

**Plymouth Tube Company**
**(Ellwood Ivins Plant)**
Horsham, Pennsylvania

**Quikline Design and Manufacturing Co.**
Cherry Hill, New Jersey

**Rahns Specialty Metals, Inc.**
Rahns, Pennsylvania

**Rohm and Haas Company**
Bridesburg Plant

**Simon Wrecking Co., Inc.**
**(Simon Resources, Inc.)**
Williamsport, Pennsylvania

**SPS Technologies, Inc.**
Jenkintown, Pennsylvania

**Techalloy Co., Inc.**
Rahns, Pennsylvania

**Thomas & Betts Corporation**
New Hope, Pennsylvania
Perkasie, Pennsylvania

**TI Group Automotive Systems LLC**
**(Bundy Corporation)**
Malvern, Pennsylvania

**Unisys Corporation**
Blue Bell, Pennsylvania
Uttica, New York

**United States of America, Department of Navy**
Naval Air Development Center,
Warminster , Pennsylvania

2