**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, : <br> : <br> Plaintiff, : <br> : <br> v.   : <br> : <br> ADVANCED ENVIRONMENTAL : <br> TECHNOLOGY CORPORATION, ET AL., : <br> : <br> Defendants. : | Civil Action No. 02-3830 |

**MOTION FOR STANDARDIZED DEPOSITION INSTRUCTIONS**

Plaintiff Boarhead Farm Agreement Group, by and through undersigned counsel, move for an Order establishing the appropriate and exclusive instructions to be given to future deponents in this matter regarding the need to tell the truth and the effect that the statute of limitations has on future prosecution for potentially perjurious sworn testimony given more than five years prior, and offers in support thereof the following statement as well as an accompanying Memorandum of Law:

1.  Plaintiff filed this contribution action on June 18, 2002 under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613, and Section 702(a)(3) of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.702(a)(3), seeking to recover from Defendants response costs it allegedly incurred in connection with the Boarhead Farms Superfund Site ("the Site") located in Upper Black Eddy, Bucks County, Pennsylvania.

2.  This Court entered a Case Management Order on February 2, 2003 establishing a phased discovery approach.

2

3. Phase 1 consists of information exchanges concerning Site "nexus" and the liability, if any, of each of the parties. After the initial exchange of information, Phase 1 will continue with the depositions of persons with knowledge of the operations of the Site and/or the operations of DeRewal entities ("Site Witnesses").

4. The Defendants requested that the depositions of four of the Site Witnesses, (a) Manfred DeRewal, Sr., (b) Manfred DeRewal, Jr., (c) Linda Cochrane, and (d) John Barsum, be videotaped and taken at the U.S. Courthouse.

5. The United States Environmental Protection Agency ("EPA") conducted administrative depositions of Manfred DeRewal Sr., Manfred DeRewal, Jr., John Barsum, and certain other Site Witnesses (the "Prior Deponents") more than five years ago regarding contaminants discovered at the Site. Most of the Prior Deponents generally testified then that they had limited knowledge of, and limited involvement with, the disposal of hazardous substances at the Site.

6. Based on witness interviews conducted by Plaintiff since those administrative depositions, Plaintiff expects that several of the Prior Deponents will alter their prior statements and testify to their substantial knowledge of the disposal of hazardous substances at the Site.

7. The potential that the Prior Deponents will now testify regarding the disposal of Defendants' hazardous substances at the Site has already created disputes over the conduct of the depositions of those witnesses and threatens to make the upcoming depositions extremely contentious. It is possible that Defendants will instruct the Prior Deponents (or otherwise imply to them) that the Prior Deponents are likely to face criminal penalties based on

their prior inconsistent testimony. Such tactics will only intimidate the witnesses, and will potentially keep them from testifying truthfully.

8. In order to foster a more candid environment, Plaintiff desires a court authorized, standardized instruction that both clarifies the need for the deponents to tell the truth and clarifies how operation of the statute of limitations bars prosecution for perjury based on testimony given more than five years ago.

9. Courts take great pains to ensure candid, truthful witness testimony, and, where the potential for perjury arises, give substantial weight "to the judicial system's interest in deterring perjury and promoting the truth-determining process." Commonwealth v. Bennett, 430 A.2d 994, 997 (Pa. Super. 1981).

10. Such efforts include implementing mechanisms that safeguard the truth determining process. In re Grand Jury, April Term, 1977, Wayne County, 261 Pa. Super. 43, 379 A.3d 323 (1977); In re Grand Jury Proceedings, 539 F.2d 382, 383-84 (5th Cir. 1976). Here, the mechanism to safeguard that process involves an instruction that diffuses the perjury issue while emphasizing the need for the Prior Deponents (and the other Site Witnesses) to tell the truth.

11. It is undisputed that both Pennsylvania and federal law impose a five year statute of limitations for perjury. 42 Pa. C.S.A. § 5552(b)(1); Commonwealth v. DeBlase, 542 Pa. 22, 44, 665 A.2d 427, 438 (1995);18 U.S.C. § 3282; United States v. Rogers, 118 F.3d 466, 473 (6th Cir. 1997).

12. The statute of limitations for perjury begins to run when the knowingly false statement is made. See In re Petition of Wilson et al., 52 Pa. D. & C. 4th 552, 563, 2001 WL 1809823 (2001); United States v. Reed, 647 F.2d 849, 853 (8th Cir. 1981).

13. Because the administrative depositions all took place more than five years ago, no charge for perjury may lie based on statements made during the course of those depositions. See DeBlase, 665 A.2d at 438; In re Petition of Wilson, 52 Pa. D. & C. 4th at 563; Reed, 647 F.2d at 853.

14. Moreover, Pennsylvania and federal law is also clear that where, as here, a witness's sworn testimony conflicts with prior testimony for which the statute of limitations for perjury has run, the existence of the conflict will not sustain a conviction for perjury. Rather, to establish perjury, the prosecution must provide competent evidence that the witness gave knowingly false testimony at the later proceeding. Commonwealth v. Russo, 388 Pa. 462, 468, 131 A.2d 83, 86 (1957).

15. Therefore, truthful testimony at the upcoming depositions will not give rise to any prosecution for perjury based either on the potential falsity of the prior testimony, or the inconsistency of the later testimony with the former.

16. However, absent clear instructions discussing the applicability of the statute of limitations to their prior testimony, the Prior Deponents will likely self-edit their testimony to avoid future perjury prosecution. Therefore, the advancement of a truthful, candid discovery process requires the implementation of a standardized instruction clarifying each deponent's duty to tell the truth and the effect that perjury's five year statute of limitations has on his prior administrative deposition testimony.

17. For the reasons stated above, and as set forth in the Memorandum of Law in support of this Motion, this Court should order that each future deponent receive the following instruction during his or her deposition:

> You have just taken an oath to tell the truth today. Your obligation
> to tell the truth today is just as great as if we were sitting in a

courtroom and the Judge were listening to your testimony. Your job is to tell the truth today, and to remember as best as you can the events you are asked about.

You may sometime before today have given testimony under oath concerning the matters about which you will be asked today. You may have given testimony at that time that you did not then believe to be true. If you did, you may have committed perjury.

Perjury is the making of a false material statement under oath that the witness knows to be false. There are, however, statutes of limitation for perjury. Those statutes, or laws, limit the circumstances under which a person may be prosecuted for or convicted of perjury. A person may be prosecuted for perjury only if the charges against him for that perjury are first brought within five years after the perjury was committed. Thus, even if you committed perjury when testifying under oath concerning the matters about which you will be asked today, so long as that prior testimony was given more than five years ago you cannot be prosecuted for that perjury now.

You should tell the truth today even if you have made statements before today which you knew then to be false. You can be prosecuted for perjury if you give testimony today about a material matter which you do not believe to be true. You cannot be prosecuted for having committed perjury more than five years ago.

WHEREFORE Plaintiff requests that this Court enter an Order requiring that each deponent in this matter receive the "truthful testimony" instruction outlined in ¶ 17 above, and barring all parties from discussing in any way the potential for perjury charges stemming from sworn testimony given at the administrative depositions.

                              Ballard Spahr Andrews & Ingersoll, LLP

Dated: February 19, 2003         By: _____
                                       Glenn A. Harris, Esquire (#51222)
                                       Brendan Collins (#54140)
                                       Plaza 1000, Suite 500, Main Street
                                       Voorhees, New Jersey 08043
                                       Phone: (856) 761-3400

                                       Attorneys for Plaintiff Boarhead Farm Agreement Group