IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : : : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR STANDARDIZED DEPOSITION INSTRUCTIONS**

I.   INTRODUCTION

Plaintiff Boarhead Farm Agreement Group respectfully submits this Memorandum of Law in Support of Its Motion for Standardized Deposition Instructions. Plaintiff's motion concerns the appropriate instructions to be given to several upcoming deponents regarding the need for them to give truthful testimony. Plaintiff is elevating this issue to the Court's attention at this time in an effort to ensure the full and candid testimony of these deponents, to minimize disruption of the depositions by arguments among counsel, and to prevent waste of judicial resources.

II.   FACTUAL BACKGROUND

Plaintiff filed this contribution action on June 18, 2002, under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613, and Section 702(a)(3) of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.702(a)(3). Plaintiff is seeking to recover from Defendants response costs that have been incurred in connection with the Boarhead Farms Superfund Site ("the Site") located in Upper Black Eddy, Bucks County, Pennsylvania. Plaintiff

also seeks a declaration that Defendants are liable for future response costs to be incurred at the Site.

This Court entered a Case Management Order on February 3, 2003 establishing a phased discovery approach. Phase 1 consists of information exchanges concerning Site "nexus" and the liability, if any, of each of the parties. After the initial exchange of information, Phase 1 will continue with the depositions of persons with knowledge of the operations of the Site and/or the operations of DeRewal entities ("Site Witnesses").

The United States Environmental Protection Agency ("EPA") conducted administrative depositions of several of the expected Site Witnesses (the "Prior Deponents")[1] more than five years ago regarding contaminants discovered at the Site. Most of the Prior Deponents generally testified that they had limited knowledge of, and limited involvement with, the disposal of hazardous substances at the Site. Based on witness interviews conducted by Plaintiff since the time of those administrative depositions, Plaintiff expects that several of the Prior Deponents will significantly alter their prior statements and testify now to their substantial knowledge of the disposal of the Defendants' hazardous substances at the Site.

The mere specter that the Prior Deponents will now testify regarding the disposal of the Defendants' hazardous substances at the Site has already created disputes over the conduct of the depositions of those witnesses, threatens to make the depositions extremely contentious, and suggests that this Court will be called upon on short notice to intercede in those depositions. The Defendants' concern that the Prior Deponents will change their original testimony (which is largely exculpatory with respect to the Defendants) is already evidenced by the Defendants' call

during negotiation of the Case Management Order for videotaped depositions conducted at the U.S. Courthouse, a request repeated at the recent Case Management Conference. It is possible that Defendants will raise the pressure a notch at the future depositions by instructing the Prior Deponents (or otherwise implying to them) that the Prior Deponents are likely to face criminal penalties based on their prior inconsistent testimony. Such tactics will only intimidate the witnesses, may well prevent them from testifying truthfully, and would be contrary to well-established law.

An untainted, honest discovery process requires truthful, candid testimony. Plaintiffs want to create an environment that fosters such testimony. It is essential that this Court authorize a standard instruction that emphasizes the need for the Prior Deponents to tell the truth, that alleviates any fear of prosecution for perjury those deponents may have by correctly stating the law, and that prevents any party from giving the witnesses instructions or making suggestions to the contrary.

III. ARGUMENT

Both federal and state courts in Pennsylvania hold the truth determining process in high regard. The administration of an oath and instructions from the court to witnesses that they must tell the truth are each designed to elicit truthful witness testimony. The path to open, candid deposition testimony here may be threatened by witness concerns that their future truthful testimony will open the door to prosecution for perjury based on their prior testimony. A simple mechanism for ensuring the candid testimony of the Prior Deponents is available to this Court --

---

(...continued)
[1] The Prior Deponents include Manfred DeRewal, Manfred DeRewal, Jr., Bruce DeRewal, Jeffrey Shaak, and John Barsum.

order specific, exclusive deposition instructions regarding the need to tell the truth and the law of perjury as it pertains to testimony given more than five years ago.

    A.    The Judicial System Has a Substantial Interest in Promoting the Truth Determining Process

Pennsylvania case law is replete with examples of courts taking great pains to ensure candid, truthful witness testimony. Particularly where the potential for perjury arises, "substantial weight should be given to the judicial system's interest in deterring perjury and promoting the truth-determining process." Commonwealth v. Bennett, 430 A.2d 994, 997 (Pa. Super. Ct. 1981), aff'd 450 A.2d 170 (1982). Further, where witnesses are apprehensive of a subsequent suit arising based on their testimony, the need to keep the witnesses from self-censoring that testimony requires a "free and unobstructed" path to the truth. LLMD of Michigan, Inc. v. Jackson-Cross Co., 559 Pa. 297, 303-306, 740 A.2d 186, 189-191 (1999) (discussing the need to ensure that "the path to truth is unobstructed and the judicial process is protected, by fostering an atmosphere where the expert witness will be forthright and candid in stating his or her opinion . . .").

This overriding interest in fostering a truthful discovery process militates in favor of issuing an instruction that stresses the need to tell the truth regardless of the consequences. See Bennett, 430 A.2d at 997. Such an instruction would be appropriate even where the future truthful testimony could subject the deponents to perjury charges based on earlier false testimony. United States v. Reed, 647 F.2d 849, 854 n.9 (8th Cir. 1981)(where citizen faced potential that future testimony might give rise to perjury charge, the court noted that while the witness could choose to remain silent to avoid self-incrimination, "if the citizen answers the question, the answer must be truthful.") (citing United States v. Wong, 431 U.S. 174, 180, 97 S.Ct. 1823, 1826 (1977)); In re Grand Jury, April Term, 1977, Wayne County, 379 A.2d 323

(Pa. Super. Ct. 1977). Indeed, in In re Grand Jury, a potential witness sought to avoid testifying by contending that he would face perjury charges if forced to testify because of his unclear recollections of events. Id. The court ordered the witness to testify, noting that:

> as with all citizens—he must conduct himself within the law to the best of his ability. This includes the requirement that he testify truthfully before a grand jury, and if criminal charges should emanate from these proceedings, he will have ample opportunity to demonstrate that he answered the questions to the best of his ability.

Id. (quoting In re Grand Jury Proceedings, 539 F.2d 382, 383-84 (5th Cir. 1976)); but see Commonwealth v. Nelson, 574 A.2d 1107, 1112 (Pa. Super. Ct. 1990)(witness may claim fifth amendment privilege out of fear that what he is about to say in new testimony will open him up to perjury charges based on prior proceeding).[2]

An instruction that all of the Site Witnesses must tell the truth now is therefore appropriate, especially where one or more of the Prior Deponents may change his prior testimony.

B. The Prior Deponents Do Not Face Perjury Charges Based on Statements Made at the Administrative Depositions

Both Pennsylvania and federal case law demonstrate that the judicial branch strongly favors the implementation of mechanisms, wherever required, that safeguard the truth determining process. In re Grand Jury, 379 A.2d at 323; In re Grand Jury Proceedings, 539 F.2d

---

[2] Courts also find that the truth-determining process is aided by protecting potential witnesses from intimidation. See Williams v. Underwriters Adjusting Co., 549 A.2d 950, 957 (Pa. Super. Ct. 1988) (discussing extension of immunity as a valid mechanism for establishing path that leads to the ascertainment of the truth and that encourages witnesses to give compete and unintimidated testimony); Binder v. Triangle Publications, Inc., 442 Pa. 319, 323-324, 275 A.2d 53, 56 (1971); Commonwealth v. Doa, 553 A.2d 416, 422 (Pa. Super. Ct. 1989)(discussing need to admit prior perpetration identification into evidence in order to eliminate the opportunity for corrupt persons to silence potential witnesses through coercion or intimidation).

at 383-84.  Here, the mechanism required to safeguard that process is a definitive instruction that emphasizes the need to tell the truth and diffuses the perjury issue by accurately setting forth the law in that regard.

Under Pennsylvania law, an individual commits perjury if, in any official proceeding, he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.  18 Pa. C.S. § 4902; Commonwealth v. Johnson, 534 Pa. 51, 55, 626 A.2d 514, 515 (1993). The federal counterpart, 18 U.S.C. § 1621, similarly finds perjury where a witness knowingly makes a false material statement under oath.[3]  18 U.S.C. § 1621(1); United States v. Hvass, 355 U.S. 570, 574, 78 S. Ct. 501, 504 (1958); In re Morganroth v. Fitzsimmons, 718 F.2d 161, 166 (6th Cir. 1983).

Both Pennsylvania and federal law impose a five year statute of limitations for perjury.  42 Pa. C.S. § 5552(b)(1); Commonwealth v. DeBlase, 542 Pa. 22, 44, 665 A.2d 427, 438 (1995) ("perjury charge is subject to only a five year statute of limitations"); 18 U.S.C. § 3282; United States v. Rogers, 118 F.3d 466, 473 (6th Cir. 1997)(default statute of limitations for non-capitol criminal offenses is five years from the date offense was committed).  The statute of limitations generally begins to run after every element of the given offense is committed.  42 Pa. C.S. § 5552(d); In re Petition of Wilson, et al., 52 Pa. D. & C. 4th 552, 563, 2001 WL 1809823 (2001);18 U.S.C. § 3282; United States v. DiSentillo, 615 F.2d 128, 134 (3d Cir. 1980).

---

[3]   18 U.S.C. § 1671(1) provides:  "Whoever—(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; . . . is guilty of perjury."

For purposes of perjury, the statutory period begins when the knowingly false statement is made, whether during trial, deposition, or grand jury testimony, because all elements of the perjury occur during the course of that proceeding.  See In re Petition of Wilson, 52 Pa. D. & C. 4th at 563 (where respondent sought order protecting him from a 2001 deposition, arguing that his future testimony would conflict with testimony given in 1993, the court ordered respondent to testify, noting that respondent could not be convicted for perjury "if the testimony that he gave in 1993 was false because the statute of limitations has run for perjury committed in 1993,"); United States v. Reed, 647 F.2d at 853 (calculating statute of limitations period from time of defendant's grand jury testimony); United States v. Landau, 737 F. Supp. 778, 780 (S.D.N.Y. 1992) (noting that five year statute of limitations for perjury runs exactly five years from the date of the allegedly dishonest grand jury testimony).

Here, the potentially false statements were made at administrative depositions taken more than five years ago.[4]  Therefore the statute of limitations for perjury based on statements made during the course of those depositions has run.  See In re Petition of Wilson, 52 Pa. D. & C. 4th at 563; DeBlase, 542 Pa. at 43, 665 A.2d at 438 (where defendant intended to change defense theory during his second trial, the Supreme Court noted that because more than five years had passed since his first trial, defendant did not face prosecution for perjury based on his initial, perjurious alibi defense); Reed, 647 F.2d at 853; United States v. Pate, 226 F. Supp. 541, 545 (N.D. Ill. 1963)(court found that because the relevant perjury was committed at a trial

---

[4]   Manfred DeRewal was deposed on March 15, 1989, March 17, 1989, and on December 10-11, 1996.  Manfred DeRewal, Jr. was deposed on February 26, 1997.  Bruce DeRewal was deposed on March 13, 1997.  Jeffrey Shaak was deposed on June 25, 1997.  John Barsum was deposed on June 4-5, 1997.

more than seven years prior, the statute of limitation for perjury based on that prior testimony had run).

Under both Pennsylvania and federal law the Prior Deponents are free from any perjury charges arising out of their prior administrative deposition testimony. An instruction so stating will encourage their truthful testimony, and is therefore an indispensable means of aiding the truth determining process.

    C.    Any Contradiction Between the Prior Testimony and Expected Future Testimony Would be Insufficient to Subject Deponents to a Perjury Charge Arising Out of <u>Future Deposition Testimony</u>

The Prior Deponents are not subject to perjury charges arising out of statements made at the administrative depositions, as the statute of limitations has run. The Prior Deponents also cannot be convicted of perjury for giving future truthful testimony despite any contradiction between that testimony and the prior testimony.

To establish perjury, the prosecution must establish beyond a reasonable doubt that the witness gave knowingly false testimony. Thus, the Prior Deponents cannot be prosecuted for perjury if they tell the truth in their future deposition testimony. Pennsylvania and federal law is clear that where, as here, a witness's sworn testimony conflicts with prior testimony for which the statute of limitations for perjury has run, the mere existence of the older conflicting testimony will not sustain a conviction for perjury in the newer testimony. Indeed, two or more contradictory statements without anything else will not sustain a charge for perjury, even if both statements were under oath. <u>Commonwealth v. Mudd</u>, 107 A.2d 599, 600 (Pa. Super. Ct. 1954) (where defendant made contradictory statement under oath, court dismissed perjury charges based on the latter statement where the prosecution failed to put forth evidence demonstrating the falsity of that later statement); <u>Commonwealth v. Russo</u>, 388 Pa. 462, 468,

131 A.2d 83, 86 (1957). In <u>Russo</u>, the Pennsylvania Supreme Court held that even under such circumstances the prosecution may not simply use the prior statement to show that the latter statement is false. Rather, the Commonwealth maintains the burden of adducing some competent evidence to prove that perjury was committed on the occasion charged in the indictment. <u>Id</u>. at 86.

Here, as in <u>Russo</u>, a contradiction between the Prior Deponents' expected testimony and their prior testimony would not in any way establish the supposed falsity of the later testimony. The Commonwealth would still retain the burden of adducing competent evidence establishing the knowing falsity of the Prior Deponents' later testimony.[5] If the Prior Deponents tell the truth now, there will be no such evidence. An instruction to that effect will significantly and the truth determining process here.

D. <u>Proposed Prophylactic Instruction</u>

Plaintiff requests that this Court order the parties to read the following instruction to all future deponents:

> You have just taken an oath to tell the truth today. Your obligation to tell the truth today is just as great as if we were sitting in a courtroom and the Judge were listening to your testimony. Your job is to tell the truth today, and to remember as best as you can the events you are asked about.

---

[5] The Commonwealth may not use the contradictory testimony to establish perjury using 18 Pa. C.S. § 4902(e). That section states:

> where the defendant made inconsistent statement under oath or equivalent affirmation, *both having been made within* the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant.

18 Pa. C.S. § 4902(e). Here, it is undisputed that the potentially inconsistent statements *were not both made* within the period of the statute of limitations.

> You may sometime before today have given testimony under oath concerning the matters about which you will be asked today. You may have given testimony at that time that you did not then believe to be true. If you did, you may have committed perjury.
>
> Perjury is the making of a false material statement under oath that the witness knows to be false. There are, however, statutes of limitation for perjury. Those statutes, or laws, limit the circumstances under which a person may be prosecuted for or convicted of perjury. A person may be prosecuted for perjury only if the charges against him for that perjury are first brought within five years after the perjury was committed. Thus, even if you committed perjury when testifying under oath concerning the matters about which you will be asked today, so long as that prior testimony was given more than five years ago you cannot be prosecuted for that perjury now.
>
> You should tell the truth today even if you have made statements before today which you knew then to be false. You can be prosecuted for perjury if you give testimony today about a material matter which you do not believe to be true. You cannot be prosecuted for having committed perjury more than five years ago.

Plaintiff further requests that this Court enter an Order prohibiting any additional discussion or mention of the potential for perjury charges stemming from statements made under oath at the administrative depositions.

These steps will dispel any concerns the Prior Deponents may have that future truthful testimony will subject them to a perjury prosecution because of the existence of prior inconsistent testimony, and will leave the Prior Deponents free to testify fully and truthfully in this action.

IV.   CONCLUSION

The specter of perjury hangs like a cloud over the discovery process in this matter, threatening the truth determining process. Unless uniform perjury instructions are given to the Prior Deponents, possible defense counsel remarks would likely raise unfounded fears on the part of the those deponents that their new testimony will subject them to prosecution for

perjury based on their prior testimony. The proposed standardized instruction clarifying both the deponents' duty to tell the truth and the relevant law of perjury will significantly increase the chance that the Prior Deponents will give candid and complete testimony.

                                        Respectfully submitted,

                                        Ballard Spahr Andrews & Ingersoll, LLP

Dated: February 19, 2003        By _____
                                          Glenn A. Harris, Esquire (#51222)
                                          Brendan Collins (#54140)
                                          Plaza 1000, Suite 500, Main Street
                                          Voorhees, New Jersey 08043
                                          Phone: (856) 761-3400

                                          Attorneys for Plaintiff Boarhead Farm
                                          Agreement Group