IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN RESPONSE TO CERTAIN DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR STANDARDIZED DEPOSITION INSTRUCTIONS**

I.   INTRODUCTION

Plaintiff Boarhead Farm Agreement Group respectfully submits this Reply Memorandum in support of its Motion for Standardized Deposition Instructions. The March 10, 2003 Memorandum of many Defendants in opposition to that Motion ("Defendants' Brief") shows quite clearly the extremes to which those Defendants are willing to go to prevent the witnesses who will be deposed in Phase I ("the Site Witnesses") from testifying freely concerning their knowledge of the Boarhead site ("the Site").

Plaintiff continues to believe that justice requires the full and candid testimony of the Site Witnesses, and that the Court should take all appropriate steps to create an environment that fosters such testimony. Nothing proposed by the Defendants will do so. Indeed, the Defendants' proposed instructions are formulated to strike fear into the hearts of the Site Witnesses, in the hopes that the witnesses either will not testify at all (other than to invoke the Fifth Amendment) or will have sudden and complete memory failure (thereby committing perjury).

This Court should act firmly to derail Defendants' plans.

II.   ARGUMENT

1.   Plaintiff's Motion Does Not Rest On A Faulty Premise

Defendants are incorrect when they argue that Plaintiff's Motion is premised upon the assumption that those Site Witnesses who have previously been deposed lied under oath. The one and only premise for Plaintiff's Motion is that the Site Witnesses should be encouraged to tell the truth in this Court now, whether or not they told the truth in the past to the Environmental Protection Agency ("EPA"). Plaintiff's proposed instructions will reassure each and every previous deponent ("Prior Deponents") (and all of the other Site Witnesses) that they can tell the truth freely now without fear of a perjury conviction based upon prior inconsistent testimony. The instructions are therefore appropriate whether or not one or more of the Prior Deponents was less than candid with EPA.

2.   The Proposed Deposition Instruction Accurately Sets Forth The Relevant Law Regarding The Statute Of Limitations For Perjury

The Defendants' Brief does not directly deny that Plaintiff correctly sets forth the law concerning statutes of limitations for perjury, but instead suggests that Plaintiff's presentation is "in complete." Defendants' Brief at 7, n.4. For example, Defendants note that two of the Prior Deponents were deposed in New Jersey and Texas, shamelessly implying that the applicable statute of limitations have not run in those jurisdictions. It is unclear whether Texas has the jurisdiction, much less any interest, in bringing a prosecution for perjury based on statements made to the EPA in an administrative deposition that took place in a federal prison in Texas. However, it is clear that the statute of limitations for perjury in Texas is three years and thus bars any prosecution for statements made in 1996. Tex. Code Crim. Proc. Ann. art. 12.01(6) (2002). Similarly, the applicable New Jersey statute of limitations is at most five years,

and perhaps only one year, barring prosecution for potentially perjurious statements made by the Prior Deponents during the administrative deposition taken there in 1997. N.J.S.A. 2C:1-6 (perjury); 2C:28-2 (false swearing).

A review of the cases cited in Plaintiff's Memorandum of Law establishes that perjury statutes of limitations uniformly begin to run from the date of the allegedly perjurious statement. See In re Petition of Wilson, et al., 52 Pa. D. & C. 4th 552, 563 (2001); 18 U.S.C. § 3282; United States v. Reed, 647 F.2d 849, 853 (8th Cir. 1981)(calculating trigger for perjury's limitation period as date of defendant's grand jury testimony); United States v. Landau, 737 F. Supp. 778, 780 (S.D.N.Y. 1992) (noting that five year statute of limitations for perjury runs exactly five years from the date of the allegedly dishonest grand jury testimony); United States v. DiSentillo, 615 F.2d 128, 134 (3rd Cir. 1980). Defendants cite no law to the contrary.

Defendants' utter failure to suggest any specific reason why the Prior Deponents could be convicted now of perjury based upon the prior depositions confirms that there is no such reason.[1] Plaintiffs' proposed instructions fairly and accurately informs the Prior Deponents that they cannot be prosecuted now for perjury committed over five years ago. The instructions should be given to dispel any fears the Prior Deponents may have about those depositions.

3. This Court Has The Authority To Establish Appropriate Deposition Instructions

Defendants' Brief goes to great lengths to challenge this Court's authority to set uniform and exclusive deposition instructions. Generations of courtroom practice show that those arguments should be dismissed out of hand. It is a time-honored rule that federal courts

---

[1] There can be no dispute about the relevant facts: The dates of the depositions; where they were taken; by whom they were taken; and under what other circumstances they were taken.

possess sufficient authority "to manage their own affairs so as to achieve the *orderly* and *expeditious* disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962), *reh'g denied*, 371 U.S. 873 (1962) (emphasis in original). This power extends to pre-trial deposition questions, where the trial court retains virtually unfettered discretion to control all phases of the examination:

> The matter of limiting or terminating the taking of a deposition is in the sound discretion of the court. The exercise of this discretion is akin to the trial court's discretion in limiting the right to cross-examination at trial, the exercise of this discretion being ground for reversal only when the trial judge has abused the discretion allowed him.

De Wagenknecht v. Stinnes, 243 F.2d 413, 417 (D.C. Cir., 1957), *cert. denied*, 355 U.S. 830 (1957) (citations omitted); see also 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2116 (2002) ( to prevent abuse of deposition process, court has broad discretion to make any orders that are necessary) (citing Eastern States Petroleum Co. v. Asiatic Petroleum Corp., 27 F. Supp 121 (D.C.N.Y. 1938); Stankewicz v. Pillsbury Flour Mills Co., 26 F. Supp. 1003 (D.C.N.Y. 1939)).

      Defendants argue nevertheless that any limitation by Your Honor concerning perjury would constitute an impermissible infringement on their First Amendment rights. This argument fails to recognize that trial court limitations on trial counsel speech pass constitutional muster. Commonwealth of Pennsylvania v. Lambert, 723 A.2d 684, 691 (Pa. Super. 1998)(finding limitations on the speech of attorneys involved in pending litigation constitutional). For example, counsel are strictly forbidden from mentioning the issue of insurance coverage to a jury in tort cases. See Fed. R. Evid. 411; Marks v. Mobil Oil Corp., 562 F. Supp. 759 (E.D. Pa. 1983) (citing Corbett v. Borandi, 375 F.2d 265, 270 (3d Cir. 1967)).

Moreover, federal appellate courts consistently uphold the broad powers of district courts to shape and/or limit the scope of trial counsel's presentation of evidence or questioning of a witnesses. See United States v. Singleton, 107 F.3d 1091, 1103 (4th Cir. 1997), *cert. denied*, 522 U.S. 825 (1997) (trial judge has broad supervisory power over his courtroom). This power extends to restrictions concerning all phases of pre-trial and trial conduct, including depositions, cross-examination, voir dire, and closing argument. See, e.g., Link, 370 U.S. at 630-31; United States v. Headspeth, 852 F.2d 753, 756 (4th Cir. 1988) (reasonable for trial court to restrict counsel from defining the term "reasonable doubt" for the jury); United States v. Vera, 701 F.2d 1349 (11th Cir. 1983) (district court did not abuse its discretion in precluding defense counsel from further questioning prospective jurors regarding their understanding of the law); United States v. Ford, 21 F.3d 759, 764 (7th Cir. 1994) (district court did not abuse its discretion in preventing defense counsel from questioning witness whether he had been known by another name); United States v. Bosby, 675 F.2d 1174 (11th Cir. 1982) (trial court has discretion to reject voir dire questions submitted by counsel); United States v. Ruffin, 835 F.2d 875 (4th Cir. 1987) (district court did not abuse its discretion in limiting counsel's closing argument to ten minutes, or in limiting prior cross-examination of officer).[2]

Plaintiff's Motion merely asks this Court to require exclusive instructions concerning perjury that will enable the Prior Deponents to speak freely and honestly.

---

[2]   Defendants' argument that Article III of the United States Constitution prohibits this Court from requiring the proposed deposition instructions is nonsense. Courts routinely give witnesses (both in deposition and at trial) instructions about telling the truth, perjury, and myriad other issues. Moreover, there is nothing "hypothetical" about the facts here. The dates, settings, and circumstances of the EPA administrative depositions are known. Today's date is known. On those known facts the Prior Deponents cannot be convicted of perjury for statements made in the prior depositions.

Defendants' opposition to this Motion suggests that they greatly fear the Prior Deponents will do just that.[3]

     5.     Defendants' "Balanced Set Of Warnings" Are Inappropriate Here, and Will Only Serve to Thwart the Truth Determining Process

After arguing that it would be improper for Your Honor to establish a deposition instruction discussing a legal concept, or to impose any limitations on the deposition process, the Defendants suddenly switch tactics. Defendants propose a "shock and awe" set of instructions, including a series of thinly-veiled threats and a checklist for the Site Witnesses to sign evidencing that they understand the severe implications that arise from those threats. The one and only purpose for such instructions can be to prevent truthful testimony.

The undersigned has taken, attended, supervised, or reviewed the transcripts of hundreds of depositions in Superfund cases over the last fifteen years. Counsel has never once seen a non-party witness threatened with civil or criminal liability for testifying truthfully about knowledge of historic waste deposal activities.[4] The Defendants' express intention to parade their litany of purported causes of action before the Site Witnesses with respect to Site Witness conduct from over twenty-five years ago[5] exceeds the "professional duty to zealously represent [their] clients." Defendants' Brief at 10.

---

[3]    Defendants cast the proposed deposition instructions as an improper, potentially unethical attempt by the Plaintiff to give legal advice to unrepresented witnesses with interests potentially adverse to Plaintiff. Plaintiff's Motion seeks nothing more than an Order requiring that specific deposition instructions be given.

[4]    Plaintiff has not and will not name any of the Site Witnesses as defendants in this action. Plaintiff is concerned only that the Site Witnesses give truthful testimony about their knowledge of thirty year ago events.

[5]    Dumping of wastes is believed to have ended at the Site in 1977.

Most troubling from among the "instructions" Defendants propose to give is the strong suggestion to the Site witnesses that they should seek legal advice concerning refusing to testify on the ground that such testimony could incriminate them. A review of the state and federal environmental statutes carrying criminal penalties relevant to any possible Site Witnesses prior conduct reveals that all of the applicable statutes of limitations ran long ago. The longest applicable statute of limitations Plaintiff could discover is twenty years; the remainder are five years or less. See Pennsylvania Solid Waste Management Act, 35 P.S. § 6018.617 (2002) (actions for civil or criminal penalties under this act may be commenced any time within a period of twenty years from the date the offense is discovered); Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. § 6020.1114 (2002) (twenty year statute of limitations); Pennsylvania Clean Streams Law, 35 P.S. § 691.605(c) (2002) (five year statute of limitations); 18 U.S.C. § 3282 (2003); (default statute of limitations for federal, non-capitol offenses is five years from the date offense was committed). In this context, an instruction, much less a checklist, discussing the Fifth Amendment in an instruction or otherwise can serve only to intimidate the Site Witnesses.

Defendants' proposed "Instructions/Warnings" are designed to subvent the truth determining process. This Court should prohibit Defendants from giving "Warnings" 4, 5, 6, 7, 8, and 9 precisely so that the Site Witnesses will not be intimidated.

6. Plaintiff's Motion Is Not Barred By the Case Management Order or Rule 26

Plaintiff acknowledges that under the Case Management Order ("CMO") all motions (other than certain Rule 12 Motions) "are deferred until completion of Phase 1 and shall be addressed in a subsequent Case Management Order." (CMO at ¶ 2.) Plaintiff understood this provision to be applicable only to dispositive motions, such as those under Rules 12 and 56.

Plaintiff did not envision that motions necessary to the proper conduct of Phase 1 (such as motions like this one and discovery motions in general) were prohibited. Defendants have amply demonstrated that Plaintiff's fears about Defendants' schemes were well founded, and that it was most appropriate for Plaintiff to seek the Court's assistance now.[6]

### III. CONCLUSION

Truthful testimony from the non-party Site Witnesses will be essential in resolving the claims here. The truth determining process will be well-served by the focused and standardized deposition instructions proposed by Plaintiff. That process would be severely undermined by the unwarranted and threatening instructions proposed by Defendants. For these reasons, and in the interest of justice, Plaintiff respectfully requests that its Motion be granted and the parties ordered to give the prophylactic instructions proposed by Plaintiff.

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP

Dated: March 27, 2003            By _____
                                    Glenn A. Harris, Esquire (#51222)
                                    Plaza 1000, Suite 500, Main Street
                                    Voorhees, New Jersey  08043
                                    Phone:  (856) 761-3400

                                 Attorneys for Plaintiff Boarhead Farm
                                 Agreement Group

---

[6] Plaintiff's Motion is not a "discovery" motion governed by Fed. R. Civ. P. 26(c) and Local Rule 26.1. Rule 26(c) applies to motions "by a party or by the person from whom discovery is sought," and is inapplicable here because discovery is not being sought from Plaintiff. Local Rule 26.1(f) applies only to motions concerning discovery disputes. Plaintiff's Motion has nothing to do with specific discovery requests or responses, or with disputes over such requests or responses.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Reply Memorandum in Response to Certain Defendants' Opposition to Plaintiff's Motion for Standardized Deposition Instructions to be served by postage prepaid first class mail to all counsel of record this 28th day of March, 2003.

Dated: March 28, 2003                    _____
                                          Glenn A. Harris