IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO. 02-3830 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL. | : : : : | |
| Defendants. | : | |

**MEMORANDUM OF LAW ON BEHALF OF PLAINTIFF BOARHEAD FARM AGREEMENT GROUP IN SUPPORT OF ITS MOTION FOR STANDING ORDER REGARDING DISMISSAL OF SETTLING DEFENDANTS**

**PRELIMINARY STATEMENT**

This is an action under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. § 9601, *et seq*. ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq*.. ("HSCA") for the recovery of costs incurred and to be incurred in response to the release or threatened release of hazardous substances at the Boarhead Farms Superfund Site (the "Site"). Plaintiff Boarhead Farm Agreement Group ("Agreement Group") is obligated to perform the remedy at the Site by virtue of consent decrees with the United States Environmental Protection Agency ("EPA"). The Agreement Group filed this lawsuit to seek contribution from other responsible parties for the cleanup costs at the Site.

The Agreement Group submits this Memorandum of Law in support of its Motion For Standing Order Regarding Dismissal of Settling Defendants to establish a procedure for entry of orders

VH_DOCS_A #131251 v1

barring any future claims against any Defendant that settles in good faith with the Agreement Group. Such dismissals promote the strong federal interest in encouraging settlement, especially in complex matters such as CERCLA litigation. Protection against claims by others is also called for by both the Uniform Contribution Among Tortfeasors Act ("UCATA") and the Uniform Comparative Fault Act ("UFCA"). Accordingly, federal courts have consistently held that such protection is appropriate when private parties settle cost recovery and contribution claims under CERCLA.

The proposed Order will conserve the resources of this Court and of the parties by establishing a simple uniform procedure for Defendants that settle with the Agreement Group to be dismissed from this action and by eliminating the need for briefing the issue anew at the time of every settlement. This simple uniform procedure will ensure that all Defendants that settle in good faith will be entitled to protection under UCATA, UCFA or other law and will provide adequate notice and opportunity for a hearing to other parties.

## BACKGROUND

On June 18, 2002, the Agreement Group filed a Complaint against twenty-three[1] Defendants, alleging that they were liable under CERCLA and HSCA for response costs and contribution in connection with the Site. On January 31, 2003, this Court entered a Case Management Order that divided this case into two initial phases. Phase I of this case, which ended on September 19, 2003, consisted of information exchanges concerning Site nexus and discovery as to the liability of each party. Phase II of the case commenced on September 20, 2003 and initially continued until November

---

[1] Subsequent Amended Complaints were filed on August 26, 2003, February 21, 2003 and September 8, 2003. The Third Amended Complaint lists twenty-six Defendants.

21, 2003, pursuant to this Court's Second Case Management Order dated July 27, 2003. During Phase II, the parties have met and discussed the nature and basis of their claims and defenses and explored possibilities for resolution of the case. Thus far, the Agreement Group has reached final settlement with one Defendant and has made offers of settlement to several other Defendants. This Court has entered a Third Case Management Order which extends Phase II to include a period of mediated settlement discussions among the Agreement Group and the Defendants. Thus, the Agreement Group anticipates that it will settle with many more Defendants in the near future.

In the settlement agreements reached thus far, and in future settlement agreements, the rights of the settlers to contribution from other potentially responsible parties have been and will be assigned to the Agreement Group. The Agreement Group has therefore filed this motion to establish a procedure by which the settling Defendants can receive protection from all other claims seeking response costs and be dismissed from this litigation.

## ARGUMENT

**I.    Defendants That Settle in Good Faith Are Entitled To Protection From Claims Because Of the Strong Interest in Encouraging Settlements.**

Federal courts have consistently held that defendants that settle their claims with plaintiffs in private cost recovery and contribution actions under CERCLA should not be liable by way of contribution to non-settling defendants. See, e.g., Hillsborough County v. A & E Road Oiling Serv., 853 F. Supp. 1402, 1408 (M.D. Fla. 1994) (collecting cases). Although CERCLA does not address directly the effect that settlement between private parties has on the contribution claims of other or future parties, courts have routinely concluded that contribution protection is appropriate because of the "strong interest in promoting settlement; especially in complex matters such as CERCLA claims."

Barton Solvents, Inc. v. Southwest Petro-Chem., Inc., 834 F. Supp. 342, 346 (D. Kan. 1993). See also United States v. SCA Services of Ind., Inc., 827 F. Supp. 526, 531 (N.D. Ind. 1993) (granting contribution protection in private party settlement of CERCLA claims because of the "strong federal interest in promoting settlement"). The need for contribution protection to encourage settlement in private party CERCLA cost recovery and contribution actions is explained eloquently in Allied Corp. v. Acme Solvent Reclaiming, Inc., 771 F. Supp. 219, 222 (N.D. Ill. 1990):

> It is hard to imagine that any defendant in a CERCLA action would be willing to settle if, after settlement, it would remain open to contribution claims from other defendants. The measure of finality that a cross-claim bar provides will make settlement more desirable. A settling defendant thereby 'buys its peace from the plaintiff, as being relieved of liability to co-defendants frees the ... defendant from the litigation.' (citation omitted)

Some courts also have grounded the dismissal of cross-claims against settling defendants in their broad powers to allocate cleanup costs under CERCLA using "such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1). See, e.g., Barton Solvents, 834 F. Supp. at 346. Many courts have found further support for such blanket contribution protection in UCATA and UCFA. Barton Solvents, 834 F. Supp. at 346 (citing UCFA); City and County of Denver v. Adolph Coors Co., 829 F. Supp. 340, 344 (D. Colo. 1993) (citing UCATA and UFCA). Section 4 of UCATA states, in relevant part:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or same wrongful death:
>
> (b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

12 U.L.A. 98 (1975).  Similarly, section 6 of UCFA states:

> A release, covenant not to sue, or similar agreement entered into between a claimant and a person liable discharges that person from liability for contribution but it does not discharge any other person liable upon the same claim unless it so provides.

12 U.L.A. 57 (1994 Supp.).

Thus, it is clear that Defendants that settle with the Agreement Group in good faith are entitled to contribution protection.  Moreover, given the complex nature of this litigation, establishment of a uniform procedure for granting protection against other response costs claims to settling Defendants seems especially appropriate.

II.     **The Proposed Standing Order Establishes A Procedure That Will Be Sufficient To Grant Settling Defendants Protection Against Response Costs Claims.**

The proposed Standing Order provides the following procedure for granting protection against response costs claims to Defendants that settle in good faith.  First, the Agreement Group shall submit to the Court: (1) a certification of counsel for the Agreement Group describing the nature of the settlement negotiations or proceedings that produced the settlement and containing a representation that the settlement was reached in an arms-length manner and entered into in good faith; and (2) a proposed order dismissing the settling defendant and barring future claims related to the Site, except to the extent that claims relate to matters excluded from any release entered into between the Agreement Group and such settling Defendant.  Drafts of the proposed certification and dismissal order are attached hereto marked Exhibit A.  Next, such certification and proposed order will be served by counsel for the Agreement Group on all parties in this matter, along with a statement that objections to the Court's issuance of the proposed order must be filed with the Court and served on counsel for the Agreement

Group and all other parties within fourteen days of the third day following service. Finally, if any timely objection is received, the Court shall schedule a brief status hearing at which objections to the fairness and good faith nature of the settlement shall be heard.

A review of the settlement papers filed and a written certification certifying the good faith basis of the settlement – either alone or in conjunction with a simple fairness hearing – will provide a sufficient basis to grant protection against other response costs claims to settling Defendants. Such a procedure will ensure that settlements are made in good faith and are consistent with the requirements of UCATA. Therefore, settling Defendants that receive protection under the proposed Standing Order will be entitled to such protection regardless of whether this Court ultimately applies the UCATA approach, the UCFA approach, or some other approach to protection against other response costs claims.

Although both UCATA and UCFA provide contribution protection to settling defendants in multi-defendant actions, the statutes differ on the conditions such settlements must meet. UCFA does not require a finding that a settlement was reached in good faith in order for a settling defendant to obtain contribution protection. In contrast, in order to receive contribution protection under UCATA, a release or covenant not to sue must be given in "good faith." 12 U.L.A. 98.[2]

---

[2] The reason for this dichotomy is the different effect that settlement has on the liability of non-settling defendants under the two acts. Under UCATA, the liability of non-settling defendants is reduced by the greater of the dollar amount stipulated by the release, or the amount of consideration paid for it, often referred to as the pro tanto approach. UCFA, on the other hand, provides that the liability of non-settling defendants is reduced by the equitable share of responsibility of the settling defendant, regardless of the amount of the settlement. It is unnecessary, at this stage in the proceedings, for the Court to decide which method to adopt in this case.

The plain language of section 4 of UCATA applies to a release or settlement "given in good faith." 12 U.L.A. 98. "The requirement that the release or covenant be given in good faith gives the court occasion to determine whether the transaction was collusive, and if so, there is no discharge." 12 U.L.A. at 99, Commissioner's Comment. This determination can be made based on a review of the dismissal documents and certification of good faith required by the proposed Order, and, if necessary, a brief hearing.

The Agreement Group's proposed Order establishes a simple uniform procedure by which the Court may grant protection against other response costs claims. This procedure will preserve the Court's ability to apply UCATA or UCFA, or some other law, when determining the ultimate liability of any non-settling Defendants at trial. At the same time, this procedure will streamline the process of resolving this action. Defendants will have the additional incentive of protection against other response costs claims when considering a pretrial settlement, and the Court will no longer need to consider piecemeal dismissal motions.

## CONCLUSION

For all of the foregoing reasons, this Court should enter the Order Regarding Dismissal of Settling Defendants in the form proposed by the Agreement Group.

        Respectfully submitted,

        BALLARD SPAHR ANDREWS & INGERSOLL, LLP
        A Pennsylvania Limited Liability Partnership


        By: _____
            Glenn A. Harris, Esquire
            Plaza 1000, Suite 500, Main Street
            Voorhees, New Jersey  08043
            (856) 761-3400

        Attorneys for Plaintiff Boarhead Farm Agreement Group

Dated:  December 15, 2003