IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 02-cv-3830 (LDD) |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : | |
| Defendants. | : | |

**MEMORANDUM ON BEHALF OF DEFENDANT HANDY & HARMAN TUBE COMPANY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR STANDING ORDER**

**PLAINTIFF'S MOTION FOR A STANDING ORDER REGARDING SETTLING DEFENDANTS SHOULD BE DENIED**

Plaintiff's motion for a standing order should be denied for two reasons. First, the application is not ripe and therefore, the Court should decline to exercise jurisdiction over the issue. Second, the "dismissal" procedure proposed by plaintiff is improper since it creates a procedural mechanism which supplants the provisions of both the Federal Rules of Civil Procedure and Local Civil Rules.

**POINT I**

**PLAINTIFF'S MOTION DOES NOT PRESENT AN ACTUAL CONTROVERSY AND THEREFORE IT IS NOT RIPE FOR THE COURT'S CONSIDERATION**

In its Motion for Standing Order Regarding Dismissal of Settling Defendants, plaintiff asks the Court to enter an order based, not on facts, but on a hypothetical. Thus, plaintiff's pending motion is not ripe.

The doctrine of ripeness is founded in Article III of the Constitution which requires a federal court to hear only an actual case or controversy. *Joint Stock Society v. UDV North America, Inc.*, 266 F.3d 164, 174 (3d Cir. 2000) (citations omitted). "The ripeness doctrine helps determine whether a dispute or claim has matured to a point warranting judicial intervention." *Doe v. County of Centre, PA*, 242 F.3d 437, 453 (3d Cir. 2001) (citing 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3532 (2d ed. 1984)). *See also Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49, 87 S.Ct. 1507 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980 (1977), applying the ripeness doctrine in the context of a pre-enforcement review of an administrative action (*i.e.* the promulgation of a regulation in the food and drug area).

As noted in *Doe*, a claim is "not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Doe*, 242 F.3d at 453 (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed. 2d 406 (1998)).

Here, plaintiff has made an application based upon "contingent future events" that may or may not occur. Once plaintiff has a concrete motion to make with respect to a specific settlement, plaintiff should make the motion in a substantive fashion so that non-settling defendants can decide whether or not to respond based upon actual facts and circumstances. Such a substantive motion, unlike the current motion, will obligate the plaintiff to explain to the Court who the settling party is, what the terms of the settlement are and provide copies of the settlement documents, thereby allowing the non-settling defendants to join in the motion, oppose the motion or remain neutral.

Moreover, in the event that, in connection with ruling on such a substantive motion the Court is presented with allocation issues, those issues can be addressed by the Court in an

appropriate factual context as opposed to in a vacuum.[1] Additionally, if, as plaintiff's motion suggests, the settlements will be cookie-cutter settlements, identical in all respects except for the name of the settling defendant and the dollar amount, plaintiff will certainly argue the law of the case based upon whatever rulings the Court makes with respect to the first settlement to pass through the normal course motion practice. On the other hand, if the terms of the second or any subsequent settlement vary and present new issues, the non-settling defendants will have an opportunity to present their position with respect to the new issues at that time.

Plaintiff's motion for a standing order does not present an actual case or controversy, creates more issues than it resolves and therefore it is not ripe for the Court's consideration. As such, plaintiff's motion for a standing settlement order should be denied.

## POINT II

### THE "DISMISSAL" PROCEDURE PROPOSED BY PLAINTIFF SHOULD BE REJECTED

**A.    Plaintiff's Proposed "Dismissal" Procedure Attempts to Supplant Portions of the Federal Rules of Civil Procedure and the Local Civil Rules**

In lieu of formal motion practice, plaintiff asks the Court to institute a procedure governing the dismissal of parties in this action which is not contemplated by either the Federal Rules of Civil Procedure or the Local Civil Rules. Where a plaintiff and a defendant settle their respective claims, and where cross-claims are asserted against the settling defendant, the settlement between the plaintiff and the settling defendant does not affect the non-settling defendant's cross-claims. *See e.g. Heiser v. Association of Apartment Owners of Polo Beach Club*, 848 F. Supp. 1482, 1488-89 (D. Haw. 1993). Thus, where cross-claims are asserted (or as

---

[1] Plaintiff's suggestion in a footnote that hypothetical allocation issues can be put on the back burner to be addressed at some future date under the Uniform Contribution Among Tortfeasors Act ("UCATA"), to the Uniform Comparative Fault Act ("UCFA"), or "some other law" add another level of complication to plaintiff's homemade recipe for settlement.

3

in this case, can still be asserted), a plaintiff and a settling defendant would have to make an application to the Court seeking to dismiss (or bar) cross-claims that are (or could be asserted) by any non-settling defendant.

Under Local Civil Rule 7.1, a party filing a motion is required to also file "a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." This Rule further states that opposition shall be filed "within fourteen (14) days after service." This is the motion procedure which has been established by this Court. The procedure proposed by plaintiff does not contemplate compliance with Local Civil Rule 7.1, but rather creates a *sui generis* procedure in which plaintiff simply submits a "cookie-cutter", generic "attorney certification" for a particular settlement with any issues being resolved by a "brief status hearing." Of course, there is absolutely nothing contained in the "cookie-cutter" attorney certification that would permit a determination as to "fairness" or "good faith" other than the conclusory statement contained in the fourth paragraph of the proposed form attorney certification, stating:

> The settlement reached between the parties and embodied in the settlement agreement is neither collusive nor fraudulent, was arrived at by an arms-length process of negotiation and in good faith, is not unfair as to amount, provides a reasonable basis to avoid further expense and protracted litigation, and resolves all claims between the parties. ....

Plaintiff's proposed procedure seeks to usurp the rights of the non-settling defendants to substantively oppose or take a position with respect to some future settlement. Furthermore, plaintiff's "dismissal" procedure raises but leaves unanswered the following issues:

- On what basis will the Court enter an order finding that a particular settlement was entered into in "good faith"?

- On what basis will the Court enter an order finding that a particular settlement was "fair"?

- plaintiff's proposed order would bar cross-claims "except to the extent that such claims relate to matters excluded from any release entered into between Plaintiff and such settling Defendant." How will the Court and the non-settling defendants know what claims are excepted out of the release?

- How could the non-settling defendants file objections without having any information on which to base those objections?

- What is a "brief status hearing"? Is it by telephone? Is it in person? Is it on the record? How and why does it differ from a normal course motion hearing?

There is nothing so unique about this case that the Court should consider acceding to the creation of a unique procedure for addressing cross-claims against a settling defendant. When plaintiff has a settlement that it wishes to present to the Court for the purpose of, *inter alia*, barring cross-claims, the motion practice portion of the Federal Rules of Civil Procedure and the Local Civil Rules should be followed. Plaintiff's motion for a standing order should be denied.

**B.   Plaintiff's Proposed Attorney Certification is Improper**

Plaintiff proposes in connection with any future settlement to merely submit a cookie-cutter, generic attorney certification as the sole support for the entry of an order dismissing a defendant and barring cross-claims against that defendant. The proposed attorney certification submitted by plaintiff is improper for three reasons. First, the proposed attorney certification puts plaintiff's counsel in a position of being a witness. If a hearing is conducted regarding any proposed future settlement, plaintiff's attorney might very well be called upon to testify with respect to his certified statements. Rule 3.7 of the Pennsylvania Rules of Professional Conduct prohibit this. Rule 3.7 provides, in relevant part:

> A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness except where:
>
> (1)   the testimony relates to an uncontested issue;
>
> (2)   the testimony relates to the nature and value of legal services rendered in the case; or

5

>   (3)   disqualification of the lawyer would work substantial hardship on the client.

The comment to Rule 3.7 provides, in relevant part, as follows:

> Combining the role of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.
>
> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Furthermore, even if the Court were to overlook the prohibition regarding attorneys testifying, the proposed attorney certification is completely conclusory. For instance, paragraph 4 of the proposed attorney certification summarily states that the settlement "is neither collusive nor fraudulent, was arrived at by an arms-length process of negotiation and in good faith, is not unfair as to amount..." and that the "Agreement Group believes that the terms of the settlement agreement reflect payment by the Settling Defendant of its fair share of the costs of remediation at the Site." Plaintiff does not intend to present any factual evidence supporting any of these conclusions. Rather, plaintiff asks this Court and the non-settling defendants to take, at face value, plaintiff's attorney's conclusory statements.

Moreover, the proposed attorney certification seeks to withhold crucial information from the Court and the non-settling defendants. Paragraph 5 of the proposed attorney certification states that future contribution claims against the settling defendant are barred "except to the extent that such claims relate to matters excluded from any release contained in the settlement agreement." How will the Court or the non-settling defendants have any idea of what claims are or are not excluded based solely upon the language of the attorney certification? Without all of

6

the settlement documents and a factual affidavit explaining them, it is impossible to have any understanding of what claims plaintiff is "excepting" out of the bar order.

Plaintiff's motion for a standing order which would be entered based upon the patently improper proposed attorney certification should be denied.

### C.   Plaintiff's Proposed Order is Improper

The proposed order submitted by plaintiff in connection with its "dismissal" procedure is also improper. The proposed order suffers the same deficiency as does paragraph 5 of the proposed attorney certification in that it sanctions the "excepted out" language regarding claims that are not covered by the settlement agreement, notwithstanding the fact that the Court and the non-settling defendants have no knowledge regarding what claims are being excepted.

Additionally, the proposed order contains factual recitals to be adopted by the Court on the basis of only the improper attorney certification. For instance, in the fifth "Whereas" clause in the proposed order, plaintiff would have the Court make findings that a particular settlement "was arrived at through an arms-length process of negotiation" and "in good faith" without a scintilla of evidence in that regard.

The proposed order also contains confusing and convoluted definitions that are clearly not appropriate for inclusion in an order issued by the Court. For instance, the following language appears in the proposed order as an exception to the definition of "Response Costs":

> (1)   toxic tort claims ([2]including, but not limited to, claims for injury to persons or offsite property, claims for medical monitoring, claims for consequential damages, claims for punitive damages and claims for loss of value of property, with the *exception* of such claims seeking recovery of damages which constitutes costs of a Response Action and *except* for damages or equitable relief arising out of the conduct of Response Actions by or on behalf of the United States, the Commonwealth of Pennsylvania, by and, or all of, the members of the Agreement

---

[2] The omission of a closed parenthesis makes this excluded item even more confusing.

>Group or by the Agreement Group, or any other person who has incurred or may incur responses costs with respect to the Site; (emphasis added).

Not only does this language contain exceptions within exceptions it is merely one of six separate exceptions to the order's definition of "Response Costs" – a convoluted and confusing definition which the plaintiff would have this Court adopt as its own.

The proposed order to accomplish dismissal of a defendant and impose a bar to assert cross-claims against that defendant is completely improper. Therefore, plaintiff's motion for a standing order which would incorporate that order should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that plaintiff's Motion for Standing Order Regarding Settling Defendants be denied.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.

By: _____
G. GLENNON TROUBLEFIELD (Bar No. 64989)
MELISSA E. FLAX
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)

Dated: January 29, 2004