IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO. 02-3830 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL. | : : : : | |
| Defendants. | : : | |

**REPLY MEMORANDUM OF LAW ON BEHALF OF PLAINTIFF BOARHEAD FARM AGREEMENT GROUP IN SUPPORT OF ITS MOTION FOR STANDING ORDER REGARDING DISMISSAL OF SETTLING DEFENDANTS**

Plaintiff Boarhead Farm Agreement Group ("Agreement Group") respectfully submits this memorandum to address an opposition memorandum filed by defendant Handy & Harmon Tube Company, Inc. ("Handy and Harmon") and an opposition memorandum filed collectively by eight other defendants ("Certain Defendants") in opposition to plaintiff's motion for a standing order regarding dismissal of settling defendants. The Agreement Group's motion should be granted because it will establish a fair and simplified procedure for dismissal of defendants settling their liability with the Agreement Group and because it will promote such settlements. The objections raised by the objecting defendants rest primarily upon fundamental misconceptions about the proposed procedure.

Defendants in multi-party cases want to know that all claims relating to the action that were could have been asserted against them will be dismissed as part of any settlement with the plaintiff. This is especially so in Superfund actions. Neither of the opposition memoranda disputes the well-

VH_DOCS_A #137802 v1

settled case law (cited in the Agreement Group's moving papers) that defendants who settle their claims with plaintiffs in CERCLA private cost recovery or contribution actions are entitled to protection from contribution claims of non-settling defendants. Indeed, the Brief of Certain Defendants lists several opinions in which courts have relied upon the Uniform Comparative Fault Act ("UCFA") to dismiss and/or bar all such claims. Brief of Certain Defendants at 8-9. Copies of two such "bar" orders, one entered by the United States District Court for the District of New Jersey and one entered recently by the United States District Court for the Southern District of Ohio, in multi-party CERCLA cases are attached hereto marked Exhibit A.

        The beauty of plaintiff's proposed dismissal procedure is that it accomplishes this non-controversial goal without prejudicing the rights of any non-settling defendant. The only legitimate interest any non-settling defendant has in the dismissal of a settling defendant is to ensure that the facts of the settlement and those concerning the settling party's liability, if any, may be considered by the court at trial as part of the court's determination of each non-settling defendant's equitable share of liability. Typically, non-settling defendants seek either a dollar for dollar credit in the amount of the settlement (the UCATA approach) or a pro rata credit based upon the settling defendant's equitable share (the UCFA approach). Plaintiff's motion proposes that settling defendants be dismissed now *without any determination being made on this question*. Unless and until that determination is made, the amount of any particular settlement and the question of the settling party's equitable share of liability, if any, are irrelevant.

        Specifically, should the court ultimately decide that the UCFA approach applies, the non-settling defendants will have the opportunity to prove at trial each settling defendant's equitable

share, and that equitable share will be the responsibility of the Agreement Group. The terms of the individual settlements, including the dollar amounts, would not be relevant to that question. The only relevant fact would be that a settlement occurred. If, instead, the Court determines that the UCATA approach applies, then only the dollar amounts of the settlements will be relevant (because the Agreement Group's damages will be reduced by the dollar amount of the settlements irrespective of any equitable share analysis). Most important, because the proposed dismissal procedure preserves the determination of which approach to apply for a later date, the non-settling defendants need not decide now which approach they want to endorse. That decision can be made later, and can be based upon the substantial further discovery that will be necessary if the case is tried. The non-settling defendants need know nothing about the settlements now, because which approach is to be used is not the subject of this motion.[1] The non-settling defendants thus cannot be prejudiced by dismissal now of the settling defendants in accordance with the proposed process.

       Handy & Harmon's and Certain Defendants' chief argument, that the Agreement Group's motion is not "ripe" because the details of the settlements have not been presented to the Court, completely misses the point. Brief of Handy & Harmon at 1-3; Brief of Certain Defendants at 2-5. The additional suggestion that there are no actual settling defendants to be dismissed using the proposed procedure, and that the motion is therefore not "ripe," is silly. Brief of Certain Defendants at 4-5. The Agreement Group intends to use this procedure for most, if not all, of the settlements it

---

[1]     Presumably, any non-settling defendant would argue ultimately that the UCATA approach should apply if it believes the Agreement Group made good settlements (thereby getting high dollar credits in comparison to the "actual" equitable shares of the settling defendants). Likewise, such defendant would argue that the UCFA approach applies if it believes the Agreement Group settled too cheaply (thereby laying off on the Agreement Group the "actual" equitable shares of the settling defendants).

makes, including the in hand settlement agreement with defendant Novartis Corporation. The Agreement Group also has achieved agreements in principle with two other defendants for which this process will be used. It anticipates more, as should the non-settling defendants if they take seriously the mediated settlement process now in progress.[2]

The exact approach proposed here, including entry of a bar order, was adopted in a multi-party CERCLA action in the United States District Court for the District of New Jersey precisely because it simply and efficiently gets settled parties out of the case without prejudicing the remaining parties. A copy of the Standing Order entered therein is attached hereto marked Exhibit B. Approximately one hundred defendants were dismissed using this process, without a single hearing of any kind held by the Court in conjunction therewith. Moreover, the court there never had to decide whether to apply the UCFA or UCATA approaches, because all parties settled.[3]

The objecting defendants confuse as well other aspects of the proposed process. Certain Defendants incorrectly state that the Agreement Group's motion proposes a "'Fairness Hearing approach'" and go on for pages to discuss why "fairness" hearings would be inappropriate. Brief of Certain Defendants at 5-9. Handy & Harmon suggests that the Agreement Group's motion does not comply with Local Civil Rule 7.1 because it does not contain facts from which the Court could determine whether any particular settlement was "fair." Brief of Handy & Harmon at 4-5. As is abundantly clear from the Agreement Group's moving papers, the only "finding" the Court need make

---

[2] The proposed process was not used with respect to the Agreement Group's settlement with the United States because the United States insisted on the specific form of that settlement to be consistent with other government settlements and government policies.

now is that settlements are made in "good faith." *See* Proposed Order of Settlement and Dismissal included in Exhibit A to Brief of Agreement Group, a copy of which is attached hereto marked Exhibit C; Brief of Agreement Group at 2, 5-7 ("The proposed Standing Order provides the following procedure for granting protection against response costs claims to Defendants that settle in good faith"). "Good faith" means only that the settlement is not collusive. Brief of Agreement Group at 6-7. The proposed Certification of counsel so stating is designed to meet that requirement. Should any non-settling defendant have reason to believe that a particular settlement was collusive, the proposed procedure provides an opportunity to address such concerns. *See* proposed Standing Order at ¶ 3. No finding of "fairness" is necessary or expected. No such hearing was ever held in the virtually identical *Global Landfill* litigation.

Similarly, the complaint by the objecting defendants that the proposed dismissal order and Certification of counsel are improper because they reference dismissal of claims against the settling defendants "except to the extent that such claims relate to matters excluded from any release in the settlement agreement" is a red herring. The definition of "Response Costs" in the proposed Order of Settlement and Dismissal (about which the objecting defendants also complain) provides specific exclusions to that term, including costs incurred as a result of toxic tort claims, criminal actions, natural resource damages claims, etc. Those are the items "excluded" from the settlement agreement release precisely because they are not claims asserted by the Agreement Group in this action. The bar order entered in the *Global Landfill* matter contains very similar language.

_____
(...continued)
3    Counsel for the Agreement Group was counsel for plaintiff in that action. Not surpisingly, the wording of the proposed standing order here is virtually identical to the one entered in the *Global Landfill*
(continued...)

## **CONCLUSION**

The point of this motion is simple.  Defendants all want to settle out of this litigation at what they believe is a fair price.  Each will want to be dismissed from the litigation upon reaching such a settlement to end its transaction costs as well as all of the other burdens of litigation.  There is no good reason to keep settling defendants in the case.  The Agreement Group's proposed process gets settling defendants out of the case now without prejudicing the rights of any non-settling defendants in any way, and without the cost, expense, and judicial resources that would be necessary if dismissals were considered one at a time.  For all of the foregoing reasons, this Court should enter the Order Regarding Dismissal of Settling Defendants in the form proposed by the Agreement Group.

       Respectfully submitted,

       BALLARD SPAHR ANDREWS & INGERSOLL, LLP
       A Pennsylvania Limited Liability Partnership


       By: _____
         Glenn A. Harris, Esquire
         Plaza 1000, Suite 500, Main Street
         Voorhees, New Jersey  08043
         (856) 761-3400

       Attorneys for Plaintiff Boarhead Farm Agreement Group

Dated:  February 5, 2004

---
(...continued)
matter.