AUG -9 1999

LEVIN & HLUCHAN, P.C.
BY: GLENN A. HARRIS (GH0919)
    JULIE L. SPOSITI (JS6927)
1101 Laurel Oak Road, Suite 100
Voorhees, New Jersey 08043
(856) 627-8555
Attorneys for Plaintiff, Global Landfill Agreement Group

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

FILED
AUG 0 5 1999
AT 8:30
WILLIAM T. WALSH   M
CLERK

| | |
|---|---|
| GLOBAL LANDFILL AGREEMENT GROUP, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 96-5338 (NHP) |
| 280 DEVELOPMENT CORPORATION, et al., | : |
| Defendants. | : |

ENTERED
ON THE DOCKET

STANDING ORDER ESTABLISHING PROCEDURE
FOR GRANTING CONTRIBUTION PROTECTION
TO DEFENDANTS THAT SETTLE IN GOOD FAITH
WITH PLAINTIFF GLOBAL LANDFILL
AGREEMENT GROUP

THIS MATTER having been opened to the Court on the application of Levin & Hluchan, P.C., attorneys for Plaintiff Global Landfill Agreement Group ("GLAG"), for a Standing Order to establish a procedure for entry of orders barring any future claims for contribution against any Defendant that settles in good faith with GLAG; the Court having reviewed the application and any opposition and reply papers; and for good cause shown;

IT IS on this 6th day of August, 1999 hereby

ORDERED that any settlement papers (i.e., notices of dismissal with prejudice, stipulations of dismissal with prejudice and any other accompanying papers) filed after the date of this Order that address settlement of contribution and/or cost recovery claims asserted against any settling Defendant by GLAG (other than notices and stipulations of dismissal that do not require a ruling concerning eligibility for contribution protection) shall be accompanied by: (1) certification of counsel containing a representation that the settlement was reached in an arms-length manner and entered in good faith, and (2) a proposed order barring future contribution claims against the settling Defendant related to the Global Landfill Superfund Site, except to the extent that such contribution claims relate to matters excluded from any release entered into between GLAG and such settling Defendant. Such settlement papers, certifications and proposed order shall be served by counsel for GLAG by mail on all liaison counsel for the parties participating in the Alternative Dispute Resolution Process in this matter and on all parties not participating in the ADR Process, along with a statement that objections to the Court's issuance of the proposed order barring future claims must be made in writing, filed with the Court and served on counsel for GLAG and all other parties within fourteen days of the third day following the postmark on the correspondence. If any timely objection is received, the Court shall schedule a brief status hearing at which objections to the fairness and good faith nature of the settlement shall be heard.

Nicholas H. Politan, U.S.D.J.