EXHIBIT A

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL., | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATION OF GLENN A. HARRIS

GLENN A. HARRIS, ESQUIRE hereby certifies and says:

1.      I am a member of the law firm of Ballard Spahr Andrews & Ingersoll, LLP, and counsel for Plaintiff Boarhead Farm Agreement Group (the "Agreement Group") in the above-captioned matter.  I submit this certification in support of the Order of Settlement and Dismissal with Prejudice and Barring Claims Against Defendant [            ] ("the Settling Defendant") pursuant to the Court's Order establishing a procedure for dismissing defendants that settle in good faith with the Agreement Group.

2.      In a Complaint filed on June 18, 2002, and in Amended Complaints filed on August 26, 2002, February 21, 2003 and September 8, 2003, respectively, the Agreement Group asserted claims against the Settling Defendant seeking contribution pursuant to section 113 of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA"), and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.* ("HSCA"), in the matter styled *Boarhead Farm Agreement Group v.*

*Advanced Environmental Technology Corporation, et al.*, Civil Action No. 02-3830 (E.D. Pa.) in connection with the cleanup of an area known as the Boarhead Farm Superfund Site (the "Site"). The Settling Defendant had, by virtue of the January 31, 2003 Case Management Order ("CMO") of this Court, its pleading obligations stayed while it participated in the two Phases of this case established by the CMO.

3.      Following an exchange of information concerning Site nexus and discovery as to the liability of each party during Phase I of the case, the parties commenced Phase II of the case, which consisted of a series of meetings to discuss the nature and basis of their claims and defenses and to explore possibilities for resolution of the case. Following settlement negotiations, the Settling Defendant entered into an agreement to settle the Agreement Group's claims against it in the within action.

4.      The settlement reached between the parties and embodied in the settlement agreement is neither collusive nor fraudulent, was arrived at by an arms-length process of negotiation and in good faith, is not unfair as to amount, provides a reasonable basis to avoid further expense and protracted litigation, and resolves all claims between the parties. The Agreement Group believes that the terms of the settlement agreement reflect payment by the Settling Defendant of its fair share of the costs of remediation at the Site.

5.      The Agreement Group on this date is submitting the Order of Settlement and Dismissal to the Court. The Agreement Group hereby requests that the Court enter that Order dismissing the Settling Defendant and barring any future claims against the Settling Defendant related to the Site, except to the extent that such claims relate to matters excluded from any release contained in the settlement agreement.

I certify under penalty of perjury that the foregoing is true and correct.


Executed on: _____          _____
                                                Glenn A. Harris, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT          :
GROUP,                           :
                Plaintiff,       :        CIVIL ACTION
                                 :
        v.                       :        NO. 02-3830
                                 :
ADVANCED ENVIRONMENTAL           :
TECHNOLOGY CORPORATION,          :
ET. AL.                          :
                                 :
                Defendants.      :

ORDER OF SETTLEMENT AND DISMISSAL WITH
PREJUDICE AND BARRING CLAIMS AGAINST
DEFENDANT [_____]

WHEREAS, on June 18, 2002 Plaintiff Boarhead Farm Agreement Group ("the

Agreement Group") filed a Complaint against Defendant [          ] ("Settling

Defendant") alleging that it was liable under the Comprehensive Environmental Response,

Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania

Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 et seq. ("HSCA"), and seeking

contribution and declaratory relief in connection with the Boarhead Farms Superfund Site (the

"Site");

WHEREAS, Settling Defendant had, by virtue of the January 31, 2002 Case

Management Order, its obligation to answer stayed;

WHEREAS, the Court previously granted the Standing Order of the Agreement

Group establishing a procedure for entry of orders barring any future claims for Response Costs

against any Defendant that settles in good faith with the Agreement Group (the "Standing

Order");

WHEREAS, the Agreement Group entered into an agreement of settlement with Settling Defendant;

WHEREAS, the settlement resolves claims that were contested, denied and disputed as to validity and amount, and was arrived at through an arms-length process of negotiation, in good faith, and was entered into as a mutual accommodation and in order to avoid further expensive and possibly protracted litigation;

WHEREAS, the settlement is binding upon and inures to the benefit of the heirs, successors and assigns of the Agreement Group and the Settling Defendants;

WHEREAS, the settlement does not constitute and is not to be interpreted, construed or used as evidence of any admission of liability, law or fact, or as a waiver of any right or defense, or as an estoppel against any Party by any other Party or by any person not a Party;

WHEREAS, pursuant to the Standing Order, the Agreement Group has filed a certification of counsel for the Agreement Group containing a representation that the settlement was reached in an arms-length manner and entered in good faith;

WHEREAS, the Agreement Group served copies of such certification, along with this Proposed Order barring future claims against the Settling Defendant, on counsel for all defendants with a cover letter from counsel for the Agreement Group stating that objections to the Court's issuance of the Proposed Order must be filed and served within fourteen (14) days of such service;

WHEREAS, now that more than fourteen (14) days have past and the Court has reviewed the certification and any timely filed objections to the Proposed Order;

IT IS on this _____ day of _____, 2004,

ORDERED that all claims of the Agreement Group against the Settling Defendant and all claims of the Settling Defendant against the Agreement Group, whether asserted or that could have been asserted, shall be hereby are dismissed with prejudice, except to the extent that such claims relate to matters excluded from any release in the settlement agreement.

And further ORDERED that this dismissal is without costs or attorneys' fees against the Agreement Group or the Settling Defendant;

And it is further ORDERED that any and all future claims against the Settling Defendant with respect to all claims, causes of action, demands, losses, penalties, damages, obligations or liabilities of whatever nature, at law, in equity, or otherwise, whether accrued or unaccrued, asserted or unasserted, known or unknown, manifest or contingent, or otherwise of any kind and nature and grounded upon any theory of law, for Response Costs are hereby barred.

And further ORDERED, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, that this Order shall be entered as a final judgment of the Court.

As used herein, the term "Response Costs" shall mean any and all costs (including attorneys' fees) incurred or to be incurred by any person in connection with the Site for any (1) Response Actions, (2) actions brought under Sections 7002 or 7003 of the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6972 or 6973, or (3) actions for remedial costs (i.e., environmental cleanup costs) brought under state law, which actions relate to environmental conditions at, about, or arising from the Site. Response Costs do not include any costs incurred as a result of (1) toxic tort claims (including, but not limited to, claims for injury to persons or

offsite property, claims for medical monitoring, claims for consequential damages, claims for punitive damages and claims for loss of value of property, with the exception of such claims seeking recovery of damages which constitute costs of a Response Action and except for damages or equitable relief arising out of the conduct of Response Actions by or on behalf of the United States, the Commonwealth of Pennsylvania, by any, or all of, the members of the Agreement Group or by the Agreement Group, or any other person who has incurred or may incur response costs with respect to the Site; (2) claims at other sites arising from the direct or indirect shipment of hazardous waste, hazardous substances or other materials from the Site, except claims for damages or equitable relief arising out of the conduct of Response Actions by or on behalf of the United States, the Commonwealth of Pennsylvania, by any, or all of, the members of the Agreement Group or by the Agreement Group, or any other person who has incurred or may incur response costs with respect to the Site; (3) criminal actions commenced specifically against a Settling Defendant or its employees related to the Site; (4) claims relating to a Settling Defendant's, individual attorneys' fees, costs, disbursements or assessments, including, but not limited to, any claim related to a Settling Defendant's liaison group fees and costs, liaison counsel, deposition transcripts, records depositories, related costs, and mediation costs that were incurred or required to be paid prior to the date of this Order; (5) claims by the United States or the Commonwealth of Pennsylvania relating to false or incomplete responses to requests for information from the United States, if any, and directed to a Settling Defendant under the Resource Conservation and Recovery Act, U.S.C. § 6901 et seq., or CERCLA, 42 U.S.C. § 9601 et seq., or from the Commonwealth of Pennsylvania under HSCA; and (6) claims for natural resource damages or assessments at or caused by the Site.

As used herein, the term "Response Actions" shall mean any and all actions for response as defined in section 101(25) of CERCLA, 42 U.S.C. § 9601(25), Subpart E of the National Contingency Plan, 40 C.F.R. §§ 300.400-300.440, or in HSCA, including, without limitation, removal, remediation, operation and maintenance activities conducted or to be conducted in connection with the Site, enforcement activities related to the Site, and oversight activities conducted or to be conducted in connection with the Site.

_____
Legrome D. Davis, Judge