IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OF LAW
OF CERTAIN DEFENDANTS
IN OPPOSITION TO THE JOINT MOTION
BY PLAINTIFF AND THE UNITED STATES NAVY
FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL

Without any reference to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff Boarhead Farm Agreement Group ("BFAG") and Defendant United States Navy ("USN") have filed a Joint Motion under Rule 41(a)(2) asking this Court to do three things:

(1) "Approve" a proposed settlement between BFAG and the USN as being "fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest" (proposed Order at ¶ 1).

(2) Grant "contribution protection" to the USN "pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law" (proposed Order at ¶ 2).

(3) Dismiss, with prejudice, "[a]ll claims against the United States in this Action, whether alleged in the complaint or as a cross-claim or third-party claim, or otherwise" (proposed Order at ¶ 3).

The undersigned Defendants[1] oppose the relief sought in the Joint Motion. Under FRCP Rule 41(a)(2), the central question before the Court is whether the remaining non-settling defendants will be legally prejudiced by the relief sought. See Protocomm Corp. v. Novell, Inc., 171 F.Supp.2d 459, 470-72 (E.D. Pa. 2001). Here, the non-settling defendants will be prejudiced if the Joint Motion is granted as presented.

### 1. No Evidentiary Basis for the Court to "Approve" the Settlement

There is no record before the Court, evidentiary or otherwise, to support a finding that the proposed settlement between BFAG and the USN is, as claimed, "fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest." Any effort to create such a record will involve an extended hearing closely resembling a bench trial on the full merits. As set forth more fully in the Memorandum of Law of Certain Defendants filed on January 27, 2004, which Memorandum is incorporated herein by reference, undertaking such a hearing at this stage of the case would be burdensome and prejudicial. (Memorandum of Law of Certain Defendants at pp. 5-9).

### 2. A "Fairness" Approval by the Court is Legally Unnecessary and Would be Disadvantageous to the Non-Settling Defendants

It is both legally unnecessary and prejudicial for this Court to "approve" a private settlement as "fair and reasonable" at this stage of the case. As to being legally unnecessary, the undersigned Defendants again incorporate herein by reference the relevant discussion from their

---

[1] This Memorandum of Law is submitted on behalf of eight of the Defendants, including Advanced Environmental Technology, Ashland Chemical Company, Flexible Circuits, Knoll, Inc., NRM Investment Company, Rahns Specialty Metals, Inc./Techalloy Co., Inc., Thomas & Betts, Corporation, and Unisys Corporation.

prior Memorandum of Law.  (Memorandum of Law of Certain Defendants at pp. 10-11).

Regarding prejudice, respectfully what is really going on here is that Plaintiff BFAG is indirectly attempting to obtain an early ruling that the amount of its private settlement with defendant USN matches what this Court ultimately will determine to be USN's "equitable share" of contribution liability under Section 113(f) of CERCLA.  That is the only justification for asking this Court to "approve" a private settlement as "fair and reasonable."

In effect, Plaintiff BFAG is attempting to use Court "approval" at this stage to transfer the risk of potentially bad settlements to the non-settling defendants.  If a trial proves necessary, the non-settling defendants should be free to argue at that time, on a full evidentiary record, that the "equitable share" of the USN is different than the amount privately agreed to between BFAG and the USN.  A ruling now by the Court that the settlement is "fair and reasonable" will effectively preclude such arguments, and thereby unfairly tie the hands of the non-settling defendants.[2]

### 3. The Form of "Contribution Protection" Sought is Improper

As set forth in the proposed Order, the Joint Motion asks this Court to grant the USN, "contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law" (proposed Order at ¶ 2).

---

[2] In a proposed Reply Brief submitted on February 5, 2004, the Plaintiff argues that it is only asking the Court to approve the "good faith" of its settlements, not their "fairness."  (Reply Memorandum at 4-5).  However, the actual settlement words used in the proposed Orders and Settlement Agreements submitted to this Court by BFAG (including the words "fair," "reasonable," "in the public interest," and "equitable") completely belie the inconsistent advocacy words used in Plaintiff's arguments.

This form of relief is improper. First, no such thing as statutory "contribution protection" is available in connection with settling a Section 113(f)(1) claim brought by a private party <u>plaintiff</u>. Instead, statutory "contribution protection" only is available to a private party <u>defendant</u> who has resolved its Section 107(a) CERCLA liability to the government. See 42 U.S.C. § 113(f)(2).

Second, the request for "contribution protection" under the Uniform Comparative Fault Act (UCFA) merely serves to highlight the inappropriateness of the Joint Motion asking this Court to "approve" the fairness and reasonableness of the USN settlement. This CERCLA contribution action is governed by federal common law, not by a "model" state act. See 42 U.S.C. § 113(f)(1) ("Such claims . . . shall be governed by Federal law"). However, if in addressing the effect of settlements this Court ultimately determines that the content of federal common law should be guided by UCFA, the principle advantage of UCFA is that the Court is ***not*** required to approve the "good faith" or "fairness" of any private settlement. (Memorandum of Law of Certain Defendants at pp. 8-9).

Third, undersigned Defendants have no idea what is meant by the language in the proposed Order purporting to grant the USN contribution protection pursuant to "any other applicable provision of federal or state law, whether by statute or common law" (proposed Order at ¶ 2). We oppose that generalized and undefined relief.

### 4. A "One-Way" Dismissal with Prejudice is Improper

Non-Settling Defendants also would be prejudiced by the "one-way" nature of the dismissal with prejudice proposed in the Joint Motion. In particular, both the proposed Order (at ¶ 3) and the accompanying Settlement Agreement (at ¶ 3(a)) provide that all potential cross-claims and other claims against the USN are to be extinguished with prejudice. However,

Paragraph 3(a) of the Settlement Agreement inconsistently attempts to preserve the USN's right to assert contribution or other claims against the non-settling defendants. This "one-way" dismissal proposal is completely lopsided, and therefore unfair and prejudicial. See Barton Solvents, Inc. v. Southwest Petro-Chem, Inc., 834 F. Supp. 342, 349 (D. Kan. 1993) (requiring cross-claim dismissals to be "mutual"); American Cyanamid Co. v. King Industries, Inc., 814 F. Supp. 215, 218 (D.R.I. 1993) (same).

**5.     What is a Good Solution for Handling Settlements and Dismissals?**

For the reasons set forth above, the Joint Motion should be denied. However, the undersigned Defendants want to stress that they are not opposed to settlements and dismissals, but rather are just opposed to the approach proposed by the Plaintiff and the USN.

As noted in the prior Memorandum of Law of Certain Defendants, FRCP Rule 41(a) provides three different approaches to dismissal that may be used here: (1) a Notice of Dismissal; (2) a Stipulation by the Parties; and (3) an Order of Court. (Memorandum of Law of Certain Defendants at pp. 12-13).

Here, BFAG and the USN apparently have chosen option (3) above, and seek an Order from the Court granting dismissal with prejudice, including dismissal with prejudice of all potential cross-claims against USN arising out of the matters asserted in the Plaintiff's Amended Complaint. The undersigned Defendants are not opposed to a settling party, like the USN, being granted that scope of relief. However, to avoid prejudice to the remaining non-settling Defendants, any such Order also should include the following provisions:

1. Potential contribution cross-claims or other claims by the USN against the non-settling Defendants arising out of the claims asserted in the Plaintiff's Amended Complaint are dismissed with prejudice.

2. The Court is not "approving" the fairness or reasonableness of the settlement amount, and all potential arguments by non-settling Defendants as to the USN's appropriate "equitable share" of liability are preserved.

3. Plaintiff BFAG's overall remaining contribution claim against the non-settling Defendants is reduced by the greater of the actual dollar amount of the USN settlement or the "equitable share" of liability ultimately assigned to the USN, whichever proves greater.

## Conclusion

The Joint Motion should be denied, and an appropriate form of Order is attached. However, should this Honorable Court elect not to deny the Joint Motion, the undersigned Defendants would respectfully request the scheduling of a case management conference with the Court during which the terms and conditions to be included in any dismissal Order could be addressed. An alternative form of Order scheduling a case management conference also is attached.

Respectfully submitted,

February 6, 2004

_____
Andrew P. Foster
Adina Dziuk
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103

Counsel for Rahns Specialty Metals, Inc., Techalloy Co., Inc., Thomas & Betts Corporation, and Unisys Corporation

# **CERTIFICATE OF SERVICE**

I Andrew P. Foster, hereby certify that on this 6th day of February, 2004, I caused a true and correct copy of the foregoing **Memorandum of Law of Certain Defendants in Opposition to the Joint Motion by Plaintiff and the United States Navy for Approval of Settlement Agreement and Dismissal** to be served as indicate below:

### **BY EMAIL and FIRST-CLASS MAIL:**

**Counsel for Boarhead Farm Agreement Group**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

**Counsel for Advanced Environmental Technology**
Thomas Sabino, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)
tsabino@wolffsamson.com

**Counsel for Ashland Chemical Company**
David M. Doto, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)
ddoto@pp-b.com

- 2 -

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
(212) 756-0215
(888) 325-9169 (Fax)
lwright@ealaw.com

**Counsel for Crown Metro, Inc. and Emhart Industries**
Laura A. Ford, Esquire
Swidler Berlin Shereff Friedman LLP
3000 "K" St., N.W. – Suite 300
Washington, DC  20007
(202) 424-7500
(202) 424-7643 (Fax)
laford@swidlaw.com

**Counsel for Diaz Chemical Corp.**
Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holley, NY 14470-1156
(716) 638-6321
(716) 638-8356 (Fax)
reid@diazche.com

**Counsel for Flexible Circuits**
Seth v.d.H. Cooley, Esquire
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
(215) 979-1000
(215) 979-1020 (Fax)
secoley@duanemorris.com
anfriant@duanemorris.com

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
Five Becker Farm Road – 3rd Fl.
Roseland, NJ  07068-1739
(973) 994-1700
(973) 994-1744 (Fax)
mflax@carellabyrne.com

- 3 -

**Counsel for Knoll, Inc.**
Richard H. Friedman, Esquire
Scott A. Gould, Esquire
McNees Wallace & Nurick, LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5469
(717) 237-5300 (Fax)
rfriedman@mwn.com

**Counsel for Merit Metals Products Corp.**
Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA  19103-1815
(215) 557-2950
(215) 557-2990/2991
schawaga@monteverde.com

**Counsel for Novartis Corporation**
Michael W. Steinberg, Esquire
Michael Dillon, Esquire
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3000
(202) 739-3001 (Fax)
msteinberg@morganlewis.com

**Counsel for NRM Investment Company**
Edward Fackenthal, Esquire
Henderson, Wetherill, O'Hey & Horshey
P.O. Box 751
Suite 902
One Montgomery Plaza
Norristown, PA  19404
(610) 279-3370
(610) 279-0696 (Fax)
edwardfackenthal@cs.com

**Counsel for Plymouth Tube Company**
Steven J. Lemon, Esquire
Jones, Lemon Graham & Clancy
223 East State Street
P.O. Box 805
Geneva, IL  60134
(630) 208-0805
(630) 208-4651 (Fax)
stevenl@joneslemon.com

**Counsel for Quikline Design & Mfg.**
Sanford F. Schmidt, Esquire
Schmidt & Tomlinson Law Offices
29 Union Street
Medford, NJ  08055
(609) 714-0600
(609) 714-0610 (Fax)
lawschmidt@erols.com

**Counsel for Rohm and Haas Company**
Jennifer Berke Levin, Esquire
Rohm & Haas Co.
100 Independence Mall West
Philadelphia, PA  19106-2399
(215) 592-6838
(215) 592-3227
jlevin@rohmhaas,com

**Counsel for Simon Wrecking Co., Inc.**
Sharon Oras Morgan, Esquire
Mattleman Weinroth & Miller P.C.
401 Route 70 East, Suite 100
Cherry Hill, NJ  08034
(856) 429-5507
(856) 429-9036 (Fax)
smorgan@mwm-law.com

**United States of America, Department of Navy**
D. Judith Keith, Esquire
U.S. Department of Justice
Environmental & Natural Resources
Defense Section
P.O. Box 23986
Washington, DC  20026-3986
(202) 514-3747
(202) 514-8865 (Fax)
judith.keith@usdoj.com

$$\overline{\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxx}}$$
Andrew P. Foster

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2004, upon consideration of the Joint Motion by Plaintiff Boarhead Farm Agreement Group and Defendant United States for Approval of Settlement Agreement and Dismissal, and the response of Certain Defendants thereto, it is hereby ORDERED that the Joint Motion is DENIED.

_____
Legrome D. Davis, U.S.D.J.

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**ORDER (Alternative)**

AND NOW, this _____ day of _____, 2004, upon consideration of the Joint Motion by Plaintiff Boarhead Farm Agreement Group and Defendant United States for Approval of Settlement Agreement and Dismissal, and the response of Certain Defendants thereto, it is hereby ORDERED that a determination regarding the Joint Motion is DEFERRED, and a Case Management Conference to discuss settlement and dismissal issues is hereby scheduled for _____, 2004, in Courtroom ___.

_____
Legrome D. Davis, U.S.D.J.

Dated: _____

- 2 -