IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | 02-CV-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

FIFTH CASE MANAGEMENT ORDER

This Court has determined that the just, efficient, cost-effective, and prompt resolution of this case requires entry of this Case Management Order pursuant to Fed. R. Civ. P. 16(b) and 26(f). The parties have had an opportunity to participate in the development of this Case Management Order.

WHEREFORE, it is hereby ORDERED that this Case Management Order shall govern the proceedings in this matter.

1.   Initial Pleadings.  On or before July 15, 2004, Defendants who have not reached settlements in principle with Plaintiff shall answer, move (to the extent not limited by prior Case Management Orders), or otherwise plead in response to the Third Amended Complaint. Answers shall be deemed to raise cross-claims or counterclaims for contribution pursuant to

CERCLA and Pennsylvania Hazardous Sites Cleanup Act. All such deemed cross-claims and counterclaims shall be deemed denied. Cross-claims or counterclaims based on separate claims peculiar to an individual party, such as claims for contractual indemnification (and other than claims against the insurance company), shall be individually pleaded.

2. <u>Fact Discovery</u>. From the date this Order is entered, the parties shall have thirty (30) days to propound and thirty (30) days to respond to written discovery, including interrogatories, requests for admissions and requests for production of documents. There shall be no depositions taken during this sixty (60) day written discovery period. Following the foregoing sixty (60) day written discovery period, fact discovery shall continue for an additional one-hundred fifty (150) days and include, but not be limited to further written discovery and the depositions of party representatives pursuant to notice and the depositions of non-parties pursuant to subpoena.

3. <u>Defendant Claims</u>. Any Defendant may file a third-party complaint and Plaintiff may file a Fourth Amended Complaint on or before June 30, 2004 as of right. Any claims against insurance companies must be brought in a separate action in this or another court.

4. <u>Depositions</u>. All fact discovery shall be completed on or before January 10, 2005. No deposition shall be take without leave of the Court before August 13, 2004.

5. <u>Motion Practice</u>. Any party may file a motion for summary judgment at any time as permitted by the Federal Rules of Civil Procedure.

6. <u>Case Management Conference</u>. Following decisions of motions for summary judgment, or, if no motions have been filed, Plaintiff shall be responsible for contacting the Court and arranging a case management conference to establish a framework and schedule for

the expert phase of the case. Prior to the conference, the parties shall confer in good faith regarding the terms of a proposed Sixth Case Management Order to govern further proceedings.

BY THE COURT:

Legrome D. Davis, J