**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT THOMAS & BETTS CORPORATION
TO THE THIRD AMENDED COMPLAINT**

Defendant Thomas & Betts Corporation ("T&B"), by its attorneys, hereby files its

Answer and asserts Affirmative Defenses to the Third Amended Complaint:

**FACTUAL BACKGROUND**

1.      Denied.  The allegations contained in this Paragraph of the Third

Amended Complaint are descriptive only and/or constitute conclusions of law to which no

response is required.  To the extent that the statements contained in this Paragraph of the Third

Amended Complaint could be construed as assertions of fact, Defendant T&B lacks knowledge

or information sufficient to form a belief as to the truth thereof, and they are therefore denied.

By way of further response, Defendant T&B also specifically denies that "Plaintiff," named as

"Boarhead Farm Agreement Group," and defined in Paragraph 16 of the Third Amended

Complaint as an unincorporated association comprised of five companies, is a substantively

proper person or party to assert claims for contribution or declaratory judgment. All such claims, if any, belong solely to the individual companies that allegedly comprise the Plaintiff, and each such Company must independently prove in this action its entitlement to assert contribution claims, recover an equitable share of response costs, and obtain declaratory relief. For the same reasons, T&B further denies as substantively improper the Plaintiff's request that the Court equitably allocate response costs and declare rights "as between Plaintiff and Defendants." Any substantive right to contribution for response costs or declaration of rights belongs solely to the individual companies that allegedly comprise the Plaintiff, and cannot properly be asserted or proven in this action on a generalized "entity" basis.

2.      Denied. Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

3.      Denied. Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Boarhead Corporation's purchase of the Site. The remaining allegations contained in this Paragraph of the Third Amended Complaint are denied as conclusions of law to which no response is required.

4.      Denied. Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

5.      Denied. Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

6.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

7.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

8.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

9.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

10.    Admitted in part and denied in part.  Defendant T&B admits upon information and belief that the USEPA placed the Site on the National Priorities List on or about March 31, 1989.  The remaining allegations contained in this Paragraph of the Third Amended Complaint are denied as conclusions of law to which no response is required.

11.    Admitted in part and denied in part.  Defendant T&B admits upon information and belief that the USEPA conducted Site cleanup activities, including the removal of drums and contaminated soil.  Defendant T&B further admits upon information and belief that contaminated groundwater is being treated at an on-Site treatment facility.  The remaining allegations contained in this Paragraph of the Third Amended Complaint are denied as conclusions of law to which no response is required and/or are denied because Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

12.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

13.    Admitted upon information and belief.

14.    Admitted upon information and belief.

15.    Admitted upon information and belief.

16.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.  By way of further response, the alleged agreement among the members of the Plaintiff Boarhead Farm Agreement Group "that they will, at some future time, and not in this civil action, reach a final allocation among themselves," is substantively improper, unenforceable as against public policy, and conflicts with this Court's statutory power and duty to allocate recoverable response costs among liable parties using such equitable factors as the Court determines are appropriate.  This alleged agreement among the members of the Plaintiff  is an improper attempt to mask from the Court the direct adversity that exists between and among each of the individual companies that allegedly comprise the "Plaintiff" with respect to a statutory equitable allocation of response costs.  It improperly obstructs the Defendants from developing and presenting defenses to the necessarily individual contribution and declaratory judgment claims belonging to the individual members of Plaintiff.  It improperly obstructs the Court from determining if any individual member of the "Plaintiff" is substantively entitled to assert claims for contribution or declaratory relief.  All such claims, if any, belong solely to the individual companies that allegedly comprise the Plaintiff, and each such Company must

independently prove in this action its entitlement to assert contribution claims, recover an

equitable share of response costs, and obtain declaratory relief.

17.     Denied.  Defendant T&B lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended

Complaint.

18.     Denied.  Defendant T&B lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended

Complaint.

19.     Denied.  Defendant T&B lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended

Complaint.

20.     Denied.  Defendant T&B lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended

Complaint.

21.     Denied.  Defendant T&B lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended

Complaint.

22.     Denied.  Defendant T&B lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended

Complaint.

23.     Denied.  The allegations contained in this Paragraph of the Third

Amended Complaint constitute conclusions of law to which no response is required.  To the

extent that the statements contained in this Paragraph of the Third Amended Complaint could be

construed as assertions of fact, Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth thereof, and they are therefore denied.

24.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.  To the extent that the statements contained in this Paragraph of the Third Amended Complaint could be construed as assertions of fact, Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth thereof, and they are therefore denied.

### JURISDICTION AND VENUE

25.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

26.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

27.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

28.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

### PARTIES

29.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

30. – 126.    Denied.  The allegations contained in these Paragraphs of the Third Amended Complaint pertain to Defendants other than T&B, and Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

127.    Admitted.

128.    Admitted upon information and belief that DeRewal Chemical removed waste material from Ansley's New Hope and Perkasie, Pennsylvania facilities.

129.    Denied.

130.    Admitted upon information and belief.

131.    Admitted.

132.    Admitted.

133.–142.    Denied.  The allegations contained in these Paragraphs of the Third Amended Complaint pertain to Defendants other than T&B, and Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

## COUNT I

### (CERCLA Section 113(f) Contribution)

143.    Defendant T&B incorporates herein by reference its responses set forth above to the referenced Paragraphs of the Third Amended Complaint.

144.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

145.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

146.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

147.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

148.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

149.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.  By way of further response, the allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

150.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.  By way of further response, the allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

151.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

152.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.  By way of further response, Defendant T&B incorporates herein by reference its responses set forth above in Paragraphs 1 and 16.

## COUNT II

### (CERCLA Section 113(g)(2) Declaratory Judgment)

153.    Defendant T&B incorporates herein by reference its responses set forth above to the referenced Paragraphs of the Third Amended Complaint.

154.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

155.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.  By way of further response, Defendant T&B incorporates herein by reference its responses set forth above in Paragraphs 1 and 16.

## COUNT III

### (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

156.    Defendant T&B incorporates herein by reference its responses set forth above to the referenced Paragraphs of the Third Amended Complaint.

157.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

158.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

159.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

160.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

161.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

162.    Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.  By way of further response, the allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

163.     Denied.  Defendant T&B lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.  By way of further response, the allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

164.     Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

165.     Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.  By way of further response, Defendant T&B incorporates herein by reference its responses set forth above in Paragraphs 1 and 16.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Third Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

Any and all damages suffered by Plaintiff resulted solely and entirely from the conduct of Plaintiff and/or other individuals or entities over whom Defendant T&B had no control.  Defendant T&B exercised no control over such persons and is not liable for any harm to Plaintiff, or any other party, and the acts or omissions of such other persons constitute intervening causes of any harm suffered by Plaintiff, and any other party.

## FOURTH AFFIRMATIVE DEFENSE

If Defendant T&B contributed in any way to the alleged Site contamination (all such allegations being expressly denied), its contribution was *de minimis*, both in absolute terms and relative to the contributions of other responsible parties.

## FIFTH AFFIRMATIVE DEFENSE

Defendant T&B is not a person subject to liability pursuant to § 107(a)(3) of CERCLA or Sections 701(a)(2) and 702(a)(3) of HSCA because T&B did not arrange for the disposal or treatment of any hazardous substances at the Site.  See Morton International v. A.E. Staley Company, Inc., 343 F.3d 669 (3d Cir. 2003).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to comply with all the statutory and/or regulatory prerequisites necessary to bring an action under CERCLA or HSCA.

## SEVENTH AFFIRMATIVE DEFENSE

If any release or threat of release of a hazardous substance has occurred or is occurring at the Site, the hazardous substance neither was contained in any wastes allegedly attributable to Defendant T&B, nor was the hazardous substance similar to any constituents in wastes allegedly attributable to Defendant T&B.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for recovery of attorneys' fees and EPA oversight costs are barred, in whole or in part, by applicable case law.  See  KeyTronic Corp. v. United States, et al., 511 U.S. 809, 114 S.Ct. 1960 (1994); United States v. Rohm and Haas, 2 F.3d 1265 (3d Cir. 1993).

## NINTH AFFIRMATIVE DEFENSE

The harm complained of in the Third Amended Complaint, if any harm exists, is divisible and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.  Accordingly, even if Defendant T&B is partially responsible for the harm, which Defendant T&B expressly denies, Defendant T&B would only be liable for the divisible damages caused by its own conduct, and is not jointly and severally or otherwise liable for any other costs or damages which the Plaintiff seeks to recover.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff Boarhead Farm Agreement Group is a substantively improper person or party to assert claims for contribution or declaratory judgment.  All such claims, if any, belong solely to the individual companies that allegedly comprise the Plaintiff, and each such Company must independently prove in this action its entitlement to assert contribution claims, recover an equitable share of response costs, and obtain declaratory relief.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for contribution and declaratory relief are barred, in whole or in part, by Plaintiff's failure to prove that it and/or its member companies have paid and/or are obligated to pay more than their equitable "fair share" of Site response costs.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any response costs incurred or to be incurred by Plaintiff were or are inconsistent with the National Contingency Plan and therefore not recoverable under CERCLA, and/or were or are not reasonable and necessary or appropriate and therefore not recoverable under HSCA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's CERCLA contribution claims are barred, in whole or in part, to the extent that they have not been asserted during or following a civil action under Section 9606 or 9607(a) of CERCLA, as is statutorily required under Section 9613(f) of CERCLA. Plaintiff's HSCA contribution claims are barred, in whole or in part, to the extent that they have not been asserted during or following a civil action under Section 507 or 1101 of HSCA, as is statutorily required under Section 705 of HSCA.

## FOURTEENTH AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiff's claim against the remaining non-settling defendants, including Defendant T&B, should be reduced by the greater of the equitable share of liability of all settling defendants or the dollar amounts obtained by Plaintiff from all settling defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiff's claim against the remaining non-settling defendants, including Defendant T&B, should be reduced by at least the equitable share of liability of all liable persons that Plaintiff elected not to sue.

## SIXTEENTH AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiff's claim against the remaining non-settling defendants, including Defendant T&B, should be reduced and/or offset by the dollar amounts of all other recoveries obtained by Plaintiff, including without limitation, all such recoveries obtained from insurers or other indemnitors of the Plaintiff and/or its member companies.

WHEREFORE, Defendant T&B demands judgment in its favor and against the

Plaintiff, together with attorney's fees and costs in this action, and such other and further relief as

this Court deems just and proper.


July 15, 2004                                        *Andrew P. Foster*
                                            Andrew P. Foster
                                            Adina Dziuk
                                            DRINKER BIDDLE & REATH LLP
                                            One Logan Square
                                            18th and Cherry Streets
                                            Philadelphia, PA  19103

                                            Counsel for Thomas & Betts Corporation

## CERTIFICATE OF SERVICE

I Andrew P. Foster, hereby certify that on this 15th day of July, 2004, I caused a true and

correct copy of the foregoing:

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT THOMAS & BETTS CORPORATION
TO THE THIRD AMENDED COMPLAINT**

 to be served as indicated below:

**BY FIRST-CLASS MAIL:**

### *Boarhead Farm Agreement Group*

Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

### *Advanced Environmental Technology Corp.*

Thomas W. Sabino, Esq.
Wolff & Samson
One Boland Drive
West Orange, New Jersey 07052
Phone:  (973) 740-0500
Fax:  (973) 740-1407
Email:  tsabino@wolffsamson.com

### *Ashland, Inc.*

Richard C. Biedrzycki, Esq.
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Building, 121 South Broad Street
Philadelphia, Pennsylvania 19107
Phone:  (215) 546-0500
Fax:  (215) 546-9444
Email:  rbiedrzycki@pp-b.com

PHLIT\493413\1

## *Carpenter Technology Corporation*

Lynn Wright, Esq.
Edwards & Angell
750 Lexington Avenue
New York, NY 10022
Phone:  212-756-0215
Fax:  888-325-9169
email:  lwright@ealaw.com

## *Crown Metro, Inc. and Emhart Industries, Inc.*

Laura Ford Brust, Esq.
Jerome C. Muys, Jr., Esq.
Swidler Berlin Shereff Friedman, LLP
3000 K Street, N.W., Suite 300
Washington, DC  20007
Phone:  202-424-7500
Fax:  202-424-7643
e-mail:  lfbrust@swidlaw.com

## *Flexible Circuits*

A. Nicole Friant, Esq.
Seth Cooley, Esq.
Duane Morris
One Liberty Place
Philadelphia, Pennsylvania  19103-7396
Phone:  (215) 979-1818
Fax:  (215) 979-1020
e-mail:  anfriant@duanemorris.com

## *Handy & Harman Tube Company*

Melissa Flax, Esq.
Carella, Byrne, Bain, Gilfillian, Cecchi,
        Stewart & Olstein, P.C.
Five Becker Farm Road
Roseland, New Jersey  07068-1739
Phone:  973-994-1700
Fax:  973-994-1744
e-mail:  mflax@carellabyrne.com

### *Knoll Inc.*

Richard Friedman, Esq.
McNees, Wallace & Nurick, LLC
P.O. Box 1166
100 Pine Street
Harrisburg, PA  17108-1166
Phone:  717-237-5469
Fax:  717-237-5300
e-mail:  rfriedman@mwn.com

### *Merit Metals Products Corp.*

Stephen P. Chawaga, Esq.
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
Phone:  215-557-2900
Fax:  215-557-2990
e-mail:  schawaga@monteverde.com

### *NRM Investment Co.*

Edward Fackenthal, Esq.
Henderson, Weitherill, O'Hey & Horsey
902 One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
Phone:  610-279-3370
Fax:  610-279-0696
e-mail:  edwardfackenthal@cs.com

### *Plymouth Tube Company*

Steven J. Lemon, Esq.
Jones, Lemon, Graham & Chaney
28 North Bennett Street, Suite A
P.O. Box 805
Geneva, IL  60134-0805
Phone:  630-208-0805
Fax: 630-208-4651
e-mail:  stevenl@joneslemon.com

## *Quikline Design*

Sandford F. Schmidt, Esq.
Law Offices of Schmidt & Tomlinson
29 Union Street
Medford, NJ  08055
Phone:  609-714-0600
Fax:  609-714-0610
e-mail:  lawschmidt@erols.com

## *Rohm and Haas Company*

Jennifer Berke Levin, Esq.
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA  19106-2349
Phone: 215-592-6838
Fax: 215-592-3227
e-mail:  jlevin@rohmhaas.com

## *Simon Wrecking Co., Inc.*

Sharon Oras Morgan, Esq.
Mattleman Weinroth & Miller
Land Title Building, Suite 2226
Broad & Chestnut Streets
Philadelphia, PA  19110
Phone:  215-923-2225
Fax:  215-567-4151
email:  smorgan@mwm-law.com

## *United States of America, Department of Navy*

Judith Keith, Esq.
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Defense Section
P.O. Box 23986                              *Overnight Mail:*
Washington, DC  20026-3986       601 D. Street NW
Phone: 202-514-3747                     Suite 8000
Fax:  202-514-8865                         Washington, DC  20004
e-mail:  judith.keith@usdoj.com

_____*Andrew P. Foster*_____
Andrew P. Foster