WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
ATTORNEYS FOR DEFENDANT, ADVANCED ENVIRONMENTAL TECHNOLOGY CORP. (TS-6491)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 02-3830 (LDD) <br><br><br> **DEFENDANT AETC'S ANSWER AND DEFENSES TO THIRD AMENDED COMPLAINT** |

Defendant, Advanced Environmental Technology Corp. ("AETC"), by and through its counsel, Wolff & Samson PC, by way of Answer to the Third Amended Complaint (the "Complaint"), says:

### FACTUAL BACKGROUND

1-24   AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 1-24 of the Complaint.

### JURISDICTION AND VENUE

25-28. Paragraphs 25-28 of the Complaint state conclusions of law to which no response is required.

906872.01

## THE PARTIES

**A.**    **The Plaintiff**

29.    Paragraph 29 is a conclusion of law to which no response is required.

**B.**    **The Defendants**

**Defendant Advanced Environmental Technology Corporation**

30.    AETC admits the allegations of paragraph 30.

31.    AETC denies the allegations of paragraph 31.

32.    AETC denies the allegations of paragraph 32.

### Defendant Ashland Chemical Company

33.    Paragraph 33 is not directed to AETC and therefore no answer is required.

34.    AETC denies the allegations of paragraph 34.

35-36. AETC is without knowledge or information sufficient to form a belief as to the allegations of paragraphs 35-36.

### Defendant Boarhead Corporation

37.    Paragraph 37 is not directed to AETC and therefore no answer is required.

### Defendant Carpenter Technology Corporation

38-41. Paragraphs 38-41 are not directed to AETC and therefore no answer is required.

### Defendants Crown Metro, Inc. and Emhart Industries, Inc.

42-51. Paragraphs 42-51 are not directed to AETC and therefore no answer is required.

906872.01                    2

### Defendant Diaz Chemical Company

52.    Paragraph 52 is not directed to AETC and therefore no answer is required.

53.    AETC denies the allegations of paragraph 53.

54-55. AETC is without knowledge or information sufficient to form a belief as to the allegations of paragraphs 54-55.

### Defendant Etched Circuits, Inc.

56-59. Paragraphs 56-59 are not directed to AETC and therefore no answer is required.

### Defendant Fcg, inc. (a/k/a Flexible Circuits, Inc.

60-64. Paragraphs 60-64 are not directed to AETC and therefore no answer is required.

### Defendants Globe Disposal, Inc. and Globe-Wastech, Inc.

65-72. Paragraphs 65-72 are not directed to AETC and therefore no answer is required.

### Defendant Handy & Harmon Tube Company

73-76. Paragraphs 73-76 are not directed to AETC and therefore no answer is required.

### Defendants Knoll International, Inc. and Knoll, Inc.

77-85. Paragraphs 77-85 are not directed to AETC and therefore no answer is required.

906872.01

3

### Defendant Merit Metals Products Corporation

86-92. Paragraphs 86-92 are not directed to AETC and therefore no answer is required.

### Defendant Novartis Corporation

93-97. Paragraphs 93-97 are not directed to AETC and therefore no answer is required.

### Defendant NRM Investment Company

98-102. Paragraphs 98-102 are not directed to AETC and therefore no answer is required.

### Defendant Plymouth Tube Company

103-106. Paragraph 103-106 are not directed to AETC and therefore no answer is required.

### Defendant Quickline Design & Manufacturing, Co.

107-110. Paragraphs 107-110 are not directed to AETC and therefore no answer is required.

### Defendant Rahns Specialty Metals, Inc.

111-114. Paragraphs 111-114 are not directed to AETC and therefore no answer is required.

### Defendant Rohm and Haas Company

115-118. Paragraphs 115-118 are not directed to AETC and therefore no answer is required.

### Defendant Simon Wrecking Co., Inc.

119-122. Paragraphs 119-122 are not directed to AETC and therefore no answer is required.

### Defendant Techally Co., Inc.

123-126. Paragraphs 123-126 are not directed to AETC and therefore no answer is required.

### Defendant Thomas & Betts Corporation

127-132. Paragraphs 127-132 are not directed to AETC and therefore no answer is required.

### Defendant Unisys Corporation

133-138. Paragraphs 133-138 are not directed to AETC and therefore no answer is required.

### Defendant United States of America, Department of Navy

139-142. Paragraphs 139-142 are not directed to AETC and therefore no answer is required.

### COUNT I
### (CERCLA Section 113(f) Contribution)

143.    AETC restates and incorporates by reference as if set forth in full herein its answers to the preceding paragraphs of the Complaint.

144-146. Paragraphs 144-146 of the Complaint contain Plaintiff's conclusions of law, and therefore no answer is required.

147.    AETC denies the allegations of paragraph 147 to the extent that said allegations pertain to AETC.  To the extent that the allegations of Paragraph 147 pertain to parties other than AETC, AETC is without knowledge or information

sufficient to form a belief as to the truth of said allegations.

148.    AETC denies the allegations of paragraph 148 to the extent that said allegations pertain to AETC.   To the extent that the allegations of Paragraph 148 pertain to parties other than AETC, AETC is without knowledge or information sufficient to form a belief as to the truth of said allegations.

149-151. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149-5 of the Complaint.

152.    Paragraph 152 contains Plaintiff's conclusions of law and therefore now answer is required.

### COUNT II
### (CERCLA Section 113(g)(2) Declaratory Judgment)

153. AETC restates and incorporates by reference as if set forth in full herein its answers to the preceding paragraphs of the Complaint.

154-55. Paragraphs 154-55 of the Complaint contain Plaintiff's conclusions of law, and therefore no answer is required.

### COUNT III
### (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

156. AETC restates and incorporates by reference as if set forth in full herein its answers to the preceding paragraphs of the Complaint.

157-165. Paragraphs 157-165 of the Complaint contain Plaintiff's conclusions of law, and therefore no answer is required.

### AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against AETC, in whole or in part, upon which relief may be granted.

2.      Plaintiff, an unincorporated association of five companies, is the improper party to bring CERCLA claims or obtain declaratory judgment.

3.      Plaintiff is not entitled to recover response costs under CERCLA or the Pennsylvania Hazardous Sites Cleanup Act from AETC because Plaintiff has not incurred response costs that exceed its allocable share of such costs under either CERCLA or the Pennsylvania Hazardous Sites Cleanup Act.

4.      If AETC is liable to Plaintiff, which AETC denies, its liability is limited to response costs attributable to the release at the site of materials allegedly brokered by AETC, which costs are divisible from the response costs attributable to materials generated by other parties.

5.      Plaintiff's CERCLA claims against AETC fails because AETC does not fall within any of the four classes of potentially responsible parties under Section 107(a) of CERCLA, 42 U.S.C. §9607(a); specifically, AETC is not an "arranger".

6.      Plaintiff's Pennsylvania Hazardous Sites Cleanup Act claim against AETC fails because AETC does not meet the statutory requirement of liability.

7.      Plaintiff may not recover under CERCLA for costs it has incurred which are not necessary costs or are not consistent with the National Contingency Plan.

8.      Any and all damages allegedly sustained, or to be sustained, by Plaintiff are the result of acts or omissions of third parties with whom AETC had no contractual relationship and over whom AETC had no control.

9.      If AETC is liable to Plaintiff, which AETC denies, its liability is limited to its fair, equitable, and proportionate share of the response costs incurred, taking into account:  (a) the liability and prior and subsequent conduct of the Plaintiff and all other

defendants in the action; and (b) AETC's rights to set-off and or recoupment.

10.    Plaintiff's claims against AETC shall be reduced and/or offset by any settlements entered into by the Plaintiff with any defendant herein.

11.    No acts or omissions of AETC, alone or in combination, have been an actual cause, "but for" cause, contributing cause, or substantial factor in causing the alleged injury and harm complained of by Plaintiff.

12.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory negligence.

13.    Some or all of Plaintiff's claims are barred by the applicable statutory and common law statutes of limitation.

14.    Plaintiff has failed to join necessary parties needed for a just adjudication of the claims asserted in this action, in whose absence complete relief cannot be accorded the existing parties.

15.    Plaintiff's claims are barred, in whole or in part, by reason of the equitable doctrines of laches, waiver, estoppel, and unclean hands.

16.    Plaintiff's claims are barred, in whole or in part, by its failure to properly mitigate damages.

17.    AETC hereby incorporates by reference all affirmative defenses raised by any other defendant to the extent those defenses respond to allegations of the Complaint as addressed to AETC.

18.    AETC reserves the right to assert any affirmative defense that may become available between now and the time that judgment, if any, is rendered in this action.

WHEREFORE, AETC demands judgment, dismissing the Third Amended Complaint and all claims therein with prejudice, to enter judgment against Plaintiff and in favor of AETC, to award AETC its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

## CONTRIBUTION COUNTERCLAIM/CROSS-CLAIMS

Defendant AETC hereby refers to and incorporates herein by reference paragraph 1 of the June 18, 2004 Fifth Case Management Order in the above-captioned, which states that each defendant's answer shall be deemed to raise cross-claims and counterclaims for contribution pursuant to CERCLA and the Pennsylvania Hazardous Site Cleanup Act, and that all such cross-claims and counterclaims shall be deemed denied by each defendant.

WOLFF & SAMSON PC
A Professional Corporation
Attorneys for Defendant,
Advanced Environmental
Technology Corp.

By: _____
THOMAS SABINO (TS-6491)

Dated: July 14, 2004

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that a true and correct copy of the foregoing Answer, Defenses, Counterclaim/Cross-claims was served upon all counsel of record by first class mail, postage prepaid on this 14 day of July, 2004.

_____
THOMAS SABINO