**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION NO. |
| v. | : 02-CV-3830 |
| | : |
| ADVANCED ENVIRONMENTAL | : Judge Legrome D. Davis |
| TECHNOLOGY CORPORATION, ET AL., | : |
| | : |
| Defendants. | : |
| | : |

**FLEXIBLE CIRCUITS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant fcg, inc. t/a Flexible Circuits ("FCG") hereby answers Plaintiff's Third

Amended Complaint ("Complaint") as follows:

**FACTUAL BACKGROUND**

1.    Paragraph 1 of the Complaint purports to describe the legal nature of this action and as

such is denied as a conclusion of law to which no response is required.

2.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the

averments of Paragraph 2 of the Complaint, which are therefore denied.

3.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the

averments in the first sentence of Paragraph 3 of the Complaint, which are therefore denied.

FCG makes no response to the remaining averments set forth in Paragraph 3 of the Complaint, as

those averments state conclusions of law, to which no response is required.

4.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the

averments of Paragraph 4 of the Complaint, which are therefore denied.

5.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Complaint, which are therefore denied.

6.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Complaint, which are therefore denied.

7.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Complaint, which are therefore denied.

8.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Complaint, which are therefore denied.

9.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 9 of the Complaint, which are therefore denied.

10.     FCG admits that the Site was placed on the National Priorities List ("NPL") on March 31, 1989.  The remaining averments of Paragraph 10 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

11.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Complaint, which are therefore denied.

12.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint, which are therefore denied.

13.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 of the Complaint, which are therefore denied.

14.     FCG admits that the United States Environmental Protection Agency ("USEPA") issued a Record of Decision ("ROD") on November 18, 1998.  The remaining averments of Paragraph

14 are denied as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

15.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Complaint, which are therefore denied.

16.     FCG admits that Plaintiff Boarhead Farm Agreement Group is comprised of Agere Systems Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, Inc. and TI Group Automotive Systems LLC.  FCG lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 16 of the Complaint, which are therefore denied.

17.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 of the Complaint, which are therefore denied.

18.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 of the Complaint, which are therefore denied.

19.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint, which are therefore denied.

20.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 of the Complaint, which are therefore denied.

21.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 of the Complaint, which are therefore denied.

22.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 of the Complaint, which are therefore denied.

23.    The averments of Paragraph 23 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

24.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the Complaint, which are therefore denied.

## JURISDICTION AND VENUE

25.    Paragraph 25 of the Complaint purports to describe the legal nature of this action and as such is denied as a conclusion of law to which no response is required.

26.    Admitted.

27.    The averments of Paragraph 27 are denied as conclusion of law to which no response is required.

28.    Admitted in part and denied in part.  Admitted that venue is appropriate because the Site, which is the subject of the action, is located in this District.  The remaining averments of Paragraph 28 are denied, as FCG lacks knowledge or information sufficient to form a belief as to the truth of those averments.

## PARTIES

A.    The Plaintiff

29.    The averments of Paragraph 29 are denied as conclusion of law to which no response is required.

B.    The Defendants

## Defendant Advanced Environmental Technology Corporation

30. – 32.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Ashland Chemical Company

33. – 36.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Boarhead Corporation

37.    FCG makes no answer to the averments and legal conclusions of Paragraph 37 in that same refers to and is directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Carpenter Technology Corporation

38. – 41.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Crown Metro, Inc. and Emhart Industries, Inc.

42. – 51.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Diaz Chemical Corporation

52. – 55.     FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Etched Circuits, Inc.

56.     Except as stated herein, FCG makes no answer to the averments and legal conclusions of Paragraph 56 in that same refer to and are directed to parties other than this defendant.  FCG denies the averments of Paragraph 56.  By way of further answer, FCG states that Etched Circuits, Inc. was a New Jersey corporation with a principal place of business in Cherry Hill, New Jersey.

57-59.     FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant fcg. inc. t/a Flexible Circuits, Inc.

60.     Admitted.

61.     Admitted in part and denied in part.  FCG admits only that at certain times it used DeRewal Chemical to remove copper-containing materials, rinse water, non-contact cooling water and sanitary waste from its facility.  By way of further answer FCG states that the copper-containing materials removed from its facility by DeRewal Chemical were not waste, but were materials sold for resale to other users and for which FCG was paid.  The remaining averments of Paragraph 61 are denied.

62.     FCG denies the averments of Paragraph 62 and strict proof of those averments is demanded at trial.

63.    FCG incorporates herein its response to Paragraph 61.  By way of further answer, the averments of Paragraph 63 are denied as conclusion of law to which no response is required.

64.    Admitted in part and denied in part.  FCG admits that in 1969 it acquired all of the issued and outstanding stock of Etched Circuits.  The remaining averments of Paragraph 64 are denied. By way of further answer, Paragraph 64 contains conclusions of law to which no response is required and are thus denied.

### Defendants Globe Disposal Co., Inc. and Globe-Wastech, Inc.

65. – 72.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendants Knoll International, Inc. and Knoll, Inc.

77. – 85.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Merit Metal Products Corporation

86. – 92.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Novartis Corporation

93. – 97.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant NRM Investment Company

98. – 102.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Plymouth Tube Company

103. – 106.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Quikline Design and Manufacturing Co.

107. – 110.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Rahns Specialty Metals, Inc.

111. – 113.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

## Defendant Rohm and Haas Company

115. – 118.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Simon Wrecking Co., Inc.

119. – 122.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Techalloy Co., Inc.

123. – 126.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Thomas & Betts Corporation

127. – 132.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant Unisys Corporation

133. – 138.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### Defendant United States of America Department of Navy

139. – 142.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

### AS TO COUNT I

### (CERCLA Section 113(f) Contribution)

143.   FCG incorporates by reference its responses to Paragraphs 1 through 142, as if set forth fully herein.

144.   The averments of Paragraph 144 are denied as conclusion of law to which no response is required.

145.   The averments of Paragraph 145 are denied as conclusion of law to which no response is required.

146.   The averments of Paragraph 146 are denied as conclusion of law to which no response is required.

147.   FCG makes no answer to the averments and legal conclusions of Paragraph 147 in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

148.   The averments of Paragraph 148 directed to FCG are denied as conclusions of law to which no response is required.  FCG makes no answer to the remaining averments and legal conclusions of Paragraph 148 in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

149.   The averments of Paragraph 149 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

150.   The averments of Paragraph 150 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.  By way of further response, FCG denies any averment that greater than

110 gallons of liquid or greater than 200 pounds of solid materials from FCG were disposed of at the Site, and strict proof of any such averment is demanded at trial.

151.    FCG makes no answer to the averments and legal conclusions of Paragraph 151 in that same refer to and are directed to parties other than this defendant.

152.    The averments of Paragraph 152 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

## AS TO COUNT II

### (CERCLA Section 113(g)(2) Declaratory Judgment)

153.    FCG incorporates by reference its responses to Paragraphs 1 through 152, as if set forth fully herein.

154.    The averments of Paragraph 154 are denied as conclusion of law to which no response is required.

155.    The averments of Paragraph 155 are denied as conclusion of law to which no response is required.

## AS TO COUNT III

### (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

156.    FCG incorporates by reference its responses to Paragraphs 1 through 155, as if set forth fully herein.

157.    The averments of Paragraph 157 are denied as conclusion of law to which no response is required.

158.    The averments of Paragraph 158 are denied as conclusion of law to which no response is required.

159.    The averments of Paragraph 159 are denied as conclusion of law to which no response is required.

160.    The averments of Paragraph 160 are denied as conclusion of law to which no response is required.

161.    The averments of Paragraph 161 are denied as conclusion of law to which no response is required.

162.    FCG makes no answer to the averments and legal conclusions of Paragraph 162 in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

163.    The averments of Paragraph 163 are denied as conclusion of law to which no response is required.

164.    FCG makes no answer to the averments and legal conclusions of Paragraph 164 in that same refer to and are directed to parties other than this defendant.

165.    The averments of Paragraph 165 are denied as conclusion of law to which no response is required.


In further answer to the Complaint, FCG asserts the following affirmative defenses:

## <u>AFFIRMATIVE DEFENSES</u>


1.    The Complaint fails to state a claim upon which relief may be granted.

2.    This action may be barred in whole or in part by one or more applicable statutes of limitations and/or the doctrine of laches.

3.      The action is barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

4.      This action is barred, in whole or in part, to the extent that Plaintiff seeks recovery from FCG of costs in excess of FCG's equitable share.

5.      The costs incurred or to be incurred by Plaintiff at the Site were not "necessary costs" and are not consistent with the National Contingency Plan within the meaning of Section 107(a) of CERCLA, nor are they reasonable and necessary or appropriate costs consistent with Section 702(a)(3) of HSCA.

6.      Releases and threats of releases at or from the Site, and the damages resulting therefrom, were caused solely by acts and/or omissions of third parties (other than employees or agents of FCG or third parties having a contractual relationship with FCG) and at all times hereto FCG exercised due care with respect to the hazardous substances concerned, taking into consideration the characteristics of such hazardous substances, in light of all relevant facts and circumstances, and FCG took precautions against foreseeable acts and omissions of such third parties and the consequences that could foreseeably result from such acts or omissions.

7.      FCG is not liable for Plaintiff's claims relating to the Site, but in the event it is found liable, FCG may not be held jointly and severally liable because there are distinct harms and/or a single harm for which there exists a reasonable basis for apportionment.

8.      The imposition of liability on FCG would violate FCG's rights to substantive and procedural due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

9.      Plaintiff is not entitled to recover contribution towards oversight costs.

10.     Plaintiff is not entitled to recover contribution towards indirect costs.

11.     Plaintiff has not incurred "response costs" as that term is defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

12.     Plaintiff has not incurred "response costs" or "damages" within the meaning of Sections 701 and 702 of HSCA, 35 P.S. §§6070.701 and 6020.702.

13.     FCG is not liable to Plaintiff because of insufficiency of process and/or insufficiency of service of process.

14.     Plaintiff is to mitigate its damages, if any.

15.     Plaintiff has failed to join a party necessary to complete an equitable adjudication of its claims.

16.     The Plaintiff's claims are barred insofar as FCG did not transport to or arrange for disposal at the Site substances that may be classified as "hazardous" under CERCLA or HSCA.

17.     If  Defendant FCG contributed in any way to the alleged Site contamination (all such allegations being expressly denied), its contribution was *de minimis,* both in absolute terms and relative to § 107(a)(3) of  CERCLA or Sections 701(a)(2) and 702(a)(3) of HSCA because FCG did not arrange for the disposal or treatment of any hazardous substances at the Site.  See Morton International v. A.E. Staley Company, Inc., 343 F.3d 669 (3d Cir. 2003).

18.     Plaintiff's claims are barred because Plaintiff failed to comply with all the statutory and/or regulatory prerequisites necessary to bring an action under CERCLA or HSCA.

19.     If any release or threat of release of a hazardous substance has occurred or is occurring at the Site, the hazardous substance neither was contained in any wastes allegedly attributable to Defendant FCG, nor was the hazardous substance similar to any constituents in wastes allegedly attributable to Defendant FCG.

20.     Plaintiff's claims for recovery of attorneys' fees and EPA oversight costs are barred, in whole or in part, by applicable case law.  See, KeyTronic Corp. v. United States, et al., 511 U.S. 809, 114 S.Ct. 1960 (1994); United States v. Rohm and Haas, 2 F.3d 1265 (3d Cir. 1993).

21.     Plaintiff Boarhead Farm Agreement Group is a substantively improper person or party to assert claims for contribution or declaratory judgment.  All such claims, if any, belong solely to the individual companies that allegedly comprise the Plaintiff, and each such Company must independently prove in this action its entitlement to assert contribution claims, recover an equitable share of response costs, and obtain declaratory relief.

22.     The amount and scope of the Plaintiff's claim against the remaining non-settling defendants, including FCG, should be reduced by the greater of the equitable share of liability of all settling defendants or the dollar amounts obtained by Plaintiff from all settling defendants.

23.     The amount and scope of the Plaintiff's claim against the remaining non-settling defendants, including FCG, should be reduced by at least the equitable share of liability of all liable persons that Plaintiff elected not to sue.

24.     The amount and scope of the Plaintiff's claim against the remaining non-settling defendants, including FCG, should be reduced and/or offset by the dollar amounts of all other recoveries obtained by Plaintiff, including without limitation, all such recoveries obtained from insurers or other  indemnitors of the Plaintiff and/or its member companies.

## RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES

FCG gives notice that it intends to rely upon such affirmative defenses as may appear applicable as a result of discovery proceedings in this case and reserves the right to amend its Answer and Affirmative Defenses.  Further, FCG incorporates by reference all other applicable

defenses set forth in the answers of the other defendants to the Complaint that are not contrary to FCG's interests.

WHEREFORE, FCG having asserted the above defenses and affirmative defenses, respectfully requests that this Court:

a.      Dismiss Plaintiff's Complaint against FCG with prejudice;

b.      Award FCG all costs and any such other relief as the Court shall deem just and proper.

DUANE MORRIS LLP


_____*A. Nicole Friant*_____
Seth v.d.H. Cooley
A. Nicole Friant

One Liberty Place, Suite 4200
Philadelphia, PA 19103
(215) 979-1000

Attorneys for Defendant
FCG , inc. t/a Flexible Circuits

Date:  July 15, 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has this date caused true and correct copies of

the attached Answer and Affirmative Defenses of fcg, inc. t/a Flexible Circuits to the Third

Amended Complaint to be served on all counsel of record via first class mail, postage prepaid,

addressed as follows:

**Counsel for Boarhead Farm Agreement Group**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
  Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

**Counsel for Advanced Environmental Technology**
Thomas Sabino, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)
tsabino@wolffsamson.com

**Counsel for Ashland Chemical Company**
Richard Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)
rbiedrzycki@pp-b.com

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
(212) 756-0215
(888) 325-9169 (Fax)
lwright@ealaw.com

**Counsel for Crown Metro, Inc. and Emhart Industries**
Laura A. Ford, Esquire
Swidler Berlin Shereff Friedman LLP
3000 "K" St., N.W. – Suite 300
Washington, DC  20007
(202) 424-7500
(202) 424-7643 (Fax)
laford@swidlaw.com


**Counsel for Diaz Chemical Corp.**
Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holley, NY 14470-1156
(716) 638-6321
(716) 638-8356 (Fax)
reid@diazche.com

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
Five Becker Farm Road – 3rd Fl.
Roseland, NJ  07068-1739
(973) 994-1700
(973) 994-1744 (Fax)
mflax@carellabyrne.com

**Counsel for Knoll, Inc.**
Richard H. Friedman, Esquire
Scott A. Gould, Esquire
McNees Wallace & Nurick, LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5469
(717) 237-5300 (Fax)
rfriedman@mwn.com

**Counsel for Merit Metals Products Corp.**
Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA  19103-1815
(215) 557-2950
(215) 557-2990/2991

schawaga@monteverde.com

**Counsel for Novartis Corporation**
Michael W. Steinberg, Esquire
Michael Dillon, Esquire
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3000
(202) 739-3001 (Fax)
msteinberg@morganlewis.com

**Counsel for NRM Investment Company**
Edward Fackenthal, Esquire
Henderson, Wetherill, O'Hey & Horshey
P.O. Box 751
Suite 902
One Montgomery Plaza
Norristown, PA  19404
(610) 279-3370
(610) 279-0696 (Fax)
edwardfackenthal@cs.com

**Counsel for Plymouth Tube Company**
Steven J. Lemon, Esquire
Jones, Lemon Graham & Clancy
223 East State Street
P.O. Box 805
Geneva, IL  60134
(630) 208-0805
(630) 208-4651 (Fax)
stevenl@joneslemon.com

**Counsel for Quikline Design & Mfg.**
Sanford F. Schmidt, Esquire
Schmidt & Tomlinson Law Offices
29 Union Street
Medford, NJ  08055
(609) 714-0600
(609) 714-0610 (Fax)
lawschmidt@erols.com

**Counsel for Rohm and Haas Company**
Jennifer Berke Levin, Esquire
Rohm & Haas Co.
100 Independence Mall West
Philadelphia, PA  19106-2399
(215) 592-6838
(215) 592-3227
jlevin@rohmhaas,com

**Counsel for Simon Wrecking Co., Inc.**
Sharon Oras Morgan, Esquire
Mattleman Weinroth & Miller P.C.
401 Route 70 East, Suite 100
Cherry Hill, NJ  08034
(856) 429-5507
(856) 429-9036 (Fax)
smorgan@mwm-law.com

**United States of America, Department of Navy**
D. Judith Keith, Esquire
U.S. Department of Justice
Environmental & Natural Resources
Defense Section
P.O. Box 23986
Washington, DC  20026-3986
(202) 514-3747
(202) 514-8865 (Fax)
judith.keith@usdoj.com


_____*A. Nicole Friant*_____

A. Nicole Friant


Date:  July 15, 2004