IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | CIVIL ACTION |
| | : | NO. 02-3830 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
MERIT METAL PRODUCTS CORP. TO THIRD AMENDED COMPLAINT**

Merit Metal Products Corp. ("Merit Metal"), by its undersigned attorneys, answers and raises affirmative defenses to the Third Amended Complaint ("Complaint") of Plaintiff Boarhead Farm Agreement Group ("Boarhead Group") as follows:

1-24.   Denied for, after reasonable investigation, Merit Metal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of these paragraphs.

25-29.   Denied as conclusions of law to which no responsive pleading is required.

30-85.   Denied for, after reasonable investigation, Merit Metal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of these paragraphs.

86.   Denied as stated, though admitted that a business corporation known as Stefanowicz & Lutz, Inc., which has its principal place of business in Warrington, Pennsylvania, presently does business under the name "Merit Metal Products Corporation."

87.   Denied as stated, though admitted that another Pennsylvania corporation named Merit Metal Products Corporation owned and operated a place of business in Warrington, Pennsylvania from, to the best of Merit Metal's information and belief, 1968 to 1980, at which point

it sold all or part of the business to other owners who operated a business at the same location from, to the best of Merit Metal's information and belief, 1980 to 1988, and who then sold assets of that business to Stefanowicz & Lutz, Inc.

88-90. Denied for, after reasonable investigation, Merit Metal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of these paragraphs with respect to the time period 1968 to 1988.

91. Denied. It is specifically denied that Merit Metal II purchased the assets and business of Merit Metal I in or about July, 1988. By way of further answer, Merit Metal respectfully refers the Court to its answers to paragraphs 86 and 87, above. It is further specifically denied that Merit Metal continued the operation of the business without change from the way the business was operated while the business was owned by previous owners. By way of further answer, Merit Metal avers that the present owners of the Merit Metal Products Corporation business made many changes to the operation, including but not limited to discontinuing all plating operations, obtaining new equipment and installing new processes, developing new and different products and lines of business, changing the marketing practices to eliminate sales representatives, and selling to the residential market to a much greater degree and the marine and governmental markets to a lesser degree, than prior owners of the Merit Metal Products Corporation business.

92. Denied, for the reasons set forth in Merit Metal's answers to paragraphs 86, 87 and 91 above.

93-142. Denied for, after reasonable investigation, Merit Metal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments of these paragraphs.

143-152. Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant Merit Metal demands judgment in its favor and against Boarhead

Farm, together with costs, fees, and such other and further relief as the Court may deem proper.

153–155.   Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant Merit Metal demands judgment in its favor and against Boarhead Farm, together with costs, fees, and such other and further relief as the Court may deem proper.

156-165.   Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant Merit Metal demands judgment in its favor and against Boarhead Farm, together with costs, fees, and such other and further relief as the Court may deem proper.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief against Merit Metal on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of waiver and laches.

### FOURTH AFFIRMATIVE DEFENSE

Boarhead Farm is estopped from bringing the claims it has raised in its Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The acts and omissions of third parties other than Merit Metal, over which Merit Metal had no control, are intervening or superceding causes of the injuries and damages claimed by Boarhead Farm in its Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Boarhead Farm's claim against Merit Metal is limited to Merit Metal's fair and proportionate share of any costs or damages proven by Boarhead Farm, and it cannot recover from Merit Metal more than its fair and proportionate share of such costs or damages.

### SEVENTH AFFIRMATIVE DEFENSE

Merit Metal did not generate, arrange for, transport or otherwise contribute any hazardous substance that was or is present in or contributed to any release or threat of release at the Site.

### EIGHTH AFFIRMATIVE DEFENSE

Merit Metal and/or its current owners are not the successor-in-interest to, and are not otherwise responsible for, the liabilities of the Merit Metal that existed during the time period in which waste was disposed of at the Site, and/or the current Merit Metal's previous owners, for the generation, arrangement, transportation or other contribution of any waste to the Site and/or for any release or threatened release of any hazardous substance from the Site.

### NINTH AFFIRMATIVE DEFENSE

Merit Metal is entitled to an offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, cost, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

If Merit Metal contributed any hazardous substance to the Site, the volume and toxicity of such contribution was de minimis or de micromis, and therefore is insufficient to give rise to any liability on the part of Merit Metal.

### ELEVENTH AFFIRMATIVE DEFENSE

Any recovery by Boarhead Farm against Merit Metal for the claims raised in its complaint is barred by the ability to pay doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

Merit Metal incorporates by reference all other applicable defenses set forth in the answers of other defendants to the Complaint, and also relies upon all defenses that arise during discovery or trial.

WHEREFORE, Defendant Merit Metal demands judgment in its favor and against Boarhead Farm, together with costs, fees, and such other and further relief as the Court may deem proper.

Dated:    July 15, 2004

_____
Stephen P. Chawaga
MONTEVERDE MCALEE & HURD
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA 19103-1815
(215) 557-2900

Attorneys for Defendant
Merit Metal Products Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, : | |
| : | Civil Action No. 02-3850 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ADVANCED ENVIRONMENTAL : | |
| TECHNOLOGY CORP., et al., : | |
| : | |
| Defendants. : | |

### CERTIFICATE OF SERVICE

I, Stephen P. Chawaga, hereby state that on this date I caused to be served a copy of the foregoing Entry of Appearance by first-class mail directed to counsel for the parties listed below:

Glenn A. Harris
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000, Suite 500
Main Street
Voorhees, NJ 08043-4636

Richard Biedrzycki
Phelan Pettit & Biedrzycki
The North American Building, Suite 1600
121 South Broad St.
Philadelphia, PA 19107

Edward Fackenthal
Henderson Weitherill O'Hey & Horsey
902 One Montgomery Plaza
P.O. Box 751
Norristown, PA 19404

Lynn Wright
Edwards & Angell, LLP
750 Lexington Ave.
New York, NY 10022

Thomas Sabino
Wolff & Samson, P.A.
One Boland Drive
West Orange, New Jersey 07052

Melissa Flax
Carella Byrne Gilfillen Cecchi
    Stewart & Olstein
Five Becker Farm Rd.
Roseland, NJ 07068-1739

Steven J. Lemon, Esq.
Jones Lemon Graham & Chaney
28 North Bennett St., Suite A
P.O. Box 805
Geneva, Illinois 60134-0805

Andrew P. Foster, Esq.
Drinker Biddle & Reath
One Logan Square
18th & Cherry Sts.
Philadelphia, PA 19103-6996

A. Nicole Friant
Duane Morris, LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7398

Dated:     July 15, 2004

_____
Stephen P. Chawaga