IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP,<br>Plaintiff,<br><br>-against-<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | CIVIL ACTION NO. -<br>02-CV-3830<br><br><br>**CARPENTER TECHNOLOGY CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO BOARHEAD FARM GROUP'S THIRD AMENDED COMPLAINT AND COUNTERCLAIM** |

**CARPENTER TECHNOLOGY CORPRATION'S ANSWER TO BOARHEAD FARM AGREEMENT GROUP'S THIRD AMENDED COMPLAINT**

Defendant Carpenter Technology Corporation ("Defendant"), by way of answer to the enumerated paragraphs of the Boarhead Farm Group's ("Plaintiff") Third Amended Complaint ("Complaint") says:

1.     The allegations of paragraph 1 state conclusions of law to which no responsive pleading is required and are therefore denied. To the extent that a responsive pleading is required, Paragraph 1 of the Complaint contains allegations characterizing the allegations of the Complaint, and, as a written document, Defendant alleges that the Complaint speaks for itself. By way of further response, Defendant also specifically denies that "Plaintiff,"

named as "Boarhead Farm Agreement Group," and defined in Paragraph 16 of the Third Amended Complaint, as an unincorporated association comprised of five companies, is a substantively proper person or party to assert claims for contribution or declaratory judgment. All such claims, if any, belong solely to the individual companies that allegedly comprise the Plaintiff, and each such Company must independently prove in this action its entitlement to assert contribution claims, recover an equitable share of response costs, and obtain declaratory relief.  For the same reasons, Defendant further denies as substantively improper the Plaintiff's request that the Court equitably allocate response costs and declare rights "as between Plaintiff and Defendants."  Any substantive right to contribution for response costs or declaration of rights belongs solely to the individual companies that allegedly comprise the Plaintiff, and cannot properly be asserted or proven in this action on a generalized "entity" basis.

2-24.    The allegations of paragraphs 2 through 24 of the Complaint are deemed to be denied in that they state conclusions of law to which no answer is required.

25-29.    The allegations of paragraphs 25 through 28, inclusive, of the Complaint are deemed to be denied in that they state conclusions of law to which no answer is required.

30-37.    Paragraphs 30 through 37, inclusive, of the Complaint are not directed at Defendant and therefore no responsive pleading is required.  To the extent that a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 30 through 37 of the Complaint.

38.    Admitted.

39.    Denied in part and admitted in part.  By way of further answer, Defendant denies that its pickle liquor constituted waste, but admits that some of it was removed by DeRewal Chemical.

40. Denied. Carpenter specifically denies that its pickle liquor solution is a waste disposed of at the Site and strict proof thereof is demanded at trial. By way of further answer Defendant avers that its pickle liquor was recycled.

41. Denied. Carpenter denies that its pickle liquor constitutes waste.

42-142. Paragraphs 42 through 142, inclusive, of the Complaint are not directed at Defendant and therefore no responsive pleading is required. To the extent that a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 42 through 142 of the Complaint.

## COUNT I
### (CERCLA section 113(f) Contribution)

143. The responses to paragraphs 1 through 142 are incorporated by reference as if set forth here in full.

144-146. The allegations of paragraphs 144 – 146, inclusive, are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

147-150. Paragraph 147 of the Complaint is not directed at Defendant and therefore, no responsive pleading is required. To the extent that a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint. To the extent that the paragraph constitutes a conclusion of law, the same is denied.

151. The allegations of Paragraph 151 are directed to a party other than defendant and require no response.

152. The allegations of Paragraph 152 constitute conclusions of law to which no response is required and are therefore deemed denied.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiff together with costs, including reasonable attorney fees and such other relief and further relief as the Count shall deem just and proper.

153. The responses to Paragraph 1 through 152 are incorporated by reference as if fully set forth here in full.

154-155. The allegations of Paragraphs 154 through 155, inclusive, are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

156. The responses to Paragraph 1 through 155 are incorporated by reference as if fully set forth here in full.

157-161. The allegations of paragraphs 157 through 161, inclusive, are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

162. Paragraph 162 of the Complaint is not directed at Defendant and therefore, no responsive pleading is required. To the extent that a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint. To the extent that the paragraph constitutes a conclusion of law, the same is denied.

163. The allegations of Paragraph 163 are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

164. Paragraph 164 of the Complaint is not directed at Defendant and therefore, no responsive pleading is required. To the extent that a responsive pleading is required, Defendant

is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint. To the extent that the paragraph constitutes a conclusion of law, the same is denied.

165.    The allegations of paragraph 165 are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiff together with costs, including reasonable attorney fees and such other relief and further relief as the Count shall deem just and proper.

## AFFIRMATIVE DEFENSES

Defendant, without admitting any liability, hereby asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Any and all damages suffered by Plaintiff resulted solely and entirely from the conduct of Plaintiff and/or other individuals or entities over whom Defendant had no control. Defendant exercised no control over such persons and is not liable for any harm to Plaintiff, or any other party, and the acts or omissions of such other persons constitute intervening causes of any harm suffered by Plaintiff, and any other party.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Defendant upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the statutes of limitation applicable to each claim.

**FOURTH AFFIRMATIVE DEFENSE**

Arguendo, but without admission, that plaintiff incurred response costs consistent with the National Contingency Plan and Spill Act, Defendant is not responsible for any unreasonable costs incurred for the remedial actions taken at the Site.

**FIFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel and waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Because the harm, if any, is divisible and there is a reasonable basis for dividing the harm, joint and several liability may not be imposed.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover costs, damages, or other relief for hazardous substances for which Defendant did not make treatment or disposal arrangements or which it did not transport.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action under CERCLA insofar as the costs that have been incurred by Plaintiff or that will be incurred by Plaintiff:  (a) are not response costs within the meaning of CERCLA or the Spill Act or; (b) are not response costs that are consistent with the National Contingency Plan.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred, in whole or in part, by the equitable doctrine of laches because the Plaintiff's Complaint was instituted in an untimely fashion.

**TENTH AFFIRMATIVE DEFENSE**

This court lacks jurisdiction over the subject matter of this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The acts and omissions of persons other than Defendant, over whom Defendant had no control, were intervening or supervening causes of the injuries, costs and damages allegedly incurred by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, the acts or omissions of Defendant, if any, did not proximately cause any of the response costs or damages of which Plaintiff now complains; therefore no liability exists on the part of Defendant for any such response costs or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a party necessary to complete an equitable adjudication of its claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint in this matter fails to set forth with sufficient particularity the nature of alleged damages and response costs suffered by Plaintiff, the date and circumstances in which such damages and response costs first manifested themselves, and the manner in which conduct of Defendant allegedly caused such damages and response costs.

### FIFTEENTH AFFIRMATIVE DEFENSE

Arguendo, but without admission that any hazardous substance for which Defendant may be liable was treated or disposed of at the Site, such are not present in and have not contributed to any release or threat of release at the Site.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without admission that Plaintiff is entitled to any recovery, any such recovery is barred by or must be apportioned under the doctrines of contributory or comparative fault or negligence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff is not entitled to recover from Defendant more than Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred insofar as Defendant did not transport to or arrange for disposal at the site, substances that may be classified as "hazardous" under CERCLA or the Spill Act.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or limited because (1) Defendant exercised due care in transporting any substances that might have been disposed of at the Site; (2) all conditions, injuries, costs, damages and expenses for which Plaintiff seeks to hold Defendant liable were caused solely by the acts or omissions of third parties other than (a) employees or agents of Defendant or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with Defendant; and (3) Defendant took precautions against foreseeable acts and omissions of any such third party and the consequences that foreseeably could result from such acts and omissions.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Plaintiff cannot recover from Defendant more than Defendant's fair, equitable and proportionate share of the costs, damages, expenses, and other relief sought by it.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Plaintiff may not recover from Defendant any amounts that exceed the portion of costs or damages sought that are attributable to any release or threat of release of any hazardous substance allegedly disposed by Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant is entitled to an offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, cost, damages and expenses alleged in the Plaintiff's Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The United States Constitution and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and omissions of Defendant that were in compliance with applicable federal, state and local laws and regulations in effect at the time such acts and omission occurred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff has no legal or equitable basis for seeking to impose joint and several liability upon Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The volume and toxicity of any substance that might have been disposed by Defendant to the Site are <u>de minimis</u> -- both in absolute terms and relative to the contributions of other responsible parties -- and therefore insufficient, as a mater of law and pursuant to the <u>de minimis non curat lex</u> doctrine, to give rise to any liability of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant incorporates by reference all other applicable defenses set forth in the answers of the other defendants to the Plaintiff's Complaint and, further, will rely upon all defenses which become available during discovery or trial.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that costs be awarded against the Plaintiff, and that Defendant be granted such other and further relief as the Court may deem just and proper.

                                        Respectfully submitted,

                                        EDWARDS & ANGELL, LLP

DATED: July 15, 2004            By: <u>/s/Lynn Wright</u>
                                        Lynn Wright, Esq. (LW 3774)
                                        51 John F. Kennedy Parkway
                                        Short Hills, NJ  07078-2701
                                        (973) 376-7700

## CERTIFICATE OF SERVICE

I, Lynn Wright, hereby certify that I am an Attorney admitted to the bar of this court, and on this day a copy of Defendant, Carpenter Technology Corporation's foregoing Answer to the Third Amended Complaint, Affirmative Defenses and Counterclaim was sent by first class mail and e-mail to each of the following:

**Counsel for Boarhead Farm Agreement Group**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

**Counsel for Advanced Environmental Technology**
Thomas Sabino, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)
tsabino@wolffsamson.com

**Counsel for Ashland Chemical Company**
Richard Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)
rbiedrzycki@pp-b.com

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
(212) 756-0215
(888) 325-9169 (Fax)
lwright@ealaw.com

**Counsel for Crown Metro, Inc. and Emhart Industries**
Laura A. Ford, Esquire
Swidler Berlin Shereff Friedman LLP
3000 "K" St., N.W. – Suite 300
Washington, DC  20007
(202) 424-7500
(202) 424-7643 (Fax)
laford@swidlaw.com


**Counsel for Diaz Chemical Corp.**
Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holley, NY 14470-1156
(716) 638-6321
(716) 638-8356 (Fax)
reid@diazche.com

**Counsel for Flexible Circuits**
Seth v.d.H. Cooley, Esquire
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
(215) 979-1000
(215) 979-1020 (Fax)
secoley@duanemorris.com
anfriant@duanemorris.com


**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
Five Becker Farm Road – 3rd Fl.
Roseland, NJ  07068-1739
(973) 994-1700
(973) 994-1744 (Fax)
mflax@carellabyrne.com

**Counsel for Knoll, Inc.**
Richard H. Friedman, Esquire
Scott A. Gould, Esquire
McNees Wallace & Nurick, LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5469

(717) 237-5300 (Fax)
rfriedman@mwn.com

**Counsel for Merit Metals Products Corp.**
Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA  19103-1815
(215) 557-2950
(215) 557-2990/2991
schawaga@monteverde.com

**Counsel for Novartis Corporation**
Michael W. Steinberg, Esquire
Michael Dillon, Esquire
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3000
(202) 739-3001 (Fax)
msteinberg@morganlewis.com

**Counsel for NRM Investment Company**
Edward Fackenthal, Esquire
Henderson, Wetherill, O'Hey & Horshey
P.O. Box 751
Suite 902
One Montgomery Plaza
Norristown, PA  19404
(610) 279-3370
(610) 279-0696 (Fax)
edwardfackenthal@cs.com

**Counsel for Plymouth Tube Company**
Steven J. Lemon, Esquire
Jones, Lemon Graham & Clancy
223 East State Street
P.O. Box 805
Geneva, IL  60134
(630) 208-0805
(630) 208-4651 (Fax)
stevenl@joneslemon.com

**Counsel for Quikline Design & Mfg.**
Sanford F. Schmidt, Esquire
Schmidt & Tomlinson Law Offices
29 Union Street
Medford, NJ  08055
(609) 714-0600
(609) 714-0610 (Fax)
lawschmidt@erols.com

- 14 -

**Counsel for Rohm and Haas Company**
Jennifer Berke Levin, Esquire
Rohm & Haas Co.
100 Independence Mall West
Philadelphia, PA  19106-2399
(215) 592-6838
(215) 592-3227
jlevin@rohmhaas,com

**Counsel for Simon Wrecking Co., Inc.**
Sharon Oras Morgan, Esquire
Mattleman Weinroth & Miller P.C.
401 Route 70 East, Suite 100
Cherry Hill, NJ  08034
(856) 429-5507
(856) 429-9036 (Fax)
smorgan@mwm-law.com

**United States of America, Department of Navy**
D. Judith Keith, Esquire
U.S. Department of Justice
Environmental & Natural Resources
Defense Section
P.O. Box 23986
Washington, DC  20026-3986
(202) 514-3747
(202) 514-8865 (Fax)
judith.keith@usdoj.com

                                                                                            */s/Lynn Wright*
                                                                                              Lynn Wright

Dated:  July 15, 2004