**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-3830 |
| | : | |
| v. | : | (Hon. Legrome D. Davis) |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT ASHLAND INC., DESIGNATED BY PLAINTIFF
AS ASHLAND CHEMICAL COMPANY, TO THIRD AMENDED COMPLAINT**

Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company (hereinafter, "Ashland"), by an through its attorneys, hereby responds to the Third Amended Complaint as follows:

**FACTUAL BACKGROUND**

1.      Admitted in part, denied in part. It is admitted that Plaintiff Boarhead Farm Agreement Group (hereinafter, "BFAG), by the filing of the Complaint and Amended Complaints in this action, seeks contribution from Defendants for response costs that Plaintiff has allegedly incurred and damages that Plaintiff has allegedly suffered as a result of substances released or threatened to be released at the Boarhead Farms Superfund Site, Lonely Cottage Road, Upper Black Eddy, Bridgeton Township, Bucks County, Pennsylvania (hereinafter, "the Site") pursuant to Section 101 (14) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9601 (14), and Section 103 of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.103 and that Plaintiff further seeks a

1

declaratory judgment that Defendants, including Ashland, are liable to Plaintiff for contribution for alleged response costs and damages.  Ashland denies that it is responsible for the release, threatened release or discharge of any Hazardous Substances as defined by Section 101 (14) of CERCLA or Section 103 of HSCA at the Site.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief that the Plaintiff has incurred Response Costs and damages as a result of a release of hazardous substances at the Site, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial.  The remaining averments of paragraph 1 state conclusions of law to which no response is necessary.

2-15.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, wherefore same are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

16.     Admitted in part, denied in part.  It is admitted that the Plaintiff BFAG claims that it is an unincorporated association of Agere Systems Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, Inc. and TI Group Automotive Systems LLC.  It is further admitted that by the filing of the Complaint and the amendments thereto, Plaintiff BFAG seeks contribution from the Defendants.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations that BFAG is an unincorporated association comprised of the members alleged, that the alleged members of BFAG have agreed collectively to undertake the cleanup work comprising OU-1 and OU-2, to otherwise resolve the claims of EPA related to the Site, and that they will reach a final allocation among themselves applicable to all costs associated with group activities, including the costs of cleanup work comprising OU-1 and OU-2, wherefore said allegations are deemed denied and at issue and strict

proof thereof is demanded at the time of trial.

17.    Admitted in part, denied in part.  It is admitted that Cytec Industries Inc., Ford Motor Company and SPS Technologies, Inc. are parties to both an Administrative Order on Consent for Remedial Design, USEPA Docket No. III-2000-002-DC, entered in February 2000 and a Consent Decree entered by this Court on about September 28, 2000 relating to the OU-1, the response action and the future response cost.  The remaining allegations of paragraph 17 state conclusions of law to which no response is necessary.

18.    Denied.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

19.    Denied.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.  Ashland further denies the allegations of paragraph 19 because the OU-1 Group Agreement referenced therein, being in writing, speaks for itself.

20.    Admitted in part, denied in part.  It is admitted that Cyctec Industries Inc., Ford Motor Company, SPS Technologies, Inc., and TI Group Automotive Systems LLC are signatories to an Administrative Order on Consent for Remedial Design, EPA Docket No. III-2001-0010-DC and a Consent Decree entered by this Court on March 14, 2002 relating to OU-2 response activities and reimbursement of past and future response costs.  The remaining allegations of paragraph 20 state conclusions of law to which no response is necessary.  Ashland further denies the allegations of paragraph 20 because the OU-2 AOC and OU-2 Consent Decree, being in writing, speak for

3

themselves.

21.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

22.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

23.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief that Plaintiff has incurred costs and damages, including attorneys fees, in the course of performing the requirements of the OU-1 and OU-2 and Consent Decrees or that Plaintiff has incurred Response Costs because of releases or threatened releases of Hazardous Substances at or from the Site, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.  The remaining allegations of paragraph 23 state conclusions of law to which no response is necessary.

24.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

## JURISDICTION AND VENUE

25.    Paragraph 25 states a conclusion of law to which no response is necessary.

26.    Paragraph 26 states a conclusion of law to which no response is necessary.

27.    Paragraph 27 states a conclusion of law to which no response is necessary.

28.    Paragraph 28 states a conclusion of law to which no response is necessary.

## PARTIES

1.    The Plaintiff

29.    Paragraph 29 states a conclusion of law to which no response is necessary.

2.    The Defendants

30.    Admitted.

31.    Denied. It is denied that any Hazardous Substances from Ashland was disposed of at the Site through an arrangement between AETC and DeRewel Chemical or otherwise. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

32.    Denied. It is denied that AETC transported Hazardous Substances from Ashland to the Site and that AETC selected the Site for such purpose as alleged. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

33.    Denied. Ashland's principal place of business is located in Covington, Kentucky.

34.    Denied. As Plaintiff has not identified the specific Pennsylvania facility referred to or the time period to which Plaintiff's allegations relate, Ashland is without information sufficient to enable it to investigate and form a belief as to the truth of the allegations set forth in this paragraph, wherefore said allegations are deemed denied and at issue and strict proof thereof is

demanded at the time of trial.  By way of further response, Ashland specifically denies that it used AETC and DeRewal Chemical to remove wastes from a Pennsylvania facility of Ashland during any time period relevant to Plaintiff's civil action for the transportation to or disposal of wastes at the Site.

35-36.  Denied.

37-142.  The allegations of these paragraphs are directed toward other Defendants in this case.  Accordingly, no response by Ashland is necessary.  To the extent that specific responses to the allegations of these paragraphs may be required, after reasonable investigation, Ashland is without information or knowledge sufficient to enable it to investigate and form a belief as to the truth of the allegations set forth in this paragraph, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

## COUNT I

### (CERCLA Section 113(f) Contribution)

143.  Ashland incorporates by reference its above responses to paragraphs 1-142 of the Third Amended Complaint.

144.  Paragraph 144 states a conclusion of law to which no response is necessary.

145.  Paragraph 145 states a conclusion of law to which no response is necessary.

146.  Paragraph 146 states a conclusion of law to which no response is necessary.

147.  Denied.   It is denied that Defendants Advanced Environmental Technology Corporation, Globe Disposal Co., Inc. and Globe-Wastech, Inc. (the "Transporter Defendants") accepted any Hazardous Substances from Ashland for transport to the Site.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth

the remaining factual allegations of paragraph 147, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 147 state conclusions of law to which no response is necessary.

148.    Denied. It is denied that Ashland, by contract, agreement or otherwise, arranged for disposal, treatment or transport of any Hazardous Substances to the Site or owned or possessed any Hazardous Substances that were transported to the Site. The remaining allegations of paragraph 148 state conclusions of law to which no response is necessary.

149.    Denied. It is denied that Ashland arranged for disposal, treatment or transport of any Hazardous Substances to the Site or owned or possessed any Hazardous Substances that were transported to the Site. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegation that the total amount of wastes transported to the Site by each of the Transporter Defendants was greater than 110 gallons of liquid or greater than 200 pounds of solid materials, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegation of paragraph 149 states a conclusion of law to which no response is necessary.

150.    Denied. It is denied that Ashland arranged for disposal, treatment or transport of any Hazardous Substances to the Site or owned or possessed any Hazardous Substances that were transported to the Site. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the disposal of wastes at the Site, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegation of paragraph 150 states a conclusion of law to which no response is necessary.

151.    Admitted in part, denied in part.  It is admitted, upon information and belief, that Boarhead Corporation is the current owner of the Site and was the owner and operator of the Site at the time of any disposal of alleged Hazardous Substances thereat.  The remaining allegation of paragraph 151 states a conclusion of law to which no response is necessary.

152.    Paragraph 152 states a conclusion of law to which no response in necessary.  To the extent that a further response may be required, Ashland specifically denies that it is liable to Plaintiff for contribution or an allocation of Response Costs incurred or to be incurred by Plaintiff in connection with the Site.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiff and each member thereof as follows:

(a)    dismissing, with prejudice, Plaintiff's claims against Ashland Inc.;

(b)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable for contribution to the Plaintiff for any Response Costs or damages under Sections 107(a) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f)(1), or otherwise;

(c)    adjudging, decreeing and declaring that Defendant Ashland Inc. is not responsible for any Response Costs and/or Future Response Costs that were or may be incurred by the Plaintiff pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), or otherwise;

(d)    ordering Plaintiff to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against Plaintiff's claims in this action, including reasonable attorney's fees; and

(e)    granting Defendant Ashland Inc. such other and further relief as the Court may deem just and proper.

## COUNT II

### (CERCLA Section 113(g)(2) Declaratory Judgment)

153.    Ashland incorporates by reference its above responses to paragraphs 1-152 of the Third Amended Complaint.

154.    Admitted.

155.    Admitted in part, denied in part.  It is admitted only that Plaintiff requests the entry of a declaratory judgment holding Ashland and other Defendants liable for certain costs pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2).  The remaining allegation of paragraph 155 states a conclusion of law to which no response is necessary.  By way of further response, Ashland denies that it is liable to Plaintiff for any such costs.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiff and each member thereof and that Plaintiff's claims against it be dismissed, with prejudice, and further requests that the Court enter a declaratory judgment on liability pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) in favor of Defendant Ashland Inc. adjudging, decreeing and declaring that Ashland Inc. is not liable to Plaintiff for any Response Costs and/or Future Response Costs or damages that Plaintiff has or may suffer at or with respect to the Site, and that such judgment be declared binding in any subsequent action(s) by Plaintiff or a Defendant to recover Future Response Costs or damages.

## COUNT III

### (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

156.    Ashland incorporates by reference its above responses to paragraphs 1-155 of the Third Amended Complaint.

9

157.    Paragraph 157 states a conclusion of law to which no response is necessary.

158.    Paragraph 158 states a conclusion of law to which no response is necessary.

159.    Paragraph 159 states a conclusion of law to which no response is necessary.

160.    Denied. It is denied that Ashland allowed a release of any substance thereby causing a public nuisance. The remaining allegation of paragraph 160 states a conclusion of law to which no response is necessary.

161.    Denied. After reasonable investigation, Ashland is without knowledge or information sufficient to for a belief as to the truth of the allegation that Plaintiff has incurred costs in responding to a release or threatened release of Hazardous Substances at the Site, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegation of paragraph 161 states a conclusion of law to which no response is necessary.

162.    Denied. Ashland denies that the Transporter Defendants accepted any Hazardous Substance from Ashland for transport to the Site. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of paragraph 162, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegation of paragraph 162 states a conclusion of law to which no response is necessary.

163.    Denied. It is denied that the Generator/Arranger Defendants arranged for the disposal, treatment or transport to the Site of any Hazardous Substance owned or possessed by Ashland. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of paragraph 162, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

10

The remaining allegation of paragraph 163 states a conclusion of law to which no response is necessary.

164.    Admitted in part, denied in part.  It is admitted that Defendant Boarhead Corporation owns, owned and/or operated the Site at the time any Hazardous Substances were placed or came to be located on the Site and is liable to Plaintiff therefor in the event any Defendant is liable to Plaintiff therefor.   The remaining allegation of paragraph 163 states a conclusion of law to which no response is necessary.

165.    Paragraph 165 states a conclusion of law to which no response is necessary.  To the extent that a further response may be required, Ashland specifically denies that it is liable to Plaintiff for contribution or an allocation of Response Costs incurred or to be incurred by Plaintiff in connection with the Site.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiff and each member thereof as follows:

(a)    dismissing, with prejudice, Plaintiff's claims against Ashland Inc.;

(b)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable for contribution to Plaintiff for any Response Costs incurred to date and/or Future Response Costs pursuant to Section 702(a)(3) of HSCA, 35 PA. CONS. STAT. § 6020.702(a)(3), or otherwise;

(c)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not responsible for any Response Costs and/or Future Responses Costs that were or may be incurred by Plaintiff;

(d)    adjudging, decreeing, and declaring that Defendant Ashland Inc. shall not provide contribution to Plaintiff for Response Costs related to the Site incurred to date or for Future

Response Costs related to the Site under Section 702(b) of HSCA, 35 PA. CONS. STAT. § 6020.702(b), or otherwise;

(e)    ordering Plaintiff to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against Plaintiff's claims in this action, including reasonable attorney's fees; and

(f)    Granting Defendant Ashland Inc. such other and further relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

Ashland is not a person who is liable or potentially liable under Sections 107(a) of CERCLA, 42 U.S.C. 9607(a), or Section 103 of HSCA, 35 Pa.Cons.Stat. § 6010.103 and, therefore, is not a person from which Plaintiff may seek contribution under Section 9613(f) of CERCLA, 42 U.S.C. § 9613(f), or Sections 701, 702(a)(3) and 1101 of HSCA, 35 Pa.Cons.Stat. §§ 6020.701, 6020.702(a)(b) and 6020.110.

## SECOND AFFIRMATIVE DEFENSE

No Hazardous Substance as defined under Section 9601(14) of CERCLA or Section 103 of HSCA owned or possessed by Ashland was taken to or released at the Boarhead Site.

## THIRD AFFIRMATIVE DEFENSE

No Hazardous Substance as defined under Section 9601(14) of CERCLA owned or possessed by Ashland was released or is threatened to be released at the Boarhead Site within the meaning of Section 9601(22) of CERCLA or Section 103 of HSCA.

12

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Third Amended Complaint fails to set forth a claim upon which relief can be granted against Ashland.

## FIFTH AFFIRMATIVE DEFENSE

Ashland's conduct was not the proximate cause of any release or threatened release of a Hazardous Substance from the Site.

## SIXTH AFFIRMATIVE DEFENSE

Ashland is not liable to the Plaintiff for any and all claimed damages.

## SEVENTH AFFIRMATIVE DEFENSE

Actual or threatened releases of Hazardous Substances as alleged in the Complaint, if any, were caused solely by the acts or omissions of third parties who are not employees or agents of Ashland and whose acts or omissions did not occur in connection with a contractual relationship existing directly or indirectly with Ashland.

## EIGHTH AFFIRMATIVE DEFENSE

The conditions alleged by Plaintiff, if true, were the result of superseding or intervening acts and/or omissions on the part of third parties over whom Ashland did not exercise any direction or control, and, at all times relevant, Ashland has exercised due care and taken all reasonable precautions against such acts and/or omissions and their reasonably foreseeable consequences.

## NINTH AFFIRMATIVE DEFENSE

Ashland did not own or possess any materials that were transported to or disposed at the Site.

### TENTH AFFIRMATIVE DEFENSE

Ashland had no control over the means by which any materials were transported to or disposed at the Site.

### ELEVENTH AFFIRMATIVE DEFENSE

Ashland had no knowledge that any materials were transported to or disposed at the Site.

### TWELFTH AFFIRMATIVE DEFENSE

Ashland did not arrange for disposal or treatment of solvents or any other materials at the Site.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times Ashland acted with due care and followed state-of-the-art procedures in the handling and disposal of its waste hazardous materials, complied with all statutory and regulatory requirements, and otherwise conducted itself as a reasonable person under the circumstances.  In addition, Ashland was unaware of deficiencies, if any, in the manner in which Defendants Boarhead Corporation and/or DeRewal Chemical Company, Inc. operated the Site.

### FOURTEENTH AFFIRMATIVE DEFENSE

In the event that materials produced by Ashland were transported to or disposed at the Site, some or all of said materials were useful materials sold by Ashland to be processed and not for disposal.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Response Costs allegedly incurred by Plaintiff are not reasonable, necessary or appropriate costs as defined by Section 101(25) of CERCLA and within the meaning of Section 107(a) of CERCLA and Section 702(a)(3) of HSCA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Members of the Plaintiff Association are generators of Hazardous Substances who, from time to time, contracted, agreed, or otherwise arranged to have Defendants Boarhead Corporation and DeRewal Chemical Company recycle, treat and/or dispose of such substances at the Site as alleged in the Complaint. As such, members of Plaintiff Association have caused and/or contributed to any and all releases or threatened releases at the Site, are responsible for the conditions of which Plaintiff complains, and are liable, in whole or in part, for the costs and damages they seek to recover in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by application of the doctrine of res judicata and/or the doctrine of collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Members of the Plaintiff Association are generators of Hazardous Substances who, from time to time, contracted, agreed, or otherwise arranged to have Defendants Boarhead Corporation or DeRewal Chemical Company recycle, treat and/or dispose of such substances at the Site as alleged in the Complaint. As such, members of Plaintiff Association have caused and/or contributed to any and all releases or threatened releases at the Site, are responsible for the conditions of which Plaintiff complains, and lack the clean hands necessary to assert such claims to the extent they arise under equitable principles. Therefore, Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred in whole or in part by the equitable doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred in whole or in part by the equitable doctrine of waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Joint liability is not provided for by law or for the claims alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Response Costs allegedly incurred by Plaintiff have not been approved under, and are inconsistent with, the National Contingency Plan, as evidenced by the United States Environmental Protection Agency's Record of Decision for the Site. By reason of the foregoing, Plaintiff is not entitled to recover from Ashland Response Costs or any other relief requested in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, minimize, or avoid any damages it allegedly sustained and any recovery against Ashland must be eliminated or reduced by that amount.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Ashland cannot be liable for any Response Costs incurred or to be incurred by Plaintiff that were not caused by or contributed to by any Hazardous wastes of Ashland.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any liability for Response Costs that may be found against Ashland must be reduced and/or offset by an amount representing the allocable share(s) of such costs attributable to the other Defendants and the Plaintiff in this action, including, but not limited to, (a) any amounts which may actually be paid by any party, person or entity for any of the injuries, costs, damages and expenses alleged in this action; (b) any amounts stipulated or agreed to under any settlement, or any release or covenant not to sue  any person or entity for any of the injuries, costs, damages and expenses

16

alleged in this action; (c) the equitable share of liability of any person or entity that receives any release from liability or covenant not to sue or enter into any settlement with response to the injuries, costs, damages and expenses alleged in this action; (d) the equitable share of liability of any person or entity who is responsible for any of the injures, costs, damage and expenses alleged in this action but is unable to pay its fair share due to insolvency or any other reason; and/or (e) the equitable share of liability of any person or entity who is responsible for any of the injuries, costs, damages and expenses alleged in this action but is not named as a defendant in the case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Ashland denies that it is responsible for any response, removal or remediation cost arising out of the Site.  However, if Ashland is held liable, then its liability should be limited to its fair, equitable proportionate share of costs, harm or damage, taking into account, _inter alia_, equitable principles, plaintiffs, site owners (and/or their predecessors) in operating the Site, the percentage of total volume of hazardous substances at the Site that was contributed by all persons, the hazardous substances contributed by the plaintiffs and their employees and agents, the liability of those transporters that may have hauled waste to the Site, and the contribution and/or negligence of all other persons and entities to the alleged release or threatened release of hazardous substances.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failures of the Plaintiff Association members to pay or to agree to pay more than their fair shares of any Response Costs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Ashland's share of any liability to Plaintiff, taking into account the volume of waste transported to and disposed of at the Site by others and all relevant equitable factors, can be no more than a de minimis share.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited, in whole or in part, by Plaintiff's failure to join parties necessary and indispensable to the completion of an equitable adjudication of Plaintiff's claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited, in whole or in part, insofar as and to the extent that Plaintiff seeks to recover costs, damages, expenses and any other type of relief incurred before the effective dates of CERCLA and HSCA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Ashland reserves its right to assert additional affirmative defenses upon completion of discovery.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Ashland incorporates by reference any additional affirmative defenses pleaded by any other Defendants to the extent such affirmative defenses operate as a complete or partial bar to any liability on the part of Ashland.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiff and each member thereof as follows:

        (a)      dismissing, with prejudice, Plaintiff's claims against Ashland Inc.;

        (b)      adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable

for contribution to the Plaintiff for any Response Costs, Future Response Costs and/or damages pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), Section 702(a)(3) of HSCA, 35 PA.CONS.STAT. § 6020.702(a)(3) and Section 702(b) of HSCA, 35 PA. CONS. STAT. § 6020.702(b), or otherwise;

       (c)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not responsible for any Response Costs and/or Future Responses Costs that were or may be incurred by Plaintiff under Section 113 (f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), or otherwise;

       (d)    ordering Plaintiff to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against Plaintiff's claims in this action, including reasonable attorney's fees; and

       (e)    granting Defendant Ashland Inc. such other and further relief as the Court may deem just and proper.

 

RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Ashland Inc., designated by Plaintiff as Ashland Chemical Company

Date:    July 15, 2004

## CERTIFICATE OF SERVICE

I, Richard C. Biedrzycki, Esquire, hereby certify that on this 15th of July, 2004, I caused a true and correct copy of the foregoing Answer of Defendant Ashland Inc., Designated by Plaintiff as Ashland Chemical Company, to Third Amended Complaint to be served by e-mail, on all counsel of record addressed as follows:

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636
e-mail:  harrisg@ballardspahr.com

*- and -*

Monique M. Mooney, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103
e-mail:  mooney@ballardspahr.com
*Counsel for Plaintiff*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
280 Corporate Center
5 Becker Farm Road
Roseland, New Jersey  07068-1776
e-mail:  tsabino@wolffsamson.com
*Advanced Environmental Technology Corp.*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
        Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey  07068-1739
e-mail:  mflax@carellabyrne.com
*Handy & Harman Tube Company*

Lynn Wright, Esquire
Edwards & Angell, LLP
750 Lexington Avenue
New York, New York  10022-1200
e-mail:  lwright@ealaw.com
*Carpenter Technology Corporation*

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
e-mail:  scooley@duanemorris.com
*Flexible Circuits & Etched Circuits*

Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
e-mail:  schawaga@monteverde.com
*Merit Metals Products Corp.*

Steven J. Lemon, Esquire
Jones, Lemon, Graham & Chaney
223 East State Street
Geneva, IL  60134
e-mail:  StevenL@joneslemon.com
*Plymouth Tube Company*

Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
e-mail:  Andrew.foster@dbr.com
*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*
*Unisys Corporation*

Edward Fackenthal, Esquire
Henderson, Weitherill, O'Hey & Horsey
Suite 902 - One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
e-mail:  edwardfackenthal@cs.com
*NRM Investment Co.*

Richard Friedman, Esquire
McNees, Wallace & Nurick, LLC
P.O. Box 1166
100 Pine Street
Harrisburg, PA  17108-1166
Phone:  717-237-5469
Fax:  717-237-5300
e-mail:  rfriedman@mwn.com
*Knoll Inc.*

Jennifer Berke Levin, Esquire
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2349
e-mail:  jlevin@rohmhaas.com
*Rohm and Haas Company*

Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holly, NY 14470-1156
e-mail:  reid@diazche.com
*Diaz Chemical Corp.*

Jerome C. Muys, Jr., Esquire
Laura A. Ford, Esquire
Swidler Berlin Shereff Friedman LLP
3000 K Street, N.W., Suite 300
Washington, DC 20007
e-mail:  jcmuys@swidlaw.com
*Emhart Corporation*

Harry C. Barbin, Esquire
Barbin & O'Connell
608 Huntington Pike
Rockledge, PA 19046-4490
e-mail:  hcb@barbin-oconnell.com
*Etched Circuits, Inc. & Fcg, Inc.*

Michael W. Steinberg, Esquire
Michael Dillon, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
e-mail:  msteinberg@morganlewis.com
*Novartis Corp*

Sanford F. Schmidt, Esquire
Law Offices of Schmidt & Tomlinson
29 Union Street
Medford, NJ 08055
e-mail:  lawschmidt@erols.com
*Quickline Design*

Sharon Oras Morgan, Esquire
Mattlemen Weinroth & Miller
Land Title Building, Suite 2226
Board & Chestnut Streets
Philadelphia, PA 19110
e-mail:  smorgan@mwm-law.com
*Simon Wrecking Co., Inc.*

Judith Keith, Esquire
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
e-mail: judith.keith@usdoj.com
*United States of America, Department of Navy*


_____

RICHARD C. BIEDRZYCKI


Date:   July 15, 2004