**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 02-cv-3830 (LDD) |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**HANDY & HARMAN TUBE COMPANY'S
ANSWER TO THIRD AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, Handy & Harman Tube Company ("Handy & Harman"), by way of answer to the Third Amended Complaint responds as follows:

**AS TO THE FACTUAL BACKGROUND**

1.    Handy & Harman admits that paragraph 1 of the Third Amended Complaint asserts that plaintiff seeks contribution and a declaratory judgment but denies that plaintiff is entitled to any such relief.

2.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third Amended Complaint.

3.    Handy & Harman denies the allegations contained in paragraph 3 of the Third Amended Complaint except admits that Boarhead Corporation purchased the property which is the subject of this litigation in 1969.

4.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third Amended Complaint.

5.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third Amended Complaint.

6.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third Amended Complaint.

7.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third Amended Complaint.

8.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third Amended Complaint.

9.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third Amended Complaint.

10.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third Amended Complaint.

11.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third Amended Complaint.

12.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third Amended Complaint.

13.      Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third Amended Complaint.

14.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third Amended Complaint.

15.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third Amended Complaint.

16.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third Amended Complaint except admits that plaintiff is an unincorporated association consisting of Agere Systems, Inc,, Cytec Industries, Inc., Ford Motor Company, SPS Technologies, Inc. and TI Group Automotive Systems LLC.

17.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third Amended Complaint.

18.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third Amended Complaint.

19.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third Amended Complaint.

20.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third Amended Complaint.

21.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third Amended Complaint.

22.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third Amended Complaint.

23.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third Amended Complaint.

24.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third Amended Complaint.

## AS TO JURISDICTION AND VENUE

25.    Handy & Harman admits the allegations contained in paragraph 25 of the Third Amended Complaint.

26.    Handy & Harman admits the allegations contained in paragraph 26 of the Third Amended Complaint.

27.    Paragraph 27 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 27.

28.    Paragraph 28 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 28.

## AS TO THE PARTIES

29.    Handy & Harman admits the allegations contained in paragraph 29 of the Third Amended Complaint.

30.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third Amended Complaint.

31.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third Amended Complaint.

32.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third Amended Complaint.

33.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Third Amended Complaint.

34.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third Amended Complaint.

35.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Third Amended Complaint.

36.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third Amended Complaint.

37.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Third Amended Complaint.

38.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third Amended Complaint.

39.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Third Amended Complaint.

40.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third Amended Complaint.

41.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Third Amended Complaint.

42.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Third Amended Complaint.

43.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Third Amended Complaint.

44.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Third Amended Complaint.

45.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Third Amended Complaint.

46.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Third Amended Complaint.

47.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Third Amended Complaint.

48.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Third Amended Complaint.

49.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Third Amended Complaint.

50.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Third Amended Complaint.

51.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Third Amended Complaint.

52.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Third Amended Complaint.

53.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Third Amended Complaint.

54.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Third Amended Complaint.

55.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Third Amended Complaint.

56.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Third Amended Complaint.

57.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Third Amended Complaint.

58.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Third Amended Complaint.

59.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Third Amended Complaint.

60.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Third Amended Complaint.

61.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Third Amended Complaint.

62.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Third Amended Complaint.

63.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Third Amended Complaint.

64.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Third Amended Complaint.

65.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Third Amended Complaint.

66.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Third Amended Complaint.

67.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Third Amended Complaint.

68.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Third Amended Complaint.

69.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Third Amended Complaint.

70.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Third Amended Complaint.

71.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Third Amended Complaint.

72.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Third Amended Complaint.

73.     Handy & Harman admits the allegations contained in paragraph 73 of the Third Amended Complaint.

74.     Handy & Harman denies the allegations contained in paragraph 74 of the Third Amended Complaint.

75.     Handy & Harman denies the allegations contained in paragraph 75 of the Third Amended Complaint.

76.     Handy & Harman denies the allegations contained in paragraph 76 of the Third Amended Complaint.

77.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Third Amended Complaint.

78.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Third Amended Complaint.

79.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Third Amended Complaint.

80.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Third Amended Complaint.

81.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Third Amended Complaint.

82.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Third Amended Complaint.

83.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Third Amended Complaint.

84.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Third Amended Complaint.

85.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Third Amended Complaint.

86.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Third Amended Complaint.

87.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Third Amended Complaint.

88.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Third Amended Complaint.

89.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Third Amended Complaint.

90.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Third Amended Complaint.

91.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Third Amended Complaint.

92.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Third Amended Complaint.

93.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Third Amended Complaint.

94.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Third Amended Complaint.

95.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Third Amended Complaint.

96.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Third Amended Complaint.

97.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Third Amended Complaint.

98.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Third Amended Complaint.

99.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Third Amended Complaint.

100.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Third Amended Complaint.

101.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Third Amended Complaint.

102.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Third Amended Complaint.

103.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Third Amended Complaint.

104.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Third Amended Complaint.

105.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Third Amended Complaint.

106.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Third Amended Complaint.

107.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Third Amended Complaint.

108.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Third Amended Complaint.

109.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Third Amended Complaint.

110.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Third Amended Complaint.

111.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Third Amended Complaint.

112.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Third Amended Complaint.

113.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Third Amended Complaint.

114.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Third Amended Complaint.

115.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Third Amended Complaint.

116.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Third Amended Complaint.

117.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Third Amended Complaint.

118.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Third Amended Complaint.

119.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Third Amended Complaint.

120.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Third Amended Complaint.

121.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Third Amended Complaint.

122.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Third Amended Complaint.

123.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Third Amended Complaint.

124.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Third Amended Complaint.

125.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Third Amended Complaint.

126.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Third Amended Complaint.

127.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Third Amended Complaint.

128.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Third Amended Complaint.

129.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Third Amended Complaint.

130.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Third Amended Complaint.

131.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Third Amended Complaint.

132.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Third Amended Complaint.

133.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Third Amended Complaint.

134.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Third Amended Complaint.

135.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Third Amended Complaint.

136.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Third Amended Complaint.

137.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Third Amended Complaint.

138.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Third Amended Complaint.

139.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Third Amended Complaint.

140.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Third Amended Complaint.

141.     Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Third Amended Complaint.

142.    Handy & Harman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Third Amended Complaint.

**AS TO COUNT I**
**(CERCLA Section 113(f) Contribution)**

143.    Handy & Harman repeats and reiterates its responses to paragraphs 1 through 142 of the Third Amended Complaint as if set forth at length herein.

144.    Paragraph 144 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 144.

145.    Paragraph 145 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 145.

146.    Paragraph 146 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 146.

147.    Paragraph 147 of the Third Amended Complaint is not directed to Handy & Harman and therefore no response is required.  Paragraph 147 of the Third Amended Complaint calls for a legal conclusion to which no response is required.

148.    Paragraph 148 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 148.

149.     Paragraph 149 of the Third Amended Complaint is not directed to Handy & Harman and therefore no response is required.  To the extent that any response is required, Handy & Harman denies the allegations contained in paragraph 149.

150.     Handy & Harman denies the allegations contained in paragraph 150 of the Third Amended Complaint.

151.     Paragraph 151 of the Third Amended Complaint is not directed to Handy & Harman and therefore no response is required.  Paragraph 151 also calls for a legal conclusion. To the extent that any response is required, Handy & Harman denies the allegations contained in paragraph 151.

152.     Paragraph 152 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 152.

WHEREFORE, Handy & Harman demands judgment against plaintiff as follows:

    (a)     Dismissing Count I with prejudice;

    (b)     Awarding Handy & Harman attorneys' fees;

    (c)     Awarding Handy & Harman costs;

    (d)     Providing for such other relief as the court deems equitable and just.

## AS TO COUNT II
### (CERCLA Section 113(g)(2) Declaratory Judgment)

153.     Handy & Harman repeats and reiterates its responses to paragraphs 1 through 152 of the Third Amended Complaint as if set forth at length herein.

154.     Handy & Harman denies the allegations contained in paragraph 154 of the Third Amended Complaint.

155.    Paragraph 155 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 155.

WHEREFORE, Handy & Harman demands judgment against plaintiff as follows:

(a)    Dismissing Count II with prejudice;

(b)    Awarding Handy & Harman attorneys' fees;

(c)    Awarding Handy & Harman costs;

(d)    Providing for such other relief as the court deems equitable and just.

## AS TO COUNT III
### (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

156.    Handy & Harman repeats and reiterates its responses to paragraphs 1 through 155 of the Third Amended Complaint as if set forth at length herein.

157.    Paragraph 157 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 157.

158.    Paragraph 158 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 158.

159.    Paragraph 159 of the Third Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 159.

160.     Paragraph 160 of the Third Amended Complaint calls for a legal conclusion to which no response is required. To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 160.

161.     Paragraph 161 of the Third Amended Complaint calls for a legal conclusion to which no response is required. To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 161.

162.     Paragraph 162 of the Third Amended Complaint is not directed to Handy & Harman and therefore no response is required. Paragraph 162 of the Third Amended Complaint calls for a legal conclusion to which no response is required. To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 162.

163.     Paragraph 163 of the Third Amended Complaint calls for a legal conclusion to which no response is required. To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 163.

164.     Paragraph 164 of the Third Amended Complaint is not directed to Handy & Harman and therefore no response is required. Paragraph 164 of the Third Amended Complaint calls for a legal conclusion to which no response is required. To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 164.

165.     Paragraph 165 of the Third Amended Complaint calls for a legal conclusion to which no response is required. To the extent any response is required, Handy & Harman denies the allegations contained in paragraph 165.

WHEREFORE, Handy & Harman demands judgment against plaintiff as follows:

(a)      Dismissing Count III with prejudice;

(b)     Awarding Handy & Harman attorneys' fees;

(c)     Awarding Handy & Harman costs;

(d)     Providing for such other relief as the court deems equitable and just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Third Amended Complaint fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, statutes of repose and/or the doctrine of laches.

### Third Affirmative Defense

Handy & Harman qualifies for one or more of the defenses to liability set forth in CERCLA, the Pennsylvania Hazardous Sites Cleanup Act and/or other applicable federal and state laws and regulations.

### Fourth Affirmative Defense

Any harm caused by the releases and/or discharges of hazardous substances at or from the site is divisible, in whole or in part.

### Fifth Affirmative Defense

No act or omission of Handy & Harman was the actual, proximate or legal cause of any harm, damage or cost alleged by plaintiff.

## Sixth Affirmative Defense

While denying it is responsible for any of the response costs and other costs incurred at the Site, Handy & Harman's equitable share of the response costs and other costs incurred at the site is zero.

## Seventh Affirmative Defense

Plaintiff has not incurred any costs that are recoverable under CERCLA or the Pennsylvania Hazardous Sites Cleanup Act. Any costs incurred by plaintiff were unreasonable, duplicative, wasteful, inconsistent with the National Contingency Plan and/or not authorized or approved by the EPA.

## Eighth Affirmative Defense

Plaintiff's costs and damages, if any, are the result of actions of third parties over whom Handy & Harman does not have control.

## Ninth Affirmative Defense

Plaintiff's claims are barred, or recovery from Handy & Harman must be reduced or eliminated, under general equitable principles, including the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

## Tenth Affirmative Defense

Handy & Harman's contribution to the alleged harm at issue, if any, was *de minimus*.

## Eleventh Affirmative Defense

Plaintiff failed to mitigate its costs or damages, if any.

## Twelfth Affirmative Defense

Without admitting liability, in the event Handy & Harman is held liable or responsible for any acts alleged in the Third Amended Complaint, Handy & Harman's liability should be

proportionately limited to its contribution to the alleged release, discharge, harm and/or hazard, taking into account the contribution and/or negligence of all other persons including plaintiff and its members and/or other third parties who contributed to or are responsible for the alleged release, discharge, harm and/or hazard.

### Thirteenth Affirmative Defense

Plaintiff cannot recover any of its costs at the site because it failed to comply with all statutory and/or regulatory conditions precedent.

### Fourteenth Affirmative Defense

Any claims for joint and several liability by plaintiff are barred because, to the extent any harm exists, that harm is divisible, and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.

### Fifteenth Affirmative Defense

To the extent third parties not named in the case are responsible for any alleged claims or damages by plaintiff, such claims against Handy & Harman are barred by plaintiff's failure to join such parties.

### Sixteenth Affirmative Defense

Plaintiff cannot recover from Handy & Harman any damages or costs not yet incurred.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the damages and costs it seeks are too speculative or remote.

### Eighteenth Affirmative Defense

Handy & Harman is not a joint tortfeasor with respect to any of the alleged damaged, costs or harm at the site.

### Nineteenth Affirmative Defense

Handy & Harman incorporates by reference all other defenses asserted by any other party and hereby reserves the right to add any additional defenses that it may deem appropriate as discovery is conducted in this case.

Date:  July 14, 2004
        Roseland, New Jersey          By:     MF1386
                                           _____
                                           MELISSA E. FLAX
                                           CARELLA, BYRNE, BAIN, GILFILLAN,
                                             CECCHI, STEWART & OLSTEIN

                                           5 Becker Farm Road -- 3rd Floor
                                           Roseland, New Jersey 07068
                                           Tel. No.: (973) 994-1700
                                           Fax. No.: (973) 994-1744
                                           Attorneys for  Defendant
                                           Handy & Harman Tube Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2004, a true and correct copy of the foregoing Answer to Third Amended Complaint and Affirmative Defenses was served by first class mail, postage prepaid, upon each of the parties set forth in the attached Service List.

Date: July 14, 2004

MF1386

MELISSA E. FLAX
CARELLA, BYRNE, BAIN, GILFILLAN
  CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
Tel. No.: (973) 994-1700
Fax. No.: (973) 994-1744
Attorneys for Defendant
Handy & Harman Tube Company, Inc.

# SERVICE LIST

**_Boarhead Farm Agreement Group v. AETC, et al._**
**_Civil Action No. 02-cv-3830 (LDD)_**

COUNSEL FOR PLAINTIFF:

_Boarhead Farm Agreement Group_

| | |
|---|---|
| Glenn A. Harris, Esq. | Monique M. Mooney, Esq. |
| **Ballard Spahr Andrews & Ingersoll, LLP** | _Ballard, Spahr, Andrews & Ingersoll_ |
| Plaza 1000 – Suite 500 | 1735 Market Street |
| Main Street | 51st Floor |
| Voorhees, New Jersey 08043-4636 | Philadelphia, Pennsylvania 19103 |
| Tel:     (856) 761-3400 | Tel:     (215) 864-8189 |
| Fax:     (856) 761-1020 | Fax:     (215) 864-9266 |
| E-mail:  harris@ballardspahr.com | E-mail:  mooney@ballardspahr.com |

COUNSEL FOR DEFENDANTS:

**_Advanced Environmental Technology Corp._**
Thomas W. Sabino, Esq.
Wolff & Samson, P.C.
One Boland Drive
West Orange, NJ 07052
Phone:  (973) 740-0500
Fax:  (973) 740-1407
Email:  tsabino@wolffsamson.com

**_Ashland, Inc._**
Richard Biedrzycki, Esq.
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Building, 121 South Broad Street
Philadelphia, Pennsylvania 19107
Phone:  (215) 546-0500
Fax:  (215) 546-9444
Email:  rbiedrzycki@pp-b.com

**_Carpenter Technology Corporation_**
Lynn Wright, Esq.
Edwards & Angell
750 Lexington Avenue
New York, NY 10022
Phone:  212-756-0215
Fax:  888-325-9169
Email:  lwright@ealaw.com

***Crown Metro, Inc. and Emhart Corporation***
Laura Ford, Esq.
Jerome C. Muys, Jr., Esq.
Swidler Berlin Shereff Friedman, LLP
3000 K Street, N.W., Suite 300
Washington, DC  20007
Phone:  202-424-7500
Fax:  202-424-7643
Email:  jcmuys@swidlaw.com

***Etched Circuits, Inc. & Fcg, Inc. (Flexible Circuits)***
A. Nicole Friant, Esq.
Duane Morris
One Liberty Place
Philadelphia, Pennsylvania  19103-7396
Phone:  (215) 979-1818
Fax:  (215) 979-1020
Email:  anfriant@duanemorris.com

***Handy & Harman Tube Company, Inc.***
Melissa E. Flax, Esq.
Carella, Byrne, Bain, Gilfillan, Cecchi,
          Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey  07068-1739
Phone:  973-994-1700
Fax:  973-994-1744
Email:  mflax@carellabyrne.com

***Knoll Inc.***
Richard Friedman, Esq.
McNees, Wallace & Nurick, LLC
100 Pine Street, P.O. Box 1166
Harrisburg, PA  17108-1166
Phone:  717-237-5469
Fax:  717-237-5300
Email:  rfriedman@mwn.com

***Merit Metals Products Corp.***
Stephen P. Chawaga, Esq.
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
Phone:  215-557-2900

Fax:  215-557-2990
Email:  schawaga@monteverde.com

***Novartis Corporation***
Michael R. Dillon, Esq.
*Morgan, Lewis & Bockius, LLP*
1701 Market Street
Philadelphia, Pennsylvania 19103-2921

***NRM Investment Co.***
Edward Fackenthal, Esq.
Henderson, Weitherill, O'Hey & Horsey
902 One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
Phone:  610-279-3370
Fax:  610-279-0696
Email:  edwardfackenthal@cs.com

***Plymouth Tube Company***
Steven J. Lemon, Esq.
Jones, Lemon, Graham & Chaney
28 North Bennett Street, Suite A
P.O. Box 805
Geneva, IL  60134-0805
Phone:  630-208-0805
Fax: 630-208-4651
Email:  stevenl@joneslemon.com

***Quikline Design and Manufacturing Co.***
Sandford F. Schmidt, Esq.
Law Offices of Schmidt & Tomlinson
29 Union Street
Medford, NJ  08055
Phone:  609-714-0600
Fax:  609-714-0610
Email:  lawschmidt@erols.com

***Rahns Specialty Metals, Inc/Techalloy Co., Inc.,***
***Thomas & Betts, and Unisys***
Andrew P. Foster, Esq.
Adina Dziuk, Esq.
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996

Phone:  215-998-2700
Fax: 215-988-2757
Email:  andrew.foster@dbr.com

***Rohm and Haas Company***
Jennifer Berke Levin, Esq.
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA  19106-2349
Phone:  215-592-6838
Fax:  215-592-3227
Email:  jlevin@rohmhaas.com

***Simon Wrecking Co., Inc.***
Sharon Oras Morgan, Esq.
Mattleman Weinroth & Miller
Land Title Building, Suite 2226
Broad & Chestnut Streets
Philadelphia, PA  19110
Phone:  215-923-2225
Fax:  215-567-4151
Email:  smorgan@mwm-law.com

***United States of America, Department of Navy***
Judith Keith, Esq.
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Defense Section
P.O. Box 23986                          *Overnight Mail:*
Washington, DC  20026-3986          601 D. Street NW
Phone:  202-514-3747                   Suite 8000
Fax:  202-514-8865                      Washington, DC  20004
Email:  judith.keith@usdoj.com