Edward Fackenthal          Attorney for Defendant NRM Investment Company
Attorney I.D. No. 09462
Law Office of Edward Fackenthal
One Montgomery Plaza, Suite 209
Norristown, Pennsylvania 19401
Edwardfackenthal@cs.com
(610) 279-3370 Telephone · (610) 279-0696 Facsimile

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET. AL. | : | |
| | : | |
| Defendants. | : | |

## ANSWER TO COMPLAINT BY NRM INVESTMENT COMPANY

<u>Defense to Allegations</u>

Defendant NRM Investment Company admits the allegations contained in paragraphs 13-15, 17-19, 26, 28, 102, 143 (admits only that plaintiff incorporates), 151, 153 (admits only that plaintiff incorporates), 154, 156 (admits only that plaintiff incorporates), 157 and 164. Answering Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4-9, 16, 20-24, 30-97, 103-142, 147-150, and 161, or that they are not applicable

to the Answering Defendant. Answering Defendant avers that paragraphs 2-3, 10-12, 25, 27 are or contain conclusions of law to which no answer is required. Answering Defendant denies each and every other allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

NRM Investment Company (hereafter called "Answering Defendant") without admitting any liability, hereby asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Answering Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the statutes of limitation applicable to each claim.

### THIRD AFFIRMATIVE DEFENSE

Assuming arguendo, but without admission, that Plaintiff incurred response costs consistent with the National Contingency Plan and Spill Act, Answering Defendant is not responsible for any unreasonable costs incurred for the remedial actions taken at the Site.

**FOURTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Because the harm, if any, is divisible and there is a reasonable basis for dividing the harm, joint and several liability may not be imposed.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover costs, damages, or other relief for hazardous substances for which Answering Defendant did not make treatment or disposal arrangements or which it did not transport.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action under CERCLA insofar as the costs that have been incurred by Plaintiff or that will be incurred by Plaintiff: (a) are not response costs within the meaning of CERCLA or the Spill Act or; (b) are not response costs that are consistent with the National Contingency Plan.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Answering Defendant are barred, in whole or in part, by the equitable doctrine of laches because the Plaintiff's Complaint was instituted in an untimely fashion.

**NINTH AFFIRMATIVE DEFENSE**

The acts and omissions of persons other than Answering Defendant, over whom Answering Defendant had no control, were intervening or supervening causes of the injuries, costs and damages allegedly incurred by Plaintiff. Further, Answering Defendant is not liable since the alleged releases or threats of release of a hazardous substance and the damages allegedly resulting therefrom were solely acts or omissions of third parties other than employees or agents of the answering Defendant..

**TENTH AFFIRMATIVE DEFENSE**

Upon information and belief, the acts or omissions of Answering Defendant, if any, did not proximately cause any of the response costs or damages of which Plaintiff now complains; therefore no liability exists on the part of Answering Defendant for any such response costs or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join a party necessary to complete an equitable adjudication of its claims.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint in this matter fails to set forth with sufficient particularity the nature of alleged damages and response costs suffered by Plaintiff, the date and circumstances in which such damages and response

costs first manifested themselves, and the manner in which conduct of Answering Defendant allegedly caused such damages and response costs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Assuming arguendo, but without admission that any hazardous substance for which Answering Defendant may be liable was treated or disposed of at the Site, such are not present in and have not contributed to any release or threat of release at the Site.

### FOURTEENTH AFFIRMATIVE DEFENSE

Without admission that Plaintiff is entitled to any recovery, any such recovery is barred by or must be apportioned under the doctrines of contributory or comparative fault or negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is not entitled to recover from Answering Defendant more than Answering Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Answering Defendant more than the amount of such relief, if any, for which Answering Defendant is liable.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred insofar as Answering Defendant did not transport to or arrange for disposal at Boarhead ("the Site") substances that may be classified as "hazardous" under CERCLA or the Spill Act.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or limited because (1) Answering Defendant exercised due care in transporting any substances that might have been disposed of at the Site; (2) all conditions, injuries, costs, damages and expenses for which Plaintiff seeks to hold Answering Defendant liable were caused solely by the acts or omissions of third parties other than (a) employees or agents of Answering Defendant or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with Answering Defendant; and (3) Answering Defendant took precautions against foreseeable acts and omissions of any such third party and the consequences that foreseeably could result from such acts and omissions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff cannot recover from Answering Defendant more than Answering Defendant's fair, equitable and proportionate share of the costs, damages, expenses, and other relief sought by it.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Plaintiff may not recover from Answering Defendant any amounts that exceed the portion of costs or damages sought that are attributable to any release or threat of release of any hazardous substance allegedly disposed by Answering Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Answering Defendant is entitled to an offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, cost, damages and expenses alleged in the Plaintiff's Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The United States Constitution and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and omissions of Answering Defendant that were in compliance with applicable federal, state and local laws and regulations in effect at the time such acts and omission occurred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Plaintiff has no legal or equitable basis for seeking to impose joint and several liability upon Answering Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The volume and toxicity of any substance that might have been disposed by Answering Defendant to the Site are <u>de minimis</u> -- both in absolute terms and relative to the contributions of other responsible parties -- and therefore insufficient, as a mater of law and pursuant to the <u>de minimis non curat lex</u> doctrine, to give rise to any liability of Answering Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The United States' claims are barred or limited insofar as they seek to recover costs, damages, expenses and any other type of relief incurred before the effective date of CERCLA on December 11, 1980.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendant incorporates by reference all other applicable defenses set forth in the answers of the other answering defendants to the Plaintiff's Complaint and, further, will rely upon all defenses which become available during discovery or trial.

WHEREFORE, Answering Defendant prays that the Complaint be dismissed with prejudice, that costs be awarded against the Plaintiff, and that Answering Defendant be granted such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM OF NRM INVESTMENT COMPANY
## AGAINST PLAINTIFF AND ITS INDIVIDUAL MEMBERS

1. This counterclaim against the Boarhead Farm Agreement Group and each of its individual members (collectively referred to as "Plaintiff" for the purpose of this counterclaim) arise out of the same transaction or occurrence on which the Plaintiff's Complaint is based. The court's jurisdiction over these counterclaims is based on 42 U.S.C. §§ 9607 and 9613(b); 28 U.S.C. § 1331; and Rule 13 of the Federal Rules of Civil Procedure.

2. NRM Investment Company has contributed to the cleanup expenses for OU 1 more than its share of the liability relative thereto and by contract is entitled to a reallocation in its favor.

3. NRM Investment Company hereby asserts all equitable, common law, and statutory contribution and indemnity claims against Plaintiff.

WHEREFORE, NRM Investment Company respectfully requests the Court to enter judgment in its favor and against the Plaintiff on this counterclaim for contribution or indemnity, together with its costs of suit, including reasonable attorneys fees and such other relief as the Court deems appropriate.

## **ANSWER TO ALL CROSSCLAIMS**

Answering Defendant, by way of answer to each and every crossclaim which is or shall be made against it in the within action denies each and every allegation set forth therein.

                                                Respectfully submitted,

DATED: July 15, 2004                       _____

                                               Edward Fackenthal
                                               Attorney for NRM Investment Company

# **CERTIFICATE OF SERVICE**

I, Edward Fackenthal, hereby certify that on this day a copy of Answering Defendant, NRM Investment Company's foregoing Answer to the Third Amended Complaint, Affirmative Defenses and Counterclaim was sent by first class mail and e-mail to each of the following:

**Counsel for Boarhead Farm Agreement Group**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043-4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

**Counsel for Advanced Environmental Technology**
Thomas Sabino, Esquire
Wolff & Samson
280 Corporate Center
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)
tsabino@wolffsamson.com

-and-

Robert A. Morris, Esquire
Morris & Adelman, P.C.
P.O. Box 30477
1920 Chestnut Street, 3rd Floor
Philadelphia, PA 19103
(215) 568-5621
mail@morrisadelman.com

**Counsel for Ashland Chemical Company**
Richard Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Bldg
Suite 1600
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)
rbiedrzycki@pp-b.com

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
(212) 756-0215
(888) 325-9169 (Fax)
lwright@ealaw.com

**Counsel for Crown Metro, Inc. and Emhart Industries**
Laura A. Ford, Esquire
Swidler Berlin Shereff Friedman LLP
3000 "K" St., N.W.
Suite 300
Washington, DC  20007
(202) 424-7500
(202) 424-7643 (Fax)
laford@swidlaw.com

**Counsel for Diaz Chemical Corp.**
Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holley, NY 14470-1156
(716) 638-6321
(716) 638-8356 (Fax)
reid@diazche.com

**Counsel for Flexible Circuits**
Seth v.d.H. Cooley, Esquire
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
(215) 979-1000
(215) 979-1020 (Fax)
secoley@duanemorris.com
anfriant@duanemorris.com

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
Five Becker Farm Road – 3rd Fl.
Roseland, NJ  07068-1739
(973) 994-1700
(973) 994-1744 (Fax)
mflax@carellabyrne.com

**Counsel for Merit Metals Products Corp.**
Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA  19103-1815
(215) 557-2950
(215) 557-2990/2991
schawaga@monteverde.com

**Counsel for Rahn Specialty Metals, Inc.**
**Techalloy Co., Inc.**
**Thomas & Betts Corporation**
Andrew P. Foster, Esquire
Adina Marie Dziuk, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700
(215) 972-1584 (Fax)
andrew.foster@dbr.com

**Counsel for Quikline Design & Mfg.**
Sanford F. Schmidt, Esquire
Schmidt & Tomlinson Law Offices
29 Union Street
Medford, NJ  08055
(609) 714-0600
(609) 714-0610 (Fax)
lawschmidt@erols.com

**Counsel for Rohm and Haas Company**
Jennifer Berke Levin, Esquire
Rohm & Haas Co.
100 Independence Mall West
Philadelphia, PA  19106-2399
(215) 592-6838
(215) 592-3227 (Fax)
jlevin@rohmhaas,com

13

**Counsel for Simon Wrecking Co., Inc.**
Sharon Oras Morgan, Esquire
Mattleman Weinroth & Miller P.C.
401 Route 70 East, Suite 100
Cherry Hill, NJ 08034
(856) 429-5507
(856) 429-9036 (Fax)
smorgan@mwm-law.com

**Counsel for Novartis Corporation**
Michael W. Steinberg, Esquire
Michael Dillion, Esquire
1111 Pennsylvania Avenue, N.W.
Washington, DC 90004
(202) 739-3000
(202) 739-3001 (Fax)

**Counsel for Plymouth Tube Company**
Steven J. Lemon, Esquire
Jones, Lemon Graham & Clancy
223 East State Street
P.O. Box 805
Geneva, IL  60134
(630) 208-0805
(630) 208-4651 (Fax)
steven@joneslemon.com

**Counsel for Knoll, Inc.**
Richard Friedman, Esquire
McNees, Wallace & Nurick, LLC
P.O. Box 1166, 100 Pine Street
Harrisburg, PA 17108-1166
(710) 237-5469
(717) 237-5300
rfriedman@mwn.com


_____
Edward Fackenthal

Dated:  July 15, 2004