IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO. 02-3830 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL. | : : : : | |
| Defendants. | : | |

## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, on June 18, 2002, Plaintiff Boarhead Farm Agreement Group ("the Agreement Group") filed a Complaint (and thereafter filed amendments to the Complaint) against, inter alia, Defendants Unisys Corporation, Plymouth Tube Company, Crown Metro, Inc., Emhart Industries, Inc., Novartis Corporation, Quikline Design and Manufacturing Co., Rohm and Haas Company, and Simon Wrecking Co., Inc. ("Settling Defendants") alleging that Settling Defendants were liable under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 et seq. ("HSCA"), and seeking contribution and declaratory relief in connection with the Boarhead Farms Superfund Site (the "Site");

WHEREAS, the Agreement Group filed amended complaints on August 26, 2002, February 21, 2003, and September 19, 2003 (the Complaint and the amended complaints are hereinafter collectively referred to as the "Amended Complaint");

WHEREAS, the Agreement Group has entered into agreements of settlement with Settling Defendants resolving all claims that were asserted by the Agreement Group in the Amended Complaint (the "Settlement Agreements");

WHEREAS, on July 20, 2004, the Agreement Group and the Settling Defendants filed a Joint Motion seeking entry of this Order of Dismissal With Prejudice, and the Court having considered the opposition, if any, to the Joint Motion filed by non-moving parties;

NOW, THEREFORE, the Joint Motion is GRANTED, and it is hereby ORDERED and DECREED as follows:

1. All claims asserted or that could have been asserted by the Agreement Group in the Amended Complaint against the Settling Defendants and all potential counterclaims by the Settling Defendants against the Agreement Group arising out of the subject matter of the Amended Complaint, any of which arose out of or in the future could arise out of the subject matter of the Action, shall be and hereby are dismissed with prejudice, except to the extent that such claims relate to matters specifically excluded from the scope of the release contained in the Settlement Agreements.

2. This dismissal is without costs or attorneys' fees against the Agreement Group or the Settling Defendants, each party to bear its own costs and fees.

3. All potential cross-claims by the remaining non-settling defendants against the Settling Defendants and by the Settling Defendants against the remaining non-settling defendants which arose out of or in the future could arise out of the subject matter of the Amended Complaint shall be and hereby are dismissed and barred with prejudice, except to the

extent that such potential claims relate to matters specifically excluded from the scope of the release contained in the Settlement Agreements.

  4. The Court's Memorandum Order filed June 30, 2004 (Dkt. No. 96) will govern in determining the extent to which the non-settling defendants' liability should be offset by the Settlement Agreements.

  5. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, this Order of Dismissal With Prejudice shall be entered as a final judgment of the Court with respect to the Settling Defendants.

            SO ORDERED:

            _____
            Legrome D. Davis, Judge

Dated: _____, 200__.