IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-3830 |
| | : | |
| v. | : | (Hon. Legrome D. Davis) |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this        day of                , 2004, upon consideration of the Joint Motion of Plaintiff Boarhead Farm Agreement Group and Settling Defendants for Order of Dismissal with prejudice and the Response of Defendant Ashland Inc. thereto, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
LEGROME D. DAVIS, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-3830 |
| | : | |
| v. | : | (Hon. Legrome D. Davis) |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**(ALTERNATIVE) ORDER**

**AND NOW**, this _____ day of _____, 2004, upon consideration of the Joint Motion of Plaintiff Boarhead Farm Agreement Group and Settling Defendants for Order of Dismissal with prejudice and the Response of Defendant Ashland Inc. thereto, it is hereby **ORDERED** as follows:

1. All claims asserted or that could have been asserted by the Boarhead Farms Agreement Group in the Third Amended Complaint against the Settling Defendants and all potential counterclaims by the Settling Defendants against the Agreement Group arising out of the subject matter of the Third Amended Complaint, any of which arose out of or in the future could arise out of the subject matter of the action, shall be and hereby are DISMISSED, with prejudice.

2. All deemed and asserted cross-claims by the Non-Settling Defendants against the Settling Defendants and by the Settling Defendants against the Non-Settling Defendants for contribution with respect to the Plaintiff's claims in this action only shall be and hereby are dismissed and barred with prejudice.

3. The Court's Memorandum Order filed on June 30, 2004 (Dkt. No. 96) will govern

in determining the extent to which the Non-Settling Defendants' liability, if any, should be offset by settlements between the Plaintiff and the Settling Defendants.

4.      Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, this Order of Dismissal with prejudice shall be entered as a final judgment of the Court with respect to the Settling Defendants and the Non-settling Defendants.

BY THE COURT:

_____
LEGROME D. DAVIS, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-3830 |
| | : | |
| v. | : | (Hon. Legrome D. Davis) |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANT ASHLAND INC. TO JOINT MOTION OF PLAINTIFF BOARHEAD FARM AGREEMENT GROUP AND SETTLING DEFENDANTS FOR ORDER OF DISMISSAL WITH PREJUDICE

Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company (hereinafter, "Ashland"), by and through its counsel, hereby responds to Plaintiff's and Settling Defendants' Motion for Order of Dismissal with prejudice of certain Settling Defendants in accordance with the numbered paragraphs thereof as follows:[1]

1. Admitted in part, denied in part. It is admitted that Plaintiff Boarhead Farm Agreement Group (hereinafter, "BFAG"), filed a Complaint on the date alleged. Said Complaint, being in writing, speaks for itself and any characterizations thereof by Plaintiff and the Settling Defendants are denied. By way of further response, Plaintiff filed a Third Amended Complaint on September 19, 2003.

2. Denied. As Ashland has not been provided with copies of any such Settlement Agreements, Ashland is without information or knowledge sufficient to form a belief as to the truth

---

[1] Defendants Advanced Environmental Technology Corp., Carpenter Technology Corporation, Flexible Circuits, Merit Metals Products Corp. and NRM Investments Co. join in this Answer.

of the averments set forth in this paragraph, wherefore same are deemed denied and at issue and strict proof thereof is demanded.

    3.    Admitted.

    4.    Denied. The averments set forth in this paragraph are conclusions of law to which no response is required. By way of further response, Ashland specifically denies that said proposed Order reflects the Court's holdings in its June 30, 2004 Memorandum Order, the provisions of which, being in writing, speak for themselves and any characterizations thereof by Plaintiff and the Settling Defendants are denied.

**WHEREFORE**, Defendant Ashland Inc. respectfully requests that the Motion of Plaintiff Boarhead Farm Agreement Group and Settling Defendants for Order of Dismissal with prejudice be denied.

*Richard C. Biedrzycki*
RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Defendant Ashland Inc.,
designated by Plaintiff as
Ashland Chemical Company

Date:   August 3, 2004

G:\DATA\I357-29\Pldgs\Answer-Motion.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  02-3830 |
| | : | |
| v. | : | (Hon. Legrome D. Davis) |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW OF DEFENDANT ASHLAND INC.
IN OPPOSITION TO JOINT MOTION OF PLAINTIFF AND
SETTLING DEFENDANTS FOR ORDER OF DISMISSAL WITH PREJUDICE**

Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company (hereinafter "Ashland"), by and through its counsel, submits this Memorandum of Law in Opposition to the Motion of Plaintiff Boarhead Farm Agreement Group (hereinafter "BFAG") and Settling Defendants for an Order of dismissal with prejudice of certain claims and cross-claims.[2]

Defendant Ashland submits herein that Plaintiff and the Settling Defendants have misunderstood and/or are misapplying the rulings and holdings of this Court in its Memorandum Order entered on June 30, 2004[3] determining Plaintiff's Motion for Standing Order regarding the dismissal of settling defendants.  As announced in the June 30, 2004 Memorandum Order, settling parties in a case such as this may, under certain circumstances, be dismissed from the action

---

[2]   Defendants Advanced Environmental Technology Corp., Carpenter Technology Corporation, Flexible Circuits, Merit Metals Products Corp. and NRM Investments Co. join in this Memorandum.

[3]   A true and correct copy of said Memorandum Order is attached hereto as Exh. "A".

following a settlement agreement, including the dismissal of contribution claims by non-settling parties against the settling defendants. As this Court further held, in the event of a settlement, the settling defendants must likewise be deemed to have extinguished any cross-claims for contribution they might otherwise have had unless the settlement agreement also extinguishes the liability of non-settling defendants to the Plaintiff. The proposed Order submitted by the Plaintiff and the Settling Defendants here would, if entered, violate the June 30, 2004 Memorandum Order by permitting the Settling Defendants to pursue potential cross-claims and/or claims for contribution against the Non-settling Defendants "to the extent that such potential claims relate to matters specifically excluded from the scope of the Release contained in the Settlement Agreements."

Neither Ashland nor any of the other Non-Settling Defendants, to Ashland's knowledge, have been provided with signed copies of the purported Settlement Agreements and Releases entered into between Plaintiff and the Settling Defendants. Accordingly, Ashland is unable to determine not only whether any of the Settlement Agreements or Releases provide for the extinguishment of Plaintiff's claims against Ashland, Ashland is also unable to determine whether those Settlement Agreements and Releases purport to exclude from being extinguished any claims, cross-claims or contribution claims[4].

---

[4]     Although on July 30, 2004, BFAG's counsel, at the undersigned's request, produced a copy of an unsigned form Settlement Agreement (Attached hereto as Exh. "B"), that Agreement, even if it represents the terms of the Settlements reached between BFAG and the Settling Defendants, can be construed as an attempt to reserve claims and crossclaims against the Non-Settling Defendants that the June 30, 2004 Memorandum Order otherwise requires be extinguished. The purported Agreement at ¶5 thereof seeks to assign to BFAG, *inter alia*, the Settling Defendants' cross-claims against the Non-Settling Defendants, thereby potentially excepting them from being discharged. Neither the purported Settlement Agreement nor the Plaintiff's proposed Order expressly extinguishes such assigned claims against the Non-Settling Defendants.

In short, on the present state of the record, Ashland is without any ability to determine whether Plaintiff's claims against it have been dismissed as a result of the purported Settlement Agreements and Releases, the only circumstance under which this Court in its Memorandum Order of June 30, 2004 permitted the continuation of cross-claims or contribution claims against the Settling Defendants. Therefore, Plaintiff's and the Settling Defendants Joint Motion must be denied as it seeks an Order which is contrary to, and in violation of, this Court's rulings on the effect of settlements under the Uniform Comparative Fault Act which this Court held shall apply to settlements. In the alternative, Ashland submits that should any dismissals be ordered, in accordance with this Court's June 30, 2004 Memorandum Order such dismissals must include dismissals of cross-claims for contribution by the Settling Defendants against the Non-Settling Defendants and that the dismissal of claims and/or cross-claims against the Settled Defendants be limited to claims and cross-claims arising out of Plaintiff's claims in this case only.

## CONCLUSION

For all of the foregoing reasons and those set forth in its Answer to the Joint Motion of Plaintiff and Settling Defendants, Defendant Ashland Inc. respectfully submits that Plaintiff's and

---

Also, to the extent that the language in Plaintiff's proposed Order seeking to exclude from dismissal "matters specifically excluded from the scope of the Release contained in the Settlement Agreement" is intended by Plaintiff and the Settling Defendants to relate to and include only those matters set forth in ¶1.3 ("Excluded Matters") of the purported Settlement Agreement, if those "Excluded Matters," as Plaintiffs and the Settling Defendants apparently assert, are not at issue in this civil action, there would appear to be no need to except them from dismissal. Any dismissal Order should only include matters arising out of Plaintiff BFAG's claims. Defendant Ashland's proposed Alternative Proposed Order, at ¶ 2 thereof, clarifies that the contribution claims to be dismissed are those "with respect to the Plaintiff's claims in this action only." A proposed alternative Order is enclosed.

the Settling Defendants' Motion should be denied or, in the alternative, be granted under the terms of the proposed Alternative Order attached hereto.

Respectfully submitted,

*Richard C. Biedrzycki*
RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Ashland Inc., designated by Plaintiff as Ashland Chemical Company

Date:   August 3, 2004

**CERTIFICATE OF SERVICE**

  I, Richard C. Biedrzycki, Esquire, hereby certify that on this 3rd of August, 2004, I caused a true and correct copy of the foregoing Answer of Defendant Ashland Inc. to Motion of Plaintiff Boarhead Farm Agreement Group for Order of Dismissal with Prejudice, along with a supporting Memorandum of Law and proposed Orders, to be served by first class mail on all counsel of record addressed as follows:

> Glenn A. Harris, Esquire
> Ballard Spahr Andrews & Ingersoll, LLP
> Plaza 1000 - Suite 500
> Main Street
> Voorhees, NJ 08043-4636
> e-mail: harrisg@ballardspahr.com
>
>  *- and -*
>
> Monique M. Mooney, Esquire
> Ballard Spahr Andrews & Ingersoll, LLP
> 1735 Market Street
> 51st Floor
> Philadelphia, PA 19103
> e-mail: mooney@ballardspahr.com
> *Counsel for Plaintiff*
>
> Thomas W. Sabino, Esquire
> Wolff & Samson, PC
> 280 Corporate Center
> 5 Becker Farm Road
> Roseland, New Jersey 07068-1776
> e-mail: tsabino@wolffsamson.com
> *Advanced Environmental Technology Corp.*
>
> Lynn Wright, Esquire
> Edwards & Angell, LLP
> 750 Lexington Avenue
> New York, New York 10022-1200
> e-mail: lwright@ealaw.com
> *Carpenter Technology Corporation*

Jerome C. Muys, Jr., Esquire
Laura A. Ford Brust, Esquire
Swidler Berlin Shereff Friedman LLP
3000 K Street, N.W., Suite 300
Washington, DC 20007
e-mail:  jcmuys@swidlaw.com
        lfbrust@swidlaw.com
*Crown Metro, Inc. and Emhart Corporation*

Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holly, NY 14470-1156
e-mail:  reid@diazche.com
*Diaz Chemical Corp.*

Harry C. Barbin, Esquire
Barbin & O'Connell
608 Huntington Pike
Rockledge, PA 19046-4490
e-mail:  hcb@barbin-oconnell.com
*Etched Circuits, Inc. & Fcg, Inc.*

Seth v.d.H. Cooley, Esquire
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
e-mail:  scooley@duanemorris.com
        anfriant@duanemorris.com
*Flexible Circuits*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
        Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey  07068-1739
e-mail:  mflax@carellabyrne.com
*Handy & Harman Tube Company*

Richard Friedman, Esquire
McNees, Wallace & Nurick, LLC
P.O. Box 1166
100 Pine Street
Harrisburg, PA  17108-1166
e-mail:  rfriedman@mwn.com
*Knoll Inc.*

Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
e-mail:  schawaga@monteverde.com
*Merit Metals Products Corp.*

Michael W. Steinberg, Esquire
Michael Dillon, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
e-mail:  msteinberg@morganlewis.com
*Novartis Corp*

Edward Fackenthal, Esquire
Henderson, Weitherill, O'Hey & Horsey
Suite 902 - One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
e-mail:  edwardfackenthal@cs.com
*NRM Investment Co.*

Steven J. Lemon, Esquire
Jones, Lemon, Graham & Chaney
223 East State Street
Geneva, IL  60134
e-mail:  StevenL@joneslemon.com
*Plymouth Tube Company*

Sanford F. Schmidt, Esquire
Law Offices of Schmidt & Tomlinson
29 Union Street
Medford, NJ 08055
e-mail:  lawschmidt@erols.com
*Quickline Design*

Andrew P. Foster, Esquire
Adina M. Dziuk, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
e-mail:  Andrew.foster@dbr.com
           Adina.Bingham@dbr.com
*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*
*Unisys Corporation*

Jennifer Berke Levin, Esquire
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2349
e-mail:  jlevin@rohmhaas.com
*Rohm and Haas Company*

Sharon Oras Morgan, Esquire
Mattlemen Weinroth & Miller
Land Title Building, Suite 2226
Board & Chestnut Streets
Philadelphia, PA 19110
e-mail:  smorgan@mwm-law.com
*Simon Wrecking Co., Inc.*

Judith Keith, Esquire
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
e-mail:  judith.keith@usdoj.com
*United States of America, Department of Navy*


                                                *Richard C. Biedrzycki*
                                                RICHARD C. BIEDRZYCKI

Date:   August 3, 2004