# EXHIBIT "B"

# BOARHEAD FARMS
# SETTLEMENT AGREEMENT

Between

The Plaintiff Settling Parties Who are Members
of the Boarhead Farm Agreement Group

and

Various Defendant Settling Parties

This SETTLEMENT AGREEMENT, dated as of the _____ day of March, 2004 (this "Agreement"), is by and between the Plaintiff Settling Parties who are members of the Boarhead Farm Agreement Group, consisting of Agere Systems Inc.; Cytec Industries Inc.; Ford Motor Company; SPS Technologies, Inc.; and TI Group Automotive Systems LLC, (the "Plaintiff Settling Parties") and the parties identified on Exhibit A who have executed this Agreement (the "Defendant Settling Parties") (collectively the "Parties").

### WITNESSETH:

WHEREAS, the Boarhead Farm Agreement Group (an unincorporated association comprised of the Plaintiff Settling Parties), brought an action in the United States District Court for the Eastern District of Pennsylvania captioned *Boarhead Farm Agreement Group v. Advanced Environmental Technology Corporation, et al.*, Civil Action No. 02-CV-3830 against certain defendants (the "Action"), including the Defendant Settling Parties;

WHEREAS, the foregoing action seeks, among other things, cost recovery and contribution for costs and expenses incurred and to be incurred in response to the alleged release or alleged threat of release of hazardous substances at or in connection with the Site;

WHEREAS, the Plaintiff Settling Parties and the Defendant Settling Parties deny any liability for conditions at the Site and for any costs and expenses incurred and to be incurred in response to the alleged release or alleged threat of release of hazardous substances at the Site; and

WHEREAS the Plaintiff Settling Parties and the Defendant Settling Parties desire to settle, dismiss and resolve certain claims among themselves arising from the alleged release or threat of release of hazardous substances at the Site and to dismiss with prejudice the Defendant Settling Parties from the Action and otherwise to eliminate the Defendant Settling Parties' additional incurrence of transaction costs with respect to the Action.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein, the Parties hereto agree as follows:

1. **DEFINITIONS**

    1.1    As used in this Agreement, the term "Action" shall mean the action in the United States District Court for the Eastern District of Pennsylvania captioned *Boarhead Farm Agreement Group v. Advanced Environmental Technology Corp., et al.*, Civil Action No. 02-CV-3830.

    1.2    As used in this Agreement, the terms "Defendant Settling Party" and "Defendant Settling Parties" shall mean any and all of those Parties hereto who have executed this Agreement, other than the Plaintiff Settling Parties.

    1.3    As used in this Agreement, the term "Excluded Matters" shall mean:

(1) Toxic tort claims (including, but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property);

(2) Claims at other sites arising from the direct or indirect shipment prior to 1990 of hazardous waste, hazardous substances or other materials from the Site; and

(3) Claims for natural resource damages or assessments at or caused by the Site.

1.4 As used in this Agreement, the term "Effective Date" shall be defined as provided in Article 3 herein.

1.5 As used in this Agreement, the term "Site" shall mean the National Priorities List ("NPL") Site known as the Boarhead Farms Superfund Site located in Bridgeton Township, Bucks County, Pennsylvania and any locations to which wastes from the Site may have migrated.

1.6 Unless otherwise provided, the terms used in this Agreement shall be as defined in CERCLA 42 U.S.C. §§ 9601, *et seq.*, and the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.103, *et seq.*, and their respective implementing regulations. Where ambiguities and differences exist between CERCLA and HSCA, the definitions in CERCLA shall be controlling.

2. **PAYMENTS**

2.1 Each Defendant Settling Party shall pay to the Plaintiff Settling Parties the amount indicated for such Defendant Settling Party on its respective signature page.

2.2 Each Defendant Settling Party shall make the payment required in Article 2.1 by check or other instrument made payable to "Boarhead Farm Custodial Fund." This payment shall be sent to:

> Glenn A. Harris, Esquire
> Ballard Spahr Andrews & Ingersoll, LLP
> Plaza 1000, Suite 500, Main Street
> Voorhees, New Jersey 08043

2.3 Each Defendant Settling Party shall make payment on or before thirty (30) days from the Effective Date for such Defendant Settling Party. The payment shall be deposited in an escrow account established by the Plaintiff Settling Parties to hold payments made pursuant to this Agreement ("the Account").

2.4 If any Defendant Settling Party fails to make any such payment by the date when it is due, the Defendant Settling Party shall be liable to the Plaintiff Settling Parties for interest at the rate of one (1) percent per month, and also for all reasonable costs of collecting such

delinquent amounts and interest, including reasonable attorneys' fees not to exceed five percent (5%), provided that the Plaintiff Settling Parties agree not to commence any such collection action against a delinquent Defendant Settling Party unless and until the Court enters an Order of Dismissal with respect to that Party as described in Paragraph 6 below.

3. **EFFECTIVE DATE**

This Settlement Agreement shall become effective as to each Defendant Settling Party on the date that all Plaintiff Settling Parties have executed this Agreement and that Defendant Settling Party has executed this Agreement.

4. **RELEASE AND COVENANT NOT TO SUE**

4.1 In consideration for the mutual performance of the obligations created by this Agreement each of the Plaintiff Settling Parties hereby releases, waives, and covenants not to sue any of the Defendant Settling Parties for any claims asserted or that could have been asserted by the Plaintiff Settling Parties in the Action, other than for any Excluded Matters, whether presently known or unknown, contingent or real, that the Plaintiff Settling Parties ever had, now have, or in the future may have against any of the Defendant Settling Parties related to the subject matter of the Action. In consideration for the mutual performance of the obligations created by this Agreement each of the Defendant Settling Parties hereby releases, waives, and covenants not to sue any of the Plaintiff Settling Parties for any claims asserted or that could have been asserted by the Defendant Settling Parties in the Action, other than for any Excluded Matters, whether presently known or unknown, contingent or real, that the Defendant Settling Parties ever had, now have, or in the future may have against any of the Plaintiff Settling Parties related to the subject matter of the Action.

4.2 The mutual releases and covenants not to sue shall be effective with respect to each Defendant Settling Party on date of entry by the Court of the Order of Dismissal as described in Paragraph 6 below.

5. **ASSIGNMENT OF CLAIMS**

The Defendant Settling Parties hereby assign to the Plaintiff Settling Parties any and all claims related to the Action that such Defendant Settling Parties now have, or may in the future have, against any person or entity, other than claims against the Defendant Settling Parties' insurance carrier(s), and claims related to Excluded Matters. In the event that any such Claims are determined to be non-assignable, or at the request of the Plaintiff Settling Parties, the Defendant Settling Parties hereby agree that the Plaintiff Settling Parties shall have the right to bring any and all actions to enforce such claims, rights and entitlements on behalf of each Defendant Settling Party and the Defendant Settling Parties also hereby agree to assign the proceeds from any and all such actions to the Plaintiff Settling Parties. The Plaintiff Settling Parties agree to pursue the assigned claims, rights, and entitlements at their own expense. To the extent that the Plaintiff Settling Parties' pursuit of the assigned claims requires the cooperation of any Defendant Settling Party, which cooperation shall be reasonably given, the Plaintiff Settling Parties agree to reimburse such Defendant Settling Party for its reasonable expenses incurred in cooperating with the Plaintiff Settling Parties.

6. **ORDER OF DISMISSAL**

The Parties agree to jointly move the Court for, and this Agreement is contingent upon, the entry of an Order that dismisses and bars with prejudice all claims asserted or that could have been asserted in the Action by the Plaintiff Settling Parties against the Defendant Settling Parties, all potential counterclaims in the Action by the Defendant Settling Parties against the Plaintiff Settling Parties, and all potential cross-claims in the Action by any remaining non-settling defendants against the Defendant Settling Parties, any of which arose out of or in the future could arise out of the subject matter of the Action, other than Excluded Matters. Upon approval by the Court of the Order, any settlement payments in the Account, plus any accumulated interest, shall be released to the Plaintiff Settling Parties. Should such an Order not be entered, and the Parties hereto fail to agree otherwise, the Defendant Settling Parties will be entitled to reimbursement of any settlement payments in the Account plus any accumulated interest, and this Agreement shall be null and void.

7. **CERTIFICATION**

In executing this Agreement, each Party to this Agreement certifies that, to the best of its knowledge, it has disclosed all relevant, non-privileged information and has produced all relevant, non-privileged documents within the Party's possession, custody or control regarding the Party's relevant direct and/or indirect transactions with regard to the Site as required by the Case Management Order and/or to discovery, and that it has conducted a "reasonable inquiry" pursuant to the Federal Rules of Civil Procedure in preparing its discovery responses and submissions. The Plaintiff Settling Parties and the Defendant Settling Parties have entered into this Agreement in reliance upon these representations.

8. **AMENDMENTS**

This Agreement may be amended as to any Defendant Settling Party only by the written consent of the Plaintiff Settling Parties and such Defendant Settling Party.

9. **DENIAL OF LIABILITY**

This Agreement is not intended to be, and shall not be construed or interpreted to be, an admission of liability or responsibility by any of the Parties hereto. The Parties hereto expressly deny any and all liability or responsibility in connection with the Site.

10. **COMMUNICATIONS**

10.1 All communications with any Defendant Settling Party under this Agreement shall be sent to the representatives designated by said Defendant Settling Party on the signature pages of this Agreement, or such other representative as the Defendant Settling Party may hereafter designate in writing.

10.2    All communications with the Plaintiff Settling Parties under this Agreement may be sent to:

Glenn A. Harris, Esquire  
Ballard Spahr Andrews & Ingersoll, LLP  
Plaza 1000, Suite 500, Main Street  
Voorhees, New Jersey  08043  
(856) 761-3400

or such other representative as the Plaintiff Settling Parties may hereafter designate in writing.

11. **RELATED PARTIES**

This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto, individually and collectively, to (a) any and all of the past, present, and future employees, officers, shareholders, directors, managers, representatives, attorneys, servants, agents, workmen, consultants and contractors of each Party, and (b) any and all parent or subsidiary companies or corporations, affiliated companies or corporations, brother or sister corporations, predecessors in interest and successors in interest of each Party, and all of their past, present, and future employees, officers, shareholders, directors, managers, representatives, attorneys, servants, agents, workmen, consultants and contractors.

12. **RELATIONSHIP OF THE PARTIES**

This Agreement does not create, and shall not be construed to create, any agency, joint venture or partnership relationship between or among the Parties.

13. **CORPORATE AND PARTNERSHIP AUTHORIZATION AND ENFORCEABILITY**

Each corporate Party and each partnership Party represents and warrants to the other Parties that the execution, delivery and performance of this Agreement has been duly authorized on its behalf and is within its corporate or partnership power and authority and that the person signing on behalf of the corporation or partnership has sufficient authority and has been duly authorized to execute this Agreement. Each Party represents and warrants to the other parties that this Agreement constitutes a legal, valid, and binding obligation enforceable against such Party in accordance with its terms.

14. **NO WAIVER**

The failure of a Party to insist on strict performance of any, or all of, the terms of this Agreement, or to exercise any right or remedy under this Agreement, shall not constitute a waiver or relinquishment of any nature regarding such right or remedy or any other right or remedy. No waiver of any breach or default hereunder shall be considered valid unless in writing and signed by the Party giving such waiver, and no such waiver shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

## 15. ADVICE OF COUNSEL

Each of the Parties hereto warrants and represents that it has obtained any and all appropriate legal advice which such Party deemed necessary prior to entering into this Agreement.

## 16. TITLES AND HEADINGS

Titles and headings to articles or sections herein are inserted merely for convenience of reference and are not intended to be a part of or to affect the meaning or interpretation of this Agreement.

## 17. COUNTERPARTS

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

## 18. RESERVATION OF RIGHTS

The Plaintiff Settling Parties specifically reserve their right to maintain all claims including, but not limited to, those for contribution, indemnification, and/or cost recovery against persons who are not signatories to this Agreement.

## 19. GOVERNING LAW

This Agreement, and all amendments hereof, shall be governed by and construed in accordance with the internal laws of the Commonwealth of Pennsylvania applicable to contracts made and to be performed therein. The Parties agree that any original action commenced by the Parties containing a claim for recovery under, or enforcement, interpretation or modification of, this Agreement must be commenced in the United States District Court for the Eastern District of Pennsylvania.

## 20. INSURANCE

The Parties do not intend hereby to make any agreement that will prejudice any Party with respect to its insurers and, by entering into the Agreement, anticipate that the actions taken pursuant to this Agreement will benefit such insurers.

**[CONTINUED ON NEXT PAGE]**

# BOARHEAD FARMS
# SETTLEMENT AGREEMENT
# SIGNATURE PAGE

WITNESS the execution hereof by the undersigned.

| **Party:** | Agere Systems, Inc. | Cytec Industries Inc. |
|---|---|---|
| By: | _____ | _____ |
| Date: | _____ | _____ |
| Name: | _____ | _____ |
| Title: | _____ | _____ |

| **Party:** | Ford Motor Company | SPS Technologies, Inc. |
|---|---|---|
| By: | _____ | _____ |
| Date: | _____ | _____ |
| Name: | _____ | _____ |
| Title: | _____ | _____ |

| **Party:** | TI Group Automotive Systems LLC |
|---|---|
| By: | _____ |
| Date: | _____ |
| Name: | _____ |
| Title: | _____ |

CONTACT FOR CORRESPONDENCE RELATING TO THIS AGREEMENT:

Name:     Glenn A. Harris, Esquire

Address:  Ballard Spahr Andrews & Ingersoll, LLP
          Plaza 1000, Suite 500, Main Street
          Voorhees, New Jersey 08043

# BOARHEAD FARMS
# SETTLEMENT AGREEMENT
# SIGNATURE PAGE

WITNESS the execution hereof by the undersigned.

**Party:** _____

Amount: _____

By: _____

Date: _____

Name: _____

Title: _____


CONTACT FOR CORRESPONDENCE RELATING TO THIS AGREEMENT:

Name: _____

Address: _____
_____
_____