## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　　　　　　)　　　Civil Action No. 02-3830
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
ADVANCED ENVIRONMENTAL　　　　　　　　)
TECHNOLOGY CORPORATION, ET AL.,　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendants.　　　　　)

## JOINT MOTION BY PLAINTIFF BOARHEAD FARM
## AGREEMENT GROUP AND DEFENDANT UNITED STATES
## FOR APPROVAL OF AMENDED SETTLEMENT AGREEMENT AND DISMISSAL

This Court entered a Memorandum Order ("Memorandum Order" or "Mem. Order") on June 30, 2004, (Dkt. No. 96) ruling on certain pending motions, including the Joint Motion by Plaintiff Boarhead Farm Agreement Group and Defendant United States for Approval of Settlement Agreement and Dismissal filed January 21, 2004 ("Joint Motion") (Dkt. No. 83). In its Order, the Court denied the Joint Motion "without prejudice to Plaintiff's right to refile . . . settlement agreements in compliance with this decision." Mem. Order at 9. The Court further ordered that "[a]ny future settlement agreements presented to this Court for approval must comply with the principles set forth in the [Order]. . . ." Id. at 10.

Plaintiff and the United States (collectively the "Parties") have modified, pursuant to the Memorandum Order, the Boarhead Farms Superfund Site Settlement Agreement ("Agreement") and Consent Order previously filed January 21, 2004 by the Parties (Dkt. No. 83). The Agreement (¶¶ 3a and 11 at 4, 6) and the proposed Order (¶ 2) have been modified to reflect that the United States may not maintain contribution cross-claims against non-settling defendants because the Agreement does not extinguish the liability of non-

settlors to Plaintiff.[1]  Additionally, to ensure that it is clear that the United States' enforcement discretion is not affected by these modifications, the Agreement and proposed Order now contain provisions preserving the United States' capacity to bring affirmative claims or actions against non-settling defendants under CERCLA §§ 107(a), (f), 42 U.S.C. §§ 9607(a), (f), regarding the Site on behalf of the United States Environmental Protection Agency or a natural resource trustee.  See Agreement ¶¶ 3a and 11 at 4, 6; proposed Order ¶ 2.  All other provisions of the Agreement and of the Consent Order are also consistent with the Court's Order.

WHEREFORE, the Parties respectfully request that the Court approve the modified Agreement, and enter the modified proposed Order.

For Plaintiff:                                    For Defendant:

                                                  THOMAS L. SANSONETTI
                                                  Assistant Attorney General
                                                  Environment & Natural Resources Division

_____    _____
Glenn A. Harris                                   D. Judith Keith
Ballard Spahr Andrews & Ingersoll, LLP   Trial Attorney
Plaza 1000, Suite 500, Main Street        U.S. Department of Justice
Voorhees, New Jersey  08043              Environment & Natural Resources Division
(856) 761-3400                                 Environmental Defense Section
                                                  P.O. Box 23986
                                                  Washington, D.C.  20026-3986
                                                  (202) 514-3747

---

[1] These provisions involve only prospective contribution cross-claims by the United States against non-settling defendants as there are no existing contribution cross-claims, either deemed or actual, by the United States against non-settlors.

**BOARHEAD FARMS SUPERFUND SITE**
**SETTLEMENT AGREEMENT AND CONSENT ORDER**

This Settlement Agreement and Consent Order ("Agreement") is made, as of the Effective Date of this Agreement, as defined infra, between Plaintiff Boarhead Farm Agreement Group and Defendant United States of America.

## RECITALS:

WHEREAS, Plaintiff, brought an action in the United States District Court for the Eastern District of Pennsylvania captioned Boarhead Farm Agreement Group v. Advanced Environmental Technology Corporation, et al., Civil Action No. 02-CV-3830 (the "Action");

WHEREAS, this action involves claims by Plaintiff under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986) ("CERCLA"), together with other claims, seeking to recover certain costs it has allegedly incurred in response to the release or threatened release of hazardous substances at the Boarhead Farms Superfund Site (the "Site," as defined infra), and seeking a declaration as to the various Defendants' liability for costs to be incurred in the future;

WHEREAS the Parties desire to enter into this Agreement to have a full and final resolution and settlement, without the complication or expense of litigation, of any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity, including, but not limited to, claims under CERCLA sections 107 and 113, that could or have been or could in the future be asserted by Plaintiff (or its successors, assigns, and designees) against the United States in connection with the Matters Addressed in this Agreement;

WHEREAS, the Parties agree that this Agreement is fair, reasonable and in the public interest;

WHEREAS, Plaintiff and the United States do not admit any liability arising from occurrences or transactions pertaining to the Site, and the United States enters into this Agreement as a full and final settlement in connection with the Site;

**NOW, THEREFORE**, it is Ordered, Adjudged and Decreed that:

## 1.    DEFINITIONS

Unless otherwise expressly provided herein, terms used in this Agreement that are defined in CERCLA or its implementing regulations shall have the meaning assigned to them in CERCLA or its implementing regulations, including any amendments thereto. Whenever the terms listed below are used in this Agreement, the following definitions shall apply:

a.    "Agreement" shall mean the instant Settlement Agreement, as referred to, supra, in the first unnumbered paragraph on page 1 hereof

1- Modified Agreement and Order

b.    "Boarhead Farm Agreement Group" shall mean Agere Systems Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies Inc., and TI Group Automotive Systems LLC., both collectively and individually.

c.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation and Liability Act, (1980), as amended, 42 U.S.C. §§ 9601-9675.

d.    "Day" shall mean a calendar day. In computing any period of time under this Agreement where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e.    "Effective Date" shall mean the date that this Agreement is approved by the Court.

f.    "Interest" shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

g.    "Matters Addressed" shall mean any and all past or future costs incurred, or injunctive relief claims held, by Plaintiff arising out of or in connection with any disposal, release, threat of release, or storage of hazardous substances, pollutants, or contaminants at, on, or beneath the Site, including any claims regarding off-site contamination that may be emanating from the Site, provided however that nothing in this Consent Decree shall prejudice or affect in any manner any rights or obligations Plaintiff may have with respect to the United States Environmental Protection Agency under the two Consent Decrees entered in United States v. Cytec Industries, Inc. et al., C.A. No. 01-CV-6109.

"Matters Addressed" does not include:

(1)    Toxic tort claims relating to the Site (including, but not limited to, claims for injury to persons or offsite property, claims for medical monitoring, claims for consequential damages, claims for punitive damages and claims for loss of value of property) with the exception of such claims seeking recovery of damages which constitute costs of a Response Action;

(2)    Claims for criminal liability relating to the Site;

(3)    Claims relating to false or incomplete responses to requests for information relating to the Site from the United States or the Commonwealth of Pennsylvania, if any, and directed to Plaintiff or to the Settling Federal Agency under the Resource Conservation and Recovery Act, U.S.C. § 6901 et seq., or CERCLA, or equivalent State law;

(4) Claims at other sites arising from the direct or indirect shipment of hazardous substances from the Site; and

(5) Claims arising from natural resource damages claims.

h.    "Memorandum Order" shall mean the Court's Memorandum Order filed June 30, 2004 in the Action and shown on the Court's docket in the Action as docket entry number 96.

i.    "Non-settling defendant(s)" shall mean those defendants in the Action whose liability to Plaintiff is not extinguished in this Agreement.

j.    "Paragraph" shall mean a portion of this Agreement identified by an Arabic numeral or an upper or lower case letter.

k.    "Parties" shall mean Plaintiff Boarhead Farm Agreement Group (collectively and each of its individual members), and the United States.

l.    "Plaintiff" shall mean the Boarhead Farm Agreement Group.

m.    "Response Action" shall mean any and all removal, remedial and/or response actions, as defined in CERCLA Sections 101(23) - (25), 42 U.S.C. §§ 9601(23) - (25), relating to the Site, including without limitation, remediation and operation and maintenance activities, enforcement activities, and oversight activities.

n.    "Response Costs" shall mean any and all costs, including but not limited to, direct and indirect costs, whenever incurred and/or to be incurred by Plaintiff, the United States, the Commonwealth of Pennsylvania, and/or any other person or entity.

o.    "Settling Federal Agency" shall mean the United States Department of the Navy.

p.    "Site" shall mean the National Priorities List ("NPL") Site known as the Boarhead Farms Superfund Site, encompassing approximately 120 acres, located on Lonely Cottage Road in Upper Black Eddy, Bridgeton Township, Bucks County, Pennsylvania.

q.    "United States" shall mean the United States of America and all agencies and instrumentalities of the United States of America, including, but not limited to, the United States Department of the Navy.

## 2.    PAYMENTS, ANTI-DEFICIENCY ACT, AND INTEREST

a.    Within a reasonable time after the Effective Date of this Agreement, the United States will pay $100,000 to Plaintiff. Payment shall be in the form of Electronic Funds Transfer in accordance with instructions that shall be provided promptly by the

3- Modified Agreement and Order

Plaintiff. In the event that Plaintiff does not provide such instructions within 14 days of the Effective Date of this Agreement, the total number of days after the Effective Date that accrue until such instructions are provided shall be added to the one hundred twenty (120) days referenced in paragraph 2 b, infra, before any interest shall be payable.

      b.    If such payment is not made in full within one hundred twenty (120) days after the Effective Date of this Agreement, then interest on the unpaid balance shall be paid commencing on the 121st day after the Effective Date. Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

      c.    Said payment by the United States is subject to the availability of funds appropriated for such purpose. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

**3.**    **PROTECTION AGAINST CLAIMS**.

      a.    The Parties acknowledge and agree that the payment to be made by the United States pursuant to this Agreement represents a good faith compromise of disputed claims and that the compromise represents a fair, reasonable, and equitable discharge for the Matters Addressed in this Agreement. With regard to any claims for costs, damages or other claims against the United States for Matters Addressed in this Agreement, the Parties agree that, in accordance with section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), the United States is entitled to, as of the Effective Date of this Agreement, contribution protection pursuant to the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the United States' liability to persons not party to this Agreement. Any rights the Parties may have to obtain contribution or otherwise recover costs or damages from persons not party to this Agreement are preserved, subject to Paragraph 11 of this Agreement.

      b.    This Agreement shall become null and void in the event that the Court does not approve and enter this Agreement, and the Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Agreement.

**4.**    **RELEASE AND COVENANT NOT TO SUE BY PLAINTIFF**

      Plaintiff hereby forever releases, discharges, and covenants and agrees not to assert (by way of the commencement of an action, the joinder of the United States in an existing action or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity, whether presently known or unknown, contingent or real, which it may have had, or hereafter have, including, but not limited to, claims under CERCLA sections 107 and 113, against the United States for Matters Addressed. Nothing in this paragraph shall prohibit Plaintiff from commencing an action to

4- Modified Agreement and Order

enforce this Agreement. **This release and covenant not to sue shall be effective on the Effective Date of this Agreement.**

## 5.   RELEASE AND COVENANT NOT TO SUE BY UNITED STATES AND RESERVATION

The United States hereby releases and covenants not to sue Plaintiff for Matters Addressed, except the United States specifically reserves its right to assert against Plaintiff any claims or actions regarding the Site brought on behalf of the United States Environmental Protection Agency or a natural resource trustee. Nothing in this paragraph shall prohibit the United States from commencing an action to enforce this Agreement. This release and covenant not to sue shall be effective on the Effective Date of this Agreement.

## 6.   DISCLOSURE

Plaintiff and the Settling Federal Agency each represent that, to the best of their respective knowledge, each has disclosed and produced all relevant, non-privileged information and documents within their respective possession, custody or control required by the Case Management Order entered in this case on February 3, 2003, and that the Plaintiff and the Settling Federal Agency have each conducted a "reasonable inquiry" pursuant to the Federal Rules of Civil Procedure in preparing their respective submissions. The Parties have entered into this Agreement in reliance upon these representations.

## 7.   DENIAL OF LIABILITY

This Agreement is not intended to be, and shall not be construed or interpreted to be, an admission of liability or responsibility by any of the Parties hereto. The Parties hereto expressly deny any and all liability or responsibility arising from occurrences or transactions pertaining to the Site.

## 8.   COMMUNICATIONS

a.    All communications with the United States with respect to this Agreement shall be sent to the representative designated below, or such other representative as the United States may hereafter designate in writing:

D. Judith Keith, Esquire
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3747

5- Modified Agreement and Order

b.    All communications with Plaintiff with respect to this Agreement, and any notification required by this Agreement, shall be sent to the representative designated below, or such other representative as Plaintiff may hereafter designate in writing:

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey  08043
(856) 761-3400

## 9.    PARTIES BOUND

This Agreement applies to, is binding upon, and inures to the benefit of Plaintiff (and Plaintiff's successors, assigns, and designees) and the United States.

## 10.    COSTS AND FEES

The Parties shall each bear their own costs and expenses, including attorneys' fees, in this case.

## 11.    RESERVATION OF RIGHTS AS TO NON-PARTIES TO AGREEMENT

The Plaintiff and the United States specifically reserve their rights to maintain all claims including, but not limited to, those for contribution, indemnification, and/or cost recovery against persons and entities not a party to this Agreement; provided, however, that pursuant to the Memorandum Order, the United States, in its capacity as a settling defendant, may not sue non-settling defendants for contribution or indemnification.  The United States' right, acting in its enforcement capacity, to assert against non-settling defendants any claims or actions regarding the Site brought on behalf of the United States Environmental Protection Agency or a natural resource trustee is expressly preserved.

## 12.    AMENDMENTS

This Agreement may be amended only by the written consent of the Parties.

## 13.    JURISDICTION

The Parties agree that any original action commenced by the Parties containing a claim for recovery under, or enforcement, interpretation or modification of, this Agreement must be commenced in the United States District Court for the Eastern District of Pennsylvania.

## 14.    NO WAIVER

The failure of a Party to insist on strict performance of any, or all of, the terms of this Agreement, or to exercise any right or remedy under this Agreement, shall not

constitute a waiver or relinquishment of any such right or remedy or any other right or remedy. No waiver of any breach or default hereunder shall be valid unless in writing and signed by the Party giving such waiver, and no such waiver shall be deemed to waive any subsequent breach or default.

## 15. REPRESENTATIVE AUTHORITY

The individuals signing this Agreement on behalf of the Parties hereby certify that they are authorized to bind their respective party to this Agreement. Each Boarhead Farm Agreement Group member represents and warrants that the execution, delivery and performance of this Agreement has been duly authorized on its behalf and is within its corporate or partnership power and authority and that the person signing on behalf of the corporation or partnership has sufficient authority and has been duly authorized to execute this Agreement. Each Party represents and warrants to the other party that this Agreement constitutes a legal, valid, and binding obligation enforceable against such Party in accordance with its terms.

## 16. EFFECT OF SETTLEMENT/ENTRY OF JUDGMENT

a.    This Agreement was negotiated and executed by Plaintiff and the United States in good faith and at arms length and is a fair and equitable compromise of claims, which were vigorously contested. This Agreement shall not constitute or be construed as an admission of liability by the Parties, nor is it an admission or denial of any factual allegations set out in the Complaint or an admission of violation of any law, rule, regulation, or policy by any of the Parties.

b.    Upon approval and entry of this Agreement by the Court, this Agreement shall constitute a final judgment among the Parties.

## 17. DISMISSAL WITH PREJUDICE OF COMPLAINT

Upon approval of this Agreement, all claims against the United States in this Action, whether alleged in the complaint or as a cross-claim or third-party claim, or otherwise, shall be dismissed with prejudice.

## 18. GENERAL PROVISIONS

a.    This Agreement has been negotiated in good faith, and any ambiguities shall be construed on the basis that the Agreement has been authored by all Parties.

b.    This Agreement, and all amendments hereof, shall be construed in accordance with federal law.

c.    The Parties agree that this Agreement arises out of negotiations related to settlement of actual or potential legal claims and all Parties agree that this Agreement shall not be offered, considered, or admissible in any administrative or judicial proceeding.

7- Modified Agreement and Order

other than in proceedings by Plaintiff, or the United States, to implement or enforce this Agreement.

      d.    Titles and headings to articles or sections herein are inserted merely for convenience of reference and are not intended to be a part of or to affect the meaning or interpretation of this Agreement.

      e.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**CONTINUED ON NEXT PAGE**

## BOARHEAD FARMS SETTLEMENT AGREEMENT - SIGNATURE PAGES

WITNESS the execution hereof by the undersigned.

For the Plaintiff:

| Party: | Agere Systems, Inc. | Cytec Industries Inc. |
|---|---|---|
| By: | | |
| Date: | | |
| Name: | | |
| Title: | | |

| Party: | Ford Motor Company | SPS Technologies, Inc. |
|---|---|---|
| By: | | |
| Date: | | |
| Name: | Thomas J. DeZure<br>Assistant Secretary | |
| Title: | | |

| Party: | TI Group Automotive Systems LLC |
|---|---|
| By: | |
| Date: | |
| Name: | |
| Title: | |

CONTACT FOR CORRESPONDENCE RELATING TO THIS AGREEMENT:

Name:     Glenn A. Harris, Esquire

Address:  Ballard Spahr Andrews & Ingersoll, LLP
          Plaza 1000, Suite 500, Main Street
          Voorhees, New Jersey 08043

**CONTINUED ON NEXT PAGE**

8 – Boarhead Farms Settlement Agreement

BOARHEAD FARMS SETTLEMENT AGREEMENT - SIGNATURE PAGES

WITNESS the execution hereof by the undersigned.

For the Plaintiff:

Party:    Agere Systems, Inc.                Cytec Industries Inc.

By:       _Jocelyn T. W. Grandpre_           _____

Date:     _Oct 20, 2004_                     _____

Name:     _Jocelyn T. de Grandpre_           _____

Title:    _Corporate Counsel_                _____


Party:    Ford Motor Company                 SPS Technologies, Inc.

By:       _____               _____

Date:     _____               _____

Name:     _____               _____

Title:    _____               _____


Party:    TI Group Automotive Systems LLC

By:       _____

Date:     _____

Name:     _____

Title:    _____

CONTACT FOR CORRESPONDENCE RELATING TO THIS AGREEMENT:

Name:     Glenn A. Harris, Esquire

Address:  Ballard Spahr Andrews & Ingersoll, LLP
          Plaza 1000, Suite 500, Main Street
          Voorhees, New Jersey  08043

**CONTINUED ON NEXT PAGE**

8 - Boarhead Farms Settlement Agreement

# BOARHEAD FARMS SETTLEMENT AGREEMENT - SIGNATURE PAGES

WITNESS the execution hereof by the undersigned.

For the Plaintiff:

**Party:**   **Agere Systems, Inc.**            **Cytec Industries Inc.**

By: _____     _____

Date: _____     _____

Name: _____     _____

Title: _____     _____

SPS Technologies, LLC

**Party:**   **Ford Motor Company**    f/k/a  **SPS Technologies, Inc.**

By: _____     Dennis Shea

Date: _____     21-OCT-2004

Name: _____     Dennis Shea

Title: _____     Director Legal & Environmental Affairs

**Party:**   **TI Group Automotive Systems LLC**

By: _____

Date: _____

Name: _____

Title: _____

## CONTACT FOR CORRESPONDENCE RELATING TO THIS AGREEMENT:

Name:      Glenn A. Harris, Esquire

Address:   Ballard Spahr Andrews & Ingersoll, LLP
           Plaza 1000, Suite 500, Main Street
           Voorhees, New Jersey 08043

## CONTINUED ON NEXT PAGE

8 - Boarhead Farms Settlement Agreement

## BOARHEAD FARMS SETTLEMENT AGREEMENT - SIGNATURE PAGES

WITNESS the execution hereof by the undersigned.

For the Plaintiff:

**Party:**    **Agere Systems, Inc.**                    **Cytec Industries Inc.**

By: _____    _____

Date: _____    _____

Name: _____    _____

Title: _____    _____

**Party:**    **Ford Motor Company**                     **SPS Technologies, Inc.**

By: _____    _____

Date: _____    _____

Name: _____    _____

Title: _____    _____

**Party:**    **TI Group Automotive Systems LLC**

By: _____

Date: _____09.15.04_____

Name: _____TIMOTHY M. GUERRIERO_____

Title: _____SECRETARY_____

CONTACT FOR CORRESPONDENCE RELATING TO THIS AGREEMENT:

Name:    Glenn A. Harris, Esquire

Address:    Ballard Spahr Andrews & Ingersoll, LLP
            Plaza 1000, Suite 500, Main Street
            Voorhees, New Jersey  08043

**CONTINUED ON NEXT PAGE**

Upon approval of this Agreement, all claims against the United States in this Action, whether alleged in the complaint or as a cross-claim or third-party claim, or otherwise, shall be dismissed with prejudice.

## 18.     GENERAL PROVISIONS

a.     This Agreement has been negotiated in good faith, and any ambiguities shall be construed on the basis that the Agreement has been authored by all Parties.

b.     This Agreement, and all amendments hereof, shall be construed in accordance with federal law.

c.     The Parties agree that this Agreement arises out of negotiations related to settlement of actual or potential legal claims and all Parties agree that this Agreement shall not be offered, considered, or admissible in any administrative or judicial proceeding, other than in proceedings by Plaintiff, or the United States, to implement or enforce this Agreement.

d.     Titles and headings to articles or sections herein are inserted merely for convenience of reference and are not intended to be a part of or to affect the meaning or interpretation of this Agreement.

e.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

### CONTINUED ON NEXT PAGE

**BOARHEAD FARMS SETTLEMENT AGREEMENT - SIGNATURE PAGES**

WITNESS the execution hereof by the undersigned.

For the Plaintiff:

**Party: Agere Systems, Inc.**                    Cytec Industries Inc.

By:                                               _Roy L. H_____

Date:                                             10 - 29 - 04,

Name:                                             Roy Smith

Title:                                            VP & General Counsel

**Party: Ford Motor Company**                    SPS Technologies, Inc.

By:

Date:

Name:

Title:

6 -- Βοαρηεαδ Φαρμσ Σεττλεμεντ Αγρεεμεντ

## BOARHEAD FARMS SETTLEMENT AGREEMENT - SIGNATURE PAGES

WITNESS the execution hereof by the undersigned.

For the United States:

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources
Division

Date: ~~Nov. 2 2004~~

D. JUDITH KEITH
Attorney
United States Department of Justice
Environment & Natural Resources
    Division
Environmental Defense Section
P.O. Box 23986
Washington D.C. 20026-3986
(202) 514-3747

**CONTINUED ON NEXT PAGE**

10- Modified Agreement and Order

## ORDER

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds that this

Agreement is consistent with applicable law, in good faith, and in the public interest. THE

FOREGOING Agreement is hereby APPROVED.

This Court further Orders that:

1.    In accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), the United
States is entitled to, as of the effective date of the Agreement, contribution protection
pursuant to the Uniform Comparative Fault Act and any other applicable provision of federal
or state law, whether by statute or common law.

2.    Consistent with this Court's Memorandum Order, issued June 30, 2004 in this
Action, the United States, in its capacity as a settling defendant, may not sue non-settling
defendants for contribution inasmuch as this Agreement does not extinguish the liability of
non-settling defendants to Plaintiff. Nothing in this Order shall be deemed to limit the United
States, acting in its enforcement capacity, from asserting against non-settling defendants any
claims or actions regarding the Site brought on behalf of the United States Environmental
Protection Agency or a natural resource trustee (see CERCLA §§ 107(a), (f), 42 U.S.C. §§
9607(a), f)).

3.    The Uniform Comparative Fault Act governs in determining the extent to which
the non-settling defendants' liability should be offset by this Agreement.

4.    All claims against the United States in this Action, whether alleged in the
complaint or as a cross-claim or third-party claim, or otherwise, are hereby dismissed with
prejudice.

5.    There being no just reason for delay, this Court expressly directs, pursuant to

Rule 54(b), Fed. R. Civ. P., ENTRY OF FINAL JUDGMENT in accordance with the terms of

this Agreement.

SIGNED and ENTERED this _____ day of_____. 2004.

Plaintiff and the United States shall each bear their own costs and expenses, including

attorneys' fees, in this case.

_____
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT         :
GROUP,                          :
                 Plaintiff,     :        CIVIL ACTION
                                :
        v.                      :        NO. 02-3830
                                :
ADVANCED ENVIRONMENTAL          :
TECHNOLOGY CORPORATION,         :
ET. AL.                         :
                                :
                 Defendants.    :

## CERTIFICATION OF SERVICE

**Dawn M. Neukirch**, of full age, certifies as follows:

1.      I am employed by the law firm of Ballard Spahr Andrews & Ingersoll,

LLP, as a legal secretary.

2.      On this date, I caused one copy of Joint Motion by Plaintiff Boarhead

Farm Agreement Group and Defendant United States for Approval of Amended Settlement

Agreement and Dismissal and supporting documents in the above-captioned matter to be served

via first class U.S. mail upon the following:

ALL DEFENDANTS ON ATTACHED SERVICE LIST

I hereby certify that the foregoing statements made by me are true.  I am aware

that if any of the foregoing statements made by me are willfully false, I am subject to

punishment.

Dated:  November 3, 2004            _____ Dawn M. Neukirch /s/ _____
                                    Dawn M. Neukirch

VH_DOCS_A #165275 v1

## *Boarhead Farm Defendants' Service List*
## *File No. 892241*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
Phone: 973-325-1500
Fax: 973-325-1501
e-mail: tsabino@wolffsamson.com

    *-and-*

Robert M. Morris, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street
P.O. Box 30477
Philadelphia, PA 19103
Phone: 215-568-5621
Fax: 215-568-3253
e-mail: rmmorris@morrisadelman.com
*Advanced Environmental Technology Corp.*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
    Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Phone: 973-994-1700
Fax: 973-994-1744
e-mail: mflax@carellabyrne.com
*Handy & Harman Tube Company*

Lynn Wright, Esquire
Edwards & Angell, LLP
750 Lexington Avenue
New York, New York 10022-1200
Phone: 212-308-4411
Fax: 212-308-4844
e-mail: lwright@ealaw.com
*Carpenter Technology Corporation*

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA 19103-7396
Phone: 215-979-1000
Fax: 215-979-1020
e-mail: secooley@duanemorris.com
*Flexible Circuits & Etched Circuits*

      -and-

A. Nicole Friant, Esquire
Duane Morris LLP
One Liberty Place
Suite 4200
Philadelphia, PA 19103-7396
Phone: 215-979-1818
Fax: 215-979-1020
e-mail: anfriant@duanemorris.com


Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1815
Phone: 215-557-2900
Fax: 215-557-2990
e-mail: schawaga@monteverde.com
*Merit Metals Products Corp.*


Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Phone: 215-998-2700
Fax: 215-988-2757
e-mail: Andrew.foster@dbr.com
*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*

*-and-*

Adina Marie Bingham, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Phone:  215-988-2700
Fax:  215-988-2757
e-mail:  Adina.Bingham@dbr.com


Edward Fackenthal, Esquire
Law Office of Edward Fackenthal
One Montgomery Plaza
Suite 209
Norristown, PA  19401
Phone:  (610) 279-3370
Fax:  (610) 279-0696
*NRM Investment Co.*
e-mail:  edwardfackenthal@cs.com


Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
Suite 1600
121 South Broad Street
Philadelphia, PA  19107
Phone:  215-546-0500
Fax:  215-546-9444
e-mail:  rbiedrzycki@pp-b.com
*Ashland, Inc.*