IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM
AGREEMENT GROUP,

                Plaintiff,

       v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

                Defendants

Civil Action No. 02-CV-3830

**OBJECTIONS AND RESPONSES OF PLAINTIFF
BOARHEAD FARM AGREEMENT GROUP TO
FIRST SET OF INTERROGATORIES OF DEFENDANT
ASHLAND INC., DESIGNATED BY PLAINTIFF AS
ASHLAND CHEMICAL COMPANY, ADDRESSED TO PLAINTIFF**

       Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by its undersigned attorney, objects and responds to the First Set of Interrogatories of Defendant Ashland, Inc., Designated by Plaintiff as Ashland Chemical Company, Addressed to Plaintiff ("First Set of Interrogatories"), as follows:

**I.**    **GENERAL OBJECTIONS**

       1.  Plaintiff objects to each interrogatory to the extent that it seeks information not in Plaintiff's possession, custody or control.

       2.  Plaintiff objects to each interrogatory to the extent that it seeks information already in the possession, custody or control of Ashland Chemical Company ("Ashland").

       3.  Plaintiff objects to each interrogatory to the extent that it seeks information which is publicly available and, thus, to which Ashland has the same access as Plaintiff.

4.   Plaintiff objects to each interrogatory to the extent that it seeks information protected by the attorney-client privilege or any other applicable privilege. Any inadvertent disclosure of privileged information shall not constitute a waiver of the attorney-client or any other applicable privilege.

5.   Plaintiff objects to each interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, opinions or legal theories of its attorneys or other representatives. Any inadvertent disclosure of work product shall not constitute a waiver of any work product protection.

6.   Plaintiff objects to each interrogatory to the extent that it is unlimited in time or scope.

7.   Plaintiff objects to each interrogatory to the extent that it is unduly burdensome or designed to be harassing.

8.   Plaintiff objects to each interrogatory to the extent that it is vague or ambiguous.

## II.    INTERROGATORIES AND RESPONSES

Subject to and without waiving the foregoing General Objections, Plaintiff makes the following responses to the First Set of Interrogatories:

1.    Identify each shipment of Hazardous Substances Plaintiff contends was generated and/or transported to and disposed of at the Site by or on behalf of Ashland and, for each such shipment, provide the following:

      a.    the precise nature of each type of Hazardous Substance;

      b.    the date of each shipment;

      c.    the location and the identity of the owner and operator of each Ashland facility from which each shipment was transported to and disposed of at the Site;

      d.    the identity of the transporter of each shipment;

e.     the identity of each arranger, if any, of each shipment;

f.     the identity and employer of the driver of the transport vehicle;

g.     the volume of each type of Hazardous Substances transported to and disposed of at the Site;

h.     the type and identity of each tank wagon, drum, vessel or other container in which each Hazardous Substance was transported to and disposed of at the Site;

i.     the manner in which each Hazardous Substance was disposed of at the Site and the exact location at the Site at which each was disposed;

j.     the identity of all persons believed by Plaintiff to have information or knowledge about the transportation to and disposal of each Hazardous Substance at the Site;

k.     the identity of any and all documents evidencing, referring or relating to each shipment;

l.     for each party whom Plaintiff has identified as an arranger in response to Interrogatory no. l(e) above:

(i)     the date(s) on which each such arranger agreed to and/or did arrange for the transportation and disposal of each shipment at the Site;

(ii)    the exact nature and type of each Hazardous Substance which each such entity arranged to be transported and/or disposed of at the Site;

(iii)   the identity of any and all documents evidencing, referring or relating to each such arrangement; and

(iv)    any and all documents evidencing, referring or relating to the transportation to and disposal of each Hazardous Substance at the Site as arranged by each such arranger.

**RESPONSE: Plaintiff further objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B. Braun Medical, Inc. v. Abbott Laboratories,* **155 F.R.D. 525, 527 (E.D. Pa. 1994). Subject to and without waiving the foregoing objection, Plaintiff responds that information concerning the Ashland waste**

containing Hazardous Substances that DCC removed from Ashland, including information

concerning some or all of the information requested in the subparts to this interrogatory, is

reflected in the Ashland/AETC and Southland documents located in the Boarhead

Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735

Market Street, Philadelphia, PA 19103 ("the Boarhead Document Repository").

      2.     Identify with specificity each type of Hazardous Substance which the EPA's ROD

referred to in ¶ 14 of Plaintiff's Third Amended Complaint was specifically directed by the EPA

to be cleaned up and, for each type of Hazardous Substance:

**RESPONSE: Plaintiff further objects to Interrogatory No. 2 as vague and ambiguous**

**insofar as EPA did not direct the ROD to clean up any Hazardous Substance. Plaintiff**

**further objects to Interrogatory No. 2 as unduly burdensome insofar as it requires Plaintiff**

**to conduct a search of publicly available documents that are equally as accessible to**

**Ashland as to Plaintiff, and refers Ashland to the same. Plaintiff further objects that the**

**EPA's ROD is a document that, as such, speaks for itself.**

      a.     identify each person or entity that Plaintiff contends generated each
               Hazardous Substance;

**RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention**

**interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully**

**developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories,***

**155 F.R.D. 525, 527 (E.D. Pa. 1994).**

      b.     identify each person or entity that Plaintiff contends transported to and
               disposed of each Hazardous Substance at the Site;

**RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention**

**interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully**

developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994).

      c.    the identity of each person or entity that Plaintiff contends arranged for the transportation to and disposal of each Hazardous Substance at the Site;

**RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994).**

      d.    the date(s) Plaintiff contends or believes each Hazardous Substance was transported to and disposed of at the Site;

**RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994).**

      e.    the volume of the Hazardous Substance Plaintiff contends was transported to and disposed of at the Site on each occasion;

**RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994).**

      f.    the identity of all documents evidencing, referring or relating to the EPA's directive that each type of Hazardous Substance be cleaned up from the Site;

**RESPONSE: Plaintiff incorporates by reference its response to Interrogatory No. 2.**

      g.    the identity of all documents evidencing, referring or relating to the transportation to and disposal of each shipment of Hazardous Substances to the Site;

**RESPONSE:** Plaintiff further objects to this interrogatory as overly broad and unduly burdensome insofar as it requests Plaintiff to identify all of the specified documents pertaining to "each shipment" of Hazardous Substances to the Site.

> h.    the identity of all documents evidencing, referring or relating to the arrangement by any person or entity for the shipment of each Hazardous Substance to the Site; and

**RESPONSE:** Plaintiff further objects to this interrogatory as overly broad and unduly burdensome. Without waiving any such objections, documents reflecting the arrangement for shipment of Hazardous Substances to the Site are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

> i.    the identity of all persons believed by Plaintiff to have information or knowledge about the transportation and disposal, or arrangement for the transportation and disposal, of each Hazardous Substance to the Site and provide a summary of the information or knowledge each such person is believed to possess.

**RESPONSE:** Plaintiff further objects that this request seeks information protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, this request is overly broad and burdensome. Without waiving any such objections, Plaintiff directs Ashland to the documents concerning Site response activities located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are

available for inspection and copying upon reasonable notice. By way of further response,

Kenneth Gross, a mechanic for various DeRewal entities who may have such knowledge,

lives at 53 Byers Road, Ottsville, PA 18944 and has a phone number of 610-847-5717. By

way of further response, John Coleman, an Echo worker at the Revere facility who may

have such knowledge, lives at 2555 Keiser Rd., Quakertown, PA 18951 and has a phone

number of 215-536-2029. By way of further response, David F. Michelman, Esquire, 2207

Chestnut St., Philadelphia, PA 19103, (215) 557-9440 and Thomas Healey, City of

Philadelphia, (215) 592-6233 have knowledge of the creation of the July 5, 1978 letter to

Manfred DeRewal from the Philadelphia Water Department alleging DCC disposal of

wastes at the Wissinoming Industrial Park.

       3.     Set forth with particularity and itemize the response costs allegedly incurred by

Plaintiff for OU-1 activities as a result of the alleged releases of Hazardous Substances from the

Site and, with respect to such costs:

       a.     set forth the exact amount and/or percentage of the Hazardous Substances
transported to and disposed of, or arranged to be transported to and
disposed of, at the Site by each Defendant, each member of BFAG, and
each other person or entity;

       b.     set forth with particularity Plaintiffs estimate of the response costs it
contends it will or probably will incur in the future as a result of alleged
releases of Hazardous Substances disposed of at the Site and identify any and all
documents evidencing, referring or relating to such estimated response costs;

       c.     the identity of all documents evidencing, referring or relating to such
response costs; and

       d.     the identity of all witnesses believed by Plaintiff to have information or
knowledge relating to such response costs and set forth a summary of the
information or knowledge each is believed to possess.

**RESPONSE: Plaintiff further objects that, with respect to future response costs, it is**

**seeking a declaration of each defendant's equitable share of all necessary costs of response**

as incurred in the future by it consistent with the national contingency plan, and not a money judgment for any estimate of such costs. To the extent this interrogatory seeks plaintiff's current estimates of such costs or information and documents related to such estimates, it seeks information that is neither relevant nor will lead to the discovery of admissible evidence. By way of further objection, this interrogatory constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994). Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the information sought in this interrogatory about response costs incurred to date by Plaintiff can be derived or ascertained from schedules of such costs and invoices reflected on those schedules, all of which are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103.

4.    Set forth with particularity and itemize the response costs allegedly incurred by Plaintiff for OU-2 activities as a result of the alleged releases of Hazardous Substances from the Site and, with respect to such costs:

a.    set forth the exact amount and/or percentage of the Hazardous Substances transported to and disposed of, or arranged to be transported to and disposed of, at the Site by each Defendant, each member of BFAG, and each other person or entity;

b.    set forth with particularity Plaintiffs estimate of the response costs it contends it will or probably will incur in the future as a result of alleged releases of Hazardous Substances disposed of at the Site and identify any and all documents evidencing, referring or relating to such estimated response costs;

c.    the identity of all documents evidencing, referring or relating to such response costs; and

      d.    the identity of all witnesses believed by Plaintiff to have information or knowledge relating to such response costs and set forth a summary of the information or knowledge each is believed to possess.

**RESPONSE:** *See* **response to Interrogatory No. 3.**

     5.    Set forth with particularity and itemize the response costs allegedly incurred by Plaintiff for threatened releases or discharges of Hazardous Substances at the Site and state the amount of such costs which Plaintiff contends were incurred as a result of the transportation to and disposal of, or the arrangement for transportation to and disposal of, Hazardous Substances at the Site by each Defendant, each member of BFAG, and each other person or entity.

**RESPONSE:** *See* **response to Interrogatory No. 3.**

     6.    Does Plaintiff contend that Ashland had prior knowledge that Hazardous Substances generated by it would be transported to and disposed of at the Site and, if so, state:

      a.    all facts upon which Plaintiff relies in support of such contention;

      b.    the identity of all documents upon which Plaintiff relies in support of such contention; and

      c.    the identity of all persons believed to have information or knowledge relating to any such knowledge Plaintiff contends Ashland possessed.

**RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B. Braun Medical, Inc. v. Abbott Laboratories,* **155 F.R.D. 525, 527 (E.D. Pa. 1994).**

     7.    Does Plaintiff contend that response costs were or will be incurred by it as the result of metals in the groundwater or soil at the Site and, if so, state:

      a.    the exact nature and type of such metals;

      b.    the identity of the generator of each metal or Hazardous Substance containing such metals;

c.  the identity of the generator of such substances;

d.  the identity of the transporter(s) of such substances;

e.  the identity of any arrangers for the transportation to and disposal of such metals or Hazardous Substances containing such metals at the Site; and

f.  for each such generator, transporter and arranger, the date and volume of the metals and Hazardous Substances containing metals transported to and disposed of at the Site and the identity of any and all documents evidencing, referring or relating to each such shipment.

**RESPONSE**: **Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B. Braun Medical, Inc. v. Abbott Laboratories,* **155 F.R.D. 525, 527 (E.D. Pa. 1994). Without waiving any such objections,** *see* **the ROD and other EPA documents located in the Document Repository with respect to Site response activities.**

8.  For the OU-1 activities as alleged in Plaintiffs Third Amended Complaint identify the exact nature, type, amount and source of the Hazardous Substances that have been and/or are being remediated by such activities and the response costs incurred to date by Plaintiff in performing OU-1 activities and the estimated response costs to be incurred by Plaintiff for the operation and performance of OU-1 activities and describe with particularity the clean up work accomplished and expected to be accomplished by such OU-1 activities.

**RESPONSE**: **Plaintiff further objects that, with respect to future response costs, it is seeking a declaration of each defendant's equitable share of all necessary costs of response as incurred in the future by it consistent with the national contingency plan, and not a money judgment for any estimate of such costs. To the extent this interrogatory seeks plaintiff's current estimates of such costs or information and documents related to such estimates, it seeks information that is neither relevant nor will lead to the discovery of**

admissible evidence. **Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the information sought in this interrogatory about response costs incurred to date by Plaintiff can be derived or ascertained from schedules of such costs and invoices reflected on those schedules, all of which are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response,** *see* **the ROD and other EPA documents located in the Document Repository with respect to Site response activities.**

9.      For the OU-2 activities as alleged in Plaintiffs Third Amended Complaint, identify the exact nature, type, amount and source of the Hazardous Substances that have been and/or are being remediated by such activities and the response costs incurred to date by Plaintiff in performing OU-2 activities and the estimated response costs to be incurred by Plaintiff for the operation and performance of OU-2 activities and describe with particularity the clean up work accomplished and expected to be accomplished by such OU-2 activities.

**RESPONSE:** *See* **response to Interrogatory No. 8.**

10.      Identify each contractor hired, retained and/or paid by Plaintiff to perform clean up work for which Plaintiff seeks contribution from the Defendants and, for each such contractor, identify:

      a.      each contract or agreement pursuant to which Plaintiff hired, retained and/or paid the contractor;

      b.      the nature and scope of the work agreed to be performed by each contractor;

      c.      the nature and scope of the work actually performed by each contractor;

      d.      the amount of billings by each contractor for such work and the amounts paid by Plaintiff to each contractor;

      e.      the estimated amount of the bills Plaintiff expects each such contractor will generate for work completed or to be performed by each such contractor;

f.    the identity of any and all documents evidencing, referring or relating to
each such contract or agreement, all such work and all such past and
future billings; and

g.    the identity of any and all documents evidencing, referring or relating to
all work performed by the contractor and the contractor's billings therefor.

**RESPONSE: Plaintiff further objects that this request is overly broad and unduly
burdensome. Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the
information sought in this interrogatory can be derived or ascertained from documents
concerning Site response costs and activities located in the Boarhead Document Repository
at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street,
Philadelphia, PA 19103. By way of further response, such documents may be included in
documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932.
Such non-privileged documents are available for inspection and copying upon reasonable
notice.**

11.    Set forth an itemization of the response costs allegedly incurred by EPA prior to
July 2000 as alleged in ¶20 of Plaintiffs Third Amended Complaint and identify all documents
evidencing, referring or relating to such response costs.

**RESPONSE: Plaintiff further objects that this request is overly broad and unduly
burdensome. Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the
information sought in this interrogatory can be derived or ascertained from documents
concerning EPA's alleged response costs located in the Boarhead Document Repository at
the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia,
PA 19103. By way of further response, such documents may be included in documents
located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-
privileged documents are available for inspection and copying upon reasonable notice.**

12.    Set forth an itemization of the response costs allegedly incurred by EPA in and subsequent to July 2000 as alleged in ¶20 of Plaintiffs Third Amended Complaint and identify all documents evidencing, referring or relating to such response costs.

**RESPONSE:** *See* **response to Interrogatory No. 11.**

13.    Set forth with particularity the attorney's fees allegedly incurred by Plaintiff in the course of performance of the alleged OU-1 and OU-2 activities and the Consent Decrees as alleged in ¶23 of Plaintiffs Third Amended Complaint and identify any and ail documents evidencing, referring or relating to such alleged fees incurred by Plaintiff.

**RESPONSE: Plaintiff further objects that this request is overly broad and unduly burdensome. Without waiving any such objections, invoices reflecting such attorney's fees are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.**

14.    Set forth with particularity Plaintiffs estimate of additional response costs it believes it will incur as alleged in ¶24 of Plaintiff s Third Amended Complaint and:

      a.    identify each witness with information or knowledge pertaining to such estimated additional response costs; and

      b.    identify any and all documents evidencing, referring or relating to such additional response costs.

**RESPONSE: Plaintiff further objects that, with respect to future response costs, it is seeking a declaration of each defendant's equitable share of all necessary costs of response as incurred in the future by it consistent with the national contingency plan, and not a money judgment for any estimate of such costs. To the extent this interrogatory seeks**

plaintiff's current estimates of such costs or information and documents related to such estimates, it seeks information that is neither relevant nor will lead to the discovery of admissible evidence.

15.     For each member of the Boarhead Farms Agreement Group:

     a.     identify all Hazardous Substances generated, transported or disposed of by such member at the Site;

     b.     the volume of Hazardous Substances generated, transported or disposed of by each member at the Site;

     c.     the dates of each shipment of each member's Hazardous Substances disposed of at the Site;

     d.     the identity of each transporter of each shipment of each member's Hazardous Substances disposed of at the Site;

     e.     identify any and all documents evidencing, referring or relating to the generation of, transportation to and disposal of each member's Hazardous Substance at the Site:

     f.     identify all persons or entities, if any, that arranged for the transportation to and disposal of each member's Hazardous Substance at the Site and the date and volume of each such Hazardous Substance disposed of at the Site as arranged by each such entity;

     g.     the identity and location of each facility of each member at which each Hazardous Substance disposed of at the Site was generated;

     h.     for the period starting one year before the earliest shipment of each member's Hazardous Substance to the Site and ending one year after the last such shipment, identify all other facilities at which Hazardous Substances generated or transported by each member was disposed of, other than the Boarhead Site; and

     i.     the identity of each witness believed to have information or knowledge of the matters addressed in the previous subparts of this Interrogatory and a summary of the information or knowledge each is believed to possess.

**RESPONSE: Plaintiff objects that it has no independent knowledge of any Hazardous Substances generated, transported or disposed of by it at the Site. By way of further objection, the phrase "identify all other facilities at which Hazardous Substances generated**

or transported by each member was disposed of, other than the Boarhead Site" is vague, confusing, ambiguous and unintelligible.

16.    Identify all agreements and contracts evidencing, referring or relating to each and every arrangement for the transportation to and disposal of each BFAG member's Hazardous Substances at the Site.

**RESPONSE: Plaintiff objects that it did not arrange for the transportation to and disposal of Hazardous Substances at the Site.**

17.    Identify all agreements and contracts evidencing, referring or relating to each and every arrangement by Ashland for the transportation to and disposal of Hazardous Substances at the Site as alleged in 1148 of Plaintiff s Third Amended Complaint.

**RESPONSE : Plaintiff incorporates by reference its response to Interrogatory No. 1. By way of further answer, all agreements and contracts evidencing, referring or relating to each and every arrangement by Ashland for the transportation to and disposal of Hazardous Substances at the Site in Plaintiff's possession, custody or control are contained in the nexus files for Ashland and AETC in the Boarhead Document Repository.**

18.    Set forth and identify with particularity all information and documents supporting Plaintiffs contention that it and/or its members is, are, or were Potentially Responsible Parties responsible for or liable to the EPA and/or PADEP for response costs arising out of the release of Hazardous Substances at the Site.

**RESPONSE:**  Plaintiff objects that the phrase "it and/or its members is, are, or were

Potentially Responsible Parties responsible for or liable to the EPA and/or PADEP for

response costs arising out of the release of Hazardous Substances at the Site" is vague,

confusing, and ambiguous.  Without waiving any such objections, *see* the two Consent

Decrees and Administrative Consent Orders located in the Boarhead Document Repository

at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street,

Philadelphia, PA  19103.  By way of further response, the members of BFAG have orally

agreed collectively to undertake the cleanup work comprising OU-1 and OU-2.


                                        AS TO OBJECTIONS


Dated: 09/14/04

                                        _____
                                        Glenn Harris, Esquire
                                        Attorney I.D. No. 51222
                                        BALLARD SPAHR ANDREWS &
                                        INGERSOLL, LLP
                                        Plaza 1000
                                        Suite 500
                                        Voorhees, NJ 08043-4636

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOARHEAD FARM<br>AGREEMENT GROUP,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED ENVIRONMENTAL<br>TECHNOLOGY CORPORATION, et al.,<br><br>　　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　　Civil Action No. 02-CV-3830 |

**OBJECTIONS AND RESPONSES OF PLAINTIFF
BOARHEAD FARM AGREEMENT GROUP TO
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
OF DEFENDANT ASHLAND INC., DESIGNATED BY PLAINTIFF
AS ASHLAND CHEMICAL COMPANY, DIRECTED TO PLAINTIFF**

Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by its undersigned

attorney, objects and responds to the First Request for Production of Documents of Defendant

Ashland Inc., Designated by Plaintiff as Ashland Chemical Company, Directed to Plaintiff

("Document Requests"), as follows:

**I.    GENERAL OBJECTIONS**

1.    Plaintiff objects to each document request to the extent that it seeks information not in

Plaintiff's possession, custody or control.

2.    Plaintiff objects to each document request to the extent that it seeks information

already in the possession, custody or control of Ashland Chemical Company ("Ashland").

3.    Plaintiff objects to each document request to the extent that it seeks information

which is publicly available and, thus, to which Ashland has the same access as Plaintiff.

4.  Plaintiff objects to each document request to the extent that it seeks information

protected by the attorney-client privilege or any other applicable privilege.  Any inadvertent

disclosure of privileged information shall not constitute a waiver of the attorney-client or any

other applicable privilege.

5.  Plaintiff objects to each document request to the extent that it seeks the discovery of

the mental impressions, conclusions, opinions or legal theories of its attorneys or other

representatives.  Any inadvertent disclosure of work product shall not constitute a waiver of any

work product protection.

6.  Plaintiff objects to each document request to the extent that it is unlimited in time or

scope.

7.  Plaintiff objects to each document request to the extent that it is unduly burdensome

or designed to be harassing.

8.  Plaintiff objects to each document request to the extent that it is vague or ambiguous.

## II.    DOCUMENT REQUESTS

Subject to and without waiving the foregoing General Objections, Plaintiff makes

the following responses to the Document Requests:

1.  All statements, signed or unsigned, including transcriptions of any recorded
statements concerning this action, from all witnesses and persons with information or knowledge
relating to the facts alleged in Plaintiffs Third Amended Complaint, including, but not limited to,
any statements from the Plaintiff, the other parties herein and/or their respective agents.

**RESPONSE:  Plaintiff further objects that the only non-privileged responsive documents**

**are documents created by others and deposition transcripts of persons unaffiliated with**

**Plaintiff.  Without waiving any such objections, Plaintiff refers Ashland to the documents**

located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews &

Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response,

such documents may be included in documents located at Pitney Hardin, 200 Campus

Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for

inspection and copying upon reasonable notice.

    2. All documents that evidence, relate or refer to any response costs, losses and expenses
allegedly incurred or sustained by Plaintiff as a result of the release(s) as alleged in Plaintiffs
Third Amended Complaint.

**RESPONSE:** **By way of further objection, this request is overly broad and unduly**

**burdensome. Without waiving any such objections, documents reflecting response costs**

**incurred by Plaintiff and invoices reflecting recoverable attorneys fees are located in the**

**Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP,**

**1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents**

**may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park,**

**New Jersey 07932. Such non-privileged documents are available for inspection and**

**copying upon reasonable notice.**

    3. All documents that evidence, relate or refer to any future response costs, losses and
expenses that Plaintiff believes it will incur or sustain as a result of the release(s) as alleged in
Plaintiffs Third Amended Complaint.

**RESPONSE:** **Plaintiff further objects that, with respect to future response costs, it is**

**seeking a declaration of each defendant's equitable share of all necessary costs of response**

**as incurred in the future by it consistent with the national contingency plan, and not a**

**money judgment for any estimate of such costs. To the extent this request seeks plaintiff's**

**current estimates of such costs or information and documents related to such estimates, it**

**seeks information that is neither relevant nor will lead to the discovery of admissible**

**evidence. Without waiving any such objections, documents reflecting response actions**

taken and response costs incurred by Plaintiff are located in the Boarhead Document

Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street,

Philadelphia, PA 19103. By way of further response, such documents may be included in

documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932.

Such non-privileged documents are available for inspection and copying upon reasonable

notice.

　　　4. All documents used, consulted, referred to, identified or requested to be identified by
Plaintiff in its Answers to Ashland's First Set of Interrogatories Addressed to Plaintiff.

**RESPONSE: Without waiving any such objections, Plaintiff refers Ashland to the**

**documents located in the Boarhead Document Repository at the Offices of Ballard Spahr**

**Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further**

**response, such documents may be included in documents located at Pitney Hardin, 200**

**Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are**

**available for inspection and copying upon reasonable notice.**

　　　5. Any and all documents used, consulted, referred to, identified or requested to be
identified by Plaintiff in answer to any and all other Defendants' Interrogatories addressed to
Plaintiff in this action.

**RESPONSE: Plaintiff further objects to this document request as overly broad and unduly**

**burdensome.**

　　　6. Any and all investigation files and other documents in Plaintiffs possession or control
concerning the alleged generation, transportation and/or disposal by Ashland of Hazardous
Substances at the Site.

**RESPONSE: Plaintiff further objects that the phrase "investigation files and other**

**documents" is vague, confusing, and ambiguous. By way of further objection, this request**

**is overly broad and burdensome. By way of further objection, this request seeks**

**documents that are protected by the attorney-client and/or common interest privileges**

and/or the work product doctrine. By way of further objection, any files assembled by

Plaintiff concerning the alleged generation, transportation and/or disposal by any other

persons or parties of Hazardous Substances at the Site are comprised solely of documents

created by others and deposition transcripts of persons unaffiliated with Plaintiff, and thus

constitute attorney work product. Without waiving any such objections, Plaintiff refers

Ashland to the documents concerning EPA's investigation located in the Boarhead

Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735

Market Street, Philadelphia, PA 19103. By way of further response, such documents may

be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New

Jersey 07932. Such non-privileged documents are available for inspection and copying

upon reasonable notice.

7.    Any and all investigation files and other documents in Plaintiffs possession or control
concerning the alleged generation, transportation and/or disposal by Plaintiff of Hazardous
Substances at the Site.

RESPONSE: Plaintiff further objects that the phrase "investigation files and other

documents" is vague, confusing, and ambiguous. By way of further objection, this request

is overly broad and burdensome. By way of further objection, this request seeks

documents that are protected by the attorney-client and/or common interest privileges

and/or the work product doctrine. By way of further objection, any files assembled by

Plaintiff concerning the alleged generation, transportation and/or disposal by any other

persons or parties of Hazardous Substances at the Site are comprised solely of documents

created by others and deposition transcripts of persons unaffiliated with Plaintiff, and thus

constitute attorney work product. Without waiving any such objections, Plaintiff refers

Ashland to the documents concerning EPA's investigation located in the Boarhead

Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735

Market Street, Philadelphia, PA 19103. By way of further response, such documents may

be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New

Jersey 07932. Such non-privileged documents are available for inspection and copying

upon reasonable notice.

       8.  Any and all investigation files and other documents in Plaintiffs possession or control concerning the alleged generation, transportation and/or disposal by any other persons or parties of Hazardous Substances at the Site.

**RESPONSE:**  **Plaintiff further objects that the phrase "investigation files and other**

**documents" is vague, confusing, and ambiguous. By way of further objection, this request**

**is overly broad and burdensome. By way of further objection, this request seeks**

**documents that are protected by the attorney-client and/or common interest privileges**

**and/or the work product doctrine. By way of further objection, any files assembled by**

**Plaintiff concerning the alleged generation, transportation and/or disposal by any other**

**persons or parties of Hazardous Substances at the Site are comprised solely of documents**

**created by others and deposition transcripts of persons unaffiliated with Plaintiff, and thus**

**constitute attorney work product. Without waiving any such objections, Plaintiff refers**

**Ashland to the documents concerning EPA investigation located in the Boarhead**

**Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735**

**Market Street, Philadelphia, PA 19103. By way of further response, such documents may**

**be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New**

**Jersey 07932. Such non-privileged documents are available for inspection and copying**

**upon reasonable notice.**

       9.  All documents including, but not limited to, Releases, that evidence, relate or refer to any settlement agreement to which Plaintiff is a party and which in any way relates to the response costs, losses, damages, expenses and/or claims forming the subject matter of Plaintiffs Third Amended Complaint.

**RESPONSE:** Plaintiff further objects that this request is vague, confusing, and ambiguous. By way of further objection, this request seeks documents that are neither relevant nor will lead to the discovery of admissible evidence. Without waiving any such objections, *see* copies of executed settlement agreements with the settlement amounts redacted located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103.

10.    All documents that embody, evidence, refer or relate to all communications between BFAG and the USEPA, the PaDEP, the PaDER and/or any other party relating to the presence of and cleanup of Hazardous Substances at the Site.

**RESPONSE:** Plaintiff further objects that the phrase "relating to the presence of and cleanup of Hazardous Substances at the Site" is vague, confusing, and ambiguous. By way of further objection, this request is overly broad and burdensome. By way of further objection, this request seeks documents that are neither relevant nor will lead to the discovery of admissible evidence. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. Without waiving any such objections, *see* non-privileged documents reflecting Site response activities and correspondence with USEPA and PADEP, all located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

11.    Any and all documents embodying, evidencing, referring or relating to any and all agreements entered into by BFAG relating to the cleanup of the Site.

**RESPONSE:** Plaintiff further objects that the phrase "relating to cleanup of the Site" is vague, confusing, and ambiguous. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, this request is overly broad and unduly burdensome. Without waiving any such objections, *see* agreements between BFAG and remedial action contractors located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

12.    Any and all documents embodying, evidencing, referring or relating to BFAG's status or designation as a Potentially Responsible Party with respect to the presence and/or cleanup of Hazardous Substances at the Site.

**RESPONSE:** Plaintiff further objects that the phrase "BFAG's status or designation as a Potentially Responsible Party with respect to the presence and/or cleanup of Hazardous Substances at the Site" is vague, confusing, and ambiguous.

13.    Any and all documents embodying, evidencing, referring or relating to the cleanup of the Site.

**RESPONSE:** Plaintiff further objects that the phrase "relating to cleanup of the Site" is vague, confusing, and ambiguous. By way of further objection, this request is overly broad and burdensome. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. Without waiving any such objections, *see* documents reflecting Site response actions located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of

further response, such documents may be included in documents located at Pitney Hardin,

200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are

available for inspection and copying upon reasonable notice.

14.    Any and all documents embodying, evidencing, referring or relating to all
communications and transactions between and among Ashland and any other person or entity relative to
the generation, transportation and/or disposal of Hazardous Substances which Plaintiff contends or
believes were disposed of at the Site.

**RESPONSE:** Subject to and without waiving the foregoing General Objections, Plaintiff

responds that all documents in Plaintiff's possession, custody and/or control concerning

communications and transactions between and among Ashland and any other person or

entity relative to the generation, transportation and/or disposal of Hazardous Substances at

the Site are contained in the nexus files for Ashland and AETC located at the Boarhead

Document Repository, and refers Ashland to the same.

15.    Any and all documents, not produced in response to the above Requests, including, but
not limited to, reports of laboratory tests and analyses, evidencing, referring or relating to the
presence at the Site of Hazardous Substances generated, transported and/or disposed of at the Site by
Ashland, by anyone acting on Ashland's behalf, and/or by an arranger.

**RESPONSE:** Plaintiff further objects that this request is unintelligible. By way of further

objection, this request seeks documents that are protected by the attorney-client and/or

common interest privileges and/or the work product doctrine. By way of further objection,

this request is overly broad and burdensome. Without waiving any such objections,

Plaintiff refers Ashland to the documents concerning Site response activities located in the

Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP,

1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents

may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park,

New Jersey 07932. Such non-privileged documents are available for inspection and

copying upon reasonable notice.

16.     Any and all documents, not produced in response to the above Requests, including, but not limited to, reports of laboratory tests and analyses, evidencing, referring or relating to the presence at the Site of Hazardous Substances generated, transported and/or disposed of at the Site by Plaintiff, by anyone acting on Plaintiffs behalf, and/or by an arranger.

**RESPONSE: Plaintiff further objects that this request is unintelligible. Without waiving**

**any such objections, Plaintiff directs Ashland to the documents concerning Site response**

**activities located in the Boarhead Document Repository at the offices of Ballard Spahr**

**Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA  19103. By way of**

**further response, such documents may be included in documents located at Pitney Hardin,**

**200 Campus Drive, Florham Park, New Jersey  07932. Such non-privileged documents are**

**available for inspection and copying upon reasonable notice.**

17.     Any and all documents, not produced in response to the above Requests, including, but not limited to, reports of laboratory tests and analyses, evidencing, referring or relating to the presence at the Site of Hazardous Substances generated, transported and/or disposed of at the Site by any other person or entity, by anyone acting on behalf of any such other person or entity, and/or by an arranger.

**RESPONSE: Plaintiff further objects that this request is unintelligible. By way of further**

**objection, this request seeks documents that are protected by the attorney-client and/or**

**common interest privileges and/or the work product doctrine. By way of further objection,**

**this request is overly broad and burdensome. Without waiving any such objections,**

**Plaintiff directs Ashland to the documents concerning Site response activities located in the**

**Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP,**

**1735 Market Street, Philadelphia, PA  19103. By way of further response, such documents**

**may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park,**

**New Jersey  07932. Such non-privileged documents are available for inspection and**

**copying upon reasonable notice.**

Dated: 09/14/04

Glenn Harris, Esquire
Attorney I.D. No. 51222
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
Plaza 1000
Suite 500
Voorhees, NJ 08043-4636