IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL | : | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

### REVISED ORDER

AND NOW, this 30th day of November, 2004, upon consideration of Plaintiff Boarhead Farm Agreement Group and Defendant United States' Joint Motion for Approval of Amended Settlement Agreement and Dismissal (Doc. No. 117), filed November 3, 2004, it is hereby ordered that the Motion is GRANTED as unopposed.[1]  It is further ORDERED as follows:

1. In accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), Defendant United States is entitled to, as of the effective date of the Agreement, contribution protection pursuant to the Uniform Comparative Fault Act and any other applicable provision of federal or state law;

2. Consistent with this Court's Memorandum Order, issued June 30, 2004, Defendant United States, in its capacity as settling defendant, may not sue non-settling defendants for contribution inasmuch as this Agreement does not extinguish the liability of non-

---

[1] Failure to respond to a properly filed motion within the time set forth by Local R. of Civ. Procedure 7.1 permits the court to treat th emotion as uncontested. Fiore v. Giant Food Stores, 1998 U.S. Dist. LEXIS 5418 (E.D.Pa. Apr. 17, 1998).  The response was not filed by the November 17, 2004 deadline.

settling defendants to Plaintiff.  Nothing in this Order shall be deemed to limit the United States, acting in its enforcement capacity, from asserting against non-settling defendants any claims or actions regarding the Site brought on behalf of the United States Environmental Protection Agency or a natural resource trustee, <u>see</u> CERCLA §§ 107(a), (f), 42 U.S.C. §§ 9607(a)(f);

3. The Uniform Comparative Fault Act governs in determining the extent to which the non-settling defendants' liability should be offset by this Agreement;

4. All claims against the United States in this Action, whether alleged in the complaint or as a cross-claim or third-party claim, or otherwise, are hereby dismissed with prejudice;

5. There being no just reason for delay, this Court expressly directs, pursuant to Federal Rule of Civil Procedure 54(b), entry of judgment in accordance with the terms of this Agreement.

                                        **BY THE COURT:**

                                        <u>**S/LEGROME D. DAVIS, J**</u>
                                        **Legrome D. Davis, J.**