**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | Civil Action No. 02-3830 (LDD) |
| Plaintiff, | |
| v. | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | |
| Defendants. | |

**DEFENDANT ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION'S
BRIEF IN SUPPORT OF MOTION TO OVERRULE OBJECTIONS
AND TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF**

                                                    WOLFF & SAMSON PC
                                                    The Offices at Crystal Lake
                                                    One Boland Drive
                                                    West Orange, New Jersey 07052
                                                    (973) 325-1500
                                                    Attorneys for Defendant, Advanced
                                                    Environmental Technology Corporation

On the Brief:
     Diana Buongiorno, Esq.
     Thomas Sabino, Esq.

## TABLE OF CONTENTS

                                                          **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

LEGAL ARGUMENT ............................................................................................................... 6

CONCLUSION ........................................................................................................................ 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

**Page**

*B. Braun Medical, Inc. v. Abbot Laboratories*, 155 F.R.D. 525 (E.D. PA 1994) ............................ 8

*Cone Mills Corp. v. Joseph Bancroft & Sons Co.*, 33 F.R.D. 318 (D. Del. 1963) ......................... 6

*In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985) ................ 8

*Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93 (E.D.Pa. 1992) ..................................... 8

*Matis v. Velsicol Chemical Corp.*, 786 F. Supp. 971 (N.D. Ga. 1991) ................................. 9

*Morton International v. A.E. Staley Manufacturing, et al.*, 343 F.3d 699 (3rd Cir. 2003) .......... 6, 7

*Sterns & Foster v. Franklin Holding*, 947 790, 801 (D.N.J. 1996) .................................... 7

*Trans Pacific Insurance Company v. Trans-Pacific Insurance Company*, 1990 U.S. Dist. LEXIS 14506 (E.D.Pa 1990) ...................................................................... 7

### STATUTES

Fed.R.Civ.P. 33(c) .................................................................................. 8

Fed. R. Civ. P. 37 .................................................................................. 1

Fed. R. Civ. P. 37(a) ............................................................................... 6

Fed R. Civ. P. 37(a)(3) ............................................................................. 6

CERCLA, 42 U.S.C.S. §9607(a)(3) ..................................................................... 6

## **PRELIMINARY STATEMENT**

The polluted property at issue in this CERCLA cost-recovery action was subjected to illegal and surreptitious "midnight dumping" by its owner. Thus, with no direct evidence, Plaintiff's Interrogatory answers are critical for each defendant to understand the claims and alleged proofs against it. Accordingly, in the face of inadequate and evasive Interrogatory answers from the Plaintiff, Defendant, Advanced Environmental Technology Corporation ("AETC") moves to compel responsive Interrogatory answers from the Plaintiff.

On July 14, 2004 AETC served its Initial Set of Interrogatories and Document Demands ("AETC's Discovery Demands") on Plaintiff, Boarhead Farm Agreement Group ("BFAG"). AETC's Discovery Demands were focused on understanding the factual basis for the claims asserted by BFAG in its Amended Complaint. On September 14, 2004, BFAG provided objections and responses to AETC's Discovery Demands that were wholly inadequate, incomplete, evasive and deficient under Fed. R. Civ. P. 37. AETC's discovery demands are limited in scope and are reasonably calculated to lead to the discovery of admissible evidence. BFAG is in gross derogation of its obligation to provide discovery. Despite having sued AETC, Plaintiff now refuses to provide detailed information of the claim against AETC. Accordingly, AETC seeks an order overruling BFAG's objections and compelling complete responses to AETC's Discovery Demands.

932056.01

## STATEMENT OF FACTS

This matter involves the Boarhead Farm Superfund Site (the "Site") located on Lonely Cottage Road, Upper Black Eddy, Bridgeton Township, Bucks County, Pennsylvania, which is contaminated with hazardous substances. (Amended Complaint, ¶ 1). Plaintiff BFAG, an unincorporated association, asserts claims under Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, and Section 103 of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. Cons. STAT. § 6020.103, for contribution for any and all response costs incurred by the five individual entities that make up BFAG. (Amended Complaint ¶1).

Historically, the Site was not authorized for waste disposal but rather was used for "midnight dumping." Therefore, the usual proofs consisting of trip tickets, permits, etc. are lacking. Rather, BFAG has sued based upon interviews its counsel had with members of the DeRewal family (the owners of the Site).

In the Amended Complaint, BFAG alleges in a conclusory manner that AETC "arranged with DeRewal Chemical for the disposal of Hazardous Substances from Defendants Ashland Chemical Company ("Ashland") and Diaz Chemical Corporation ("Diaz").[1] (Amended Complaint ¶ 27, 142 and 157). In an attempt to understand these sketchy allegations against it, AETC served its Discovery Demands upon BFAG on July 14, 2004. Those Discovery Demands sought the factual basis for BFAG's claims against AETC. On September 14, 2004, BFAG served its "Objections and Responses" to AETC's Discovery Demands. (Exhibit A to Declaration of Thomas Sabino, Esq., submitted herewith). After review of BFAG's responses to AETC's Discovery Demands, AETC sent a discovery deficiency letter to BFAG on September

---

[1] AETC was a broker who acted as the go-between between DeRewal Chemical and defendants Ashland Chemical and Diaz Chemical. AETC was neither a generator of waste or a transporter of waste.

22, 2004, requesting more specific answers to certain interrogatories. (Exhibit B.) The September 22, 2004 letter identified twelve answers that were evasive or incomplete (interrogatory numbers 2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14 and 16) and requested more specific answers to those interrogatories. AETC advised BFAG that if it did not provide the more specific answers as requested, AETC would seek court intervention. In response, BFAG essentially restated its prior baseless objections and evasive responses. (Exhibit C.) By letter dated October 7, 2004, AETC renewed its request for more specific responses to its Discovery Demands and explained in detail why AETC is entitled to the discovery sought. (Exhibit D.) However, BFAG has not written a letter in response nor provided the requested amended interrogatory answers in response to AETC's October 7, 2004 letter.

In its Discovery Demands, AETC asked BFAG to specify the factual basis for the allegations in the Amended Complaint and AETC's alleged connection to the Site. In response, BFAG answered in only a superficial manner.

**Interrogatory Nos. 2, 3, 4 & 6 – The Morton Factors**

Interrogatory number 2 asks, "If plaintiff alleges that AETC is an "arranger" under CERCLA, set forth with particularity the factual basis for that allegation and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that allegation." (Exhibit A). Rather than answer the question asked, BFAG refers AETC to the response to interrogatory number 1, which does not provide an answer to interrogatory number 2 and only implies that BFAG has not yet "fully developed" its theory that AETC is an arranger. However, BFAG has alleged that "AETC arranged with DeRewal Chemical for the disposal of hazardous substances …" (Third Amended Complaint, ¶31.) Therefore, an answer is required.

932056.01                                          - 3 -

Interrogatory numbers 3, 4 and 6 likewise seek to ascertain whether the required factors for arranger liability under CERCLA can be supported by BFAG. Specifically, interrogatory number 3 asks, "If Plaintiff alleges that AETC <u>owned</u> the materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility …" (Exhibit A). Interrogatory number 4 asks, "If plaintiff alleges that AETC <u>possessed</u> the materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility…" (Exhibit A). Interrogatory number 6 requests that "if plaintiff alleges that AETC <u>controlled</u> the disposal process by which materials and/or hazardous substances were allegedly transported from the Ashland Facility and the Diaz Facility to the Sites, set forth with particularity the factual basis for that allegation and identify all persons with knowledge of those facts and identify all documents that support and/or relate to that allegation." (Exhibit A). BFAG responded to interrogatories numbers 3 and 4 by once again referring AETC to its response to interrogatory number 1 and objects to interrogatory number 6 as vague and ambiguous. However, these responses are highly inappropriate given the pleading filed by BFAG in which it asserts that AETC is an arranger for purposes of liability in this matter.

**<u>Interrogatory No. 7 – The Diaz Chemical Orphan Share</u>**

Interrogatory number 7 asks BFAG if it contends that AETC is responsible for Diaz Chemical's allocable share of liability.[2] BFAG's response is evasive and directs AETC to BFAG's response to interrogatory number 1, which does not address this issue in any manner. In its supplemental response, BFAG fails to provide a complete answer. Rather than set forth the factual basis for the contention, BFAG merely states that AETC is "a person liable for the Diaz waste disposed of at the Site. Plaintiff thus alleges that AETC's equitable share of liability must

---

[2] Defendant Diaz Chemical is bankrupt and apparently unable to contribute to the cleanup of the Site.

reflect that waste." (Exhibit C). BFAG also contends that it is premature to state whether Diaz has some separate equitable share of liability. (Exhibit C).

**Interrogatory Nos. 9 – 13: The Hazardous Substance and Response Costs Issues**

Interrogatory numbers 9 and 10 seek to ascertain the amount of hazardous waste allegedly generated by Ashland and Diaz. (Exhibit A). Interrogatory numbers 11 through 13 seek to ascertain the portion of response costs for which Ashland, Diaz and AETC are allegedly responsible. (Exhibit A). BFAG asserts these interrogatories are contention interrogatories that it is not able to answer. (Exhibit C.)

**Interrogatory No. 14 - The Midnight Dumping Issue**

Interrogatory number 14 asks BFAG if it "agrees or disagrees that DeRewal Chemical Company secretly and surreptitiously disposed of hazardous substances at the Site …" BFAG asserts it is unsure what is meant by "secret". (Exhibit C.)

**Interrogatory No. 16 – Admissions and Declarations Against Interest**

Interrogatory number 16 asks BFAG to identify any declarations against interest or admissions made by any party to the litigation. (Exhibit A). BFAG responds that "defendants have made declarations against interest and admissions in various forums …" yet does not specifically identify the defendants alleges to have made such declarations or admissions. BFAG's blanket response is inadequate.

BFAG's September 14, 2004 Objections and Responses, as supplemented by BFAG's September 29, 2004 "supplemental" responses remain inadequate. Despite AETC's request for substantial supplemental answers, BFAG has not responded. Nor has any attempt been made by BFAG to discuss this resolution of this dispute.

## LEGAL ARGUMENT

Fed. R. Civ. P. 37(a) provides that a party may apply for an order compelling discovery when a party fails to answer an interrogatory submitted under Rule 33. An evasive or incomplete response is to be treated as a failure to respond. Fed R. Civ. P. 37(a)(3); Cone Mills Corp. v. Joseph Bancroft & Sons Co., 33 F.R.D. 318, 321 (D. Del. 1963). Accordingly, AETC moves to compel specific responses based on the evasive and incomplete Interrogatory answers.

**Interrogatory Nos. 2, 3, 4 & 6 – The Morton Factors**

Interrogatory numbers 2, 3, 4 and 6 ask BFAG to explain its contention that AETC is an "arranger" for purposes of CERCLA liability. In Morton International v. A.E. Staley Manufacturing, et al., 343 F.3d 699 (3rd Cir. 2003), the Third Circuit established the standard for establishing the liability of an "arranger" under CERCLA, 42 U.S.C.S. §9607(a)(3). The factors in determining arranger liability are:

> (1) ownership or possession; and (2) knowledge; or (3) control. Ownership or possession of the hazardous substance must be demonstrated, but this factor alone will not suffice to establish liability. A plaintiff must also demonstrate whether control over the process that results in a release of hazardous waste or knowledge that such release will occur during the process.

Morton Int'l, Inc., 343 F.3d at 677-678. Therefore, a defendant may not be held liable unless plaintiff demonstrates ownership or possession and control of the hazardous substance by the defendant. Id. at 677.

AETC Interrogatory nos. 2, 3 4 & 6 address the Morton arranger factors of ownership, possession, knowledge and control. AETC is entitled to ascertain all facts relating to the Morton factors in order to adequately defend itself in this case. Plaintiff is stonewalling those efforts and should be ordered to answer in detail these Interrogatories.

The court considered a similar scenario in <u>Trans Pacific Insurance Company v. Trans-Pacific Insurance Company</u>, 1990 U.S. Dist. LEXIS 14506 (E.D.Pa 1990), in which the plaintiff sought discovery from the defendant concerning the factors needed to support an alter-ego theory of liability. 1990 U.S. Dist. LEXIS 14506 at 2. The <u>Trans Pacific</u> court overruled defendant's objection that certain interrogatories seeking the identity of shareholders, their number of shares held by each, number of employees and the identity of related entities were overly broad and unduly burdensome and compelled the defendant to provide responses. <u>Id</u>. at 2-3. The <u>Trans Pacific</u> court reasoned that the requested information was relevant and reasonably likely to lead to information which could establish the necessary factors supporting plaintiff's theory of alter-ego liability. <u>Id</u>. The same result applies to Plaintiff BFAG and the <u>Morton</u> factors.

**<u>Interrogatory No. 7 – The Diaz Chemical Orphan Share</u>**

BFAG contends that AETC is responsible for Diaz Chemical's allocable share of liability. Interrogatory number 7 is tailored to ascertain the factual basis for this contention. (Exhibit A.) Rather than provide the appropriate discovery response, BFAG refers AETC to its response to interrogatory number 1, which does not contain the information sought. Likewise, in its supplemental response, BFAG only confirms that AETC's equitable share of liability must reflect the Diaz waste but does not set forth the factual basis for such a conclusion. AETC disagrees that it should be held solely liable for Diaz Chemical's orphan share. <u>See</u> <u>e.g.</u>, <u>Sterns & Foster v. Franklin Holding</u>, 947 790, 801 (D.N.J. 1996) (in general, courts allocate orphan shares among <u>all</u> viable PRPs using equitable factors).

AETC has a right to be apprised of the relevant facts that BFAG possesses and intends to utilize to establish AETC's responsibility for the Diaz Chemicals orphan share and BFAG is obligated to provide this information in discovery including the identities of those persons with

932056.01 - 7 -

knowledge of those facts and documents supporting the allegation. To the extent that Interrogatory no. 7 calls for a legal conclusion, that does not bar Plaintiff from answering. See Fed.R.Civ.P. 33(c) (Interrogatories are "not necessarily objectionable merely because an answer to the Interrogatory involves an opinion or contention that relates to fact or the application of law to fact.")

**Interrogatory Nos. 9 – 13: The Hazardous Substance and Response Costs Issues**

Interrogatory numbers 9 through 13 seek to ascertain the amount of hazardous substances alleged to have been disposed of at the site by AETC's customers, Diaz and Ashland Chemical, and to determine the share of response costs for which each company and AETC are allegedly responsible. BFAG asserts these interrogatories are contention interrogatories that is it not yet able to answer, citing B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525 (E.D. PA 1994). However, Fed. R. Civ. P. 33(c) interrogatories involving a contention that relates to fact or the application of relevant law are not necessarily objectionable. Braun Medical, 155 F.R.D. 525, 527 (E.D.Pa. 1994). Where early answers "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56," contention interrogatories need not be deferred to a later stage of discovery. Id. citing Fischer and Porter Co. v. Tolson, 143 F.R.D. 93, 96 (E.D.Pa. 1992); In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 339 (N.D. Cal. 1985).

This case is almost two years old and has a document repository with over 100 boxes. Fact discovery is set in end in January 2005. It can hardly be considered a case in its early stages. Plaintiff's hiding behind the Braun Medical case is evasive and not justified.

932056.01	- 8 -

**Interrogatory No. 14 - The Midnight Dumping Issue**

Interrogatory number 14 asks BFAG if it agrees or disagrees "that DeRewal Chemical Company secretly and surreptitiously disposed of hazardous substances at the Site?" Interrogatory number 14 further asks BFAG to set forth the factual basis, the identity of individuals with knowledge and documents supporting BFAG's answer. There is nothing confusing about this interrogatory, yet Plaintiff asks AETC to explain what "secret and surreptitiously" means. That is stonewalling.

This issue is critical to the defense of whether a fraud was committed on AETC and the other defendants. Back in the 1970's, De Rewal Chemical represented to the defendants that it was transporting their waste to licensed facilities. Instead, it engaged in "midnight dumping" at the Site. At a minimum, this issue is relevant to an equitable allocation of cleanup costs. Moreover, at least one court has held that fraud is a defense to a CERCLA claim for contribution. Matis v. Velsicol Chemical Corp., 786 F. Supp. 971 (N.D. Ga. 1991) (allowing plaintiffs to amend their answer to the counterclaim to assert the defense of fraud). Plaintiff BFAG should be ordered to answer Interrogatory no. 14.

**Interrogatory No. 16 – Admissions and Declarations Against Interest**

Interrogatory number 16 follows a similar course in that it seeks to discover the identities and substance of any declarations against interest and/or admissions. Rather than provide AETC with the identities of the persons alleged to have made the statements and substance thereof, BFAG responds in a overbroad manner that "defendants have made declarations against interest and admissions in various forums including in their pleadings, in response to discovery propounded in connection with this case, and in documents filed with governmental agencies as public records and which are equally as accessible to defendants as they are to Plaintiff."

(Exhibit A). The evasive and incomplete response continues in BFAG's supplemental response in which it contends that "Plaintiff has no obligation now to examine each line of deposition testimony, each sentence in each 104(e) request, and each document provided to the EPA with such requests to determine whether any statements contained therein are either admissions or statements against interest under the Federal Rules of Evidence." (Exhibit C).

Plaintiff instituted this action and yet now avoids its fundamental discovery obligations. What Plaintiff considers an admission or declaration against interest is critical evidence that AETC and the other defendants must be allowed to know prior to trial in order to avoid surprise.

## **CONCLUSION**

For the foregoing reasons, AETC respectfully requests that his Court grant AETC's motion to overrule objections and compel BFAG to provide more specific responses to AETC's Initial Set of Interrogatories within a date certain as established by the Court.

                                        Respectfully submitted,

                                        WOLFF & SAMSON PC
                                        The Offices at Crystal Lake
                                        One Boland Drive
                                        West Orange, New Jersey 07052
                                        Attorneys for Defendant, Advanced
                                        Environmental Technology Corporation

                              By: _____
                                          THOMAS SABINO (TS 6491)

Dated:  November 30, 2004