WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
ATTORNEYS FOR DEFENDANT, ADVANCED ENVIRONMENTAL TECHNOLOGY CORP. (TS-6491)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL<br>TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 02-3830 (LDD)<br><br><br>**DECLARATION OF THOMAS SABINO IN SUPPORT OF DFENDANT AETC'S MOTION TO OVERRULE OBJECTIONS AND COMPEL PLAINTIFF BOARHEAD FARM AGREEMENT GROUP TO RESPOND TO AETC'S DISCOVERY REQUESTS** |

THOMAS SABINO, pursuant to 28 U.S.C. 1746 hereby declares as follows:

1.      I am an attorney-at-law admitted to practice law before this Court <u>Pro Hac Vice</u> in connection with the above captioned matter and a Senior Attorney with the firm of Wolff & Samson, attorneys for Defendant Advanced Environmental Technology Corp. ("AETC") in the within matter.

2.      I submit this declaration in support of AETC's motion to overrule the objections of Plaintiff, Boarhead Farm Agreement Group ("BFAG") and to compel BFAG to provide responses to AETC's Initial Set of Interrogatories and  Document Demands ("AETC's Discovery Requests").

931885.01

3.    AETC's counsel has conferred in good faith with counsel for BFAG in an effort to secure the information sought without the intervention of this Court. However, these efforts have been unsuccessful.

4.    On September 14, 2004, BFAG provided AETC with its "Objections and Responses" to AETC's Discovery Requests. A true and accurate copy of BFAG's "Objections and Responses" to AETC's Discovery Requests is annexed hereto as Exhibit A.

5.    By letter dated September 22, 2004, AETC advised counsel for BFAG that the majority of its Objections and Responses to AETC's Initial Set of Interrogatories dated September 14, 2004 were inadequate, incomplete, and/or evasive and requested supplemental responses to specific interrogatories, including, interrogatories 2-4, 6-7, 9-14 and 16. The September 22, 2004 letter also provided the required notice, pursuant to Fed. R. Civ. P. 37, that a motion would be filed if supplemental responses were not provided in a timely fashion. A true and accurate copy of the September 22, 2004 letter to Glenn A. Harris, Esq. is annexed hereto as Exhibit B.

6.    On September 29, 2004, BFAG responded by providing additional responses to the interrogatories. A true and accurate copy of the September 29, 2004 letter from Monique M. Mooney, Esq. supplementing BFAG's responses to interrogatories is annexed hereto as Exhibit C.

7.    Thereafter, on October 7, 2004, AETC's counsel once again wrote to counsel for BFAG to advise that Plantiff's interrogatory responses remained insufficient and specifically identified what information was lacking and cited legal authority supporting AETC position that responses to certain interrogatories remained due. A true and accurate copy of the October 7, 2004 letter to Monique M. Mooney, Esq. is annexed hereto as Exhibit D.

  7.  To date, BFAG has not fully and completely answered AETC's Discovery Requests.


I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 29, 2004

_____ /s/ Thomas Sabino _____
THOMAS SABINO

931885.01

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOARHEAD FARM AGREEMENT GROUP,   :

               Plaintiff,         :        CIVIL ACTION

             v.            :        NO. 02-3830

                      :

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, ET. AL.  :

           Defendants.     :

---

**OBJECTIONS AND RESPONSES OF PLAINTIFF
BOARHEAD FARM AGREEMENT GROUP TO ADVANCED
ENVIRONMENTAL TECHNOLOGY CORPORATION'S INITIAL
SET OF INTERROGATORIES AND DOCUMENT DEMANDS TO PLAINTIFF**

Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by its undersigned

attorney, objects and responds to Advanced Environmental Technology Corporation's Initial Set

of Interrogatories and Document Demands to Plaintiff ("Initial Interrogatories"), as follows:

**I.**    **GENERAL OBJECTIONS**

1.  Plaintiff objects to each interrogatory to the extent that it seeks information not in

Plaintiff's possession, custody or control.

2.  Plaintiff objects to each interrogatory to the extent that it seeks information already in

the possession, custody or control of AETC.

3.  Plaintiff objects to each interrogatory to the extent that it seeks information which is

publicly available and, thus, to which AETC has the same access as Plaintiff.

4.  Plaintiff objects to each interrogatory to the extent that it seeks information protected

by the attorney-client privilege or any other applicable privilege.  Any inadvertent disclosure of

privileged information shall not constitute a waiver of the attorney-client or any other applicable privilege.

5.  Plaintiff objects to each interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, opinions or legal theories of its attorneys or other representatives.  Any inadvertent disclosure of work product shall not constitute a waiver of any work product protection.

6.  Plaintiff objects to each interrogatory to the extent that it is unlimited in time or scope.

7.  Plaintiff objects to each interrogatory to the extent that it is unduly burdensome or designed to be harassing.

8.  Plaintiff objects to each interrogatory to the extent that it is vague or ambiguous.

## II.   **INTERROGATORIES AND RESPONSES**

Subject to and without waiving the foregoing General Objections, Plaintiff makes the following responses to the Initial Interrogatories:

1.  Set forth with particularity the factual basis for Plaintiff's allegation in paragraph 31 of the Complaint that AETC "arranged with DeRewal Chemical for the disposal of Hazardous Substances from Defendants Ashland Chemical Company and Diaz Chemical Corporation," and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that allegation.

**RESPONSE: Plaintiff further objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.  *See B.Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).  Subject to and without waiving the foregoing objection, Plaintiff responds that the factual bases for its claims against AETC in the Complaint, and the identities of the persons with knowledge of those facts, are contained in the documents comprising the nexus files for AETC, Ashland Chemical**

Company ("Ashland") and Diaz Chemical Corporation ("Diaz") located in the Boarhead

Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735

Market Street, Philadelphia, PA 19103, and refers AETC to the same.  By way of further

response, Plaintiff refers AETC to the deposition testimony that has been elicited in this

case including, but not limited to, the following testimony: the May 7, 2003 deposition

testimony of Manfred DeRewal, Sr., 170:16-185:15; the May 8, 2003 deposition testimony

of Manfred DeRewal, Sr., 260:22-266:25; the May 9, 2003 deposition testimony of Manfred

DeRewal, Sr., 496:15-500:5, 528:16-534:17; the May 15, 2003 deposition testimony of Linda

Cochran, 74:2-76:15, 80:20-81:21, 89:11-90:15; and all of the other deposition testimony

concerning DCC's disposal of waste at the Site.  Together, the above-referenced documents

and testimony establish that AETC entered into separate contracts with Ashland and Diaz

for the removal and disposal of wastes from those companies, and that, pursuant to those

contracts, Ashland and Diaz consigned their wastes to AETC for removal and disposal.

AETC separately contracted with DeRewal Chemical Company ("DCC") for DCC to haul

and dispose of the Ashland and Diaz wastes.  As evidenced by the above-referenced

documents, including, but not limited to, the shipping documents and invoices from AETC

to Ashland and Diaz, and from DCC to AETC, there were no contractual relationships

between DCC and Ashland or DCC and Diaz.  By way of further response, David F.

Michelman, Esquire, 2207 Chestnut St., Philadelphia, PA 19103, (215) 557-9440 and

Thomas Healey, City of Philadelphia, (215) 592-6233, have knowledge of the creation of the

July 5, 1978 letter to Manfred DeRewal from the Philadelphia Water Department alleging

DCC disposal of wastes at the Wissinoming Industrial Park.

2. If Plaintiff alleges that AETC is an "arranger" under CERCLA, set forth with particularity the factual basis for that allegation and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that allegation.

**RESPONSE: Plaintiff incorporates by reference its response to Interrogatory No. 1.**

3. If Plaintiff alleges that AETC owned the materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility to the Site, set forth with particularity the factual basis for that allegation and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that allegation.

**RESPONSE: Plaintiff incorporates by reference its response to Interrogatory No. 1.**

4. If Plaintiff alleges that AETC possessed the materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility to the Site, set forth with particularity the factual basis for that allegation and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that allegation.

**RESPONSE: Plaintiff incorporates by reference its response to Interrogatory No. 1.**

5. If Plaintiff alleges that AETC transported materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility to the Site, set forth with particularity the factual basis for that allegation and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that allegation.

**RESPONSE: Plaintiff further objects to the use of the phrase "AETC transported materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility to the Site" as vague and ambiguous. Subject to and without waiving the foregoing objection, Plaintiff does not allege that trucks owned by AETC conveyed materials and/or hazardous substances to the Site, but rather that AETC arranged for DCC to haul hazardous waste from facilities owned by Ashland and Diaz, and entered into separate contractual relationships with DCC and Ashland and Diaz, respectively, for that purpose. By way of further response, Plaintiff incorporates by reference its response to Interrogatory No. 1.**

6. If Plaintiff alleges that AETC controlled the disposal process by which materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility to the Site, set forth with particularity the factual basis for that allegation and

identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that allegation.

**RESPONSE:  Plaintiff further objects to the phrase "controlled the disposal process by which materials and/or hazardous substances that were allegedly transported from the Ashland Facility and the Diaz Facility to the Site" as vague and ambiguous.**

7.  If you contend that AETC has responsibility under CERCLA for Diaz's allocable share of liability in this Case (whatever that is determined to eventually be), set forth with particularity the factual basis for that contention, and identify all persons with knowledge of those facts and identify all documents that support and/or relate to that contention.

**RESPONSE:  Plaintiff incorporates by reference its response to Interrogatory No. 1.**

8.  Set forth in detail the investigation Plaintiff undertook, if any, to ascertain whether Diaz is a viable entity and/or has assets to satisfy any judgment that may be entered against Diaz in this Case, and identify all persons with knowledge of those facts and identify all documents that support and/or relate to that investigation.

**RESPONSE:  Plaintiff further objects to Interrogatory No. 8 as seeking information that constitutes attorney work product prepared in anticipation of litigation.  By way of further answer, Plaintiff performed internet-based research through PACER to determine that Diaz filed for protection under chapter 7 of the United States Bankruptcy Code and to ascertain the identity of the Chapter 7 Trustee.  Plaintiff then contacted the Chapter 7 Trustee, John Ring, Esquire, who informed Plaintiff that the U.S. Environmental Protection Agency holds a $10,000,000 administrative claim over and above millions of dollars of unsecured claims against Diaz.  The Trustee indicated that there would be no distribution.**

9.  Identify the total amount of hazardous substance that Plaintiff alleges was generated by Diaz that was eventually disposed of at the Site, and include in your answer the precise nature of those hazardous substances and the dates of each shipment that equal the total you allege.

**RESPONSE:  Plaintiff further objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet**

fully developed and, as such, is premature. *See B.Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994). Subject to and without waiving the foregoing objection, Plaintiff responds that the opinion of an expert may be relevant in responding to this interrogatory and that, at this time, Plaintiff has not yet identified any expert witnesses whom it expects to call at trial. By way of further answer, Plaintiff refers AETC to the deposition testimony of Manfred DeRewal, Sr., Bruce DeRewal, Linda Cochran, John Barsum, Jeffrey Shaak, Karen Porter and June Stephens elicited in this case; all of the other deposition testimony concerning DCC's disposal of waste at the Site; and the other documents comprising the nexus files for Diaz located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103.

10. Identify the total amount of hazardous substances the Plaintiff alleges was generated by Ashland that was eventually disposed of at the Site, and include in your answer the precise nature of those hazardous substances and the dates of each shipment that equal the total you allege.

RESPONSE: Plaintiff further objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B.Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994). Subject to and without waiving the foregoing objection, Plaintiff responds that this interrogatory calls for the opinion of an expert and that, at this time, Plaintiff has not yet identified any expert witnesses whom it expects to call at trial. By way of further answer, Plaintiff refers AETC to the deposition testimony of Manfred DeRewal, Sr., Bruce DeRewal, Linda Cochran, John Barsum, Jeffrey Shaak, Karen Porter and June Stephens elicited in this case; all of the other deposition testimony concerning DCC's disposal of waste at the Site; and the other

documents comprising the nexus files for Ashland located in the Boarhead Document

Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street,

Philadelphia, PA 19103.

11. What share of the Response Costs does Plaintiff allege AETC is responsible for, and set forth with particularity the precise rationale for your answer by identifying all documents, facts, numbers, expenses, damages, etc. utilized in calculating AETC's alleged share of Response Costs.

RESPONSE:  Plaintiff further objects to this interrogatory insofar as it constitutes a

contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet

fully developed and, as such, is premature.  *See B.Braun Medical, Inc. v. Abbott*

*Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

12. What share of the Response Costs does Plaintiff allege Diaz is responsible for, and set forth with particularity the precise rationale for your answer by identifying all documents, facts, numbers, expenses, damages, etc, utilized in calculating Diaz's alleged share of Response Costs.

RESPONSE:  Plaintiff further objects to this interrogatory insofar as it constitutes a

contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet

fully developed and, as such, is premature.  *See B.Braun Medical, Inc. v. Abbott*

*Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

13. What share of the Response Costs does Plaintiff allege Ashland is responsible for, and set forth with particularity the precise rationale for your answer by identifying all documents, facts, numbers, expenses, damages, etc. utilized in calculating Ashland's alleged share of Response Costs.

RESPONSE:  Plaintiff further objects to this interrogatory insofar as it constitutes a

contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet

fully developed and, as such, is premature.  *See B.Braun Medical, Inc. v. Abbott*

*Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

14. Does Plaintiff agree or disagree that DeRewal Chemical Company secretly and surreptitiously disposed of hazardous substances at the Site?  If you disagree, set forth with

particularity the factual basis for that disagreement and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that disagreement.

**RESPONSE:** **Plaintiff further objects to the phrase "secretly and surreptitiously" as vague and ambiguous and objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B.Braun Medical, Inc. v. Abbott Laboratories,* **155 F.R.D. 525, 527 (E.D. Pa. 1994). By way of further response, Plaintiff agrees that DeRewal Chemical Company disposed of hazardous substances at the Site.**

15. Does Plaintiff contend that the July 5, 1978 letter (and attachment) from the City of Philadelphia (Exhibit D18, marked on May 15, 2003) does not accurately reflect the sewer surcharges referenced therein? If you do so contend, set forth with particularity the factual basis for that contention and identify all persons with knowledge of those facts, and identify all documents that support and/or relate to that contention.

**RESPONSE:** **Plaintiff further objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B.Braun Medical, Inc. v. Abbott Laboratories,* **155 F.R.D. 525, 527 (E.D. Pa. 1994). Plaintiff further objects to the phrase "accurately reflect" as vague and ambiguous. Subject to and without waiving said objection, Plaintiff responds that, if this interrogatory is asking whether the Plaintiff contends that the information concerning the volumes and location and method of disposal of the wastes enumerated in the July 5, 1978 letter and attachment from the City of Philadelphia is correct, Plaintiff does not so contend. At the time the above-described letter was written, the City of Philadelphia lacked, and has not since obtained, a factual basis for the assumptions concerning volumes and location and method of disposal set forth in the above-described documents. In addition, the deposition testimony of,** *inter alia,* **Manfred DeRewal Sr. contradicts the assumptions set forth in these documents. Additional**

individuals with knowledge of facts pertaining to these documents include David

Michelman, Esquire, 2207 Chestnut St., Philadelphia, PA 19103 (215) 557-9440, and

Thomas Healy, City of Philadelphia (215) 592-6233. By way of further response, Plaintiff

refers AETC to the documents comprising the nexus files for AETC, Ashland and Diaz

located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews &

Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103.

16. If you contend that any party to this Case has, at any time, made any declaration
against interest or admissions, state:

    (a)    The name and address of the person making said declaration against
interest or admission;

    (b)    The name and address of the person to whom it was made;

    (c)    The nature of the declaration against interest or admission, in detail;

    (d)    If in writing, attach a copy hereto;

    (e)    The name and addresses of all persons present when the declaration
against interest or admission was made.

**RESPONSE:** **Plaintiff responds that defendants have made declarations against interest**

**and admissions in various forums including in their pleadings, in response to discovery**

**propounded in connection with this case, and in documents filed with governmental**

**agencies as public records and which are equally as accessible to defendants as they are to**

**Plaintiff. By way of further answer, Plaintiff refers AETC to the documents comprising**

**the nexus files for the defendants in this case located in the Boarhead Document Repository**

**at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street,**

**Philadelphia, PA 19103 and the deposition testimony of Manfred DeRewal, Sr., Bruce**

**DeRewal, Linda Cochran, John Barsum, Jeffrey Shaak, Karen Porter and June Stephens**

**elicited in this case.**

17. If you have in your possession, custody, or control any statements, whether written or oral, relevant to the subject matter of this Case from any individual, who is not a party to this Case, state:

    (a)    The name and address of the person making said statement;

    (b)    The name and address of the person to whom it was made;

    (c)    The nature of the statement, in detail;

    (d)    If in writing, attach a copy hereto;

    (e)    The name and addresses of all persons present when the statement was made.

**RESPONSE: Plaintiff responds that all discoverable non-party statements relevant to the subject matter of this case in Plaintiff's possession are contained in the files comprising the Boarhead Document Repository located at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103 and the deposition testimony of Bruce DeRewal, Linda Cochran, John Barsum, Jeffrey Shaak, Karen Porter and June Stephens elicited in this case.**

18. Identify all persons (including their last known address and telephone number) who you will or may call to testify at trial, together with a statement of the general subject matter of their testimony.

**RESPONSE: Plaintiff responds that, at this time, it has not yet identified the witnesses whom it expects to call at trial. Plaintiffs will identify the witnesses it expects to call at trial and will supplement its response to this interrogatory in accordance with the rules of this Court at an appropriate time.**

19. Identify by name, current address, and telephone number any and all persons or entities who have performed environmental consulting, investigatory, or remedial activities for or on behalf of You with regard to the Site.

    (a)    Identify, with specificity, said environmental consulting, investigatory, or remedial activities.

    (b)    Attach a copy of all documents identified in the answer to subsection (a) above.

**RESPONSE:** Plaintiff further objects that a request to "attach" copies of documents is not permitted by Rule 33. By way of further objection, this request is overly broad and unduly burdensome. By way of further objection, the word "investigatory" is vague, confusing, and ambiguous. Without waiving any such objections, Pursuant to Fed. R. Civ. P. 33(d), the information sought in this interrogatory can be derived or ascertained from documents concerning Site response costs and activities located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

## DOCUMENT REQUESTS

20. All documents whose identity was requested in the above initial Interrogatories.

**RESPONSE:** Plaintiff refers AETC to its responses to the Initial Interrogatories.

21. Any and all documents not located in the document repository that relate to AETC's alleged liability in this Case.

**RESPONSE:** Plaintiff responds that all discoverable documents in its possession, custody and/or control relating to AETC's liability in this case are located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

22. Any and all documents not located in the document repository that Plaintiff will use at trial to establish AETC's liability in this Case.

**RESPONSE:** **Plaintiff further objects to this document request insofar as it calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B.Braun Medical, Inc. v. Abbott Laboratories,* **155 F.R.D. 525, 527 (E.D. Pa. 1994). Subject to and without waiving the foregoing objection, Plaintiff responds that it has not yet identified the discoverable documents it will use at trial to establish AETC's liability in this Case. Plaintiff will identify the documents not contained in the Boarhead Document Repository that it will use at trial to establish AETC's liability in this Case and will supplement its response to this interrogatory in accordance with the rules of this Court at an appropriate time. By way of further response, to the best of Plaintiff's present knowledge and belief, all documents that Plaintiff will use at trial to establish AETC's liability are contained in the files comprising the Boarhead Document Repository located at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103.**

AS TO OBJECTIONS

Dated: September 14, 2004

_____
Glenn Harris, Esquire
Attorney I.D. No. 51222-
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
Plaza 1000
Suite 500
Voorhees, NJ 08043-4636

**EXHIBIT B**

# WOLFF & SAMSON PC

### COUNSELLORS AT LAW
### THE OFFICES AT CRYSTAL LAKE
### ONE BOLAND DRIVE
### WEST ORANGE, NEW JERSEY 07052
973-325-1500
TELECOPIER: 973-325-1501

NEW YORK OFFICE:
140 BROADWAY
FORTY-SIXTH FLOOR
NEW YORK, NEW YORK 10005
212-973-0572

WWW.WOLFFSAMSON.COM

WRITER'S E-MAIL:
TSABINO@WOLFFSAMSON.COM
WRITER'S DIRECT DIAL:
973-530-2044
WRITER'S TELECOPIER:
973-530-2244

DAVID SAMSON
*ARTHUR S. GOLDSTEIN*
ARMEN SHAHINIAN*
THOMAS R. O'BRIEN*
GAGE ANDRETTA*
DANIEL A. SCHWARTZ*
KAREN L. GILMAN
KENNETH N. LAPTOOK*
FREDRIC P. LAVINTHAL
DAVID M. HYMAN*
DAVID L. SCHLOSSBERG
ROGER J. BREENE
PAUL M. COLWELL
ROBERT E. NIES
MORRIS BIENENFELD*
DENNIS M. TOFT
JEFFREY M. GUSSOFF*
M. JEREMY OSTOW
JOHN F. CASEY
JAMES D. FERRUCCI
JOHN M. SIMON

JOHN A. McKINNEY, JR.
STEPHEN L. FERSZT*
LAURENCE M. SMITH
WILLIAM E. GOYDAN*
DARRYL WEISSMAN*
MICHAEL R. FRISCIA*
PETER E. NUSSBAUM
LORI GRIFA*
MICHELLE A. SCHAAP
ADAM K. DERMAN
ANDREW SAMSON
ADAM P. FRIEDMAN*
SCOTT D. BARON*
MITCHELL S. BERKEY*

CARL B. LEVY
RHONDA CARNIOL*
BARBARA S. HUTCHEON
ANDREW D. ELLIS
OF COUNSEL

*MEMBER NJ AND NY BARS
^REGISTERED PATENT ATTORNEY

MARTIN L. WIENER (1942 - 2002)

AARON D. BASSAN
ROXANNA E. HAMMETT
LAUREN M. O'SULLIVAN
ROBERT L. TCHACK
JOSEPH ZAWILA
ROBERT M. SILVERSTEIN*
THOMAS W. SABINO
HOWARD N. UNIMAN
CATHERINE P. WELLS
JONATHAN BONDY*
STEVEN S. KATZ*
JUNE S. MELLER*
SENIOR ATTORNEYS

DONNA M. EREN
BARBARA B. MANAHAN
JOSEPH MONAGHAN
LYNN D. SHAVELSON*
JILL D. ROSENBERG*
ANDREW S. KENT*
ERIC J. LEVINE*
LINDA A. TURTELTAUB*
DAVID J. SPRONG*
SHARON L. WEINER*
ROBERT H. CRESPI*
MYRNA BLUME
LESLIE A. CASCONE
DORIT F. KRESSEL*
DANIEL D. BARNES*
ARTHUR M. NALBANDIAN*
SUSAN GREENWALD

JUNIE HAHN*
KENNETH F. CERULLO*
JOSEPH TRIPODI*
JOHN O. LUKANSKI*
DAVID M. BERGER*
DIANA L. BUONGIORNO
JAMES M. GRAZIANO
CHRISTOPHER NUCIFORA
THOMAS J. TRAUTNER
TRICIA M. GASPARINE
LINDA D. SULLIVAN*
MARIA K. ANASTASIA*
JOSHUA M. LEE
KAREN L. SHAMIR
ROBERT L. HORNBY*
AUSTIN S. LILLING*
RANDILYNN SMALLHEER*
MARK E. NIKOLSKY*^
LISA D. CORNACCHIA
DENISE J. PIPERSBURGH
RUSSEL D. FRANCISCO*
NICOLE F. DIMARIA
DAVID K. MOORE
TIMOTHY R. WHEELER*
JOHN NASH
KATHRYN E. SONG*
SEEMA CHANDRA
JENNIFER J. McGRUTHER*
KIRAN V. SOMASHEKARA
LORYN M. LAWSON

PLEASE REPLY TO WEST ORANGE

September 22, 2004

<u>**Via Facsimile & Regular Mail**</u>
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

Re:    Boarhead Farm Agreement Group v. AETC, et al.
       <u>Civil Action No. 02-3830 (LDD)</u>

Dear Mr. Harris:

Defendant, Advanced Environmental Technology Corporation ("AETC"), is in receipt of Plaintiffs' September 14, 2004 "Objections and Responses" to AETC's Initial Set of Interrogatories in the above matter.   As set forth below, many of those responses are totally inadequate, incomplete, and/or evasive and, thus, are not adequate in light of your clients' obligations under the Federal Rules of Civil Procedure.   This letter is being sent pursuant to <u>Fed.R.Civ.P.</u> 37 to provide Plaintiff Boarhead Farm Agreement Group ("BFAG") with reasonable notice that AETC will file a motion seeking an order to compel answers to AETC's Interrogatories unless supplemental responses are immediately provided.    This letter constitutes AETC's attempt to obtain responsive answers to Interrogatories without court action.

921597.01

**WOLFF & SAMSON**
Glenn A. Harris, Esquire
September 22, 2004
Page 2

**Interrogatory no. 1**

AETC notes that Plaintiff's objection is improper.  This Interrogatory is not a contention interrogatory; it merely asks BFAG to provide the factual basis for paragraph 31 on the Complaint.    However, despite the objection, Plaintiff has answered Interrogatory no. 1 and a supplemental response is not requested.

**Interrogatory no. 2**

Plaintiff has not answered Interrogatory no. 2, but instead refers AETC to BFAG's answer to Interrogatory no. 1.  These two Interrogatories are different and the answer to no. 1 does not answer no. 2.  Interrogatory no. 2 asks Plaintiff if it considers AETC to be a CERCLA  "arranger" and, if so, to explain why.

Plaintiff's reliance upon B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525 (E.D. Pa. 1994) regarding contention interrogatories is misplaced and does not justify BFAG's objection.    Fed.R.Civ.P. 33(c) states that an interrogatory "is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to a fact or the application of law to fact." The Braun decision cites that principle.

AETC understands BFAG's reference to the Braun case as setting forth its position that it has not yet "fully developed" its theory that AETC is an "arranger" and that it will answer Interrogatory no. 2 at a later date.  AETC understands that the Braun case held that, in certain circumstances, the answering of contention interrogatories may be deferred to a later stage of discovery.  However, that is not applicable here in light of the fact that BFAG has alleged that "AETC arranged with DeRewal Chemical for the disposal of Hazardous Substances...."   (Third Amended Complaint, ¶31.)   By not answering Interrogatory no. 2, BFAG has not satisfied its discovery obligations under the Rules.  Please answer Interrogatory no. 2.

**Interrogatory no. 3**

Plaintiff has not answered Interrogatory no. 3, but instead refers AETC to BFAG's answer to Interrogatory no. 1.  These two Interrogatories are different and the answer to no. 1 does not answer no. 3.  Interrogatory no. 3 asks Plaintiff if it alleges that AETC "owned" the materials that were allegedly transported from the Ashland and Diaz facilities to the Site.  It is a straightforward question that is answered with evasion by your clients.

In Morton International v. A.E. Staley Manufacturing, et al., 343 F.3d 699 (3rd Cir. 2003), the Third Circuit established the standard for establishing the liability of an "arranger" under CERCLA.  As counsel for BFAG, I know that you are aware of the

**WOLFF & SAMSON**
Glenn A. Harris, Esquire
September 22, 2004
Page 3

Morton case in that we have discussed it in the context of the above-captioned matter. One of the factors established by the Morton case is ownership of the subject waste. Interrogatory no. 3 is relevant and proper.

Any assertion by BFAG that it has not "fully developed" its theory against AETC, and concomitant citation to the Braun case, is inappropriate. Plaintiff's complaint alleges that AETC is an "arranger". Questions regarding the factors relevant to ascertaining if, in reality, AETC is an "arranger" are relevant and proper. Please answer Interrogatory no. 3.

**Interrogatory no. 4**

Plaintiff has not answered Interrogatory no. 4, but instead refers AETC to BFAG's answer to Interrogatory no. 1. These two Interrogatories are different and the answer to no. 1 does not answer no. 4. Interrogatory no. 4 asks Plaintiff if it alleges that AETC "possessed" the materials that were allegedly transported from the Ashland and Diaz facilities. It is a straightforward question that is not answered.

In Morton International v. A.E. Staley Manufacturing, et al., 343 F.3d 699 (3rd Cir. 2003), the Third Circuit established the standard for establishing the liability of an "arranger" under CERCLA. One of the factors established by the Morton case is possession of the subject waste. Interrogatory no. 4 is relevant and proper.

Any assertion by BFAG that it has not "fully developed" its theory against AETC, and concomitant citation to the Braun case, is inappropriate. Plaintiff's complaint alleges that AETC is an "arranger". Questions regarding the factors relevant to ascertaining if AETC is an "arranger" are relevant and proper. Please answer Interrogatory no. 4.

**Interrogatory no. 6**

Plaintiff did not answer Interrogatory no. 6, but instead objected to it as "vague and ambiguous." The objection is ill-founded. Under the Morton case "proof that the defendant had control over the process could establish that the defendant was responsible for the resulting release of hazardous waste." 343 F.3d at 679. BFAG is being evasive and non-responsive. Please answer Interrogatory no. 6.

**Interrogatory no. 7**

Plaintiff has not answered Interrogatory no. 7, but instead refers AETC to BFAG's answer to Interrogatory no. 1. These two Interrogatories are different and the answer to no. 1 does not answer no. 7. Interrogatory no. 7 asks Plaintiff if it contends that AETC

**WOLFF & SAMSON**
Glenn A. Harris, Esquire
September 22, 2004
Page 4

has responsibility for Diaz Chemical's allocable share of liability in the above-captioned matter. It is a straightforward question that is answered with evasion by BFAG.

If BFAG does so contend, but has not yet "fully developed" its theory in this regard please advise. If so, Plaintiff is obligated to inform AETC if and when it has fully developed its theory and to then fully answer Interrogatory no. 7.

### Interrogatory nos. 9-10

BFAG asserts that Interrogatory nos. 9-10 are contention interrogatories that it is not yet able to answer. Plaintiff is obligated to inform AETC if and when it has fully developed its theory as to the hazardous substances contentions posed therein and to then fully answer Interrogatory nos. 9-10 via expert opinion or otherwise. See B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525 (E.D. Pa. 1994).

### Interrogatory nos. 11-13

BFAG asserts that Interrogatory nos. 11-13 are contention interrogatories that it is not yet able to answer. Plaintiff is obligated to inform AETC if and when it has fully developed its theory as to the Response Costs contentions posed therein and to then fully answer Interrogatory nos. 11-13 via expert opinion or otherwise. B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525 (E.D. Pa. 1994).

### Interrogatory no. 14

This interrogatory asks if you agree or disagree that DeRewal Chemical "secretly and surreptitiously" disposed of hazardous substance at the Site. Plaintiff did not answer the precise question posed. BFAG's objection that it has not yet "fully developed" its theories in this case so as to prevent it from answering ring hollow. As part of the investigation in order file a complaint and two amended complaints, and by participating in the 2003 depositions of DeRewal Chemical representatives, BAFG possesses intimate knowledge of the disposal activities by DeRewal Chemical at the Site. The answer to Interrogatory no. 14 is non-responsive. Please answer Interrogatory no. 14.

### Interrogatory no. 16

Plaintiff has not specifically answered Interrogatory no. 16, but has responded generically that "defendants have made declarations against interest and admissions..." BFAG's answer is, thus, evasive and incomplete. Accordingly, as to AETC and Ashland Chemical, please specifically identify any and all admissions and/or declarations against interest, including any documents.

921597.01

**WOLFF & SAMSON**
Glenn A. Harris, Esquire
September 22, 2004
Page 5

In sum, as set forth above, Plaintiff has not set forth a valid reason for withholding the discovery requested in the above listed Interrogatories. The information requested by AETC is well within the scope of discoverable information. Therefore, please respond in writing to this letter **within ten (10) days from the date hereof** and provide the requested discovery. AETC would prefer to avoid motion practice regarding the issues raised above, but will take all steps necessary to protect its interest herein by seeking appropriate relief from the Court.

I, of course, am available to discuss by telephone anything that may assist you in providing full and complete discovery in this litigation.

Very truly yours,

Thomas Sabino

TS/sms

c:     All Counsel of Record (Via Regular Mail)

**EXHIBIT C**

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

1735 MARKET STREET, 51st FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-665-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
DENVER, CO
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC

MONIQUE M. MOONEY
DIRECT DIAL: 215-864-8189
PERSONAL FAX: 215-864-9266
MOONEY@BALLARDSPAHR.COM



RECEIVED
OCT - 1 2004

September 29, 2004

<u>**Via Facsimile (973) 740-1407 and U.S. Mail**</u>

Thomas W. Sabino, Esquire
Wolff & Samson PC
280 Corporate Center
5 Becker Farm Road
Roseland, NJ 07068-1776

Re:    <u>Boarhead Litigation</u>

Dear Mr. Sabino:

This letter is in response to your letter dated September 22, 2004 addressed to Glenn Harris.

With respect to Interrogatories 1-4, Plaintiff has alleged that AETC "arranged with DeRewal Chemical Company for the disposal of Hazardous Substances from Defendants Ashland Chemical Company and Diaz Chemical Corporation," and that AETC is a "person who by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of Hazardous Substances owned or possessed by AETC or by another party or entity, at the Site." Complaint at ¶¶ 31, 148. These allegations track the CERCLA liability language. Plaintiff's response to Interrogatory No. 1 identifies the persons with knowledge of the facts upon which those allegations are based as well as all documents that support and/or relate to those allegations.

With respect to Interrogatory No. 2, Plaintiff understands the statutory language quoted in the Complaint to be the CERCLA requirements for "arranger" liability. Plaintiff's response to Interrogatory No. 2 is thus appropriate. If AETC means something else by "arranger," please let me know and we can discuss this further.

With respect to Interrogatory Nos. 3 and 4, the information provided in response to Interrogatory No. 1 supports the allegation that the Hazardous Substances for which AETC arranged for disposal or treatment were "owned or possessed by AETC or by another party or entity, at the Site." Whether the underlying substance of AETC's transactions with Ashland and

Thomas W. Sabino, Esquire
September 29, 2004
Page 2

Diaz on the one hand, and DCC on the other, constitute ownership or possession of the materials, or both is a legal conclusion. Either way, the requested information known to date from which that legal conclusion can be determined has been provided.

With respect to Interrogatory No. 6, this request is vague and confusing in part because the sentence is grammatically incomplete. There is no reference in the sentence indicating to what AETC is referring when it states "by which." The reference you have now provided to the *Morton* opinion does not clear up the confusion, primarily because *Morton* involves facts completely different from the allegations here. *Morton* did not involve an express agreement for disposal of Hazardous Substances as here, but only a toll processing arrangement wherein releases occurred in conjunction with the processing, not because the person who arranged for the processing contracted for such releases. "Control" in *Morton* thus referred to the methods with which mercury was processed at the facility. There is no toll manufacturing "process" involved in this case, so that Plaintiff does not understand to what "disposal process" this interrogatory is referring. We can discuss this further if you can explain more clearly what information is being sought.

With respect to Interrogatory No. 7, as set forth above (and as alleged in Paragraphs 31 and 148 of the Complaint), Plaintiff has alleged that AETC is a person liable for the Diaz waste disposed of at the Site. Plaintiff thus alleges that AETC's equitable share of liability must reflect that waste. To the extent this interrogatory asks whether Plaintiff contends that Diaz, as distinguished from AETC, has some separate equitable share of liability, then the interrogatory is premature for the reasons set forth in Plaintiff's objections.

With respect to Interrogatory No. 14, please explain what is meant by "secretly and surreptitiously," and, more important, "secret" from whom. There are many individuals identified in the discovery to date who were aware at the time that DCC was disposing of waste at the Site.

With respect to Interrogatory No. 16, your letter references "as to AETC and Ashland Chemical," apparently in an attempt to limit an overbroad request. Based upon the discovery to date, you are aware that witnesses have testified in this matter as to statements made by then-employees of those companies and that those companies have responded to EPA 104(e) requests in writing and by furnishing documents. Plaintiff contends that such statements are admissions and may or may not be statements against interest as well. Plaintiff has no obligation now to examine each line of deposition testimony, each sentence in each 104(e) request, and each document provided to EPA with such requests to determine whether any statements contained therein are either admissions or statements against interest under the Federal Rules of Evidence.

Thomas W. Sabino, Esquire
September 29, 2004
Page 3


       I hope that AETC is now satisfied with the responses of Plaintiff to AETC's Interrogatories.  If not, I would be happy to discuss those responses with you further.

                          Very truly yours,

                          Monique Mooney

MMM/dn
cc:     Counsel on Service List

**EXHIBIT D**

# WOLFF & SAMSON PC

COUNSELLORS AT LAW
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
TELECOPIER: 973-325-1501

NEW YORK OFFICE:
140 BROADWAY
FORTY-SIXTH FLOOR
NEW YORK, NEW YORK 10005
212-973-0572

WWW.WOLFFSAMSON.COM

WRITER'S E-MAIL:
TSABINO@WOLFFSAMSON.COM
WRITER'S DIRECT DIAL:
973-530-2044
WRITER'S TELECOPIER:
973-530-2244

DAVID SAMSON
ARTHUR S. GOLDSTEIN*
ARMEN SHAHINIAN*
THOMAS R. O'BRIEN*
GAGE ANDRETTA*
DANIEL A. SCHWARTZ*
KAREN L. GILMAN
KENNETH M. LAPTOOK*
FREDRIC P. LAVINTHAL
DAVID M. HYMAN*
DAVID L. SCHLOSSBERG
ROGER J. BREENE
PAUL M. COLWELL
ROBERT E. NIES
MORRIS BIENENFELD*
DENNIS M. TOFT
JEFFREY M. GUSSOFF*
M. JEREMY OSTOW
JOHN F. CASEY
JAMES D. FERRUCCI
JOHN M. SIMON

JOHN A. McKINNEY, JR.*
STEPHEN L. FERSZT*
LAURENCE M. SMITH
WILLIAM E. GOYDAN*
DARRYL WEISSMAN*
MICHAEL R. FRISCIA*Δ
PETER E. NUSSBAUM
LORI GRIFA*
MICHELLE A. SCHAAP
ADAM K. DERMAN
ANDREW SAMSON
ADAM P. FRIEDMAN*
SCOTT D. BARON*
MITCHELL S. BERKEY*

CARL B. LEVY
RHONDA CARNIOL*
BARBARA S. HUTCHEON
ANDREW D. ELLIS
OF COUNSEL

AARON D. BASSAN
ROXANNA E. HAMMETT
LAUREN M. O'SULLIVAN
ROBERT L. TCHACK
JOSEPH ZAWILA
ROBERT M. SILVERSTEIN*
THOMAS W. SABINO
HOWARD K. UNIMAN
CATHERINE P. WELLS
JONATHAN BONDY*
STEVEN S. KATZ*
JUNE S. MELLER*
SENIOR ATTORNEYS

DONNA M. EREM
BARBARA B. MANAHAN
JOSEPH MONAGHAN
LYNN D. SHAVELSON*
JILL D. ROSENBERG*
ANDREW S. KENT*
ERIC J. LEVINE*
DAVID J. SPRONG*
SHARON L. WEINER*
ROBERT H. CRESPI*
MYRNA BLUME
LESLIE A. CASCONE
DORIT F. KRESSEL*
DANIEL D. BARNES*
ARTHUR M. NALBANDIAN*
SUSAN GREENWALD

JUNIE HAHN*
KENNETH F. CERULLO*
JOSEPH TIRIPODI*
JOHN O. LUKANSKI*
DAVID M. BERGER*
DIANA L. BUONGIORNO
JAMES M. GRAZIANO
CHRISTOPHER NUCIFORA
THOMAS J. TRAUTNER
TRICIA M. GASPARINE
LINDA D. SULLIVAN*
MARIA K. ANASTASIA*
JOSHUA M. LEE
KAREN L. SHAMIR
ROBERT L. HORNBY*
AUSTIN S. LILLING*
RANDI-LYNN SMALLHEER*
MARK E. NIKOLSKY*Δ
LISA D. CORNACCHIA
DENISE J. PIPERSBURGH
RUSSEL D. FRANCISCO*
NICOLE F. DIMARIA
DAVID K. MOORE
TIMOTHY R. WHEELER*
JOHN NASH
KATHRYN E. SONG*
SEEMA CHANDRA
JENNIFER J. McGRUTHER*
KIRAN V. SOMASHEKARA
LORYN M. LAWSON

*MEMBER NJ AND NY BARS
ΔREGISTERED PATENT ATTORNEY

MARTIN L. WIENER (1942 - 2002)

PLEASE REPLY TO WEST ORANGE

October 7, 2004

<u>**Via Facsimile & Regular Mail**</u>
Monique M. Mooney, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

> Re:    Boarhead Farm Agreement Group v. AETC, et al.
>        <u>Civil Action No. 02-3830 (LDD)</u>

Dear Ms. Mooney:

Defendant, Advanced Environmental Technology Corporation ("AETC"), is in receipt of Plaintiff Boarhead Farm Agreement Group's ("BFAG") September 29th letter demanding supplemental responding to AETC's September 22, 2004 letter responses to AETC's Interrogatories. Unfortunately, as set forth below, most of AETC's Interrogatories to BFAG remain unanswered.

**<u>Interrogatory no. 2</u>**

Plaintiff still has not answered Interrogatory no. 2. Contrary to your assertion, the language of CERCLA does not set forth the requirements for "arranger" liability. See <u>Morton International v. A.E. Staley Manufacturing, et al.</u>, 343 F.3d 669, 676 (3rd Cir. 2003) ("Congress did not define the term "arranged for" in the statute.") The <u>Morton</u> decision established the factors to determine "arranger" liability under CERCLA in the

923969.01

**WOLFF & SAMSON**
Monique M. Mooney, Esquire
October 7, 2004
Page 2

Third Circuit.    See 343 F.3d at 677 ("After carefully examining the language of the statute and considering the standards adopted by other courts, we conclude the most important factors in determining 'arranger liability' are...")  Please answer Interrogatory no. 2.

## Interrogatory no. 3

Rather than answer Interrogatory no. 3, Plaintiff dodges by drawing a distinction between facts relating to the ownership of waste materials and the legal conclusion as to ownership.  B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525 (E.D. Pa. 1994) regarding contention interrogatories does not justify BFAG's approach. Fed.R.Civ.P. 33(c) states that an interrogatory "is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to a fact or the application of law to fact."  See 155 F.R.D. at 527.  BFAG is thus obligated to identify not only what facts it allegedly has that AETC owned waste that went to the Site, but also to identify persons with knowledge of those facts and documents that support those facts. BFAG's answer to Interrogatory no. 1 (to which AETC is referred), does not reference "ownership".  Please answer Interrogatory no. 3.

## Interrogatory no. 4

Rather than answer Interrogatory no. 4, Plaintiff evades by drawing a distinction between facts relating to the possession of waste materials and the legal conclusion as to possession.  B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525 (E.D. Pa. 1994) regarding contention interrogatories does not justify BFAG's non-answer. Fed.R.Civ.P. 33(c) states that an interrogatory "is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to a fact or the application of law to fact."  See 155 F.R.D. at 527.  BFAG is thus obligated to identify not only what facts it allegedly has that AETC possessed waste that went to the Site, but also to identify persons with knowledge of those facts and documents that support those facts. BFAG's answer to Interrogatory no. 1 (to which AETC is referred), does not reference "possession".  Please answer Interrogatory no. 4.

AETC notes that in BP Amoco Chemical Company v. Sun Oil Company, 316 F.Supp. 2d 166 (D.Del. 2004), summary judgment was granted to defendant Sun Oil because the plaintiff was not able to adduce evidence that Sun Oil ever owned or possessed the subject waste.   Clearly, the information sought in AETC's Interrogatory nos. 3 & 4 are relevant and factual.  BFAG's supplement response to Interrogatory nos. 3 & 4 are inadequate and a detailed response to both is demanded.

**WOLFF & SAMSON**
Monique M. Mooney, Esquire
October 7, 2004
Page 3

## Interrogatory no. 6

Rather than answer Interrogatory no. 6 as requested, Plaintiff reasserts its prior objection the Interrogatory is vague or confusing. It is not. Interrogatory no. 6 simply asks BFAG if alleges that AETC controlled the disposal process which resulted in Ashland and Diaz wastes being deposited at the Site (and, thus, ultimate release into the soils and groundwater). Control is one of the "arranger" factors enunciated by the Morton court and used by Third Circuit courts when dealing with arranger issues. See e.g., BP Amoco Chemical Company v. Sun Oil Company, 316 F.Supp. 2d 166, 172 (D.Del. 2004) (applying facts of whether defendant Sun Oil controlled the process by which the subject waste was disposed on summary judgment motion.)

Plaintiff confuses the difference between the arranger "standard" enunciated by the Morton court with the underlying facts of Morton. The Morton court stated that: "The District Court has asked us to 'definitively address' the standard for 'arranger liability' under CERCLA Section 107(a)(3) in this Circuit..." 343 F.3d at 675. There is no language in the Morton case that limits its holding to the facts of that case; rather, a broad Circuit-wide test was announced. The "arranger" standard requires that a plaintiff "...also demonstrate whether control over the process that results in a release of hazardous waste *or* knowledge that such release will occur during the process." 343 F.3d at 677 (emphasis in original). Please answer Interrogatory no. 6.

## Interrogatory no. 7

Plaintiff still has not answered Interrogatory no. 7, which asks BFAG to explain the basis for its contention that AETC has responsibility for Diaz's allocable share of liability in this Case. Plaintiff merely confirms that "AETC's equitable share of liability must reflect that [Diaz] waste", without setting forth the factual basis for that contention, as well as identifying all persons with knowledge of those facts and all documents that support and/or relate to that contention. Please answer the interrogatory as asked.

## Interrogatory nos. 9-10, 11-13

BFAG asserts that Interrogatory nos. 9-10, 11-13 are contention interrogatories that it is not yet able to answer. Plaintiff is obligated to inform AETC if and when it has fully developed its theory as to the hazardous substance contentions posed therein and to then fully answer Interrogatory nos. 9-10, 11-13 via expert opinion or otherwise. See B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525 (E.D. Pa. 1994).

## Interrogatory no. 14

With respect to your request to define what is meant by "secretly and surreptitiously", AETC can surely provide you with a dictionary if you do not have one.

923969.01

**WOLFF & SAMSON**
Monique M. Mooney, Esquire
October 7, 2004
Page 4

The intent of Interrogatory no. 14 is obvious.  Secret from De Rewal's Chemical's customers.   Surreptitious from municipal, State and Federal officials.  Hidden from anyone who didn't work for DeRewal Chemical.    In addition, please identify the "individuals identified in the discovery to date who were aware at the time that DCC was disposing of waste at the Site", as stated in your September 29th letter, since you have not done so.

### Interrogatory no. 16

Plaintiff still has not specifically identified one admission or declaration against interest. BFAG's "blanket" answer is no answer at all and is in derogation of Plaintiff's discovery obligations to specifically identify any and all admissions or declarations against interest that BFAG is aware of.

In sum, Plaintiff's "supplemental" interrogatory responses are inadequate and substantial supplemental answers are still demanded.  I, of course, am available to discuss by telephone anything that may assist you in providing full and complete discovery in this litigation.

Very truly yours,

Thomas Sabino

TS/sms

c:      All Counsel of Record (Via Regular Mail)

923969.01

************** –COMM JURNAL– ****************** DATE OCT-07-2 ***** TIME 17:31 *** P.01

MODE = MEMORY TRANSMISSION          START=OCT-07 17:29      END=OCT-07 17:31

    FILE NO.= 238

STN NO.    COM    ABBR NO.    STATION NAME/TEL.NO.    PAGES    DURATION

  001      OK      ☎          22#13#12158649266#     005/005  00:01'43"

                                                    –WOLFF & SAMSON           –

************************************ –          – **** –      973 740 1407– *********

**WOLFF & SAMSON**

A PROFESSIONAL CORPORATION
**COUNSELLORS AT LAW**
5 BECKER FARM ROAD
280 CORPORATE CENTER
ROSELAND, NEW JERSEY 07068
973-740-0500
TELECOPIER: 973-740-1407

NEW YORK OFFICE:
140 BROADWAY
FORTY-SIXTH FLOOR
NEW YORK, NEW YORK 10005
212-973-0572

(Please Reply to West Orange Office)

## TELECOPIER TRANSMITTAL COVER SHEET

Date: October 7, 2004

### Please deliver the following pages to:

Name:           Monique Mooney, Esq.

Company:        Ballard Sphar Andrews & Intersoll

City:           Philadelphia

Fax No:         215-864-9266

Telephone No:

From:   Thomas Sabino                    Writer's Direct #:   (973) 530-2044

Total Pages (including this page): 5     Fax Direct #:        (973) 530-2244

Reference:   Boarhead Farm Group v. AETC 8122/13

Comments:

*Please Note: The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occurs with transmission, please notify us immediately by telephone: (973) 325-1500. Thank You.*