IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

### MOTION OF DEFENDANT ASHLAND INC. TO STRIKE PLAINTIFF'S UNTIMELY AND IMPROPER OBJECTIONS TO ASHLAND'S INTERROGATORIES AND DOCUMENT REQUESTS, FIRST SETS, AND TO COMPEL MORE SPECIFIC RESPONSES THERETO

Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company (hereinafter "Ashland"), by and through its undersigned counsel, hereby files this motion to strike Plaintiff's objections to Ashland's First Sets of Interrogatories and Document Requests, and to provide more specific responses thereto.

For the reasons set forth herein and in the attached Memorandum of Law in support of its Motion, Ashland respectfully requests that the Court grant Ashland's Motion.

Plaintiff's responses to Ashland's discovery requests violate several bright-line discovery rules. First, Plaintiff interposes bogus objections to what Plaintiff characterizes as "contention" interrogatories, and in doing so incorrectly invokes B. Braun Medical v. Abbot Laboratories, 55 F.R.D. 525, 527 (E.D.Pa. 1994), for support. B. Braun, however, actually supports Ashland's position that Plaintiff's objections are inappropriate here because, as to the matters forming the

subject matter of Ashland's purported "contention" interrogatories, Ashland's interrogatories simply seek information presumably in Plaintiff's possession <u>at the time it filed its Complaints against Ashland and the other defendants</u>. In any event, in contrast with <u>B. Braun</u>, as to the matters covered by Ashland's discovery requests, this litigation is in the latter stages of discovery. Moreover, Plaintiff BFAG served its own contention interrogatories on Ashland, which Ashland fully answered. Plaintiff's objection, therefore, runs afoul of <u>B. Braun</u>. In any event, Plaintiff's objections, asserted in an untimely manner, have been waived.

Second, Plaintiff has coyly avoided its obligation to specifically respond to Ashland's discreet interrogatories and document requests by summarily directing Ashland to <u>all</u> of the thousands and thousands of documents forming a massive document repository without identifying the particular documents among this mass of documents that are specifically responsive to Ashland's interrogatories and document requests at issue. This constitutes a blatant violation of Fed. R. Civ. P. 33(d) and the cases interpreting that Rule.

Third, Plaintiff objects to several interrogatories and document production requests that are patently unobjectionable, to which discovery requests Plaintiff must be directed to produce complete and attested answers.

Fourth, Plaintiff's "answers" to Ashland's interrogatories were unsworn, in violation of Fed. R. Civ. P. 33(b)(1).

Ashland, as herein certified by its undersigned counsel, has made a "good faith" effort to confer with Plaintiff's counsel to attempt to amicably resolve these discovery issues by addressing the inadequacy and impropriety of Plaintiff's responses in detail and in writing. Counsel for Plaintiff

served a somewhat pedantic letter response thereto, further evidencing Plaintiff's desire to completely avoid providing meaningful responses to the bulk of Ashland's discovery requests, including those seeking the facts and evidence supportive of Plaintiff's bare allegations against Ashland. The undersigned counsel for Ashland forwarded another letter to Plaintiff's counsel, dated December 15, 2004, in a further good faith attempt to resolve this discovery dispute, to which letter Plaintiff's counsel has not yet responded. Plaintiff's failure and refusal to provide meaningful responses to most of Ashland's discovery requests deprives Ashland of the discovery necessary to enable it to properly and fully defend itself in this litigation.

Accordingly, Defendant Ashland Inc. respectfully requests that this Honorable Court enter the attached proposed Order granting Ashland's Motion and further requests that the Court direct Plaintiff to reimburse Ashland for the reasonable costs and expenses incurred by it in the preparation and filing of its within Motion.

*Richard C. Biedrzycki*
RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company

Date:   December 20, 2004

G:\DATA\1357-29\Disc\MotionStrikeContRogs.wpd

3