# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>　　　　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:  Civil Action No. 02-CV-3830<br>:<br>:<br>:<br>:<br>: |

**OBJECTIONS AND RESPONSES OF PLAINTIFF
BOARHEAD FARM AGREEMENT GROUP TO
FIRST SET OF INTERROGATORIES OF DEFENDANT
ASHLAND INC., DESIGNATED BY PLAINTIFF AS
ASHLAND CHEMICAL COMPANY, ADDRESSED TO PLAINTIFF**

Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by its undersigned attorney, objects and responds to the First Set of Interrogatories of Defendant Ashland, Inc., Designated by Plaintiff as Ashland Chemical Company, Addressed to Plaintiff ("First Set of Interrogatories"), as follows:

I.   **GENERAL OBJECTIONS**

1. Plaintiff objects to each interrogatory to the extent that it seeks information not in Plaintiff's possession, custody or control.

2. Plaintiff objects to each interrogatory to the extent that it seeks information already in the possession, custody or control of Ashland Chemical Company ("Ashland").

3. Plaintiff objects to each interrogatory to the extent that it seeks information which is publicly available and, thus, to which Ashland has the same access as Plaintiff.

PHL_A #1902557 v2

4. Plaintiff objects to each interrogatory to the extent that it seeks information protected by the attorney-client privilege or any other applicable privilege. Any inadvertent disclosure of privileged information shall not constitute a waiver of the attorney-client or any other applicable privilege.

5. Plaintiff objects to each interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, opinions or legal theories of its attorneys or other representatives. Any inadvertent disclosure of work product shall not constitute a waiver of any work product protection.

6. Plaintiff objects to each interrogatory to the extent that it is unlimited in time or scope.

7. Plaintiff objects to each interrogatory to the extent that it is unduly burdensome or designed to be harassing.

8. Plaintiff objects to each interrogatory to the extent that it is vague or ambiguous.

II.   **INTERROGATORIES AND RESPONSES**

Subject to and without waiving the foregoing General Objections, Plaintiff makes the following responses to the First Set of Interrogatories:

1. Identify each shipment of Hazardous Substances Plaintiff contends was generated and/or transported to and disposed of at the Site by or on behalf of Ashland and, for each such shipment, provide the following:

    a.    the precise nature of each type of Hazardous Substance;

    b.    the date of each shipment;

    c.    the location and the identity of the owner and operator of each Ashland facility from which each shipment was transported to and disposed of at the Site;

    d.    the identity of the transporter of each shipment;

e. the identity of each arranger, if any, of each shipment;

f. the identity and employer of the driver of the transport vehicle;

g. the volume of each type of Hazardous Substances transported to and disposed of at the Site;

h. the type and identity of each tank wagon, drum, vessel or other container in which each Hazardous Substance was transported to and disposed of at the Site;

i. the manner in which each Hazardous Substance was disposed of at the Site and the exact location at the Site at which each was disposed;

j. the identity of all persons believed by Plaintiff to have information or knowledge about the transportation to and disposal of each Hazardous Substance at the Site;

k. the identity of any and all documents evidencing, referring or relating to each shipment;

l. for each party whom Plaintiff has identified as an arranger in response to Interrogatory no. l(e) above:

   (i) the date(s) on which each such arranger agreed to and/or did arrange for the transportation and disposal of each shipment at the Site;

   (ii) the exact nature and type of each Hazardous Substance which each such entity arranged to be transported and/or disposed of at the Site;

   (iii) the identity of any and all documents evidencing, referring or relating to each such arrangement; and

   (iv) any and all documents evidencing, referring or relating to the transportation to and disposal of each Hazardous Substance at the Site as arranged by each such arranger.

**RESPONSE**: Plaintiff further objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994). Subject to and without waiving the foregoing objection, Plaintiff responds that information concerning the Ashland waste

PHL_A #1902557 v2

containing Hazardous Substances that DCC removed from Ashland, including information concerning some or all of the information requested in the subparts to this interrogatory, is reflected in the Ashland/AETC and Southland documents located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103 ("the Boarhead Document Repository").

2. Identify with specificity each type of Hazardous Substance which the EPA's ROD referred to in ¶ 14 of Plaintiff's Third Amended Complaint was specifically directed by the EPA to be cleaned up and, for each type of Hazardous Substance:

RESPONSE: Plaintiff further objects to Interrogatory No. 2 as vague and ambiguous insofar as EPA did not direct the ROD to clean up any Hazardous Substance. Plaintiff further objects to Interrogatory No. 2 as unduly burdensome insofar as it requires Plaintiff to conduct a search of publicly available documents that are equally as accessible to Ashland as to Plaintiff, and refers Ashland to the same. Plaintiff further objects that the EPA's ROD is a document that, as such, speaks for itself.

    a. identify each person or entity that Plaintiff contends generated each Hazardous Substance;

RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

    b. identify each person or entity that Plaintiff contends transported to and disposed of each Hazardous Substance at the Site;

RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully

developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

    c.    the identity of each person or entity that Plaintiff contends arranged for the transportation to and disposal of each Hazardous Substance at the Site;

RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

    d.    the date(s) Plaintiff contends or believes each Hazardous Substance was transported to and disposed of at the Site;

RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

    e.    the volume of the Hazardous Substance Plaintiff contends was transported to and disposed of at the Site on each occasion;

RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

    f.    the identity of all documents evidencing, referring or relating to the EPA's directive that each type of Hazardous Substance be cleaned up from the Site;

RESPONSE: Plaintiff incorporates by reference its response to Interrogatory No. 2.

    g.    the identity of all documents evidencing, referring or relating to the transportation to and disposal of each shipment of Hazardous Substances to the Site;

RESPONSE: Plaintiff further objects to this interrogatory as overly broad and unduly burdensome insofar as it requests Plaintiff to identify all of the specified documents pertaining to "each shipment" of Hazardous Substances to the Site.

      h.    the identity of all documents evidencing, referring or relating to the arrangement by any person or entity for the shipment of each Hazardous Substance to the Site; and

RESPONSE: Plaintiff further objects to this interrogatory as overly broad and unduly burdensome. Without waiving any such objections, documents reflecting the arrangement for shipment of Hazardous Substances to the Site are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

      i.    the identity of all persons believed by Plaintiff to have information or knowledge about the transportation and disposal, or arrangement for the transportation and disposal, of each Hazardous Substance to the Site and provide a summary of the information or knowledge each such person is believed to possess.

RESPONSE: Plaintiff further objects that this request seeks information protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, this request is overly broad and burdensome. Without waiving any such objections, Plaintiff directs Ashland to the documents concerning Site response activities located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are

available for inspection and copying upon reasonable notice. By way of further response, Kenneth Gross, a mechanic for various DeRewal entities who may have such knowledge, lives at 53 Byers Road, Ottsville, PA 18944 and has a phone number of 610-847-5717. By way of further response, John Coleman, an Echo worker at the Revere facility who may have such knowledge, lives at 2555 Keiser Rd., Quakertown, PA 18951 and has a phone number of 215-536-2029. By way of further response, David F. Michelman, Esquire, 2207 Chestnut St., Philadelphia, PA 19103, (215) 557-9440 and Thomas Healey, City of Philadelphia, (215) 592-6233 have knowledge of the creation of the July 5, 1978 letter to Manfred DeRewal from the Philadelphia Water Department alleging DCC disposal of wastes at the Wissinoming Industrial Park.

  3. Set forth with particularity and itemize the response costs allegedly incurred by Plaintiff for OU-1 activities as a result of the alleged releases of Hazardous Substances from the Site and, with respect to such costs:

    a. set forth the exact amount and/or percentage of the Hazardous Substances transported to and disposed of, or arranged to be transported to and disposed of, at the Site by each Defendant, each member of BFAG, and each other person or entity;

    b. set forth with particularity Plaintiffs estimate of the response costs it contends it will or probably will incur in the future as a result of alleged releases of Hazardous Substances disposed of at the Site and identify any and all documents evidencing, referring or relating to such estimated response costs;

    c. the identity of all documents evidencing, referring or relating to such response costs; and

    d. the identity of all witnesses believed by Plaintiff to have information or knowledge relating to such response costs and set forth a summary of the information or knowledge each is believed to possess.

**RESPONSE**: **Plaintiff further objects that, with respect to future response costs, it is seeking a declaration of each defendant's equitable share of all necessary costs of response**

as incurred in the future by it consistent with the national contingency plan, and not a money judgment for any estimate of such costs. To the extent this interrogatory seeks plaintiff's current estimates of such costs or information and documents related to such estimates, it seeks information that is neither relevant nor will lead to the discovery of admissible evidence. By way of further objection, this interrogatory constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature. *See B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994). Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the information sought in this interrogatory about response costs incurred to date by Plaintiff can be derived or ascertained from schedules of such costs and invoices reflected on those schedules, all of which are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103.

4. Set forth with particularity and itemize the response costs allegedly incurred by Plaintiff for OU-2 activities as a result of the alleged releases of Hazardous Substances from the Site and, with respect to such costs:

   a. set forth the exact amount and/or percentage of the Hazardous Substances transported to and disposed of, or arranged to be transported to and disposed of, at the Site by each Defendant, each member of BFAG, and each other person or entity;

   b. set forth with particularity Plaintiffs estimate of the response costs it contends it will or probably will incur in the future as a result of alleged releases of Hazardous Substances disposed of at the Site and identify any and all documents evidencing, referring or relating to such estimated response costs;

   c. the identity of all documents evidencing, referring or relating to such response costs; and

PHL_A #1902557 v2

    d.    the identity of all witnesses believed by Plaintiff to have information or knowledge relating to such response costs and set forth a summary of the information or knowledge each is believed to possess.

**RESPONSE:** *See* response to Interrogatory No. 3.

5. Set forth with particularity and itemize the response costs allegedly incurred by Plaintiff for threatened releases or discharges of Hazardous Substances at the Site and state the amount of such costs which Plaintiff contends were incurred as a result of the transportation to and disposal of, or the arrangement for transportation to and disposal of, Hazardous Substances at the Site by each Defendant, each member of BFAG, and each other person or entity.

**RESPONSE:** *See* response to Interrogatory No. 3.

6. Does Plaintiff contend that Ashland had prior knowledge that Hazardous Substances generated by it would be transported to and disposed of at the Site and, if so, state:

    a.    all facts upon which Plaintiff relies in support of such contention;

    b.    the identity of all documents upon which Plaintiff relies in support of such contention; and

    c.    the identity of all persons believed to have information or knowledge relating to any such knowledge Plaintiff contends Ashland possessed.

**RESPONSE: Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B. Braun Medical, Inc. v. Abbott Laboratories,* **155 F.R.D. 525, 527 (E.D. Pa. 1994).**

7. Does Plaintiff contend that response costs were or will be incurred by it as the result of metals in the groundwater or soil at the Site and, if so, state:

    a.    the exact nature and type of such metals;

    b.    the identity of the generator of each metal or Hazardous Substance containing such metals;

    c.    the identity of the generator of such substances;

    d.    the identity of the transporter(s) of such substances;

    e.    the identity of any arrangers for the transportation to and disposal of such metals or Hazardous Substances containing such metals at the Site; and

    f.    for each such generator, transporter and arranger, the date and volume of the metals and Hazardous Substances containing metals transported to and disposed of at the Site and the identity of any and all documents evidencing, referring or relating to each such shipment.

**RESPONSE**: **Plaintiff objects to this interrogatory insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature.** *See B. Braun Medical, Inc. v. Abbott Laboratories*, **155 F.R.D. 525, 527 (E.D. Pa. 1994). Without waiving any such objections,** *see* **the ROD and other EPA documents located in the Document Repository with respect to Site response activities.**

    8.    For the OU-1 activities as alleged in Plaintiffs Third Amended Complaint identify the exact nature, type, amount and source of the Hazardous Substances that have been and/or are being remediated by such activities and the response costs incurred to date by Plaintiff in performing OU-1 activities and the estimated response costs to be incurred by Plaintiff for the operation and performance of OU-1 activities and describe with particularity the clean up work accomplished and expected to be accomplished by such OU-1 activities.

**RESPONSE**: **Plaintiff further objects that, with respect to future response costs, it is seeking a declaration of each defendant's equitable share of all necessary costs of response as incurred in the future by it consistent with the national contingency plan, and not a money judgment for any estimate of such costs. To the extent this interrogatory seeks plaintiff's current estimates of such costs or information and documents related to such estimates, it seeks information that is neither relevant nor will lead to the discovery of**

admissible evidence. Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the information sought in this interrogatory about response costs incurred to date by Plaintiff can be derived or ascertained from schedules of such costs and invoices reflected on those schedules, all of which are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, *see* the ROD and other EPA documents located in the Document Repository with respect to Site response activities.

9. For the OU-2 activities as alleged in Plaintiffs Third Amended Complaint, identify the exact nature, type, amount and source of the Hazardous Substances that have been and/or are being remediated by such activities and the response costs incurred to date by Plaintiff in performing OU-2 activities and the estimated response costs to be incurred by Plaintiff for the operation and performance of OU-2 activities and describe with particularity the clean up work accomplished and expected to be accomplished by such OU-2 activities.

**RESPONSE:** *See* response to Interrogatory No. 8.

10. Identify each contractor hired, retained and/or paid by Plaintiff to perform clean up work for which Plaintiff seeks contribution from the Defendants and, for each such contractor, identify:

  a. each contract or agreement pursuant to which Plaintiff hired, retained and/or paid the contractor;

  b. the nature and scope of the work agreed to be performed by each contractor;

  c. the nature and scope of the work actually performed by each contractor;

  d. the amount of billings by each contractor for such work and the amounts paid by Plaintiff to each contractor;

  e. the estimated amount of the bills Plaintiff expects each such contractor will generate for work completed or to be performed by each such contractor;

  f. the identity of any and all documents evidencing, referring or relating to each such contract or agreement, all such work and all such past and future billings; and

  g. the identity of any and all documents evidencing, referring or relating to all work performed by the contractor and the contractor's billings therefor.

**RESPONSE:** Plaintiff further objects that this request is overly broad and unduly burdensome. Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the information sought in this interrogatory can be derived or ascertained from documents concerning Site response costs and activities located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

  11. Set forth an itemization of the response costs allegedly incurred by EPA prior to July 2000 as alleged in ¶20 of Plaintiffs Third Amended Complaint and identify all documents evidencing, referring or relating to such response costs.

**RESPONSE:** Plaintiff further objects that this request is overly broad and unduly burdensome. Without waiving any such objections, pursuant to Fed. R. Civ. P. 33(d), the information sought in this interrogatory can be derived or ascertained from documents concerning EPA's alleged response costs located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

12. Set forth an itemization of the response costs allegedly incurred by EPA in and subsequent to July 2000 as alleged in ¶20 of Plaintiffs Third Amended Complaint and identify all documents evidencing, referring or relating to such response costs.

**RESPONSE:** *See* response to Interrogatory No. 11.

13. Set forth with particularity the attorney's fees allegedly incurred by Plaintiff in the course of performance of the alleged OU-1 and OU-2 activities and the Consent Decrees as alleged in ¶23 of Plaintiffs Third Amended Complaint and identify any and all documents evidencing, referring or relating to such alleged fees incurred by Plaintiff.

**RESPONSE: Plaintiff further objects that this request is overly broad and unduly burdensome. Without waiving any such objections, invoices reflecting such attorney's fees are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.**

14. Set forth with particularity Plaintiffs estimate of additional response costs it believes it will incur as alleged in ¶24 of Plaintiff's Third Amended Complaint and:

    a. identify each witness with information or knowledge pertaining to such estimated additional response costs; and

    b. identify any and all documents evidencing, referring or relating to such additional response costs.

**RESPONSE: Plaintiff further objects that, with respect to future response costs, it is seeking a declaration of each defendant's equitable share of all necessary costs of response as incurred in the future by it consistent with the national contingency plan, and not a money judgment for any estimate of such costs. To the extent this interrogatory seeks**

plaintiff's current estimates of such costs or information and documents related to such estimates, it seeks information that is neither relevant nor will lead to the discovery of admissible evidence.

15. For each member of the Boarhead Farms Agreement Group:

   a. identify all Hazardous Substances generated, transported or disposed of by such member at the Site;

   b. the volume of Hazardous Substances generated, transported or disposed of by each member at the Site;

   c. the dates of each shipment of each member's Hazardous Substances disposed of at the Site;

   d. the identity of each transporter of each shipment of each member's Hazardous Substances disposed of at the Site;

   e. identify any and all documents evidencing, referring or relating to the generation of, transportation to and disposal of each member's Hazardous Substance at the Site:

   f. identify all persons or entities, if any, that arranged for the transportation to and disposal of each member's Hazardous Substance at the Site and the date and volume of each such Hazardous Substance disposed of at the Site as arranged by each such entity;

   g. the identity and location of each facility of each member at which each Hazardous Substance disposed of at the Site was generated;

   h. for the period starting one year before the earliest shipment of each member's Hazardous Substance to the Site and ending one year after the last such shipment, identify all other facilities at which Hazardous Substances generated or transported by each member was disposed of, other than the Boarhead Site; and

   i. the identity of each witness believed to have information or knowledge of the matters addressed in the previous subparts of this Interrogatory and a summary of the information or knowledge each is believed to possess.

**RESPONSE:** Plaintiff objects that it has no independent knowledge of any Hazardous Substances generated, transported or disposed of by it at the Site. By way of further objection, the phrase "identify all other facilities at which Hazardous Substances generated

PHL_A #1902557 v2

or transported by each member was disposed of, other than the Boarhead Site" is vague, confusing, ambiguous and unintelligible.

16. Identify all agreements and contracts evidencing, referring or relating to each and every arrangement for the transportation to and disposal of each BFAG member's Hazardous Substances at the Site.

**RESPONSE: Plaintiff objects that it did not arrange for the transportation to and disposal of Hazardous Substances at the Site.**

17. Identify all agreements and contracts evidencing, referring or relating to each and every arrangement by Ashland for the transportation to and disposal of Hazardous Substances at the Site as alleged in ¶48 of Plaintiff's Third Amended Complaint.

**RESPONSE : Plaintiff incorporates by reference its response to Interrogatory No. 1. By way of further answer, all agreements and contracts evidencing, referring or relating to each and every arrangement by Ashland for the transportation to and disposal of Hazardous Substances at the Site in Plaintiff's possession, custody or control are contained in the nexus files for Ashland and AETC in the Boarhead Document Repository.**

18. Set forth and identify with particularity all information and documents supporting Plaintiffs contention that it and/or its members is, are, or were Potentially Responsible Parties responsible for or liable to the EPA and/or PADEP for response costs arising out of the release of Hazardous Substances at the Site.

**RESPONSE:** Plaintiff objects that the phrase "it and/or its members is, are, or were Potentially Responsible Parties responsible for or liable to the EPA and/or PADEP for response costs arising out of the release of Hazardous Substances at the Site" is vague, confusing, and ambiguous. Without waiving any such objections, *see* the two Consent Decrees and Administrative Consent Orders located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, the members of BFAG have orally agreed collectively to undertake the cleanup work comprising OU-1 and OU-2.

AS TO OBJECTIONS

Dated: 09/14/04

_____
Glenn Harris, Esquire
Attorney I.D. No. 51222
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
Plaza 1000
Suite 500
Voorhees, NJ 08043-4636

PHL_A #1902557 v2