# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM
AGREEMENT GROUP,

               Plaintiff,

v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

               Defendants

Civil Action No. 02-CV-3830

**OBJECTIONS AND RESPONSES OF PLAINTIFF
BOARHEAD FARM AGREEMENT GROUP TO
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
OF DEFENDANT ASHLAND INC., DESIGNATED BY PLAINTIFF
AS ASHLAND CHEMICAL COMPANY, DIRECTED TO PLAINTIFF**

Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by its undersigned attorney, objects and responds to the First Request for Production of Documents of Defendant Ashland Inc., Designated by Plaintiff as Ashland Chemical Company, Directed to Plaintiff ("Document Requests"), as follows:

I.    **GENERAL OBJECTIONS**

1. Plaintiff objects to each document request to the extent that it seeks information not in Plaintiff's possession, custody or control.

2. Plaintiff objects to each document request to the extent that it seeks information already in the possession, custody or control of Ashland Chemical Company ("Ashland").

3. Plaintiff objects to each document request to the extent that it seeks information which is publicly available and, thus, to which Ashland has the same access as Plaintiff.

4. Plaintiff objects to each document request to the extent that it seeks information protected by the attorney-client privilege or any other applicable privilege. Any inadvertent disclosure of privileged information shall not constitute a waiver of the attorney-client or any other applicable privilege.

5. Plaintiff objects to each document request to the extent that it seeks the discovery of the mental impressions, conclusions, opinions or legal theories of its attorneys or other representatives. Any inadvertent disclosure of work product shall not constitute a waiver of any work product protection.

6. Plaintiff objects to each document request to the extent that it is unlimited in time or scope.

7. Plaintiff objects to each document request to the extent that it is unduly burdensome or designed to be harassing.

8. Plaintiff objects to each document request to the extent that it is vague or ambiguous.

## II. DOCUMENT REQUESTS

Subject to and without waiving the foregoing General Objections, Plaintiff makes the following responses to the Document Requests:

1. All statements, signed or unsigned, including transcriptions of any recorded statements concerning this action, from all witnesses and persons with information or knowledge relating to the facts alleged in Plaintiffs Third Amended Complaint, including, but not limited to, any statements from the Plaintiff, the other parties herein and/or their respective agents.

**RESPONSE: Plaintiff further objects that the only non-privileged responsive documents are documents created by others and deposition transcripts of persons unaffiliated with Plaintiff. Without waiving any such objections, Plaintiff refers Ashland to the documents**

located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

2. All documents that evidence, relate or refer to any response costs, losses and expenses allegedly incurred or sustained by Plaintiff as a result of the release(s) as alleged in Plaintiffs Third Amended Complaint.

RESPONSE: By way of further objection, this request is overly broad and unduly burdensome. Without waiving any such objections, documents reflecting response costs incurred by Plaintiff and invoices reflecting recoverable attorneys fees are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

3. All documents that evidence, relate or refer to any future response costs, losses and expenses that Plaintiff believes it will incur or sustain as a result of the release(s) as alleged in Plaintiffs Third Amended Complaint.

RESPONSE: Plaintiff further objects that, with respect to future response costs, it is seeking a declaration of each defendant's equitable share of all necessary costs of response as incurred in the future by it consistent with the national contingency plan, and not a money judgment for any estimate of such costs. To the extent this request seeks plaintiff's current estimates of such costs or information and documents related to such estimates, it seeks information that is neither relevant nor will lead to the discovery of admissible evidence. Without waiving any such objections, documents reflecting response actions

taken and response costs incurred by Plaintiff are located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

4. All documents used, consulted, referred to, identified or requested to be identified by Plaintiff in its Answers to Ashland's First Set of Interrogatories Addressed to Plaintiff.

RESPONSE: Without waiving any such objections, Plaintiff refers Ashland to the documents located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

5. Any and all documents used, consulted, referred to, identified or requested to be identified by Plaintiff in answer to any and all other Defendants' Interrogatories addressed to Plaintiff in this action.

RESPONSE: Plaintiff further objects to this document request as overly broad and unduly burdensome.

6. Any and all investigation files and other documents in Plaintiffs possession or control concerning the alleged generation, transportation and/or disposal by Ashland of Hazardous Substances at the Site.

RESPONSE: Plaintiff further objects that the phrase "investigation files and other documents" is vague, confusing, and ambiguous. By way of further objection, this request is overly broad and burdensome. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges

and/or the work product doctrine. By way of further objection, any files assembled by Plaintiff concerning the alleged generation, transportation and/or disposal by any other persons or parties of Hazardous Substances at the Site are comprised solely of documents created by others and deposition transcripts of persons unaffiliated with Plaintiff, and thus constitute attorney work product. Without waiving any such objections, Plaintiff refers Ashland to the documents concerning EPA's investigation located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

7. Any and all investigation files and other documents in Plaintiffs possession or control concerning the alleged generation, transportation and/or disposal by Plaintiff of Hazardous Substances at the Site.

RESPONSE: Plaintiff further objects that the phrase "investigation files and other documents" is vague, confusing, and ambiguous. By way of further objection, this request is overly broad and burdensome. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, any files assembled by Plaintiff concerning the alleged generation, transportation and/or disposal by any other persons or parties of Hazardous Substances at the Site are comprised solely of documents created by others and deposition transcripts of persons unaffiliated with Plaintiff, and thus constitute attorney work product. Without waiving any such objections, Plaintiff refers Ashland to the documents concerning EPA's investigation located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735

Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

  8. Any and all investigation files and other documents in Plaintiffs possession or control concerning the alleged generation, transportation and/or disposal by any other persons or parties of Hazardous Substances at the Site.

**RESPONSE:** Plaintiff further objects that the phrase "investigation files and other documents" is vague, confusing, and ambiguous. By way of further objection, this request is overly broad and burdensome. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, any files assembled by Plaintiff concerning the alleged generation, transportation and/or disposal by any other persons or parties of Hazardous Substances at the Site are comprised solely of documents created by others and deposition transcripts of persons unaffiliated with Plaintiff, and thus constitute attorney work product. Without waiving any such objections, Plaintiff refers Ashland to the documents concerning EPA investigation located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

  9. All documents including, but not limited to, Releases, that evidence, relate or refer to any settlement agreement to which Plaintiff is a party and which in any way relates to the response costs, losses, damages, expenses and/or claims forming the subject matter of Plaintiffs Third Amended Complaint.

RESPONSE: Plaintiff further objects that this request is vague, confusing, and ambiguous. By way of further objection, this request seeks documents that are neither relevant nor will lead to the discovery of admissible evidence. Without waiving any such objections, *see* copies of executed settlement agreements with the settlement amounts redacted located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103.

10. All documents that embody, evidence, refer or relate to all communications between BFAG and the USEPA, the PaDEP, the PaDER and/or any other party relating to the presence of and cleanup of Hazardous Substances at the Site.

RESPONSE: Plaintiff further objects that the phrase "relating to the presence of and cleanup of Hazardous Substances at the Site" is vague, confusing, and ambiguous. By way of further objection, this request is overly broad and burdensome. By way of further objection, this request seeks documents that are neither relevant nor will lead to the discovery of admissible evidence. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. Without waiving any such objections, *see* non-privileged documents reflecting Site response activities and correspondence with USEPA and PADEP, all located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

11. Any and all documents embodying, evidencing, referring or relating to any and all agreements entered into by BFAG relating to the cleanup of the Site.

RESPONSE: Plaintiff further objects that the phrase "relating to cleanup of the Site" is vague, confusing, and ambiguous. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, this request is overly broad and unduly burdensome. Without waiving any such objections, *see* agreements between BFAG and remedial action contractors located in the Boarhead Document Repository at the Offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

12. Any and all documents embodying, evidencing, referring or relating to BFAG's status or designation as a Potentially Responsible Party with respect to the presence and/or cleanup of Hazardous Substances at the Site.

RESPONSE: Plaintiff further objects that the phrase "BFAG's status or designation as a Potentially Responsible Party with respect to the presence and/or cleanup of Hazardous Substances at the Site" is vague, confusing, and ambiguous.

13. Any and all documents embodying, evidencing, referring or relating to the cleanup of the Site.

RESPONSE: Plaintiff further objects that the phrase "relating to cleanup of the Site" is vague, confusing, and ambiguous. By way of further objection, this request is overly broad and burdensome. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. Without waiving any such objections, *see* documents reflecting Site response actions located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of

further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

14. Any and all documents embodying, evidencing, referring or relating to all communications and transactions between and among Ashland and any other person or entity relative to the generation, transportation and/or disposal of Hazardous Substances which Plaintiff contends or believes were disposed of at the Site.

RESPONSE: Subject to and without waiving the foregoing General Objections, Plaintiff responds that all documents in Plaintiff's possession, custody and/or control concerning communications and transactions between and among Ashland and any other person or entity relative to the generation, transportation and/or disposal of Hazardous Substances at the Site are contained in the nexus files for Ashland and AETC located at the Boarhead Document Repository, and refers Ashland to the same.

15. Any and all documents, not produced in response to the above Requests, including, but not limited to, reports of laboratory tests and analyses, evidencing, referring or relating to the presence at the Site of Hazardous Substances generated, transported and/or disposed of at the Site by Ashland, by anyone acting on Ashland's behalf, and/or by an arranger.

RESPONSE: Plaintiff further objects that this request is unintelligible. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, this request is overly broad and burdensome. Without waiving any such objections, Plaintiff refers Ashland to the documents concerning Site response activities located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

16. Any and all documents, not produced in response to the above Requests, including, but not limited to, reports of laboratory tests and analyses, evidencing, referring or relating to the presence at the Site of Hazardous Substances generated, transported and/or disposed of at the Site by Plaintiff, by anyone acting on Plaintiffs behalf, and/or by an arranger.

RESPONSE: Plaintiff further objects that this request is unintelligible. Without waiving any such objections, Plaintiff directs Ashland to the documents concerning Site response activities located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

17. Any and all documents, not produced in response to the above Requests, including, but not limited to, reports of laboratory tests and analyses, evidencing, referring or relating to the presence at the Site of Hazardous Substances generated, transported and/or disposed of at the Site by any other person or entity, by anyone acting on behalf of any such other person or entity, and/or by an arranger.

RESPONSE: Plaintiff further objects that this request is unintelligible. By way of further objection, this request seeks documents that are protected by the attorney-client and/or common interest privileges and/or the work product doctrine. By way of further objection, this request is overly broad and burdensome. Without waiving any such objections, Plaintiff directs Ashland to the documents concerning Site response activities located in the Boarhead Document Repository at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, PA 19103. By way of further response, such documents may be included in documents located at Pitney Hardin, 200 Campus Drive, Florham Park, New Jersey 07932. Such non-privileged documents are available for inspection and copying upon reasonable notice.

Dated: 09/14/04

_____
Glenn Harris, Esquire
Attorney I.D. No. 51222
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
Plaza 1000
Suite 500
Voorhees, NJ 08043-4636