# EXHIBIT "C"

# PHELAN, PETTIT & BIEDRZYCKI
### ATTORNEYS AT LAW

JOHN M. PHELAN
RICHARD C. BIEDRZYCKI
JEFFREY L. PETTIT
CHRISTOPHER H. JONES*
RICHARD E. STABINSKI††
JOHN W. PHELAN*
BRENT A. COSSROW*

* ALSO ADMITTED TO NJ BAR
†† ALSO ADMITTED TO IL BAR

SUITE 1600
THE NORTH AMERICAN BLDG.
121 SOUTH BROAD STREET
PHILADELPHIA, PA 19107

TELEPHONE (215) 546-0500
FACSIMILE (215) 546-9444

November 12, 2004

**VIA FACSIMILE AND FIRST CLASS MAIL**
Glenn M. Harris, Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

      RE:   **Boarhead Farm Agreement Group v.
Advanced Environmental Technology Corporation, et al.
U.S.D.C., E.D.Pa., Civil Action No. 02-3850**

Dear Mr. Harris:

     We are writing in a good faith attempt to resolve a discovery dispute pertaining to Plaintiff's answers and objections to Ashland's Interrogatories and Document Requests in the above matter. Barring an amicable resolution of such dispute, it is our intention to move for an order striking Plaintiff's objections and compelling more specific answers and responses to Ashland's Interrogatories and Document Requests.

     For the record, we take issue with all of Plaintiff's objections to Ashland's Interrogatories and Document Requests, each of which is specifically tailored to seeking information relevant and material to the Plaintiff's allegations against Ashland in this case. In an effort to amicably resolve this discovery dispute, we will highlight hereinafter some of our principal concerns with Plaintiff's responses that we would ask you to consider and advise us whether you will be withdrawing your objections and amending and supplementing Plaintiff's responses to Ashland's written discovery requests.

**I.**    **Interrogatories**

    **1.**    **Plaintiff's Objections to Purportedly "Premature" Contention Interrogatories**

     You have asserted an identical objection to each of the Interrogatory Nos. 1, 2 (a)-(f), 3-7 and 17, objecting as to each interrogatory "insofar as it constitutes a contention interrogatory that calls for the Plaintiff to articulate theories of its case not yet fully developed and, as such, is premature."

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
November 11, 2004
Page 2

    This objection to these interrogatories is clearly improper. As these interrogatories reflect, Ashland does not seek to have Plaintiff make final decisions as to whether it will make certain contentions in this case or to articulate theories that Plaintiff has not yet fully developed. Rather, the interrogatories relate to specific allegations made by Plaintiff in its Third Amended Complaint. Plaintiff has sued our client and in doing so has made specific allegations against Ashland and others. Clearly, Ashland is entitled to know the factual bases for Plaintiff's previously made allegations. No discovery could be more relevant and appropriate than this.

    Furthermore, Ashland's discovery requests do not require Plaintiff to go out and develop or discover new facts of which it is presently unaware, but rather to disclose only facts and evidence that it currently possesses supporting its very own allegations. The interrogatories in question are not open-ended. Ashland is entitled to the information sought to enable it to further understand and investigate the factual bases of Plaintiff's claims against it to enable Ashland to effectively pursue further investigation and discovery, as necessary, within the time parameters set by the Court. Furthermore, these interrogatories have not been interposed in the early stages of this litigation, but only after extensive nexus and other discovery has already taken place and after Plaintiff has had ample time to gather evidence pertaining to its claims. The interrogatories are specifically tailored to the Plaintiff's allegations and are not overbroad, general or unduly burdensome. As such, Ashland's Interrogatories and Document Requests are clearly distinguishable from those which the Court did not require be answered in the Braun Medical case that you cite in Plaintiff's responses to Ashland's Interrogatories. Moreover, we refer you to Plaintiff's own interrogatories addressed to all defendants in this case which include "contention" interrogatories. We specifically refer you to Plaintiff's "contention" Interrogatory No. 10 addressed to Ashland, to which interrogatory Ashland provided a full and complete response, in stark contrast to Plaintiff's responses to Ashland's interrogatories seeking the factual bases for specific averments made by Plaintiff in its Complaint.

    Accordingly, we request that Plaintiff withdraw of its objections based on Plaintiff's mischaracterization of Ashland's Interrogatories and Document Requests as premature contention interrogatories and serve full and complete responses thereto.

    2.    **Designation of Documents in Lieu of Answers to Interrogatories**

    Plaintiff has avoided providing any information in response to most of Ashland's Interrogatories while attempting to make it appear that it has answered a number of those interrogatories by making general references to documents in the Boarhead Document Repository and/or documents located at Pitney Hardin in Florham Park, New Jersey. Such responses are insufficient.

    Apparently, Plaintiff is attempting to invoke the procedure described in Fed.R.Civ.P. 33(d) by referring to records in lieu of providing specific information in response to Ashland's interrogatories. However, as the Rule specifically provides, such a response must be set forth in sufficient detail to permit the interrogating party to locate and identify the specific records from which the answer to the interrogatory may be ascertained. The Advisory Committee to the Rule

specifically noted that an interrogatory response that merely directs a party to a mass of records is an abuse of the option provided by Rule 33(d) to designate specific records in lieu of formal answers. In fact, such an attempted referral to a mass of records may result in the preclusion of evidence at trial by the party making such a mass document referral. See In Re Fine Paper Antitrust Litigation, 685 F.2d 810 (3rd Cir. 1982).

Accordingly, we request that Plaintiff provide more specific detailed responses to Ashland's interrogatories by providing the information sought therein. If Plaintiff chooses to respond to any interrogatories by referring to documents in which the answer can be obtained, Plaintiff should designate the specific documents, including a designation of the Bates numbers thereof, in which the specific information sought by each interrogatory can be found.

3. **Specific Interrogatories**

In addition to Ashland's request that Plaintiff withdraw its above-referenced objections based on purportedly premature contention interrogatories and that Plaintiff provide amended and supplemental responses to each interrogatory or specifically designate the particular documents in which the information requested can be found, Ashland further requests that the Plaintiff withdraw its other objections and more specifically respond to the following interrogatories:

a. **Interrogatory No. 2**

Ashland disagrees with Plaintiff's objection that this interrogatory is somehow vague and ambiguous. In its response, Plaintiff states that the "EPA did not direct the ROD to clean up any hazardous substance." This statement by Plaintiff is confusing as it is quite clear that what this interrogatory seeks is the identity of the hazardous substances to be cleaned up as directed by the EPA. This interrogatory seeks no more than details of what Plaintiff has alleged in its Complaint. To the extent that Plaintiff believes that this interrogatory is overly burdensome because records from which this information can be obtained are publicly available, then all that Plaintiff needs to do is to designate the specific documents which it submits are publicly available and which contain the information sought by the interrogatory. Ashland is entitled to know the specific documents to which Plaintiff refers as purportedly containing the information sought in this interrogatory so that it can reasonably attempt to obtain and review them. A mass document referral does not provide Ashland with such an opportunity.

With respect to Plaintiff's objection to the information requested in subpart (i) of this Interrogatory seeking the identity of persons with information or knowledge regarding the transportation and arrangement of hazardous substances as purportedly seeking privileged information, clearly this subpart does not require the disclosure of any privileged information. Ashland is unquestionably entitled to know the identity of all individuals that Plaintiff, including its attorneys, believe have relevant information and knowledge. If Plaintiff does not withdraw this objection, we would ask that it submit a privilege log for the information and documents not being

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
November 11, 2004
Page 4

produced, including a summary of the particular bases for its claim of privilege.

### b. Interrogatory Nos. 3, 4, 5, 8, 9 and 14

Without waiving its right to seek full and complete answers to these interrogatories to the extent that they seek an itemization of future response costs, insofar as plaintiff is professedly only seeking a determination of each defendant's equitable share of future response costs, at this time Ashland will accept a supplemental answer which sets forth the equitable share of each party that Plaintiff presently believes is appropriate, including the share of each settling and non-settling defendant and of each member of the Plaintiff group, along with the factual bases for such apportionment. With regard to the schedules of costs and invoices referenced in Plaintiff's answers to these interrogatories, we would again ask that you specifically designate the particular documents among the mass of records in the Repository which contain the information Plaintiff believes is responsive to this interrogatory.

### c. Interrogatory Nos. 11, 12 and 13

Ashland requests that Plaintiff specifically provide the information sought by setting forth the dollar amounts of the response costs and attorney's fees claimed by Plaintiff. At a minimum, Plaintiff must make reference to the specific documents in the Repository or at Pitney Hardin in which the information requested in these interrogatories can be found.

### d. Interrogatory Nos. 15, 16 and 18

Plaintiff seems to overlook the fact that these interrogatories seek responses on behalf of <u>each BFAG member</u>. Plaintiff has responded to these interrogatories as though they merely sought responses on behalf of the Boarhead Farm Agreement Group only, which they clearly do not. Accordingly, we must insist that plaintiff provide amended and supplemental responses to these interrogatories on behalf of each BFAG member. Furthermore, Ashland takes issue with Plaintiff's evasive response that it has "no independent knowledge" of any of its own hazardous substances disposed of at the Boarhead Farms Site. This interrogatory does not limit the information sought to information of which Plaintiff and the members thereof have only "independent knowledge." Rather, this interrogatory seeks <u>all</u> information possessed by each member of the BFAG group. Quite obviously, the BFAG members would not have entered into a clean up agreement with the EPA without having such information. Furthermore, Ashland fails to see how these interrogatories are "vague" as asserted by you in Plaintiff's response to these interrogatories insofar as they seek, quite simply, information as to each disposal site of the wastes of each BFAG member during the relevant time period.

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
November 11, 2004
Page 5

## II. Document Requests

### 1. Designation of Mass Records

For the reasons set forth in Paragraph I.2. above, Ashland objects to Plaintiff's attempt to respond to its discovery requests by making general reference to a mass of documents such as the documents in the Repository and/or at Pitney Hardin. Accordingly, we must request that for each document request, Plaintiff amend its responses by designating the specific documents, including a designation of the Bates numbers thereof, which are responsive to each of Ashland's document requests. Certainly, Plaintiff cannot expect Ashland to sift through many hundreds of boxes and files containing tens of thousands of records to try to locate what may be just a handful of documents responsive to any particular document requests, and then guess as to which documents Plaintiff believes are responsive to Ashland's document requests. We trust that you will supplement and amend Plaintiff's responses accordingly.

### 2. Specific Document Requests

In addition to Ashland's request that Plaintiff withdraw its general objections to Ashland's document requests and in addition to Ashland's above request that Plaintiff provide amended and supplemental responses to each document request by specifically designating the responsive documents, Ashland further requests that Plaintiff withdraw its other objections and more specifically respond to the following document requests:

#### a. Request No. 1

Other than transcripts of depositions specifically noticed and taken in this case, we would request that you itemize the deposition transcripts referred to in Plaintiff's response by the name of the deponent, the date of each deposition, and the case name, court and docket number of the case. With respect to Plaintiff's reference in its response to potentially privileged documents, we request that Plaintiff specifically identify all such documents and set forth the bases for each claim of privilege sufficient to enable Ashland to evaluate whether a privilege may apply and to pursue a court ruling thereon, if necessary.

#### b. Request No. 5

To the extent that Plaintiff has or will be producing documents in response to other defendants' interrogatories and document requests, Ashland requests no more than that Plaintiff produce copies of such documents or make them available for inspection by Ashland's counsel or, alternatively, make specific reference to the particular documents in the Repository, at Pitney Hardin or at any other accessible location sufficient to enable us to readily locate and review the particular responsive documents.

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
November 11, 2004
Page 6

### c. Document Request Nos. 6, 7 and 8

We are mystified at how the phrase "investigation files and other documents" is vague, confusing or ambiguous as asserted by Plaintiff in its responses to these requests. We further challenge Plaintiff's objection that these requests are "overly broad and burdensome." Furthermore, this document request does not, as Plaintiff asserts, seek the production of attorney work product but only documents not prepared by Plaintiff's counsel in anticipation of litigation or in preparation for trial. Clearly, documents created by others as well as deposition transcripts of persons unaffiliated with the Plaintiff cannot constitute attorney work product as you assert. Furthermore, to the extent that Plaintiff refers to EPA investigation documents in its response, we again request that you provide a specific designation of the particular responsive documents that are purportedly contained within the mass of documents in the Repository and/or at Pitney Hardin.

Finally, Plaintiff states in its response that "non-privileged documents are available for inspection and copying upon reasonable notice." We request that you make such specifically designated documents available to Ashland.

### d. Request No. 9

Based on Plaintiff's response, we will assume that there are no Releases or Settlement Agreements in existence other than those placed by Plaintiff into the Document Repository. We request, however, that you provide the specific Bates numbers of those Releases and Settlement Agreements.

### e. Request No. 10

With respect to this request seeking documents embodying or referring to communications between Plaintiff, the members of BFAG and the relevant government agencies and others, this request is specifically limited to documents involving communications that relate to the presence and clean up of hazardous substances at the Boarhead Farms Site. We fail to see how this request is "vague, confusing and ambiguous" or "overly broad and burdensome" as asserted by Plaintiff in its response. The documents requested are clearly relevant and this request is reasonably calculated to lead to the discovery of admissible evidence.

To the extent that Plaintiff is withholding the production of documents under a claim of privilege, we again request that Plaintiff identify such documents and the bases for its claim of privilege relative thereto.

### f. Request No. 11

We disagree that this Request is in any way vague, confusing, ambiguous, overly broad or unduly burdensome. Plaintiff should be readily able to identify and produce, or specifically designate, all "agreements entered into by BFAG relating to the clean up of the Site." To the extent

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
November 11, 2004
Page 7

    that Plaintiff is withholding any responsive documents subject to a claim of privilege, we request that Plaintiff identify such withheld documents and specifically set forth the bases for its privilege claims.

    **g.**    **Request No. 12**

    Ashland disagrees that this request is in any way vague, confusing or ambiguous as asserted by Plaintiff in its Response. This request is clearly directed to documents that designate or refer to BFAG, including its members, as Potentially Responsible Parties with respect to the Boarhead Farms Site. Obviously, had the BFAG members not been so designated, they would not have entered into an agreement with EPA to clean up the Site.

    **h.**    **Request No. 15**

    We do not see how Plaintiff can assert that this Request, which seeks all documents relating to the presence of Ashland waste materials at the Boarhead Farms Site, is "unintelligible" or overly broad and burdensome as asserted by Plaintiff in its response. This request seeks documents going to the very heart of Plaintiff's claims and allegations against Ashland in this case. Also, to the extent that Plaintiff is withholding any documents from production pursuant to a claim of privilege, we again request that you identify all such documents being withheld and state the bases for Plaintiff's assertion of privilege so that we can evaluate such assertion and present the matter to the court for a ruling, if necessary.

    **i.**    **Request Nos. 16 and 17**

    These requests are specifically limited to seeking the same types of documents sought in Ashland's request no. 15, but with respect to waste materials deposited at the Boarhead Farms Site that were generated, transported or disposed of by entities or persons other than Ashland including, but not limited to, members of BFAG and the other co-defendants. Accordingly, our comments as set forth above with respect to Ashland's Document Request No. 15 are likewise applicable here.

    Particularly given the fact that the discovery deadline for this discovery phase is rapidly approaching, we must request that we hear from you no later than Thursday, November 18, 2004 with regard to the potential amicable resolution of these matters. If we do not hear from you, we will assume that you do not wish to reconsider Plaintiff's answers and responses and that the issues addressed herein cannot be resolved absent a presentation of the disputed matters to the court by way of motion. Also until these issues are resolved, we would object to Plaintiff's pursuit of any further discovery from Ashland.

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
November 11, 2004
Page 8

    We look forward to the courtesy of a prompt response.

                                      Very truly yours,

                                      Richard C. Biedrzycki

RCB/vic

cc:    Monique M. Mooney, Esquire
        Thomas Sabino, Esquire
        Lynn Wright, Esquire
        Melissa E. Flax, Esquire
        Stephen P. Chawaga, Esquire
        Edward Fackenthal, Esquire
        Andrew P. Foster, Esquire
        Seth v.d.H. Cooley, Esquire

G:\DATA\1357-29\Ltrs\GMH-010.wpd