# EXHIBIT "E"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,  :
                                :
     Plaintiff,  :
                                :
  v.                  :  Civil Action No. 02-3830
                                :
ADVANCED ENVIRONMENTAL          :
TECHNOLOGY CORPORATION, et al., :
                                :
     Defendants  :

### ANSWERS AND OBJECTIONS OF DEFENDANT ASHLAND INC. TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS OF PLAINTIFF BOARHEAD FARM AGREEMENT GROUP

Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company (hereinafter "Ashland"), by and through its undersigned counsel, hereby responds to Plaintiff's Interrogatories and Request for Production of Documents directed to Ashland.

Ashland's specific objections to each of Plaintiff's Interrogatories are in addition to the general limitations and objections set forth in the following General Objections and General Statement, which limitations and objections form a part of the response to each and every Interrogatory. These General Objections are not waived, limited, or restricted by any of the more specific responses or objections to any particular Interrogatory.

Identify all documents that refer to, relate to, support or contradict your response to this interrogatory and its subparts.

INTERROGATORY NO.10

In answering Interrogatory No. 1 above, if you take the position that materials were directly or indirectly taken from any of your facilities but that you do not have any belief, reason to believe or surmise that such materials were transported to the Site, set forth all facts upon which you base that position and identify all documents that refer to, relate to, support or contradict your position.

ANSWER:

See documents previously produced with Ashland's initial disclosures and its 104(e) responses, including Ashland's waste disposal ledgers, none of which indicate that any wastes from Ashland's Great Meadows facility were disposed of at the Boarhead Farms Site. Furthermore, Arthur T. Curley, former plant manager of Ashland's Great Meadows facility, and William Charles Olasin have previously testified in other CERCLA actions that, to the best of their information and knowledge and based upon their review of all available documents and records, no wastes from Ashland's Great Meadows, New Jersey facility were transported to and/or disposed of at the Boarhead Farms Site. In addition, see testimony of principals and employees of DeRewal Chemical Company, Environmental Chemical Control, Inc. and Boarhead Corporation in this case and in the administrative proceedings instituted by the United States Environmental Protection Agency, copies of the transcripts of which are believed to be in Plaintiff's possession.

By way of further response, all evidence adduced in this action indicates that any and all wastes from Ashland's Great Meadows, New Jersey facility transported by DeRewal Chemical Company were transported to DeRewal's Wissinoming facility in Philadelphia and not to any other facility, including the Boarhead Farms Site, during the period of August 1976 through at least March 1977. During that entire time period, the evidence to date has disclosed that the Wissinoming facility had the necessary equipment and was fully operational for the storage, treatment, neutralization and disposal of acid wastes of the type transported by AETC/DeRewal from Ashland's Great Meadows, New Jersey facility. No such equipment was available and/or operational at the Boarhead Farms Site. Furthermore, documents produced by AETC reflect that sewer charges by the City of Philadelphia were incurred by DeRewal during the relevant period for the disposal at the Wissinoming facility of Ashland's spent acid waste transported by DeRewal. Relatedly,

20

Ashland thereafter entered into a settlement and release with the City of Philadelphia and the Pennsylvania Department of Environmental Protection in 1980 relative to the alleged improper disposal of Ashland's alleged spent acid waste by DeRewal at the Wissinoming facility during the relevant time period. Furthermore, former employees of DeRewal have testified in this action that no Ashland acid or other wastes were hauled by DeRewal after the Wissinoming facility was shut down in or around March of 1997, further indicating that the Boarhead Farms Site was not used as a disposal facility for Ashland waste streams. Furthermore, Ashland's waste ledgers and shipping records indicate that shortly after the closing of the Wissinoming facility in or about March of 1977, AETC did very little hauling of wastes from Ashland's Great Meadows facility and that the wastes that it did haul went to other facilities reflected in said records including, but not limited to, Modern Transport and All County Environmental.

Furthermore, as reflected in the documents previously produced, Mr. Curley personally observed the neutralization of Ashland's spent acid wastes from its Great Meadows facility being conducted at the Wissinoming facility and further personally observed a tank wagon of Ashland's spent acid waste from its Great Meadows facility en route therefrom to the Wissinoming facility. Furthermore, Manfred DeRewal informed Mr. Curley that Ashland's spent acid wastes that were not neutralized at the Wissinoming facility were resold to other parties by DeRewal for ore extraction and agricultural purposes, and that the spent acid that was neutralized was then deposited into the sewer system at the Wissinoming facility, a process that had been observed by Mr. Curley. Furthermore, the drivers of tank trucks hauling spent acid wastes from Ashland's Great Meadows facility have testified that they hauled such wastes during the period of time that the Wissinoming facility was operational and that they did not pick up any wastes from the Great Meadows facility other than spent acid. Furthermore, Plaintiff has not produced any documents or other credible evidence, other than highly suspect and equivocal testimony of certain drivers formerly employed by DeRewal, reflecting that any waste streams from Ashland's Great Meadows facility were transported to and disposed of at the Boarhead Farms Site.

See also Ashland's above answer to Interrogatory no. 1(f). Ashland reserves the right to supplement its Answer to this Interrogatory as its investigation and discovery are continuing.


INTERROGATORY NO. 11

If it is alleged in any document relating to the Site, including without limitation any document filed with the court or served on you in connection with the Case, or if you believe, have reason to believe, or surmise, that a party will contend that you or a related entity is a successor to an entity potentially liable at the Site, set forth all facts and theories upon which you

21

IV.    **DOCUMENT REQUESTS**

1.    All documents requested to be identified in the Interrogatories.

**RESPONSE:**

See Ashland's above answers and objections to Plaintiff's Interrogatories and documents produced in connection with Ashland's initial disclosures.

2.    All other documents referring or relating to wastes from the Great Meadows Facility or from any other facility which were sent or which you believe, have reason to believe or surmise may have been sent directly or indirectly to the Site.

**RESPONSE:**

As Ashland does not believe or have reason to believe that any waste from its Great Meadows, New Jersey facility or any other facility was sent, directly or indirectly, to the Boarhead Farms Site during any part of the relevant time period, this Request is not applicable. By way of further response, see Ashland's above answers and objections to Plaintiff's Interrogatories and documents previously produced in connection Ashland's initial disclosures and its 104(e) responses.

RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Ashland Inc., designated by Plaintiff as Ashland Chemical Company

Date:    July 26, 2004

G:\DATA\1357-29\Disc\Ans-Rogs-BFAG.wpd

30