# EXHIBIT "G"

## PHELAN, PETTIT & BIEDRZYCKI
ATTORNEYS AT LAW

JOHN M. PHELAN
RICHARD C. BIEDRZYCKI
JEFFREY L. PETTIT
CHRISTOPHER H. JONES*
RICHARD E. STABINSKI††
JOHN W. PHELAN*
BRENT A. COSSROW*

* ALSO ADMITTED TO NJ BAR
†† ALSO ADMITTED TO IL BAR

SUITE 1600
THE NORTH AMERICAN BLDG.
121 SOUTH BROAD STREET
PHILADELPHIA, PA 19107

TELEPHONE (215) 546-0500
FACSIMILE (215) 546-9444

December 15, 2004

**VIA FACSIMILE AND FIRST CLASS MAIL**
Glenn M. Harris, Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

RE:  Boarhead Farm Agreement Group v.
     Advanced Environmental Technology Corporation, et al.
     U.S.D.C., E.D.Pa., Civil Action No. 02-3850

Dear Mr. Harris:

We are writing once again in a further good faith attempt to resolve a discovery dispute pertaining to Plaintiff's Answers and Objections to Ashland's Interrogatories and Document Requests in the above-referenced matter. We are in receipt of your November 18, 2004 response to our letter of November 12, 2004 that outlined Ashland's positions and suggestions with respect to Plaintiff's responses to those interrogatories and document requests. Although we take issue with Plaintiff's objections to certain of the interrogatories that Plaintiff has labeled as "contention interrogatories" based on the purported prematurity thereof, given the fact that Plaintiff has now taken numerous depositions in this case, including depositions of representatives of Ashland and AETC, we believe that Plaintiff's objection on prematurity grounds now has no possible merit. Thus, we would ask that Plaintiff serve supplemental and amended responses to such interrogatories based on information that the Plaintiff currently possesses.

As you know, we also take issue with Plaintiff making global designations of documents in the Boarhead Repository and at the Pitney Hardin firm in lieu of narrative responses to certain of Ashland's discovery requests. We continue to believe such responses to be insufficient and improper under the Rules. Thus, we would request that if Plaintiff wishes to respond to interrogatories and document requests by incorporating documents, the specific documents responsive to each discovery request must be identified with particularity, including Bates numbers or other identifying features thereof, to enable Ashland to readily identify, locate and review such documents without having to

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
December 15, 2004
Page 2

conduct a week-long review of tens of thousands of documents, which review would, in any event, still undoubtedly leave Ashland guessing as to which of those many documents Plaintiff believes are the ones responsive to Ashland's interrogatories requesting discreet responses to requests for particularized information.

With respect to Plaintiff's objections generally, we continue to believe that those objections are inappropriate as well as untimely. Thus, we would ask that you reconsider Plaintiff's objections by withdrawing them and furnishing answers to Ashland's interrogatories that are not subject to any such objections.

With respect to Plaintiff's substantive responses and specific objections to certain interrogatories and document requests, which responses we continue to believe are deficient, we have the following additional comments in response to your stated positions and inquiries as set forth in your November 18, 2004 letter:

**Interrogatories**

**Int. No. 1**

In your letter, you make reference to the entirety of the Administrative Record in certain related administrative proceedings, to unidentified transcripts of unknown deponents, and to drums and drum fragments purportedly bearing Ashland Chemical labels. Such statements should be set forth in Plaintiff's answer to this interrogatory, not in a letter which does not constitute a response. I also note that Plaintiff's answers were not sworn as required under the Rules. As stated above, we would also ask that any documents designated by Plaintiff in lieu of a narrative response to a discovery request be identified with particularity. We would also ask that Plaintiff make specific reference to the depositions Plaintiff is incorporating as part of its answer, including the dates thereof, the deponents, and the case in which such depositions were taken.

**Int. No. 2**

Ashland is not, as you suggest, seeking discovery that should more properly be addressed to another party, namely, the EPA. Ashland is simply seeking information that Plaintiff has, from any source, as to what particular hazardous substances, according to Plaintiff's information and belief, the EPA has directed be cleaned up from the Boarhead Farm Site, which clean up the Plaintiff has admittedly agreed to perform. Again, if Plaintiff wishes to incorporate specific documents in lieu of specific information sought in this interrogatory, Ashland's position is that Plaintiff should be required to identify the specific documents containing the specific information sought in the interrogatory. It is of no moment that, as stated in your letter, Plaintiff's Complaint "does not allege any list of specific hazardous substances that the EPA 'directed' be cleaned up, nor does it allege as each such hazardous substance, who generated that substance, who transported and disposed of it at the Site, who arranged for such transportation or any of the other subsets of information sought

in this interrogatory." Clearly, the information sought in this interrogatory constitutes a significant part of the Plaintiff's required proofs in this case and as to which Ashland is entitled to obtain discovery. While we understand that Plaintiff may not have formulated it's final "contentions" with regard to waste identification, Ashland seeks no more than to which it is entitled, i.e., information that Plaintiff currently possesses. Finally, you can rest assured that we are not seeking the disclosure of Plaintiff's counsel's strategies or other work product, as suggested in your letter, but only specific information as to the waste streams at issue.

### Int. Nos. 3, 4, 5, 8, 9 and 14

You apparently misunderstood our offer of compromise in light of your objection to those subparts of these interrogatories seeking an itemization of alleged future remediation costs. While we understand that Ashland's interrogatory did not specifically ask Plaintiff to state a current estimate of the equitable shares of all of the respective parties, we merely suggested that as an alternative to pressing for full and complete answers to these interrogatories seeking a detailed itemization of all past and future response costs. Based on our reading of your letter, it appears that you are not willing to consider our suggested compromise. If so, we therefore must ask that Plaintiff provide the information requested, including a detailed itemization of past and current estimates of future response costs along with the identification of the hazardous substances that have been and are being remediated for which such costs have been and are being incurred by your client members.

While we appreciate the reference in your letter to e-mails of September 15 and 28, 2004, such references should be stated in a formal sworn response to Ashland's Interrogatory if Plaintiff intends the documents enclosed with those e-mails to constitute Plaintiff's response.

### Int. Nos. 11, 12 and 13

While your letter states that Plaintiff's response costs to date are as reflected in the "de maximus tables" previously produced by you, this response should also be set forth in a formal response to this Interrogatory and not in an unsworn letter. We appreciate your offer to make responsive documents available; however, we would ask that the documents requested be specifically referenced in a formal answer to this interrogatory.

### Int. Nos. 15, 16 and 18

Your November 18 letter expresses puzzlement at our concern that Plaintiff's answers to these interrogatories were made by the association known as the Boarhead Farm Agreement Group rather than by the individual members of the Group. Our concern was simply due to the fact that Plaintiff's answers to these interrogatories were presented in the singular tense on behalf of "it" rather than "they". In any event, so that it is clear that Plaintiff's responses to these interrogatories are made on behalf of each member of the Group, we would ask that Plaintiff formally amend its responses to these interrogatories by indicating that Plaintiff's responses are being provided on behalf

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
December 15, 2004
Page 4

of each member of the Plaintiff Group, and that affidavits on behalf of all of the Group member companies accompany Plaintiff's answers.

We also continue to take exception to Plaintiff's response that Plaintiff has "no independent knowledge" of the hazardous substances disposed of at the Boarhead Site. Our discovery request is not limited to information as to which Plaintiff has such "independent knowledge", but seeks information of which Plaintiff, including each group member, is aware from any source.

**Document Requests**

**Request No. 1**

We have set forth our position with respect to Plaintiff's response to Request no. 1 in our letter of November 12, 2004. Your letter of November 18, 2004 does not separately address that Request. In any event, our position as set forth in our earlier letter remains the same.

**Request No. 5**

We would continue to request that Plaintiff make specific reference to the particular documents responsive to this request so that Ashland will have a reasonable opportunity to identify and locate the particular documents requested.

**Request Nos. 6, 7 and 8**

We are troubled by your continuing objection to Ashland's request for copies of "investigation files" as vague and ambiguous. A request for investigatory documents is, as you well know, a standard discovery request and its meaning cannot be seriously questioned. Furthermore, Ashland does not seek the disclosure of Plaintiff's counsel's thought processes or other work product prepared in anticipation of litigation or in preparation for trial. Ashland merely seeks a specific designation of the particular responsive documents purportedly contained within the mass of documents in the Repository and elsewhere. Furthermore, with respect to Plaintiff's assertions that certain of the materials requested are privileged, as with all of Ashland's interrogatories and document requests, we would ask that Plaintiff provide a privilege log identifying any documents and information being withheld and providing a basis for such a claim of privilege so that we can evaluate such a claim and consider taking appropriate action to determine the validity of such claims, if necessary.

**Request No. 10**

As clearly worded, this document request is specifically limited to seeking the production of documents involving communications that relate to the presence and clean up of hazardous substances at the Boarhead Farm Site. So that there is no misunderstanding as to which documents

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
December 15, 2004
Page 5

in the Document Repository are responsive to this request, which documents you state in your letter "can be immediately identified on the Index to the Document Repository," we assume that you would have no difficulty in identifying those particular documents.

### Request No. 11

We take issue with Plaintiff's objection that this Request is any way vague, confusing, ambiguous, overly broad or unduly burdensome. We believe that Plaintiff should be readily able to specifically identify and produce, or specifically designate, all documents relating to "agreements entered into by BFAG relating to the clean up of this Site." Again, we would ask that Plaintiff specifically identify the particular documents subject to this request so that Ashland can readily identify and locate those documents and avoid any confusion as to which of the tens of thousands of documents in the Repository Plaintiff believes are responsive to this request.

### Request No. 12

Your letter seems to assume that Ashland is seeking the production of certain "categories of documents," the identity of which you state you cannot decipher. This discovery request is not so limited and we would again ask that the Plaintiff produce all documents requested, regardless of any categorizations thereof, that specifically relate to BFAG and its members' actual or potential status as PRPs.

### Request Nos. 15, 16 and 17

Again, these requests are not limited to any certain "categories" or "types" of documents. As these requests clearly state, Ashland seeks documents pertaining to waste materials deposited at the Boarhead Farm Site that were generated, transported or disposed of by any and all parties, including Ashland, the co-defendants and the members of BFAG. We trust that this clarifies the documents being requested.

Finally, I will specifically respond to the concluding paragraph of your November 18 letter with regard to my discussions with your office relative to Plaintiff's motion to compel further discovery responses by Ashland. Your letter fails to mention that I, not your office, initiated the call wherein I made a reasonable suggestion to Ms. Mooney that she should consider withdrawing Plaintiff's motion, without prejudice to Plaintiff's right to refile same after Plaintiff completed the taking of then upcoming relevant depositions, including those of representatives of Ashland and AETC, as we believed that the testimony to be provided would eliminate Plaintiff's purported need for much, if not all, of the discovery sought by Plaintiff as stated in its motion. I also offered to provide the identity of the court reporters from whom transcripts of prior depositions of Ashland personnel taken in other cases could be obtained by your office. As I had informed Ms. Mooney, our copy of the transcript of Mr. Curley's prior deposition is indelibly marked with attorney's notes and comments constituting privileged work product. Furthermore, Ms. Mooney ended our

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
December 15, 2004
Page 6

conversation with a promise to consider our suggestions, but nevertheless stated that Plaintiff would not withdraw its motion and that Ashland should proceed to file a formal response thereto which she would read, consider and get back to me if she believed there was a basis for further discussions. Not having heard back from Ms. Mooney or anyone else from your office after Ashland's response to Plaintiff's motion was filed, I have been left to assume that Plaintiff was and is not interested in discussing the potential amicable resolution of Plaintiff's motion. In fact, we <u>never</u> received a call from your office relative to Plaintiff's motion, either before or after it was filed.

Given the status of discovery and the approaching discovery deadline, we unfortunately are not at liberty to wait any longer for the discovery to which Ashland believes it is entitled. Nevertheless, if you are interested in discussing these matters, I would request that you contact me immediately to attempt to work out an amicable resolution of some or all of the disputed matters. However, I am not particularly confident that we will be able to reach a mutually acceptable agreement on the disputed issues, but am willing to try once more. Otherwise, we will proceed forthwith to file an appropriate motion with the Court, while continuing to remain available to further discuss the discovery issues to be addressed therein should you wish to do so.

Thank you in advance for your anticipated courtesy in giving these matters your immediate attention.

Very truly yours,

Richard C. Biedrzycki

RCB/vic

cc: Monique M. Mooney, Esquire (via facsimile)
Thomas Sabino, Esquire
Lynn Wright, Esquire
Melissa E. Flax, Esquire
Stephen P. Chawaga, Esquire
Edward Fackenthal, Esquire
Andrew P. Foster, Esquire
Seth v.d.H. Cooley, Esquire

G:\DATA\1357-29\Ltrs\GMH-011.wpd