IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 10th day of January 2005, upon consideration of Plaintiff Boarhead Farm Agreement Group's ("BFAG") Motion to Overrule Objections and Compel Defendant Ashland to Respond to Discovery Requests (Doc. No. 111), filed October 8, 2004, and Ashland Chemical Company's ("Ashland") Response (Doc. No. 119), filed November 5, 2004, is it is hereby ORDERED as follows.

BFAG seeks information related to Ashland's present and former facilities in Pennsylvania, New Jersey, and New York from 1969 through 1977 ("the Relevant Time Period," specifically 1/1/1969 through 12/31/1977), the period of the operation of the Boarhead Farms Superfund Site in Bucks County, Pennsylvania ("the Site"), in order to help it determine the constituents of Ashland's waste stream and how much waste might have been deposited by Ashland, directly or indirectly, on the Site. Ashland asserts that its only possible connection to the Site is through its former Great Meadows, New Jersey facility ("Great Meadows") during an eight month period between August 1976 and April 1977 via its relationship with DeRewal

Chemical Company ("DCC"), which may have disposed of Ashland waste from Great Meadows at the Site during that period. As a result, Ashland has confined its interrogatory responses to that facility and time period.

Under Rule 26 of the Federal Rules of Civil Procedures, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). However, the court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit . . ." Fed. R. Civ. P. 26(b)(2)(iii).

Here, it is clear that evidence exists that indicates that DCC disposed of waste at the Site, some of which may been Ashland waste. Logically, then, any and all relationships between Ashland and DCC during the Relevant Time Period are relevant to Plaintiff's claims. Therefore, it is hereby ORDERED that Ashland conduct a reasonable investigation, including but not limited to documents in its sole possession, to identify and disclose the existence and nature of any relationship between any of its facilities and DCC during the Relevant Time Period. Conversely, because there is no indication that transporters other than DCC disposed of Ashland wastes at the Site, Ashland need not provide waste stream and other facility information for those facilities with no ties to DCC. Ashland shall amend its interrogatory responses in accordance with the foregoing.

Further, with regard to the Great Meadows facility specifically, there is some evidence that waste from that location was disposed of at the Site. This raises a reasonable possibility that waste from Great Meadows may have been disposed of at the Site outside of the eight month period wherein Plaintiff avers waste was removed by DCC. Therefore, it is hereby

2

ORDERED that Ashland respond to Plaintiff's interrogatories with regard to Great Meadows for the entire Relevant Time Period, regardless of the identity of the Transporter. Ashland shall amend its interrogatory responses in accordance with the foregoing.

Further, Defendant Ashland shall produce the following discovery within 14 days of the entry of this Order:

1. Ashland shall provide more complete answers to Interrogatory Nos. 1–5, limiting its answers to the Relevant Time Period. With regard to facilities other than Great Meadows, further limiting its answers to those facilities where DCC or a DCC–controlled entity acted as a transporter during the Relevant Time Period. For the Great Meadows facility, Ashland shall not limit the scope of its answer to the August 1976–April 1977 period.

2. Ashland shall provide more complete answers to Interrogatory Nos. 6, 7, and 8 limiting its answer to (1) waste streams for which DCC was a Transporter, regardless of whether Ashland is aware of any connection to the Site, during the Relevant Time Period, as well as (2) any waste streams that may have any connection to the Site during the Relevant Time Period, regardless of the identity of the Transporter.

3. Ashland shall provide more complete answers to Interrogatory Nos. 9–19, taking into consideration the guidelines set forth above.

BY THE COURT:

\_\_\_/s/_____
Legrome D. Davis, J.