IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 02-3830 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL. | : | |
| Defendants. | : | |

### MOTION FOR ORDER OF DISMISSAL

Plaintiff Boarhead Farm Agreement Group ("Plaintiff") and Defendant Knoll, Inc. ("Settling Defendant"), by their undersigned counsel, hereby move for the entry of an Order dismissing and barring claims against Settling Defendant and against Knoll International, Inc., an entity named in the Complaint but upon which service was never accomplished. In support of this motion, Plaintiff and Settling Defendant aver as follows:

1. On June 18, 2002, Plaintiff filed a Complaint[1] against Defendants alleging that they were liable under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.* ("HSCA"), and seeking response costs, contribution, and declaratory relief in connection with the Boarhead Farms Superfund Site (the "Site").

---

[1] Three Amended Complaints were filed after this date as follows: Amended Complaint, filed August 26, 2002; Second Amended Complaint filed February 21, 2003; and Third Amended Complaint filed September 8, 2003.

2.   On June 30, 2004, this Court entered a Memorandum Order setting forth certain rulings concerning the dismissal of Defendants who enter into settlements with Plaintiff.

3.   Following settlement negotiations, Settling Defendant entered into an agreement with Plaintiff to settle Plaintiff's claims against it and against Knoll International, Inc. in the within action.

4.   The settlement reached between the parties and embodied in the settlement agreement is neither collusive nor fraudulent, was arrived at by arms-length process of negotiation and in good faith, and resolves all claims between the parties.

5.   The proposed Order of Dismissal submitted herewith reflects the Court's opinion in the June 30, 2004 Memorandum Order.

WHEREFORE, Plaintiff and Settling Defendant respectfully request that this Court enter the proposed Order.

Dated: January 4, 2005

/s/

Glenn A. Harris, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
(856) 761-3400

Attorney for Plaintiff Boarhead Farm Agreement Group

Richard H. Friedman, Esquire
MCNEES WALLACE & NURICK, LLC
100 Pine Street
Harrisburg, PA 17108-1166
(717) 232-8000

Attorney for Defendant Knoll, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 02-3830 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL., | : |
| Defendants. | : |

**MEMORANDUM OF LAW ON BEHALF OF PLAINTIFF BOARHEAD FARM AGREEMENT GROUP AND KNOLL, INC. IN SUPPORT OF MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE**

This is an action under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. § 9601, *et seq.* ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.*, ("HSCA") seeking contribution for the recovery of costs incurred and to be incurred in response to the release or threatened release of hazardous substances at the Boarhead Farms Superfund Site (the "Site"). Plaintiff Boarhead Farm Agreement Group ("Agreement Group") is obligated to perform the remedy at the Site by virtue of Consent Decrees and other agreements entered into with the United States Environmental Protection Agency ("EPA"). The Agreement Group filed this lawsuit to seek contribution from other potentially responsible parties for a portion of the cleanup costs incurred at the Site.

The Agreement Group and Defendant Knoll, Inc. ("Settling Defendant") submit this Memorandum of Law in support of their Motion For Order of Dismissal with Prejudice.

VH DOCS A #175295 v1

On June 18, 2002, the Agreement Group filed a Complaint against twenty-three[1] Defendants, alleging that they were liable under CERCLA and HSCA and seeking contribution and declaratory relief in connection with the Site. Following settlement discussions, the Agreement Group has reached a final settlement agreement with Settling Defendant.

## ARGUMENT

On June 30, 2004, this Court entered a Memorandum Order setting forth certain rulings concerning the dismissal of Defendants who enter into settlements with the Agreement Group. The enclosed proposed Order of Dismissal with Prejudice reflects those rulings. In summary, this Court held in the Memorandum Order that it has the authority to dismiss with prejudice settling parties from this action, and to bar cross-claims and contribution claims and future cross-claims and contribution claims against those settling parties. Memorandum Order at 5. This Court additionally held that the Uniform Comparative Fault Act will govern in determining the extent to which any non-settling defendant's liability should be off-set by any settlement agreements with the Agreement Group. Id. at 8.

Following settlement negotiations, Settling Defendant entered into an agreement with the Agreement Group to settle the Agreement Group's claims against Settling Defendant in the within action and against Knoll International, Inc., an entity named in the Complaint but upon which service was never accomplished. The proposed Order of Dismissal with Prejudice submitted herewith reflects the Court's rulings in the June 30, 2004 Memorandum Order.

---

[1] Subsequent Amended Complaints were filed on August 26, 2003, February 21, 2003 and September 8, 2003. The Third Amended Complaint lists twenty-six Defendants.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Boarhead Farm Agreement Group and Settling Defendant respectfully request that the Court enter the proposed Order of Dismissal with Prejudice.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership


By: _____Glenn A. Harris /s/_____
Glenn A. Harris, Esquire
Plaza 1000, Suite 500. Main Street
Voorhees, New Jersey 08043
(856) 761-3400

Attorney for Plaintiff Boarhead Farm Agreement Group

Dated: January 4, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 02-3830 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : | |
| Defendants. | : | |

## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, on June 18, 2002, Plaintiff Boarhead Farm Agreement Group ("the Agreement Group") filed a Complaint (and thereafter filed amendments to the Complaint) against, inter alia, Defendants Knoll, Inc. ("Settling Defendant") and Knoll International, Inc. alleging that Settling Defendant and Knoll International, Inc. were liable under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 et seq. ("HSCA"), and seeking contribution and declaratory relief in connection with the Boarhead Farms Superfund Site (the "Site");

WHEREAS, the Agreement Group filed amended complaints on August 26, 2002, February 21, 2003, and September 19, 2003 (the Complaint and the amended complaints are hereinafter collectively referred to as the "Amended Complaint");

WHEREAS, the Agreement Group has entered into an agreement of settlement with Settling Defendant resolving all claims that were asserted by the Agreement Group in the Amended Complaint (the "Settlement Agreement");

NOW, THEREFORE, upon consideration of all filed papers and for good cause shown, it is hereby ORDERED and DECREED as follows:

1. All claims asserted by the Agreement Group in the Amended Complaint against the Settling Defendant or Knoll International, Inc. and all potential counterclaims by the Settling Defendant or Knoll International, Inc. against the Agreement Group arising out of the subject matter of the Amended Complaint shall be and hereby are dismissed and barred with prejudice, and the Settling Defendant and Knoll International, Inc. are hereby dismissed as parties to this action.

2. This dismissal is without costs or attorneys' fees against the Agreement Group or the Settling Defendant or Knoll International, Inc., each party to bear its own costs and fees.

3. All deemed and asserted cross-claims by the Non-Settling Defendants against the Settling Defendant or Knoll International, Inc. and by the Settling Defendant or Knoll International, Inc. against the Non-Settling Defendants arising out of the claims asserted in the Amended Complaint (including any claims or cross-claims otherwise assigned by the Settling Defendant to the Agreement Group in the Settlement Agreement), shall be and hereby are dismissed and barred with prejudice.

4. The Court's Memorandum Order filed June 30, 2004 (Dkt. No. 96) will govern in determining the extent, if any, to which the Non-Settling Defendants' liability, if any, should be offset, in whole or in part, by the Settlement Agreement.

5. This Order of Dismissal With Prejudice does not bar or otherwise adjudicate the

following potential claims or cross-claims relating to the Site that potentially may be asserted in the future by or against any party or other person, which potential claims were neither asserted in the Amended Complaint nor resolved in the Settlement Agreement:

    A.    Toxic tort claims (including, but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property);

    B.    Claims at other sites arising from the direct or indirect shipment prior to 1990 of hazardous waste, hazardous substances or other materials from the Site; and

    C.    Claims for natural resource damages or assessments at or caused by the Site.

6.    Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, this Order of Dismissal With Prejudice shall be entered as a final judgment of the Court with respect to the Settling Defendant and Knoll International, Inc., and the dismissal of cross-claims with prejudice as provided hereinabove shall be deemed to be a final Order of the Court.

SO ORDERED:

_____
Legrome D. Davis, Judge

Dated: _____, 200\_\_\_.