IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : | |
| Defendants. | : | |

## ORDER

AND NOW, this  25th  day of January 2005, upon consideration of Defendant Advanced Environmental Technology Corporation's ("AETC") Motion to Overrule Objections and Compel Plaintiff Boarhead Farm Agreement Group to Respond to AETC's Discovery Requests (Doc. No. 123), filed December 1, 2004, and Boarhead Farm Agreement Group's ("BFAG") Response (Doc. No. 124), filed December 16, 2004, is it is hereby ORDERED as follows.

According to AETC, its connection to the instant contribution claim for costs associated with the cleanup of the Boarhead Farms Superfund Site ("the Site") is that it "was a broker who acted as the go-between between DeRewal Chemical [("DCC")] and Defendants Ashland Chemical and Diaz Chemical." (Def.'s Mot. at 2 n.1.) DCC allegedly transported and disposed of hazardous substances produced by Ashland and Diaz at the Site.

In the motion presently before the Court, AETC seeks information related to (i) whether BFAG alleges that AETC is an "arranger" under CERCLA and BFAG's factual bases therefor, (ii) whether BFAG contends that AETC is responsible for Diaz Chemical's allocable

share of liability, (iii) the amount of hazardous waste allegedly generated by Ashland and Diaz, as well as the portion of response costs for which Ashland, Diaz and AETC are allegedly responsible, (iv) whether BFAG agrees that DCC secretly disposed of hazardous substances at the Site, and (v) identification of any declarations against interest or admissions made by any party to the litigation in order to help it determine the factual basis the of the suit against it.  In its Response, BFAG objects to these inquiries on the grounds that (i) the responses it supplied are appropriate, and (ii) that Defendant's interrogatories are premature "contention interrogatories" calling for Plaintiff to articulate theories of its case not yet fully developed.

Under Rule 26 of the Federal Rules of Civil Procedures, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  However, the court may defer contention interrogatories[1] until a later stage of discovery.  B. Braun Medical Inc. v. Abbott Laboratories, et al., 155 F.R.D. 525, 527 (E.D. Pa. 1994).  "The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery."  Id.

In its response, Plaintiff states that all of the relevant documents in its possession have been made available to Defendant AETC (Pl.'s Response at 4), that it has fully stated the basis for its action against AETC (Pl.'s Response at 5), and that it will supplement its response to the interrogatory as appropriate (Pl.'s Response at 5).  Plaintiff avers that the theories of its case are not yet fully developed and, as such, the contention interrogatories are premature.  (Pl.'s

---

[1] "Contention interrogatories ask a party:  to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention."  B. Braun Medical Inc. v. Abbott Laboratories, et al., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citations omitted).

Response at 6.)  In its motion, Defendant AETC has not made a showing that early answers "'will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial bases for a motion under Rule 11 or Rule 56.'"  Id.  (quoting In re Convergent Technologies Secs. Litig., 108 F.R.D. 328, 340-41 (N.D. Cal. 1985)).

Therefore, because Defendant AETC has not met its burden and in order to prevent Plaintiff from being forced to articulate theories of their case not yet fully developed, Defendant's Motion to Compel (Doc. No. 123) is DENIED.

BY THE COURT:

\_\_/s/_____
Legrome D. Davis, J.