# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, <br><br> Plaintiff, <br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 02-3830 |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Plaintiff Boarhead Farm Agreements Group's Motion To Compel Defendant Carpenter Technology Corporation To Respond To Plaintiff's Discovery Requests And For Sanctions, it is hereby ORDERED that this Motion is GRANTED. Defendant Carpenter Technology Corporation ("Carpenter") shall provide answers to interrogatories and produce the documents identified in Plaintiff's Discovery Requests within 10 days of the entry of this Order.

It is further ORDERED that sanctions are entered against Carpenter for failure to comply with this Court's Order of January 25, 2005. Carpenter shall pay any and all attorneys fees and expenses incurred by Plaintiff in filing both of its motions to compel associated with its discovery request from Carpenter.

BY THE COURT:

_____
Legrome D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP,<br><br>        Plaintiff,<br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 02-3830 |

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANT CARPENTER TECHNOLOGY CORPORATION
TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS AND FOR SANCTIONS**

Plaintiff Boarhead Farm Agreement Group ("Plaintiff") brings this motion pursuant to Federal Rule of Civil Procedure 37 to compel Defendant Carpenter Technology Corporation ("Carpenter") to respond to Interrogatories And Requests For Production Of Documents Of Plaintiff Boarhead Farm Agreement Group Directed To Defendant Carpenter Technology Corp. ("Discovery Requests"). Plaintiff served its Discovery Requests on Lynn Wright, Esquire, counsel for Carpenter, on June 21, 2004. A true and correct copy of the Discovery Requests is attached hereto as "Exhibit A." Carpenter failed to respond to the Discovery Requests in a timely manner, despite several inquiries by Plaintiff's counsel in September and October 2004.

On October 22, 2004, Plaintiff filed a Motion To Compel Defendant Carpenter Technology To Respond To Plaintiff's Discovery Requests ("Plaintiff's First Motion to Compel"). A true and correct copy of Plaintiff's First Motion to Compel and the accompanying

proposed order is attached as "Exhibit B." On January 25, 2005, this Court entered an Order granting Plaintiff's First Motion to Compel. A true and correct copy of this Order is attached as "Exhibit C." Plaintiff's counsel, Glenn A. Harris, Esquire, contacted Ms. Wright via email on February 16, 2005, inquiring as to Carpenter's intention to respond to the Discovery Requests. Ms. Wright replied that she would provide responses by February 21, 2005. A true and correct copy of this email correspondence is attached as "Exhibit D." On February 25, 2005, having received no response, Mr. Harris left a voicemail message for Ms. Wright concerning Carpenter's failure to respond.

Carpenter has not responded to Plaintiff's Discovery Requests, in direct violation of the Court's January 25, 2005 Order. Plaintiff's Discovery Requests, consisting of eighteen interrogatories and related requests for documents, are unobjectionable and reasonably calculated to lead to the discovery of admissible evidence. Carpenter's failure to respond has prejudiced Plaintiff in being able to review relevant discovery and prepare its case for trial. Accordingly, Plaintiff moves to compel responses and also respectfully requests the entry of sanctions against Carpenter for its failure to comply with the Court's January 25, 2005 Order. Sanctions are appropriate pursuant to Federal Rule of Civil Procedure 37(b)(2):

> *Sanctions by Court in Which Action is Pending*. If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35 . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following . . . . the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

F.R.C.P. 37(b)(2).

Plaintiff's counsel has in good faith conferred with counsel for Carpenter in an effort resolve this matter without the Court's intervention. A declaration from Glenn A. Harris,

Esquire, counsel for Plaintiff, regarding the efforts to resolve this matter is attached as "Exhibit E." Plaintiff respectfully requests that the Court grant Plaintiff's Motion and enter the attached proposed form of Order.

Respectfully submitted,

Dated:  March 3, 2005         By:  _____
                                   Glenn A. Harris, Esquire
                                   Monique Mooney, Esquire
                                   Brian Glass, Esquire
                                   Anne K. Heidel, Esquire
                                   BALLARD SPAHR ANDREWS &
                                        INGERSOLL, LLP
                                   1735 Market Street, 51st Floor
                                   Philadelphia, PA 19103-7599
                                   (215) 665-8500

                                   Attorneys for Plaintiff Boarhead Farm
                                   Agreement Group

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2005, Plaintiff Boarhead Farm Agreements Group's Motion To Compel Defendant Carpenter Technology Corporation To Respond To Plaintiff's Discovery Requests And For Sanctions was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. In addition, a true and correct copy was served via Federal Express on:

Lynn Wright, Esquire
Edwards & Angell, LLP
750 Lexington Avenue
New York, NY 10022-1200
*Counsel for Carpenter Technology Corporation*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart, & Olstein, P.C.
5 Becker Farm Road
Roseland, NJ 07068-1739
*Counsel for Handy & Harman Tube Company*

_____
Anne K. Heidel