## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, <br><br> Plaintiff, <br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 02-3830 |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Plaintiff Boarhead Farm Agreements Group's Motion for Entry of a Protective Order and any response thereto, it is hereby ORDERED that:

    1.    Plaintiff's Motion For Entry of a Protective Order is granted;

    2.    Defendants are precluded from deposing a corporate designee of the Boarhead Farm Agreement Group with respect to the matters in the March 9, 2005 Notice of Deposition;

    3.    Defendants are prohibited from the further deposition of Agere with respect to the matters included in the Third Amended Notice of Deposition; and

    4.    SPS had no obligation to respond at the SPS Rule 30(b)(6) deposition to lines of questioning concerning the Agreement Group's "contentions."

BY THE COURT:

_____
Legrome D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM<br>AGREEMENT GROUP,<br><br>    Plaintiff,<br>  v.<br><br>ADVANCED ENVIRONMENTAL<br>TECHNOLOGY CORPORATION, et al.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:  NO. 02-3830<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF BOARHEAD FARM AGREEMENT GROUP'S MOTION
FOR ENTRY OF A PROTECTIVE ORDER**

    Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by and through its undersigned attorneys, brings this motion pursuant to Federal Rule of Civil Procedure 26(c), for entry of a protective order that precludes Defendants from deposing a corporate designee of the Boarhead Farm Agreement Group, the deposition of whom Defendants have noticed pursuant to Rule 30(b)(6); precludes the Defendants from the further deposition of Agere with respect to the matters included in the Third Amended Notice of Deposition; and rules that SPS had no obligation to respond at the SPS Rule 30(b)(6) deposition to lines of questioning concerning the Agreement Group's "contentions." The grounds for this Motion are more fully set forth in accompanying Memorandum of Law.

WHEREFORE, Plaintiff Boarhead Farm Agreement Group respectfully requests that this Court grant its Motion for Protective Order and enter the attached proposed form of Order and any further relief deemed just and appropriate by this Court.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

Dated: March 16, 2005

_____

Glenn A. Harris, Esquire
Anne K. Heidel, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Attorneys for Plaintiff Boarhead Farm Agreement Group

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, <br><br> Plaintiff, <br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 02-3830 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF BOARHEAD FARM AGREEMENT GROUP'S
<u>MOTION FOR ENTRY OF A PROTECTIVE ORDER</u>**

**I.    INTRODUCTION**

Plaintiff Boarhead Farm Agreement Group ("the Agreement Group") seeks a Protective Order that precludes Defendants from deposing a corporate designee of the Boarhead Farm Agreement Group as set forth in a March 9, 2005 Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiff also respectfully requests that the Court preclude further deposition of Agere by Defendants with respect to the matters included in the Third Amended Notice of Deposition and order that SPS had no obligation to respond at the SPS Rule 30(b)(6) deposition to the lines of questioning concerning the Agreement Group's "contentions."

**II.    STATEMENT OF FACTS**

On January 25, 2005 this Court denied the Motion to Overrule Objections and Compel Discovery of Defendant Advanced Environmental Technology Corp. ("AETC"), "in

PHL_A #1980661 v2

order to protect Plaintiff from being forced to articulate theories of their case not yet fully developed." January 25, 2005 Order ("the Order") at 3. A copy of the Order is attached hereto as Exhibit A. AETC's contention discovery essentially sought to learn the Agreement Group's "contentions" as to what equitable shares of liability for the Agreement Group's response costs should be attributed to AETC and to certain other defendants, and sought as well the Agreement Group's legal analysis of the discovery then taken that was possibly relevant to any such contentions. AETC's discovery also sought to learn the Agreement Group's "contention" with respect to certain "orphan shares" and how those orphan shares might affect the liability of AETC. A copy of the Agreement Group's response to AETC's discovery is attached as Exhibit B.

The Agreement Group had argued in opposition to AETC's motion that fact discovery was ongoing, that possibly relevant case law was developing, that expert opinion testimony most likely would be relevant to any "contentions" the Agreement Group might ultimately form, that the discovery sought not facts but Plaintiff's current view as to how this Court will ultimately at trial allocate liability among the parties to this action, that the Agreement Group had not and could not then form any such contentions, and that, therefore, AETC's contention discovery was at best premature.

Any fair reading of the Order, then, is that the Agreement Group can not be forced to state any "contentions" as to any party's equitable share, its legal analysis of the facts and law potentially relevant to how this Court might at trial allocate such shares, how "orphan shares" might be allocated at trial, or otherwise reveal its attorney work product.

Just fifteen days after entry of the Order, on February 9, 2005, Techalloy attempted to elicit answers to the very same types of questions from the designee of SPS

Technologies, LLC ("SPS") at a previously-noticed Rule 30(b)(6) deposition.  Counsel for the Agreement Group objected to this line of questioning, noting that the Agreement Group did not understand such subject matters to be included within the scope of the Rule 30(b)(6) notice of deposition and that the witness had not, therefore, been prepared to respond to such questions on behalf of SPS.  Counsel also objected that such questioning was expressly prohibited by this Court's January 25, 2005 Order, and that Techalloy was prohibited from trying to obtain through the Rule 30(b)(6) deposition process the very information that this Court had already ruled the Agreement Group did not have to provide.  The witness ultimately refused to answer any such questions.

Later that same day, Handy & Harman Tube Company ("Handy & Harman"), whose counsel had attended the deposition of SPS, served by telecopy a "Third Amended Notice of Deposition" for Agreement Group member Agere Systems, Inc. ("Agere") purporting to add two new categories of matters on which the deposition of Agere was to proceed.  The two new topics asked for information with respect to amounts Agere had recovered from settlements in this matter, insurance proceeds, or from anywhere else, and asked the same types of contention and legal analysis questions concerning the liability of each of the defendants.  Handy & Harman had initially noticed the Agere deposition for February 10, 2005, the (then) last date for completion of fact discovery pursuant to Case Management Order No. 6.  Agere had designated a particular witness to testify with respect to the three categories of matters sought in that initial notice (Ms. Santarelli) and was prepared for the deposition to take place as noticed.  The date for the deposition was adjourned until February 22, 2005 for convenience after this Court entered Case Management Order No. 7 extending the date for completion of fact discovery to March 18,

2005. A copy of Handy & Harman's February 9, 2005 letter and enclosed Third Amended Notice of Deposition is attached hereto as Exhibit C.

The Agreement Group timely objected to this attempt to amend the notice for Agere's deposition on the grounds that Agere had just received the Amended Notice, that Agere had not designated Ms. Santarelli (or anyone else) to testify on its behalf with respect to the new topics, and that it would not designate Ms. Santarelli for those topics in any event. The Agreement Group also objected that the information sought concerning settlement monies and other "proceeds" possibly received by Agere was objectionable as irrelevant in light of this Court's prior ruling that the Uniform Comparative Fault Act applies to settlements in this matter.[1] It further objected that the category seeking the Agreement Group's "contentions" with respect to the amounts and types of wastes that were disposed of at the Site were in derogation of the Order. Handy & Harman and the Agreement Group each agreed that the Agere deposition would go forward on the initially-noticed three topics only (which it did), with both parties reserving the right to argue the propriety of the two new categories of information added by the Third Amended Notice.

The Defendants made their third attempt to circumventing this Court's January 20, 2005 Order when Techalloy sent by telecopy late in the day on March 9, 2005 a new Rule 30(b)(6) notice, this time of the Agreement Group itself, and again seeking the answers to the same types of contention questions and legal analysis, including the Agreement Group's beliefs concerning: The equitable shares of each Agreement Group member, each non-settled defendant, each settled defendant, and anyone else in the world that the Agreement Group

---

[1]    This Court ruled on June 30, 2004 that "the UCFA governs in determining the extent to which the non-settling defendants' liability should be offset by any settlement agreements." June 30, 2004 Memorandum Order at 8. The amounts received in those settlements are thus not relevant to any issue at trial.

"believes" is a liable party under CERCLA; the volumes of wastes generated by each such entity and disposed of at the Boarhead Farms site; and the types and amounts of hazardous substances contained in that waste.  A copy of the Rule 30(b)(6) notice of deposition is attached hereto as Exhibit D.  The Agreement Group responded by letter of March 11, 2005 objecting to the Rule 30(b)(6) notice on several grounds, including that it sought contention discovery prohibited by this Court's January 25, 2005 Order (and that Techalloy's attempt to circumvent that order with the Rule 30(b)(6) notice was improper), and additionally that the notice failed to provide "reasonable notice" as required by Fed. R. Civ. P. 30(b)(1).  A copy of the March 11, 2005 letter is attached, as is Techalloy's March 12, 2005 letter in response thereto, as Exhibit E.

The Agreement Group now seeks an Order from this Court prohibiting the Rule 30(b)(6) deposition of the Agreement Group, prohibiting the further deposition of Agere with respect to the matters included in the Third Amended Notice of Deposition, and ruling that SPS had no obligation to respond at the SPS Rule 30(b)(6) deposition to the lines of questioning at issue here.[2]

### III.    ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  Under Fed. R. Civ. P. 26(c), however, a district court may, upon motion by a party:

---

[2] The Defendants are relentlessly attempting to force the Agreement Group to commit to a statement of what each party's equitable share "is," and to respond to related contention discovery elsewhere as well.  Techalloy has filed a Motion to Compel Responses to Interrogatories and For Extension of Fact Discovery Period challenging the Agreement Group's objections to such questions.  The Agreement Group's response is due March 24.

> [F]or good cause shown . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had;

Fed R. Civ. P. 26(c). There is good cause for the entry of a protective order under Rule 26(c) because Defendants have noticed the deposition of a corporate designee of the Agreement Group pursuant to Rule 30(b)(6) in an attempt to circumvent this Court's Order of January 25, 2005, an Order meant to protect the Agreement Group from just such discovery. There is also good cause for entry of a protective order because Defendants failed to provide reasonable notice of the proposed Rule 30(b)(6) deposition of the Agreement Group. Furthermore, a protective order should be entered because the areas of inquiry that Defendants seek to explore through the Rule 30(b)(6) deposition are inappropriate to direct toward a corporate designee.

By filing this Motion for Entry of a Protective Order, Plaintiff asserts that a designee of the Agreement Group is not obligated to attend the 30(b)(6) deposition noticed by Defendants for March 18, 2005. See Fed. R. Civ. P. 37(d) (stating that the failure of a person designated to attend a deposition pursuant to Rule 30(b)(6) "may not be excused on the ground that the discovery sought is objectionable <u>unless</u> the party failing to act has a pending motion for a protective order as provided by Rule 26(c).") (emphasis added).

    A.    <u>The Contention Discovery Sought Through the Rule 30(b)(6) Process Violates this Court's January 25, 2005 Order.</u>

The Defendants have repeatedly tried to circumvent this Court's January 25, 2005 ruling by use of the Rule 30(b)(6) process. Nothing in the fifteen days between that ruling and the SPS 30(b)(6) deposition could possibly have negated that ruling. Fact discovery was (and is) still open, the expert phase has not even begun, and there was no reason to believe that the

Agreement Group had any greater ability (or desire) to form the type of "contentions" it had not and could not yet form. Techalloy quite simply tried to side step the ruling and force SPS (and thereby the Agreement Group) to respond *at a live deposition* with respect to the same types of information this Court ruled was premature. Similarly, Handy & Harman's attempt *later that day* to force the Agreement Group (this time through Agere) to respond via a corporate designee at an oral deposition to the same types of questions prohibited by the January 25, 2005 Order flew in the face of that ruling. Techalloy's March 9, 2005 Rule 30(b)(6) notice of the Agreement Group attempting to force that same testimony was improper for the same reasons.

Quite simply, the defendants cannot be permitted to back door the January 25, 2005 ruling by pretending that ruling applied only to written discovery. To do so would be an abuse of the Rule 30(b)(6) process. Rule 33(c)'s stricture that "the court may order that [an interrogatory seeking opinion or contention that relates to fact or the application of law to fact] need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time" is based on fundamental fairness and sound case management principles. Fed. R. Civ. P. 33(c). Those same principles must apply to other forms of discovery, including requests for production and Rule 30(b)(6) depositions. If parties could obtain the same information through other discovery channels, the provisions of Rule 33(c) would be meaningless.

The Agreement Group respectfully requests that this Court enter an Order prohibiting the Rule 30(b)(6) deposition of the Agreement Group and the continued Rule 30(b)(6) deposition of Agere, and ruling that the attempted questioning of the SPS Rule 30(b)(6) designee on these topics was improper.

B.   Defendants' Notice of Deposition of a Designee of the Boarhead Farm Agreement Group Pursuant to Rule 30(b)(6) Failed to Provide Plaintiff with Reasonable Notice.

In addition to the fact that Defendants are seeking to depose a designee of the Agreement Group in an attempt to circumvent the Order, the Defendants failed to provide Plaintiff with reasonable notice of that deposition. Defendants have had seven months to take whatever fact depositions they considered necessary. The Court's Case Management Order No. 5 provided for fact depositions between August 16, 2004 and January 10, 2005. The Court extended this deadline to February 10, 2005 in Case Management Order No. 6. The Defendants asked for and received a further extension, until March 18, 2005 to complete this discovery. Defendants have taken only two depositions since discovery was extended by this Court for the second time, at Defendants' request, to allow fact discovery to continue between February 11, 2005 and March 18, 2005. The first of such depositions was solely related to defendant Techalloy's liability. The second deposition was a Rule 30(b)(6) deposition of a member of the Boarhead Farm Agreement Group, a deposition that was set to be taken in the *prior* discovery period and was adjourned for convenience once the Court extended discovery until March 18, 2005. Because Defendants have done virtually no discovery in the five extra weeks of fact discovery for which they asked, and because of the very nature of the deposition sought of the Agreement Group, they are completely unjustified in giving the Plaintiff approximately one week's notice of a deposition listed for the last day of the extended discovery period.

There is no precise definition of what constitutes "reasonable" notice of a deposition as required by Rule 30(b)(1); instead, courts have reviewed reasonableness on a case-by-case basis. Many courts have found that a few days' notice is only reasonable where there are circumstances that justify a need for haste. See, e.g., Stover v. Universal Moulded Products

Corp., 11 F.R.D. 90 (D.C. Pa. 1950) (holding that notice was unreasonable where deposition was scheduled 2 days after receipt of mailed notice and party showed no special need for haste); Natural Organics, Inc. v. Proteins Plus, Inc., 724 F. Supp. 50 (D.C.N.Y. 1989) (holding that one day's notice was reasonable where the need for a brief phone deposition was sudden and unexpected).  In Birdine v. City of Coatesville, (Civ. A. No. 03-5569) 2004 WL 2786151 (E.D. Pa. Aug. 20, 2004), one week before the close of discovery, counsel for the plaintiff sent notice of two depositions scheduled on the last day of the discovery period.  When the defendant objected, the plaintiff filed a motion to compel the depositions and extend discovery.  The Court denied that motion, finding that plaintiff's counsel had failed to give reasonable notice of the depositions and had failed to show good cause for extending discovery again where he had known for months that these witnesses "might have material information but he failed to depose them until the final week of discovery."  Birdine at *1.

In this case, Defendants have been trying for months to force the Agreement Group to commit to factual and legal positions the Agreement Group neither has formulated nor could have yet formulated even if the Agreement Group wanted to do so.  Techalloy and Handy & Harman tried unsuccessfully to do so through Rule 30(b)(6) depositions of SPS and Agere weeks ago.  Techalloy has not just "discovered" the existence of a new fact witness, or just thought up an entire new line of discovery, in the last few days that might possibly explain waiting until the third-time close of fact discovery before noticing the Agreement Group's deposition.

Equally significant, preparing a Rule 30(b)(6) witness to answer what would likely be thousands of unpredictable and varying questions that might be included in the three categories of information sought in the notice would be a prodigious undertaking.  Essentially,

the deposition notice asks the Agreement Group to set forth its factual and legal analysis of every line of testimony taken herein, every document produced in discovery (tens of thousands of documents), and every reported opinion potentially relevant to CERCLA contribution law. It would be simply impossible for the Agreement Group to prepare a designee to convey such knowledge in the six business days provided for in the notice. Techalloy frankly could not have expected otherwise.

Techalloy's notice of the deposition of a designee for the Agreement Group for the last day of an already twice-extended fact discovery period and with only six working days before the scheduled date (even if fax receipt of the notices is effective) is not "reasonable notice." The Court should accordingly order that Defendants are precluded from conducting the noticed deposition.

C. The Areas of Inquiry that Defendants Seek to Explore Through Rule 30(b)(6) Depositions are Inappropriate.

Even if this Court were to require the Agreement Group at some later time to provide the contention information sought in Defendants' Rule 30(b)(6) notice of the Agreement Group (and of Agere and SPS in those Rule 30(b)(6) depositions), the Rule 30(b)(6) process is inappropriate for such discovery. Courts have held that Rule 30(b)(6) is not an appropriate tool for discovering a party's legal conclusions and case analysis. See, e.g., Smithkline Beecham Corp. v. Apotex, No. , 2004 WL 739959, at *3 (E.D. Pa. March 23, 2004) (denying, in part, defendant's motion to compel where defendant had sought to ask plaintiff's 30(b)(6) designee at a deposition to take a legal position with respect to certain statements because it "would be very difficult for a non-attorney witness to answer such questions at a deposition."); McCormick-Morgan, Inc. v. Teldyne Industries, Inc., 134 F.R.D. 275, 286-87 (N.D. Cal. 1991), rev'd on

other grounds, 765 F. Supp. 611 (N.D. Cal. 1991) (noting that court was concerned about asking a non-lawyer witness at a 30(b)(6) deposition questions that required complex judgments about how the law would treat the facts of that case).

The deposition notice to the Agreement Group here (and the Third Amended Notice to Agere and attempts to question the SPS Rule 30(b)(6) designee) are inappropriate in light of these principles.  Defendants intend to pose questions that a non-lawyer should not be expected to answer.  For example, one area of questioning in the notice to the Agreement Group calls for the deponent to outline the Plaintiff's entire case based on a review of discovery conducted to date.  Such questions are completely inappropriate to pose to a non-lawyer designee, who, even with reasonable notice, cannot be expected to analyze months' of discovery for purposes of articulating legal conclusions about the Plaintiff's claims.

Moreover, Defendants intend to pose complicated legal questions that are inappropriate for an oral deposition of almost *any* witness.  A litigant should not be obligated to produce a live witness to testify about complicated legal arguments involving the application of multiple statutes and considerable case law to facts obtained over months of discovery.  Even a witness familiar with this litigation and with some legal training should not be expected to answer questions such as:  "The share of liability for past and future Site response costs that Plaintiff BFAG asserts should be borne be each of the following entities:  . . . ."  March 9, 2005 Notice at 3.

This Court should accordingly grant the Agreement Group's Motion and protect it and its members from being deposed with respect to such "contention" matters.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion for Protective Order and enter the attached proposed form of Order and any further relief deemed just and appropriate by this Court.

Respectfully submitted,

Dated: March 16, 2005　　　　　　　　　　BALLARD SPAHR ANDREWS & INGERSOLL, LLP

_____
Glenn A. Harris, Esquire
Anne K. Heidel, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Attorneys for Plaintiff
Boarhead Farm Agreement Group

## CERTIFICATION PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 26.1(f)

Counsel for Plaintiff certifies that they have conferred with Defendants' counsel in a good faith attempt to narrow or resolve the issues raised in this Motion prior its filing, but were unable to reach agreement on the issues discussed above.

Dated: March 16, 2005

      /s/ Anne K. Heidel
    Anne K. Heidel

## CERTIFICATE OF SERVICE

       I hereby certify that on March 16, 2005, Plaintiff's Motion for Entry of a Protective Order was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. In addition, where electronic notice was not applicable, copies were served to the following via U.S. Mail and fax:

    Melissa Flax, Esquire
    Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart, & Olstein, P.C.
    5 Becker Farm Road
    Roseland, NJ 07068-1739
    *Counsel for Handy & Harman Tube Company*

                                        /s/ Anne K. Heidel
                                        Anne K. Heidel