IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP, :
: 
                  Plaintiff, :
:
v. : Civil Action No. 02-3830
:
ADVANCED ENVIRONMENTAL :
TECHNOLOGY CORPORATION, ET AL., :
:
                  Defendants. :

## ORDER

**AND NOW,** this _____ day of _____, 2005, upon consideration of the Motion of Defendant Ashland Inc. for an Extension of the Fact Discovery Period, it is hereby **ORDERED** that Ashland's Motion is **GRANTED**, whereby Case Management Order No. 7 is modified to provide that the fact discovery period will remain open for a period of ninety (90) days following Ashland's receipt of: (1) Plaintiff's full and complete responses to Ashland's Interrogatories and Document Requests in accordance with the Order entered by the Court in disposition of Ashland's Motion to Strike Plaintiff's Objections to Ashland's Interrogatories and Document Requests, First Sets, and to Compel More Specific Responses thereto; and (2) Plaintiff's full and complete responses to other Defendants' Interrogatories and/or Document Requests in accordance with Orders that may be entered by the Court in disposition of such other Defendants' Motions to Compel Responses thereto.

BY THE COURT:

_____
LEGROME D. DAVIS, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF DEFENDANT ASHLAND INC.
FOR EXTENSION OF THE FACT DISCOVERY PERIOD**

Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company (hereinafter "Ashland"), by and through its undersigned counsel, hereby files this Motion for an Extension of the Fact Discovery Period. In support of its within Motion, Ashland incorporates herein by reference the attached Memorandum of Law in support of its Motion, including the exhibits thereto. Ashland respectfully requests that the Court grant the relief requested herein and enter the attached proposed Order.

Ashland's undersigned counsel has been informed that counsel for Plaintiff, in discussions with counsel for other Defendants, has refused to agree to an extension of the fact discovery period. This understanding was confirmed by Ashland's undersigned counsel in a letter to Plaintiff's counsel dated March 14, 2005 forwarded in a further good faith attempt to resolve this discovery dispute. Plaintiff's counsel's lack of a response to said letter evidences Plaintiff's refusal to further consider or discuss the requested extension of the fact discovery period.

*Richard C. Biedrzycki*
RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company

Date:   March 18, 2005

G:\DATA\1357-29\Disc\MotExtDisc.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3850 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW OF DEFENDANT ASHLAND INC. IN SUPPORT OF ITS MOTION FOR EXTENSION OF THE FACT DISCOVERY PERIOD**

Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company (hereinafter "Ashland"), by and through its undersigned counsel, submits its within Memorandum of Law in support of its Motion for an extension of the fact discovery period for a period of ninety (90) days following Ashland's receipt of full and complete answers and responses by Plaintiff to Ashland's and other Defendants' Interrogatories and Document Requests, which Interrogatories and Document Requests are the subject of motions to compel the production of answers and responses of same by Plaintiff.

I.  **STATEMENT OF THE CASE**

Plaintiff has refused to agree to an extension of the fact discovery period, currently set to expire on March 18, 2005, as set forth in Case Management Order No. 7, despite Plaintiff's failure and refusal to produce answers and responses to crucial Interrogatories and Documents Requests directed to Plaintiff by Ashland as well as by other Defendants. On September 14, 2004, Plaintiff served overdue responses to Ashland's Interrogatories and Document Requests, to most of which

Plaintiff objected rather than providing full and complete substantive responses. To many of these discovery requests Plaintiff objected on the ground that such discovery requests constituted premature contention interrogatories.

Rather than filing an immediate motion to strike Plaintiff's objections and to compel full and complete answers to its discovery requests, Ashland allowed Plaintiff to proceed with the taking and completion of various depositions Plaintiff desired to take, particularly with respect to Plaintiff's claims against Ashland and Defendant AETC whom Plaintiff avers "arranged" the disposal of Ashland's wastes by DeRewal Chemical Company. Such depositions were taken on November 22 and December 6, 2004 (Landmesser of AETC)[1], November 29 and December 6, 2004 (Leuzarder of AETC), and December 9, 2004 (Arthur T. Curley of Ashland). Despite Ashland's request that it do so, and despite its having obtained extensive discovery from Ashland and AETC through answers to interrogatories, Ashland's and AETC's production of extensive documents and depositions of their key personnel, Plaintiff inexplicably continues its refusal to withdraw its objections, including its "prematurity" objections, or to provide more specific responses to Ashland's Interrogatories and Document Requests. Accordingly, on December 20, 2004, three (3) months prior to the expiration of the current fact discovery deadline, Ashland filed a Motion to Strike Plaintiff's objections and to compel more specific responses to Ashland's written discovery requests,[2] which Motion has not yet been determined. Thereafter, Plaintiff proceeded to take more depositions of Ashland and AETC personnel, those depositions being conducted on February 1,

---

[1] Mr. Landmesser's deposition was completed on December 28, 2004.

[2] A true and correct copy of Ashland's December 20, 2004 Motion is attached hereto as Exhibit "A".

2

2005 (Charles Hendershot and H. Leon Hendershot of Ashland and AETC) and February 2, 2005 (Charles Wilcox and Alberto Celleri of Ashland). AETC also conducted a deposition of its former counsel, Walter Risi, on January 14, 2005. Despite all of this extensive discovery taken by Plaintiff since it served its responses to Ashland's and other Defendants' Interrogatories and Document Requests on September 14, 2004, Plaintiff has refused to withdraw its "prematurity" or any other objections and has failed and refused to provide any of the discovery sought by Ashland forming the subject matter of Ashland's pending December 20, 2004 discovery motion.

On the same date that Plaintiff served its untimely responses to Ashland's Interrogatories and Document Requests, September 14, 2004, Plaintiff also served responses, including objections, to Interrogatories and Document Requests of other Defendants, including those of Defendants Techalloy Co., Inc. and Rahns Specialty Metals, Inc. (hereinafter "Techalloy/RSM"). Plaintiff's responses to such co-defendants' Interrogatories and Document Requests also interposed objections similar to its objections to Ashland's Interrogatories, including objections based on their purported prematurity. Plaintiff nevertheless continued to proceed to take numerous depositions of present and former employees of the Defendants, including four (4) depositions of former employees of Defendant Techalloy/RSM who similarly refrained from filing a motion with respect to Plaintiff's inadequate answers and responses while Plaintiff proceeded to take and complete depositions of Techalloy/RSM witnesses. With the March 18, 2004 discovery deadline approaching and with Plaintiff apparently being satisfied with the fact discovery it had taken, on March 4, 2004 Defendant Techalloy/RSM filed its own joint motion to compel responses by Plaintiff to its Interrogatories. In conjunction with its motion, Techalloy/RSM has requested that the Court, in addition to ordering Plaintiff to provide full and complete responses to Techalloy/RSM's Interrogatories, extend the fact

discovery period for a period of ninety (90) days following their receipt of Plaintiff's full responses to certain of their Interrogatories.[3]

For the reasons set forth herein and those set forth in Techalloy/RSM's motion to compel and request for an extension of the fact discovery period, in which motion Ashland hereby joins, Ashland herein requests that the fact discovery period be extended as Ashland and its co-defendants need the discovery responses Plaintiff has failed and refused to provide to enable them to assess what additional fact discovery they need and to promptly pursue the taking of such discovery. Ashland and the other Defendants are unable to make such assessment without the critical information and documents they have long ago requested that Plaintiff provide.

## II.   ARGUMENT

As indicated, without full and complete answers to Defendants' Interrogatories and Document Requests, including those of Ashland and Defendant Techalloy/RSM, Ashland and the other Defendants are unable to determine what additional fact discovery they may need to take to properly assess Plaintiff's claims and to pursue and prepare their defenses. As reflected in Ashland's December 20, 2004 Motion to Compel (Exh. "A") and Techalloy/RSM's March 4, 2005 Motion to Compel (Exh. "B"), the information and documents which Plaintiff has failed and refused to provide are critical to Defendants' ability to properly assess Plaintiff's claims and to prepare their defenses. Without such information and documents, Defendants cannot ever determine what additional discovery they need to take. Plaintiff has stonewalled Defendants with regard to such

---

[3]   A true and correct copy of Defendant Techalloy/RSM's Motion, sans exhibits, filed on March 4, 2005, is attached hereto as Exhibit "B".

discovery. Among the information requested by the Defendants, including Ashland, in their Interrogatories and Document Requests to which Plaintiff has failed and refused to fully and completely respond are the following:

1. Facts, documents and witnesses to the alleged disposal of Defendants' wastes at the Boarhead Farms ("BHF") Site;

2. The Defendants' purported contemporary knowledge of the disposal of the Defendants' wastes at the BHF Site;

3. The factual basis for Plaintiff's purported allocation of the equitable shares of each Defendant's liability;

4. The factual basis for Plaintiff's purported allocation of the equitable shares of the Plaintiff BFAG members' liability for the wastes disposed of at the BHF Site;

5. The equitable shares of liability that Plaintiff believes each Settling Defendant or any other party, including those constituting "orphan shares," should be allocated and the factual basis therefor;

6. Monetary recoveries made by Plaintiff to date by way of settlement or otherwise to offset or reduce its alleged response costs for which Plaintiff can potentially recover from the non-settling Defendants in this action;

7. An itemization of past and future remediation costs allegedly incurred or to be incurred by Plaintiff and the BFAG members as a result of each hazardous waste material allegedly disposed of at the BHF Site;

8. For each member of the BFAG Group, an itemization and accounting of all hazardous wastes allegedly generated, transported or disposed of by them or on their behalf, including the volume of such wastes, the dates of transportation and disposal thereof, the identification of any arrangers for such wastes, and all documents and witnesses to the generation, transportation and disposal of such wastes;

9. The factual bases for Plaintiff's allegation that BFAG and each of its members were Potentially Responsible Parties entitled to pursue a contribution action;

10. Documents comprising Plaintiff's investigation files pertaining to the generation, transportation and disposal of hazardous wastes by Ashland, by Plaintiff, by BFAG and its members, and/or by all other persons and entities; and

    11.    All documents that relate to the presence at the BHF Site of all hazardous waste materials that were generated, transported and/or disposed of by Ashland, by Plaintiff BFAG and/or its members, or by anyone else.

Incredibly, on March 16, 2005, the very eve of the expiration of the fact discovery period, Plaintiff continues its attempts to thwart Defendants' attempts to obtain such critical discovery by filing a Motion for Protective Order seeking to quash depositions of employees of several members of the BFAG Group as well as the deposition of one or more designees of BFAG.[4] As set forth in Ashland's and Techalloy/RSM's Motions to Compel (Exhs. "A" and "B," respectively), Defendants respectfully submit that they are entitled to a period of at least ninety (90) days following their receipt of full and complete answers by Plaintiff to Defendants' Interrogatories and responses by Plaintiff to Defendants' Requests for Production of Documents to enable them to evaluate the critical information that Plaintiff has been requested to provide and to determine what, if any, further discovery is necessary to properly enable Defendants to assess Plaintiff's claims and to prepare their defenses thereto.

## III.   CONCLUSION

For all of the foregoing reasons, Defendant Ashland Inc. respectfully requests that the Court enter the attached proposed Order granting Ashland's Motion for an Extension of the Fact Discovery Period for a modest period of only ninety (90) days following Defendants' receipt of full and complete answers and responses from Plaintiff to the Interrogatories and Document Requests of the Defendants, including those of Defendants Ashland and Techalloy/RSM.

---

[4]   A true and correct copy of Plaintiff's Motion filed on March 16, 2005 is attached hereto as Exhibit "C".

Respectfully submitted,

*Richard C. Biedrzycki*
RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Defendant Ashland Inc., designated by Plaintiff as Ashland Chemical Company

Date:   March 18, 2005

G:\DATA\1357-29\Disc\MemofLaw-MotExtDisc.wpd

## CERTIFICATE OF SERVICE

I, Richard C. Biedrzycki, Esquire, hereby certify that on this 18th of March, 2005, I caused true and correct copies of the foregoing Motion, Proposed Order and Memorandum of Law of Defendant Ashland Inc. for an Extension of the Discovery Period, to be served on all interested counsel of record by the electronic filing of same (except as otherwise indicated) at the following addresses:

**COUNSEL FOR PLAINTIFF:**
**FIRST CLASS MAIL**
Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636
e-mail: harrisg@ballardspahr.com

Monique M. Mooney, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103
e-mail: mooney@ballardspahr.com

**COUNSEL FOR DEFENDANTS:**

*Advanced Environmental Technology Corporation*
Thomas Sabino, Esquire
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052
Phone: 973-325-1500
Fax: 973-325-1501
tsabino@wolffsamson.com

*Carpenter Technology Corporation*
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY 10022
Phone: (212) 756-0215
Fax: (888) 325-9169
lwright@ealaw.com

**FIRST CLASS MAIL**
*Handy & Harman Tube Company*
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan,
    Cecchi, Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, NJ 07068-1739
Phone: (973) 994-1700
Fax: (973) 994-1744
mflax@carellabyrne.com

*Merit Metals Products Corp.*
Stephen P. Chawaga, Esquire
Monteverde, Mcalee & Hurd
One Penn Center
Suite 1500
1617 JFK Boulevard
Philadelphia, PA 19103-1815
Phone: (215) 557-2900
Fax: (215) 557-2990
schawaga@monteverde.com

*NRM Investment Co.*
Edward Fackenthal, Esquire
Law Office of Edward Fackanthal
One Montgomery Plaza
Suite 209
Norristown, PA 19401
Phone: (610) 279-3370
Fax: (610) 279-0696
edwardfackenthal@cs.com

*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*
Andrew P. Foster, Esquire
Adina M. Dziuk, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Phone: (215) 988-2700
Fax: (215) 988-2757
andrew.foster@dbr.com
Adina.Bingham@dbr.com

*Flexible Circuits*
Seth v.d.H. Cooley, Esquire
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA 19103-7396
Telephone: 215-979-1000
Fax: 215-979-1020
scooley@duanemorris.com
anfriant@duanemorris.com

*Richard C. Biedrzycki*
RICHARD C. BIEDRZYCKI

Date: March 18, 2005