# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,                  :
                                                :
          Plaintiff,                   :
                                                :
v.                                              :          Civil Action No. 02-3830
                                                :
ADVANCED ENVIRONMENTAL                          :
TECHNOLOGY CORPORATION, ET AL.,                 :
                                                :
          Defendants.                  :

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of

Defendant Techalloy/RSM's Motion to Compel Responses to Interrogatories and for Extension

of Fact Discovery Period, and any opposition thereto, it is hereby ORDERED that Defendants'

Motion is GRANTED.

It is further hereby ORDERED that Plaintiff must provide full, specific and

complete responses to Techalloy/RSM's Interrogatories Nos. 1, 2, 3, 4, and 7 within 20 days of

the date of this Order.

It is further hereby ORDERED that Case Management Order No. 7 is modified to

provide that the fact discovery period will remain open for a period of ninety (90) days following

Defendant's receipt of Plaintiff's full responses to the Interrogatories identified above.


                                                  _____
                                           Legrome D. Davis, U.S.D.J.

Dated: _____

DRINKER BIDDLE & REATH LLP
Andrew P. Foster, Esq.
Adina D. Bingham, Esq.
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103
(215) 988-2696

Attorneys for Defendants
Techalloy Co., Inc. and
Rahns Specialty Metals, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOARHEAD FARM AGREEMENT GROUP,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 02-3830** |
| | : | |
| **ADVANCED ENVIRONMENTAL** | : | |
| **TECHNOLOGY CORPORATION et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MOTION TO COMPEL
## RESPONSES TO INTERROGATORIES
## AND FOR EXTENSION OF FACT DISCOVERY PERIOD

Defendants Techalloy Co., Inc. and Rahns Specialty Metals, Inc. ("Techalloy/RSM")

hereby respectfully move the Court for an Order overruling objections asserted by Plaintiff

Boarhead Farm Agreement Group ("BFAG") and compelling BFAG to respond fully to

Interrogatories served by Techalloy/RSM.

Techalloy/RSM further moves the Court to enter an Order extending the current fact

discovery period for a reasonable period of time following the date BFAG answers the

Interrogatories, to allow time for any further fact discovery necessitated by the substance of

BFAG's responses.

In support, Techalloy/RSM incorporates herein by reference the accompanying

Memorandum of Law.


Respectfully Submitted,

DATED:  March 4, 2005                    DRINKER BIDDLE & REATH LLP
                                         One Logan Square
                                         18th and Cherry Streets
                                         Philadelphia, PA 19103

                                         *Attorneys for Defendants*
                                         *Techalloy Co., Inc. and*
                                         *Rahns Specialty Metals, Inc.*

DRINKER BIDDLE & REATH LLP
Andrew P. Foster, Esq.
Adina D. Bingham, Esq.
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103
(215) 988-2696

Attorneys for Defendants
Techalloy Co., Inc. and
Rahns Specialty Metals, Inc.

---

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,    :
                                  :
        Plaintiff                 :
                                  :
            v.                    :       CIVIL ACTION
                                  :       No. 02-3830
ADVANCED ENVIRONMENTAL            :
TECHNOLOGY CORPORATION et al.,    :
                                  :
        Defendants                :

## MEMORANDUM OF LAW
## IN SUPPORT OF TECHALLOY/RSM'S
## MOTION TO COMPEL RESPONSES TO INTERROGATORIES
## AND FOR EXTENSION OF FACT DISCOVERY PERIOD

I.    **Introduction**

    Under Case Management Order No. 7, the fact discovery period in this case currently is scheduled to end in just two (2) weeks, on March 18, 2005. However, by continuing to assert "premature" and other objections to Interrogatories, Plaintiff BFAG is essentially "hiding the ball," and refusing to tell Defendants the basis for its claims, including the actual amount of its demands and other critical information. Without that information, Defendants do not know, and cannot know, whether it is necessary to pursue additional fact discovery.

Plaintiff's tactic puts the Defendants on the horns of a dilemma. Faced with complete uncertainty regarding the nature and size of the Plaintiff's claims, the Defendants could pursue additional discovery that <u>may</u> be necessary, only to find out later, when BFAG finally responds to the Interrogatories, that the extra discovery was unnecessary and a waste of time and money. Alternatively the Defendants could forego taking possibly necessary discovery, only to find out later (again, when BFAG finally responds to the Interrogatories), that the extra discovery was not only necessary, but critical.

After an unsuccessful effort to resolve this dispute, Defendants Techalloy/RSM are filing this Motion to Compel in an effort to find out the basis of Plaintiff BFAG's claims against them, including the actual size of Plaintiff BFAG's demands. With only two (2) weeks left before the current fact discovery period is scheduled to end, it is high time for BFAG to show its hand and state its case. Pre-trial proceedings are not supposed to be a game of hide-and-seek. Defendants Techalloy/RSM cannot make an informed choice about whether additional fact discovery is necessary until BFAG answers the objected to Interrogatories.

Defendants Techalloy/RSM also request an extension of the current fact discovery period, for a reasonable period of time following the date BFAG provides full answers to outstanding Interrogatories. This will provide time for the Defendants to take any additional discovery necessitated by the substance of BFAG's responses.

## II.     <u>Factual Background</u>

This is a Superfund case. Plaintiff BFAG is asserting contribution claims against Defendants seeking to recover an "equitable share" of the response costs incurred and to be incurred by BFAG in connection with remediating the Boarhead Farm Superfund Site located in Upper Black Eddy, Pennsylvania (the "Site"). Specifically, Plaintiff BFAG is asserting

contribution claims under Sections 113(f) and (g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§9613(f) and (g)(2), and under Sections 701, 702(a)(3), and 1101 of the parallel Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.C.S. §§6020.705, 702(a)(3) and 1101. See Plaintiff's Third Amended Complaint, at ¶¶152, 155, and 165, a true and correct copy of which is attached hereto as Exhibit A.

On July 16, 2004, Defendants Techalloy and RSM each served a substantially identical set of Interrogatories on Plaintiff BFAG. See, e.g., Interrogatories (First Set) of Defendant Techalloy Company, Inc., a true and correct copy of which is attached hereto as Exhibit B.

On September 14, 2004, Plaintiff BFAG served substantially identical Objections and Responses to the Techalloy and RSM Interrogatories. See, e.g., Objections and Responses of Boarhead Farm Agreement Group to Interrogatories (First Set) of Defendant Techalloy Company, Inc., a true and correct copy of which is attached hereto as Exhibit C.

To date, the parties have taken more than fifty (50) depositions in this case, including four (4) depositions taken by BFAG of former Techalloy/RSM employees (Messrs. Hess, Stufflet, Hahn and Senin). No more depositions of former Techalloy/RSM employees are scheduled or contemplated. The fact discovery period is currently scheduled to end in just two (2) weeks, on March 18, 2005. Undersigned counsel recently engaged in a lengthy telephone conference with counsel for BFAG in an effort to resolve the matters that are the subject of this Motion. Counsel for BFAG refused to withdraw any of the "premature" objections at issue, refused to supplement any of the Interrogatory responses discussed, and refused to agree to an extension of the fact discovery period until after the outstanding Interrogatories are fully answered.

III.    <u>Argument</u>

    A.    **It is Time for Plaintiff to Answer the
<u>Defendants' Contention Interrogatories.</u>**

Interrogatories Nos. 1 through 4 served by Defendants Techalloy/RSM on BFAG are

contention interrogatories. In response to each, Plaintiff asserted in its September 14, 2004

papers that providing answers to the Interrogatories was "premature," citing <u>B. Braun Medical,

Inc. v. Abbott Laboratories,</u> 155 F.R.D. 525 (E.D. Pa 1994).

This case was filed in June, 2002. There are now only two (2) weeks left before the fact

discovery period is scheduled to end on March 18, 2004. The parties have completed more than

fifty (50) depositions. No more depositions of former Techalloy/RSM employees are planned.

Despite that late hour, Plaintiff BFAG continues to stand upon its "premature" objections, and

refuses to respond to Techalloy/RSM's basic contention Interrogatories.

Techalloy/RSM's Interrogatories Nos. 1 through 4 are proper and timely contention

interrogatories under Fed. R. Civ. Pro. 33(c). They seek relevant, indeed critical, information.

For example, Interrogatory No. 3 asks:

    **3.    For each of the entities or persons listed below, please state your position as to
what "equitable share" of Site response costs you contend they should bear,
describing the evidentiary basis for each of your positions and providing a full
explanation of how you calculate or otherwise reach and support each of your
positions. (<u>Note</u>: If each BFAG member shares the same positions, please so state,
and provide one consolidated answer. Otherwise, pursuant to the March 17, 2003
Stipulation, please provide all individual positions held by each BFAG member):**

        **A.    Techalloy;**

        **B.    Each non-settled Defendant;**

        **C.    Each settled Defendant;**

        **D.    Each BFAG member;**

E.    **Every other entity or person that BFAG believes is a liable party under CERCLA or HSCA with respect to the Site.**

Plaintiff BFAG's "premature" objection, and its continuing refusal to answer this contention Interrogatory should be overruled. This question simply asks BFAG to state what demands it is making in this case, against Defendant Techalloy and others, and also to state how it reaches and supports its demands. It is hard to imagine what could be <u>more</u> central to this case (or practically any civil case), then the amount of and basis for Plaintiff's demands. After full document production and the taking of more than fifty (50) depositions, it is high time for BFAG to provide that critical information by responding to the contention Interrogatories.

BFAG's reliance on the <u>Braun Medical</u> case as support for its "premature" objection is misplaced. First, in that case, the contention interrogatories at issue were being addressed *before* the completion of substantial pre-trial discovery. Here, in contrast, the scheduled fact discovery period is now almost over. By continuing to object to the contention Interrogatories as "premature," Plaintiff BFAG is apparently aiming to have the fact discovery door slam shut <u>before</u> it is required to provide even the most basic information imaginable about its claims and positions.

Second, even assuming incorrectly that this case were still in the early pre-trial stage, the "burden of justification" showing required under the <u>Braun Medical</u> approach is met in this case.

For example, in responding to Interrogatory No. 3 above, BFAG might -- as specifically suggested by its counsel -- take the litigation position that <u>no</u> waste from parties BFAG has settled with actually was disposed at the Site. Although that position would be directly inconsistent with both BFAG's pleading and its overall theory of the case, the obvious strategic purpose behind such an approach would be an attempt to place a 0% "equitable share" of liability

on the settled parties. BFAG would then argue that under the UCFA principles governing settlements in this case,[1] its claim against the remaining non-settled Defendants should not be reduced at all, despite all the settlements BFAG has pocketed. If BFAG took that position, the remaining non-settled Defendants, including Techalloy/RSM, likely would need to pursue fact discovery against all ten (10) or so of the settled defendants in order to be prepared to "prove up" their Site waste disposals and their appropriate "equitable shares" of liability.

Alternatively, if in responding to Interrogatory No. 3 above BFAG acknowledged, say, that 1.5 million gallons of waste generated by the settled parties was disposed at the Site, and that their collective "equitable share" of overall Site liability should be 75%, then the remaining non-settled Defendants likely would be able to forego time-consuming and expensive discovery against the settled parties, and either stipulate to those figures or rely upon BFAG's sworn Interrogatory responses.

In short, requiring BFAG to answer contention Interrogatory No. 3 and thereby state its positions will greatly clarify the matters at issue and possibly obviate the need for extensive additional fact discovery. See Braun Medical, 155 F.R.D. at 527. Further, unless Plaintiff is required to state what it is actually seeking from each Defendant, and the basis for its claims, it is highly unlikely that meaningful settlement discussions will take place, but highly likely that a great deal of party and judicial resources will be expended in pursuing protracted, but potentially unnecessary discovery.

The same need for basic information regarding BFAG's claims underlies Techalloy/RSM's contention Interrogatories Nos. 2 and 4. Thus, Interrogatory No. 2 asks:

---

[1] See Memorandum and Order, entered June 30, 2004 (Docket No. 96)

**2.    If you contend that Techalloy knew that DeRewal Chemical's handling of Techalloy's waste would result in the release of hazardous substances, or that Techalloy controlled DeRewal Chemical's handling or disposal of Techalloy's waste, please:**

      **A.    State in detail all facts that support your contention;**

      **B.    Identify all persons with relevant knowledge, summarizing the subjects and extent of each person's knowledge; and**

      **C.    Identify all documents that support your contention.**

This Interrogatory flows directly from the Third Circuit's opinion in <u>Morton International v. A.E. Staley Company, Inc.</u>, 343 F.3d 669 (3d Cir. 2003). In <u>Morton,</u> the Third Circuit held that in seeking to establish "arranger liability" under CERCLA, a contribution plaintiff must prove, <u>inter alia</u>, that a Defendant either <u>knew</u> that handling of its waste would result in the release of hazardous substances, or that the Defendant <u>controlled</u> the handling or disposal of its waste. <u>Id.</u>, 343 F.3d at 679 ("A plaintiff is required to demonstrate ownership or possession, but liability cannot be imposed on that basis alone. A plaintiff is also required to demonstrate either knowledge or control").

Thus, Techalloy/RSM's contention Interrogatory No. 2 is designed to discover if Plaintiff BFAG has any "knowledge" or "control" evidence to support its contribution claims. Plaintiff BFAG may disagree that the standard for "arranger liability" set forth in the Third Circuit's <u>Morton</u> opinion applies to BFAG's effort in this case to pin "arranger liability" on Techalloy/RSM. Regardless of that view, Defendant Techalloy/RSM is entitled to prepare its defenses, and requiring Plaintiff to answer this narrowly-tailored contention Interrogatory, at virtually the close of scheduled fact discovery, will further that legitimate purpose. BFAG's answer also is "likely to expose a substantial basis for a motion under . . . Rule 56," which

7

further justifies the appropriateness of BFAG being required to answer this contention

Interrogatory. Braun Medical, 155 F.R.D. at 527.

Techalloy/RSM's contention Interrogatory No. 4 is similar to Interrogatory No. 3, in that

it simply asks the Plaintiff to articulate the nature and amount of "equitable share" liability it

seeks to impose upon Techalloy/RSM and others in this case:

> **4.    Do you contend that there is any "orphan share" liability associated with the Boarhead Farms Site, and if so, what is your position as to the portion of that orphan share liability, if any, that should be assigned or allocated to:**
>
> **A.    Techalloy;**
>
> **B.    Each non-settled Defendant;**
>
> **C.    Each settled Defendant;**
>
> **D.    Each BFAG member;**
>
> **E.    Every other entity or person that BFAG believes is a liable party under CERCLA or HSCA with respect to the Site.**

To date, discovery in this case indicates that the owner/operator of the Site (Boarhead

Corporation) is a defunct party, the transporter that took virtually all of the waste to the Site

(DeRewal Chemical Company) is a defunct party, and many of the generators whose waste was

disposed at the Site (Diaz Chemical, etc.) also are defunct parties. As such, it appears likely that

80% or more of the "equitable liability" for Site cleanup costs is attributable to so-called

"orphan" parties, and therefore must be re-distributed in one fashion or another among remaining

parties held liable. The way in which Plaintiff BFAG contends that this huge orphan share

should be re-distributed is perhaps the most critical equitable allocation issue in this contribution

litigation. Defendant Techalloy/RSM's Interrogatory No. 4 simply asks BFAG to state its

contentions with regard to that critical issue. Without that information, the Defendants will be

left standing in the dark with respect to arguably the single most important aspect of the Plaintiff's claims against them.

As alleged justification for not having to respond to Techalloy/RSM's contention Interrogatories, Plaintiff BFAG may argue that the Defendants simply should proceed now to take whatever additional fact discovery they feel is necessary, and then bring that information to bear later, when and if the Plaintiff finally withdraws its "premature" objections and states its contentions. However, that is an inefficient and unfair approach. The Defendants should not be forced to take extensive discovery without knowing whether it is necessary. That would be an inefficient use of both Defendants' and Plaintiff's resources, as well as highly burdensome on former parties no longer part of this lawsuit.

Alternatively, BFAG may argue that Techalloy/RSM's contention Interrogatories ask Plaintiff to articulate its "theories of the case," and that doing so now without the benefit of expert analysis and opinion is premature. That response is not convincing for at least two reasons. First, although expert testimony in CERCLA allocation cases has been permitted to assist with classic scientific matters, such as contaminant fate and transport, relative waste toxicity, etc., the weight of authority holds that a contribution plaintiff's overall position regarding "equitable allocation" claims and shares is not a proper subject for expert opinion, primarily because opinions proffered by alleged experts in "equity" or "equitable allocation" cannot survive the admissibility tests articulated in <u>Daubert v. Merrill Dow</u> and its progeny.[2]

---

[2]  <u>See</u> <u>United States v. Lightman</u>, 1999 U.S. Dist. LEXIS 21646 (D.N.J.);  <u>New York v. Westwood-Squibb Pharmaceutical Co.</u>, 2001 U.S. Dist. LEXIS 11765 (W.D.N.Y.); <u>American Special Risk Insurance v. City of Centerline</u>, 2002 U.S. Dist. LEXIS 12343 (E.D. Mich.) (all excluding proposed "equitable factors" allocation experts in CERCLA cases under <u>Daubert</u> analysis).

9

Second, from a practical point of view, the "wait until expert opinion time" excuse also appears to be a ruse. Counsel for Techalloy/RSM specifically suggested to counsel for BFAG that the parties could resolve the current dispute simply by agreeing to extend the fact discovery period for a reasonable time <u>after</u> BFAG fully answers the contention Interrogatories, to allow any additional necessary fact discovery to take place. If BFAG's counsel had agreed, then allowing Plaintiff to put off stating the nature and extent of its contribution claims until after expert opinions were offered would be fine, because the Defendants would, by agreement, be able to pursue whatever additional fact discovery was necessitated by the substance of BFAG's positions. The problem, of course, is that counsel for Plaintiff BFAG refused to agree to that practical approach. It appears, therefore, that BFAG would prefer to have fact discovery close first, followed sometime later by full Interrogatory answers setting out the basis and scope of its claims, at which point the Defendants would be precluded from pursuing any necessary additional fact discovery.

Given the refusal by BFAG's counsel to agree to a discovery period extension, the Plaintiff should be required to respond now to Techalloy/RSM's contention Interrogatories. Plaintiff has not asserted that it never will be obligated to respond to these contention Interrogatories, just that answering them now would be "premature." However, later does not make sense in this instance. Plaintiff brought suit against certain companies. It alleged that waste they generated was disposed at the Boarhead Farm Site. A large quantity of relevant historical documents have been produced, and more than fifty (50) depositions have now been taken. The fact discovery period is currently scheduled to end in just two (2) weeks. <u>Before</u> the fact discovery period is closed, Plaintiff should at the very least be required to state its basic contentions as the amount of liability it claims against each party, and the basis for its positions.

The Defendants also should be granted the flexibility to pursue additional fact discovery as necessary based upon the substance of BFAG's positions.

**B.    Plaintiff BFAG Should be Compelled to
Give a Definite Answer to Interrogatory No. 1.**

Putting BFAG's "premature" objections aside, Plaintiff's substantive response to Interrogatory No. 1 features a gigantically open back door, and therefore is improper and of no practical use. Techalloy/RSM simply asked BFAG to state all facts supporting the Plaintiff's contention that waste generated by Techalloy/RSM was disposed at the Site. The Interrogatory also asked BFAG to identify all supporting documents, and identify all persons with relevant knowledge:

**1.    Regarding your allegation that waste from Defendant Techalloy Company, Inc. ("Techalloy") was disposed at the Boarhead Farms Site, please:**

**A.    State in detail all facts that support your contention;**

**B.    Identify all persons with relevant knowledge, summarizing the subjects and extent of each person's knowledge; and**

**C.    Identify all documents that support your contention.**

BFAG's response does enumerate certain documents and cites to certain deposition testimony. However, in the most open-ended fashion possible, BFAG's response also states that "[t]he factual basis for Plaintiffs claims against [Techalloy/RSM] in the complaint, and the identities of persons with knowledge of those facts, **are contained in the deposition testimony that has been elicited in this case . . ."** Then, in addition to providing a few deposition citations, BFAG simply refers Techalloy/RSM in the most general way **"to the deposition testimony that has been elicited in this case [including] . . . all of the other deposition testimony concerning DCC's disposal of waste at the Site."**

At this stage of the case -- with no more depositions of Techalloy/RSM witnesses scheduled and only two (2) weeks left before the close of fact discovery -- BFAG's completely open-ended response lacks the necessary specificity. In response to its fair question, Defendant Techalloy/RSM has, in effect, been referred by BFAG to all of the deposition testimony taken in the case. That all-encompassing response defeats Techalloy/RSM's reasonable effort to evaluate the particular factual evidence that BFAG claims supports its case against Techalloy/RSM. It also unfairly limits Techalloy/RSM's ability to prepare its defenses in any specific way. BFAG should be required at this late stage of the case to state, with specificity, the factual basis for the claims it is asserting against Techalloy/RSM.

### C.    Interrogatory No. 7 Seeks Relevant Information and BFAG Should be Required to Provide a Full Answer.

Techalloy/RSM's Interrogatory No. 7 requests information about any monetary recoveries obtained by Plaintiff BFAG and/or its members related to the Site:

7.    Describe in detail all monetary recoveries, offsets, or other consideration obtained by you that directly or indirectly has or will reduce your net "out of pocket" costs or damages related to the Boarhead Farms Site, including without limitation any such recoveries, offsets, or other consideration obtained from:

      A.    Each settled Defendant;

      B.    Any insurers or other indemnitors;

      C.    Any business expense deduction or other tax benefits; and

      D.    Any other entities, persons, or sources whatsoever.

Plaintiff initially objected to this interrogatory as vague, confusing and ambiguous, and also as seeking "information that is neither relevant nor will lead to the discovery of admissible

evidence." Following discussions with Plaintiff's counsel in which the Interrogatory was further explained, Plaintiff's counsel continues to assert an objection on the grounds of relevance.

However, information about any monetary recoveries obtained by BFAG and its members is directly relevant to the validity and amount of the Plaintiff's remaining claims. As a creation of statute, the Plaintiff's CERCLA and HSCA claims sound in "contribution." An essential element of a statutory contribution claim is that a plaintiff has incurred more than its fair share of liability.[3] The "more than fair share" showing is a necessary predicate to recovering any "equitable share" back from other liable parties.

In other words, a CERCLA or HSCA contribution plaintiff is not entitled to a "double recovery." It would directly violate the governing statutory language to permit a contribution plaintiff to recover money from targeted defendants that it already has pocketed through recoveries from other sources, such as settlements, insurance recoveries, and the like. It also would violate the "polluter pays" principle that fundamentally underlies both CERCLA and HSCA. Indeed, were it otherwise, a liable waste generator could actually turn a tidy profit from its polluter status, obtaining far more through "double recoveries" then it actually spent in statutory "response costs" to remediate a Site. Such a result is untenable, as it would perversely turn the "polluter pays" principle into a "polluter profits" approach instead.

Thus, to the extent that members of the Plaintiff already have recovered a portion of their past "response costs," they should not be able to do so again in this litigation and thereby obtain a double recovery. Cf. Bethlehem Iron Works, Inc., 1996 U.S. Dist. LEXIS at *192 (holding that

---

[3] See New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1122 (3d Cir. 1997) ("while a potentially responsible person should not be permitted to recover all of its costs from another potentially responsible person, the person should be able to recoup that portion of its expenditures which exceeds its fair share of the overall liability")(emphasis added).

funds recovered under CERCLA must be deducted from potential recoveries under HSCA, "to avoid giving the Plaintiffs' double recovery"). At their core, CERCLA and HSCA contribution claims involve allocating Site response costs in accordance with whatever "equitable factors" the Court deems just and appropriate.[4]  Considering whether contribution plaintiffs have obtained potential "double recoveries" or "windfalls" is fairly within the scope of equitable allocation analysis, and therefore fairly within the scope of discovery.

### D.    Defendant Requests an Extension of the Fact Discovery Period for a Reasonable Time After BFAG Supplies Full Interrogatory Answers.

If the Court grants Techalloy/RSM's instant motion, and requires Plaintiff to answer the objected to Interrogatories, it will only be a Pyrrhic victory unless the current fact discovery period is extended for a reasonable period of time after the Plaintiff's responses are provided. As discussed above, Defendant Techalloy/RSM will need to evaluate the substance of BFAG's full responses in order to determine if further fact discovery is necessary. If the deadline for fact discovery has already expired before Plaintiff's full responses are provided, that opportunity will be lost. By the same token, if Defendant Techalloy/RSM determines after reviewing the Plaintiff's full responses that no further fact discovery is necessary, it will promptly communicate that to the Plaintiff and this Court.

---

[4]  Federal courts repeatedly stress that courts may consider "any factors appropriate to balance the equities in the totality of the circumstances." Envtl. Transp. Sys., Inc. v. ENSCO, Inc., 969 F.2d 503, 509 (7th Cir. 1992) (emphasis added); see also Am. Color & Chem. Corp. v. Tenneco Polymers, Inc., 918 F. Supp. 945, 959 (D.S.C. 1995). Given the nearly unfettered breadth of such an inquiry, a court performing a CERCLA equitable allocation has discretion to consider several equitable factors or only a few, "depending on the totality of the circumstances and equitable considerations." New Jersey Turnpike Auth. v. PPG Indust., 197 F.3d 96, 104 n.7 (3d Cir. 1999).

IV.    **Conclusion**

For the reasons discussed above, Defendant Techalloy/RSM respectfully requests that

Plaintiff BFAG be required to provide full responses to Techalloy/RSM Interrogatories Nos. 1, 2,

3, 4, and 7. Without those answers, Defendant is significantly impeded in its effort to evaluate

BFAG's claims, prepare its defenses, and evaluate settlement options. Techalloy/RSM also

requests an extension of the fact discovery period for a reasonable period of time after receipt of

full Interrogatory answers from the Plaintiff, to allow any necessary follow-up discovery to be

conducted.

Dated: March 4, 2005

DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

*Attorneys for Defendants*
*Techalloy Co., Inc. and*
*Rahns Specialty Metals, Inc.*

15

## CERTIFICATE OF SERVICE

I Andrew P. Foster, hereby certify that on this 4th day of March, 2005, I caused a

true and correct copy of the foregoing:

## MOTION TO COMPEL
## RESPONSES TO INTERROGATORIES
## AND FOR EXTENSION OF FACT DISCOVERY PERIOD

with supporting Memorandum of Law to be served as indicated below:

## BY EMAIL and FIRST-CLASS MAIL

**Counsel for Boarhead Farm Agreement Group**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
  Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043-4636
(856) 761-3440
(856) 761-9001 (Fax)

Monique M. Mooney, Esquire
Ballard Spahr Andrews &
  Ingersoll, LLP
1735 Market Street – 51st Flr.
Philadelphia, PA  19103-7599
(215) 864-8189
(215) 864-9266 (Fax)

**Counsel for Advanced Environmental Technology**
Thomas Sabino, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)

**Counsel for Ashland Chemical Company**
Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY 10022
(212) 756-0215
(888) 325-9169 (Fax)

**Counsel for Diaz Chemical Corp.**
Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holley, NY 14470-1156
(716) 638-6321
(716) 638-8356 (Fax)

**Counsel for Etched Circuits, Inc. & FCG, Inc.**
Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA 19103-7396
(215) 979-1000
(215) 979-1020 (Fax)

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
5 Becker Farm Road
Roseland, NJ 07068-1739
(973) 994-1700
(973) 994-1744 (Fax)

**Counsel for Merit Metals Products Corp.**
Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA 19103-1815
(215) 557-2950
(215) 557-2990/2991

**Counsel for NRM Investment Company**
Edward Fackenthal, Esquire
Law Offices of Edward Fackenthal, Esquire
One Montgomery Plaza
Suite 209
Norristown, PA  19401 (610) 279-3370
(610) 279-0696 (Fax)
edwardfackenthal@cs.com

_____
Andrew P. Fost