# Exhibit A

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET. AL. | : | |
| | : | |
| | : | |
| Defendants. | : | |

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS OF PLAINTIFF BOARHEAD FARM AGREEMENT GROUP DIRECTED TO EACH DEFENDANT

Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff Boarhead Farm Agreement Group ("Plaintiff"), by its undersigned counsel, hereby propounds these Interrogatories And Requests For Production Of Documents ("the Interrogatories") of Plaintiff Boarhead Farm Agreement Group Directed To Each Defendant.

## I.     DEFINITIONS

1.     The term "you," "your," or "your company," shall mean the addressee of the Interrogatories, the addressee's officers, managers, employees, trustees, successors, assigns and agents as well as any and all predecessor entities of the addressee entity including any entity purchased by the addressee and any division, group, subsidiary or section of the addressee entity.

2.     The term "facility" or "facilities" shall mean, unless the context of the request indicates otherwise, any plants, factories, warehouses, retail stores, laboratories, or other operations conducted by you.

VH_DOCS_A #176743 v1

3. The term "identify" means, with respect to a natural person, to set forth, to the extent known, the person's name, present or last known business address and business telephone number, and present or last known job title, position or business.

4. The term "identify" means, with respect to a corporation, partnership, business trust or other association or business entity (including a sole proprietorship) to set forth, to the extent known, its full name, present or last known address, legal form (e.g. corporation, partnership, etc.), organization, if any, and a brief description of its business.

5. The term "identify" means, with respect to a document, to provide, to the extent known, the type of document; the general subject matter; the date of the document; author(s); addressee(s); and recipient(s).

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

7. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories any information which might otherwise be construed to be outside its scope.

8. The term "waste" means any garbage, refuse, trash, scrap, sludge from a waste treatment plant (including sewage sludge), water supply treatment plant and air pollution control facility, and any other discarded material including but not limited to solid material, liquid material, semisolid material, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from residential, domestic and community activities.

9. The term "person" or "entity" includes but is not limited to an individual, partnership, corporation, other business association, governmental (including municipal) entity or agency or any other entity.

10.    The terms "disposal" shall have the meanings of those terms under the federal Comprehensive Environmental Response, Compensation and Liability Act and Pennsylvania Hazardous Sites Cleanup Act.

11.    The term "employees" shall mean all of your and your potential predecessors' present and former employees, shareholders, officers, managers, trustees, successors, assigns, contractors, and agents.

12.    The term "Transporter" shall mean any of the following persons or entities: Manfred DeRewal, Sr.; Bruce DeRewal; Manfred DeRewal, Jr.; Jeffrey Shaak; John Barsum; Richard Minthorn; Kenneth Gross; John Shuman; Joseph Sienkowski; Karen Bean; John Bean; Linda Cochran; Alex Imich; Marvin Jonas; Danny Rufe; DeRewal Chemical Co.; Boarhead Corporation; Environmental Chemical Control, Inc.; Revere Chemical Company; Revere Chemical Transport Company; Echo, Inc.; Marvin Jonas, Inc.; Jonas Waste Removal; Advanced Environmental Technology Corporation; Envirotech Co.; and/or any transporter that the party has reason to believe may have used the Site (collectively the "Transporters").

13.    The term "Relevant Time Period" means January 1, 1969 through and including December 31, 1977.

## II.    INSTRUCTIONS

1.    The singular includes the plural; the plural includes the singular. The masculine gender includes the feminine and neuter genders; and the neuter gender includes the masculine and feminine genders. "Each" shall be construed to include "every" and "every" shall be construed to include "each". "Any" shall be construed to include "all" and "all" shall be construed to include "any". The use of a verb in any tense shall be construed as the use of the

verb in a past or present tense, whenever necessary to bring within the scope of the Interrogatories all responses which might otherwise be construed to be outside its scope.

      2.      Each interrogatory and request for production is a continuing one.  If, after serving an answer to an interrogatory or a request for production, you obtain or become aware of any further information pertaining to such interrogatory or request for production, you are required to serve upon the attorneys for all parties an amended answer setting forth any and all such information.

      3.      Identify any and all documents for which you claim any privilege and state with specificity the nature of the privilege.

## III.    INTERROGATORIES

### INTERROGATORY NO. 1

With respect to each of the Affirmative Defenses set forth in your Answer:

      (a)      State each fact supporting that Affirmative Defense;

      (b)      As to each such fact identify each document referring, reflecting, or relating to such fact; and

      (c)      As to each such fact identify each person with knowledge of such fact.

### INTERROGATORY NO. 2

With respect to each waste removed by a Transporter (as defined herein) from your facility or facilities listed on Exhibit B to the initial Case Management Order herein in the Relevant Time Period:

      (a)      Identify each document referring, reflecting, or relating to the ultimate disposal location of each such waste; and

VH_DOCS_A #176743 v1    4

(b)    Identify each person, other than a person deposed in Phase I of this action, with any knowledge relevant to where any such waste was ultimately disposed.

INTERROGATORY NO. 3

With respect to each waste removed by a Transporter (as defined herein) from any other facility listed on Exhibit B to the initial Case Management Order herein in the Relevant Time Period:

(c)    Identify each document referring, reflecting, or relating to the ultimate disposal location of each such waste; and

(d)    Identify each person, other than a person deposed in Phase I of this action, with any knowledge relevant to where any such waste was ultimately disposed.

## IV.  DOCUMENT REQUESTS

1.  All documents requested to be identified in the Interrogatories.

2.  All transcripts, other than those taken by or on behalf of the U.S. Environmental Protection Agency or taken in this action, of testimony given by Manfred DeRewal, Sr. in any proceeding.

3.  All transcripts of any proceeding involving Manfred DeRewal, Sr. or any company affiliated with Manfred DeRewal, Sr., other than as part of this action.

Dated: January 6, 2005

_____
Glenn A. Harris, Esquire
Attorney No. 51222
BALLARD SPAHR ANDREWS &  INGERSOLL, LLP
Plaza 1000, Suite 500, Main Street
Voorhees, NJ 08043
Phone:  (856)761-3400

Attorneys for Plaintiff Boarhead Farms Agreement Group

CERTIFICATE OF SERVICE

I, Glenn A. Harris, do hereby certify that on this date I caused a true and correct copy of the foregoing Interrogatories and Requests for Production of Documents of Plaintiff Boarhead Farm Agreement Group Directed to Each Defendant to be served via first class mail, postage prepaid, upon the parties on the attached service list.

Dated: January 6, 2005

_____

Glenn A. Harris, Esquire

# Exhibit B

**Heidel, Anne (Phila)**

| | |
|---|---|
| **From:** | Harris, Glenn A. (VH) |
| **Sent:** | Monday, March 14, 2005 10:45 AM |
| **To:** | Heidel, Anne (Phila) |
| **Subject:** | FW: Boarhead - Overdue Discovery Responses |

-----Original Message-----
| | |
|---|---|
| **From:** | Harris, Glenn A. (VH) |
| **Sent:** | Monday, March 07, 2005 11:17 AM |
| **To:** | A. Nicole Friant (E-mail); Adina Marie Bingham (E-mail); Andrew P. Foster (E-mail); Edward Fackenthal (E-mail); Lynn Wright; Melissa Flax (E-mail); Richard C. Biedrzycki (E-mail); Robert M. Morris (E-mail); Seth v. d. H. Cooley (E-mail); Stephen P. Chawaga (E-mail); Thomas W. Sabino (E-mail) |
| **Subject:** | Boarhead - Overdue Discovery Responses |

Colleagues,

The Agreement Group has received responses to the Interrogatories and Requests for Production of Documents of Plaintiff Boarhead Farm Agreement Group Directed to Each Defendant from only two defendants.  Responses were due February 8.  Please let me know as soon as possible when your client will serve its responses so that the Agreement Group may act accordingly.

Regards,

Glenn

Glenn A. Harris
Ballard Spahr Andrews & Ingersoll, LLP
856-761-3440
harrisg@ballardspahr.com

1