## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,     :

         Plaintiff,            :      CIVIL ACTION NO.

      v.                   :      02-cv-3830 (LDD)

ADVANCED ENVIRONMENTAL      :
TECHNOLOGY CORPORATION, et al.,      :

         Defendants.         :

## MEMORANDUM ON BEHALF OF DEFENDANT HANDY & HARMAN TUBE COMPANY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT AND IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT

## PRELIMINARY STATEMENT

Plaintiff, Boarhead Farm Agreement Group's ("BFAG") motion to file a Fourth Amended Complaint is plainly a desperate attempt to avoid the dismissal of its CERCLA § 113 claims which are barred by the Supreme Court's decision in *Cooper Industries, Inc. v. Aviall*, 125 S.Ct. 577 (2004). Perhaps believing that the defendants are asleep at the wheel, BFAG argues euphemistically that the current motion to file a completely new lawsuit simply relates to the "form" of the claims and not the "substance" of the claims (BFAG Memorandum at p. 9) and that it is merely adding "individual members of the Agreement Group to the caption." (BFAG Memorandum at pp. 10-11). Further attempting to disguise the true purpose of this motion, BFAG states, for instance, that it is seeking to add what would otherwise be innocuous allegations such as "the state of incorporation and principal place of business of each Agreement Group member." (BFAG Memorandum at p. 11).

Defendants are not asleep. This motion seeks to add new parties and new claims that are barred by the statute of limitations. It also seeks to assert claims under CERCLA § 107 that the Supreme Court in *Aviall* specifically said continue to be barred by the Third Circuit's decision in *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116 (3d Cir. 1997). Finally, BFAG seeks to litigate existing claims under CERCLA § 113 and add new claims under § 113 that the Supreme Court's decision in *Aviall* holds are invalid.

With respect to the statute of limitations issue, more than two years ago, certain defendants in this action through their joint motion to dismiss put BFAG on notice that it was legally required to include the individual members of BFAG as parties plaintiff. For its own strategic purposes, BFAG strenuously resisted adding the individual corporate members of BFAG as parties plaintiff. Ultimately, BFAG entered into a Stipulation with the moving defendants regarding the scope of discovery which led to the withdrawal of the motion. Notwithstanding the amicable resolution of that motion to dismiss, BFAG has been acutely aware for in excess of two (2) years that defendants believed that the individual corporate entities comprising BFAG were legally required to be parties plaintiff. Despite this notice, the individual corporate members were never added as plaintiffs.

BFAG and its corporate members have outsmarted themselves. Having vigorously opposed asserting claims in the names of the true plaintiffs (the corporate members) within the period of limitations, BFAG cannot bring those claims now that the limitations period has expired.

As to its attempt to assert a CERCLA § 107 claim in the proposed Fourth Amended Complaint, its efforts are directly rebuffed by *Halliburton*. *Aviall* left in tact existing Third Circuit law established in *Halliburton* with regard to CERCLA § 107 claims. Such a claim cannot be asserted by a private party who is itself a "PRP" against another "PRP". To the extent

2

the Fourth Amended Complaint attempts to assert an implied right to contribution under CERCLA § 107, the Supreme Court in *Aviall* declined to create such a cause of action.

With respect to the new and existing CERCLA § 113 claims, neither BFAG nor Agere Systems, Inc. ("Agere") have been part of any §§ 106 or 107(a) proceeding. Thus, under the law established in *Aviall*, the existing claims by BFAG under § 113 should be dismissed and any attempt to raise new claims by Agere is futile. BFAG's attempt to assert § 113 claims on behalf of TI Automotive Systems, LLC ("TI") for costs associated with the groundwater investigation/remediation is, likewise, futile since that individual corporate entity has not been part of any §§ 106 or 107(a) proceeding concerning groundwater at the site. The only parties who could have asserted § 113 claims, *i.e.* certain of the individual corporate entities, failed to do so within the applicable statute of limitations.

The claims presented in the proposed Fourth Amended Complaint are futile. Those claims cannot be given life by BFAG's slight of hand in characterizing the proposed amendments. Thus, BFAG's motion to file a Fourth Amended Complaint must be denied.

Moreover, the only federal claims asserted by BFAG in the Third Amended Complaint are CERCLA § 113 claims that are meritless in view of *Aviall* and must be dismissed. Once those claims are dismissed, there is no viable reason for this Court to continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over BFAG's state law claim in the Third Amended Complaint (Count III) and that too should be dismissed.

## STATEMENT OF FACTS

On or about June 18, 2002, BFAG filed the within action seeking contribution under the Comprehensive Environmental Response, Compensation and Liability Act, as amended

("CERCLA") §§ 113(f) and (g) and the Pennsylvania Hazardous Sites Cleanup Act ("HSCA").[1]

In 1989, several years prior to the filing of this action, the Environmental Protection Agency ("EPA") designated Boarhead Farm as a Superfund site (the "Site"). As a result of this designation, EPA conducted a Remedial Investigation and Feasibility Study ("RI/FS") to investigate the nature and extent of the contamination at the Site. In 1998, following the conclusion of the RI/FS, EPA issued its Record of Decision ("ROD") indicating the remediation technologies to be implemented at the Site. EPA then issued both General Notice letters and Special Notice letters to a number of potentially responsible parties. *See* BFAG Memorandum at pp.6-7.

In 1992 and 1993, EPA removed over 2,500 buried drums and numerous leaking tank trucks from the Site. During 1997, EPA constructed an interception trench and an on-site groundwater treatment facility to treat volatile organic chemical contamination. *See* Exhibit A.

On September 28, 2000, the EPA filed a Consent Decree with this Court pertaining to Operable Unit 1 ("OU-1"). Attached as Exhibit B is a true and accurate copy of the OU-1 Consent Decree. OU-1 addresses the groundwater recovery and treatment system and requires ongoing recovery and treatment until the standards set forth in the ROD are accomplished. SPS Technologies, Inc. ("SPS"), Ford Motor Company ("Ford"), and Cytec Industries ("Cytec") are signatories to the OU-1 Consent Decree. Agere and TI are not signatories to the OU-1 Consent Decree. BFAG Memorandum at p.8.[2] *See also* Exhibit B.

The EPA reached a second settlement with four of the five BFAG members (SPS, Ford, Cytec and TI) with respect to Operable Unit 2 ("OU-2"). Attached as Exhibit C is a true and

---

[1] On August 26, 2002, prior to responsive pleadings being filed, BFAG filed an Amended Complaint.

[2] BFAG currently consists of five (5) members: SPS, Ford, Cytec, TI, and Agere.

accurate copy of the OU-2 Consent Decree.  OU-2 relates to remedial actions, other than groundwater, as well as reimbursement to the EPA for response costs.  The OU-2 Consent Decree was filed with this Court on or about March 14, 2002.  Agere was not a signatory to the OU-2 Consent Decree.  BFAG Memorandum at p.8.  *See also* Exhibit C.

Subsequent to the filing of the Amended Complaint, certain defendants moved to dismiss the amended complaint for failure to state a claim, arguing that the individual members of BFAG and not BFAG itself were the proper plaintiffs.  Attached as Exhibit D is a true and accurate copy of the motion to dismiss.  BFAG strenuously opposed that motion and simultaneously filed a Second Amended Complaint designed to cure a number of the deficiencies raised by the motion to dismiss.  Attached as Exhibits E and F are true and accurate copies of BFAG's opposition to the motion to dismiss and the Second Amended Complaint, respectively.  The motion to dismiss based on BFAG's lack of standing was withdrawn pursuant to a Stipulation dated March 17, 2003.[3]  Attached as Exhibit G is a true and accurate copy of the Stipulation.

## POINT I

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT MUST BE DENIED BECAUSE THE PROPOSED AMENDMENTS WOULD BE FUTILE

The Federal Rules of Civil Procedure govern applications for leave to amend a pleading.  Specifically, Rule 15(a) provides the court with the discretion to grant leave to amend, which "leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a); *Foman v. Davis*, 371 U.S. 178 (1962).  But this Rule does not mandate that leave automatically be granted, and, in fact, the Third Circuit Court of Appeals has recognized that a request for leave to amend a pleading may be denied when the amendment is futile.

---

[3] BFAG subsequently filed a Third Amended Complaint which conformed certain of its allegations to facts revealed during nexus discovery.  A true and accurate copy of the Third Amended Complaint is attached as Exhibit H.

5

In *Arab Africa International Bank v. Epstein*, 10 F.3d 168 (3d Cir. 1993), the Third Circuit affirmed the district court's denial of plaintiff's motion to amend its complaint, observing:

> The grant or denial of leave to amend is a matter committed to the sound discretion of the district court. Amendment may be denied on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party... [or] futility of amendment. ..."

*Arab Africa*, 10 F.3d at 174 (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The district court determined that plaintiff's proposed amendment would be futile because the claim sought to be added was time-barred. The Third Circuit affirmed this ruling and determined that the ruling was not an abuse of discretion. *Arab Africa*, 10 F.3d at 174. *See also, Scattergood v. Perelman*, 945 F.2d 618, 627 (3d Cir. 1991), *rehearing denied* (affirming in part and reversing in part the district court's denial of a motion for leave to file a second amended complaint -- reversing only with respect to the portion of the amendment that had not arisen until subsequent to the filing of the first amended complaint).

Here, BFAG's proposed amendments (a) are barred by the applicable statute of limitations and (b) fail to state a claim upon which relief may be granted. The facts and circumstances upon which BFAG relies unquestionably demonstrate that the proposed amendments are not legally cognizable.

As demonstrated in Points II and III, *infra*, the proposed addition of new plaintiffs seeking to assert new claims is barred by operation of the statute of limitations. Moreover, as set forth in Point IV, *infra*, the proposed addition of a claim for contribution under CERCLA § 107 is barred under controlling Third Circuit law.

Furthermore, under the Supreme Court's decision in *Aviall*, BFAG and Agere are barred from seeking CERCLA § 113 contribution since neither one has been a party to a CERCLA §§

6

106 or 107(a) proceeding.  TI is similarly barred from seeking CERCLA § 113 contribution with respect to costs relating to OU-1. *See* Point V, *infra,*

No matter how BFAG attempts to disguise it proposed "amendments", the new claims are not legally viable. *See* Points II, III, IV and V, *infra.*  Accordingly, since BFAG's amendments are futile, its motion for leave to file a Fourth Amended Complaint must be denied.

## POINT II

## THE PROPOSED AMENDMENTS ARE BARRED BY THE STATUTE OF LIMITATIONS

BFAG's proposed Fourth Amended Complaint seeks to add new parties as plaintiffs (*i.e.* the five (5) current individual corporate members of BFAG).  BFAG also seeks to add a new cause of action (*i.e.* a proposed contribution claim under CERCLA § 107(a)).

To the extent that SPS, Ford, Cytec, TI and Agere have any contribution claims, the record clearly establishes that they have known of those claims for years: SPS, Ford and Cytec having executed the OU-1 Consent Decree in December 1999/January 2000 (Exhibit B); SPS, Ford, Cytec and TI having executed the OU-2 Consent Decree in March 2001 (Exhibit C).  As if the foregoing actual knowledge was not enough, the existence of the contribution claims of the individual corporate members was brought into sharp focus with the filing of the motion to dismiss for lack of standing during the summer of 2003 (at a time when the statute of limitations had not yet run).  For strategic litigation purposes known only to BFAG and its corporate members, BFAG vigorously opposed joining the individual corporate entities as plaintiffs and asserting contribution claims on their behalf.  Now, as a result of the Supreme Court's decision in *Aviall*, the individual entities are chomping at the bit to assert their stale claims in this litigation.  Having made the strategic decision in 2003 to distance themselves from this litigation, it is now too late for the individual corporate members to gain admittance.

The proposed CERCLA § 113 claims sought to be asserted by SPS, Ford, Cytec, TI and Agere are barred by CERCLA's three year statute of limitations. 42 U.S.C. 9613(g)(3)(B). The relevant portion of the statute provides:

> No action for contribution for any response costs of damages may be commenced more than 3 years after −
>
> \*          \*          \*          \*
>
> (B)    the date of an administrative order under section ... 9622(h) of this tile (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

More than three (3) years have passed since the entry of a judicially approved settlement. The OU-1 Consent Decree was filed with the Court on September 28, 2000. (Exhibit B). Therefore, the statute of limitations for any claim for contribution under CERCLA § 113 relating to OU-1 ran on September 28, 2003. The OU-2 Consent Decree was filed by the Court on March 14, 2002. (Exhibit C). The statute of limitations for CERCLA § 113 contribution claims relating to OU-2 expired on March 14, 2005. Since the claims asserted in the proposed Fourth Amended Complaint were not filed within the limitations period, those claims are barred.[4]

Since the claims sought to be asserted by the proposed new plaintiffs under CERCLA § 113 are barred by the statute of limitations, BFAG's request for leave to file a Fourth Amended Complaint asserting CERCLA § 113 claims is futile and should be denied.

---

[4] The filing of BFAG's pending motion on March 11, 2005 does not toll the statute of limitations. *See Chladek v. Sterns Transportation Company*, 427 F. Supp. 270 (E.D. Pa. 1977) (the filing of a motion to amend does not toll the statute of limitations; filing of the amended complaint was "the only act which could toll the statute of limitations").

## POINT III

## THE PROPOSED AMENDMENTS DO NOT "RELATE BACK" TO THE FILING OF THE ORIGINAL COMPLAINT

BFAG summarily asserts at page 14 of its memorandum that its proposed Fourth Amended Complaint "should relate back to the date of the original pleading." BFAG Memorandum at p.14. Contrary to BFAG's assertion, and under controlling Third Circuit precedent, the addition of SPS, Ford, Cytec, TI and Agere and the addition of new claims does not relate back to the date of the original filing.

Federal Rule of Civil Procedure 15(c) permits amendment of a pleading to relate back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and ... the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party....

Fed.R.Civ.P. 15(c).

The controlling law in this Circuit interpreting Rule 15(c)(3) is *Nelson v. County of Allegheny*, 60 F.3d 1010 (3d Cir. 1995), *cert. denied*, 516 U.S. 1173 (1996). The *Nelson* Court noted that, while Rule 15(c) only addresses amendments adding additional defendants, it is also applicable when new plaintiffs are sought to be added. In that regard, Judge Scirica wrote:

> The Committee Note to the 1966 Amendment to the rule advises,
> The relation back of amendments changing plaintiffs is not

9

> expressly treated in revised Rule 15(c) since the problem is generally easier [than that of amendments changing defendants]. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

*Nelson*, 60 F.3d at 1014, n.7. The *Nelson* Court held that "all three conditions specified in Rule 15(c)(3) must be satisfied" for claims of late-filing plaintiffs to relate back to timely-filed claims. *Nelson*, 60 F.3d at 1014. The Court further observed that without some limit, relation back

> would allow the tardy plaintiffs to benefit from the diligence of the other victims and, more importantly, could cause defendants' liability to increase geometrically and their defensive strategy to become far more complex long after the statute of limitations had run. Even if, as here, there were no showing of specific prejudice in the sense of lost or destroyed evidence, defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are.

*Nelson*, 60 F.3d at 1015 (quoting *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982)).

In finding that Rule 15(c)(3) had not been satisfied, the *Nelson* Court noted that:

> Statutes of limitations ensure that defendants are "protected against the prejudice of having to defend against stale claims, as well as the notion that, at some point, claims should be laid to rest so that security and stability can be restored to human affairs."

*Nelson*, 60 F.3d at 1014 (citation omitted). The Court went on to note that, in order to preserve the protection of the statute of limitations, the relation back rule not only requires that "defendants are not unfairly prejudiced by these late-coming plaintiffs" but that, in addition, the "plaintiffs have not slept on their rights." *Id.* The *Nelson* Court ultimately ruled that the late-filing plaintiffs would not be permitted "to take advantage of the rule to perform an end-run around the statute of limitations that bars their claims." *Id.*

Recently, this Court addressed Rule 15(c)(3) in *Allen v. National Railroad Passenger Corp.*, 2004 WL 2830629 (E.D. Pa.)(Davis, J.). In *Allen*, in opposition to defendant's motion for

partial summary judgment dismissing the claims of four (4) *pro se* plaintiffs as time-barred, plaintiffs implicitly argued that the claims of the four *pro se* plaintiffs contained in the amended complaint related back to the filing of the original complaint. In analyzing this argument, this Court addressed the three requirements of Rule 15(c)(3): *i.e.*, same transaction or occurrence; notice and prejudice; and mistake concerning the identity of the proper party.

First, this Court determined that the claims sought to relate back to the filing of the complaint arose out of the conduct set forth in the original pleading – *i.e.* defendant's discriminatory behavior. Thus, the first prong was satisfied. *Allen* at *7.

Second, this Court determined that the defendant received notice of the action within the time prescribed by Rule 4(m) such that the defendant would not be prejudiced in maintaining a defense against any newly added parties. Because the Court entered an order extending the time for plaintiffs to serve the original complaint and since defendant was served within that time period, the second prong was satisfied. *Allen* at *7-8.

Third, this Court determined that the omission of the four *pro se* plaintiffs' names from the original complaint "was due to a legal mistake, rather than litigation strategy." *Allen* at *10. In reaching this conclusion, the Court observed that the "mistake" prong "ensures the existing defendant's awareness that a new party, and potentially a new claim, might be added to the case and that plaintiff intended to add new parties at the time of the filing of the original complaint, rather than pursuing a deliberate strategy of piecemeal litigation." *Allen* at *9 (citation omitted). This Court stated:

> [I]t is well-settled that 15(c)(3)(B) is not met if the plaintiff is aware of the identity of the newly named parties when she files her original complaint and simply "chooses" not to name them at that time. *See, e.g., Garvin,* 354 F.2d at 221; *Lundy,* 34 F.3d 1173, 1184 (3d Cir. 1994) (no mistake because "no reason for another party to believe that plaintiff did anything other than make a deliberative choice").

11

*Allen* at *10.

In permitting relation back in *Allen*, this Court found that the *pro se* plaintiff made the following legal errors when she filed the original complaint: (1) including only her name in the caption, followed by a designation "et al."; (2) referring to the other plaintiffs as "employees", rather than by name; and (3) filing the complaint without the signatures of the other plaintiffs. *Allen* at *10. This Court found that the "legal errors made by the *pro se* plaintiffs in this litigation constitute mistake[s] concerning the identity of the proper party." *Allen* at *10 (citation omitted). *Compare Nelson*, 60 F.3d at 1015 (no mistake found under Rule 15(c)(3) where the plaintiffs failed to demonstrate that the failure to add their names until after the expiration of the limitations period was due to a mistake).

Here, the proposed new corporate plaintiffs cannot satisfy Rule 15(c)(3)(B). Unlike the *pro se* plaintiffs in *Allen*, here, there was absolutely no legal mistake in not naming the individual corporate members of BFAG as plaintiffs in this case. The omission of the individual corporate parties as plaintiffs was a strategic litigation maneuver. The proposed new plaintiffs are similar to the plaintiffs in *Nelson*. They cannot demonstrate that the defendants knew or should have known prior to "the expiration of the limitations period that, **but for a mistake**, they would have been sued directly by these plaintiffs." *Nelson*, 60 F.3d at 1015 (emphasis added). There was no mistake. The omission of the individual corporate members was done by design – a design which has now proven to be a failure.

BFAG has failed to satisfy the requirements of Rule 15(c) with respect to the new claims by the late-filing individual corporate entities. The amendments contained in the proposed Fourth Amended Complaint do not relate back to the filing of the original complaint or the three amendments thereto and are, thus, time-barred.

## POINT IV

## NEITHER BFAG NOR THE PROPOSED NEW PLAINTIFFS HAVE ANY RIGHTS UNDER CERCLA § 107

**A.    *New Castle County v. Halliburton* Bars § 107 Claims by PRPs**

It is well settled in this Circuit that a potentially responsible person ("PRP") may not bring a CERCLA § 107 cost recovery claim against another PRP. *See New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116 (3d Cir. 1997). *See also In re Reading Company*, 115 F.3d 1111, 1120 (3d Cir. 1997) ("§ 113(f) replaces the judicially created cause of action under § 107(a)(4)(B) to the extent that a party seeks contribution"). In *Halliburton*, the sole issue before the court was "whether a person who is potentially responsible for the clean-up of a hazardous waste site under [CERCLA] may bring a cost recovery claim against other potentially responsible persons under CERCLA section 107(a)(4)(B), ... separate from a contribution claim under section 113(f) of [SARA]." *Halliburton*, 111 F.3d at 1119. The court held that "a potentially responsible person may **not** bring a section 107 cost recovery claim against another potentially responsible person." *Id.* (emphasis added). This is the current state of the law in this Circuit.

Nevertheless, in its memorandum at page 10, BFAG argues that "Many questions remain unanswered about section 113(f) claims, and the question whether certain private plaintiffs may bring section 107(a) claims (either express or implied) is undetermined." This is patently untrue. The law in this Circuit is clear: There is no contribution claim, either express or implied, under § 107(a). *See Halliburton; Reading, supra.*

BFAG's suggestion that the Supreme Court's decision in *Aviall* somehow renders the controlling Third Circuit decision in *Halliburton* "in question" (BFAG Memorandum at p. 11) is

wrong.[5] The Supreme Court in *Aviall* did not, in any way, affect decisions in the Third Circuit or any other circuit with respect to the interpretation and application of CERCLA § 107(a) claims. The Supreme Court's language could not be clearer:

> Aviall and *amicus* Lockheed Martin contend that, in the alternative to an action for contribution under § 113(f)(1), Aviall may recover costs under § 107(a)(4)(B) even though it is a PRP. The dissent would have us so hold. **We decline to address the issue.**
>
> *            *            *            *
>
> To hold here that Aviall may pursue a § 107 action, we would have to consider whether these decisions are correct, an issue that Aviall has flagged but not briefed. … **We think it more prudent to withhold judgment on these matters.**
>
> In view of the importance of the § 107 issue and the absence of briefing and decisions by the courts below, we are not prepared – as the dissent would have it – to resolve the § 107 question solely on the basis of dictum in *Key Tronic [Corp. v. United States*, 511 U.S. 809, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994)]*.

*Aviall*, 125 S.Ct. at 584, 585 (emphasis added).

The inclusion of a CERCLA § 107 claim in the proposed Fourth Amended Complaint is barred by *Halliburton* and is, therefore, futile.

**B.     There is No Implied Right to Contribution Under § 107**

*Halliburton* bars all contribution claims by PRPs against other PRPs. *Aviall* does nothing to disturb this broad bar. In *Aviall*, the Supreme Court specifically stated, with respect to implied claims for contribution under § 107 that: "we decline to decide whether Aviall has an implied right to contribution under § 107." *Aviall*, 125 S.Ct. at 586. The Supreme Court then went on to note that

---

[5] In effect, BFAG is improperly suggesting to this Court that it adopt the position of the dissent in *Aviall* (BFAG Memorandum at page 6). *See Adarand Constructors, Inc. v. Pena*, 115 S.Ct. 2097, 2128 n.13 (1995) (a dissent does not bind or authorize a court to reject precedent).

[I]n enacting § 113(f)(1), Congress explicitly recognized a particular set (claims "during or following" the specified civil actions) of the contribution rights previously implied by courts from provisions of CERCLA and the common law. (Citation omitted). Nonetheless, we need not and do not decide today whether any judicially implied right of contribution survived the passage of SARA.

*Id.*

*Aviall* clearly did not create any implied right to contribution under CERCLA § 107. Thus, *Halliburton's* broad bar is applicable to all contribution claims by PRPs. BFAG's attempt to include an implied right of contribution under CERCLA § 107 in the proposed Fourth Amended Complaint is futile.

### POINT V

### THE *AVIALL* DECISION BARS ANY AND ALL CLAIMS UNDER § 113 BY AGERE AND BARS ANY § 113 CLAIMS BY TI WITH RESPECT TO OU-1

The Supreme Court's recent decision in *Aviall* makes it clear that a party who has not been sued under CERCLA § 107(a) may not obtain contribution under CERCLA § 113(f)(1) from other PRPs. *Aviall* 125 S.Ct. at 586. Applying this binding precedent to BFAG's current application, it is clear that Agere cannot, under any circumstances, assert a § 113(f)(1) claim and that TI cannot assert such a claim with respect to OU-1.

It is undisputed that Agere is not a signatory to either of the Consent Decrees for OU-1 or OU-2. *See* Exhibits B and C. Thus, it cannot assert a § 113(f)(1) claim against the defendants for any costs it incurred and/or paid in connection with any OU-1 or OU-2 activities, since Agere was not a party to a §§ 106 or 107(a) proceeding.

Similarly, it is undisputed that TI was not a signatory to the Consent Decree relating to OU-1. *See* Exhibit B. As such, TI cannot raise a § 113(f)(1) claim against the defendants for costs it incurred and paid in connection with any OU-1 activities, since it was not a party to any §§ 106 or 107(a) proceeding.

Since Agere was not a signatory to either Consent Decree and since TI was not a signatory to the OU-1 Consent Decree, the claims sought to be asserted by them in the proposed Fourth Amended Complaint under § 113(f)(1) are futile.

## POINT VI

## HANDY & HARMAN TUBE COMPANY'S CROSS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT SHOULD BE GRANTED

### A.    Summary Judgment Standard

Summary judgment under Rule 56 shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Hersh v. Allen Prods. Co.*, 789 F.2d 230 (3d Cir. 1986)(quoting Fed.R.Civ.P. 56(c)). Whether a fact is "material" is determined by the substantive law defining the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *United States v. 225 Cartons*, 871 F.2d 409, 419 (3d Cir. 1989).

In *Matsushita Electrical Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court pronounced that a party opposing a motion for summary judgment must demonstrate the following:

> [I]n the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." ... [W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." 475 U.S. at 586-87.

Summary judgment must, therefore, be granted if no reasonable trier of fact could find for the non-moving party. *Id.* Further, when, as here, it is the non-moving party who bears the burden of proof at trial, and that party has failed in opposition to a motion for summary judgment to raise a disputed fact issue as to any essential element of his or her claim, summary judgment

16

should be granted because a "complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When the moving party has carried its burden of establishing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "The mere existence of a scintilla of evidence will be insufficient." *Anderson*, 477 U.S. at 249-50. The inquiry is whether, "seen through the prism of the substantive evidentiary burden," a reasonable jury could render a verdict for the burdened non-movant. *Id.* at 254-55.

When the foregoing standard is applied to the undisputed facts and applicable law, it is clear that summary judgment dismissing the Third Amended Complaint should be granted.

**B.    *Aviall* Bars BFAG's Claims**

The *Aviall* decision establishes that a CERCLA § 113 claim cannot be brought unless the party bringing the claim has been part of a §§ 106 or 107(a) proceeding. It is undisputed that BFAG has never been part of any such proceeding. *See* Exhibits B, C and H.

As a result, Handy & Harman Tube Company is entitled to summary judgment dismissing BFAG's claims under CERCLA § 113 (Counts I and II) in the Third Amended Complaint.

**C.    BFAG's State Law Claim**

In Count III of BFAG's Third Amended Complaint, it asserts a claim for contribution under Pennsylvania statutory law, *i.e.* HSCA. Once BFAG's federal claims are dismissed, the Court should decline to continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over BFAG's state law claim and that claim should, likewise, be dismissed.

17

## CONCLUSION

For the foregoing reasons, it is respectfully requested that BFAG's motion to file a Fourth Amended Complaint be denied and that Handy & Harman Tube Company's cross motion for summary judgment dismissing the Third Amended Complaint be granted.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.


By: ___MF 1386_____
MELISSA E. FLAX
JOHN M. AGNELLO
G. GLENNON TROUBLEFIELD (Bar No. 64989)
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)

Dated: April 4, 2005

18