## VIII. ACCESS AND INSTITUTIONAL CONTROLS

20.    *Property Owned or Controlled by Settling Defendants.* If the Site, or any other property where access and/or land/water use restrictions are needed to implement this Consent Decree, is owned or controlled by any of the Settling Defendants, such Settling Defendants shall:

a.    Commencing on the date of lodging of this Consent Decree, provide the United States and its representatives, including EPA and its contractors, with access at all reasonable times to the Site, and such other property, for the purpose of conducting any activity related to this Consent Decree including, but not limited to, the following activities:

I. Monitoring the Work;

ii. Verifying any data or information submitted to the United States;

iii. Conducting investigations relating to contamination at or near the Site;

iv. Obtaining samples;

v. Assessing the need for, planning, or implementing additional response actions at or near the Site;

vi. Implementing the Work pursuant to the conditions set forth in Paragraph 74 of this Consent Decree;

vii. Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendants or their agents, consistent with Section XXIII (Access to Information);

viii. Assessing Settling Defendants' compliance with this Consent Decree; and

ix. Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by Paragraph 21 of this Consent Decree or by the Institutional Controls established pursuant to this Consent Decree.

b.    Commencing on the date of lodging of this Consent Decree, refrain from using the Site, or such other property, in any manner that would interfere with or adversely affect the integrity or protectiveness of the remedial measures to be implemented pursuant to this Consent Decree. Such restrictions include, but are not limited to, measures which shall protect the integrity of the interceptor trench, groundwater treatment system, soil aeration treatment area, phytoremediation area, and previously installed soil cover by, at a minimum, preventing construction, excavation, and regrading activities in such areas except as approved by EPA.

c.    If EPA so requests, execute and record in the Recorder's Office or Registry of Deeds or other appropriate land records office of Bucks County, Commonwealth of Pennsylvania, an easement, running with the land, that (I) grants a right of access for the purpose of conducting any activity related to this Consent Decree including, but not limited to, those activities listed in Paragraph 20(a) of this Consent Decree, and (ii) grants the right to enforce the land/water use restrictions listed in Paragraph 20(b) of this Consent Decree, or other restrictions that EPA determines are necessary to implement, ensure non-interference with, or ensure the protectiveness of the remedial measures to be performed pursuant to this Consent Decree. Such Settling Defendants shall grant the access rights and rights to enforce the land/water restrictions to one or more of the following persons, as determined by EPA: (I) the United States, on behalf of EPA and its representatives, (ii) the State and its representatives, (iii) the other Settling Defendants and their representatives, and/or (iv) other appropriate grantees. Such Settling

Defendants shall, within forty-five (45) days of EPA's request, submit to EPA for review and approval with respect to all such property:

    I.    Draft easements, in substantially the form attached hereto as Appendix C, that are enforceable under the laws of the Commonwealth of Pennsylvania, free and clear of all prior liens and encumbrances (except as approved by EPA), and acceptable under the Attorney General's Title Regulations promulgated pursuant to 40 U.S.C. § 255; and

    ii.    Current title commitments or reports prepared in accordance with the U.S. Department of Justice <u>Standards for the Preparation of Title Evidence in Land Acquisitions by the United States</u> (1970) (the "Standards").

Within fifteen (15) days of EPA's approval and acceptance of the easements, such Settling Defendants shall update the title searches and, if it is determined that nothing has occurred since the effective date of the commitments or reports to affect the titles adversely, record the easements with the Recorder's Office or Registry of Deeds or other appropriate office of Bucks County, Pennsylvania. Within thirty (30) days of recording the easements, such Settling Defendants shall provide EPA with final title evidence acceptable under the Standards, and a certified copy of the original recorded easements showing the clerk's recording stamps.

    d.    For purposes of subparagraph c. of this Paragraph 20 only, Settling Defendants shall not be deemed to "control" the property by virtue of their presence on the property to conduct activities under this Consent Decree.

    21.    ***Property Not Owned or Controlled by Settling Defendants.*** If the Site, or any other property where access and/or land/water use restrictions are needed to implement this Consent Decree, is owned or controlled by persons other than any of the Settling Defendants, Settling Defendants shall use best efforts to secure from such persons:

      a.     Agreements to provide access thereto for Settling Defendants. as well as for the United States and its representatives, including EPA and its contractors, for the purpose of conducting any activity related to this Consent Decree including, but not limited to, those activities listed in Paragraph 20(a) of this Consent Decree;

      b.     An agreement, enforceable by the Settling Defendants and the United States, to abide by the obligations and restrictions established by Paragraph 20(b) of this Consent Decree, or that are otherwise necessary to implement, ensure non-interference with, or ensure the protectiveness of the remedial measures to be implemented pursuant to this Consent Decree; and

      c.     If EPA so requests, the execution and recordation in the Recorder's Office or Registry of Deeds or other appropriate land records office of Bucks County, Commonwealth of Pennsylvania, of an easement, running with the land, that (I) grants a right of access for the purpose of conducting any activity related to this Consent Decree including, but not limited to, those activities listed in Paragraph 20(a) of this Consent Decree, and (ii) grants the right to enforce the land/water use restrictions listed in Paragraph 20(b) of this Consent Decree, or other restrictions that EPA determines are necessary to implement, ensure non-interference with, or ensure the protectiveness of the remedial measures to be performed pursuant to this Consent Decree. The access rights and/or rights to enforce the land/water restrictions shall be granted to one or more of the following persons, as determined by EPA: (I) the United States, on behalf of EPA and its representatives, (ii) the State and its representatives, (iii) the other Settling Defendants and their representatives, and/or (iv) other appropriate grantees. Settling Defendants shall, within forty-five (45) days of EPA's request, submit to EPA for review and approval with respect to all such property:

BSAI052774

     I.     Draft easements, in substantially the form attached hereto as Appendix C, that are enforceable under the laws of the Commonwealth of Pennsylvania, free and clear of all prior liens and encumbrances (except as approved by EPA), and acceptable under the Attorney General's Title Regulations promulgated pursuant to 40 U.S.C. § 255; and

     ii     Current title commitments or reports prepared in accordance with the U.S. Department of Justice <u>Standards for the Preparation of Title Evidence in Land Acquisitions by the United States</u> (1970) (the "Standards").

Within fifteen (15) days of EPA's approval and acceptance of the easements, Settling Defendants shall update the title searches and, if it is determined that nothing has occurred since the effective date of the commitments or reports to affect the titles adversely, the easements shall be recorded with the Recorder's Office or Registry of Deeds or other appropriate office of Bucks County, Pennsylvania. Within thirty (30) days of recording the easements, Settling Defendants shall provide EPA with final title evidence acceptable under the Standards, and a certified copy of the original recorded easements showing the clerk's recording stamps.

     22.     If any access or agreements required by Paragraph 21(a) and (b) of this Consent Decree is not obtained within forty-five (45) days of the effective date of this Consent Decree, or if any access easements requested by EPA under Paragraph 21(c) are not submitted to EPA in draft form within forty-five (45) days of a request by EPA for such easements, Settling Defendants shall promptly notify the United States in writing, and shall include in that notification a summary of the steps (including requests, offers, and responses thereto) that Settling Defendants have taken to attempt to obtain such access or access easements. The United States may, as it deems appropriate, assist Settling Defendants in obtaining access, agreements, and/or land/water restrictions, either in the form of contractual agreements or in the form of

easements running with the land. Settling Defendants shall reimburse the United States in accordance with the procedures in Section XV (Reimbursement of Future Response Costs), for all costs incurred, direct and indirect, by the United States in obtaining such access, agreements, and/or land/water use restrictions including, but not limited to, the cost of attorney time and the amount of monetary consideration paid. If EPA determines that land/water use restrictions in the form of state or local laws, regulations, ordinances or other governmental controls are needed to implement the remedy selected in the ROD for any OU-1 activity, ensure the integrity and protectiveness thereof, or ensure non-interference therewith, Settling Defendants shall cooperate with EPA's efforts to secure such governmental controls. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## IX. REPORTING REQUIREMENTS

23.    In addition to any other requirement of this Consent Decree, Settling Defendants shall submit to EPA and the State two (2) copies each of written **monthly** progress reports, unless EPA determines in writing that a different frequency is appropriate (e.g., quarterly, weekly). The progress reports shall:  (a) describe the actions which have been taken toward achieving compliance with this Consent Decree during the previous month or since the last report; (b) include a summary of all results of sampling and tests and all other data received or generated by Settling Defendants or their contractors or agents in the previous month or since the last report; (c) identify all work plans, plans, and other deliverables required by this Consent

Decree completed and submitted during the previous month or since the last report; (d) describe

all actions, including, but not limited to, data collection and implementation of work plans,

which are scheduled for the next six weeks and provide other information relating to the progress

of construction, including, but not limited to, critical path diagrams, Gantt charts, and Pert

charts; (e) include information regarding percentage of completion, unresolved delays

encountered or anticipated that may affect the future schedule for implementation of the Work,

and a description of efforts made to mitigate those delays or anticipated delays; (f) include any

modifications to the work plans or other schedules that Settling Defendants have proposed to

EPA or that have been approved by EPA; and (g) describe all activities undertaken in support of

the Community Relations Plan during the previous month or since the last report  and those to be

undertaken in the next six weeks.  Settling Defendants shall submit these progress reports to

EPA and the State by the tenth day of every month (or according to a different schedule as

determined by EPA in writing) following the lodging of this Consent Decree until EPA notifies

the Settling Defendants pursuant to Paragraph 42.b of Section XIII (Certification of

Completion).  If requested by EPA, Settling Defendants shall also provide briefings for EPA to

discuss the progress of the Work.

24.    The Settling Defendants shall notify EPA of any change in the schedule described in

the monthly progress reports for the performance of any activity, including, but not limited to,

implementation of work plans, no later than seven (7) days prior to the performance of the

activity.  Notwithstanding the foregoing, the Settling Defendants shall notify EPA of any change

in the schedule described in the monthly progress reports for the performance of data collection

no later than fifteen (15) days prior to the performance of such activity.

BSAI052777

25.    Upon the occurrence of any event during performance of the Work that Settling Defendants are required to report pursuant to Section 103 of CERCLA or Section 304 of the Emergency Planning and Community Right-to-Know Act (EPCRA), Settling Defendants shall within twenty-four (24) hours of the onset of such event orally notify the EPA Project Coordinator or the Alternate EPA Project Coordinator (in the event of the unavailability of the EPA Project Coordinator), or, in the event that neither the EPA Project Coordinator or Alternate EPA Project Coordinator is available, the EPA Region III Hotline at (215) 814-3255. These reporting requirements are in addition to the reporting required by CERCLA § 103 or EPCRA § 304.

26.    Within twenty (20) days of the onset of such an event, Settling Defendants shall furnish to Plaintiff a written report, signed by the Settling Defendants' Project Coordinator, setting forth the events which occurred and the measures taken, and to be taken, in response thereto. Within thirty (30) days of the conclusion of such an event, Settling Defendants shall submit a report setting forth all actions taken in response thereto.

27.    Settling Defendants shall submit two (2) hard copies and one (1) computer formatted copy of all plans, reports, and data (other than progress reports) required by the Remedial Design Work Plan, the Remedial Action Work Plan, or any other approved plans to EPA in accordance with the schedules set forth in such plans. Settling Defendants shall simultaneously submit three (3) copies of all such plans, reports, and data to the State.

28.    All reports and other documents submitted by Settling Defendants to EPA (other than the monthly progress reports referred to above) which purport to document Settling

BSAI052778

Defendants' compliance with the terms of this Consent Decree shall be signed by a Duly Authorized Representative of the Settling Defendants.

## X. EPA APPROVAL OF PLANS AND OTHER SUBMISSIONS

29.    After review of any plan, report or other item which is required to be submitted for approval pursuant to this Consent Decree, EPA, after reasonable opportunity for review and comment by the State, shall: (a) approve, in whole or in part, the submission; (b) approve the submission upon specified conditions; (c) modify the submission to cure the deficiencies; (d) disapprove, in whole or in part, the submission, directing that the Settling Defendants modify the submission; or (e) any combination of the above. However, EPA shall not modify a submission without first providing Settling Defendants at least one notice of deficiency and an opportunity to cure within fourteen (14) days, or such other time as specified by EPA in such notice, except where to do so would cause serious disruption to the Work, or where previous submission(s) have been disapproved due to material defects and the deficiencies in the submission under consideration indicate to EPA a bad faith lack of effort to submit an acceptable deliverable. EPA will provide a written explanation to the Settling Defendants' Project Coordinator whenever EPA disapproves any submission, in whole or in part, and directs the Settling Defendants to modify that submission pursuant to this Paragraph.

30.    In the event of approval, approval upon conditions, or modification by EPA, pursuant to Paragraph 29(a), (b), or (c), Settling Defendants shall proceed to take any action required by the plan, report, or other item, as approved or modified by EPA subject only to their right to invoke the Dispute Resolution procedures set forth in Section XVIII (Dispute

Resolution) with respect to the modifications or conditions made by EPA. In the event that EPA modifies the submission to cure the deficiencies pursuant to Paragraph 29(c) and the submission has a material defect, EPA retains its right to seek stipulated penalties, as provided in Section XIX (Stipulated Penalties).

31.    a.    Upon receipt of a notice of disapproval pursuant to Paragraph 35(d), Settling Defendants shall, within fourteen (14) days, or such other time as specified by EPA in such notice, correct the deficiencies and resubmit the plan, report, or other item for approval. Any stipulated penalties applicable to the submission, as provided in Section XIX, shall accrue during the fourteen (14)-day period, or otherwise specified period, but shall not be payable unless the resubmission is disapproved or modified due to a material defect as provided in Paragraphs 32 and 33.

b.    Notwithstanding the receipt of a notice of disapproval pursuant to Paragraph 35(d), Settling Defendants shall proceed, at the direction of EPA, to take any action required by any non-deficient portion of the submission. Implementation of any non-deficient portion of a submission shall not relieve Settling Defendants of any liability for stipulated penalties under Section XIX (Stipulated Penalties).

32.    In the event that a resubmitted plan, report or other item, or portion thereof, is disapproved by EPA, EPA may again require the Settling Defendants to correct the deficiencies, in accordance with the preceding Paragraphs. EPA also retains the right to modify or develop the plan, report or other item. Settling Defendants shall implement any such plan, report, or item as modified or developed by EPA, subject only to their right to invoke the procedures set forth in Section XVIII (Dispute Resolution).

BSAI052780

33.    If upon resubmission, a plan, report, or item is disapproved or modified by EPA due to a material defect, Settling Defendants shall be deemed to have failed to submit such plan, report, or item timely and adequately unless the Settling Defendants invoke the dispute resolution procedures set forth in Section XVIII (Dispute Resolution) and EPA's action is overturned pursuant to that Section. The provisions of Section XVIII (Dispute Resolution) and Section XIX (Stipulated Penalties) shall govern the implementation of the Work and accrual and payment of any stipulated penalties during Dispute Resolution. If EPA's disapproval or modification is upheld, stipulated penalties shall accrue for such violation from the date on which the initial submission was originally required, as provided in Section XIX.

34.    All plans, reports, and other items required to be submitted to EPA under this Consent Decree shall, upon approval or modification by EPA, be enforceable under this Consent Decree. In the event EPA approves or modifies a portion of a plan, report, or other item required to be submitted to EPA under this Consent Decree, the approved or modified portion shall be enforceable under this Consent Decree.

## XI.  PROJECT COORDINATORS

35. The EPA Project Coordinator and Alternate Project Coordinator for this Site are:

EPA Project Coordinator:

**James P. Harper (3HS21)**
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103
(215) 814-3197 (phone)
(215) 814-3001 (telefax)
E-mail address: Harper.james@epamail.epa.gov

BSAI052781

EPA Alternate Project Coordinator:

**Anthony Dappolone (3HS21)**
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103
(215) 814-3188 (phone)
(215) 814-3001 (telefax)

Within twenty (20) days of lodging this Consent Decree, Settling Defendants will notify EPA, in

writing, of the name, address and telephone and facsimile numbers of their designated Project

Coordinators and Alternate Project Coordinators. If a Project Coordinator or Alternate Project

Coordinator initially designated is changed, the identity of the successor will be given to the

other Parties at least five (5) working days before the changes occur, unless impracticable, but in

no event later than the actual day the change is made. The Settling Defendants' Project

Coordinator and Alternate Project Coordinator shall be subject to acceptance or disapproval by

EPA and shall have the technical expertise sufficient to adequately oversee all aspects of the

Work. The Settling Defendants' Project Coordinator and Alternate Project Coordinator shall not

be an attorney for any of the Settling Defendants in this matter, but may be a representative or

employee of the Supervising Contractor. The Settling Defendants' Project Coordinator and

Alternate Project Coordinator may assign other representatives, including other contractors, to

serve as a Site representative for oversight of performance of daily operations during remedial

activities.

36.      Plaintiff may designate other representatives, including, but not limited to, EPA

employees, and federal contractors and consultants, to observe and monitor the progress of any

activity undertaken pursuant to this Consent Decree. EPA's Project Coordinator and Alternate

Project Coordinator shall have the authority lawfully vested in a Remedial Project Manager

(RPM) and an On-Scene Coordinator (OSC) by the National Contingency Plan, 40 C.F.R. Part

300. In addition, EPA's Project Coordinator and Alternate Project Coordinator shall have

authority, consistent with the National Contingency Plan, to halt any Work required by this

Consent Decree and to take any necessary response action when s/he determines that conditions

at the Site constitute an emergency situation or may present an immediate threat to public health

or welfare or the environment due to release or threatened release of Waste Material.

    37.    EPA's Project Coordinator and the Settling Defendants' Project Coordinator will

meet, at a minimum, on a monthly basis.

## XII. ASSURANCE OF ABILITY TO COMPLETE WORK

    38.    Within thirty (30) days of entry of this Consent Decree, Settling Defendants shall

establish and maintain financial security in the amount of $5,000,000 ("the Financial Security

Amount"). The Financial Security Amount may be reduced, if approved by EPA in writing, in

the Agency's sole unreviewable discretion, and in accordance with Paragraph 40 of this Section

XII. The Financial Security Amount shall be maintained in one or more of the following forms:

        (a)    A surety bond guaranteeing performance of the Work;

        (b)    One or more irrevocable letters of credit equaling or exceeding the Financial

Security Amount;

        (c)    A trust fund;

        (d)    A guarantee to perform the Work by one or more parent corporations or

subsidiaries, or by one or more unrelated corporations that have a substantial business

BSAI052783

relationship with at least one of the Settling Defendants; or

(e)    A demonstration that one or more of the Settling Defendants satisfy the requirements of 40 C.F.R. § 264.143(f) (for these purposes, (I) references in 40 C.F.R. § 264.143(f) to "the sum of the current closure and post-closure cost estimates and the current plugging and abandonment cost estimates" shall mean the Financial Security Amount required to be established and maintained pursuant to this Section, and (ii) the demonstration by one or more of the Settling Defendants, individually or collectively, that they meet this test, may be made by submission to EPA of one or more certified financial statements of one or more of the Settling Defendants); or

(f)    Through the use of any other means acceptable to EPA, and deemed so in writing by the Agency.

The Financial Security Amount required by this Paragraph shall be maintained by the Settling Defendants until EPA agrees that the Work has been completed and issues a Certification of Completion in accordance with Paragraph 42.b.

39.    If the Settling Defendants seek to demonstrate the ability to complete the Work through a guarantee by a third party pursuant to Paragraph 38(d) of this Consent Decree, Settling Defendants shall demonstrate that the guarantor satisfies the requirements of 40 C.F.R. § 264.143(f). If Settling Defendants seek to demonstrate their ability to complete the Work by means of the financial test or the corporate guarantee pursuant to Paragraph 38(d) or (e), they shall resubmit sworn statements conveying the information required by 40 C.F.R. Part 264.143(f), applied in accordance with Paragraph 38.e  annually, on the anniversary of the effective date of this Consent Decree.  In the event that EPA, after a reasonable opportunity for

review and comment by the Commonwealth, determines at any time that the financial assurances

provided pursuant to this Section are inadequate, Settling Defendants shall, within thirty (30)

days of receipt of notice of EPA's determination, obtain and present to EPA for approval one of

the other forms of financial assurance listed in Paragraph 38 of this Consent Decree. Settling

Defendants' inability to demonstrate financial ability to complete the Work shall not excuse

performance of any activities required under this Consent Decree.

    40.    If Settling Defendants can show that the estimated cost to complete the remaining

Work has diminished below the amount set forth in Paragraph 38 above after entry of this

Consent Decree, Settling Defendants may, on any anniversary date of entry of this Consent

Decree, or at any other time agreed to by the Parties, reduce the Financial Security Amount

provided under this Section to the estimated cost of the remaining work to be performed.

Settling Defendants shall submit a proposal for such reduction to EPA, in accordance with the

requirements of this Section, and may reduce the amount of the security upon approval by EPA.

In the event of a dispute, Settling Defendants may reduce the amount of the security in

accordance with the final administrative or judicial decision resolving the dispute.

    41.    Settling Defendants may change the form of financial assurance provided under this

Section at any time, upon notice to and approval by EPA, provided that the new form of

assurance meets the requirements of this Section. In the event of a dispute, Settling Defendants

may change the form of the financial assurance only in accordance with the final administrative

or judicial decision resolving the dispute.

BSAI052785

## XIII. CERTIFICATION OF COMPLETION

42.    Completion of the Work

a.    Within ninety (90) days after Settling Defendants conclude that all phases of

the Work (including O & M), have been fully performed, Settling Defendants shall schedule and

conduct a pre-certification inspection to be attended by Settling Defendants and EPA. If, after

the pre-certification inspection, the Settling Defendants still believe that the Work has been fully

performed, Settling Defendants shall submit a written report by a registered professional

engineer (who may be the same person as Settling Defendants' Project Coordinator or

Supervising Contractor) stating that the Work has been completed in full satisfaction of the

requirements of this Consent Decree. The report shall contain the following statement, signed by

a Duly Authorized Representative of a Settling Defendant or the Settling Defendants' Project

Coordinator:

> "To the best of my knowledge, after thorough investigation, I certify that the
> information contained in or accompanying this submission is true, accurate and
> complete. I am aware that there are significant penalties for submitting false
> information, including the possibility of fine and imprisonment for knowing
> violations."

If, after review of the written report, EPA, after reasonable opportunity for review and comment

by the State, determines that any portion of the Work has not been completed in accordance with

this Consent Decree, EPA will notify Settling Defendants in writing of the activities that must be

undertaken by Settling Defendants pursuant to this Consent Decree to complete the Work.

Provided, however, that EPA may only require Settling Defendants to perform such activities

pursuant to this Paragraph to the extent that such activities are consistent with the "scope of the

remedy selected in the ROD," as that term is defined in Paragraph 13.b. EPA will set forth in the

notice a schedule for performance of such activities consistent with the Consent Decree or

require the Settling Defendants to submit a schedule to EPA for approval pursuant to Section X

(EPA Approval of Plans and Other Submissions). Settling Defendants shall perform all

activities described in the notice in accordance with the specifications and schedules established

therein, subject to their right to invoke the dispute resolution procedures set forth in Section

XVIII (Dispute Resolution).

        b.      If EPA concludes, based on the initial or any subsequent request for

Certification of Completion by Settling Defendants and after a reasonable opportunity for review

and comment by the State, that the Work has been performed in accordance with this Consent

Decree, EPA will so notify the Settling Defendants in writing.

## XIV. EMERGENCY RESPONSE

    43.    In the event of any action or occurrence during the performance of the Work which

causes or threatens a release of Waste Material from the Site that constitutes an emergency

situation or may present an immediate threat to public health or welfare or the environment,

Settling Defendants shall, subject to Paragraph 44, immediately take all appropriate action to

prevent, abate, or minimize such release or threat of release, and shall immediately notify the

EPA's Project Coordinator, or, if the Project Coordinator is unavailable, EPA's Alternate Project

Coordinator. If neither of these persons is available, the Settling Defendants shall notify the

EPA Region III Hotline at (215) 814-3255. Settling Defendants shall take such actions in

consultation with EPA's Project Coordinator or other available authorized EPA officer and in

accordance with all applicable provisions of the Health and Safety Plans, the Contingency Plans,

and any other applicable plans or documents developed pursuant to this Consent Decree. In the event that Settling Defendants fail to take appropriate response action as required by this Section, and EPA takes such action instead, Settling Defendants shall reimburse EPA all costs of the response action not inconsistent with the NCP pursuant to Section XV (Reimbursement of Future Response Costs).

44.    Nothing in the preceding Paragraph or in this Consent Decree shall be deemed to limit any authority of the United States: (a) to take all appropriate action to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site; or (b) to direct or order such action, or seek an order from the Court, to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site, subject to Section XX (Covenants Not to Sue by Plaintiff).

## XV. <u>REIMBURSEMENT OF FUTURE RESPONSE COSTS</u>

45.    a.    Settling Defendants shall reimburse the EPA Hazardous Substance Superfund for all Future Response Costs incurred by the United States not inconsistent with the National Contingency Plan. The United States will send Settling Defendants a bill requiring payment that includes a cost summary, setting forth direct and indirect costs incurred by EPA, DOJ, and their contractors on a periodic basis. Within fourteen (14) days after Settling Defendants receive the bill, they may make a written request to EPA for the supporting cost documentation. This supporting cost documentation shall include cost summary reports, work assignments, technical work assignment status reports, direction documents, delivery orders, and other related

documents for EPA and its contractors as applicable but not including confidential business

information. Settling Defendants shall make all payments within thirty (30) days of Settling

Defendants' receipt of each bill requiring payment, except that if the Settling Defendants request

the supporting cost documentation in a timely manner, payment shall be made within ninety (90)

days after Settling Defendants' receipt of the supporting cost documentation, except as otherwise

provided in Paragraph 46. The Settling Defendants shall make all payments required by this

Paragraph in the form of a certified or cashier's check or checks made payable to "EPA

Hazardous Substance Superfund" and referencing the EPA Region and Site/Spill ID #03Y2, DOJ

Case Number 90-11-2-06036, and the name and address of the party making payment. The

Settling Defendants shall send the check(s) to United States Environmental Protection Agency,

Region III, Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 15251-6515,

and shall send copies of the check(s) to the United States as specified in Section XXV (Notices

and Submissions) and to the Docket Clerk (3RC00), United States Environmental Protection

Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103-2029.

          b.      Notwithstanding Paragraph 45.a, the Settling Defendants shall be obligated to

reimburse the United States for oversight costs incurred in connection with Remedial Design and

oversight of Removal Actions only if the decision in United States v. Rohm & Haas Co., No. 92-

1517 (3rd Cir. Aug. 12, 1993), regarding the liability of responsible parties under Section

107(a)(4)(A) of CERCLA for EPA oversight costs is reversed or overturned by the Court of

Appeals for the Third Circuit, the United States Supreme Court, or the United States Congress

through amendment to CERCLA or otherwise. Nothing in this Paragraph 45.b shall be deemed

to be an adjudication by this Court or an admission by EPA or the United States or shall be

BSAI052789

admissible in any other proceeding as to the legal issue whether oversight costs are properly

recoverable under Section 107 of CERCLA or pursuant to a settlement of such an action.

    46.    Settling Defendants may contest payment of any Future Response Costs under

Paragraph 45 if they determine that the United States has made an accounting error or if they

allege that a cost item that is included represents costs that are inconsistent with the NCP. Such

objection shall be made in writing within thirty (30) days of receipt of the bill, or in the event

supporting cost documentation is timely requested, within ninety (90) days of receipt of the

supporting cost documentation, and must be sent to the United States pursuant to Section XXV

(Notices and Submissions). Any such objection shall specifically identify the contested Future

Response Costs and the basis for objection. In the event of an objection, the Settling Defendants

shall within the thirty (30) day or ninety (90) day period pay all uncontested Future Response

Costs to the United States in the manner described in Paragraph 45. Simultaneously, the Settling

Defendants shall establish an interest-bearing escrow account in a federally-insured, duly

chartered, bank in the Commonwealth of Pennsylvania and remit to that escrow account funds

equivalent to the amount of the contested Future Response Costs. The Settling Defendants shall

send to the United States, as provided in Section XXV (Notices and Submissions), a copy of the

transmittal letter and check paying the uncontested Future Response Costs, and a copy of the

correspondence that establishes and funds the escrow account, including, but not limited to,

information containing the identity of the bank and bank account under which the escrow

account is established as well as a bank statement or other official documentation of deposit by

the bank showing the initial balance of the escrow account. Simultaneously with establishment

of the escrow account, the Settling Defendants shall initiate the Dispute Resolution procedures in

BSAI052790

Section XVIII (Dispute Resolution). If the United States prevails in the dispute, within twenty

(20) days of the resolution of the dispute, the Settling Defendants shall pay the sums due (with

accrued interest) to the United States in the manner described in Paragraph 45. If the Settling

Defendants prevail concerning any aspect of the contested costs, the Settling Defendants shall

pay that portion of the costs (plus associated accrued interest) for which they did not prevail to

the United States in the manner described in Paragraph 45; Settling Defendants shall be

disbursed any balance of the escrow account. The dispute resolution procedures set forth in this

Paragraph in conjunction with the procedures set forth in Section XVIII (Dispute Resolution)

shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendants'

obligation to reimburse the United States for its Future Response Costs.

47.    In the event that the payments required by Paragraph 45 are not made within thirty

(30) days of the Settling Defendants' receipt of the bill, or if supporting cost documentation is

timely requested, within ninety (90) days after receipt of the supporting cost documentation,

Settling Defendants shall pay Interest on the unpaid balance, except for any portion of the

balance which Settling Defendants contest and prevail pursuant to Paragraph 46. The Interest

on Future Response Costs under this Paragraph shall begin to accrue thirty (30) days after the

date of the bill, or in the event supporting cost documentation is requested, within ninety (90)

days after receipt of the supporting cost documentation. The Interest shall accrue through the

date of the Settling Defendant's payment. Payments of Interest made under this Paragraph shall

be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling

Defendants' failure to make timely payments under this Section. The Settling Defendants shall

make all payments required by this Paragraph in the manner described in Paragraph 45.

BSAI052791

## XVI. INDEMNIFICATION AND INSURANCE

48.   a.   The United States does not assume any liability by entering into this agreement or by virtue of any designation of Settling Defendants as EPA's authorized representatives under Section 104(e) of CERCLA. Settling Defendants shall indemnify, save, and hold harmless the United States and its officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from any designation of Settling Defendants as EPA's authorized representatives under Section 104(e) of CERCLA. Further, the Settling Defendants agree to pay the United States all costs it incurs including, but not limited to, attorneys fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States based on negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree. The United States shall not be held out as a party to any contract entered into by or on behalf of Settling Defendants in carrying out activities pursuant to this Consent Decree. Neither the Settling Defendants nor any such contractor shall be considered an agent of the United States.

b.   The United States shall give Settling Defendants notice of any claim for which the United States plans to seek indemnification pursuant to Paragraph 48.a., and shall

consult with Settling Defendants prior to settling such claim.

49.    Settling Defendants waive all claims against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States, arising from or on account of any contract, agreement, or arrangement between any one or more of Settling Defendants and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays. In addition, Settling Defendants shall indemnify and hold harmless the United States with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any one or more of Settling Defendants and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

50.    No later than fifteen (15) days before commencing any on-Site Work, Settling Defendants shall secure, and shall maintain until the first anniversary of EPA's Certification of Completion of the Work pursuant to Paragraph 42 of Section XIII (Certification of Completion) comprehensive general liability insurance with limits of five million dollars, combined single limit, and automobile liability insurance with limits of $500,000, combined single limit, naming the United States as an additional insured. In addition, for the duration of this Consent Decree, Settling Defendants shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Settling Defendants in furtherance of this Consent Decree. Prior to commencement of the Work under this Consent Decree, Settling Defendants shall provide to EPA  certificates of such insurance and a copy of each insurance

BSAI052793

policy. Settling Defendants shall resubmit such certificates and copies of policies each year on

the anniversary of the effective date of this Consent Decree. If Settling Defendants demonstrate

by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance

equivalent to that described above, or insurance covering the same risks but in a lesser amount,

then, with respect to that contractor or subcontractor, Settling Defendants need provide only that

portion of the insurance described above which is not maintained by the contractor or

subcontractor. Settling Defendants may satisfy the provisions of this Paragraph 50 if they

submit to EPA for approval one of the financial assurance mechanisms of Section XII

(Assurance of Ability to Complete Work) in at least the amounts stated in this Paragraph 50

demonstrating that Settling Defendants are able to pay any claims arising out of Settling

Defendants' performance of their obligations under this Consent Decree. Such financial

assurance mechanism shall meet all of the requirements of Section XII (Assurance of Ability to

Complete Work). If Settling Defendants seek to utilize the mechanisms set forth in Section XII

(Assurance of Ability to Complete Work) to satisfy the provisions of this Paragraph 50, they

must demonstrate an ability to pay the amounts required under this Paragraph, above and beyond

that required by the obligations of Section XII (Assurance of Ability to Complete Work).

## XVII. FORCE MAJEURE

51.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising

from causes beyond the control of the Settling Defendants, of any entity controlled by Settling

Defendants, or of Settling Defendants' contractors, that delays or prevents the performance of

any obligation under this Consent Decree despite Settling Defendants' best efforts to fulfill the

53

obligation.  The requirement that the Settling Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring, and (b) following the potential force majeure event, such that the delay is minimized to the greatest extent possible.  "Force Majeure" does not include financial inability to complete the Work, a failure to attain the Performance Standards, or increased costs.

52.      If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, the Settling Defendants shall notify orally EPA's Project Coordinator or, in his or her absence, EPA's Alternate Project Coordinator (or in the absence of both, shall leave a voicemail message on both of their telephone lines) within forty-eight (48) hours of when Settling Defendants first knew that the event might cause a delay.  Within five (5) days thereafter, Settling Defendants shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Settling Defendants' rationale for attributing such delay to a force majeure event if they intend to assert such a claim; and a statement as to whether, in the opinion of the Settling Defendants, such event may cause or contribute to an endangerment to public health, welfare or the environment.  The Settling Defendants shall include with any notice all documentation available to them supporting their claim that the delay was attributable to a force majeure.  Failure to comply with the above requirements shall preclude Settling Defendants from asserting any claim of force majeure for that event for the period of time of such failure to

comply, and for any additional delay caused by such failure. Settling Defendants shall be deemed to know of any circumstance of which Settling Defendants, any entity controlled by Settling Defendants, or Settling Defendants' contractors knew or should have known.

53.    If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA, after a reasonable opportunity for review and comment by the State, for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. If EPA, after a reasonable opportunity for review and comment by the State, does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify the Settling Defendants in writing of its decision. If EPA, after a reasonable opportunity for review and comment by the State, agrees that the delay is attributable to a force majeure event, EPA will notify the Settling Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

54.    If the Settling Defendants elect to invoke the dispute resolution procedures set forth in Section XVIII (Dispute Resolution), they shall do so no later than fifteen (15) days after receipt of EPA's notice. In any such proceeding, Settling Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Settling Defendants complied with the requirements of

BSAI052796

55

Paragraphs 51 and 52, above. If Settling Defendants carry this burden, the delay at issue shall be

deemed not to be a violation by Settling Defendants of the affected obligation of this Consent

Decree identified to EPA and the Court.

## XVIII. DISPUTE RESOLUTION

55.    Unless otherwise expressly provided for in this Consent Decree, the dispute

resolution procedures of this Section shall be the exclusive mechanism to resolve disputes

arising under or with respect to this Consent Decree. However, the procedures set forth in this

Section shall not apply (a) to actions by the United States to enforce obligations of the Settling

Defendants that have not been disputed in accordance with this Section, or (b) to disputes among

the Settling Defendants or to the settlements reached among them.

56.    Any dispute between the United States and the Settling Defendants which arises

under or with respect to this Consent Decree shall in the first instance be the subject of informal

negotiations between the parties to the dispute. The period for informal negotiations shall not

exceed thirty (30) days from the time the dispute arises, unless that time is modified by written

agreement of the parties to the dispute. The dispute shall be considered to have arisen when one

party sends the other parties a written Notice of Dispute.

57.    a.    In the event that the United States and the Settling Defendants cannot resolve

a dispute by informal negotiations under the preceding Paragraph, then the position advanced by

EPA shall be considered binding unless, within ten (10) working days after the conclusion of the

informal negotiation period, Settling Defendants invoke the formal dispute resolution procedures

of this Section by serving on the United States a written Statement of Position on the matter in

dispute, including, but not limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by the Settling Defendants. The Statement of Position shall specify the Settling Defendants' position as to whether formal dispute resolution should proceed under Paragraph 58 or Paragraph 59.

     b.    Within fourteen (14) working days after receipt of Settling Defendants' Statement of Position, EPA will serve on Settling Defendants its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to whether formal dispute resolution should proceed under Paragraph 58 or 59. Within seven (7) working days after receipt of EPA's Statement of Position, Settling Defendants may submit a Reply.

     c.    If there is disagreement between EPA and the Settling Defendants as to whether dispute resolution should proceed under Paragraph 58 or 59, the parties to the dispute shall follow the procedures set forth in the Paragraph determined by EPA to be applicable. However, if the Settling Defendants ultimately appeal to the Court to resolve the dispute, the Court shall determine which Paragraph is applicable in accordance with the standards of applicability set forth in Paragraphs 58 and 59.

     58.    Formal dispute resolution for disputes between EPA and the Settling Defendants pertaining to the selection or adequacy of any response action and all other disputes that are accorded review on the administrative record under applicable principles of administrative law shall be conducted pursuant to the procedures set forth in this Paragraph. For purposes of this Paragraph, the adequacy of any response action includes, without limitation: (1) the adequacy or

appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this Consent Decree; and (2) the adequacy of the performance of response actions taken pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to allow any dispute by Settling Defendants regarding the validity of the ROD's provisions.

       a.     An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to this Section. Where appropriate, EPA may allow submission of supplemental statements of position by the parties to the dispute.

       b.     The Director of the Hazardous Site Cleanup Division, EPA Region III, will issue a final administrative decision resolving the dispute based on the administrative record described in Paragraph 58.a. This decision shall be binding upon the Settling Defendants, subject only to the right to seek judicial review pursuant to Paragraph 58.c. and d.

       c.     Any administrative decision made by EPA pursuant to Paragraph 58.b. shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by the Settling Defendants with the Court and served on all Parties within ten (10) days of receipt of EPA's decision. The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree. The United States may file a response to Settling Defendants' motion.

       d.     In proceedings on any dispute governed by this Paragraph, Settling Defendants shall have the burden of demonstrating that the decision of the Director of the Hazardous Site Cleanup Division, EPA Region III, is arbitrary and capricious or otherwise not in

BSAI052799

accordance with law. Judicial review of EPA's decision shall be on the administrative record compiled pursuant to Paragraph 58.a.

59.    Formal dispute resolution for disputes between EPA and the Settling Defendants that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the administrative record under applicable principles of administrative law, shall be governed by this Paragraph.

a.    Following receipt of Settling Defendants' Statement of Position submitted pursuant to Paragraph 57, the Director of the Hazardous Site Cleanup Division, EPA Region III, will issue a final decision resolving the dispute. The Associate Director's decision shall be binding on the Settling Defendants unless, within ten (10) days of receipt of the decision, the Settling Defendants file with the Court and serve on the parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree. The United States may file a response to Settling Defendants' motion.

b.    Notwithstanding Paragraph O of Section I (Background) of this Consent Decree, judicial review of any dispute governed by this Paragraph shall be governed by applicable principles of law.

60.    The invocation of formal dispute resolution procedures under this Section and/or the existence of a dispute(s) between or among the Settling Defendants shall not extend, postpone, or affect in any way any obligation of the Settling Defendants under this Consent Decree unless EPA agrees in writing or the Court otherwise orders. Stipulated penalties with respect to the

disputed matter shall continue to accrue but payment shall be stayed pending resolution of the

dispute as provided in Paragraph 69. Notwithstanding the stay of payment, stipulated penalties

shall accrue from the first day of noncompliance with any applicable provision of this Consent

Decree. In the event that the Settling Defendants do not prevail on the disputed issue, stipulated

penalties shall be assessed and paid as provided in Section XIX (Stipulated Penalties).

## XIX. STIPULATED PENALTIES

61.    Settling Defendants shall be liable for stipulated penalties in the amounts set forth in

Paragraphs 62 and 63 to the United States for failure to comply with the requirements of this

Consent Decree specified below, unless excused under Section XVII (Force Majeure).

"Compliance" by Settling Defendants shall include completion of the activities under this

Consent Decree or any work plan or other plan approved under this Consent Decree identified

below in accordance with all applicable requirements of law, this Consent Decree, and any plans

or other documents approved by EPA pursuant to this Consent Decree and within the specified

time schedules established by and approved under this Consent Decree.

62.    a.    The following stipulated penalties shall accrue per violation per day for any

noncompliance identified in Subparagraph b:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 2,500 | 1st through 14th day |
| $ 5,000 | 15th through 30th day |
| $10,000 | 31st day and beyond |

BSAI052801

    b.    Failure to comply with requirements of Section VI (Performance of the Work by Settling Defendants), Section VII (Quality Assurance, Sampling, and Data Analysis), Section X (EPA Approval of Plans and Other Submissions), and Section XIV (Emergency Response).

63.    a.    The following stipulated penalties shall accrue per violation per day for any noncompliance identified in Subparagraph b:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $ 500 | 1st through 14th day |
| $1,000 | 15th through 30th day |
| $2,000 | 30th day and beyond |

    b.    All requirements of this Consent Decree that are not identified in Paragraph 62(b) of this Consent Decree.

64.    In the event that EPA assumes performance of a portion or all of the Work pursuant to Paragraph 74 of Section XX (Covenants Not to Sue by Plaintiff), Settling Defendants shall be liable for a stipulated penalty in the amount of Two Million dollars ($2,000,000).

65.    All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. However, stipulated penalties shall not accrue: (1) with respect to a deficient submission under Section X (EPA Approval of Plans and Other Submissions), during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendants of any deficiency; (2) with respect to a decision by the Director of the Hazardous Site Cleanup Division, EPA Region III, under Paragraph 58.b. or 59.a. of Section XVIII (Dispute Resolution), during the period, if any,

BSAI052802

beginning on the 21st day after the date that Settling Defendants' reply to EPA's Statement of

Position is received until the date that the Director of the Hazardous Site Cleanup Division, EPA

Region III, issues a final decision regarding such dispute; or (3) with respect to judicial review

by this Court of any dispute under Section XVIII (Dispute Resolution), during the period, if any,

beginning on the 31st day after the Court's receipt of the final submission regarding the dispute

until the date that the Court issues a final decision regarding such dispute. Nothing herein shall

prevent the simultaneous accrual of separate penalties for separate violations of this Consent

Decree.

66.    Following EPA's determination that Settling Defendants have failed to comply with

a requirement of this Consent Decree, EPA may give Settling Defendants written notification of

the same and describe the noncompliance. EPA may send the Settling Defendants a written

demand for the payment of the penalties. However, penalties shall accrue as provided in the

preceding Paragraph regardless of whether EPA has notified the Settling Defendants of a

violation.

67.    All penalties accruing under this Section shall be due and payable to the United

States within thirty (30) days of the Settling Defendants' receipt from EPA of a demand for

payment of the penalties, unless Settling Defendants invoke the Dispute Resolution procedures

under Section XVIII (Dispute Resolution). All payments to the United States under this Section

shall be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances

Superfund," shall be mailed to the United States Environmental Protection Agency, Region III,

Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 125251-6515, shall indicate

that the payment is for stipulated penalties, and shall reference the EPA Region and Site/Spill ID

BSAI052803

#03Y2, DOJ Case Number 90-11-2-06036, and the name and address of the party making payment. Copies of check(s) paid pursuant to this Section, and any accompanying transmittal letter(s), shall be sent to the United States as provided in Section XXV (Notices and Submissions), and to the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103-2029.

68.    The payment of penalties shall not alter in any way Settling Defendants' obligation to complete the performance of the Work required under this Consent Decree.

69.    Penalties shall continue to accrue as provided in Paragraph 65 during any dispute resolution period, but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, accrued penalties determined to be owing shall be paid to EPA within fifteen (15) days of the agreement or the receipt of EPA's decision or order;

b.    If the dispute is appealed to this Court and the United States prevails in whole or in part, Settling Defendants shall pay all accrued penalties determined by the Court to be owed to EPA within sixty (60) days of receipt of the Court's decision or order, except as provided in Subparagraph c below;

c.    If the District Court's decision is appealed by any Party, Settling Defendants shall pay all accrued penalties determined by the District Court to be owing to the United States into an interest-bearing escrow account within sixty (60) days of receipt of the Court's decision or order. Penalties shall be paid into this account as they continue to accrue, at least every sixty (60) days. Within fifteen (15) days of receipt of the final appellate court decision, the escrow

agent shall pay the balance of the account to EPA or to Settling Defendants to the extent that they prevail.

70.    a.    If Settling Defendants fail to pay stipulated penalties when due, the United States may institute proceedings to collect the penalties, as well as interest. Settling Defendants shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 67.

b.    Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(l) of CERCLA. Provided, however, that for any particular violation of this Consent Decree, the United States shall be limited to either demanding stipulated penalties pursuant to this Section XX of the Consent Decree or pursuing civil penalties pursuant to Section 122(l) of CERCLA.

71.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

## XX. COVENANTS NOT TO SUE BY PLAINTIFF

72.    In consideration of the actions that will be performed and the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraph 73 of this Section, the United States covenants not to sue or to

take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of

CERCLA for performance of the Work for all OU-1 activities and for the recovery of Future

Response Costs. These covenants not to sue shall take effect upon entry of this Consent Decree.

These covenants not to sue are conditioned upon the satisfactory performance by Settling

Defendants of their obligations under this Consent Decree. These covenants not to sue extend

only to the Settling Defendants and do not extend to any other person.

73.     General reservations of rights. The covenants not to sue set forth above do not

pertain to any matters other than those expressly specified in Paragraph 72. The United States

reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants

with respect to all other matters, including but not limited to, the following:

(1)     claims based on a failure by Settling Defendants to meet a requirement of this

Consent Decree;

(2)     liability arising from the past, present, or future disposal, release, or threat of

release of Waste Materials outside of the Site;

(3)     liability for future disposal of Waste Material at the Site, other than as

provided in the ROD, the Work, or otherwise ordered in writing or authorized in    writing by

EPA;

(4)     liability for damages for injury to, destruction of, or loss of natural resources,

and for the costs of any natural resource damage assessments;

(5)     criminal liability;

(6)     liability for violations of federal or state law which occur during or after

implementation of the Remedial Action;

(7)     liability, prior to Certification of Completion of the Work under

Paragraph 42, for additional response actions that EPA determines are necessary to

achieve Performance Standards, but that cannot be required pursuant to Paragraph 13

(Modification of the Work);

(8)     liability for costs that the United States has incurred or will incur related to

the Site but that are not within the definition of Future Response Costs; and

(9)     liability for additional operable units at the Site or the final response action.

74.     <u>Work Takeover</u>.  In the event EPA determines that Settling Defendants have ceased

implementation of any portion of the Work, are seriously or repeatedly deficient or late in their

performance of the Work, or are implementing the Work in a manner which may cause an

endangerment to human health or the environment, EPA may assume the performance of all or

any portions of the Work as EPA determines necessary.  Settling Defendants may invoke the

procedures set forth in Section XVIII (Dispute Resolution), Paragraph 58, to dispute EPA's

determination that takeover of the Work is warranted under this Paragraph.  Costs incurred by

the United States in performing the Work pursuant to this Paragraph shall be considered Future

Response Costs that Settling Defendants shall pay pursuant to  Section XV (Reimbursement of

Future Response Costs).

75.     Notwithstanding any other provision of this Consent Decree, the United States

retains all authority and reserves all rights to take any and all response actions authorized by law.

BSAI052807

## XXI. COVENANTS BY SETTLING DEFENDANTS

76.    Covenant Not to Sue. Subject to the reservations in Paragraph 77, Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States with respect to the Site Work, past response actions, Future Response Costs, or this Consent Decree, including, but not limited to:

a.    any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA §§ 106(b)(2), 107, 111, 112, 113, or any other provision of law;

b.    any claims against the EPA under CERCLA Sections 107 or 113 related to the Site, or

c.    any claims arising out of response activities at the Site, including claims based on EPA's selection of response actions, oversight of response activities or approval of plans for such activities.

77.    The Settling Defendants reserve, and this Consent Decree is without prejudice to: (a) claims against the United States, including any department, agency or instrumentality of the United States except for EPA, for contribution under CERCLA Section 113, 42 U.S.C. Section 9613, related to the Site, including without limitation, claims for response costs and natural resource damages; (b) claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the United States Code, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in

b.      any person (I) whose liability to Settling Defendants with respect to the Site

is based solely on CERCLA § 107(a)(3) or (4), and (ii) who arranged for the disposal, treatment,

or transport for disposal or treatment, or accepted for transport for disposal or treatment, of 55

gallons or less of liquid materials containing hazardous substances, or 100 pounds or less of solid

materials containing hazardous substances, except where EPA has determined that such material

contributed or could contribute significantly to the costs of response at the Site.


## XXII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

80.      Nothing in this Consent Decree shall be construed to create any rights in, or grant

any cause of action to, any person not a Party to this Consent Decree. The preceding sentence

shall not be construed to waive or nullify any rights that any person not a signatory to this decree

may have under applicable law. Each of the Parties expressly reserves any and all rights

(including, but not limited to, any right to contribution), defenses, claims, demands, and causes

of action which each Party may have with respect to any matter, transaction, or occurrence

relating in any way to the Site against any person not a Party hereto.

81.      The Parties agree, and by entering this Consent Decree this Court finds, that the

Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection

from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C.

§ 9613(f)(2), for matters addressed in this Consent Decree. The "matters addressed" in this

settlement are all response actions taken or to be taken with respect to all OU-1 activities under

this Consent Decree, and all Future Response Costs paid by the Settling Defendants to the

United States pursuant to this Consent Decree. The "matters addressed" in this settlement do not

include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Consent Decree), in the event that the United States asserts rights against Settling Defendants coming within the scope of such reservations, nor do "matters addressed" in this settlement include contribution claims by the Settling Defendants under CERCLA Section 113(f) against each other.

82.    The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the United States in writing no later than sixty (60) days prior to the initiation of such suit or claim.

83.    The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the United States within ten (10) days of service of the complaint on them. In addition, Settling Defendants shall notify the United States within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial.

84.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that

BSAI052811

nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in

Section XX (Covenants Not to Sue by Plaintiff).

## XXIII. ACCESS TO INFORMATION

85.    Settling Defendants shall provide to EPA, upon request and at all reasonable times,

copies of all non-privileged documents and information within their possession or control or that

of their contractors or agents relating to activities at the Site or to the implementation of this

Consent Decree, including, but not limited to, sampling, analysis, chain of custody records,

manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other non-

privileged documents or information related to the Work. Settling Defendants shall also make

available to EPA, for purposes of investigation, information gathering, or testimony, upon

reasonable notice and at reasonable times and places, their employees, agents, or representatives

with knowledge of relevant facts concerning the performance of the Work.

86.    a.    Settling Defendants may assert business confidentiality claims covering part

or all of the documents or information submitted to Plaintiff under this Consent Decree to the

extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. §

9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential

by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of

confidentiality accompanies documents or information when they are submitted to EPA, or if

EPA has notified Settling Defendants that the documents or information are not confidential

under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such

documents or information without further notice to Settling Defendants.

BSAI052812

b.    One or more Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If any Settling Defendant asserts such a privilege in lieu of providing documents, the Settling Defendant shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the contents of the document, record, or information: and (6) the privilege asserted by Settling Defendant. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

87.    No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data (other than construction cost estimates used or to be used by the Settling Defendants to solicit bids for the Work), or any other documents or information evidencing conditions at or around the Site.

## XXIV. RETENTION OF RECORDS

88.    Until ten (10) years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 42.b of Section XIII (Certification of Completion of the Work), each Settling Defendant shall preserve and retain at least one (1) copy of all records and documents now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work or liability of any person for response actions conducted

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

and to be conducted at the Site, regardless of any corporate retention policy to the contrary. Until ten (10) years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 42.b of Section XIII (Certification of Completion), Settling Defendants shall also instruct their contractors and agents to preserve at least one (1) copy of all documents, records, and information of whatever kind, nature, or description relating to the performance of the Work.

89.    At the conclusion of this document retention period, Settling Defendants shall notify the United States at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by the United States, Settling Defendants shall make any such records or documents available to EPA. If the United States has not responded to Settling Defendants' notice prior to the time Settling Defendants intend to destroy the records or documents, Settling Defendants shall make all such records and documents available to EPA no earlier than ten (10) days after providing an additional written notice that such records and documents will be destroyed, unless EPA provides otherwise after receiving such notice. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege, they shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants. However, no documents, reports, or other information created or generated

pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

90.    Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site (except as otherwise identified in Appendix D of this Consent Decree). Each Settling Defendant further certifies individually that, to the best of its knowledge and belief, after thorough inquiry that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XXV. NOTICES AND SUBMISSIONS

91.    Unless otherwise agreed upon in writing by EPA, whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, the State, and the Settling Defendants, respectively.

.     **As to the United States:**

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
Re: DOJ # 90-11-2-06036

and

Sarah P. Keating
Senior Assistant Regional Counsel (3RC43)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

**As to EPA:**

James P. Harper
EPA Project Coordinator (Remedial Project Manager)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

**As to the State:**

Dustin A. Armstrong
State Project Officer
Environmental Cleanup Program
Pa. Department of Environmental Protection
555 North Lane
Suite 6010
Conshohocken, PA 19428

### As to the Settling Defendants:

Geoffrey C. Seibel
Settling Defendants' Project Coordinator
de maximis, inc.
1125 S. Cedar Crest Boulevard
Suite 202
Allentown, PA 18103

## XXVI. EFFECTIVE DATE

92.    The effective date of this Consent Decree shall be the date upon which this Consent

Decree is entered by the Court, except as otherwise provided herein.

## XXVII. RETENTION OF JURISDICTION

93.    This Court retains jurisdiction over both the subject matter of this Consent Decree

and the Settling Parties for the duration of the performance of the terms and provisions of this

Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time

for such further order, direction, and relief as may be necessary or appropriate for the

construction or modification of this Consent Decree, or to effectuate or enforce compliance with

its terms, or to resolve disputes in accordance with Section XVIII (Dispute Resolution) hereof.

## XXVIII. APPENDICES

94.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the ROD including the ROD Declaration.

"Appendix B" is the complete list of Settling Defendants.

"Appendix C" is the draft environmental protection easement.

BSAI052817

"Appendix D" is the identification by the Settling Defendants of records, documents, or other information pursuant to Section XXV (Retention of Records) of this Consent Decree.

## XXIX.: COMMUNITY RELATIONS

95.    Settling Defendants shall propose to EPA their participation in the community relations plan to be developed by EPA. EPA will determine the appropriate role for the Settling Defendants under the Plan. Settling Defendants shall also cooperate with EPA in providing information regarding the Work to the public. As requested by EPA, Settling Defendants shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain activities at or relating to the Site. The Settling Defendants shall not be precluded from undertaking their own community relations efforts if approved by EPA in writing. This Paragraph shall not be interpreted to inhibit or affect the community relations efforts by the Settling Defendants; provided, however, that such efforts shall not be inconsistent with the NCP or any approved community relations plan developed in accordance with this Consent Decree, and provided that EPA approves any such community relations plan in writing.

## XXX.  MODIFICATION

96.    Schedules specified in this Consent Decree, or in plans prepared and approved in writing pursuant to this Consent Decree, for completion of the Work may be modified by agreement of the EPA Project Coordinator and the Settling Defendants. All such modifications shall be made in writing. Any permits or permit equivalents required for the Work may be modified in accordance with the procedures governing the modification of such permits.

97.    Except as otherwise provided in this Paragraph, no modifications shall be made to provisions of this Consent Decree without written notification to and written approval of the United States, Settling Defendants, and the Court. Prior to providing its approval to any modification to the provisions of this Consent Decree, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification. Modifications to the Remedial Design Work Plan, Remedial Action Work Plan, and any other plan approved by EPA under this Consent Decree that do not materially alter the requirements of those documents may be made by written agreement between the EPA Project Coordinator, after providing the State with a reasonable opportunity to review and comment on the proposed modification, and the Settling Defendants. Modifications to the Work made pursuant to Paragraph 13 ("Modification of the Work") may be made by EPA. Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

## XXXI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

98.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

99.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXXII. SIGNATORIES/SERVICE

100.    Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for Environment and Natural Resources of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

101.    Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

102.    Each Settling Defendant shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

## XXXIII. RELATIONSHIP BETWEEN CONSENT ORDER AND CONSENT DECREE

103.    The United States and the Settling Defendants have agreed that certain portions of the Work shall commence in accordance with Administrative Order on Consent, EPA Docket

No._____, ("Consent Order") prior to the effective date of this Consent Decree.

Upon the effective date of this Consent Decree, and as set forth in Section III of the Consent

Order, the Consent Order shall terminate. It is agreed by the Parties, that upon termination of the

Consent Order due to entry of this Consent Decree, performance of Work commenced under the

Consent Order shall continue under this Consent Decree in accordance with the EPA-approved

schedules and requirements developed under the Consent Order. To the extent that Settling

Defendants have fulfilled obligations under the Consent Order that are also required by this

Consent Decree, Settling Defendants shall also be deemed to have fulfilled such obligations

under this Consent Decree.

## XXXIV. STIPULATION AND DISMISSAL OF THE UNITED STATES' CLAIMS

104.    The parties hereby stipulate and agree that those claims barred by the United States'

covenants not to sue (Section XX, Covenants Not To Sue By Plaintiff) shall be dismissed with

prejudice upon Settling Defendants' satisfactory performance of the Work for all OU-1

Activities as documented by EPA's issuance of notification of completion of the work pursuant

to Paragraph 42(b) of this Consent Decree and upon payment of all Future Response Costs as

required by Section XV of this Decree, whichever occurs later. The parties agree, and the court

orders, that all other claims of the United States against Settling Defendants pursuant to Sections

106, 107, and 113 of CERCLA, 42 U.S.C. § 9606, 9607, and 9613, are dismissed without

prejudice as of the date of entry of this Consent Decree. This stipulation of dismissal applies

only to the Settling Defendants and does not apply to any other persons.

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

80

SO ORDERED THIS ____ DAY OF _____, 19__.

_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. _____, relating to the Boarhead Farms Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: _____

_____
LOIS J. SCHIFFER
Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice
Washington, D.C.  20530

_____
Donna Duer, Esquire
Environmental Enforcement Section
Environment and Natural Resources
    Division
P.O. Box 7611
Ben Franklin Station
U.S. Department of Justice
Washington, D.C.  20044

_____
United States Attorney
Eastern District of Pennsylvania

BSAI052822

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

---

Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

---

W. MICHAEL McCABE
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

---

WILLIAM C. EARLY
Acting Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103

---

SARAH P. KEATING
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103

82

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. _____, relating to the Boarhead Farms Superfund Site.


FOR _____ COMPANY; INC. */


Date: _____       _____
                              [Name – Please Type]
                              [Title – Please Type]
                              [Address -- Please Type]



Agent Authorized to Accept Service on Behalf of Above-signed Party:

        Name:      [Please Type]
        Title: _____
        Address: _____
        Tel. Number: _____


*/   A separate signature page must be signed by each corporation, individual or other legal
     entity that is settling with the United States.

83

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. _____, relating to the Boarhead Farms Superfund Site.

FOR _____ COMPANY, INC. */

Date: _____        _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____
Title: _____
Address: _____
Tel. Number: _____

BSAI052825