35
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

27. Property not Owned or Controlled by Settling Defendants. If the Site, or any other property where access and/or land/water use restrictions are needed to implement this Consent Decree, is owned or controlled by persons other than any of the Settling Defendants, Settling Defendants shall use best efforts to secure from such persons:

a. an agreement to provide access thereto for Settling Defendants, as well as for the United States and its representatives, including EPA and its contractors, for the purpose of conducting any activity related to this Consent Decree including, but not limited to, those activities listed in Paragraph 26(a) of this Consent Decree;

b. an agreement, enforceable by the Settling Defendants and the United States, to abide by the obligations and restrictions established by Paragraph 26(b) of this Consent Decree, or that are otherwise necessary to implement, ensure non-interference with, or ensure the protectiveness of the remedial measures to be performed pursuant to this Consent Decree; and

c. If EPA so requests, the execution and recordation in the Recorder's Office or Registry of Deeds or other appropriate land records office of Bucks County, Commonwealth of Pennsylvania, of an easement, running with the land, that (i) grants a right of access for the purpose of conducting any activity related to this Consent Decree including, but not limited to, those activities listed in Paragraph 26(a) of this Consent Decree, and (ii) grants the right to enforce the land/water use restrictions listed in Paragraph 26(b) of this Consent Decree, or other restrictions that EPA determines are necessary to implement, ensure non-interference with, or ensure the protectiveness of the remedial measures to be performed pursuant to this Consent Decree. The access rights and/or rights to enforce land/water use restrictions shall be granted to

one or more of the following persons as determined by EPA: (i) the United States, on behalf of EPA, and its representatives, (ii) the State and its representatives, (iii) the other Settling Defendants and their representatives, and/or (iv) other appropriate grantees. Settling Defendants shall, within forty-five (45) days of EPA's request, submit to EPA for review and approval with respect to such property:

      i.    A draft easement, in substantially the form attached hereto as Appendix B, that is enforceable under the laws of the Commonwealth of Pennsylvania, free and clear of all prior liens and encumbrances (except as approved by EPA); and

      ii.    A current title commitment or report prepared in accordance with Title Standards 2001 (or the Commonwealth of Pennsylvania equivalent thereof).

Within fifteen (15) days of EPA's approval and acceptance of the easement, Settling Defendants shall update the title search and, if it is determined that nothing has occurred since the effective date of the commitment or report to affect the title adversely, the easement shall be recorded with the Recorder's Office or Registry of Deeds or other appropriate office of Bucks County. Within thirty (30) days of the recording of the easement, Settling Defendants shall provide EPA with final title evidence acceptable under the Standards (or the Commonwealth of Pennsylvania equivalent thereof), and a certified copy of the original recorded easement showing the clerk's recording stamps. The Settling Defendants shall enforce and comply with the terms of the easement if they are the grantees of the easement.

28. If any access or land/water use restriction agreements required by Paragraph 27(a) and (b) of this Consent Decree are not obtained within forty-five (45) days of the effective date of

37
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

this Consent Decree, or if any access easements or restrictive easements requested by EPA under Paragraph 27(c) are not submitted to EPA in draft form within forty-five (45) days of a request by EPA for such easements, Settling Defendants shall promptly notify the United States in writing, and shall include in that notification a summary of the steps (including requests and responses thereto) that Settling Defendants have taken to attempt to obtain such access or access easements. The United States may, as it deems appropriate, assist Settling Defendants in obtaining access agreements and/or land/water restrictions, either in the form of contractual agreements or in the form of easements running with the land. Settling Defendants shall reimburse the United States in accordance with the procedures in Section XVI (Payments for Response Costs), for all costs incurred, direct or indirect, by the United States in obtaining such access agreements and/or land/water use restrictions including, but not limited to, the cost of attorney time and the amount of just compensation.

29. If EPA determines that land/water use restrictions in the form of state or local laws, regulations, ordinances or other governmental controls are needed to implement the remedy selected in the ROD for any OU-2 Activity, ensure the integrity and protectiveness thereof, or ensure non-interference therewith, Settling Defendants shall cooperate with EPA's and the State's efforts to secure such governmental controls.

30. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, as well as its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

BSAI052879

## X. REPORTING REQUIREMENTS

31. In addition to any other requirement of this Consent Decree, Settling Defendants shall submit to EPA and the State two (2) copies each of written monthly progress reports, unless EPA determines in writing that a different frequency is appropriate (e.g., quarterly, weekly). The progress reports shall: (a) describe the actions which have been taken toward achieving compliance with this Consent Decree during the previous month or since the last report ; (b) include a summary of all results of sampling and tests and all other data received or          d by Settling Defendants or their contractors or agents in the previous month or since the          rt; (c) identify all work plans, plans, and other deliverables required by this Consent De          completed and submitted during the previous month or since the last report; (d) desc          actions, including, but not limited to, data collection and implementation of work pl          h are scheduled for the next six weeks and provide other information relating to the progress of construction, including, but not limited to, critical path diagrams, Gantt charts, and Pert charts; (e) include information regarding percentage of completion, unresolved delays encountered or anticipated that may affect the future schedule for implementation of the Work, and a description of efforts made to mitigate those delays or anticipated delays; (f) include any modifications to the work plans or other schedules that Settling Defendants have proposed to EPA or that have been approved by EPA; and (g) describe all activities undertaken in support of the Community Relations Plan during the previous month or since the last report and those to be undertaken in the next six weeks. Settling Defendants shall submit these progress reports to EPA and the State by the tenth day of every month (or according to a different schedule as determined by EPA in

39
*United States v. Cytec Industries Inc., et al.*
Remedial Design/Remedial Action Consent Decree

writing) following the lodging of this Consent Decree until EPA notifies the Settling Defendants

pursuant to Paragraph 51.b of Section XIV (Certification of Completion). If requested by EPA,

Settling Defendants shall also provide briefings for EPA and the State to discuss the progress of

the Work.

32. The Settling Defendants shall notify EPA of any change in the schedule described in the

monthly progress reports for the performance of any activity, including, but not limited to,

implementation of work plans, no later than seven (7) days prior to the performance of the

activity. Notwithstanding the foregoing, the Settling Defendants shall notify EPA of any change

in the schedule described in the monthly progress reports for the performance of data collection

no later than fifteen (15) days prior to the performance of such activity.

33. Upon the occurrence of any event during performance of the Work that Settling

Defendants are required to report pursuant to Section 103 of CERCLA or Section 304 of the

Emergency Planning and Community Right-to-Know Act ("EPCRA"), Settling Defendants shall

within twenty-four (24) hours of the onset of such event orally notify the EPA Project

Coordinator or the Alternate EPA Project Coordinator (in the event of the unavailability of the

EPA Project Coordinator), or, in the event that neither the EPA Project Coordinator or Alternate

EPA Project Coordinator is available, the EPA Region III Hotline at (215) 814-3255. These

reporting requirements are in addition to the reporting required by CERCLA § 103 or EPCRA §

304.

34. Within twenty (20) days of the onset of such an event, Settling Defendants shall furnish

to Plaintiff a written report, signed by the Settling Defendants' Project Coordinator, setting forth

40
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

the events which occurred and the measures taken, and to be taken, in response thereto. Within

thirty (30) days of the conclusion of such an event, Settling Defendants shall submit a report

setting forth all actions taken in response thereto.

35. Settling Defendants shall submit two (2) hard copies and one (1) computer formatted

copy of all plans, reports, and data (other than progress reports) required by the Remedial Design

Work Plan, the Remedial Action Work Plan, or any other approved plans to EPA in accordance

with the schedules set forth in such plans. Settling Defendants shall simultaneously submit two

(2) copies of all such plans, reports, and data to the State.

36. All reports and other documents submitted by Settling Defendants to EPA (other than

the monthly progress reports referred to above) which purport to document Settling Defendants'

compliance with the terms of this Consent Decree shall be signed by a Duly Authorized

Representative of the Settling Defendants.


# XI. EPA APPROVAL OF PLANS AND OTHER SUBMISSIONS

37. After review of any plan, report or other item which is required to be submitted for

approval pursuant to this Consent Decree, EPA, after reasonable opportunity for review and

comment by the State, shall: (a) approve, in whole or in part, the submission; (b) approve the

submission upon specified conditions; (c) modify the submission to cure the deficiencies; (d)

disapprove, in whole or in part, the submission, directing that the Settling Defendants modify the

submission; or (e) any combination of the above. However, EPA shall not modify a submission

without first providing Settling Defendants at least one notice of deficiency and an opportunity

41
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

to cure within fourteen (14) days, or such other time as specified by EPA in such notice, except where to do so would cause serious disruption to the Work, or where previous submission(s) have been disapproved due to material defects and the deficiencies in the submission under consideration indicate to EPA a bad faith lack of effort to submit an acceptable deliverable. EPA will provide a written explanation to the Settling Defendants' Project Coordinator whenever EPA disapproves any submission, in whole or in part, and directs the Settling Defendants to modify that submission pursuant to this Paragraph.

38. In the event of approval, approval upon conditions, or modification by EPA, pursuant to Paragraph 37(a), (b), or (c), Settling Defendants shall proceed to take any action required by the plan, report, or other item, as approved or modified by EPA subject only to their right to invoke the Dispute Resolution procedures set forth in Section XIX (Dispute Resolution) with respect to the modifications or conditions made by EPA. In the event that EPA modifies the submission to cure the deficiencies pursuant to Paragraph 37(c) and the submission has a material defect, EPA retains its right to seek stipulated penalties, as provided in Section XX (Stipulated Penalties).

39. a. Upon receipt of a notice of disapproval pursuant to Paragraph 37(d), Settling Defendants shall, within fourteen (14) days, or such other time as specified by EPA in such notice, correct the deficiencies and resubmit the plan, report, or other item for approval. Any stipulated penalties applicable to the submission, as provided in Section XX, shall accrue during the fourteen (14)-day period, or otherwise specified period, but shall not be payable unless the resubmission is disapproved or modified due to a material defect as provided in Paragraphs 40 and 41.

BSAI052883

b. Notwithstanding the receipt of a notice of disapproval pursuant to Paragraph 37(d), Settling Defendants shall proceed, at the direction of EPA, to take any action required by any non-deficient portion of the submission. Implementation of any non-deficient portion of a submission shall not relieve Settling Defendants of any liability for stipulated penalties under Section XX (Stipulated Penalties).

40. In the event that a resubmitted plan, report or other item, or portion thereof, is disapproved by EPA, EPA may again require the Settling Defendants to correct the deficiencies, in accordance with the preceding Paragraphs. EPA also retains the right to modify or develop the plan, report or other item. Settling Defendants shall implement any such plan, report, or item as modified or developed by EPA, subject only to their right to invoke the procedures set forth in Section XIX (Dispute Resolution).

41. If upon resubmission, a plan, report, or item is disapproved or modified by EPA due to a material defect, Settling Defendants shall be deemed to have failed to submit such plan, report, or item timely and adequately unless the Settling Defendants invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution) and EPA's action is overturned pursuant to that Section. The provisions of Section XIX (Dispute Resolution) and Section XX (Stipulated Penalties) shall govern the implementation of the Work and accrual and payment of any stipulated penalties during Dispute Resolution. If EPA's disapproval or modification is upheld, stipulated penalties shall accrue for such violation from the date on which the initial submission was originally required, as provided in Section XX.

BSAI052884

43
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

42. All plans, reports, and other items required to be submitted to EPA under this Consent

Decree shall, upon approval or modification by EPA, be enforceable under this Consent Decree.

In the event EPA approves or modifies a portion of a plan, report, or other item required to be

submitted to EPA under this Consent Decree, the approved or modified portion shall be

enforceable under this Consent Decree.

## XII. PROJECT COORDINATORS

43. The EPA Project Coordinator and Alternate Project Coordinator for this Site are:

EPA Project Coordinator:
**James P. Harper (3HS21)**
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103-2029
(215) 814-3197 (phone)
(215) 814-3002 (telefax)

EPA Alternate Project Coordinator:

**Anthony Dappolone (3HS21)**
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103-2029
(215) 814-3188 (phone)
(215) 814-3002 (telefax)

Within twenty (20) days of lodging this Consent Decree, Settling Defendants will notify EPA, in

writing, of the name, address and telephone and facsimile number of their designated Project

Coordinators and Alternate Project Coordinators. If a Project Coordinator or Alternate Project

Coordinator initially designated is changed, the identity of the successor will be given to the

BSAI052885

other Parties at least five (5) working days before the changes occur, unless impracticable, but in no event later than the actual day the change is made. The Settling Defendants' Project Coordinator and Alternate Project Coordinator shall be subject to acceptance or disapproval by EPA and shall have the technical expertise sufficient to adequately oversee all aspects of the Work. The Settling Defendants' Project Coordinator and Alternate Project Coordinator shall not be an attorney for any of the Settling Defendants in this matter, but may be a representative or employee of the Supervising Contractor.. The Settling Defendants' Project Coordinator and Alternate Project Coordinator may assign other representatives, including other contractors, to serve as a Site representative for oversight of performance of daily operations during remedial activities.

44. The Plaintiff may designate other representatives, including, but not limited to, EPA employees, and federal contractors and consultants, to observe and monitor the progress of any activity undertaken pursuant to this Consent Decree. EPA's Project Coordinator and Alternate Project Coordinator shall have the authority lawfully vested in a Remedial Project Manager (RPM) and an On-Scene Coordinator ("OSC") by the National Contingency Plan, 40 C.F.R. Part 300. In addition, EPA's Project Coordinator and Alternate Project Coordinator shall have authority, consistent with the National Contingency Plan, to halt any Work required by this Consent Decree and to take any necessary response action when s/he determines that conditions at the Site constitute an emergency situation or may present an immediate threat to public health or welfare or the environment due to release or threatened release of Waste Material.

45
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

45. EPA's Project Coordinator and the Settling Defendants' Project Coordinator will meet, at a minimum, on a monthly basis.

# XIII. ASSURANCE OF ABILITY TO COMPLETE WORK

46. Within thirty (30) days of entry of this Consent Decree, Settling Defendants shall establish and maintain financial security in the amount of $10,000,000 (the "Financial Security Amount"). The Financial Security Amount may be reduced, if approved by EPA in writing, in the Agency's sole unreviewable discretion, and in accordance with Paragraph 48 of this Section XIII. The Financial Security Amount shall be maintained in one or more of the following forms:

(a) A surety bond guaranteeing performance of the Work;

(b) One or more irrevocable letters of credit equaling or exceeding the Financial Security Amount;

(c) A trust fund;

(d) A guarantee to perform the Work by one or more parent corporations or subsidiaries, or by one or more unrelated corporations that have a substantial business relationship with at least one of the Settling Defendants; or

(e) A demonstration that one or more of the Settling Defendants satisfy the requirements of 40 C.F.R. § 264.143(f) (for these purposes, references (i) in 40 C.F.R. § 264.143(f) to "the sum of the current closure and post-closure cost estimates and the current plugging and abandonment cost estimates" shall mean the Financial Security Amount required to be established and maintained pursuant to this Section, and (ii) the demonstration by one or more

46
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

of the Settling Defendants, individually or collectively, that they meet this test, may be made by

submission to EPA of one or more certified financial statements of one or more of the Settling

Defendants; or

(f) Through the use of any other means acceptable to EPA, and deemed so in writing

by the Agency.

The financial security required by this Paragraph 46 shall be maintained by the Settling

Defendants until EPA agrees that the Work has been completed and issues a Certification of

Completion in accordance with Paragraph 51.b.

47. If the Settling Defendants seek to demonstrate the ability to complete the Work through

a guarantee by a third party pursuant to Paragraph 46.d of this Consent Decree, Settling

Defendants shall demonstrate that the guarantor satisfies the requirements of 40 C.F.R. Section

264.143(f). If Settling Defendants seek to demonstrate their ability to complete the Work by

means of the financial test or the corporate guarantee pursuant to Paragraph 46(d) or (e), they

shall resubmit sworn statements conveying the information required by 40 C.F.R. Section

264.143(f) annually, on the anniversary of the effective date of this Consent Decree. In the event

that EPA, after a reasonable opportunity for review and comment by the State, determines at any

time that the financial assurances provided pursuant to this Section are inadequate, Settling

Defendants shall, within thirty (30) days of receipt of notice of EPA's determination, obtain and

present to EPA for approval one of the other forms of financial assurance listed in Paragraph 46

of this Consent Decree. Settling Defendants' inability to demonstrate financial ability to

BSAI052888

complete the Work shall not excuse performance of any activities required under this Consent
Decree.

48. If Settling Defendants can show that the estimated cost to complete the remaining Work
has diminished below the amount set forth in Paragraph 46 above after entry of this Consent
Decree, Settling Defendants may, on any anniversary date of entry of this Consent Decree, or at
any other time agreed to by the Parties, reduce the amount of the Financial Security Amount
provided under this Section to the estimated cost of the remaining work to be performed.
Settling Defendants shall submit a proposal for such reduction to EPA, in accordance with the
requirements of this Section, and may reduce the amount of the security upon approval by EPA.
In the event of a dispute, Settling Defendants may reduce the amount of the security in
accordance with the final administrative or judicial decision resolving the dispute.

49. Settling Defendants may change the form of financial assurance provided under this
Section at any time, upon notice to and approval by EPA, provided that the new form of
assurance meets the requirements of this Section. In the event of a dispute, Settling Defendants
may change the form of the financial assurance only in accordance with the final administrative
or judicial decision resolving the dispute.

## XIV. CERTIFICATION OF COMPLETION

50. Completion of the Remedial Action

a. Within ninety (90) days after Settling Defendants conclude that the Remedial Action has
been fully performed and the Performance Standards have been attained, Settling Defendants

BSAI052889

48
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

shall schedule and conduct a pre-certification inspection to be attended by Settling Defendants

and EPA. If, after the pre-certification inspection, the Settling Defendants still believe that the

Remedial Action has been fully performed and the Performance Standards have been attained,

they shall submit a written report requesting certification to EPA for approval, with a copy to the

State, pursuant to Section XI (EPA Approval of Plans and Other Submissions) within thirty (30)

days of the inspection. In the report, a registered professional engineer and the Settling

Defendants' Project Coordinator shall state that the Remedial Action has been completed in full

satisfaction of the requirements of this Consent Decree. The written report shall include as-built

drawings signed and stamped by a professional engineer. The report shall contain the following

statement, signed by a Duly Authorized Representative of a Settling Defendant or the Settling

Defendants' Project Coordinator:

> "To the best of my knowledge, after thorough investigation, I certify that the
> information contained in or accompanying this submission is true, accurate and
> complete. I am aware that there are significant penalties for submitting false
> information, including the possibility of fine and imprisonment for knowing violations."

If, after completion of the pre-certification inspection and receipt and review of the written

report, EPA, after reasonable opportunity for review and comment by the State, determines that

the Remedial Action or any portion thereof has not been completed in accordance with this

Consent Decree or that the Performance Standards have not been achieved, EPA will notify

Settling Defendants in writing of the activities that must be undertaken by Settling Defendants

pursuant to this Consent Decree to complete the Remedial Action and achieve the Performance

Standards. Provided, however, that EPA may require Settling Defendants to perform such

BSAI052890

49
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

activities pursuant to this Paragraph only to the extent that such activities are consistent with the "scope of the remedy selected in the ROD," as that term is defined in Paragraph 14.b. EPA will set forth in the notice a schedule for performance of such activities consistent with the Consent Decree or require the Settling Defendants to submit a schedule to EPA for approval pursuant to Section XI (EPA Approval of Plans and Other Submissions). Settling Defendants shall perform all activities described in the notice in accordance with the specifications and schedules established pursuant to this Paragraph, subject to their right to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution).

b. If EPA concludes, based on the initial or any subsequent report requesting Certification of Completion and after a reasonable opportunity for review and comment by the State, that the Remedial Action has been performed in accordance with this Consent Decree and that the Performance Standards have been achieved, EPA will so certify in writing to Settling Defendants. This certification shall constitute the Certification of Completion of the Remedial Action for purposes of this Consent Decree, including, but not limited to, Section XXI (Covenants Not to Sue by Plaintiffs). Certification of Completion of the Remedial Action shall not affect Settling Defendants' obligations under this Consent Decree.

51. Completion of the Work

a. Within ninety (90) days after Settling Defendants conclude that all phases of the Work (including O & M), have been fully performed, Settling Defendants shall schedule and conduct a pre-certification inspection to be attended by Settling Defendants and EPA . If, after the pre-certification inspection, the Settling Defendants still believe that the Work has been fully

BSAI052891

50
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

performed, Settling Defendants shall submit a written report by a registered professional

engineer (who may be the same person as the Settling Defendants' Project Coordinator or

Supervising Contractor)stating that the Work has been completed in full satisfaction of the

requirements of this Consent Decree. The report shall contain the following statement, signed

by a Duly Authorized Representative of a Settling Defendant or the Settling Defendants' Project

Coordinator:

> "To the best of my knowledge, after thorough investigation, I certify that the
> information contained in or accompanying this submission is true, accurate and
> complete. I am aware that there are significant penalties for submitting false
> information, including the possibility of fine and imprisonment for knowing violations."

If, after review of the written report, EPA, after reasonable opportunity for review and comment

by the State, determines that any portion of the Work has not been completed in accordance with

this Consent Decree, EPA will notify Settling Defendants in writing of the activities that must be

undertaken by Settling Defendants pursuant to this Consent Decree to complete the Work.

Provided, however, that EPA may require Settling Defendants to perform such activities

pursuant to this Paragraph only to the extent that such activities are consistent with the "scope of

the remedy selected in the ROD," as that term is defined in Paragraph 14.b. EPA will set forth in

the notice a schedule for performance of such activities consistent with the Consent Decree or

require the Settling Defendants to submit a schedule to EPA for approval pursuant to Section XI

(EPA Approval of Plans and Other Submissions). Settling Defendants shall perform all

activities described in the notice in accordance with the specifications and schedules established

BSA1050900

51
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

therein, subject to their right to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution).

b. If EPA concludes, based on the initial or any subsequent request for Certification of Completion by Settling Defendants and after a reasonable opportunity for review and comment by the State, that the Work has been performed in accordance with this Consent Decree, EPA will so notify the Settling Defendants in writing.

## XV. EMERGENCY RESPONSE

52. In the event of any action or occurrence during the performance of the Work which causes or threatens a release of Waste Material from the Site that constitutes an emergency situation or may present an immediate threat to public health or welfare or the environment, Settling Defendants shall, subject to Paragraph 53, immediately take all appropriate action to prevent, abate, or minimize such release or threat of release, and shall immediately notify the EPA's Project Coordinator, or, if the Project Coordinator is unavailable, EPA's Alternate Project Coordinator. If neither of these persons is available, the Settling Defendants shall notify the EPA Region III Hotline at (215) 814-3255. Settling Defendants shall take such actions in consultation with EPA's Project Coordinator or other available authorized EPA officer and in accordance with all applicable provisions of the Health and Safety Plans, the Contingency Plans, and any other applicable plans or documents developed pursuant to this Consent Decree. In the event that Settling Defendants fail to take appropriate response action as required by this Section, and EPA takes such action instead, Settling Defendants shall reimburse EPA all costs of

the response action not inconsistent with the NCP pursuant to Section XVI (Payments for

Response Costs).

    53. Nothing in the preceding Paragraph or in this Consent Decree shall be deemed to limit

any authority of the United States: (a) to take all appropriate action to protect human health and

the environment or to prevent, abate, respond to, or minimize an actual or threatened release of

Waste Material on, at, or from the Site; or (b) to direct or order such action, or seek an order

from the Court, to protect human health and the environment or to prevent, abate, respond to, or

minimize an actual or threatened release of Waste Material on, at, or from the Site, subject to

Section XXI (Covenants Not to Sue by Plaintiff).

## XVI. PAYMENTS FOR RESPONSE COSTS

    54. Payments for Past Response Costs

        Within ninety (90) days of the effective date of this Consent Decree, Settling

Defendants shall pay to EPA $7,000,000 in payment for Past Response Costs. Payment shall be

made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account

in accordance with current EFT procedures, referencing USAO File Number 2000V00579, EPA

Site/Spill ID No. 03Y2, and DOJ Case Number 90-11-2-06036-2. Payment shall be made in

accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit

of the United States Attorney's Office for the Eastern District of Pennsylvania following lodging

of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m.

(Eastern Time) will be credited on the next business day. Settling Defendants shall send notice

53
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

that such payment has been made to the United States as specified in Section XXVI (Notices and Submissions) and to the Docket Clerk (3RC00), United States Environmental Protection Agency, 1650 Arch Street, Philadelphia, PA 19103-2029. At the time of payment, Settling Defendants shall send copies of the check(s) to the United States as specified in Section XXVI (Notices and Submissions) and to the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103-2029. The total amount to be paid by Settling Defendants pursuant to this Subparagraph 54 shall be deposited in the EPA Hazardous Substance Superfund.

55. Payments for Future Response Costs

a. Settling Defendants shall reimburse the EPA Hazardous Substance Superfund for all Future Response Costs not inconsistent with the National Contingency Plan. The United States will send Settling Defendants a bill requiring payment that includes a cost summary, setting forth direct and indirect costs incurred by EPA, DOJ, and their contractors on a periodic basis. Within fourteen (14) days after Settling Defendants receive the bill, they may make a written request to EPA for the supporting cost documentation. This supporting cost documentation shall include cost summary reports, work assignments, technical work assignment status reports, direction documents, delivery orders, and other related documents for EPA and its contractors as applicable but not including confidential business information. Settling Defendants shall make payments of all portions of Future Response Costs for which Settling Defendants have not made a written request for supporting cost documentation within forty-five (45) days of Settling Defendants' receipt of each bill requiring payment. If the

54
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

Settling Defendants request supporting cost documentation for any portion of Future Response Costs in a timely manner, payment for those portions of Future Response Costs for which Settling Defendants have requested supporting cost documentation shall be made within ninety (90) days after Settling Defendants' receipt of the supporting cost documentation, except as otherwise provided in Paragraph 56. The Settling Defendants shall make all payments required by this Paragraph in the form of a certified or cashier's check or checks made payable to "EPA Hazardous Substance Superfund" and referencing the name and address of the party making the payment, EPA Site/Spill ID No. 03Y2, and DOJ Case Number 90-11-2-06036-2. Settling Defendants shall send the check(s) to United States Environmental Protection Agency, Region III, Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 15251-6515, and shall send copies of the check(s) to the United States as specified in Section XXVI (Notices and Submissions) and to the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103-2029. The total amount to be paid by Settling Defendants pursuant to Subparagraph 55.a shall be deposited in the EPA Hazardous Substance Superfund.

b. Notwithstanding Paragraph 55.a, the Settling Defendants shall be obligated to reimburse the United States for Oversight Costs incurred in connection with Remedial Design and oversight of Removal Actions only if the decision in United States v. Rohm & Haas Co., No. 92-1517 (3rd Cir. Aug. 12, 1993), regarding the liability of responsible parties under Section 107(a)(4)(A) of CERCLA for EPA oversight costs is reversed or overturned by the Court of Appeals for the Third Circuit, the United States Supreme Court, or the United States Congress

through amendment to CERCLA or otherwise. Nothing in this Paragraph 55.b shall be deemed to be an adjudication by this Court or an admission by EPA or the United States or shall be admissible in any other proceeding as to the legal issue whether oversight costs are properly recoverable under Section 107 of CERCLA or pursuant to a settlement of such an action.

56. Settling Defendants may contest payment of any Future Response Costs under Paragraph 55 only if they determine that the United States has made an accounting error or if they allege that a cost item that is included represents costs that are inconsistent with the NCP. Such objection shall be made in writing within thirty (30) days of receipt of the bill or in the event supporting cost documentation is timely requested, within ninety (90) days of receipt of the supporting cost documentation, and must be sent to the United States pursuant to Section XXVI (Notices and Submissions). Any such objection shall specifically identify the contested Future Response Costs and the basis for objection. In the event of an objection, the Settling Defendants shall within the thirty (30) day or ninety (90) day period pay all uncontested Future Response Costs to the United States in the manner described in Paragraph 55. Simultaneously, the Settling Defendants shall establish an interest-bearing escrow account in a federally-insured bank duly chartered in the Commonwealth of Pennsylvania and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs. The Settling Defendants shall send to the United States, as provided in Section XXVI (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of the correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow

56
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

account is established as well as a bank statement, or other official documentation of deposit by the bank showing the initial balance of the escrow account. Simultaneously with establishment of the escrow account, the Settling Defendants shall initiate the Dispute Resolution procedures in Section XIX (Dispute Resolution). If the United States prevails in the dispute, within twenty (20) days of the resolution of the dispute, the Settling Defendants shall pay the sums due (with accrued interest) to the United States in the manner described in Paragraph 55. If the Settling Defendants prevail concerning any aspect of the contested costs, the Settling Defendants shall pay that portion of the costs (plus associated accrued interest) for which they did not prevail to the United States in the manner described in Paragraph 55; Settling Defendants shall be disbursed any balance of the escrow account. The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XIX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendants' obligation to reimburse the United States for its Future Response Costs.

57. In the event that the payments required by Subparagraph 54 are not made within ninety (90) days of the effective date of this Consent Decree or the payments required by Paragraph 55 are not made within forty-five (45) days of the Settling Defendants' receipt of the bill, or if supporting cost documentation is timely requested, within ninety (90) days after receipt of the supporting cost documentation, Settling Defendants shall pay Interest on the unpaid balance, except for any portion of the balance on which Settling Defendants contest and prevail pursuant to Paragraph 56. The Interest to be paid on Past Response Costs under this Paragraph shall begin to accrue thirty (30) days after the effective date of this Consent Decree. The Interest on Future

Response Costs shall begin to accrue on the date of the bill, or in the event supporting

documentation is requested, within ninety (90) days after receipt of the supporting

documentation. The Interest shall accrue through the date of the Settling Defendants' payment.

Payments of Interest made under this Paragraph shall be in addition to such other remedies or

sanctions available to Plaintiff by virtue of Settling Defendants' failure to make timely payments

under this Section. The Settling Defendants shall make all payments required by this Paragraph

in the manner described in Paragraph 55.


# XVII. INDEMNIFICATION AND INSURANCE

58. a. The United States does not assume any liability by entering into this agreement or by

virtue of any designation of Settling Defendants as EPA's authorized representatives under

Section 104(e) of CERCLA. Settling Defendants shall indemnify, save, and hold harmless the

United States and its officials, agents, employees, contractors, subcontractors, or representatives

for or from any and all claims or causes of action arising from, or on account of, negligent or

other wrongful acts or omissions of Settling Defendants, their officers, directors, employees,

agents, contractors, subcontractors, and any persons acting on their behalf or under their control,

in carrying out activities pursuant to this Consent Decree, including, but not limited to, any

claims arising from any designation of Settling Defendants as EPA's authorized representatives

under Section 104(e) of CERCLA. Further, the Settling Defendants agree to pay the United

States all costs it incurs including, but not limited to, attorneys fees and other expenses of

litigation and settlement arising from, or on account of, claims made against the United States

58
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

based on negligent or other wrongful acts or omissions of Settling Defendants, their officers,

directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf
.   .
or under their control, in carrying out activities pursuant to this Consent Decree. The United

States shall not be held out as a party to any contract entered into by or on behalf of Settling

Defendants in carrying out activities pursuant to this Consent Decree. Neither the Settling

Defendants nor any such contractor shall be considered an agent of the United States.

b. The United States shall give Settling Defendants notice of any claim for which

the United States plans to seek indemnification pursuant to Paragraph 58.a., and shall consult

with Settling Defendants prior to settling such claim.

59. Settling Defendants waive all claims against the United States for damages or

reimbursement or for set-off of any payments made or to be made to the United States, arising

from or on account of any contract, agreement, or arrangement between any one or more of

Settling Defendants and any person for performance of Work on or relating to the Site,

including, but not limited to, claims on account of construction delays. In addition, Settling

Defendants shall indemnify and hold harmless the United States with respect to any and all

claims for damages or reimbursement arising from or on account of any contract, agreement, or

arrangement between any one or more of Settling Defendants and any person for performance of

Work on or relating to the Site, including, but not limited to, claims on account of construction

delays.

60. No later than fifteen (15) days before commencing any on-Site Work, Settling

Defendants shall secure, and shall maintain until the first anniversary of EPA's Certification of

Completion of the Work pursuant to Paragraph 51.b of Section XIV (Certification of

Completion) comprehensive general liability insurance with limits of five million dollars,

combined single limit, and automobile liability insurance with limits of $500,000, combined

single limit, naming the United States as an additional insured. In addition, for the duration of

this Consent Decree, Settling Defendants shall satisfy, or shall ensure that their contractors or

subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's

compensation insurance for all persons performing the Work on behalf of Settling Defendants in

furtherance of this Consent Decree. Prior to commencement of the Work under this Consent

Decree, Settling Defendants shall provide to EPA certificates of such insurance and a copy of

each insurance policy. Settling Defendants shall resubmit such certificates and copies of policies

each year on the anniversary of the effective date of this Consent Decree. If Settling Defendants

demonstrate by evidence satisfactory to EPA that any contractor or subcontractor maintains

insurance equivalent to that described above, or insurance covering the same risks but in a lesser

amount, then, with respect to that contractor or subcontractor, Settling Defendants need provide

only that portion of the insurance described above which is not maintained by the contractor or

subcontractor. Settling Defendants may satisfy the provisions of this Paragraph 60 if they

submit to EPA for approval one of the financial assurance mechanisms of Section XIII

(Assurance of Ability to Complete Work) in at least the amounts stated in this Paragraph 60

demonstrating that Settling Defendants are able to pay any claims arising out of Settling

Defendants' performance of their obligations under this Consent Decree. Such financial

assurance mechanism shall meet all of the requirements of Section XIII (Assurance of Ability to

60
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

Complete Work). If Settling Defendants seek to utilize the mechanisms set forth in Section XIII

(Assurance of Ability to Complete Work) to satisfy the provisions of this Paragraph 60, they

must demonstrate an ability to pay the amounts required under this Paragraph, above and beyond

that required by the obligations of Section XIII (Assurance of Ability to Complete Work).

## XVIII. FORCE MAJEURE

61. "Force majeure," for purposes of this Consent Decree, is defined as any event arising

from causes beyond the control of the Settling Defendants, of any entity controlled by Settling

Defendants, or of Settling Defendants' contractors, that delays or prevents the performance of

any obligation under this Consent Decree despite Settling Defendants' best efforts to fulfill the

obligation. The requirement that the Settling Defendants exercise "best efforts to fulfill the

obligation" includes using best efforts to anticipate any potential force majeure event and best

efforts to address the effects of any potential force majeure event (a) as it is occurring, and (b)

following the potential force majeure event, such that the delay is minimized to the greatest

extent possible. "Force Majeure" does not include financial inability to complete the Work, a

failure to attain the Performance Standards, or increased costs.

62. If any event occurs or has occurred that may delay the performance of any obligation

under this Consent Decree, whether or not caused by a force majeure event, the Settling

Defendants shall notify orally EPA's Project Coordinator or, in his or her absence, EPA's

Alternate Project Coordinator (or in the absence of both, shall leave a voicemail message or both

of their telephone lines) within forty-eight (48) hours of when Settling Defendants first knew

that the event might cause a delay. Within five (5) days thereafter, Settling Defendants shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Settling Defendants' rationale for attributing such delay to a force majeure event if they intend to assert such a claim; and a statement as to whether, in the opinion of the Settling Defendants, such event may cause or contribute to an endangerment to public health, welfare or the environment. The Settling Defendants shall include with any notice all documentation available to them supporting their claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Settling Defendants from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Settling Defendants shall be deemed to know of any circumstance of which Settling Defendants, any entity controlled by Settling Defendants, or Settling Defendants' contractors knew or should have known.

63. If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA, after a reasonable opportunity for review and comment by the State, for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. If EPA, after a reasonable

opportunity for review and comment by the State, does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify the Settling Defendants in writing of its decision. If EPA, after a reasonable opportunity for review and comment by the State, agrees that the delay is attributable to a force majeure event, EPA will notify the Settling Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

64. If the Settling Defendants elect to invoke the dispute resolution procedures set forth in Section XIX (Dispute Resolution), they shall do so no later than fifteen (15) days after receipt of EPA's notice. In any such proceeding, Settling Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Settling Defendants complied with the requirements of Paragraphs 61 and 62, above. If Settling Defendants carry this burden, the delay at issue shall be deemed not to be a violation by Settling Defendants of the affected obligation of this Consent Decree identified to EPA and the Court.

## XIX. DISPUTE RESOLUTION

65. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. However, the procedures set forth in this Section shall not

BSAI052904

63
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

apply to actions by the United States to enforce obligations of the Settling Defendants that have not been disputed in accordance with this Section.

66. Any dispute between the United States and the Settling Defendants which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal negotiations shall not exceed thirty (30) days from the time the dispute arises, unless that time is modified by written agreement of the parties to the dispute. The dispute shall be considered to have arisen when one party sends the other parties a written Notice of Dispute.

67.    a. In the event that the United States and the Settling Defendants cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA shall be considered binding unless, within ten (10) working days after the conclusion of the informal negotiation period, Settling Defendants invoke the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by the Settling Defendants. The Statement of Position shall specify the Settling Defendants' position as to whether formal dispute resolution should proceed under Paragraph 68 or Paragraph 69.

b. Within fourteen (14) working days after receipt of Settling Defendants' Statement of Position, EPA will serve on Settling Defendants its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to

BSAI052905

whether formal dispute resolution should proceed under Paragraph 68 or 69. Within seven (7)

working days after receipt of EPA's Statement of Position, Settling Defendants may submit a

Reply.

       c.  If there is disagreement between EPA and the Settling Defendants as to whether

dispute resolution should proceed under Paragraph 68 or 69, the parties to the dispute shall

follow the procedures set forth in the Paragraph determined by EPA to be applicable. However,

if the Settling Defendants ultimately appeal to the Court to resolve the dispute, the Court shall

determine which Paragraph is applicable in accordance with the standards of applicability set

forth in Paragraphs 68 and 69.

      68.  Formal dispute resolution for disputes between the United States and the Settling

Defendants pertaining to the selection or adequacy of any response action and all other disputes

that are accorded review on the administrative record under applicable principles of

administrative law shall be conducted pursuant to the procedures set forth in this Paragraph. For

purposes of this Paragraph, the adequacy of any response action includes, without limitation: (1)

the adequacy or appropriateness of plans, procedures to implement plans, or any other items

requiring approval by EPA under this Consent Decree; and (2) the adequacy of the performance

of response actions taken pursuant to this Consent Decree. Nothing in this Consent Decree shall

be construed to allow any dispute by Settling Defendants regarding the validity of the ROD's

provisions.

       a.  An administrative record of the dispute shall be maintained by EPA and shall

contain all statements of position, including supporting documentation, submitted pursuant to

65
*United States v. Cytec Industries Inc., et al.*
Remedial Design/Remedial Action Consent Decree

this Section. Where appropriate, EPA may allow submission of supplemental statements of position by the parties to the dispute.

　　　b. The Director of the Hazardous Site Cleanup Division, EPA Region III, will issue a final administrative decision resolving the dispute based on the administrative record described in Paragraph 68.a. This decision shall be binding upon the Settling Defendants, subject only to the right to seek judicial review pursuant to Paragraph 68.c. and d.

　　　c. Any administrative decision made by EPA pursuant to Paragraph 68.b. shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by the Settling Defendants with the Court and served on all Parties within ten (10) days of receipt of EPA's decision. The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree. The United States may file a response to Settling Defendants' motion.

　　　d. In proceedings on any dispute governed by this Paragraph, Settling Defendants shall have the burden of demonstrating that the decision of the Director of the Hazardous Site Cleanup Division, EPA Region III, is arbitrary and capricious or otherwise not in accordance with law. Judicial review of EPA's decision shall be on the administrative record compiled pursuant to Paragraph 68.a.

　　69. Formal dispute resolution for disputes between the United States that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the

administrative record under applicable principles of administrative law, shall be governed by this

Paragraph.

        a.  Following receipt of Settling Defendants' Statement of Position submitted

pursuant to Paragraph 67, the Director of the Hazardous Site Cleanup Division, EPA Region III,

will issue a final decision resolving the dispute.  The Director's decision shall be binding on the

Settling Defendants unless, within ten (10) days of receipt of the decision, the Settling

Defendants file with the Court and serve on the parties a motion for judicial review of the

decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief

requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly

implementation of the Consent Decree.  The United States may file a response to Settling

Defendants' motion.

        b.  Notwithstanding Paragraph L of Section I (Background) of this Consent Decree,

judicial review of any dispute governed by this Paragraph shall be governed by applicable

principles of law.

    70.  The invocation of formal dispute resolution procedures under this Section and/or the

existence of a dispute(s) between or among the Settling Defendants shall not extend, postpone,

or affect in any way any obligation of the Settling Defendants under this Consent Decree unless

EPA agrees in writing or the Court otherwise orders.  Stipulated penalties with respect to the

disputed matter shall continue to accrue but payment shall be stayed pending resolution of the

dispute as provided in Paragraph 79.  Notwithstanding the stay of payment, stipulated penalties

shall accrue from the first day of noncompliance with any applicable provision of this Consent

Decree. In the event that the Settling Defendants do not prevail on the disputed issue, stipulated

penalties shall be assessed and paid as provided in Section XX (Stipulated Penalties).

## XX. STIPULATED PENALTIES

71. Settling Defendants shall be liable for stipulated penalties in the amounts set forth in

Paragraphs 72 and 73 to the United States for failure to comply with the requirements of this

Consent Decree specified below, unless excused under Section XVIII (Force Majeure).

"Compliance" by Settling Defendants shall include completion of the activities under this

Consent Decree or any work plan or other plan approved under this Consent Decree identified

below in accordance with all applicable requirements of law, this Consent Decree, and any plans

or other documents approved by EPA pursuant to this Consent Decree and within the specified

time schedules established by and approved under this Consent Decree.

72. a. The following stipulated penalties shall accrue per violation per day for any

noncompliance identified in Subparagraph b:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 2,500.00 | 1st through 14th day |
| $ 5,000.00 | 15th through 30th day |
| $10,000.00 | 31st day and beyond |

b. Failure to comply with requirements of Section VI (Performance of the Work by

Settling Defendants), Section VII (Remedy Review), Section VIII (Quality Assurance,

BSAI052909

68
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

Sampling, and Data Analysis), Section XI (EPA Approval of Plans and Other Submissions), and

Section XV (Emergency Response).

73.    a. The following stipulated penalties shall accrue per violation per day for any

noncompliance identified in Subparagraph b:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $    500.00 | 1st through 14th day |
| $ 1,000.00 | 15th through 30th day |
| $ 2,000.00 | 31st day and beyond |

b. All requirements of this Consent Decree that are not identified in Paragraph 72(b)

of this Consent Decree.

74. In the event that EPA assumes performance of a portion or all of the Work pursuant to

Paragraph 87 of Section XXI (Covenants Not to Sue by Plaintiffs), Settling Defendants shall be

liable for a stipulated penalty in the amount of Four Million dollars ($4,000,000).

75. All penalties shall begin to accrue on the day after the complete performance is due or

the day a violation occurs, and shall continue to accrue through the final day of the correction of

the noncompliance or completion of the activity. However, stipulated penalties shall not accrue:

(1) with respect to a deficient submission under Section XI (EPA Approval of Plans and Other

Submissions), during the period, if any, beginning on the 31st day after EPA's receipt of such

submission until the date that EPA notifies Settling Defendants of any deficiency; (2) with

respect to a decision by the Director of the Hazardous Site Cleanup Division, EPA Region III,

BSAI052910

under Paragraph 68.b. or 69.a. of Section XIX (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that Settling Defendants' reply to EPA's Statement of Position is received until the date that the Director of the Hazardous Site Cleanup Division, EPA Region III, issues a final decision regarding such dispute; or (3) with respect to judicial review by this Court of any dispute under Section XIX (Dispute Resolution), during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

76. Following EPA's determination that Settling Defendants have failed to comply with a requirement of this Consent Decree, EPA may give Settling Defendants written notification of the same and describe the noncompliance. EPA may send the Settling Defendants a written demand for the payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA has notified the Settling Defendants of a violation.

77. All penalties accruing under this Section shall be due and payable to the United States within thirty (30) days of the Settling Defendants' receipt from EPA of a demand for payment of the penalties, unless Settling Defendants invoke the Dispute Resolution procedures under Section XIX (Dispute Resolution). All payments to the United States under this Section shall be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances Superfund," shall be mailed to the United States Environmental Protection Agency, Region III, Attention:

Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 125251-6515, shall indicate that the payment is for stipulated penalties, and shall reference the EPA Region and Site/Spill ID #03Y2, the DOJ Case Number 90-11-206036-2, and the name and address of the party making payment. Copies of check(s) paid pursuant to this Section, and any accompanying transmittal letter(s), shall be sent to the United States as provided in Section XXVI (Notices and Submissions), and to the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103-2029.

78. The payment of penalties shall not alter in any way Settling Defendants' obligation to complete the performance of the Work required under this Consent Decree.

79. Penalties shall continue to accrue as provided in Paragraph 75 during any dispute resolution period unless:

a. Settling Defendants pay any undisputed amounts in accordance with Paragraph 77 above; and

b. Settling Defendants place any disputed amounts in an interest-bearing escrow account which amounts will be dispersed to Settling Defendants or EPA based on Subparagraphs c., d., or e. below:

c. If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, accrued penalties and interest determined to be owing shall be paid to EPA from the escrow account within fifteen (15) days of the agreement or the receipt of EPA's decision or order;

71
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

d. If the dispute is appealed to this Court and the United States prevails in whole or in part, Settling Defendants shall pay all accrued penalties and interest determined by the Court to be paid to EPA from the escrow account within sixty (60) days of receipt of the Court's decision or order, except as provided in Subparagraph e below;

e. If the District Court's decision is appealed by any Party, Settling Defendant shall pay all accrued penalties determined by the District Court to be owing to the United States into an interest-bearing escrow account within sixty (60) days of receipt of the District Court's decision or order. Penalties shall be paid into this escrow account as they continue to accrue, at least every sixty (60) days after the District Court's decision or order. Within fifteen (15) days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to EPA or to Settling Defendants to the extent that they prevail.

80. a. If Settling Defendants fail to pay stipulated penalties when due, the United States may institute proceedings to collect the penalties, as well as interest. Settling Defendants shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 77.

b. Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(l) of CERCLA. Provided, however, that for any particular violation of this Consent Decree, the United States shall be limited to either demanding stipulated penalties pursuant to this

BSAI052913

Section XX of the Consent Decree or pursuing civil penalties pursuant to Section 122(l) of

CERCLA.

81. Notwithstanding any other provision of this Section, the United States may, in its

unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to

this Consent Decree.


## XXI. COVENANTS NOT TO SUE BY PLAINTIFF

82. In consideration of the actions that will be performed and the payments that will be

made by the Settling Defendants under the terms of the Consent Decree, and except as

specifically provided in Paragraphs 83, 84, and 86 of this Section, the United States covenants

not to sue or to take administrative action against Settling Defendants pursuant to Sections 106

and 107(a) of CERCLA relating to the Site. Except with respect to future liability, these

covenants not to sue shall take effect upon the receipt by EPA of the payments required by

Paragraph 54 of Section XVI (Payments for Response Costs). With respect to future liability,

these covenants not to sue shall take effect upon Certification of Completion of Remedial Action

by EPA pursuant to Paragraph 50.b of Section XIV (Certification of Completion). These

covenants not to sue are conditioned upon the satisfactory performance by Settling Defendants

of their obligations under this Consent Decree. These covenants not to sue extend only to the

Settling Defendants and do not extend to any other person.

83. United States' Pre-Certification Reservations. Notwithstanding any other

provision of this Consent Decree, the United States reserves, and this Consent Decree is without

73
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants (1) to perform further response actions relating to the Site or (2) to reimburse the United States for additional costs of response if, prior to Certification of Completion of the Remedial Action:

(i)    conditions at the Site, previously unknown to EPA, are discovered, or

(ii)   information, previously unknown to EPA, is received, in whole or in part,

and these previously unknown conditions or this information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

84. United States' Post-Certification Reservations. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants (1) to perform further response actions relating to the Site or (2) to reimburse the United States for additional costs of response if, subsequent to Certification of Completion of the Remedial Action:

(i)    conditions at the Site, previously unknown to EPA, are discovered, or

(ii)   information, previously unknown to EPA, is received, in whole or in part,

and these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

85. For purposes of Paragraph 83, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date the ROD was signed and set forth in the Record of Decision for the Site and the administrative record supporting the Record of Decision. For purposes of Paragraph 84, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the Remedial Action and set forth in the Record of Decision, the administrative record supporting the Record of Decision, the post-ROD administrative record, or in any information received by EPA pursuant to the requirements of the OU-1 Consent Decree and this Consent Decree prior to Certification of Completion of the Remedial Action.

86. General reservations of rights. The covenants not to sue set forth above do not pertain to any matters other than those expressly specified in Paragraph 82. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including but not limited to, the following:

(1) claims based on a failure by Settling Defendants to meet a requirement of this Consent Decree;

(2) liability arising from the past, present, or future disposal, release, or threat of release of Waste Materials outside of the Site;

(3) liability for future disposal of Waste Material at the Site, other than as provided in the ROD, the Work, or otherwise ordered in writing or authorized in writing by EPA;

(4) liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

(5) criminal liability;

(6) liability for violations of federal or state law which occur during or after implementation of the Remedial Action; and

(7) liability, prior to Certification of Completion of the Remedial Action, for additional response actions that EPA determines are necessary to achieve Performance Standards, but that cannot be required pursuant to Paragraph 14 (Modification of the Work).

87. Work Takeover. In the event EPA determines that Settling Defendants have ceased implementation of any portion of the Work, are seriously or repeatedly deficient or late in their performance of the Work, or are implementing the Work in a manner which may cause an endangerment to human health or the environment, EPA may assume the performance of all or any portions of the Work as EPA determines necessary. Settling Defendants may invoke the procedures set forth in Section XIX (Dispute Resolution), Paragraph 68, to dispute EPA's determination that takeover of the Work is warranted under this Paragraph. Costs incurred by the United States in performing the Work pursuant to this Paragraph shall be considered Future

Response Costs that Settling Defendants shall pay pursuant to Section XVI (Payments for Response Costs).

88. Notwithstanding any other provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.


## XXII. COVENANTS BY SETTLING DEFENDANTS

89. Covenant Not to Sue. Subject to the reservations in Paragraph 90, Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States with respect to the Site or this Consent Decree, including, but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA §§ 106(b)(2), 107, 111, 112, 113, or any other provision of law;

b. any claims against the United States, including any department, agency or instrumentality, under CERCLA Sections 107 or 113 related to the Site, or

c. any claims arising out of response activities at the Site, including claims based on EPA's selection of response actions, oversight of response activities or approval of plans for such activities.

90. The Settling Defendants reserve, and this Consent Decree is without prejudice to (a) claims against the United States, except for EPA, for contribution under CERCLA Section 113, 42 U.S.C. § 9613, related to the Site, including without limitation, claims for response costs and natural resource damages; (b) claims against the United States subject to the provisions of

BSAI052918

Chapter 171 of Title 28 of the United States Code, for money damages for injury or loss of

property or personal injury or death caused by the negligent or wrongful act or omission of any

employee of the United States while acting within the scope of his or her office or employment

under circumstances where the United States, if a private person, would be liable to the claimant

in accordance with the law of the place where the act or omission occurred; and (c) claims

against each other as Settling Defendants for contribution under CERCLA related to the Site,

including without limitation, claims for response costs and natural resource damages. However,

the claim reserved under Paragraph 90.b shall not include a claim for any damages caused, in

whole or in part, by the act or omission of any person, including any contractor, who is not a

federal employee as that term is defined in 28 U.S.C. § 2671; nor shall claims include a claim

based on EPA's selection of response actions, or the oversight or approval of the Settling

Defendants' plans or activities. Paragraph 90.b applies only to claims which are brought

pursuant to any statute other than CERCLA and for which the waiver of sovereign immunity is

found in a statute other than CERCLA.

91. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a

claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R.

§ 300.700(d).

92. Settling Defendants agree to waive all claims or causes of action that they may have for

all matters relating to the Site, including for contribution, against the following persons:

a. any person (i) whose liability to Settling Defendants with respect to the Site is

based solely on CERCLA Section 107(a)(3) or (4); (ii) who arranged for the disposal, treatment,

BSAI052919

78
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

or transport for disposal or treatment or accepted for transport for disposal or treatment of only

Municipal Solid Waste or Sewage Sludge owned by such person; and (iii) who is a Small

Business, a Small Non-Profit Organization, or (except for the owner or any lessee or occupant of

the Site) the Owner, Operator, or Lessee of Residential Property; and

      b.  any person (i) whose liability to Settling Defendants with respect to the Site is

based solely on CERCLA Section 107(a)(3) or (4); and (ii) who arranged for the disposal,

treatment, or transport for disposal or treatment, or accepted for transport for disposal or

treatment, of 55 gallons or less of liquid materials containing hazardous substances, or 100

pounds or less of solid materials containing hazardous substances, except where EPA has

determined that such material contributed or could contribute significantly to the costs of

response at the Site.

## XXIII.  EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

   93.  Except as provided in Paragraph 92, nothing in this Consent Decree shall be construed

to create any rights in, or grant any cause of action to, any person not a Party to this Consent

Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any

person not a signatory to this decree may have under applicable law.  Except as provided in

Paragraph 92, each of the Parties expressly reserves any and all rights (including, but not limited

to, any right to contribution), defenses, claims, demands, and causes of action which each Party

may have with respect to any matter, transaction, or occurrence relating in any way to the Site

against any person not a Party hereto.

BSAI052920

94. The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree. The "matters addressed" in this settlement are all response actions taken or to be taken with respect to the Site and all Response Costs incurred or to be incurred by the United States with respect to the Site. The "matters addressed" in this settlement do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Consent Decree), in the event that the United States asserts rights against Settling Defendants coming within the scope of such reservations, nor do "matters addressed" in this settlement include contribution claims by the Settling Defendants under CERCLA Section 113(f) against each other.

95. The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the United States in writing no later than sixty (60) days prior to the initiation of such suit or claim.

96. The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the United States within ten (10) days of service of the complaint on them. In addition, Settling Defendants shall notify the United States within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial.

80
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

97. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XXI (Covenants Not to Sue by Plaintiff).

## XXIV. ACCESS TO INFORMATION

98. Settling Defendants shall provide to EPA, upon request, and at all reasonable times, copies of all non-privileged documents and information within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other non-privileged documents or information related to the Work. Settling Defendants shall also make available to EPA, for purposes of investigation, information gathering, or testimony, upon reasonable notice and at reasonable times and places, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

99.    a. Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent

BSAI052922

81
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendants.

b. One or more Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If any Settling Defendant asserts such a privilege in lieu of providing documents, the Settling Defendant shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the contents of the document, record, or information: and (6) the privilege asserted by Settling Defendant. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

100. No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data (other than construction costs estimates used or to be used by the Settling

Defendants to solicit bids for the Work, or any other documents or information evidencing conditions at or around the Site.

## XXV. RETENTION OF RECORDS

101. Until ten (10) years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 51.b of Section XIV (Certification of Completion of the Work), each Settling Defendant shall preserve and retain at least one (1) copy of all records and documents now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work or liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary. Until ten (10) years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 51.b of Section XIV, Settling Defendants shall also instruct their contractors and agents to preserve at least one (1) copy of all documents, records, and information of whatever kind, nature, or description relating to the performance of the Work.

102. At the conclusion of this document retention period, Settling Defendants shall notify the United States at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by the United States, Settling Defendants shall make any such records or documents available to EPA. If the United States has not responded to Settling Defendants' notice prior to the time Settling Defendants intend to destroy the records or documents, Settling Defendants shall make all such records and documents available to EPA no earlier than ten (10) days after providing an additional written notice that such records and

BSAI052924

83
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

documents will be destroyed, unless EPA provides otherwise after receiving such notice. The

Settling Defendants may assert that certain documents, records and other information are

privileged under the attorney-client privilege or any other privilege recognized by federal law. If

the Settling Defendants assert such a privilege, they shall provide the Plaintiffs w

following: (1) the title of the document, record, or information; (2) the date of th         ent,

record, or information; (3) the name and title of the author of the document, rec

information; (4) the name and title of each addressee and recipient; (5) a descrip         1e

subject of the document, record, or information; and (6) the privilege asserted b         ₃

Defendants. However, no documents, reports, or other information created or generated

pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they

are privileged.

103. Each Settling Defendant hereby certifies individually that, to the best of its knowledge

and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise

disposed of any records, documents, or other information relating to its potential liability

regarding the Site since notification of potential liability by the United States or the State or the

filing of suit against it regarding the Site (except as otherwise identified in Appendix C of this

Consent Decree). Each Settling Defendant further certifies individually that, to the best of its

knowledge and belief, after thorough inquiry that it has fully complied with any and all EPA

requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§

9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

BSAI052925

## XXVI. NOTICES AND SUBMISSIONS

104. Unless otherwise agreed upon in writing by EPA, whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, the State, and the Settling Defendants, respectively.

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
Re: DOJ # 90-11-2-06036

and

Sarah P. Keating
Michael A. Hendershot
Senior Assistant Regional Counsel (3RC43)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

BSAI052926

85
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

As to EPA:

James P. Harper
EPA Project Coordinator
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA  19103-2029

As to the State:

Dustin A. Armstrong
State Project Coordinator
Environmental Cleanup Program
Pa. Department of Environmental Protection
555 North Lane
Suite 6010
Conshohocken, PA 19428

As to the Settling Defendants:

Geoffrey C. Seibel
Defendants' Project Coordinator
de maximis, inc.
1125 S. Cedar Crest Boulevard
Suite 202
Allentown, PA 18103


# XXVII. EFFECTIVE DATE

105. The effective date of this Consent Decree shall be the date upon which this Consent

Decree is entered by the Court, except as otherwise provided herein.

BSAI052927

86
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

## XXVIII. RETENTION OF JURISDICTION

106. This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIX (Dispute Resolution) hereof.

## XXIX. APPENDICES

107. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the ROD.

"Appendix B" is the Draft Easement.

"Appendix C" is the identification by Settling Defendants of records, documents, or other information pursuant to Section XXV (Record Retention) of this Consent Decree.

"Appendix D" is the map of the Site.

## XXX. COMMUNITY RELATIONS

108. Settling Defendants shall propose to EPA their participation in the community relations plan to be developed by EPA. EPA will determine the appropriate role for the Settling Defendants under the Plan. Settling Defendants shall also cooperate with EPA in providing information regarding the Work to the public. As requested by EPA, Settling Defendants shall

participate in the preparation of such information for dissemination to the public and in public

meetings which may be held or sponsored by EPA to explain activities at or relating to the Site.

The Settling Defendants shall not be precluded from undertaking their own community relations

efforts if approved by EPA in writing. This Paragraph shall not be interpreted to inhibit or affect

the community relations efforts by the Settling Defendants; provided, however, that such efforts

shall not be inconsistent with the NCP or any approved community relations plans developed in

accordance with this Consent Decree, and provided that EPA approves any such community

relation plan in writing.

## XXXI. MODIFICATION

109.    Schedules specified in this Consent Decree, or in plans prepared and approved in

writing pursuant to this Consent Decree, for completion of the Work may be modified by

agreement of the EPA Project Coordinator and the Settling Defendants. All such modifications

shall be made in writing. Any permits or permit equivalents required for the Work may be

modified in accordance with the procedures governing the modification of such permits.

110.    Except as otherwise provided in this Paragraph, no modifications shall be made to

provisions of this Consent Decree without written notification to and written approval of the

United States, Settling Defendants, and the Court. Prior to providing its approval to any

modification to the provisions of this Consent Decree, the United States will provide the State

with a reasonable opportunity to review and comment on the proposed modification.

Modifications to the Remedial Design Work Plan, Remedial Action Work Plan, and any other

BSAI052929

plan approved by EPA under this Consent Decree that do not materially alter the requirements of those documents may be made by written agreement between the EPA Project Coordinator, after providing the State with a reasonable opportunity to review and comment on the proposed modification, and the Settling Defendants. Modifications to the Work made pursuant to Paragraph 14 ("Modification of the Work") may be made by EPA. Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

## XXXII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

111.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

112.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

89
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

## XXXIII. SIGNATORIES/SERVICE

113.   Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for Environment and Natural Resources of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

114.   Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

115.   Each Settling Defendant shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

## XXXIV. RELATIONSHIP BETWEEN CONSENT ORDER AND CONSENT DECREE

116.   The United States and the Settling Defendants have agreed that certain portions of the Work shall commence in accordance with Administrative Order on Consent, EPA Docket No. III-2001-0010DC, ("Consent Order") prior to the effective date of this Consent Decree. Upon the effective date of this Consent Decree, and as set forth in Section III of the Consent Order, the Consent Order shall terminate. It is agreed by the Parties, that upon termination of the

BSAI052931

90
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

Consent Order due to entry of this Consent Decree, performance of work commenced under the

Consent Order shall continue under this Consent Decree in accordance with the EPA-approved

schedules and requirements developed under the Consent Order. To the extent that Settling

Defendants have fulfilled obligations under the Consent Order that are also required by this

Consent Decree, Settling Defendants shall also be deemed to have fulfilled such obligations

under this Consent Decree.


## XXXV. FINAL JUDGMENT

117.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree

shall constitute a final judgment between and among the United States, the State, and the Settling

Defendants. The Court finds that there is no just reason for delay and therefore enters this

judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS *13th* DAY OF *Nov*, 2002

United States District Judge

91
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

*THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Cytec Industries, Inc., et al, relating to the Boarhead Farms Superfund Site.*

FOR THE UNITED STATES OF AMERICA

JOHN CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

DONNA DUER
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

MARILYN MAY
Assistant United States Attorney
Eastern District of Pennsylvania
U.S. Department of Justice
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

BSAI052933

92
*United States v. Cytec Industries Inc., et al.*
*Remedial Design/Remedial Action Consent Decree*

_____

THOMAS C. VOLTAGGIO
Acting Regional Administrator
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

_____

WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103-2029

_____

SARAH P. KEATING
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

_____

MICHAEL A. HENDERSHOT
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

BSAI052934

93
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

FOR CYTEC INDUSTRIES INC.:*

[Signature]

Please Type the Following:

Name: Edward F. Jackman

Title: Vice President, General Counsel and Secretary
Cytec Industries Inc.
Address: 5 Garret Mountain Plaza
West Paterson NJ 07424


**Agent Authorized to Accept Service on Behalf of Above-Signed Party:**

*Please Type the Following:*

Name: Edward F. Malone

Title: Assistant Secretary
Cytec Industries Inc.
Address: 5 Garret Mountain Plaza
West Paterson NJ 07424

Telephone: (973) 357-3133


*/  A separate signature page must be signed by each corporation, individual or other legal
entity that is settling with the United States.

BSAI052935

93
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

FOR FORD MOTOR COMPANY INC.*

_____
(Signature)

DeZure
Assistant Secretary

Please Type the Following:

Name:  Thomas DeZure

Title:  Assistant Secretary

Address:  Suite 600 PTE, One Parklane Blvd.
          Dearborn, Michigan  48126


Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Please Type the Following:

Name:  Kathy J. Hofer

Title:  Counsel

Address:  Suite 1500 PTW, Three Parklane Blvd.
          Dearborn, Michigan  48126

Telephone:  (313) 594-1687


*/  A separate signature page must be signed by each corporation, individual or other legal
entity that is settling with the United States.

BSAI052936

93
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

FOR SPS Technologies, INC.: *

_James D. Dee_
[Signature]

Please Type the Following:

Name: James D. Dee

Title: Vice President

Address: Two Pitcairn Place, Suite 200
165 Township Line Road
Jenkintown, PA 19046

**Agent Authorized to Accept Service on Behalf of Above-Signed Party:**

Please Type the Following:

Name: James D. Dee

Title: Vice President
Two Pitcairn Place, Suite 200
Address: 165 Township Line Road
Jenkintown, PA 19046

Telephone: 215-517-2021

*/ A separate signature page must be signed by each corporation, individual or other legal
entity that is settling with the United States.

BSAI052937

93
United States v. Cytec Industries Inc., et al.
Remedial Design/Remedial Action Consent Decree

FOR _____ INC.:*

·TI GROUP AUTOMOTIVE SYSTEMS CORPORATION

[Signature]

Please Type the Following:

Name: __Joseph Macneil__

Title: __Vice President, Finance__

Address: __12345 East Nine Mile Road__
__Warren, Michigan    48090__

### Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Please Type the Following:

Name: __Timothy M. Guerriero__

Title: __Vice President, Legal Affairs__

Address: __12345 East Nine Mile Road__
__Warren, Michigan    48090__
Telephone: __810 755 8066__

*/  A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

BSAI052938

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff

       v.

CYTEC INDUSTRIES, INC., ET AL.,

       Defendants

CIVIL ACTION NO. 01-CV-6109

*ENTERED*
*MAR 1 4 2002*
*CLERK OF COURT*

*FILED*
*MAR 1 4 2002*
*By MICHAEL E. ___*

### ORDER

AND NOW, this 12th day of March 2002, upon consideration of United States of America's

Motion to Enter Consent Decree (Doc. 2), **IT IS HEREBY ORDERED and DECREED** that the said

Motion is **GRANTED**.

BY THE COURT:

*Petrese B Tucker*

**Hon. Petrese B. Tucker, U.S.D.J.**