**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW**
**OF DEFENDANTS TECHALLOY/RSM**
**IN OPPOSITION TO PLAINTIFF BFAG'S**
**MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff Boarhead Farm Agreement Group ("BFAG") has moved for an Order

completely barring a Rule 30(b)(6) deposition of the Plaintiff.  BFAG's Motion also seeks to bar

any questioning of the Rule 30(b)(6) witness designated by BFAG member SPS Technologies,

Inc. ("SPS") regarding "lines of questioning concerning the Agreement Group's 'contentions.'"

(See BFAG's Proposed Order at ¶ 4).  Both Rule 30(b)(6) depositions were noticed by

Defendants Techalloy Co. Inc. and Rahns Specialty Metals, Inc. ("Techalloy/RSM"), and true

and correct copies of the Notices of Deposition are attached hereto as Exhibit A and Exhibit B.

BFAG supports its Motion with three arguments.  First, BFAG asserts that the Rule

30(b)(6) Notice of Deposition issued to Plaintiff BFAG, and Techalloy/RSM's questioning of

SPS' Rule 30(b)(6) corporate designee, were designed to "circumvent," "side-step," and/or

"back door" this Court's January 25, 2005 Order, and indeed "violated" that Order.  See BFAG's

Motion at pp. 6-7.  <u>Second</u>, BFAG asserts that the Rule 30(b)(6) Notice of Deposition issued to

Plaintiff BFAG  failed to give the "reasonable notice" required by Rule 30(b)(1).  <u>See</u> BFAG's

Motion at pp. 8-10.  <u>Third</u>, BFAG asserts that the subjects of inquiry addressed by the Rule

30(b)(6) depositions "are inappropriate to direct toward a corporate designee," citing several

cases holding that such matters are better handled via written contention interrogatories.  <u>See</u>

BFAG's Motion at pp. 6, 10-11.

BFAG's arguments are addressed below in reverse order.  They all lack merit, and the

requested protective Order should be denied.

## <u>ARGUMENT</u>

I.      **Via a Rule 30(b)(6) Deposition or Otherwise,**
        **The Requested Discovery is not "Inappropriate".**

BFAG's Motion argues that using Rule 30(b)(6) depositions to ask corporate designees of

Plaintiff BFAG and its members to state their positions, damages claims, and contentions in this

case is simply "inappropriate."  It is not.

In a widely-cited decision, <u>United States v. Taylor</u>, 166 F.R.D. 356 (M.D.N.C. 1996), a

Magistrate Judge held that a Rule 30(b)(6) corporate designee in a CERCLA case was required

to testify not just regarding the company's "knowledge," but also regarding its "position" on

various issues, as well as its "subjective beliefs and opinions."  <u>Id.</u>, 166 F.R.D. at 361.  The

Magistrate Judge observed that it would be improper for a company to state at a Rule 30(b)(6)

deposition that it had "no knowledge or position," and then attempt at trial to "argue a different

position."  <u>Id</u>.  Indeed, if the company representative refused to "take a stance or assert a

position" at the deposition, then as a consequence, the opinion stated that the company should

not be permitted to "offer any evidence, direct or rebuttal, or argument at trial as to that topic." Id., 166 F.R.D. at 359.

On appeal, the District Court affirmed in full the Magistrate Judge's approach and opinion, noting that otherwise the claimant improperly would be able "to dribble in its final positions," either through supplementations, pre-trial disclosures, or even "in a final deluge at trial." United States v. Taylor, 166 F.R.D. 367 (M.D.N.C. 1996); see also Black Horse Lane Assoc. v. Dow Chemical Corp., 228 F. 3d 275 (3d Cir. 2000) (citing Taylor with approval and imposing sanctions on a CERCLA claimant's non-cooperative Rule 30(b)(6) deponent).

To state the obvious, BFAG is the Plaintiff in this case. The Defendants are the defendants. Techalloy/RSM and the other Defendants simply want to know what positions and demands BFAG and its members are asserting against them in this case, and how BFAG and its members intend to formulate and support their positions and demands at trial. It is hard to imagine what could be more central to this case then the Plaintiff's position and stance on these core issues. The subjects identified in the Rule 30(b)(6) Notice of Deposition directed to Plaintiff BFAG, and the questions directed to the corporate designee of SPS, both fall squarely within that fair scope of inquiry.[1]

Perhaps acknowledging that these core subjects are fair game, BFAG alternatively argues that it should only be forced to articulate its positions, damages claims, and contentions in written interrogatory responses, rather than via testimony by a live witness at a Rule 30(b)(6)

---

[1]    The Rule 30(b)(6) Notice of Deposition directed to Plaintiff BFAG designated only three subjects of inquiry:  (1) the volumes of waste disposed at the Site; (2) the types and amounts of hazardous substances contained in those wastes; and (3) the share of liability for Site response costs that Plaintiff BFAG asserts should be borne by each Defendant, each member of BFAG, or by any other person.  See Notice of Deposition (Exhibit A).

deposition.  In support, BFAG cites two cases in which Courts held that such matters were better handled via written contention interrogatories.  <u>See</u> BFAG's Motion at pp. 10-11.

There is a fundamental flaw underlying BFAG's position.  In both of the cases BFAG cites, the claimants had expressed their <u>willingness</u> to fully answer the questions at issue in written interrogatory answers.  Here, in contrast, BFAG has steadfastly <u>refused</u> to supply any written interrogatory answers setting forth its positions, damages claims, or contentions.

Thus, in the <u>McCormick-Morgan</u> case cited by BFAG, the Magistrate Judge specifically ordered claimant MMI, "as a condition to the granting of the protective order it seeks (prohibiting the use of 30(b)(6) depositions for purposes of setting forth the bases for MMI's contentions), to respond in full, forthcoming detail to the interrogatories . . ."  Further, the Magistrate Judge recommended to the trial judge "that he refuse to permit MMI to introduce at trial, in the form of evidence or argument, any matter not set forth in the answers to the . . . contention interrogatories."  <u>McCormick-Morgan, Inc. v. Teledyne Industries, Inc.</u>, 134 F.R.D. 275, 287, <u>rev'd on other grounds,</u> 765 F. Supp. 611 (N.D. Cal. 1991).

Similarly, in the <u>SmithKline Beecham</u> case, Judge Surrick premised his rulings upon the critical fact that "[i]n lieu of a Rule 30(b)(6) deposition, SmithKline is willing to answer interrogatories and provide expert discovery . . ."  <u>SmithKline Beecham Corp. v. Apotex Corp.</u>, 2004 U.S. Dist. LEXIS 8990 at *4 (E.D. Pa. Mar. 23, 2004).

In this case, BFAG refused throughout the entire fact discovery period to set forth any of its positions, damages claims, or contentions, based solely upon its objection that providing such written interrogatory answers was "premature."  In an attempt to resolve that objection, undersigned counsel for Techalloy/RSM specifically proposed to BFAG's counsel that the parties stipulate to extend the fact discovery period for a reasonable time <u>after</u> BFAG fully

answered the contention Interrogatories, to allow any additional necessary fact discovery to take place.  BFAG's counsel refused to agree to that practical approach.

Then, less than one (1) week *after* the fact discovery period ostensibly closed on March 18, 2005, BFAG *for the first time* showed its true colors by asserting, in the form of an out-of-time "relevance" objection, that it should *never* be required to state its contentions, because "[t]here is simply no requirement that a CERCLA contribution plaintiff form prior to trial, or even advocate at trial, a belief, opinion, or contention as to each party's equitable share of plaintiff's response costs."  See BFAG's March 24, 2005 Answer to Techalloy/RSM's Motion to Compel at pp. 5-6.

Even ignoring that BFAG's new "relevance" objection is untimely (and therefore waived), and further ignoring that BFAG's substantive position on CERCLA contribution law is wrong[2], the logical consequence of BFAG's position is clear:  BFAG should be precluded from offering any evidence, direct or rebuttal, or argument at trial as to its views regarding each party's alleged equitable share of Plaintiff's response costs (or any other subject of the Defendants' Rule 30(b)(6) notices and contention interrogatories).  That result follows directly from the Taylor holding (claimant "should not be permitted to "offer any evidence, direct or rebuttal, or argument at trial as to that topic"), 166 F.R.D. at 359, and the McCormick-Morgan approach (recommending to trial judge "that he refuse to permit [claimant] to introduce at trial,

---

[2]   In Section 113(f) contribution actions, the plaintiff bears the burden of establishing its right to and the amount of contribution, including that it has incurred more than its fair share of Site response costs, and a reasonable basis for apportioning liability.  See United States v. Alcan Aluminum Corp., 964 F.2d 252, 270 (3d Cir. 1992); New Castle County v. Halliburton NUS Corp., 111 F.3d 1116 (3d Cir. 1997); see also Minyard Enters., Inc. v. Southeastern Chem. & Solvent Co., 184 F.3d 373, 387-88 (4th Cir. 1999); Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp., 153 F.3d 344, 348 (6th Cir. 1998); United States v. Colorado & E. R.R. Co., 50 F.3d 1530, 1536 (10th Cir. 1995); Akzo Coatings, Inc. v. Aigner Corp., 30 F.3d 761, 763 n.2 (7th Cir. 1994).

in the form of evidence or argument, any matter not set forth in the answers to the . . . contention

interrogatories"), 134 F.R.D. at 287.

Plaintiff BFAG cannot have it both ways.  Either it should be compelled to state its

positions, damages claims, and contentions, in full and forthcoming written interrogatory

responses and/or in Rule 30(b)(6) deposition testimony by a corporate designee, or it should be

precluded from offering evidence or making arguments at trial regarding all subjects upon which

it refuses to take a stance.  What Plaintiff BFAG should not be entitled to do is get away with the

improper "trial by ambush" strategy that it has consistently pursued, and continues to pursue, in

this case.


## II.     The Rule 30(b)(6) Deposition Notice
##         Provided "Reasonable Notice" to BFAG.

In its second argument, BFAG asserts that the Rule 30(b)(6) Notice of Deposition issued

to Plaintiff BFAG  failed to give the "reasonable notice" required by Rule 30(b)(1).  See BFAG's

Motion at pp. 8-10.

The Notice of Deposition was served on BFAG's counsel by FAX and Regular Mail on

March 9, 2005.  It scheduled the Rule 30(b)(6) deposition for March 18, 2005, thus providing

nine (9) days advance notice.  Under Rule 30(b)(1) and applicable case law, the "reasonable

notice" requirement was thereby met.  See Pearl v. Keystone Consolidated Industries, Inc., 884

F.2d 1047, 1052 (7th Cir. 1989) (holding 6 days is "reasonable notice"); Jones v. United States,

720 F. Supp. 355, 366 (S.D.N.Y. 1989) (holding 8 days is "reasonable notice").

Equally important, BFAG's argument ignores important context and approach.  The

deposition notice was served near the end of the fact discovery period precisely because BFAG

was continuing to refuse to withdraw its long  outstanding "premature" objections to the

Defendants' written discovery requests. Had BFAG done so, and provided full and forthcoming written responses, the need for a Rule 12(b)(6) deposition might well have been obviated.

Further, several weeks before serving the deposition notice, undersigned counsel for Techalloy/RSM asked counsel for BFAG to agree to an extension of the March 18, 2005 fact discovery deadline, but counsel declined to agree. In response, Techalloy/RSM filed its March 4, 2005 Motion to Compel Responses to Interrogatories and For Extension of Fact Discovery Period, which in part requested such an extension. Given BFAG's unwillingness to extend the deadline by agreement, Techalloy/RSM had little choice but to schedule the deposition for no later than March 18th, to comply with the fact discovery deadline that BFAG refused to extend.

In addition, both the Rule 30(b)(6) Notice of Deposition and the accompanying March 9, 2005 cover letter specifically offered to work out alternative dates with BFAG's counsel that would be mutually-convenient for counsel and the witnesses. See Notice of Deposition (Exhibit A) (scheduling deposition for March 18, 2005 "or at such other date and time as may be scheduled by agreement of the parties"), see also March 9, 2005 cover letter attached here as Exhibit C ("I would be glad to re-schedule them to more convenient dates and times, including dates after the current fact discovery deadline of March 18th").

Indeed, even after counsel for BFAG objected in a March 11, 2005 letter that holding the Rule 30(b)(6) deposition on March 18th did not provide "reasonable notice" (see March 11, 1005 Letter, attached to BFAG's Motion for Protective Order as part of Exhibit E), counsel for Techalloy/RSM re-iterated the offer to work in good faith to select a later, mutually-agreeable date:

> "My proposed approach seems very reasonable under the circumstances. As you and I both know, any actual trial date in this matter is many months away. For example, the current Case Management Order does not yet even address such things as expert designation and discovery, summary judgment

motion practice, pre-trial filings, and the like, all of which will take
considerable time.  Given the large window of time we are working with, I
think both of us could easily avoid any hardship or prejudice to our clients,
or to the witnesses, by agreeing to mutually-convenient dates.

Instead, I read your March 11th letter to be a flat-out objection to
having the depositions take place at all.  If I am misunderstanding your
position, please let me know so that we can discuss appropriate
arrangements.  If I am not misunderstanding your position, I hereby ask you
to reconsider, and suggest that we confer in good faith and attempt to work
out mutually-convenient arrangements.

. . . .

In short, given that any trial date is still far over the horizon, and
given our normally excellent working relationship, it would be odd indeed if
you and I could not successfully confer and work out the scheduling of a
few depositions."

See March 11, 2005 Letter (also attached to BFAG's Motion for Protective Order as part

of Exhibit E).

Under the applicable law and these factual circumstances, BFAG's lack of

"reasonable notice" argument lacks support, and should be rejected.

III.    **BFAG's Assertion that Techalloy/RSM's Counsel
        Attempted to "Circumvent" a Court Order is both
        Unfounded and Outrageous, and should be Withdrawn.**

Last, but certainly not least, BFAG repeatedly asserts in its Motion that the Rule 30(b)(6)

Notice of Deposition issued to Plaintiff BFAG, and Techalloy/RSM's questioning of SPS' Rule

30(b)(6) corporate designee, were designed to "circumvent," "side-step," and/or "back door"

this Court's January 25, 2005 Order, and indeed "violated" that Order.  See BFAG's Motion at

pp. 6-7.

BFAG should be ashamed to stoop so low.  As BFAG and its counsel well know, this

Court's January 25, 2005 Order solely ruled on a December 1, 2004 Motion to Compel filed by

Defendant AETC relating to certain objections that BFAG had asserted to AETC's discovery requests. Defendant Techalloy/RSM had nothing to do with AETC's discovery requests, nothing to do with BFAG's objections to those requests, nothing to do with AETC's Motion to Compel, nothing to do with BFAG's response to the Motion to Compel, and nothing to do with the Court's January 25, 2005 Order.

To suggest that that Order even applied to Techalloy/RSM, or that counsel for Techalloy/RSM attempted to "circumvent" and in fact "violated" that Order, is nothing short of outrageous. One would think an apology is in order.

## CONCLUSION

For the reasons set forth above, BFAG's Motion for a Protective Order should be denied. An appropriate Order is attached.

Respectfully submitted,

April 8, 2005

_____
Andrew P. Foster
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103

Counsel for Rahns Specialty Metals, Inc.,
Techalloy Company, Inc. and Thomas &
Betts Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOARHEAD FARM AGREEMENT GROUP,  :
                :
       Plaintiff,    :
                :
     v.          :   Civil Action No. 02-3830
                :
ADVANCED ENVIRONMENTAL    :
TECHNOLOGY CORPORATION, ET AL.,  :
                :
       Defendants.  :

## <u>ORDER</u>

   AND NOW, this _____ day of _____, 2005, upon consideration of

Plaintiff's Motion for a Protective Order (Doc No. 138), filed March 16, 2005, and Defendant

Techalloy/RSM's Response thereto (Doc. No. __), filed April 8, 2005, it is hereby ORDERED

that Plaintiff's Motion for a Protective Order is DENIED.


             _____
             Legrome D. Davis, U.S.D.J.

Dated: _____

## <u>CERTIFICATE OF SERVICE</u>

I Andrew P. Foster, hereby certify that on this 8th day of April, 2005, I caused a true and correct copy of the foregoing:

to be served as indicated below:

### <u>BY EMAIL and FIRST-CLASS MAIL:</u>

### *Boarhead Farm Agreement Group*

Glenn A. Harris, Esquire
Ballard Spahr Andrews &
  Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

### *Advanced Environmental Technology Corp.*

Thomas W. Sabino, Esq.
Wolff & Samson
One Boland Drive
West Orange, New Jersey 07052
Phone:  (973) 740-0500
Fax:  (973) 740-1407
Email:  tsabino@wolffsamson.com

### *Ashland, Inc.*

Richard C. Biedrzycki, Esq.
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Building, 121 South Broad Street
Philadelphia, Pennsylvania 19107
Phone:  (215) 546-0500
Fax:  (215) 546-9444
Email:  rbiedrzycki@pp-b.com

### *Carpenter Technology Corporation*

Lynn Wright, Esq.
Edwards & Angell
750 Lexington Avenue
New York, NY 10022
Phone:  212-756-0215
Fax:  888-325-9169
email:  lwright@ealaw.com

## *Flexible Circuits*

A. Nicole Friant, Esq.
Seth Cooley, Esq.
Duane Morris
One Liberty Place
Philadelphia, Pennsylvania  19103-7396
Phone:  (215) 979-1818
Fax:  (215) 979-1020
e-mail:  anfriant@duanemorris.com

## *Handy & Harman Tube Company*

Melissa Flax, Esq.
Carella, Byrne, Bain, Gilfillian, Cecchi,
    Stewart & Olstein, P.C.
Five Becker Farm Road
Roseland, New Jersey  07068-1739
Phone:  973-994-1700
Fax:  973-994-1744
e-mail:  mflax@carellabyrne.com

***Merit Metals Products Corp.***

Stephen P. Chawaga, Esq.
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
Phone:  215-557-2900
Fax:  215-557-2990
e-mail:  schawaga@monteverde.com

***NRM Investment Co.***

Edward Fackenthal, Esq.
Henderson, Weitherill, O'Hey & Horsey
902 One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
Phone:  610-279-3370
Fax:  610-279-0696
e-mail:  edwardfackenthal@cs.com

_____
Andrew P. Foster