## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,

              Plaintiff,

      v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

              Defendants.

CIVIL ACTION NO.
02-cv-3830 (LDD)

## MEMORANDUM ON BEHALF OF DEFENDANT HANDY & HARMAN TUBE COMPANY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

### STATEMENT OF FACTS

**A.    Procedural Background**

On or about June 18, 2002, BFAG filed the within action seeking contribution under the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA") §§ 113(f) and (g) and the Pennsylvania Hazardous Sites Cleanup Act ("HSCA").

In accordance with the Case Management Orders entered by this Court, discovery has been conducted in phases. The first phase of discovery consisted of "nexus" depositions. During the nexus phase, BFAG conducted eleven (11) depositions.

Thereafter, the parties proceeded to voluntary mediation. The mediation resulted in settlements with certain defendants.

At the conclusion of mediation, the remaining parties moved to the next phase of discovery contemplated by the Case Management Orders which included written discovery requests and depositions. Pursuant to the Case Management Orders, fact depositions did not commence until mid-August 2003. The first fact deposition in this phase of discovery took place on November 8, 2004. Between November 8, 2004 and December 1, 2004, BFAG conducted twelve (12) fact depositions.

On December 1, 2004, defendant Advanced Environmental Technology Corporation ("AETC") filed its motion to overrule objections and compel BFAG to answer interrogatories.

Between December 1, 2004 and March 14, 2005, BFAG conducted an additional thirty-one (31) fact depositions.

On January 25, 2005, this Court issued its decision with respect to AETC's motion. This Court denied AETC's motion to compel on the basis that:

> AETC has not made a showing that early answers "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56."

See January 25, 2005 Order ("January 25 Order") at p.3, a true and accurate copy of which is attached as Exhibit A.

Fact discovery ended on March 18, 2005.[1]

## B.    BFAG's Position During Rule 30(b)(6) Depositions

On January 6, 2005, the Rule 30(b)(6) deposition of the designee of Cytec Industries, Inc. ("Cytec"), was conducted. Attached as Exhibit B is a true and accurate copy of relevant portions of the deposition transcript of Joel Jerome, the Rule 30(b)(6) designee for Cytec. Cytec is one of

---

[1] Several defendants have filed motions to extend fact discovery. Those motions have not yet been ruled upon.

2

the members of BFAG. The other members of BFAG are Ford Motor Company ("Ford"), SPS

Technologies, Inc. ("SPS"), Agere Systems Inc. ("Agere") and TI Automotive Systems, LLC.

During the course of the Cytec Rule 30(b)(6) deposition, BFAG's counsel made it clear

that the witness would not be permitted to testify with respect to any topic not specifically

enumerated in the deposition notice and that any questions outside the specific topics were

beyond the scope of the Rule 30(b)(6) notice. *See, e.g.*, Exhibit B at 26:21 to 28:1.

On February 8, 2005, the Rule 30(b)(6) deposition of the designee of Ford (a member of

BFAG) was conducted. Attached as Exhibit C is a true and accurate copy of relevant portions of

the deposition transcript of Brian J. Bussa, the Rule 30(b)(6) designee for Ford. BFAG's counsel

again made clear that, notwithstanding the fact that the deposition notice sought a witness with

knowledge of "matters relevant to the above captioned litigation," the Rule 30(b)(6) witness was

only prepared to and would only respond to questions relating to the items set forth in the

enumerated paragraphs of the notice. *See* Exhibit C at 11:14 to 13:20. One of the issues that the

witness was directed not to answer related to settlements and/or insurance proceeds. *Id*.

As a result of the position asserted by BFAG during the deposition of Mr. Bussa, on the

morning of February 9, 2005, Handy & Harman Tube Company, Inc. ("Handy & Harman Tube

Company") served a Second Amended Notice for Deposition[2] on BFAG with respect to the Rule

30(b)(6) representative of Agere. Attached as Exhibit F is a true and accurate copy of the

Second Amended Notice. The Second Amended Notice scheduled the deposition of the Agere

---

[2] The original Notice of Deposition was served on January 21, 2005 without a date so that the parties could agree on a mutually convenient time and place. Attached as Exhibit D is a true and accurate copy of the January 21 Notice. Contrary to BFAG's assertion at page 3 of its memorandum, based upon communications with BFAG's counsel, the deposition was scheduled for February 10, 2005 – it was not unilaterally noticed by Handy & Harman Tube Company for that date. *See* Declaration of Melissa E. Flax in Opposition to BFAG's Motion for Protective Order ("Flax Decl."). Attached as Exhibit E is a true and accurate copy of the Amended Notice of Deposition.

designee for February 22, 2005, the date that BFAG's counsel chose for the deposition. *See* Flax
Decl. The Second Amended Notice included an Item D which related to insurance proceeds,
settlements, etc.

Also on February 9, 2005, the deposition of the Rule 30(b)(6) deposition of the SPS
designee was conducted. Attached as Exhibit G is a true and accurate copy of relevant portions
of the deposition transcript of Dennis Shea, the Rule 30(b)(6) designee for SPS. During the
deposition of the SPS designee, BFAG's counsel again directed the witness not to answer certain
questions on the basis that the topic was not specifically listed in the Rule 30(b)(6) notice.
BFAG has consistently taken the position that, unless a topic is specifically enumerated in the
Rule 30(b)(6) notice (and not the attachments to the notice), the witness would be directed not to
testify on the topic. *See* Exhibit G at 76:5 to 81:3.

As a result of the unyielding position asserted by BFAG during the depositions, Handy &
Harman Tube Company issued a Third Amended Notice of Deposition including Item E, which
provides:

> **E.    With respect to the claims against each of the
> defendants in this action:**
>
>> 1.    The basis for the filing of the complaint against
>> each of the defendants.
>>
>> 2.    The volume and type(s) of waste alleged to have
>> come from each of the defendants and disposed of
>> at the Boarhead Farm Superfund Site.

Attached as Exhibit H is a true and accurate copy of the Third Amended Notice of Deposition.

By letter dated February 15, 2005, BFAG objected to Items D and E and inquired as to
whether the deposition would proceed with respect to Items A, B and C. Attached as Exhibit I is
a true and accurate copy of the February 15, 2005 letter. In response to BFAG's objections, by
letter dated February 22, 2005, Handy & Harman Tube Company agreed to proceed with the

4

deposition of Agere's 30(b)(6) designee on the three original topics and reserved its rights with respect to Items D and E. Attached as Exhibit J is a true and accurate copy of the February 22, 2005 letter.

## POINT I

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER MUST BE DENIED

**A.    Plaintiff's Motion With Respect to Settlements is Moot**

By letter dated April 8, 2005, Handy & Harman Tube Company withdrew that portion of Item D in the Third Amended Notice which sought a Rule 30(b)(6) designee to testify about settlements. Attached as Exhibit K is a true and accurate copy of the April 8, 2005 letter. As such, the portion of the motion that seeks a protective order against Handy & Harman Tube Company's Third Amended Notice with respect to information relating to settlements is moot.

**B.    The Third Amended Notice Does Not Violate The Court's January 25 Order**

BFAG asserts that the Third Amended Notice violates the January 25 Order on the basis that it seeks contention discovery. BFAG is wrong. The January 25 Order relates to AETC's motion to compel which was filed on December 1, 2004. At that time, BFAG had already conducted twelve (12) fact depositions. By the time the Court entered the January 25 Order, BFAG had conducted an additional nineteen (19) fact depositions. Since the entry of the January 25 Order, BFAG conducted another twelve (12) depositions bringing the total number of depositions conducted by BFAG to forty-three (43). Thus, whereas BFAG had only conducted a limited number of fact depositions at the time AETC filed its motion, BFAG's pursuit of fact witnesses has ended. The argument advanced by BFAG in opposition to AETC's motion that contention interrogatories were premature is no longer viable. It is time for the defendants to be provided with the information that is at the heart of BFAG's case.

The information sought in Item E of Handy & Harman Tube Company's Third Amended Notice goes to the essence of BFAG's (through Agere) claim – *i.e.*, BFAG's position with respect to the "volume and type(s) of waste alleged to have come from each of the defendants and disposed of at the Boarhead Farm Superfund Site." *See* Exhibit H.

Assuming *arguendo* that the Court views information relating to volume and type of waste as contention information, which it should not, disclosure of this information at this point in the litigation is appropriate. First, the information will contribute meaningfully to settlement discussions because it will demonstrate to each defendant what its potential or actual exposure is from a volume and waste standpoint. Second, the information will provide defendants with plaintiff's definitive position on each of the defendant's alleged liability which will enable the defendants to move for summary judgment where appropriate. *See* January 25 Order at p.3 (quoting *B. Braun Medical, Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D. Pa. 1994) (further citation omitted)). Absent an understanding of BFAG's position on the volume and type of waste, the efficiencies of the summary judgment process are undermined.

The information sought in Item E of the Third Amended Notice relating to volume and type of waste does not violate the Court's January 25 Order, does not seek "contention" information, will meaningfully contribute to settlement discussions and is essential to the summary judgment process. BFAG's motion for a protective order on this basis should be denied.

**B.    BFAG was Provided with Ample Notice**

Handy & Harman Tube Company's Third Amended Notice provide BFAG with reasonable notice for the deposition. To the extent BFAG suggests that reasonable notice was not provided, BFAG's argument should be rejected. BFAG had two weeks notice and in fact selected the date of the deposition. *See* Flax Decl., Exhibit A.

6

**C.    The Areas of Inquiry in Handy & Harman Tube Company's Third Amended Notice are Proper**

BFAG asks this Court to enter an order prohibiting Handy & Harman Tube Company from deposing a Rule 30(b)(6) designee of Agere on the issues of (1) the volume and type of waste that Agere alleges was generated by the defendants and disposed of at the Site and (2) insurance proceeds received by Agere as a result of its responsibility for contamination at the Site. This request is made notwithstanding the fact that:

- More than two (2) years have passed since the parties conducted document discovery through the establishment of the document repository containing tens of thousands of documents (BFAG Memorandum at p.10); and

- Defendants have answered voluminous initial interrogatories served by BFAG; and

- Defendants have answered supplemental interrogatories served by BFAG; and

- BFAG has conducted depositions of eleven (11) nexus witnesses; and

- BFAG has conducted depositions of forty-three (43) fact witnesses.

BFAG has already gathered whatever information there is with respect to its allegations regarding the volume and type of waste it claims each defendant contributed to the Site.

Against this backdrop, BFAG amazingly argues that a Rule 30(b)(6) deposition is an inappropriate vehicle for obtaining this type of factual information.[3]  In that regard, BFAG relies

---

[3] Reading between the lines, one can only view BFAG's position on withholding factual information (especially in light of the fact that it has completed its own fact discovery), as an attempt to stymie legitimate discovery by defendants. BFAG has not come out and openly said that it will not provide this information, recognizing that such a position certainly would be rejected by the Court out of hand. However, the practical effect of BFAG's stance is that, at some point in *futuro,* this Court will permit Rule 30(b)(6) depositions on what BFAG inappropriately asserts are contention issues. The proposition that this Court will direct such discovery to be conducted, totally out of sequence, is unsupportable.

upon *Smithkline Beecham Corporation v. Apotex Corporation*, 2004 WL 739959 (E.D. Pa.) and *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275 (N.D. Cal. 1991) in support of its position. Neither *Smithkline* nor *McCormick* assists BFAG's attempt to escape providing fundamental discovery.

In *Smithkline*, one of the issues before the court was whether the defendant was "improperly trying to obtain legal contentions and expert testimony through Rule 30(b)(6) depositions." In determining that some of the topics listed in the Rule 30(b)(6) notice were not proper subjects for a deposition, the court focused on the fact that the topics sought legal contentions and expert testimony, as opposed to facts. The court also noted that the plaintiff had agreed to provide answers to interrogatories and expert discovery with respect to one of the topics.[4]

In *McCormick*, a patent case, the defendant was seeking by way of a Rule 30(b)(6) deposition the bases for all of plaintiff's contentions including affirmative defenses to the counterclaim. The court determined that a designee could not be "expected to have the range of understanding of patent law or of proceedings in the patent office to reliably identify and accurately articulate all of the predicates for their legal positions." *Id.* at 287. Thus, because the information sought turned on legal positions, the court determined that contention interrogatories, rather than a Rule 30(b)(6) deposition, was proper.

---

[4] Here, BFAG has not indicated that it will ever respond to discovery requests regarding the volume and type of waste alleged to have been generated by each of the defendants. Thus, the issue before the Court is similar to the issues present in *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C. 1989), *Mellon Bank, N.A. v. Bank of Mid-Jersey*, 1992 WL 80800 (E.D. Pa.), and *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa.). In each of those cases, the party resisting the discovery did not intend to respond to interrogatories or participate in Rule 30(b)(6) depositions. As a result, the trial court, in each case, directed the Rule 30(b)(6) depositions to go forward.

The rationale of *Smithkline* and *McCormick* have no application to the circumstances presented here. If it has not said so directly, it is certainly clear from its conduct and the position asserted in resisting deposition discovery that BFAG is not willing, under any type of discovery mechanism, to provide the factual information requested. Thus, the willingness to provide answers to interrogatories and expert discovery on the specific topic as was the case in *Smithkline* is not a factor.

More importantly and notwithstanding BFAG's suggestion that the topics for which Handy & Harman Tube Company seeks information are legal in nature, BFAG's (through Agere) position with respect to volume and type of waste generated by each defendant are fundamental fact issues. For example, if BFAG claims defendant "A" generated/disposed of bulk waste at the Site, defendants are absolutely entitled to know at this stage of the litigation what BFAG (through Agere) asserts is the volume and type of bulk waste generated/disposed of. This information does not constitute a legal contention nor does it require expert testimony. It is purely factual.

The type of information sought by Item D (insurance proceeds) and Item E (volume and type of waste) in Handy & Harman Tube Company's Third Amended Notice is clearly the type of information that can be obtained through a Rule 30(b)(6) deposition. In *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C.), *aff'd* 166 F.R.D. 367 (M.D.N.C. 1996), the court, in a CERCLA case, addressed the scope of a Rule 30(b)(6) deposition and the responsibility of a party responding to such a notice. The court stated:

> The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. (Citation omitted). Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. (Citation omitted). The corporation must provide its interpretation of documents and events. (Citation omitted). The designee, in essence, represents the corporation just as an individual represents him or herself at a

> deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. (Citation omitted). Truth would suffer.

*Id.* at 361.

The reason for this is clear: it is to avoid "sandbagging" an adversary at the time of trial. *Id.* The *Taylor* court went on to note that "If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position and, more importantly, stand subject to cross-examination." *Id.* at 362.

Here, defendants are simply trying to ascertain volume and type of waste that BFAG claims each defendant generated. The questions do not involve legal contentions or expert testimony; the questions are factual. BFAG (through Agere) has an obligation to provide defendants with the facts as well as its subjective belief and opinion regarding the volume and type of waste at issue.

Moreover, BFAG's attempt to hide information regarding insurance proceeds is likewise improper. If Agere (or any other member of BFAG) received insurance proceeds as a result of its responsibility for contamination at the Site, that information is relevant (or at the very least may lead to the discovery of admissible evidence, *e.g.* admissions, statements against interest, etc.) to the issue of Agere's share of responsibility when the Court makes its equitable apportionment determination. For example, if Agere's position is that its equitable share of the cleanup costs is *de minimus*, yet Agere received substantial monies from its insurance carrier(s) for its liability at the Site, the amount of the insurance proceeds (as well as the factual position Agere took with its carrier(s) to secure those proceeds[5]) certainly would be relevant. To say that

---

[5] *See, e.g., Lectrolarm Custom Systems, Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 573 (E.D. Cal. 2002) ("communications were relevant to the claims in the action, i.e., ... the insured's

this information is not relevant defies logic – insurance carriers do not pay money where there is no liability.

The information sought in Item D (insurance proceeds) and Item E (volume and type of waste) are clearly appropriate subject matters for a Rule 30(b)(6) deposition. BFAG's request that this Court relieve BFAG of its obligation to produce this information through the entry of a protective order should be rejected.

### CONCLUSION

For the foregoing reasons, it is respectfully requested that BFAG's motion for a protective order be denied.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.


By:  ___MF 1386_____
MELISSA E. FLAX
JOHN M. AGNELLO
G. GLENNON TROUBLEFIELD (Bar No. 64989)
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)

Dated: April 8, 2005

---

characterization of the underlying action for purposes of coverage was highly relevant") (citing *First Pacific Networks, Inc. v. Atlantic Mutual Ins. Co.*, 163 F.R.D. 574, 582-583 (N.D. Cal. 1995)).