# E X H I B I T  A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | FILED JAN 2 5 2005 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this  25th  day of January 2005, upon consideration of Defendant Advanced Environmental Technology Corporation's ("AETC") Motion to Overrule Objections and Compel Plaintiff Boarhead Farm Agreement Group to Respond to AETC's Discovery Requests (Doc. No. 123), filed December 1, 2004, and Boarhead Farm Agreement Group's ("BFAG") Response (Doc. No. 124), filed December 16, 2004, is it is hereby ORDERED as follows.

According to AETC, its connection to the instant contribution claim for costs associated with the cleanup of the Boarhead Farms Superfund Site ("the Site") is that it "was a broker who acted as the go-between between DeRewal Chemical [("DCC")] and Defendants Ashland Chemical and Diaz Chemical." (Def.'s Mot. at 2 n.1.) DCC allegedly transported and disposed of hazardous substances produced by Ashland and Diaz at the Site.

In the motion presently before the Court, AETC seeks information related to (i) whether BFAG alleges that AETC is an "arranger" under CERCLA and BFAG's factual bases therefor, (ii) whether BFAG contends that AETC is responsible for Diaz Chemical's allocable

1

share of liability, (iii) the amount of hazardous waste allegedly generated by Ashland and Diaz, as well as the portion of response costs for which Ashland, Diaz and AETC are allegedly responsible, (iv) whether BFAG agrees that DCC secretly disposed of hazardous substances at the Site, and (v) identification of any declarations against interest or admissions made by any party to the litigation in order to help it determine the factual basis the of the suit against it. In its Response, BFAG objects to these inquiries on the grounds that (i) the responses it supplied are appropriate, and (ii) that Defendant's interrogatories are premature "contention interrogatories" calling for Plaintiff to articulate theories of its case not yet fully developed.

Under Rule 26 of the Federal Rules of Civil Procedures, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). However, the court may defer contention interrogatories[1] until a later stage of discovery. B. Braun Medical Inc. v. Abbott Laboratories, et al., 155 F.R.D. 525, 527 (E.D. Pa. 1994). "The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery." Id.

In its response, Plaintiff states that all of the relevant documents in its possession have been made available to Defendant AETC (Pl.'s Response at 4), that it has fully stated the basis for its action against AETC (Pl.'s Response at 5), and that it will supplement its response to the interrogatory as appropriate (Pl.'s Response at 5). Plaintiff avers that the theories of its case are not yet fully developed and, as such, the contention interrogatories are premature. (Pl.'s

---

[1] "Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." B. Braun Medical Inc. v. Abbott Laboratories, et al., 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citations omitted).

Response at 6.)  In its motion, Defendant AETC has not made a showing that early answers "'will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial bases for a motion under Rule 11 or Rule 56.'"  Id.  (quoting In re Convergent Technologies Secs. Litig., 108 F.R.D. 328, 340-41 (N.D. Cal. 1985)).

Therefore, because Defendant AETC has not met its burden and in order to prevent Plaintiff from being forced to articulate theories of their case not yet fully developed, Defendant's Motion to Compel (Doc. No. 123) is DENIED.

BY THE COURT:

_____
Legrome D. Davis, J.

3

**E X H I B I T  B**

Page 1

```
 1              UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
 2
 3
                                   CIVIL ACTION NO.
 4   BOARHEAD FARM AGREEMENT           02-CV-3830
     GROUP,                         Judge Legrome D. Davis
 5          Plaintiff,           Oral Deposition of
 6       vs.                         JOEL JEROME
     ADVANCED ENVIRONMENTAL TECHNOLOGY
 7   CORPORATION; ASHLAND CHEMICAL
     COMPANY; BOARHEAD CORPORATION;
 8   CARPENTER TECHNOLOGY CORPORATION;
     CROWN METRO, INC.; DIAZ CHEMICAL
 9   CORPORATION; EMHART INDUSTRIES,
     INC.; ETCHED CIRCUITS, INC.; FCG,
10   INC.; GLOBE DISPOSAL COMPANY, INC.;
     GLOBE-WASTECH, INC.; HANDY & HARMAN
11   TUBE COMPANY, INC.; KNOLL, INC.;
     MERIT METAL PRODUCTS CORPORATION;
12   NOVARTIS CORPORATION; NRM INVESTMENT
     COMPANY; PLYMOUTH TUBE COMPANY;
13   QUIKLINE DESIGN AND MANUFACTURING
     COMPANY; RAHNS SPECIALTY METALS,
14   INC.; ROHM & HAAS COMPANY, SIMON
     WRECKING COMPANY, INC.; TECHALLOY
15   COMPANY, INC.; THOMAS & BETTS
     CORPORATION; UNISYS CORPORATION;
16   UNITED STATES OF AMERICA
     DEPARTMENT OF NAVY,
17          Defendants.
18
              *   *   *   *   *
19          Thursday, January 6, 2005
              *   *   *   *   *
20
              Transcript in the above matter taken at
21   the offices of Ballard, Spahr, Andrews & Ingersoll,
     LLP, Plaza 1000, Main Street, Suite 500, Voorhees,
22   New Jersey, commencing at 1 o'clock P.M.
23       Certified Shorthand Reporting Services
              Arranged Through
24       Mastroianni & Formaroli, Inc.
              709 White Horse Pike
25         Audubon, New Jersey 08106
                (856) 546-1100
```



Page 2

APPEARANCES:
BALLARD, SPAHR, ANDREWS & INGERSOLL, LLP
BY: GLENN A. HARRIS, ESQUIRE
PLAZA 1000, MAIN STREET, # 500
VOORHEES, NEW JERSEY 08043
(856)761-3400
ATTORNEYS FOR THE PLAINTIFF

WOLFF & SAMSON, PC
BY: THOMAS W. SABINO, ESQUIRE
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052-3698
(973)530-2044
ATTORNEYS FOR THE DEFENDANT,
ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION
PHELAN, PETTIT & BIEDRZYCKI, ESQUIRES
BY: JEFFREY PETTIT, ESQUIRE
NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET, SUITE 1600
PHILADELPHIA, PENNSYLVANIA 19107
(215)546-0500
ATTORNEYS FOR THE DEFENDANT,
ASHLAND CHEMICAL COMPANY

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI,
STEWART & OLSTEIN, PC
BY: MELISSA E. FLAX, ESQUIRE
6 BECKER FARM ROAD
ROSELAND, NEW JERSEY 07068-1739
(973)994-1700
ATTORNEYS FOR THE DEFENDANT,
HANDY & HARMAN TUBE COMPANY, INC
EDWARD FACKENTHAL, ESQUIRE (present via phone)
ONE MONTGOMERY PLAZA, SUITE 902
NORRISTOWN, PENNSYLVANIA 19404
(610)279-3370
ATTORNEYS FOR THE DEFENDANT,
NRM INVESTMENT COMPANY

Page 4

                        E X H I B I T S
 1
 2   Jerome-1: Letter, 7/2/93 with Attachments
          Page 24
 3
     Jerome-2: Letter, 4/28/94
 4        Page 36
 5   Jerome-3: Memo, 12/15/77
          Page 49
 6
     Jerome-4: Bills of Lading
 7        Page 55
 8   Jerome-5: Bills of Lading
          Page 59
 9
     Jerome-6: Bills of Lading
10        Page 63
11   Jerome-7: Miscellaneous Shipping Order
          Page 65
12
     Jerome-8: Bill of Lading
13        Page 67
14   Jerome-9: Bills of Lading
          Page 67
15
     Jerome-10: PHKS Trust Ledger
16        Page 69
17   Jerome-11: E-mail, 3/26/04
          Page 69
18
19
20
21
22   (Exhibits Retained by Counsel - Not Attached)
23
24
25

Page 3

             W I T N E S S   I N D E X
 1
 2   Examination of Mr. Jerome
 3     By Mr. Sabino: Page 5
 4     By Mr. Pettit: Pages 71, 86
 5     By Ms. Flax:  Page 84
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

 1   (Joel Jerome, having been duly sworn, was examined
 2   and testified as follows:)
 3   (EXAMINATION OF MR. JEROME BY MR. SABINO:)
 4      Q.   Good afternoon, Mr. Jerome.
 5      A.   Good afternoon.
 6      Q.   My name is Thomas Sabino.  I'm an
 7   attorney with the law firm of Wolff & Samson.  I
 8   represent a defendant, Advanced Environmental
 9   Technology Corp. in the litigation that has been
10   instituted by the Boarhead Farm Agreement Group.
11   We're here today to take your deposition with respect
12   to one of the members of the agreement group, Cytec.
13          As a courtesy, I'm going to have the
14   other lawyers introduce themselves so you know who
15   they're with.
16          MR. PETTIT: Jeff Pettit, Ashland Oil.
17          MS. FLAX: Melissa Flax, Handy & Harman
18   Tube Company.
19          MR. SABINO:  There's a gentleman on
20   the phone.
21          MR. FACKENTHAL:  Edward Fackenthal, NRM
22   Investment Company.
23          THE WITNESS:  Okay.
24   BY MR. SABINO:
25      Q.   Okay.  Have you had your deposition

2 (Pages 2 to 5)

Page 26

1  we were spun off. There was not much of an
2  environmental department. It could have been Norma
3  Weston was still there, I think.
4      Q.  What was her position before the spinoff
5  occurred?
6      A.  Well, the way our group was set up, I
7  was strictly remediation. She was on the operational
8  side, so I couldn't tell you what she did.
9      Q.  Okay. Is she affiliated with Cytec
10 today?
11     A.  She's retired.
12     Q.  She's retired, okay.
13         Do you know where she lives?
14     A.  Somewhere near, not too far from Bound
15 Brook.
16     Q.  Okay. Is Margaret Tribble affiliated
17 with Cytec?
18     A.  Margaret Tribble went to American Home
19 with the spinoff, and she subsequently retired from
20 Wyeth last year.
21     Q.  If you could just turn to the second
22 page, please, of Exhibit 1,. There's references here
23 to intermediates department, rubber chemicals
24 department, pharmaceutical department. Aside from
25 those three and the environmental department, could

Page 27

1  you tell me before the spinoff occurred in about '93
2  if there were any other departments in American
3  Cyanamid Bound Brook?
4      A.  Not to my knowledge, no.
5      Q.  Not to your knowledge, okay.
6          MR. HARRIS:  Just to highlight, his
7  knowledge is the guy sitting here today, not Cytec's
8  knowledge. You asked him. Otherwise, we've got a
9  problem here.
10         MR. SABINO:  I'm not asking him any
11 personal questions. I'm asking him as the corporate
12 representative.
13         MR. HARRIS:  Then I have to start to
14 object to all of these questions.
15         MR. SABINO:  Why?
16         MR. HARRIS:  Because they're outside
17 the scope of your deposition notice. Look, Tom, I'm
18 trying to be easy to get along with. If you want to
19 ask him about any of these people, fine, I made my
20 little objection. To the extent he knows personally,
21 I'm happy to let you get it on.
22         MR. SABINO:  But how am I going to get
23 to the waste streams unless I understand what the
24 departments are and what each department created and
25 then understand what the waste stream was for each

Page 28

1  department? It's fundamental.
2          MR. HARRIS:  Let's make sure we're
3  clear on the time frame.
4          MR. SABINO:  I wanted to know at the
5  time more or less contemporaneously with this July
6  1993 letter and before it was spun off.
7          MR. HARRIS:  Okay.
8  BY MR. SABINO:
9      Q.  Aside from the pharmaceutical
10 department, rubber chemicals, intermediates
11 departments and environmental department, if you were
12 aware as the corporate representative if there were
13 any other departments at the Bound Brook facilities,
14 and I think your answer was no?
15     A.  No.
16         MR. HARRIS:  And that's fine. So the
17 record is clear on what I'm talking about, your
18 notice says between '70 and '78. You just asked him
19 about what the status was in 93. That's not within
20 the scope of your notice. That's my problem with the
21 question.
22         MR. SABINO:  I understand.
23         THE WITNESS:  And I'll correct it. I
24 was answering in the time frame of the '70s.
25 BY MR. SABINO:

Page 29

1      Q.  Okay. Well, I was going to take a step
2  back. I wanted to --
3      A.  I didn't understand. I misunderstood
4  your question.
5      Q.  Sure.
6      A.  In 1993 --
7      Q.  Yes.
8      A.  -- the only operations there to my
9  knowledge was the pharmaceutical department.
10     Q.  Okay. So now, let's take it back to the
11 '69 to '77 period. Using this as a guide,
12 pharmaceutical department, rubber chemicals
13 department, intermediates department and
14 environmental department, in that time period, were
15 there any departments that were operating at the
16 American Cyanamid Bound Brook facility?
17     A.  These four departments are manufacturing
18 departments.
19     Q.  Okay.
20     A.  There was also engineering department.
21     Q.  Okay.
22     A.  There were laboratories, there was
23 accounting department.
24     Q.  Okay.
25     A.  As well as the environmental department.

# E X H I B I T   C

1
2                United States District Court
                 Eastern District of Pennsylvania
3                Civil Action No. 02-3830
4     _____
5     Boarhead Farm Agreement Group
6            plaintiff
                              Oral Deposition of:
7          V.                 Brian J. Bussa
8     Advanced Environmental
      Technology Corporation,
9     et als.,
             defendants
10    _____
11                    *  *  *  *  *
            Tuesday, February 8, 2005
12                    *  *  *  *  *
13          Transcript in the above matter taken
      at the law offices of Ballard, Spahr, Andrews &
14    Ingersoll, 1735 Market Street, Philadelphia,
      Pennsylvania, commencing at 2:00 p.m.
15
16
17
18
19
20
21
22
23        CERTIFIED SHORTHAND REPORTING SERIVCES
                    Arranged Through
24        MASTROIANNI & FORMAROLI, INC.
                 709 White Horse Pike
25           Audubon, New Jersey 08106
                  (856) 546-1100

Brian J. Bussa

February 8, 2005

Page 2

A p p e a r a n c e s:

Ballard, Spahr, Andrews & Ingersoll, LLP
By: Glenn Harris, Esquire
1735 Market Street
Philadelphia, Pennsylvania 19103
Attorneys for the plaintiff

Edwards & Angell, LLP
By: Lynn Wright, Esquire
750 Lexington Avenue
New York, New York 10022
Attorneys for defendant,
Carpenter Technology Corp.
Phelan, Pettit & Biedrzycki
By: Jeffrey L. Pettit, Esquire
121 South Broad Street, Suite 1600
Philadelphia, Pennsylvania 19107
Attorneys for Defendant, Ashland, Inc.
Carella, Byrne, Bain, Gilfillan,
Cecchi, Stewart & Olstein
By: Melissa E. Flax, Esquire
5 Becker Farm Road
Roseland, New Jersey 08068
Attorneys for defendant,
Handy & Harmon Tube Company

Page 3

Witness Index

Examination of Brian J. Bussa

By Ms. Wright      4

EXHIBITS

Bussa 1      deposition notice      7
Bussa 2      1/20/05 letter      16
Bussa 3      1/24/92 letter      24

Requests: 26, 32, 35

Page 4

1   Brian J. Bussa, having been duly sworn, was
2   examined and testified as follows:
3   BY MS. WRIGHT:
4   Q.   Mr. Bussa, my name Lynn Wright. I
5   apologize very much for being late. But there
6   are a couple of things that we just need to go
7   over today. Let me just first ask you for the
8   record your name is?
9   A.   Brian Bussa.
10  Q.   And I'm going to ask you a number of
11  questions today and really just to find out
12  about other people who might have information
13  regarding Ford Motor Company and this litigation
14  relating to the Boarhead Farms Group. I'm going
15  to try and speak clearly and try and make my
16  questions very simple. But if you don't
17  understand me please ask me to either repeat the
18  question or if you don't understand what I'm
19  asking to ask me to ask it in another way. I'll
20  be happy to do that.
21      I'm sure that Glenn is not going to object
22  to any of my questions so it should go very,
23  very smoothly. Have you ever had your
24  deposition taken before?
25  A.   Yes.

Page 5

1   Q.   So you know that we can't speak at the
2   same time so the court reporter can take down
3   whatever it is that we have to say and all that
4   stuff. Are you a lawyer?
5   A.   No.
6   Q.   Are you taking any drugs or medications or
7   anything like that that would prevent you from
8   understanding or remembering any facts relating
9   to this case?
10  A.   Nothing that would prevent me from
11  understanding.
12  Q.   How about remembering?
13  A.   Probably not remembering too.
14  Q.   What is your position with Ford Motor
15  Company?
16  A.   I'm an environmental engineer.
17  Q.   What is your educational background?
18  A.   I'm a geologist and have a bachelor of
19  science degree in geology.
20  Q.   Where did you get that?
21  A.   Hope College in Holland, Michigan.
22  Q.   When did you graduate?
23  A.   1983.
24  Q.   How long have you been with Ford Motor
25  Company?

2 (Pages 2 to 5)

Brian J. Bussa                                                February 8, 2005

Page 10

1  with that.
2         MS. WRIGHT: I just want to know
3  who in the company.
4         MR. HARRIS: I don't know if he
5  knows but I'll tell him not to answer that one.
6         MS. WRIGHT: Tell him not to
7  answer?
8         MR. HARRIS: Yes. It's not --
9  which one of the topics of the topics here has
10  to do with why we sued you?
11         MS. WRIGHT: I think it's related
12  to the action.
13         MR. HARRIS: Maybe, but you didn't
14  ask us to produce a witness that had Ford's
15  knowledge of the action. You asked about a
16  witness that had knowledge about facilities, the
17  disposal of waste, Marvin Jonas and money we
18  spent.
19         MS. WRIGHT: But I think this is a
20  fair question. If he doesn't know the answer
21  don't you think we are wasting time.
22         MR. HARRIS: What does the answer
23  have to do with this case anyway. Who at Ford
24  decided whether you join --
25         MS. WRIGHT: I want to know who had

Page 11

1  the most knowledge and considered it. I might
2  want to take their deposition.
3         MR. HARRIS: Okay. No. He's not
4  going to answer that one.
5  BY MS. WRIGHT:
6  Q.  I'll pose the question again and if you
7  choose not to answer, that's fine. But I want
8  to know who at Ford had the most knowledge in
9  deciding to file the complaint in this action?
10         MR. HARRIS: Knowledge about what?
11  I don't know what that question means.
12  Q.  Do you understand the question?
13  A.  Not completely, no.
14  Q.  To your knowledge, did someone at Ford
15  make a decision to file a complaint in this
16  action?
17         MR. HARRIS: I'm not going to let
18  him answer that one either.
19         MS. WRIGHT: And the basis?
20         MR. HARRIS: It's not covered by
21  this deposition notice. He's not a fact
22  witness.
23         MS. WRIGHT: I know he's not a fact
24  witness. I'm asking him for people, Glenn. I'm
25  not asking him for the substantive underlying

Page 12

1  facts. I'm asking him whether or not he knows
2  of people that will lead to relevant
3  information. I think that that's well within
4  the bounds of this 30 b6 deposition.
5         MR. HARRIS: I disagree. I'm not
6  going to let him answer questions about Ford's
7  thinking, reasoning, analysis, pondering or
8  anything else.
9         MS. WRIGHT: I'm not asking him
10  that. I'm asking does he know who has the most
11  knowledge about it. I'm not going to ask him
12  anything about what that knowledge was or what
13  their thinking was. I know I'm entitled to know
14  who those people are if there are anybody.
15         MR. HARRIS: I'm not going to let
16  him answer that.
17         MS. WRIGHT: Because?
18         MR. HARRIS: It's not even remotely
19  connected to the topics that he's been prepared
20  to answer. You asked Ford to produce a witness
21  who is going to bind the company with his
22  answers. We're not going to sit here today and
23  ask questions outside these categories.
24         MS. WRIGHT: Read the first
25  sentence.

Page 13

1         MR. HARRIS: Okay. The waste
2  streams --
3         MS. WRIGHT: Matters relevant to
4  the above caption litigation. I think that who
5  made the decision is relevant.
6         MR. HARRIS: Oh, no, that isn't how
7  30 b6 works. Relevant -- no, we produced --
8  let's make this clear. Ford has produced a
9  witness to respond to categories 1 through
10  whatever, little 7. We didn't produce a witness
11  prepared to discuss matters relevant to the
12  above captioned litigation. We just didn't and
13  he's not prepared to answer questions.
14         MS. WRIGHT: We will take it up
15  with the judge.
16         MR. HARRIS: That's fine.
17         MS. WRIGHT: You will not allow him
18  to testify to the identity -- that's all I'm
19  asking for, we'll take it's up with the judge.
20         MR. HARRIS: All right.
21  BY MS. WRIGHT:
22  Q.  Can you identify the three persons most
23  knowledgeable about Philco Ford's manufacturing
24  practices at the former Philco Ford facility in
25  Philadelphia as well as Watsontown,

4 (Pages 10 to 13)

# E X H I B I T  D

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, P.C.

### COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
NABIL N. KASSEM
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
KHOREN BANDAZIAN
THOMAS P. MONAHAN, JR *

*CERTIFIED BY THE SUPREME COURT
OF NJ AS A CIVIL TRIAL ATTORNEY

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
FRANCIS C. HAND
AVRAM S. EULE
LINDSEY H. TAYLOR
ROBERT I. HALPERN°
RAYMOND W. FISHER
DAVID J. REICH
OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ROBERT P. DONOVAN
ALAN J. GRANT°
MICHAEL P. PASQUALE
LAURA S. MUNZER
MARC D. MICELI
RAYMOND E. STAUFFER°
KERRIE R. HESLIN
ROBERT C. SCRIVO
JACOB A. KUBERT
°MEMBER N.Y. BAR ONLY

January 21, 2005

*Via Facsimile and Ordinary Mail*
Glenn A. Harris, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, New Jersey 08043-4636

> **RE:** **Boarhead Farm Agreement Group v. Advanced**
> **Environmental Technology Corporation, et al.**
> **Case No. 02-03830 (LDD)**
> **Our File No. 300580-21**
> **Your File No. 892241**

Dear Glenn:

Enclosed please find a Notice for Deposition for representative(s) of Agere. Please provide me with the name(s) of the designee(s) pursuant to Fed. R. Civ. P. 30(b)(6) as well as dates for the deposition. Please provide me with this information by next Friday (January 28th) so that we can secure dates for this deposition.

Your prompt attention to this matter is appreciated.

Very truly yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

MELISSA E. FLAX

MEF
Enclosure
Cc:    All Counsel (w/enclosure) (via facsimile and ordinary mail)

MELISSA E. FLAX [MF4060]
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Defendant,
Handy & Harman Tube Company, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　:　　CIVIL ACTION NO.
　　　v.　　　　　　　　　　　　　　　　　　:　　02-cv-3830 (LDD)
　　　　　　　　　　　　　　　　　　　　　　:
ADVANCED ENVIRONMENTAL　　　　　　　　:
TECHNOLOGY CORPORATION, et al.,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:

## NOTICE OF DEPOSITION

TO:　　Glenn A. Harris, Esq.
　　　　Ballard Spahr Andrews & Ingersoll, LLP
　　　　Plaza 1000 – Suite 500
　　　　Main Street
　　　　Voorhees, New Jersey 08043-4636
　　　　Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30, deposition upon oral

examination of the below deponent(s) will be taken before a notary public or some other officer

authorized by law to administer oaths and take depositions, at the offices of Ballard Spahr

Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia, Pennsylvania 19103, on a date and at

a time to be scheduled by agreement of the parties. This examination is to be conducted from day to

day or upon such adjourned date(s) as may be agreed upon until concluded.

Plaintiff Boarhead Farm Agreement Group member Agere by its representative(s) designated pursuant to Fed. R. Civ. P. 30(b)(6) shall be examined with respect to matters relevant to the within action including, but not limited to, the following:

**A. With respect to the Pennsylvania Facility located at 555 Union Boulevard, Allentown, Pennsylvania 18103:**

1. The manufacturing operations, including materials used in any process, conducted at the Pennsylvania Facility for the period of 1970 through 1977.

2. The volume and type of raw material purchased for use in the manufacturing operations of the Pennsylvania Facility for the period of 1970 through 1977.

3. The waste streams created at the Pennsylvania Facility for the period of 1970 through 1977.

4. The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the Pennsylvania Facility for the period of 1970 through 1977.

5. The waste disposal practices at the Pennsylvania Facility for the period of 1970 through 1977.

6. The identity of current and/or former employees with knowledge regarding the waste disposal practices at the Pennsylvania Facility for the period of 1970 through 1977.

7. The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

8. The relationship between Marvin Jonas and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

2

9. The relationship between the Boarhead Farm site and the Pennsylvania Facility for the period of 1970 through 1977.

B. **With respect to the North Carolina Works facility located at Lexington Road, Winston-Salem, North Carolina:**

1. The manufacturing operations, including materials used in any process, conducted at the North Carolina Works facility for the period of 1970 through 1977.

2. The volume and type of raw material purchased for use in the manufacturing operations of the North Carolina Works facility for the period of 1970 through 1977.

3. The waste streams created at the North Carolina Works facility for the period of 1970 through 1977.

4. The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the North Carolina Works facility for the period of 1970 through 1977.

5. The waste disposal practices at the North Carolina Works facility for the period of 1970 through 1977.

6. The identity of current and/or former employees with knowledge regarding the waste disposal practices at the North Carolina Works facility for the period of 1970 through 1977.

7. The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

3

8. The relationship between Marvin Jonas and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

9. The relationship between the Boarhead Farm site and the North Carolina Works facility for the period of 1970 through 1977.

C. **With respect to costs expended by Agere in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site:**

1. The money that Agere has expended in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site.

Dated: January 21, 2005

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

By: _____

MELISSA E. FLAX [MF4060]

**E X H I B I T   E**

MELISSA E. FLAX [MF4060]
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Defendant,
Handy & Harman Tube Company, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| ADVANCED ENVIRONMENTAL | : |
| TECHNOLOGY CORPORATION, et al., | : |
| | : |
| Defendants. | : |
| | : |

CIVIL ACTION NO.
02-cv-3830 (LDD)

## AMENDED NOTICE OF DEPOSITION

TO:     Glenn A. Harris, Esq.
        Ballard Spahr Andrews & Ingersoll, LLP
        Plaza 1000 – Suite 500
        Main Street
        Voorhees, New Jersey 08043-4636
        Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30, deposition upon oral examination of the below deponent(s) will be taken before a notary public or some other officer authorized by law to administer oaths and take depositions, at the offices of Agere, 1110 American Parkway NE, Allentown, Pennsylvania, on February 10, 2005 commencing at 1:30 p.m. This examination is to be conducted from day to day or upon such adjourned date(s) as may be agreed upon until concluded.

Plaintiff Boarhead Farm Agreement Group member Agere by Marianne Santarelli, its representative designated pursuant to Fed. R. Civ. P. 30(b)(6), shall be examined with respect to matters relevant to the within action including, but not limited to, the following:

**A. With respect to the Pennsylvania Facility located at 555 Union Boulevard, Allentown, Pennsylvania 18103:**

1. The manufacturing operations, including materials used in any process, conducted at the Pennsylvania Facility for the period of 1970 through 1977.

2. The volume and type of raw material purchased for use in the manufacturing operations of the Pennsylvania Facility for the period of 1970 through 1977.

3. The waste streams created at the Pennsylvania Facility for the period of 1970 through 1977.

4. The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the Pennsylvania Facility for the period of 1970 through 1977.

5. The waste disposal practices at the Pennsylvania Facility for the period of 1970 through 1977.

6. The identity of current and/or former employees with knowledge regarding the waste disposal practices at the Pennsylvania Facility for the period of 1970 through 1977.

7. The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

8. The relationship between Marvin Jonas and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

9. The relationship between the Boarhead Farm site and the Pennsylvania Facility for the period of 1970 through 1977.

**B. With respect to the North Carolina Works facility located at Lexington Road, Winston-Salem, North Carolina:**

1. The manufacturing operations, including materials used in any process, conducted at the North Carolina Works facility for the period of 1970 through 1977.

2. The volume and type of raw material purchased for use in the manufacturing operations of the North Carolina Works facility for the period of 1970 through 1977.

3. The waste streams created at the North Carolina Works facility for the period of 1970 through 1977.

4. The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the North Carolina Works facility for the period of 1970 through 1977.

5. The waste disposal practices at the North Carolina Works facility for the period of 1970 through 1977.

6. The identity of current and/or former employees with knowledge regarding the waste disposal practices at the North Carolina Works facility for the period of 1970 through 1977.

7. The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

3

8. The relationship between Marvin Jonas and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

9. The relationship between the Boarhead Farm site and the North Carolina Works facility for the period of 1970 through 1977.

**C. With respect to costs expended by Agere in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site:**

1. The money that Agere has expended in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site.

Dated: February 1, 2005

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

By: _____
MELISSA E. FLAX [MF4060]

E X H I B I T  F

MELISSA E. FLAX [MF4060]
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Defendant,
Handy & Harman Tube Company, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,     :
    :
            Plaintiff,     :     CIVIL ACTION NO.
        v.     :     02-cv-3830 (LDD)
    :
ADVANCED ENVIRONMENTAL     :
TECHNOLOGY CORPORATION, et al.,     :
    :
            Defendants.     :
    :

## SECOND AMENDED NOTICE OF DEPOSITION

TO:    Glenn A. Harris, Esq.
        Ballard Spahr Andrews & Ingersoll, LLP
        Plaza 1000 – Suite 500
        Main Street
        Voorhees, New Jersey 08043-4636
        Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30, deposition upon oral examination of the below deponent(s) will be taken before a notary public or some other officer authorized by law to administer oaths and take depositions, at the offices of Agere, 1110 American Parkway NE, Allentown, Pennsylvania, on February 22, 2005 commencing at 10:00 a.m. This examination is to be conducted from day to day or upon such adjourned date(s) as may be agreed upon until concluded.

Plaintiff Boarhead Farm Agreement Group member Agere by Marianne Santarelli, its representative designated pursuant to Fed. R. Civ. P. 30(b)(6), shall be examined with respect to matters relevant to the within action including, but not limited to, the following:

**A. With respect to the Pennsylvania Facility located at 555 Union Boulevard, Allentown, Pennsylvania 18103:**

1. The manufacturing operations, including materials used in any process, conducted at the Pennsylvania Facility for the period of 1970 through 1977.

2. The volume and type of raw material purchased for use in the manufacturing operations of the Pennsylvania Facility for the period of 1970 through 1977.

3. The waste streams created at the Pennsylvania Facility for the period of 1970 through 1977.

4. The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the Pennsylvania Facility for the period of 1970 through 1977.

5. The waste disposal practices at the Pennsylvania Facility for the period of 1970 through 1977.

6. The identity of current and/or former employees with knowledge regarding the waste disposal practices at the Pennsylvania Facility for the period of 1970 through 1977.

7. The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

8. The relationship between Marvin Jonas and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

9. The relationship between the Boarhead Farm site and the Pennsylvania Facility for the period of 1970 through 1977.

**B. With respect to the North Carolina Works facility located at Lexington Road, Winston-Salem, North Carolina:**

1. The manufacturing operations, including materials used in any process, conducted at the North Carolina Works facility for the period of 1970 through 1977.

2. The volume and type of raw material purchased for use in the manufacturing operations of the North Carolina Works facility for the period of 1970 through 1977.

3. The waste streams created at the North Carolina Works facility for the period of 1970 through 1977.

4. The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the North Carolina Works facility for the period of 1970 through 1977.

5. The waste disposal practices at the North Carolina Works facility for the period of 1970 through 1977.

6. The identity of current and/or former employees with knowledge regarding the waste disposal practices at the North Carolina Works facility for the period of 1970 through 1977.

7. The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

3

8. The relationship between Marvin Jonas and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

9. The relationship between the Boarhead Farm site and the North Carolina Works facility for the period of 1970 through 1977.

## C. With respect to costs expended by Agere in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site:

1. The money that Agere has expended in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site.

Dated: February 3, 2005

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

By: _____

MELISSA E. FLAX [MF4060]

4

# E X H I B I T  G

Page 1

1                    UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2

3      _____    CIVIL ACTION NO.
                                            02-CV-3830

4
       Boarhead Farm Agreement Group,

5
                     Plaintiff,            Oral Deposition of

6
               vs.                         Dennis Shea

7
       Advanced Environmental
8      Technology Corporation;
       Ashland Chemical Company;
9      Boarhead Corporation;
       Carpenter Technology
10     Corporation; Crown Metro,
       Inc.; Diaz Chemical Corporation;
11     Emhart Industries, Inc.; Globe
       Disposal Company, Inc.;
12     Globe-Wastech, Inc.; Handy &
       Harman Tube Company, Inc.;
13     Knoll, Inc.; Merit Metal
       Products Corporation; Novartis
14     Corporation; NRM Investment
       Company; Plymouth Tube Company;
15     Quikline Design and Manufacturing
       Company; Rahns Specialty Metals,
16     Inc.; Rohm & Haas Company; Simon
       Wrecking Company, Inc.; Techalloy
17     Company, Inc.; Thomas & Betts
       Corporation; Unisys Corporation;
18     United States of America
       Department of Navy,

19
                     Defendants.
20     _____
21
22
                Certified Shorthand Reporting Services
23                       arranged through
                    Mastroianni & Formaroli, Inc.
24                       709 White Horse Pike
                      Audubon, New Jersey 08106
25                        (856) 546-1100

Page 2

* * * * *
Wednesday, February 9, 2005
* * * * *
Transcript in the above matter taken at
the offices of Drinker, Biddle & Reath, Esquires, One
Logan Square, 18th and Cherry Streets, Philadelphia,
Pennsylvania, commencing at 10:00 a.m.

APPEARANCES:

BALLARD, SPAHR, ANDREWS & INGERSOLL, ESQUIRES
BY: GLENN A. HARRIS, ESQUIRE
PLAZA 1000
MAIN STREET
VOORHEES, NEW JERSEY 08043
(856) 761-3400
Attorneys for the Plaintiff,
  BFAG
PHELAN, PETTIT & BIEBRZYCKI, ESQUIRES
BY: BRENT COSSROW, ESQUIRE
121 SOUTH BROAD STREET
SUITE 1600
PHILADELPHIA, PENNSYLVANIA 19107
(215) 546-0500
Attorneys for the Defendant,
  Ashland

EDWARDS AND ANGELL, ESQUIRES
BY: LYNN WRIGHT, ESQUIRE
750 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 756-0215
Attorneys for the Defendant,
  Carpenter Technology Corporation
  (VIA TELEPHONE)
CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI,
  STEWART & OLSTEIN, ESQUIRES
BY: MELISSA E. FLAX, ESQUIRE
5 BECKER FARM ROAD
ROSELAND, NEW JERSEY 07068
(973) 994-1700
Attorneys for the Defendant,
  Handy & Harman Tube Company
  (VIA TELEPHONE)

Page 3

APPEARANCES: (Continued)
  DRINKER, BIDDLE & REATH, ESQUIRES
  BY: ADINA D. BINGHAM, ESQUIRE
  ONE LOGAN SQUARE
  18TH AND CHERRY STREETS
  PHILADELPHIA, PENNSYLVANIA 19103
  (215) 988-2512
  Attorneys for the Defendants,
    RSM, Inc., Techalloy and
    Thomas & Betts Corporation
  MONTGOMERY, MC CRACKEN, WALKER & RHOADS,
    ESQUIRES
  BY: SALLY ACKERMAN KING, ESQUIRE
  123 SOUTH BROAD STREET
  AVENUE OF THE ARTS
  PHILADELPHIA, PENNSYLVANIA 19109
  (215) 772-7412
  Attorneys for the Defendant,
    SPS Technologies

Page 4

WITNESS INDEX
Examination of Mr. Shea by Ms. Bingham:
    Page 6

Examination of Mr. Shea by Mr. Cossrow:
    Page 84
Examination of Mr. Shea by Ms. Flax:
    Page 85

Page 5

EXHIBITS

EXHIBIT INDEX

NONE MARKED FOR IDENTIFICATION

2 (Pages 2 to 5)

Page 78

1   analysis of -- of why we think waste did or didn't go
2   somewhere else, we're here to respond to factual
3   questions.
4           MS. BINGHAM: I was asking for the
5   factual bases for his assertion of zero, that's a
6   fact, I'm asking for a factual bases.
7           MR. HARRIS: Well, frankly, I
8   understood your question to be did SPS send any waste
9   to the site, I understood his answer to be no because
10  SPS didn't send any waste to the site.
11          MS. BINGHAM: Okay.
12          MR. HARRIS: They may have given waste
13  to De Rewal or they may have given waste to Marvin
14  Jonas, but they -- I understood his answer to mean
15  SPS didn't send any waste to the Boarhead site.
16          MS. BINGHAM: I will rephrase the
17  question then.
18  BY MS. BINGHAM:
19      Q.   What volume of waste that was picked up
20  by De Rewal made its way to Boarhead Farm from SPS?
21          MR. HARRIS: I'm not going to let him
22  answer that question either. He doesn't have any
23  knowledge of that. That's not within the scope.
24          MS. BINGHAM: The relationship between
25  Boarhead Farm and Standard Press Steel?

Page 79

1           MR. HARRIS: There is none.
2           THE WITNESS: There is none.
3           MR. HARRIS: They had no business
4   dealings, that's the relationship. None. They
5   didn't do business.
6           MS. BINGHAM: Their presence at
7   Standard Press Steel waste on Boarhead Farm site
8   wouldn't be a relationship?
9           MR. HARRIS: Well, you didn't ask him
10  that.
11          MS. BINGHAM: I asked him what waste
12  transported by De Rewal ended up at Boarhead Farm
13  site from SPS.
14          THE WITNESS: I'm aware of none.
15  BY MS. BINGHAM:
16      Q.   What is the bases for your assertion?
17          What factual information do you have to
18  support that assertion?
19          MR. HARRIS: Well, I think he said
20  there's an absence of information, he says he's aware
21  of no information that suggests that, that was the
22  answer.
23  BY MS. BINGHAM:
24      Q.   What is SPS's position either
25  individually or as a member of the Boarhead Farm

Page 80

1   Agreement Group as to the volume of waste from
2   Techalloy which was disposed of at the site?
3           MR. HARRIS: We are not going to answer
4   those questions either. That's not on this list.
5           MS. BINGHAM: It's clearly within the
6   scope of the interrogatories.
7           MR. HARRIS: You and I agreed that the
8   scope of the interrogatories with respect to number
9   seven was the waste streams of SPS, the waste
10  disposal practices of SPS, the relationship to Jonas
11  and De Rewal. We're not going -- we're not here to
12  answer questions about our litigation strategies, our
13  contentions or anything else.
14          MS. BINGHAM: I agree that that largely
15  covered what it was.
16          MR. HARRIS: And, anyway, seven says as
17  they related to the Standard Press Steel facility,
18  which is exactly what we understood and you and I
19  talked about. We're not here to talk about any other
20  answers to interrogatories other than the ones that
21  have to do with their Jenkintown facility.
22          MS. WRIGHT: This is Lynn Wright from
23  Edward and Angell again, is that an instruction not
24  to answer, Glenn?
25          MR. HARRIS: Yeah. Sure. We're not

Page 81

1   going to answer -- this witness is not here today
2   to --
3           MS. WRIGHT: That's all I needed.
4           MR. HARRIS: -- answer any questions
5   about Techalloy, Ashland, or the man on the moon, for
6   that matter.
7           MS. BINGHAM: When will SPS be prepared
8   to answer such a question?
9           MR. HARRIS: If and when we receive an
10  interrogatory that's within the scope of the federal
11  rules of civil procedure we'll respond to it as we're
12  required to do so, if and when we get a deposition
13  notice to seek such information we'll respond to it
14  within the scope of the federal rules of civil
15  procedure, but in our view that hasn't happened yet.
16  BY MS. BINGHAM:
17      Q.   What is SPS's position either
18  individually or as a member of the Boarhead Farm
19  Agreement Group as to which hazardous substances if
20  any were contained in the Techalloy waste that were
21  disposed of at the site?
22          MR. HARRIS: Same thing, we're not
23  answering those questions today.
24          MS. BINGHAM: I just want to get the
25  instruction on the record.

21 (Pages 78 to 81)

Page 74

```
 1   requisitions, etcetera?
 2       A.   No.
 3       Q.   Do you know if there were some method to
 4   which ones Mr. Rambo decided to keep?
 5       A.   I have no idea if he kept a portion or
 6   all and if there was any method or selection
 7   criteria.
 8       Q.   Have you ever personally spoken to Mr.
 9   Rambo?
10       A.   No.
11       Q.   Okay.
12           So the company didn't ask him why he
13   kept these particular documents?
14       A.   I don't know the answer to that.
15       Q.   What volume of waste did SPS send to
16   Boarhead Farm?
17       A.   I don't think we sent anything to
18   Boarhead Farm.
19       Q.   What is the basis for that belief?
20       A.   Well, I know that there was at least
21   some sodium cyanide found when Mr. De Rewal was
22   arrested for illegal disposal down on Ontario Street,
23   there were numerous drums down there, SPS is very
24   close to the Philadelphia locations that Mr. De Rewal
25   was using, you know, I know that -- as far as I know,
```

Page 75

```
 1   with the possible exception of your client, that
 2   there's -- SPS is the only defendant that's ever been
 3   identified as potentially sending materials to the
 4   Frenchtown site.
 5       Q.   When was SPS identified as potentially
 6   sending materials to Frenchtown?
 7       A.   1990.
 8       Q.   Was that in connection with the
 9   remediation of Frenchtown?
10       A.   It was in connection -- it was before
11   the remediation of Frenchtown and continued until
12   after the remediation of Frenchtown was completed.
13       Q.   What types of materials was SPS alleged
14   to have sent to Frenchtown?
15       A.   I think EPA looked at the entire gamut
16   of our dealings with De Rewal when they were talking
17   to us, but there was one document in particular that
18   identified Frenchtown and it was cyanide.
19       Q.   Was that a document that's been produced
20   in this litigation?
21       A.   I believe it has.
22       Q.   Do you know what document it is?
23       A.   Probably -- you have my 104(e)?
24       Q.   I do.  They're all tabbed up, but --
25       A.   Why don't you give me the 1996 --
```

Page 76

```
 1           MR. HARRIS:  How about that one?
 2           THE WITNESS:  Yeah, that's it,
 3   SPST00325.
 4   BY MS. BINGHAM:
 5       Q.   Okay.
 6           Are there any other bases aside from
 7   those you've just listed, and we kind of got off on a
 8   tangent about Frenchtown, any other bases for your
 9   assertion that SPS --
10       A.   You know, as you're aware, I'm here as
11   our 30(B)(6) representative, but I'm also an attorney
12   and I -- I think that you've got the right person to
13   talk about everything on this list here, waste
14   disposal practices, waste streams created,
15   relationship, we're not aware of any relationship
16   outside of these -- these documents for Jonas and
17   De Rewal, I'm not aware of any relationship between
18   SPS or Standard Press Steel and the Boarhead Farm
19   site beyond our participation as a -- one of the
20   active parties that have stepped up to the plate to
21   take care of that site, I just -- I have no -- you
22   know, but I'm not going to sit here and hypothesize
23   with you about all of the potential reasons why our
24   waste generated in that relevant time period went to
25   the site.
```

Page 77

```
 1           MS. WRIGHT:  I think the question
 2   was -- this is Lynn Wright from Edwards and Angell, I
 3   think the question was why do you think waste did not
 4   go to the site, not why you think it went to the
 5   site.
 6           THE WITNESS:  I've given you two pretty
 7   good reasons why I think it didn't go to the site,
 8   sitting here right now --
 9           MR. HARRIS:  Hold on a second.
10           We don't think that question is within
11   the scope of this notice, anyway.
12           MS. BINGHAM:  You don't think that the
13   volume of waste sent is relevant to the relationship
14   between the Boarhead Farm site and Standard Press
15   Steel?
16           MR. HARRIS:  The volume of waste sent
17   where?
18           MS. BINGHAM:  To Boarhead Farm.
19           MR. HARRIS:  He said the answer is
20   none, that's the answer.
21           MS. BINGHAM:  And I'm asking for the
22   basis for that answer.
23           THE WITNESS:  I just gave you --
24           MR. HARRIS:  Well, you know -- we're
25   not here today to present, you know, litigation
```

# EXHIBIT H

MELISSA E. FLAX [MF4060]
CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Defendant,
Handy & Harman Tube Company, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARHEAD FARM AGREEMENT GROUP,<br><br>Plaintiff,<br>v.<br><br>ADVANCED ENVIRONMENTAL<br>TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   02-cv-3830 (LDD)<br>:<br>:<br>:<br>:<br>:<br>: |

## THIRD AMENDED NOTICE OF DEPOSITION

TO:   Glenn A. Harris, Esq.
      Ballard Spahr Andrews & Ingersoll, LLP
      Plaza 1000 – Suite 500
      Main Street
      Voorhees, New Jersey 08043-4636
      Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30, deposition upon oral examination of the below deponent(s) will be taken before a notary public or some other officer authorized by law to administer oaths and take depositions, at the offices of Agere, 1110 American Parkway NE, Allentown, Pennsylvania, on February 22, 2005 commencing at 10:00 a.m. This examination is to be conducted from day to day or upon such adjourned date(s) as may be agreed upon until concluded.

Plaintiff Boarhead Farm Agreement Group member Agere by Marianne Santarelli, its representative designated pursuant to Fed. R. Civ. P. 30(b)(6), shall be examined with respect to matters relevant to the within action including, but not limited to, the following:

**A. With respect to the Pennsylvania Facility located at 555 Union Boulevard, Allentown, Pennsylvania 18103:**

1.  The manufacturing operations, including materials used in any process, conducted at the Pennsylvania Facility for the period of 1970 through 1977.

2.  The volume and type of raw material purchased for use in the manufacturing operations of the Pennsylvania Facility for the period of 1970 through 1977.

3.  The waste streams created at the Pennsylvania Facility for the period of 1970 through 1977.

4.  The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the Pennsylvania Facility for the period of 1970 through 1977.

5.  The waste disposal practices, including any laboratory testing and/or analysis that may have been performed, at the Pennsylvania Facility for the period of 1970 through 1977.

6.  The identity of current and/or former employees with knowledge regarding the waste disposal practices, including any laboratory testing and/or analysis that may have been performed, at the Pennsylvania Facility for the period of 1970 through 1977.

7.  The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

2

8. The relationship between Marvin Jonas and his business(es) and the Pennsylvania Facility for the period of 1970 through 1977.

9. The relationship between the Boarhead Farm site and the Pennsylvania Facility for the period of 1970 through 1977.

**B. With respect to the North Carolina Works facility located at Lexington Road, Winston-Salem, North Carolina:**

1. The manufacturing operations, including materials used in any process, conducted at the North Carolina Works facility for the period of 1970 through 1977.

2. The volume and type of raw material purchased for use in the manufacturing operations of the North Carolina Works facility for the period of 1970 through 1977.

3. The waste streams created at the North Carolina Works facility for the period of 1970 through 1977.

4. The identity of current and/or former employees with knowledge regarding the waste streams (including all by-products) created at the North Carolina Works facility for the period of 1970 through 1977.

5. The waste disposal practices, including any laboratory testing and/or analysis that may have been performed, at the North Carolina Works facility for the period of 1970 through 1977.

6. The identity of current and/or former employees with knowledge regarding the waste disposal practices, including any laboratory testing and/or analysis that may have been performed, at the North Carolina Works facility for the period of 1970 through 1977.

7. The relationship between Manfred DeRewal, Sr., his employees and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

8. The relationship between Marvin Jonas and his business(es) and the North Carolina Works facility for the period of 1970 through 1977.

9. The relationship between the Boarhead Farm site and the North Carolina Works facility for the period of 1970 through 1977.

C. **With respect to costs expended by Agere in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site**:

1. The money that Agere has expended in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site.

D. **With respect to any money recovered by Agere that was expended in connection with the investigation and/or remediation of the Boarhead Farm Superfund Site:**

1. Any and all money recovered by Agere from any source whatsoever including, but not limited to, insurance proceeds, settlements, etc.

E. **With respect to the claims against each of the defendants in this action:**

1. The basis for the filing of the complaint against each of the defendants.

2. The volume and type(s) of waste alleged to have come from each of the defendants and disposed of at the Boarhead Farm Superfund Site.

Dated: February 9, 2005

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

By: _____
MELISSA E. FLAX [MF4060]

4

**E X H I B I T  I**

LAW OFFICES
## BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP

PLAZA 1000 - SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
LAWYERS@BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
CAMDEN, NJ
DENVER, CO
SALT LAKE CITY, UT
WASHINGTON, DC

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

GLENN A. HARRIS
DIRECT DIAL: 856-761-3440
PERSONAL FAX: 856-761-9001
HARRISG@BALLARDSPAHR.COM

February 15, 2005

**By Facsimile**

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
Stewart & Olstein, P.C.
Six Becker Farm Road
Roseland, NJ 07068-1739

Re:     *Boarhead Litigation*

Dear Melissa:

This letter is in response to your letter of February 9, 2005. Ms. Santarelli has been designated by Agere to testify on behalf of Agere as to the matters set forth in your initial (and amended) Notice of Deposition. The date for that deposition was agreed to as February 22, 2005. Agere has not designated Ms. Santarelli, or anyone else, to testify on its behalf with respect to topics D and E in your Third Amended Notice of Deposition, and would not designate Ms. Santarelli for those additional topics.

Moreover, the information sought in topics D and E is objectionable. Money "recovered" from Agere is neither relevant to claims or defenses in this matter nor would it lead to the discovery of admissible evidence. The Court has ruled, at the Defendants' request, that the Uniform Comparative Fault Act applies to settlements in this matter. Any defendants remaining at trial will accordingly be entitled to a pro rata credit for the liability, if any, of any settled parties as proven at trial. The dollar amounts of such settlements are totally irrelevant. Similarly, the source of the funds used by Agere to fund its shares of the OU-1 and OU-2 costs has no bearing upon the recoverability of those costs (see, for example, the collateral source rule). With respect to topic E, this topic seeks contention discovery that the Court has ruled is premature. Your client cannot obtain through the means of a Rule 30(b)(6) deposition the very information that the Court has already ruled cannot be obtained pursuant to written discovery requests.

VH_DOCS_A #179973 v1

Melissa Flax, Esquire
February 15, 2005
Page 2

      Accordingly, Agere has no obligation to designate a person to testify on its behalf with respect to the information sought in topics D and E. I request that you immediately withdraw the Third Amended Deposition Notice for the reasons stated above. I will assume, unless I hear from you to the contrary, that your client wishes to proceed with the scheduled deposition of Agere's representative with respect to the Amended Notice of Deposition. If not, please so inform me as soon as possible.

                Very truly yours,

                Glenn A. Harris

GAH/dmn

LAW OFFICES

## BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000 • SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
LAWYERS@BALLARDSPAHR.COM

BALTIMORE, MD
DENVER, CO
PHILADELPHIA, PA
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

## PLEASE DELIVER AS SOON AS POSSIBLE TO:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Melisa Flax | Carella, Byrne, Bain | 973-994-1744 | 973-994-1700 |

From: Glenn A. Harris

Phone: (856) 761-3440

Date: February 15, 2005

Matter: 892241 / 5657

Total number of pages including this page: 3
If you do not receive all the pages, please call 856-761-3400

**Please Note:** The information contained in this facsimile message is privileged and confidential and is intended only for the use of the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received the communication in error, or if any problems occur with transmission, please notify us immediately by telephone. Thank you.

# EXHIBIT J

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, P.C.

### COUNSELLORS AT LAW

| | | 5 BECKER FARM ROAD | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | ROSELAND, N.J. 07068-1739 | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | PHONE (973) 994-1700 | DONALD S. BROOKS | WILLIAM SQUIRE |
| JOHN N. BAIN | A. RICHARD ROSS | FAX (973) 994-1744 | RAYMOND R. SIBERINE | ROBERT P. DONOVAN |
| JOHN G. GILFILLAN, III | KENNETH L. WINTERS | www.carellabyrne.com | FRANCIS C. HAND | ALAN J. GRANT° |
| PETER G. STEWART | JEFFREY A. COOPER | | AVRAM S. EULE | MICHAEL P. PASQUALE |
| ELLIOT M. OLSTEIN | CARL R. WOODWARD, III | | LINDSEY H. TAYLOR | LAURA S. MUNZER |
| ARTHUR T. VANDERBILT, II | NABIL N. KASSEM | | ROBERT I. HALPERN° | MARC D. MICELI |
| JAN ALAN BRODY | MELISSA E. FLAX | | RAYMOND W. FISHER | RAYMOND E. STAUFFER° |
| JOHN M. AGNELLO | DENNIS F. GLEASON | | DAVID J. REICH | KERRIE R. HESLIN |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | | ———— | ROBERT C. SCRIVO |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | February 22, 2005 | OF COUNSEL | JACOB A. KUBERT |
| | BRIAN H. FENLON | | | °MEMBER N.Y. BAR ONLY |
| | KHOREN BANDAZIAN | | | |
| JAMES D. CECCHI (1933-1995) | THOMAS P. MONAHAN, JR.* | | | |
| | *CERTIFIED BY THE SUPREME COURT | | | |
| | OF NJ AS A CIVIL TRIAL ATTORNEY | | | |

*Via Facsimile and Ordinary Mail*
Glenn A. Harris, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, New Jersey 08043-4636

> **RE:** **Boarhead Farm Agreement Group v. Advanced**
> **Environmental Technology Corporation, et al.**
> **Case No. 02-03830 (LDD)**
> **Our File No. 300580-21**
> **Your File No. 892241**

Dear Glenn:

  I write in response to your letter dated February 15, 2005 and as a follow up to my email to you dated February 18, 2005 with respect to the Third Amended deposition notice for a representative(s) from Agere.

  With respect to your objection to Item D in the notice and your refusal to produce a representative to respond to questions relating to that topic, Handy & Harman Tube Company reserves its right to seek relief from the Court at a future date.

  With respect to your objection to Item E in the notice, please advise me if what you are really saying is that you will produce someone after discovery is complete or if you are saying that under no circumstances will you produce any representative to respond to questions relating to Item E. Since discovery ends on March 18, 2005, we need to resolve this issue. If you have no intention of producing a witness to respond to questions under Item E, then we will need to go to Court. If, on the other hand, you will be producing someone at the conclusion of discovery, we need to schedule that deposition since we have a deadline to meet.

Glenn A. Harris, Esq.
February 22, 2005
Page 2

Please advise me as to your position regarding Item E in the deposition notice to
Agere.

Very truly yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

MELISSA E. FLAX

MEF
Cc:    All Counsel (via facsimile and ordinary mail)

# Confirmation Report — Memory Send

```
Page      : 001
Date & Time: Feb-22-05  11:06am
Line 1    : +9739941744
Line 2    : +9739941744
Machine ID : Carella Byrne Bain Gilfillan etal
```

| | | |
|---|---|---|
| Job number | : | 077 |
| Date | : | Feb-22 11:05am |
| To | : | ☎526#300580#21#18567619001# |
| Number of pages | : | 003 |
| Start time | : | Feb-22 11:05am |
| End time | : | Feb-22 11:06am |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 077          *** SEND SUCCESSFUL ***

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OPERATOR: CA

TIME COMPLETED: 1106

EXT. NO.: 526

DATE: February 22, 2005

OUR FILE NO.: 300580-21

| NAME | FIRM | FAX NO. |
|---|---|---|
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020 |

FROM: Melissa E. Flax, Esq.     **Total Pages Including Transmittal Sheet:** 3

**COMMENTS:**

IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE
THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973)
994-1700 (EXT. 211)

**CONFIDENTIALITY NOTE:** The documents accompanying this telecopy transmission
contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &
Olstein, which is confidential and/or legally privileged. The information contained in this
facsimile is intended only for the use of the individual named above and others who have been
specifically authorized to receive it. If the one receiving it is not the intended recipient, you are
hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited. If you have received this telecopy in error, please notify us by telephone immediately
so that we can arrange for the return of the original documents to us at once. Thank you.

The original of this document will be sent by:

☐  Ordinary Mail
    Messenger

☐  Overnight Mail
    This will be the only form of
    delivery of this Document

# Confirmation Report — Memory Send

Page      : 001
Date & Time: Feb-22-05  11:08am
Line 1    : +9739941744
Line 2    : +9739941744
Machine ID : Carrella Byrne Bain Gilfillan etal

Job number                :    078

Date                      :    Feb-22  11:05am

To                        : ☎526#300580#21#12158649266#

Number of pages           :    003

Start time                :    Feb-22  11:06am

End time                  :    Feb-22  11:08am

Pages sent                :    003

Status                    :    OK

Job number    : 078

### *** SEND SUCCESSFUL ***

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OPERATOR:       _OAK_

TIME COMPLETED:   _1108_

EXT. NO.:        _526_

OUR FILE NO.: 300580-21

DATE:  February 22, 2005

| NAME | FIRM | FAX NO. |
|------|------|---------|
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020 |

FROM:    Melissa E. Flax, Esq.          Total Pages Including Transmittal Sheet:  _3_

COMMENTS:

IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973) 994-1700 (EXT. 211)

CONFIDENTIALITY NOTE:  The documents accompanying this telecopy transmission contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, which is confidential and/or legally privileged.  The information contained in this facsimile is intended only for the use of the individual named above and others who have been specifically authorized to receive it.  If the one receiving it is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at once.  Thank you.

The original of this document will be sent by:

☐    Ordinary Mail
     Messenger

☐    Overnight Mail
     This will be the only form of
     delivery of this Document

Confirmation Report — Memory Send

Page          : 001
Date & Time: Feb-22-05  11:09am
Line 1        : +9739941744
Line 2        : +9739941744
Machine ID : Carrella Byrne Bain Gilfillan etal

Job number            :    079

Date                        :    Feb-22 11:06am

To                           : ☎526#300580#21#19737401407#

Number of pages     :    003

Start time                :    Feb-22 11:08am

End time                  :    Feb-22 11:09am

Pages sent              :    003

Status                     :    OK

Job number      : 079

*** SEND SUCCESSFUL ***

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OPERATOR: _OK_

TIME COMPLETED: _1109_

EXT. NO.: _526_

OUR FILE NO.: _300580-21_

| DATE: _February 22, 2005_ | | |
|---|---|---|
| NAME | FIRM | FAX NO. |
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020 |

FROM:    _Melissa E. Flax, Esq._      Total Pages Including Transmittal Sheet: _3_

COMMENTS: _____

IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973) 994-1700 (EXT. 211)

**CONFIDENTIALITY NOTE:** The documents accompanying this telecopy transmission contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, which is confidential and/or legally privileged. The information contained in this facsimile is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If the one receiving it is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at once. Thank you.

The original of this document will be sent by:

☐    Ordinary Mail
      Messenger

☐    Overnight Mail
      This will be the only form of
      delivery of this Document

Confirmation Report — Memory Send

```
Page            : 001
Date & Time: Feb-22-05  11:10am
Line 1          : +9739941744
Line 2          : +9739941744
Machine ID : Carrella Byrne Bain Gilfillan etal
```

| | | |
|---|---|---|
| Job number | : | 080 |
| Date | : | Feb-22  11:06am |
| To | : | ☎526#300580#21#12155683253# |
| Number of pages | : | 003 |
| Start time | : | Feb-22  11:09am |
| End time | : | Feb-22  11:10am |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 080

*** SEND SUCCESSFUL ***

OPERATOR:

TIME COMPLETED:

EXT. NO.:        526

**CARELLA, BYRNE, BAIN, GILFILLAN CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OUR FILE NO.:     300580-21

**DATE:**     February 22, 2005

| NAME | FIRM | FAX NO. |
|---|---|---|
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020 |

**FROM:**     Melissa E. Flax, Esq.          **Total Pages Including Transmittal Sheet:**     3

**COMMENTS:**

IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973) 994-1700 (EXT. 211)

**CONFIDENTIALITY NOTE:** The documents accompanying this telecopy transmission contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, which is confidential and/or legally privileged. The information contained in this facsimile is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If the one receiving it is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at once. Thank you.

The original of this document will be sent by:

☐  Ordinary Mail
    Messenger

☐  Overnight Mail
    This will be the only form of
    delivery of this Document

Confirmation Report - Memory Send

Page        : 001
Date & Time: Feb-22-05  11:33am
Line 1      : +9739941744
Line 2      : +9739941744
Machine ID : Carrella Byrne Bain Gilfillan etal

| | | |
|---|---|---|
| Job number | : | 090 |
| Date | : | Feb-22 11:21am |
| To | : | ☎526#300580#21#12155469444# |
| Number of pages | : | 003 |
| Start time | : | Feb-22 11:30am |
| End time | : | Feb-22 11:32am |
| Pages sent | : | 003 |
| Status | : | OK |

Job number  : 090                 *** SEND SUCCESSFUL ***

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OPERATOR:     *CA*

TIME COMPLETED:     *1132*

EXT. NO.:     *526*

DATE:  February 22, 2005          OUR FILE NO.:  300580-21

| NAME | FIRM | FAX NO. |
|---|---|---|
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020 |

FROM:    Melissa E. Flax, Esq.      **Total Pages Including Transmittal Sheet:**   *3*

**COMMENTS:**

IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE
THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973)
994-1700 (EXT. 211)

**CONFIDENTIALITY NOTE:** The documents accompanying this telecopy transmission
contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &
Olstein, which is confidential and/or legally privileged. The information contained in this
facsimile is intended only for the use of the individual named above and others who have been
specifically authorized to receive it. If the one receiving it is not the intended recipient, you are
hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited. If you have received this telecopy in error, please notify us by telephone immediately
so that we can arrange for the return of the original documents to us at once. Thank you.

**The original of this document will be sent by:**

☐  Ordinary Mail
    Messenger

☐  Overnight Mail
    This will be the only form of
    delivery of this Document

Confirmation Report — Memory Send

Page          : 001
Date & Time: Feb-22-05  11:16am
Line 1        : +9739941744
Line 2        : +9739941744
Machine ID : Carrella Byrne Bain Gilfillan etal

| | | |
|---|---|---|
| Job number | : | 082 |
| Date | : | Feb-22 11:08am |
| To | : | ☎526#300580#21#18883259169# |
| Number of pages | : | 003 |
| Start time | : | Feb-22 11:15am |
| End time | : | Feb-22 11:16am |
| Pages sent | : | 003 |
| Status | : | OK |

Job number      : 082        *** SEND SUCCESSFUL ***

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OPERATOR:

TIME COMPLETED:  1116

EXT. NO.:  526

DATE:  February 22, 2005                                OUR FILE NO.:  300580-21

| NAME | FIRM | FAX NO. |
|---|---|---|
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020 |

FROM:  Melissa E. Flax, Esq.          Total Pages Including Transmittal Sheet:  3

COMMENTS:

IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE
THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973)
994-1700 (EXT. 211)

CONFIDENTIALITY NOTE:  The documents accompanying this telecopy transmission
contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &
Olstein, which is confidential and/or legally privileged.  The information contained in this
facsimile is intended only for the use of the individual named above and others who have been
specifically authorized to receive it. If the one receiving it is not the intended recipient, you are
hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited.  If you have received this telecopy in error, please notify us by telephone immediately
so that we can arrange for the return of the original documents to us at once.  Thank you.

The original of this document will be sent by:

☐          Ordinary Mail
            Messenger

☐          Overnight Mail
            This will be the only form of
            delivery of this Document

Confirmation Report — Memory Send

```
                              Page      : 001
                              Date & Time: Feb-22-05  11:35am
                              Line 1    : +9739941744
                              Line 2    : +9739941744
                              Machine ID : Carrella Byrne Bain Gilfillan etal
```

| | | |
|---|---|---|
| Job number | : | 094 |
| Date | : | Feb-22 11:31am |
| To | : | ☎526#300580#21#12153432075# |
| Number of pages | : | 003 |
| Start time | : | Feb-22 11:34am |
| End time | : | Feb-22 11:35am |
| Pages sent | : | 003 |
| Status | : | OK |

**\*\*\* SEND SUCCESSFUL \*\*\***

Job number      : 094

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OPERATOR:          CA

TIME COMPLETED:     1135

EXT. NO.:          526

DATE:   February 22, 2005

OUR FILE NO.:   300580-21

| NAME | FIRM | FAX NO. |
|---|---|---|
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001  — 1108 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266  — 1108 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407  — 1109 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253  — 1110 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 — |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 — 1116 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 — |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696  — 1174 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757  — 1175 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020  — 1177 |

FROM:   Melissa E. Flax, Esq.

Total Pages Including Transmittal Sheet:   3

**COMMENTS:**
IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE
THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973)
994-1700 (EXT. 211)

**CONFIDENTIALITY NOTE:**   The documents accompanying this telecopy transmission
contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &
Olstein, which is confidential and/or legally privileged.  The information contained in this
facsimile is intended only for the use of the individual named above and others who have been
specifically authorized to receive it.  If the one receiving it is not the intended recipient, you are
hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited.  If you have received this telecopy in error, please notify us by telephone immediately
so that we can arrange for the return of the original documents to us at once.  Thank you.

**The original of this document will be sent by:**

☐   Ordinary Mail
     Messenger

☐   Overnight Mail
     This will be the only form of
     delivery of this Document

Confirmation Report — Memory Send

Page         : 001
Date & Time: Feb-22-05   11:24am
Line 1       : +9739941744
Line 2       : +9739941744
Machine ID : Carrella Byrne Bain Gilfillan etal

| Job number | : | 084 |
|---|---|---|
| Date | : | Feb-22  11:09am |
| To | : | ☎526#300580#21#16102790696# |
| Number of pages | : | 003 |
| Start time | : | Feb-22  11:22am |
| End time | : | Feb-22  11:24am |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 084

*** SEND SUCCESSFUL ***

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OPERATOR:          CA

TIME COMPLETED:    1124

EXT. NO.:          524

OUR FILE NO.:  300580-21

DATE:    February 22, 2005

NAME
Glenn A. Harris, Esq.
Monique M. Mooney, Esq.
Thomas W. Sabino, Esq.
Robert M. Morris, Esq.
Richard C. Biedrzycki, Esq.
Lynn Wright, Esq.
Stephen P. Chawaga, Esq.
Edward Fackenthal, Esq.
Andrew P. Foster, Esq.
Seth v.d.H. Cooley

FIRM
Ballard, Spahr, Andrews & Ingersoll
Ballard, Spahr, Andrews & Ingersoll
Wolff & Samson
Morris & Adelman, P.C.
Phelan, Pettit & Biedrzycki
Edwards & Angell
Monteverde, McAlee & Hurd
Henderson Weitherill, O'Hey
Drinker, Biddle & Reath, LLP
Duane Morris LLP

FAX NO.
(856) 761-9001
(215) 864-9266
(973) 740-1407
(215) 568-3253
(215) 546-9444
(888) 325-9169
(215) 343-2075
(610) 279-0696
(215) 988-2757
(215) 979-1020

FROM:    Melissa E. Flax, Esq.

Total Pages Including Transmittal Sheet:    3

COMMENTS:
IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE
THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973)
994-1700 (EXT. 211)

CONFIDENTIALITY NOTE:   The documents accompanying this telecopy transmission
contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &
Olstein, which is confidential and/or legally privileged.   The information contained in this
facsimile is intended only for the use of the individual named above and others who have been
specifically authorized to receive it.  If the one receiving it is not the intended recipient, you are
hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited.  If you have received this telecopy in error, please notify us by telephone immediately
so that we can arrange for the return of the original documents to us at once.  Thank you.

The original of this document will be sent by:

☐       Ordinary Mail
        Messenger

☐       Overnight Mail
        This will be the only form of
        delivery of this Document

Confirmation Report — Memory Send

```
Page         : 001
Date & Time: Feb-22-05  11:25am
Line 1       : +9739941744
Line 2       : +9739941744
Machine ID : Carella Byrne Bain Gilfillan etal
```

Job number        :   085

Date              :   Feb-22 11:09am

To                :   ☎526#300580#21#12159882757#

Number of pages   :   003

Start time        :   Feb-22 11:24am

End time          :   Feb-22 11:25am

Pages sent        :   003

Status            :   OK

Job number   : 085

### *** SEND SUCCESSFUL ***

OPERATOR:

TIME COMPLETED: _____ 1125

EXT. NO.: _____ 526

OUR FILE NO.: 300580-21

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

DATE:   February 22, 2005

| NAME | FIRM | FAX NO. |
|------|------|---------|
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Monique M. Mooney, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Thomas W. Sabino, Esq. | Wolff & Samson | (973) 740-1407 |
| Robert M. Morris, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Richard C. Biedrzycki, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Lynn Wright, Esq. | Edwards & Angell | (888) 325-9169 |
| Stephen P. Chawaga, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Edward Fackenthal, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Andrew P. Foster, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Seth v.d.H. Cooley | Duane Morris LLP | (215) 979-1020 |

Total Pages Including Transmittal Sheet:  3

FROM:   Melissa E. Flax, Esq.

COMMENTS:

IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973) 994-1700 (EXT. 211)

CONFIDENTIALITY NOTE:   The documents accompanying this telecopy transmission contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, which is confidential and/or legally privileged.   The information contained in this facsimile is intended only for the use of the individual named above and others who have been specifically authorized to receive it.   If the one receiving it is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.   If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at once.   Thank you.

The original of this document will be sent by:

☐   Ordinary Mail
    Messenger

☐   Overnight Mail
    This will be the only form of
    delivery of this Document

# Confirmation Report - Memory Send

Page          : 001
Date & Time: Feb-22-05  11:27am
Line 1        : +9739941744
Line 2        : +9739941744
Machine ID : Carrella Byrne Bain Gilfillan etal

Job number          :    086

Date                :    Feb-22 11:10am

To                  :    ☎526#300580#21#12159791020#

Number of pages     :    003

Start time          :    Feb-22 11:25am

End time            :    Feb-22 11:27am

Pages sent          :    003

Status              :    OK

Job number    :  086

## *** SEND SUCCESSFUL ***

OPERATOR:  _CA_

TIME COMPLETED:  _1127_

EXT. NO.:  _526_

**CARELLA, BYRNE, BAIN, GILFILLAN**
**CECCHI, STEWART & OLSTEIN**
6 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (FAX)

OUR FILE NO.:  300580-21

| DATE: February 22, 2005 | FIRM | FAX NO. |
|---|---|---|
| **NAME** | Ballard, Spahr, Andrews & Ingersoll | (856) 761-9001 |
| Glenn A. Harris, Esq. | Ballard, Spahr, Andrews & Ingersoll | (215) 864-9266 |
| Monique M. Mooney, Esq. | Wolff & Samson | (973) 740-1407 |
| Thomas W. Sabino, Esq. | Morris & Adelman, P.C. | (215) 568-3253 |
| Robert M. Morris, Esq. | Phelan, Pettit & Biedrzycki | (215) 546-9444 |
| Richard C. Biedrzycki, Esq. | Edwards & Angell | (888) 325-9169 |
| Lynn Wright, Esq. | Monteverde, McAlee & Hurd | (215) 343-2075 |
| Stephen P. Chawaga, Esq. | Henderson Weitherill, O'Hey | (610) 279-0696 |
| Edward Fackenthal, Esq. | Drinker, Biddle & Reath, LLP | (215) 988-2757 |
| Andrew P. Foster, Esq. | Duane Morris LLP | (215) 979-1020 |
| Seth v.d.H. Cooley | | |

**FROM:**    Melissa E. Flax, Esq.          **Total Pages Including Transmittal Sheet:**  _3_

**COMMENTS:**
IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, OR DO NOT RECEIVE
THE NUMBER OF PAGES NOTED, PLEASE CONTACT THE FAX OPERATOR AT (973)
994-1700 (EXT. 211)

**CONFIDENTIALITY NOTE:**  The documents accompanying this telecopy transmission
contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &
Olstein, which is confidential and/or legally privileged.  The information contained in this
facsimile is intended only for the use of the individual named above and others who have been
specifically authorized to receive it.  If the one receiving it is not the intended recipient, you are
hereby notified that any dissemination, distribution or copy of this communication is strictly
prohibited.  If you have received this telecopy in error, please notify us by telephone immediately
so that we can arrange for the return of the original documents to us at once.  Thank you.

**The original of this document will be sent by:**

☐  Ordinary Mail
    Messenger

☐  Overnight Mail
    This will be the only form of
    delivery of this Document

# EXHIBIT K

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, P.C.

## COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
NABIL N. KASSEM
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
KHOREN BANDAZIAN
THOMAS P. MONAHAN, JR.*

*CERTIFIED BY THE SUPREME COURT
OF NJ AS A CIVIL TRIAL ATTORNEY

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

April 8, 2005

RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
FRANCIS C. HAND
AVRAM S. EULE
LINDSEY H. TAYLOR
ROBERT I. HALPERN°
RAYMOND W. FISHER
DAVID J. REICH

OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ROBERT P. DONOVAN
ALAN J. GRANT°
MICHAEL P. PASQUALE
LAURA S. MUNZER
MARC D. MICELI
RAYMOND E. STAUFFER°
KERRIE R. HESLIN
ROBERT C. SCRIVO
JACOB A. KUBERT
°MEMBER N.Y. BAR ONLY

*Via Facsimile and Ordinary Mail*
Glenn A. Harris, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, New Jersey 08043-4636

RE:     **Boarhead Farm Agreement Group v. Advanced
         Environmental Technology Corporation, et al.**
         **Case No. 02-03830 (LDD)**
         **Our File No. 300580-21**
         **Your File No. 892241**

Dear Glenn:

Upon a review of this matter, Handy & Harman Tube Company, Inc. hereby withdraws that portion of Item D in the Third Amended Notice of Deposition dated February 9, 2005 which sought a Rule 30(b)(6) designee to testify about settlements.

Very truly yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

MELISSA E. FLAX

MEF
Cc:    All Counsel of Record