UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO,<br><br>Plaintiff,<br><br>v.<br><br>LAKE RIVER CORP.; LRT HOLDING CO., INC.; LAKE RIVER TERMINALS, INC.; LAKE RIVER OIL CO.; and NORTH AMERICAN GALVANIZING & COATINGS, INC.,<br><br>Defendants. | No. 03 C 0754<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

**I. Background**

This lawsuit arises out of chemical spills that occurred on a parcel of property belonging to Plaintiff Water Reclamation District of Greater Chicago ("Water Rec. Dist."). In the 1940's and 1950's, the Water Rec. Dist. entered into a long-term lease with Defendant Lake River Corp. ("Lake River"). Lake River operated the property as an industrial chemical storage, mixing, and packaging facility. During the term of the lease, the Water Rec. Dist. alleges that chemicals were spilled and/or released into the property's soil and ground water. The Water Rec. Dist. further alleges that it has incurred and will continue to incur expenses investigating and cleaning up the spills and/or releases.

Initially, the Water Rec. Dist. brought this suit to recover costs associated with the cleanup solely against Lake River. That litigation resulted in a default judgment, ordering Lake River to pay the Water Rec. Dist. approximately $1.8M in damages plus future response costs.

After securing the default judgment, the Water Rec. Dist. filed a Second Amended Complaint, which added Defendant North American Galvanizing & Coatings, Inc. ("North American"). In 1968, North American, then known as Kinark Corp., purchased Lake River and held it until its sale in 2000. The Water Rec. Dist. then filed a Third Amended Complaint with additional counts, alleging that North American is liable for its cleanup efforts under § 107(a) and § 113(f)(1) of the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 (Counts XII & XIII), § 7002 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972 (Count XIV), and common law nuisance (Count XI).

## II. Standard of Review

North American now asks that I dismiss Counts XI, XII, XIII, and XIV of the Water Rec. Dist.'s Third Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6). A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

## III. The Water Rec. Dist.'s CERCLA Claims

The Water Rec. Dist. asserts two causes of action under CERCLA for the recovery of response costs incurred to remediate the environmental conditions present on its property. The first is an action for cost recovery pursuant to § 107(a), 42 U.S.C. § 9607(a) – Count XII, and the second is an action for contribution pursuant to § 113(f)(1), 42 U.S.C. § 9613(f)(1) – Count XIII.

2

The legal purposes served by the § 107(a) cost recovery and § 113(f)(1) contribution provisions of CERCLA are independent and distinct. A § 107(a) claim for cost recovery applies to cases where a party is seeking direct recovery of costs incurred in cleaning up a hazardous waste site. *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir. 1994). Whereas, a § 113(f)(1) claim for contribution applies to cases in which "potentially responsible parties" ("PRP's") are seeking to properly apportion damages between themselves. *Rumpke v. Cummins Engine Co.*, 107 F.3d 1235, 1240 (7th Cir. 1997). Under § 107(a), an owner of the contaminated property is a PRP. 42 U.S.C. § 9607(a). Since the Water Rec. Dist. currently owns and did own the property throughout the period it was leased to Lake River, it is a PRP within the meaning of CERCLA.

Originally, CERCLA did not include a provision allowing PRP's to seek contribution from each other. Section 113(f)(1) was added after significant debate arose as to whether § 107(a), in addition to allowing the Government and certain private parties to recover costs from PRP's, also allowed a PRP to recover costs or obtain contribution from other PRP's. *Cooper Indus. v. Aviall Servs., Inc.*, 125 S. Ct. 577, 581 (2004). Many courts held that, while § 107(a) did not directly provide for contribution, such a right could be implied from the provisions of the statute. *Id.* In 1986, Congress amended CERCLA with the Superfund Amendments and Reauthorization Act ("SARA") to provide an express cause of action for PRP's seeking contribution, now know as CERCLA § 113(f)(1). Ordinarily, a suit for recovery of costs made by one PRP against another is considered as a suit for contribution since it is usually intended to apportion damages between multiple liable parties. *Azko*, 30 F.3d at 764.

Since the addition of § 113(f)(1), questions have arisen as to whether any of the implied rights of recovery for PRP's under § 107(a) survived the SARA amendment. The Supreme Court

first suggested that some implied right to contribution remained in the dicta of *Key Tronic Corp. v. United States,* 511 U.S. 809, 816-17 (1994), which states "the statute now expressly authorizes a cause of action for contribution in § 113 and impliedly authorizes a similar and somewhat overlapping remedy in § 107." The existence of such a right is far from a certainty given that the majority in *Aviall* declined to resolve the so called § 107 question solely on the basis of *Key Tronic* and instead remanded the case for further briefing. 125 S. Ct. 577, 585 (2004).

The dissent in *Aviall*, however, suggested that there was "no cause for protracting this litigation by requiring the Fifth Circuit to revisit a determination [the Court] has essentially made already." *Id.* at 588. In the opinion of the dissenting judges, "[f]ederal courts, prior to the enactment of § 113(f)(1), had correctly held that PRPs could recover [under § 107] a proportionate share of their costs in actions for contribution against other PRPs." *Id.* The dissent further opined that since § 113(f)(1) included a savings clause preserving all preexisting state and federal rights of action for contribution, the implied right under § 107(a) remains open to a certain subset of plaintiffs. *Id.*

The subset of plaintiffs who may have implied rights of contribution under § 107(a) are those, like the Water Rec. Dist., who are not entitled to seek contribution under § 113(f)(1). Section 113(f)(1) states that PRP's may seek contribution "during or following any civil action under § 9606 of this title or under § 9607(a) of this title." 42. U.S.C. § 9613(f)(1). In *Aviall,* the Court held that this statutory language limited the parties entitled to relief under § 113(f)(1) to those who had already been the subject of a civil suit. *Id.* at 584. Since Aviall's cleanup efforts were undertaken voluntarily, that is to say without being the subject of a suit either by another

4

PRP or a governmental body, it was not entitled to seek contribution from the defendant pursuant to § 113(f)(1). *Id.* at 585.

In the instant case, the Water Rec. Dist., like the plaintiff in *Aviall*, voluntarily undertook cleanup efforts, amounting to costs of approximately $1.8M. It asserted in its Complaint causes of actions under both § 107(a) and § 113(f)(1) of CERCLA. In light of *Aviall*, it is clear that the Water Rec. Dist. does not have a cause of action under § 113(f)(1). What remains is whether the Wat. Rec. Dist. has a viable claim under § 107(a).

The Seventh Circuit has yet to allow a claim made by a PRP to go forward on the basis of an implied right to contribution under § 107(a). The closest it has come has been to recognize that an implied right to contribution is not forestalled by the Supreme Court's prior opinions. In the dicta of *Rumpke,* the Seventh Circuit states that "[t]o the extent this looks like an implied claim for contribution...we note that dicta in the Supreme Court's decision in *Key Tronic* suggests that the Court was not disturbed by that possibility." *Rumpke,* 107 F.3d 1235 at 1241.

Much like the *Aviall* plaintiff and the Water Rec. Dist., the plaintiff in *Rumpke* was one who voluntarily undertook cleanup efforts and was, thus, not the subject of a civil suit brought by another PRP or a governmental body. *Id.* at 1239. The Seventh Circuit allowed the claim on the grounds that it fit into an exception to the generally accepted proposition that all claims made by PRP's are claims for contribution to be brought under § 113(f)(1) – the innocent landowner exception. *Id.* This exception is available to a landowner seeking direct recovery for injury to its property to which the landowner did not contribute and for which the landowner had no liability. Because no liability flowed to the landowner, the Seventh Circuit found that it was a suit to

5

recover instead of apportion costs and was, therefore, appropriately brought under § 107(a). *Id.* at 1241-42; See Also *Akzo,* 30 F.3d 761.

Parties who have qualified for the innocent landowner exception have fallen into two categories – those plaintiffs who have unknowingly acquired a contaminated property and those plaintiffs whose property was contaminated by a third party's surreptitious dumping. See *Rumpke,* 107 F.3d 1235; *NutraSweet Co. v. X-L Eng'g Co.,* 227 F.3d 776 (7th Cir. 2000); *Northstar Partners v. S&S Consultants,* 2004 U.S. Dist. LEXIS 7799 (S. Dist. Ind. Mar. 31, 2004). A plaintiff may invoke the innocent landowner exception under § 107(a), if it can show that: (1) the defendant is a covered person under § 107(a), (2) there is a release or threatened release of a hazardous substance from a facility as defined by § 101(9), (3) the release caused the plaintiff to incur response costs, and (4) the plaintiff did not pollute the site in any way. *NutraSweet,* 227 F.3d at 784. Because the Water Rec. Dist. entered into a long-term lease with a party it knew intended to keep and process chemical materials, it cannot establish the fourth prong of the above test. See *Northstar,* 2004 U.S. Dist. LEXIS 7799 at **20-21. While the Water Rec. Dist. did not itself contaminate the property, it did drastically increase the risk of contamination by leasing the property to Lake River. Thus, it is clearly distinct from cases where a plaintiff had little or no warning that the property could have been or was being contaminated.

Since the Water Rec. Dist. does not fit into the innocent landowner exception and since it cannot seek contribution under § 113(f)(1), its only remaining remedy under CERCLA is an implied right to contribution under § 107(a). Section 107(a) states that the government as well as "any other person" is entitled to recovery of costs. 42 U.S.C. § 9607(a). In *Key Tronic*, the Court read that language to mean that "§ 107 unquestionably provides a cause of action for

6

private parties to seek recovery of cleanup costs." *Key Tronic,* 511 U.S. at 818. Although PRP's are not explicitly named in § 107(a), there seems to be no reason why they would be excluded from the provision that allows recovery for any person, unless that right was provided for elsewhere in the statute. While the majority of judges were understandably reluctant to decide an issue which could wait another day, I agree with the dissenters in *Aviall,* insofar as they express a prediction of the result that would occur when the Court had to decide the question, that if the implied right existed before § 113(f)(1) was added and the right was not encompassed by § 113(f)(1), then it must still lie in § 107(a). *Aviall,* 125 S. Ct. at 588. This is especially true since SARA explicitly preserved all state and federal contribution rights that preexisted the amendment. 42. U.S.C. § 9613(f)(1).

Since the Water Rec. Dist. is part of that subset of plaintiffs who voluntarily undertook cleanup efforts and are, for that reason, not party to a civil suit, I find it may seek contribution from other responsible parties under § 107(a). Any other outcome would seem to lie contrary to the general purposes of CERCLA to promote prompt and proper cleanup of contaminated properties.

### IV. Water Rec. Dist.'s RCRA Claim

In Count XIV of its Complaint, the Water Rec. Dist. asserts a citizens suit against North American under RCRA and seeks injunctive relief, commanding North American to undertake all necessary and appropriate future corrective actions. RCRA provides that:

> "***any person*** may commence a civil action...against any person... who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of hazardous waste which may present an imminent and substantial endangerment to health or the environment."
> 42 U.S.C, § 6972(a)(1)(B) (emphasis added)

North American asserts that the Water Rec. Dist. cannot bring a citizens suit because it is itself a liable party under RCRA and CERCLA. This argument, however, was expressly rejected by the Seventh Circuit in *AM Int'l v. Datacard Corp.*, 106 F.3d 1342 (7th Cir. 1997). In *Datacard,* the Seventh Circuit found that even though the "idea behind citizen suit enforcement is to unleash an army of private attorneys general to force cleanups when the government drags its feet, the plain language of RCRA and CERCLA does not exclude" parties who are themselves PRP's from class of potential citizens suits plaintiffs. *Id.* at 1349. Rather, "both RCRA and CERCLA allow 'any person' to bring citizen suits." *Id.* Accordingly, I find that the Water Rec. Dist., like the plaintiff in *Datacard*, qualifies as "any person" within the meaning of RCRA and, therefore, may bring a citizens suit. See Also *PMC, Inc. v. Sherwin-Williams Co.,* 151 F.3d 610, 618 (7th Cir. 1998); *Raytheon Co. v. McGraw-Edison Co.,* 979 F. Supp. 858, 863 (E.D. Wis. 1997).

## V. The Water Rec. Dist. Nuisance Claim

In Count XI of its Complaint, the Water Rec. Dist. asserts a claim of nuisance against North American. North American argues that a lessor cannot bring such a claim against a former lessee. Under Illinois law, a private nuisance is "a substantial invasion of another's interest in the use and enjoyment of his or her land." *In re Chicago Flood Litig.,* 680 N.E.2d 265, 277 (Ill. 1997). The purpose of private nuisance law has historically been to resolve conflicts between neighboring, contemporaneous landowners. *See Mavigliano v. McDowell,* No. 93 C 7216, 1995 U.S. Dist. LEXIS 6104 at *15 (N.D. Ill. May 3, 1995) (quotation omitted). Because nuisance suits generally depend on concurrent usages, a number of courts have dismissed nuisance claims between current and former owners of the same property. *See Philadelphia Elec. Co. v.*

8

*Hercules, Inc.* 762 F.2d 303, 314 (3rd Cir. 1985); *Truck Components, Inc. v. K-H Corp.*, No. 94 C 5025, 1995 U.S. Dist. LEXIS 17444 at *34-36 (N.D. Ill. Oct. 31, 1995); *Triffler v. Hopf,* No. 92 C 7193, 1994 U.S. Dist. LEXIS 16158 at *24-26 (N.D. Ill. Nov. 4, 1994). Applying the same reasoning in a case involving a lessor/lessee, Judge Gettleman found that a nuisance claim could not be brought by the lessor because there was no neighboring or contemporaneous use of property. *Mavigliano,* 1995 U.S. Dist. LEXIS 6104 at *14-16.

The Water Rec. Dist. argues that I should disregard that line of cases and instead rely on Judge Guzman's holding in *Great Oaks v. Begley Co.*, No. 02 C 6496, 2003 U.S. Dist. LEXIS 3186 at *12-13 (N.D. Ill. Mar. 3, 2003), which did allow a lessor to bring a private nuisance claim against its former tenant. However, in *Great Oaks,* Judge Guzman dealt only briefly with the issue of nuisance and based his holding on *NutraSweet Co. v. X-L Eng's Corp.*, 933 F. Supp 1409, 1423 (N.D. Ill. 1996). Since *NutraSweet* dealt with the classic case of private nuisance between neighboring, contemporaneous property owners, it is my opinion that its holding should not have been applied to lessor-plaintiffs. *Id.* at 1412. Accordingly, I adopt Judge Gettleman's reasoning and find that the Water Rec. Dist.'s claim for private nuisance should be dismissed.

For the reasons stated herein, Defendant North American's Motion to Dismiss is GRANTED as to Count XI and Count XIII, and is DENIED as to Count XII and Count XIV.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: April 12, 2005