No. 04-2096



IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

E.I. DUPONT de NEMOURS AND COMPANY, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA, et al.,
Defendants-Appellees

————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————

BRIEF FOR THE FEDERAL APPELLEES

————————

KELLY A. JOHNSON
Acting Assistant Attorney General

MICHAEL D. ROWE
SCOTT JORDAN
DAVID M. THOMPSON
ERIC G. HOSTETLER
MICHELE L. WALTER
DAVID C. SHILTON
ELLEN J. DURKEE
Attorneys, Environment & Natural
Resources Division
Department of Justice
P.O. Box 23795, L'Enfant Plaza Station
Washington, D.C. 20026
(202) 514-4426

# TABLE OF CONTENTS

Page

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF RELATED CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.  Nature of the case and proceedings below  . . . . . . . . . . . . . . . . . . . . . 3

    B.  Statutory and regulatory background  . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.  CERCLA  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.  The Resource Conservation and Recovery Act ("RCRA")  . . . . . . 9

    C.  Statement of the Facts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    D.  The Supreme Court decision in *Cooper v. Aviall*  . . . . . . . . . . . . . . . . 12

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    I.  THIS COURT SHOULD DECLINE TO ADDRESS DUPONT'S
       CLAIMS FOR CONTRIBUTION UNDER CERCLA SECTION
       107(a)(4)(B) AND FEDERAL COMMON LAW BECAUSE IT
       DID NOT RAISE THESE CLAIMS BELOW . . . . . . . . . . . . . . . . . 16

        A.  Standard of review  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        B.  This Court should not consider DuPont's newly-raised
           claims under an exception for intervening changes in law  . . 16

        C.  DuPont's other reasons for urging an exception to the rule
           against raising issues for the first time on appeal are not

-ii-

compelling  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

II.   A PRP MAY NOT BRING A CONTRIBUTION ACTION
      AGAINST ANOTHER PRP UNDER SECTION 107(a)(4)(B) OR
      FEDERAL COMMON LAW THEREBY AVOIDING THE
      PRECONDITIONS FOR A CONTRIBUTION CLAIM UNDER
      SECTION 113(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

      A.    Standard of review  . . . . . . . . . . . . . . . . . . . . . . . . . 24

      B.    Contribution claims may be brought under CERCLA only
            when the prerequisites set forth in Sections 113(f)(1) or
            113(f)(3) are met . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

            1.    Section 107(a)(4)(B) does not expressly confer a right
                  to bring a contribution claim independent of Section
                  113  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

            2.    There is no implied right to a Section 107(a)(4)(B)
                  stand-alone contribution action  . . . . . . . . . . . . . . . . 28

                  a.    The text of the statute does not support an
                        implied right of contribution that would allow a
                        contribution action without meeting the express
                        preconditions set forth in Section 113(f)(1) and
                        113(f)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . 30

                  b.    The legislative history of SARA shows that
                        Congress intended for Section 113 to govern all
                        contribution actions brought under CERCLA . . 35

                  c.    Requiring CERCLA contribution claims to
                        satisfy prerequisites set forth in Section 113(f) is
                        consistent with the traditional understanding of
                        contribution  . . . . . . . . . . . . . . . . . . . . . . . . 41

                  d.    Other provisions of the statute do not support
                        finding an implied right of contribution  . . . . . . 43

-iii-

       i.     Settlement protection under Section 113(f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . 43

       ii.    Statute of limitations . . . . . . . . . . . . . . . 44

       iii.   Section 120(a) does not support the implication of a contribution right . . . . . . 45

    e.    Policy considerations do not justify recognition of an implied right to contribution . . . . . . . . . . 47

   3.    DuPont's interpretation is contrary to the decisions of this Court and nine other courts of appeals holding that a contribution claim may not be brought under Section 107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

 C.    Courts may not formulate a federal common law right of contribution against the United States . . . . . . . . . . . . . . . . . . 50

III.    THE DISTRICT COURT COMMITTED NO ERROR BY DISMISSING THE SECTION 113 CLAIM AS TO ALL SITES . . 55

 A.    Standard of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

 B.    Dismissal was appropriate because DuPont's pleadings failed to allege or otherwise demonstrate that other sites met Section 113(f) preconditions . . . . . . . . . . . . . . . . . . . . . 55

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

CERTIFICATIONS RESPECTING WORD COUNT, IDENTICAL TEXT OF E-BRIEF AND HARD COPIES, VIRUS CHECK AND BAR MEMBERSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

-iv-

**TABLE OF AUTHORITIES**

Page

**Cases:**

*Alexander v. Sandoval*, 532 U.S. 275 (2001) ............................. 30

*Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761 (7th Cir. 1994) ........... 8,25

*Altman v. Altman*, 653 F.2d 755 (3d Cir. 1981) ......................... 23

*AMW Materials Testing, Inc. v. Town of Babylon*, 348 F. Supp.2d 4 (E.D. N.Y. 2004) ....................................................... 19

*Aviall Services, Inc. v. Cooper Industries, Inc.*, 2000 WL 31730 (N.D. Tex. Jan. 31, 2001), aff'd by the panel, 263 F.3d 134 (5th Cir. 2001), rev'd by the en banc court, 312 F.3d 667 (5th Cir. 2002), cert. granted, 540 U.S. 1099 (2004), rev'd, 125 S. Ct. 577 (2004) ...................................... 12,21

*Bedford Affiliates v. Sills*, 156 F.3d 416 (2d Cir. 1998) ...................... 8

*In re Ben Franklin Hotel Assocs.*, 186 F.3d 301 (3d Cir. 1999) .............. 23

*Bulk Distribution Centers, Inc. v. Monsanto* Co., 589 F. Supp. 1437 (S.D. Fla. 1984) ........................................................ 35

*Casson Corp. v. Ingersoll-Rand Co.*, 622 F.2d 672 (3d Cir. 1980) ........... 23

*In re Cendant Corp. Securities Litigation*, 190 F.R.D. 331 (D. N.J. 1999) ..... 56

*Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344 (6th Cir. 1998) .................................................... 8,25

*City of New York v. Exxon*, 633 F. Supp. 609 (S.D. N.Y. 1986) .............. 36

*City of Philadelphia v. Stepan Chemical Co.*, 544 F. Supp. 1135 (E.D. Pa. 1982) ...................................................... 36

*Cooper Indus., Inc. v. Aviall Servs., Inc.*, 125 S. Ct. 577 (2004) ...................................................... passim

*Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) ................. 30

*Daniel S. v. Scranton School Dist.*, 230 F.3d 90 (3d Cir. 2000) .............. 24

*Dico, Inc. v. Amoco Oil Co.*, 340 F.3d 525 (8th Cir. 2003) .................. 8

*Elementis Chemicals Inc. v. TH Agriculture and Nutrition, LLC*, 2005 WL 236488 (S.D. N.Y. Jan. 31, 2005) ............................. 19

*Empagran S.A. v. F. Hoffman-LaRouche, Ltd.*, 388 F. 3d 337 (D.C. Cir. 2004) . 17

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) ........................... 50

*Florian Greenhouse, Inc. v. Cardinal IG Corp.*, 11 F. Supp. 2d 521 (D. N. J. 1998) ..................................................... 56

*Gardiner v. Virgin Islands Water & Power Authority*, 145 F.3d 635 (3d Cir. 1998) .................................................... 16

-v-

*General Motors Corp. v. United States*, 2005 WL 548266 (D. N.J. March 2, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Hohn v. United States*, 524 U.S. 236 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Hormel v. Helvering*, 312 U.S. 552 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Key Tronic Corp. v. United States*, 511 U.S. 809 (1994) . . . . . . . . . . . . . 27,28,47

*King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991) . . . . . . . . . . . . . . . . . . . . . . . . 26

*Koons Buick v. Bradley*, 125 S. Ct. 460 (2004) . . . . . . . . . . . . . . . . . . . . . . 32,33

*Lane v. Pena*, 518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*Mehrig v. KFC Western, Inc.*, 516 U.S. 479 (1986) . . . . . . . . . . . . . . . . . . . . . 31

*Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

*Metropoliton Water Reclamation Dist. v. Lake River Corp.*, No 03C0754 (N.D. In. April 12, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Middlesex County Sewerage Authority v. National Sea Clammers Assoc.*, 453 U.S. 1 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Middlesex County Sewerage Authority*, 516 U.S. at 14 . . . . . . . . . . . . . . . . . . . 31

*Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618 (1978) . . . . . . . . . . . . . . . . . . 53

*National Railroad Passenger Corp. v. National Assoc. of Railroad Passengers*, 414 U.S. 453 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,37

*Pneumo Abex Corp. v. High Point, Thomasville & Denton R.R.*, 142 F.3d 769 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Matter of Reading Co.*, 115 F.3d 1111 (3d Cir. 1997) . . . . . . . . . . . . . . . . passim

*Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Ridenour v. Andrews Federal Credit Union*, 897 F.2d 715 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

*Robert C. Herd & Co. v. Krawill Mach. Corp.*, 359 U.S. 297 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*Rumpke of Ind., Inc. v. Cummins Engine Co.*, 107 F.3d 1235 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Salvation Army v. N.J. Dept. of Community Affairs*, 919 F.2d 183

-vi-

(3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,17
*Shelly v. Johns Manville Corp.*, 798 F.2d 93 (3d Cir. 1986) . . . . . . . . . . . . . . 55
*Singleton v. Wulff*, 428 U.S. 106 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . 16,22
*Snaido v. Bank Austria*, 378 F.3d 210 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . 18
*Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229
(10th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
*Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630
(1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
*Transamerica Mortgage Advisors, Incl v. Lewis*, 444 U.S. 11
(1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
*United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates,*
*Ltd.*, 484 U.S. 365 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32
*United States v. Bestfoods*, 524 U.S. 51 (1998) . . . . . . . . . . . . . . . . . . . . . 6,41
*United States v. Colorado & E. R.R.*, 50 F.3d 1530 (10th Cir. 1995) . . . . . . . . 8,25
*United States v. E.I. DuPont de Nemours and Co.*, 2d Cir.
No. 04-5380 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,57
*U.S. v. Fausto*, 484 U.S. 439 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
*United States v. New Castle County*, 642 F. Supp. 1258 (D. Del. 1986) . . . . . . . 35
*United States v. South Carolina Recycling and Disposal, Inc.*,
653 F. Supp. 984 (D. S.C. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
*United States v. Washington*, 12 F.3d 1128 (D.C. Cir. 1994) . . . . . . . . . . . . . . 17
*United States v. Westinghouse Electric Corp.*, 1983 WL 160587
(S.D. Ind. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36
*United Techs. Corp. v. Browning-Ferris Indus.*, 33 F.3d 96
(1st Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,25
*Vine Street v. Keeling*, 2005 WL 675786 (E.D. Tex. March 24, 2005) . . . . . . . . 19
*Wauksesha v. Viacom International* Inc., _ F. Supp.2d _, 2005
WL 712423 (E.D. Wis. March 23, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 19
*Young v. United States*, 394 F.3d 858 (10th Cir. 2005) . . . . . . . . . . . . . . . . 19,23

**Statutes, Rules and Regulations:**

28 U.S.C. 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. 1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 U.S.C. 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
28 U.S.C. 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Comprehensive Environmental Response, Compensation and Liability Act,

-vii-

42 U.S.C. 9604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
42 U.S.C. 9606(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
42 U.S.C. 9613(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
42 U.S.C. 9620(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Section 106 . . . . . . . . . . . . . . . . . . . . 6,11,12,14,20,26,38,39,41,46,48,48
Section 106(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Section 107 . . . . . . . . . . . . . 6,11,20,24,27,28,29,30,34,36,37,38,39,41,46,
47,48,49,50,51,58
Section 107(a) . . . . . . . . . . . . . . . . . . . . . . 12,14,17,18,19,20,26,40,46
Sections 107(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
Section 107(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,40
Section 107(a)(4)(B) . 2,7,8,13,14,15,16,18,19,20,22,23,24,26,27,28,29,30,
32,33,35,37,39,44,45,46,49,50,55
Section 113 . . . . . . . . . . . . . . . . . . . . . . . 18,26,27,28,38,38,50,56
Section 113(f) . . 2,13,14,15,16,19,20,21,22,23,24,25,26,27,28,29,30,33,34,
35,36,37,38,39,40,42,45,49,50,51,53,54,55,56,57,58,59
Section 113(f)(1) 8,12,14,17,20,22,23,29,30,34,35,38,39,41,42,44,45,47,50
Section 113(f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,44,50
Section 113(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . 6,30,43,44,45,47,56
Section 113(f)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . 30,42,58
Section 113(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
Section 113(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
Section 113(g)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45,46
Section 120(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46,47

Resource Conservation and Recovery Act,
42 U.S.C. 6901-92k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
42 U.S.C. 6924(u) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
42 U.S.C. 6925(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
42 U.S.C. 6928 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3 C.F.R., 1987 Comp., p. 193 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

**Other Authorities:**

*Black's Law Dictionary* 297 (5th ed. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

-viii-

Restatement (Third) of Torts §23 cmt. b . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42,44
Restatement (Third) of Torts §23 cmt. b,n (2000)  . . . . . . . . . . . . . . . . . . . . 42
Restatement (Second) of Torts §886A(1) and (2) (1979) . . . . . . . . . . . . . . . . 42

S. Rep. No. 99-11 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37,40,41
131 Cong. Rec. 24450 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36
H.R. Rep. No. 99-253 (I) (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 36,37,40,41
H.R. Rep. No. 99-253 (III) (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38,39

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2096

_____

E.I. DUPONT de NEMOURS AND COMPANY, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA, et al.,
Defendants-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

BRIEF FOR THE FEDERAL APPELLEES

_____


STATEMENT OF JURISDICTION

Appellants, collectively referred to herein as "DuPont," invoked district

court jurisdiction under 42 U.S.C. §9613(b) and 28 U.S.C. §1331.  Plaintiffs'

Appendix ("PA") 68.  The district court entered an order on March 1, 2004,

granting defendants' motion for judgment on the pleadings that decided all claims

as to all parties.  PA11-13.  DuPont filed a timely notice of appeal on April 19,

2004.  PA1.  This Court has jurisdiction under 28 U.S.C. §1291.

-2-

## STATEMENT OF THE ISSUES

In the district court, DuPont sued the United States seeking contribution for environmental cleanup costs under Section 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9613(f). The district court dismissed the action due to DuPont's failure to demonstrate that it satisfied the prerequisites for bringing a Section 113(f) contribution action, which are either a pending or completed civil action under CERCLA Sections 106 or 107, *see* 42 U.S.C. §9613(f)(1), or an administrative or judicially approved settlement that resolves some or all of a person's liability to the United States or a State, *see* 42 U.S.C. §9613(f)(3)(B). The following questions are presented in this appeal:

1. Whether this Court should consider DuPont's claims raised for the first time on appeal seeking contribution under CERCLA Section 107(a)(4)(B), 42 U.S.C. §9607(a)(4)(B), or federal common law.

2. If the Court entertains DuPont's new claims, whether CERCLA Section 107(a)(4)(B) or federal common law provides a contribution right, independent of CERCLA Section 113(f), allowing a responsible party to seek contribution from another potentially responsible party in the absence of the express statutory prerequisites to contribution under Section 113(f).

-3-

3.  Whether the district court erred in granting judgment on the pleadings when DuPont's sole claim in its complaint sought contribution under CERCLA Section 113(f) and DuPont did not allege or seek to amend its complaint to allege and did not produce any evidence showing the existence of a civil action or settlement that met the Section 113(f) preconditions at any of the 15 sites at issue.

## STATEMENT OF RELATED CASES

This proceeding has not been before this Court previously.  This case is related to *United States v. E.I. DuPont de Nemours and Co.*, 2d Cir. No. 04-5380, which is an action to recover response costs related to a site that is also at issue in this case.

## STATEMENT OF THE CASE

A.  <u>Nature of the case and proceedings below.</u> – On January 29, 1997, DuPont filed a three-count complaint against the United States and federal agencies seeking to recover costs DuPont has incurred in environmental cleanup efforts at fifteen ongoing industrial facilities located in eight different states. PA66-89.  DuPont alleged that during World War I or World War II the facilities manufactured products for the war efforts under contracts with the federal government.  PA71-85.  DuPont generally alleged that during World War I and World War II, and at various times before and after those wars, federal defendants

-4-

exercised substantial control over, or ownership of, the facilities and therefore were potentially responsible parties under CERCLA Section 107(a), 42 U.S.C. §9607(a). PA74-77,85.

Count one of the complaint alleged that under CERCLA Section 107(a), 42 U.S.C. §9607(a), the federal defendants are liable to DuPont for any necessary response costs incurred by DuPont. PA85-87. Count two alleged that pursuant to CERCLA Section 113(f), 42 U.S.C. §9613(f), DuPont is entitled to contribution from federal defendants for response costs incurred by DuPont with the allocation of costs to be determined by the court applying equitable factors. PA87. Count three alleged that DuPont is entitled to recoupment to set off any amounts DuPont might be found to owe the defendants with respect to each of the facilities. PA88.

On December 31, 1997, DuPont voluntarily dismissed counts one and three of the complaint without prejudice. PA91. Thus, the only remaining claim in the case was count two, the contribution claim under CERCLA Section 113(f). PA19.

The parties thereafter focused litigation efforts on a DuPont plant located in Louisville, Kentucky, essentially using that site as a test case. PA19. On December 30, 2003, the district court granted federal defendants' motion for summary judgment with respect to the Louisville site. The court held that preconditions for bringing a contribution action under Section 113(f) are a pending

-5-

or completed suit under CERCLA Section 106 or 107 as provided by Section

113(f)(1), or a settlement resolving liability to the United States or a State within

the scope of Section 113(f)(3). DuPont met none of these preconditions with

respect to the Louisville site and accordingly could not maintain its contribution

claim under CERCLA Section 113(f) for that site. PA27.

On January 15, 2004, DuPont filed a motion requesting that the district court

enter a Rule 54(b) judgment or, in the alternative, certify an appeal under 28

U.S.C. §1292. Appellees' Supplemental Appendix ("SA") at 55-78. The federal

defendants responded with a cross-motion for judgment on the pleadings arguing

that, absent an amendment of the complaint, the court should dismiss the claims

rather than grant DuPont's motion because the requisite preconditions for bringing

a Section 113(f) contribution action had not been alleged or otherwise been

demonstrated to exist for the other sites. SA79-89. On March 1, 2004, following a

hearing, the court granted judgment in favor of defendants for all sites and with

respect to all claims. PA13. The court explained that as established by the court's

December 30, 2003, order, DuPont's claims seeking contribution under Section

113(f) for costs incurred at other sites were deficient in the absence of an allegation

or evidence that there were prior or pending Section 106 or 107 actions or Section

113(f)(3) settlements respecting those sites. PA7-9.

-6-

B. <u>Statutory and regulatory background</u>. –

1. <u>CERCLA</u>. – CERCLA provides the President (acting primarily through the Environmental Protection Agency ("EPA")), *see* Exec. Order No. 12,580, 3 C.F.R., 1987 Comp., p. 193, with alternative means for cleaning up contaminated property. Section 104, 42 U.S.C. §9604, authorizes EPA itself to undertake response actions to remove hazardous substances and provide appropriate cleanup, using the Hazardous Substance Superfund. *See United States v. Bestfoods*, 524 U.S. 51, 55 (1998). Alternatively, Section 106(a) authorizes EPA to compel, by means of an administrative order or a request for judicial relief, the responsible parties to undertake response actions, which the government then monitors. See 42 U.S.C. §9606(a).

Section 107(a)(4)(A) provides that four categories of covered persons – typically referred to as "potentially responsible parties" or "PRPs"[1] shall be liable for all costs of removal or remedial action incurred by the United States that are "not inconsistent with the national contingency plan." See 42 U.S.C. §9607(a)(4)(A). Whether the United States proceeds under Section 104 or Section

---

[1]    PRPs include (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time hazardous substances were disposed of; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances to the site. 42 U.S.C. §9607(a)(1)-(4).

-7-

106(a), the United States may recover its response costs from PRPs in an action under Section 107(a)(4)(A).

At a substantial number of contaminated sites, States have primary responsibility for cleanup or associated oversight. States too may seek to recover their costs under Section 107(a)(4)(A), or they may undertake or, under state law, compel cleanups and seek to recover their costs at non-federal facilities. See 42 U.S.C. §9620(a)(4).

Liability in a Section 107(a)(4)(A) action to recover response costs is joint and several, except to the extent that defendants can establish that the harm is divisible. *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1121 (3d Cir. 1997). Divisibility is a defense to joint and several liability. In a contribution action, liability is several, not joint and several, and response costs are equitably allocated; thus, divisibility is not a defense to a contribution action. *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1513-1514 (11th Cir. 1996).

Section 107(a)(4)(B) provides that PRPs shall be liable for "any other necessary costs of response incurred by any other person consistent with the national contingency plan." The courts of appeals have ruled that persons who are not themselves liable may clean up contaminated property and then invoke this provision to seek reimbursement from the same four categories of PRPs that are

-8-

subject to government cleanup or cost recovery actions.[2]  Ten courts of appeals,

including this one, have uniformly concluded, however, that a private PRP cannot

rely solely on Section 107(a)(4)(B) to seek recovery of response costs from another

PRP.  *See New Castle County*, 111 F.3d at 1121-1123.[3]  The courts have held that

a private party that is subject to CERCLA liability is limited to seeking

contribution from other PRPs in accordance with the provisions of CERCLA

Section 113.  *Id.;* cases cited n.3.

Section 113(f)(1), which Congress added as part of the Superfund

Amendments and Reauthorization Act of 1986 ("SARA"), Pub. L. No. 99-499, 100

Stat. 1613, provides:

> Any person may seek contribution from any other person who is liable
> or potentially liable under [Section 107(a)], during or following any

---

[2]    *See Matter of Reading Co.*, 115 F.3d 1111, 1120 (3d Cir. 1997); *Rumpke of Ind., Inc. v. Cummins Engine Co.*, 107 F.3d 1235, 1242-43 (7th Cir. 1997); *Redwing Carriers, Inc.*, 94 F.3d at 1496; *United Techs. Corp. v. Browning-Ferris Indus.*, 33 F.3d 96, 100 (1st Cir. 1994); *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir. 1994).

[3]    *See also Bedford Affiliates v. Sills*, 156 F.3d 416, 423-425 (2d Cir. 1998); *Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344, 356 (6th Cir. 1998); *Pneumo Abex Corp. v. High Point, Thomasville & Denton R.R.*, 142 F.3d 769, 776 (4th Cir. 1998); *Dico, Inc. v. Amoco Oil Co.*, 340 F.3d 525, 530-531 (8th Cir. 2003); *Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298, 1301 (9th Cir. 1997); *Redwing Carriers*, 94 F.3d at 1496;  *United States v. Colorado & E. R.R.*, 50 F.3d 1530, 1534-36 (10th Cir. 1995); *United Techs. Corp.*, 33 F.3d at 103; *Akzo*, 30 F.3d at 764.

-9-

civil action under [Section 106] or under [Section 107(a)]. * * *
Nothing in this subsection shall diminish the right of any person to
bring an action for contribution in the absence of a civil action under
[Section 106] or [Section 107].

42 U.S.C. §9613(f)(1).  Section 113(f)(3)(B) provides a second avenue for seeking

contribution, stating:

> A person who has resolved its liability to the United States or a State
> for some or all of a response action or for some or all of the costs of
> such action in an administrative or judicially approved settlement may
> seek contribution from any person who is not party to a settlement
> referred to in paragraph (2).

42 U.S.C. §9613(f)(3)(B).

Section 113(f)(2) states that a party that resolves its liability to the United

States or a State through an administrative or judicially approved settlement shall

not be subject to contribution "regarding matters addressed in the settlement."  42

U.S.C. §9613(f)(2).

2.  The Resource Conservation and Recovery Act ("RCRA") – Prior to

enacting CERCLA, Congress in 1976 had enacted the Resource Conservation and

Recovery Act ("RCRA"), 42 U.S.C. §§6901-92k, to address serious environmental

and health dangers arising from the generation, management, and disposal of waste

at active sites.  RCRA's primary purpose is regulatory: it regulates the storage,

transportation, and disposal of hazardous wastes through a permit system that

-10-

applies to active storage, treatment, or disposal facilities and to such facilities that

closed after November 19, 1980. 42 U.S.C. §6925(a). RCRA permits are issued

either by EPA or by a State with an approved program. Although RCRA Subtitle

C focuses on the management of existing and future hazardous waste handling

activities, RCRA permits allowing continued operation of a hazardous waste

facility require "corrective action" for releases of hazardous waste from any "solid

waste management unit" at a facility (*e.g.*, landfill, lagoon, settling pond,

incinerator, drum accumulation area, etc.), regardless of when the waste was

deposited. 42 U.S.C. §§6924(u), 6928.

    C. <u>Statement of the Facts</u>. – DuPont currently owns and operates a plant in

Louisville, Kentucky, that manufactures neoprene, a synthetic rubber product, and

other products. The United States owned the plant from 1942-1948, when DuPont

bought it, but DuPont has operated it since its inception in 1942. While conducting

manufacturing operations at the plant, DuPont has generated and disposed of

hazardous waste at the site. As a result, various areas within the site have become

contaminated.   The plant is regulated under RCRA because it is an ongoing

hazardous waste, treatment, storage and disposal facility. The cleanup work for

which DuPont seeks contribution from the United States was incurred to comply

with RCRA requirements. SA2-3,15.

-11-

Neither EPA nor the State has filed a civil action involving the plant under CERCLA Sections 106 or 107. DuPont has not alleged that is has entered into a judicial or administrative settlement respecting the site that is within the scope of CERCLA Section 113(f)(3)(B).

DuPont's claim seeking contribution against the United States under CERCLA Section 113(f) stems from the six-year period, 1942-1948, when, at the start-up of plant operations during World War II, the United States owned the plant, while DuPont operated it. PA96. Approximately 97 percent of total production at the site has occurred in the 57-year period since DuPont bought the site in 1948. SA42-46. DuPont's production of neoprene greatly increased during the 1950s. SA42-43. In 1955, DuPont commenced production of fluoroproducts that led to the creation of new waste streams and contaminated areas. SA18, 43-46.

DuPont has disposed of waste in many locations throughout the site that were not utilized for waste disposal in the 1940s. SA21-32. For example, beginning in the 1950s, DuPont began to dispose of waste into what would ultimately become a vast landfill; DuPont nonetheless seeks to have the United States contribute funds towards cleanup of this landfill. SA21-22. DuPont also

-12-

seeks to have the United States contribute funds towards cleanup costs associated

with basins located on property that DuPont purchased in 1952. SA20-21.

D. The Supreme Court decision in *Cooper v. Aviall*. – As described above,

the United States moved for summary judgment with respect to the Louisville site

on the ground, *inter alia*, that a contribution claim could not be brought under

Section 113(f)(1) in the absence of a pending or completed civil action under

CERCLA Sections 106 or 107. While this suit was pending before the district

court, the United States Supreme Court granted a petition for a writ of certiorari in

*Aviall Servs., Inc. v. Cooper Indus., Inc.*, 312 F.3d 677 (5th Cir. 2002), cert.

granted, 540 U.S. 1099 (2004) , to address "whether a private party who has not

been sued under §106 or §107(a) may nevertheless obtain contribution under

§113(f)(1) from other liable parties." [4] *Cooper Indus., Inc. v. Aviall Servs., Inc.*

("*Cooper*"), 125 S. Ct. 577, 580 (2004). The Supreme Court held "that it may

not." 125 S. Ct. at 580. The Court expressly declined to decide whether a PRP

could bring a stand-alone claim seeking partial recovery of response costs or

---

[4]      The district court entered judgment after the Supreme Court granted
certiorari, but before it rendered a decision in *Cooper*. At DuPont's request, this
Court stayed briefing of the appeal pending the Supreme Court's disposition in
*Cooper*.

-13-

contribution against another PRP under CERCLA Section 107(a)(4)(B).  125 S. Ct. at 585-586.

## SUMMARY OF ARGUMENT

DuPont's sole claim in this case is one of contribution for response costs under CERCLA Section 113(f) . That this claim is not viable after *Cooper* does not give DuPont license to raise new claims on appeal.  Accordingly, this Court should not consider DuPont's new claims alleging contribution under CERCLA Section 107(a)(4)(B) or federal common law.  The intervening law exception to the rule against raising new claims on appeal is inapplicable because *Cooper* marks no change in law with respect to the new issues DuPont seeks to raise.  Not only did the Supreme Court expressly decline to address the correctness of the unanimous decisions by ten courts of appeals that a PRP may not bring an action against another PRP under Section 107(a)(4)(B), nothing in the Court's analysis calls those decisions into question.  There are no other reasons that justify consideration of the new arguments.

If this Court considers DuPont's new claims, it should reject them. CERCLA Sections 107(a)(4)(B) and 113(f) are properly read together to confer an express right of contribution allowing a PRP to sue another PRP only in accordance with the limitations and procedures set forth in Section 113(f).

-14-

Contrary to DuPont's contention, Section 107(a)(4)(B) does not expressly or impliedly provide a private PRP with a separate contribution remedy in the absence of a Section 106 or 107(a) civil action or settlement with a State or federal government. Such a result is contrary to statutory construction principles disfavoring implication of remedies that subsume those Congress has expressly provided in an elaborate statutory scheme. Furthermore, DuPont's interpretation would render Section 113(f) superfluous. The savings clause in Section 113(f)(1) is not properly read to preserve an independent, all-encompassing contribution right inferred from Section 107(a)(4)(B) that would allow private PRPs to bring contribution actions against other PRPs at any time. If the savings language had that effect, Congress' creation of the explicitly-limited contribution remedies under Section 113(f) would have been pointless.

The legislative history of Section 113(f) demonstrates that Congress enacted Section 113(f) to eliminate uncertainty regarding the availability of contribution under CERCLA and intended that the mechanisms of Section 113(f) thereafter govern contribution actions brought under CERCLA. This interpretation is reinforced by the fact that the preconditions on contribution set forth in Section 113(f) conform to the traditional limitations placed on contribution. Other statutory provisions on which DuPont relies lend no support to the theory that a

-15-

stand-alone contribution action can be brought under Section 107(a)(4)(B) unfettered by Section 113(f) prerequisites. Nor can DuPont rely on policy arguments to override the result dictated by statutory construction principles.

DuPont also cannot bring a contribution claim against the United States under federal common law. Well-established principles governing waivers of sovereign immunity preclude a court from creating a non-statutory right of contribution against the United States. Congress never intended to authorize courts to create a common law right of contribution that would be available when the express right Congress provided in CERCLA Section 113(f) would not.

Finally, the district court appropriately entered judgment on the pleadings because DuPont failed to allege or to seek to amend its complaint to allege, or to otherwise demonstrate in its pleadings, the existence of a civil action or settlement related to any of the 15 sites at issue that would satisfy the preconditions for contribution under Section 113(f).

-16-

## ARGUMENT

### I

### THIS COURT SHOULD DECLINE TO ADDRESS DUPONT'S CLAIMS FOR CONTRIBUTION UNDER CERCLA SECTION 107(a)(4)(B) AND FEDERAL COMMON LAW BECAUSE IT DID NOT RAISE THESE CLAIMS BELOW

A. Standard of review. DuPont urges this Court to consider and decide whether it may bring contribution claims under CERCLA Section 107(a)(4)(B) or federal common law, independent of CERCLA Section 113(f), even though it did not allege these claims below. This Court's review of an issue not raised in the trial court is necessarily plenary.

B. This Court should not consider DuPont's newly-raised claims under an exception for intervening changes in law. – "Although [this Court] has discretion to review an argument not raised below, [it] will ordinarily refuse to do so." *Gardiner v. Virgin Islands Water & Power Authority*, 145 F.3d 635, 647 (3d Cir. 1998); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Hormel v. Helvering*, 312 U.S. 552, 556 (1941). In this instance, the Court should follow the general rule and refuse to consider DuPont's newly-raised claims.

Citing *Salvation Army v. N.J. Dept. of Community Affairs*, 919 F.2d 183, 196 (3d Cir. 1990), DuPont contends (Br. 20), that this case falls within an intervening