## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,

            Plaintiff,

    v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

            Defendants.

:
:
:
:
:  CIVIL ACTION NO.
:  02-cv-3830 (LDD)
:
:
:
:
:
:

## REPLY MEMORANDUM ON BEHALF OF DEFENDANT HANDY & HARMAN TUBE COMPANY, INC. IN FURTHER SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT

### POINT I

### HANDY & HARMAN TUBE COMPANY'S CROSS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT SHOULD BE GRANTED

**A.**    **BFAG's § 113 Claims are Barred by *Aviall***

In a vain attempt to avoid the mandate articulated by the Supreme Court's decision in *Cooper Industries v. Aviall*, 125 S.Ct. 577 (2004), the Boarhead Farm Agreement Group ("BFAG") cavalierly asserts that "the United States pursued **the** members of the Agreement Group," (BFAG Brief at p.2), an assertion that is patently false. The United States did not pursue Agere Systems, Inc. ("Agere"), TI Automotive Systems, LLC ("TI") or BFAG, the entity, with respect to OU-1. The United States did not pursue Agere or BFAG, the entity, with respect to OU-2. Thus, only certain members of BFAG (none of whom are parties to this action) were involved in a § 106 or § 107(a) proceeding relating to the Boarhead Farm Superfund site (the

"Site"). The only party in this action is BFAG – an entity that was not subject to a § 106 or 107(a) action.

The issue presented in Handy & Harman Tube Company's cross-motion is simple and straightforward: Whether BFAG, the entity, as the sole plaintiff named in the Third Amended Complaint, can maintain a CERCLA § 113(f) action? The Supreme Court in *Aviall* has provided the answer. It is no.

In *Aviall*, the Supreme Court clearly held that the plain language of § 113(f)(1) means what it says – if a party has not been sued under CERCLA § 106 or § 107(a), it may not obtain contribution under CERCLA § 113(f)(1) from other PRPs. *Aviall* 125 S.Ct. at 586. Applying this recent and controlling precedent to the Third Amended Complaint, BFAG's § 113(f) claims must be dismissed with prejudice.

BFAG's attempt to distort the *Aviall* decision should be rejected by this Court. The *Aviall* decision is on all-fours with this case. It does not matter that in *Aviall* there was a single plaintiff where as here there is a "group." The fact remains that a "person"[1] cannot bring a § 113(f) claim unless the "person" has been the subject of a § 106 or § 107(a) proceeding. BFAG's unsupported theory that, as long as a § 106 or §107(a) action has been brought with respect to a particular contaminated site, then the "during or following" requirement of § 113(f) is satisfied, is meritless. Not surprisingly, BFAG is unable to cite to any authority to support its theory. Stripped of its rhetoric, BFAG's position is that this Court should ignore *Aviall*, interpret CERCLA in a manner in conflict with the statute's plain language, and judicially create what would be a new body of environmental law. This Court should decline the invitation.

---

[1] Under section 101 of CERCLA, the definition of "person" includes entities such as BFAG. *See* 42 U.S.C. § 9601(21).

Instead, this Court should grant Handy & Harman Tube Company's motion for summary judgment dismissing BFAG's claims under CERCLA § 113 (Counts I and II) in the Third Amended Complaint.

**B.    BFAG's State Law Claim**

In arguing that this Court should retain jurisdiction over BFAG's state law claims arising under the Pennsylvania Hazardous Sites Cleanup Act ("HSCA") (even if BFAG's federal statutory claims under CERCLA are dismissed), BFAG asserts the following: (1) it would be unfair to the parties and would not serve judicial economy to dismiss the state law claims; (2) novel issues of state law are not presented; and (3) dismissal should not occur because the parties are preparing for trial and fact discovery is complete. *See* BFAG brief at pp. 31-35. None of these arguments are adequate support for this Court retaining jurisdiction over claims which BFAG readily admits are based purely on state law.

The standard to be applied in determining whether to decline to exercise supplemental jurisdiction over purely state law claims is set forth in 28 U.S.C. § 1367(c). That statute provides as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

3

Application of the foregoing to decline to exercise supplemental jurisdiction is in the discretion of the district court. In *Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995), the Court observed that justification for the exercise of such jurisdiction is based on considerations of judicial economy, convenience and fairness to the parties. There, the Court noted:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of juridical economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, [citation omitted]. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Lancaster*, 45 F.3d at 788 (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)). The Court concluded that, when the basis for original federal court jurisdiction is dismissed prior to trial, the district court <u>must</u> decline to exercise discretion over the state claims.

> Under *Gibbs* jurisprudence, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.

*Lancaster*, 45 F.3d at 788 (citing *Lovell Mfg. V. Export-Import Bank of the United States*, 843 F.2d 725 (3d Cir. 1988); *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277 (3d Cir. 1993)).

4

In this case, with the dismissal of BFAG's CERCLA claims, the Court should decline to exercise supplemental jurisdiction over BFAG's state law claim.

### 1.    There Are No Issues of Judicial Economy and Fairness to the Parties Which Warrant This Court to Continue to Exercise Supplemental Jurisdiction

BFAG asserts, without any factual support, that judicial economy and fairness to the parties are reasons for this Court to continue to hear its state law claim. BFAG's argument boils down to the simple fact that two years of discovery has taken place. Therefore, this two years of discovery, in and of itself, implicates the issues of judicial economy and fairness. BFAG is wrong.[2]

While it is true that two years of discovery has been conducted, it is also true that (1) fact discovery is still on going; (2) expert discovery has not begun; and (3) the parties have not discussed amongst themselves nor with the Court the preparation of a Final Pretrial Order, the conduct of the Final Pretrial Conference or the scheduling of a trial. Thus, BFAG's suggestion that this case has proceeded to a point where it would be unfair not to permit BFAG to pursue its state law claims in this federal forum is unfounded. The case is not on the verge of going to trial as BFAG implies.

Moreover, any concern that BFAG has regarding a state court proceeding being duplicative from a discovery standpoint is overstated. It is not uncommon for discovery conducted in the federal forum to be used in a subsequent state court proceeding (if BFAG decides to bring such an action) in circumstances such as these. Furthermore, with respect to rulings that have been made by this Court, BFAG will undoubtedly avail itself of the doctrine of *res judicata*, if subsequent state court proceedings are commenced.

---

[2] BFAG's reliance on *Growth Horizons, Inc. v. Delaware County* for the proposition that this Court should retain supplemental jurisdiction is misplaced. In *Growth Horizons*, the state law claims were not dismissed until after the trial was conducted, circumstances that are clearly not present here.

The issues of judicial economy and fairness do not provide any compelling reason for this Court to exercise its discretion in favor of retaining jurisdiction over purely state law claims after BFAG's federal statutory claims have been dismissed.

### 2.    Novel Issues of State Law are Presented under BFAG's HSCA Claim

In addition to the fact that issues of judicial economy or fairness do not support this Court's exercise of supplemental jurisdiction over BFAG's state law claims following the dismissal of its federal claims, the state law claims at issue present novel issues which should be decided by the Pennsylvania state courts.

The Pennsylvania courts have not yet addressed the impact, if any, *Aviall* will have on HSCA's contribution provision (35 P.S.6020.705(a)) that is similar to CERCLA § 113(f). The HSCA contribution provision, like CERCLA § 113(f), limits the availability of contribution to persons having been subject to a civil action by an enforcement agency or a party who was sued by an enforcement agency. This provision provides:

> **(a) General rule.**--A person may seek contribution from a responsible person under section 701, [footnote omitted] during or following a civil action under section 507 or 1101. [footnote omitted]. Claims for contribution shall be brought in accordance with this section and the Pennsylvania Rules of Civil Procedure. Nothing in this section shall diminish the right of a person to bring an action for contribution in the absence of a civil action under section 507 or 1101.

Whether or not the Pennsylvania state courts find persuasive the statutory interpretation of CERCLA § 113(f) adopted by the Supreme Court in *Aviall* when those courts are considering HSCA's similar contribution provision is a determination that is better left to the Pennsylvania state courts.

As *Lancaster* counsels, "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed

reading of applicable law. ... [T]he state claims may be dismissed without prejudice and left for resolution to state tribunals." *Lancaster*, 45 F.3d at 788 (citation omitted).

For the foregoing reasons, this Court should decline to exercise supplemental jurisdiction over BFAG's state law claims following dismissal of its federal law claims.

**POINT II**

**BFAG'S MOTION TO AMEND DOES NOT RESCUE ITS CERCLA § 113(f) CLAIMS**

**A.    The Proposed Amendments are Barred By the Statute of Limitations**

BFAG asserts that the filing of its motion to amend the complaint tolls the statute of limitations. BFAG is wrong. The 3-year time limitation established in CERCLA § 113 is not a statute of limitations, which is subject to tolling, but is rather a jurisdictional provision that cannot be tolled.

It is well established that not all statutory time limitations are statutes of limitations which can be, in certain circumstances, tolled. In some instances, the time limitations are jurisdictional and therefore cannot be tolled. *See Ramadan v. The Chase Manhattan Corporation*, 156 F.3d 499, 500 (3d Cir. 1998) ("A limitation period is not subject to equitable tolling if it is jurisdictional in nature"). The determination as to whether a time limitation is a statute of limitations or a jurisdictional bar requires a court to first consider the language of the statute itself. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 617-18 (3d Cir. 1998). If the language of the statute is not clear, then the court should look to the Legislature's intent and examine the overall structure of the statute. *Houghton v. Insurance Crime Prevention Inst.*, 795 F.2d 322, 325 (3d Cir. 1986).

A plain reading of § 113(g)(3) demonstrates that the limitations period set forth therein is jurisdictional. The language contained in § 113(g)(3) unequivocally provides that "[n]o action for contribution for any response costs or damages may be commenced more than three years

7

after ... entry of a judicially approved settlement with respect to such costs and damages." 42 U.S.C. § 9613(g)(3).[3]

Section 113(g)(3)'s time limitation language is mandatory while other provisions in CERCLA § 113(g) set forth time limitations which are subject to extensions and tolling. 42 U.S.C. § 9613(g). Under § 113(g)(1)(A), claims for natural resource damages are subject to the discovery rule. 42 U.S.C. § 9613(g)(1)(A). Section 113(g)(6) expressly tolls the limitations period for minor and incompetents. 42 U.S.C. § 9613(g)(6). If Congress intended the three year limitation period in § 113(g)(3) to be a statute of limitations, as opposed to a jurisdictional bar, it would not have phrased § 113(g)(3) in mandatory terms and would have, similar to §§ 113(g)(1)(A) and 113(g)(6), provided for extensions of the limitations period (discovery rule) and/or tolling. Thus, it is clear that the period in which a claim under § 113(g)(3) can be brought is jurisdictional and not subject to tolling as BFAG argues.

Here, the words of § 113(g)(3) are clear and unambiguous. The mandatory three year time limitation is jurisdictional. Therefore, BFAG's reliance upon *Mayes v. AT&T Information Systems, Inc.*, 867 F.2d 1172 (8th Cir. 1989), for the proposition that the filing of a motion to amend tolls the statute of limitations is misplaced.[4]

As such, the filing of BFAG's motion for leave to file a Fourth Amended Complaint does not toll the limitations period for filing a contribution claim under § 113(f). The proposed amendments are time barred.

---

[3] In *Aviall*, the Supreme Court ruled that the terms of CERCLA § 113 are clear. In so ruling, the Court noted that there was no need to consult the Legislative history of CERCLA in order to interpret its plain language. *Aviall*, 125 S.Ct. at 584.

[4] Similarly misplaced is BFAG's argument that the Court should permit the filing of the Fourth Amended Complaint and that defendants should thereafter move for dismissal. Rule 15(a) is designed to permit parties who oppose amendments to demonstrate to the Court that the amendments are futile (as the defendants have done in this case) and therefore, should not be

**B.    The Proposed Amendments Do Not "Relate Back" to the Filing of the Original Complaint**

In an attempt to breathe life into claims which are jurisdictionally barred by CERCLA § 113(g)(3)'s three year time limitation, BFAG argues that the proposed Fourth Amended Complaint which seeks to add new plaintiffs and new claims "relates back" to the filing of the original complaint and is not subject to the requirements of F.R.C.P. 15(c)(3).  BFAG's argument is without merit and should be disregarded.

Under the standard articulated by *Nelson v. County of Allegheny*, 60 F.3d 1010 (3d Cir. 1995), *cert. denied*, 516 U.S. 1173 (1996) and *Allen v. National Railroad Passenger Corp.*, 2004 WL 2830629 (E.D. Pa.)(Davis, J.), in order to avail themselves of the "relation back" doctrine, BFAG and the new plaintiffs must demonstrate that they have not "slept on their rights" (*Nelson*, 60 F.3d at 1014) and that the omission of the new plaintiffs/claims from the original complaint "was due to a legal mistake, rather than litigation strategy." *Allen* at *10.  In an unpersuasive attempt to convince this Court that they made a legal mistake sufficient to satisfy the requirements of Rule 15(c)(3), BFAG and the new plaintiffs argue that the Supreme Court's interpretation of the plain language of § 113(f) was unanticipated.  However, what BFAG and the new plaintiffs have failed to and certainly cannot explain is why, after they adopted a calculated litigation strategy (*i.e.* naming BFAG as the plaintiff as opposed to the individual corporate entities), which proved to be erroneous, this Court should be their savior and permit the amendments to "relate back" in order to avoid the jurisdictional bar.

Again, there is no question that the selection of BFAG to be the plaintiff was a litigation strategy.  When defendants moved to dismiss the complaint in 2003, arguing that the individual corporate entities were the proper plaintiffs, BFAG vigorously opposed the motion and

---

permitted.  This mechanism prevents the filing of specious claims and the compounding of litigation.

compromised on the issue of defendants' ability to obtain discovery from the individual corporate entities, rather than name them as plaintiffs. Had they not been so entrenched in their litigation strategy, the contribution claims of all of the corporate members, other than Agere, would have been advanced at a point when they would not have been precluded by the three year jurisdictional bar contained in §113(g)(3).

There can be no doubt that the omission of the individual corporate members was a litigation strategy and not a legal mistake. BFAG's proposed amendments do not relate back to the filing of the original complaint.

**POINT III**

**NEITHER BFAG NOR THE PROPOSED NEW PLAINTIFFS HAVE
ANY RIGHTS UNDER CERCLA § 107**

BFAG's argument that it is entitled to bring a § 107 claim on behalf of itself and the proposed new plaintiffs is unavailing. As set forth in the Opening Brief, the law in the Third Circuit is clear: there is no private right of contribution under § 107. *See New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116 (3d Cir. 1997); *In re Reading Company*, 115 F.3d 1111, 1120 (3d Cir. 1997). The argument that the "Third Circuit now has an opportunity to reexamine these opinions in light of" *Aviall* is simply without merit. *Aviall* did not change the law in this Circuit as it relates to contribution claims arising under § 107. *Aviall* addressed § 113(f) claims and does not affect the holdings of *Halliburton* and *Reading* vis-à-vis § 107 claims.

BFAG's reliance on *General Motors Corp. v. United States*, 2005 WL 548266 (D.N.J.), as support for its filing of a § 107 claim is not worthy of attention. In *General Motors*, the district court permitted a § 107 amendment on the belief that the Third Circuit would reexamine the state of the law under *Halliburton* and *Reading* in the matter entitled *E.I. Du Pont De Nemours and Company v. United States*, Civil Action No. 97-497 (WJM). First, the mere fact that an issue (the viability of a § 107 claim by a PRP) is on appeal in another case does not

10

support a decision to allow such a claim to be asserted in the face of controlling Third Circuit law to the contrary. For this reason alone, this Court should not be persuaded by *General Motors*.

Additionally, the § 107 issue on appeal before the Third Circuit in *DuPont* may never reach substantive resolution on the merits. The § 107 claim, which the plaintiff in *DuPont* seeks to revive, was voluntarily dismissed. As a result, appellees in *DuPont* argue that the Third Circuit should not hear the § 107 issue on the merits because it was not raised below. *See* Exhibit A, Brief for the Federal Appellees in *Du Pont*, at pp. 16-22.

BFAG's final argument (at page 26 of its brief) with respect to its proposed CERCLA § 107 claims relates to preserving issues for appeal. BFAG argues that this Court should permit the § 107 amendment and that defendants should then move to dismiss those claims, asserting that this is the <u>only</u> way to preserve the § 107 claims for appellate review. This, of course, is not the case. If the Court denies the amendment (as it should), BFAG's right to appeal is preserved since the denial of a motion to amend preserves a party's right to raise on appeal any claims that were asserted in the motion to amend. *See In re Kelly*, 876 F.2d 14, 17 (3d Cir. 1989).

BFAG's proposed CERCLA § 107 claims are futile and should not be permitted.

POINT IV

**THE *AVIALL* DECISION BARS ANY AND ALL CLAIMS UNDER § 113 BY AGERE AND BARS ANY § 113 CLAIMS BY TI WITH RESPECT TO OU-1**

As set forth in the Opening Brief, Agere and TI are precluded by the Supreme Court's recent decision in *Aviall* from asserting claims under CERCLA § 113(f)(1). Here, neither Agere nor TI were signatories to the OU-1 Consent Decree and Agere was not a signatory to the OU-2 Consent Decree. Thus, under *Aviall*, Agere has no § 113(f) claims and the only § 113(f) claim TI could assert relates to OU-2. That claim is, however, precluded by the three year

11

jurisdictional bar. BFAG's attempt to lump all of its members together cannot save the claims of these two members.

Since Agere was not a signatory to either Consent Decree, and since TI was not a signatory to the OU-1 Consent Decree and is jurisdictionally barred from asserting a contribution claim with respect to OU-2, the claims sought to be asserted by them in the proposed Fourth Amended Complaint under § 113(f)(1) are futile.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Handy & Harman Tube Company's moving papers, it is respectfully requested that Handy & Harman Tube Company's cross motion for summary judgment dismissing the Third Amended Complaint be granted.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.


By: ___MF 1386_____
    MELISSA E. FLAX
    JOHN M. AGNELLO
    G. GLENNON TROUBLEFIELD (Bar No. 64989)
    5 Becker Farm Road
Dated: May 31, 2005        Roseland, New Jersey 07068
    (973) 994-1700
    (973) 994-1744 (fax)

**EXHIBIT A**

No. 04-2096

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

E.I. DUPONT de NEMOURS AND COMPANY, et al.,
Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA, et al.,
Defendants-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIEF FOR THE FEDERAL APPELLEES

KELLY A. JOHNSON
Acting Assistant Attorney General

MICHAEL D. ROWE
SCOTT JORDAN
DAVID M. THOMPSON
ERIC G. HOSTETLER
MICHELE L. WALTER
DAVID C. SHILTON
ELLEN J. DURKEE
Attorneys, Environment & Natural
Resources Division
Department of Justice
P.O. Box 23795, L'Enfant Plaza Station
Washington, D.C. 20026
(202) 514-4426

## TABLE OF CONTENTS

Page

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF RELATED CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. <u>Nature of the case and proceedings below</u> . . . . . . . . . . . . . . . . . . . . . . 3

    B. <u>Statutory and regulatory background</u> . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1. <u>CERCLA</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2. <u>The Resource Conservation and Recovery Act ("RCRA")</u> . . . . . . 9

    C. <u>Statement of the Facts</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    D. <u>The Supreme Court decision in *Cooper v. Aviall*</u> . . . . . . . . . . . . . . . . 12

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    I.      THIS COURT SHOULD DECLINE TO ADDRESS DUPONT'S
           CLAIMS FOR CONTRIBUTION UNDER CERCLA SECTION
           107(a)(4)(B) AND FEDERAL COMMON LAW BECAUSE IT
           DID NOT RAISE THESE CLAIMS BELOW . . . . . . . . . . . . . . . . 16

        A.     <u>Standard of review</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        B.     <u>This Court should not consider DuPont's newly-raised
               claims under an exception for intervening changes in law</u> . . 16

        C.     <u>DuPont's other reasons for urging an exception to the rule
               against raising issues for the first time on appeal are not</u>

-ii-

compelling .................................... 22

II.    A PRP MAY NOT BRING A CONTRIBUTION ACTION
       AGAINST ANOTHER PRP UNDER SECTION 107(a)(4)(B) OR
       FEDERAL COMMON LAW THEREBY AVOIDING THE
       PRECONDITIONS FOR A CONTRIBUTION CLAIM UNDER
       SECTION 113(f) .................................... 24

       A.    Standard of review .............................. 24

       B.    Contribution claims may be brought under CERCLA only
             when the prerequisites set forth in Sections 113(f)(1) or
             113(f)(3) are met ................................ 24

             1.    Section 107(a)(4)(B) does not expressly confer a right
                   to bring a contribution claim independent of Section
                   113 .................................... 27

             2.    There is no implied right to a Section 107(a)(4)(B)
                   stand-alone contribution action ................. 28

                   a.    The text of the statute does not support an
                         implied right of contribution that would allow a
                         contribution action without meeting the express
                         preconditions set forth in Section 113(f)(1) and
                         113(f)(3)(B) ........................... 30

                   b.    The legislative history of SARA shows that
                         Congress intended for Section 113 to govern all
                         contribution actions brought under CERCLA .. 35

                   c.    Requiring CERCLA contribution claims to
                         satisfy prerequisites set forth in Section 113(f) is
                         consistent with the traditional understanding of
                         contribution ........................... 41

                   d.    Other provisions of the statute do not support
                         finding an implied right of contribution ...... 43

-iii-

         i.      Settlement protection under Section
                113(f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . 43

         ii.     Statute of limitations . . . . . . . . . . . . . . . 44

         iii.    Section 120(a) does not support the
                implication of a contribution right . . . . . . 45

      e.     Policy considerations do not justify recognition
           of an implied right to contribution . . . . . . . . . . 47

    3.    DuPont's interpretation is contrary to the decisions of
         this Court and nine other courts of appeals holding
         that a contribution claim may not be brought under
         Section 107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

  C.   Courts may not formulate a federal common law right of
      contribution against the United States . . . . . . . . . . . . . . . . . 50

III.  THE DISTRICT COURT COMMITTED NO ERROR BY
     DISMISSING THE SECTION 113 CLAIM AS TO ALL SITES . . 55

  A.   Standard of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

  B.   Dismissal was appropriate because DuPont's pleadings
      failed to allege or otherwise demonstrate that other sites
      met Section 113(f) preconditions . . . . . . . . . . . . . . . . . . . . . 55

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

CERTIFICATIONS RESPECTING WORD COUNT, IDENTICAL TEXT
OF E-BRIEF AND HARD COPIES, VIRUS CHECK AND BAR
MEMBERSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

-iv-

## TABLE OF AUTHORITIES

Page

**Cases:**

*Alexander v. Sandoval*, 532 U.S. 275 (2001) ............................. 30

*Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761 (7th Cir. 1994) ........... 8,25

*Altman v. Altman*, 653 F.2d 755 (3d Cir. 1981) ......................... 23

*AMW Materials Testing, Inc. v. Town of Babylon*, 348 F. Supp.2d 4 (E.D. N.Y. 2004) ........................................................ 19

*Aviall Services, Inc. v. Cooper Industries, Inc.*, 2000 WL 31730 (N.D. Tex. Jan. 31, 2001), aff'd by the panel, 263 F.3d 134 (5th Cir. 2001), rev'd by the en banc court, 312 F.3d 667 (5th Cir. 2002), cert. granted, 540 U.S. 1099 (2004), rev'd, 125 S. Ct. 577 (2004) ......................................... 12,21

*Bedford Affiliates v. Sills*, 156 F.3d 416 (2d Cir. 1998) ..................... 8

*In re Ben Franklin Hotel Assocs.*, 186 F.3d 301 (3d Cir. 1999) .............. 23

*Bulk Distribution Centers, Inc. v. Monsanto Co.*, 589 F. Supp. 1437 (S.D. Fla. 1984) ................................................. 35

*Casson Corp. v. Ingersoll-Rand Co.*, 622 F.2d 672 (3d Cir. 1980) ........... 23

*In re Cendant Corp. Securities Litigation*, 190 F.R.D. 331 (D. N.J. 1999) ..... 56

*Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344 (6th Cir. 1998) ............................................ 8,25

*City of New York v. Exxon*, 633 F. Supp. 609 (S.D.N.Y. 1986) .............. 36

*City of Philadelphia v. Stepan Chemical Co.*, 544 F. Supp. 1135 (E.D. Pa. 1982) ............................................ 36

*Cooper Indus., Inc. v. Aviall Servs., Inc.*, 125 S. Ct. 577 (2004) ......................................... passim

*Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) ................ 30

*Daniel S. v. Scranton School Dist.*, 230 F.3d 90 (3d Cir. 2000) .............. 24

*Dico, Inc. v. Amoco Oil Co.*, 340 F.3d 525 (8th Cir. 2003) .................. 8

*Elementis Chemicals Inc. v. TH Agriculture and Nutrition*, LLC, 2005 WL 236488 (S.D.N.Y. Jan. 31, 2005) ........................... 19

*Empagran S.A. v. F. Hoffman-LaRouche, Ltd.*, 388 F. 3d 337 (D.C. Cir. 2004) . 17

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) ........................... 50

*Florian Greenhouse, Inc. v. Cardinal IG Corp.*, 11 F. Supp. 2d 521 (D. N.J. 1998) ............................................. 56

*Gardiner v. Virgin Islands Water & Power Authority*, 145 F.3d 635 (3d Cir. 1998) ............................................ 16

-v-

*General Motors Corp. v. United States*, 2005 WL 548266 (D. N.J. March 2,
2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Hohn v. United States*, 524 U.S. 236 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Hormel v. Helvering*, 312 U.S. 552 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Key Tronic Corp. v. United States*, 511 U.S. 809 (1994) . . . . . . . . . . . . . 27,28,47

*King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991) . . . . . . . . . . . . . . . . . . . . . . . . 26

*Koons Buick v. Bradley*, 125 S. Ct. 460 (2004) . . . . . . . . . . . . . . . . . . . . . . . 32,33

*Lane v. Pena*, 518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*Mehrig v. KFC Western, Inc.*, 516 U.S. 479 (1986) . . . . . . . . . . . . . . . . . . . . . . . 31

*Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113
(3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

*Metropoliton Water Reclamation Dist. v. Lake River Corp.*, No 03C0754 (N.D. In.
April 12, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Middlesex County Sewerage Authority v. National Sea Clammers Assoc.*,
453 U.S. 1 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Middlesex County Sewerage Authority*, 516 U.S. at 14 . . . . . . . . . . . . . . . . . . . . 31

*Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618 (1978) . . . . . . . . . . . . . . . . . . . 53

*National Railroad Passenger Corp. v. National Assoc. of Railroad
Passengers*, 414 U.S. 453 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*New Castle County v. Halliburton NUS Corp.*, 111 F.3d
1116 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77
(1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298
(9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,37

*Pneumo Abex Corp. v. High Point, Thomasville & Denton
R.R.*, 142 F.3d 769 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Matter of Reading Co.*, 115 F.3d 1111 (3d Cir. 1997) . . . . . . . . . . . . . . . . passim

*Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d
1489 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Ridenour v. Andrews Federal Credit Union*, 897 F.2d
715 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

*Robert C. Herd & Co. v. Krawill Mach. Corp.*, 359 U.S.
297 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*Rumpke of Ind., Inc. v. Cummins Engine Co.*, 107 F.3d 1235
(7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Salvation Army v. N.J. Dept. of Community Affairs*, 919 F.2d 183

-vi-

(3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,17
*Shelly v. Johns Manville Corp.*, 798 F.2d 93 (3d Cir. 1986) . . . . . . . . . . . . . . . . 55
*Singleton v. Wulff*, 428 U.S. 106 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . 16,22
*Snaido v. Bank Austria*, 378 F.3d 210 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . 18
*Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229
(10th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
*Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630
(1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
*Transamerica Mortgage Advisors, Incl v. Lewis*, 444 U.S. 11
(1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
*United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates,*
*Ltd.*, 484 U.S. 365 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32
*United States v. Bestfoods*, 524 U.S. 51 (1998) . . . . . . . . . . . . . . . . . . . . . 6,41
*United States v. Colorado & E. R.R.*, 50 F.3d 1530 (10th Cir. 1995) . . . . . . . . 8,25
*United States v. E.I. DuPont de Nemours and Co.*, 2d Cir.
No. 04-5380 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,57
*U.S. v. Fausto*, 484 U.S. 439 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
*United States v. New Castle County*, 642 F. Supp. 1258 (D. Del. 1986) . . . . . . . 35
*United States v. South Carolina Recycling and Disposal, Inc.*,
653 F. Supp. 984 (D. S.C. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
*United States v. Washington*, 12 F.3d 1128 (D.C. Cir. 1994) . . . . . . . . . . . . . . 17
*United States v. Westinghouse Electric Corp.*, 1983 WL 160587
(S.D. Ind. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36
*United Techs. Corp. v. Browning-Ferris Indus.*, 33 F.3d 96
(1st Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,25
*Vine Street v. Keeling*, 2005 WL 675786 (E.D. Tex. March 24, 2005) . . . . . . . . 19
*Wauksesha v. Viacom International* Inc., __ F. Supp.2d __, 2005
WL 712423 (E.D. Wis. March 23, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 19
*Young v. United States*, 394 F.3d 858 (10th Cir. 2005) . . . . . . . . . . . . . . . . 19,23

## Statutes, Rules and Regulations:

28 U.S.C. 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. 1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 U.S.C. 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
28 U.S.C. 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Comprehensive Environmental Response, Compensation and Liability Act,

-vii-

42 U.S.C. 9604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

42 U.S.C. 9606(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

42 U.S.C. 9613(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. 9620(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Section 106 . . . . . . . . . . . . . . . . . . . . . . 6,11,12,14,20,26,38,39,41,46,48,48

Section 106(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Section 107 . . . . . . . . . . . . . 6,11,20,24,27,28,29,30,34,36,37,38,39,41,46,
                                                                 47,48,49,50,51,58

Section 107(a) . . . . . . . . . . . . . . . . . . . . . . . . . 12,14,17,18,19,20,26,40,46

Sections 107(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Section 107(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,40

Section 107(a)(4)(B) . 2,7,8,13,14,15,16,18,19,20,22,23,24,26,27,28,29,30,
                                                  32,33,35,37,39,44,45,46,49,50,55

Section 113 . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,26,27,28,38,38,50,56

Section 113(f) . . 2,13,14,15,16,19,20,21,22,23,24,25,26,27,28,29,30,33,34,
                                 35,36,37,38,39,40,42,45,49,50,51,53,54,55,56,57,58,59

Section 113(f)(1) 8,12,14,17,20,22,23,29,30,34,35,38,39,41,42,44,45,47,50

Section 113(f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,44,50

Section 113(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,30,43,44,45,47,56

Section 113(f)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30,42,58

Section 113(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Section 113(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Section 113(g)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45,46

Section 120(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46,47

Resource Conservation and Recovery Act,

42 U.S.C. 6901-92k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. 6924(u) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. 6925(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. 6928 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3 C.F.R., 1987 Comp., p. 193 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

**Other Authorities:**

*Black's Law Dictionary* 297 (5th ed. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

-viii-

Restatement (Third) of Torts §23 cmt. b . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42,44
Restatement (Third) of Torts §23 cmt. b,n (2000) . . . . . . . . . . . . . . . . . . . . . . 42
Restatement (Second) of Torts §886A(1) and (2) (1979) . . . . . . . . . . . . . . . . . . 42

S. Rep. No. 99-11 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37,40,41
131 Cong. Rec. 24450 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36
H.R. Rep. No. 99-253 (I) (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36,37,40,41
H.R. Rep. No. 99-253 (III) (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38,39