IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 02-CV-3830 |
| : | |
| ADVANCED ENVIRONMENTAL : | |
| TECHNOLOGY CORPORATION, et al., : | |
| : | |
| Defendants. : | |

**DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Eastern District of Pennsylvania Local Civil Rule 7.1, and Paragraph 3 of the Order entered by the Court on July 30, 2005, Ashland Inc. ("Ashland") and nine other named Defendants (collectively referred to as the "Moving Defendants")[1], respectively move this Court to dismiss each Count of the Fourth Amended Complaint filed by Plaintiffs for failure to state a claim on which relief can be granted.

The grounds for dismissal are summarized as follows:

1.      Neither Plaintiff TI Group Automotive Group Systems, LLC ("TI") with respect to contribution claims for recovery of costs associated with the first phase of remedial design and action for the Boarhead Farm Site (designated as OU-1) nor Agere Systems, Inc. ("Agere") were parties to an underlying civil action against them under sections 106 or 107(a) of CERCLA as required by Section 113(f)(1) of CERCLA nor did they resolve their liability to the United

---

[1] The Defendants joining with Ashland in this Motion to Dismiss are: Advanced Environmental Technology Corporation, Carpenter Technology Corporation, FCG, Inc., a/k/a Flexible Circuits, Inc., Handy & Harman Tube Company, Inc., Merit Metal Products Corp., NRM Investment Company, Rahns Specialty Metals, Inc., Techalloy Company, Inc. and Thomas & Betts Corporation.

States or a state in an administrative or judicially approved settlement as required by Section 113(f)(3)(B) of CERCLA as a condition to the maintenance of contribution claims under that section, as recently held by the United States Supreme Court in <u>Cooper Industries v. Aviall Services</u>, 125 S. Ct. 577 (U.S. 2004);

      2.      Plaintiffs Cytec Industries, Inc. ("Cytec"), Ford Motor Company ("Ford"), SPS Technologies, Inc. ("SPS") and TI (for OU-2 remediation costs) cannot recover under Section 113(f) (1) of CERCLA because, as parties who have settled claims against them by the United States for response costs, any contribution claims for recovery of part of payments made by them in connection with the settlement with the United States can only be pursued under Section 113(f)(3)(B) of CERCLA;

      3.      None of the Plaintiffs has alleged sufficient facts to establish liability under Sections 113(f)(1) or 113 (f)(3)(B) of CERCLA as they have not alleged that in the settlement of the United States' claims against them they discharged all liability to the United States for such claims, nor have they alleged payment of or legal liability for payments made or to be made in excess of their fair shares of the common liability;

      4.      Under CERCLA, plaintiffs in a contribution action are not entitled to declaratory relief, but are limited to recovery of damages for remediation costs incurred by Plaintiffs and payments made to the United States in excess of their respective fair shares of the common liability;

      5.      With respect to Plaintiffs' state contribution claim under the Pennsylvania Hazardous Sites Clean Up Act, 35 P.S. § 6020.701 *et seq.* ("HSCA"), Plaintiffs do not have any implied right of contribution under Section 702 of that statute, 35 P.S. § 6020.702, the only section of HSCA under which Plaintiffs seek contribution in this action;

6. Although not sought by Plaintiffs, any contribution claims under Section 705 of HSCA would be futile, as Plaintiffs do not allege that there was or is a pending action under HSCA Sections 507 or 1101 brought by the Pennsylvania Department of Environmental Resources ("DER") (now Pennsylvania Department of Environmental Protection), any other commonwealth agency or any municipality nor have Plaintiffs alleged that they had entered into any settlement with the DER of any purported liability for response costs to the DER; and

7. Any claims by the Plaintiffs pursuant to HSCA pled in the Fourth Amended Complaint are preempted by CERCLA.

The grounds for Moving Defendants' Motion are more fully set forth in the accompanying Memorandum of Law which is incorporated by reference. A proposed Order is attached pursuant to Local Rule 7.1.

Respectfully submitted,

*Jeffrey L. Pettit*

RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Ashland Inc.

Date:  September 9, 2005