IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : | |
| Defendants. | : | |

**MEMORANDUM & ORDER**

**Davis, J.**                                                                                      **July 20, 2005**

Presently before the Court are Plaintiff Boarhead Farms Agreement Group's ("the Agreement Group") Motion for Leave to Amend Third Amended Complaint (Doc. No. 137), filed March 11, 2005; Defendant Handy Harman & Tube's Memorandum in Opposition to Plaintiff's Motion for Leave to File a Fourth Amended Complaint and in Support of its Cross Motion for Summary Judgment (Doc. No. 154), filed April 4, 2005; Defendants Rahns Specialty Metals, Techalloy Inc., and Thomas Betts Corp.'s Memorandum in Opposition to Plaintiff's Motion to Amend with Cross Motion for Summary Judgment (Doc. Nos. 155, 156), filed April 4, 2005; Plaintiff Boarhead Farms Agreement Group's Memorandum in Opposition to Defendants' Cross Motions or Summary Judgment (Doc. No. 162), filed May 2, 2005; Defendants Rahns Specialty Metals, Techalloy Inc., and Thomas Betts Corp.'s Reply Memorandum in Support of its Cross Motion for Summary Judgment (Doc. No. 165), filed May 31, 2005; and Defendant Handy & Harman Tube's Reply Memorandum in Further Support of its Cross Motion for Summary Judgment (Doc. No. 166), filed

1

May 31, 2005. For the reasons set forth below, Plaintiff's Motion for Leave to Amend will be GRANTED in part and DENIED in part and Defendants' Cross-Motions for Summary Judgment will be DENIED AS MOOT.

## I.  FACTS AND PROCEDURAL HISTORY

The instant action was filed under the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. § 9601, *et seq.*, ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.*, ("HSCA") for the recovery of costs incurred and to be incurred in response to the release or threatened release of hazardous substances at the Boarhead Farms Superfund Site (the "Site").

The Boarhead Farms Site became a Superfund site when it was listed by the Environmental Protection Agency ("EPA") on the National Priorities List in 1989. The EPA then issued letters to persons allegedly responsible or potentially responsible for cleaning up the Site. Three of those responsible or potentially responsible parties who are now members of the Agreement Group, SPS Technologies, Inc. ("SPS"), Ford Motor Company ("Ford"), and Cytec Industries ("Cytec"), reached a settlement with EPA in or about February 2000 under which those entities agreed to undertake Operable Unit 1 ("OU-1") of the remedy. According to Plaintiff,

> SPS, Ford, and Cytec had for some time been cooperating with each other and with certain other entities potentially responsible under CERCLA for Site response costs in the joint defense and potential settlement of EPA's claims. SPS, Ford and Cytec entered into an agreement with Agere Systems, Inc. ("Agere"), NRM Investments, Ins, ("NRM"), TI Group Automotive Systems LLC ("TI"), and Worthington Industries, Inc. ("Worthington") wherein those entities agreed to collectively fund and perform the OU-1 work . . . by contributing to an OU-1 group account, collectively hiring contractors to perform the OU-1 work, and

paying the contractors from the group account. The contributions have been made on the basis of an interim [non-binding] allocation among those companies.

(Pl.'s Mot. to Amend at 8.) SPS, Ford, Cytec, and TI subsequently reached a second settlement with EPA in October 2001 for Operating Unit 2. Those four entities entered into an agreement with each other and Agere pursuant to which the five entities have collectively funded and performed the OU-2 work.

These five parties thereafter agreed to jointly pursue other entities that they believed were responsible for Site response costs, subsequently bringing the instant claim collectively as the Boarhead Farms Agreement Group, an unincorporated association comprised of Agere, Cytec, Ford, SPS, and TI.

On June 18, 2002, the Agreement Group filed the Complaint against twenty-three Defendants,[1] alleging liability for response costs and contribution under CERCLA and HSCA in connection with the clean-up of the Site. (Doc. No. 1). Plaintiff now seeks to again amend its Complaint in light of the Supreme Court's recent decision in <u>Cooper Industries, Inc. v. Aviall Services, Inc.</u>, 125 S. Ct. 577 (2004). Defendants oppose Plaintiff's Motion and seek summary judgment, contending that subsequent to the issuance of <u>Cooper Industries</u> Plaintiff cannot recover.

The proposed pleading, Plaintiff avers, "more explicitly reflects the arrangements under which the members of the Agreement Group have undertaken to remediate the Boarhead Farms

---

[1] Plaintiff subsequently filed three Amended Complaints on August 26, 2002, February 21, 2003, and September 8, 2003. The most recent Amended Complaint contained twenty-six Defendants. (Doc. Nos. 61, 78).

site . . . and adds those individual members to the caption as named parties." According to Plaintiff:

> the Third Amended Complaint asserts claims in the name of the Agreement Group. Prior to the decision in Cooper Industries, defendants stipulated that the Third Amended Complaint states a claim for relief under section 113(f) of [CERCLA], in return for the agreement of the members of the Agreement Group to act as parties to this case for purposes of discovery. (citation omitted.) The Agreement Group styled its CERCLA claim as one for contribution under section 113(f)(1). Cooper Industries requires a claim by the government (or another private party) under section 107(a) or section 106 of CERCLA . . . to precede a contribution action under section 113(f)(1). The government did bring section 106 and 107(a) claims against members of the Agreement Group [specifically SPS Technologies, Inc., Ford Motor Company, Cytec Industries, and TI Group Automotive Systems] in conjunction with the lodging and entry of two Consent Decrees. The proposed Fourth Amended Complaint makes explicit the section 106 and 107(a) claims against members of the Agreement Group and formalizes the individual members' status as plaintiffs in this case.
>
> Moreover, the Third Amended Complaint, following binding precedent or our court of appeals, asserted only a claim under section 113(f)(1) of CERCLA. [See New Castle County v. Halliburton NUS Corp., 111 F.3d 1116 (3d Cir. 1997).] The Supreme Court remanded Cooper Industries for an examination of that very point, suggesting that the lower courts should reconsider holdings like New Castle County. Accordingly, the Fourth Amended Complaint proposes to assert claims under section 107(a) . . . and also under section 113(f)(3) . . . an entirely new claim upon which the Supreme Court focused when other courts previously had not.

## II.     MOTION FOR LEAVE TO AMEND

### A.     Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should be denied only "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

4

amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  One of the circumstances under which courts have granted a motion for leave to amend a complaint is an intervening change in applicable law.  See Vanguard Sav. & Loan Ass'n v. Banks, 1995 WL 379999 (E.D. Pa. June 27, 1995).  However, the Third Circuit has repeatedly held that a Motion to Amend need not be granted where such amendment would be futile.  Arab African International Bank v. Epstein, 10 F.3d 168 (3d Cir. 1993).

### B. Discussion

In order to decide whether Plaintiff should be permitted to amend the Complaint, the Court must determine whether the proposed amendments would be futile.  To do so, the Court must first address whether amendment is futile in light of the fact that Plaintiff is outside the applicable statute of limitations with regard to OU-1.[2]

#### 1. Alteration of Caption

---

[2] Plaintiff did, however, file the instant Motion within the statutory time limit with regard to OU-2.  The instant Motion was filed on March 11, 2005, before the statute of limitations expired on March 14, 2005.  See Broomes v. Schmidt, 1996 WL 229369, *1 (E.D. Pa. May 3, 1996) ("In both federal question and diversity cases, federal courts have looked to the time of the filing of a motion to amend a complaint for statute of limitations purposes.") (citing Mayes v. AT & T Information Systems, 867 F.2d 1172, 1173 (8th Cir.1989); Heinly v. Queen, 146 F.R.D. 102, 104 n. 2 (E.D. Pa.1993); In re One Meridian Plaza Fire Litigation, 1993 WL 308726, * 2 (E.D. Pa. Aug. 12, 1993); Farm Credit Bank of Wichita v. FCB Ltd. Partnership, 825 F. Supp. 932, 935 (D. Kan.1993); Advanced Power Systems v. Hi-Tech Systems, 801 F. Supp. 1450, 1455 n. 2 (E.D. Pa.1992); Sheets v. Dziabis, 738 F. Supp. 307, 313 (N.D. Ind.1990); Wallace v. Sherwin Williams Co., Inc., 720 F. Supp. 158, 159 (D. Kan.1988); Pearson v. Niagra Machine & Tool Works, 701 F. Supp. 195, 196 (N.D. Okla.1988); Eaton Corp. v. Appliance Valves Co., 634 F. Supp. 974, 982 (N.D. Ind.1984), aff'd, 790 F.2d 874 (Fed. Cir. 1986); Burnett v. Perry Manufacturing, 151 F.R.D. 398, 401 (D. Kan.1993)).

In its proposed Fourth Amended Complaint Plaintiff seeks to alter the caption to bring its claims in the name of the individual members of the Agreement Group. Defendants argue that in so doing Plaintiff seeks to add parties that are time-barred and, thus, this amendment is futile. Plaintiff asserts that the caption change does not add any new parties because this change is nothing more than a real party in interest issue, see Fed. R. Civ. P. 17(a); Pl.'s Mem. in Opp. to Summ. J. at 11 n.6, and, or in the alternative, that amendment is not barred because it arises out of the same "conduct, transaction, or occurrence" set forth in the original pleading, see Fed. R. Civ. P. 15(c)(2); Pl.'s Mot. at 14 & n.13.

Under CERCLA, actions for contribution must be brought within three years of a judicially approved settlement, which in this case occurred on September 28, 2000 (OU-1) and March 14, 2002 (OU-2). However, under the Federal Rules of Civil Procedure, a pleading that is amended outside of the relevant limitations period may be deemed to "relate back" to the date of the original pleading if certain elements are satisfied. Rule 15(c) provides,

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).  Moreover, if the action has been brought by a party not the real party in interest, the real party in interest may be substituted at any time.  Rule 17(a) provides that

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

"To determine whether the requirement that the action be brought by the real party in interest has been satisfied, the court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief."  6A Charles Alan Wright et al., Federal Practice and Procedure § 1544 (2d ed. 1990).  Here, Plaintiff is a group of Potentially Responsible Persons ("PRPs") suing for contribution under CERCLA § 113.[3]  CERCLA § 113 gives Potentially Responsible Persons who have paid for more than their share of remediation costs for a Superfund site the right to sue other PRPs for contribution.  New Castle County v. Halliburton Nus Corp., 111 F.3d 1116, 1121-1122 (3d 1997).  Therefore, under the statute, the PRPs are the real parties in interest, despite the fact that here, the PRPs paid for remediation by contributing to the Agreement Group which, acting as an intermediary, then pooled the funds and paid the contractors conducting the remediation.  Therefore, the caption must be amended to substitute the names of the individual members of the Agreement Group for the Boarhead Farms Agreement Group.

---

[3] While Plaintiff also seeks, in the Fourth Amended Complaint, to bring a claim under CERCLA section 107, under current Third Circuit law, such a claim is not permissible.  See New Castle County v. Halliburton Nus Corp., 111 F.3d 1116 (3d Cir. 1997).

Because this Court concludes that the individual Agreement Group members are the real parties in interest, it need not address the application of Rule 15(c) in this context. See 6A Wright et al., Federal Practice and Procedure § 1501 ("courts [have] applied Rule 15(c) and Rule 17(a) in tandem to prevent the dismissal of the action and to allow an amendment substituting the real party in interest to relate back. The same result could have been reached on the basis of Rule 17(a) without resort to Rule 15(c)."). The Court does note, however, that the concerns underlying the elements listed in Rule 15(c)(3), notice and prejudice to the Defendants, are not at issue here.

The claims asserted in the amended complaint arise out of the same "conduct, transaction, or occurrence" set forth in the previous Complaints, the Defendants had notice of who comprised the Agreement Group, and Defendants' presentation of its defense will not be unduly prejudiced as they have taken discovery of the individual Agreement Group members. The practical substance and nature of this contribution action, as well as the parties in interest, are not altered if the Complaint is brought by SPS, Ford, Cytec, TI, and Agere named individually, as opposed to named collectively as the Agreement Group. As Plaintiff points out, Defendants have been aware throughout the course of discovery and certainly since the parties stipulated that the members of the Agreement Group could proceed collectively under one name, who the component members of the Agreement Group are.

Defendants make much of the fact that the Agreement Group earlier insisted upon being treated as a group, and not individually, and specifically averred in its Second Amended Complaint that it was the Agreement Group itself and, and not the individual members thereof, that actually had incurred CERCLA response costs and now, in the proposed Fourth Amended

8

Complaint, aver that each individual Plaintiff has contributed to response costs. Nevertheless, arguing that these are new parties and new claims does not reflect the practical realities of this matter and of CERCLA remediation.[4]

Therefore, this Court concludes that SPS, Ford, Cytec, TI, and Agere are the real parties in interest in this action. Court will not deny Plaintiff's Motion for Leave to Amend insofar as it seeks to amend the caption of the Complaint.

### 2. Section 113(f)(3) Claim

Plaintiff's proposed amended complaint next seeks to add a claim brought under section 113(f)(3) of CERCLA.[5]

Proposed Count II seeks to add a claim under section 113(f)(3)(B) of CERCLA, which provides that

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any

---

[4] See Hearing Tr. at 3:22-10:16 (explaining the process by which the Agreement Group was formed and confirming that this is a common arrangement in Superfund litigation).

[5] Plaintiff asserts that the Court need only determine that some portion of the proposed pleading is not futile to permit filing of the proposed Fourth Amended Complaint and, therefore, that the Court need not examine the additional proposed changes because "[a]ny or all of the defendants will have the right to seek dismissal of some *portion* of the claims made in the Fourth Amended Complaint pursuant to either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56, as appropriate" and thus "[t]his Court would have the opportunity to fully consider whatever arguments defendants may make in such motions, and would be able to do so in the context of the new pleading." (Pl.'s Mem. in Opp. at 19 n.13.) However, Plaintiff cites no authority for this contention. Moreover, the parties appear to have sufficiently briefed the futility, or lack thereof, of each of the proposed amendments. In the interest of judicial economy, and noting that the standard for determining the futility of an amendment is the same Plaintiff-favorable one used to resolve a Motion to Dismiss pursuant to Rule 12(b)(6), see Morley v. Philadelphia Police Dept., 2004 WL 1527829, at *8 (E.D. Pa. July 7, 2004), this Court will examine the each of the proposed amendments to which Defendants object in turn.

person who is not party to a settlement [brought by the United States or a State to resolve its liability].

42 U.S.C. § 9613.

In its Motion for Leave to Amend, Plaintiff notes that a claim under section 113(f)(3)(B) is "an entirely new claim upon which the Supreme Court [in deciding <u>Cooper Industries, Inc. v. Availl Services, Inc.</u>] focused when other courts previously had not." (Pl.'s Mot. at 2.) According to the Court in <u>Cooper Industries</u>,

> [Section] 113 provides two express avenues for contribution: § 113(f)(1) ("during or following" specified civil actions) and § 113(f)(3)(B) (after an administrative or judicially approved settlement that resolves liability to the United States or a State). Section 113(g)(3) then provides two corresponding 3-year limitations periods for contribution actions, one beginning at the date of judgment, § 113(g)(3)(A), and one beginning at the date of settlement, § 113(g)(3)(B). Notably absent from § 113(g)(3) is any provision for starting the limitations period if a judgment or settlement never occurs, as is the case with a purely voluntary cleanup. The lack of such a provision supports the conclusion that, to assert a contribution claim under § 113(f), a party must satisfy the conditions of either § 113(f)(1) or § 113(f)(3)(B).

125 S. Ct. 577, 584 (2004).

Defendants argue that Plaintiff's proposed Count II should not be permitted because the proposed amendment is outside the limitations period. In addition, Handy & Harman Tube argues that amendment is futile following <u>Cooper Industries</u>.

As discussed above, Rule 15(c)'s "relation back" provisions, if satisfied, permit Plaintiff's proposed amendments to relate back to the date of the filing of the original complaint. Here, because Plaintiff seeks to add a claim, as opposed to a party, Rule 15(c)(2) is the provision at issue. Rule 15(c)(2) permits relation back where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The Third Circuit has explained that "[i]n essence, application

of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." USX Corp. v. Barnhart, 395 F.3d 161, 167 (citing Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir.2004)).

In the instant matter, it is evident that the proposed Fourth Amended Complaint does not alter the general fact situation or legal theory upon which Plaintiff seeks to recover. As with its earlier Complaints, Plaintiff continues to seek an equitable allocation of costs for remediation of the Boarhead Farms Site among the Agreement Group and the Defendants. Here, despite the fact that Cooper Industries appears to have highlighted a previously unknown cause of action under CERCLA section 113, Plaintiff's assertion of this new cause of action does not alter the underlying injury upon which Plaintiff's suit has been based since it was originally instituted. Therefore, Plaintiff's Motion for leave to file a proposed Fourth Amended Complaint will not be denied as futile on this ground.

### 3. Section 107(a) Claim

Plaintiff's proposed Count III seeks to add a claim under Section 107(a), which provides that certain Potentially Responsible Persons "shall be liable for . . . all costs of removal or remedial action incurred by the United States Government . . . ; [and] any other necessary costs of response incurred by any other person consistent with the national contingency plan . . . ." 42 U.S.C. § 9607(a).

Defendants argue that Plaintiff's proposed claim under CERCLA § 107 should be denied because such claims are not legally cognizable under the Third Circuit's decision in New Castle County v. Halliburton and, therefore, the proposed amendment is futile.

11

Defendants argue that Plaintiff's proposed addition of a claim for contribution under CERCLA § 107 is barred under controlling Third Circuit law. Indeed, in New Castle County v. Halliburton, the Third Circuit held that parties who were potentially responsible under CERCLA to clean up a contaminated site could not bring a contribution claim under section 107(a), but instead were relegated to a contribution action under section 113(f)(1). However, Cooper Industries calls this ruling into question. In its Motion, Plaintiff notes that the Third Circuit is likely to address the availability or non-availability of an implied right to contribution under § 107(a) in deciding the presently pending appeal in E.I. du Pont de Nemours & Co. v. United States, 297 F. Supp. 2d 740 (D.N.J. 2003). In any event, Plaintiff requests that the Court not now consider whether the Agreement Group is entitled to maintain a section 107(a) claim on the grounds that the presence of the claim will not affect the progress of the litigation or prejudice any of the Defendants and argues that the appropriate time to consider that question is after trial as part of findings of fact and conclusions of law in order to protect the trial record regardless of how the Supreme Court ultimately decides this issue.

It remains the law in this Circuit, however, that section 113 of CERCLA is the only avenue for the assertion of contribution claims by PRPs. This Court is bound to follow existing Third Circuit law. Therefore Plaintiff's proposed amendment to add a claim under CERCLA section 107 is futile and leave to amend is DENIED insofar as it seeks to add such a claim.

### 4.    Section 113(f)(1) claim and Cooper Industries

Defendant Handy Harman & Tube Co. asserts that under the Cooper Industries decision, the Agreement Group and Agere are barred from seeking CERCLA § 113(f)(1) contribution since neither one has been a party to a CERCLA §§ 106 or 107(a) proceeding and that TI is

similarly barred from seeking CERCLA § 113 contribution with respect to costs relating to OU-1. Because this Court concluded, above, that the caption should be altered to name the members of the Agreement Group, it addresses this argument only with regard to Agere and TI.

Cooper Industries Inc. v. Aviall Services, Inc., held that Plaintiff Aviall could not bring suit where there had been no civil action under CERCLA sections 106 or 107(a), based on a plain-meaning reading of the CERCLA enabling clause of section 113(f)(1): "Any person *may* seek contribution . . . *during or following* any civil action under section 9606 of this title or under section 9607(a) of this title." 125 S. Ct. 577, 583 (2004) (quoting 42 U.S.C. § 9613(f)(1), emphasis added by the Court). Defendant argues that this holding stands for the proposition that one must be a party to a specified civil action in order to bring a suit for contribution. Plaintiff assert that there must simply be a specified civil action, e.g. a suit and settlement with the government by one or more parties, for "any person" to seek contribution, a condition it satisfies.

In Cooper Industries, Aviall Services was the sole plaintiff and there had been no civil action whatsoever concerning the subject site. The Court summarized the issue before it as "whether a private party who has not been sued under § 106 or § 107(a) may nevertheless obtain contribution under § 113(f)(1) from other liable parties" and concluded "We hold that it may not." Id. at 580. In the text of the Opinion, however, the Court states merely that "Section 113(f)(1) does not authorize Aviall's suit" because "contribution may only be sought subject to the specified conditions, namely, 'during or following' a specified civil action." Id. at 583. Notably, Justice Thomas highlights various questions raised by factual circumstances not before the Court that remain open, suggesting that the decision should be read narrowly, according to the facts of that case. See e.g.125 S. Ct. at 584 & n.5. Therefore, it is reasonable to conclude

13

that Copper Industries does not address what the words "any person" and "during or following any civil action" might mean where a § 113(f)(1) was brought by multiple plaintiffs, only some of which had been parties to a civil action relating to a site. Indeed, a plain-meaning reading of the language of 42 U.S.C. § 9613(f)(1) (CERCLA § 113(f)(1)) suggests that one need not have been a party to the prior civil action to bring a contribution claim, only that a relevant prior civil action must exist.

Unlike the facts under which the Supreme Court made its holding in Cooper Industries, this is not a case where remediation has been "wholly unhinged from any governmental involvement or oversight." Wm. Bradford Reynolds and Lisa K. Hsiao, *The Right of Contribution under CERCLA after* Cooper Industries v. Aviall Services, 18 Tul. Envtl. L.J. 339, 354 (Summer 2005). Instead, remediation has been done pursuant to two consent decrees with the Environmental Protection Agency, following its suit of all but one member of the Agreement Group.[6]

In light of the narrow grounds upon which Cooper Industries was decided, a plain-meaning reading of the statute, and the factual differences between Aviall Services and the members of the Agreement Group, this Court will not deny Plaintiff's Motion for Leave to Amend as futile on this ground.

To hold otherwise would stretch the holding of Cooper Industries in such a way as to eviscerate the right of contribution for parties who join with parties sued by the EPA to remediate a Superfund site pursuant to the Consent Decree entered by the EPA. Such a result is not required by Cooper Industries. Moreover, it would torture the plain meaning of the statute and

---

[6] Agreement Group member TI was sued only with regard to OU-2.

discourage PRPs not sued from cooperating and settling with PRPs who were sued without the costs and delay of litigation. Therefore, this Court will not deny Plaintiff's Motion for Leave to Amend on the ground that, inasmuch as it is brought by Agere and TI, Plaintiff's section 113(f)(1) claims are futile.

### III.   CROSS MOTIONS FOR SUMMARY JUDGMENT

Because this Court concludes above that two of Plaintiff's proposed amendments are not futile and grants, in part, Plaintiff's Motion for Leave to Amend, the Court must dismiss Defendants' Motions for Summary Judgment on the Third Amended Complaint as moot.   **IV.**

### CONCLUSION

Under current Third Circuit law Plaintiff, a group of PRPs, may not maintain a claim under CERCLA section 107, therefor Plaintiff's Motion for Leave to Amend is DENIED in that respect. In all respects, Plaintiff's Motion for Leave to Amend is GRANTED.

Because this Court grants, in pertinent part, Plaintiff's Motion for Leave to Amend, Defendants' Cross-Motions for Summary Judgment are DENIED AS MOOT.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | NO. 02-3830 |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 20th day of July, 2005, is it is hereby ORDERED that Plaintiff Boarhead Farms Agreement Group's Motion for Leave to Amend Third Amended Complaint (Doc. No. 137) is GRANTED IN PART and DENIED IN PART. Count III of Plaintiff's proposed Fourth Amended Complaint is DENIED as futile. In all respects, Plaintiff's Motion for Leave to Amend is GRANTED.

IT IS FURTHER ORDERED that:

1. Plaintiff shall file a revised Fourth Amended Complaint in accordance with this Order within ten (10) days of the date of this Order.

2. Defendant Handy Harman & Tube's Cross Motion for Summary Judgment (Doc. No. 154), and Defendants Rahns Specialty Metals, Techalloy Inc., and Thomas Betts Corp.'s Cross Motion for Summary Judgment (Doc. Nos. 155, 156) are DENIED AS MOOT.

3. Defendants shall file a responsive pleading or dispositive motion, if any, 21 days from the filing of the Fourth Amended Complaint.

4. Plaintiff shall respond to dispositive motions, if any, 21 days from the filing of any dispositive motion.

BY THE COURT:

\_\_\_/s/_____
Legrome D. Davis, J.