WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
Attorneys for Defendant, Advanced Environmental Technology Corp. (TS-6491)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 02-3830 (LDD)<br><br>**DEFENDANT AETC'S ANSWER, DEFENSES and CROSS-CLAIMS TO <u>FOURTH AMENDED COMPLAINT</u>** |

Defendant, Advanced Environmental Technology Corp. ("AETC"), by and through its counsel, Wolff & Samson PC, by way of Answer to the Fourth Amended Complaint (the "Complaint"), says:

### FACTUAL BACKGROUND

1-24    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 1-24 of the Complaint.

### JURISDICTION AND VENUE

25-28. Paragraphs 25-28 of the Complaint state conclusions of law to which no response is required.

906872.1

# THE PARTIES

A. **The Plaintiff**

29. Paragraph 29 is a conclusion of law to which no response is required.

B. **The Defendants**

**Defendant Advanced Environmental Technology Corporation**

30. AETC admits the allegations of paragraph 30.

31. AETC denies the allegations of paragraph 31.

**Defendant Ashland Chemical Company**

32. Paragraph 32 is not directed to AETC and therefore no answer is required.

33. AETC denies the allegations of paragraph 34.

34-35. AETC is without knowledge or information sufficient to form a belief as to the allegations of paragraphs 34-35.

**Defendant Boarhead Corporation**

36. Paragraph 36 is not directed to AETC and therefore no answer is required.

**Defendant Carpenter Technology Corporation**

37-40. Paragraphs 37-40 are not directed to AETC and therefore no answer is required.

**Defendants Crown Metro, Inc. and Emhart Industries, Inc.**

41-50. Paragraphs 41-50 are not directed to AETC and therefore no answer is required.

### Defendant Diaz Chemical Company

51. Paragraph 51 is not directed to AETC and therefore no answer is required.

52. AETC denies the allegations of paragraph 52.

53-54. AETC is without knowledge or information sufficient to form a belief as to the allegations of paragraphs 53-54.

### Defendant Etched Circuits, Inc.

55-58. Paragraphs 55-58 are not directed to AETC and therefore no answer is required.

### Defendant Fcg, inc. (a/k/a Flexible Circuits, Inc.

59-63. Paragraphs 59-63 are not directed to AETC and therefore no answer is required.

### Defendants Globe Disposal, Inc. and Globe-Wastech, Inc.

64-71. Paragraphs 64-71 are not directed to AETC and therefore no answer is required.

### Defendant Handy & Harmon Tube Company

72-75. Paragraphs 72-75 are not directed to AETC and therefore no answer is required.

### Defendants Knoll International, Inc. and Knoll, Inc.

76-84. Paragraphs 76-84 are not directed to AETC and therefore no answer is required.

### Defendant Merit Metals Products Corporation

85-91. Paragraphs 85-91 are not directed to AETC and therefore no answer is required.

### Defendant Novartis Corporation

92-96. Paragraphs 92-96 are not directed to AETC and therefore no answer is required.

### Defendant NRM Investment Company

97-101. Paragraphs 97-101 are not directed to AETC and therefore no answer is required.

### Defendant Plymouth Tube Company

102-105. Paragraph 102-105 are not directed to AETC and therefore no answer is required.

### Defendant Quickline Design & Manufacturing, Co.

106-109. Paragraphs 106-109 are not directed to AETC and therefore no answer is required.

### Defendant Rahns Specialty Metals, Inc.

110-113. Paragraphs 110-113 are not directed to AETC and therefore no answer is required.

### Defendant Rohm and Haas Company

114-117. Paragraphs 114-117 are not directed to AETC and therefore no answer is required.

### Defendant Simon Wrecking Co., Inc.

118-121. Paragraphs 118-121 are not directed to AETC and therefore no answer is required.

### Defendant Techally Co., Inc.

122-125. Paragraphs 122-125 are not directed to AETC and therefore no answer is required.

### Defendant Thomas & Betts Corporation

126-131. Paragraphs 126-131 are not directed to AETC and therefore no answer is required.

### Defendant Unisys Corporation

132-137. Paragraphs 132-137 are not directed to AETC and therefore no answer is required.

### Defendant United States of America, Department of Navy

138-141. Paragraphs 138-141 are not directed to AETC and therefore no answer is required.

### COUNT I
### (CERCLA Section 113(f) Contribution)

142. AETC restates and incorporates by reference as if set forth in full herein its answers to the preceding paragraphs of the Complaint.

143-145. Paragraphs 143-145 of the Complaint contain Plaintiffs' conclusions of law, and therefore no answer is required.

146. AETC denies the allegations of paragraph 146 to the extent that said allegations pertain to AETC. To the extent that the allegations of Paragraph 146 pertain to parties other than AETC, AETC is without knowledge or information

5

sufficient to form a belief as to the truth of said allegations.

147. AETC denies the allegations of paragraph 147 to the extent that said allegations pertain to AETC. To the extent that the allegations of Paragraph 148 pertain to parties other than AETC, AETC is without knowledge or information sufficient to form a belief as to the truth of said allegations.

148-150. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148-50 of the Complaint.

151. Paragraph 151 contains Plaintiffs' conclusions of law and therefore now answer is required.

## COUNT II
## (CERCLA Section 113(f)(3)(B)

152. AETC restates and incorporates by reference as if set forth in full herein its answers to the preceding paragraphs of the Complaint.

153-54. Paragraphs 153-54 of the Complaint contain Plaintiffs' conclusions of law, and therefore no answer is required.

## COUNT III
## (CERCLA SECTION 113 (g)(2) Declaratory Judgment)

155. AETC restates and incorporates by reference as if set forth in full herein its answers to the preceding paragraphs of the Complaint.

156-57. Paragraphs 156-57 of the Complaint contain Plaintiffs' conclusions of law, and therefore no answer is required.

## COUNT IV
## (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

158. AETC restates and incorporates by reference as if set forth in full herein its answers to the preceding paragraphs of the Complaint.

159. Paragraph 159 contains Plaintiffs' conclusions of law, and therefore no answer is required.

160-62. AETC denies the allegations of paragraphs 160-62 to the extent that said allegations pertain to AETC. To the extent that the allegations of paragraphs 160-62 pertain to parties other than AETC, AETC is without knowledge or information sufficient to form a belief as to the truth of said allegations.

163. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of the Complaint.

164. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 of the Complaint.

165. AETC denies the allegations of paragraph 165 to the extent that said allegations pertain to AETC. To the extent that the allegations of paragraph 165 pertain to parties other than AETC, AETC is without knowledge or information sufficient to form a belief as to the truth of said allegations.

166. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166 of the Complaint.

167. Paragraph 167 contains Plaintiffs' conclusions of law, and therefore no answer is required.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against AETC, in whole or in part, upon which relief may be granted.

2. Plaintiffs are not entitled to recover response costs under CERCLA or

the Pennsylvania Hazardous Sites Cleanup Act from AETC because Plaintiffs have not incurred response costs that exceed their allocable share of such costs under either CERCLA or the Pennsylvania Hazardous Sites Cleanup Act.

3. If AETC is liable to Plaintiffs, which AETC denies, its liability is limited to response costs attributable to the release at the site of materials allegedly brokered by AETC, which costs are divisible from the response costs attributable to materials generated by other parties.

4. Plaintiffs' CERCLA claims against AETC fails because AETC does not fall within any of the four classes of potentially responsible parties under Section 107(a) of CERCLA, 42 U.S.C. §9607(a); specifically, AETC is not an "arranger".

5. Plaintiffs' Pennsylvania Hazardous Sites Cleanup Act claim against AETC fails because AETC does not meet the statutory requirement of liability.

6. Plaintiffs may not recover under CERCLA for costs they have incurred which are not necessary costs or are not consistent with the National Contingency Plan.

7. Any and all damages allegedly sustained, or to be sustained, by Plaintiffs are the result of acts or omissions of third parties with whom AETC had no contractual relationship and over whom AETC had no control.

8. If AETC is liable to Plaintiffs, which AETC denies, its liability is limited to its fair, equitable, and proportionate share of the response costs incurred, taking into account: (a) the liability and prior and subsequent conduct of the Plaintiffs and all other defendants in the action; and (b) AETC's rights to set-off and or recoupment.

9. Plaintiffs' claims against AETC shall be reduced and/or offset by any

settlements entered into by the Plaintiffs with any defendant herein.

10. No acts or omissions of AETC, alone or in combination, have been an actual cause, "but for" cause, contributing cause, or substantial factor in causing the alleged injury and harm complained of by Plaintiffs.

11. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' contributory negligence.

12. Some or all of Plaintiffs' claims are barred by the applicable statutory and common law statutes of limitation.

13. Plaintiffs have failed to join necessary parties needed for a just adjudication of the claims asserted in this action, in whose absence complete relief cannot be accorded the existing parties.

14. Plaintiffs' claims are barred, in whole or in part, by reason of the equitable doctrines of laches, waiver, estoppel, and unclean hands.

15. Plaintiffs' claims are barred, in whole or in part, by its failure to properly mitigate damages.

16. AETC hereby incorporates by reference all affirmative defenses raised by any other defendant to the extent those defenses respond to allegations of the Complaint as addressed to AETC.

17. AETC reserves the right to assert any affirmative defense that may become available between now and the time that judgment, if any, is rendered in this action.

WHEREFORE, AETC demands judgment, dismissing the Fourth Amended Complaint and all claims therein with prejudice, to enter judgment against Plaintiffs

and in favor of AETC, to award AETC its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

## CONTRIBUTION COUNTERCLAIM/CROSS-CLAIMS

Defendant AETC hereby refers to and incorporates herein by reference paragraph 1 of the June 18, 2004 Fifth Case Management Order in the above-captioned, which states that each defendant's answer shall be deemed to raise cross-claims and counterclaims for contribution pursuant to CERCLA and the Pennsylvania Hazardous Site Cleanup Act, and that all such cross-claims and counterclaims shall be deemed denied by each defendant.

WOLFF & SAMSON PC
A Professional Corporation
Attorneys for Defendant,
Advanced Environmental
Technology Corp.

By: _____
THOMAS SABINO (TS-6491)

Dated: April 7, 2006

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that a true and correct copy of the foregoing Answer, Defenses, Cross-claims was served upon all counsel of record by first class mail, postage prepaid on this 7 day of April, 2006.

*Diana Buongiorno*
DIANA BUONGIORNO