## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., et al.  :
   :
     Plaintiffs  :  Civil Action No.  02-CV-3830
   :
   v.  :  (Hon. Legrome D. Davis)
   :
ADVANCED ENVIRONMENTAL  :
TECHNOLOGY CORPORATION, et al.,  :
   :
     Defendants.  :

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
### ASHLAND INC. TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

  Defendant Ashland Inc. (hereinafter, "Ashland"), by and through its attorneys, hereby

responds to Plaintiffs' Fourth Amended Complaint as follows:

### FACTUAL BACKGROUND

  1.  Admitted in part, denied in part.  It is admitted that Plaintiffs Agere Systems, Inc.

("Agere"), Cytec Industries, Inc. ("Cytec"), Ford Motor Company ("Ford"), SPS Technologies,

LLC ("SPS") and TI Group Automotive Systems, LLC ("TI") seek contribution from

Defendants, including Ashland, and an allocation of response costs that Plaintiffs have allegedly

incurred and damages that Plaintiffs have allegedly suffered as a result of a release or threatened

release of hazardous substances at or from the Boarhead Farms Superfund Site, Lonely Cottage

Road, Upper Black Eddy, Bridgeton Township, Bucks County, Pennsylvania (hereinafter, "the

Site") pursuant to Section 101 (14) of the Comprehensive Environmental Response,

Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9601 (14), and Section

103 of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. §

6020.103 and that Plaintiffs further seek a declaratory judgment that Defendants, including

Ashland, are liable to Plaintiffs for contribution for alleged future response costs and damages.

Ashland denies that it is responsible for the release, threatened release or discharge of any Hazardous Substances as defined by Section 101 (14) of CERCLA or Section 103 of HSCA at the Site. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief that any of the Plaintiffs have incurred Response Costs and damages as a result of a release of hazardous substances at the Site, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining averments of paragraph 1 state conclusions of law to which no response is necessary.

2.      Denied as stated. It is admitted, upon information and belief, that Manfred DeRewal was the president and sole shareholder of Boarhead Corporation which was incorporated in 1969. It is further admitted that DeRewal incorporated and operated other entities, including DeRewal Chemical Company, Inc. ("DeRewal Chemical"), which hauled and disposed of waste materials at the Site and other locations.

3.      Admitted in part and denied in part. It is admitted, upon information and belief, that in 1969 the Boarhead Corporation purchased the Site. The remaining allegation of paragraph 3 states a conclusion of law to which no response is necessary.

4.      Denied as stated. It is admitted, upon information and belief, that from the time of purchase until approximately October, 1976 the Site was used for, among other things, the disposal of solid and liquid substances, including Hazardous Substances.

5.      Denied as stated. It is admitted, upon information and belief, only that starting in or around July, 1970 the Bucks County Department of Health ("DOH"), began investigating the Site. In 1972, responding to complaints of dead fish, dead plant life and other environmental public concerns, DOH investigated the Site. It is further admitted that in 1973, DOH noted the following at the Site: pungent odors; drums on an open trailer; drums awaiting disposal; empty

2

tanks awaiting removal; a bulldozer burying drums; drums filled with solvent; and empty tanker trucks parked at the Site. The remaining allegations set forth in paragraph 5 of Plaintiffs' Fourth Amended Complaint are denied.

6.    Admitted.

7.    Admitted in part and denied in part. It is admitted only that in October of 1973, a tank truck discharged approximately 3,000 gallons of ferrous chloride at the Site and that Boarhead Corporation was subject to certain proceedings by the Pennsylvania Department of Environmental Resources. After reasonable investigation, Ashland is without knowledge of information sufficient to form a belief as to the remaining averment of paragraph 7 of Plaintiffs' Fourth Amended Complaint, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial.

8.    Denied as stated. It is admitted, upon information and belief, only that soil samples taken from the site in 1974 revealed many substances, including the presence of chloride, iron, chromium, copper, zinc, nickel and sulfuric waste pollution. The remaining allegations set forth in paragraph 8 of Plaintiffs' Fourth Amended Complaint are denied.

9.    Denied as stated. It is admitted, upon information and belief, only that on or about September 8, 1976, a tank truck released sulfuric acid on the Site which combined with ammonia on the Site to produce ammonium sulfate which resulted in an evacuation of local residents. The remaining allegations set forth in paragraph 9 of Plaintiffs' Fourth Amended Complaint are denied.

10-15. Admitted.

16.    Admitted in part, denied in part. It is admitted that the Plaintiffs and other members of an unincorporated association, referred to collectively as the Boarhead Farm

3

Agreement Group (hereinafter, "BFAG"), have sought and are seeking contribution from the Defendants by the filing of a Complaint and amendments thereto. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs, as alleged members of BFAG, have agreed collectively to undertake the cleanup work comprising OU-1 and OU-2, to otherwise resolve the claims of EPA related to the Site, and that they will reach a final allocation among themselves applicable to all costs associated with group activities, including the costs of cleanup work comprising OU-1 and OU-2, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

17.    Admitted in part and denied in part. It is admitted only that Plaintiffs Cytec, Ford and SPS are parties to both an Administrative Order on Consent for Remedial Design, USEPA Docket No. III-2000-002-DC, entered in February 2000 and a Consent Decree entered by this Court on about September 28, 2000 relating to OU-1 response activity and future response costs. The remaining allegations of paragraph 17 of Plaintiffs' Fourth Amended Complaint state conclusions of law to which no response is necessary. Ashland further denies the allegations of paragraph 17 because the OU-1 AOC and OU-1 Consent Decree, being in writing, speak for themselves.

18.    Denied. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial. Ashland further denies the allegations of paragraph 18 because the OU-1 Group Agreement referenced therein, if in writing, speaks for itself.

4

19.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

20.    Admitted in part, denied in part.    It is admitted that Plaintiffs Cytec, Ford, SPS and TI are signatories to an Administrative Order on Consent for Remedial Design, EPA Docket No. III-2001-0010-DC and a Consent Decree entered by this Court on March 14, 2002 relating to OU-2 response activities and reimbursement of past and future response costs.    The remaining allegations of paragraph 20 state conclusions of law to which no response is necessary.    Ashland further denies the allegations of paragraph 20 because the OU-2 AOC and OU-2 Consent Decree, being in writing, speak for themselves.

21.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

22.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

23.    Denied.    After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief that Plaintiffs have incurred costs and damages, including attorneys fees, in the course of performing the requirements of the OU-1 and OU-2 AOCs and Consent Decrees or that Plaintiffs have incurred Response Costs because of releases or

5

threatened releases of Hazardous Substances at or from the Site, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 23 state conclusions of law to which no response is necessary.

24.　　Denied.　After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

## JURISDICTION AND VENUE

25.　　Paragraph 25 states a conclusion of law to which no response is necessary.

26.　　Paragraph 26 states a conclusion of law to which no response is necessary.

27.　　Paragraph 27 states a conclusion of law to which no response is necessary.

28.　　Paragraph 28 states a conclusion of law to which no response is necessary.

## PARTIES

A.　　The Plaintiffs

29.　　It is admitted, upon information and belief, that Plaintiff Agere is a Delaware Corporation with a principal place of business in Allentown, Pennsylvania, that Plaintiff Cytec is a Delaware Corporation with a principal place of business in West Patterson, New Jersey, that Plaintiff Ford is a Delaware Corporation with a principal place of business in Dearborn, Michigan, that Plaintiff SPS is a Pennsylvania limited liability corporation with a principal place of business in Jenkintown, Pennsylvania, and that Plaintiff TI is a Delaware limited liability company with a principal place of business in Warren, Michigan. The remaining allegations of Paragraph 29 of Plaintiffs' Fourth Amended Complaint state conclusions of law to which no response is necessary.

6

B.    The Defendants

### Defendant Advanced Environmental Technology Corp.

30.    Admitted.

31.    Denied.  It is denied that any Hazardous Substances from Ashland were disposed of at the Site through an arrangement between AETC and DeRewal Chemical or otherwise. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

### Defendant Ashland Inc.

32.    Denied.  Ashland's principal place of business is located in Covington, Kentucky.

33.    Admitted in part and denied in part.  It is admitted only that Ashland engaged AETC to remove industrial wastes from its Great Meadows, New Jersey plant.  It is denied that Ashland used DeRewal Chemical to remove industrial wastes from its Great Meadows, New Jersey plant.  Ashland specifically denies that any wastes removed from Ashland's Great Meadows, New Jersey plant during any time period relevant to Plaintiffs' civil action were transported to or disposed of at the Site.

34-35. Denied.

### Other Defendants

36-141.  The allegations of these paragraphs are directed toward other Defendants in this civil action.  Accordingly, no response by Ashland is necessary.  To the extent that specific responses to the allegations of these paragraphs may be required, after reasonable investigation,

7

Ashland is without information or knowledge sufficient to enable it to form a belief as to the truth of the allegations set forth in these paragraphs, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.

## COUNT I

### (CERCLA Section 113(f) Contribution)

142.    Ashland incorporates herein by reference in their entirety its above responses to paragraphs 1 through 141 of the Fourth Amended Complaint.

143.    Paragraph 143 states a conclusion of law to which no response is necessary.

144.    Paragraph 144 states a conclusion of law to which no response is necessary.

145.    Paragraph 145 states a conclusion of law to which no response is necessary.

146.    Denied.  It is denied that Defendants Globe Disposal Co., Inc. and Globe-Wastech, Inc. (the "Transporter Defendants") accepted any Hazardous Substances from Ashland for transport to the Site.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth the remaining factual allegations of paragraph 146 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.  The remaining allegations of paragraph 146 state conclusions of law to which no response is necessary.

147.    Denied. It is denied that Ashland, by contract, agreement or otherwise, arranged for the disposal, treatment or transport of any Hazardous Substances to the Site or owned or possessed any Hazardous Substances that were transported to the Site.  After reasonable investigation, Ashland is without information or knowledge sufficient to form a belief as to the truth of the factual averments set forth in paragraph 147 of Plaintiffs' Fourth Amended Complaint insofar as they relate to other defendants to this action, wherefore same are deemed

denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 147 state conclusions of law to which no response is necessary.

148.    Denied. It is denied that Ashland transported or arranged for the disposal, treatment or transport of any Hazardous Substances to the Site or owned or possessed any Hazardous Substances that were transported to the Site. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegation that the total amount of wastes transported to the Site by each of the Transporter Defendants was greater than 110 gallons of liquid or greater than 200 pounds of solid materials, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegation of paragraph 148 states a conclusion of law to which no response is necessary.

149.    Denied. It is denied that Ashland arranged for the disposal, treatment or transport of any Hazardous Substances to the Site or owned or possessed any Hazardous Substances that were transported to the Site. After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the disposal of wastes and the volume of such wastes, if any, disposed of at the Site, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial. The remaining allegation of paragraph 149 states a conclusion of law to which no response is necessary.

150.    Admitted in part, denied in part. It is admitted, upon information and belief, that Boarhead Corporation is the current owner of the Site and was the owner and operator of the Site at the time of any disposal of alleged Hazardous Substances thereat. The remaining allegation of paragraph 150 states a conclusion of law to which no response is necessary.

151.   Denied.   Paragraph 151 of Plaintiffs' Fourth Amended Complaint states a conclusion of law to which no response in necessary.  To the extent that a further response may be required, Ashland specifically denies that it is liable to Plaintiffs for contribution or an allocation of Response Costs, if any, incurred to date and/or any Future Response Costs incurred or to be incurred by Plaintiffs in connection with the Site.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiffs as follows:

(a)    dismissing, with prejudice, Plaintiffs' claims against Ashland Inc.;

(b)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable for contribution to the Plaintiffs for any Response Costs or damages under Sections 107(a) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f)(1), or otherwise;

(c)    adjudging, decreeing and declaring that Defendant Ashland Inc. is not responsible for any Response Costs and/or Future Response Costs that were or may be incurred by Plaintiffs or damages pursuant to Sections 107(a) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f)(1), or otherwise;

(d)    ordering Plaintiffs to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against Plaintiffs' claims in this action, including reasonable attorney's fees; and

(e)    granting Defendant Ashland Inc. such other and further relief as the Court may deem just and proper.

## COUNT II

### (CERLCA Section 113(f)(3)(B))

152.    Ashland incorporates herein by reference in their entirety its above responses to paragraphs 1 through 151 of Plaintiffs' Fourth Amended Complaint.

153.    Paragraph 153 states a conclusion of law to which no response is necessary.  In any event, the allegations set forth in paragraph 153 of Plaintiffs' Fourth Amended Complaint are denied.

154.    Paragraph 154 states a conclusion of law to which no response is necessary.  In any event, the allegations set forth in paragraph 154 of Plaintiffs' Fourth Amended Complaint are denied.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiffs as follows:

(a)    dismissing, with prejudice, Plaintiffs' claims against Ashland Inc.;

(b)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable for contribution to the Plaintiffs for any Response Costs incurred to date, Future Response Costs or damages under Sections 107(a) and 113(f)(3)(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f)(3)(b), or otherwise;

(c)    adjudging, decreeing and declaring that Defendant Ashland Inc. is not responsible for any Response Costs and/or Future Response Costs that were or may be incurred by Plaintiffs pursuant to Sections 107(a) and 113(f)(3)(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f)(3)(b), or otherwise;

(d)    ordering Plaintiffs to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against Plaintiffs' claims in this action, including reasonable attorney's fees; and

(e)    granting Defendant Ashland Inc. such other and further relief as the Court may deem just and proper.

## COUNT III

### (CERCLA Section 113(g)(2) Declaratory Judgment)

155.    Ashland incorporates herein by reference in their entirety its above responses to paragraphs 1 through 154 of the Fourth Amended Complaint.

156.    Admitted.

157.    Admitted in part, denied in part.  It is admitted only that Plaintiffs request the entry of a declaratory judgment holding Ashland and other Defendants liable for certain costs pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2).  The remaining allegation of paragraph 157 of Plaintiffs' Fourth Amended Complaint states a conclusion of law to which no response is necessary.  By way of further response, Ashland denies that it is liable to Plaintiffs for any such costs.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiffs and that Plaintiffs' claims against it be dismissed, with prejudice, and further requests that the Court enter a declaratory judgment on liability pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), if applicable, in favor of Defendant Ashland Inc. adjudging, decreeing and declaring that Ashland Inc. is not liable to Plaintiffs for any Response Costs and/or Future Response Costs or damages that Plaintiffs have or may suffer at or with respect to the Site, and that such judgment be declared binding in any subsequent action(s) by Plaintiffs or a Defendant to recover Future Response Costs or damages.

## COUNT IV

### (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

158.    Ashland incorporates herein by reference in their entirety its above responses to paragraphs 1 through 157 of the Fourth Amended Complaint.

159.    Paragraph 159 states a conclusion of law to which no response is necessary.

160.    Paragraph 160 states a conclusion of law to which no response is necessary.

161.    Paragraph 161 states a conclusion of law to which no response is necessary.

162.    Denied.  It is denied that Ashland allowed a release of any substance from the Site and denies that it in any manner caused a public nuisance.  The remaining allegation of paragraph 162 of Plaintiffs' Fourth Amended Complaint states a conclusion of law to which no response is necessary.

163.    Denied.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs individually have incurred costs in responding to a release or threatened release of Hazardous Substances at the Site, wherefore said allegation is deemed denied and at issue and strict proof thereof is demanded at the time of trial.  The remaining allegation of paragraph 163 states a conclusion of law to which no response is necessary.

164.  Denied.  Ashland denies that the Transporter Defendants accepted any Hazardous Substance from Ashland for transport to the Site.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of paragraph 164 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.  The remaining allegation of paragraph 164 states a conclusion of law to which no response is necessary.

165.    Denied.  It is denied that Ashland or any Generator/Arranger Defendant arranged for the disposal, treatment or transport to the Site of any Hazardous Substances owned or possessed by Ashland.  After reasonable investigation, Ashland is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of paragraph 165 of Plaintiffs' Fourth Amended Complaint, wherefore said allegations are deemed denied and at issue and strict proof thereof is demanded at the time of trial.  The remaining allegation of paragraph 165 states a conclusion of law to which no response is necessary.

166.    Admitted in part, denied in part.  It is admitted, upon information and belief, that Defendant Boarhead Corporation owns, owned and/or operated the Site at a time that Hazardous Substances were placed or came to be located on the Site and is liable to Plaintiffs therefor in the event that any Defendant is liable to Plaintiffs.  The remaining allegation of paragraph 166 states a conclusion of law to which no response is necessary.

167.    Denied.   Paragraph 167 of Plaintiffs' Fourth Amended Complaint states a conclusion of law to which no response is necessary.  To the extent that a further response may be required, Ashland specifically denies that it is liable to Plaintiffs for contribution or an allocation of Response Costs incurred or to be incurred by Plaintiffs in connection with the Site.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against Plaintiffs as follows:

(a)    dismissing, with prejudice, Plaintiffs' claims against Ashland Inc.;

(b)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable for contribution to Plaintiffs for any Response Costs incurred to date and/or Future Response Costs pursuant to Section 702(a)(3) of HSCA, 35 PA. CONS. STAT. § 6020.702(a)(3), or otherwise;

14

(c)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not responsible for any Response Costs and/or Future Responses Costs that were or may be incurred by Plaintiffs;

(d)    adjudging, decreeing, and declaring that Defendant Ashland Inc. shall not provide contribution to Plaintiffs for Response Costs related to the Site incurred to date or for Future Response Costs related to the Site under Section 702(b) of HSCA, 35 PA. CONS. STAT. § 6020.702(b), or otherwise;

(e)    ordering Plaintiffs to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against Plaintiffs' claims in this action, including reasonable attorney's fees; and

(f)    Granting Defendant Ashland Inc. such other and further relief as the Court may deem just and proper.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Fourth Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Neither Plaintiff TI Group Automotive Group Systems, LLC ("TI") with respect to  its claims for recovery of costs associated with the first phase of remedial design and action for the Boarhead Site (designated as OU-1) nor Agere Systems, Inc. ("Agere") can recover for contribution from the Defendants, including Ashland, under Section 113(f)(1) of CERCLA because neither was or is a party to an underlying civil action against it under Sections 106 or 107(a) of CERCLA, nor did TI or Agere resolve any liability or potential liability to the United States or to a state in an administrative or judicially approved settlement as required by Section

15

113(f)(3)(B) of CERCLA, nor were their contribution claims asserted during or following a civil action under Section 106 or 107(a) of CERCLA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs Cytec Industries, Inc. ("Cytec"), Ford Motor Company ("Ford"), SPS Technologies, Inc. ("SPS"), and TI (for OU-2 remediation costs) cannot recover under Section 113(f)(1) of CERCLA because, as parties who have settled claims against them by the United States for response costs, any contribution claims for recovery of part of payments made by them in connection with a settlement with the United States can only be pursued under Section 113(f)(3)(B) of CERCLA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs TI (for OU-1 response costs) and Agere cannot recover under Section 113(f)(3)(B) of CERCLA as they did not enter into a settlement with the United States.

## FIFTH AFFIRMATIVE DEFENSE

None of the Plaintiffs has alleged sufficient facts to establish liability under Sections 113(f)(1) or 113 (f)(3)(B) of CERCLA as they did not discharge the common liability, including the liability, if any, of the Defendants, to the United States for such claims in the settlement of the United States' claims against them, nor have any of the Plaintiffs' made or alleged to have made actual payment to the United States in excess of each's fair share of the common liability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to declaratory relief under CERCLA, but are limited to seeking recovery of damages for any remediation costs incurred by them and payments made to the United States in excess of their respective fair shares of the common liability.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs do not have any implied rights of contribution under Section 702 of Pennsylvania Hazardous Sites Clean Up Act, 35 P.S. § 6020.701 *et seq.* ("HSCA"), 35 P.S. § 6020.702.

## EIGHTH AFFIRMATIVE DEFENSE

Since neither the Pennsylvania Department of Environmental Resources ("DER") (now Department of Environmental Protection or "DEP"), nor any other commonwealth agency or any municipality brought an action under HSCA Sections 507 or 1101 against Plaintiffs, nor have Plaintiffs entered into any settlement of any purported liability for response costs to the DER or DEP, nor have Plaintiffs asserted their claims during or following a civil action under Sections 507 or 1101 of HSCA, Plaintiffs have no cause of action against Defendants, including Ashland, under HCSA.

## NINTH AFFIRMATIVE DEFENSE

Any claims by the Plaintiffs pursuant to HSCA are preempted by CERCLA.

## TENTH AFFIRMATIVE DEFENSE

Ashland is not a person who is liable or potentially liable under Sections 107(a) of CERCLA, 42 U.S.C. 9607(a), or Section 103 of HSCA, 35 Pa.Cons.Stat. § 6010.103, and, therefore, is not a person from which Plaintiff may seek contribution under Section 9613(f) of CERCLA, 42 U.S.C. § 9613(f), or Sections 701, 702(a)(3) and 1101 of HSCA, 35 Pa.Cons.Stat. §§ 6020.701, 6020.702(a)(b) and 6020.110.

## ELEVENTH AFFIRMATIVE DEFENSE

No Hazardous Substance as defined under Section 9601(14) of CERCLA or Section 103 of HSCA owned or possessed by Ashland was taken to or released at the Boarhead Site.

### TWELFTH AFFIRMATIVE DEFENSE

No Hazardous Substance as defined under Section 9601(14) of CERCLA or Section 103 of HSCA owned or possessed by Ashland was released or is threatened to be released at the Boarhead Site within the meaning of Section 9601(22) of CERCLA or Section 103 of HSCA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Ashland's conduct was not the proximate cause of any release or threatened release of a Hazardous Substance from the Site.

### FOURTEENTHAFFIRMATIVE DEFENSE

Ashland is not liable to the Plaintiffs for any and all claimed damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Actual or threatened releases of Hazardous Substances as alleged in the Fourth Amended Complaint, if any, were caused solely by the acts or omissions of third parties, including, but not limited to, the Plaintiffs, who were not employees or agents of Ashland and whose acts or omissions did not occur in connection with a contractual relationship existing directly or indirectly with Ashland.

### SIXTEENTH AFFIRMATIVE DEFENSE

Actual or threatened releases of Hazardous Substances as alleged in the Fourth Amended Complaint, if true, were the result of superseding or intervening acts and/or omissions on the part of third parties, including, but not limited to, the Plaintiffs, over whom Ashland did not exercise any direction or control, and, at all relevant times, Ashland has exercised due care and taken all reasonable precautions against such acts and/or omissions and their reasonably foreseeable consequences.

18

## SEVENTEENTH AFFIRMATIVE DEFENSE

Ashland did not own, possess or control any materials that were transported to or disposed at the Site.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Ashland had no control over the means by which any materials were transported to or disposed at the Site.

## NINETEENTH AFFIRMATIVE DEFENSE

Ashland had no knowledge that any materials were transported to or disposed at the Site.

## TWENTIETH AFFIRMATIVE DEFENSE

Ashland did not arrange for disposal or treatment of solvents or any other materials at the Site.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

At all relevant times Ashland acted with due care and followed state-of-the-art procedures in the handling and disposal of its waste hazardous materials, complied with all statutory and regulatory requirements, and otherwise conducted itself as a reasonable person under the circumstances. In addition, Ashland was unaware of deficiencies, if any, in the manner in which Defendants Boarhead Corporation and/or DeRewal Chemical Company, Inc. operated the Site.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event that materials produced by Ashland were transported to or disposed at the Site, some or all of said materials were useful materials sold by Ashland to be processed, otherwise used or resold, and not for disposal.

19

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Response Costs allegedly incurred by Plaintiff are not reasonable, necessary or appropriate costs as defined by Section 101(25) of CERCLA and within the meaning of Section 107(a) of CERCLA and Section 702(a)(3) of HSCA.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are generators of Hazardous Substances who, from time to time, contracted, agreed, or otherwise arranged to have Defendants Boarhead Corporation, DeRewal Chemical Company and/or others recycle, treat and/or dispose of such substances at the Site as alleged in the Complaint. As such, members of Plaintiffs have caused and/or contributed to any and all releases or threatened releases at the Site, are responsible for the conditions of which Plaintiffs complain, and are liable, in whole or in part, for the costs and damages they seek to recover in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by application of the doctrine of res judicata and/or the doctrine of collateral estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are generators of Hazardous Substances who, from time to time, contracted, agreed, or otherwise arranged to have Defendants Boarhead Corporation, DeRewal Chemical Company and others recycle, treat and/or dispose of such substances at the Site as alleged in the Fourth Amended Complaint. Therefore, Plaintiffs have caused and/or contributed to any and all releases or threatened releases at the Site, are responsible for the conditions of which they complain, and lack the clean hands necessary to assert such claims to the extent they arise under equitable principles. Therefore, Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

20

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the equitable doctrine of laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by the equitable doctrine of waiver.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Joint liability is not provided for by law or for the claims alleged in the Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

The Response Costs allegedly incurred by Plaintiffs have not been approved under, and are inconsistent with, the National Contingency Plan, as evidenced by the United States Environmental Protection Agency's Record of Decision for the Site. By reason of the foregoing, Plaintiffs are not entitled to recover from Ashland Response Costs or any other relief requested in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate, minimize, or avoid any damages it allegedly sustained and any recovery against Ashland must be eliminated or reduced by that amount.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Ashland cannot be liable for any Response Costs incurred or to be incurred by Plaintiffs that were not caused by or contributed to by any Hazardous wastes of Ashland.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Any liability for Response Costs that may be found against Ashland must be reduced and/or offset by an amount representing (a) the allocable share(s) of such costs attributable to the

other Defendants and/or the Plaintiffs in this action, (b) any amounts which may actually be paid by any party, person or entity for any of the injuries, costs, damages and expenses alleged in this action, including insurers or other indemnitors of Plaintiffs; (c) any amounts stipulated or agreed to under any settlement, or any release or covenant not to sue any person or entity for any of the injuries, costs, damages and expenses alleged in this action; (d) the equitable share of liability of any person or entity that receives any release from liability or covenant not to sue or enter into any settlement with respect to the injuries, costs, damages and expenses alleged in this action; (e) the equitable share of liability of any person or entity who is responsible for any of the injures, costs, damage and expenses alleged in this action but is unable to pay its fair share due to insolvency or any other reason; and/or (f) the equitable share of liability of any person or entity who is responsible for any of the injuries, costs, damages and expenses alleged in this action but is not named as a party in the case.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Ashland denies that it is responsible for any response, removal or remediation costs arising out of the Site.  However, if Ashland is held liable, then its liability should be limited to its fair, equitable proportionate share of costs, harm or damage, taking into account, inter alia, equitable principles, plaintiffs, site owners (and/or their predecessors) in operating the Site, the percentage of total volume of hazardous substances at the Site that was contributed by all persons, the hazardous substances contributed by the plaintiffs and their employees and agents, the liability of those transporters that may have hauled waste to the Site, and the contribution and/or negligence of all other persons and entities to the alleged release or threatened release of hazardous substances.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failures to pay or agree to pay more than their fair shares of any Response Costs.

## THIRTY SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Ashland's share of any liability to Plaintiffs, taking into account the volume of waste transported to and disposed of at the Site by others and all relevant equitable factors, can be no more than a de minimis share.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited, in whole or in part, by Plaintiffs' failure to join parties necessary and indispensable to the completion of an equitable adjudication of Plaintiffs' claims.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited, in whole or in part, insofar as and to the extent that Plaintiffs seek to recover costs, damages, expenses and any other type of relief incurred before the effective dates of CERCLA and HSCA.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as a result of their failure to comply with all of the statutory and/or regulatory prerequisites to the commencement and/or maintenance of an action under CERCLA or HSCA.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiffs' claims against the non-settled defendants, including Defendant Ashland, should be reduced by the greater of the equitable share of liability of all settling defendants or the dollar amounts obtained by Plaintiffs from all settling defendants.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiffs' claims against the remaining non-settling defendants, including Defendant Ashland, should be reduced by at least the equitable share of the liability of all liable persons that Plaintiffs elected not to sue.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiffs' claims against the remaining non-settling defendants, including Defendant Ashland, should be reduced and/or offset by the dollar amounts of all other recoveries obtained by Plaintiffs, including, without limitation, all such recoveries obtained from insurers or other indemnitors of the Plaintiffs.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Because the alleged harm, if any, is divisible and there is a reasonable basis for dividing the harm, joint and several liability may not be imposed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover costs, damages or other relief for Hazardous Substances for which Ashland did not make treatment or disposal arrangements or which it did not transport.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Ashland, alone or by and through its agents, servants or employees, did not proximately cause any of the costs or damages alleged by Plaintiffs and, therefore, no liability can exist on the part of Ashland for any such response costs or damages.

24

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Ashland reserves its right to assert additional affirmative defenses upon completion of discovery.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Ashland incorporates by reference any additional affirmative defenses pleaded or to be pleaded by any other Defendants to the extent that such affirmative defenses operate as a complete or partial bar to any liability on the part of Ashland.

WHEREFORE, Defendant Ashland Inc. demands judgment in its favor against each Plaintiff as follows:

(a)    dismissing, with prejudice, Plaintiffs' claims against Ashland Inc.;

(b)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable for contribution to the Plaintiffs for any Response Costs, Future Response Costs and/or damages pursuant to Sections 107(a), 113(f)(1), or 113(f)(3)(B) of CERCLA, 42 U.S.C. §§ 9607(a), 9613(f)(1), or 9613(f)(3)(B) or Sections 702(a)(3) or 702(b) of HSCA, 35 PA.CONS.STAT. § 6020.702(a)(3), 6020.702(b), or otherwise;

(c)    adjudging, decreeing, and declaring that Defendant Ashland Inc. is not responsible for any Response Costs and/or Future Responses Costs that were or may be incurred by Plaintiffs under CERCLA or HSCA, or otherwise;

(d)    ordering Plaintiffs to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against Plaintiffs' claims in this action, including reasonable attorney's fees; and

(e)    granting Defendant Ashland Inc. such other and further relief as the Court

may deem just and proper.

RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Defendant Ashland Inc.

Date:  April 10, 2006

G:\DATA\1357-29\PLDGS\ANSWER-4THAMDCMPLT2.DOC

26

## CERTIFICATE OF SERVICE

I, Richard C. Biedrzycki, Esquire, hereby certify that on this 10th day of April, 2006, I

caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant

Ashland Inc. to Plaintiffs' Fourth Amended Complaint to be served by e-mail and/or first class

mail on all counsel of record addressed as follows:

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636
e-mail: harrisg@ballardspahr.com
*Counsel for Plaintiffs*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
280 Corporate Center
5 Becker Farm Road
Roseland, New Jersey  07068-1776
e-mail: tsabino@wolffsamson.com
*Advanced Environmental Technology Corp.*

Lynn Wright, Esquire
Edwards & Angell, LLP
750 Lexington Avenue
New York, New York  10022-1200
e-mail: lwright@eapdlaw.com
*Carpenter Technology Corporation*

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
e-mail: scooley@duanemorris.com
        anfriant@duanemorris.com
*Flexible Circuits*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey  07068-1739
e-mail:  mflax@carellabyrne.com
**Handy & Harman Tube Company**

Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
e-mail:  schawaga@monteverde.com
**Merit Metal Products Corp.**

Edward Fackenthal, Esquire
Henderson, Weitherill, O'Hey & Horsey
Suite 902 - One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
e-mail:  edwardfackenthal@cs.com
**NRM Investment Co.**

Andrew P. Foster, Esquire
Adina M. Bingham, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
e-mail: Andrew.Foster@dbr.com
          Adina.Bingham@dbr.com
**Rahns Specialty Metals, Inc.**
**Techalloy Co., Inc.**
**Thomas & Betts Corporation**
**Unisys Corporation**

RICHARD C. BIEDRZYCKI

Date:  4/10/06

28