IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSLYVANIA

---

AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC, and TI GROUP AUTOMOTIVES LLC,

                      Plaintiffs,

        -against-

ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL.,

CIVIL ACTION NO. - 02-CV-3830

---

## ANSWER AND AFFIRMATIVE DEFENSES OF CARPENTER TECHNOLOGY CORPRATION TO FOURTH AMENDED COMPLAINT

Defendant Carpenter Technology Corporation ("Defendant"), by way of answer to the enumerated paragraphs of the Plaintiffs' Fourth Amended Complaint ("Complaint") says:

1.      The allegations of paragraph 1 state conclusions of law to which no responsive pleading is required and are therefore denied. To the extent that a responsive pleading is required, Paragraph 1 of the Complaint contains allegations characterizing the allegations of the Complaint, and, as a written document, Defendant alleges that the Complaint speaks for itself.

2-15.      Denied. The allegations in paragraphs 2-15, inclusive are denied as conclusions of law to which no response is required and /or denied because Defendant lacks knowledge sufficient to form a belief as to the truth of those allegations.

16. Denied. Defendant lacks knowledge sufficient to form a belief as to the truth of those allegations in this paragraph. By way of further answer, the alleged agreement among the Plaintiffs "that they will, at some time in the future, and not in this civil action, reach final allocation among themselves" is substantively improper, unenforceable as against public policy, and conflicts with this Court's duty to allocate recoverable costs among liable parties using such equitable factors as the Court determines are appropriate.

17-24. Denied. The allegations in paragraphs 17-24, inclusive are denied as conclusions of law to which no response is required and /or denied because Defendant lacks knowledge sufficient to form a belief as to the truth of those allegations.

## JURISDICTION AND VENUE

25-28. The allegations of paragraphs 25 through 28, inclusive, of the Complaint are deemed to be denied in that they state conclusions of law to which no answer is required.

## PARTIES

29-36. Paragraphs 29 through 36, inclusive, of the Complaint are not directed at Defendant and therefore no responsive pleading is required. To the extent that a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 29 through 36 of the Complaint.

37  Admitted.

38. Denied in part and admitted in part. By way of further answer, Defendant denies that its pickle liquor constituted waste, but admits that some of it was removed by DeRewal Chemical.

39. Denied. Carpenter specifically denies that its pickle liquor solution is a waste disposed of at the Site and strict proof thereof is demanded at trial. By way of further answer Defendant avers that its pickle liquor was recycled.

40.     Denied. Carpenter denies that its pickle liquor constitutes waste.

41-141.    Paragraphs 41 through 141, inclusive, of the Complaint are not directed at Defendant and therefore no responsive pleading is required. To the extent that a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 41 through 141 of the Complaint.

**COUNT I**
**(CERCLA section 113(f)(1) Contribution)**

142.    The responses to paragraphs 1 through 141 are incorporated by reference as if set forth here in full.

143-145.    The allegations of paragraphs 143 – 145, inclusive, are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

146.    Paragraph 146 of the Complaint is not directed at Defendant and therefore, no responsive pleading is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint and therefore it is denied. By way of further response, to the extent Paragraph 146 constitutes a conclusion of no response is required.

147-151.    The allegations contained in Paragraphs 147-151, inclusive, constitute conclusions of law to which no response is required. To the extent that a response is required, Carpenter denies those allegations directed at it, and denies the remaining allegations because Defendant lacks sufficient knowledge or information to form a belief as the truth of the allegations contained in the paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiffs together with costs, including reasonable attorney fees and such other relief and further relief as the Court shall deem just and proper.

**COUNT II**

**CERCLA Section 113(f)(3)(B)**

152. The responses to paragraphs 1 through 151 are incorporated by reference as if fully set forth here.

153-154. The allegations of Paragraphs 153 through 154, inclusive, are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiffs together with costs, including reasonable attorney fees and such other relief and further relief as the Court shall deem just and proper.

**COUNT III**

**(CERCLA Section 113(g)(2) Declaratory Judgment)**

155. The responses to Paragraph 1 through 154 are incorporated by reference as if fully set forth here in full.

156-157. The allegations of paragraphs 156 through 157, inclusive, are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiffs together with costs, including reasonable attorney fees and such other relief and further relief as the Court shall deem just and proper.

**COUNT IV**

**Cost Recovery Under the Pennsylvania Hazardous Sies Cleanup Act**

158. The responses made to paragraphs 1 through 157 are incorporated by reference as if set forth here in full.

159-163. The allegations of paragraphs 159-163, inclusive are denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

164. The allegations in Paragraph 164 of the Complaint are not directed at Defendant and therefore, no responsive pleading is required. To the extent that a responsive pleading is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint. To the extent that the paragraph constitutes a conclusion of law, the same is denied.

165-167. The allegations of paragraphs 165-167 are deemed to be denied in that they state conclusions of law to which no answer is required. To the extent a response is required, the allegations are denied.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiffs together with costs, including reasonable attorney fees and such other relief and further relief as the Court shall deem just and proper.

**AFFIRMATIVE DEFENSES**

Defendant, without admitting any liability, hereby asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or part, to state claims against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by the statutes of limitation applicable to each claim.

**THIRD AFFIRMATIVE DEFENSE**

Any and all damages suffered by Plaintiffs resulted solely and entirely from the conduct of Plaintiffs and/or other individuals or entities over which Defendant had no control.  Defendant exercised no control over such persons and is not liable for any harm to Plaintiffs, or any other party, and the acts or omissions of such other persons constitute intervening causes of any harm suffered by Plaintiffs, and any other party.

**FOURTH AFFIRMATIVE DEFENSE**

Arguendo, but without admission, to the extent that Plaintiffs incurred response costs consistent with the National Contingency Plan and Spill Act, Defendant is not responsible for any unreasonable costs incurred for the remedial actions taken at the Site.

**FIFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel, waiver and laches.

**SIXTH AFFIRMATIVE DEFENSE**

Because the harm, if any, is divisible and there is a reasonable basis for dividing the harm, joint and several liabilities may not be imposed.  Plaintiffs are not entitled to recover from

Defendant more than Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by individual Plaintiffs or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

### SEVENTH AFFIRMATIVE DEFENSE

If any release or threat of release of a hazardous substance has occurred or is occurring at the Site, the hazardous substance neither was contained in any wastes allegedly attributable to Defendant, nor was the hazardous substance similar to any constituents in wastes allegedly attributable to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action under CERCLA insofar as the costs that have been incurred by Plaintiffs or that will be incurred by Plaintiffs: (a) are not response costs within the meaning of CERCLA or the Spill Act or; (b) are not response costs that are consistent with the National Contingency Plan.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for recovery of attorneys' fees are barred, in whole or in part, by applicable case law.

### TENTH AFFIRMATIVE DEFENSE

Upon information and belief, the acts or omissions of Defendant, if any, did not proximately cause any of the response costs or damages of which Plaintiffs now complains, therefore no liability exists on the part of Defendant for any such response costs or damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' CERCLA contribution claims are barred, in whole or in part, to the extent that they have not been asserted during or following a civil action under Section 9613(f) of CERCLA. Plaintiffs' HSCA contribution claims are barred, in whole or in part, to the extent that

they have not been asserted during or following a civil action under Section 507 or 1101 of HSCA, as is statutorily required under Section 705 of HSCA.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is not a person subject to liability under Section 104 (a)(3) of CERCLA or Section 701 (a)(3) of HSCA because Defendant did not arrange for the disposal or treatment of any hazardous substances at the Site.

### THIRTEENTH AFFIRMATIVE DEFENSE

Arguendo, but without admission that any hazardous substance for which Defendant may be liable was treated or disposed of at the Site, such are not present in and have not contributed to any release or threat of release at the Site.

### FOURTEENTH AFFIRMATIVE DEFENSE

Without admission that Plaintiffs are entitled to any recovery, any such recovery is barred by or must be apportioned under the doctrines of contributory or comparative fault or negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiffs' claims against the remaining non –settling defendants should be reduced by the greater of the equitable share of the liability of all settling defendants or the dollar amounts obtained by Plaintiffs from all settling defendants.  In addition, the amount and the scope of the Plaintiffs' claim against the remaining non-settling defendants should be further reduced by at least the equitable share of the liability of all liable parties that Plaintiffs elected not to sue.

.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs may not recover from Defendant any amounts that exceed the portion of costs or damages sought that are attributable to any release or threat of release of any hazardous substance allegedly disposed by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to an offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, cost, damages and expenses alleged in the Plaintiffs' Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Plaintiffs' Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Plaintiffs' Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join necessary parties needed for a just adjudication of the claims asserted in this action, win whose absence complete relief cannot be accorded the existing parties.

**NINETEENTH AFFIRMATIVE DEFENSE**

The volume and toxicity of any substance that might have been disposed by Defendant to the Site are <u>de minimis</u> -- both in absolute terms and relative to the contributions of other responsible parties -- and therefore insufficient, as a mater of law and pursuant to the <u>de minimis non curat lex</u> doctrine, to give rise to any liability of Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for contribution and declaratory relief are barred in whole or in part by each Plaintiffs' failure to prove that each Plaintiff has paid or is obligated to pay more than its equitable share of the Site costs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant incorporates by reference all other applicable defenses set forth in the answers of the other defendants to the Plaintiffs' Complaint and, further, will rely upon all defenses which become available during discovery or trial.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that costs be awarded against the Plaintiffs, and that Defendant be granted such other and further relief as the Court may deem just and proper.

**CONTRIBUTION COUNTERCLAIMMS/CROSS-CLAIMS**

Defendant hereby refers to and incorporates herein by reference paragraph 1 of the June 18, 2004 Fifth Case Management Order, which states that each of the defendant's answers shall be deemed to raise cross-claims and counterclaims for contribution pursuant to CERCLA and the Pennsylvania Hazardous Site Cleanup Act, and that all such cross-claims and counterclaims shall be deemed denied by each defendant.

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE, LLP

DATED: April 11, 2006          By: __/s/Lynn Wright_____
                                   Lynn Wright, Esq. (LW 3774)
                                   51 John F. Kennedy Parkway
                                   Short Hills, NJ  07078-2701
                                   (973) 376-7700

## CERTIFICATE OF SERVICE

I, Lynn Wright, hereby certify that I am an Attorney admitted to the bar of this court, and on this day a copy of Defendant, Carpenter Technology Corporation's foregoing Answer to the Third Amended Complaint, Affirmative Defenses and Counterclaim was sent by first class mail to each of the following:

**Counsel for Boarhead Farm Agreement Group**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

**Counsel for Advanced Environmental Technology**
Thomas Sabino, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)
tsabino@wolffsamson.com

**Counsel for Ashland Chemical Company**
Richard Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)
rbiedrzycki@pp-b.com

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
(212) 756-0215
(888) 325-9169 (Fax)
lwright@ealaw.com

**Counsel for Crown Metro, Inc. and Emhart Industries**
Laura A. Ford, Esquire
Swidler Berlin Shereff Friedman LLP
3000 "K" St., N.W. – Suite 300
Washington, DC  20007
(202) 424-7500
(202) 424-7643 (Fax)
laford@swidlaw.com

**Counsel for Diaz Chemical Corp.**
Ronald J. Reid, III
Manager, Health/Safety/Environment
Diaz Chemical Corp.
40 Jackson Street
Holley, NY 14470-1156
(716) 638-6321
(716) 638-8356 (Fax)
reid@diazche.com

**Counsel for Flexible Circuits**
Seth v.d.H. Cooley, Esquire
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
(215) 979-1000
(215) 979-1020 (Fax)
secoley@duanemorris.com
anfriant@duanemorris.com

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
Five Becker Farm Road – 3rd Fl.
Roseland, NJ  07068-1739
(973) 994-1700
(973) 994-1744 (Fax)
mflax@carellabyrne.com

**Counsel for Knoll, Inc.**
Richard H. Friedman, Esquire
Scott A. Gould, Esquire
McNees Wallace & Nurick, LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5469
(717) 237-5300 (Fax)
rfriedman@mwn.com

**Counsel for Merit Metals Products Corp.**
Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA  19103-1815
(215) 557-2950
(215) 557-2990/2991
schawaga@monteverde.com

**Counsel for Novartis Corporation**
Michael W. Steinberg, Esquire
Michael Dillon, Esquire
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3000
(202) 739-3001 (Fax)
msteinberg@morganlewis.com

**Counsel for NRM Investment Company**
Edward Fackenthal, Esquire
Henderson, Wetherill, O'Hey & Horshey
P.O. Box 751
Suite 902
One Montgomery Plaza
Norristown, PA  19404
(610) 279-3370
(610) 279-0696 (Fax)
edwardfackenthal@cs.com

**Counsel for Plymouth Tube Company**
Steven J. Lemon, Esquire
Jones, Lemon Graham & Clancy
223 East State Street
P.O. Box 805
Geneva, IL  60134
(630) 208-0805
(630) 208-4651 (Fax)
stevenl@joneslemon.com

**Counsel for Quikline Design & Mfg.**
Sanford F. Schmidt, Esquire
Schmidt & Tomlinson Law Offices
29 Union Street
Medford, NJ  08055
(609) 714-0600
(609) 714-0610 (Fax)
lawschmidt@erols.com

_NYC_232491_1.DOC/

**Counsel for Rohm and Haas Company**
Jennifer Berke Levin, Esquire
Rohm & Haas Co.
100 Independence Mall West
Philadelphia, PA  19106-2399
(215) 592-6838
(215) 592-3227
jlevin@rohmhaas,com

**Counsel for Simon Wrecking Co., Inc.**
Sharon Oras Morgan, Esquire
Mattleman Weinroth & Miller P.C.
401 Route 70 East, Suite 100
Cherry Hill, NJ  08034
(856) 429-5507
(856) 429-9036 (Fax)
smorgan@mwm-law.com

**United States of America, Department of Navy**
D. Judith Keith, Esquire
U.S. Department of Justice
Environmental & Natural Resources
Defense Section
P.O. Box 23986
Washington, DC  20026-3986
(202) 514-3747
(202) 514-8865 (Fax)
judith.keith@usdoj.com

                    _/s/Lynn Wright_
                     Lynn Wright

Dated:  April 11, 2006