IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., ET AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORP., ET AL., | : | |
| | : | |
| Defendants. | : | |

# ANSWER AND AFFIRMATIVE DEFENSES
# OF DEFENDANT TECHALLOY COMPANY, INC.
# TO THE FOURTH AMENDED COMPLAINT

Defendant Techalloy Company, Inc. ("Techalloy"), by its attorneys, hereby files its Answer and asserts Affirmative Defenses to the Fourth Amended Complaint:

## FACTUAL BACKGROUND

1.      Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint are descriptive only and/or constitute conclusions of law to which no response is required. To the extent that the statements contained in this Paragraph of the Fourth Amended Complaint could be construed as assertions of fact, Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth thereof, and they are therefore denied.

  2. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

  3. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Boarhead Corporation's purchase of the Site. The remaining allegations contained in this Paragraph of the Fourth Amended Complaint are denied as conclusions of law to which no response is required.

  4. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

  5. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

  6. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

  7. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

  8. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

9. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

10. Admitted in part and denied in part. Defendant Techalloy admits upon information and belief that the USEPA placed the Site on the National Priorities List on or about March 31, 1989. The remaining allegations contained in this Paragraph of the Fourth Amended Complaint are denied as conclusions of law to which no response is required.

11. Admitted in part and denied in part. Defendant Techalloy admits upon information and belief that the USEPA conducted Site cleanup activities, including the removal of drums and contaminated soil. Defendant Techalloy further admits upon information and belief that contaminated groundwater is being treated at an on-Site treatment facility. The remaining allegations contained in this Paragraph of the Fourth Amended Complaint are denied as conclusions of law to which no response is required and/or are denied because Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

12. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

13. Admitted upon information and belief.

14. Admitted upon information and belief.

15. Admitted upon information and belief.

16. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth

Amended Complaint. By way of further response, the alleged agreement among the Plaintiffs "that they will, at some future time, and not in this civil action, reach a final allocation among themselves," is substantively improper, unenforceable as against public policy, and conflicts with this Court's statutory power and duty to allocate recoverable response costs among liable parties using such equitable factors as the Court determines are appropriate. This alleged agreement among the Plaintiffs is an improper attempt to mask from the Court the direct adversity that exists between and among the Plaintiffs with respect to a statutory equitable allocation of response costs. It improperly obstructs the Defendants from developing and presenting defenses to the necessarily individual contribution and declaratory judgment claims belonging to each of the Plaintiffs. It improperly obstructs the Court from determining if any particular Plaintiff is substantively entitled to assert claims for contribution or declaratory relief. Each separate Plaintiff must independently prove in this action its entitlement to assert contribution claims, recover an equitable share of response costs, and obtain declaratory relief.

17. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

18. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint. By way of further response, Defendant Techalloy incorporates herein by reference its response set forth above to Paragraph 16.

19. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

20. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

21. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint. By way of further response, Defendant Techalloy incorporates herein by reference its response set forth above to Paragraph 16.

22. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.

23. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. To the extent that the statements contained in this Paragraph of the Fourth Amended Complaint could be construed as assertions of fact, Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth thereof, and they are therefore denied.

24. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. To the extent that the statements contained in this Paragraph of the Fourth Amended Complaint could be construed as assertions of fact, Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth thereof, and they are therefore denied.

## **JURISDICTION AND VENUE**

25. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

26. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

27. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

28. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

## PARTIES

29. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

30. – 109. Denied. The allegations contained in these Paragraphs of the Fourth Amended Complaint pertain to Defendants other than Techalloy, and Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

110. Admitted upon information and belief, except denied that RSM maintains a principal place of business in Collegeville, Pennsylvania.

111. Admitted in part and denied in part. Defendant Techalloy admits only that it was a party to a Sale Agreement dated as of May 1, 1991 with Rahns Specialty Metals, Inc. ("RSM"), and that pursuant to that Sale Agreement it sold certain assets and business related to Techalloy's facility in Rahns, Pennsylvania, and RSM assumed certain obligations and liabilities pertaining thereto. The Sale Agreement speaks for itself and all characterizations thereof are denied.

112. Denied. The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.

113.    Denied.  The allegations contained in this Paragraph of the Third Amended Complaint constitute conclusions of law to which no response is required.  Admitted.

114 – 121.    Denied.  The allegations contained in these Paragraphs of the Third Amended Complaint pertain to Defendants other than Techalloy, and Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

122.    Admitted, except that the correct corporate name is Techalloy Company, Inc.

123.    Admitted upon information and belief that DeRewal Chemical removed waste material from Techalloy's Rahns, Pennsylvania facility.

124.    Denied.  Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

125.    Denied.  Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Third Amended Complaint.

126. – 141.    Denied.  The allegations contained in these Paragraphs of the Third Amended Complaint pertain to Defendants other than Techalloy, and Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

## COUNT I

### (CERCLA Section 113(f)(1) Contribution)

142. Defendant Techalloy incorporates herein by reference its responses set forth above to the referenced Paragraphs of the Fourth Amended Complaint.

143. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

144. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

145. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

146. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

147. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

148. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint. By way of further response, the allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

149. Denied. Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint. By way of further response, the allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

150.    Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

151.    Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.  By way of further response, Defendant Techalloy incorporates herein by reference its response set forth above in Paragraph 16.

## COUNT II

### (CERCLA Section 113(f)(3)(B) Contribution)

152.    Defendant Techalloy incorporates herein by reference its responses set forth above to the referenced Paragraphs of the Fourth Amended Complaint.

153.    Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

154.    Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

## COUNT III

### (CERCLA Section 113(g)(2) Declaratory Judgment)

155.    Defendant Techalloy incorporates herein by reference its responses set forth above to the referenced Paragraphs of the Fourth Amended Complaint.

156.    Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

157.    Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.  By way of

further response, Defendant Techalloy incorporates herein by reference its response set forth above in Paragraph 16.

## COUNT IV

### (Cost Recovery Under the Pennsylvania Hazardous Sites Cleanup Act)

158.   Defendant Techalloy incorporates herein by reference its responses set forth above to the referenced Paragraphs of the Fourth Amended Complaint.

159.   Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

160.   Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

161.   Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

162.   Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

163.   Denied.  The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

164.   Denied.  Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth Amended Complaint.  By way of further response, the allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

165.   Denied.  Defendant Techalloy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Fourth

Amended Complaint. By way of further response, the allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

166. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required.

167. Denied. The allegations contained in this Paragraph of the Fourth Amended Complaint constitute conclusions of law to which no response is required. By way of further response, Defendant Techalloy incorporates herein by reference its response set forth above in Paragraph 16.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Fourth Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any and all damages suffered by Plaintiffs resulted solely and entirely from the conduct of Plaintiffs and/or other individuals or entities over whom Defendant Techalloy had no control. Defendant Techalloy exercised no control over such persons and is not liable for any harm to Plaintiffs, or any other party, and the acts or omissions of such other persons constitute intervening causes of any harm suffered by Plaintiffs, and any other party.

**FOURTH AFFIRMATIVE DEFENSE**

If Defendant Techalloy contributed in any way to the alleged Site contamination (all such allegations being expressly denied), its contribution was *de minimis*, both in absolute terms and relative to the contributions of other responsible parties.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant Techalloy is not a person subject to liability pursuant to § 107(a)(3) of CERCLA or Sections 701(a)(2) and 702(a)(3) of HSCA because Techalloy did not arrange for the disposal or treatment of any hazardous substances at the Site. See Morton International v. A.E. Staley Company, Inc., 343 F.3d 669 (3d Cir. 2003).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs failed to comply with all of the statutory and/or regulatory prerequisites necessary to bring an action under CERCLA or HSCA.

**SEVENTH AFFIRMATIVE DEFENSE**

If any release or threat of release of a hazardous substance has occurred or is occurring at the Site, the hazardous substance neither was contained in any wastes allegedly attributable to Defendant Techalloy, nor was the hazardous substance similar to any constituents in wastes allegedly attributable to Defendant Techalloy.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for recovery of attorneys' fees and EPA oversight costs are barred, in whole or in part, by applicable case law. See KeyTronic Corp. v. United States, et al., 511 U.S. 809, 114 S.Ct. 1960 (1994); United States v. Rohm and Haas, 2 F.3d 1265 (3d Cir. 1993), overruled by United States v. E.I. Dupont De Nemours & Co., 432 F.3d 161, 2005 U.S. App. LEXIS 29256, 61 Env't Rep. Cas. (BNA) 1673 (3d Cir. Del. 2005).

### NINTH AFFIRMATIVE DEFENSE

The harm complained of in the Fourth Amended Complaint, if any harm exists, is divisible and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.  Accordingly, even if Defendant Techalloy is partially responsible for the harm, which Defendant Techalloy expressly denies, Defendant Techalloy would only be liable for the divisible damages caused by its own conduct, and is not jointly and severally or otherwise liable for any other costs or damages which the Plaintiffs seek to recover.

### TENTH AFFIRMATIVE DEFENSE

Each individual Plaintiff must independently prove in this action its entitlement to assert contribution claims, recover an equitable share of response costs, and obtain declaratory relief.

### ELEVENTH AFFIRMATIVE DEFENSE

Each Plaintiff's claim for contribution and declaratory relief is barred, in whole or in part, by each Plaintiff's failure to prove that it paid and/or is obligated to pay more than its equitable "fair share" of Site response costs.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any response costs incurred or to be incurred by Plaintiffs were or are inconsistent with the National Contingency Plan and therefore not recoverable under CERCLA, and/or were or are not reasonable and necessary or appropriate and therefore not recoverable under HSCA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Each Plaintiff's CERCLA contribution claims are barred, in whole or in part, to the extent that they have not been asserted:  (1) during or following a civil action against that

Plaintiff under Section 9606 or 9607(a) of CERCLA; and/or (2) following an administrative or judicially approved settlement which resolved that Plaintiff's liability to the United States or a State for some or all of a response action or for some or all of the costs of such action, as is statutorily required under Section 9613(f)(1) and/or (f)(3) of CERCLA.  Each Plaintiff's HSCA contribution claims are barred, in whole or in part, to the extent that they have not been asserted: (1) during or following a civil action against that Plaintiff under Section 507 or 1101 of HSCA; and/or (2) following an administrative or judicially approved settlement which resolved that Plaintiff's liability to the Pennsylvania Department of Environmental Protection, as is statutorily required under Section 705 of HSCA.

### FOURTEENTH AFFIRMATIVE DEFENSE

The amount and scope of each Plaintiff's claim against the remaining non-settling defendants, including Defendant Techalloy, should be reduced by the greater of the equitable share of liability of all settling defendants or the dollar amounts obtained by each Plaintiff from all settling defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

The amount and scope of the Plaintiffs' claims against the remaining non-settling defendants, including Defendant Techalloy, should be reduced by at least the equitable share of liability of all liable persons that Plaintiffs elected not to sue.

### SIXTEENTH AFFIRMATIVE DEFENSE

The amount and scope of each Plaintiff's claims against the remaining non-settling defendants, including Defendant Techalloy, should be reduced and/or offset by the dollar amounts of all other recoveries obtained by each Plaintiff, including without limitation, all such recoveries obtained from insurers or other indemnitors of each Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims under HSCA are preempted, in whole or in part, by the Plaintiffs' claims under CERCLA.

WHEREFORE, Defendant Techalloy demands judgment in its favor and against the Plaintiffs, together with attorney's fees and costs in this action, and such other and further relief as this Court deems just and proper.

April 13, 2006                               /s/ **Andrew P. Foster**
                                             Andrew P. Foster
                                             DRINKER BIDDLE & REATH LLP
                                             One Logan Square
                                             18th and Cherry Streets
                                             Philadelphia, PA  19103

                                             Counsel for Techalloy Company, Inc.

## **CERTIFICATE OF SERVICE**

I Andrew P. Foster, hereby certify that on this 13th day of April, 2006, I caused a true and correct copy of the foregoing:

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT TECHALLOY COMPANY, INC.
TO THE FOURTH AMENDED COMPLAINT**

to be served as indicated below:

**BY ELECTRONIC SERVICE:**

### *Boarhead Farm Agreement Group*

Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

### *Advanced Environmental Technology Corp.*

Thomas W. Sabino, Esq.
Wolff & Samson
One Boland Drive
West Orange, New Jersey 07052
Phone:  (973) 740-0500
Fax:  (973) 740-1407
Email:  tsabino@wolffsamson.com

### *Ashland, Inc.*

Richard C. Biedrzycki, Esq.
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Building, 121 South Broad Street
Philadelphia, Pennsylvania 19107
Phone:  (215) 546-0500
Fax:  (215) 546-9444
Email:  rbiedrzycki@pp-b.com

- 2 -

*Flexible Circuits*

Seth Cooley, Esq.
Duane Morris
One Liberty Place
Philadelphia, Pennsylvania  19103-7396
Phone:  (215) 979-1818
Fax:  (215) 979-1020
e-mail:  anfriant@duanemorris.com

*Merit Metals Products Corp.*

Stephen P. Chawaga, Esq.
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
Phone:  215-557-2900
Fax:  215-557-2990
e-mail:  schawaga@monteverde.com

*NRM Investment Co.*

Edward Fackenthal, Esq.
Henderson, Weitherill, O'Hey & Horsey
902 One Montgomery Plaza
P.O. Box 751
Norristown, PA  19404
Phone:  610-279-3370
Fax:  610-279-0696
e-mail:  edwardfackenthal@cs.com


**BY FIRST-CLASS MAIL:**

*Carpenter Technology Corporation*

Lynn Wright, Esq.
Edwards & Angell
750 Lexington Avenue
New York, NY 10022
Phone:  212-756-0215
Fax:  888-325-9169
email:  lwright@ealaw.com

- 3 -

*Handy & Harman Tube Company*

Melissa Flax, Esq.
Carella, Byrne, Bain, Gilfillian, Cecchi,
      Stewart & Olstein, P.C.
Five Becker Farm Road
Roseland, New Jersey  07068-1739
Phone:  973-994-1700
Fax:  973-994-1744
e-mail:  mflax@carellabyrne.com


                /s/ **Andrew P. Foster**
                Andrew P. Foster