Edward Fackenthal, Attorney for Defendant NRM Investment Company
LAW OFFICE OF EDWARD FACKENTHAL
One Montgomery Plaza, Suite 209
Norristown, PA 19401
Attorney I.D. 09462
Tel. 610 279 3370
Fax 610 279 0696
Edwardfackenthal@cs.com

_____

**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET. AL. | : | |
| | : | |
| Defendants. | : | |

**NRM INVESTMENT COMPANY'S ANSWER TO
4th AMENDED COMPLAINT**

<u>Defense to Allegations</u>

Defendant NRM Investment Company admits the allegations contained in paragraphs 5-7; 9-10; 12-14; 16-17; 20; the first three sentences, the first phrase of the fourth sentence ("The interim allocation does not bind any of the OU-1 Parties") and the fifth sentence of 18, 19, 23 and 163 (admit as to plaintiffs and to all OU 1 Agreement parties), and 24, insofar as the averments in these four paragraphs relate to OU-1); 25-28; 97; 101, 142 (incorporating paragraph); 144;

150; 152 (incorporating paragraph); 155 (incorporating paragraph); 158 (incorporating paragraph); 161, 164, and 166.  Answering Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2-4; 8, 11, 16, 21-24, 29-96, 103-141, and 146-149 or that they are not applicable to the answering defendant.  Answering Defendant denies each and every other allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

NRM Investment Company (hereafter called "Answering Defendant") without admitting any liability, hereby asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Answering Defendant is not liable to the Plaintiffs because of insufficiency of process and/or insufficiency of service of process.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Answering Defendant upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the statutes of limitation applicable to each claim.

## FOURTH AFFIRMATIVE DEFENSE

Arguendo, but without admission, that Plaintiffs incurred response costs consistent with the National Contingency Plan and Spill Act, Answering Defendant is not responsible for any unreasonable costs incurred for the remedial actions taken at the Site.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel and waiver.

## SIXTH AFFIRMATIVE DEFENSE

Because the harm, if any, is divisible and there is a reasonable basis for dividing the harm, joint and several liability may not be imposed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover costs, damages, or other relief for hazardous substances for which Answering Defendant did not make treatment or disposal arrangements or which it did not transport.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action under CERCLA insofar as the costs that have been incurred by Plaintiffs or that will be incurred by Plaintiffs: (a) are not response costs within the meaning of CERCLA or the Spill

Act or; (b) are not response costs that are consistent with the National Contingency Plan.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the equitable doctrine of laches because the Plaintiffs' Complaint was instituted in an untimely fashion.

## TENTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the subject matter of this action.

## ELEVENTH AFFIRMATIVE DEFENSE

The acts and omissions of persons other than Answering Defendant, over whom Answering Defendant had no control, were intervening or supervening causes of the injuries, costs and damages allegedly incurred by Plaintiffs. Further, Answering Defendant is not liable since the alleged releases or threats of release of a hazardous substance and the damages allegedly resulting therefrom were solely acts or omissions of third parties other than employees or agents of the answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, the acts or omissions of Answering Defendant, if any, did not proximately cause any of the response costs or damages of which

Plaintiffs now complains; therefore no liability exists on the part of Answering Defendant for any such response costs or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join a party necessary to complete an equitable adjudication of its claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint in this matter fails to set forth with sufficient particularity the nature of alleged damages and response costs suffered by Plaintiffs, the date and circumstances in which such damages and response costs first manifested themselves, and the manner in which conduct of Answering Defendant allegedly caused such damages and response costs.

### FIFTEENTH AFFIRMATIVE DEFENSE

Arguendo, but without admission that any hazardous substance for which Answering Defendant may be liable was treated or disposed of at the Site, such are not present in and have not contributed to any release or threat of release at the Site.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without admission that Plaintiffs are entitled to any recovery, any such recovery is barred by or must be apportioned under the doctrines of contributory or comparative fault or negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs are not entitled to recover from Answering Defendant more than Answering Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Answering Defendant more than the amount of such relief, if any, for which Answering Defendant is liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred insofar as Answering Defendant did not transport to or arrange for disposal at Boarhead ("the Site") substances that may be classified as "hazardous" under CERCLA or the Spill Act.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred or limited because (1) Answering Defendant exercised due care in transporting any substances that might have been disposed of at the Site; (2) all conditions, injuries, costs, damages and expenses for which Plaintiff seeks to hold Answering Defendant liable were caused solely by the acts or omissions of third parties other than (a) employees or agents of Answering Defendant or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with Answering Defendant; and (3) Answering Defendant took precautions against

foreseeable acts and omissions of any such third party and the consequences that foreseeably could result from such acts and omissions.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiffs cannot recover from Answering Defendant more than Answering Defendant's fair, equitable and proportionate share of the costs, damages, expenses, and other relief sought by it.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs may not recover from Answering Defendant any amounts that exceed the portion of costs or damages sought that are attributable to any release or threat of release of any hazardous substance allegedly disposed by Answering Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant is entitled to an offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, cost, damages and expenses alleged in the Plaintiff's Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or

covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The United States Constitution and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and omissions of Answering Defendant that were in compliance with applicable federal, state and local laws and regulations in effect at the time such acts and omission occurred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has no legal or equitable basis for seeking to impose joint and several liability upon Answering Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The volume and toxicity of any substance that might have been disposed by Answering Defendant to the Site are de minimis -- both in absolute terms and relative to the contributions of other responsible parties -- and therefore insufficient, as a mater of law and pursuant to the de minimis non curat lex doctrine, to give rise to any liability of Answering Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The United States' claims are barred or limited insofar as they seek to recover costs, damages, expenses and any other type of relief incurred before the effective date of CERCLA on December 11, 1980.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant incorporates by reference all other applicable defenses set forth in the answers of the other answering defendants to the Plaintiff's Complaint and, further, will rely upon all defenses which become available during discovery or trial.

WHEREFORE, Answering Defendant prays that the Complaint be dismissed with prejudice, that costs be awarded against the Plaintiff, and that Answering Defendant be granted such other and further relief as the Court may deem just and proper

## COUNTERCLAIM OF NRM INVESTMENT COMPANY
## AGAINST PLAINTIFF AND ITS INDIVIDUAL MEMBERS

Answering Defendant here makes reference to the Fifth Case Management Order and reserves its rights to assert counter-claims and cross-claims at the appropriate time.

DATED: May 8, 2006

Respectfully submitted,
Signature Code: EF3176
Edward Fackenthal
Attorney for NRM Investment Company

# CERTIFICATE OF SERVICE

I, Edward Fackenthal, hereby certify that on this day a copy of Answering Defendant, NRM Investment Company's foregoing Answer to the Third Amended Complaint, Affirmative Defenses and Counterclaim was sent by first class mail and e-mail to each of the following:

**Counsel for Plaintiffs**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
 Ingersoll, LLP
Plaza 1000 – Suite 500, Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

**Counsel for Advanced Environmental Technology**
Thomas Sabino, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)
tsabino@wolffsamson.com

**Counsel for Ashland Chemical Company**
Richard Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600, The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)
rbiedrzycki@pp-b.com

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
(212) 756-0215
(888) 325-9169 (Fax)
lwright@ealaw.com

**Counsel for Flexible Circuits**
Seth v.d.H. Cooley, Esquire
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
(215) 979-1000
(215) 979-1020 (Fax)
secoley@duanemorris.com
anfriant@duanemorris.com

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
Five Becker Farm Road – 3rd Fl.
Roseland, NJ  07068-1739
(973) 994-1700
(973) 994-1744 (Fax)
mflax@carellabyrne.com

**Counsel for Merit Metals Products Corp.**
Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
1617 John F. Kennedy Blvd., Suite 1500
Philadelphia, PA  19103-1815
(215) 557-2950
(215) 557-2990/2991
schawaga@monteverde.com

*Attorney for Rahns Specialty Metals, Inc.*
  *Techalloy Co., Inc. and Thomas Betts Corporation*
Andrew P. Foster, Esquire
Drinker Biddle & Reath
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2512
(215) 988-2757 (Fax)
Email: andrew.foster@dbr.com

<u>Signature Code: EF3176</u>
Edward Fackenthal

Dated:  May 8, 2006