IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 02-3830 (LDD)<br><br>**DECLARATION OF THOMAS SABINO IN SUPPORT OF DFENDANT AETC'S SUMMARY JUDGMENT MOTION** |

THOMAS SABINO pursuant to 28 U.S.C. 1746 hereby declares as follows:

1.  I am an attorney-at-law of the State of New Jersey and a Senior Attorney with the firm of Wolff & Samson, attorneys for Defendant Advanced Environmental Technology Corp. ("AETC") in the within matter. I am admitted pro hac vice in the above-captioned matter on behalf of AETC. I submit this declaration in support of AETC's motion for summary judgment in this action.

2.  A true and accurate copy of the February 22, 2004 Certification of AETC's President Robert Landmesser, produced to the Plaintiffs in the mediation in this matter and subsequently attached to AETC's August 16, 2004 answer to Interrogatories, is annexed hereto as Exhibit 1. Mr. Landmesser's certification was referenced in AETC Interrogatory answer nos. 1, 4, 6-11 and 20. (See Exhibit 1 hereto.)

948705.1

3. A true and accurate copy of Plaintiff[1] BFAG's September 14, 2004 "Objections and Responses" to AETC's Interrogatories is annexed hereto as Exhibit 2.

4. A true and accurate copy of pertinent pages of the transcript of the deposition John Leuzarder, taken in the above-captioned action, is annexed hereto as Exhibit 3.

5. A true and accurate copy of pertinent pages of the transcript of the deposition of Walter Risi, Esq., taken in the above-captioned action, is annexed hereto as Exhibit 4.

6. A true and accurate copy of pertinent pages of the transcript of the deposition of David F. Michelman, Esq., taken in the above-captioned action, is annexed hereto as Exhibit 5.

7. A true and accurate copy of pertinent pages of the transcript of the deposition of Thomas F. Healey, taken in the above-captioned action, is annexed hereto as Exhibit 6.

8. A true and accurate copy of Curley Deposition Exhibit no. 4 (unsigned 1976 Agreement), marked at the December 9, 2004 deposition of former Ashland Chemical employee Art Curley, is annexed hereto as Exhibit 7.

9. A true and accurate copy of Curley Deposition Exhibit no. 6 (October 19, 1976 Memorandum), marked at the December 9, 2004 deposition of former Ashland Chemical employee Art Curley, is annexed hereto as Exhibit 8.

10. A true and accurate copy of the pertinent pages of the transcript of the deposition of Art Curley, taken in the above-captioned action, is annexed hereto as Exhibit 9.

11. A true and accurate copy of pertinent pages of the transcript of the deposition of Robert Landmesser, taken in the above-captioned action, is annexed hereto as Exhibit 10.

12. Plaintiffs' deposition exhibit P-52 in the above matter consists of numerous bills of lading referencing Diaz Chemical, dated from January 6, 1977 to April 14, 1977. Attached

---

[1] The original plaintiff in this matter was the Boarhead Farm Agreement Group ("BFAG"). Per the Fourth Amended Complaint, filed August 1, 2005, the individual members of BFAG became Plaintiffs. Thus, certain of the exhibits attached hereto are to and from AETC and BFAG.
948705.1

hereto are as Exhibit 11 are true and accurate copies of the following bills of lading from P-52: January 6, 1977, January 8, 1977, April 12, 1977, April 14, 1977.

13. Plaintiffs' deposition exhibit P-63 in the above matter consisted of numerous bills of lading referencing Ashland Chemical, dated from August 9, 1976 to October 21, 1977. Attached hereto are as Exhibit 12 are true and accurate copies of the following bills of lading from P-63: August 9, 1976, August 16, 1976, April 5, 1977, April 12, 1977, April 12, 1977 and April 15, 1977.

14. A true and accurate copy of an April 19, 1977 Memorandum of Art Curley of Ashland Chemical (produced in the above-captioned action as document AETC20) is attached hereto as Exhibit 13.

15. A true and accurate copy of deposition exhibit Jenny 5, marked at the January 24, 2005 deposition taken in the above-captioned action, is annexed hereto as Exhibit 14.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Thomas Sabino
THOMAS SABINO

Executed on August 2, 2006

948705.1