IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., et al. : | |
| : | |
| Plaintiffs : | Civil Action No. 02-CV-3830 |
| : | |
| v. : | (Hon. Legrome D. Davis) |
| : | |
| ADVANCED ENVIRONMENTAL : | |
| TECHNOLOGY CORPORATION, et al., : | |
| : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this          day of                    , 2006, upon consideration of the Motion of Defendant Ashland Inc. for Leave to File an Amended Answer to Plaintiffs' Fourth Amended Complaint to Assert Common Law Cross-Claims against Defendant Advanced Environmental Technology Corporation, and any response thereto, it is hereby **ORDERED** that Defendant Ashland Inc.'s Motion is **GRANTED**. Ashland shall file its Amended Answer within five (5) days of the date of this Order.

BY THE COURT:

_____
Legrome D. Davis, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., et al.          :
                                     :
           Plaintiffs                :    Civil Action No. 02-CV-3830
                                     :
    v.                               :    (Hon. Legrome D. Davis)
                                     :
ADVANCED ENVIRONMENTAL               :
TECHNOLOGY CORPORATION, et al.,      :
                                     :
           Defendants.               :

**MOTION OF DEFENDANT ASHLAND INC FOR LEAVE TO FILE
AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
TO ASSERT COMMON LAW CROSS-CLAIMS AGAINST
DEFENDANT ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION**

Defendant Ashland Inc. (hereinafter, "Ashland"), by and through its attorneys, hereby moves pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure for leave to amend its Answer to Plaintiffs' Fourth Amended Complaint to Assert Common Law Cross-Claims against Defendant Advanced Environmental Technology Corporation. In support of its within Motion, Ashland relies upon the grounds set forth in the accompanying Memorandum of Law and exhibits attached thereto.

_/s/ Richard C. Biedrzycki_
RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
BRENT A. COSSROW, ESQUIRE
Attorney I.D. No. 88361
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
TEL: (215) 546-0500
FAX: (215) 546-9444

Counsel for Defendant Ashland Inc.

Dated: October 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., et al. : | |
| : | |
| Plaintiffs : | Civil Action No. 02-CV-3830 |
| : | |
| v. : | (Hon. Legrome D. Davis) |
| : | |
| ADVANCED ENVIRONMENTAL : | |
| TECHNOLOGY CORPORATION, et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF DEFENDANT ASHLAND INC. FOR LEAVE TO FILE AN
AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
TO ASSERT COMMON LAW CROSS-CLAIMS AGAINST
<u>DEFENDANT ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION</u>**

Defendant Ashland Inc. (hereinafter, "Ashland"), by and through its attorneys, submits this Memorandum of Law in support of its Motion for Leave to File an Amended Answer to Plaintiffs' Fourth Amended Complaint to Assert Common Law Cross-Claims against Defendant Advanced Environmental Technology Corporation (hereinafter, "AETC").

I.  **INTRODUCTION**

As a consequence of the recent filing by AETC of its pending Motion for Summary Judgment, Ashland has filed a Motion for Leave to file an Amended Answer in order to specify the form of certain common law cross-claims against AETC. In its Motion for Summary Judgment, AETC has asked this Court to dismiss Plaintiffs' federal contribution claims against it because, AETC contends, it is not a CERCLA "arranger" and therefore can have no liability to the Plaintiffs for contribution under CERCLA as a Potentially Responsible Party ("PRP").[1]

---

[1] AETC also seeks the dismissal of Plaintiffs' contribution claims under HSCA, Pennsylvania's mini-superfund statute, on the same grounds, i.e. that AETC is not an "arranger" under HSCA. Hereinafter, references in this Memorandum to Plaintiffs' "CERCLA" claims will also be deemed to include Plaintiffs' HSCA claims.

In the event that it prevails on its motion, AETC would no longer be able to contend that contractual and other common law contribution and/or indemnity claims against it are preempted by CERCLA as a matter of law. Accordingly, there would no longer be a legal impediment to the pursuit of non-federal claims against AETC. Thus, in light of the fact that Plaintiffs' legal right to pursue federal claims against AETC has now been challenged by AETC, Ashland simply seeks to enumerate the specific legal theories upon which Ashland may continue to pursue cross-claims against AETC in this action, even in the event that AETC is determined to not be subject to liability as an "arranger" under CERCLA.[2] In order to ensure the preservation of its right to pursue contribution and indemnity claims against AETC that are not dependent on the outcome of AETC's Motion for Summary Judgment, Ashland seeks leave to supplement its existing cross-claims by specifically pleading additional legal theories upon which it may pursue cross-claims against AETC in this action and which discovery in this litigation has established to be unique to the relationship between Ashland and AETC.

Amending Ashland's pending cross-claims in a matter of form, not substance, under this Court's Fifth Case Management Order dated June 16, 2004 (Exh. "A"). Therein, this Court established that all federal CERCLA-based cross-claims by all defendants against one another were deemed automatically asserted without the necessity of being formally pled. Plaintiffs' contribution claims against AETC are premised on its alleged status as a PRP "arranger" under CERCLA. Plaintiffs have not asserted any common law contribution claims against AETC,

---

[2] Notably, in its Motion for Summary Judgment AETC has not sought dismissal of the pending cross-claims against it in this action. AETC's Motion is limited to seeking the dismissal of Plaintiffs' direct claims against it, and leading decisions of the United States Court of Appeals for the Third Circuit prohibit AETC from seeking the dismissal of any pending cross-claims against AETC through its Motion for Summary Judgment, in its current form. See Fairview Park Excavating Co., Inc. v. Al Monzo Construction Co., 560 F.2d 1122, 1125-26 (3rd Cir. 1977); Aetna Ins. Co. v. Newton, 398 F.2d 729, 734 (3rd Cir. 1968). Thus, even if this Court were to grant AETC's Motion for Summary Judgment, controlling appellate decisions dictate that Ashland's and the other Defendants' currently pending cross-claims against AETC will be unaffected by the Court's ruling on AETC's pending motion, which ruling will not be binding on the Defendants as to their cross-claims against AETC.

presumably because Plaintiffs have deemed such claims to be preempted by CERCLA. Now that AETC has argued in its Motion for Summary Judgment that it is not an arranger and, therefore, not a PRP subject to liability for contribution under Section 113 of CERCLA, in the event that AETC's motion is successful no impediment would exist to the pursuit of common law contribution and indemnity claims against AETC as such claims would no longer be subject to dismissal due to federal preemption. Given this scenario, Ashland's proposed amendment of its cross-claims to clarify the existence of and bases for its right to pursue common law cross-claims against AETC for contribution and/or indemnity independent of whether AETC is determined to be a CERCLA "arranger" is, in fact, supported by the holding of the Third Circuit in Morton Int'l, Inc. v. A.E. Staley Manuf. Co., 343 F.3d 669 (3rd Cir. 2003), which AETC has cited and relies upon in support of its Motion for Summary Judgment.

     Whether or not this Court grants AETC's Motion for Summary Judgment, Ashland requests leave to amend in order to preserve and clarify the legal bases for its non-preempted common law cross-claims for contribution and indemnity against AETC even if Plaintiffs' federal claims against it are dismissed. Ashland seeks leave to amend its cross-claims now because AETC, by its Motion for Summary Judgment, has effectively asked this Court to determine to which types of claims AETC may subject. Significantly, Ashland's contractual and other common law cross-claims arise out the same agreements and courses of conduct between AETC, Ashland and Manfred DeRewal and his companies that have been the subject of thorough discovery and, more importantly, which AETC itself has placed at issue in its Motion for Summary Judgment. Thus, as AETC's Motion for Summary Judgment has created the need for the Court to address the same factual issues involved in Ashland's contractual and other common law cross-claims that it seeks to assert against AETC by its proposed Amended Answer, in the interests of judicial economy Ashland submits that the Court should simultaneously address

these same issues in the context of Ashland's instant motion as well as AETC's Motion for Summary Judgment. Ashland's instant motion simply seeks to preserve Ashland's right to pursue its common law claims against AETC notwithstanding this Court's pending ruling on AETC's Motion for Summary Judgment.

## II. **PROCEDURAL POSTURE**

In this civil action, Plaintiffs Agere Systems, Inc. ("Agere"), Cytec Industries, Inc. ("Cytec"), Ford Motor Company ("Ford"), SPS Technologies, LLC ("SPS") and TI Group Automotive Systems, LLC ("TI") seek contribution from the Defendants, including Ashland, and an allocation of response costs that Plaintiffs have allegedly incurred as a result of a release or threatened release of hazardous substances at or from the Boarhead Farms Superfund Site located in Bucks County, Pennsylvania (hereinafter, "the Site"). Plaintiffs also seek a declaratory judgment that Defendants, including Ashland, are liable for their alleged fair shares of future response costs to be incurred in connection with the ongoing remediation of the Site. Ashland has denied that it is responsible for any release, threatened release or discharge at the Site of any Hazardous Substances, as defined by Section 101(14) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9601(14) and Section 103 of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.103.

The Boarhead Farms Site became a Superfund site when it was listed by the Environmental Protection Agency ("EPA") on the National Priorities List in 1989. The EPA then issued letters to persons allegedly responsible or potentially responsible for the cost of cleaning up the Site. Three of those responsible or potentially responsible parties -- SPS Technologies, Inc. ("SPS"), Ford Motor Company ("Ford"), and Cytec Industries ("Cytec") --

who are members of a group formed by Plaintiffs as the "Boarhead Farms Agreement Group," reached a settlement with the EPA in or about February 2000 pursuant to which those entities agreed to assume responsibility for the design, operation and maintenance of Operable Unit 1 ("OU-1") of the remedy. According to Plaintiffs, "SPS, Ford, and Cytec had for some time been cooperating with each other and with certain other entities potentially responsible under CERCLA for Site response costs in the joint defense and potential settlement of EPA's claims. SPS, Ford and Cytec entered into an agreement with Agere Systems, Inc. ("Agere"), NRM Investments, Ins, ("NRM"), TI Group Automotive Systems LLC ("TI"), and Worthington Industries, Inc. ("Worthington") wherein those entities agreed to collectively fund and perform the OU-1 work . . . by contributing to an OU-1 group account, collectively hiring contractors to perform the OU-1 work, and paying the contractors from the group account. The contributions have been made on the basis of an interim [non-binding] allocation among those companies."

SPS, Ford, Cytec, and TI subsequently reached a second settlement with EPA in October 2001 for the design, operation and maintenance of Operating Unit 2 ("OU-2"). Those four entities are alleged to have entered into an agreement with each other and Agere pursuant to which the five entities have collectively funded and performed the OU-2 work. These five parties thereafter agreed to jointly pursue contribution claims against other entities, including AETC and Agere, that they allege were responsible, in whole or in part, for the Site response costs they incurred. Subsequently, the Plaintiffs collectively initiated their instant civil action on June 18, 2002 as the Boarhead Farms Agreement Group (hereinafter "BFAG"), an unincorporated association comprised of Plaintiffs Agere, Cytec, Ford, SPS, and TI. In their Complaint, BFAG sought contribution against twenty-three Defendants under CERCLA and HSCA for the response costs it allegedly incurred in connection with the clean-up of the Site.

On June 16, 2004, this Court entered a Fifth Case Management Order (Exh. "A"). The Order provided, *inter alia*, that Defendants' "Answers shall be deemed to raise cross-claims or counter claims for contribution pursuant to CERCLA and Pennsylvania Hazardous Sites Cleanup Act. All such deemed cross-claims and counterclaims shall be deemed denied. Cross-claims or counterclaims based upon separate claims peculiar to an individual party, such as claims for contractual indemnification (and other than claims against the insurance company), shall be individually pleaded."

On July 25, 2005, this Court granted Plaintiff's Motion to further Amend its Complaint in light of the Supreme Court's decision in Cooper Industries, Inc. v. Aviall Services, Inc., 543 U.S. 157 (2004). Plaintiffs' Fourth Amended Complaint, filed on August 1, 2006, added as Plaintiffs the five companies -- SPS, Ford, Cytec, TI and Agere – that made up the "BFAG" group. Following the March 27, 2006 Order denying the settled Defendants' joint motion to dismiss Plaintiffs' Fourth Amended Complaint, Ashland filed its Answer thereto on April 10, 2006.

On August 2, 2006, AETC filed its Motion for Summary Judgment contending that it was a non-generator and non-transporter of hazardous substances and a non-owner of the Site, and therefore that it was not an "arranger" or other Potentially Responsible Party under CERCLA. Accordingly, contending that it cannot be held liable to Plaintiffs under CERCLA, AETC seeks the dismissal of Plaintiffs' claims against it for CERCLA § 113 contribution. On September 14, 2006, Plaintiffs filed an answer to AETC's Motion along with a Cross-Motion for Summary Judgment seeking a declaration that AETC is subject to liability as an "arranger" under CERCLA. On October 16, 2006 AETC filed its response to Plaintiffs' Cross-Motion. AETC's Motion and Plaintiffs' Cross-Motion are set for argument on November 6, 2006. Ashland now files its Motion for Leave to Amend its Answer to Assert Common Law Cross-Claims against

AETC.[3]

### III. ASHLAND'S COMMON LAW CROSS CLAIMS AGAINST AETC

In its Motion for Leave to Amend, Ashland seeks leave to preserve and articulate supplemental legal theories upon which it may pursue cross-claims against AETC in addition to the federal CERCLA-based cross-claims already deemed to have been filed by this Court's Fifth Case Management Order (Exh. "A"). **Nothing in its proposed common law cross-claims (attached hereto as Exh. "B") will change the nature of the legal relief Ashland already seeks from AETC.** The supplemental cross-claims would simply clarify Ashland's right to seek the same relief from AETC that this Court has already deemed to have been sought by Ashland (and the other defendants) against AETC, namely, liability over from AETC to Ashland for contribution and/or indemnity for any liability that Ashland may be found to have to Plaintiffs or others in this action. The only change that would be effected by Ashland's proposed amended pleading would be an enumeration of certain specific legal theories on which Ashland's common law contribution and/or indemnity claims against AETC can be asserted, which theories this Court's Case Management Order directed (Exh. "A") be specifically pled as they arise from facts peculiar to transactions between Ashland, AETC and DeRewal. Presently, Ashland is deemed to have filed CERCLA and HSCA-based cross-claims against AETC. If AETC is determined upon resolution of its Motion for Summary Judgment to not be an arranger and therefore not subject to liability to Plaintiffs as a CERCLA PRP (as AETC has argued in its Motion for Summary Judgment), AETC would still remain subject to Ashland's and the other Defendants' cross-claims in this action, which cross-claims should include cross-claims on behalf of Ashland

---

[3] Expert reports on behalf of Plaintiffs and Defendants have been timely served. Under this Court's most recent (Eighth) Case Management Order dated May 16, 2006, Plaintiffs are required to make their rebuttal expert disclosures (if any) and produce the information required by Fed. R. Civ. P. 26(a)(2) by November 15, 2006, and all expert witness depositions must be completed by December 20, 2006. This Order also provides that Defendants may serve Plaintiffs with contention interrogatories on or before January 15, 2007.

against AETC for contribution and/or indemnity under common law theories premised on the identical facts on which the Plaintiffs' and the Defendants' current CERCLA-based claims and cross-claims against AETC are based. The proposed theories supporting Ashland's cross-claims against AETC, if permitted to be pled, would not alter in any manner the nature or extent of the relief already sought by Ashland from AETC, nor deviate from or impede this litigation from its projected course or pace.

## IV. DISCUSSION

"Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint 'shall be freely given when justice so requires,' " Boarhead Farm Agreement Group v. Advanced Environmental Technology Corp., 381 F.Supp.2d 427, 430 (E.D.Pa. 2005) (Davis, J.). "Leave to amend should be freely granted absent a concern of: (1) undue delay; (2) bad faith or dilatory motive; (3) continued failure to cure deficiencies by prior amendments; (4) undue prejudice to the opposition; or (5) futility of the amendment." Grillo v. BA Mortgage, LLC, (C.A. No. 2:03CV02897LDD), 2004 WL 2250974, *3 (E.D.Pa., Oct. 4, 2004) (Davis, J., granting motion for leave to amend pleading).

In applying this five-factor legal analysis, the United States Supreme Court has cautioned that "this mandate is to be heeded," and has held that leave to amend under Rule 15 should be denied only in the limited circumstances set forth. See Forman v. Davis, 371 U.S. 178, 182 (1962). Heeding this mandate, "[t]he Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" See In re Ford Motor Co., 39 F.Supp.2d 458, 467 (D.N.J. 1999) (citing Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3rd Cir.1990)).

None of these factors here exists, as the following analysis demonstrates.

8

1. **Ashland Has Not Unduly Delayed Seeking To Supplement Its Cross-Claim Theories Against AETC Because Until AETC Filed Its Motion For Summary Judgment, Ashland Had No Need To Seek Liability Over To It By AETC On Common Law Theories.**

Ashland has not unduly delayed the filing of its Motion for Leave to Amend. The presently pending claims and deemed cross-claims against AETC are federally-based claims under CERCLA. Viable pending claims for common law contribution and/or indemnity against a PRP are generally deemed preempted by CERCLA. See E.I. DuPont de Nemours & Co. v. United States, ___ F.3d ___, 2006 WL 2474339, at *4 (3rd Cir., Aug. 29, 2006) ("[CERCLA] § 113 also replaced any implied or common law causes of action for contribution by potentially responsible parties with an exclusive statutory remedy"); Matter of Reading Co., 115 F.3d 1111, 1117 (3rd Cir. 1997). This means that as long as viable CERCLA-based claims are pending against a PRP defendant, such claims preempt common law contribution claims against such defendant. This conclusion was also reached by the Third Circuit Court of Appeals in Morton Int'l, Inc. v. A.E. Staley Co., 343 F.3d 669 (3rd Cir. 2003). Thus, until AETC in its recently-filed Motion for Summary Judgment challenged the viability of Plaintiffs' CERCLA-based claims, there was no need to question the viability of Ashland's federally-based cross-claims against AETC under CERCLA, which cross-claims were deemed automatically asserted. In the event that AETC's motion is successful, the question undoubtedly will arise as to the impact, if any, of the Court's ruling on the Defendants' respective rights to pursue cross-claims against AETC and, equally as important, the form in which such cross-claims may proceed.

In Morton, the owner of a site previously used as a mercury processing plant sued a gas pipeline company, seeking contribution under CERCLA for the cleanup costs incurred by the owner. The pipeline company moved for summary judgment on the ground that, as a matter of law, it was not an "arranger" under CERCLA, the only basis on which liability was being

9


asserted against it. The district court granted the pipeline company's motion for summary judgment and, in so doing, also granted judgment in favor of the pipeline company on the plaintiff's common law contribution claims. The district court's decision was reversed in part and affirmed in part by the Third Circuit Court of Appeals. The appeals court held that there were triable issues of disputed fact material to the plaintiff's CERCLA-based arranger liability claims against the pipeline company and, therefore, reversed the order granting summary judgment in favor of the defendant on the plaintiff's CERCLA claims. Particularly pertinent to Ashland's instant Motion for Leave to Amend, the appeals court also affirmed the district court's entry of summary judgment in favor of the defendant on plaintiff's common law contribution claim "because that claim is preempted by CERCLA Section 113(f)", citing to Matter of Reading, *supra*.

    The Court of Appeals' mixed disposition of the appeal in Morton, on which AETC now relies in support of its Motion for Summary Judgment, highlights the appropriateness and timeliness of Ashland's motion for leave to assert additional cross-claims against AETC. Heretofore, the existence in this case of Plaintiffs' previously unchallenged "arranger" claims against AETC have had a chilling effect on the legal ability of any party to properly plead and pursue claims and cross-claims against AETC based on common law contribution and/or indemnity theories in light of the holding in Morton affirming the dismissal of common law contribution claims against a defendant while viable CERCLA contribution claims are pending. Such viability has now been challenged by AETC in this action, making Ashland's motion ripe for consideration so that Ashland can preserve its right to pursue common law contribution and indemnity claims against AETC unaffected by the outcome of AETC's Motion for Summary Judgment.

Finally, and chronologically, Ashland has not unduly delayed. Following the March 27, 2006 Order denying the settled Defendants' joint motion to dismiss Plaintiffs' Fourth Amended Complaint, Ashland filed its Answer thereto on April 10, 2006. Thus, Ashland is seeking leave to amend only issues of form involved in its Answer to Plaintiffs' Fourth Amended Complaint less than six months after Ashland filed it.

### 2. Ashland Has No Bad Faith Or Dilatory Motive.

Obviously, Ashland has no bad faith or dilatory motive in seeking to amend its cross-claims against AETC to articulate and preserve common law theories it is entitled to pursue against AETC in addition to its pending deemed CERCLA-based contribution claims. Ashland's Motion for Leave to Amend is a procedural initiative with one purpose: to ensure that Ashland has perfected its right to continue to pursue cross-claims for contribution and indemnity against AETC in the event that AETC is determined to have no liability under federal law as a CERCLA arranger. Given AETC's recently-filed Motion for Summary Judgment seeking, for the first time, the dismissal of Plaintiffs' CERCLA-based claims against it, Ashland's present motion is both appropriate and timely and hence is neither in bad faith nor dilatory.

### 3. There Has Not Been A Continued Failure By Ashland To Cure Deficiencies By Prior Amendments As This Is Ashland's Only Attempt To Amend A Pleading In This Action.

On June 16, 2004, this Court entered its Fifth Case Management Order (Exh. "A"). The Order provided, *inter alia*, that each of the defendants' CERCLA-based cross-claims would be deemed asserted while directing that party-specific cross-claims be specifically pled. Under the Order, only Ashland's deemed CERCLA-based cross-claims against AETC have been pending until now wherein Ashland is seeking leave to supplement and articulate additional legal theories on which it may proceed against AETC by cross-claim. Heretofore, Ashland has not filed, nor

11

sought to file, any amended pleadings in this case. In contrast, Plaintiffs have filed one original and four amended complaints. Thus, as there has been no "continued failure" by Ashland to cure any deficiencies in its pleadings by amendments, there is no impediment to its right to seek to amend and supplement its cross-claims at this time.

>    4.  **AETC Would Not Suffer Any Undue Prejudice Because AETC's Recently-Filed Motion for Summary Judgment Has Created The Need For Amendment To Clarify And Preserve Ashland's Contribution and/or Indemnity Claims Against AETC Notwithstanding The Possible Dismissal Of Plaintiffs' CERCLA-based Claims Against It.**

AETC would not suffer any undue or other prejudice if this Court were to grant Ashland's Motion for Leave to Amend for two reasons: first, in accordance with this Court's Fifth Case Management Order, AETC has already been defending cross-claims for contribution and/or indemnity deemed filed by Ashland and the other Defendants. Moreover, those cross-claims are not the subject of AETC's Motion for Summary Judgment. By granting Ashland's motion, AETC would not suffer any prejudice, let alone undue prejudice, because AETC is already confronted by, and will continue to be confronted by, CERCLA-based cross-claims against it. The proposed supplemental cross-claims alter only the form, not the substance, of Ashland's cross-claims by an elaboration on and extension of the legal theories supporting those cross-claims, not the factual predicate therefor nor the relief sought by Ashland against AETC.

Second, and more fundamentally, to the extent that AETC might suffer any prejudice -- which Ashland submits it would not -- such prejudice would be the direct and inevitable result of AETC's delaying until now the filing of its Motion for Summary Judgment challenging its status as an alleged "arranger" under CERCLA. Until now, Plaintiffs' claims, as well as Defendants' cross-claims, have been litigated under federal statutory theories which, if viable, would preempt the pursuit of non-CERCLA claims against AETC. As held in Morton, under federal preemption

rules common law contribution claims cannot be pursued where the defendant faces viable CERCLA claims for arranger liability. By citing and relying on Morton in its Motion for Summary Judgment, AETC implicitly recognizes that if its motion were to be granted, common law contribution claims against it would no longer be preempted. Thus, it is AETC's own motion that gives rise to the necessity for Ashland to seek to amend its cross-claims against AETC as AETC has only now raised the issue of the possible dismissal from this action of all CERCLA-based claims against it, leaving only common law claims that could be pursued against it. Ashland's motion seeks only to serve notice on AETC that it does, in fact, intend to pursue contractual and other common law contribution and indemnity theories against AETC regardless of the outcome of AETC's Motion for Summary Judgment.[4]

### 5. Ashland's Proposed Amendment Is Not Futile.

As noted above, the Plaintiffs' pursuit of viable CERCLA Section 113(f) contribution claims against AETC preempts the Plaintiffs' pursuit of relief from AETC under alternative common law contribution theories. Matter of Reading, 115 F.3d at 1117. As noted, the Third Circuit in Morton Int'l v. A.E. Staley, held that common law contribution claims cannot proceed so long as Section 113(f) arranger liability claims are pending. 343 F.3d at 685. The holding in Morton applies here with particular force as AETC can contend that given the existence of CERCLA-based claims against it for contribution, neither the Plaintiffs nor the co-defendants could pursue direct claims or cross-claims for contribution or indemnity against it under common law theories. That contention has now been placed at issue by AETC through its pending

---

[4] If AETC prevails on its Motion, Ashland anticipates that AETC may file a Motion for Summary Judgment seeking the dismissal of all federal CERCLA-based cross-claims against it (necessitated in part by the federal law prohibition that bars AETC from seeking the dismissal of the pending cross-claims against AETC through AETC's current Motion for Summary Judgment, as discussed in note 2, *supra*). Ashland files its Motion for Leave to Amend now to moot any future contention by AETC that Ashland should have sought leave to assert common law cross-claims before AETC sought the dismissal of any cross-claims against it.

13

Motion for Summary Judgment wherein AETC contends that it cannot be liable under CERCLA theories. Thus, Ashland's proposed Amendment is certainly not futile given that AETC is now asking this Court to dismiss the Plaintiffs' federal CERCLA-based "arranger" liability claims against it, which claims, if left unchallenged by AETC, would arguably preempt any common law claims against it and, in any event, would have been unnecessary to preserve Ashland's right to seek relief against AETC in this action. By virtue of AETC's Motion for Summary Judgment, Ashland's common law cross-claims are no longer unnecessary and are therefore anything but "futile."[5]

---

[5] There is a division within the district courts as to which party bears the burden on a motion to amend a pleading under Fed. R. Civ. P. 15. Some courts have held that "the burden is generally on the non-moving party to demonstrate why leave to amend should not be granted," e.g., Rizzo v. PPL Service Corp., (C.A. Nos. 03-5779, 03-5780, 03-5781), 2005 WL 1397217, at *3 (E.D. Pa., June 10, 2005). Other courts have held that the "applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment," Katzenmoyer v. City of Reading, 158 F.Supp.2d 491, 497 (E.D. Pa. 2001); Benson v. City of Philadelphia, (C.A. No. 89-CV-8571), 2000 WL 1230250, at *2 (E.D. Pa., Jul 24, 2000); Thomas v. State Farm Ins. Co., (C.A. No. 99-CV-2268), 1999 WL 1018279, at *3 (E.D. Pa., Nov. 5, 1999); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463 (D.N.J. 1990). **However, it has been held specifically that "courts place a heavy burden on opponents who wish to declare a proposed amendment futile."** (Emphasis added.) Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 765 (D.N.J.2000); Air Products and Chemicals, Inc. v. Eaton Metal, 256 F.Supp.2d 329, 332-33 (E.D. Pa. 2003) (same quotation). Thus, if AETC or any other party were to oppose Ashland's proposed supplemental cross-claims against AETC on the grounds of futility, which Ashland does not presently anticipate, such opposing party will bear a "heavy burden" in doing so.

In any event, Ashland's proposed common law cross-claims clearly would survive a motion to dismiss and, therefore, are not futile as a matter of law. "Futility exists where the added claim would be subject to dismissal under Rule 12(b)(6), and in such cases the motion for leave to amend should be denied." See Air Products and Chemicals, Inc. v. Eaton Metal, 256 F.Supp.2d 329, 332 (E.D. Pa. 2003). Under the "strong liberality" standard required by The United States Court of Appeals for the Third Circuit, the "[p]roposed amended pleading must be viewed in light most favorable to movant and should not be rejected, unless it is clear that movant is not entitled to any relief thereunder." See Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Air Products and Chemicals, Inc. v. Eaton Metal, supra. "In making this determination, a court is to apply the standards applicable to a motion under Rule 12(b)(6). Thus, the proposed amended pleading must be viewed in the light most favorable to the plaintiff [here, Ashland as the cross-claim plaintiff] and should not be rejected unless it is clear that the plaintiff is not entitled to any relief thereunder." Id.

Ashland's proposed amended cross-claims pass this test and set forth meritorious causes of action under Pennsylvania law, without exception, because

- Ashland's Breach of Contract Cross-Claim (Count I) clearly establishes: (1) the existence of a contract, including its essential terms; (2) the breach of a duty imposed by the contract; and (3) resultant damages. Pennsylvania law provides that an unwritten "handshake agreement" can be an enforceable promise, as noted in Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir.2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa.Super. 1999);

14

- Ashland's Cross-Claims for Breach of Enforceable Oral Agreement (Count II) and Breach of Implied Contract Cross-Claims (Count III) clearly pass the test for the enforceability of an oral or implied agreement, namely: (1) whether both parties have manifested intention to be bound by its terms; (2) whether terms are sufficiently definite to be specifically enforced; and (3) whether there is consideration on both sides. Channel Home Ctrs. v. Grossman, 795 F.2d 291, 298-99 (3d Cir.1986) (reviewing application of Pennsylvania law); Mitchell v. Moore, 729 A.2d 1200, 1203 n.2 (Pa.Super. 1999);

- Ashland's Unjust Enrichment Cross-Claim (Count IV) clearly passes the test for an unjust enrichment claim, namely: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) retention of such benefits under such circumstances that it would be inequitable for defendant to retain benefit without payment of value." Allegheny General Hosp. v. Philip Morris, Inc., 228 F.3d 429, 448 (3d Cir. 2000); Baker v. Family Credit Counseling Corp., 440 F.Supp.2d 392, 419 (E.D. Pa. 2006);

- Ashland's Detrimental Reliance (Promissory Estoppel) Cross-Claim (Count V) clearly establishes the elements of this cause of action, namely: "(1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." See Edwards v. Wyatt, 335 F.3d 261, 277 (3d Cir. 2003) (Pennsylvania substantive law);

- Ashland's Fraud in the Inducement Cross-Claim (Count VI) clearly sets forth the elements for this cause of action, namely: "(1) a material misrepresentation of fact; (2) the maker was aware of its falsity or reckless as to whether it was true or false; (3) the statement was made or omitted with the intent of misleading or inducing the plaintiff to rely on it; (4) justifiable reliance by the plaintiff on the misrepresentation; (5) damages to the plaintiff as a proximate result of reliance on the misrepresentation; and (6) the misrepresentation was made with the specific intent to induce another to enter into a contract when the person had no duty to do so." See In re Allegheny Int'l, Inc., 954 F.2d 167, 179 (3d Cir.1992) (Pennsylvania substantive law);

- Ashland's Failure to Exercise Reasonable Care Over Contractor/Agent and Negligent Hiring, Supervision and Retention Cross-Claims (Restatement (Second) of Torts § 317) (Counts VII, VIII, IX and X) also clearly satisfy the elements of these causes of action, namely: "A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control." See Austin v. Norfolk Southern Corp., (No. 04-1568) 158 Fed.Appx. 374 (3d Cir., Dec. 14, 2005) (quoting elements from Hutchison ex rel. Hutchison v. Luddy, 742 A.2d 1052 (Pa. 1999)); Mahan v. Am-Gard, Inc., 841 A.2d 1052, 1061-62 (Pa.Super. 2003), appeal denied, 858 A.2d 110 (Pa. 2004); and

- Pennsylvania's appellate courts have held that an indemnity and/or contribution claim does not accrue and the statute of limitations does not start to run until the cause of action arises, or the liability is fixed and discharged. This means that the claim accrues at the time the indemnity or contribution claimant "suffers loss or damage, that is, the time of payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnity." See Borough of West View v. North Hills School Dist., 274 Pa.Super. 519, 523, 418 A.2d 527 (1980). Thus, Ashland's Cross-Claims for common law and contractual indemnification and/or contribution are not time-barred under the statute of limitations.

## V. CONCLUSION

For all the foregoing reasons, Defendant Ashland, Inc. respectfully submits that its Motion for Leave to Amend its Answer to Assert Common Law Cross-Claims for Contribution and/or Indemnity against Defendant Advanced Environmental Technology Corporation should be granted, thereby permitting Ashland to file its proposed amended Answer in the form attached hereto.

Respectfully submitted,

RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
BRENT A. COSSROW, ESQUIRE
Attorney I.D. No. 88361
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
TEL: (215) 546-0500
FAX: (215) 546-9444

Counsel for Defendant Ashland Inc.

Date: October 31, 2006

G:\DATA\1357-29\PLDGS\MemoMotionforLeaveAmdAnswer-4thAmdCmplt-NMCC-FINAL.doc.DOC

**CERTIFICATE OF SERVICE**

I, Richard C. Biedrzycki, Esquire, hereby certify that on this 31st day of October, 2006, I caused a true and correct copy of Defendant Ashland Inc.'s foregoing Motion for Leave to Amend Its Answer to Assert Common Law Cross-Claims against Defendant Advanced Environmental Technology Corporation, with supporting Memorandum of Law and Proposed Order, to be electronically filed through the ECF system and served by e-mail as follows:

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636
e-mail:  harrisg@ballardspahr.com
*Counsel for Plaintiffs*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
280 Corporate Center
5 Becker Farm Road
Roseland, New Jersey  07068-1776
e-mail:  tsabino@wolffsamson.com
*Advanced Environmental Technology Corp.*

Lynn Wright, Esquire
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York  10022-1200
e-mail:  lwright@eapdlaw.com
*Carpenter Technology Corporation*

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
e-mail:  scooley@duanemorris.com
*Flexible Circuits*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
e-mail: mflax@carellabyrne.com
**Handy & Harman Tube Company**

Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1815
e-mail: schawaga@monteverde.com
**Merit Metal Products Corp.**

Edward Fackenthal, Esquire
Henderson, Weitherill, O'Hey & Horsey
Suite 902 - One Montgomery Plaza
P.O. Box 751
Norristown, PA 19404
e-mail: edwardfackenthal@cs.com
**NRM Investment Co.**

Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
e-mail: Andrew.Foster@dbr.com
    Adina.Bingham@dbr.com
**Rahns Specialty Metals, Inc.**
**Techalloy Co., Inc.**
**Thomas & Betts Corporation**
**Unisys Corporation**

_____
RICHARD C. BIEDRZYCKI

Date: October 31, 2006

18