# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 02-3830 (LDD)<br><br>**DECLARATION OF THOMAS SABINO IN OPPOSITION TO DEFENDANT ASHLAND'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER** |

THOMAS SABINO pursuant to 28 U.S.C. 1746 hereby declares as follows:

1. I am an attorney-at-law of the State of New Jersey and Counsel with the firm of Wolff & Samson, attorneys for Defendant Advanced Environmental Technology Corp. ("AETC") in the within matter. I am admitted pro hac vice in the above-captioned matter on behalf of AETC. I submit this declaration in connection with AETC's opposition to the motion of Defendant Ashland, Inc. seeking leave to file an Amended Answer asserting eight common law claims against AETC.

2. During the course of this litigation eight case management orders have been entered by the Court. The parties negotiated the terms of the CMOs and submitted them to the Court for consideration and execution. In connection with CMO5, dated June 16, 2004, it was Ashland's counsel who requested the inclusion of the provision in paragraph 1 allowing any defendant to assert "separate claims peculiar to an individual party" such as contractual indemnity or other common cross-claims.

1041552.1

3. In connection with the above-captioned action, AETC served Interrogatories upon the Plaintiffs seeking the factual and legal basis of Plaintiffs claims against AETC. AETC then filed a motion against the Plaintiffs to overrule objections and to compel more specific answers to Interrogatories. By Order dated January 25, 2005 the Court denied AETC's motion but did provide that AETC could serve contention Interrogatories upon the Plaintiffs as to the disputed issues at the end of expert discovery. AETC served not only an expert report on its own behalf (by Ransom Environmental dated September 27, 2006), but also participated in preparation and service of a joint Defendants' expert report by Joseph Hochreiter, CGWP, dated Setpember 29, 2006.

4. Since Ashland, and none of the other Defendants in this action, did not file common law cross-claims against AETC (despite the allowance of same in CMO5), AETC did not serve discovery upon any of the other Defendants during fact discovery. Specifically, AETC did not serve Interrogatories on Ashland, did not notice and depose any Ashland representatives, and did not retain an expert to prepare a report regarding Ashland. If, in fact, Ashland or another of the Defendants had filed common law cross-claims against AETC, AETC would have acted as it did vis-a-via the Plaintiffs: served Interrogatories, noticed depositions, engaged in motion practice and served expert reports.

5. If Ashland's motion for leave to file an Amended Answer to the Fourth Amended Complaint asserting eight common law claims against AETC is granted, in order to defend those claims (and to adequately prepare for trial), AETC will have to engage in discovery with Ashland regarding the eight common law cross-claims. I estimate, that at a minimum, the following will have to be done in order to adequately defend AETC over an eight month period: 1) prepare and serve Interrogatories upon Ashland (30-days); 2) wait for Ashland's Interrogatory answers, review same and notice the depositions of the persons

1041552.1

identified as having relevant knowledge of Ashland's cross-claims (60-90 days); 3) retain an expert to deal with the issues raised by Ashland's cross-claims and concomitant discovery and prepare and serve expert reports (60-days); and 4) review any rebuttal expert reports and the taking of expert depositions (60-days).

6.  In connection with its pending motion, Ashland claims that it is moving to assert common law claims against AETC as a result of AETC currently pending motion for summary judgment that it is not a CERCLA "arranger" and that this issue was raised by AETC's currently pending motion. In truth, during the 2003-04 mediation held with retired Judge Cahn, Ashland and AETC were aligned together and Ashland was well aware during that mediation that AETC contested its "arranger" status. Moreover, Ashland (and all the other Defendants) have been aware since July 2004 when AETC filed its first answer in this action, that AETC has denied CERCLA "arranger" status. (See Affirmative Defense no. 5 to AETC's July 15, 2004 Answer, attached hereto as Exhibit A.)

I declare under penalty of perjury that the foregoing is true and correct.

_____
THOMAS SABINO

Executed on November 16, 2006

1041552.1