IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : |
| v. | : |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : <br> : <br> : |
| Defendants. | : <br> : |

## MOTION OF PLAINTIFFS TO COMPEL PRODUCTION OF DRAFTS OF THE EXPERT REPORT PREPARED BY KIRK W. BROWN, Ph.D.

Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems LLC ("Plaintiffs"), by and through their attorneys, hereby moves to compel Defendant Handy & Harman Tube Company to produce drafts of the expert report prepared by Kirk W. Brown, Ph.D. Plaintiffs rely upon the grounds set forth in the accompanying Memorandum of Law and exhibits attached thereto in support of its Motion.

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership

Dated:  December 12, 2006          By: _____
                                        Glenn A. Harris, Esquire
                                        Amy M. Trojecki, Esquire
                                        Plaza 1000, Suite 500, Main Street
                                        Voorhees, New Jersey  08043
                                        Phone: (856) 761-3400
                                        Fax:  (856) 761-9001

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DRAFTS OF THE EXPERT REPORT PREPARED BY KIRK W.
BROWN, Ph.D.**

**INTRODUCTION**

Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS

Technologies, LLC and TI Group Automotive Systems LLC ("Plaintiffs") bring this motion to

compel the production of drafts of the expert report prepared by Dr. Kirk W. Brown, Ph.D. ("Dr.

Brown"), a witness designated by Defendant Handy & Harman Tube Company ("Handy")

pursuant to Fed. R. Civ. P. 26(a)(2).

Dr. Brown testified on December 1, 2006 at deposition that he created drafts of

his September 29, 2006 expert report, that he provided at least two different versions of those

drafts to counsel for Handy, that he changed subsequent drafts of his report based upon

comments from counsel, and that he destroyed all copies of those drafts. Those drafts, as well as

other materials prepared by or relied upon by Dr. Brown, are discoverable, and were specifically

requested by Plaintiffs for production prior to the beginning of Dr. Brown's deposition. Handy

should be ordered to make a complete investigation of the paper and electronic files of each

person involved in the creation or review of these materials to determine whether any copies of

those materials still exist in some form, and production of any materials located should be

ordered.

## STATEMENT OF FACTS

On September 29, 2006 Handy produced a report from Dr. Brown of that date,

thereby designating Dr. Brown as an expert witness. Eighth Case Management Order at ¶2. On

or about October 30, 2006 Plaintiffs served a Notice of Deposition of Dr. Brown and requested in

that notice the production of: ". . . his complete file, including, but not limited to, all materials in

his possession, or on which he relied in reaching the opinions set forth in his report in this case,

or about which he will testify at trial, including notes, draft copies of his report, photographs,

videotape or any other written document." The cover letter additionally requested that all such

materials be produced within fourteen days. Copies of the Notice of Deposition and cover letter

are attached to the Certification of Amy M. Trojecki, Esquire and marked as Exhibit "A".

On or about November 27, 2006, Handy provided to Plaintiffs two CD-ROM

discs purporting to contain all of Dr. Brown's files. No drafts of Dr. Brown's report were

included on the discs and there was no document appearing to be an e-mail or cover letter

transmitting any such drafts to counsel for Handy. Dr. Brown testified at the first day of his

deposition that at least two drafts of his report were provided to counsel for Handy, that he had

discussions with counsel about the drafts, that counsel requested that changes be made to the

report, and that changes were made based upon those requests. Transcript of Kirk W. Brown,

Ph.D., December 1, 2006, at 48-50. Relevant portions of the transcript are attached to the

Trojecki Certification and marked Exhibit "B". When asked whether he had copies of those

drafts, Dr. Brown replied: "I don't believe so." Transcript at 50. Dr. Brown further testified that

it was his "practice" to destroy all written drafts of his report and to overwrite on the computer

the file containing his draft report each time changes to or additions were made to the report.

Transcript at 48-50. Dr. Brown also testified that he was given no instructions by counsel for

Handy at the time of his retention or otherwise concerning the creation, handling, or retention of

draft reports, or about proper handling of notes or communications with counsel relating to his

work. Transcript at 48-49. The retention letter from counsel for Handy contained no such

instructions. August 18, 2006 letter from John Agnello, Esquire to Kirk W. Brown, Ph.D. A

copy of the retention letter is attached to the Trojecki Certification and marked Exhibit "C".

Counsel for Handy was asked at the deposition of Dr. Brown whether counsel had

copies of the draft reports provided by Dr. Brown (either directly or through Mr. Golladay), to

which counsel replied: "I don't believe so." Transcript at 50. On December 5, 2006, counsel for

Plaintiffs sent an e-mail to counsel for Handy stating:

> This is to follow up on the first day of Dr. Brown's deposition.
>
> Based on Dr. Brown's testimony, it appears that drafts of Dr.
> Brown's report were provided to Carella Byrne. Please ensure that
> a search is conducted of all files, including electronic files (and
> archives of such files) to locate drafts of his report and any and all
> communications concerning those drafts (or any other aspect of his
> work on this matter). Such documents are responsive to our notice
> for Dr. Brown's deposition. Please confirm as soon as possible
> whether those drafts and communications still exist, and, if so,
> produce them. Thank you.

December 5, 2006 e-mail from Trojecki to Flax. A copy of the December 5, 2006 e-mail is
attached to the Trojecki Certification and marked Exhibit "D". Counsel for Handy replied by e-

mail on or about December 6, 2006:

> Plaintiff's notice for Dr. Brown's deposition requested that Dr. Brown product his complete file. I provided you with copies of Dr. Brown's complete file and therefore we have complied with your request. To the extent that you are requesting documents from my file, such a request is inappropriate. Notwithstanding the foregoing, as I advised you during an afternoon break on Friday, December 1, 2006, my files does not contain any drafts of Dr. Brown's report.

December 6, 2006 e-mail from Flax to Trojecki. A copy of the December 6, 2006 e-mail is attached to the Trojecki Certification and marked Exhibit "E".

## ARGUMENT

This Court recently held that all materials an expert generates, reviews, reflects upon, reads, and/or uses in formulating his conclusions are discoverable, including e-mails, retainer letters and invoices, and draft expert reports. *Synthes Spine Co. v. Walden*, 232 F.R.D. 460 (E.D. Pa. 2005)(Davis, J.). That holding is the better reasoned and majority rule in Federal Court and was certainly the law in this courtroom prior to the retention by Handy of Dr. Brown and the creation and destruction of the drafts of Dr. Brown's report and related documents. Counsel for Handy failed to communicate Dr. Brown these rules. Indeed, it appears that counsel itself intentionally destroyed such documents.

Following the first day of Dr. Brown's deposition, Plaintiffs requested that Handy conduct a search of all written files, electronic files, and archived electronic files in the possession, custody or control of counsel, Dr. Brown, and anyone working with Dr. Brown to determine conclusively whether any of the drafts of Dr. Brown's report still exist. Counsel's conclusory response that "my file does not contain any drafts of Dr. Brown's report" is simply inadequate. If, for example, Dr. Brown or Mr. Golladay (a person who worked with Dr. Brown on his report) transmitted copies of draft reports to counsel by e-mail, it is simply impossible to

believe that those e-mails and the attachments thereto do not still exist on Mr. Golladay's computer, Dr. Brown's computer, or on the computer system of counsel for Handy.  It would be remarkable if at least counsel for Handy did not have some firm-wide archive or back-up system wherein these e-mails still reside.

Plaintiffs and this Court are entitled to know what happened here.  Handy should be ordered to conduct a full and complete investigation into what drafts were provided to counsel by Mr. Golladay or Dr. Brown and the manner in which those drafts were communicated.  Handy should additionally be ordered to make all appropriate inquiry of Mr. Golladay, Dr. Brown, and persons in charge of the computer systems at each of their offices, including counsel's, to determine the continuing existence of any such documents.  Finally, Handy should be required to provide a certification to this Court setting forth the results of its investigation.  Any drafts and other documents discovered through that process should be immediately produced.[1]

---

[1]     It may be that all such documents were in fact destroyed by Mr. Golladay, by Dr. Brown, and by counsel for Handy.  Plaintiffs will then have been permanently deprived of relevant and discoverable evidence.  If so, Plaintiffs intend further motion practice to seek appropriate sanctions.  *Schmid v. Milwaukee Electric Tool Corporation*, 13 F.3d 76 (3d Cir. 1994).

## **CONCLUSION**

For all of the foregoing reasons, and in the interest of justice, Plaintiffs respectfully request an order be entered requiring Handy to produce all extant drafts and other documents relating to the creation of Dr. Brown's September 29, 2006 report and to provide a certification to the Court as set forth above concerning its efforts to locate any such documents.

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership

By: _____
    Glenn A. Harris
    Amy M. Trojecki

Dated: December 12, 2006

DMEAST #9682239 v2                                6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : : | |

**CERTIFICATION OF AMY M. TROJECKI, ESQUIRE IN SUPPORT OF MOTION OF PLAINTIFFS TO COMPEL THE PRODUCTION OF DRAFT EXPERT REPORTS PREPARED BY KIRK W. BROWN, Ph.D.**

AMY M. TROJECKI, ESQUIRE hereby certifies and says:

1.      I am an associate with the law firm of Ballard Spahr Andrews & Ingersoll, LLP, counsel for Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems, LLC ("Plaintiffs") in the above-captioned matter.  I submit this certification in support of the Motion to Compel the Production of Draft Expert Reports Prepared by Kirk W. Brown, Ph.D. ("Dr. Brown").

2.      Copies of the October 30, 2006 Notice of Deposition and cover letter are attached hereto and marked as Exhibit "**A**".

3.      Relevant portions of the December 1, 2006 transcript of Dr. Brown are attached hereto and marked Exhibit "**B**".

4.      A copy of the retention letter from counsel for Handy is attached hereto and marked as Exhibit "**C**".

5.      A copy of the December 5, 2006 e-mail from me to Melissa Flax, Esquire is attached hereto and marked as Exhibit "**D**".

6.      A copy of the December 6, 2006 e-mail from Melissa Flax, Esquire to me is attached hereto and marked as Exhibit "**E**".

I certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are wilfully false, I am subject to punishment.

_Amy Trojecki_
Amy M. Trojecki

Dated:  December 11, 2006

# *Exhibit "A"*

LAW OFFICES

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP

PLAZA 1000 · SUITE 500

MAIN STREET

VOORHEES, NEW JERSEY 08043-4636

856-761-3400

FAX: 856-761-1020

WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA

BALTIMORE, MD

BETHESDA, MD

DENVER, CO

LAS VEGAS, NV

PHOENIX, AZ

SALT LAKE CITY, UT

WASHINGTON, DC

WILMINGTON, DE

PARTNER RESPONSIBLE FOR

VOORHEES, NJ PRACTICE

BENJAMIN A. LEVIN

**AMY M. TROJECKI**
DIRECT DIAL: (856) 761-3414
PERSONAL FAX: (856) 761-9014
E-MAIL: TROJECKIA@BALLARDSPAHR.COM

October 30, 2006

<u>**Via E-mail and U.S. mail**</u>

ALL COUNSEL ON ATTACHED
SERVICE LIST

        Re:    Agere Systems, Inc., et al. v. Advanced Environmental
             <u>Technology Corporation, et al.; C.A. No. 02-CV-3830</u>

Dear Counsel:

       I am enclosing Notices of Deposition requiring the production of defendants'
experts for deposition. We ask that each expert produce their respective files, including, but not
limited to, all materials in the expert's possession, or on which he relied in reaching the opinions
set forth in his report in this case, or about which he will testify at trial, including notes, draft
copies of the expert's report, photographs, videotape or any other written documents, within the
next fourteen (14) days. Please let us know immediately if any of the dates and locations for the
depositions are not workable so that the depositions can be completed by December 20, 2006, as
required by Case Management Order No. 8 dated May 16, 2006.

       Very truly yours,

       *Amy Trojecki*

       Amy M. Trojecki

AMT/cdg
Enclosures

DMEAST #9654404 v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC | : : : : : : | |
| Plaintiffs, | : | Civil Action No. 02-CV-3830 (LDD) |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : | |

## <u>NOTICE OF DEPOSITION</u>

**TO**:     Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey  07068-1739
Phone: 973-994-1700
Fax:  973-994-1744
e-mail:  mflax@carellabyrne.com

PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure,

defendant will take the deposition of Kirk W. Brown, Ph.D. on December 1, 2006, at 9:00 a.m.,

at the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, Philadelphia,

Pennsylvania.

PLEASE TAKE FURTHER NOTICE that Dr. Brown is to produce his complete file,

including, but not limited to, all materials in his possession, or on which he relied in reaching the

opinions set forth in his report in this case, or about which he will testify at trial, including notes,

draft copies of his report, photographs, videotape or any other written document.

_Amy Trojecki_

Glenn A. Harris, Esquire
Amy M. Trojecki, Esquire

Attorneys for Defendant
Boarhead Farms Agreement Group

Dated :  October 30, 2006

## CERTIFICATE OF SERVICE

I, Amy M. Trojecki, hereby certify that I caused a true and correct copy of the foregoing Notice of Deposition to be served on counsel listed below on this 30th day of October, 2006 via e-mail and U.S. mail:

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Phone: 973-994-1700
Fax: 973-994-1744
e-mail: mflax@carellabyrne.com
*Handy & Harman Tube Company*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
Phone: 973-325-1500
Fax: 973-325-1501
e-mail: tsabino@wolffsamson.com
-and-
Robert M. Morris, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street
P.O. Box 30477
Philadelphia, PA 19103
Phone: 215-568-5621
Fax: 215-568-3253
e-mail: rmmorris@morrisadelman.com
Advanced Environmental Technology Corp.

Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
Suite 1600
121 South Broad Street
Philadelphia, PA 19107
Phone: 215-546-0500
Fax: 215-546-9444
e-mail: rbiedrzycki@pp-b.com
*Ashland, Inc.*

Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Phone: 215-998-2700
Fax: 215-988-2757
e-mail: Andrew.foster@dbr.com
*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*

Edward Fackenthal, Esquire
Law Office of Edward Fackenthal
One Montgomery Plaza
Suite 209
Norristown, PA 19401
Phone: (610) 279-3370
Fax: (610) 279-0696
*NRM Investment Co.*
e-mail: edwardfackenthal@cs.com

Lynn Wright, Esquire
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, New York 10022-1200
Phone: 212-308-4411
Fax: 212-308-4844
e-mail: lwright@ealaw.com
*Carpenter Technology Corporation*

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA 19103-7396
Phone: 215-979-1000
Fax: 215-979-1020
e-mail: secooley@duanemorris.com
*Flexible Circuits & Etched Circuits*
-and-

A. Nicole Friant, Esquire
Duane Morris LLP
One Liberty Place
Suite 4200
Philadelphia, PA  19103-7396
Phone:  215-979-1818
Fax:  215-979-1020
e-mail:  anfriant@duanemorris.com

Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
Phone:  215-557-2900
Fax:  215-557-2990
e-mail:  schawaga@monteverde.com
*Merit Metals Products Corp.*


I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Amy M. Trojecki, Esquire

*Exhibit "B"*

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
 2              CIVIL ACTION No. 02-CV-3830(LDD)

 3

   AGERE SYSTEMS, INC., CYTEC      *
 4 INDUSTRIES, INC., FORD
   MOTOR COMPANY, SPS              *
 5 TECHNOLOGIES, LLC and
   TI GROUP AUTOMOTIVE             *
 6 SYSTEMS, LLC,                           DEPOSITION OF:
                Plaintiffs,        *
 7                                         KIRK W. BROWN
                vs.                *
 8
   ADVANCED ENVIRONMENTAL          *
 9 TECHNOLOGY CORPORATION,
   et al.,                         *
10              Defendants.
   ------------------------------*
11

12              T R A N S C R I P T of the stenographic

13 notes of the proceedings  in the above-entitled

14 matter, taken by and before DEBRA DeLOOF,  a

15 Certified Shorthand Reporter and Notary Public of

16 the State of New Jersey, held at the offices of

17 Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart &

18 Olstein, P.C., 5 Becker Farm Road, Roseland, New

19 Jersey, on Friday, December 1, 2006, commencing

20 at 10:15 a.m.

21

22

23

24

25
```

Page 2

1  A P P E A R A N C E S :
2  BALLARD, SPAHR, ANDREWS & INGERSOLL, LLP
   BY: AMY TROJECKI, ESQ.
3  1735 Market Street
   Philadelphia, Pennsylvania 08043
4  Attorneys for Plaintiffs
5  CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI,
   STEWART & OLSTEIN, P.C.
6  BY: MELISSA FLAX, ESQ.
   JOHN M. AGNELLO, ESQ.
7  5 Becker Farm Road
   Roseland, New Jersey 07068-1739
8  Attorneys for Defendant, Handy & Harman
9  WOLFF & SAMSON, PC
   BY: THOMAS W. SABINO, ESQ.
10 One Boland Drive
   West Orange, New Jersey 07052
11 Attorneys for Defendant, Advanced Technology
12 EDWARDS, ANGELL, PALMER & DODGE, LLP
   BY: LYNN WRIGHT, ESQ.
13 51 John F. Kennedy Parkway
   Short Hills, New Jersey 07078
14 Attorneys for Defendant, Carpenter Technology
15 PHELAN, PETTIT & BIEDRZYCKI, ESQS.
   BY: JEFFREY L. PETTIT, ESQ.
16 121 South Broad Street, Suite 1600
   Philadelphia, Pennsylvania 19107
17 Attorneys for Defendant, Ashland Chemical
18 DUANE MORRIS, LLP
   BY: SETH v.d.H. COOLEY, ESQ.
19 30 South 17th Street
   Philadelphia, Pennsylvania 19103-4196
20 Attorneys for Defendant, Flexible Crevits
21 DRINKER, BIDDLE & REATH, ESQS.
   BY: ANDREW P. FOSTER, ESQ.
22 18th and Cherry Streets
   Philadelphia, Pennsylvania 19103-6996
23 Attorneys for Thomas & Betts, and RSM
24
25     ALSO PRESENT: Kalisha Crawford

Page 3

1        I N D E X
2
   WITNESS     DIRECT    CROSS    REDIRECT    RECROSS
3
4  KIRK W. BROWN
5
6  By Ms. Trojecki 4
7
8
9
10
11        E X H I B I T S
12
   NUMBER    DESCRIPTION              PAGE
13
   BROWN-1   Expert Report              5
14
   BROWN-2   E-mail dated 8/18/06      39
15
   BROWN-3   Invoice dated 10/5/06     57
16
   BROWN-4   Invoice dated 10/5/06     57
17
   BROWN-5   E-Mail from John Coates   109
18
   BROWN-6   DeRewal Invoice 2/5/73    113
19
   BROWN-7   Interview of Jay Crawford 135
20
21
22
23
24
25

Page 4

1  KIRK W. BROWN,    residing at 12684
2     Hunters Creek Road, College Station, Texas,
3     having been first duly sworn by Debra
4     DeLoof, a Notary Public of the State of New
5     Jersey was examined and testified as
6     follows:
7
8  DIRECT EXAMINATION BY MS. TROJECKI:
9     Q.   Good morning, Mr. Brown. My name is Amy
10 Trojecki. I represent the plaintiffs in this action.
11 I just want to go over some preliminary instructions
12 with you. First, you understand that your answers are
13 under oath and they carry the same weight as they
14 would if you were in court. I ask that you give
15 verbal responses rather than nodding or using hand
16 gestures so the Court Reporter can take down your
17 testimony. I ask that you wait until I finish my
18 question before you begin to answer yours so that only
19 one of us is talking at a time. Please give full and
20 complete answers. I may ask you to estimate or
21 approximate at times but please do not guess. If you
22 realize that an answer that you provided to me is
23 incorrect at any point or needs to be supplemented
24 please let me know and we can take care of that.
25     Your lawyer is permitted to object to

Page 5

1  a question, however, you must still answer the
2  question. If you don't understand a question that
3  I'm asking just ask from clarification and I'll try
4  to revise it.
5     Are you on any medication that you
6  will affect your ability to testify this morning?
7     A.   No.
8     Q.   Could you give me your date of birth?
9     A.   July 3rd, 1940.
10     Q.   I am going to hand you your expert
11 report in this matter I'm going to have it marked as
12 your first exhibit, Brown 1.
13        (Plaintiff's Exhibit No. Brown-1,
14        Expert Report, was marked for
15        identification at this time.)
16     Q.   I'm going to ask you to turn to your CV.
17     A.   Yes.
18     Q.   I see that you have three degrees in
19 Agronomy.
20     A.   Yes.
21     Q.   Can you describe for me exactly what
22 that is.
23     A.   Agronomy has two divisions, plant
24 science and soil science, and I specialize in soil
25 science aspects of it, particularly chemical and

2 (Pages 2 to 5)

Page 46

1  hazardous waste streams and then the hundreds of cases
2  that I -- situations that, not particularly legal
3  cases but the hundreds of contacts I've had since then
4  with industrial activities and their wastes and the
5  waste that they generate.
6      Q.    And then just to confirm, you do not
7  recall ever working for a client or working in a case
8  where you were asked to characterize the waste of a
9  manufacturer of steel tubing?
10          MS. FLAX:  Objection as to form.
11  Asked and answered.
12     Q.    Is that correct?
13     A.    That's correct.
14     Q.    The third thing that I believe you
15  mentioned, the third item that you mentioned you were
16  asked to do in this matter was to identify the types
17  of wastes that might have gone to the site?
18          MS. FLAX:  Objection as to form.
19     Q.    Can you explain that?
20     A.    That was the types of waste from the
21  other defendants.
22     Q.    And your expertise that would allow you
23  to do that, what is that?
24     A.    The same as we just discussed.
25     Q.    Were you given documents to review as

Page 47

1  part of your serving as an expert in this case?
2      A.    Yes.
3      Q.    How did you identify which documents you
4  wanted to review?
5          MS. FLAX:  Objection as to form.
6      A.    Counsel sent me an initial package of
7  documents and then after reviewing those I made
8  specific requests for additional documents.
9      Q.    What were the additional documents that
10  you remember requesting?
11     A.    104E's for the defendants, I asked for
12  depositions of the DeRewal employees, particularly the
13  truck drivers, DeRewal, Sr., DeRewal, Jr., Bruce, and
14  other truck drivers.  I asked for depositions of the
15  employees of Handy & Harman, particularly Mr. Curran.
16     Q.    Anything else?
17     A.    That's what I remember.  Now there are
18  transmittal documents in the file which we used to
19  flush that out and it actually tells what was being
20  transmitted either by Bates code or by document type.
21     Q.    From you to?
22     A.    No, from counsel to me.
23          MS. FLAX:  Let's take a break.
24          (There was a break in the
25          proceedings.)

Page 48

1      Q.    Did you speak with any Handy & Harman
2  employees in the process of creating your expert
3  opinion in this matter?
4      A.    No.
5      Q.    Did you create any drafts of your expert
6  report?
7      A.    I don't save any drafts so as I change
8  things they're automatically over written, so there
9  are no --
10     Q.    You don't save them electronically?
11     A.    No.
12     Q.    Do you save them as new versions of the
13  document?
14          MS. FLAX:  Objection as to form.
15     Q.    Do you save drafts as new versions?
16          MS. FLAX:  Objection.
17     A.    No.
18     Q.    You don't save them at all?
19     A.    No.
20     Q.    Were you given any instructions by Handy
21  & Harman's lawyers as to what to do with draft
22  reports?
23     A.    No.  It's my policy -- it's fodder for
24  lawyers to chew on.
25     Q.    Did you print out any copies of your

Page 49

1  report as you were creating it?
2      A.    Yes.
3      Q.    Do you have copies of those printouts?
4      A.    No.  Once they're corrected I dispose of
5  them.
6      Q.    Did your lawyers ever see any copies of
7  your draft reports?
8      A.    Yes.
9      Q.    Did you send them by e-mail?
10     A.    I did not personally send them by e-mail
11  and I don't know how they were sent.  Mike Golladay in
12  the office transmits things for me.  I don't know
13  whether they were e-mail or what.
14     Q.    But you do know that you sent copies of
15  the draft reports to Handy & Harman's lawyers?
16     A.    I do yes.
17     Q.    Did you have discussions with Handy &
18  Harman's lawyers about any of the drafts that you
19  created?
20     A.    Yes.
21     Q.    What were those discussions?
22     A.    There were -- we were asked to change
23  organization report a little bit.  It didn't change
24  the assertions at all or the conclusions that were
25  drawn, just we didn't have it organized very well at

13 (Pages 46 to 49)

Page 50

1 the beginning. And there were some word smithing but
2 nothing that changed anything that would change the
3 meaning. It's my report. It's not -- written in my
4 shop, it's not something that the lawyers --
5       MS. TROJECKI: Do you have copies of
6 his draft reports?
7       MS. FLAX: I don't believe so.
8    Q.   Who is Mike Golladay?
9    A.   Mike Golladay is essentially the
10 principal owner of SI Group. He is a -- was a
11 graduate student of mine. He has a Master's Degree in
12 soil chemistry, soil chemistry and has taken many
13 courses in chemistry. He's an excellent chemist.
14    Q.   He was a graduate student with you at
15 what time?
16    A.   In the mid 90's.
17    Q.   And he has his Master's Degree?
18    A.   Yes.
19    Q.   Does he have any higher degree?
20    A.   No. He completed all his course work
21 for a Ph.D in chemistry but never got the degree.
22    Q.   What did you personally do on behalf of
23 Handy Harman in terms of their retainer of you in this
24 case?
25       MS. FLAX: Objection as to form.

Page 51

1    A.   I reviewed documents. I made a field
2 visit. I personally requested additional, that I be
3 sent additional documents. I wrote out first cut at
4 the opinions and laid out what would be in the report.
5 Mike Golladay did most of the drafting and then I did
6 the review and revisions.
7    Q.   Is Mike Golladay in your, does he work
8 in the same office as you, by that I mean physical
9 office?
10       MS. FLAX: Objection as to form.
11    A.   Yes.
12    Q.   Do you see him on a daily basis?
13    A.   Yes.
14    Q.   Do you communicate with him by e-mail?
15    A.   I do not.
16    Q.   Do you have an e-mail address?
17    A.   No.
18    Q.   Do you use e-mail at all?
19    A.   No.
20    Q.   Does Mike Golladay use e-mail?
21    A.   All the time. I'm retired so I have
22 avoided it.
23    Q.   What was the form of your communication
24 with Mike Golladay?
25    A.   Verbal, regarding this report.

Page 52

1    Q.   Is there any writing at all between you
2 and Mike Golladay regarding this report and your
3 opinions in this case?
4    A.   The writing would be where I wrote a
5 draft, gave it to him, and then incorporate that on
6 what he was working on, printed out a copy, then he
7 would give it to me. I would write on it, give it
8 back to him. When he's done he returns it to me and I
9 file it in the round file. So there were verbal and
10 written communications. The written communications
11 were all in terms of drafts or revisions to drafts.
12    Q.   What is the round file?
13    A.   The waste basket.
14    Q.   Did Mike Golladay review documents?
15    A.   He did, yes.
16    Q.   Did he go on the field visit with you?
17    A.   No.
18    Q.   Can you give me an approximation of the
19 percentage of work that was done with respect to the
20 opinions?
21       MS. FLAX: Objection as to form.
22       MS. TROJECKI: Can you read that
23 back.
24       (The requested portion was read back
25       by the reporter.)

Page 53

1    Q.   The percentage of work that was done
2 between you and Mike Golladay on the expert report in
3 this matter?
4       MS. FLAX: Objection as to form.
5    A.   I can't get my hands around the
6 question, my mind around the question, can you --
7    Q.   If you can is it possible for you to say
8 I worked on, my work in forming the expert report, the
9 written report was 50% versus Mike Golladay's was some
10 other percentage?
11    A.   The percentage of each of us, I would
12 just be guessing but 50/50 sounds about right to me.
13    Q.   Is Mike Golladay's e-mail account with
14 SI Group?
15    A.   Yes.
16    Q.   Is there a policy of deleting e-mails in
17 your company?
18    A.   I don't know.
19    Q.   Do you know if your company backs up
20 your e-mail account every night?
21       MS. FLAX: Objection as to form.
22    A.   I don't know.
23    Q.   Who would you say had more communication
24 with Handy & Harman's lawyers you or Mike Golladay?
25    A.   That's very difficult to judge. When I

14 (Pages 50 to 53)

DOERNER & GOLDBERG, INC.                                973-740-1100
5 Becker Farm Road • Roseland, NJ 07068     1161 Broad St. • Ste. 110 • Shrewsbury, NJ 07702

Page 54

1  came up here for the field trip to Boarhead I also
2  spent some time in the office here. I spent time reading
3  things on the airplane. I spent time reading things
4  back home, and excuse me, you're talking about
5  communications, so there's two solid days of
6  communication, talked to them on the phone several
7  times. I did spent part of yesterday with them, they
8  weren't in the room the whole time, they were in and
9  out periodically. And then Mike has talked to them on
10 the phone a couple times and sent them e-mails. So I
11 would say he's probably been on the phone with them
12 since August 10, 12 times and I don't have any way to
13 know whether they talked for five minutes or an hour
14 or so. You know I'm trying to give you the pieces but
15 I can't really answer your question.
16     Q.  Okay. How about on a more of a routine
17 basis, who would be dealing with Handy & Harman's
18 lawyers you or Mike Golladay?
19     MS. FLAX: Objection as to form.
20     A.  He's the one in the office, I'm often
21 not in the office. So he's the one and since I don't
22 have e-mail he's kind of the anchor that does a lot of
23 communications for me. So the routine requests and
24 routine would be like requesting documents and
25 acknowledging that they've been received and whether

Page 55

1  the format was right if they came in electronically,
2  that type of thing. He does all those things.
3     Q.  If I asked you who wrote the expert
4  report in this matter that's marked as Brown-1, what
5  is the answer to that question?
6     MS. FLAX: Objection as to form.
7     A.  As I said, I wrote parts of it. He
8  wrote part of it. It's my report. I heavily edit the
9  whole thing.
10    Q.  Now, you said that Mike Golladay has
11 sent e-mails to Handy & Harman's lawyers, do you know
12 what the subject of those e-mails were?
13    A.  Requesting documents, setting up the
14 field trip, setting up the time and the schedule for
15 this deposition and that type of thing.
16    Q.  Do you know if Mike Golladay sent any
17 copies or drafts of the expert report to Handy &
18 Harman's lawyers by e-mail?
19    MS. FLAX: Objection as to form.
20    A.  Asked and answered, no.
21    Q.  Just to clarify, if drafts were sent to
22 Handy & Harman by regular mail would you keep a copy
23 of the cover letter?
24    MS. FLAX: Objection as to form.
25    Q.  Actually, would there be a cover letter,

Page 56

1  would there be a transmittal letter with the expert
2  report if it was sent by regular mail?
3     MS. FLAX: Objection as to form.
4     A.  I don't know but I would think so.
5     Q.  Is that something that you would also
6  throw away?
7     A.  No. Correspondence I wouldn't throw
8  away, no, no.
9     Q.  So if there was correspondence from your
10 office attaching a draft report, the transmittal
11 letter would be in your expert file?
12    A.  Yes.
13    Q.  Do you know if there are any such
14 transmittal letters in your expert file?
15    A.  I don't know, I'd have to look.
16    Q.  If I represented to you that I looked
17 through the file and I didn't find any, would that
18 lead you to believe that the communication must have
19 been by e-mail?
20    MS. FLAX: Objection as to form.
21    A.  No.
22    Q.  Why is that?
23    A.  Could have been by fax.
24    Q.  Would you have a copy of the fax cover
25 sheet?

Page 57

1     A.  I don't believe so. I haven't seen any
2  in the file. So I haven't seen one.
3     Q.  If you sent it by fax would the fax
4  cover sheet be something that you would keep as
5  correspondence?
6     A.  I just don't know. I don't know what he
7  does with fax cover sheets.
8     MS. TROJECKI: I want to mark as
9  Brown-3, an invoice from KW Brown dated October 5th
10 2006 to Mr. John Agnello.
11    (Plaintiff's Exhibit No. Brown-3,
12    Invoice 10/5/06, was marked for
13    identification at this time.)
14    At the same time I'm going to mark
15 separately an invoice from SI Group dated
16 October 5th 2006 to KW Brown.
17    (Plaintiff's Exhibit No. Brown-4,
18    Invoice 10/5/06, was marked for
19    identification at this time.)
20    Q.  The KW Brown invoice, what is KW Brown?
21    MS. FLAX: Objection.
22    A.  That's me, I'll help you clarify that.
23 In this case, in some cases lawyers prefer contract
24 with me and then I subcontract to SI Group, in other
25 cases I subcontract SI Group.

15 (Pages 54 to 57)

*Exhibit "C"*

COPY

RECEIVED
AUG 1 8 2006

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN, P.C.

### COUNSELLORS AT LAW

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | DONALD S. BROOKS | WILLIAM SQUIRE |
| JOHN N. BAIN | A. RICHARD ROSS | FRANCIS C. HAND | ALAN J. GRANT* |
| JOHN G. GILFILLAN, III | KENNETH L. WINTERS | AVRAM S. EULE | MICHAEL P. PASQUALE |
| PETER G. STEWART | JEFFREY A. COOPER | LINDSEY H. TAYLOR | LAURA S. MUNZER |
| ELLIOT M. OLSTEIN | CARL R. WOODWARD, III | RAYMOND W. FISHER | MARC D. MICELI |
| ARTHUR T. VANDERBILT, II | MELISSA E. FLAX | DAVID J. REICH | RAYMOND E. STAUFFER* |
| JAN ALAN BRODY | DENNIS F. GLEASON | OF COUNSEL | JACOB A. KUBERT |
| JOHN M. AGNELLO | DAVID G. GILFILLAN | | STANLEY J. YELLIN |
| CHARLES M. CARELLA | G. GLENNON TROUBLEFIELD | | FRANK J. CHESKY III |
| JAMES E. CECCHI | BRIAN H. FENLON | | SHARI L. GREINER* |
| | KHOREN BANDAZIAN | | *MEMBER N.Y. BAR ONLY |
| | KERRIE R. HESLIN | | |

JAMES D. CECCHI 1933-1995

August 18, 2006

Dr. Kirk W. Brown
c/o SI Group, LP
1701 Southwest Parkway
Suite 100
College Station, TX 77840

        Re:    Agere Systems, Inc., et al. v. AETC, et al.
               Civil Action No. 02-3830 (LDD)
               Our File 300580-21

Dear Dr. Brown:

        This will confirm that Carella, Byrne has retained your services in connection with the above referenced litigation relating to the Boarhead Farm Superfund Site in Upper Black Eddy, Pennsylvania.

        You will invoice for your services at the rate of $200/hour for all services other than testimony. Deposition and trial testimony will be invoiced at the rate of $250/hour. It is understood that you may use SI Group for support. In that regard, SI Group's Rate Schedule for its services is attached to this letter.

        Please confirm your agreement to the foregoing by signing and dating this letter in the space provided below and thereafter, returning the signed and dated copy to me bearing your ink signature. We look forward to working with you.

                        Very truly yours,

                        CARELLA, BYRNE, BAIN, GILFILLAN,
                        CECCHI, STEWART & OLSTEIN

                        JOHN M. AGNELLO

JMA
Enclosure

Accepted and agreed to:

By: _____

DR. KIRK W. BROWN

Date: _____8/18/06_____

## SI GROUP, LP

## FEE SCHEDULE FOR PROFESSIONAL, TECHNICAL, AND SUPPORT PERSONNEL

Professional, technical, and support staff utilized for sample analyses, evaluations, studies, project planning, coordination, consultation and report preparation, and other required Client services, are billed by personnel charged directly to the project at the rate indicated below:

| Job Category | Hourly Fee |
|---|---|
| Principal Expert Witness, Nontestimony Time | $200* |
| Senior Scientist/Engineer | 125 |
| Project Manager/Engineer | 115 |
| Project Scientist/Engineer | 99 |
| Staff Scientist/Engineer II | 89 |
| Staff Scientist/Engineer I | 73 |
| Staff Technician | 50 |
| Technical Assistant | 45 |

Direct expenses will be invoiced at cost plus 15%. Charges for routine telephone calls, copies, standard US postage cost, and project filing will be billed at eight (8%) percent of project labor charges. All salary schedules may be, with thirty (30) days written notice to Client, supplemented and revised from time to time to allow Consultant to attract and retain competent personnel for the performance of the work.

\* Expert Witness hourly fees shall be increased to $250 for testimony time, including deposition and trial.

Exhibit "D"

**Trojecki, Amy M. (VH)**

| | |
|---|---|
| **From:** | Trojecki, Amy M. (VH) |
| **Sent:** | Tuesday, December 05, 2006 4:30 PM |
| **To:** | 'Melissa Flax' |
| **Cc:** | Harris, Glenn A. (VH) |
| **Subject:** | Boarhead |

Melissa,

This is to follow up on the first day of Dr. Brown's deposition.

Based on Dr. Brown's testimony, it appears that drafts of Dr. Brown's report were provided to Carella Byrne. Please ensure that a search is conducted of all files, including electronic files (and archives of such files) to locate drafts of his report and any and all communications concerning those drafts (or any other aspect of his work on this matter). Such documents are responsive to our notice for Dr. Brown's deposition. Please confirm as soon as possible whether those drafts and communications still exist, and, if so, produce them. Thank you.

Amy Trojecki, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636
P: (856) 761-3414
F: (856) 761-9014

*Exhibit "E"*

**Trojecki, Amy M. (VH)**

| | |
|---|---|
| **From:** | Melissa Flax [MFlax@carellabyrne.com] |
| **Sent:** | Wednesday, December 06, 2006 2:58 PM |
| **To:** | Trojecki, Amy M. (VH) |
| **Cc:** | Harris, Glenn A. (VH) |

**Subject:** RE: Boarhead

Amy,

Plaintiffs' notice for Dr. Brown's deposition requested that Dr. Brown produce his complete file.  I provided you with copies of Dr. Brown's complete file and therefore we have complied with your request.  To the extent that you are requesting documents from my file, such a request is inappropriate.  Notwithstanding the foregoing, as I advised you during an afternoon break on Friday, December 1, 2006, my file does not contain any drafts of Dr. Brown's report.

Melissa E. Flax, Esq.
Carella, Byrne, Bain, Gilfillan,
  Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, New Jersey  07068
(973) 994-1700
(973) 994-1744 - fax
mflax@carellabyrne.com

**CONFIDENTIALITY NOTE:** The documents accompanying this transmission contain information from the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, which is confidential and/or legally privileged. The information contained in this email is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If the one receiving it is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this email in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at once. Thank you.

**From:** Trojecki, Amy M. (VH) [mailto:TrojeckiA@ballardspahr.com]
**Sent:** Tuesday, December 05, 2006 4:30 PM
**To:** Melissa Flax
**Cc:** Harris, Glenn A. (VH)
**Subject:** Boarhead

Melissa,

This is to follow up on the first day of Dr. Brown's deposition.

Based on Dr. Brown's testimony, it appears that drafts of Dr. Brown's report were provided to Carella Byrne. Please ensure that a search is conducted of all files, including electronic files (and archives of such files) to locate drafts of his report and any and all communications concerning those drafts (or any other aspect of his work on this matter).  Such documents are responsive to our notice for Dr. Brown's deposition.  Please confirm as soon as possible whether those drafts and communications still exist, and, if so, produce them.  Thank you.

Amy Trojecki, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636
P: (856) 761-3414
F: (856) 761-9014

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : : | |

## ORDER

AND NOW, this _____ day of _____,

2006, it is hereby ORDERED that Plaintiffs' Motion to Compel Production of Drafts of the

Expert Report Prepared by Dr. Kirk W. Brown, Ph.D. is GRANTED.


_____
Legrome D. Davis
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : | |
| v. | : <br> : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : <br> : <br> : | |
| Defendants. | : <br> : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this day I served a copy of Plaintiffs' Motion to Compel the Production of Draft Expert Reports Prepared by Dr. Kirk W. Brown, Ph.D., by first class postage prepaid United States mail, on the counsel listed on the service list.

Dawn M. Neukirch

Dated:  December 12, 2006

## *Boarhead Farm Defendants' Service List*
## *File No. 892241*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey  07052
Phone:  973-325-1500
Fax:  973-325-1501
e-mail:  tsabino@wolffsamson.com

     *-and-*

Robert M. Morris, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street
P.O. Box 30477
Philadelphia, PA  19103
Phone:  215-568-5621
Fax:  215-568-3253
e-mail:  rmmorris@morrisadelman.com
*Advanced Environmental Technology Corp.*


Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
     Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey  07068-1739
Phone:  973-994-1700
Fax:  973-994-1744
e-mail:  mflax@carellabyrne.com
*Handy & Harman Tube Company*


Lynn Wright, Esquire
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, New York  10022-1200
Phone:  212-308-4411
Fax:  212-308-4844
e-mail:  lwright@ealaw.com
*Carpenter Technology Corporation*

DMEAST #3069713 v19

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
Phone:  215-979-1000
Fax:  215-979-1020
e-mail:  scooley@duanemorris.com
*Flexible Circuits & Etched Circuits*

   *-and-*

A. Nicole Friant, Esquire
Duane Morris LLP
One Liberty Place
Suite 4200
Philadelphia, PA  19103-7396
Phone:  215-979-1818
Fax:  215-979-1020
e-mail:  anfriant@duanemorris.com


Stephen P. Chawaga, Esquire
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station
Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1815
Phone:  215-557-2900
Fax:  215-557-2990
e-mail:  schawaga@monteverde.com
*Merit Metals Products Corp.*


Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Phone:  215-988-2700
Fax: 215-988-2757
e-mail:  Andrew.foster@dbr.com
*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*

Edward Fackenthal, Esquire
Law Office of Edward Fackenthal
One Montgomery Plaza
Suite 209
Norristown, PA  19401
Phone: (610) 279-3370
Fax:  (610) 279-0696
*NRM Investment Co.*
e-mail:  edwardfackenthal@cs.com


Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
Suite 1600
121 South Broad Street
Philadelphia, PA  19107
Phone:  215-546-0500
Fax:  215-546-9444
e-mail:  rbiedrzycki@pp-b.com
*Ashland, Inc.*