## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 02-cv-3830<br><br>Judge LeGrome D. Davis |

## DEFENDANT AETC's PETITION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL, UNDER 28 U.S.C. 1292(b), of the NOVEMBER 20, 2006 ORDER GRANTING PLAINTIFFS SUMMARY JUDGMENT

WOLFF & SAMSON PC
Robert Carlton, Jr. (RC-25050)
Thomas Sabino (TS-4691)
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
rcarlton@wolffsamson.com
tsabino@wolffsamson.com
Attorneys for Defendant, Advanced
Environmental Technology Corp.

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ......................................................................................... 1

A.   FACTS NECESSARY TO UNDERSTAND THE QUESTIONS PRESENTED ............. 3

B.   THE QUESTIONS PRESENTED ........................................................................................ 4

C.   THE RELIEF SOUGHT ........................................................................................................ 4

D.   AETC SHOULD BE GRANTED THE RELIEF SOUGHT
     BECAUSE A CONTROLLING ISSUE OF LAW IS
     IMPLICATED, THERE ARE SUBSTANTIAL GROUNDS
     FOR A DIFFERENCE OF OPINION AS TO THIS ISSUE
     OF LAW AND THE GRANTING OF AN INTERLOCUTORY
     APPEAL WILL ADVANCE OF ULTIMATE TERMINATION
     OF THIS LITIGATION ........................................................................................................ 4

D.1   A Controlling Question of Law ......................................................................................... 5

D.2   Substantial Grounds for Difference of Opinion ............................................................. 6

D.2(i)   Constructive Possession ............................................................................................. 6

D.2(ii)   Knowledge and Control .............................................................................................. 13

D.3   Materially Advance the Ultimate Termination of the Litigation ................................. 14

E.   ATTACHED DOCUMENTS ............................................................................................. 15

CONCLUSION ......................................................................................................................... 16

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ahrenholz v. Board of Trustees,*
  219 F.3d 674 (7th Cir. 2000) ....................................................................5, 14

*In re Brand Name Prescription Drugs Antitrust Litigation,*
  878 F. Supp. 1078 (N.D.Ill. 1995) ..................................................................6

*Delaware Valley Toxics Coalition v. Kurz-Hasting, Inc.,*
  813 F. Supp. 1132 (E.D.Pa. 1993) .................................................................5

*Federico v. Charterers Mutual Assurance, Ltd.,*
  158 F. Supp. 2d 565 (E.D.Pa. 2001) ..............................................................6

*Jackson v. Byrd,*
  105 F.3d 145 (3d Cir. 1997) cert. denied 529 U.S. 1268 (1997) ...............8

*Kapossy v. McGraw Hill, Inc.,*
  942 F. Supp. 996 (D.N.J. 1996) ................................................................4, 14

*Katz v. Carte Blanche Corp.,*
  496 F.2d 747 (3d Cir. 1974), cert. denied 419 U.S. 885 (1974) ................5

*Max Daetwyer Corp v. Meyer.,*
  575 F. Supp. 280 (E.D.Pa. 1983) cert. denied 474 U.S. 980 (1985)..........5

*Morton International v. A.E. Staley Co., Inc.,*
  343 F.3d 669 (3d Cir. 2003)...........................................1, 5, 6, 13, 14

*In re Ocwen Federal Bank FSB Mortgage Servicing Litigation,* 2006 WL. 1371458
  (N.D. Ill. May 16, 2006) ...............................................................................14

*Transport Leasing Company v. California,*
  861 F. Supp. 931 (C.D.Ca. 1993) ................................................................12

*United States v. Bestfoods,*
  524 U.S. 51 (1998)..........................................................................................13

*United States v. Cartwright,*
  359 F.3d 281 (3d Cir. 2004)...............................................1, 4, 7, 8, 9, 10

*United States v. Iafelice,*
  978 F.2d 92 (3d Cir. 1992)...................................................7, 8, 9, 10

*United States v. NEPACCO,*
  810 F.2d 726 (8th Cir. 1986), cert. denied, 484 U.S. 848 (1987). ...........11

*United States v. New Castle County,*
    727 F. Supp. 854 (D.Del. 1989).........................................................................................11, 12

*Witty v. Delta Air Lines, Inc.,*
    366 F.3d 380 (5th Cir. 2004) .........................................................................................5

## STATE CASES

*R.R. Street & Co., v. Pilgrim Enterprises, Inc.*, 166 S.W.3d 232 (Texas 2005).....................10, 11

## STATUTES

28 U.S.C. § 1292(b) .........................................................................................1, 4, 15, 16

Comprehensive Environmental Response and Liability Act, 42 U.S.C. § 9601 et seq...........1, 4, 5

## PRELIMINARY STATEMENT

On November 20, 2006 this Court issued a "Memorandum & Order" which denied Defendant Advanced Environmental Technology Corporation's ("AETC") motion for summary judgment that it was not an "arranger" under the Comprehensive Environmental Response and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"), and which granted Plaintiffs' cross-motion that AETC is a CERCLA "arranger". The heart of that decision was that AETC "constructively owned" the wastes of its customers. The issue of "constructive ownership" of waste has never been decided by the Third Circuit in a CERCLA case. Accordingly, AETC submits this Petition requesting that this Court certify its November 20th "Memorandum & Order" for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

This Court incorrectly applied the criminal case of United States v. Cartwright, 359 F.3d 281 (3d Cir. 2004) to find that AETC "constructively possessed" the wastes of its customers. The holding of Cartwright is clear: for constructive possession to be found a party has to have the power to physically control an object via the ownership and operation of a motor vehicle containing that object. The facts in this case are exactly the opposite: AETC never owned or operated the trucks that hauled away its customers' wastes. Thus, this Court's "constructive possession" decision as to AETC bears no relationship to the actual facts of this case and, goes far beyond the legal boundary for "constructive possession" recognized in the Third Circuit.

Accordingly, AETC respectfully submits that a certificate of appealability should issue. This Court's decision represents a significant decision regarding "arranger" liability in this Circuit following the Third Circuit's decision in Morton International v. A.E. Staley Co., Inc., 343 F.3d 669 (3d Cir. 2003). The overarching issue is what constitutes "constructive possession" of waste in a CERCLA action; the specific issue is under what circumstances can a

broker, who never actually owned or possessed hazardous wastes and did not own or operate the trucks that transported them, be held to have "constructively possessed" them so as to subject it to CERCLA liability?

Moreover, AETC posits that in this case, involving "midnight dumping" unknown to all parties and governmental authorities, the critical element of the "power to control" the specific method and manner of disposal by AETC was missing. Without this power to control the actual disposal, "constructive possession" cannot be found. These issues present substantial grounds for a difference of opinion that should be decided by the Third Circuit without delay.

## A.    FACTS NECESSARY TO UNDERSTAND THE QUESTIONS PRESENTED

Defendant Advanced Environmental Technology Corporation ("AETC") is an New Jersey corporation who acted as a broker and/or middleman for the waste disposal of its customers. In the mid-1970s, AETC entered into verbal agreements with defendants Ashland Chemical and Diaz Chemical to have hazardous wastes transported from their respective facilities and disposed of. AETC then entered into a verbal agreement with DeRewal Chemical that called for DeRewal to transport and deposit the Ashland and Diaz waste at the Wissinoming Industrial Park in Philadelphia, Pennsylvania. (Opinion at 2-3.)[1]

Pursuant to the foregoing, Ashland and Diaz would inform AETC that they had waste ready for transport and disposal. AETC would then telephone DeRewal Chemical and request the pick-up and disposal of the subject wastes. Ashland and Diaz paid AETC an agreed upon per gallon price for the waste to be hauled; AETC paid DeRewal for its trucking services. (Opinion at 3.)

AETC explicitly directed DeRewal Chemical to take the Ashland/Diaz waste to the Wissinoming Industrial Park in Philadelphia. AETC never took actual possession of the Ashland or Diaz wastes. AETC's president and vice-president offered sworn statements that they believed all of the Ashland and Diaz waste was going to Philadelphia. (Opinion at 3.)

---

[1] References to "Opinion" are to the Court's 11/20/06 "Memorandum & Order" granting Plaintiffs summary judgment and denying AETC summary judgment.

**B.    THE QUESTIONS PRESENTED**

Whether the District Court erred in holding that AETC is a CERCLA "arranger" by reason of having "constructively possessed" the wastes of its customers.

Whether the District Court misapplied the holding of a criminal case (United States v. Cartwright, 359 F.3d 281 (3d Cir. 2004)) as the basis for holding that AETC "constructively possessed" the waste of its customers in a CERCLA action.

Whether the District Court erred by not holding that that the "exercise of control" standard is the applicable standard when deciding if a party "constructively possessed" wastes.

Whether the District Court erred in going beyond the relief sought by the Plaintiffs cross-motion, i.e. whether AETC was a CERCLA "arranger", by also holding the Plaintiffs were "entitled to judgment as a matter of law with respect to AETC's liability under CERCLA § 107(a)(3)".

**C.    THE RELIEF SOUGHT**

AETC respectfully requests that this Court certify its November 20, 2006 "Memorandum & Order", under 28 U.S.C. § 1292(b), for interlocutory appeal.

**D.    AETC SHOULD BE GRANTED THE RELIEF SOUGHT BECAUSE A CONTROLLING ISSUE OF LAW IS IMPLICATED, THERE ARE SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF OPINION AS TO THIS ISSUE OF LAW AND THE GRANTING OF AN INTERLOCUTORY APPEAL WILL ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION**

A District Court is authorized to certify an order for interlocutory appeal if it finds that: 1) the order involves a controlling question of law; 2) upon which there are substantial grounds for difference of opinion; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Kapossy v. McGraw Hill, Inc., 942 F. Supp.

996, 1001 (D.N.J. 1996); Delaware Valley Toxics Coalition v. Kurz-Hasting, Inc., 813 F. Supp. 1132, 1142 (E.D.Pa. 1993); Max Daetwyer Corp v. Meyer., 575 F. Supp. 280, 282 (E.D.Pa. 1983) cert. denied 474 U.S. 980 (1985). AETC respectfully submits that it has satisfied the above standard and requests that this Court certify its November 20, 2006 "Memorandum & Order" for interlocutory appeal.[2]

### D.1    A Controlling Question of Law

A "question of law" as used in section 1292(b) refers to a question regarding the meaning of a statutory, regulatory or constitutional provision. See e.g., Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 676 (7th Cir. 2000). Accord, Witty v. Delta Air Lines, Inc., 366 F.3d 380 (5th Cir. 2004) (the issue of federal preemption is the sort of "pure" issue of law appropriate for interlocutory review). Moreover, a controlling question of law is one that would result in a reversal of a judgment after final hearing. Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974), cert. denied 419 U.S. 885 (1974).

The issue presented by the parties' motions, and this Court's November 20, 2006 "Memorandum & Order", was the legal question of whether AETC fell into the "arranger" definition of CERCLA liable parties. See 11/20/06 Opinion at p.1: "The parties' cross motions for summary judgment ask the Court to determine whether AETC is liable as an 'arranger' under CERCLA § 107(a)(3)." This is undoubtedly a pure question of law regarding statutory interpretation suitable for determination by an appellate court without a trial record.

In Morton International v. A.E. Staley Co., Inc., 343 F.3d 669 (3d Cir. 2003), the Third Circuit set forth the standard for judging "arranger" status in this Circuit. This Court's

---

[2]  There is no statutorily impose time frame for filing a petition for interlocutory appeal with the District Court; however, such requests must be filed within a "reasonable period of time" after the entry of the relevant order. Ahrenholz v. Board of Trustees, 219 F.3d 674, 675 (7th Cir. 2000).

November 20, 2006 Opinion is one of the few post-<u>Morton</u> decisions (if not the only) in this Circuit analyzing the CERCLA status of waste brokers and/or middlemen. Moreover, no decision by the Third Circuit has expressly addressed the issue of what constitutes "constructive possession" of waste in the CERCLA context. Clearly, a significant question of law with resonance beyond this action is presented by this Petition.

## D.2    <u>Substantial Grounds for Difference of Opinion</u>

The second statutory criteria under § 1292(b) is that the question of law be contestable, <u>i.e.</u> that substantial grounds for a difference of opinion on the issue exist. An issue is contestable if there is a "central question of law which is not settled by controlling authority" and a "substantial likelihood" that the District Court's ruling may be reversed on appeal. <u>In re Brand Name Prescription Drugs Antitrust Litigation</u>, 878 F. Supp. 1078, 1081 (N.D.Ill. 1995); <u>Federico v. Charterers Mut. Assurance, Ltd.</u>, 158 F. Supp.2d 565, 579 (E.D.Pa. 2001).

This Court's November 20th ruling is dependent upon the conclusion that AETC "constructively possessed" its customers' waste. CERCLA case law from other jurisdictions is split between the "authority to control" and the "exercise of control" on this issue. In light of the fact that the Third Circuit has not addressed "constructive possession" in the CERCLA context, this Court relied upon a Third Circuit criminal case to make its "constructive possession" decision. AETC respectfully posits that reliance was misplaced. Accordingly, AETC submits that there are substantial grounds for disagreement regarding this issue.

## D.2(i)    <u>Constructive Possession</u>

In this case, the Court was presented with a complex legal issue on which there was no controlling Third Circuit precedent on the precise issue, <u>i.e.</u> under what circumstances can a broker be held to "constructively possess" its customers' waste under CERCLA. This Court

relied, in this CERCLA action, upon a criminal case as the applicable standard to judge whether AETC had "constructive possession" of its clients' wastes: "[C]onstructive possession exists if an individual knowingly has both the power and intention at a given time to exercise dominion and control over a thing, either directly or through another person or persons.")    (Opinion at 7, citing, (United States v. Cartwright, 359 F.3d 281, 290 (3d Cir. 2004).)

AETC respectfully posits that, assuming arguendo that Cartwright has applicability in a CERCLA action, this Court misapplied the "constructive possession" test of Cartwright, which based that determination upon the "power" to exercise dominion and control by the ownership and operation of a motor vehicle.    AETC did not own or operate any trucks that hauled waste and thus had no "power" to control the DeRewal drivers once they picked up waste from the Ashland and Diaz facilities.

In Cartwright, supra, the Third Circuit reversed the conviction of the defendant for conspiracy to distribute cocaine.    One of the issues was whether the defendant had constructive possession based upon his "exercise [of] dominion and control over the cocaine." 359 F.3d at 290.    Cartwright was alleged to be a "lookout" during the sale of cocaine at a shopping center parking lot but there was no evidence that he had been in the Subaru that held the drugs.    Id. at 291.    Plaintiff United States relied upon United States v. Iafelice, 978 F.2d 92 (3d Cir. 1992) to support its "constructive possession"    argument. The Cartwright Court rejected plaintiff's argument: "Nor is it reasonable to assume that anyone guarding Jackson's Subaru must have been in actual or constructive possession of the cocaine." 359 F.3d at 291.

In making that determination, the Third Circuit relied upon the definition of "constructive possession" it had set previously set forth in Iafelice:

> Constructive possession exists if an individual knowingly has **both the power and the intention at a given time to exercise**

7

> **dominion or control** over a thing, either directly or through another person or persons. [Cartwright, 359 F.3d at 290 n6, citing Iafelice, 978 F.2d at 96; emphasis added.]

In Iafelice, supra, the Third Circuit held the defendant had constructive possession of heroin because he drove his car, not only with two drug dealers who were his passengers but with the heroin itself, to the hotel were the drug sale occurred:

> The truly distinguishing fact is Iafelice's ownership and operation of the vehicle used to transport the drugs. Ownership and operation of the car are highly relevant facts that could have reasonably been considered by a jury in evaluating his knowledge of, and dominion and control over, the drugs. Common sense counsels that an owner and operator of a vehicle usually has dominion and control over the objects in his or her vehicle of which he or she is aware, and usually knows what is in that vehicle. [978 F.2d at 97.]

In contrast, in Cartwright the defendant was held not to have constructive possession of the drugs because his car was not used to transport cocaine and there was no evidence he had even been in the car that held the cocaine; whether he was a lookout was in dispute but the Third Circuit held that even if he was, that was not enough to justify a holding of "constructive possession". 359 F.3d at 290-91.

The precedent of Iafelice and Cartwright is clear: for constructive possession to be found a party has to have the power to physically control the object via the ownership and operation of a motor vehicle containing the relevant object. See also, Jackson v. Byrd, 105 F.3d 145,148 (3d Cir. 1997) cert. denied 520 U.S. 1268 (1997) (constructive possession is the conscious dominion over a substance, the "power to control it" and the intent to exercise control). This Court's "constructive possession" Opinion of November 20, 2006 goes far beyond the recognized boundary in the Third Circuit to find "constructive possession" since the "dominion and control" prong cannot be satisfied as to AETC. See Iafelice, 978 F.2d at 96: "Constructive possession

8

necessarily requires both 'dominion and control' over an object and knowledge of that object's existence."

Applying the "constructive possession" standard as enunciated in <u>Cartwright</u> and <u>Iafelice,</u> AETC did not have the "power...to exercise dominion or control" over the Ashland and Diaz wastes. AETC was <u>not</u> the owner or operator of the trucks that transported the Ashland and Diaz wastes; AETC did <u>not</u> have dominion and control over the waste in the DeRewal Chemical trucks. The decisive "distinguishing fact" (<u>see</u> <u>Iafelice,</u> 978 F.2d at 97) necessary to prove possessive ownership is lacking as to AETC since it was DeRewal Chemical who owed and operated the vehicles that transported the wastes that were illegally deposited at Boarhead Farms. AETC is akin to Cartwright's status: since it never owned, operated or was in the subject vehicles, AETC lacked the power to exercise control over the contents of those vehicles. As Cartwright was held not to have "constructively possessed" the subject cocaine, AETC cannot be held to have "constructively possessed" the Ashland and Diaz waste.

Stated various ways, the crux of this Court's constructive possessive decision was that "AETC has exercised the requisite control by placing the waste into DeRewal's possession" (Opinion at 7); AETC "exercised control when it subcontracted the transportation responsibilities to DeRewal" (Opinion at 9); and "the mere fact that the individual is able to transfer the item to a third party establishes that the party has exercised control" (Opinion at 11). This is at complete odds with the Third Circuit's constructive possession standard, which requires "both the **power** and the intention at a given time **to exercise dominion or control over a thing**". <u>Cartwright,</u> 359 F.3d at 290 n6 <u>citing, Iafelice,</u> 978 F.2d at 96, emphasis added. The fact that AETC "placed the waste into DeRewal's possession" simply does not rise to the level of having the <u>power</u> to exercise control over the transport or disposal of that waste. AETC

respectfully submits that the analysis of this Court in its November 20, 2006 Opinion stops short of the examination necessary to reach the correct "constructive possession" decision because it ignores the factor of the "power to exercise control" over the contents of the DeRewal trucks.

It AETC had owned and operated trucks that picked up its customers' waste, then it would have had the <u>power</u> to exercise control over where that waste was deposited. If an AETC employee had been in the trucks with the DeRewal drivers, it would have had the <u>power</u> to exercise control by demanding that the subject waste be taken to Philadelphia. AETC could have threatened DeRewal with canceling the Ashland and Diaz agreements, or called the relevant governmental authorities, if AETC knew waste was being diverted from the Philadelphia disposal site.

But this is not what occurred. Here there was a critical disconnect, as in the <u>Cartwright</u> case. AETC did not have the "power" to "exercise control" over the DeRewal drivers once they were on the road. To paraphrase the Third Circuit in <u>Iafelice</u> (978 F.2d at 97): common sense counsels that DeRewal Chemical, the owner and operator of the vehicles, had dominion and control over the waste in their vehicles. The converse of this is that AETC did <u>not</u> have the <u>power</u> to control the actual disposal of the Ashland and Diaz wastes.

The foregoing point was illustrated in <u>R.R. Street & Co., v. Pilgrim Enterprises, Inc.</u>, 166 S.W.3d 232 (Texas 2005). In a case of first impression considering the scope of "arranger" liability under the Texas Waste Disposal Act, the Texas Supreme Court looked to CERCLA for guidance in interpreting the term "otherwise arranged". 166 S.W.3d at 241. The <u>Street</u> court held that plaintiff Street had not arranged for the disposal because it had not exercised sufficient control over the decision regarding the specific manner or method of disposal by defendant Pilgrim: "But we think it significant that Street did not actually control the specific method and

10

manner in which Pilgrim disposes of the separator water…".  166 S.W.3d at 246.  Likewise,
AETC did not actually control the specific manner and method of disposal by the DeRewal
drivers.

While the Third Circuit itself has not addressed the issue of "constructive ownership" of
wastes in a CERCLA action, a lower court in this Circuit has.  In <u>United States v. New Castle
County</u>, 727 F. Supp. 854 (D.Del. 1989), the United States brought a CERCLA cost-recovery
action against various defendants, who then filed a third-party complaint against the State of
Delaware.  On cross-motions for summary judgment regarding Delaware's "arranger" liability,
the court found that Delaware did not constructively own or possess the hazardous waste even
though it determined the type of waste permitted to be deposited, and approved the disposal of
those wastes, at the subject facility.  757 F. Supp. at 873-74.  In its analysis, the <u>New Castle</u>
court included an examination of an Eight Circuit case dealing with the issue of "constructive
possession":

> This constructive possession is entirely consistent with the
> dictionary definition of 'possessed'.  The plant supervisor, as the
> one who had actual control over the hazardous substances was a
> possessor.  See e.g., Webster's Third New International Dictionary
> 1770 (1981) ('possessor' defined as one that occupies, holds owns
> *or controls*; 'possess' defined, inter alia, as "4a to take into one's
> possession: seize *or gain control* of…b:  to inter into and influence
> powerfully *or control*; and 'possession' as '1a the act or condition
> of having in or taking into one's control'; and 'possessed' as 'held
> as on possession…influenced or controlled by something…' [727
> F. Supp. at 873, n41 – emphasis in original, <u>citing</u> United States v.
> NEPACCO, 810 F.2d 726, 743 (8th Cir. 1986), <u>cert</u>. <u>denied</u>, 484
> U.S. 848 (1987).]

The foregoing is directly relevant to the issue that was before this court: what
constitutes "constructive possession" of hazardous wastes in the CERCLA context?  Using the
<u>New Castle</u> decision as guidance, "constructive possession" can only arise when a party

exercises control over the wastes. Here, it was the DeRewal Chemical drivers who exercised physical control over those wastes. Thus, AETC cannot be a CERCLA "arranger".

The "control" test set forth in New Castle is entirely consistent with the standard used in other Circuits. For example, in Transport Leasing Company v. California, 861 F. Supp. 931 (C.D.Ca. 1993), the court considered whether constructive ownership or possession of hazardous wastes is shown by "exercise of control" or the "authority to control". 861 F.Supp. at 950. The Transport Leasing court rejected the plaintiffs' argument that the looser "authority to control" standard was determinative and, instead, held that "exercise to control" was needed to establish constructive ownership or possession. 861 F.Supp. at 950-51.

By any meaningful index, there are substantial grounds for a difference of opinion as to whether AETC had sufficient actual control over the specific method and manner of the disposal of the Ashland and Diaz wastes. The issue of what constitutes "constructive possession" of wastes under CERCLA should be presented to the Third Circuit for determination.

Finally, this Court rejected AETC's argument that the DeRewal drivers taking the waste illegally and secretly to Boarhead Farms illustrated that lack of power and exercise of control over the wastes: "Whether one constructively possess[es] something is not contingent on where the item ends up after being transferred to a third party." (Opinion at 11.) This analysis ignores the case law that a party can be held to have constructively possessed waste only when it has chosen a particular site for disposal. See, e.g., Transport Leasing Company v. California, 861 F. Supp. 931, 952 (C.D.Ca. 1993) (evidence that a defendant selected a site for disposal "can demonstrate constructive ownership or possession".) Here AETC did not chose the Boarhead Farms as a site for disposal. For this additional reason, certification for interlocutory appeal should be granted.

## D.2(ii) **Knowledge and Control**

This Court further held that the control element of the <u>Morton International v. A.E.</u> <u>Staley Co., Inc.</u>, 343 F.3d 669 (3d Cir. 2003) "arranger" test, was satisfied by AETC having "exercised control over the waste by delegating the removal responsibility to DeRewal." (Opinion at 13.) This Court rejected AETC's argument that arranger liability can only attach if AETC controlled the actual disposal by selecting the specific dump site.  (Opinion at 13.) Justification for this decision was the following:  "To countenance AETC's approach would encourage companies to remain consciously ignorant about the treatment and disposal of their waste and thus be inconsistent with CERCLA's general purpose and 'overwhelming remedial statutory scheme'."  (Opinion at 14.)

This argument is flawed for several reasons.  First, AETC did not "consciously" remain ignorant about what the DeRewal drivers were doing.  DeRewal Chemical was secretly and illegally engaging in "midnight dumping".  To find that AETC "consciously remained ignorant" about clandestine dumping at a remote site in the farmlands of Pennsylvania is illogical.

Second, CERCLA liability, while broad, is not unlimited. The fundamental purpose of CERCLA is to make those "actually responsible" for pollution pay for the cleanup.  <u>United</u> <u>States v. Bestfoods</u>, 524 U.S. 51, 55-56 (1998).  AETC is not "actually responsible" for the pollution at Boarhead Farms because it did not make the "critical decision" to dump waste there, nor did it "exercise control" over the actual disposal.

As to the "knowledge" factor: "Proof of a defendant's knowledge that hazardous waste can or will be released in the course of the process it has arranged for, provides a good reason to

13

hold a defendant responsible because such proof demonstrates that the defendant knowingly (if not personally) contributed to the hazardous waste contamination." Morton, 343 F3d. at 678. Conversely, if a defendant did not have knowledge that hazardous waste was to be released into the environment, there is not reason to hold that party liable. AETC had no knowledge that the DeRewal drivers were secretly and illegally dumping at Boarhead Farms. At a minimum, the foregoing also establishes that there are substantial grounds for a difference of opinion which should be decided by the Third Circuit.

**D.3    Materially Advance the Ultimate Termination of the Litigation**

The final statutory criterion under § 1292(b) is that the resolution of the question of law may materially advance the ultimate termination of the litigation. Ahrenholz, supra, 219 F.3d at 675. Should AETC prevail on appeal on the "arranger" issue, AETC will no longer be a direct defendant in this action and will not have to be present at the trial. Nor would the Defendants' cross-claims for statutory contribution still be viable, since AETC would not longer be a liable party against whom contribution could be assessed since it will not be a CERCLA "arranger". Dismissal of a party, and the issues implicated by the claims against it, from a lawsuit before trial clearly has the potential of materially advancing a litigation. See e.g., In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, 2006 WL 1371458 *3 (N.D. Ill. May 16, 2006) (granting interlocutory appeal; if the defendants prevailed on appeal, 20-counts from the complaint would be dismissed).

Delay is a strong ground for denying a petition for certification for interlocutory appeal. Kapossy v. McGraw Hill, Inc., 942 F. Supp. 996, 1004 (D.N.J. 1996). However, in the case at bar there is no trial date scheduled, no pre-trial or in limine motions have been filed and no pre-trial conference is set. The depositions of the parties' experts are scheduled into January 2007.

January 15, 2007 is the deadline for the service of contention interrogatories.  Consideration by the Third Circuit of AETC's appeal will not delay the trial of this action.

Alternatively, should the Third Circuit reverse this Court's ruling of summary judgment for the Plaintiffs but remand for a trial on the "arranger" issue, a bench trial will have to be held on the issue of whether AETC is an "arranger".   For judicial economy, that trial should be held at the same time as the main trial with all the other defendants.

E.    **ATTACHED DOCUMENTS**

Attached to this 28 U.S.C. § 1292(b) Petition is a copy of the Court's November 17, 2006 "Memorandum & Order", filed on November 20, 2006.

15

## CONCLUSION

For the foregoing reasons, Defendant, Advanced Environmental Technology Corporation, respectfully requests that this Court certify, pursuant to 28 U.S.C. § 1292(b) its November 20, 2006 "Memorandum & Order" for interlocutory appeal.

WOLFF & SAMSON PC

Attorneys for Defendant, Advanced
Environmental Technology Corp.

By: _____
ROBERT CARLTON, JR. (25050)
THOMAS SABINO (6491)

Dated:  December 18, 2006