## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 02-CV-3830 (LDD) |

## PLAINTIFFS' BRIEF IN OPPOSITION TO ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION'S "PETITION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL"

Ballard Spahr Andrews & Ingersoll
A Pennsylvania Limited Liability Partnership
Glenn A. Harris, Esquire
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3440
Fax: (856) 761-9001

Attorneys for Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems LLC

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT ...................................................................................................................... 2

   I.   *Interlocutory Review Of The Order Will Not Advance The Termination Of The Litigation* .................................................................................................................. 2

   II.   *The Order Does Not Involve A "Controlling Question Of Law"* ....................... 4

   III.   *There Is No Substantial Ground For Difference Of Opinion Over Any Decision In The Order* ................................................................................................................... 7

   IV.   *AETC Did Not Move To Alter Or Amend The Order Within Ten Days As Required By Fed. R. Civ. P. 59(e)* ..................................................................................... 11

CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ahrenholz v. Board of Trustees*, 219 F.3d 674, 675-76 (7th Cir. 2000) ..............................13

*Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. 1981) ..............................................13

*Arista Records, Inc. v. Flea World, Inc.*, 2006 W.L. 2882990 (D.N.J. 2006) .....................4

*Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)..........................................................2

*Braden v. University of Pittsburgh*, 552 F.2d 948 (3d Cir. 1977) .......................................13

*Dorward v. Cons. Rail Corp.*, 505 F.Supp. 58 (E.D. Pa. 1980) ............................................7

*In re Duplan Corp.*, 591 F.2d 139, 144 (2d Cir. 1978)..........................................................2

*In the Matter of Arthur J. Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997)..................................5

*Max Daetwyler Corp. v. R. Meyer*, 575 F.Supp. 280, 283 (E.D. Pa. 1983)...................7, 10

*Mazzella v. Stineman*, 472 F.Supp. 432 (E.D. Pa. 1979) .......................................................7

*Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3d Cir. 1958)...........................2, 12, 13

*Transport Leasing Company v. California*, 861 F. Supp. 931 (C.D. Ca. 1993)..............5, 6

*United States v. Cartwright*, 359 F.3d 281, 290 (3d Cir. 2004).............................5, 6, 9, 10

*United States v. New Castle County*, 727 F. Supp. 854 (D. Del. 1989)................................5

## FEDERAL STATUTES

42 U.S.C. § 9607(a) .................................................................................................................8

42 U.S.C. § 9607(a)(3).........................................................................................................8, 9

42 U.S.C. § 9607(a)(4).............................................................................................................8

28 U.S.C. § 1292......................................................................................................................2

28 U.S.C. § 1292(b) .......................................................................1, 2, 4, 5, 6, 11, 12, 13

28 U.S.C. § 1292(f)................................................................................................................12

## <u>RULES</u>

Fed. R. Civ. P. 59(e) ...................................................................................1, 11, 12, 13

Fed. R. App. P. 5(a) ..............................................................................................13

Fed. R. App. P. 5(a)(3).........................................................................................13

## PRELIMINARY STATEMENT

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems LLC ("Plaintiffs"), by and through their attorneys, respectfully submit this Memorandum in Response to Defendant Advanced Environmental Technology Corporation's ("AETC") Motion to Amend this Court's November 20, 2006 Order Granting Plaintiffs Partial Summary Judgment ("Order").[1]  The Motion asks this Court to conclude that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," such that AETC may make application to the Third Circuit for permission to take an interlocutory appeal.

AETC supports its motion with little more than a rehash of arguments and authorities that this Court has already rejected.  An immediate appeal by AETC from the Order would not "materially advance the ultimate termination of the litigation," nor does the Order involve a "controlling question of law as to which there is a substantial ground for difference of opinion."  There were thus good reasons why this Court did not include the 28 U.S.C. § 1292(b) statements in the Order, and there is no reason now why this Court should amend the Order to do so.  AETC's motion should therefore be denied.

---

[1]    AETC styles its motion "Petition for Certification for Interlocutory Appeal," but, as set forth more fully below, the applicable procedure is a motion pursuant to Fed. R. Civ. P. 59(e) for an amendment to the Order.

## ARGUMENT

Courts of appeals have jurisdiction over interlocutory decisions of the district courts only in those circumstances set forth at 28 U.S.C. § 1292. Section 1292(b) provides the courts of appeals discretion to permit an appeal to be taken from an interlocutory order only if the district judge, in a civil action or order not otherwise appealable under Section 1292, states in "such order" that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Third Circuit has long held that Section 1292(b) should be "sparingly applied." Indeed, the seminal opinion in *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3rd Cir. 1958) states that Section 1292(b): "[I]s to be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." 260 F.2d at 433. Even if a moving party meets all three criteria under Section 1292(b) (which it must do), the district court may nevertheless deny certification where the court does not believe interlocutory review is appropriate. *See Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir. 1976). The Order meets none of the three Section 1292(b) criteria.

I. *Interlocutory Review Of The Order Will Not Advance The Termination Of The Litigation*

Interlocutory review of the Order will not materially advance the ultimate termination of this litigation. It is a "critical requirement" for an interlocutory appeal that the appeal "have the potential for substantially accelerating the disposition of the litigation.'" *In re Duplan Corp.,* 591 F.2d 139, 148 n.11 (2d Cir. 1988). The Order did two things: It denied

AETC's Motion for Summary Judgment (which, if granted, would have dismissed AETC and its claims); and it granted Plaintiffs' Cross-Motion (finding AETC liable under Section 107(a)). The best possible outcome for AETC from interlocutory review would be a decision by the Third Circuit to reverse both rulings and grant summary judgment to AETC. AETC's sole basis for arguing that an interlocutory appeal of the Order will advance the termination of the litigation is that AETC would under such circumstances no longer be a defendant in the action and would no longer have cross-claims against the other parties. AETC Brief at 14. AETC fails to explain why the absence of it or its cross-claims at trial would either accelerate the start of the trial or materially shorten the length of the trial. It would do neither; AETC would be the only party to benefit from such a result.[2]

There are seven defendants remaining against which Plaintiffs will try this action this year.[3] This litigation will "terminate" only after that trial. The trial will be necessary whether or not AETC remains a party. Expert discovery is now being completed and the action should be ready for trial by summer. The trial simply will not take place either sooner without AETC and its cross-claims or later with AETC. Neither will the trial be materially different without AETC. Because AETC was involved with the waste generated by Ashland, Inc. ("Ashland"), a remaining party whose liability will be determined at trial, all of the proofs

---

[2] Reversal by the Third Circuit of only the summary judgment finding AETC to be liable would have no effect whatsoever on the litigation. All of the facts relevant to liability are also relevant to a determination of AETC's equitable share of Plaintiff's response costs.

[3] The remaining defendants are: Carpenter Technology Corporation; NRM Investment Company; Ashland, Inc.; Advanced Environmental Technology Corp.; Handy & Harman Tube Company; Thomas & Betts Corporation; and fcg, Inc. Plaintiffs have reached a settlement in principal with Techalloy Company, Inc. and Rahns Specialty Metals, Inc. and anticipate filing a motion seeking dismissal of those parties soon.

relating to the relationship between Ashland, AETC, and DeRewal will be an inherent part of that trial even if AETC is dismissed prior to trial. All of the AETC business records will be offered into evidence, as will the testimony of Mr. Leuzarder and Mr. Landmesser, AETC's two principals. Thus, even a grant of summary judgment to AETC by the Third Circuit will not affect the timing or length of the trial against the remaining defendants.

Moreover, interlocutory review may actually *delay* the ultimate termination of the litigation. This action may well proceed to trial while the Third Circuit is considering AETC's appeal, as AETC acknowledges. AETC Brief at 15. Should the Third Circuit do anything other than reverse and grant summary judgment to AETC, there will remand for trial to resolve factual disputes. If the trial against the remaining defendants has been completed, there will need to be a separate trial on the issue of whether AETC is an "arranger," and, if so, what equitable share of Plaintiffs' response costs should be allocated to AETC. This is particularly problematic because the inherent nature of a CERCLA contribution trial is to do equity among all of the liable parties before the Court. Avoiding such circumstances is precisely the reason for the "final judgment" rule and for the very narrow and disfavored exceptions to that rule.

An interlocutory appeal of the Order will not "materially advance the ultimate termination" of the litigation, such that AETC's motion should be denied.

## II.    *The Order Does Not Involve A "Controlling Question Of Law"*

The Order does not involve a controlling question of law. Section 1292(b) may not be used to obtain review of whether a trial court properly applied the law to the facts, but only whether the proper legal standard was used. *Arista Records, Inc. v. Flea World, Inc.*, 2006 W.L. 2882990 (D.N.J. 2006). Stated another way, Section 1292(b) is reserved for questions of

"pure" law. *See, e.g., In the Matter of Arthur J. Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997).

AETC posits four questions that it asserts are controlling question of law. AETC Brief at 4.

None of them satisfy the requirements of Section 1292(b).

AETC contends that the issue presented by the Order was "the legal question of

whether AETC fell into the 'arranger' definition of CERCLA liable parties." AETC Brief at 5.

It is self evident that whether a party is an "arranger" cannot possibly be a "pure question of

law." Resolution of the question requires both findings of fact unique to AETC and a

determination of the correct legal standard to which those facts are applied, precisely what this

Court did in the Order.[4]

AETC's second alleged question of controlling law is the argument that this Court

misapplied the holding of a criminal case to determine the standard for constructive possession,

incorrectly concluding that only "power" to exercise control need be established. AETC Brief at

4, 6-9. This is simply incorrect. The Order cites to *United States v. Cartwright*, 359 F.3d 281,

290 (3rd Cir. 2004), simply for the indisputable proposition that constructive possession as a

"general matter" is achieved "only when the defendant exercises some control over the waste

because control is inherent in the definition of constructive possession." Order at 7. The Order

---

[4]    *United States v. New Castle County*, 727 F. Supp. 854 (D. Del. 1989), has nothing to do
with constructive possession, contrary to AETC's suggestions. AETC Brief at 11-12. The State
of Delaware merely licensed, approved, and regulated the landfill, it had no other relationship
with the persons who owned or possessed the wastes that were disposed of there.727 F. Supp. At
862-864. AETC also misstates the holding in *Transport Leasing Company v. California*, 861 F.
Supp. 931 (C.D. Ca. 1993). That opinion does not state that a party can be held to constructively
possess waste "only when it has chosen a particular site for disposal," AETC Brief at 12. Rather,
it says that, while site selection *can* establish constructive ownership or possession, "lack of such
evidence does not necessarily mean a defendant did not constructively own or possess waste."

(continued...)

also cites to *Cartwright* to show the fallacy in AETC's fundamental argument that physical

control is necessary to establish constructive possession, noting that where there is physical

control there is *actual* possession and there would be no need for the doctrine of constructive

possession.  Order at 7.  The Order also discusses in detail two CERCLA cases relied upon by

AETC, each of which examined constructive possession.  Order at 7-9.  Whether the Order

"improperly" cited to Cartwright is therefore not a controlling question of law.

AETC next suggests that there is a question of controlling law because, according

to AETC, this Court incorrectly failed to apply the "exercise of control" standard for constructive

possession is just not true.  AETC Brief at 4, 6, 7, etc.  The Order specifically states:  "Whether

the Court applies the 'ability to control' standard or the 'exercise of control' standard is

immaterial because the stricter legal standard [the "exercise of control" standard] is met."  Order

at 9.  This Court expressly found:  "AETC *exercised control* over the waste when it agreed by

contract to dispose of the waste and independently hired DeRewal to perform the removal and

disposal."  Order at 7 (emphasis added).  Whether "ability to control" or "exercise of control" is

the appropriate legal standard for constructive possession is therefore not a controlling question

of law in the Order.

Finally, AETC asserts that this Court's grant of summary judgment to Plaintiffs

was, somehow, "beyond the relief sought by Plaintiffs."  AETC Brief at 4.  What AETC means

by this is unclear.  However, as set forth above, even if there is a question of "pure" law

somewhere in this assertion, such question could not satisfy Section 1292(b) because, as set forth

---

(...continued)

861 F. Supp. At 952.  Indeed, the *Transport Leasing* court held municipalities liable even if they
(continued...)

above, a reversal by the Third Circuit of the granting of Plaintiffs' cross-motion could not possibly advance the ultimate termination of this litigation.

None of the issues presented by AETC are controlling questions of law. Amendment of the Order is therefore inappropriate.

III.   *There Is No Substantial Ground For Difference Of Opinion Over Any Decision In The Order*

AETC's *real* argument is that an arranger must have constructive possession at the *time* of the actual waste disposal. There can be no substantial ground for difference of opinion over this Court's rejection of that argument. Substantial ground for difference of opinion exists where there is a "divergence of opinion within a district or where there is a circuit split." *See, Dorward v. Cons. Rail Corp.*, 505 F. Supp. 58 (E.D. Pa. 1980); *Mazzella v. Stineman*, 472 F. Supp. 432 (E.D. Pa. 1979). There is no such divergence or split because AETC points to *no opinion* holding that constructive possession can only be found in a CERCLA case where the arranger has control over the actual disposal of the waste, the precise issue it urges here. Its repeated statements that the issue of constructive ownership "has never been decided by the Third Circuit in a CERCLA case," AETC Brief at 1, is simply not grounds for this Court to conclude that there is "substantial ground for difference of opinion." The mere fact that an appeal would present a question of first impression "is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion." *Max Daetwyler Corp. v. R. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983).

---

(...continued)
did not know where the waste was being dumped. *Id.* At 953.

Moreover, the proposition itself is very wrong. The argument that constructive possession can only be shown by control over the precise method and place of disposal confuses the several requirements of Section 107(a). That section includes as persons liable "any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person ...." 42 U.S.C. § 9607(a)(3). There is no dispute that AETC is a "person who by contract, agreement, or otherwise ... arranged with a transporter for transport for disposal or treatment" of the wastes generated by Ashland and Diaz. The *only* question has always been whether AETC "owned or possessed" those wastes.

The plain language of the statute must mean that the "arranger" own or possess the hazardous substances *at the time of the arrangement* "with a transporter for transport." It simply cannot mean anything else. If you arrange for someone else to take the waste away, you don't thereafter possess or control the waste (at least not physically). The words of Section 9607(a) cannot mean that the owner or possessor of the waste making the arrangement for disposal (or for transport for disposal) of those wastes must continue to own or possess the wastes through the actual time of disposal, and there is no opinion of which Plaintiffs are aware that even remotely suggests such a meaning.[5] AETC's insistence that constructive ownership can only be shown by control over the "specific method and manner of disposal," AETC Brief at 12, attempts to add a temporal requirement to the "owned or possessed" language in Section

---

[5]      Transporter liability, by contrast, requires that the person who accepted the hazardous substances for transport to disposal or treatment facilities selected the facility at which the wastes were in fact disposed of or treated, just the type of "control" AETC urges apply as well to arrangers. 42 U.S.C. § 9607(a)(4). This language in Subsection (a)(4) must mean that the

(continued...)

9607(a)(3) through the back door of "constructive possession."[6]

AETC's examples of what Plaintiffs "must" prove to establish constructive possession further illustrate the lack of merit in this argument. For example, AETC asserts that it can only be found to have constructively possessed Ashland and Diaz's wastes if AETC owned the truck that picked up the waste and one of its employees was driving the truck. AETC Brief at 10. If an agent or employee of AETC was driving a truck (whether or not the truck was owned by AETC) with the express purpose of loading waste onto the truck and hauling the waste to a disposal location, then AETC would have *physical* possession of the waste and constructive possession would not even be an issue.

AETC also argues that its constructive possession of the Ashland or Diaz waste could be proven if an AETC employee had been in the DeRewal truck with the DeRewal driver. AETC Brief at 10. This gets to the heart of AETC's thinking. AETC is really saying that it shouldn't be liable because, according to AETC, AETC didn't know that DeRewal was dumping the waste at the Boarhead Farms site (hence AETC's mantra-like repetition that DeRewal "secretly," "surreptitiously," and "illegally" dumped the waste at Boarhead). This Court correctly rejected that argument, acknowledging the well-settled case law to hold that arranger liability is "not conditioned on the defendant knowing where the waste will be dumped." Order at 10. There is no divergence of opinion within this district or a circuit split over this holding.

---

(...continued)
concept is not included in Subsection (a)(3).
[6]    Interestingly, AETC first argues that the Court should not have relied on *United States v. Cartwright* at all, AETC Brief at 7-8, then states that this Court should have followed what is said to be the "precedent" of *Cartwright*, that the *only way* a party can constructively possess something is to own or operate a motor vehicle in which the relevant object sits. AETC Brief at
(continued...)

*Daetwyler*, 575 F. Supp. 280.

Even if AETC was correct that it had to "know" the waste was being dumped at Boarhead, however, AETC still would not be entitled to summary judgment. There was substantial evidence in the motion record to show that Mr. Leuzarder and Mr. Landmesser *did know* that DeRewal was dumping Ashland's wastes at the Boarhead site. *See* Plaintiffs' Brief in Support of their Cross-Motion for Partial Summary Judgment and in Opposition to AETC's Motion for Summary Judgment ("Plaintiffs' Brief") at 4-5, 7-9.

By way of example only, at the September 20, 1976 meeting between Messrs. Landmesser, Leuzarder, DeRewal and Curley *at the Site*, Mr. DeRewal informed them that he intended to set up an acid neutralization operation at the Site. Exhibit 11 to Plaintiffs' Brief. Acid wagons were parked on the Site during this meeting and were observed by the meeting participants. *Id.*; Leuzarder N.T., November 29, 2004, at 43:14 - 44:23 (Exhibit 2 to Plaintiffs' Brief). Furthermore, AETC had been informed both of an acid spill at the Site, in connection with which Mr. DeRewal had been burned, and Mr. DeRewal's rumored disposal of acid waste at the Site. *Id.*; Landmesser N.T., December 6, 2004, at 154:18 - 156:4 (Exhibit 10 to Plaintiffs' Brief). Finally, at his deposition, Manfred DeRewal, Sr. testified that he told AETC's two principals, while standing at the Boarhead Site, that Ashland's waste was going to be disposed of at the Boarhead Farm site. Manfred DeRewal, Sr. N.T., May 9, 2003 at 497:28-500:5, 532:9-534:8 (Exhibit 22 to Plaintiffs' Brief). Plaintiffs were entitled in opposing AETC's motion to all

---

(...continued)

8. *Cartwright*, of course, stands for no such proposition.

reasonable inferences from this record evidence.[7]

Whether or not AETC knew that DeRewal was disposing of the waste at the Boarhead Farm site and whether or not AETC "instructed" DeRewal to dispose of it instead only at Wissinoming are thus facts very much in dispute. AETC was therefore not entitled to a summary judgment based upon its assertion that it cannot have had constructive possession of the wastes from Ashland and Diaz because it did not "know" those wastes were being disposed of at Boarhead. For the same reasons, the Third Circuit could not reverse this Court's denial of AETC's Motion even if it agreed with AETC's legal theory. That theory thus cannot be the basis of a Section 1292(b) finding.

There is thus no substantial ground for difference of opinion over any decision in the Order.

IV.    *AETC Did Not Move To Alter Or Amend The Order Within Ten Days As Required By Fed. R. Civ. P. 59(e)*

AETC's Motion is untimely. Section 1292(b) applies only where the district judge is of the opinion that an order being entered meets the requirements of the statute and the

---

[7]    Moreover, there is absolutely no evidence that AETC "instructed" or "explicitly directed" DeRewal to dispose of the waste at Wissinoming, as AETC now contends. AETC Brief at 3. When asked specifically whether disposal at Wissinoming was part of the *agreement* between AETC and DeRewal, much less whether AETC *instructed* DeRewal to do so, Mr. Leuzarder admitted that AETC did not actually specify that the Wissinoming facility was to be used for the disposal of AETC's customers waste, but that it was just "implied." Leuzarder N.T., November 29, 2004 at 73:13-17 (Exhibit 3 to Plaintiffs' Brief). Mr. Leuzarder dodged the next question as well: "Did AETC ever ask DeRewal Chemical where it was disposing of waste? A. Again, it is implied by the fact that that was his only facility." *Id.* The affidavits from Mr. Leuzarder and Mr. Landmesser submitted in support of AETC's Motion say only that each "understood that all of the liquid waste DeRewal Chemical collected from Ashland and Diaz was deposited at the Wissinoming Industrial Park ...." Neither affidavit says that anyone at AETC "instructed"

(continued...)

judge "so state[s] in writing *in such order*." 28 U.S.C. § 1292(b)(emphasis added). There is no such thing as a separate "certification" of a previously-entered order stating or otherwise indicating that the previously-entered order satisfies Section 1292(b). The Order does not include the Section 1292(f) language. The only way that the Order can be made to include the appropriate 1292(b) findings is if it is amended to add such language. Any motion to alter or amend a judgment must be filed "no later than ten days after entry of the judgment." Fed. R. Civ. P. 59(e). The Order was entered on November 20th and AETC's Motion was filed on December 18, 2006, twenty-eight days later. AETC is thus eighteen days out of time to seek the requested amendment.

This is precisely the holding of *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3rd Cir. 1958), wherein the district court had entered an order on September 24, 1958 refusing a motion to quash the service of a summons and to dismiss the action. 260 F.2d at 432. The September 24, 1958 order did not contain the Section 1292(b) language. *Id.* at 435. The district court apparently entered a separate statement on October 7, 1958, thirteen days after entry of that order to the affect that the Section 1292(b) conditions were met. *Id.* Application for permission to appeal was not made until October 14, 1958. *Id.* The Third Circuit held that appeal could not be taken from the September 24, 1958 order because more than ten days had expired from entry of that order and the order itself had never been amended to include the Section 1292(b) language. *Id.* The court noted that the district court had the power to amend the initial order pursuant to a motion served not later than ten days after entry of that order, that the district judge

---

(...continued)
DeRewal to do so or even that the agreement with DeRewal required DeRewal to do so.

might upon such motion amend the initial order by inserting the requisite statement, and that an application might then be made to the Third Circuit to permit the interlocutory appeal. *Id.* at 435-36.

Other courts, including the Third Circuit in *Braden v. University of Pittsburgh*, 552 F.2d 948 (3d Cir. 1977), have disagreed with or questioned *Milbert* on this point. However, most such opinions do so on the basis that Rule 5(a) of the Federal Rules of Appellate Procedure was amended after *Milbert* to provide that an order may be amended to include the 1292(b) language "at any time." *See, e.g., Braden*, 552 F.2d at 952; *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. 1981). Rule 5(a) was completely rewritten, however, in 1998 and now states that "the district court may amend its order, either on its own or in response to a parties' motion, to include the required permission or statement." Fed. R. App. 5(a)(3). The words "at any time" were deleted from this amendment. Thus, nothing in the current Appellate Rules overrules or in any way changes the time limit in Fed. R. Civ. P. 59(e) for the amendment of an order to include the Section 1292(b) language. Similarly, those courts that declare in one way or another that there is no time frame for the filing of a "petition" with a district court to add the Section 1292(b) language simply overlook the fact that there *is no such* "petition" under the rules. *See, e.g., Ahrenholz v. Board of Trustees*, 219 F.3d 674, 675-76 (7th Cir. 2000).

AETC did not move for the amendment of the Order within ten days of the date thereof. Its "Petition" therefore should be denied.

## <u>CONCLUSION</u>

For all of the foregoing reasons, and in the interest of justice, Plaintiffs

respectfully request that AETC's Motion to amend the Order be denied.

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership

By: _____
        Glenn A. Harris

Dated:  January 4, 2007

DMEAST #9694211 v1                        14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>              Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>              Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No. 02-CV-3830 (LDD) |

## ORDER

AND NOW, this _____ day of _____,

2007, it is hereby ORDERED that AETC's Petition for Certification for Interlocutory Appeal is

DENIED.

_____
Legrome D. Davis
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : : | |

## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of Plaintiffs' Brief in Opposition to

Petition for Certification for Interlocutory Appeal electronically and by first class postage prepaid

United States mail, on the counsel listed on the attached service list.

Dawn M. Neukirch

Dated:  January 4, 2007

## *Boarhead Farm Defendants' Service List*
## *File No. 892241*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
Phone: 973-325-1500
Fax: 973-325-1501
e-mail: tsabino@wolffsamson.com

 *-and-*

Robert M. Morris, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street
P.O. Box 30477
Philadelphia, PA 19103
Phone: 215-568-5621
Fax: 215-568-3253
e-mail: rmmorris@morrisadelman.com
*Advanced Environmental Technology Corp.*


Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
  Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Phone: 973-994-1700
Fax: 973-994-1744
e-mail: mflax@carellabyrne.com
*Handy & Harman Tube Company*


Lynn Wright, Esquire
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, New York 10022-1200
Phone: 212-308-4411
Fax: 212-308-4844
e-mail: lwright@ealaw.com
*Carpenter Technology Corporation*

DMEAST #3069713 v20

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
Phone:  215-979-1000
Fax:  215-979-1020
e-mail:  scooley@duanemorris.com
*Flexible Circuits & Etched Circuits*

    *-and-*

A. Nicole Friant, Esquire
Duane Morris LLP
One Liberty Place
Suite 4200
Philadelphia, PA  19103-7396
Phone:  215-979-1818
Fax:  215-979-1020
e-mail:  anfriant@duanemorris.com


Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Phone:  215-988-2700
Fax: 215-988-2757
e-mail:  Andrew.foster@dbr.com
*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*


Edward Fackenthal, Esquire
Law Office of Edward Fackenthal
One Montgomery Plaza
Suite 209
Norristown, PA  19401
Phone: (610) 279-3370
Fax:  (610) 279-0696
*NRM Investment Co.*
e-mail:  edwardfackenthal@cs.com

Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
Suite 1600
121 South Broad Street
Philadelphia, PA  19107
Phone:  215-546-0500
Fax:  215-546-9444
e-mail:  rbiedrzycki@pp-b.com
*Ashland, Inc.*