IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC.; | : | |
| CYTEC INDUSTRIES. INC.; | : | |
| FORD MOTOR COMPANY; | : | |
| SPS TECHNOLOGIES, LCC; | : | |
| TI GROUP AUTOMOTIVE SYSTEMS; | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL | : | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., | : | |
|     Defendants. | | |

## ORDER

AND NOW this 17th day of January 2007, it is hereby ORDERED that Plaintiffs' Motion to Compel Production of the Drafts of the Expert Report Prepared by Kirk W. Brown, Ph.D. (Doc. No. 218) is DENIED.

During Dr. Brown's December 1, 2006 deposition, Dr. Brown testified that he altered or amended his expert report based on the suggestions of Melissa Flax, Esquire, counsel for Handy & Harman Tube Company. Plaintiffs promptly requested a copy of the draft report from Dr. Brown and from counsel. Flax and Brown deny retention of a copy of the draft report. Brown Dep. at 48, 50. Dr. Brown testified that when contacted by counsel about the draft report, he made the suggested changes directly onto the computer, thereby overwriting the original electronic files.

In the instant motion, plaintiffs ask this Court to order Brown and Flax to 1) conduct an investigation to determine whether the draft exists, 2) provide a certification of the results of that

1

investigation, and 3) produce the draft report. Pl.'s Br. at 5.

Defendant's Response to the Motion to Compel (Doc. No. 222), includes the declarations of Melissa Flax and Dr. Brown's assistant, Michael Golladay that an investigation has been conducted. According to both declarants, several days before the final report was submitted, Golladay faxed a copy of the report to Ms. Flax. Flax Dec. at 4; Golladay Dec. at 3. On that same day, Flax spoke with Brown and Golladay by telephone and suggested certain insignificant formatting changes[1] and minor grammatical corrections. Flax Dec. at 6-7; Golladay Dec. at 5. Flax and Golladay declare that no substantive changes were suggested or made; neither individual, however, retained a copy of the draft. Flax Dec. at 7; Golladay Dec. at 6. Dr. Brown's testimony at his deposition is in full accord. Brown Dep. at 49-50. Subsequently, Golladay reviewed Dr. Brown's entire file and determined that no copy of the draft report remains. Golladay Dec. at 7.

Based on the declarations of Golladay and Flax, the Court finds that defendant has conducted a sufficient, good-faith investigation to determine the existence of any draft reports. Therefore, to the extent that the instant motion requests this Court order defendant to conduct an investigation and provide the results to the Court, that request is denied as moot. Defendant has produced unambiguous evidence that a copy of the draft report no longer exists.

Further, as this Court cannot compel a party to produce a document that it does not have, plaintiff's request for production of the draft report must also be denied.

---

[1]Flax suggested that Dr. Brown's qualifications be moved to the first page of the report, that each paragraph be numbered, and that the topic headings be indented. Flax Dec. at 6; Golladay Dec. at 5.

For these reasons, Plaintiff's Motion to Compel Production of the Drafts of the Expert Report Prepared by Kirk W. Brown, Ph.D. (Doc. No. 218) is DENIED.

BY THE COURT

/S/LEGROME D. DAVIS
Legrome D. Davis, J.