IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC.; : | |
| CYTEC INDUSTRIES. INC.; : | |
| FORD MOTOR COMPANY; : | |
| SPS TECHNOLOGIES, LCC; : | |
| TI GROUP AUTOMOTIVE SYSTEMS; : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| ADVANCED ENVIRONMENTAL : | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., : | |
| : | |
| Defendants. | |

**ORDER**

AND NOW this 7th day of February, 2007 it is hereby ORDERED that the petition for certification of interlocutory appeal filed by Defendant Advanced Environmental Technology Corporation ("AETC") (Doc. No. 219) is DENIED.

On November 20, 2006, this Court issued a Memorandum & Order (Doc. No. 216) denying AETC's motion for summary judgment and granting Plaintiffs' cross-motion for summary judgment, finding therein that AETC was liable under 42 U.S.C. § 9607 as a CERCLA "arranger." AETC now petitions for certification of interlocutory appeal.[1]

Pursuant to 28 U.S.C. § 1292(b) a district court is authorized to certify an order for interlocutory appeal when 1) there is a controlling question of law, 2) upon which there are

---

[1] A complete recitation of the factual background of this case and the Court's legal analysis was provided in the Court's original opinion and need not be repeated here.

1

substantial grounds for difference of opinion, and 3) when immediate appeal may materially advance the termination of the litigation.  See generally, Milbert v. Bison Laboratories, Inc., 260 F.2d 431 (3d Cir. 1958); see also Delaware Valley Toxics Coalition v. Kurz-Hastings, Inc., 813 F.Supp. 1132, 1142 (E.D. Pa. 1993).  Section 1292(b) is to be applied only in "exceptional cases where an immediate appeal may avoid protracted and expensive litigation." Milbert, 260 F.2d at 433; see also Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480 (1978).

AETC notes that the Third Circuit has never addressed constructive possession in the CERCLA context and argues that this Court erred in adopting the legal standard for constructive possession which has been developed and uniformly applied in other areas of the law.  As stated in this Court's original opinion, "in the CERCLA context, as in all other contexts, constructive possession of an item is established once a party exercises dominion or control other than by taking physical possession of it."  Mem. at 7 (citing United States v. Cartwright, 359 F.3d 281, 290 (3d Cir. 2004)).  Not only has this legal standard been adopted by other courts which have considered constructive possession under CERCLA, see e.g., Transportation Leasing Co. v. State of California, 861 F.Supp. 931, 955 (C.D. Ca. 1993), it is also the standard suggested by AETC.  See AETC Reply Br. at 12 ("constructive possession can only arise when a party exercises control...").[2]  The fact that the Third Circuit has not yet had the opportunity to adopt this legal standard in the CERCLA context does not prove that there are substantial grounds for

---

[2]In the instant petition, AETC argues that the Court erred in relying on Cartwright because it is a criminal case.  This assertion is inconsistent with AETC's position during the summary judgment phase of this case.  During oral argument, the Court twice asked AETC whether the standard for constructive possession under CERCLA would be identical to the standard used in other areas of the law, including criminal law.  AETC responded in the affirmative to both questions.  N.T. Or. Arg. at 11-12.

disagreement. That an issue would be a matter of first impression does not establish that interlocutory appeal is appropriate. See Max Daetwyler Corp. v. R. Meyer, 575 F.Supp 280, 283 (E.D. Pa. 1983).

AETC's true dissatisfaction lies not with the legal standard that was adopted, but in how that standard was applied in this case. In making this point, AETC simply repeats the arguments previously made on summary judgment. The Court carefully considered those arguments and ultimately determined that the undisputed facts establish as a matter of law that AETC constructively possessed the waste generated by Ashland and Diaz. The Court will not revisit this issue here.

AETC also has not shown that interlocutory appeal will materially advance the termination of the litigation. AETC is one of seven defendants and the parties anticipate that the trial will commence within the next seven months. If the summary judgment order were to be certified for interlocutory appeal, it is likely that the Third Circuit would not rule on the issue prior to trial. Therefore, certification may actually delay the termination of this litigation because the Court would be forced to stay the trial pending the Third Circuit's ruling.

Furthermore, removal of AETC from this action would not materially change the presentation of evidence at trial. Ashland produced much of the waste that AETC hired DeRewal to remove and discard. Ashland remains a defendant in this litigation and proving the conduct of AETC and DeRewal would be highly relevant to the establishment of Ashland's liability.

AETC has not identified substantial grounds for difference of opinion on the proper legal standard for constructive possession under CERCLA. Furthermore, immediate appeal would

neither accelerate the commencement of the trial nor expedite the presentation of evidence. Certification of interlocutory appeal is therefore inappropriate. See 28 U.S.C. § 1292(b).

For the reasons stated above, AETC's petition for certification of interlocutory appeal (Doc. No. 219) is DENIED.

                                                  BY THE COURT,

                                                  /S/LEGROME D. DAVIS

                                                  Legrome D. Davis, J.