IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>          Plaintiffs,<br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>          Defendants. | Civil Action No. 02-CV-3830 (LDD) |

## **MOTION FOR ORDER OF DISMISSAL**

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems LLC ("Plaintiffs") and Defendants Rahns Specialty Metals, Inc. and Techalloy Company, Inc. ("Settling Defendants"), by their undersigned counsel, hereby move for the entry of an Order dismissing and barring claims against Settling Defendants. In support of this motion, Plaintiffs and Settling Defendants aver as follows:

      1.       On June 18, 2002, Plaintiffs filed a Complaint[1] against Defendants alleging that they were liable under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites

---

[1] Four Amended Complaints were filed after this date as follows: Amended Complaint, filed August 26, 2002; Second Amended Complaint filed February 21, 2003; Third Amended Complaint filed September 8, 2003; and Fourth Amended Complaint filed August 1, 2005. The Fourth Amended Complaint is captioned *Agere Systems, Inc., et al. v. Advanced Environmental Technology Corporation, et al.*

Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.* ("HSCA"), and seeking response costs, contribution, and declaratory relief in connection with the Boarhead Farm Superfund Site (the "Site").

2. On June 30, 2004, this Court entered a Memorandum Order setting forth certain rulings concerning the dismissal of Defendants who enter into settlements with Plaintiffs.

3. Following settlement negotiations, Settling Defendants entered into an agreement with Plaintiffs to settle Plaintiffs' claims against them in the within action.

4. The settlement reached between the parties and embodied in the settlement agreement is neither collusive nor fraudulent, was arrived at by arms-length process of negotiation and in good faith, and resolves all claims between the parties.

5. The proposed Order of Dismissal submitted herewith reflects the Court's opinion in the June 30, 2004 Memorandum Order.

WHEREFORE, Plaintiffs and Settlement Defendants respectfully request that this Court enter the proposed Order.

Dated: March 29, 2007

*[signature]*

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll
A Pennsylvania Limited Liability Partnership
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400

Attorney for Plaintiffs

_____
Andrew P. Foster, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Phone: (215) 988-2412

Attorney for Defendants Rahns Specialty
Metals, Inc. and Techalloy Company, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 02-CV-3830 (LDD) |

## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, on June 18, 2002, Plaintiff Boarhead Farm Agreement Group ("the Agreement Group") filed a Complaint (and thereafter filed amendments to the Complaint) against, *inter alia*, Defendants Rahns Specialty Metals, Inc. and Techalloy Company, Inc. ("Settling Defendants") alleging that Settling Defendants were liable under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.* ("HSCA"), and seeking contribution and declaratory relief in connection with the Boarhead Farms Superfund Site (the "Site");

WHEREAS, the Agreement Group filed amended complaints on August 26, 2002, February 21, 2003, and September 19, 2003, and Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC, and TI Group Automotive Systems LLC

("Plaintiffs") filed an amended complaint on August 1, 2005 substituting themselves for the Agreement Group (the Complaint and the amended complaints are hereinafter collectively referred to as the "Amended Complaint");

WHEREAS, the Plaintiffs have entered into an agreement of settlement with Settling Defendants resolving all claims that were asserted by the Agreement Group in the Amended Complaint (the "Settlement Agreement");

NOW, THEREFORE, upon consideration of all filed papers and for good cause shown, it is hereby ORDERED and DECREED as follows:

1. All claims asserted by the Plaintiffs in the Amended Complaint against the Settling Defendants and all potential counterclaims by the Settling Defendants against the Plaintiffs arising out of the subject matter of the Amended Complaint shall be and hereby are dismissed and barred with prejudice, and the Settling Defendants are hereby dismissed as parties to this action.

2. This dismissal is without costs or attorneys' fees against the Plaintiffs or the Settling Defendants, each party to bear its own costs and fees.

3. All deemed and asserted cross-claims by the Non-Settling Defendants against the Settling Defendants and by the Settling Defendants against the Non-Settling Defendants arising out of the claims asserted in the Amended Complaint (including any claims or cross-claims otherwise assigned by the Settling Defendants to the Plaintiffs in the Settlement Agreement), shall be and hereby are dismissed and barred with prejudice.

    4.      The Court's Memorandum Order filed June 30, 2004 (Dkt. No. 96) will govern in determining the extent, if any, to which the Non-Settling Defendants' liability, if any, should be offset, in whole or in part, by the Settlement Agreement.

    5.      This Order of Dismissal with Prejudice does not bar or otherwise adjudicate the following potential claims or cross-claims relating to the Site that potentially may be asserted in the future by or against any party or other person, which potential claims were neither asserted in the Amended Complaint nor resolved in the Settlement Agreement:

        A.      Toxic tort claims (including, but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property);

        B.      Claims at other sites arising from the direct or indirect shipment prior to 1990 of hazardous waste, hazardous substances or other materials from the Site; and

        C.      Claims for natural resource damages or assessments at or caused by the Site.

    6.      Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, this Order of Dismissal with Prejudice shall be entered as a final judgment of the Court with respect to the Settling Defendants, and the dismissal of cross-claims with prejudice as provided hereinabove shall be deemed to be a final Order of the Court.

                  SO ORDERED:

                  _____
                  Legrome D. Davis, Judge

Dated: _____, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems LLC ("Plaintiffs") and Defendants Rahns Specialty Metals, Inc. and Techalloy Company, Inc. ("Settling Defendants") Motion for Order of Dismissal and supporting documents to be served by electronic transmission and regular mail upon all counsel on the attached service list this 30th day of March, 2007.

                                                                         _____
                                                                         Dawn M. Neukirch

# *Boarhead Farm Defendants' Service List*
# *File No. 892241*

Thomas W. Sabino, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
Phone: 973-325-1500
Fax: 973-325-1501
e-mail: tsabino@wolffsamson.com

   *-and-*

Robert M. Morris, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street
P.O. Box 30477
Philadelphia, PA 19103
Phone: 215-568-5621
Fax: 215-568-3253
e-mail: rmmorris@morrisadelman.com
*Advanced Environmental Technology Corp.*


Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
     Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Phone: 973-994-1700
Fax: 973-994-1744
e-mail: mflax@carellabyrne.com
*Handy & Harman Tube Company*


Lynn Wright, Esquire
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, New York 10022-1200
Phone: 212-308-4411
Fax: 212-308-4844
e-mail: lwright@ealaw.com
*Carpenter Technology Corporation*

DMEAST #3069713 v20

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
Phone:  215-979-1000
Fax:  215-979-1020
e-mail:  scooley@duanemorris.com
*Flexible Circuits & Etched Circuits*

-and-

A. Nicole Friant, Esquire
Duane Morris LLP
One Liberty Place
Suite 4200
Philadelphia, PA  19103-7396
Phone:  215-979-1818
Fax:  215-979-1020
e-mail:  anfriant@duanemorris.com


Andrew P. Foster, Esquire
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Phone:  215-988-2700
Fax: 215-988-2757
e-mail:  Andrew.foster@dbr.com
*Rahns Specialty Metals, Inc.*
*Techalloy Co., Inc.*
*Thomas & Betts Corporation*


Edward Fackenthal, Esquire
Law Office of Edward Fackenthal
One Montgomery Plaza
Suite 209
Norristown, PA  19401
Phone: (610) 279-3370
Fax:  (610) 279-0696
*NRM Investment Co.*
e-mail:  edwardfackenthal@cs.com


Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
Suite 1600
121 South Broad Street
Philadelphia, PA 19107
Phone: 215-546-0500
Fax: 215-546-9444
e-mail: rbiedrzycki@pp-b.com
*Ashland, Inc.*