IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, ET AL., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL | : | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | | |

**<u>ORDER</u>**

AND NOW, this 2nd day of May 2007, it is hereby ORDERED that Plaintiffs' Motion for Dismissal of Defendants Rahns Specialty Metals, Inc. and Techalloy Company, Inc. ("Settling Defendants") (Doc. No. 226) is GRANTED as unopposed. It is FURTHER ORDERED as follows:

1. All claims asserted by the Plaintiffs in the Amended Complaint against the Settling Defendants and all potential counterclaims by the Settling Defendants against the Plaintiffs arising out of the subject matter of the Amended Complaint shall be and hereby are dismissed and barred with prejudice, and the Settling Defendants are hereby dismissed as parties to this action.

2. This dismissal is without costs or attorneys' fees against the Plaintiffs or the Settling Defendants, each party to bear its own costs and fees.

3. All deemed and asserted cross-claims by the Non-Settling Defendants against the Settling Defendants and by the Settling Defendants against the Non-Settling Defendants arising out of the claims asserted in the Amended Complaint (including any claims or cross-claims otherwise assigned by the Settling Defendants to the Plaintiffs in the Settlement Agreement), shall be and hereby are dismissed and barred with prejudice.

4. The Court's Memorandum Order filed June 30, 2004 (Dkt. No. 96) will govern in determining the extent, if any, to which the Non-Settling Defendants' liability, if any, should be offset, in whole or in part, by the Settlement Agreement.

5. This Order of Dismissal with Prejudice does not bar or otherwise adjudicate the following potential claims or cross-claims relating to the Site that potentially may be asserted in the future by or against any party or other person, which potential claims were neither asserted in the Amended Complaint nor resolved in the Settlement Agreement:

A. Toxic tort claims (including, but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property);

B. Claims at other sites arising from the direct or indirect shipment prior to 1990 of hazardous waste, hazardous substances or other materials from the Site; and

C. Claims for natural resource damages or assessments at or caused by the Site.

6. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, this Order of Dismissal with Prejudice shall be entered as a final

judgment of the Court with respect to the Settling Defendants, and the dismissal of cross-claims with prejudice as provided herein shall be deemed to be a final Order of the Court.

                                              BY THE COURT:

                                              /S/LEGROME D. DAVIS

                                              Legrome D. Davis, J.