**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC | : : : : : : |
| Plaintiffs, | : |
| v. | : : : |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : |
| Defendants. | : |

Civil Action No. 02-CV-3830 (LDD)

**PLAINTIFFS' RESPONSES TO CONTENTION INTERROGATORIES OF DEFENDANT ASHLAND, INC.**

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems, LLC ("Plaintiffs"), by their undersigned attorneys, object and respond to the contention interrogatories of Ashland, Inc. ("Defendant") as follows:

## GENERAL STATEMENTS AND OBJECTIONS

Plaintiffs hereby incorporate by reference, as if fully set forth herein, the General Statements and Objections contained in Plaintiffs' Responses to the joint contention interrogatories of Advanced Environmental Technology Corporation ("AETC"), Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company (collectively, "Defendants").

## INTERROGATORIES AND RESPONSES

Subject to and without waiving the foregoing General Objections, Plaintiffs make the following responses to the contention interrogatories of Defendant:

1.      Ashland incorporates by reference as fully set forth herein the Defendants' Joint Contention Interrogatories to Plaintiffs and any Contention Interrogatories served by individual defendants.

**ANSWER:** Plaintiffs incorporate by reference as if fully set forth herein their responses

to Defendants' Joint Contention Interrogatories to Plaintiffs as well as any individual

Defendant's Interrogatories to Plaintiffs.

2.      Do Plaintiffs contend that Manfred DeRewal ("DeRewal"), Boarhead Corporation ("Boarhead") and DeRewal Chemical Corporation ("DCC") were not subject to an injunction order from the Bucks County Court of Common Pleas at No. 76-9647 entered on or about October 15, 1976 prohibiting Manfred DeRewal, Boarhead Corporation and DeRewal Chemical Corporation from bringing any tank truck, drum, or container of any kind whatsoever which contained any type of chemical or any type of substance in excess of quantities normally used for household purposes onto the Site and directing that: (1) Any tank truck that was on the Site be emptied and the drain valve left open from that date forward; (2) Any chemicals or substances which were being stored on the Site be removed within seven (7) days from that date; and (3) DeRewal, Boarhead and DCC allow the Bridgeton Police and/or the Bucks County Department of Health personnel to inspect the Site and/or vehicles on the Site at the discretion of said personnel until further Order of Court.

        A.      if Plaintiffs contend that DeRewal, Boarhead and DCC, or any of them, were not subject to such Order, what is the factual and legal basis for Plaintiffs' contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information

outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at

trial. Plaintiffs further object to this Interrogatory because it is vague, confusing and ambiguous.

Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental

impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or

other representatives or information protected by the attorney-client privilege or any other

applicable privilege. By way of further objection, Defendant's definition of "factual basis" is

overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make

findings of fact or conclusions of law that, "Manfred DeRewal ('DeRewal'), Boarhead

Corporation ('Boarhead') and DeRewal Chemical Corporation ('DCC') were not subject to an

injunction order from the Bucks County Court of Common Pleas at No. 76-9647 entered on or about October 15, 1976 prohibiting Manfred DeRewal, Boarhead Corporation and DeRewal Chemical Corporation from bringing any tank truck, drum, or container of any kind whatsoever which contained any type of chemical or any type of substance in excess of quantities normally used for household purposes onto the Site," or concerning the three enumerated directives of the order contained in this Interrogatory. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

    3.    Do Plaintiffs contend that Manfred DeRewal, Boarhead and DCC brought any tank truck, drum or container which contained any type of chemical or type of substance onto the Site after October 15, 1976?

    A.    If so, identify the substance and quantity thereof brought onto the Site.

    B.    If so, do Plaintiffs contend that the substances brought onto the property were "in excess of quantities normally used for household purposes."

    C.    If so, do Plaintiffs contend that DeRewal, Boarhead and DCC did not violate the injunction order entered on October 15, 1976?

    D.    If Plaintiffs contend that DeRewal, Boarhead and DCC did not violate the injunction order entered on October 15, 1976, what is the factual and legal basis for such contention?

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs. By way of further answer, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law specifically concerning the October 15, 1976 order.

4.    Do Plaintiffs contend that hazardous wastes disposed of at the Site after August 1, 1976 necessitated the incurrence of the Total Clean Up Costs required by OU-1?

  A.    If so, state the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. Plaintiffs further object to the Defendants' definition of "Total Cleanup Cost" because it is overly broad, vague, ambiguous, unduly burdensome and not limited in time. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

5.    Do Plaintiffs contend that hazardous wastes disposed of at the Site after August 1, 1976 necessitated the incurrence of the Total Clean Up Costs required by OU-2?

  A.    If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

6.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 3 of OU-1, Groundwater Extraction, Metals Precipitation and Air Stripping?

A.    If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

7.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 4 of OU-1, Installation of Additional Monitoring Wells?

A.    If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

8.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 5 of OU-1, Institutional Controls and Monitoring?

A.    If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

9.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 6 of OU-1, Residential Water Treatment?

A.    If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

10.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 7 of OU-1, Phytoremediation?

A.    If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

11.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 1 of OU-2, Soil Aeration and Treatment of VOC Hot Spots?

     A.     If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

12.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 2 of OU-2, Excavation and Off Site Disposal of Buried Drums?

     A.     If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

13.    Do Plaintiffs contend that Ashland bulk or drum waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 5 of OU-2, Institutional Controls and Monitoring?

     A.     If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

14.    Do Plaintiffs contend that the Total Clean Up Cost of the Site would not have been necessary but for the disposal of Ashland wastes allegedly disposed of at the Site?

     A.     If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 4.

15.    Do Plaintiffs contend that any of the Plaintiffs did not receive any moneys or proceeds of insurance policies issued to General Ceramics, Inc. individually and as successor in interest to National Beryllia Corporation and National Beryllia & Ceramic Systems, including but not limited to those insurers and policies listed on attached Exhibit "A" which provided or may have provided coverage with respect to the Plaintiffs' claims arising from the Boarhead Site, including specifically those claims asserted by the Plaintiffs in various proofs of claims filed in the matter of <u>In Re: General Ceramics, Inc.</u>. Case No. 99-33403, United States Bankruptcy Court, District of New Jersey?

     A.     If not, state the dollar amount of proceeds received with respect to said policies and claims.

     B.     If not, state the equitable share determined to be of National Ceramics, Inc., individually, and as successor-in-interest to National Beryllia Corporation, National Beryllia & Ceramic Systems, of the Total Clean Up Cost or other liabilities incurred by the Plaintiffs in connection with the Boarhead Site.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information

outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at

trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. Plaintiffs further object to the Defendants' definition of "Total Cleanup Cost" because it is overly broad, vague, ambiguous, unduly burdensome and not limited in time.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning proceeds of insurance policies issued to General Ceramics, Inc.

16. Do Plaintiffs contend that Ashland's bulk or drum waste allegedly disposed of on Site contained metals?

A. If so, state the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs. By way of further answer, see Jurgen H. Exner, Ph.D.'s June 29, 2006 expert report.

17.    Do Plaintiffs contend that any drums bearing an Ashland label that were found or removed from the Site contained Hazardous Substances?

    A.    If so, state the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

18.    Do Plaintiffs contend that Ashland arranged for the disposal of any drums bearing an Ashland label found or removed from the site?

    A.    If so, state the factual basis for this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 17.

19.    Do Plaintiffs contend that the disposal of non-metal bearing acid wastes at the Site in or subsequent to August 1976 necessitated the incurrence of the Total Clean Up Cost for Remedy Component 1 of OU-2, Soil Aeration and Treatment of VOC Hot Spots?

    A.    If so, state the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. Plaintiffs further object to the Defendants' definition

of "Total Cleanup Cost" because it is overly broad, vague, ambiguous, unduly burdensome and not limited in time. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

20.    Do Plaintiffs contend that groundwater data at the Site supports the contention that the deleterious impact of acids disposed of on Site was not localized to their aerial distribution?

A.    If so, state the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning whether "groundwater data at the Site supports the contention that the deleterious impact of acids disposed of on Site was not localized to their aerial distribution." By way of further answer, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental

conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further

answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention

Interrogatories to Plaintiffs.

21.    Do Plaintiffs contend that groundwater data from the Site supports the contention
that acid wastes allegedly disposed of on the Site could have affected metal transport in the areas
of the Site down gradient of the disposal source area?

    A.    If so, state the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information

outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at

trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing

and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the

discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories

of their attorneys or other representatives or information protected by the attorney-client

privilege or any other applicable privilege. By way of further objection, Defendant's definition

of "factual basis" is overbroad and unduly burdensome.

    Without waiving any such objections, Plaintiffs will not ask the Court at trial to make

findings of fact or conclusions of law concerning whether "groundwater data from the Site

supports the contention that acid wastes allegedly disposed of on the Site could have affected

metal transport in the areas of the Site down gradient of the disposal source area." By way of

further answer, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the

Site contributed in some manner to the environmental conditions that led to the response

activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to

Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

22.    Do Plaintiffs contend that any Ashland bulk or drum wastes allegedly disposed of
on Site contained chlorinated solvents, including TCE, and /or the degradation products of
chlorinated solvents?

A.    If so, state the factual basis for this contention.

**ANSWER:**  Plaintiffs object to this Interrogatory to the extent that it seeks information

outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at

trial.  Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing

and ambiguous.  Plaintiffs further object to this Interrogatory to the extent that it seeks the

discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories

of their attorneys or other representatives or information protected by the attorney-client

privilege or any other applicable privilege.  By way of further objection, Defendant's definition

of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of

the Defendants' Joint Contention Interrogatories to Plaintiffs.  By way of further answer, see

Jurgen H. Exner, Ph.D.'s June 29, 2006 expert report.

23.    Do Plaintiffs contend that any solvent wastes of Ashland containing benzene,
toluene, or xylene were released on Site?

A.    If so, state the factual basis for this contention.

**ANSWER:**  See Plaintiffs' response to Interrogatory No. 22.

24.    Do Plaintiffs contend there is Site-specific data demonstrating the extent to which
any alleged drum degradation impacted the extent of soil contamination on Site and the
associated response costs to remediate same?

A.    If so, state the factual basis for this contention.

**ANSWER:**  Plaintiffs object to this Interrogatory to the extent that it seeks information

outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at

trial.  Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing

and ambiguous.  Plaintiffs further object to this Interrogatory to the extent that it seeks the

discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories

of their attorneys or other representatives or information protected by the attorney-client

privilege or any other applicable privilege.  By way of further objection, Defendant's definition

of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that

all wastes disposed of at the Site contributed in some manner to the environmental conditions

that led to the response activities taken by EPA and by Plaintiffs.  By way of further answer, see

Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories

to Plaintiffs.

25.    Do Plaintiffs contend that there is Site-specific data demonstrating that drum
degradation was accelerated as a result of any Ashland bulk wastes allegedly released on the
Site?

A.    If so, state the factual basis for this contention.

**ANSWER:**  See Plaintiffs' response to Interrogatory No. 24.

26.    Do Plaintiffs contend that any Ashland bulk wastes allegedly disposed of at the
Site were not recycled or neutralized?

A.    If so, state the factual basis for this contention.

**ANSWER:**  Plaintiffs object to this Interrogatory to the extent that it seeks information

outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at

trial.  Plaintiffs further object to this Interrogatory because it is unintelligible, overly broad,

vague, confusing and ambiguous.  Plaintiffs further object to this Interrogatory to the extent that

it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or

legal theories of their attorneys or other representatives or information protected by the attorney-

client privilege or any other applicable privilege.  By way of further objection, Defendant's

definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning whether any "Ashland bulk wastes allegedly disposed of at the Site were not recycled or neutralized."

27.    Where on the Site do Plaintiffs contend that Ashland bulk or drum wastes were disposed.

       A.    State the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs. By way of further answer, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning whether any wastes generated by Ashland were disposed of in a particular area(s) or location(s) at the site.

28.    Ashland restates Interrogatories set forth in its First Set of Interrogatories of Ashland Inc., Designated by Plaintiffs as Ashland Chemical Company, Addressed to Plaintiff as follows:

       (a)    Does Plaintiff contend that Ashland had prior knowledge that Hazardous Substances generated by it would be transported to and disposed of at the Site and, if so, state:

a.    all facts upon which Plaintiff relies in support of such contention;

b.    the identity of all documents upon which Plaintiff relies in support of such contention; and

c.    the identity of all persons believed to have information or knowledge relating to any such knowledge Plaintiff contends Ashland possessed.

(b)    Does Plaintiff contend that response costs were or will be incurred by it as the result of metals in the groundwater or soil at the Site and, if so, state:

a.    the exact nature and type of such metals;

b.    the identity of the generator of each metal or Hazardous Substance containing such metals;

c.    the identity of the generator of such substances;

d.    the identity of the transporter(s) of such substances;

e.    the identity of any arrangers for the transportation to and disposal of such metals or Hazardous Substances containing such metals at the Site; and

f.    for each such generator, transporter and arranger, the date and volume of the metals and Hazardous Substances containing metals transported to and disposed of at the Site and the identity of any and all documents evidencing, referring or relating to each such shipment.

**ANSWER:**    Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "facts" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs contend that Ashland employee Arthur Curley knew or should have known that hazardous substances generated by Ashland were disposed at the Site based on facts including, but not limited to, the following: Mr. Curley heard Mr. DeRewal state that he intended to set up disposal operations at the Site; Mr. Curley personally observed acid wagons at the Site; Mr. Curley deemed inadequate the purported acid neutralization operation at the Wissinoming facility; Mr. Curley suspected that AETC did not know very much about Mr. DeRewal and his disposal methods; Mr. Curley was informed by a third party of an acid spill at the Site that may have involved Ashland waste; Mr. DeRewal informed Mr. Curley that Mr. DeRewal had run afoul of the environmental regulatory authorities. The bases of these facts are contained in documents including, but not limited to, the following: Curley-2, Curley-5, Curley-6 and Curley-8, and in the deposition testimony of Mr. Arthur Curley. By way of further response, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC
and TI GROUP AUTOMOTIVE
SYSTEMS, LLC

                Plaintiffs,

       v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

              Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 02-CV-3830 (LDD)

### CERTIFICATE OF SERVICE

I certify that on this day I served a copy of Plaintiffs' Responses To Contention

Interrogatories of Ashland, Inc. by electronic mail and first-class postage prepaid United States

mail, on the counsel listed on the service list.

_Amy M. Trojecki_
Amy M. Trojecki

Dated: 4/17/07

## VERIFICATION

Jocelyn T. de Grandpre, being duly sworn, deposes and says that she is an authorized agent of Agere Systems Inc., and that she verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Ashland, Inc., for and on behalf of Agere Systems Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Agere Systems Inc.; and deponent is informed that the facts stated therein are true.

Dated:  April 13, 2007

## VERIFICATION

Thomas E. Mesevage, being duly sworn, deposes and says that he is an authorized agent of Cytec Industries Inc. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Ashland, Inc., for and on behalf of Cytec Industries Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cytec Industries Inc. and deponent is informed that the facts stated therein are true.

Dated: <u>April 16, 2007</u>          Signature: _____

Thomas E. Mesevage
Safety, Health and Environmental Counsel
Cytec Industries Inc.
5 Garret Mountain Plaza
West Paterson, NJ 07424

## VERIFICATION

Timothy M. Guerriero, being duly sworn, deposes and says that he is an authorized agent of TI Group Automotive Systems, L.L.C. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Ashland, Inc., for and on behalf of TI Group Automotive Systems, L.L.C.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of TI Group Automotive Systems, L.L.C.; and deponent is informed that the facts stated therein are true.

Dated:  April 12, 2007

_____
Timothy M. Guerriero, Secretary

## VERIFICATION

_Tom Cross_____, being duly sworn, deposes and says that he is an authorized agent of SPS Technologies, LLC and that he verifies the foregoing responses and objections to the Interrogatories to the Plaintiffs from Ashland, Inc., for and on behalf of SPS Technologies, LLC; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of SPS Technologies, LLC and deponent is informed that the facts stated therein are true.

Dated: 12 APRIL 2007

_Thomas S. Cross_

## VERIFICATION

_____ Kathryn Lamping _____, being duly sworn, deposes and says that he is an

authorized agent of Ford Motor Company, and that he verifies the foregoing responses and

objections to Interrogatories to the Plaintiffs from Ashland, Inc., for and on behalf of Ford Motor

Company; that the matters stated therein are not within the personal knowledge of deponent; that

the facts stated therein have been assembled by authorized employees and counsel of Ford Motor

Company and deponent is informed that the facts stated therein are true.

Dated: _____                    _____

Kathryn S. Lamping
Assistant Secretary