# PHELAN, PETTIT & BIEDRZYCKI, LLC
## ATTORNEYS AT LAW

RICHARD C. BIEDRZYCKI
JEFFREY L. PETTIT
CHRISTOPHER H. JONES*
DAVID M. DOTO*
JOHN W. PHELAN*
BRENT A. COSSROW*

OF COUNSEL
JOHN M. PHELAN

* ALSO ADMITTED TO NJ BAR

SUITE 1600
THE NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET
PHILADELPHIA, PA 19107

TELEPHONE (215) 546-0500
FACSIMILE (215) 546-9444

509 SWEDE STREET
NORRISTOWN, PA 19401

TELEPHONE (610) 279-0316
FACSIMILE (610) 279-0378

PLEASE REPLY TO PHILADELPHIA OFFICES

April 30, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**
Glenn M. Harris, Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

RE:   Boarhead Farm Agreement Group v.
      Advanced Environmental Technology Corporation, et al.
      U.S.D.C., E.D.Pa., Civil Action No. 02-3830

Dear Glenn:

This letter outlines the deficiencies in the Plaintiffs' Responses to the Joint Contention Interrogatories that relate specifically to Ashland and to Ashland's Contention Interrogatories.

**Joint Contention Interrogatories**

Ashland incorporates by reference all of the deficiencies outlined in the letter of this date addressing the deficiencies and additional discovery requested in connection with the Joint Contention Interrogatories. In addition, Ashland identifies the following issues with respect to Plaintiffs' responses to the Joint Contention Interrogatories that specifically address Ashland.

**Interrogatory No. 78 (pp. 54-57)** - Exhibit "B" to Plaintiffs' Responses identifies Ashland bulk nitric acid, bulk dye waste, bulk phthalide acid, bulk CDN waste, bulk solvents and drum solvents. The text at pages 54 to 57 of the Responses identify documents and deposition testimony that purportedly will support these contentions. However, the identification of these items is qualified by the phrase "include, but are not limited to." Please identify all documents and testimony that you intend to utilize in support of these contentions.

Based on our analysis of the documents and testimony that are identified in Plaintiffs' Responses, we do not believe there is any evidence to support the disposal of any Ashland waste

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
April 30, 2007
Page 2

at the Site other than driver testimony which is limited to the disposal of bulk nitric acid. In addition, on page 56, you identified photographs regarding Ashland drums and labels found at the Site and sample results regarding the contents of drums with Ashland Chemical labels. These answers are deficient in not identifying the particular photographs of Ashland drums and labels, nor documents referencing the alleged contents of such drums, by Bates number. Do you contend that these photographs and sample results relate to the drummed waste identified as waste in the Great Meadows Plant documents?

### Ashland's Contention Interrogatories

**All responses**- In each of their responses, Plaintiffs object to the corresponding Interrogatory "to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as their *prima facie* case at trial." Furthermore, each of the responses states that Plaintiffs will not ask the Court to make findings of fact or conclusions of law on the subject matter of the interrogatory. As discussed at the conference with Judge Davis on April 24, 2007, we contend that such objections are unwarranted in that the facts that form the subject of these interrogatories may be facts presented by one or more of the Defendants at trial. Defendants are entitled to know whether and how Plaintiffs will contest such factual allegations.

Here are additional comments to specific Interrogatories:

**Interrogatory No. 3** - This Interrogatory requests specifically whether or not Plaintiffs contend that tank trucks, drums or containers were brought onto the Site after October 15, 1976. Plaintiffs' response references their Response to Interrogatory no. 78 of the Joint Contention Interrogatories. Plaintiffs' response to Interrogatory No. 78 does not address the specific factual issue presented in Interrogatory No. 3, viz., whether any trucks, drums or containers were brought onto the Site after October 15, 1976.

**Interrogatory Nos. 4, 5 and 19** - In these Interrogatories, Ashland asked whether the Plaintiffs contend that hazardous waste disposed of after August 1, 1976 necessitated the incurrence of clean-up costs under OU-1. Plaintiffs' Response merely references the general opinion of Jay Vandeven that all waste disposed of at the Site contributed in some manner to the environmental conditions that lead the response activities. Mr. Vandeven testified during his deposition that there was no time element to his opinion. Therefore, Ashland is entitled to know whether Plaintiffs contend that waste deposited after August 1, 1976 contributed to the environmental conditions.

**Interrogatory Nos. 6 - 14** - Plaintiffs' responses reference paragraph 4 and are deficient in that they do not state the factual basis for the Plaintiffs' contention that all waste disposed of at the Site contributed in some manner to the specific remedy components.

**Interrogatory No. 15** - Plaintiffs' response is deficient because it does not answer the question posed in this interrogatory as to whether Plaintiffs received any moneys or proceeds of insurance policies per the Stipulation attached as Exhibit "A".

**Interrogatory No. 16** - None of the sources referenced in Plaintiffs' response to Interrogatory No. 8 to the Joint Contention Interrogatories, nor does Dr. Exner's report, address whether or not Ashland's alleged bulk or drum waste allegedly disposed of <u>at the Site</u> contained metals, and, therefore, Plaintiffs' Responses are deficient.

**Interrogatory Nos. 17-18** - Ashland is aware of documents and photographs produced to the Repository that referenced two to three drums bearing an Ashland label found at the Site. This Interrogatory is specifically limited to whether or not Plaintiffs contend that said drums contained hazardous substances. Plaintiffs' Response, including their Response, to Interrogatory No. 78, does not answer this interrogatory at all.

**Interrogatory Nos. 20-21 and 27** - Plaintiffs' responses are deficient in that they fail to answer the corresponding interrogatories at all. Plaintiff's Response to Joint Interrogatory No. 78 does not contain any information that provides a response to the questions posed by these Interrogatories.

We look forward to your timely response to this letter.

Very truly yours,

*[signature]*

Jeffrey L. Pettit

JLP/vic

cc: All defense counsel (via e-mail)

G:\DATA\1357-29\Ltrs\GMH-027.doc