LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP

PLAZA 1000, SUITE 500

MAIN STREET

VOORHEES, NEW JERSEY 08043-4636

856-761-3400

FAX: 856-761-1020

WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA

BALTIMORE, MD

BETHESDA, MD

DENVER, CO

LAS VEGAS, NV

PHOENIX, AZ

SALT LAKE CITY, UT

WASHINGTON, DC

WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

GLENN A. HARRIS

DIRECT DIAL: 856-761-3440

PERSONAL FAX: 856-761-9001

HARRISG@BALLARDSPAHR.COM

May 7, 2007

RECEIVED

MAY - 9 2007

Jeffrey L. Pettit, Esquire
Phelan, Pettit & Biedrzycki, LLC
Suite 1600
The North American Building
121 South Broad Street
Philadelphia, Pennsylvania 19107

Re:    *Boarhead Farms*

Dear Jeff:

This letter is in response to your April 30, 2007 letter with respect to Plaintiffs' responses to Defendants Joint Contention Interrogatories that relate specifically to Ashland and to Ashland's Contention Interrogatories. Plaintiffs refer Ashland to their letter in response to Defendants' deficiency letter concerning the Joint Contention Interrogatories, especially to the "Scope of Discovery" section.

*Interrogatory No. 78*

The photographs regarding Ashland drums and labels are those included in the complete set of drum logs and photos produced to Defendants in 2003. They are in the Document Repository and bates labeled BSAI102994-99. The sample results from the contents of the two intact Ashland drums are those provided to Ashland by e-mails dated 9/26/03 and 10/13/03, and those provided to Plaintiffs by Ashland by letter dated January 9, 2004. They are in the Document Repository bates labeled BSAI103000-027. Plaintiffs contend that the drums depicted in these documents and contents thereof were included in the wastes hauled by DCC from Ashland and disposed of at the Site for the reasons set forth in their response to Interrogatory No. 78 and because they bore the Ashland label and were buried at the Site.

*Interrogatory No. 3.*

This interrogatory asks whether Plaintiffs "contend" that DCC brought any tank truck, drum or container ... onto the Site after October 15, 1976. Plaintiffs do not understand

DMEAST #9779255 v1

Jeffrey L. Pettit, Esquire
May 7, 2007
Page 2

exactly what "contention" they are being asked about. Nevertheless, Exhibit A to Plaintiffs' responses to the Joint Contention Interrogatories includes many entries for the time period from June 1, 1976 to March 30, 1977 that show Plaintiffs' contention that both bulk and drummed waste was disposed of at the Site in that period.

*Interrogatory Nos. 4-14 and 19*

These interrogatories appear to concern multiple arguments Ashland may make concerning whether or not Ashland's wastes "caused" certain specific response actions and/or "caused" the incurrence of certain specific response costs. Plaintiffs' responses to these interrogatories clearly state that Plaintiffs will make no such contentions. Plaintiffs will instead ask the Court, for the reasons set forth in their response to Interrogatory No. 78 (and the documents and testimony referenced therein), to conclude that all wastes disposed of at the Site, including Ashland's wastes, contributed to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs (and thus the costs of those actions), such that liability for Plaintiffs' response costs should be allocated primarily on the basis of volume, rather than on the nature of the wastes or whether wastes were disposed of in bulk or in drums. Ashland correctly notes that this contention includes wastes disposed of after August 1, 1976.

*Interrogatory No. 15*

Plaintiffs' response states that Plaintiffs do not intend to make as part of their case-in-chief the stated contention concerning General Ceramics. Plaintiffs' response to Joint Contention Interrogatory No. 108 accurately identified their contentions as to General Ceramics. Plaintiffs have received no funds from or on behalf of General Ceramics, its successors, or its insurers, as is evident from the list of payees into the OU-1 and OU-2 Group accounts in the two Zaumeyer reports.

*Interrogatory No. 16*

Plaintiffs identified in their response to Interrogatory No. 78 the Exner report and the samples taken from Ashland-labeled drums found buried at the Site. Each of the intact Ashland drums contained metals. Dr. Exner states in his report that Ashland's phthalide wastes contained metals.

*Interrogatory Nos. 17-18*

Plaintiffs identified in their response to Interrogatory No. 78 the Exner report and the samples taken from Ashland-labeled drums found buried at the Site. The sample results show that the drums contained hazardous substances. Plaintiffs contend that the drums depicted in these documents and contents thereof were included in the wastes Ashland arranged for disposal of and that were hauled by DCC and disposed of at the Site for the reasons set forth in their response to Interrogatory No. 78 and because they bore the Ashland label and were buried at the Site.

DMEAST #9779255 v1

Jeffrey L. Pettit, Esquire
May 7, 2007
Page 3

*Interrogatory Nos. 20-21 and 27*

These interrogatories appear to concern multiple arguments Ashland may make concerning whether or not Ashland's wastes "caused" certain specific response actions and/or "caused" the incurrence of certain specific response costs. Plaintiffs responses clearly state that they intend to make no such contentions as part of their case-in-chief. As set forth more fully with respect to Plaintiffs' objection to the scope of the various contention interrogatories served by Defendants, Plaintiffs have no obligation to identify facts for contentions they do not intend to make at trial, or to state facts to support or refute contentions one or more Defendants may or may not make at trial.

Very truly yours,

Glenn A. Harris

GAH/dmn
cc:    Boarhead Defendants