**Richard C. Biedrzycki**

---

| | |
|---|---|
| **From:** | Jeffrey L. Pettit |
| **Sent:** | Tuesday, May 22, 2007  16:07 PM |
| **To:** | Glenn A. Harris |
| **Cc:** | Edward Fackenthal; Laurie J. Sands; Lynn Wright; Melissa Flax; Seth Cooley; Tom Sabino |
| **Subject:** | Boarhead farm |
| **Importance:** | Normal |
| **Attachments:** | GMH-030.doc |

Glenn: Please review the attached letter.  Jeff

Jeffrey L. Pettit
Phelan Pettit & Biedrzycki, LLC
121 South Broad Street, Ste. 1600
Philadelphia, PA 19107
(215)546-0500 Telephone
(215)546-9444 Fax
jpettit@pp-b.com E-Mail

This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone this message or any information contained in this message.  If you have received this message in error, please advise the sender by reply e-mail at jpettit@pp-b.com and delete the message.

# PHELAN, PETTIT & BIEDRZYCKI, LLC
## ATTORNEYS AT LAW

RICHARD C. BIEDRZYCKI
JEFFREY L. PETTIT
CHRISTOPHER H. JONES*
DAVID M. DOTO*
JOHN W. PHELAN*
BRENT A. COSSROW*

OF COUNSEL
JOHN M. PHELAN

* ALSO ADMITTED TO NJ BAR

SUITE 1600
THE NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET
PHILADELPHIA, PA 19107

TELEPHONE (215) 546-0500
FACSIMILE  (215) 546-9444

509 SWEDE STREET
NORRISTOWN, PA 19401

TELEPHONE (610) 279-0316
FACSIMILE  (610) 279-0378

PLEASE REPLY TO PHILADELPHIA OFFICES

May 18, 2007

via e-mail
Glenn M. Harris, Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

    RE:    Agere Systems, Inc., et al v.
               Advanced Environmental Technology Corporation, et al.
               U.S.D.C., E.D.Pa., Civil Action No. 02-3830

Dear Glenn:

    This is further follow-up to the meeting of counsel for most of the remaining Defendants in the case with you and Amy on May 14, 2007. The purpose of this letter is to confirm and clarify the Plaintiffs' position on various issues that we discussed so that the Defendants can decide whether or not motions with respect to the Plaintiffs' Responses to the Contention Interrogatories need to be filed by the deadline in the Tenth Case Management Order. Here are the outstanding issues as we see them common to the remaining Defendants.

    **Objections On The Ground That The Information Sought Was Outside The Contentions The Plaintiffs Will Make As Part Of Their Prima Facie Case At Trial**

    This is part of the Plaintiffs' General Objections and also was asserted as an objection to specific Contention Interrogatories. While we discussed Plaintiffs' position at length during our meeting, Defendants understand that the Plaintiffs will not withdraw this objection.

    **Contention Interrogatories That Requested Plaintiffs To Identify Each Specific Plaintiff's Payment In Excess Of Its Equitable Share**

    Plaintiffs' response to these Contention Interrogatories as reaffirmed during our meeting, is that Plaintiffs will ask the Court to rule that they have "collectively paid" an amount in excess of their "collective" equitable share of the total response costs. Plaintiffs' answers to the Contention Interrogatories, as amended by your letter of May 7, 2007, state the amounts that each Plaintiff has contributed to the funds from which the response costs were paid. Defendants

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
May 18, 2007
Page 2

believe that this was an interim arrangement for roughly equal shares and not the final allocation among individual Plaintiffs for total response costs. Defendants understand that Plaintiffs will continue to take the position that they can recover costs on a collective basis without presenting proof of their individual equitable shares or final payment arrangements.

### Responses Qualified "By, Including But Not Limited To"

As I pointed out in my letter of April 30, 2007, there were several instances wherein the factual basis for a contention was answered with the qualification, " including, but not limited to . . . ." Defendants request that Plaintiffs' responses be amended to exclude this phrase so that the Defendants are not presented with evidence at trial that have not been identified in the responses.

### Methodology for Determining Percentage of Waste Discharged at Boarhead during Relevant Time Periods

The responses to the contention interrogatories and your May 7, 2007 letter voice an objection to producing information on how the percentages set forth in the allocation table for certain time periods relevant to Boarhead were calculated. Defendants understand that Plaintiffs will not withdraw this objection.

### Amounts of Other Payments Received by Plaintiffs

We discussed the Answers to Contention Interrogatories 119 to 123 and, we believe, limited the remaining unanswered question to be whether any of the Plaintiffs received funds from other sources other than insurance proceeds and settlements. Please confirm that the responses will be supplemented accordingly.

### Verification of Supplemental Responses

Your letter of May 7, 2007 contained substantive supplemental responses to some of the contention interrogatories. As discussed, Defendants request that these supplemental responses be verified by the Plaintiffs through service of verified supplemental responses to any interrogatories as appropriate.

Please advise if our understanding of the Plaintiffs' positions as to these Contention Interrogatories are incorrect so that we may proceed accordingly.

PHELAN, PETTIT & BIEDRZYCKI
Glenn M. Harris, Esquire
May 18, 2007
Page 3

                              Very truly yours,

                              Jeffrey L. Pettit

JLP/vic
Enclosure

cc:    Thomas Sabino, Esquire ( via e-mail)
       Lynn Wright, Esquire ( via e-mail)
       Melissa E. Flax, Esquire ( via e-mail)
       Edward Fackenthal, Esquire ( via e-mail)
       Seth v.d.H. Cooley, Esquire ( via e-mail)

G:\DATA\1357-29\Ltrs\GMH-030.doc