Boarhead Farm Superfund Site

Agreement in Principle

PHKS 071738

Jul-30-99  11:16                                                              P.03



Privileged and Confidential
Joint Defense Document

## AGREEMENT IN PRINCIPLE

The undersigned companies ("Signatories"), with respect to the Boarhead Farm Superfund Site in Upper Black Eddy Township, Bucks County, Pennsylvania (the "Site"), agree as follows:

A. <u>Background.</u>

1. On November 18, 1998, Region III of the Environmental Protection Agency ("EPA") issued a Record of Decision ("ROD") selecting certain remedial action to be performed at the Site pursuant to the Comprehensive Environmental Response Cleanup and Liability Act ("CERCLA"). EPA estimated the cost of the remedial action selected in the ROD as $13.16MM.

2. On January 4, 1999, EPA issued a Special Notice pursuant to Section 122 (e) of CERCLA to ten recipients, soliciting a good faith offer, among other things, to perform the remedial design ("RD") and remedial action ("RA") selected by the ROD and to reimburse EPA for $11.7MM of its past costs. Of the original Signatories to this Agreement in Principle ("Agreement"), Cytec Industries Inc. ("Cytec"), Ford Motor Company ("Ford") and SPS Technologies, Inc. ("SPS") were issued a Special Notice letter; Lucent Technologies Inc. ("Lucent"), NRM Investment Company, Inc. ("NRM Investment") and Worthington Steel Company - Malvern ("Worthington") were not issued a Special Notice letter, and their participation in this Agreement is in no respect an admission that they believe a Special Notice letter should have been issued to them. Subsequent to issuing the Special Notice letters, EPA informed counsel for some of the Special Notice Signatories that it did not receive a good faith offer from any of the Special Notice recipients and that it has retained contractors to perform the RD/RA selected by the ROD.

3. Subsequently, EPA has indicated the following to some of the Special Notice Signatories to this Agreement:

    a). that it would be willing to negotiate dividing the RA selected by the ROD into two operable units ("OUs"). OU1, in general, would address contaminated groundwater. OU2, in general, would address (1) the removal of buried drums that are believed by EPA to remain on the Site and (2) contaminated soils.

    b). that it would be willing to entertain a partial settlement with the Signatories which would address OU1 only, and not OU2, and under which reimbursement of its past costs would be deferred and, if necessary, tolling agreements would be signed.

    c). that it has tasked one of its contractors to perform the RD for OU1 on a "fast-track" basis, with completion of the OU1 RD scheduled for August 1999.

    d). that it believes that substantial cost savings can be realized by the Signatories if they perform the RD/RA for OU1.

PHKS 071739

Privileged and Confidential
Joint Defense Document

      e). that it is willing to negotiate the Signatories' takeover and completion of the RD/RA for OU1.

    4. de maximis, inc. has evaluated the cost of the OU1 RD/RA and has estimated that the cost to perform the work would be approximately $510,000 to design and construct the remedy and $300,000 per year for operation and maintenance.

B. <u>Agreement</u>

    5. This Agreement shall become effective on the date that the Agreement is signed by the last of the following companies: Cytec, Ford, SPS, Lucent, NRM Investment, and Worthington (the "Effective Date"). These original Signatories intend that other companies may sign this Agreement. However, such later Signatories shall be bound by the terms of this Agreement on the date of their signature.

    6. Subject to Paragraph 9 below, the Signatories believe that it will be in their best interests to enter into an agreement with EPA under which they would perform and fund the OU1 RD/RA, in return for a standard covenant not to sue and protection from contribution actions or claims as provided by CERCLA Section 113(f)(2) for matters addressed in the OU1 RD/RA settlement.

    7. The execution by the Signatories of this Agreement is not an admission by them of liability with respect to the Site.

    8. The costs of the OU1 RD/RA ("Shared Costs") shall be assessed as follows:

        (a)    Initial Allocation. From the Effective Date of this Agreement until an Interim or Final Allocation is performed as provided in 8(c) below, all Shared Costs shall be allocated among the Signatories on a per capita basis, with the former National Rolling Mills plant in Malvern, Pennsylvania being regarded as a single share to be divided between NRM Investment and Worthington as they shall determine.

        (b)    The Initial Allocation shall be subject to reallocation in accordance with the Interim Allocation.

        (c)    Non-Binding Interim and Final Allocation. All Signatories to this Agreement agree to meet to discuss the framework for, and, seek in good faith, to reach agreement regarding, a non-binding Interim Allocation, and, eventually, a non-binding Final Allocation of such costs and expenses as may be incurred by the Signatories with regard to the Site. The Signatories further agree to obtain assistance, without cost to the Signatories, from David C. Batson, Esq., EPA's Alternative Dispute Resolution Liaison, in seeking to reach agreement on an Interim Allocation. By no later than nine (9) months from the Effective Date of this Agreement or such later date as the Signatories may subsequently agree, the Signatories shall use their best good faith efforts to reach an Interim Allocation. While working toward an Interim Allocation, no Signatory will take action regarding the Site against any other Signatory in an administrative, judicial, or other forum. From the date of any such Interim Allocation until

PHKS 071740

Privileged and Confidential
Joint Defense Document

the termination of this Agreement or approval of a Final Allocation, all Shared Costs shall be allocated among the Signatories in accordance with the Interim Allocation. If agreement can be reached regarding an Interim Allocation, the Interim Allocation shall apply retroactively so that the Signatories whose shares are reduced from the Initial Allocation shall receive a credit for payments made during the Initial Allocation concerning OU1, with a corresponding debit for those whose shares are increased. If the Signatories do not reach agreement with regard to an Interim Allocation within nine (9) months from the effective date of the Agreement (or such later date to which the Signatories may subsequently agree), all Signatories reserve their rights to proceed against any or all of the other Signatories in any administrative, judicial, or other forum, to recover any payments which they have made or may later be required to make with regard to the Site. The Interim Allocation shall be subject to reallocation in accordance with the Final Allocation.

(d)     Non-Binding Final Allocation. Following any agreement on an Interim Allocation, the Signatories shall endeavor to reach agreement on a Final Allocation of Shared Costs. The Final Allocation shall apply retroactively so that Signatories whose shares are reduced from the Interim Allocation shall receive a credit for payments during the Interim Allocation, with a corresponding debit for Signatories whose shares are increased.

(e)     If at any time during the course of this Agreement, the Signatories receive a monetary contribution toward the Shared Costs as a result of the United States Navy's status as a Special Notice recipient, such contribution shall be credited to the Signatories in accordance with the Allocation, whether Initial, Interim, or Final, in effect at the time of its receipt.

9. Lucent, NRM Investment, and Worthington (and Bundy Corp., if it should decide to participate equally in funding the share attributable to the former National Rolling Mills plant) shall be extended an opportunity to sign but shall not be required to sign any Consent Decree (the "OU1 Consent Decree") or other writing that the Signatories consider entering into regarding the Site. The Signatories agree not to disclose to the EPA, the U. S. Department of Justice ("DOJ"), or anyone else the participation in this Agreement by Lucent, NRM Investment and/or Worthington (or Bundy Corp. if it participates). The Signatories also agree that Lucent, NRM Investment and/or Worthington (and Bundy Corp. if it participates) may disclose their participation in this Agreement to EPA, DOJ or anyone else.

10. The Signatories agree to use their best efforts to obtain and share evidence regarding the liability of those who are and those who are not Signatories to this Agreement. The cost for sharing information collected prior to executing this Agreement is an issue to be addressed by the Signatories as soon as possible, as is the common effort to investigate evidence of non-Signatory company nexus to the Site. To the extent permitted by law, all Signatories agree not to make written or oral communications with EPA, DOJ or anyone else regarding any other Signatory prior to completion of the Signatories' discussions regarding Interim Allocation, and, if agreement on an Interim Allocation is reached, prior to completion of the Signatories' discussions regarding Final Allocation.

3

PHKS 071741

Privileged and Confidential
Joint Defense Document

11. The Signatories agree that they will promptly negotiate an amendment to the Boarhead Farm PRP Group Organizational Agreement, which will memorialize this Agreement in Principle.

12. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Signatories hereto, which may be by and through their appointed counsel, enter into the Agreement. Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement by the company or entity on whose behalf it is indicated that the person is signing.

Dated: July   , 1999

                Cytec Industries Inc.

                By: _____

                Ford Motor Company

                By: _____

                Lucent Technologies Inc.

                By: _____

                NRM Investment Company Inc.

                By: _____

                SPS Technologies Inc.

                By: /s/ [signature]

                Worthington Steel Company - Malvern.

                By: _____

PHKS 071742

Privileged and Confidential
Joint Defense Document

    11. The Signatories agree that they will promptly negotiate an amendment to the Boarhead Farm PRP Group Organizational Agreement, which will memorialize this Agreement in Principle.

    12. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Signatories hereto, which may be by and through their appointed counsel, enter into the Agreement. Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement by the company or entity on whose behalf it is indicated that the person is signing.

Dated: July 29, 1999

    Cytec Industries Inc.

    By: _____

    Ford Motor Company

    By: [signature: Kathy A. Hofel]

    Lucent Technologies Inc.

    By: _____

    NRM Investment Company Inc.

    By: _____

    SPS Technologies Inc.

    By: _____

    Worthington Steel Company - Malvern.

    By: _____

Privileged and Confidential
Joint Defense Document

    11. The Signatories agree that they will promptly negotiate an amendment to the Boarhead Farm PRP Group Organizational Agreement, which will memorialize this Agreement in Principle.

    12. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Signatories hereto, which may be by and through their appointed counsel, enter into the Agreement. Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement by the company or entity on whose behalf it is indicated that the person is signing.

Dated: July 30, 1999

                                        Cytec Industries Inc.

                                        By: _____

                                        Ford Motor Company

                                        By: _____

                                        Lucent Technologies Inc.

                                        By: _/s/ Ronald DiCola_____
                                              Ronald DiCola

                                        NRM Investment Company Inc.

                                        By: _____

                                        SPS Technologies Inc.

                                        By: _____

                                        Worthington Steel Company - Malvern.

                                        By: _____

PHKS 071744

Case 2:02-cv-03830-LDD   Document 234-13   Filed 06/01/2007   Page 8 of 10

07/30/1999  12:55  6102790696        HENDERSON ET AL                              PAGE  02
FROM PITNEY HARDIN KIPP &SZUCH          (THU) 7.29'99 13:16/ST. 13:09/NO. 4860127340 P 8

Privileged and Confidential
Joint Defense Document

11. The Signatories agree that they will promptly negotiate an amendment to the Boarhead Farm PRP Group Organizational Agreement, which will memorialize this Agreement in Principle.

12. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Signatories hereto, which may be by and through their appointed counsel, enter into the Agreement. Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement by the company or entity on whose behalf it is indicated that the person is signing.

Dated: July  , 1999

Cytec Industries Inc.

By: _____

Ford Motor Company

By: _____

Lucent Technologies Inc.

By: _____

NRM Investment Company Inc.

By: *[signature]*
    Counsel and assistant secretary

SPS Technologies Inc.

By: _____

Worthington Steel Company - Malvern.

By: _____

4

PHKS 071745

07/2... JUL. 30 1999 ... Case 2:02-cv-03830-LDD   Document 234-13   Filed 06/01/2007   Page 9 of 10
CYTEC INDUSTRIES SEC LEGAL                                              NO.758   P.2

FROM PITNEY HARDIN KIPP & SZUCH            (THU) 7.29'99 13:11/ST. 13:09/NO. 4860127340 P 8

Privileged and Confidential
Joint Defense Document

    11. The Signatories agree that they will promptly negotiate an amendment to the Boarhead Farm PRP Group Organizational Agreement, which will memorialize this Agreement in Principle.

    12. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Signatories hereto, which may be by and through their appointed counsel, enter into the Agreement. Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement by the company or entity on whose behalf it is indicated that the person is signing.

Dated: July 30, 1999

Cytec Industries Inc.

By: _____

Ford Motor Company

By: _____

Lucent Technologies Inc.

By: _____

NRM Investment Company Inc.

By: _____

SPS Technologies Inc.

By: _____

Worthington Steel Company - Malvern.

By: _____

4

07/30/99 14:40 FAX 202 467 8900    VSSP WASHINGTON                                        ☒002
07/30/99 FRI 12:02 FAX 614 840 3706    WII LEGAL                                          ☒002
07/29/99 18:17 FAX 202 467 8900    VSSP WASHINGTON                                        ☒011

FROM PITNEY HARDIN KIPP &SZUCH                    (THU) 7.29'99 13:18/ST. 13:09/NO. 4860127340 P 8

Privileged and Confidential
Joint Defense Document

11. The Signatories agree that they will promptly negotiate an amendment to the Boarhead Farm PRP Group Organizational Agreement, which will memorialize this Agreement in Principle.

12. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Signatories hereto, which may be by and through their appointed counsel, enter into the Agreement. Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement by the company or entity on whose behalf it is indicated that the person is signing.

Dated: July , 1999

    Cytec Industries Inc.

    By: _____

    Ford Motor Company

    By: _____

    Lucent Technologies Inc.

    By: _____

    NRM Investment Company Inc.

    By: _____

    SPS Technologies Inc.

    By: _____

    Worthington Steel Company - Malvern

    By: _[signature]_
        Secretary

4

PHKS 071747