agere systems

Jocelyn de Grandpre
Corporate Counsel

2 Oak Way
Room 5SC20
Berkeley Heights, NJ 07922

Tel: 908 508 8179
Fax: 908 508 8398
jdegrandpre@agere.com

**CONFIDENTIAL SETTLEMENT DOCUMENT**
**PROTECTED FROM DISCLOSURE UNDER FRE 408**

May 31, 2001

John P. Judge
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

    Re:    Agere Response to May 16, 2001 Boarhead
             Farms Site Interim Settlement Proposal

Dear John:

    I am writing in response to your May 16, 2001 letter written on behalf of Cytec Industries, Inc., Ford Motor Company, Inc., SPS Technologies, Inc. and TI Group Automotive Systems, Inc. (the "OU-2 Parties"). In that letter, the OU-2 Parties invited Agere Systems Inc. ("Agere"), NRM Investment Inc. ("NRM") and Worthington Steel Co. ("Worthington"), on different terms, to join in an "interim settlement" involving the funding and performance of OU-2, EPA's past costs and cost recovery litigation for the Boarhead Farms Site. This letter responds only on behalf of Agere.

    In brief, I understand the offer to Agere to consist of the following key terms:

(1) *OU-2 Costs:* Payment of a one-fifth (1/5) per capita share of all OU-2 Remedial Design ("RD") and Remedial Action ("RA") costs, with Agere's OU-2 share subject to reallocation;

(2) *EPA's Past Costs:* No payment by Agere for reimbursement of EPA's past costs as part of the interim settlement; Agere would pay a portion of EPA's past costs only if Agere is allocated liability as part of the final settlement of the cost recovery litigation;

(3) *OU-1 and Group Liaison Counsel Costs for OU-1:* Payment on an interim basis of one-fifth (1/5) per capita share of all OU-1 RD and RA costs, with such

CONFIDENTIAL SETTLEMENT DOCUMENT
PROTECTED FROM DISCLOSURE UNDER FRE 408

payment to be reallocated in accordance with the final settlement of the cost recovery litigation; payment of a one-fifth (1/5) per capita share of Group Liaison Counsel fees, such payment not to be reallocated; and

(4) *Cost Recovery Litigation*: Funding of cost recovery litigation on a per capita basis with all other funding parties. The May 16 offer states that "[t]he fees and costs incurred in the litigation, as well as the amounts recovered therein, will be subject to final allocation."

I recognize that Agere's decision not to participate in the funding and performance of OU-2 (along with the same decision by NRM and Worthington) presents certain logistical complications with respect to the parties' OU-1 commitments and potential cost recovery litigation. I therefore appreciate the efforts that the OU-2 Parties have made in considering alternative participation options for different parties.

As you know, however, Agere previously declined to shoulder additional burdens with regard to OU-2 on top of the substantial commitments it has made regarding OU-1 because Agere stands in a fundamentally different factual position than the OU-2 Parties. Agere's review of available information for the Site has reinforced our position that Agere has no nexus to the Site whatsoever. Consistent with that view, Agere has never received any Special Notice letters from EPA for any operable unit at the Boarhead Farms Site. Accordingly, Agere cannot justify committing to funding OU-2 in addition to OU-1 at a level that is equal to the level of funding committed by Special Notice Recipients.

I propose an alternative arrangement under which Agere could participate in the cost recovery litigation and the funding and performance of OU-2:

(1) *OU-2 Costs:* Agere will pay a one tenth (1/10) per capita share of all OU-2 Remedial Design ("RD") and Remedial Action ("RA") costs, with the Agere OU-2 share subject to reallocation;

(2) *EPA's Past Costs:* Agere will not pay any amount for reimbursement of EPA's past costs as part of the interim settlement; Agere would pay a portion of EPA's past costs only if allocated liability as part of final settlement of the cost recovery litigation;

(3) *OU-1 Costs:* Pursuant to the July 30, 1999 Agreement in Principle, Agere will continue to pay on an interim basis one-fifth (1/5) per capita share of all OU-1 RD and RA costs. The July 30, 1999 Agreement remains in effect, and Agere's payment is made subject to all of the terms and conditions of that Agreement. Agere's OU-1 payment shall be reallocated in compliance with the July 30, 1999 Agreement and, if not previously, in accordance with the final settlement of the cost recovery litigation;

(4) *OU-1 Group Liaison Counsel Fees:* Agere will agree to continue to pay a one-fifth (1/5) per capita share of Group Liaison Counsel Fees associated with OU-1.

CONFIDENTIAL SETTLEMENT DOCUMENT
PROTECTED FROM DISCLOSURE UNDER FRE 408

**(5) *Cost Recovery Litigation*:** Agere will contribute to the cost recovery litigation on a one tenth (1/10) per capita share basis. Your letter states that "[t]he fees and costs incurred in the litigation, as well as the amount recovered therein, will be subject to final allocation." Agere interprets this language to mean that the cost recovery litigation costs and fees will be added into the "total cost" for the Boarhead Farms Site, and that all parties will pay their "allocated share" of that total cost. Therefore, the costs of the cost recovery litigation would be reallocated in the same manner as the OU-1 costs and the OU-2 costs. Agere would agree with this approach.

**(6) *Addition of Agere to OU-2 AOC and Consent Decree*:** Agere would also request that Cytec, Ford, SPS and TI actively support adding Agere to the Administrative Order on Consent and the Consent Decree for OU-2 should Agere decide to pursue that route.

This letter is an offer to compromise a disputed claim. Neither the letter itself nor its contents can be disclosed or be otherwise discoverable, except as provided by Federal Rule of Evidence 408.

I look forward to hearing from you and the other OU-2 Parties soon.

Sincerely,

Jocelyn T. de Grandpre

cc:   David W. Payne, Esq.
      Thomas A. Waldman, Esq.
      Kathy Hofer, Esq.
      Sally King, Esq.