COPY

# BOARHEAD FARMS
# SETTLEMENT AGREEMENT

By and Between

Certain Plaintiff Settling Parties

and

Agere Systems Inc.

This SETTLEMENT AGREEMENT, dated as of the 30th day of March, 2007 (this "Agreement"), is by and between certain Plaintiff Settling Parties: Cytec Industries Inc. ("Cytec"); Ford Motor Company ("Ford"); SPS Technologies, LLC. ("SPS"); and TI Group Automotive Systems LLC ("TI") (collectively the "Plaintiff Settling Parties") and Agere Systems Inc.("Agere") (collectively the "Parties").

**WITNESSETH:**

WHEREAS, Cytec, Ford and SPS are parties to both an Administrative Order on Consent for Remedial Design, USEPA Docket No. III-2000-002-DC, entered in February 2000 (the "OU-1 AOC") and a Consent Decree entered by this Court on or about September 28, 2000 (the "OU-1 Consent Decree") obligating them to perform the OU-1 remedial design and remedial action (the "OU-1 RD/RA") at the Site;

WHEREAS, Cytec, Ford, SPS and TI are signatories to an Administrative Order on Consent for Remedial Design, EPA Docket No. III – 2001 – 0010 – DC, effective October 17, 2001 (the "OU-2 AOC") and a Consent Decree (the "OU-2 Consent Decree") entered by this Court on March 14, 2002 obligating them to perform the OU-2 remedial design and remedial action (the "OU-2 RD/RA") at the Site and to reimburse the USEPA both for $7,000,000 in response costs incurred and accounted for prior to July 2000 and for an as yet undetermined amount of response costs incurred subsequent to July 2000;

WHEREAS, the Parties collectively agreed to fund and perform the OU-1 RD/RA, and by letters dated May 31, 2001 and June 13, 2001, Agere agreed with Cytec, Ford, SPS and TI on how to fund and perform the OU-2 RD/RA (collectively the "Prior Agreements") and how to fund the Action (as hereinafter defined);

WHEREAS, the Boarhead Farm Agreement Group (an unincorporated association comprised of the Parties), brought an action in the United States District Court for the Eastern District of Pennsylvania captioned *Boarhead Farm Agreement Group v. Advanced Environmental Technology Corporation, et al.*, Civil Action No. 02-CV-3830 against certain defendants (the "Action");

WHEREAS, the Action seeks, among other things, cost recovery and contribution for costs and expenses incurred and to be incurred in response to the alleged release or alleged threat of release of hazardous substances at or in connection with the Site;

WHEREAS, the Parties deny any liability for conditions at the Site and for any costs and expenses incurred and to be incurred in response to the alleged release or alleged threat of release of hazardous substances at the Site;

WHEREAS, the Parties desire to resolve, as between the Plaintiff Settling Parties and Agere, certain claims, and to resolve the rights and obligations, as between Plaintiff Settling Parties and Agere, under the Prior Agreements, the OU-1 Consent Order, the OU-2 Consent Order and the Action; and

WHEREAS, the Parties intend that Agere remain a named plaintiff in the Action under the terms set forth below and that any recoveries (whether by settlement or judicial award) arising from or directly related to the Action, be assigned to and for the benefit of the Plaintiff Settling Parties.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein, the Parties hereto agree as follows:

1. **DEFINITIONS**

In addition to the terms defined above:

1.1   As used in this Agreement, the term "Excluded Matters" shall mean:

(1)   Toxic tort claims (including, but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property); and

(2)   Claims at other sites arising from the direct or indirect shipment of hazardous waste, hazardous substances or other materials from the Site.

1.2   As used in this Agreement, the term "Effective Date" shall be defined as provided in Article 3 herein.

1.3   As used in this Agreement, the term "Site" shall mean the National Priorities List ("NPL") Site known as the Boarhead Farms Superfund Site located in Bridgeton Township, Bucks County, Pennsylvania and any locations to which hazardous substances or other wastes from the Site may have migrated.

1.4   Unless otherwise provided, the terms used in this Agreement shall be as defined in CERCLA 42 U.S.C. §§ 9601, *et seq.*, and the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.103, *et seq.*, and their respective implementing regulations. Where ambiguities and differences exist between CERCLA and HSCA, the definitions in CERCLA shall be controlling.

2. **PAYMENT**

2.1   Plaintiff Settling Parties shall collectively pay Four Hundred Thousand Dollars ($400,000.00) to Agere by check made payable to Agere Systems, Inc. The payment shall be sent to:

DMEAST #9679200 v1                                         3                                         BSAI102982

> Agere Systems Inc.
> c/o Jocelyn T. de Grandpre
> 1110 American Parkway, NE
> Room 12J-306
> Allentown, PA 18109

The parties agree that such check may be issued by the Boarhead Farm Custodial Fund, maintained on behalf of the Boarhead Farm Agreement Group.

2.2   Plaintiff Settling Parties shall make payment to Agere on or before thirty (30) days from the Effective Date as defined below or, if the proceeds from that certain Settlement Agreement between Plaintiff Settling Parties and Rahns Specialty Metals, Inc. and Techalloy Company Inc. has not yet been deposited into the Boarhead Farm Custodial Fund, then such payment shall be made to Agere within 15 days of receipt of such proceeds.

### 3.   EFFECTIVE DATE

This Settlement Agreement shall become effective on the date that all Plaintiff Settling Parties and Agere have executed this Agreement.

### 4.   AGERE'S CONTINUING OBLIGATIONS

Agere shall remain a named plaintiff in the Action and shall cooperate, at its own expense, with the Plaintiff Settling Parties to the extent reasonably necessary in furtherance of the Plaintiff Settling Parties' pursuit of claims against defendants in the Action. Agere acknowledges that such cooperation may include the production of documents and witnesses and, potentially, the execution of settlement agreements with remaining defendants in the Action. Agere shall not, however, be responsible for any contribution toward the litigation costs incurred or to be incurred after January 31, 2007 by Plaintiff Settling Parties in pursuit of such claims. The Plaintiff Settlement Parties agree to take such commercially reasonable efforts to ensure Agere's costs in so cooperating will be minimized.

### 5.   RELEASE; INDEMNITY

5.1   By the Plaintiff Settling Parties. In consideration for the mutual performance of the obligations created by this Agreement, each of the Plaintiff Settling Parties hereby releases, covenants not to sue, and agrees to defend and indemnify Agere with respect to:

5.1.1   any claims asserted or that could have been asserted by the Plaintiff Settling Parties in the Action, whether presently known or unknown, contingent or real, that the Plaintiff Settling Parties ever had, now have, or in the future may have against Agere related to the subject matter of the Action;

5.1.2   any claims that are in any way associated with the Prior Agreements, the OU-1 Consent Order, or the OU-2 Consent Order; and

5.1.3   any claims for Natural Resource Damages at the Site by a state or federal trustee under the provisions of CERCLA 42 U.S.C. §§ 9601, *et seq.*, or the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.103, *et seq.*,

provided, however, that with respect to each of the above, such claim does not arise out of or relate to Excluded Matters.

5.2   **By Agere**. In consideration for the mutual performance of the obligations created by this Agreement, Agere hereby releases and covenants not to sue any of the Plaintiff Settling Parties with respect to:

5.2.1   any claims asserted or that could have been asserted by Agere in the Action, whether presently known or unknown, contingent or real, that Agere ever had, now have, or in the future may have against any of the Plaintiff Settling Parties related to the subject matter of the Action; and

5.2.2   any claims that are in any way associated with the Prior Agreements, the OU-1 Consent Order, or the OU-2 Consent Order,

provided, however, that with respect to each of the above, such claim does not arise out of or relate to Excluded Matters.

5.3   The foregoing provisions shall not restrict any Party from seeking to enforce the provisions of this Agreement.

6.   **ASSIGNMENT OF CLAIMS**

Agere hereby assigns to the Plaintiff Settling Parties the right to pursue on its behalf, and the right to collect any and all proceeds received as a result of, any and all claims related to the Action that Agere now has, or may in the future have, against Defendants in the Action or against any other person or entity, other than claims related to Excluded Matters. In the event that any such claims are determined to be non-assignable, or at the request of the Plaintiff Settling Parties, Agere hereby agrees that the Plaintiff Settling Parties shall have the right to bring any and all actions to enforce such claims, rights and entitlements, under this Agreement or otherwise, on behalf of each or any Plaintiff Settling Party. The Plaintiff Settling Parties agree to pursue the assigned claims, rights, and entitlements at their own expense.

7.   **CERTIFICATION**

In executing this Agreement, each Party to this Agreement certifies that, to the best of its knowledge, it has disclosed all relevant, non-privileged information and has produced all relevant, non-privileged documents within the Party's possession, custody or control regarding the Party's relevant direct and/or indirect transactions with regard to the Site as required by the Prior Agreements, and by the Case Management Order and/or discovery conducted pursuant to the Action, and that it has conducted a "reasonable inquiry" pursuant to the Federal Rules of Civil Procedure in preparing its discovery responses and submissions. The

Plaintiff Settling Parties and Agere have entered into this Agreement in reliance upon these representations.

8. **AMENDMENTS**

This Agreement may be amended only by the written consent of the Plaintiff Settling Parties and Agere.

9. **DENIAL OF LIABILITY**

This Agreement is not intended to be, and shall not be construed or interpreted to be, an admission of liability or responsibility by any of the Parties hereto. The Parties hereto expressly deny any and all liability or responsibility in connection with the Site.

10. **COMMUNICATIONS**

10.1 All communications with Agere under this Agreement shall be sent to:

> Jocelyn T. de Grandpre
> Agere Systems Inc.
> 1110 American Parkway, NE
> Room 12J-306
> Allentown, PA 18109
> (610) 712-1634

10.2 All communications with the Plaintiff Settling Parties under this Agreement may be sent to:

> Glenn A. Harris, Esquire
> Ballard Spahr Andrews & Ingersoll, LLP
> Plaza 1000, Suite 500, Main Street
> Voorhees, New Jersey 08043
> (856) 761-3400

or such other representative as the Plaintiff Settling Parties may hereafter designate in writing.

11. **RELATED PARTIES**

This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto, individually and collectively, to (a) any and all of the past, present, and future employees, officers, shareholders, directors, managers, representatives, attorneys, servants, agents, workmen, consultants and contractors of each Party, and (b) any and all parent or subsidiary companies or corporations, affiliated companies or corporations, brother or sister corporations, predecessors in interest and successors in interest of each Party, and all of their past, present, and future employees, officers, shareholders, directors, managers, representatives, attorneys, servants, agents, workmen, consultants and contractors.

12. **RELATIONSHIP OF THE PARTIES**

This Agreement does not create, and shall not be construed to create, any agency, joint venture or partnership relationship between or among the Parties.

13. **CORPORATE AND PARTNERSHIP AUTHORIZATION AND ENFORCEABILITY**

Each Party represents and warrants to the other Parties that the execution, delivery and performance of this Agreement has been duly authorized on its behalf and is within its corporate power and authority and that the person signing on behalf of the corporation has sufficient authority and has been duly authorized to execute this Agreement. Each Party represents and warrants to the other parties that this Agreement constitutes a legal, valid, and binding obligation enforceable against such Party in accordance with its terms.

14. **NO WAIVER**

The failure of a Party to insist on strict performance of any, or all of, the terms of this Agreement, or to exercise any right or remedy under this Agreement, shall not constitute a waiver or relinquishment of any nature regarding such right or remedy or any other right or remedy. No waiver of any breach or default hereunder shall be considered valid unless in writing and signed by the Party giving such waiver, and no such waiver shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

15. **ADVICE OF COUNSEL**

Each of the Parties hereto warrants and represents that it has obtained any and all appropriate legal advice which such Party deemed necessary prior to entering into this Agreement.

16. **TITLES AND HEADINGS**

Titles and headings to articles or sections herein are inserted merely for convenience of reference and are not intended to be a part of or to affect the meaning or interpretation of this Agreement.

17. **COUNTERPARTS**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18. **RESERVATION OF RIGHTS**

Except as otherwise provided in Article 11, the Plaintiff Settling Parties specifically reserve their right to maintain all claims including, but not limited to, those for contribution, indemnification, and/or cost recovery against persons who are not signatories to this Agreement.

19. **GOVERNING LAW**

This Agreement, and all amendments hereof, shall be governed by and construed in accordance with the internal laws of the Commonwealth of Pennsylvania applicable to contracts made and to be performed therein. The Parties agree that any original action commenced by the Parties containing a claim for recovery under, or enforcement, interpretation or modification of, this Agreement must be commenced in the United States District Court for the Eastern District of Pennsylvania.

20. **INSURANCE**

The Parties do not intend hereby to make any agreement that will prejudice any Party with respect to its insurers and, by entering into the Agreement, anticipate that the actions taken pursuant to this Agreement will benefit such insurers.

21. **OTHER AGREEMENTS**

This Agreement supersedes all prior agreements between the Plaintiff Settling Parties and Agere and any and all such prior agreements are hereby terminated and rendered null and void.

[CONTINUED ON NEXT PAGE]

## BOARHEAD FARMS
## SETTLEMENT AGREEMENT
## SIGNATURE PAGE

WITNESS the execution hereof by the undersigned.

| Party: | Cytec Industries Inc. | Ford Motor Company |
|---|---|---|
| By: | | |
| Date: | | |
| Name: | | |
| Title: | | |

| Party: | SPS Technologies, LLC | TI Group Automotive Systems LLC |
|---|---|---|
| By: | Thomas W. McDonnell | |
| Date: | 3/30/07 | |
| Name: | THOMAS W. MCDONNELL | |
| Title: | VP Finance | |

# BOARHEAD FARMS
# SETTLEMENT AGREEMENT
# SIGNATURE PAGE

WITNESS the execution hereof by the undersigned.

Party:   Agere Systems Inc.

By:   _____

Date:   _____

Name:   _____

Title:   _____

## BOARHEAD FARMS
## SETTLEMENT AGREEMENT
## SIGNATURE PAGE

WITNESS the execution hereof by the undersigned.

| | | |
|---|---|---|
| Party: | Cytec Industries Inc. | Ford Motor Company |
| By: | _____ | _*[signature]*_ |
| Date: | _____ | 3-28-07 |
| Name: | _____ | Kathryn S. Lamping |
| Title: | _____ | Assistant Secretary |
| | | |
| Party: | SPS Technologies, LLC | TI Group Automotive Systems LLC |
| By: | _____ | _____ |
| Date: | _____ | _____ |
| Name: | _____ | _____ |
| Title: | _____ | _____ |

**BOARHEAD FARMS**
**SETTLEMENT AGREEMENT**
**SIGNATURE PAGE**

WITNESS the execution hereof by the undersigned.

Party: Cytec Industries Inc.  *TBV*          Ford Motor Company

By: *[signature]*  _____

Date: 3/30/07  _____

Name: Roy Smith  _____

Title: VP+GC  _____


Party: SPS Technologies, LLC              TI Group Automotive Systems LLC

By: _____            _____

Date: _____          _____

Name: _____          _____

Title: _____         _____

BOARHEAD FARMS
SETTLEMENT AGREEMENT
SIGNATURE PAGE

WITNESS the execution hereof by the undersigned.

Party:    Cytec Industries Inc.                    Ford Motor Company

By:      _____            _____

Date:    _____            _____

Name:    _____            _____

Title:   _____            _____


Party:    SPS Technologies, LLC                    TI Group Automotive Systems
                                                   LLC
                                                   *[signature]*
By:      _____            _____

Date:    _____               March 29, 2007

Name:    _____               Timothy M. Guerriero

Title:   _____               General Counsel & Secretary

## BOARHEAD FARMS
## SETTLEMENT AGREEMENT
## SIGNATURE PAGE

WITNESS the execution hereof by the undersigned.

Party:   Agere Systems Inc.

By:      *Jocelyn T. de Grandpre*

Date:    March 29, 2007

Name:    Jocelyn T. de Grandpre

Title:   Corporate Counsel