IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., et al. | : | |
| | : | |
| Plaintiffs | : | Civil Action No. 02-CV-3830 |
| v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF DEFENDANT fcg, inc. TO COMPEL
<u>ANSWERS TO CONTENTION INTERROGATORIES</u>**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Eastern District of Pennsylvania Local Civil Rules 7.1 and 26.1, and paragraph A. 4. of the Court's Tenth Case Management Order dated April 30, 2007, Defendant fcg, inc. ("Flexible") respectfully moves this Court to compel Plaintiffs to respond to Flexible's Contention Interrogatories, as follows:

1. Plaintiffs shall withdraw all general and specific objections to Flexible's Contention Interrogatories based upon the form of the interrogatory or because the interrogatory requested Plaintiffs to state a contention that was not part of Plaintiffs' prima facie case.

2. Plaintiff shall serve full and complete responses to Flexible Contention Interrogatories Nos. 1 through 4, and No. 6, including full and complete responses to each subpart thereof.

Flexible has in good faith conferred with Plaintiffs in an effort to resolve this dispute and secure adequate answers without the Court's intervention.

The grounds for Flexible's Motion are more fully set forth in the accompanying Memorandum of Law, which Memorandum is incorporated by reference. A proposed Order is

attached pursuant to Local Rule 7.1.

                                          Respectfully submitted,

By:    _s/ Jeffrey S. Pollack_____
       Seth v.d.H. Cooley – PA 41801
       Jeffrey S. Pollack – PA 91888
       Duane Morris LLP
       30 South 17th Street
       Philadelphia, PA 19103-4196

       Attorneys for Defendant
       fcg, inc.

Dated: June 1, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., et al., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-3830 |
| v. : | |
| : | |
| ADVANCED ENVIRONMENTAL : | |
| TECHNOLOGY CORPORATION, et al. : | |
| : | |
| Defendants. : | |

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT fcg, inc. TO COMPEL FULL AND COMPLETE ANSWERS TO CONTENTION INTERROGATORIES

Defendant fcg, inc. ("Flexible"), by and through its undersigned counsel, Duane Morris LLP, files this Memorandum in Support of Flexible's Motion to Compel full and complete answers to certain of Flexible's outstanding contention interrogatories.

I.   **FACTUAL BACKGROUND**

The factual background of the discovery dispute underlying the present Motion to Compel is fully set forth in the Motion to Compel filed this date by Defendant Ashland Chemical, Inc. ("Ashland"), and therefore need not be repeated at length herein. Flexible joins in Ashland's Motion to Compel, and that Motion, together with other Motions to Compel filed by other Defendants including NRM Investment Co. and Carpenter Technology, is incorporated herein by reference. The present Motion to Compel addresses only Plaintiffs' deficient responses to Flexible's contention interrogatories.

To supplement the factual background presented in Ashland's Motion to Compel, Flexible notes only that after its receipt of Plaintiffs' deficient responses, the undersigned and

counsel for Plaintiffs exchanged correspondence concerning the deficiencies identified by Flexible, and then met in person to confer about the issues. Copies of the correspondence exchanged between counsel are attached hereto as Exhibits A and B. The in-person conference did not result in any further responses from Plaintiffs. Thus, despite continuing efforts, as of the filing of this Motion to Compel there has been no resolution of the deficiencies identified by Flexible.

## II.   FLEXIBLE'S CONTENTION INTERROGATORIES

Flexible posed six contention interrogatories to Plaintiffs, numbered 1 through 6. A copy of these contention interrogatories, and Plaintiffs' responses thereto, is attached hereto as Exhibit C. This Motion to Compel concerns Plaintiffs' deficient responses to Interrogatory Nos. 1 through 4, and No. 6. The deficiencies in Plaintiffs' responses to these contention interrogatories fall into two categories: (a) unfounded objections, and (b) incomplete or non-responses. Each of these two categories is addressed separately below.

## III.   DISCUSSION

Federal Rule of Civil Procedure 37(a)(2) provides that a party may move to compel another party to answer discovery. Paragraph (A) (4) of the Tenth Case Management Order in this action specifically provides for the filing of this Motion. Because Plaintiffs have improperly declined to fully answer Flexible's contention interrogatories, this Motion, and relief from the Court, are necessary.

As explained in *B. Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525, (E.D. Pa. 1994), "Contention interrogatories ask a party: to state what it contends; to state whether it

makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention. *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332 (N.D. Cal. 1985)." The contention interrogatories that Flexible posed to Plaintiffs, including the following five interrogatories that are the subject of this Motion, fall squarely within this definition.

A.   **Plaintiffs' Unfounded Objections**

In response to each of Flexible's contention interrogatories, Plaintiffs interposed the following objections (among others): "Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege."

Flexible will be prejudiced if Plaintiffs are permitted to interpose these objections. Specifically, Flexible will be subject to surprise at trial should Plaintiffs decide to make one or more of the contentions about which Flexible has asked but about which Plaintiffs have refused to answer (other than, in certain instances, to say that Plaintiffs will not make such contentions in their prima facie case).

For example, before Flexible presents evidence at trial (consistent with deposition testimony in this case)[1] that a certain material generated by Flexible and known as "spent etchant" was sold for use in making fertilizer (rather than taken from Flexible's facility to the Boarhead site as alleged by Plaintiffs), Flexible is entitled to know what contention Plaintiffs will make (and what evidence (if any) Plaintiffs will seek to introduce) in response. Plaintiffs' objections[2] to Flexible's contention interrogatories on this subject (Interrogatory Nos. 1 and 2) include assertions that Plaintiffs are not obligated to disclose their contentions, or identify any evidence they may have, because the contentions and evidence would be presented in rebuttal rather than in Plaintiffs' case in chief. For the reasons discussed in Ashland's Motion to Compel, there is no basis for such an objection. Further, in its June 23, 2005 Order, at paragraph 6, this Court has already advised that legal conclusions are discoverable via contention interrogatories (". . . the Court agrees with the holding in Smithkline Beecham Corp. v. Apotex, 2004 WL 739959, at *3 (E.D. Pa. March 23, 2004), that contention interrogatories are more appropriate than Rule 30(b)(6) depositions to elicit a party's legal conclusions.") The Federal Rules of Civil Procedure simply do not permit such hiding of the ball.

**B.    <u>Plaintiffs' Incomplete/Non-Responses</u>**

<u>Interrogatory No. 1</u>

In its Interrogatory No. 1, Flexible asked a simple question: Do Plaintiffs contend that spent etchant generated by Flexible and/or Etched Circuits, Inc. was disposed of at the Site? In

---

[1]    See, e.g., deposition of Melvin Bach, 12/22/04, p. 88, lines 10-6 (attached as Exhibit D).

[2]    Certain of plaintiffs' objections are directly stated in their responses to Flexible's contention interrogatories, while others are found in Plaintiffs' response to Joint Contention Interrogatory No. 78, which Plaintiffs incorporated into their responses to several of Flexible's contention interrogatories.

response, after asserting invalid objections, Plaintiffs responded by referring Flexible to Plaintiffs' response to Joint Contention Interrogatory No. 78. However, nowhere in the latter response do Plaintiffs state whether they contend that spent etchant was disposed of at the Site, nor do Plaintiffs specify the supporting facts, witnesses and documents. Although the letter from Plaintiffs' counsel (Exhibit B attached hereto) states that Plaintiffs do contend that spent etchant generated by Flexible and/or Etched Circuits was disposed of at the Site, the letter declines, without any valid basis, to provide the supporting information underlying that answer. Plaintiffs offer only the gratuitous comment that, "It goes without saying that Plaintiffs believe that their contentions that fcg's and Etched Circuits' spent etchant waste was disposed of at the Site are valid." This observation is neither here nor there, and does not provide the requested information. Plaintiffs should be ordered to fully answer the question.

Interrogatory No. 2

In its Interrogatory No. 2, Flexible asked a direct, follow up question to Interrogatory No. 1: Do Plaintiffs contend that any spent etchant generated by FCG and/or Etched Circuits, Inc. was not subjected to or processed through a reclamation, recovery, recycling, neutralization, treatment and/or other process? In response, after again asserting invalid objections, Plaintiffs responded by saying only that they would not make such a contention *in their case in chief*. That response, of course, does not answer the question.

Interrogatory No. 3

In its Interrogatory No. 3, Flexible asked this simple question: Do you contend that any wastes generated by Flexible and/or Etched Circuits were disposed of in a particular area(s) or location(s) at the site? In response, after again asserting invalid objections, Plaintiffs responded

5

DM2\1161001.1

by saying only that they would not make such a contention <u>in their case in chief</u>. As discussed, that response does not answer the question.

<u>Interrogatory No. 4</u>

In its Interrogatory No. 4, Flexible asked the following, direct question: Do you contend that any of the drums found at and removed from the Site were drums containing, or which had contained at the time of disposal at the Site, wastes generated by FCG and/or Etched Circuits? In response, after again asserting invalid objections, Plaintiffs responded by saying only that they would not make such a contention <u>in their case in chief</u>. Once again, as discussed, that response does not answer the question.

<u>Interrogatory No. 6</u>

Flexible's Interrogatory No. 6 presents a somewhat different issue. That interrogatory asks: "Do you contend that any wastes generated by FCG and/or Etched Circuits, Inc. contributed in some manner to the environmental conditions that led to the response activities at the Site?" After again interposing invalid objections, Plaintiffs responded that, indeed, they <u>did contend</u> that wastes generated by Flexible and/or Etched Circuits, Inc. contributed "in some manner" to the environmental conditions that led to the response activities at the site. However, Plaintiffs <u>then refused to explain in what manner</u> the wastes made a contribution. In correspondence defending her client's refusal to respond, Plaintiffs' counsel Ms. Trojecki stated:

> Plaintiffs objected to this Interrogatory as overly broad, vague, confusing and ambiguous because it is unclear what is meant by and on what basis fcg can ask Plaintiffs to state facts identifying the wastes in question, the manner of such contribution, the environmental conditions to which such wastes contributed and the response activities to which such conditions led. Federal Rule of Civil Procedure 26(a)(2) provides that an expert report shall contain "a complete statement of all opinions to be expressed and the basis and reasons therefore." Jay Vandeven's expert report

6

> complies with this rule. It is not appropriate for fcg to separately
> ask Plaintiffs the basis for opinions of their experts.

Exhibit B attached hereto, p. 3.

There are three points of note concerning this statement. First, as discussed above and in Ashland's Motion to Compel, it is entirely appropriate, and the Rules of Civil Procedure and case law provide parties with the right, to ask another party to disclose its contentions and the bases therefore. The fact that there may be overlap between the responding party's contentions (and bases therefore), on the one hand, and its expert's opinions, on the other, does not mean that no response need be provided to the contention interrogatories. Here, because Plaintiffs have not answered Interrogatory No. 6, we do not know whether, and to what extent, such overlap may exist.

Second, the expert referenced in Ms. Trojecki's letter – Mr. Vandeven – made no specific reference in his expert report to how or in what manner any wastes generated by Flexible or Etched Circuits, Inc. contributed to the environmental conditions at the site. Indeed, Mr. Vandeven made it quite clear that he was offering no opinion whatsoever about Flexible or Etched Circuits, Inc. wastes:

> Q (Mr. Cooley): So my question, with that reminder, is as follows: Is it true for each of the defendants in this case that you do not have any knowledge specifically about their wastes generated at their facilities and you are not going to be rendering any opinions about the wastes specifically generated by the defendants in this case?
>
> A (Mr. Vandeven): That's true, yes.

(Deposition of Jay Vandeven, 2/14/07, Vol. 2, p. 367, line 20 – p. 368, line 6, attached as Exhibit E). It is therefore hollow for Plaintiffs to point Flexible to Mr. Vandeven for information.

7

Third, it is astounding that Plaintiffs would object to this interrogatory as "overly broad, vague, confusing and ambiguous because it is unclear what is meant by and on what basis fcg can ask Plaintiffs to state facts identifying the wastes in question, the manner of such contribution, the environmental conditions to which such wastes contributed and the response activities to which such conditions led." It is astounding because the wording of Flexible's Interrogatory No. 6 ("Do you contend that any wastes generated by FCG and/or Etched Circuits, Inc. <u>contributed in some manner</u> to the environmental conditions that led to the response activities at the Site?") (a) recites verbatim the core wording used by Plaintiffs in responding to Flexible's Interrogatory No. 6 ("Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site <u>contributed in some manner</u> to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs"), and (b) recites verbatim the core wording used by Mr. Vandeven in his June 30, 2006 expert report ("All of the wastes disposed of at the Boarhead Farms Superfund Site <u>contributed in some manner</u> to the environmental conditions that led to the response activities described above."). The only conclusion that one can draw from Plaintiffs' counsel's letter is that, by Plaintiffs' own standard, Plaintiffs' response to Interrogatory No. 6, and the opinion of Plaintiffs' expert, are themselves "overly broad, vague, confusing and ambiguous."

8

## III. **CONCLUSION**

For the all the foregoing reasons, Flexible respectfully requests that the Court issue an Order requiring Plaintiffs to promptly serve full and complete responses to Flexible's Interrogatory Nos. 1 through 4, and No. 6.

Dated: June 1, 2007

Respectfully submitted,

DUANE MORRIS LLP

By:   s/ Jeffrey S. Pollack
Seth v.d.H. Cooley – PA 41801
Jeffrey S. Pollack – PA 91888
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

Attorneys for Defendant
fcg, inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., et al., :
:
                     Plaintiffs :   Civil Action No. 02-CV-3830
v. :
:
ADVANCED ENVIRONMENTAL :
TECHNOLOGY CORPORATION, et al., :
:
                     Defendants. :

## CERTIFICATE OF SERVICE

    I, Jeffrey S. Pollack, hereby certify that service of Defendant fcg inc.'s Motion to Compel answers to certain contention interrogatories was made upon the following parties by electronic mail and mailing, first class, postage prepaid, a true copy on June 1, 2007:

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043-4636

Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
Suite1600
121 South Broad Street
Philadelphia, PA 19107

Edward Fackenthal, Esquire
Law Office of Edward Fackenthal
One Montgomery Plaza, Suite 209
Norristown, PA 19401

Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi
5 Becker Farm Road
Roseland, NJ 07068-1739

Jeffrey L. Pettit, Esquire
Phelan Pettit & Biedrzycki
The North American Building
Suite 1600
121 South Broad Street
Philadelphia, PA 19107

Laurie Sands, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052

Lynn Wright, Esquire
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022

                                                s/ Jeffrey S. Pollack
Jeffrey S. Pollack – PA 91888
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103-4196
(215) 979-1172

Counsel for Defendant fcg, inc.

Dated: June 1, 2007