# EXHIBIT A

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE

SETH v.d.H. COOLEY
DIRECT DIAL: 215.979.1838
E-MAIL: scooley@duanemorris.com

www.duanemorris.com

April 30, 2007

*Via e-mail and first-class mail*

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000
Suite 500, Main Street
Voorhees, New Jersey 08043

Re: Agere Systems, Inc., et al. v. AETC, et al., Civil Action No. 02-CV-3830

Dear Glenn:

I am writing to address various deficiencies in Plaintiffs' April 17, 2007 responses to the contention interrogatories served by fcg, inc. ("Flexible") on Plaintiffs. The deficiencies noted below are in addition to the deficiencies described in the letter from Jeff Pettit to you of this date. Mr. Pettit's letter is incorporated herein by reference.

First, Flexible does not believe that any of the "General Statements and Objections" made by Plaintiffs in their responses to the Joint Contention Interrogatories of Advanced Environmental Technology Corporation, Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harmon Tube Company, Inc. and NRM Investment Company (the "Joint Interrogatories"), which "General Statements and Objections" are incorporated by reference in Plaintiffs' responses to Flexible's contention interrogatories, are valid. Specifically:

Objection 1 – Flexible's contention interrogatories (all six in number) are very much "narrowly tailored."

Objection 2 – Plaintiffs have no basis for refusing to answer a given contention interrogatory simply because it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. The fact that Plaintiffs have no such basis is particularly evident in light of Plaintiffs' statement that they "specifically reserve the right to make any factual and legal conclusions, whether expressly set forth in their responses to these Interrogatories or not, in response to positions taken by Defendants at trial." The Federal Rules do not allow such non-disclosure.

DuaneMorris

Glenn Harris, Esquire
April 30, 2007
Page 2

Objection 3 – None of Flexible's contention interrogatories seek information or documents that are not relevant to the subject matter of this action, or are not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiffs have not identified any specific respect in which they believe this is the case.

Objections 4-7 – These objections are inapplicable here. Obviously, Plaintiffs, and only Plaintiffs, can possess, have custody of, and control what they contend (Plaintiffs having been asked to answer whether or not they contend certain things), and only Plaintiffs can identify the facts, persons, documents, etc. supporting or relating to Plaintiffs' contentions. Furthermore, Plaintiffs' contentions, and the facts, witnesses, etc., that might be cited by Plaintiffs in support of them, are not privileged.

Objection 8 – Legal conclusions are discoverable via contention interrogatories. See, among other things, this Court's June 23, 2005 Order, at paragraph 6.

Objection 9 – Flexible's contention interrogatories do not give rise to issues of time or scope. This objection is inapplicable.

Objection 10 – Flexible's Definitions, Instructions and Interrogatories are not unduly burdensome, onerous, oppressive, or designed to be harassing, nor will they cause unnecessary expense. Plaintiffs have not pointed to any specific way in which the Interrogatories would have any such effect.

Objection 11 – Flexible's Definitions, Instructions and Interrogatories are not overly broad, vague or ambiguous. Plaintiffs have to pointed out any specific way in which the Interrogatories have any such attribute.

Objection 12 – Flexible can assuage any concern here by confirming that its Interrogatories do not seek to alter or exceed the scope of the obligations placed on Plaintiffs by the Federal Rules.

Please note that Flexible's comments above regarding Plaintiffs' General Statements and Objections to Flexible's Interrogatories apply equally to Plaintiffs' General Statements and Objections to the Joint Interrogatories.

Interrogatory No. 1

Please explain how you could consider this interrogatory to be "vague, confusing and ambiguous" when it merely asks whether Plaintiffs contend that a material ("spent etchant" of "spent etchings") previously described by Plaintiffs in their Complaint was disposed of at the Site? What is "vague, confusing or ambiguous" about that question? With regard to your objection to the request for identification of facts relating to the chemical content of the spent

DuaneMorris

Glenn Harris, Esquire
April 30, 2007
Page 3

etchant or "spent etchings" (the latter being your term), how is that request overly broad or unduly burdensome? Facts relating to the chemical content of material that Plaintiffs might contend is spent etchant or spent etchings go to whether such contention is valid. As for the reference to Plaintiffs' response to Joint Interrogatory 78, nowhere does that response state either (a) whether Plaintiffs contend that spent etchant or spent etchings were disposed at the Site, or (b) what facts, witnesses and/or documents support any such contention. Please provide a full and complete answer to this Interrogatory.

Interrogatory No. 2

As to the objection relating to Plaintiffs' "prima facie case," see above. As to the objection that this interrogatory is not only "vague, confusing and ambiguous," but "unintelligible," Flexible notes that Plaintiffs have not explained in what way it fits any of these descriptions. What do you not understand about this question? Regarding Plaintiffs' remaining objections to this Interrogatory, see above. Please confirm that if Flexible contends that all spent etchant generated by Flexible or Etched was subjected to, or processed through, a reclamation, recovery, recycling, neutralization, treatment and/or other process," Plaintiffs will not contend otherwise.

Interrogatory No. 3

With regard to Plaintiffs' objections to this Interrogatory, please see above. As for Plaintiffs' reference to their response to Joint Interrogatory 78, nowhere does that response state either (a) whether Plaintiffs contend that wastes generated by Flexible or Etched were disposed of in a particular area(s) or location(s) at the Site, or (b) what facts, witnesses and/or documents support any such contention.

Furthermore, please explain how the fact that Plaintiffs "will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs," in any way answers the straightforward interrogatory posed here (which you did not even describe as being "vague, confusing and ambiguous") as to whether Plaintiffs will contend that Flexible or Etched wastes were disposed of in a particular area(s) or location(s) at the Site.

In addition, please confirm that if Flexible contends that any wastes generated by Flexible or Etched were, or were not, disposed of in a particular area(s) or location(s) at the Site, Plaintiffs will not contend that any such wastes were disposed of in a particular area(a) or location(s) at the Site.

**DuaneMorris**

Glenn Harris, Esquire
April 30, 2007
Page 4

Interrogatory No. 4

How is this interrogatory possibly "vague, confusing and ambiguous"? Please explain. As for Plaintiffs' remaining objections to this Interrogatory, see above.

Here again, Plaintiffs' response to Joint Interrogatory 78 does not answer the question posed. None of the documents or transcript pages cited in that response reveal or explain what Plaintiffs will contend in this litigation. How could they, I am compelled to ask? Please provide a full and complete answer addressing (a) whether Plaintiffs contend that any of the drums found at and removed from the Site were drums containing, or which had contained at the time of disposal at the Site, wastes generated by Flexible and/or Etched Circuits, and (b) what facts, witnesses and/or documents support any such contention.

Interrogatory No. 5

For the third bulleted point in Plaintiffs' response to this Interrogatory, please identify the specific Bucks County Department of Health documents (by reference to Bates numbers).

For the fourth bulleted point in Plaintiffs' response to this Interrogatory, please identify each and every document that supports, refers or relates to the cited contention.

Please set forth the name, address and telephone number of any person with knowledge regarding the cited contention.

Please provide a full and complete answer to this interrogatory, using Flexible's definition of "facts." (In providing full and complete answer to each of Flexible's interrogatories, please use that definition; that definition is in no way "overbroad" or "unduly burdensome," nor have Plaintiffs explained how they perceive it as such.)

Interrogatory No. 6

In stating that they consider to be "overly broad, vague, confusing and ambiguous" an interrogatory asking, "Do you contend that any wastes generated by FCG and/or Etched Circuits, Inc. contributed in some manner to the environmental conditions that led to the response activities at the Site," are Plaintiffs also stating that they consider to be "overly broad, vague, confusing and ambiguous" the statement of one of their experts? (See expert report of Jay Vandeven: "All of the wastes disposed of at the Boarhead Farms Superfund Site contributed in some manner to the environmental conditions that led to the response activities described above.") Please confirm or explain.

Regarding Plaintiffs' remaining objections to this Interrogatory, see above.

DuaneMorris

Glenn Harris, Esquire
April 30, 2007
Page 5


      Please answer this interrogatory, including each of its subparts, fully and completely. Neither the bald response that, "Without waiving any such objection, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs," nor the reference to Plaintiffs' response to Joint Interrogatory 78, come close to doing so.

* * * * *

      Thank you for your anticipated cooperation in resolving the issues raised above. I am, of course, available to discuss.

Very truly yours,

Seth v.d.H. Cooley

SvdHC/dad
Cc:    All counsel of record (via e-mail)