# EXHIBIT B

LAW OFFICES

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000 - SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

AMY M. TROJECKI
DIRECT DIAL: (856) 761-3414
PERSONAL FAX: (856) 761-9014
E-MAIL: TROJECKIA@BALLARDSPAHR.COM

May 7, 2007

**Via E-mail and U.S. Mail**

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396

> Re:  Agere Systems, Inc., et al. v. Advanced Environmental Technology Corp, et al.;
> C.A. No. 02-CV-3830 (LDD)

Dear Mr. Cooley:

This letter is in response to your April 30, 2007 letter with respect to Plaintiff's responses to fcg's contention Interrogatories to Plaintiffs. Plaintiffs refer fcg to their May 7, 2007 letter in response to Defendants' April 30, 2007 deficiency letter concerning the joint contention Interrogatories, especially to the "Scope of Discovery" section. The following addresses your concerns with the Interrogatories as set out in April 30, 2007 letter:

1. Plaintiffs understand this Interrogatory to ask whether they contend that spent etchant generated by fcg or Etched Circuits was disposed of at the Site and, if so, to detail the facts in support of this contention. Plaintiffs' response to Interrogatory No. 78 of the defendants' joint contention Interrogatories indicates that Plaintiffs do contend that spent etchant generated by fcg and Etched Circuits was disposed of at the Site. Moreover, on pages 57-58 of Plaintiffs' responses to the Defendants' joint contention Interrogatories, Plaintiffs list all the documents and witnesses that it might rely on to support this contention at trial. Plaintiffs' objections relate to fcg's request for facts relating to the chemical content of the spent etchant and fcg's very broad and technical definition of that term. Specifically, although you state in your April 30, 2007 deficiency letter that facts about the chemical content of the spent etchant "go to whether such contention is valid," the Interrogatory seeks Plaintiffs' contentions and

DMEAST #9782042 v1

Seth v.d.H. Cooley, Esquire
May 7, 2007
Page 2

supporting facts - not defendants. It goes without saying that Plaintiffs believe that their contentions that fcg's and Etched Circuits' spent etchant waste was disposed of at the Site are valid. In any event, Plaintiffs included Jurgen Exner, Ph.D. among its list of witnesses that it might rely upon at trial in support of its contentions regarding the nature of fcg's and Etched Circuits' waste in its response to Interrogatory No. 78 of the defendants' joint contention Interrogatories.

2. Plaintiffs objected to this Interrogatory on the basis that it is vague, confusing, ambiguous and unintelligible because they do not understand to what potential reclamation, recovery, recycling, neutralization, treatment or other process that fcg may be referring. In addition, nowhere in Interrogatory No. 2 does it state that fcg might contend that all spent etchant generated by fcg or Etched Circuits was subjected to a reclamation, recovery, recycling, neutralization, treatment or other process. The Interrogatory asks whether *Plaintiffs* will make this contention, and Plaintiffs have responded that they will not. In order for Plaintiffs to be able to respond whether or not it will contest such a contention made by fcg, we must know if, in fact, fcg will make this contention and, if so, the basis for doing so.

3. Plaintiffs understand this Interrogatory to ask whether Plaintiffs will contend that any wastes generated by fcg and/or Etched Circuits were disposed of in a particular area or location of the site. Plaintiffs responded that they will not make such a contention. In order for Plaintiffs to be able to respond whether or not it will contest such a contention made by fcg, we must know if, in fact, fcg will make this contention and, if so, the basis for doing so. Plaintiffs objected to this Interrogatory on the basis that it is overly broad, vague, confusing and ambiguous because it is unclear what fcg means by particular area or location. Plaintiffs further directed fcg to their response to Interrogatory No. 78 to the defendants' joint contention Interrogatories, because this response sets out Plaintiffs' contentions and their bases for making these contentions, including that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to response activities taken by EPA and Plaintiffs.

4. Plaintiffs objected to this Interrogatory on the basis that it is vague, confusing and ambiguous because it is not clear whether fcg is asking whether Plaintiffs will contend that any fcg or Etched Circuits' wastes were disposed of in drums at the site or whether any drums found at the site contained fcg or Etched Circuits' labels. Plaintiffs referred fcg to its response to Interrogatory No. 78 of the defendants' joint contention Interrogatories because that response indicates that Plaintiffs will contend that fcg's and Etched Circuit's drummed waste was disposed of at the site and the basis for such contentions.

5. Plaintiffs' response to Interrogatory No. 78 of the Defendants' joint contention interrogatories sets out the Bates-range for the Bucks County Department of Health Correspondence, which is BSAI082378 to BSAI082771, as well as the other documents that Plaintiffs intend to rely upon at trial to prove their contentions against fcg with respect to Etched Circuits.

6. Plaintiffs understand that fcg took a sentence from Plaintiffs' expert report and asked essentially whether Plaintiffs believed it to be true. Plaintiffs responded that this

DMEAST #9782042 v1

Seth v.d.H. Cooley, Esquire
May 7, 2007
Page 3

statement would be included among its contentions at trial. Plaintiffs objected to this Interrogatory as overly broad, vague, confusing and ambiguous because it is unclear what is meant by and on what basis fcg can ask Plaintiffs to state facts identifying the wastes in question, the manner of such contribution, the environmental conditions to which such wastes contributed and the response activities to which such conditions led. Federal Rule of Civil Procedure 26(a)(2) provides that an expert report shall contain "a complete statement of all opinions to be expressed and the basis and reasons therefore." Jay Vandeven's expert report complies with this rule. It is not appropriate for fcg to separately ask Plaintiffs the basis for opinions of their experts.

Very truly yours,

*Amy Trojecki*

Amy M. Trojecki

cc: Counsel on Attached Service List
AMT/cdg