# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 02-CV-3830 (LDD)<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANT fcg, inc.'S CONTENTION INTERROGATORIES** |

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems, LLC ("Plaintiffs"), by their undersigned attorneys, object and respond to the contention interrogatories of fcg, inc. ("Defendant") as follows:

## GENERAL STATEMENTS AND OBJECTIONS

Plaintiffs hereby incorporate by reference, as if fully set forth herein, the General Statements and Objections contained in Plaintiffs' Responses to the joint contention interrogatories of Advanced Environmental Technology Corporation ("AETC"), Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company (collectively, "Defendants").

## INTERROGATORIES AND RESPONSES

Subject to and without waiving the foregoing General Objections, Plaintiffs make the following responses to the contention interrogatories of Defendant:

DMEAST #9759082 v1

Interrogatory No. 1

Do you contend that spent etchant (or "spent etchings" as that term is used in paragraph 60 of your Fourth Amended Complaint in this Case) generated by FCG and/or Etched Circuits, Inc. was disposed of at the Site? If so, for each of FCG and Etched Circuits, Inc.:

    a.    set forth in detail each and every fact which supports the above contention, including but not limited to facts relating to the chemical content of the spent etchant or spent etchings, and the sources of those facts;

    b.    set forth the name, address and telephone number of any person with knowledge regarding the above contention; and

    c.    identify each and every document that supports, refers or relates to the above contention.

**ANSWER:** Plaintiffs object to this Interrogatory because it is vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "facts" is overbroad and unduly burdensome.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

Interrogatory No. 2

Do you contend that any spent etchant (or "spent etchings" as that term is used in paragraph 60 of your Fourth Amended Complaint in this Case) generated by FCG and/or Etched

Circuits, Inc. was not subjected to or processed through a reclamation, recovery, recycling, neutralization, treatment and/or other process? If so, for each of FCG and Etched Circuits, Inc.:

    a.    set forth in detail each and every fact which supports the above contention and the sources of those facts;

    b.    set forth the name, address and telephone number of any person with knowledge regarding the above contention; and

    c.    identify each and every document that supports, refers or relates to the above contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is unintelligible, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "facts" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning whether any spent echant "generated by fcg and/or Etched Circuits, Inc. was not subjected to or processed through a reclamation, recovery, recycling, neutralization, treatment and/or other process."

<u>Interrogatory No. 3</u>

Do you contend that any wastes generated by FCG and/or Etched Circuits were disposed of in a particular area(s) or location(s) at the site? If so, for each of FCG and Etched Circuits, Inc.:

DMEAST #9759082 v1          3

a.  set forth in detail each and every fact which supports the above contention, including but not limited to facts identifying the area(s) or location(s) in question, and the chemical content and volume of the FCG and/or Etched Circuits, Inc. wastes disposed there, and the sources of those facts;

b.  set forth the name, address and telephone number of any person with knowledge regarding the above contention; and

c.  identify each and every document that supports, refers or relates to the above contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs. By way of further answer, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning whether "any wastes generated by FCG and/or Etched Circuits were disposed of in a particular area(s) or location(s) at the site."

Interrogatory No. 4

Do you contend that any of the drums found at and removed from the Site were drums containing, or which had contained at the time of disposal at the Site, wastes generated by FCG and/or Etched Circuits? If so, for each of FCG and Etched Circuits, Inc.:

    a.    set forth in detail each and every fact which supports the above contention, including but not limited to facts identifying the number, capacity, type (metal, plastic, etc.), and contents (chemical content and quantity, at both the time of disposal at the Site and the time of removal from the Site) of such drums, and the sources of those facts;

    b.    set forth the name, address and telephone number of any person with knowledge regarding the above contention; and

    c.    identify each and every document that supports, refers or relates to the above contention.

**ANSWER:** Plaintiffs object to this Interrogatory because it is vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "facts" is overbroad and unduly burdensome.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs. By way of further answer, Plaintiffs will not ask the court at trial to make findings of fact or conclusions of law concerning

whether any wastes generated by FCG and/or Etched Circuits were contained in any specific drum or drum fragment.

Interrogatory No. 5

With respect to your contention, stated in paragraph 63 of your Fourth Amended Complaint in this Case, that FCG "operated the Etched Circuits facility in Cherry Hill, New Jersey":

    a.    set forth in detail each and every fact which supports the above contention and the sources of those facts;

    b.    set forth the name, address and telephone number of any person with knowledge regarding the above contention; and

    c.    identify each and every document that supports, refers or relates to the above contention.

**ANSWER:** Plaintiffs object to the Defendant's definition of "fact" because it is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs respond as follows:

- 9/22/00 letter from Barbin to EPA;
- Etched circuits meeting minutes;
- Bucks County Department of Health Correspondence, including that indicating that Flexible Circuits' would move its plating and etching operations to Cherry Hill, New Jersey;
- Etched Circuits' subsequent use of DCC to haul spent etchant; and

- The deposition testimony of Melvin Bach and George Stollsteimer discussing, among other things, Flexible Circuits' use of Etched Circuits to conduct plating and etching operations.

By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

Interrogatory No. 6

Do you contend that any wastes generated by FCG and/or Etched Circuits, Inc. contributed in some manner to the environmental conditions that led to the response activities at the Site? If so, for each of FCG and Etched Circuits, Inc.:

a. set forth in detail each and every fact which supports the above contention, including but not limited to facts identifying the wastes in question, facts identifying the manner of such contribution, facts identifying the environmental conditions to which such wastes contributed, and facts identifying the response activities to which such conditions led, and the sources of those facts;

b. set forth the name, address and telephone number of any person with knowledge regarding the above contention; and

c. identify each and every document that supports, refers or relates to the above contention.

ANSWER: Plaintiffs object to this Interrogatory because it is overly broad, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. Plaintiffs further object to the Defendant's definition of "fact" because it is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC<br><br>     Plaintiffs,<br><br>  v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>     Defendants. | Civil Action No. 02-CV-3830 (LDD) |

### CERTIFICATE OF SERVICE

I certify that on this day I served a copy of Plaintiffs' Responses To Contention Interrogatories of fcg, inc. by electronic mail and first class postage prepaid United States mail, on the counsel listed on the service list.

Dated: 4/17/07

             _____
             Amy M. Trojecki

## VERIFICATION

Jocelyn T. de Grandpre, being duly sworn, deposes and says that she is an authorized agent of Agere Systems Inc., and that she verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from fgc, inc., for and on behalf of Agere Systems Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Agere Systems Inc.; and deponent is informed that the facts stated therein are true.

Dated: April 13, 2007                            *[signature: Jocelyn T. de Grandpre]*

DMEAST #1923996 v3

## **VERIFICATION**

Thomas E. Mesevage, being duly sworn, deposes and says that he is an authorized agent of Cytec Industries Inc. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from fcg, inc., for and on behalf of Cytec Industries Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cytec Industries Inc. and deponent is informed that the facts stated therein are true.

Dated: April 16, 2007          Signature: _____
                                          Thomas E. Mesevage
                                          Safety, Health and Environmental Counsel
                                          Cytec Industries Inc.
                                          5 Garret Mountain Plaza
                                          West Paterson, NJ 07424

DMEAST #1923994 v3                           4

## VERIFICATION

Timothy M. Guerriero, being duly sworn, deposes and says that he is an authorized agent of TI Group Automotive Systems, L.L.C. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from fgc, inc., for and on behalf of TI Group Automotive Systems, L.L.C.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of TI Group Automotive Systems, L.L.C.; and deponent is informed that the facts stated therein are true.

Dated: April 12, 2007

_____
Timothy M. Guerriero, Secretary

## VERIFICATION

_Tom Cross_, being duly sworn, deposes and says that he is an authorized agent of SPS Technologies, LLC and that he verifies the foregoing responses and objections to the Interrogatories to the Plaintiffs from fcg, inc., for and on behalf of SPS Technologies, LLC; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of SPS Technologies, LLC and deponent is informed that the facts stated therein are true.

Dated: 12 APRIL 2007           _Thomas S. Cross_

## VERIFICATION

_____Kathryn Lamping_____, being duly sworn, deposes and says that he is an authorized agent of Ford Motor Company, and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from fcg, inc., for and on behalf of Ford Motor Company; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Ford Motor Company and deponent is informed that the facts stated therein are true.

Dated:                                    _____
                                          Kathryn S. Lamping
                                          Assistant Secretary