Lynn Wright, Esq.
Attorney for Defendant Carpenter Technology Corporation
Attorney ID NO. 31428
EDWARDS ANGELL PALMER & DODGE LLP
51 John F Kennedy Parkway
Short Hills, New Jersey 07078

| | |
|---|---|
| AGERE SYSTEMS, INC., et al.,<br>　　　　　　　Plaintiffs<br><br>v.<br><br>ADVANCED ENVIRONMENTAL<br>TECHNOLOGY CORPORATION, et al.,<br>　　　　　　　Defendants | IN THE UNITED STATES<br>DISTRICT COURT FOR THE<br>EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>CIVIL ACTION<br><br>NO: 02-cv-3830 |

### AMENDED CARPENTER TECHNOLOGY CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ANSWERS TO CERTAIN CONTENTION INTERROGATORIES PROPOUNDED BY CARPENTER AND CERTAIN JOINT CONTENTION INTERROGATORIES PROPOUNDED JOINTLY BY DEFENDANTS WITH EXHIBITS

#### Introduction

This memorandum is submitted on behalf of Defendant Carpenter Technology Corporation ("Carpenter") to address the deficiencies in Plaintiffs' responses to certain Carpenter Contention Interrogatories, as well as on behalf of the other defendants to certain Joint Contention Interrogatories prepared by the defendants jointly. Other defendants will be submitting motions to compel both individual and joint contention interrogatories and Carpenter joins in those motions.

#### Procedural History

Carpenter incorporates by reference the procedural histories set forth in the Motions to Compel by NRM Investment Company and Ashland Chemical, Inc. dated June 1, 2007.

## Joint Contention Interrogatories

I. **Plaintiffs' Overly General and Vague Objections to Defendants' Joint Contention Interrogatories Nos. 1-66 Do Not Meet the Burden of Persuasion as Warranted by the Third Circuit**

In their Joint Contention Interrogatories, Nos. 1-66, Defendants asked:

- whether Plaintiffs contended that any or all of the Plaintiffs and Defendants arranged for the disposal of drummed waste at the Site. Accordingly, the Defendants jointly requested both the factual and legal basis for Plaintiffs' responses.

- how much drummed waste was disposed of and what type of waste, including hazardous waste, was included in the drummed waste.

- whether Plaintiffs contended that the Plaintiffs and Defendants arranged for bulk waste to be disposed of at the Site. If so, Defendants inquired as to the total volume and composition, including hazardous substances, of the disposed bulk waste. Similarly, Defendants requested both factual and legal support for Plaintiffs' contentions. A copy of Defendants' Joint Contention Interrogatories Nos. 1-61 is attached as Exhibit A.

In response to Defendants' Contention Interrogatories, Plaintiffs asserted several objections. The most frequently asserted objections regarding Defendants' contention interrogatories were: (1) they are not limited in time or scope or relevant to the current litigation; and (2) that they are unduly burdensome, vague and ambiguous. Plaintiff repeatedly asserted these objections without any legal or factual support. Prevailing Third Circuit case law holds that the "mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful

objection to an interrogatory."[1] Accordingly, the Plaintiffs "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."[2] Moreover, contention interrogatories require the answering party to state its legal contentions and theories and the facts supporting them. In refusing to answer, the Plaintiffs have failed to do this.

Similarly, with regard to Plaintiffs' objection that Defendants' Contention Interrogatories are not relevant to the current litigation, prevailing authority states that the opposing party has the burden of specifically showing "how, despite the broad and liberal construction afforded to the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."[3] Suffice it to say, the Plaintiffs have the burden of persuasion on its objections.[4] At this juncture, Plaintiffs have two viable courses of action. Plaintiffs can either provide information as to their rationale in not answering Defendants' Contention Interrogatories or fully respond to the Contentions. Failing this, Defendants respectfully request that the Court sanction the Plaintiffs and bar them from putting on any evidence at trial relating to the unanswered Contentions.

II. **Plaintiffs Have an Affirmative Duty to Answer Defendants' Joint Contention Interrogatories No. 78-111 dealing with the Parties' Allocable/Equitable Share of the Total Cleanup Costs for the Site**

In their Contention Interrogatory No. 93, Defendants inquire as to whether Plaintiffs contend the following:

> What do Plaintiffs contend is Merit Metals' allocable/equitable share of the Total Cleanup Cost for the Site (expressed in a percentage)?

---

[1] *Josephs v. Harris Corp.*, 677 F.2d 985, 992, C.A.3 (Pa.), 1982.
[2] Id.
[3] *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980).
[4] *Fidelity and Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 520 (E.D. Pa. 1996); see also *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (stating that the onus is on the party objecting to discovery to state the grounds for the objection "with specificity").

> A. What is the factual basis for Plaintiffs' contention as to Merit Metals' allocable/equitable share of the Total Cleanup Cost for the Site?
> B. Set forth the calculation used by Plaintiffs to arrive at their contention as to Merit Metals' allocable/equitable share of the Total Cleanup Cost for the Site.

Similar Contention Interrogatories were propounded relating to the allocable/equitable share of the Total Cleanup Cost for the Site for the following parties: (1) Agere; (2) Cytec; (3) Ford; (4) SPS; (5) TI; (6) AETC; (7) Ashland; (8) Boarhead; (9) Carpenter; (10) Crown; (11) Diaz; (12) Etched; (13) fcg; (14) H&H; (15) Knoll; (16) Novartis; (17) NRM; (18) Plymouth; (19) Quickline; (20) RSM; (21) R&H; (22) Simon; (23) T&B; (24) Unisys; (25) Navy; (26) Haven; (27) Envirotec; (28) Trace; (29) General Ceramics; (30) DeRewal; (31) DCC; and (32) Globe. A copy of Defendants' Joint Contention Interrogatories Nos. 78-111 is attached as Exhibit B.

Defendants have repeatedly asked Plaintiffs about allocable shares and Plaintiffs have continually refused to answer it. In fact, Plaintiffs only response is to refer Defendants to Interrogatory Response No. 78, which merely provides general information spanning the topics of waste quantities, non-settling defendants' wastes hauled by DeRewal Chemical Corporation ("DCC"), settling defendants' waste hauled by DCC and waste allocation, largely by referring the Defendants to documents. It is well settled that the purpose of Contention Interrogatories is to discover a party's factual and legal basis for its claims or defenses. Courts have ruled that "Documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions." U.S. S.E.C. v. Elfindepan, S. F. 206 F.R.D. 574, 576 (M.D.N.C. 2002). Thus, in this case to the extent Contention Interrogatory Response No. 78 refers to documents rather than specifically stating plaintiffs' factual contentions, the response is deficient.

Moreover, this response provides an extremely broad summary of the Plaintiffs' methodology for determining volumes of waste, but it fails to provide a factual basis on which

these percentages were calculated. Furthermore, the sources cited in Interrogatory Response No. 78 do not support the specific percentages relating to the drummed and bulk wastes identified in Exhibits A & B (attached hereto as Exhibit C) of the Plaintiffs' Responses to Defendants' Joint Contention Interrogatories. There is no additional information in the responses on how the information can be utilized to arrive at the particular percentages allocated to each Defendant.

Plaintiffs have an affirmative duty to answer this Interrogatory. The Federal Rules of Civil Procedure state that an evasive or incomplete response will be treated as a failure to respond to the discovery request.[5] Moreover, a number of courts in the Eastern District of Pennsylvania jurisdiction have held that no party has the luxury of answering an interrogatory simply by referring its opponent to another equally unresponsive answer.[6] Since beginning the discovery process, Plaintiffs have continuously refused to state the basis for each of the parties alleged share in this case, including what each of the plaintiffs' fair share is and the fair share of settling parties. Further, Plaintiffs' continued reference to Interrogatory Response No. 78 is improper. The law is well settled that each Plaintiff has the burden to prove that it has paid more than its fair share of costs before it is entitled to recover from any of the Defendants.[7] Thus Defendants are entitled to the legal and factual contentions supporting the non-party and settling parties in this case. Failure to provide this information should result in sanctions being imposed against each of the Plaintiffs. See also motions of other Defendants on the issue.

---

[5] FED. R. CIV. P. 37(a)(3); see also *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 304 (E.D. Pa. 1996).
[6] *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980).
[7] *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1122, C.A.3 (Del.), 1997 (stating that each Plaintiff in this case must necessarily plead and prove, at a minimum, what it paid in settlement and that its payment exceeded its "fair share of the overall liability").

### Carpenter

Many of the same issues apply in the Plaintiffs' responses to Carpenter's individual contention interrogatories, attached hereto as Exhibit D. The following are among the contention interrogatories that Carpenter propounded on Plaintiff, attached hereto as Exhibit E, and still demands full and complete responses:

2. [Do] Plaintiffs contend that Carpenter disposed of drummed waste at the Site?

3. Do Plaintiffs contend that Carpenter's bulk waste was disposed of at the Site?

4. Where on the Site do Plaintiffs contend that Carpenter bulk wastes were disposed?

5. Do Plaintiffs contend that Carpenter's bulk waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 1 of OU-2, Soil Aeration and Treatment of VOC Hot Spots; or Component 2 of OU-2?

   a. If so, state the factual basis for this contention.

6. Do Plaintiffs contend that the total clean up cost of the Site would not have been necessary but for the disposal of Carpenter's waste allegedly disposed of at the Site.

Plaintiffs did not provide any meaningful response to any of Carpenter's interrogatories. For example, in response to Interrogatory No. 1, "do you contend that Carpenter disposed of drummed waste at the Site," the plaintiffs declared that question was vague, unintelligible confusing and ambiguous. Additionally, Plaintiffs assert that to respond will require them to reveal mental impressions or legal theories. Carpenter admits that the word "do" was accidentally omitted from the beginning of the sentence, but Plaintiffs had an obligation of good

faith to answer the question. Other than the baseless "vague, unintelligible and confusing" objection, Plaintiffs also suggest that the interrogatories seek legal theory and opinion. Contention interrogatories are explicitly authorized by Federal Rule of Civil Procedure 33(c), which provides that "[a]n interrogatory otherwise proper is not necessary objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . ." (See Advisory Committee's note to the 1970 amendment to Rule 33 that states that "requests for opinions or contentions that call for the application of law to fact . . . and can be most useful in narrowing or sharpening the issues, which is a major purpose of discovery. Thus, this part of the Plaintiffs' objections is meritless. Plaintiffs then refer Carpenter to the Response to Contention Interrogatory No. 78. We have set forth above the deficiencies in the Response to Contention Interrogatory No 78. Those arguments apply equally to the individual Carpenter Contention Interrogatories.

## Argument

Prevailing Third Circuit case law holds that the "mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."[8] Accordingly, the Plaintiffs "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."[9]

Similarly, with regard to Plaintiffs' objection that Defendants' contention interrogatories are not relevant to the current litigation, prevailing authority states that the opposing party has the burden of specifically showing "how, despite the broad and liberal construction afforded to the federal discovery rules, each interrogatory is not relevant or how each question is overly

---

[8] *Josephs*, 677 F.2d at 992.
[9] Id.

broad, burdensome or oppressive."[10] Suffice it to say, the Plaintiffs have the burden of persuasion on its objections.[11]

At this juncture, Plaintiffs have two viable courses of action. Plaintiffs can either provide further information as to their rationale in not answering Defendants' contention interrogatories or Plaintiffs can fully respond to the interrogatories.

As stated above, Interrogatory Response No. 78, which merely provides general information spanning the topics of waste quantities, non-settling defendants' wastes hauled by DeRewal Chemical Corporation ("DCC"), settling defendants' waste hauled by DCC and waste allocation is equally deficient. This response provides an extremely broad summary of the Plaintiffs' methodology for determining volumes of waste by the Plaintiffs and Non-Settling Defendants, but it fails to provide a factual basis on which these percentages were calculated.

Moreover, prevailing case law has held that the mere citation of documents that tangentially relate to a party's assertions do not constitute sufficient responses to interrogatories.[12] In the instant case, Plaintiffs list *several* documents in which they base their assertions upon.[13] Plaintiffs have the burden of demonstrating that a review of the documents will actually reveal answers to the interrogatories.[14] Without further explanation or analysis, such responses shall be regarded as insufficient and warrant further supplementation by Plaintiffs.

---

[10] *Roesberg*, 85 F.R.D. 292 at 296.
[11] *Fidelity and Deposit Co. of Maryland*, 168 F.R.D. at 520; see also *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (stating that the onus is on the party objecting to discovery to state the grounds for the objection "with specificity").
[12] *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D. N.C. 2002) (stating that the producing party must show that the named documents contain all of the information requested by the interrogatories).
[13] Plaintiffs list several documents including, but not limited to: (i) 12/20/1973 purchase order; (ii) various analysis requests; (iii) handwritten notes; (iv) 7/17/1969 memorandum; (v) various charts; and (vi) selected sections of deposition transcripts from selected witnesses.
[14] Id.

Furthermore, the sources cited in the Interrogatory Response No. 78 response do not support the specific percentages relating to the drummed and bulk wastes identified in Exhibits A & B (see attached Exhibit C), of the Plaintiffs' Responses to Defendants' Joint Contention Interrogatories and there is no additional information in the responses how the information can be utilized to arrive at the particular percentages allocated to Carpenter. In fact, Plaintiffs have long asserted that the factual basis for their liability contentions is supported by evidence of disposed waste that has been calculated to the *gallon and drum.* Indeed, such weighty assertions must be supported by factual and legal evidence and Plaintiff has a duty to disclose such materials and supporting documentation.

Plaintiff has an affirmative duty to answer this interrogatory. The Federal Rules of Civil Procedure state that an evasive or incomplete response will be treated as a failure to respond to the discovery request.[15] Moreover, a number of courts in the Eastern District of Pennsylvania jurisdiction have held that no party has the luxury of answering an interrogatory simply by referring its opponent to another equally unresponsive answer.[16] Carpenter requests an order

---

[15] FED. R. CIV. P. 37(a)(3). See also *Hansel*, 169 F.R.D. at 304.
[16] *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980).

requiring Plaintiffs to answer questions 2, 3, 4, 6 and 7, as quoted above, and giving particular detail as to the volumes of Carpenter's bulk waste that allegedly was disposed at the Site.

Respectfully Submitted,

Date: June 1, 2007                    /s/ _____
                                      Lynn Wright
                                      Ayana Harvey
                                      Attorneys for Defendant
                                      Carpenter Technology Corporation
                                      Edwards Angell Palmer & Dodge. LLP
                                      51 John F Kennedy Parkway
                                      Short Hills New Jersey
                                      973.376.7700 (T)
                                      973.376.3380 (F)
                                      lwright@eapdlaw.com