**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 02-CV-3830 (LDD)<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANT CARPENTER TECHNOLOGY CORPORATION'S CONTENTION INTERROGATORIES** |

  Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems, LLC ("Plaintiffs"), by their undersigned attorneys, object and respond to the contention interrogatories of Carpenter Technology Corporation ("Defendant") as follows:

### GENERAL STATEMENTS AND OBJECTIONS

  Plaintiffs hereby incorporate by reference, as if fully set forth herein, the General Statements and Objections contained in Plaintiffs' Responses to the joint contention interrogatories of Advanced Environmental Technology Corporation ("AETC"), Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company (collectively, "Defendants").

### INTERROGATORIES AND RESPONSES

  Subject to and without waiving the foregoing General Objections, Plaintiffs make the following responses to the contention interrogatories of Defendant:

1. Carpenter incorporates by reference as if fully set forth herein the Defendants' Joint Contention Interrogatories to Plaintiffs and any Contention Interrogatories served by individual defendants.

**ANSWER:** Plaintiffs incorporate by reference as if fully set forth herein their responses to Defendants' Joint Contention Interrogatories to Plaintiffs as well as any individual Defendant's Interrogatories to P laintiffs.

2. Plaintiffs contend that Carpenter disposed of drummed waste at the Site?

**ANSWER:** Plaintiffs object to this Interrogatory because it is unintelligible, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

3. Do Plaintiffs contend that Carpenter's bulk waste was disposed of at the Site?

**ANSWER:** See Plaintiffs' response to Interrogatory No. 2.

4. Where on the Site do Plaintiffs contend that Carpenter bulk wastes were disposed?

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any

other applicable privilege. By way of further answer, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning whether any wastes generated by Defendant were disposed of in a particular area(s) or location(s) at the site.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

5. Do Plaintiffs contend that any of Carpenter's bulk waste was alleged to be disposed of at the Site was disposed prior to June 12, 1973 or after May 3, 1974. If so, state the basis why and identify all documents and witnesses that support this contention.

**ANSWER:** See Plaintiffs' response to Interrogatory No. 1.

6. Do Plaintiffs contend that Carpenter's bulk waste alleged to have been disposed of at the Site contributed to the need for Remedy Component 1 of OU-2, Soil Aeration and Treatment of VOC Hot Spots; or Component 2 of OU-2?

a. If so, state the factual basis for this contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

7.   Do Plaintiffs contend that the total clean up cost of the Site would not have been necessary but for the disposal of Carpenter's waste allegedly disposed of at the Site?

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. Plaintiffs further object to the Defendants' definition of "Total Cleanup Cost" because it is overly broad, vague, ambiguous, unduly burdensome and not limited in time.

Without waiving any such objections, Plaintiffs will ask the Court at trial to conclude that all wastes disposed of at the Site contributed in some manner to the environmental conditions that led to the response activities taken by EPA and by Plaintiffs. By way of further answer, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

8.   Do Plaintiffs contend that groundwater data from the Site supports the contention that acid wastes allegedly disposed of on the Site could have affected metal transport in the areas of the Site down gradient of the disposal source area?

  a.   all facts upon which Plaintiff relies in support of such contention;

  b.   the identity of all documents upon which Plaintiff relies in support of such contention.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is unintelligible, vague, confusing and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks

the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "facts" is overbroad and unduly burdensome.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law concerning whether "groundwater data from the Site supports the contention that acid wastes allegedly disposed of on the Site could have affected metal transport in the areas of the Site down gradient of the disposal source area." By way of further response, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 02-CV-3830 (LDD) |

## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of Plaintiffs' Responses To Contention Interrogatories of Carpenter Technology Corporation by electronic mail and first-class postage prepaid United States mail, on the counsel listed on the service list.

　　　　　　　　　　　　　　　　　　　/s/ Amy M. Trojecki
　　　　　　　　　　　　　　　　　　　Amy M. Trojecki

Dated: 4/17/07

## VERIFICATION

Jocelyn T. de Grandpre, being duly sworn, deposes and says that she is an authorized agent of Agere Systems Inc., and that she verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Carpenter Technology, Inc., for and on behalf of Agere Systems Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Agere Systems Inc.; and deponent is informed that the facts stated therein are true.

Dated: April 13, 2007                                   *[signature: Jocelyn T de Grandpre]*

## VERIFICATION

Thomas E. Mesevage, being duly sworn, deposes and says that he is an authorized agent of Cytec Industries Inc. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Carpenter Technology Corporation, for and on behalf of Cytec Industries Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cytec Industries Inc. and deponent is informed that the facts stated therein are true.

Dated: April 16, 2007          Signature: _____
                                          Thomas E. Mesevage
                                          Safety, Health and Environmental Counsel
                                          Cytec Industries Inc.
                                          5 Garret Mountain Plaza
                                          West Paterson, NJ 07424

## VERIFICATION

Timothy M. Guerriero, being duly sworn, deposes and says that he is an authorized agent of TI Group Automotive Systems, L.L.C. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Carpenter Technology Corporation, for and on behalf of TI Group Automotive Systems, L.L.C.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of TI Group Automotive Systems, L.L.C.; and deponent is informed that the facts stated therein are true.

Dated: April 12, 2007

_____
Timothy M. Guerriero, Secretary

## VERIFICATION

___Tom Cross___, being duly sworn, deposes and says that he is an authorized agent of SPS Technologies, LLC and that he verifies the foregoing responses and objections to the Interrogatories to the Plaintiffs from Carpenter Technology Corporation, for and on behalf of SPS Technologies, LLC; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of SPS Technologies, LLC and deponent is informed that the facts stated therein are true.

Dated: 12 April 2007           _Thomas S. Cross_

## VERIFICATION

  <u>    Kathryn Lamping  </u>, being duly sworn, deposes and says that he is an authorized agent of Ford Motor Company, and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Carpenter Technology Corporation, for and on behalf of Ford Motor Company; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Ford Motor Company and deponent is informed that the facts stated therein are true.

Dated:                        _____
                              Kathryn S. Lamping
                              Assistant Secretary