IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 02-3830 (LDD)<br><br><br>**DECLARATION OF LAURIE J. SANDS, ESQ. IN SUPPORT OF AETC'S MOTION FOR AN ORDER DECLARING EQUITABLE ALLOCATION OF THE <u>DIAZ CHEMICAL "ORPHAN SHARE"</u>** |

I, LAURIE J. SANDS, pursuant to 28 U.S.C. 1746, hereby declares as follows:

1. I am an attorney-at-law of the State of New Jersey and Counsel with the firm of Wolff & Samson, attorneys for Defendant Advanced Environmental Technology Corp. ("AETC") in this matter. I am admitted <u>pro</u> <u>hac</u> <u>vice</u> in the above-captioned matter on behalf of AETC. I submit this declaration in support of AETC's motion seeking an Order for the equitable allocation among all Plaintiffs and Defendants of the Diaz Chemical "orphan share" since the Plaintiffs have taken the position that AETC is solely liable for the Diaz Chemical share in the equitable allocation bench trial that will occur in this action.

2. A true and accurate copy of the July 25, 2005 Fourth Amended Complaint, is annexed hereto as Exhibit 1.

3. A true and accurate copy of Plaintiffs' September 14, 2004 Objections and Responses to AETC's Initial Interrogatories are annexed hereto as Exhibit 2.

1052303.1

4. A true and accurate copy of Plaintiffs' June 29, 2006 expert report of Raymond Dovell regarding "Asset Searches" is annexed hereto as Exhibit 3.

5. A true and accurate copy of Plaintiff's April 17, 2007 Objections and Responses to AETC's Contention Interrogatories are annexed hereto as Exhibit 4.

6. A true and accurate copy of EPA's June 4, 1996 Fact Sheet: Orphan Share Reform, is annexed hereto as Exhibit 5.

7. A true and accurate copy of EPA's January 2001 "Orphan Share Superfund Reform Questions and Answers", is annexed hereto as Exhibit 6.

8. During the 2004 mediation held in the within action, Plaintiffs took the position that AETC was solely responsible for the Diaz share of liability in this action since AETC brokered the disposal of Diaz's waste. Plaintiffs have maintained that position in their 2007 Contention Interrogatories. (Exhibit 4 hereto at p. 2.) After the status conference held with this Court on April 24, 2007, counsel for Plaintiffs and AETC conferred regarding Plaintiff's answers to AETC's Contention Interrogatories. Counsel agreed there was no dispute over the fact that Diaz Chemical was defunct and assetless but there was a dispute over legal effect of that fact.

9. A true and accurate copy of <u>Caldwell Trucking PRP Group v. Spaulding Composites Company, Inc.</u>, 1996 WL 608490 (D.N.J. April 22, 1996), is annexed hereto as Exhibit 7.

10. A true and accurate copy of <u>United States v. Atlas Minerals and Chemicals, Inc.</u>, 1995 WL 510304 (E.D. Pa. 1995), is annexed hereto as Exhibit 8.

I declare under penalty of perjury that the foregoing is true and correct.

      /s/ Laurie J. Sands
      LAURIE J. SANDS

Executed on July 12, 2007

1052303.1

1052303.1