**EXHIBIT M**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC
and TI GROUP AUTOMOTIVE
SYSTEMS, LLC

                Plaintiffs,

v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

                Defendants.

Civil Action No. 02-CV-3830 (LDD)

**PLAINTIFFS' RESPONSES TO
DEFENDANT HANDY & HARMAN
TUBE COMPANY, INC.'S CONTENTION
INTERROGATORIES**

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS

Technologies, LLC and TI Group Automotive Systems, LLC ("Plaintiffs"), by their undersigned

attorneys, object and respond to the contention interrogatories of Handy & Harman Tube

Company, Inc. ("Defendant") as follows:

### GENERAL STATEMENTS AND OBJECTIONS

Plaintiffs hereby incorporate by reference, as if fully set forth herein, the General

Statements and Objections contained in Plaintiffs' Responses to the joint contention

interrogatories of Advanced Environmental Technology Corporation ("AETC"), Ashland, Inc.,

Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM

Investment Company (collectively, "Defendants").

### INTERROGATORIES AND RESPONSES

Subject to and without waiving the foregoing General Objections, Plaintiffs make

the following responses to the contention interrogatories of Defendant:

1.    Do Plaintiffs contend that the "industrial waste solution" discussed by Dr. Kirk Brown during his deposition *(see e.g.* pp. 100-101; 107-108) and referred to in the DeRewal Chemical Company invoice dated February 1973 is a hazardous substance as that term is defined in CERCLA §101(14), 42 U.S.C. §9601(14)?

A.    If so, what is the factual basis for Plaintiffs' contention that the "industrial waste solution", discussed by Dr. Kirk Brown during his deposition *(see e.g.* pp. 100-101; 107-108) and referred to in the DeRewal Chemical Company invoice dated February 1973 is a hazardous substance as that term is defined in CERCLA §101(14), 42 U.S.C. §9601(14)?

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is vague, confusing and ambiguous. Plaintiffs further object to Defendant's statement that the "industrial waste solution" referenced in the DCC invoice dated February 1973 is identical to the substance(s) discussed by Dr. Brown in the cited pages of his deposition. Plaintiffs further object to this Interrogatory to the extent that it seeks the discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. By way of further objection, Defendant's definition of "factual basis" is overbroad and unduly burdensome.

Without waiving any such objections, see Plaintiffs' response to Interrogatory No. 78 of the Defendants' Joint Contention Interrogatories to Plaintiffs.

2.    Do Plaintiffs contend that the "industrial waste solution" discussed by Dr. Kirk Brown during his deposition *(see e.g.* pp. 100-101; 107-108) and referred to in the DeRewal Chemical Company invoice dated February 1973 is a hazardous substance as that term is defined in the Pennsylvania Hazardous Sites Cleanup Act, §6020.103?

A.    If so, what is the factual basis for Plaintiffs' contention that the "industrial waste solution" discussed by Dr. Kirk Brown during his deposition *(see e.g.* pp. 100-101; 107-108) and referred to in the DeRewal Chemical Company invoice dated February 1973 is a hazardous substance as that term is defined in the Pennsylvania Hazardous Sites Cleanup Act, §6020.103?

**ANSWER:** See Plaintiffs' Response to Interrogatory No. 1.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC | : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : |
| Defendants. | : |

Civil Action No. 02-CV-3830 (LDD)

### CERTIFICATE OF SERVICE

I certify that on this day I served a copy of Plaintiffs' Responses To Contention Interrogatories of Handy & Harman Tube Company, Inc. by electronic mail and first-class postage prepaid United States mail, on the counsel listed on the service list.

_____
Amy M. Trojecki

Dated: 4/17/07

## VERIFICATION

Jocelyn T. de Grandpre, being duly sworn, deposes and says that she is an authorized agent of Agere Systems, Inc., and that she verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Handy & Harman Tube Company, for and on behalf of Agere Systems, Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Agere Systems, Inc.; and deponent is informed that the facts stated therein are true.

Dated:  April 13, 2007

## VERIFICATION

Thomas E. Mesevage, being duly sworn, deposes and says that he is an authorized agent of Cytec Industries Inc. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Handy & Harman Tube Company, Inc., for and on behalf of Cytec Industries Inc.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cytec Industries Inc. and deponent is informed that the facts stated therein are true.

Dated: <u>April 16, 2007</u>          Signature: _____

                                       Thomas E. Mesevage
                                       Safety, Health and Environmental Counsel
                                       Cytec Industries Inc.
                                       5 Garret Mountain Plaza
                                       West Paterson, NJ 07424

## VERIFICATION

Timothy M. Guerriero, being duly sworn, deposes and says that he is an authorized agent of TI Group Automotive Systems, L.L.C. and that he verifies the foregoing responses and objections to Interrogatories to the Plaintiffs from Handy & Harman Tube Company, Inc., for and on behalf of TI Group Automotive Systems, L.L.C.; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of TI Group Automotive Systems, L.L.C.; and deponent is informed that the facts stated therein are true.

Dated:  April 12, 2007

_____
Timothy M. Guerriero, Secretary

## VERIFICATION

Tom Cross _____, being duly sworn, deposes and says that he is an
authorized agent of SPS Technologies, LLC and that he verifies the foregoing responses and
objections to the Interrogatories to the Plaintiffs from Handy & Harman Tube Company, Inc., for
and on behalf of SPS Technologies, LLC; that the matters stated therein are not within the
personal knowledge of deponent; that the facts stated therein have been assembled by authorized
employees and counsel of SPS Technologies, LLC and deponent is informed that the facts stated
therein are true.

Dated: 12 April 2007

Thomas S. Cross
Vice President

## VERIFICATION

_____Kathryn Lamping_____, being duly sworn, deposes and says that he is an

authorized agent of Ford Motor Company, and that he verifies the foregoing responses and

objections to Interrogatories to the Plaintiffs from Handy & Harman Tube Company, Inc., for

and on behalf of Ford Motor Company; that the matters stated therein are not within the personal

knowledge of deponent; that the facts stated therein have been assembled by authorized

employees and counsel of Ford Motor Company and deponent is informed that the facts stated

therein are true.


Dated:                                              _____

                                                    Kathryn S. Lamping
                                                    Assistant Secretary

# EXHIBIT N

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000 · SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

AMY M. TROJECKI
DIRECT DIAL: (856) 761-3414
PERSONAL FAX: (856) 761-9014
E-MAIL: TROJECKIA@BALLARDSPAHR.COM

May 7, 2007

## Via E-Mail and U.S. Mail

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart
& Olstein, P.C.
5 Becker Farm Road
Roseland, NJ 07068-1739

> Re:  Agere Systems, Inc., et al. v. Advanced Environmental Technology Corp.,
> et al.;
> Civil Action No. 02-CV-3830 (LDD)

Dear Melissa:

This letter is in response to your April 30, 2007 letter with respect to Plaintiff's responses to Handy & Harman's contention interrogatories to Plaintiffs. Plaintiffs refer Handy & Harman to their May 7, 2007 letter in response to Defendants' April 30, 2007 deficiency letter concerning the joint contention interrogatories, especially to the "Scope of Discovery" section. The following addresses your concerns with the Interrogatories as set out in April 30, 2007 letter:

### Interrogatories 1 and 2

These interrogatories ask whether Plaintiffs contend that the "industrial waste solution" discussed by Dr. Brown during his deposition and referred to in the February 1973 DCC invoice is a hazardous substance under CERCLA and HSCA. Plaintiffs objected to these interrogatories to the extent that Handy & Harman attempted to use it expert's deposition testimony to characterize Plaintiffs' contentions. Plaintiffs may state their contentions in language of their choosing, not in language dictated by Handy & Harman.

DMEAST #9782113 v1

Melissa Flax, Esquire
May 7, 2007
Page 2

      Nonetheless, Plaintiffs responded to these interrogatories by referring Handy &
Harman's to their response to Interrogatory No. 78 of the Defendants' joint contention
interrogatories. This response provides that Plaintiffs will contend that 5,899 gallons of
hazardous wastes from Handy & Harman were disposed of at the Site and the bases for this
contention. The February 1973 DCC invoice, which references "industrial waste solution," is
included among the list of the documents that Plaintiffs will rely upon to prove this contention.
Therefore, it is clear and Handy & Harman has known for quite some time that Plaintiffs have
included the amounts of "industrial waste solution" referenced in the February 1973 invoice
among the total volume of Handy & Harman hazardous substances that Plaintiffs contend was
disposed of at the Site. Plaintiffs' bases for this contention are included in its response to
Interrogatory No. 78 of the Defendants' joint contention interrogatories.

      Plaintiffs withdraw all references to deposition testimony of Messrs. Crawford
and McElya in its response to the Defendants' joint contention interrogatories.

              Very truly yours,

              *Amy M. Trojecki*

              Amy M. Trojecki

cc:    Counsel on Attached Service List
AMT/cdg

# EXHIBIT O

# ORIGINAL TRANSCRIPT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES, INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC,
and TI GROUP AUTOMOTIVE
SYSTEMS, LLC
    Plaintiffs

                              CIVIL ACTION NO.
    V                         02-CV-3830 (LDD)

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, ET AL.
          Defendants

        Oral deposition of JURGEN H. EXNER, Ph.D., taken at the law offices of Ballard Spahr Andrews & Ingersoll, LLP, 1735 Market Street, 42nd Floor, Philadelphia, Pennsylvania, on Tuesday, January 9, 2007, at 10:07 a.m., before Jennifer Bermudez, a Registered Professional Reporter, and Notary Public, pursuant to notice.



## James DeCrescenzo Reporting, LLC

215.564.3905
PHONE

INNOVATING LITIGATION
1880 JFK Blvd., 6th Floor • Philadelphia, PA 19103
www.jdreporting.com

215.751.0581
FAX

DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    A P P E A R A N C E S :

2    BALLARD SPAHR ANDREWS & INGERSOLL,
     LLP
3        GLENN A. HARRIS, ESQUIRE
         harrisg@ballardspahr.com
4        Plaza 1000 - Suite 500
         Main Street
5        Voorhees, New Jersey 08043-4636
         856-761-3440
6        Attorney for Plaintiffs

7

8    WOLFF & SAMSON, P.C.
         THOMAS W. SABINO, ESQUIRE
         tsabino@wolffsamson.com
9        The Offices at Crystal Lake
         One Boland Drive
10       West Orange, New Jersey 07052
         973-530-2044
11       Attorney for AETC

12

13   PHELAN, PETTIT & BIEDRZYCKI
         JEFFREY L. PETTIT, ESQUIRE
         jpettit@pp-b.com
14       RICHARD C. BIEDRZYCKI, ESQUIRE
         rbiedrzycki@pp-b.com
15       121 S. Broad Street
         Suite 1600
16       Philadelphia, Pennsylvania 19107
         215-546-0500
17       Attorneys for Ashland, Inc.

18

19   EDWARDS ANGELL PALMER & DODGE, LLP
         LYNN WRIGHT, ESQUIRE
         lwright@eapdlaw.com
20       750 Lexington Avenue
         New York, New York 10022
21       212-308-4411
         Attorney for Carpenter Technology
22       Corp.

23

24



DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1   APPEARANCES (CONT'D):

2   CARELLA, BYRNE, BAIN, GILFILLAN,
    CECCHI, STEWART & OLSTEIN
3       MELISSA E. FLAX, ESQUIRE
        mflax@carellabyrne.com
4       5 Becker Farm Road
        Roseland, New Jersey 07068-1739
5       973-994-1700
        Attorney for Handy & Harman Tube
6       Company

7

    HINMAN, HOWARD & KATTELL, LLP
8       RALPH K. KESSLER, ESQUIRE
        rkessler@hhk.com
9       106 Corporate Park Drive
        Suite 317
10      White Plains, New York 10604
        914-694-4102
11      Attorney for TI Automotive

12

    DUANE MORRIS, LLP
13      SETH v.d.H. COOLEY, ESQUIRE
        scooley@duanemorris.com
14      30 S. 17th Street
        Philadelphia, Pennsylvania 19103
15      215-979-1000
        Attorney for Flexible Circuits
16

17

    LAW OFFICE OF EDWARD FACKENTHAL
18      EDWARD FACKENTHAL, ESQUIRE
        edwardfackenthal@cs.com
19      One Montgomery Plaza
        Suite 209
20      Norristown, Pennsylvania 19401
        610-279-3370
21      Attorney for NRM Investment Co

22

23

24



**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

215.564.3905                                          FAX 215.751.0581



DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1       Q.    With respect to the wastes

2   generated by the Handy & Harman

3   facility, did you form an opinion as

4   to whether or not the wastes

5   generated from the Handy & Harman

6   facility was transported to and

7   disposed of at the Boarhead Farms

8   site?

9       A.    No.

10      Q.    In connection with your

11  assignment for plaintiffs in this

12  matter, were you asked to form an

13  opinion as to the contribution of

14  contamination at the Boarhead Farms

15  site attributed to Handy & Harman?

16      A.    No.

17      Q.    Other than restating the

18  facts as compiled from the various

19  documents that you reviewed, what

20  part of your training or experience

21  assisted you in the preparation of

22  the portion of Exner 1 relating to

23  Handy & Harman?

24      A.    My general experience in



**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
1880 JFK Blvd., 6ᵗʰ Floor, Philadelphia, PA 19103
www.JDReporting.com

215.564.3905                              FAX  215.751.0581

DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1   quantities of the rinsates would be

2   generally much larger than the

3   quantities of the pickling liquors,

4   all of which had to be disposed of.

5   BY MS. FLAX:

6       Q.    But in order to determine

7   the volume of the pickling liquor or

8   the rinsates, wouldn't you need to

9   know the volume of manufacturing

10  operations?

11      A.    Yes.

12      Q.    Do you have any information

13  regarding the volume of Handy &

14  Harman's operations?

15      A.    No.

16      Q.    In connection with the

17  portion of Exner 1 relating to Handy

18  & Harman, how has your professional

19  experience in process development

20  assisted you?

21      A.    I have actually operated

22  chemical processes and have seen how

23  operators deal with certain

24  situations involving waste



**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

215.564.3905                                    FAX 215.751.0581

DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    knowledge, no.

2        Q.    Have you ever worked with

3    Western Electric prior to this

4    litigation?

5        A.    No.

6        Q.    Have you ever worked with

7    Lucent prior to this litigation?

8        A.    No.

9        Q.    Have you ever worked with

10   Ford Motor Company or any of its

11   affiliates before this litigation?

12       A.    No.

13            (Exner Exhibit 8 was marked

14   for identification.)

15   BY MS. FLAX:

16       Q.    Dr. Exner, I'm going to

17   show you Exner 8, and I'm just going

18   to ask you to read into the record

19   your handwritten notes, because I

20   don't want to guess what they say,

21   regarding it looks like Brown - Handy

22   & Harman.

23            Can you do that for me?

24       A.    It says, "Brown - Handy &




DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    Harman states what other companies

2    produced, 20 drums industrial waste,

3    nonhazardous, chromium, nickel, TCE,

4    manganese.   Agreement - Carpenter.

5    Merit - arsenic, leads, zinc, PCE in

6    soil."

7        Q.    And in the margin?

8        A.    "Okay supports."

9        Q.    Do you know what you meant

10   by "okay supports," if they are

11   supposed to be read together?

12       A.    Yes.   I had skimmed the

13   report by Brown that we talked about

14   earlier, the defendant's report, and

15   basically concluded that there was

16   nothing in there that changed my

17   opinion.

18           MS. FLAX:   I would like to

19   check my notes, but other than the

20   one pending question that I need

21   Dr. Exner to look at --

22           MR. HARRIS:   Do you need

23   him to look through the second

24   report?

DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    I'm going to be asking you some

2    questions, and my partner, Richard

3    Biedrzycki, may have some to follow

4    up.

5         The first question that I

6    have for you is, are all the opinions

7    that you expect to give in this case

8    expressed in the report that's been

9    identified today?

10        A.    Yes.

11        Q.    And I want to ask you a

12   question about one of the previous

13   exhibits, Exner 6, which was an

14   e-mail to Mr. Harris, if you have

15   that.

16        On the first page,

17   actually, the first sentence, it

18   says, "Need to revise Ashland."

19   Could you explain what you meant by

20   that?

21        A.    Yes, I see that.  In my

22   initial work on the Ashland waste I

23   had done very little on waste

24   resulting from dyes because there was



**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

215.564.3905                    FAX  215.751.0581

DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    or rigid?

2         A.     Right.

3         Q.     And in your experience with

4    the fields of hazardous waste

5    management and hazardous waste site

6    investigation and remediation, have

7    you been involved in a case or with a

8    site where flexible or rigid

9    electronic circuits were in some way

10   involved?

11        A.     No.

12        Q.     Now, in Section 2 of your

13   report, also on the first page, you

14   will see in the very first paragraph

15   under the heading No. 2, Statement

16   and Basis of Opinions, you have a

17   second sentence that describes your

18   use of information and experience to

19   estimate the approximate composition

20   of waste streams.

21             And I want to focus your

22   attention on the word "estimate" and

23   on the word "approximate."

24             Is it the case that you

**JDR**

**James DeCrescenzo Reporting**, LLC

215.564.3905
InnovatingLitigation
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com
FAX 215.751.0581

DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    were asked by plaintiffs' counsel in

2    this matter to estimate the

3    composition of waste streams?

4         A.    I was asked to tell them

5    what kinds of wastes were likely to

6    have been produced by specific

7    operations at different companies.

8              That's basically my writing

9    to say that I estimated the

10   composition that might be expected

11   based on the information that's

12   available in the absence of specific

13   analytical work.

14        Q.    And the answer you just

15   gave may cover this next question, so

16   I apologize if I'm being redundant,

17   but were you asked to provide

18   opinions as to approximate

19   compositions of waste streams?

20        A.    I don't think so.  I was

21   just asked to tell them what kinds of

22   wastes would have been produced.

23        Q.    Okay.  And the answer you

24   gave one answer ago, was that your



DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    Company back in its prior form was

2    National Rolling Mills. This was the

3    NRM matter that you were dealing with

4    in your report.

5            I want to begin by finding

6    out what particularly you were

7    employed to do as far as my client

8    was concerned.

9            I'm looking at Page 1 of

10   your report in Paragraph 2, and I

11   will ask you if that includes the

12   entire scope of why you were employed

13   to write a report which included

14   NRM?

15       A.    To review documents that

16   were provided and to make an

17   assessment as to the types of wastes

18   that would have been produced.

19       Q.    When you were testifying to

20   Mr. Cooley, you used the expression

21   the kinds or composition of wastes.

22   Does that pretty much summarize what

23   you were employed to do for NRM?

24       A.    Yes.

DEPOSITION OF JURGEN H. EXNER, Ph.D., 1/9/07

1    Q.    Were you employed to do

2    anything else for NRM?

3    A.    No.  It was the same thing

4    for all of these.

5    Q.    The reason I ask that, I

6    noticed that in your report, and I

7    think NRM is treated on Pages 7 and

8    8, and in particular at the top of

9    Page 8, that you get into the subject

10   of volume as opposed to kind or

11   composition.

12        I was wondering why you did

13   that.  Do you see where I'm referring

14   to, the first incomplete paragraph on

15   the top of Page 8, the last three

16   lines there?

17   A.    When it was specifically

18   mentioned by somebody, I would pick

19   up volume.

20   Q.    Did you do that with

21   respect to all of the factories that

22   you reviewed or just NRM?

23   A.    I think when there was

24   specific information, I did.

**JDR**

**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

215.564.3905                    FAX  215.751.0581

CERTIFICATION

I, JENNIFER L. BERMUDEZ, a Court Reporter in and for the Commonwealth of Pennsylvania, hereby certify that the foregoing is a true and accurate transcript of the deposition of said witness who was first duly sworn by me on the date and place hereinbefore set forth.

I FURTHER CERTIFY that I am neither attorney nor counsel for, nor related to or employed by, any of the parties to the action in which this deposition was taken, and further that I am not a relative or employee of any attorney or counsel employed in this action, nor am I financially interested in this case.

_____
JENNIFER L. BERMUDEZ
Court Reporter and Notary Public

James DeCrescenzo Reporting, LLC

215.564.3905    InnovatingLitigation    FAX 215.751.0581
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

**EXHIBIT P**

Carpenter

HCl

$pH =$
$- \log [H^+]$

$N = \frac{M}{2}$

Mink — metals are diluted; acid is neutralized
metals can be mobilized by other acids
+ ammonia

Ashland — Short
$CrO_4^-$ — chromic acid
↳ less mobile in acid?
may not have localized; may get channeling

— $NO_2$ Ph CH &
as complex
agents

Freeze — Flexible + Etched C
p 11 assumptions + misrepresentative
22 plated Ni — did not — Stolzheimer
wave soldering — " "    Ni in tanker
23    proc. in 1983 —    discharge 1972
1971 pH 3,4/ no ref. — Buck & Expert
1990

volume of waste — every 2 weeks
ignored discharges
Cr 66 mg/L in 1979 —
< 0.01 — 0.46  3 analyses in 72 — 76 periods
conc. + dil were being disposed of + recycle
55 gal/mo TCE
$H_2SO_4$, Sn, Pb — no ref.

is there
a difference

processes
did not
change (check

Brown — Handy + Harmon
states what other cos. produced

TCE  20 drums ind. waste (non-haz)
Cr, Ni, TCE, Mn
agreement — Carpenter
Merit — As, Pb, Zn, PCE in soil

ok
supports

Exner
EXHIBIT NO. 8
TB 1-9-07

# EXHIBIT Q

# ORIGINAL TRANSCRIPT

**VOLUME I**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES, INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES LLC
and TI GROUP AUTOMOTIVE SYSTEMS
LLC
     Plaintiffs

  V                   CIVIL ACTION
                       NO.02-CV-3830 (LDD)

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, ET AL.
    Defendants

        Oral deposition of JAY VANDEVEN, taken at the law offices of Ballard Spahr, Andrews & Ingersoll, LLP, 1735 Market Street, 42nd Floor, Philadelphia, Pennsylvania, on Tuesday, February 13, 2007, at 9:59 a.m. before Jennifer Bermudez, a Registered Professional Reporter, and Notary Public, pursuant to notice.

# JDR

**James DeCrescenzo Reporting, LLC**
INNOVATING LITIGATION
1880 JFK Blvd., 6th Floor • Philadelphia, PA 19103
www.jdreporting.com

215.564.3905
PHONE

215.751.0581
FAX

DEPOSITION OF JAY VANDEVEN, VOLUME I, 2/13/07

```
 1    A P P E A R A N C E S :

 2    BALLARD SPAHR ANDREWS & INGERSOLL,
      LLP
 3        GLENN A. HARRIS, ESQUIRE
          HARRISG@BALLARDSPAHR.COM
 4        Plaza 1000 - Suite 500
          Main Street
 5        Voorhees, New Jersey 08043-4636
          856-761-3440
 6        Attorney for Plaintiffs

 7
      WOLFF & SAMSON, P.C.
 8        THOMAS W. SABINO, ESQUIRE
          tsabino@wolffsamson.com
 9        The Offices at Crystal Lake
          One Boland Drive
10        West Orange, New Jersey 07052
          973-530-2044
11        Attorney For AETC

12
      PHELAN, PETTIT & BIEDRZYCKI
13        JEFFREY L. PETTIT, ESQUIRE
          Jpettit@pp-b.com
14        121 S. Broad Street
          Suite 1600
15        Philadelphia, Pennsylvania 19107
          215-546-0500
16        Attorneys for Ashland, Inc.

17
      EDWARDS ANGELL PALMER & DODGE, LLP
18        LYNN WRIGHT, ESQUIRE
          lwright@eapdlaw.com
19        750 Lexington Avenue
          New York, New York 10022
20        212-308-4411
          Attorney for Carpenter Technology
21        Corp.

22

23

24
```



**James DeCrescenzo Reporting**, LLC

215.564.3905          InnovatingLitigation          FAX 215.751.0581
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

DEPOSITION OF JAY VANDEVEN, VOLUME I, 2/13/07

```
 1   APPEARANCES CONTINUED:

 2   CARELLA, BYRNE, BAIN, GILFILLAN,
     CECCHI, STEWART & OLSTEIN
 3       MELISSA E. FLAX, ESQUIRE
         mflax@carellabyrne.com
 4       5 Becker Farm Road
         Roseland, New Jersey 07068-1739
 5       973-994-1700
         Attorney for Handy & Harman Tube
 6       Company

 7

 8   HINMAN, HOWARD & KATTELL, LLP
         RALPH K. KESSLER, ESQUIRE
 9       rkessler@hhk.com
         106 Corporate Park Drive
10       Suite 317
         White Plains, New York 10604
11       914-694-4102
         Attorney for TI Automotive
12

13   DUANE, MORRIS, LLP
         SETH v.d.H. COOLEY, ESQUIRE
14       scooley@duanemorris.com
         30 S. 17th Street
15       Philadelphia, Pennsylvania 19103
         215-979-1000
16       Attorney for Flexible Circuits

17   LAW OFFICE OF EDWARD FACKENTHAL
         EDWARD FACKENTHAL, ESQUIRE
18       edwardfackenthal@cs.com
         One Montgomery Plaza
19       Suite 209
         Norristown, Pennsylvania 19401
20       610-279-3370
         Attorney for NRM Investment Co.
21

22            EXAMINATION INDEX

23   JAY VANDEVEN
         BY MS. FLAX                        6
24       BY MR. PETTIT                    129
```



**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

215.564.3905

FAX 215.751.0581


DEPOSITION OF JAY VANDEVEN, VOLUME I, 2/13/07

1          A.    Okay.

2          Q.    You have had an opportunity

3     to read Page 53, line 20 through Page

4     55, line 14 of the deposition of

5     Mr. Curran.  Is that correct?

6          A.    Yes.

7          Q.    I am going to represent to

8     you that Mr. Curran was an employee

9     of Handy & Harman Tube Company, just

10    so that you know that when I ask you

11    about Handy & Harman's industrial

12    wastes that's why I'm asking you,

13    because you have now read testimony

14    from Mr. Curran.  Okay?

15         A.    Okay.

16         Q.    Is there anything in

17    Mr. Curran's testimony that suggests

18    that the industrial waste solution

19    that he describes contains any

20    hazardous material?

21              MR. HARRIS:  Hold on a

22    second.  He's not being offered as an

23    expert -- he's not here to give an

24    opinion as to what was in Handy &

DEPOSITION OF JAY VANDEVEN, VOLUME I, 2/13/07

1    Harman's waste, so that's not a

2    proper question.

3              MS. FLAX:  Are you

4    directing him not to answer?

5              MR. HARRIS:  I might.  I'm

6    trying to figure out where you are

7    going with this.  He is not going to

8    offer an opinion in this case as to

9    what was in Handy & Harman's waste.

10   That is not in his report.  He's not

11   here to form new opinions.

12              If you are about to ask him

13   to give an opinion as to what was in

14   Handy & Harman's waste, then that's

15   an improper question.

16              MR. PETTIT:  Glenn, can I

17   just say something, because --

18              MR. HARRIS:  Yes.  I'm not

19   trying to be --

20              MR. PETTIT:  You ought to

21   clarify this, because as Melissa

22   pointed out in her questioning, in

23   rebuttal opinion he adopts

24   Dr. Exner's descriptions of the



**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
215.564.3905                          1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103          FAX  215.751.0581
www.JDReporting.com

DEPOSITION OF JAY VANDEVEN, VOLUME I, 2/13/07

1    record.)

2              MS. FLAX:  I am not asking,

3    Glenn, for him to give an opinion.

4              I was asking whether

5    reviewing Mr. Curran's testimony

6    regarding the industrial waste

7    solution that was generated at the

8    Handy & Harman facility whether based

9    upon that description he considered

10   that waste to be a hazardous waste.

11             MR. HARRIS:  I don't think

12   he had an opinion as to that waste.

13   That's my point.

14             MS. FLAX:  And he is not

15   going to offer an opinion as to --

16             MR. HARRIS:  Other than

17   what he says about the TCE sludge.

18             MS. FLAX:  Other than the

19   degreaser sludge?

20             MR. HARRIS:  Sure.  He is

21   not going to take the stand and say

22   it is my opinion that X, Y and Z is

23   in Handy & Harman's industrial waste

24   sludge.

**JDR**

**James DeCrescenzo Reporting**, LLC
InnovatingLitigation
1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
www.JDReporting.com

215.564.3905                                    FAX 215.751.0581

```
 1                    CERTIFICATION

 2

 3              I,  JENNIFER  L.  BERMUDEZ,  a

 4   Court  Reporter  in  and  for  the  Commonwealth

 5   of  Pennsylvania,  hereby  certify  that  the

 6   foregoing  is  a  true  and  accurate  transcript

 7   of  the  deposition  of  said  witness  who  was

 8   first  duly  sworn  by  me  on  the  date  and

 9   place  hereinbefore  set  forth.

10              I  FURTHER  CERTIFY  that  I  am

11   neither  attorney  nor  counsel  for,  nor  related

12   to  or  employed  by,  any  of  the   parties  to

13   the  action  in  which  this  deposition  was

14   taken,  and  further  that  I  am  not  a  relative

15   or  employee  of  any  attorney  or  counsel

16   employed  in  this  action,  nor  am  I

17   financially  interested  in  this  case.

18

19

20   _____

21   JENNIFER  L.  BERMUDEZ

22   Court  Reporter  and  Notary  Public

23

24
```

**JDR**

**James DeCrescenzo Reporting**, LLC

215.564.3905          Innovating Litigation          FAX  215.751.0581
                1880 JFK Blvd., 6th Floor, Philadelphia, PA 19103
                            www.JDReporting.com