*Exhibit "A"*

Report of
Raymond F. Dovell, CPA
re:

Boarhead Farms Superfund Site
Asset Searches for Manfred T. DeRewal
and Certain Other Parties

Prepared by: _____
Raymond F. Dovell, CPA
Nihill & Riedley, P.C.
The Public Ledger Building, Suite 800
150 Independence Mall West
Philadelphia, PA  19106
June 29, 2006



nihill & riedley
A Professional Corporation

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................ 1

QUALIFICATIONS ............................................................ 2

FINDINGS & CONCLUSIONS ............................................. 3

    1.   Manfred T. DeRewal, Sr. ........................................... 3

    2.   Boarhead Corporation ............................................... 7

    3.   DeRewal Chemical Company, Inc. .............................. 8

    4.   Environmental Chemical Control, Inc. ........................ 8

    5.   Diaz Chemical Corporation ........................................ 8

    6.   Drake Chemical, Inc. ................................................. 10

    7.   Enviratec, Inc. .......................................................... 11

    8.   Globe Disposal Company, Inc. .................................. 11

    9.   Haven Chemical, Inc. and Haven Industries, Inc. ....... 12

    10.  Merit Metal Products Corporation ............................. 12

    11.  Sitkin Smelting & Refining, Inc. ............................... 13

    12.  Trace International, Inc. ............................................. 13

EXHIBITS



## INTRODUCTION

I have been engaged by Ballard Spahr Andrews & Ingersoll, LLP on behalf of the Boarhead Farm Agreement Group to determine whether certain parties associated with the Boarhead Farms Superfund Site have any identifiable assets which would enable them to participate financially with the cleanup of the site. Counsel identified the parties as follows:

- Manfred T. DeRewal, Sr. and certain of his businesses: Boarhead Corporation; DeRewal Chemical Company, Inc.; and Environmental Chemical Control, Inc.;
- Diaz Chemical Corporation;
- Drake Chemicals, Inc.;
- Enviratec, Inc.;
- Globe Disposal Co., Inc.;
- Haven Industries, Inc. and Haven Chemical, Inc.;
- Merit Metal Products Corporation;
- Sitkin Smelting & Refining, Inc.; and
- Trace International, Inc.

My analysis of these parties was based on documents provided by counsel and computer searches of public records and commercially available data sources. Searches concerning individuals were performed by generating a report from the LexisNexis service which generally covers property ownership, Uniform Commercial Code ("UCC") filings, corporate affiliations, bankruptcies, motor vehicles, merchant vessels, aircrafts, professional licenses, criminal records, and legal actions such as suits, judgments and liens. Regarding the businesses, we reviewed corporate records filed with the respective Secretary of State or Department of State and business summary reports from services such as Dun & Bradstreet which provide self-reported sales data and other business information such as: public filings; UCC filings; corporate officers; credit rating; history and operations of the business; corporate affiliates; number of employees; and facility information including size and ownership. Comprehensive Business Reports were also

File No. 20131
Page 2 of 15

generated using the LexisNexis service which provides similar data.[1] For certain parties, additional investigative procedures were performed as described in more detail later in this report. These additional procedures include manual searches of public records, site visits, internet searches, and analysis of bankruptcy dockets. The documents that I reviewed are listed in **Exhibit 1**.

I have been conducting financial investigations for 19 years and these procedures are commonly employed by investigators conducting asset searches for individuals and businesses. In addition, I have been engaged as a consulting expert at several Superfund sites to conduct Potentially Responsible Party ("PRP") searches and I am also familiar with the manner in which the United States Environmental Protection Agency ("EPA") conducts these searches. The process of generating computer reports from services such as Dun & Bradstreet is a common method to investigate a company's history and operations, identify corporate affiliates and assess whether the business is a solvent PRP.

## QUALIFICATIONS AND COMPENSATION

Nihill & Riedley, P.C. is an accounting firm located in Philadelphia, Pennsylvania. I have been with the firm since 1987 and a shareholder of the firm since 1992. Prior to this, I was an Auditor and then a Special Agent for the U.S. Department of Labor. My responsibilities were to assist prosecutors during their investigation, indictment and sentencing of cases involving financial crimes. I also provided testimony at grand jury proceedings. For the past 19 years, I have been engaged as either a consulting or testifying expert in a wide range of cases involving commercial damages, fraud, and environmental damages. I have been retained as an expert to analyze government claims for past response costs and for oversight costs incurred pursuant to reimbursement provisions of Consent Decrees and Administrative Orders. I also work for groups of potentially responsible parties to either account for or analyze costs that they incur to

---

[1] We retained Keystone Intelligence Network, Inc. to assist with these searches and to conduct other investigative procedures. We directed and supervised the work performed by Keystone. It should be noted that the data sources used for these searches sometimes contain errors. The computer searches are utilized to analyze available information on the subject and to assess the need for further investigation.



nihill & riedley
A Professional Corporation

File No. 20131
Page 3 of 15

cleanup environmental sites. In addition, I have conducted searches to identify PRPs and have performed ability to pay analyses. My commercial litigation experience includes contact disputes, lost profits analysis, shareholder actions, purchase disputes, securities fraud, and professional liability. I have provided expert testimony in state and federal courts, arbitrations and grand jury proceedings. I have been a certified public accountant since 1987 and a certified fraud examiner since 1994. I am also a member of several professional associations. My resume containing my qualifications and testimony by deposition and trial is attached as **Exhibit 2** to this report.

Nihill & Riedley, PC is being compensated for my services at an hourly rate of $195.

## FINDINGS & CONCLUSIONS

I have reviewed the data that was compiled on the parties covered in this report. Based on our investigation, these parties do not have any identifiable assets which are available and would allow them to participate financially in the cleanup of the Boarhead Farms Superfund site. Our findings and conclusions are summarized in the following sections.

1. **Manfred T. Derewal, Sr. ("Derewal")**

   From about 1965 to 1976, DeRewal operated his businesses from three different locations, creating three separate Superfund sites. From 1965 to 1969, DeRewal operated from a facility which is now known as the Revere Chemical Site, a 113 acre parcel in Nockamixon Township, Bucks County, Pennsylvania. The U.S. District Court ordered the facility closed in 1969 and DeRewal left behind drums, waste-filled lagoons and piles of solid wastes. The Revere Chemical Site was placed on the National Priorities List ("NPL") in July 1987 and the remedy to cleanup the site was selected in June 1996. In January 2004, the property was transferred to Nockamixon Township. As the Revere Chemical operations closed in 1969, DeRewal formed two more businesses, Boarhead Corporation and DeRewal Chemical Company, Inc. Boarhead Corporation was formed on September 6, 1969 and purchased the Lonely Cottage Road property in Upper Black Eddy, Bridgeton Township, Bucks County,



nihill & riedley
A Professional Corporation

Pennsylvania on October 16, 1969. The property was placed on the NPL on March 31, 1989 and the remedy to cleanup the site was selected in November 1998. Boarhead Corporation is still the owner of the property which is now known as the Boarhead Farms Superfund site.

While DeRewal operated at the Boarhead property, he also leased the eastern portion of a property located in Kingswood Township, Hunterdon County, New Jersey from about 1970 to 1973. DeRewal Chemical used this site for storage of chemicals and was ordered by the State of New Jersey to conduct a removal action in 1973. According to EPA documents, DeRewal Chemical filed for bankruptcy in 1974. The property was placed on the NPL in 1984 and the remedy was selected for the DeRewal Chemical Superfund site in 1989. The township currently owns most of site and New Jersey's Green Acres Program is purchasing part of the site for conservation. According to DeRewal's testimony, DeRewal Chemical never filed for bankruptcy. However, he testified that the company has no assets and the last time it conducted business was 20 years ago.

In October 1976, DeRewal formed another company, Environmental Chemical Control, Inc. which leased a facility in Philadelphia, Pennsylvania. On March 29, 1977, a Philadelphia police officer saw a tanker truck parked near the Delaware River with the hose leading from the truck to the river. The officer learned that the truck contained 3,000 gallons of sulfuric acid and arrested DeRewal, his son Bruce, his son-in-law and a company driver. The ensuing investigation ended with DeRewal doing 6 months in federal prison for illegally dumping 730,000 gallons of toxic chemicals directly into the Delaware River from the leased Philadelphia facility. (See the Intelligencer article, 11/28/05). DeRewal testified that Environmental Chemical Control conducted the same type of business as DeRewal Chemical, and it leased a facility in the Wissinoming section of Philadelphia for neutralizing nitrating acid and for waste disposal. According to DeRewal, he stopped using the Wissinoming property because they had problems with the local authorities and he had a problem with the EPA. DeRewal testified as follows: *"So I said, no more trucks are going to move. I'm going to go fishing for the rest of my life."*



nihill & riedley
A Professional Corporation

While he was operating his businesses, DeRewal testified that he had homes in Duck Key, Florida and Margate, New Jersey and his boat moved between both homes. After the businesses ceased their operations, DeRewal had property in Costa Rica which reportedly involved a restaurant ("Villas Pacifica") and a deep-sea fishing operation with two boats. According to DeRewal, he took steps to make himself judgment proof.

Our investigation of DeRewal included computer searches, manual searches in the Bucks County Clerks office and certain procedures performed in Costa Rica. Our findings are summarized below.

- DeRewal's address is 1310 Lonely Cottage Road, Upper Black Eddy, Pennsylvania which is currently owned by Boarhead Corporation. Searches of public records and commercially available data sources revealed the following:

  - DeRewal does not own any real property nor does he have any motor vehicles, boats or aircraft registered in his name.

  - DeRewal's name is not affiliated with any active corporations. There were also no UCC filings or bankruptcy filings found for DeRewal.

- DeRewal had a previous, non-verified address of 110 Main Street, Bristol, Pennsylvania. Our investigation indicates that this property is owned by Steven and Diane Baum and is used as a marina. The Baums have two businesses, D&S Boat Sales, Inc. and Baum's Cove Marina, Inc. There was no connection found between DeRewal and these businesses.

- There were three phone numbers listed for the Lonely Cottage Road address. DeRewal had one phone number and the other two numbers were for International Technology, the contractor conducting the cleanup at the Boarhead Farms site and Crown Network Systems. There were several telephone listings for Crown Network in the Philadelphia area. Our investigator visited two of the locations and found signs for a "Crown Castle International." According to this company's website, Crown Castle is a leading independent owner of shared wireless



nihill & riedley
A Professional Corporation

File No. 20131
Page 6 of 15

infrastructure including extensive networks of towers. Crown Castle International has no connection to DeRewal other than a recorded easement on the Boarhead Corporation property which was assigned to Crown Atlantic Company in March 1999.

- We directed Keystone Intelligence to engage another consultant, Dwyer and Co. to conduct an investigation in Costa Rica in early 2005. The purpose of the investigation was to determine whether DeRewal had assets in his name in Costa Rica. The investigation determined that there was no property registered under DeRewal's name. Further, there were no records located for "Villas Pacifica" in Costa Rica's Registro Publico which is where all legitimate businesses are required to be registered. Our investigative contractor learned that DeRewal initially owned a property known as Villas Pacifica which consisted of several chalets. According to the investigator, the property has changed hands several times and is currently being used by a real estate firm and a restaurant. Based on visual inspection of the property, the two businesses do not appear to be associated with DeRewal. On February 24, 2005, the Registro Publico shows that DeRewal purchased a 1996 Isuzu Trooper from an auto dealership. Immigration records also reflect that DeRewal has been in and out of Costa Rica on a continuous basis from January 2003 through January 2005. In the immigration records, he listed himself as a businessman.

- There was a mortgage dated February 2, 2003 in the amount of $500,000 recorded in the Bucks County Clerks office between Boarhead Corporation and Club Villas Pacifica where Boarhead Corporation as the mortgagor promised to pay $250,000 plus interest to Club Villas Pacifica. The document was singed by DeRewal as president of Boarhead Corporation. No other documentation was found concerning this mortgage.



nihill & riedley
A Professional Corporation

- The United States has filed federal tax liens in 1989 and 1996 against DeRewal which exceed $1.3 million.

Our investigation did not locate any assets in DeRewal's name in the United States or Costa Rica other than the automobile purchased in 2005.. Further, he has no current business affiliations and three of his former businesses are responsible for creating separate Superfund sites which are named after them. DeRewal also has federal tax liens filed against him that exceed $1.3 million.

2. **Boarhead Corporation**

Boarhead Corporation was formed on September 2, 1969 and is still the owner of the Upper Black Eddy Township property. Pennsylvania corporate records do not list any corporate officers and the only document on file is the articles of incorporation. In May 1992, the EPA filed an Administrative Order For Access against Boarhead Corporation to conduct a removal action, perform a Remedial Investigation and Feasibility Study and conduct any other response actions that EPA determined were necessary. In September 1992, EPA filed a Notice of Federal Superfund Lien against the two parcels of property owned by Boarhead Corporation. The amount of the lien was $862,390.39 for costs incurred through May 27, 1992. This notice of lien was withdrawn in November 1992, and another Notice of Federal Superfund Lien was filed in May 1993 for EPA costs in the amount of $1,577,895.56 through November 17, 1992. In January 1995, Boarhead Corporation's attorney filed a petition appealing the tax assessment for this property and stated that the company's property had only nominal value of $1.00 due to the access agreement granted to EPA and the Federal Superfund Lien.

Our investigation of Boarhead Corporation found that the company is not conducting any business operations and its only asset, the Superfund property, has a lien filed against it by EPA for government costs incurred for the Boarhead Farms Superfund Site. According to EPA's cost summary, the government's past costs for this site were $13,662,871 through



**nihill & riedley**
A Professional Corporation

July 31, 2000.   Counsel advised that the Boarhead Farm Agreement Group paid approximately $7 million to the government for their past costs.

3. **Derewal Chemical Company ("Derewal Chemcial")**

DeRewal Chemical was formed on December 29, 1969 and according to DeRewal's testimony, the company has not conducted any business for about 20 years.  As stated earlier, there is a New Jersey Superfund site named after this company, and a Dun & Bradstreet report indicates that the Administrator of the Spill Compensation Fund filed a lawsuit against the company on February 3, 2004.  Our investigation did not locate any assets for this company, and we found no evidence that the company has active operations.

4. **Environmental Chemical Control, Inc.**

The company was formed on October 18, 1976 with a registered office of 519 Main Street, Pennsburg, Pennsylvania.  The property is owned by Jacquelyn Ganter and appears to be used for apartments.  A visual inspection of this property was conducted by our investigator on February 3, 2005 and there was no indication that Environmental Chemical Control conducts any business at this address.  Our investigation did not locate any assets for the company, and we found no evidence that the company has active operations.

5. **Diaz Chemical Corporation ("Diaz Chemical")**

According to a removal memorandum prepared by EPA, Diaz Chemical was a specialty chemical manufacturer located in a residential neighborhood in Holley, New York.  The manufacturing facility included four main buildings and the company operated at this site for about 25 years.  Diaz Chemical filed a Chapter 7 bankruptcy petition on June 23, 2003 and no longer conducts any operations at this location.  In September 2003, EPA estimated that its costs for conducting a removal action at the Diaz Chemical facility were approximately $7.7 million.



nihill & riedley
A Professional Corporation

File No. 20131
Page 9 of 15

In July 2004, the Diaz Chemical site in Holley, New York was added to the NPL. According to EPA records, EPA has removed 2,400 drums and 40,000 gallons of bulk chemicals from the site. Residents that were dislocated from their homes following a January 2002 chemical release continue to receive relocation assistance from EPA. Further, EPA maintains a groundwater treatment system on the site which is designed to address migration of subsurface contamination.

According to the bankruptcy trustee for Diaz Chemical, he has about $80,000 and a fund of about $400,000 to which there are conflicting claims between the trustee and Diaz Intermediates Corporation ("DIC"), which represent all of the assets of the estate except for the Diaz Chemical facility in Holley, New York and a potential claim against DIC. DIC is a separate corporation having the same ownership as Diaz Chemical and has operations in Arkansas. In June 2005, the trustee brought an action against DIC and three individuals who were officers and directors of both companies to recover fraudulent conveyances and receipt of the benefits of various breaches of fiduciary duty. In August 2005, attorneys for DIC and the individual defendants filed a motion to stay this case and for additional time to answer the complaint. According to this motion, the defendants are currently the subject of a criminal investigation concerning alleged concealment of Diaz Chemical's assets, the giving of false oaths and claims, bribery, and for bankruptcy fraud. The alleged facts of the criminal investigation are similar to the factual allegations asserted in the action brought by the trustee.

On September 7, 2005, a Stipulation and Order was entered by the bankruptcy court which provided for the following:

- The United States agreed to withdraw its objection of the trustee's notice of intention to abandon the Diaz Chemical property.



nihill & riedley
A Professional Corporation

- EPA was given administrative priority in the distribution of funds currently within, and to be acquired by the bankruptcy estate, for all response costs incurred addressing the contamination on Diaz Chemical's property. Further, EPA will be allowed to file liens against the property.

- The United States agreed not to oppose any request by the trustee for superpriority status for his and his counsel's administrative expense claims subject to certain conditions.

As stated above, recoveries from the sale of the property or the action against DIC will go toward the administrative claim of EPA which was estimated to be at least $5.7 million by the trustee. However, EPA continues to incur costs at the Diaz Chemical Superfund site. Due to the size of EPA's claim, the trustee did not expect any distributions to the pre-petition unsecured creditors. Further, there was no present estimate of value for the New York facility subsequent to the remediation efforts. With respect to potential recoveries from DIC, the company reported to Dun & Bradstreet in January 2004 that its annual sales were $2,900,000 and it owns a 20,000 square foot manufacturing facility in Arkansas. DIC has secured debt to Regions Bank pursuant to a UCC filed on January 16, 1997. Even if the trustee's claim against DIC is successful, it appears to be a small company with a secured creditor. Further, the bankruptcy trustee has superpriority status for administrative expense claims to pursue the DIC litigation and EPA has administrative priority to any recoveries.

Based on our investigation, any available assets in the Diaz Chemical bankruptcy estate will be applied toward EPA's claim.

6. **Drake Chemicals, Inc.**

Drake Chemicals was a former manufacturer of chemical intermediates for pesticides and other organic compounds. It began operations in Lock Haven, Pennsylvania in the 1960s and closed when Drake Chemicals filed for bankruptcy in the fall of 1981. The



nihill & riedley
A Professional Corporation

manufacturing facility was added to the NPL in September 1983 and the remedy to cleanup the site (known as the Drake Chemical Superfund Site) was selected in September 1984. According to EPA's website, the government has incurred almost $150 million to cleanup the site and the groundwater remediation is continuing. EPA received approximately $20,000 from the bankruptcy estate and the trustee abandoned the property.

Our investigation did not identify any assets which are in the name of Drake Chemicals. We also found no evidence that this business has any active operations.

7.  **Enviratec, Inc.**

Enviratec was incorporated in December 1969. According to a Dun & Bradstreet report, Enviratec was purchased by Allied Conditioning in 1986 which later filed for bankruptcy protection. The chief executive of Allied Conditioning was listed as J. Walker Poole, Jr., who was also a director and incorporator of Enviratec.

Our investigation did not identify any assets which are in the name of Enviratec or Allied Conditioning. We also found no evidence that the businesses have active operations.

8.  **Globe Disposal Co., Inc.**

Globe Disposal Co., Inc. was incorporated in Pennsylvania on February 3, 1969 and used the fictitious name of Globe Disposal Company. In December 1986, the shareholders of Globe Disposal Co., Inc. (Earl T. Kelly, Frank J. Keel and John F. Kennedy) sold the assets of Globe Disposal to Browning-Ferris, Inc. which included the exclusive right to use the name of the seller and any similar variations of the name. Immediately after the closing of the transaction, the sellers agreed to change the corporate name. According to the corporate records, Globe Disposal Co., Inc. then changed its name to GDI Liquidating, Inc. with Earl T. Kelly as its chief executive officer. On July 23, 1987, Globe Disposal Co., Inc. was then incorporated in Pennsylvania with BFI listed as the business owner.



Another business, Globe Industrial Services, Inc. was incorporated in Pennsylvania on November 21, 1977 and had the same address (P.O. Box 137, Skippack, Pennsylvania) as the company billed by DeRewal Chemical. The chief executive officer of Globe Industrial was Robert DeMeno who changed the corporate name of the company to Lucon Enterprises, Inc. on July 6, 1987. A few days later, Globe Industrial Services was incorporated in Pennsylvania with O'Hara Sanitation Company listed as the business owner.

Our investigation did not identify any assets in the name of GDI Liquidating or Lucon Enterprises. Further, Dun & Bradstreet reports do not reflect any active business operations for these companies. The former shareholders of Globe Disposal (Kelly and Keel) were also involved with two other corporations, Waste Techniques Corporation and Globe-Waste Tech, Inc. We also conducted an asset search for these corporations which failed to identify any assets. Further, Dun & Bradstreet did not have any reports for these companies.

9. **Haven Chemical, Inc. and Haven Industries, Inc.**

Haven Chemical was incorporated in Massachusetts on June 2, 1978 and shortly thereafter, filed a voluntary dissolution on September 5, 1979. Haven Industries, Inc. was incorporated in Pennsylvania on February 11, 1974 and provided a Worcester, Massachusetts address of 39 Jolma Road. On October 27, 1975, the company qualified to conduct business in Massachusetts. The last annual report filed with the Massachusetts Secretary of State was in April 1991 and the foreign corporate status was revoked on November 14, 1994.

Our investigation did not identify any assets in the name of Haven Chemical or Haven Industries. Further, Dun & Bradstreet did not have any reports for these companies.

10. **Merit Metal Products Corporation**

Merit Metal Products Corporation was formed in September 1968 in Pennsylvania and according to counsel, did business with DeRewal Chemical in the early to mid-1970s. The business operated from a facility at 242 Valley Road, Warrington, Pennsylvania. According



nihill & riedley
A Professional Corporation

to testimony from a former shareholder, in July 1988, most of the assets of Merit Metal Products were sold to Stefanowicz & Lutz, Inc. Merit Metal Products then changed its name to Leonards II Co., Inc. and the remaining assets of the corporation were distributed in 1991. After the distribution, the former shareholder described Leonards II as a shell corporation which was formally dissolved in July 2001.

Stefanowicz & Lutz, Inc. was formed in April 1988 and uses Merit Metal Products Corporation as a fictitious name.

Our investigation did not identify any assets in the name of Leonards II and the Dun & Bradstreet report shows that the business is not active.

## 11. Sitkin Smelting & Refining, Inc.

The company was incorporated in 1949 as Lewistown Smelting & Refining Company and its name was changed to Sitkin Smelting & Refining, Inc. ("Sitkin Smelting") in June 1967. From about 1958 to 1977, Sitkin Smelting operated at a 105 acre site located in the village of Maitland, Mifflin County, Pennsylvania. The company's operations included smelting non-ferrous metals, and it also operated a metal recycling business that included breaking transformers and lead batteries. The property which was owned by Sitkin Smelting is now known as the Jacks Creek / Sitkin Smelting & Refining Superfund Site and it was placed on the NPL in October 1989. Sitkin Smelting & Refining filed for bankruptcy in 1977. The bankruptcy was converted to a Chapter 7 on July 12, 1978 and the company ceased all operations. Our investigation did not identify any assets in the company's name.

## 12. Trace Internationl, Inc.

According to counsel, Art Metal-Knoll Corporation used DeRewal Chemical during the 1970s. Art Metal-Knoll was a wholly-owned subsidiary of the Walter E. Heller International Co. of Chicago, a company which provided loans and other financial services to commercial



nihill & riedley
A Professional Corporation

and industrial companies. Art Metal-Knoll changed its name to Knoll International, Inc. and then went through a series of mergers and name changes as follows:

- Knoll International was merged into KWW, Inc. on September 1, 1977.
- On March 13, 1978, KII, Inc. was incorporated in Delaware and changed its name to Knoll International, Inc. on July 10, 1978.

- On June 28, 1983, *KWW* merged into *Knoll International* and then changed its name to *'21' International* on August 31, 1990.

- *'21' International* merged into *'21' Nevada, Inc.* on February 11, 1991 and *'21' Nevada* changed its name to *'21' International, Inc.*

- On January 23, 1996, *'21' International* changed its name to *Trace International, Inc.* and the corporate status was permanently revoked on August 1, 2005. The Nevada Secretary of State shows that the required filing of officers was delinquent since November 30, 1998.

Marshall Cogan, through his privately-held holding company, made an investment in Knoll International in 1977 and eventually sold the business in or around 1991. In addition to a number of other business investments, Cogan also bought and sold the '21' Club, a restaurant in New York City. Cogan's holding company, Trace International Holdings, Inc., filed for bankruptcy in New York on July 21, 1999. At the time, Trace International Holdings' liabilities exceeded its assets by $121 million. On January 24, 2000, the court converted the case to a Chapter 7 liquidation.


nihill & riedley
A Professional Corporation

# EXHIBITS

## LIST OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| 1 | Documents Reviewed List |
| 2 | Resume of Raymond F. Dovell, CPA |



nihill & riedley
A Professional Corporation

**Exhibit 1**

## DOCUMENTS REVIEWED

1.  Correspondence with Ballard Spahr

2.  Correspondence and reports from Keystone Intelligence

3.  Comprehensive Report – Manfred T. De Rewal dated 12/10/04

4.  Comprehensive Report – Steven F. Baum dated 12/20/04

5.  Comprehensive Report – Diane J. Baum dated 12/20/04

6.  Comprehensive Business Report – Baum Cove Marina, Inc. dated 12/20/04

7.  Comprehensive Business Report – Environmental Chemical Control dated 1/5/05

8.  Comprehensive Report – Jacquelyn A. Gantor dated 1/10/05

9.  Comprehensive Business Report – Crown Network Systems dated 1/5/05

10. Comprehensive Business Report – International Technology dated 1/5/05

11. Criminal Docket – Manfred DeRewal, Jr.

12. Selected Documents from Boarhead Farms Superfund Site Administrative Records
    including deeds, correspondence with DeRewal's counsel, and Notice of Liens

13. Department of State and Dun & Bradstreet Report - Boarhead Corporation

14. Department of State and Dun & Bradstreet Report - DeRewal Chemical

15. Department of State and Dun & Bradstreet Report - Environmental Chemical Control

16. Documents from manual search at the Berks County Courthouse

17. Newspaper articles by the Intelligencer, Doylestown, PA on 11/27/05 and 11/28/05

18. Record of Decision and related documents for Revere Chemical site, DeRewal Chemical
    site and Boaread Farms

19. Internet search results for Crown Castle International

20. Deposition Transcripts of Manfred T. DeRewal dated 5/7/03, 5/8/03 and 5/9/93

21. Deposition Transcript of Linda Cochran dated 5/15/03

22. Deposition Transcript of Karen Castillo dated 6/3/03

23. Selected documents from EPA's website

24. Selected documents from the Diaz Chemical bankruptcy in the United States Bankruptcy
    Court for the Western District of New York

25. Comprehensive Business Report - Diaz Intermediates dated 12/20/04

**Exhibit 1**

## Documents Reviewed (Cont.)

26. Dun & Bradstreet Reports, Diaz Intermediates dated 12/20/04 and 5/23/06

27. Comprehensive Business Report – Diaz Chemical dated 12/20/04

28. Dun & Bradstreet Reports, Comprehensive Business Reports, and documents regarding regarding corporate filings for the following:

>   - Enviratec and Allied Conditioning
>   - Drake Chemicals
>   - Haven Chemical and Haven Industries
>   - GDI Liquidating and Globe Disposal Co.
>   - Lucon Enterprises and Globe Industrial Services
>   - Leonards II and Merit Metal Products
>   - Sitkin Smelting & Refining
>   - Trace International

29. Selected documents from EPA's website and DEP's website regarding the Drake Chemical site

30. Agreement, Assignment and Bill of Sale between Globe Disposal and Browning Ferris

31. Selected documents relating to the Jack Creek/Sitkin Smelting & Refining Superfund site

32. Newspaper articles related to Art Metal-Knoll Corporation

33. Knoll Inc. Form 10-K for 12/31/96 (Excerpts)

34. Selected documents relating to Trace International Holdings' bankruptcy case

35. EPA Itemized Cost Summary Report dated 9/6/00 covering past costs through 7/31/00

RFD/ep

# RAYMOND F. DOVELL, C.P.A., C.F.E.

**EXPERIENCE:**

1992 – present    **Principal** - Nihill & Riedley, P.C.

1987 - 1991    **Associate**

The firm concentrates its practice in forensic accounting.

Forensic accounting engagements have focused on fraud, misapplication of funds, diversion of assets, theft of tax receipts, and questionable transactions. Insurance matters have included reinsurance arbitration, inventory analysis and business interruption claims. Commercial litigation cases involving investigation and damage analysis have included accounting malpractice, class action, bankruptcy, contract disputes, securities litigation, shareholder disputes and bank litigation. Engagements have also included providing expert testimony and grand jury testimony.

Environmental engagements have included investigations of past costs claims; analysis of government oversight claims; preparation and analysis of private party cost claims; insurance coverage disputes; volumetric allocations; cost allocations; contract disputes; PRP searches; and analysis of ability to pay issues. Engagements have also included providing expert testimony.

1985 - 1987    **Special Agent** - U.S. Department of Labor, Office of Labor Racketeering.

Planned, conducted and supervised financial investigations involving violations of various federal and state statutes. Major cases focused on financial crimes and required testimony at grand jury proceedings. Assisted attorney during the investigation, indictment and sentencing of criminal cases.

1983 - 1985    **Auditor** - U.S. Department of Labor, Office of Audit.

Planned, conducted and supervised a national audit of state Unemployment Insurance agencies. Briefed appointed state officials on audit findings to aid in the development of new state legislation. Assisted in the design and drafting of a national audit report summarizing audit findings developed in twelve states.

Exhibit 2



n
nihill & riedley
A Professional Corporation

**RAYMOND F. DOVELL, C.P.A., C.F.E.**
**Page 2**


## EDUCATION AND PROFESSIONAL AFFILIATIONS

➢ B.S. - Accounting, LaSalle University

➢ Certified Public Accountant licensed in Pennsylvania

➢ Certified Fraud Examiner, Association of Certified Fraud Examiners

➢ Member, American Institute of Certified Public Accountants

➢ Member, Pennsylvania Institute of Certified Public Accountants

➢ Fellow, New Jersey Society of Certified Public Accountants


## TESTIMONY AT TRIAL OR BY DEPOSITION

➢ Arbitration between Heck Family Partnership, et al. and Accupac Acquisition, Inc.
(American Arbitration Association) 2006

➢ Action Manufacturing Co., Inc. et al. v. Simon Wrecking Company, et al.
(United States District Court for the Eastern District of Pennsylvania) 2004, 2005, 2006

➢ Phoenix Poultry Corp. v. Wellington Farms of Massachusetts, Inc. et al.
(United States District Court for the District of Massachusetts) 2005

➢ United States of America and State of New Jersey v. Dominick Manzo et al.
(United States District Court for the District of New Jersey) 2005

➢ Decision Insights, Inc. v. Jeffrey Quillen, et al.
(United States District Court for the Eastern District of Virginia) 2005

➢ Kathryn S. Nassberg v. John C. Schultz, et al.
(Court of Common Pleas, Lycoming County) 2005

➢ Arbitration between WM Financial Services, Inc. and Fiserv Securities, Inc.
(National Association of Securities Dealers) 2004

➢ ATS Products Corp. v. Willow Grove Bank
(United States Bankruptcy Court for the Eastern District of Pennsylvania) 2004

➢ Constellation NewEnergy, Inc. v. Powerweb Technologies, Inc., et al.
(United States District Court for the Eastern District of Pennsylvania) 2004



nihill & riedley
A Professional Corporation

**RAYMOND F. DOVELL, C.P.A., C.F.E.**
**Page 3**

**TESTIMONY AT TRIAL OR BY DEPOSITION (Cont.)**

- ➢ American Cyanamid Company and Rohm and Haas Company v. 3M Corporation, et al.
  (United States District Court for the District of Rhode Island) 2003

- ➢ United States of America v. E.I. du Pont de Nemours and Company, Inc.
  (United States District Court for the Western District of New York) 2003

- ➢ Medical Consultants Network, Inc. et al. v. Patricia B. Maloney, et al.
  (Court of Common Pleas, Delaware County) 2002

- ➢ Signature Combs, Inc. (f/k/a AMR Combs, Inc.) et al. v. United States of America, et al.
  (United States District Court for the Western District of Tennessee) 2002, 2003

- ➢ Rohm and Haas Company v. American Cyanamid Company, et al.
  (United States District Court for the District of New Jersey) 2002

- ➢ Six C's Corporation, et al. v. Clement & Muller, Inc., et al.
  (Court of Common Pleas, Delaware County) 2002

- ➢ Accucorp, Inc., et al. v. Kalish, Inc.
  (United States District Court for the Eastern District of Pennsylvania) 2002

- ➢ United States of America v. Rohm and Haas Company, et al. v. John Cucinotta, et al.
  (United States District Court for the District of New Jersey) 1998, 1999, 2000

- ➢ Olin Corporation v. Fisons PLC, et al.
  (United States District Court for the District of Massachusetts) 1999

- ➢ In re: Greenbrier Industries, Trustee v. United States of America
  (United States Bankruptcy Court – District of New Jersey) 1998

- ➢ Nancy S. duPont, et al. v. Gruntal & Co., Inc., et al.
  (Court of Common Pleas of Philadelphia County) 1998

- ➢ Rohm and Haas Company v. Continental Casualty Company, et al.
  (Court of Common Pleas of Philadelphia County) 1997

- ➢ General Electric v. Buzby Bros., et al.
  (United States District Court for the District of New Jersey) 1997

- ➢ In the Matter of the Woodlands Alternative Dispute Resolution, 1996



nihill & riedley
A Professional Corporation

**RAYMOND F. DOVELL, C.P.A., C.F.E.**
**Page 4**

## TESTIMONY AT TRIAL OR BY DEPOSITION (Cont.)

➢   United States of America v. Atlas Minerals and Chemicals, Inc., et al.
     (United States District Court for the Eastern District of Pennsylvania) 1994

➢   Olsen v. Brandolini, et al.
     (United States District Court for the Eastern District of Pennsylvania) 1994

➢   County of Bucks, et al. v. Cogan, et al.
     (Court of Common Pleas of Bucks County) 1994

➢   Commonwealth of Pennsylvania v. Mary Cogan
     (Court of Common Pleas of Bucks County Criminal Division) 1992

➢   Arbitration between Employers Reinsurance Corp., et al. and Admiral Insurance Co.
     (United States District Court for the District of New Jersey) 1990

➢   Lott Group, Inc., et al. v. Pennsylvania Manufacturers Association Insurance Co.
     (United States District Court for the Eastern District of Pennsylvania) 1989



nihill & riedley
A Professional Corporation