IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 02-CV-3830 (LDD) |

## MOTION FOR ORDER OF DISMISSAL

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems LLC ("Plaintiffs") and Defendant Thomas & Betts Corporation ("Settling Defendant"), by their undersigned counsel, hereby move for the entry of an Order dismissing and barring claims against Settling Defendant. In support of this motion, Plaintiffs and Settling Defendant aver as follows:

1. On June 18, 2002, Plaintiffs filed a Complaint[1] against Defendants alleging that they were liable under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.* ("HSCA"), and seeking response costs,

---

[1] Four Amended Complaints were filed after this date as follows: Amended Complaint, filed August 26, 2002; Second Amended Complaint filed February 21, 2003; Third Amended Complaint filed September 8, 2003; and Fourth Amended Complaint filed August 1, 2005. The Fourth Amended Complaint is captioned *Agere Systems, Inc., et al. v. Advanced Environmental Technology Corporation, et al.*

2

contribution, and declaratory relief in connection with the Boarhead Farm Superfund Site (the "Site").

2.  On June 30, 2004, this Court entered a Memorandum Order setting forth certain rulings concerning the dismissal of Defendants who enter into settlements with Plaintiffs.

3.  Following settlement negotiations, Settling Defendant entered into an agreement with Plaintiffs to settle Plaintiffs' claims against it in the within action.

4.  The settlement reached between the parties and embodied in the settlement agreement is neither collusive nor fraudulent, was arrived at by arms-length process of negotiation and in good faith, and resolves all claims between the parties.

5.  The proposed Order of Dismissal submitted herewith reflects the Court's opinion in the June 30, 2004 Memorandum Order.

WHEREFORE, Plaintiffs and Settlement Defendant respectfully request that this Court enter the proposed Order.

Dated: July 30, 2007

_____
Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll
A Pennsylvania Limited Liability Partnership
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400

Attorney for Plaintiffs

_____
Andrew P. Foster, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Phone: (215) 988-2412

Attorney for Defendant Thomas & Betts Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 02-CV-3830 (LDD) |

## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, on June 18, 2002, Plaintiff Boarhead Farm Agreement Group ("the Agreement Group") filed a Complaint (and thereafter filed amendments to the Complaint) against, *inter alia*, Defendant Thomas & Betts Corporation ("Settling Defendant") alleging that Settling Defendant was liable under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.* ("HSCA"), and seeking contribution and declaratory relief in connection with the Boarhead Farms Superfund Site (the "Site");

WHEREAS, the Agreement Group filed amended complaints on August 26, 2002, February 21, 2003, and September 19, 2003, and Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC, and TI Group Automotive Systems LLC ("Plaintiffs") filed an amended complaint on August 1, 2005 substituting themselves for the

DMEAST #9768844 v1

Agreement Group (the Complaint and the amended complaints are hereinafter collectively referred to as the "Amended Complaint");

WHEREAS, the Plaintiffs have entered into an agreement of settlement with Settling Defendant resolving all claims that were asserted by the Agreement Group in the Amended Complaint (the "Settlement Agreement");

NOW, THEREFORE, upon consideration of all filed papers and for good cause shown, it is hereby ORDERED and DECREED as follows:

1. All claims asserted by the Plaintiffs in the Amended Complaint against the Settling Defendant and all potential counterclaims by the Settling Defendant against the Plaintiffs arising out of the subject matter of the Amended Complaint shall be and hereby are dismissed and barred with prejudice, and the Settling Defendant is hereby dismissed as parties to this action.

2. This dismissal is without costs or attorneys' fees against the Plaintiffs or the Settling Defendant, each party to bear its own costs and fees.

3. All deemed and asserted cross-claims by the Non-Settling Defendants against the Settling Defendant and by the Settling Defendant against the Non-Settling Defendants arising out of the claims asserted in the Amended Complaint (including any claims or cross-claims otherwise assigned by the Settling Defendant to the Plaintiffs in the Settlement Agreement), shall be and hereby are dismissed and barred with prejudice.

4.  The Court's Memorandum Order filed June 30, 2004 (Dkt. No. 96) will govern in determining the extent, if any, to which the Non-Settling Defendant's liability, if any, should be offset, in whole or in part, by the Settlement Agreement.

5.  This Order of Dismissal with Prejudice does not bar or otherwise adjudicate the following potential claims or cross-claims relating to the Site that potentially may be asserted in the future by or against any party or other person, which potential claims were neither asserted in the Amended Complaint nor resolved in the Settlement Agreement:

   A.  Toxic tort claims (including, but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property);

   B.  Claims at other sites arising from the direct or indirect shipment prior to 1990 of hazardous waste, hazardous substances or other materials from the Site; and

   C.  Claims for natural resource damages or assessments at or caused by the Site.

6.  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, this Order of Dismissal with Prejudice shall be entered as a final judgment of the Court with respect to the Settling Defendant, and the dismissal of cross-claims with prejudice as provided hereinabove shall be deemed to be a final Order of the Court.

SO ORDERED:

_____
Legrome D. Davis, Judge

Dated: _____, 2007

DMEAST #9768844 v1