IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, LLC, et al.,

        Plaintiffs,

v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

        Defendants.

CIVIL ACTION NO.
02-cv-3830 (LDD)

**MEMORANDUM ON BEHALF OF DEFENDANT HANDY & HARMAN TUBE COMPANY, INC. IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

In an effort to defeat Handy & Harman Tube Company, Inc.'s ("H&H Tube") motion for summary judgment, plaintiffs, Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems, LLC ("Plaintiffs"), submit inadmissible, double hearsay documents which are not properly before the Court. The Court can only consider evidence that would be admissible at trial. Here, Exhibits A and C to the Certification of Amy M. Trojecki ("Trojecki Cert.") which purport to be "summaries" of interviews of two former H&H Tube employees, are unsigned and usworn. As such, Exhibits A and C should be stricken. Furthermore, all references to Exhibits A and C in Plaintiffs' opposition brief ("Opp. Br.") should likewise be stricken.

**PORTIONS OF PLAINTIFFS' OPPOSITION PAPERS THAT SHOULD BE STRICKEN**

The following portions of Plaintiffs' opposition papers should be stricken:

- Exhibits A and C to the Trojecki Cert.

- Opp. Br., page 2: "H&H Tube also entirely disregards a statement by Jay Crawford, H&H Tube's employee of 25 years, that DCC hauled H&H Tube's TCE contaminated lubricating oils during the time DCC operated the Site."

- Opp. Br., page 4: "Finally, Thomas Curran, a former H&H Tube Vice-President of Operations and an employee for 35 years, advised the EPA during a 1993 interview that the name DeRewal was familiar to him."

- Opp. Br., page 7: "but Mr. Crawford stated that DCC hauled these wastes in 30 and 55 gallon drums."

- Opp. Br., page 8: "Similarly, Mr. Curran described the various waste streams generated by H&H Tube during his 1993 interview with US EPA, but did not make any mention during that interview of 'industrial waste solution.'"

- Opp. Br., page 12: "H&H Tube completely disregards a statement by Jay Crawford, who worked for H&H Tube for twenty-five years. Mr. Crawford stated that a company with the name DeRewal hauled drummed spent lubricant waste from the H&H Tube facility. Mr. Crawford further remembered that DCC picked up the drums during the time period of 1969 to 1977."

- Opp. Br., page 12, n.6: "In addition, Mr. Crawford recalling that H&H Tube dud business with DCC in the 1970s..."

- Opp. Br., page 12, n.6: "Thomas Curran also recalled the name DeRewal and said the name was familiar to him during his 1993 interview with the US EPA."

- Opp. Br., page 19: "Similarly, Curran described the various waste streams generated by H&H Tube during his 1993 interview with US EPA, but did not make any mention during that interview of 'industrial waste solution.'"

## STATEMENT OF FACTS

H&H Tube employed, among other people, two individuals: Thomas Curran ("Curran") and Jay Crawford ("Crawford"). Exhibit A purports to be a summary of a 1993 interview of Crawford. Exhibit A is not a verbatim record of what was allegedly said nor is it signed and sworn to by Crawford. Crawford is deceased and was not deposed in this case.

Exhibit C also purports to be a summary of a 1993 interview of Curran. Like Exhibit A, Exhibit C is also not a verbatim record of what was allegedly said nor is it signed and sworn to by Curran. Curran never reviewed Exhibit C subsequent to its preparation. Curran was deposed in this matter by Plaintiffs on December 2, 2004. At no time during the deposition did Plaintiffs ask Curran whether the statements contained in Exhibit C were true and accurate.

## ARGUMENT

### POINT I

### H&H TUBE'S MOTION TO STRIKE SHOULD BE GRANTED

It is recognized that when a party submits documents, legal theories and arguments to the Court, which submissions are improper, the objecting party must move to strike such documents,

3

legal theories and arguments. H&H Tube's failure to file a motion to strike all portions of Plaintiffs' opposition that rely upon inadmissible evidence could result in the Court's consideration of improper statements offered as facts, legal theories and arguments. *See Ratner v. Young*, 465 F. Supp. 386, 390 (D.C. Virgin Islands 1979)(citing *United States v. Dibble*, 429 F.2d 598, 603 (9th Cir. 1970)).

Here, Plaintiffs have presented the Court with documents, "facts" and arguments that would not be admissible at trial and therefore are not properly considered in connection with H&H Tube's motion for summary judgment. Accordingly, H&H Tube's motion to strike Exhibits A and C and all portions of Plaintiffs' opposition which refer or rely upon Exhibits A and C is proper and should be granted.

## POINT II

### EXHIBITS A & C ARE INADMISSIBLE DOUBLE HEARSAY, SHOULD BE STRICKEN AND ANY AND ALL REFERENCES TO THOSE EXHIBITS SHOULD LIKEWISE BE STRICKEN

Throughout Plaintiffs' opposition papers, they repeatedly refer this Court to two unsigned summaries of interviews with former H&H Tube employees, Curran and Crawford. *See* Trojecki Cert., Exhibits A and C. It is well established that a Court, in considering a motion for summary judgment, only considers evidence that would be admissible at a trial. Rule 56(e) specifically contemplates that only competent, admissible evidence should be considered. Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. ...

The requirement that only admissible evidence is to be considered in connection with a summary judgment application has been repeatedly recognized. *See Adickes v. S.H. Kress & Co.*, 398 U.S.

144, 158 n.17 (1970); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968-969 (6th Cir. 1991). The unsigned and unsworn 1993 interview summaries attached as Exhibits A and C to the Trojecki Cert. do not come near satisfying the foregoing requirement.

Exhibits A and C were prepared by a third party purportedly setting forth a "summary" of what the interviewees, Curran and Crawford, said. If they were signed, they would be inadmissible hearsay. In their current form, they are inadmissible double hearsay. And, although Curran was deposed in this case, he was not asked to adopt the unsigned and unsworn 12 year old "summary"[1] as being true, complete or accurate.

In *United States v. Benson*, 961 F.2d 707 (8th Cir. 1992), the court, in an almost identical situation, found the unsigned and unsworn documents to be inadmissible double hearsay. The *Benson* Court stated:

> The hearsay exception of past-recorded recollection under Fed.R.Evid. 803(5) is not applicable because the requirement of Rule 803(5) that the records be made or adopted by the witness has not been met. The two interviews ... were not reported verbatim and they were unsigned and unsworn by [the witness]. Thus, both reports constitute inadmissible double hearsay....

*Benson*, 961 F.2d at 708. *See also Mays v. Rhodes*, 255 F.2d 644, 648 (8th Cir. 2001) ("While we review the record in the light most favorable to Mays as the non-moving party, we do not stretch this favorable presumption so far as to consider as evidence statements found only in inadmissible hearsay. *See* Fed.R.Civ.P. 56(e); *Cronquist v. City of Minneapolis*, 237 F.3d 920, 927 (8th Cir. 2001) (holding that affidavits based on hearsay cannot defeat a summary-judgment motion)").

The Court should reject in its entirety Plaintiffs' attempt to rely on Exhibits A and C. Exhibits A and C all references to those exhibits should be stricken.

5

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Handy & Harman Tube Company, Inc.'s motion to strike the following portions of Plaintiffs' opposition to its motion for summary judgment be granted:

- Exhibits A and C to the Trojecki Cert.

- Opp. Br., Page 2: "H&H Tube also entirely disregards a statement by Jay Crawford, H&H Tube's employee of 25 years, that DCC hauled H&H Tube's TCE contaminated lubricating oils during the time DCC operated the Site."

- Opp. Br., Page 4: "Finally, Thomas Curran, a former H&H Tube Vice-President of Operations and an employee for 35 years, advised the EPA during a 1993 interview that the name DeRewal was familiar to him."

- Opp. Br., Page 7: "but Mr. Crawford stated that DCC hauled these wastes in 30 and 55 gallon drums."

- Opp. Br., Page 8: "Similarly, Mr. Curran described the various waste streams generated by H&H Tube during his 1993 interview with US EPA, but did not make any mention during that interview of 'industrial waste solution.'"

- Opp. Br., Page 12: "H&H Tube completely disregards a statement by Jay Crawford, who worked for H&H Tube for twenty-five years. Mr. Crawford stated that a company with the name DeRewal hauled drummed spent lubricant waste from the H&H Tube facility. Mr. Crawford further

---

[1] Curran was deposed on December 2, 2004.

6

remembered that DCC picked up the drums during the time period of 1969 to 1977."

- Opp. Br., Page 12, n.6: "In addition, Mr. Crawford recalling that H&H Tube dud business with DCC in the 1970s..."

- Opp. Br., Page 12, n.6: "Thomas Curran also recalled the name DeRewal and said the name was familiar to him during his 1993 interview with the US EPA."

- Opp. Br., Page 19: "Similarly, Curran described the various waste streams generated by H&H Tube during his 1993 interview with US EPA, but did not make any mention during that interview of 'industrial waste solution.'"

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.

Dated: August 31, 2007

By: ___MF 1386___
MELISSA E. FLAX
JOHN M. AGNELLO
G. GLENNON TROUBLEFIELD (Bar No. 64989)
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)

7