# Exhibit A

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

ORIGINAL
(RED)

I also wish to receive the following services (for an extra fee):

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

HANDY & HARMON TUBE COMPANY
GARY GODDARD, PRESIDENT
WHITEHALL ROAD & TOWNSHIP LINE ROAD
NORRISTOWN, PA 19403

4a. Article Number
P 267 126 177

4b. Service Type
☐ Registered      ☐ Insured
☒ Certified       ☐ COD
☐ Express Mail    ☐ Return Receipt for Merchandise

7. Date of Delivery
10-6-92

5. Signature (Addressee)
Joan Slinam

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990      ✦ U.S. GPO: 1991—287-066      **DOMESTIC RETURN RECEIPT**

BSAI030923





**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
Region III
841 Chestnut Building
Philadelphia, Pennsylvania 19107

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

In Reply Refer To: 3HW11

Handy & Harman Tube Company
Mr. Gary Goddard, President
Whitehall Road & Township Line Road
Norristown, PA  19403

        Re:  Boarhead Farms Site, (also known as Boarhead Corporation
             and DeRewal Chemical Co.) Bridgeton Township, Bucks
             County, PA

Dear Mr. Goddard:

     The U.S. Environmental Protection Agency (EPA) is seeking
information concerning a release, or the threat of release, of
hazardous substances, pollutants or contaminants into the
environment at the above referenced site.  Pursuant to the
authority of Section 104(e) of the Comprehensive Environmental
Response, Compensation, and Liability Act of 1980, as amended
("CERCLA"), 42 U.S.C. Section 9604(e), you/your company is required
to furnish all information and documents in its possession, custody
or control, or in the possession, custody or control of any of its
employees or agents which concern, refer, or relate to hazardous
substances as defined by Section 101(14) of CERCLA, 42 U.S.C.
Section 9601(14), pollutants and or contaminants as defined by
Section 101(33), 42 U.S.C. Section 9601(33), which were transported
to, stored, treated, or disposed of at the above referenced
facility or the surrounding area (see enclosed "Location Map").

     Section 104 of CERCLA, 42 U.S.C. Section 9604, authorizes EPA
to pursue penalties for failure to comply with that section or for
failure to respond adequately to required submissions of
information.  In addition, providing false, fictitious, or
fraudulent statements or representations may subject you to
criminal penalties under 18 U.S.C. Section 1001.  The information
you provide may be used by EPA in administrative, civil, or
criminal proceedings.

     Instructions for responding to this required submission of
information are provided below.  As used herein, the term
"documents" means: writings (handwritten, typed or otherwise
produced or reproduced) and includes, but is not limited to, any

ORIGINAL
(Red)

-2-

invoices, checks, receipts, bills of lading, weight receipts, toll
receipts, correspondence, offers, contracts, agreements, deeds,
leases, manifests, licenses, permits, bids, proposals, policies of
insurance, logs, books of original entry, minutes of meetings,
memoranda, notes, calendar or diary entries, agendas, bulletins,
notices, announcements, charts, maps, photographs, drawings,
manuals, brochures, reports of scientific study or investigation,
schedules, price lists, telegrams, teletypes, phono-records,
magnetic voice or video records, tapes, summaries, magnetic tapes,
punch cards, recordings, discs, computer printouts, or other data
compilations from which information can be obtained or translated.

Instructions: Please provide a separate narrative response to
each and every question and subpart of a question set forth in
this Information Request.  Precede each answer with the number of
the question and letter of the subpart of the question to which
it responds, if appropriate.  Your obligation to respond to these
questions is ongoing.  Accordingly, you are obligated to provide
additional responses in the event you recall or discover
additional information subsequent to providing your responses to
these questions to EPA.  ("You" refers to Handy & Harman Tube
Company).

The response should include, but not be limited to,
information and documents which will answer the following
questions:

1.  What is the nature of your business?  What was the nature
    of your business between 1969 and 1977?

2.  Identify all by-products and all wastes (including, but
    not limited to, general plant trash) produced between
    1969 and 1977 by your business or its predecessors.
    Include:

    a.  the nature of each by-product or waste produced
        between 1969 and 1977, including chemical content,
        characteristics and physical state (i.e., liquid,
        solid);

    b.  the annual quantity of each by-product or waste
        produced by your company between 1969 and 1977; and

    c.  the process for which each by-product or waste was
        used or the process that generated each by-product
        or waste.

3.  EPA has information which indicates that you/your company
    utilized DeRewal Chemical Company for the disposal or
    treatment of industrial waste solutions (see attached
    invoice(s)).  Please be sure that your responses to the
    following questions include but are not limited to
    information relative to this particular material.
    Provide the names, titles, areas of responsibility,

BSAI030925

-3-

ORIGINAL
(Red)

addresses and telephone numbers of all persons, including you, who between 1969 and 1977, may have:

a.    disposed of or treated materials at the site;

b.    arranged for the disposal or treatment of materials at the site; or

c.    arranged for the transportation of materials to the site (either directly or through transshipment points) for disposal or treatment.

4.    Describe the methods used by you to dispose of or treat your by-products and wastes between 1969 and 1977.

5.    If your response to question #4 includes the contracting of a hauler or transporter or if you have made arrangements to transport or dispose of wastes with Manfred DeRewal, Norbert DeRewal, Bruce DeRewal, Charles E. Yates, Joseph Sienkowski, George Banks, William Moran, Peter Parker, Alex Imich, John Shuman, John Barsum, Marvin Jonas, Danny Rufe, Karen Bean, Jonathan Dunn, Linda Cochran, John Bean, Kenneth Gross, Jeffery Shaak, Richard Minthorn, DeRewal Chemical Company, Inc., Boarhead Corporation, Coastal Tank Lines, Circuit Foil, Yates Industries, East Falls, Corp., Revere Chemical Company, Revere Chemical Transport, Inc., Echo Flu Company, Echo, Inc., Matlack Transportation Co., Macs Associates, Marvin Jonas, Inc., Jonas Waste Removal, Powers Truck Services, Inc., Chemical Leaman Tank Lines, Advanced Environmental Technology Corporation (AETC), the Envirotech Co., Modern Disposal, Environmental Chemical Control, Inc., and/or the Algonquin Corporation, explain the arrangements and provide documentation which confirms the nature of those transactions.   Identify:

a.    the person with whom you, or such other person, made such arrangements;

b.    every date on which such arrangement took place;

c.    for each transaction, the nature and quantity of the material including the chemical content, characteristics and physical state (i.e., liquid, solid) and the process for which the substance was used or the process which generated the substance;

d.    the manner in which each waste or by-product was containerized for shipment or disposal between 1969 and 1977;

e.    precise locations at which each material actually was disposed or treated;

BSAI030926

-4-



   f.   the persons who selected the site as the place at which materials were disposed of or treated;

   g.   the final disposition of each of the materials involved in such transactions; and

   h.   the names of employees, officers, owners and agents for each transporter.

6.   For each and every instance in which your company arranged for disposal or treatment of material at the site, identify:

   a.   the characteristics, physical state (i.e., liquid, solid), and chemical composition of each material;

   b.   the persons who supplied you with each such material disposed of or otherwise handled by you;

   c.   how such materials were used, treated, transported, disposed of, or otherwise handled by you;

   d.   when and where such materials were used, treated, transported, disposed of, or otherwise handled by you;

   e.   the quantity (number of loads, gallons, drums) of the material which were used, treated, transported, disposed of, or otherwise handled by you; and

   f.   any billing information and documents (invoices, trip tickets, manifests) in your possession regarding arrangements made with you to generate, treat, store, transport, or dispose of materials at the site.

7.   Provide the names, titles, and areas of responsibility of any person, including all employees, present and former, who are knowledgeable of your waste disposal practices between 1969 and 1977. Include addresses and dates of birth for former employees.

8.   Provide copies of all applications submitted by you to any regulatory agencies regarding materials to be transported to and/or to be disposed of at the site. Provide copies of all permits issued to you by any regulatory agencies regarding materials transported to and/or disposed of at the site. Further, provide copies of all correspondence relating to the above referenced application and permits.

9.   Provide copies of any correspondence between you and any third party regarding materials transported to or disposed of at the site.

BSAI030927

-5-

ORIGINAL
(Red)

10. Provide the identity of, and copies of any documents relating to, any other person who generated, treated, stored, transported, or disposed or who arranged for the treatment, storage, disposal, or transportation of such materials to the site.

11. Provide the identities of all predecessors in interest who, between 1969 and 1977, transported to or stored, treated or otherwise disposed of any materials at the site and describe in detail the nature of your predecessor in interest's business. Provide all agreements of sale relating to changes in ownership or control from 1969 to date.

12. Provide the name, title, address, and telephone number of the person answering these questions on behalf of the respondent.

13. For each question, provide the names, titles, areas of responsibility, addresses, and telephone numbers of all persons consulted in the preparation of the answer.

14. If you have reason to believe that there may be persons able to provide more detailed or complete responses to any question contained herein or who may be able to provide additional responsive documents, provide the names, titles, areas of responsibility, addresses, and telephone numbers of such persons and the additional information or documents that they may have.

15. For each and every question contained herein, if information or documents responsive to this Information Request are not in your possession, custody or control, then provide the names, titles, area of responsibility, addresses and telephone numbers of the persons from whom such information or documents may be obtained.

You are entitled to assert a claim of business confidentiality covering any part or all of the submitted information, in the manner described in 40 C.F.R. Section 2.203(b). Information subject to a claim of business confidentiality will be made available to the public only in accordance with the procedures set forth in 40 C.F.R. Part 2, Subpart B. If a claim of business confidentiality is not asserted when the information is submitted to EPA, EPA may make this information available to the public without further notice to you.

You must respond in writing to this required submission of information within **thirty (30) calendar days** of your receipt of this letter. If, for any reason, you do not provide all information responsive to this letter, in your answer to EPA you must: (1) describe specifically what was not provided, (2) supply to EPA a clear identification of the document(s) not provided, and

BSAI030928

-6-

ORIGINAL
(Red)

(3) provide to EPA an appropriate reason why the document(s) was not provided.

All documents and information should be sent to:

> U.S. Environmental Protection Agency
> Joan E. Martin-Banks
> PRP Search Section (3HW11)
> 841 Chestnut Building, 9th Floor
> Philadelphia, PA  19107

If you have any questions concerning this matter, please contact Joan E. Martin-Banks at (215) 597-1192.

This required submission of information is not subject to the approval requirements of the Paperwork Reduction Act of 1980, 44 U.S.C. Section 3501, et seq.

For a corporation, the response must be signed by an appropriately authorized corporate official.  For other entities, the response must be signed by an authorized official of that entity.

State whether you/your company operated under a document retention policy at any time relevant hereto, pursuant to which you/your company destroyed or otherwise disposed of any documents relating to the site.  If so, state who established the document retention policy, what is said policy, and describe the actions taken by you/your company to comply with said policy.

Sincerely,

Larry S. Miller, Chief
PRP Search Section

Enclosure

cc: Donald M. Becker, PADER
    Brian Nishitani, 3RC23
    Lisa Nichols, 3HW21

BSAI030929



(Source: Bucks County Road Atlas)

FIGURE 3:  LOCAL ROAD MAP (Scale approx. 1:24,000)
           BOARHEAD FARMS
           F3-8310-13  PA-257



BSAI030930



**Handy & Harman Tube Co., Inc.**

Township Line & Whitehall Road, RD #3, Norristown, PA 19403
Telephone: (215) 539-3900 • FAX: (215) 539-3250

*ORIGIN, (Red)*

CERTIFIED MAIL
Return Receipt Requested

October 29, 1992

Ms. Joan E. Martin-Banks
PRP Search Section (3HW11)
U.S. Environmental Protection Agency
841 Chestnut Building, 9th Floor
Philadelphia, PA 19107

Re:  3HW11 (Boarhead Farms Site)

Dear Ms. Martin-Banks,

Handy and Harman's hazardous waste disposal and accounting records only date back to 1980. However, some of our long time employees remember dealing with DeRewal Chemical Company. They do not remember what we shipped or received or the quantities of materials that were handled by DeRewal.

I hope this information is some help to you. If you have any questions, please contact me at 539-3900.

Sincerely,

*Francis P. Rosato*

Francis P. Rosato
Director of Manufacturing

FPR/cas


cc: T. Curran
    R. Pearson

BSAI030921

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt Fee will provide you the signature of the person delivered to and the date of delivery.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

SOUTHEASTERN PA 194

ORIGINAL
(Red)

3. Article Addressed to:

Handy & Harman Tube Co., Inc.

Township Line Rd. & Whitehall Rd.
RD #3

Norristown, PA 19403

4a. Article Number
P362 972 679

4b. Service Type
☐ Registered        ☐ Insured
☑ Certified         ☐ COD
☐ Express Mail      ☐ Return Receipt for Merchandise

7. Date of Delivery
1-5-93

5. Signature (Addressee)
_Jon Stinson_

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, November 1990     ☆U.S. GPO: 1991—287-066     **DOMESTIC RETURN RECEIPT**

BSAI030918





**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
Region III
841 Chestnut Building
Philadelphia, Pennsylvania 19107

DEC 2 1 1992

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

In Reply Refer To: 3HW11

Handy & Harman Tube Co., Inc.
Township Line Road & Whitehall Road
RD #3
Norristown, PA  19403

Attn: Mr. Gary Goddard, President

        Re: Inadequate Response to Letter Requiring Submission of
            Information, Boarhead Farms Site

Dear Mr. Goddard:

        On September 30, 1992, the U.S. Environmental Protection Agency
(EPA) issued your company a letter (a copy of which is enclosed)
requiring your company to provide information and/or documents
relating to the above-referenced Site, pursuant to Section 104(e)(2)
of the Comprehensive Environmental Response, Compensation and
Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. Section
9604(e)(2).  By letter dated October 29, 1992, your company submitted
a response to EPA's request for information.  Your company's letter
does not constitute an adequate response because it failed to
completely answer every question contained in EPA's request and
describe the nature of the transaction represented in the February 5,
1973, DeRewal Chemical Company invoice that EPA provided to you.

        Your company must provide a separate and complete narrative
response to each and every question contained in EPA's letter, or
justify adequately its failure to respond, within **seven (7) calendar
days** of your company's receipt of this letter.  This seven day period,
however, is not to be construed as an extension of the original
deadline and does not excuse any violation for failure to respond to
the initial letter.

## NOTICE OF POTENTIAL ENFORCEMENT ACTION

        EPA hereby advises your company that it's failure to respond
fully and truthfully to each question, or to justify adequately its
failure to respond, may subject your company to an enforcement action
by EPA, pursuant to Section 104(e)(5)(A) of CERCLA, 42 U.S.C. §
9604(e)(5)(A).  This section authorizes EPA to issue an order

BSAI030919

*Printed on Recycled Paper*



-2-

directing compliance with an information request made under the statute "after such notice and opportunity for consultation as is reasonably appropriate under the circumstances." This letter constitutes such notice.

EPA hereby advises your company that it may also seek judicial enforcement of its information request. Section 104(e)(5)(B) of CERCLA, 42 U.S.C. § 9604(e)(5)(B), allows EPA to seek judicial enforcement of an information request and authorizes the federal district courts to assess a civil penalty not to exceed $25,000 for each and every day of non-compliance.

All documents and information should be submitted to:

        U.S. Environmental Protection Agency
        Joan E. Martin-Banks
        P.O. Box 493
        Southeastern, PA  19399

Be advised that the provision of false, fictitious or fraudulent statements or representations may subject you to criminal sanctions under 18 U.S.C. § 1001.

If you have any questions concerning this matter, please contact Ms. Joan Martin-Banks at (215) 597-1192. Legal questions should be directed to Mr. Brian Nishitani at (215) 597-2396.

                Sincerely,

                Larry S. Miller, Chief
                PRP Search Section

Enclosure

cc: Donald M. Becker, PADER
    Brian Nishitani, 3RC31
    Harry Harbold, 3HW21

BSAI030920