# Exhibit E

June 3, 1996

MEMORANDUM

SUBJECT:  Revised Guidance on CERCLA Settlements with De Micromis Waste Contributors

FROM:     Jerry Clifford, Director /s/
          Office of Site Remediation Enforcement
          U.S. Environmental Protection Agency

          Bruce S. Gelber, Deputy Chief /s/
          Environmental Enforcement Section
          Environment and Natural Resources Division
          U.S. Department of Justice

TO:       Regional Counsel, Regions I - X
          Director, Office of Site Remediation and Restoration, Region I
          Director, Emergency and Remedial Response Division, Region II
          Director, Hazardous Waste Management Division, Regions III, IX
          Director, Waste Management Division, Region IV
          Director, Superfund Division, Regions V, VI, VII
          Assistant Regional Administrator, Office of Ecosystems
              Protection and Remediation, Region VIII
          Director, Environmental Cleanup Office, Region X
          Assistant Chiefs, Environmental Enforcement Section

        This memorandum transmits the "Revised Guidance on CERCLA Settlements with De Micromis Waste Contributors."  The revised guidance supersedes EPA's "Guidance on CERCLA Settlements with De Micromis Waste Contributors," issued on July 30, 1993.  It consists of a memorandum and seven attachments which are designed to provide guidance on using CERCLA's settlement authorities to resolve the liability of potentially responsible parties ("PRPs") who have contributed even less hazardous substances to a site that the traditional de minimis party.

        As stated in the 1993 guidance, de micromis settlements are simply a subset of de minimis settlements and are entered under the de minimis contributor settlement authority of Section 122(g)(1)(A) of CERCLA, 42 U.S.C.  9622(g)(1)(A).  De micromis settlements may be available to parties who generated or transported a minuscule amount of waste to a Superfund site, an amount less than the minimal amount normally contributed by de minimis waste contributors.  De micromis settlements are not available to owners or operators of Superfund sites.  This guidance document is not intended to affect ongoing de minimis settlement negotiations.

Summary of Major Changes Made by Revised Guidance

        As announced in EPA's Administrative Reform initiative of October 1995, the revised guidance makes three important changes to EPA's 1993 de micromis policy.  First, the 1993 guidance provided as examples two volumetric cut-offs for eligibility for a de micromis settlement: 0.001% of total volume for hazardous substance contributors; and 0.1% for municipal solid waste (MSW) contributors.  The revised guidance endorses eligibility cut-off levels that double the levels identified in the 1993 guidance (0.002% for hazardous substance contributors and 0.2% for MSW contributors).  Moreover, where the Region determines that site-specific factors warrant the use of an absolute volume cut-off for hazardous substance contributors, the guidance endorses the use of an eligibility cut-off at 110 gallons (such as two 55-gallon drums) or 200 pounds.

Second, the 1993 guidance recommended that the Regions determine de micromis settlement payments using a "matrix approach" that considers both individual volumetric contribution and total site costs. Reflecting EPA's policy that de micromis parties, who have contributed only a minuscule amount of waste to the site, should not participate in financing the cleanup, the revised guidance recommends that de micromis settlements be effected without any exchange of money.  (Although the Administrative Reform initiative referred to "one-dollar de micromis settlements," for purposes of administrative efficiency and resource savings, the revised guidance does not recommend collecting the $1.00 payment.)

Third, the revised guidance clarifies that de micromis settlements should only be considered when the Region finds that minuscule contributors are being pursued by other PRPs at the site.  Specifically, the revised guidance recommends that the Region offer a de micromis settlement to qualifying parties only if such parties: (1) have been sued by other PRPs at the site; (2) face the concrete threat of litigation by other PRPs at the site; or (3) have approached EPA seeking settlement, and the Region has determined that such parties have a reasonable expectation of facing contribution litigation.

Description of Attachments

In addition to the guidance memorandum itself, the revised guidance includes seven attachments:

(1) An informational brochure entitled "Superfund and Small Volume Waste Contributors: De Micromis Settlements"
(2) Sample Cover Letter for De Micromis Questionnaire
(3) Model De Micromis Questionnaire
(4) Sample Cover Letter for De Micromis Settlement
(5) Model CERCLA    122(g)(4) De Micromis Administrative Order on Consent (AOC)
(6) Model CERCLA    122(g)(4) De Micromis Consent Decree (CD)
(7) Model CERCLA    122(i) De Micromis Federal Register Notice

The attachments are designed to increase the speed and efficiency of the de micromis settlement process by establishing regular and routine settlement practices.  Attachment 1 is an informational brochure that provides introductory information for potential settlors about the Superfund program and de micromis settlements.  Attachment 2 is a sample cover letter to be used with the third attachment, the de micromis questionnaire.  The cover letter introduces the recipient to the Superfund program, the site and the concept of de micromis settlements, and invites the recipient to fill out the questionnaire.  Attachment 3, the questionnaire, is designed to assist EPA staff in determining which parties are eligible for de micromis settlements.  It is a form to be filled out by potential de micromis settlors which contains a series of questions about the potential settlor's waste and its involvement with the site.

Attachment 4 is a sample cover letter to accompany the de micromis settlement when it is sent out for signature by the settling party. Attachment 5, the de micromis AOC, provides model settlement language for administrative resolution of a de micromis party's liability. Attachment 6, the de micromis CD provides model settlement language for the judicial resolution of a de micromis party's liability.  In general, EPA and DOJ prefer resolution by AOC because administrative settlements usually are quicker and less expensive than judicial settlements. Typically, the CD would be used when the settling de micromis party has been named as a defendant in a contribution action or when the United States has already initiated CERCLA litigation at the site.

The AOC and CD are brief in length, are written in plain English, and are designed to be self-explanatory and non-threatening to the potential settlor. We encourage our staff to use them as guidance when drafting settlements and to adhere as closely as possible to their terms. Once the appropriate model has been tailored to the facts and circumstances of the case it should not be subject to negotiation with the settling parties. This will ensure that de micromis settlements will be completed quickly, will contain nationally-consistent terms, will receive expeditious management review and approval at EPA and DOJ, and will be accomplished with the expenditure of fewer resources to settling parties and to the Government than would be necessary for a negotiated settlement.

The seventh and final attachment is a model Federal Register notice. It is for use by EPA staff when providing the public notice and opportunity to comment on administrative de micromis settlements required by Section 122(I) of CERCLA, 42 U.S.C. 6922(I). (The Department of Justice will use a similar Federal Register notice for de micromis CDS.)

This guidance was developed with the assistance of workgroup members from Headquarters, the Regions, and the Department of Justice, and we would like to thank all workgroup members for their contribution to this project.

If you have any questions about the revised guidance, please contact Susan Boushell of the Program and Policy Evaluation Division of OSRE at (202) 564-5107 or Tom Mariani of the Environmental Enforcement Section (EES) at (202) 514-4620. If you have any questions about the attached models, please contact Janice Linett of the Regional Support Division in OSRE at (202) 564-5131 or Tom Mariani of EES.

For EPA staff, the guidance and attachments are available electronically in the Superfund Enforcement Infobase by accessing Agency LAN Services/Information Services. For DOJ staff, the guidance and the model AOC, CD, and questionnaire are available electronically on the Section's work product directory: N:\NET\SS52\UDD\EESINDEX\CERMODEL.

Attachments (7)

cc:  Lawrence E. Starfield, Associate General Counsel,
        Solid Waste and Emergency Response Division
     Stephen D. Luftig, Director, Office of Emergency and Remedial
        Response
     Joel S. Gross, Chief, Environmental Enforcement Section
     Letitia Grishaw, Chief, Environmental Defense Section
     Regional Counsel Branch Chiefs, Regions I - X (with disk containing
        attachments 2-7)
     Regional Waste Management Branch Chiefs, Regions I - X


-----


Attachment 1
Superfund and Small Waste Contributors
De Micromis Settlements

Have you been contacted regarding your possible involvement with a Superfund site? If you believe you contributed only a minuscule amount of waste to the site, or only household trash, you should learn about "de micromis settlements."

This pamphlet describes what Superfund is, what de micromis means, and why a Superfund de micromis settlement may be to your advantage.

U.S. Environmental Protection Agency (EPA)
Office of Enforcement and Compliance Assurance
Office of Site Remediation Enforcement
401 M St., S.W., Washington, D.C.  20460

Am I a "De Micromis" Party?

"De micromis"parties can be individuals, small businesses, schools, large companies, or any party who has contributed a minuscule amount of hazardous substances to a Superfund site.  At any given site, the U.S. Environmental Protection Agency's (EPA) Regional office determines who qualifies for a de micromis  settlement.  Some parties may qualify as de micromis because their sole contribution to a site was a small amount of municipal solid waste.  Other parties may qualify as de micromis because they contributed a very small amount of hazardous substances to the site.

As a matter of policy, EPA does not pursue de micromis parties for the costs of cleaning up a site, because their contribution was so small it would be inequitable to require them to make a payment.  However, because a de micromis party may be responsible for waste disposed of at a site, other parties at the site may approach them, or even sue them, to recover cleanup costs.  De micromis  settlements serve to protect de micromis parties from such actions.

How Much Does a "De micromis" Settlement Cost?

If  EPA determines that you are eligible for a  de micromis settlement, you will not be asked to make any payment to EPA.

Who is Eligible for a "De micromis" Settlement?

The Superfund statute includes a set of required "findings" that EPA must make in order to determine that a party is eligible for a  de micromis  settlement.  In addition to these few statutory requirements, EPA has significant discretion at each site to determine who qualifies for a de micromis  settlement.

In general, the statute requires that, in order to be eligible for a de micromis settlement:

the amount of waste you contributed to the site must be minimal compared to the other hazardous substances at the site;

the toxic or other hazardous effects of the waste you contributed must be minimal in comparison to the other hazardous substances at the site; and

the de micromis settlement must be in the public interest, and involve only a minor portion of the response costs at the site.

Not all parties who meet this description will be eligible for a de micromis  settlement.  Some small volume contributors, who meet these statutory requirements, are considered de minimis  parties, and may be offered a slightly different type of settlement with EPA.  The decision of who qualifies for de minimis and de micromis settlements is made by EPA's Regional Office on a site-specific basis.

What are the Benefits of a "De micromis" Settlement?

EPA wants to ensure that de micromis parties are not pursued for the recovery of response costs at a site -- not by EPA or by any other parties associated with the site.  De micromis settlements provide this type of protection.

The benefits of a de micromis settlement include:

"Contribution Protection" - This provision offers protection to the de micromis settlor from being sued by other "potentially responsible parties" (PRPs) at the site. Frequently, major waste contributors will sue many small waste contributors to recover their cleanup costs. A de micromis settlement provides protection from such suits that extends to all matters covered by the settlement.

"Covenant Not to Sue" - This provision is a promise that the EPA will not bring any future legal actions against the de micromis party regarding the site and the specific matters named in the settlement. Taken together, contribution protection, the covenant not to sue, and other de micromis settlement terms provide settlors with a high level of certainty that their responsibilities at the site are fulfilled, and that they are protected from future legal actions related to those matters addressed by the settlement.

What is Superfund?

Superfund is a federal program, administered by the Environmental Protection Agency (EPA), that is designed to clean up hazardous substances (or "waste") that may pose a threat to human health or the environment. The full name of the law is the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA).

Superfund sites are frequently areas or facilities where solvents, sludges, heavy metals, or other wastes have been disposed. In some cases, Superfund sites are old landfills that have received municipal solid waste as well as industrial waste. Sites vary significantly in size -- from a 1/4-acre metal plating shop to a 250-square mile mining complex. Contamination from these sites is often found in the soil, groundwater, and/or nearby streams and lakes.

Who Pays for Cleanups?

When Congress enacted Superfund, it intended to make the "polluters pay" for the costs of cleaning up these sites. The Superfund law holds parties who contributed to the contamination responsible for the costs of cleanup, even if their actions were in accordance with the law at the time of waste disposal.

Where Can I Get More Information?

To find out more about de micromis settlements, and whether you might qualify, contact the nearest Regional U.S. Environmental Protection Agency (EPA) Superfund program office. Ask to speak to the attorney, project manager, or community relations representative assigned to your site. If you do not know where the nearest EPA office is located, call 1-800-424-9346 for assistance.


-----

ATTACHMENT 2
SAMPLE COVER LETTER FOR DE MICROMIS QUESTIONNAIRE

RE:  Questionnaire for [insert site name and location]

Dear [name of potential settling party]:

The United States Environmental Protection Agency (EPA) is currently working to clean up the [insert site name] Site, located in

demicro.txt at www.epa.gov

[city, county, state], using the Superfund program.  Superfund is a Federal program administered by the EPA that is designed to clean up hazardous substances that may pose a threat to human health or the environment.

EPA is writing to you because [[if recipient has been sued for contribution, insert:  "you have been identified as a defendant in a lawsuit entitled [insert case name, court, and civil action number].  In this lawsuit, [insert name of plaintiff] is asking you to contribute to site cleanup costs because you may have sent trash or other material to the site."  If recipient has not been sued for contribution, insert applicable facts such as:  "you have been contacted by a party associated with this site who may be asking you to contribute to site cleanup costs based on that party's belief that you may have sent trash or other material to the site."]]

In general, EPA does not believe that contributors of minuscule quantities of waste should be required to participate either in financing or performing cleanup efforts at Superfund sites.  EPA would like to protect parties that sent minuscule amounts of waste to Superfund sites from lawsuits [such as the one filed against you].  You may be eligible to receive this kind of protection, which can be obtained through a "de micromis" settlement with EPA.

"De micromis" settlements are based on authority EPA has under the Superfund law to reach quick and final settlements with parties whose waste contribution to a site is minimal in volume and toxicity.  This authority is found in Section 122(g) of the Superfund law, which is formally known as the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. Section 9622(g).  If you qualify, a "de micromis" settlement can provide you with protection against legal action by private parties seeking collection of costs they may have incurred in performing or financing cleanup at the site.  "De micromis" settlements can also provide you with the assurance that EPA will not pursue you for costs associated with the site.

If you would like EPA to consider whether you might be eligible for this type of settlement, please complete the  enclosed questionnaire. The questionnaire is intended to gather information about the nature and quantity of trash or other material that you may have sent to the [insert site name] site.  The questionnaire must be completed, signed, and returned no later than [insert date].  This deadline is necessary to reduce legal and administrative costs to EPA.  A self-addressed, postage-paid envelope is enclosed.  Please keep a copy of the signed questionnaire and any materials you submit with it for your files.  If we do not receive the completed and signed questionnaire from you by [insert date], we will assume that you do not wish to be considered for a "de micromis" settlement at this site.

Please keep in mind that this process is entirely voluntary. Please also be assured that you are not obligated to enter into a "de micromis" settlement merely because you return a completed questionnaire.  If, after review of your questionnaire, EPA finds that you are eligible for a "de micromis" settlement, EPA will send you a "de micromis" settlement document, which you may choose to sign or not to sign at that time.

Enclosed with this letter is an informational brochure entitled "Superfund and Small Waste Contributors:  De Micromis Settlements," which provides additional background information on "de micromis" settlements and may answer some of your questions.  If you have any other questions regarding this letter or the questionnaire, please contact [insert Regional contact's name and telephone number].

Sincerely,


Enclosures:

1) Questionnaire, 2) Self-addressed, postage-paid envelope, and 3)
informational "de micromis" brochure


-----

ATTACHMENT 3
MODEL DE MICROMIS QUESTIONNAIRE

[NOTE:  When using the questionnaire, questions may be modified, added,
or deleted, as necessary, to reflect known site-specific information.
For example, questions may be tailored to the dates of operation of the
facility, known haulers or transporters may be identified, and
additional questions may be added about sewage sludge.]

[INSERT SITE NAME] QUESTIONNAIRE

      This questionnaire is designed to gather information about the
trash or other material you may have sent to the [insert site name]
Superfund site located in [insert location] and any other involvement
you may have had with this site.  Your answers to this questionnaire
will be used by the United States Environmental Protection Agency (EPA)
to determine if you are eligible to partipate in a "de micromis"
settlement.  Please fill out this form as completely and accurately as
possible.  Your answers should reflect your best recollection of the
quantity and types of trash or other material you may have sent to the
site and any other involvement you may have had with the site.  When
answering questions, you may rely on records or other documents, such as
receipts, canceled checks, invoices, contracts, etc., as well as on
other sources of information, including discussions with others.  If
your answers do not fit in the spaces provided, you may continue them on
additional sheets of paper.  Please write your name and the name of the
site on the top of any additional sheets of paper and please identify
the number of the question that is being continued.

      If you have any questions about this form, please call:

[insert Regional contact's name and phone number].


I.   PROMISE THAT QUESTIONNAIRE WILL BE FILLED OUT
     TRUTHFULLY AND COMPLETELY

      I, _____ (insert your name), certify that
I am  authorized to complete this questionnaire on behalf of
_____ (insert name of party for whom you are
responding, or if you are responding on behalf of yourself as an
individual, insert "self"), and that I am authorized to make the
representations set forth below.

      I further certify that I have made a thorough, comprehensive, and
good faith search for all records, documents, or other information in
the possession or control of _____ (insert
name of party for whom you are responding, or if you are responding on
behalf of yourself as an individual, insert "self") to obtain all
information which relates in any way to the ownership or operation of
the [insert site name and location] ("the site") or to the ownership,
operation, transportation, treatment, storage, and/or disposal of trash

or other material at the site, including having discussions with persons who have or may have knowledge about these matters. Based upon my review of such records, I certify that the answers stated below are true, accurate, and complete.

I DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION SUBMITTED IN RESPONSE TO THIS QUESTIONNAIRE IS TRUE, ACCURATE, AND COMPLETE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF:

Signature: _____   Date: _____
Print Name: _____
Title (if any): _____

Address:   _____
           _____
           _____

Telephone (including area code): _____

II.   BACKGROUND INFORMATION

A.   Identity of Proposed De Micromis Settlor

Name:

Address:

           _____

Telephone (including area code):
If you have an attorney representing you for matters relating to this site, please give the following information about your attorney:

Name:

Address:

           _____

Telephone (including area code):
B.   Do you currently own or control, or have you ever owned or controlled, any of the real property at the site? By own or control we mean hold title, an easement, or a right-of-way through the property, or rent or lease the property. By real property we mean land, buildings, or other fixtures (any items intended to stay attached to the property permanently).
___ yes ___ no

If yes, please explain this ownership or control.
_____
_____
_____
_____

C.   Have you ever worked at the site or been involved in the operation of the site in any capacity? ___ yes ___ no

If yes, please describe the work you did, the dates of the work, and your title, if any.
_____
_____
_____
_____

D.   Have you ever hauled or transported to the site trash or other

material produced by persons other than yourself?
___ yes ___ no

E.  Could any trash or other material that you produced have ended up at
the site?  ___ yes ___ no

If no, where did your trash or other material go during the years ____
through ____? [NOTE: INSERT YEARS DURING WHICH SITE OPERATED]

_____
_____
_____
_____

F.  What is the source of any of your own trash or other material that
could have ended up at the site?

1.  Single residence? ___ yes ___ no

    a.  Is there a business or commercial enterprise (for example, dry
cleaner, beauty shop, automobile repair, electroplating or furniture
repair, etc.) that operates or has operated from this single residence?
___ yes ___ no

    If yes, please state the type of enterprise and briefly describe
it:
        _____
        _____
        _____
        _____

2.  Multiple-unit residence (including apartment building,
condominium)? ___ yes ___ no

    If yes, please state the number of residential units: ___

    a.  Is there a business or commercial enterprise (for example, dry
cleaner, beauty shop, automobile repair, electroplating or furniture
repair, etc.) that operates or has operated from this multiple-unit
residence?
    ___ yes ___ no

    If yes, please state the type of enterprise and briefly describe
it: _____
        _____

3.  Business or commercial establishment? ___ yes ___ no

    If yes, please state the type of business or commercial
establishment and briefly describe it:
        _____
        _____
        _____

4.  Governmental entity? ___ yes ___ no

    If yes, please state the type of governmental entity:
        _____
        _____
        _____

5.  Other (such as school, hospital, non-profit organization)?
    ___ yes ___ no

    If yes, please describe:
        _____

III.   QUESTIONS TO BE ANSWERED BY POTENTIAL SETTLORS WHOSE OWN     TRASH
OR OTHER MATERIAL COULD HAVE ENDED UP AT THE SITE .

       For purposes of this questionnaire, the following definitions
apply:

       "Household Waste" means any material (including garbage, trash, and
sanitary wastes in septic tanks) derived from households (including
single residences and multiple-unit residences, hotels and motels,
bunkhouses, ranger stations, crew quarters, campgrounds, picnic grounds
and day-use recreation areas).  Household waste is primarily composed of
non-hazardous substances (including yard waste, food waste, paper waste,
glass and aluminum) and may contain small quantities of household
hazardous wastes (including pesticides and solvents).

       "Industrial Trash" means any material from a commercial,
institutional, or industrial entity which is very similar to "Household
Waste."  This term covers only those wastes that are essentially the
same as what one would expect to find in common household trash.  This
term does not include hazardous substances that are derived from a
commercial, institutional, or industrial process or activity.

       "Sewage Sludge" means any solid, semi-solid, or liquid residue
removed during the treatment of municipal wastewater or domestic sewage.

       "Other Waste" means hazardous substances that are derived from a
commercial, institutional, or industrial process or activity, and any
material not covered by any of the other three definitions.

A.   What type of trash or other material that you produced could have
ended up at the site?

1.   Household Waste? ___ yes ___ no

     If yes, please describe the type of material that was contained in
this Household Waste:

     _____
     _____
     _____


2.   Industrial Trash? ___ yes ___ no

     If yes, please describe the type of material that was contained in
this Industrial
Trash:_____

     _____
     _____

3.   Sewage Sludge? ___ yes ___ no

4.   Other Waste? ___ yes ___ no

     If yes, please describe this Other Waste:_____

     _____
     _____

5.   If the trash or other material  was from a commercial,
institutional, and/or industrial pro cess or activity, please describe
the process:

_____
_____

6.    If the trash or other material was from a commercial,
institutional, and/or industrial process or activity, please describe
the type of materials contained in this waste.  In particular, please
identify all materials that contained hazardous substances.  Please
attach any Material Safety Data Sheets you may have for these materials,
and any other documents showing the contents of these materials:

_____
_____
_____
_____
_____

B.   How much of your trash or other material could have ended up at the
site?

1.    Please estimate the total quantity.  Please identify the unit(s) of
measurement used in your response, such as pounds, gallons, cubic yards,
barrels, bags, dumpsters:

_____
_____
_____
_____
_____

2.    Please estimate the percentage of this total that was Household
Waste ____%, Industrial Trash ____%, Sewage Sludge ____%, or Other Waste
____%

3.    Please estimate how much of the waste or other material
      contained hazardous substances: _____
_____
_____
_____

4.   How did you arrive at the estimates included in your responses to
questions 1, 2 and 3?

_____
_____

C.  Please describe the measures, if any, that you took to separate
trash or other material containing hazardous substances from other types
of trash or other material, and, if you took such measures, how did you
dispose of the hazardous substances:

_____
_____
_____
_____

D.  Did you haul or transport the trash or other material to the site
yourself?
____ yes ____ no

If yes, please provide the dates during which you did this hauling or
transporting?

_____
_____

If no, please state the name, address, and telephone number (if known)
of the hauler or transporter.  If more than one hauler or transporter
was used, please give the names, addresses, and telephone numbers of

each and please give the dates each were used:

_____
_____
_____
_____
_____
_____

E. If possible, please estimate the number of times your trash or other material was transported to the site: _____

F. Was any of your trash or other material compacted prior to disposal at the site?
____ yes ____ no

If yes, how did this compaction take place?

_____
_____
_____

If yes, was the quantity of trash or other material you identified in your responses to Question III(B) the quantity before or after compaction? ____ before ____ after

IV.   QUESTIONS TO BE ANSWERED BY POTENTIAL SETTLORS WHO HAULED  OR TRANSPORTED TO THE SITE TRASH OR OTHER MATERIAL PRODUCED BY OTHER PEOPLE

A.  What were the dates during which your hauled or transported to the site? _____

B.  How often during those dates did you haul or transport to the site?
_____

C.  What type of trash or other material did you haul or transport to the site?

1.   Household Waste? ____ yes ____ no
2.   Industrial Trash?___ yes ____ no
3.   Sewage Sludge? ___ yes ___ no
4.   Other Waste? ____ yes ____ no

If yes, please describe this Other Waste:

_____
_____
_____
_____

D.  How much trash or other material did you haul or transport to the site?

1.   Please estimate the total quantity.  Please identify the unit(s) of measurement used in your response, such as pounds, gallons, cubic yards, barrels, bags, dumpsters:

_____
_____
_____
_____

2.   Please estimate the percentage of this total that was Household Waste ___%, Industrial Trash ___%, Sewage Sludge ___%, or Other Waste ___%

3.   Please estimate how much of the waste or other material contained hazardous substances:

demicro.txt at www.epa.gov

_____
_____
_____

4.   How did you arrive at the estimates included in your responses to
questions 1, 2 and 3?
_____
_____
_____
_____
_____

E.   Please describe the measures, if any, that you took to separate
trash or other material containing hazardous substances from other types
of trash or other material, and, if you took such measures, how did you
dispose of the hazardous substances:
_____
_____
_____
_____

F.   Was any of the trash or other material that you hauled or
transported to the site compacted prior to disposal?
____ yes ____ no

If yes, how did this compaction take place?
_____
_____
_____
_____

If yes, was the quantity of trash or other material that you identified
in your responses to Question IV(D) the quantity before or after
compaction? ____ before ____ after

G.   Please list the clients for whom you hauled or transported to the
site (give names, addresses, and telephone numbers, if known):
_____
_____
_____
_____
_____
_____
_____

V.   SOURCES OF INFORMATION

Please check the sources of information you used to fill out this
questionnaire (more than one may apply):

        ____   Personal knowledge
        ____   Written records
        ____   Information from other persons

If your responses are based on information from other persons, please
give the names, addresses, and telephone numbers of the other persons
and a description of the information which they were able to provide:
_____
_____
_____
_____
_____
_____

Please attach copies of any records or other documents you used to fill

out this questionnaire.  Documents may include items such as receipts,
canceled checks, invoices, contracts, or written agreements.  Please
write your name and the name of the site on the top of each attachment.


[NOTE ON USE OF MODEL:  This model and any internal procedures adopted
for its implementation and use are intended as guidance for employees of
the U.S. Environmental Protection Agency.  They do not constitute
rulemaking by the Agency and may not be relied upon to create a right or
a benefit, substantive or procedural, enforceable at law or in equity,
by any person.  The Agency may take action at variance with this model
or its internal implementing procedures.]


-----

ATTACHMENT 4
SAMPLE COVER LETTER FOR DE MICROMIS SETTLEMENT

RE:  De Micromis Settlement at [insert site name and location]

Dear [name of potential settling party]:

     Thank you for taking the time to complete the questionnaire
concerning your involvement with the [insert site name] Superfund Site.
The United States Environmental Protection Agency (EPA) has carefully
reviewed your questionnaire and any information that you may have
submitted with it.  We have used your responses to evaluate the nature
and quantity of trash or other material that you may have contributed to
this site.  We have concluded that you are eligible for a "de micromis"
settlement at this site.

     A "de micromis" settlement document is enclosed with this letter.
This letter will provide you with an explanation of what EPA means by a
"de micromis" settlement to assist you in deciding whether to
participate.  Additional background information on "de micromis"
settlements is provided in the brochure entitled "Superfund and Small
Waste Contibutors:  De Micromis Settlements," which we provided to you
with the De Micromis Questionnaire.  Please keep in mind that
participation in this settlement is entirely voluntary.  A decision by
you not to take part in this settlement will not be held against you in
any way.

     As you already know, EPA is currently working to clean up the
[insert site name] Superfund site.  Superfund is an EPA-administered
Federal program that is designed to clean up sites contaminated with
hazardous substances that may pose a threat to human health or the
environment.  EPA does not believe that parties such as yourself who
contributed minuscule quantities of waste to a site should be required
to participate either in financing or performing Superfund cleanups.
[[Insert applicable facts, such as:  "Unfortunately, other parties who
are potentially liable to EPA based upon their greater involvement with
the site have [contacted you] [filed a lawsuit against you] to ask you
to contribute to site cleanup costs."]]

     Through a "de micromis" settlement with EPA, you can obtain legal
protection against lawsuits seeking payment of Superfund cleanup costs
or performance of Superfund cleanups.  EPA uses "de micromis"
settlements to reach quick and final settlements with parties whose
waste contribution to a site is extremely minimal in both volume and
toxicity.  These settlements are based on authority EPA has under
Section 122(g) of the Superfund law, which is formally known as the
Comprehensive Environmental Response, Compensation, and Liability Act,
42 U.S.C. Section 9622(g).

        In exchange for the protection provided by the "de micromis"
settlement, EPA asks that you sign the settlement and agree to its
terms.  The settlement does not require you to pay any money to EPA or
to any person who may have liability at the site under the Superfund law
(persons who may have such liability are known as "potentially
responsible parties").  It requires only that you:  1) certify that you
fully and accurately completed the De Micromis Questionnaire; 2) promise
not to bring claims relating to the site against the United States; and
3) promise not to bring claims relating to the site against any
potentially responsible party at the site.  The settlement is not a
negotiable document.  This will reduce legal and administrative costs to
EPA and to you as well, and will lead to equal treatment for all parties
who qualify for "de micromis" settlements.

        If you would like to participate in the settlement, please complete
the signature page of the enclosed settlement and return the entire
agreement in the enclosed envelope.  We suggest that you keep a copy of
the entire settlement for your files.  If we do not receive your signed
settlement by [insert date], we will assume that you are not interested
in settling at this time.

        Thank you for your prompt attention to this matter.  If you have
any questions, please contact [insert Regional contact's name and phone
number].

                                Sincerely,



Enclosures:  1) "De Micromis" Settlement, 2)  Self-addressed, postage-
paid envelope


-----

ATTACHMENT 5

                    MODEL CERCLA SECTION 122(g)(4) DE MICROMIS
                        ADMINISTRATIVE ORDER ON CONSENT


|                                      |                           |
| ------------------------------------ | ------------------------- |
| IN THE MATTER OF:                  ) | U.S. EPA Docket No. ____  |
| [Insert Site Name and Location]    ) |                           |
|                                    ) | DE MICROMIS               |
| Proceeding under Section 122(g)(4) ) | ADMINISTRATIVE ORDER      |
| of CERCLA, 42 U.S.C.   9622(g)(4)  ) | ON CONSENT                |

        1.  Jurisdiction/Parties Bound.  This Administrative Order on
Consent ("Consent Order") is issued under Section 122(g)(4) of the
Comprehensive Environmental Response, Compensation, and Liability Act of
1980, as amended ("CERCLA" or "Superfund"), 42 U.S.C.   9622(g)(4).
This Consent Order is binding upon the United States Environmental
Protection Agency ("EPA") and upon the parties who are identified in
Attachment __ who are signatories to this Consent Order ("Settlors").
Settlors do not admit any liability.

        2.  Purpose.  The purpose of this Consent Order is to reach a final
"de micromis" settlement with Settlors which:  a) resolves Settlors'
potential civil liability to the United States under Superfund for
payment of response costs and for performance of cleanup at the [insert
site name]; and b) protects Settlors from any lawsuits seeking recovery
of Site cleanup costs.

3.   Statement of Facts.  The [insert site name] ("the Site") is located at [insert address or location] in [city, county, state], and is generally [shown on/described by] the [map/property description] attached to this Consent Order as Attachment __.  Under Section 104 of CERCLA, 42 U.S.C.   9604, EPA has incurred [approximately $_____ in] response costs at the Site and [will/may] incur additional costs.  EPA currently estimates that total past and future response costs at the Site, including the costs of EPA and CERCLA potentially responsible parties, will be [insert either "$_____" or "between $_____ and $_____" or "in excess of $_____"].  Each Settlor may have contributed hazardous substances to the Site which are not in excess of [insert number of pounds or gallons] of materials containing hazardous substances [or, stated as a percentage, ___% of the hazardous substances at the Site] and which are not significantly more toxic or of significantly greater hazardous effect than other hazardous substances at the Site.

4.   Determinations.  EPA determines that: a) in accordance with Section 122(g) of CERCLA, 42 U.S.C.   9622(g), it is practicable and in the public interest to reach this final settlement, involving only a minor portion of the response costs at the [insert site name] facility, with Settlors who may be potentially responsible parties who each may have contributed a minimal amount of hazardous substances to the Site, the toxic or other hazardous effects of which are minimal in comparison to other hazardous substances at the Site; and b) Settlors are eligible for a de micromis settlement because they each contributed no more than a minuscule amount of hazardous substances to the Site, an amount which is so minor that it would be inequitable to require them to help finance or perform cleanup at the Site[.] [Insert if applicable: "; and c) total past and projected response costs of the United States at the Site will not exceed $500,000, excluding interest."]

5.   Certification.  Each Settlor certifies that to the best of its knowledge it has fully and accurately completed the [insert site name] De Micromis Questionnaire.

6.   United States' Covenant Not to Sue.  In consideration of Settlors' agreement to this Consent Order, and except as specifically provided in Paragraph 7, the United States covenants not to sue or take administrative action against Settlors under Sections 106 or 107 of CERCLA, 42 U.S.C.   9606 and 9607, and Section 7003 of the Resource Conservation and Recovery Act, 42 U.S.C.   6973, relating to the Site.

7.   United States' Reservations of Rights.  The United States reserves the right to seek additional relief from any Settlor if:  1) information is discovered indicating that such Settlor's contribution of hazardous substances to the Site is of such greater amount or of such greater toxic or other hazardous effect that it no longer qualifies for settlement under the criteria stated in Paragraph 3; or 2) after Settlor signs the [insert site name] De Micromis Questionnaire, such Settlor becomes an owner or operator of the Site or undertakes any activity with regard to hazardous substances or solid wastes at the Site.  The United States also reserves all rights which it may have as to any matter relating in any way to the Site against any person who is not a party to this Consent Order.

8.   Settlors' Covenant Not to Sue.  Settlors covenant not to sue and agree not to assert any claims against the United States or its contractors or employees with respect to the Site or this Consent Order. Settlors also covenant not to sue and agree not to assert any claims with respect to the Site against each other or against any other person who is a potentially responsible party under CERCLA at the Site.

9.   Contribution Protection.  Each Settlor is entitled to protection from contribution claims as provided by Sections 113(f)(2)

and 122(g)(5) of CERCLA, 42 U.S.C.    9613(f)(2) and 9622(g)(5), for "matters addressed" in this Consent Order. The "matters addressed" in this Consent Order are all response actions taken and to be taken and all response costs incurred and to be incurred, in connection with the Site, by the United States or by any person who is a potentially responsible party under CERCLA at the Site, except for those limited areas in Paragraph 7 for which the United States has reserved its rights.

10.    [NOTE: Insert if total past and projected response costs at the site will exceed $500,000, excluding interest.] Attorney General Approval. The Attorney General has approved this settlement as required by Section 122(g)(4) of CERCLA, 42 U.S.C.    9622(g)(4).

11.    Public Comment/Effective Date. This Consent Order is subject to public comment under Section 122(i) of CERCLA, 42 U.S.C.    9622(i), and is effective on the date that EPA issues written notice that the public comment period has closed and that comments received, if any, do not require modification of or EPA withdrawal from this Consent Order.

IT IS SO AGREED AND ORDERED:

U.S. Environmental Protection Agency

By:
[Name]                                        [Date]
[Insert Title of Delegated Official]THE UNDERSIGNED SETTLOR enters in to this Consent Order in the matter of [insert U.S. EPA docket number], relating to the [insert site name and location]:


FOR SETTLOR: _____
                        [Name]

              _____
                        [Address]

By: _____        _____
            [Name]                                [Date]


[NOTE ON USE OF MODEL: This model and any internal procedures adopted for its implementation and use are intended as guidance for employees of the U.S. Environmental Protection Agency. They do not constitute rulemaking by the Agency and may not be relied upon to create a right or a benefit, substantive or procedural, enforceable at law or in equity, by any person. The Agency may take action at variance with this model or its internal implementing procedures.]


-----

ATTACHMENT 6

        MODEL CERCLA SECTION 122(g)(4) DE MICROMIS CONSENT DECREE
                IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF [                    ]
                      [                    ] DIVISION


_____
                              )
UNITED STATES OF AMERICA,     )
                              )
                Plaintiff,    )
                              )        Civil Action No. _____
                              )
        v.                    )

```
[DEFENDANTS]                     )    Judge _____
                                 )
                                 )
              Defendants.        )
_____ )
```

DE MICROMIS CONSENT DECREE

        A.  [NOTE:  Insert explanation of procedural posture of the case.
To the extent applicable, the following language may be used.]  The
United States on behalf of the Environmental Protection Agency ("EPA")
filed a complaint in this matter under Section 107 of the Comprehensive
Environmental Response, Compensation, and Liability Act of 1980, 42
U.S.C.    9607, as amended ("CERCLA" or "Superfund"), to recover costs it
has spent for the cleanup of the [insert site name].  The defendants
sued by the United States filed contribution actions against third-party
defendants, some of whom are Settlors under this Consent Decree.
Settlors do not admit any liability.

        B.  The [insert site name] ("the Site") is located at [insert
address or location] in [city, county, state], and is generally [shown
on/described by] the [map/property description] attached to this Consent
Decree as Attachment __.  Under Section 104 of CERCLA, 42 U.S.C.    9604,
EPA has incurred [approximately $_____ in] response costs at the Site
and [will/may] incur additional costs.  EPA currently estimates that
total past and future response costs at the Site, including costs of EPA
and CERCLA potentially responsible parties, will be [insert either
"$_____" or "between $_____ and _____" or "in excess of $____"].  Each
Settlor may have contributed hazardous substances to the Site which are
not in excess of [insert number of pounds or gallons] of materials
containing hazardous substances [or, stated as a percentage, ___% of the
hazardous substances at the Site] and which are not significantly more
toxic or of significantly greater hazardous effect than other hazardous
substances at the Site.

        C.  EPA has determined that:  1) in accordance with Section 122(g)
of CERCLA, 42 U.S.C.    9622(g), it is practicable and in the public
interest to reach this final settlement, involving only a minor portion
of the response costs at the [insert site name] facility, with Settlors
who may be potentially responsible parties who each may have contributed
a minimal amount of hazardous substances to the Site, the toxic or other
hazardous effects of which are minimal in comparison to other hazardous
substances at the Site; and 2) Settlors are eligible for a de micromis
settlement because they each contributed no more than a minuscule amount
of hazardous substances to the Site, an amount which is so minor that it
would be inequitable to require them to help finance or perform cleanup
at the Site.

        THEREFORE, with the consent of the parties to this Decree, it is
ORDERED, ADJUDGED, AND DECREED:

        1.  Jurisdiction/Parties Bound.  This Court has jurisdiction over
the subject matter of this action pursuant to 28 U.S.C.    1331 and 1345
and 42 U.S.C.    9613(b) and also has personal jurisdiction over
Settlors.  Settlors consent to this Consent Decree and this Court's
jurisdiction to enter and enforce this Consent Decree.  This Consent
Decree is binding upon the United States and upon the parties who are
identified in Attachment __ who are signatories to this Consent Decree
("Settlors").

        2.  Purpose.  The purpose of this Consent Decree is to reach a
final de micromis settlement with Settlors, which:  a) resolves
Settlors' potential civil liability to the United States under Superfund
for payment of response costs and for performance of cleanup at the

Site; and b) protects Settlors from any lawsuits seeking recovery of Site cleanup costs.

3. Certification. Each Settlor certifies that to the best of its knowledge it has fully and accurately completed the [insert site name] De Micromis Questionnaire.

4. United States' Covenant Not to Sue. In consideration of Settlors' agreement to this Consent Decree, and except as specifically provided in Paragraph 5, the United States covenants not to sue or take administrative action against Settlors under Sections 106 or 107 of CERCLA, 42 U.S.C. 9606 and 9607, and Section 7003 of the Resource Conservation and Recovery Act, 42 U.S.C. 6973, relating to the Site.

5. United States' Reservations of Rights. The United States reserves the right to seek additional relief from any Settlor: 1) if information is discovered indicating that such Settlor's contribution of hazardous substances to the Site is of such greater amount or of such greater toxic or other hazardous effect that it no longer qualifies for settlement under the criteria stated in Paragraph B; or 2) after signing the [insert site name] De Micromis Questionnaire, such Settlor becomes an owner or operator of the Site or undertakes any activity with regard to hazardous substances or solid wastes at the Site. The United States also reserves all rights which it may have as to any matter relating in any way to the Site against any person who is not a party to this Consent Decree.

6. Settlor's Covenant Not to Sue. Settlors covenant not to sue and agree not to assert any claims against the United States or its contractors or employees with respect to the Site or this Consent Decree. Settlors also covenant not to sue and agree not to assert any claims with respect to the Site against each other or against any other person who is a potentially responsible party under CERCLA at the Site.

7. Contribution Protection. Each Settling Defendant is entitled to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(g)(5) of CERCLA, 42 U.S.C. 9613(f)(2) and 9622(g)(5), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken and to be taken and all response costs incurred and to be incurred, in connection with the Site, by the United States or by any person who is a potentially responsible party under CERCLA at the Site, except for those limited areas in Paragraph 5 for which the United States has reserved its rights.

8. Public Comment/Effective Date. The United States will lodge this Consent Decree with the Court for a period of not less than 30 days for public notice and comment. Provided that the United States does not withdraw the Consent Decree following such public notice and comment, this Consent Decree shall be effective on the date of entry by this Court.

9. Service. For all matters relating to this Consent Decree, each Settlor will personally receive service of process by mail sent to the name and address provided on the attached signature page, unless such Settlor provides the name and address of an agent for service of process on the attached signature page. Settlors agree to accept service in this manner and to waive the formal service requirements of Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

         SO ORDERED THIS         DAY OF              , 19  .

United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of
[insert case name and civil action number], relating to the
Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date:

[Name]
Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice
Washington, D.C.  20530

[NAME]
United States Attorney
[Address]

_____
[NAME]
Attorney
Environmental Enforcement Section
Environment and Natural Resources
    U.S. Department of Justice

Division
P.O. Box 7611

Washington, DC  20044-  7611        THE
UNDERSIGNED PARTIES enter into this Consent Decree in the matter of
[insert case name and civil action number], relating to the
Superfund Site.

[Name]                      _____

Environmental Protection    Regional Administrator, Region [  ] U.S.
[Address]                       Agency

[Name]                      _____

U.S. Environmental Protection    Assistant Regional Counsel
                                Agency
                            [Address]

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of
[insert case name and civil action number], relating to the
Superfund Site.

FOR SETTLOR [                       ]

Date:                       _____
[Name and address of Settlor or                    Settlor's
signatory]

Agent Authorized to Accept Service on Behalf of Above-signed Party:

    Name:

    Title:

    Address:


[NOTE ON USE OF MODEL:  This model and any internal procedures adopted
for its implementation and use are intended as guidance for employees of
the U.S. Environmental Protection Agency and U.S. Department of Justice.
They do not constitute rulemaking by the Agency or Department and may
not be relied upon to create a right or a benefit, substantive or
procedural, enforceable at law or in equity, by any person.  The Agency
or Department may take action at variance with this model or its
internal implementing procedures.]  ATTACHMENT 7

MODEL CERCLA SECTION 122(i) DE MICROMIS
FEDERAL REGISTER NOTICE

    Proper format is very important for a Federal Register notice.  The
format is shown in the following model.  The notice should be typed on
plain bond paper, not EPA letterhead stationery.  Each page, including
the first, should be consecutively numbered.  The notice should be
double-spaced and single-sided.  Heading titles may not be varied.  The
official format requires the top, bottom and right margins to be one
inch wide and the left margin to be one and a half inches wide, but
minor variations in margin size will not result in rejection of the
notice.  Legal citations should be written as, e.g., 42 U.S.C. 9622(i)
(do not include a section symbol [ ] or the word "section.")  The notice
should be signed by a Regional official authorized to submit documents
for publication in the Federal Register by EPA Delegation 1-21.  The
name and title of the official signing the notice should be typed on the
notice.  If an acting official will be signing for the authorized
official, the acting official's name and the acting official's title,
e.g., "Acting Regional Administrator," must be typed on the notice.  The
billing code should be typed or hand-written at the end of the notice
below the Regional official's signature.

    To publish the notice, the Region should send 1) the original
signed notice, 2) three single-sided copies of the signed notice, 3) a
disk containing the file for the notice, and 4) a completed Federal
Register Typesetting Request (EPA Form 2340-15) to:  Vickie Reed,
Federal Register Liaison (Mail Code 2136), Regulation Development
Branch, Regulatory Management Division, Office of Regulatory Management
and Evaluation, Office of Policy, Planning and Evaluation, EPA
Headquarters, 401 M St., S.W., Washington, D.C., 20460.  When filling
out the Federal Register Typesetting Request, publication costs should
be billed to the site-specific Superfund account number.  The formula
for calculating publication costs on the Typesetting Request is as
follows:  two double-spaced pages equals one column, and one column
costs $100.00 (half pages and half columns should be rounded up; if a
disk is not provided, the per column cost increases to $125.00).

    Questions about these procedures should be directed to Vickie Reed
at (202) 260-7204.

[NOTE ON USE OF MODEL:  This model and any internal procedures adopted
for its implementation and use are intended as guidance for employees of
the U.S. Environmental Protection Agency.  They do not constitute
rulemaking by the Agency and may not be relied upon to create a right or
a benefit, substantive or procedural, enforceable at law or in equity,
by any person.  The Agency may take action at variance with this model

or its internal implementing procedures.]
ENVIRONMENTAL PROTECTION AGENCY

[                        ] [NOTE:  Leave brackets to left blank.]

Proposed CERCLA Administrative De Micromis Settlement; [Insert name of
settling party, or if there are multiple settling parties, insert site
name -- capitalize first letter of each word]

AGENCY:  Environmental Protection Agency

ACTION:  Notice; request for public comment

SUMMARY:  In accordance with Section 122(i) of the Comprehensive
Environmental Response, Compensation, and Liability Act, as amended
("CERCLA"), 42 U.S.C. 9622(i), notice is hereby given of a proposed
administrative de micromis settlement concerning the [insert site name]
site in [insert site location] with the following settling party(ies):
[insert names here or reference list included in Supplementary
Information portion of notice].  The settlement is designed to resolve
fully [the/each] settling party's liability at the site through a
covenant not to sue under Sections 106 and 107 of CERCLA, 42 U.S.C. 9606
and 9607, and Section 7003 of the Resource Conservation and Recovery
Act, 42 U.S.C. 6973.  For thirty (30) days following the date of
publication of this notice, the Agency will receive written comments
relating to the settlement.  The Agency will consider all comments
received and may modify or withdraw its consent to the settlement if
comments received disclose facts or considerations which indicate that
the settlement is inappropriate, improper, or inadequate.  The Agency's
response to any comments received will be available for public
inspection at [insert address of information repository at or near site]
and [insert address of Regional public docket].  Commenters may request
an opportunity for a public meeting in the affected area in accordance
with Section 7003(d) of RCRA, 42 U.S.C. 6973(d). DATES:  Comments must
be submitted on or before [insert 30 days from date of publication].
[NOTE:  Do not fill in date; just type DATES sentence, including
bracketed  portion, exactly as it appears here.]
ADDRESSES:  The proposed settlement and additional background
information relating to the settlement are available for public
inspection at [insert address of Regional public docket or other
Regional office location].  A copy of the proposed settlement may be
obtained from [insert name, address, and telephone number of Regional
docket clerk or other Regional representative].  Comments should
reference the [insert site name, location] and EPA Docket No.
[insert EPA docket number for settlement] and should be addressed to
[insert name and address of Regional docket clerk or other Regional
representative designated to receive comments].
FOR FURTHER INFORMATION CONTACT:  [Insert name, address,
and telephone number of Regional representative who has knowledge of
settlement].
SUPPLEMENTARY INFORMATION:  [Use this optional section to, e.g., list
parties too numerous to list in Summary portion of notice or to provide
further details about settlement].

[Insert typed name and                    Date
title of Regional official]

[Insert billing code]