IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC.; | : | |
| CYTEC INDUSTRIES. INC.; | : | |
| FORD MOTOR COMPANY; | : | |
| SPS TECHNOLOGIES, LCC; | : | |
| TI GROUP AUTOMOTIVE SYSTEMS; | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL | : | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

ORDER

Presently before the court are Defendants' motions to compel answers to certain contention interrogatories. (Doc. Nos. 233, 234, 235, and 237). Defendants allege that Plaintiffs' response to interrogatories 78 through 111[1] are incomplete because the answers refer to documents, but do not specifically state how the plaintiffs reached their conclusions as to the volume of waste they believe is allocable to each defendant. Plaintiffs contend that they fully responded to Interrogatories 78 through 111 because they stated an equitable share for each defendant, expressed that share as a percentage, and cited evidence supporting their conclusion as to the equitable share of each defendant. Essentially, Plaintiffs argue that the documents speak for themselves, and the Defendants disagree.

For example, defendant Carpenter Technology Corporation argues that "the sources cited

---

[1] Interrogatories 78 through 111 ask the same question regarding allocable and equitable share, but each interrogatory is posed with respect a different defendant.

in Interrogatory Response 78 do not support the specific percentages relating to the drummed and bulk wastes identified in Exhibits A & B." (Doc. No. 237). On the contrary, Plaintiffs argue that the list of evidence they provided supports the percentages set forth in their answers. (Doc. No. 238).

In order to resolve this dispute, the court will examine a representative sample of documents cited by the plaintiff in response to Interrogatory 78.

Accordingly, it is hereby ORDERED that Plaintiffs shall submit the following documents to the Court by Friday, October 12, 2007:

1. 6/12/73 contract (Cheri-2) and legal department cover letter (Cheri-1)
2. 12/20/73 purchase order (Cheri-3)
3. "Waste Acid Removal Cost" chart (Cheri-8)
4. "DeRewal Chemical Co. Waste Acid Removal" chart (Cheri-7)
5. "DeRewal Chemical Co. 80#228" chart (Cheri-6)
6. 10/8/74 Memo (Mann-4)
7. 2/25/71 letter (Mann-15)
8. Analysis Requests (Mann-3)
9. Handwritten notes (Mann-12)
10. 7/17/69 Memo (Mann-8)
11. 7/8/69 Handwritten Telephone note (Adams-2)
12. 2/25/70 Memo (Mann-14)
13. Polinko Affidavit
14. Deposition Transcript Cheri, pages 14-84
15. Deposition Transcript Reger, pages 3-34

16. Deposition Transcript Adams, pages 11-97

17. Deposition Transcript Mann, pages 9-31, 47-159

18. Deposition Transcript Elbert, pages 35-77

19. Deposition Transcript Freddie DeRewal, pages 1-98, 117-147, 342-363

20. Deposition Transcript Bruce DeRewal, pages 29-89

21. Deposition Transcript June Stevens, pages 68-117

22. Deposition Transcript John Barsum, pages 41-62, 82-190

23. All documents recovered from the Bucks County Department of Health files for Flexible Circuits, produced at Bates Range BSAI082378-082771, including:

    a. March 1968 Valley Sewer Authority sample

    b. June 1968 letter from Edwin Faunce to Flexible Circuits

    c. Follow letters from 10/15/1968, 10/16/1968, 10/16/1968

    d. February 27, 1969 letter from Flexible Circuits to the PA DER

    e. Followup correspondence between Flexible Circuits and state agencies on 5/15/1970

    f. 6/18/1970 handwritten notes

    g. 7/7/70 letter from Melvin Bach

    h. July 1970 proposal from Udyllite

    i. 10/10/1970 inspection report

    j. 1/29/1971 and 2/22/1971 inspection reports and samples

    k. 2/10/1971 letter

    l. 7/7/1971 complaint

    m. 1/10/1972 letter from DeRewal

n. 5/2/1972 and 6/13/1972 inspection reports

o. 6/15/1972, 6/19/1972, 6/23/1972, 7/3/1972 letters

p. 7/10/1972, 8/8/1972 inspection reports

q. 7/26/1972 letter

r. 8/17/1972 and 9/5/1972 reports

s. 10/1972 agreement

t. 10/19/1972 and 10/25/1972 inspection reports

u. 1/12/1973 and 3/12/1973 inspection reports

v. 9/9/1972 inspection report

w. 1/9/1975 inspection report

x. 6/10/1977 handwritten notes from BCDH

y. 9/21/1977 and 11/21/1977 letters

z. 4/6/1979, 5/24/1979, 5/25/1979 reports

aa. 5/31/1979 response letter

bb. 8/16/1979 memo to DER

cc. 10/16/1979 letter

dd. 10/17/1979 handwritten notes

ee. 2/20/1980 letter

ff. 5/5/1982 handwritten notes

gg. 6/16/1982 letter

hh. 11/3/1982 letter

ii. 2/1/1983 letter

jj. 1984 handwritten notes

      kk.    10/4/1984 letter

      ll.    1992 inspection report

24. 11/6/1987 letter from Stollsteimer to EPA

25. 10/2/1987 letter from Bach to EPA

26. 9/11/1987 letter from Bach to EPA

27. Handwritten notes by Zia

28. 1/10/1972 letter from DeRewal

29. 9/22/2000 letter from Barbin to EPA

30. 1/27/1986 letter and PPC Plan

31. 5/27/1983 letter

32. Undated Flexible Circuits Inc's promotional materials

33. Flexible Circuits' 1969 Annual Report

34. Multiple DeRewal invoice's and pickup tickets 1973-1975

35. Deposition Transcript Bach, pages 1-85

36. Deposition Transcript Stollsteimer, pages 1-104

37. Deposition Transcript John Bean, pages 50-71

38. Deposition Transcript Jeff Shaak, pages 19-41, 76-97

                                                        BY THE COURT

                                                        /S/LEGROME D. DAVIS

                                                        Legrome D. Davis, J.