IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., ET AL., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL | : | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

ORDER

Davis, J                                                                                              October 29, 2007

   This is a motion by defendants for leave to pursue supplemental discovery pursuant to Federal Rule of Civil Procedure 37 and this Court's Tenth Case Management Order. (Doc. No. 239.) The Plaintiffs vigorously oppose the motion. (Doc. No. 241.) The Defendants request supplemental discovery on the following issues: (1) The plaintiffs' allocation of cleanup costs amongst themselves and other members of the Boarhead Farms Agreement Group and the basis for that allocation; (2) Plaintiffs "taking credit" for payments made by corporate predecessors in interest; (3) Plaintiffs' calculations as to the volumes of waste deposited at the Boarhead site by each potentially responsible party; (4) Investigations conducted by plaintiffs to identify potentially responsible parties; and (5) Permitting defendant fcg, incorporated ("Flexible") to depose Peter Knoll, an individual alleged to have knowledge regarding Flexible's facility. For the following reasons, the defendants' motion is denied.

   This Court's Tenth Case Management Order (Doc. No. 231) set out specific requirements

for supplemental discovery motions. In that order, the party requesting supplemental discovery was required to

> specifically delineate (a) the scope of the supplemental discovery (names of witnesses to be deposed; nature of their testimony; anticipated duration of the individual depositions, etc.), (b) the relevance of the supplemental discovery, and (c) an explanation as to why the discovery was previously unavailable or was not previously sought.

(Doc. No. 231.) These requirements are important in demonstrating that supplemental discovery is necessary.

I.  Plaintiff's Allocation of Cleanup Costs.

The defendants request supplemental discovery to determine the plaintiffs' allocation of cleanup costs amongst themselves and the basis for that allocation. Defendants state that this discovery is relevant because the plaintiffs' allocation bears on "the validity of the Plaintiffs' contentions as to their individual equitable/allocable share of the response costs and their claims of contribution based on those shares." (Defs.' Mot at 4.) The defendants further assert that this discovery was not previously sought because the defendants only became aware of plaintiffs' allocation activity by way documents produced after the close of fact discovery.[1] Defendants cite the following documents as alerting them to the plaintiffs' allocation activities: (1) The OU1 Agreement; (2) The OU2 Agreement; (3) The 1999 Agreement in Principle; (4) The Boarhead Farm PRP Group Organization Agreement; (5) The Boarhead Farm PRP Group Organization Agreement, dated April 7, 1988; (6) The June 17, 2003 e-mail from William Hatfield to Tim Bergere; (7) Accounting documents; and (8) Pitney, Hardin, Kipp & Szuch bills. For the above

---

[1] Defendants allege that the documents were not produced until April 18, 2005.

reasons, defendants request seven categories of documents.[2] Additionally, defendants request to depose John Barkett, whom the defendants believe was an "allocation consultant," and Tim Bergere, common counsel to the Boarhead Farms Agreement Group.

In contrast, plaintiffs contend that defendants knew about their allocation activities at least as early as September 28, 2004. (Pls.' Mot. in Opp'n at 3.) In support of this contention, plaintiffs assert that on September 28, 2004, they sent the defendants the trust ledgers which detail the exact amount contributed to the trust by each plaintiff. (Id. at Exh. B.) Furthermore, plaintiffs argue that they sent the defendants an index of the document repository on September 20, 2004, and that the index (and thus the document repository itself) contained most of the documents the defendants argue alerted them to the plaintiffs' allocation activity in April 2005.[3] (Id. at 4, 5.)

The defendants' reasoning for why this discovery was not previously sought is

---

[2] Defendants request: (1) The "Non-Binding Allocation Agreement"; (2) The February 11, 2000, letter agreement between the Group and the Allocation Consultant [John Barkett]; (3) Any agreements reached among the parties regarding allocation; (4) Any other documents relevant to the development of an allocation among the parties, including questionnaires, correspondence, and e-mails; (5) Any documents regarding any non-binding mediation or arbitration process; (6) Any documents generated by the Allocation Consultant; and (7) Any documents generated by the Allocation Committee, to the extent there was such a committee. (Defs.' Mot. at 6.)

[3] Plaintiffs also contend that the defendants know the exact amount of money contributed by each plaintiff, and that while the allocation itself is relevant, the reasoning behind the allocation is not relevant. Additionally, the plaintiffs argue that the information sought by defendants is protected by Federal Rule of Evidence 408 because it was "created in conjunction with compromise negotiations . . . ." (Pls.' Mot. in Opp'n at 6.) For the same reason, plaintiffs argue that Tim Bergere and John Barkett cannot be deposed with respect to how the allocation agreement was reached. Because the Court determines that the Defendants' discovery request is untimely, it is unnecessary to address these additional arguments.

unpersuasive. At least five of the eight documents[4] that allegedly made the defendants aware of the plaintiffs allocation activities in April 2005, were in the index given to defendants on September 20, 2004. (<u>Compare</u> Decl. Of Laurie Sands in Supp. of Defs.' Mot. (hereinafter "Sands Decl.") ¶ 4 <u>with</u> Pls.' Mot in Opp'n, Exh. D.) Additionally, the accounting documents allegedly alerting the defendants to the allocation activities of the plaintiffs were e-mailed to the defendants on September 28, 2004. (<u>Compare</u> Sands Decl., Exh. G <u>with</u> Pls.' Mot. in Opp'n, Exh. B.) Finally, although defendants allege that they became aware of John Barkett through the PRP Group Agreement on April 28, 2005, John Barkett's resume, agreement, background information, and draft allocation report were in the index provided to defendants on September 28, 2004. (Pls.' Mot. in Opp'n, Exh. D.)

Based on the record, if defendants only became aware of the plaintiffs' allocation activities on April 18, 2005, that was not a result of belatedly produced documents. Therefore, defendants' motion for supplemental discovery with respect to the allocation of cleanup costs amongst the plaintiffs is denied.

II. Payments into the Boarhead Trust Agreement by Plaintiffs' Corporate Predecessors.

Defendants request supplemental discovery with respect to contributions made to the trust account by Smith Industries, Lucent, and Bundy Corporation–companies who are not parties to this litigation. Defendants do not state why this information is relevant, but it is clear that the information is relevant because the plaintiffs are seeking contribution from the defendants for payments made by these entities. The defendants assert that they previously attempted this

---

[4] Because document nomenclature used by the parties is inconsistent, it is difficult to determine precisely which documents are in the index. Therefore, the Court used the lowest estimate, or the estimate most favorable to the defendants.

discovery, but that the plaintiffs "have been unwilling to provide information on how these contributions have been credited and the basis for the successorship." (Defs.' Mot. at 7.)

Plaintiffs, on the other hand, contend that defendants have known since September 28, 2004, that payments were made by entities other than the plaintiffs because the trust account ledgers given to the defendants contain entries reflecting deposits made by Lucent and Smith Industries. (Pls.' Mot. in Opp'n at 13, Exh. B.) Additionally, plaintiffs argue that they informed the defendants of the predecessor companies and the relationship between the plaintiffs and these entities by letter dated May 7, 2007. (Id. at 13.) Plaintiffs also provided the defendants with the February 1, 2001, Separation and Distribution Agreement by and between Lucent Technologies Incorporated and Agere Systems Incorporated.[5] (Id.) Finally, in a letter dated July 12, 2007, plaintiffs provided defendants with documents detailing the evolution of plaintiff TI Group Automotive Systems, L.L.C. (Id. at 14.)

Based on the documents previously provided, no further discovery into this issue is necessary. Therefore, defendants' motion for supplemental discovery with respect to plaintiffs' corporate predecessors is denied.

III. Plaintiffs' Calculations as to the Volumes of Waste Deposited by the Defendants at the Boarhead Site.

Defendants request supplemental discovery with respect to: (1) The percentage of waste that plaintiffs contend DeRewal Chemical Company disposed of at the Boarhead Farms Site during certain time periods; and (2) The volume of waste plaintiffs allocate to each defendant. Additionally, defendants request to re-depose the corporate designees of the plaintiffs and to

---

[5] The Court also notes that this is public information available at http://www.sec.gov/Archives/edgar/data/1129446/000095012301000909/y43120a1ex2.txt.

depose Geoffrey Seibel–an engineer at De Maximus, the firm supervising remediation. Finally, defendants request any information, documents, transcripts, notes, and depositions regarding discussions between the potentially responsible parties and the DeRewals and John Barsum.

Defendants' request for supplemental discovery as to the percentage of DeRewal Chemical waste and the volume of waste attributed to each defendant is denied. This Court's Order of October 30, 2007, resolving the motions to compel (Doc. Nos. 233, 234, 235, and 237) addresses these concerns. For this same reason, defendants' request to re-depose plaintiffs' corporate designees is denied.

With respect to defendant's request to depose Geoffrey Seibel, the Court agrees with plaintiffs that the defendants have known about Mr. Seibel for years and had ample time to depose him. Moreover, defendants offer no explanation as to why Mr. Seibel was not already deposed, or the nature and scope of the discovery they seek to elicit from him. Therefore, defendants' request to depose Geoffrey Seibel is denied.

Finally, defendants make a broad request for information regarding conversations between various individuals on behalf of the plaintiffs and the DeRewals and John Barsum. Plaintiffs assert that the defendants were aware of these conversations prior to April 2005, and therefore this discovery request is untimely. Supporting this statement, plaintiffs cite to Mr. Barsum's affidavit, which was produced by plaintiffs' in their initial production of documents (Pls.' Mot. In Opp'n, Exh. D) and used at his deposition. The Court agrees that this request is untimely. Therefore, defendants' request for supplemental discovery with respect to conversations between representatives of plaintiffs and the DeRewals and Mr. Barsum is denied.

IV.  Plaintiffs' Investigation of Potentially Responsible Parties.

Defendants request supplemental discovery with respect to an investigation conducted by the plaintiffs to determine potentially responsible parties for the Boarhead Farms Site. Defendants argue that this information is relevant because it will allow defendants to determine if there are any other potentially responsible entities who are not parties to this litigation. The defendants' explanation for not pursuing this discovery earlier is because they only became aware of plaintiffs' investigation though documents produced "a little more than a month before the close of fact discovery" and they "did not discover the production of these documents until the Index to the Repository was updated in September 2005." (Def's Mot. at 11.) Defendants request all documents and information pertaining to this investigation and its results.

Plaintiffs set forth two arguments in response. The first argument is that it is implicit from the filing of a contribution claim that the plaintiffs conducted some investigation as to potentially responsible parties. The second argument is that the plaintiffs produced numerous documents to the repository that indicate "scores of entities" that could be potentially responsible parties. (Pls.' Mot. in Opp'n at 11.)

After review of the Document Repository Index sent to defendants on October 28, 2004, it is evident that there are numerous documents implicating many potentially responsible parties who are not parties to this litigation. (See Pls.' Mot. in Opp'n, Exh. F.) As such, defendants' motion requesting supplemental discovery as to plaintiffs' investigation of potentially responsible parties is denied.

V.  Defendant Flexible's Request to Depose Peter Noll.

Defendant Flexible seeks to depose Peter Noll, an employee of Bucks County Department of Health who inspected Flexible's facility in the past. Flexible argues that it first became aware

of Mr. Noll when the plaintiffs referred to him in their response to Interrogatory Number 78 as a person upon whose testimony they would rely. (Defs.' Mot. at 21.) Flexible further asserts that the plaintiffs did not identify Mr. Noll in their responses to its earlier interrogatories. (Id.)

Plaintiffs counter that Mr. Noll was identified in documents produced at beginning of this litigation. (Pls.' Mot. in Opp'n at 12.) Also, plaintiffs argue that Mr. Noll inspected Flexible's own facility and that therefore Flexible should have been aware of Mr. Noll and the potential relevance of information. (Id.) The Court agrees. Flexible's request to depose Peter Noll is denied.

VI. Conclusion

Accordingly, this 29th day of October, 2007, upon consideration of defendants' Motion for Leave to Pursue Supplemental Discovery (Doc. No. 239) and plaintiffs' response thereto (Doc. No. 241), it is hereby ORDERED that defendants' motion is DENIED.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.