IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., ET AL., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED ENVIRONMENTAL | : | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants. | : | |

ORDER

Davis, J                                                                                               October 29, 2007

Presently before the Court is defendant Advanced Environmental Technology Corporation's ("AETC") Motion Requesting Equitable Allocation of the Diaz Chemical "Orphan Share" (Doc. No. 240) and plaintiffs' Memorandum in Opposition (Doc. No. 243). AETC's motion requests the Court to: (1) Declare that Diaz Chemical Corporation's share, if any, is orphaned; and (2) Equitably allocate Diaz Chemical Corporation's share between the responsible plaintiffs and non-settled defendants, if the Court allocates any share of the cleanup costs to Diaz and that share is determined to be orphaned.[1]

In CERCLA cases, an "orphan share" refers to either a hazardous waste stream which is not allocated to any party or to the portion of liability allocated to a defunct or insolvent party. See Action Mfg. Co., Inc. v. Simon Wrecking Co., 428 F. Supp. 2d 288, 328 (E.D. Pa.

---

[1] It should be noted that AETC requests the Court to *equitably* allocate Diaz's orphan share, if any, among the responsible parties, but does not request a specific distribution. (Def's Mot. at 2, 12, and 14.) Because a specific distribution is not requested, AETC presents a question of law which the Court can answer at this time.

2006)("The share of waste from unidentifiable sources or insolvent PRPs is known as the "orphan share" at a CERCLA site."); United States v. Kramer, 953 F. Supp. 592, 595 (D. N.J. 1997)("[I]nability to account for all hazardous wastestreams, or to assign an ideal measure of monetary responsibility to an otherwise responsible party, gives rise to an 'orphan share.'"); United States v. Atlas Minerals and Chemicals, Inc., 1995 WL 510304 *75 (E.D. Pa. 1995)("An 'orphan share' refers to a portion of liability for recoverable costs that would be allocated to a party that is impecunious, not subject to a judgment, or otherwise not available to satisfy a judgment."). In its motion, AETC asserts that Diaz is "defunct and without assets." (Def's Mot. at 4.) The plaintiffs do not dispute this contention. Moreover, in their response to AETC's Interrogatory Number 8, plaintiffs state that Diaz "filed for protection under Chapter 7 of the United States Bankruptcy Code," and "[t]he Trustee indicated that there would be no distribution." (Def's Mot. at 4, Sands Decl., Exh. 2.)

Since Diaz is bankrupt, it will be unable to pay any cleanup cost liability that is allocated to it. Thus, to the extent that any liability is allocated to Diaz, that share of the liability will be an orphan share.[2, 3]

AETC next requests that, in the event Diaz is allocated a share of the liability, that orphan share be equitably distributed between plaintiffs and non-settling defendants. Although the Third

---

[2] It is premature at this stage to allocate any liability, and thus the Court makes no decision on the actual existence of any orphan share.

[3] Plaintiffs' argue that the Diaz *waste stream* is not orphaned because Diaz (as a generator) and AETC (as an arranger) are both liable for the same waste stream. However, AETC is not alleging that the waste stream, or any part of it, is orphaned. Rather, AETC requests this court to find that any *liability* this Court may allocate to Diaz, be declared an orphan share.

Circuit has not addressed the allocation of orphan shares, the District Court of the Eastern District of Pennsylvania, in alignment with most circuits, has held that orphan shares should be allocated equitably among responsible plaintiffs and defendants. Action Mfg. Co., Inc., 428 F. Supp. 2d at 328-29 (citing Morrison Enter. v. McShares, Inc., 302 F.3d 1127, 1135 (10th Cir. 2002); Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp., 153 F.3d 344, 354 (6th Cir. 1998); and Pinal Creek Group v. Newmont Min. Corp., 118 F.3d 1298, 1303 (9th Cir. 1997)). Thus, should a share of liability be allocated to Diaz, this Court will equitably distribute it between the plaintiffs and the non-settling defendants.[4]

For these reasons, defendant AETC's Motion requesting Equitable Allocation of the Diaz Chemical "Orphan Share" (Doc. No. 240) is Granted in part and Denied in Part. Specifically, it is hereby Ordered that the Diaz Chemical Corporation Share, if any, is orphaned. The Court declines to allocate that share, if any, at this time.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.

---

[4] The Court does not determine what constitutes an equitable distribution at this time. The determination of which parties should bear the burden of the orphan share, and how much of the burden, if any, each party should bear, is discretionary. See Action Mfg. Co., Inc., 428 F. Supp. 2d at 329 (allocating orphan share between contribution plaintiffs and defendants)("[T]he allocation of the orphan share is within [the Court's] discretion."); Town of New Windsor v. Tesa Tuck, Inc., 919 F. Supp. 662, 681 (S.D. N.Y. 1996)("Courts can use the powers provided by § 113(f)(1) to allocate any "orphan shares" among viable PRPs, with the result that each viable PRP's allocable share may include a portion of whatever "orphan shares" there are."); Stearns & Foster Bedding Co. v. Franklin Holding Corp., 947 F. Supp. 790, 801 (D. N.J. 1996)(same). This discretionary decision involves a fact-intensive inquiry more appropriately resolved at a later juncture.