Edward Fackenthal, Attorney for Defendant NRM Investment Company
LAW OFFICE OF EDWARD FACKENTHAL
One Montgomery Plaza, Suite 209
Norristown, PA 19401
Attorney I.D. 09462
Tel. 610 279 3370
Fax 610 279 0696
Edwardfackenthal@cs.com

_____

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARHEAD FARM AGREEMENT GROUP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET. AL. | : | |
| | : | |
| Defendants. | : | |

# NRM INVESTMENT COMPANY'S ANSWER TO 5th AMENDED COMPLAINT

Defense to Allegations

Defendant NRM Investment Company (hereafter called "Answering Defendant") admits the allegations contained in paragraphs 4-7; 9-10; 12-15; 17; 19-20; 23 to the extent it avers that Plaintiffs incurred costs regarding OU 1; 56, 60, and the following four paragraphs that merely incorporate other paragraphs of the complaint by reference: 61, 70, 75, and 78. Answering Defendant admits the last sentence of paragraph 11. Answering

Defendant admits paragraph 16 except to the extent it avers or implies that only the cooperating plaintiffs have agreed to do certain work and resolve allocations at a later time; Answering Defendant avers that it is a performing party to the agreement as well and should be made part of an agreement postponing allocations. Answering Defendant admits paragraph 18 except to the extent it avers a cause of action against Answering Defendant and to the extent it is excluded from the Cooperating Plaintiffs in making allocations. Answering Defendant admits paragraph 24, except that Answering Defendant is without knowledge regarding future response costs relative to OU2.

Answering Defendant avers that the following paragraphs make averments either not applicable to the Answering Defendant or Answering Defendant is without knowledge of the truth of the averments: 2-3, 8, 21-22, 23 except as otherwise admitted, 25-26, 32-55, 62-65, 69 except Answering Defendant denies disposal or responsibility for disposal at the Site; and 71-73, 83. Answering Defendant has no knowledge of the averments of 68 except for the averment therein regarding Answering Defendant's alleged disposal, treatment and transport of waste to the Site; Answering Defendant denies that averment.

The following paragraphs are mere conclusions of law not requiring an answer herein; if and to the extent they require an answer, they are denied: 1, the first two sentences of paragraph 11; and paragraphs 27-31; 66-67, 68 other than the reference to NRMC which Answering Defendant denies; 74, 76-77, 79-82, 84-85.

Answer defendant denies every other averment.

## AFFIRMATIVE DEFENSES

NRM Investment Company without admitting any liability hereby asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against Answering Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the statutes of limitation applicable to each claim.

## THIRD AFFIRMATIVE DEFENSE

Arguendo, but without admission, that Plaintiffs incurred response costs consistent with the National Contingency Plan and Spill Act, Answering Defendant is not responsible for any unreasonable costs incurred for the remedial actions taken at the Site.

**FOURTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by the equitable doctrines of estoppel and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Because the harm, if any, is divisible and there is a reasonable basis for dividing the harm, joint and several liability may not be imposed.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover costs, damages, or other relief for hazardous substances for which Answering Defendant did not make treatment or disposal arrangements or which it did not transport.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action under CERCLA insofar as the costs that have been incurred by Plaintiffs or that will be incurred by Plaintiffs: (a) are not response costs within the meaning of CERCLA or the Spill Act or; (b) are not response costs that are consistent with the National Contingency Plan.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the equitable doctrine of laches because the Plaintiffs' Complaint was instituted in an untimely fashion.

**NINTH AFFIRMATIVE DEFENSE**

The acts and omissions of persons other than Answering Defendant, over whom Answering Defendant had no control, were intervening or supervening causes of the injuries, costs and damages allegedly incurred by Plaintiffs. Further, Answering Defendant is not liable since the alleged releases or threats of release of a hazardous substance and the damages allegedly resulting therefrom were solely acts or omissions of third parties other than employees or agents of the Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Upon information and belief, the acts or omissions of Answering Defendant, if any, did not proximately cause any of the response costs or damages of which Plaintiffs now complains; therefore no liability exists on the part of Answering Defendant for any such response costs or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join parties necessary to complete an equitable adjudication of its claims.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint in this matter fails to set forth with sufficient particularity the nature of alleged damages and response costs suffered by Plaintiffs, the date and circumstances in which such damages and response

costs first manifested themselves, and the manner in which conduct of Answering Defendant allegedly caused such damages and response costs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Arguendo, but without admission that any hazardous substance for which Answering Defendant may be liable was treated or disposed of at the Site, such are not present in and have not contributed to any release or threat of release at the Site, were harmless and did not drive any CERCLA remedy.

### FOURTEENTH AFFIRMATIVE DEFENSE

Without admission that Plaintiffs are entitled to any recovery, any such recovery is barred by or must be apportioned under the doctrines of contributory or comparative fault or negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs are not entitled to recover from Answering Defendant more than Answering Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Answering Defendant more than the amount of such relief, if any, for which Answering Defendant is liable.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred insofar as Answering Defendant did not transport to or arrange for disposal at the Site any substances that may be classified as "hazardous" under CERCLA or the Spill Act.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred or limited because (1) Answering Defendant exercised due care in transporting any substances that might have been disposed of at the Site; (2) all conditions, injuries, costs, damages and expenses for which Plaintiff seeks to hold Answering Defendant liable were caused solely by the acts or omissions of third parties other than (a) employees or agents of Answering Defendant or (b) persons whose acts or omissions occurred in connection with a contractual relationship, existing directly or indirectly, with Answering Defendant; and (3) Answering Defendant took precautions against foreseeable acts and omissions of any such third party and the consequences that foreseeably could result from such acts and omissions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs cannot recover from Answering Defendant more than Answering Defendant's fair, equitable and proportionate share of the costs, damages, expenses, and other relief sought by it.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs may not recover from Answering Defendant any amounts that exceed the portion of costs or damages sought that are attributable to any release or threat of release of any hazardous substance allegedly disposed by Answering Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant is entitled to an offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, cost, damages and expenses alleged in the Plaintiff's Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Plaintiff's Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The United States Constitution and applicable state law prevent the retroactive imposition of liability, joint and several or otherwise, for acts and omissions of Answering Defendant that were in compliance with applicable federal, state and local laws and regulations in effect at the time such acts and omission occurred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff has no legal or equitable basis for seeking to impose joint and several liability upon Answering Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The volume and toxicity of any substance that might have been disposed by Answering Defendant to the Site are <u>de minimis</u> -- both in absolute terms and relative to the contributions of other responsible parties -- and therefore insufficient, as a mater of law and pursuant to the <u>de minimis non curat lex</u> doctrine, to give rise to any liability of Answering Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited insofar as they seek to recover costs, damages, expenses and any other type of relief incurred before the effective date of CERCLA on December 11, 1980.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Answering Defendant incorporates by reference all other applicable defenses set forth in the answers of the other Answering Defendants to the Plaintiff's Complaint and, further, will rely upon all defenses which become available during discovery or trial.

WHEREFORE, Answering Defendant prays that the Complaint be dismissed with prejudice, that costs be awarded against the Plaintiffs, and that Answering Defendant be granted such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM OF NRM INVESTMENT COMPANY

## AGAINST PLAINTIFFS

Answering Defendant here makes reference to the Fifth Case Management Order and reserves its rights to assert counter-claims and cross-claims at the appropriate time under 42 U.S.C. 9613 and 9607, 35 Pa. C.S.A. 6020.701, 702 and any other statutory or common law remedy available at such time.

                                          Respectfully submitted,

DATED: January 31, 2008        Signature Code: EF3176
                                          Edward Fackenthal
                                          Attorney for NRM Investment Company

## **CERTIFICATE OF SERVICE**

I, Edward Fackenthal, hereby certify that on this day a copy of Answering Defendant, NRM Investment Company's foregoing Answer to the Third Amended Complaint, Affirmative Defenses and Counterclaim was sent by first class mail and e-mail to each of the following:

**Counsel for Plaintiffs**
Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 – Suite 500, Main Street
Voorhees, NJ  08043-4636
(856) 761-3440
(856) 761-9001 (Fax)
harrisg@ballardspahr.com

**Counsel for Advanced Environmental Technology Corp.**
Laurie J. Sands, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052
Phone:  973-530-2098
Fax : 973-530-2298
lsands@wolffsamson.com

**Counsel for Advanced Environmental Technology Corp.**
Robert M. Morris, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street
P.O. Box 30477
Philadelphia, PA 19103
Phone: 215-568-5621
Fax #:   215-568-3253
rmmorris@morrisadelman.com

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart & Olstein, P.C.
Five Becker Farm Road – 3rd Floor
Roseland, NJ  07068-1739
Phone: (973) 994-1700
Fax: (973) 994-1744
mflax@carellabyrne.com

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
Phone: (212) 308-4411
Fax: (212) 308-4844
lwright@eapdlaw.com

**Counsel for Flexible Circuits**
Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
Phone: (215) 979-1000
Fax: (215) 979-1020
scooley@duanemorris.com

**Counsel for Flexible Circuits**
A. Nicole Friant, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA  19103-7396
Phone: (215) 979-1818
Fax: (215) 979-1020
anfriant@duanemorris.com

**Counsel for Ashland Chemical Company**
Richard Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600, The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
Phone: (215) 546-0500
Fax: (215) 546-9444
rbiedrzycki@pp-b.com

Dated:  January 31, 2008                              <u>Signature Code: EF3176</u>
                                                      Edward Fackenthal