# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | ) ) ) ) ) | Case No. 02-cv-3830 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DEFENDANT AETC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIFTH AMENDED COMPLAINT AND COUNTERCLAIMS AND CROSS-CLAIMS** |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

Defendant, Advanced Environmental Technology Corp. ("AETC"), by and through its counsel, Wolff & Samson PC, by way of Answer to the Fifth Amended Complaint, says:

Plaintiffs begin their Fifth Amended Compliant by referring to all Plaintiffs as "collectively 'Cooperating Plaintiffs'". Throughout the Fifth Amended Complaint, however, the Plaintiffs appear to use the terms "Cooperating Plaintiffs" and "Plaintiffs" interchangeably, resulting in confusion regarding the term "Cooperating Plaintiffs". Since the term "Cooperating" serves no purpose in this Complaint and AETC disagrees that this term describes the Plaintiffs' actions in any manner, AETC throughout its Answer refers to the Plaintiffs collectively as simply "Plaintiffs".

## FACTUAL BACKGROUND

1)      Paragraph 1 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required. To the extent Paragraph 1 is deemed to express facts, AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Fifth Amended Complaint.

2)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Fifth Amended Complaint.

3)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Fifth Amended Complaint. Paragraph 3 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

4)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Fifth Amended Complaint. Paragraph 4 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

5)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Fifth Amended Complaint.

6)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Fifth Amended Complaint.

7)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Fifth Amended Complaint. Paragraph 7 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

8)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Fifth Amended Complaint.

9)      AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Fifth Amended Complaint.

10)     AETC is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 10 of the Fifth Amended Complaint. Paragraph 10 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

11)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Fifth Amended Complaint. Paragraph 11 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

12)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Fifth Amended Complaint. Paragraph 12 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

13)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Fifth Amended Complaint.

14)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Fifth Amended Complaint. Paragraph 14 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

15)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Fifth Amended Complaint. Paragraph 15 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

16)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Fifth Amended Complaint.

17)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Fifth Amended Complaint. Paragraph 17 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

18)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Fifth Amended Complaint. Paragraph 18 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

19)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Fifth Amended Complaint.

20)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Fifth Amended Complaint. Paragraph 20 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

21)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Fifth Amended Complaint. Paragraph 21 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

22)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Fifth Amended Complaint.

23)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Fifth Amended Complaint. Paragraph 23 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer

4

1112104.1

is required.

24)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Fifth Amended Complaint. Paragraph 24 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

25)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Fifth Amended Complaint.  Paragraph 25 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

26)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Fifth Amended Complaint.  Paragraph 26 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

27)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Fifth Amended Complaint.  Paragraph 27 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

## JURISDICTION AND VENUE

28)    Paragraphs 28 of the Fifth Amended Complaint states conclusions of law to which no response is required.

29)    Paragraphs 29 of the Fifth Amended Complaint states conclusions of law to which no response is required.

30)    Paragraphs 30 of the Fifth Amended Complaint states conclusions of law to which

1112104.1

no response is required.

31)    Paragraphs 31 of the Fifth Amended Complaint states conclusions of law to which no response is required.  To the extent Paragraph 31 is deemed to express facts, AETC is without information or knowledge sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Fifth Amended Complaint.

## THE PARTIES

### A.    The Plaintiff

32)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Fifth Amended Complaint.  Paragraph 32 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

### B.    The Defendants

#### Defendant Advanced Environmental Technology Corporation

33)    AETC denies the allegations set forth in Paragraph 33 of the Fifth Amended Complaint.

34)    AETC denies the allegations set forth in Paragraph 34 of the Fifth Amended Complaint.

#### Defendant Ashland Inc.

35)    The allegations set forth in Paragraph 35 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Fifth Amended Complaint.

36)    AETC denies the allegations set forth in Paragraph 36 of the Fifth Amended Complaint.

6

37)    AETC is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the Fifth Amended Complaint.

38)    AETC is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the Fifth Amended Complaint.  Paragraph 38 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

## Defendant Carpenter Technology Corporation

39)    The allegations set forth in Paragraph 39 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Fifth Amended Complaint.

40)    The allegations set forth in Paragraph 40 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Fifth Amended Complaint.

41)    The allegations set forth in Paragraph 41 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Fifth Amended Complaint.

42)    The allegations set forth in Paragraph 42 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Fifth Amended Complaint. Paragraph 42 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

**Defendant Diaz Chemical Corporation**

43)    The allegations set forth in Paragraph 43 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Fifth Amended Complaint.

44)    AETC denies the allegations set forth in Paragraph 44 of the Fifth Amended Complaint.

45)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Fifth Amended Complaint.

46)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Fifth Amended Complaint. Paragraph 46 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

**Defendant fcg, inc.**
**(a/k/a Flexible Circuits, Inc.)**

47)    The allegations set forth in Paragraph 47 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Fifth Amended Complaint.

48)    The allegations set forth in Paragraph 48 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Fifth Amended Complaint.

49)    The allegations set forth in Paragraph 49 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Fifth Amended Complaint.

50)    The allegations set forth in Paragraph 50 of the Fifth Amended Complaint are not

with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Fifth Amended Complaint. Paragraph 50 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

51)    The allegations set forth in Paragraph 51 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Fifth Amended Complaint. Paragraph 51 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

### Defendant Handy & Harman Tube Company

52)    The allegations set forth in Paragraph 52 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Fifth Amended Complaint.

53)    The allegations set forth in Paragraph 53 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Fifth Amended Complaint.

54)    The allegations set forth in Paragraph 54 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Fifth Amended Complaint.

55)    The allegations set forth in Paragraph 55 of the Fifth Amended Complaint are not with respect to AETC. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Fifth Amended Complaint.

Paragraph 55 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

**Defendant NRM Investment Company**

56)    The allegations set forth in Paragraph 56 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Fifth Amended Complaint.

57)    The allegations set forth in Paragraph 57 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Fifth Amended Complaint.

58)    The allegations set forth in Paragraph 58 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Fifth Amended Complaint.

59)    The allegations set forth in Paragraph 59 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Fifth Amended Complaint. Paragraph 59 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

60)    The allegations set forth in Paragraph 60 of the Fifth Amended Complaint are not with respect to AETC.  AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Fifth Amended Complaint.

1112104.1

## COUNT I
### (CERCLA Section 107(a))

61)     AETC repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 60 of the Fifth Amended Complaint as if fully set forth herein.

62)     Paragraph 62 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 62 is deemed to express facts, AETC denies the allegations set forth in Paragraph 62 of the Fifth Amended Complaint.

63)     Paragraph 63 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 63 is deemed to express facts, AETC denies the allegations set forth in Paragraph 63 of the Fifth Amended Complaint.

64)     Paragraph 64 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 64 is deemed to express facts, AETC denies the allegations set forth in Paragraph 64 of the Fifth Amended Complaint.

65)     Paragraph 65 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 65 is deemed to express facts, AETC denies the allegations set forth in Paragraph 65 of the Fifth Amended Complaint.

66)     Paragraph 66 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.

67)     Paragraph 67 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.

68)     Paragraph 68 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 68 is deemed to express facts, AETC denies the allegations set forth in Paragraph 68 of the Fifth Amended Complaint.

11

69)    Paragraph 69 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent that Paragraph 69 is deemed to express facts, AETC denies the allegations set forth in Paragraph 69 of the Fifth Amended Complaint.

## COUNT II
### (CERCLA Section 113(f))

70)    AETC repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 69 of the Fifth Amended Complaint as if fully set forth herein.

71)    Paragraph 71 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 71 is deemed to express facts, AETC denies the allegations set forth in Paragraph 71 of the Fifth Amended Complaint.

72)    AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Fifth Amended Complaint.  Paragraph 72 of the Fifth Amended Complaint also contains Plaintiffs' conclusions of law to which no answer is required.

73)    Paragraph 73 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 73 is deemed to express facts, AETC denies the allegations set forth in Paragraph 73 of the Fifth Amended Complaint.

74)    Paragraph 74 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.  To the extent Paragraph 74 is deemed to express facts, AETC denies the allegations set forth in Paragraph 74 of the Fifth Amended Complaint.

1112104.1

**COUNT III**
**(CERCLA Section 113(g)(2) Declaratory Judgment)**

75)      AETC repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 74 of the Fifth Amended Complaint as if fully set forth herein.

76)      Paragraph 76 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.   To the extent Paragraph 76 is deemed to express facts, AETC denies the allegations set forth in Paragraph 76 of the Fifth Amended Complaint.

77)      Paragraph 77 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.   To the extent Paragraph 77 is deemed to express facts, AETC denies the allegations set forth in Paragraph 77 of the Fifth Amended Complaint.

**COUNT IV**
**(Pennsylvania Hazardous Sites Cleanup Act)**

78)      AETC repeats and realleges each and every response to the allegations set forth in Paragraphs 1 through 77 of the Fifth Amended Complaint as if fully set forth herein.

79)      Paragraph 79 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.

80)      Paragraph 80 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.

81)      Paragraph 81 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.

82)      Paragraph 82 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required.   To the extent Paragraph 82 is deemed to express facts, AETC denies the allegations set forth in Paragraph 82 of the Fifth Amended Complaint.

1112104.1

83) Paragraph 83 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required. To the extent Paragraph 83 is deemed to express facts, AETC denies the allegations set forth in Paragraph 83 of the Fifth Amended Complaint.

84) Paragraph 84 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required. To the extent Paragraph 84 is deemed to express facts, AETC denies the allegations set forth in Paragraph 84 of the Fifth Amended Complaint.

85) Paragraph 85 of the Fifth Amended Complaint contains Plaintiffs' conclusions of law to which no answer is required. To the extent Paragraph 85 is deemed to express facts, AETC denies the allegations set forth in Paragraph 85 of the Fifth Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against AETC, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not incurred response costs that exceed their allocable share of such costs under either CERCLA or the Pennsylvania Hazardous Sites Cleanup Act.

### THIRD AFFIRMATIVE DEFENSE

If AETC is liable to Plaintiffs, which AETC denies, its liability is limited to response costs attributable to the release at the Site of materials allegedly brokered by AETC, which costs are divisible from the response costs attributable to materials generated by other parties.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' CERCLA claims against AETC fail because AETC does not fall within any of

14

the four classes of potentially responsible parties under Section 107(a) of CERCLA, 42 U.S.C. §9607(a).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Pennsylvania Hazardous Sites Cleanup Act claim against AETC fails because AETC does not meet the statutory requirement of liability.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' costs are not necessary costs under CERCLA.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the costs they have paid are not consistent with the National Contingency Plan.

### EIGHTH AFFIRMATIVE DEFENSE

Any and all damages allegedly sustained, or to be sustained, by Plaintiffs are the result of acts or omissions of third parties with whom AETC had no contractual relationship and over whom AETC had no control.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against AETC shall be reduced and/or offset by any settlements entered into by the Plaintiffs with any other potentially responsible party.

### TENTH AFFIRMATIVE DEFENSE

No acts or omissions of AETC, alone or in combination, have been an actual cause, "but for" cause, contributing cause, or substantial factor in causing the alleged injury and harm complained of by Plaintiffs.

1112104.1

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' contributory negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutory and common law statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary parties needed for a just adjudication of the claims asserted in this action, in whose absence complete relief cannot be accorded the existing parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by its failure to properly mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have no liability for claims asserted by the government after the applicable statute of limitations has expired with respect to such claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not "incurred" cleanup costs at the Site as required for recovery under Section 107 of CERCLA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot assert claims

1112104.1

for the same costs under both Section 113 and 107 of CERCLA, which sections provide clearly distinct remedies.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 107 of CERCLA are barred, in whole or in part, because Plaintiffs were compelled to pay costs pursuant to a Consent Decree and therefore such costs were not voluntarily incurred by Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they seek costs beyond costs allowed for under CERCLA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any Plaintiff that did not sign a Consent Decree but paid costs to those Plaintiffs that were signatories to a Consent Decree has no claims under Section 107 or 113 of CERCLA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any claims made to satisfy a Consent Decree, settlement agreement or a court judgment are not recoverable under Section 107 of CERCLA.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff seeks inequitable allocation of costs under their Section 107 or 113 CERCLA claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The filing by AETC of a Counterclaim under Section 113 of CERCLA authorizes this Court to equitably distribute costs without regard to any defenses that may be raised by Plaintiffs to a Section 113 CERCLA Counterclaim.

17

1112104.1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a result of Plaintiffs failing to internally allocate their costs, this Court cannot equitably allocate costs among all parties and therefore Plaintiffs' claims are barred.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Given that Plaintiffs have denied liability for the cleanup costs at the Site, Plaintiffs' Section 113 CERCLA claims are barred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Section 107 CERCLA claims are barred, in whole or in part, because such claims involve the costs of reimbursing others for costs incurred at the Site.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If AETC is liable to Plaintiffs, which AETC denies, such activities resulting in liability were de minimis and not the cause of any damages or injuries alleged to have been sustained by Plaintiffs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the United States Constitution prevents the retroactive imposition of liability, joint and several or otherwise, for acts and omissions of AETC that were in compliance with applicable federal, state and local laws and regulations in effect at the time such acts and omissions occurred.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to recover costs incurred prior to the effective date of CERCLA.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

If AETC is liable to Plaintiffs, which AETC denies, its liability is limited to its fair,

18

1112104.1

equitable, and proportionate share of the response costs incurred, taking into account: (a) the liability and prior and subsequent conduct of the Plaintiffs and all other defendants in the action; and (b) AETC's rights to set-off and or recoupment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

AETC hereby incorporates by reference all affirmative defenses raised by any other defendant to the extent those defenses respond to allegations of the Fifth Amended Complaint as similar to those addressed to AETC except to the extent such defenses would shift liability to AETC.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

AETC reserves the right to assert any affirmative defense that may become available between now and the time that judgment, if any, is rendered in this action.

**WHEREFORE**, AETC demands judgment, dismissing the Fifth Amended Complaint and all claims therein with prejudice, to enter judgment against Plaintiffs and in favor of AETC, to award AETC its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

### COUNTERCLAIMS

Defendant AETC by way of its Counterclaims against Plaintiffs, states as follows:

### JURISDICTION AND VENUE

1)      If jurisdiction is proper with respect to AETC pursuant to 28 U.S.C. § 1367 and 42 U.S.C. § 9613(b), it is proper with respect to Plaintiffs for the purpose of these Counterclaims.

2)      This Court has jurisdiction over state law and common law Counterclaims asserted herein under the doctrines of ancillary and pendent jurisdiction and pursuant to the

1112104.1

supplemental jurisdictions provision of 22 U.S.C. § 1367(a).

3)     If venue is proper as to AETC, it is proper with respect to Plaintiffs for purposes of these Counterclaims.

**FIRST COUNTERCLAIM**
**(Contribution Pursuant to CERCLA)**

4)     AETC repeats and realleges the allegations set forth in Paragraphs 1 through 3 of AETC's Counterclaims as if fully set forth herein.

5)     Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA section 107(a), 42 U.S.C. § 9607(a).

6)     Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides that any person may seek a declaration of liability for "response costs" or "damages," as these terms are defined in sections 101(23), (24), and (25) of CERCLA, 42 U.S.C. § 9601(6).

7)     Plaintiffs are "persons" as defined in section 101(21) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a).

8)     To the extent that the Boarhead Farm Site (the "Site") is found to be a "facility" as defined in section 101(9) of CERCLA, 42 U.S.C. § 9601(9), and to the extent that the use, storage, discharge, release, and/or disposal of materials or substances at the Site is found to have resulted in a "release," or "threatened release," of a hazardous substance, as these terms are defined in section 101(22) of CERCLA, 42 U.S.C. § 9601(22), at, in, or upon the Site, Plaintiffs are jointly and severally liable pursuant to section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), for response costs and damages, incurred or to be incurred at the Site.

9)     On information and belief, Plaintiffs are liable as persons under section 107(a) of CERCLA, 42 U.S.C. §9607(a). To the extent that Plaintiffs' actions and omissions have caused or

20

contributed to a release or threat of release of hazardous substances at the Site, Plaintiffs are jointly and severally liable.

10)     In the event that AETC is held liable in connection with the Site, AETC is entitled to contribution and to recover from Plaintiffs, pursuant to section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), all response costs, damages, and expenses AETC may incur relating to the Site.

11)     Pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2), AETC is entitled to a declaration that Plaintiffs are liable to AETC for all or part of the response costs, damages and expenses that AETC may incur in connection with the Site.

## SECOND COUNTERCLAIM
### (Cost Recovery Pursuant to CERCLA)

12)     AETC repeats and realleges the allegations set forth in Paragraphs 1 through 11 of AETC's Counterclaims as if fully set forth herein.

13)     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides that any person who is liable or potentially liable under CERCLA section 107(a) is jointly and severally liable for any necessary costs of response incurred by any other person consistent with the National Contingency Plan ("NCP").

14)     To the extent AETC incurs any response costs in connection with the Site, AETC is entitled to recover such costs from Plaintiffs pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a).

## THIRD COUNTERCLAIM
### (Contribution Pursuant to the Pennsylvania Hazardous Sites Cleanup Act)

15)     AETC repeats and realleges the allegations set forth in Paragraphs 1 through 14 of AETC's Counterclaims as if fully set forth herein.

1112104.1

16)     Pursuant to Section 701, 702(a)(3) of the Pennsylvania Hazardous Sites Cleanup Act, a discharger has a right of contribution from any other discharger or person in any way responsible for a discharged hazardous substance.

17)     In the event that AETC is adjudged by this Court to be jointly and severally liable under the Pennsylvania Hazardous Sites Cleanup Spill Act with Plaintiffs, AETC is entitled to and hereby seeks contribution from Plaintiffs for all judgments, damages, costs, and expenses AETC may incur relating to the Site.

### FOURTH COUNTERCLAIM
**(Common Law Indemnification)**

18)     AETC repeats and realleges the allegations set forth in Paragraphs 1 through 17 of AETC's Counterclaims as if fully set forth herein.

19)     As between Plaintiffs and AETC, responsibility, if any, for the relief sought under the Fifth Amended Complaint rests primarily with Plaintiffs, and Plaintiffs are obliged to indemnify AETC for any and all sums that AETC has paid or may be compelled to pay, including attorneys' fees, if AETC is held liable for any relief sought in the Fifth Amended Complaint.

20)     As between Plaintiffs and AETC, responsibility, if any, for the relief sought under the Fifth Amended Complaint rests primarily with Plaintiffs, and AETC is entitled to contribution from Plaintiffs for any costs, damages, expenses, or sums that AETC has paid or may be compelled to pay if AETC is held liable for any relief sought in the Fifth Amended Complaint.

### FIFTH COUNTERCLAIM
**(Contribution Under Common Law and State Statutes)**

21)     AETC repeats and realleges the allegations set forth in Paragraphs 1 through 20 of AETC's Counterclaims as if fully set forth herein.

22

1112104.1

22)    In the event that AETC is adjudged by this Court to be a joint tortfeasor with Plaintiffs for any judgment, damages, costs, or any other expenses relating to the Site, AETC is entitled to and hereby seeks contribution from Plaintiffs for all such judgments, damages, costs, and expenses pursuant to principles of common law contribution, the Pennsylvania Comparative Negligence Act, 42 <u>Pa. C.S.</u> §7102, <u>et seq.</u>, and the Pennsylvania Uniform Contribution Among Joint Tortfeasors Act, 42 <u>Pa. C.S.</u> §8321, <u>et seq.</u>

**WHEREFORE**, AETC prays for judgment in its favor and against Plaintiffs together with costs, fees, expenses and such other relief as this Court deems proper, just and reasonable.

### CROSS-CLAIMS

Defendant AETC by way of its Cross-Claims against other Defendants states as follows:

### NOTICE AND JURISDICTION OF CROSS-CLAIMS

1)    The Cross-Claims set forth herein arise out of the same transactions and occurrences that are set forth in the Fifth Amended Complaint.

2)    If jurisdiction is proper with respect to the Fifth Amended Complaint, it is proper with respect to Defendants for the purpose of these Cross-Claims.

### FIRST CROSS-CLAIM
#### (Contribution Pursuant to CERCLA)

3)    AETC repeats and realleges the allegations set forth in Paragraphs 1 and 2 of AETC's Cross-Claims as if fully set forth herein.

4)    CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA section 107(a), 42 U.S.C. § 9607(a).

5)    CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that any person may seek a declaration of liability for "response costs" or "damages," as these terms are defined in

23

CERCLA sections 101(23), (24), and (25), 42 U.S.C. §§ 9601(23), (24), and (25), and CERCLA section 101(6), 42 U.S.C. § 9601(6).

6) Defendants, other than AETC, are each "persons" as defined in CERCLA section 101(21) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a).

7) Defendants, other than AETC, are each liable under CERCLA section 107(a), 42 U.S.C. § 9607(a).

8) On information and belief, Defendants, other than AETC, released, discharged, and/or disposed and/or arranged for the treatment or disposal of hazardous substances, as that term is defined under CERCLA section 101(14), 42 U.S.C. § 9601(14), at the Site.

9) To the extent that the Site is found to be a "facility" as defined in CERCLA section 101(9), 42 U.S.C. § 9601(9), and to the extent that the use, storage, discharge, release, and/or disposal of materials or substances upon, or adjacent to the Site is found to have resulted in a "release," or "threatened release," of a hazardous substance, as these terms are defined in CERCLA section 101(22), 42 U.S.C. § 9601(22), which release has caused, continues to cause, and/or threatens to cause contamination of the environment below, within and adjacent to the Site, including contamination of soil, surface water, or groundwater resources at, upon, or under the Site, then Defendants, other than AETC, are liable pursuant to CERCLA section 107(a), 42 U.S.C. §9607(a), for response costs and damages, incurred at the Site consistent with the NCP.

10) Pursuant to CERCLA section 113(f)(1), 42 U.S.C. §9613(f)(1), in the event AETC is held liable in connection with this Site, AETC is entitled to contribution from each Defendant for all or part of the response costs and damages AETC has incurred or may incur with regard to the Site.

24

1112104.1

11)     Pursuant to CERCLA section 113(g)(2), 42 U.S.C. §9613(g)(2), AETC is entitled to a declaration that each Defendant is liable to AETC for all or part of the response costs and damages which AETC has incurred or may incur in connection with the Site.

## SECOND CROSS-CLAIM
### (Cost Recovery Pursuant to CERCLA)

12)     AETC repeats and realleges the allegations set forth in Paragraphs 1 through 11 of AETC's Cross-Claims as if fully set forth herein.

13)     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides that any person who is liable or potentially liable under CERCLA section 107(a) is jointly and severally liable for any necessary costs of response incurred by any other person consistent with the National Contingency Plan ("NCP").

14)     To the extent AETC incurs any response costs, past or future, in connection with the Site, AETC is entitled to recover such costs from each Defendant pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a).

## THIRD CROSS-CLAIM
### (Contribution Pursuant to the Pennsylvania Hazardous Sites Cleanup Act)

15)     AETC repeats and realleges the allegations set forth in Paragraphs 1 through 14 of AETC's Cross-Claims as if fully set forth herein.

16)     Pursuant to Section 701, 702(a)(3) of the Pennsylvania Hazardous Sites Cleanup Act, a discharger has the right of contribution from any other discharger or person in any way responsible for a discharged hazardous substance.

17)     In the event that AETC is adjudged by this Court to be jointly and severally liable under the Pennsylvania Hazardous Sites Cleanup Act with any Defendant, AETC is entitled to and

1112104.1

hereby seeks contribution from each Defendant for all judgments, damages, costs, and expenses AETC may incur relating to the Site.

## FOURTH CROSS-CLAIM
### (Contribution Under Common Law and State Statutes)

18)    AETC repeats and realleges the allegations set forth in Paragraphs 1 through 17 of AETC's Cross-Claims as if fully set forth herein.

19)    In the event that AETC is adjudged by this Court to be a jointly and severally liable tortfeasor with any Defendant or with Plaintiffs, for any judgment, damages, costs or any other expenses relating to the Site, AETC is entitled to and hereby seeks contribution from each Defendant for all such judgments, damages, costs and expenses pursuant to principles of common law contribution, the Pennsylvania Comparative Negligence Act, 42 Pa. C.S. §7102, et seq., and the Pennsylvania Uniform Contribution Among Joint Tortfeasors Act, 42 Pa. C.S. §8321, et seq.

## FIFTH CROSS-CLAIM
### (Common Law Indemnification)

20)    AETC repeats and realleges the allegations set forth in Paragraphs 1 through 19 of AETC's Cross-Claims as if fully set forth herein.

21)    As between AETC and Defendants, responsibility, if any, for the relief sought under the Fifth Amended Complaint rests primarily with the other Defendants and the other Defendants are obliged to indemnify AETC for any and all sums which AETC has paid or may be compelled to pay, including attorneys' fees, if AETC is held liable for any relief sought in the Fifth Amended Complaint.

22)    As between Defendants and AETC, responsibility, if any, for the relief sought under the Fifth Amended Complaint rests primarily with the other Defendants, and AETC is entitled to contribution from the other Defendants and each of them for any costs, damages, expenses, or sums

26

that AETC has paid or may be compelled to pay if AETC is held liable for any relief sought in the Amended Complaint.

**WHEREFORE**, AETC prays for judgment in its favor and against the other Defendants together with costs, fees, expenses and such other relief as this Court deems proper, just and reasonable.

WOLFF & SAMSON PC
A Professional Corporation
Attorneys for Defendant
Advanced Environmental
Technology Corp.

By: _____
    JOHN A. MCKINNEY, Jr.
    JMcKinney@wolffsamson.com

Dated: January 31, 2008

27

1112104.1

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused by the Court's electronic notification system and by first class mail, postage prepaid, a true and correct copy of the foregoing Answer, Affirmative Defenses, Counterclaims and Cross-Claims to be served upon all counsel of record.

/s/ Laurie J. Sands
LAURIE J. SANDS

January 31, 2008

1112104.1