**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI AUTOMOTIVE SYSTEMS LLC, | : : : : : | CIVIL ACTION NO. 02-cv-3830 (LDD) |
| Plaintiffs, | : : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : | |

**HANDY & HARMAN TUBE COMPANY'S**
**ANSWER TO FIFTH AMENDED COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Defendant, Handy & Harman Tube Company ("Handy & Harman Tube"), by way of answer to the Fifth Amended Complaint responds as follows:

**AS TO THE FACTUAL BACKGROUND**

1.      Handy & Harman Tube admits that paragraph 1 of the Fifth Amended Complaint asserts that plaintiffs seek contribution and a declaratory judgment but denies that plaintiffs are entitled to any such relief.

2.      Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Fifth Amended Complaint.

3.      Handy & Harman Tube denies the allegations contained in paragraph 3 of the Fifth Amended Complaint except admits that Boarhead Corporation purchased the property which is the subject of this litigation in 1969.

4.      Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Fifth Amended Complaint.

5.      Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Fifth Amended Complaint.

6.      Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Fifth Amended Complaint.

7.      Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Fifth Amended Complaint.

8.      Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Fifth Amended Complaint.

9.      Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Fifth Amended Complaint.

10.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Fifth Amended Complaint.

11.     The allegations contained in the first sentence of paragraph 11 of the Fifth Amended Complaint is a conclusion of law to which no response is required. To the extent any response is required, Handy & Harman Tube denies the allegations contained in the first sentence of paragraph 11. Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Fifth Amended Complaint.

12.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Fifth Amended Complaint.

13.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Fifth Amended Complaint.

14.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Fifth Amended Complaint.

15.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Fifth Amended Complaint.

16.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Fifth Amended Complaint.  By way of further response, the purported agreement among the plaintiffs that they will at some future time and not in this litigation reach a final allocation amongst themselves is improper, against public policy and is in conflict with the Court's statutory duty to allocate recoverable response costs among liable parties using such equitable factors as the Court deems appropriate.  Moreover, this allegation seeks to preclude the Court from determining if any of the plaintiffs are substantively entitled to assert claims for contribution and/or declaratory relief and each plaintiff must prove its entitlement to assert a claim for contribution and/or declaratory relief.

17.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Fifth Amended Complaint.

18.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Fifth Amended Complaint.

19.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Fifth Amended Complaint.

20.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Fifth Amended Complaint.

21.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Fifth Amended Complaint.

22.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Fifth Amended Complaint.

23.     Paragraph 23 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 23 of the Fifth Amended Complaint.

24.    Paragraph 24 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 24 of the Fifth Amended Complaint.

25.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Fifth Amended Complaint.

26.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Fifth Amended Complaint.  By way of further response, Handy & Harman states that to the extent paragraph 26 seeks to recover from defendants money alleged to have been paid for the remediation at the Site, plaintiffs' claims are barred as set forth in the January 11, 2008 Memorandum and Order.

27.    Handy & Harman Tube denies the allegations contained in paragraph 27 of the Fifth Amended Complaint.  By way of further response, Handy & Harman states that to the extent paragraph 26 seeks to recover from defendants money alleged to have been paid for the remediation at the Site, plaintiffs' claims are barred as set forth in the January 11, 2008 Memorandum and Order.

## AS TO JURISDICTION AND VENUE

28.    Paragraph 28 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.

29.    Paragraph 29 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.

30.    Paragraph 30 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 30.

31.    Paragraph 31 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 31.

## AS TO THE PARTIES

32.    Paragraph 32 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Fifth Amended Complaint.

33.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Fifth Amended Complaint.

34.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Fifth Amended Complaint.

35.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Fifth Amended Complaint.

36.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Fifth Amended Complaint.

37.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Fifth Amended Complaint.

38.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Fifth Amended Complaint.

39.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Fifth Amended Complaint.

40.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Fifth Amended Complaint.

41.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Fifth Amended Complaint.

42.     Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Fifth Amended Complaint.

43.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Fifth Amended Complaint.

44.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Fifth Amended Complaint.

45.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Fifth Amended Complaint.

46.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Fifth Amended Complaint.

47.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Fifth Amended Complaint.

48.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Fifth Amended Complaint.

49.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Fifth Amended Complaint.

50.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Fifth Amended Complaint.

51.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Fifth Amended Complaint.

52.    Handy & Harman Tube admits the allegations contained in paragraph 52 of the Fifth Amended Complaint.

53.    Handy & Harman Tube denies the allegations contained in paragraph 53 of the Fifth Amended Complaint.

54.    Handy & Harman Tube denies the allegations contained in paragraph 54 of the Fifth Amended Complaint.

55.    Handy & Harman Tube denies the allegations contained in paragraph 55 of the Fifth Amended Complaint.

56.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Fifth Amended Complaint.

57.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Fifth Amended Complaint.

58.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Fifth Amended Complaint.

59.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Fifth Amended Complaint.

60.    Handy & Harman Tube is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Fifth Amended Complaint.

## AS TO COUNT I
### (CERCLA Section 107(a))

61.    Handy & Harman Tube repeats and reiterates its responses to paragraphs 1 through 60 of the Fifth Amended Complaint as if set forth at length herein.

62.    Paragraph 62 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 62.

63.    Paragraph 63 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 63.

64.    Paragraph 64 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 64.

65.    Paragraph 65 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 65.

66.    Paragraph 66 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 66.

67.    Paragraph 67 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 67.

68.    Paragraph 68 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 68.

69.    Paragraph 69 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 69.

WHEREFORE, Handy & Harman Tube demands judgment against plaintiffs as follows:

(a)    Dismissing Count I with prejudice;

(b)    Awarding Handy & Harman Tube attorneys' fees;

(c)    Awarding Handy & Harman Tube costs;

(d)    Providing for such other relief as the court deems equitable and just.

## AS TO COUNT II
### (CERCLA Section 113(f))

70.     Handy & Harman Tube repeats and reiterates its responses to paragraphs 1 through 69 of the Fifth Amended Complaint as if set forth at length herein.

71.     Paragraph 71 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 71.

72.     Paragraph 72 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 72.

73.     Paragraph 73 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 73.

74.     Paragraph 74 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 74.

WHEREFORE, Handy & Harman Tube demands judgment against plaintiffs as follows:

(a)     Dismissing Count II with prejudice;

(b)     Awarding Handy & Harman Tube attorneys' fees;

(c)     Awarding Handy & Harman Tube costs;

(d)     Providing for such other relief as the court deems equitable and just.

## AS TO COUNT III
### (CERCLA Section 113(g)(2) Declaratory Judgment)

75.    Handy & Harman Tube repeats and reiterates its responses to paragraphs 1 through 74 of the Fifth Amended Complaint as if set forth at length herein.

76.    Paragraph 76 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 76.

77.    Paragraph 77 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 77.

WHEREFORE, Handy & Harman Tube demands judgment against plaintiffs as follows:

(a)    Dismissing Count III with prejudice;

(b)    Awarding Handy & Harman Tube attorneys' fees;

(c)    Awarding Handy & Harman Tube costs;

(d)    Providing for such other relief as the court deems equitable and just.

## AS TO COUNT IV
### (Pennsylvania Hazardous Sites Cleanup Act)

78.    Handy & Harman Tube repeats and reiterates its responses to paragraphs 1 through 77 of the Fifth Amended Complaint as if set forth at length herein.

79.    Paragraph 79 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 79.

80.    Paragraph 80 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 80.

81.    Paragraph 81 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 81.

82.    Paragraph 82 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 82.

83.    Paragraph 83 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 83.

84.    Paragraph 84 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 84.

85.    Paragraph 85 of the Fifth Amended Complaint calls for a legal conclusion to which no response is required.  To the extent any response is required, Handy & Harman Tube denies the allegations contained in paragraph 85.

WHEREFORE, Handy & Harman Tube demands judgment against plaintiffs as follows:

(a)    Dismissing Count IV with prejudice;

(b)    Awarding Handy & Harman Tube attorneys' fees;

(c)    Awarding Handy & Harman Tube costs;

(d)     Providing for such other relief as the court deems equitable and just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Fifth Amended Complaint fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, statutes of repose and/or the doctrine of laches.

### Third Affirmative Defense

Handy & Harman Tube qualifies for one or more of the defenses to liability set forth in CERCLA, the Pennsylvania Hazardous Sites Cleanup Act and/or other applicable federal and state laws and regulations.

### Fourth Affirmative Defense

Any harm caused by the releases and/or discharges of hazardous substances at or from the site is divisible, in whole or in part.

### Fifth Affirmative Defense

No act or omission of Handy & Harman Tube was the actual, proximate or legal cause of any harm, damage or cost alleged by plaintiffs.

### Sixth Affirmative Defense

While denying it is responsible for any of the response costs and other costs incurred at the Site, Handy & Harman Tube's equitable share of the response costs and other costs incurred at the site is zero.

### Seventh Affirmative Defense

Plaintiffs have not incurred any costs that are recoverable under CERCLA or the Pennsylvania Hazardous Sites Cleanup Act. Any costs incurred by plaintiffs were unreasonable, duplicative, wasteful, inconsistent with the National Contingency Plan and/or not authorized or approved by the EPA.

### Eighth Affirmative Defense

Plaintiffs' costs and damages, if any, are the result of actions of other parties over whom Handy & Harman Tube does not have control.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, or recovery from Handy & Harman Tube must be reduced or eliminated, under general equitable principles, including the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

### Tenth Affirmative Defense

Handy & Harman Tube's contribution to the alleged harm at issue, if any, was *de minimus.*

### Eleventh Affirmative Defense

Plaintiffs failed to mitigate their costs or damages, if any.

### Twelfth Affirmative Defense

Without admitting liability, in the event Handy & Harman Tube is held liable or responsible for any acts alleged in the Fifth Amended Complaint, Handy & Harman Tube's liability should be proportionately limited to its contribution to the alleged release, discharge, harm and/or hazard, taking into account the contribution and/or negligence of all other persons

including plaintiffs and/or other parties who contributed to or are responsible for the alleged release, discharge, harm and/or hazard.

### Thirteenth Affirmative Defense

Plaintiffs cannot recover any of its costs at the site because it failed to comply with all statutory and/or regulatory conditions precedent.

### Fourteenth Affirmative Defense

Any claims for joint and several liability by plaintiffs are barred because, to the extent any harm exists, that harm is divisible, and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.

### Fifteenth Affirmative Defense

To the extent other parties not named in the case are responsible for any alleged claims or damages by plaintiffs, such claims against Handy & Harman Tube are barred by plaintiffs' failure to join such parties.

### Sixteenth Affirmative Defense

Plaintiffs cannot recover from Handy & Harman Tube any damages or costs not yet incurred.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the damages and costs it seeks are too speculative or remote.

### Eighteenth Affirmative Defense

Handy & Harman Tube is not a joint tortfeasor with respect to any of the alleged damage, costs or harm at the site.

### Nineteenth Affirmative Defense

Plaintiffs' claims for recovery of attorneys' fees and EPA oversight costs are barred, in whole or in part, by applicable case law.

### Twentieth Affirmative Defense

Plaintiffs' claims for contribution and declaratory relief are barred, in whole or in part, by plaintiffs' failure to prove that each of them have paid and/or are obligated to pay more than their equitable fair share of response costs.

### Twenty-First Affirmative Defense

Agere and TI's contribution claims are barred, in whole or in part, to the extent that they have not been asserted during or following a civil action under Section 9606 or 9607(a) of CERCLA, as is statutorily required under Section 9613(f)(1) of CERCLA.

### Twenty-Second Affirmative Defense

Plaintiffs' contribution claims are barred, in whole or in part, to the extent that they have not resolved their liability to the United States for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement, as is statutorily required under Section 9613(f)(3)(B) of CERCLA.

### Twenty-Third Affirmative Defense

Plaintiffs' HSCA contribution claims are barred, in whole or in part, to the extent that they have not been asserted during or following a civil action under Section 507 or 1101 of HSCA as is statutorily required under Section 705 of HSCA.

## Twenty-Fourth Affirmative Defense

Handy & Harman Tube incorporates by reference all other defenses asserted by any other party and hereby reserves the right to add any additional defenses that it may deem appropriate as discovery is conducted in this case.

## Cross-Claims and Counterclaims

Handy & Harman Tube hereby asserts all cross-claims and counterclaims for contribution pursuant to CERCLA and Pennsylvania Hazardous Sites Cleanup Act as permitted by and in accordance with paragraph 1 of the June 16, 2004 Case Management Order.

Date:   January 31, 2008
        Roseland, New Jersey        By: _____ MF1386
                                        MELISSA E. FLAX
                                        CARELLA, BYRNE, BAIN, GILFILLAN,
                                        CECCHI, STEWART & OLSTEIN
                                        5 Becker Farm Road -- 3rd Floor
                                        Roseland, New Jersey 07068
                                        Tel. No.: (973) 994-1700
                                        Fax. No.: (973) 994-1744
                                        Attorneys for Defendant
                                        Handy & Harman Tube Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on January 31, 2008, a true and correct copy of the foregoing Answer to Fifth Amended Complaint and Affirmative Defenses was served by email and first class mail, postage prepaid, upon each of the parties set forth in the attached Service List.

Date: January 31, 2008                    MF1386

MELISSA E. FLAX
CARELLA, BYRNE, BAIN, GILFILLAN
    CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
Tel. No.: (973) 994-1700
Fax. No.: (973) 994-1744
Attorneys for Defendant
Handy & Harman Tube Company, Inc.

## SERVICE LIST

***Boarhead Farm Agreement Group v. AETC, et al.***
***Civil Action No. 02-cv-3830 (LDD)***

COUNSEL FOR PLAINTIFFS:

***Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Automotive Systems LLC***

Glenn A. Harris, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, New Jersey 08043-4636
E-mail: harris@ballardspahr.com

Monique M. Mooney, Esq.
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street
51st Floor
Philadelphia, Pennsylvania 19103
E-mail: mooney@ballardspahr.com

COUNSEL FOR DEFENDANTS:

***Advanced Environmental Technology Corp.***
Laurie Sands, Esq.
Wolff & Samson, P.C.
One Boland Drive
West Orange, NJ 07052
Email: tsabino@wolffsamson.com

***Ashland, Inc.***
Richard Biedrzycki, Esq.
Phelan, Pettit & Biedrzycki
The North American Building
121 South Broad Street, Suite 1600
Philadelphia, Pennsylvania 19107
Email: rbiedrzycki@pp-b.com

***Carpenter Technology Corporation***
Lynn Wright, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022
Email: lwright@ealaw.com

Christopher R. Booth, Jr
Booth and Tucker
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, Pennsylvania 19103
Email: cbooth@boothtucker.com

***Etched Circuits, Inc. & Fcg, Inc. (Flexible Circuits)***
Seth v.d.H. Cooley, Esq.
Duane Morris
30 South 17th Street
Philadelphia, Pennsylvania 19103-7396
Email: scooley@duanemorris.com

***NRM Investment Co.***
Edward Fackenthal, Esq.
Law Office of Edward Fackenthal
One Montgomery Plaza, Suite 209
Norristown, PA 19401
Email: edwardfackenthal@cs.com