**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AGERE SYSTEMS, INC., et al., | : |
| Plaintiffs, | : |
| | : CIVIL ACTION NO. |
| v. | : 02-CV-3830 |
| | : |
| ADVANCED ENVIRONMENTAL | : Judge Legrome D. Davis |
| TECHNOLOGY CORPORATION, ET AL., | : |
| | : |
| Defendants. | : |

**FCG, INC.'s ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFFS' FIFTH AMENDED COMPLAINT**

Defendant fcg, inc. t/a Flexible Circuits ("FCG") hereby answers Plaintiffs' Fifth

Amended Complaint ("Complaint") as follows:

**FACTUAL BACKGROUND**

1.      Paragraph 1 of the Complaint purports to describe the legal nature of this action and as

such is denied as a conclusion of law to which no response is required.

2.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the

averments of Paragraph 2 of the Complaint, which are therefore denied.

3.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the

averments in the first sentence of Paragraph 3 of the Complaint, which are therefore denied.

FCG makes no response to the remaining averments set forth in Paragraph 3 of the Complaint, as

those averments state conclusions of law, to which no response is required.

4.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the

averments of Paragraph 4 of the Complaint, which are therefore denied.

5.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Complaint, which are therefore denied.

6.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Complaint, which are therefore denied.

7.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Complaint, which are therefore denied.

8.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Complaint, which are therefore denied.

9.      FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 9 of the Complaint, which are therefore denied.

10.     FCG admits that the Site was placed on the National Priorities List ("NPL") on March 31, 1989. The remaining averments of Paragraph 10 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

11.     The averments of the first sentence of Paragraph 11 are denied as conclusions of law to which no response is required; to the extent that any answer is required, such averments are denied. By way of further answer, FCG lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 11 of the Complaint, which are therefore denied.

12.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint, which are therefore denied.

13.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 of the Complaint, which are therefore denied.

14.    FCG admits that the United States Environmental Protection Agency ("USEPA") issued a Record of Decision ("ROD") on November 18, 1998.  The remaining averments of Paragraph 14 are denied as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

15.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Complaint, which are therefore denied.

16.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16 of the Complaint, which are therefore denied.

17.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 of the Complaint, which are therefore denied.

18.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 of the Complaint, which are therefore denied.

19.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint, which are therefore denied.

20.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 of the Complaint, which are therefore denied.

21.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 of the Complaint, which are therefore denied.

22.    FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 of the Complaint, which are therefore denied.

23.    The averments of Paragraph 23 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

24.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the Complaint, which are therefore denied.

25.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25 of the Complaint, which are therefore denied.

26.     FCG lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 26 of the Complaint, which are therefore denied.

27.     The averments of Paragraph 27 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

## JURISDICTION AND VENUE

28.     Paragraph 28 of the Complaint purports to describe the legal nature of this action and as such is denied as a conclusion of law to which no response is required.

29.     Admitted.

30.     The averments of Paragraph 30 are denied as conclusion of law to which no response is required.

31.     Admitted in part and denied in part.  Admitted that venue is appropriate because the Site, which is the subject of the action, is located in this District.  The remaining averments of Paragraph 31 are denied, as FCG lacks knowledge or information sufficient to form a belief as to the truth of those averments.

## PARTIES

A.     The Plaintiffs

32.     The averments of the first sentence of Paragraph 32 are denied as conclusion of law to which no response is required.  FCG lacks knowledge or information sufficient to form a belief

as to the truth of the remaining averments of Paragraph 32 of the Complaint, which are therefore denied.

B.    The Defendants

### Defendant Advanced Environmental Technology Corporation

33. – 34.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant. However, any averments that may be construed as averments against FCG are denied.

### Defendant Ashland Chemical Company

35. – 38.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant. However, any averments that may be construed as averments against FCG are denied.

### Defendant Carpenter Technology Corporation

39. – 42.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant. However, any averments that may be construed as averments against FCG are denied.

### Defendant Diaz Chemical Corporation

43. – 46.    FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant. However, any averments that may be construed as averments against FCG are denied.

### Defendant fcg, inc. t/a Flexible Circuits, Inc.

47.    Admitted.

48.    Admitted in part and denied in part. FCG admits only that at certain times it used DeRewal Chemical to remove copper-containing materials, rinse water, non-contact cooling

water and sanitary waste from its facility. By way of further answer FCG states that the copper-containing materials removed from its facility by DeRewal Chemical were not waste, but were materials sold for resale to other users and for which FCG was paid. The remaining averments of Paragraph 48 are denied.

49.     FCG denies the averments of Paragraph 49 and strict proof of those averments is demanded at trial.

50.     FCG incorporates herein its response to Paragraph 48. By way of further answer, the averments of Paragraph 50 are denied as conclusion of law to which no response is required.

51.     Admitted in part and denied in part. FCG admits that in 1969 it acquired all of the issued and outstanding stock of Etched Circuits. The remaining averments of Paragraph 51 are denied, and strict proof of those averments is required at trial. By way of further answer, Paragraph 51 contains conclusions of law to which no response is required and are thus denied.

### Defendant Handy & Harmon Tube Company

52. – 55.     FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant. However, any averments that may be construed as averments against FCG are denied.

### Defendant NRM Investment Company

56. – 60.     FCG makes no answer to the averments and legal conclusions of these paragraphs in that same refer to and are directed to parties other than this defendant. However, any averments that may be construed as averments against FCG are denied.

## AS TO COUNT I

### (CERCLA Section 113(f) Contribution)

61.     FCG incorporates by reference its responses to Paragraphs 1 through 60, as if set forth fully herein.

62.     The averments of Paragraph 62 are denied as conclusion of law to which no response is required.

63.     The averments of Paragraph 63 are denied as conclusion of law to which no response is required.

64.     The averments of Paragraph 64 are denied as conclusion of law to which no response is required.

65.     The averments of Paragraph 65 are denied as conclusion of law to which no response is required.

66.     The averments of Paragraph 66 are denied as conclusion of law to which no response is required.

67.     The averments of Paragraph 67 are denied as conclusion of law to which no response is required.

68.     The averments of Paragraph 68 directed to FCG are denied as conclusions of law to which no response is required.  FCG makes no answer to the remaining averments and legal conclusions of Paragraph 68 in that same refer to and are directed to parties other than this defendant.  However, any averments that may be construed as averments against FCG are denied.

69.     The averments of Paragraph 69 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a

belief as to their truth.  By way of further response, FCG denies any averment that greater than 110 gallons of liquid or greater than 200 pounds of solid materials from FCG were disposed of at the Site, and strict proof of any such averment is demanded at trial.

### AS TO COUNT II

### (CERCLA Section 113(f)(3))

70.    FCG incorporates by reference its responses to Paragraphs 1 through 69, as if set forth fully herein.

71.    The averments of Paragraph 71 are denied as conclusion of law to which no response is required.

72.    The averments of Paragraph 72 are denied as conclusion of law to which no response is required.

73.    The averments of Paragraph 73 are denied as conclusion of law to which no response is required.

74.    The averments of Paragraph 74 are denied as conclusion of law to which no response is required and as averments about which FCG lacks knowledge or information sufficient to form a belief as to their truth.

### AS TO COUNT III

### (CERCLA Section 113(g)(2) Declaratory Judgment)

75.    FCG incorporates by reference its responses to Paragraphs 1 through 74, as if set forth fully herein.

76.    The averments of Paragraph 76 are denied as conclusion of law to which no response is required.

77.    The averments of Paragraph 77 are denied as conclusion of law to which no response is required.

## AS TO COUNT V

### (Pennsylvania Hazardous Sites Cleanup Act)

78.    FCG incorporates by reference its responses to Paragraphs 1 through 77, as if set forth fully herein.

79.    The averments of Paragraph 79 are denied as conclusion of law to which no response is required.

80.    The averments of Paragraph 80 are denied as conclusion of law to which no response is required.

81.    The averments of Paragraph 81 are denied as conclusion of law to which no response is required.

82.    The averments of Paragraph 82 are denied as conclusion of law to which no response is required.

83.    The averments of Paragraph 83 are denied as conclusion of law to which no response is required.

84.    The averments of Paragraph 84 are denied as conclusion of law to which no response is required.

85.    The averments of Paragraph 85 are denied as conclusion of law to which no response is required.

In further answer to the Complaint, FCG asserts the following affirmative defenses:

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    This action may be barred in whole or in part by one or more applicable statutes of limitations and/or the doctrine of laches.

3.    The action is barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

4.    Neither Plaintiff TI Group Automotive Group Systems, LLC ("TI"), with respect to its claims for recovery of costs associated with the first phase of remedial design and action for the Boarhead Site (designated as OU-1), nor Agere Systems, Inc. ("Agere") can recover contribution from Defendants, including FCG, under Section 113 of CERCLA because neither was or is a party to an underlying civil action against it under Sections 106 or 107(a) of CERCLA, nor did TI or Agere resolve any liability or potential liability to the United States or to a state in an administrative or judicially approved settlement as required by Section 113(f)(3)(B) of CERCLA, nor were their contribution claims asserted during or following a civil action under Section 106 or 107(a) of CERCLA.

5.    None of the Plaintiffs has alleged sufficient facts to establish liability under Sections 113 of CERCLA as they did not discharge the common liability, including the liability, if any, of the Defendants, to the United States for such claims in a settlement of the United States' claims against them, nor have any of the Plaintiffs made or alleged to have made actual payment to the United States in excess of such Plaintiff's fair share of the common liability.

6.    Plaintiffs do not have any rights of contribution under Section 702 of the Pennsylvania Hazardous Site Cleanup Act, 35 P.S. § 6020.701, et seq. ("HSCA").

7.    Since neither the Pennsylvania Department of Environmental Resources ("DER") (now Department of Environmental Protection or "DEP"), nor any other commonwealth agency or any municipality brought an action under HSCA Sections 507 or 1101 against Plaintiffs, nor have Plaintiffs entered into any settlement of any purported liability for response costs to the DER or DEP, nor have Plaintiffs asserted their claims during or following a civil action under Sections 507 or 1101 of HSCA, Plaintiffs have no cause of action against Defendants, including FCG, under HCSA.

8.    Any claims by Plaintiffs pursuant to HSCA are preempted by CERCLA.

9.    FCG is not a person who is liable or potentially liable under Sections 107(a) of CERCLA, 42 U.S.C. 9607(a), or Section 103 of HSCA, 35 Pa. Cons. Stat. § 6010.103, and, therefore, is not a person from which Plaintiffs may seek contribution under Section 9613(f) of CERCLA, 42 U.S.C. § 9613(f), or Sections 701, 702(a)(3) and 1101 of HSCA, 35 Pa. Cons. Stat. §§ 6020.701, 6020.702(a)(b) and 6020.110.

10.    FCG's conduct was not the proximate cause of any release or threatened release of a hazardous substance at or from the Site.

11.    No hazardous substance, as defined under Section 9601(14) of CERCLA or Section 103 of HSCA, owned or possessed by FCG, was taken to or released at the Site, nor was any such hazardous substance a contaminant of concern at the Site or the cause, proximate or otherwise, of any response action or response cost at or in connection with the Site.

12.    In the event that materials generated or produced by FCG were transported to or disposed at the Site, some or all of said materials were useful or valuable materials sold by FCG to be processed, otherwise used or resold, and not to be disposed.

13.    This action is barred, in whole or in part, to the extent that Plaintiffs seeks recovery from FCG of costs in excess of FCG's equitable share.

14.    Plaintiffs' claims are barred by their failures to pay, or agreements to pay, more than their fair shares of any response costs the recovery of which, or contribution toward which, Plaintiffs seek in this action.

15.    The costs alleged to have been incurred or to be incurred by Plaintiffs at the Site were/are not "necessary costs" and are not consistent with the National Contingency Plan within the meaning of Section 107(a) of CERCLA, nor are they reasonable and necessary or appropriate costs consistent with Section 702(a)(3) of HSCA.

16.    Releases and threats of releases at or from the Site, and the damages resulting therefrom, were caused solely by acts and/or omissions of third parties (other than employees or agents of FCG or third parties having a contractual relationship with FCG), including Plaintiffs, and at all times hereto FCG exercised due care with respect to the hazardous substances concerned, taking into consideration the characteristics of such hazardous substances, in light of all relevant facts and circumstances, and FCG took precautions against foreseeable acts and omissions of such third parties and the consequences that could foreseeably result from such acts or omissions.

17.    Plaintiffs arranged for the disposal of hazardous substances that were disposed at the Site, and, accordingly, Plaintiffs caused and/or contributed to any and all releases at the Site, and are responsible for the conditions of which Plaintiffs complain, and are liable, in whole or in part, for the costs and damages they seek to recover in this action.

18.    Plaintiffs' claims are barred, in whole or in part, by application of the doctrine of res judicata and/or the doctrine of collateral estoppel.

19.    FCG is not liable for Plaintiffs' claims relating to the Site, but in the event it is found liable, FCG may not be held jointly and severally liable because there are distinct harms and/or a single harm for which there exists a reasonable basis for apportionment.

20.    The imposition of liability on FCG would violate FCG's rights to substantive and procedural due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

21.    Plaintiffs are not entitled to recover contribution towards oversight costs.

22.    Plaintiffs are not entitled to recover contribution towards indirect costs.

23.    Plaintiffs have not incurred "response costs" as that term is defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

24.    Plaintiffs have not incurred "response costs" or "damages" within the meaning of Sections 701 and 702 of HSCA, 35 P.S. §§6070.701 and 6020.702.

25.    FCG is not liable to Plaintiffs because of insufficiency of process and/or insufficiency of service of process.

26.    Plaintiffs have failed to mitigate its damages, if any.

27.    Plaintiffs have failed to join a party or parties necessary and/or indispensable to complete an equitable adjudication of their claims.

28.    The Plaintiffs' claims are barred insofar as FCG did not transport to or arrange for disposal at the Site substances that may be classified as "hazardous" under CERCLA or HSCA.

29.    If FCG contributed in any way to the alleged Site contamination (all such allegations being expressly denied), its contribution was *de minimis,* both in absolute terms and relative to §

107(a)(3) of CERCLA or Sections 701(a)(2) and 702(a)(3) of HSCA because, inter alia, FCG did not arrange for the disposal or treatment of any hazardous substances at the Site. See Morton International v. A.E. Staley Company, Inc., 343 F.3d 669 (3d Cir. 2003).

30.    Plaintiffs' claims are barred because Plaintiffs failed to comply with all the statutory and/or regulatory prerequisites necessary to bring an action under CERCLA or HSCA.

31.    If any release or threat of release of a hazardous substance has occurred or is occurring at the Site, the hazardous substance neither was contained in any wastes allegedly attributable to FCG, nor was the hazardous substance similar to any constituents in wastes allegedly attributable to FCG.

32.    Plaintiffs' claims for recovery of attorneys' fees are barred, in whole or in part, by applicable case law. See, KeyTronic Corp. v. United States, et al., 511 U.S. 809, 114 S.Ct. 1960 (1994).

33.    The amount and scope of Plaintiffs' claim against the remaining non-settling defendants, including FCG, should be reduced by the greater of (a) the equitable share of liability of Plaintiffs and all settling defendants, or (b) the dollar amounts obtained (or to be obtained, pursuant to agreement) by Plaintiffs from all settling defendants and/or persons paying on their behalf.

34.    The amount and scope of Plaintiffs' claim against the remaining non-settling defendants, including FCG, should be further reduced by the equitable share of liability of all liable persons that Plaintiffs elected not to sue.

35.    The amount and scope of Plaintiffs' claim against the remaining non-settling defendants, including FCG, should be reduced and/or offset by the dollar amounts of all other recoveries obtained (or to be obtained, pursuant to agreement) by Plaintiffs, including without limitation, all

such recoveries obtained (or to be obtained, pursuant to agreement) from insurers or other indemnitors of Plaintiffs.

36.    Plaintiff Agere's claims are extinguished and barred by virtue of its final resolution thereof through the settlement of its claims with one or more of the other Plaintiffs.

37.    To the extent that Plaintiffs seek recovery for response costs incurred or paid by others, such costs are not recoverable by Plaintiffs.

38.    To the extent that Plaintiffs seek to recover costs paid to the United States, including the USEPA, when Plaintiffs had no liability for the payment of such costs, Plaintiffs' claims for contribution are barred.

## RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES

FCG gives notice that it intends to rely upon such affirmative defenses as may appear applicable as a result of discovery proceedings in this case and reserves the right to amend its Answer and Affirmative Defenses. Further, FCG incorporates by reference all other applicable defenses set forth in the answers of the other defendants to the Complaint that are not contrary to FCG's interests.

WHEREFORE, FCG, having asserted the above defenses and affirmative defenses, respectfully requests that this Court:

a.    Dismiss Plaintiffs' Complaint against FCG with prejudice;

b.    Award FCG all costs and any such other relief as the Court shall deem just and proper.

## CONTRIBUTION COUNTERCLAIM/CROSS-CLAIMS

FCG hereby refers to and incorporates by reference paragraph 1 of the June 18, 2004 Fifth Case Management Order in the above-captioned action, which states that each defendant's

answer shall be deemed to raised cross-claims and counterclaims for contribution pursuant to

CERCLA and the Pennsylvania Hazardous Sites Cleanup Act, and that all such cross-claims and

counterclaims shall be deemed denied.

DUANE MORRIS LLP

Seth v.d.H. Cooley

30 S. 17th Street
Philadelphia, PA  19103
(215) 979-1000

Attorneys for Defendant
fcg inc. t/a Flexible Circuits

Date:  January 31, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this date caused true and correct copies of

the attached Answer and Affirmative Defenses of fcg, inc. t/a Flexible Circuits to the Fourth

Amended Complaint to be served on all counsel of record via first class mail, postage prepaid,

addressed as follows:

**Counsel for Plaintiffs**
Glenn A. Harris, Esquire
Ballard Spahr Andrews &
  Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043-4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

**Counsel for Advanced Environmental Technology**
Laurie J. Sands, Esquire
Wolff & Samson
5 Becker Farm Road
Roseland, NJ  07068-1776
(973) 740-0500
(973) 436-4440 (Fax)
lsands@wolffsamson.com

**Counsel for Ashland Chemical Company**
Richard Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
Suite 1600
The North American Bldg.
121 South Broad Street
Philadelphia, PA  19107
(215) 546-0500
(215) 546-9444 (Fax)
rbiedrzycki@pp-b.com

**Counsel for Carpenter Technology Corporation**
Lynn Wright, Esquire
Edwards & Angell
750 Lexington Avenue
New York, NY  10022
(212) 756-0215
(888) 325-9169 (Fax)
lwright@ealaw.com

Christopher R. Booth, Jr., Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA  19103
cbooth@boothtucker.com

**Counsel for Handy & Harman Tube Co.**
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
  Stewart & Olstein
Five Becker Farm Road – 3rd Fl.
Roseland, NJ  07068-1739
(973) 994-1700
(973) 994-1744 (Fax)
mflax@carellabyrne.com

**Counsel for NRM Investment Company**
Edward Fackenthal, Esquire
Henderson, Wetherill, O'Hey & Horshey
P.O. Box 751
Suite 902
One Montgomery Plaza
Norristown, PA  19404
(610) 279-3370
(610) 279-0696 (Fax)
edwardfackenthal@cs.com

Seth v.d.H. Cooley

Date:  January 31, 2008