IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., et al.          :
                                     :
                Plaintiffs           :     Civil Action No.  02-CV-3830
                                     :
        v.                           :     (Hon. Legrome D. Davis)
                                     :
ADVANCED ENVIRONMENTAL               :
TECHNOLOGY CORPORATION, et al.,      :
                                     :
                Defendants.          :

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT ASHLAND INC. TO CROSSCLAIMS OF
## DEFENDANT ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION

Defendant Ashland Inc. (hereinafter, "Ashland"), by and through its attorneys, hereby responds to the cross-claims of Defendant Advanced Environmental Technology Corporation (hereinafter, "AETC") as follows:

### NOTICE AND JURISDICTION OF CROSS-CLAIMS

1.    Admitted. It is admitted that the cross-claims set forth by Defendant AETC arise out of the same transactions and occurrences that are set forth in the Fifth Amended Complaint.

2.    Paragraph 2 states a conclusion of law to which no response is necessary.

### FIRST CROSS-CLAIM
### (Contribution Pursuant to CERCLA)

3.    Ashland repeats and realleges its above responses to the allegations set forth in Paragraphs 1 and 2 of AETC's cross-claims as if fully set forth herein.

4.    Paragraph 4 states a conclusion of law to which no response is necessary.

5.    Paragraph 5 states a conclusion of law to which no response is necessary.

6.    Paragraph 6 states a conclusion of law to which no response is necessary.

7. Paragraph 7 states a conclusion of law to which no response is necessary. To the extent that a response is necessary, it is specifically denied that Ashland is liable and that AETC is not liable. On the contrary, by Memorandum and Order of November 17, 2006, AETC was determined to be liable in this action.

8. Denied. It is denied that Ashland released, discharged, and/or disposed of, and/or arranged for the treatment or disposal of any hazardous substances, at the Site and denied that AETC did not do so. It is admitted that the Plaintiffs alleged that the Defendants, including AETC and other Defendants which have been dismissed from this civil action, released, discharged, and/or disposed of, and/or arranged for the treatment or disposal of hazardous substances at the Boarhead Site. The remaining averment of paragraph 8 states a conclusion of law to which no response is necessary.

9. It is denied that Ashland discharged, released, and/or disposed of material or substances upon or adjacent to the Site and denied that AETC did not do so. Further, it is denied that to the extent that it is determined that any Ashland-generated waste was discharged, released and/or disposed of upon or adjacent to the Site, said release caused, continued to cause, and/or threatens to cause contamination of the environment below, within and/or adjacent to the Site. The remaining averments of paragraph 9 state conclusions of law to which no response is necessary.

10. Paragraph 10 states a conclusion of law to which no response is necessary. To the extent that a response may be necessary, it is specifically denied that AETC is entitled to contribution from Ashland.

11. Paragraph 11 states a conclusion of law to which no response is necessary. To the extent that a response may be necessary, it is specifically denied that AETC is entitled to a declaration against Ashland as alleged.

## SECOND CROSS-CLAIM
### (Cost Recovery Pursuant to CERCLA)

12. Ashland repeats and realleges its above responses to AETC's allegations set forth in paragraphs 1 through 11 of AETC's cross-claims as if fully set forth herein.

13. Paragraph 13 states a conclusion of law to which no response is necessary.

14. Paragraph 14 states a conclusion of law to which no response is necessary. To the extent that a response may be necessary, it is specifically denied that AETC is entitled to a recovery of any costs against Ashland.

## THIRD-CROSS CLAIM
### (Contribution Pursuant to the Pennsylvania Hazardous Sites Cleanup Act)

15. Ashland repeats and realleges its above responses to the allegations set forth in paragraphs 1 through 14 of AETC's cross-claims as if fully set forth herein.

16. Paragraph 16 states a conclusion of law to which no response is necessary.

17. Paragraph 17 states a conclusion of law to which no response is necessary. To the extent that a response may be necessary, it is specifically denied that Ashland is liable to AETC for contribution.

## FOURTH CROSS-CLAIM
### (Contribution under Common Law and State Statutes)

18. Ashland repeats and realleges its above responses to the allegations set forth in paragraphs 1 through 17 of AETC's cross-claims as if fully set forth herein.

19. Paragraph 19 states a conclusion of law to which no response is necessary. To the extent that a response may be necessary, it is specifically denied that AETC is entitled to contribution from Ashland.

## FIFTH CROSS-CLAIM
### (Common Law Indemnification)

20. Ashland repeats and realleges its above responses to the allegations set forth in paragraphs 1 through 19 of AETC's cross-claims as if fully set forth herein.

21.-22. Paragraphs 21 and 22 state conclusions of law to which no response is necessary. To the extent that a response may be necessary, it is specifically denied that Ashland is primarily, secondarily or otherwise liable over for contribution or indemnity to AETC or any other party to the action.

## FIRST AFFIRMATIVE DEFENSE

Ashland asserts and incorporates by reference all affirmative defenses set forth in its Answer and Affirmative Defenses to Plaintiffs' Fifth Amended Complaint Together With Counterclaims and Cross-Claims to the extent that said affirmative defenses, counterclaims and cross-claims apply to the claims pleaded in AETC's cross-claims and Ashland further incorporates the allegations set forth in its separate cross-claims against AETC, all of which are incorporated by reference as if fully set forth herein.

## SECOND AFFIRMATIVE DEFENSE

AETC's averment that it has no liability in this Action is barred by the doctrines of *collateral estoppel* and/or *res judicata* insofar as its liability has been found by the Court pursuant to the

Court's Memorandum and Order dated November 17, 2006.

**WHEREFORE**, Defendant Ashland Inc. demands judgment in its favor against Defendant Advanced Environmental Technology Corporation as follows:

(a) dismissing, with prejudice, AETC's cross-claims against Ashland Inc.;

(b) adjudging, decreeing, and declaring that Defendant Ashland Inc. is not liable to AETC for contribution or indemnity for any judgments, damages, costs, expenses or sums that AETC has paid or may be compelled to pay if AETC is held liable for any relief sought in the Fifth Amended Complaint;

(c) ordering Defendant AETC to pay Defendant Ashland Inc. the reasonable costs incurred by it in defending itself against AETC's cross-claims in this action, including reasonable attorney=s fees; and

(d) granting Defendant Ashland Inc. such other and further relief as the Court may deem just and proper.

s/Richard C. Biedrzycki
RICHARD C. BIEDRZYCKI, ESQUIRE
Attorney I.D. No. 30604
JEFFREY L. PETTIT, ESQUIRE
Attorney I.D. No. 21624
PHELAN, PETTIT & BIEDRZYCKI
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
(215) 546-0500

Counsel for Defendant Ashland Inc.

Date:   February 20, 2008

G:\DATA\1357-29\PLDGS\ANSWER-AETC-CC.DOC

**CERTIFICATE OF SERVICE**

I, Richard C. Biedrzycki, Esquire, hereby certify that on this 20th day of February, 2008, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Ashland Inc. to Cross-Claims of Defendant Advanced Environmental Technologies Corp. to be served by e-mail and/or first class mail on all counsel of record addressed as follows:

>Glenn A. Harris, Esquire
>Ballard Spahr Andrews & Ingersoll, LLP
>Plaza 1000 - Suite 500
>Main Street
>Voorhees, NJ 08043-4636
>e-mail:  harrisg@ballardspahr.com
>***Counsel for Plaintiffs***
>
>Laurie J. Sands, Esquire
>Wolff & Samson, PC
>280 Corporate Center
>5 Becker Farm Road
>Roseland, New Jersey  07068-1776
>e-mail:  lsands@wolffsamson.com
>***Advanced Environmental Technology Corp.***
>
>Lynn Wright, Esquire
>Edwards & Angell, LLP
>750 Lexington Avenue
>New York, New York  10022-1200
>e-mail:  lwright@eapdlaw.com
>***Carpenter Technology Corporation***
>
>Christopher R. Booth, Jr., Esquire
>Booth & Tucker, LLP
>One Penn Center at Suburban Station
>1617 JFK Boulevard, Suite 1700
>Philadelphia, PA 19103
>e-mail:  cbooth@boothtucker.com
>***Carpenter Technology Corporation***

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
Suite 4200, One Liberty Place
Philadelphia, PA 19103-7396
e-mail: scooley@duanemorris.com
***Flexible Circuits and Etched Circuits***

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
e-mail: mflax@carellabyrne.com
***Handy & Harman Tube Company***

Edward Fackenthal, Esquire
Henderson, Weitherill, O'Hey & Horsey
Suite 902 - One Montgomery Plaza
P.O. Box 751
Norristown, PA 19404
e-mail: edwardfackenthal@cs.com
***NRM Investment Co.***


                                        s/Richard C. Biedrzycki
                                        RICHARD C. BIEDRZYCKI

Date:   February 20, 2008