WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
ATTORNEYS FOR DEFENDANT, ADVANCED ENVIRONMENTAL TECHNOLOGY CORP.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 02-3830 (LDD)<br><br>DEFENDANT ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION'S ANSWER TO ASHLAND INC.'S CROSS-CLAIMS |

Defendant, Advanced Environmental Technology Corp. ("AETC"), by and through its counsel, Wolff & Samson PC, by way of Answer to the Defendant Ashland Inc.'s Cross-Claims ("Cross-Claims"), says:

### THE TESTIMONY OF AETC'S PRINCIPALS, JOHN LEUZARDER AND ROBERT LANDMESSER

86.   AETC admits that AETC was formed in 1976. AETC also admits that Robert Landmesser was the president of AETC and John Leuzader was the vice-president of AETC. AETC denies the remaining allegations set forth in Paragraph 86 of the Cross-Claims.

87.   AETC denies the allegations set forth in Paragraph 87 of the Cross-Claims.

88.   AETC denies the allegations set forth in Paragraph 88 of the Cross-Claims.

1115746.3

89. AETC denies the allegations set forth in Paragraph 89 of the Cross-Claims.

90. AETC denies the allegations set forth in Paragraph 90 of the Cross-Claims.

91. AETC denies the allegations set forth in Paragraph 91 of the Cross-Claims.

92. AETC denies the allegations of Paragraph 92 of the Cross-Claim.

93. AETC admits that it utilized the services of DeRewal Chemical Company in 1976. AETC denies the remaining allegations set forth in Paragraph 93 of the Cross-Claims.

94. AETC admits that during 1976 and 1977 Ashland was a customer of AETC for the disposal of certain of Ashland's waste from Ashland's Great Meadows, New Jersey facility. AETC denies the remaining allegations set forth in Paragraph 94 of the Cross-Claims.

95. AETC denies the allegations set forth in Paragraph 95 of the Cross-Claims.

96. AETC admits that DeRewal Chemical Company picked up certain wastes from the Ashland facility located in Great Meadows, New Jersey. AETC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 96 of the Cross-Claims.

## AETC EXERCISED CONTROL OVER ITS WASTE DISPOSERS

97. AETC admits testimony was provided as set forth in Paragraph 97, but denies and objects to its characterization and form in Paragraph 97 and the Cross-Claims.

98. AETC admits that it provided some training to the waste haulers it utilized. AETC denies the remaining allegations set forth in Paragraph 98 of the Cross-Claims.

99. AETC admits the allegations set forth in Paragraph 99 of the Cross-Claims.

100. AETC admits the allegations set forth in Paragraph 100 of the Cross-Claims.

101. AETC admits the allegations of Paragraph 101 of the Cross-Claims.

102. AETC is without knowledge or information sufficient to form a belief as to the

1115746.3

truth of the allegations set forth in Paragraph 102 of the Cross-Claims.

103. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Cross-Claims.

104. With respect to Ashland's characterization of the testimony in Paragraph 104 of the Cross-Claims, AETC states that the documents speaks for itself. AETC denies the remainder of the allegations set forth in Paragraph 104 of the Cross-Claims.

105. AETC denies the allegations of Paragraph 105 of the Cross-Claims.

106. AETC denies the allegations set forth in Paragraph 106 of the Cross-Claims.

107. AETC admits that it expected DeRewal Chemical Company to conduct business in conformance with all applicable state and federal regulations. AETC denies the remaining allegations set forth in Paragraph 107 of the Cross-Claims.

### AETC'S STANDARD PROCEDURE FOR MEMORIALIZING THE TERMS OF PLAINTIFFS' AGREEMENTS WITH ITS CUSTOMERS

108. AETC admits the allegations set forth in Paragraph 108 of the Cross-Claims.

109. AETC denies the allegations set forth in Paragraph 109 of the Cross-Claims.

110. AETC denies the allegations set forth in Paragraph 110 of the Cross-Claims.

111. AETC denies the allegations set forth in Paragraph 111 of the Cross-Claims.

### AETC AND ASHLAND HAD AN AGREEMENT FOR THE REMOVAL, HAULING AND DISPOSAL BY AETC OF CERTAIN ASHLAND-GENERATED CHEMICAL WASTES

112. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Cross-Claims.

113. AETC admits the allegations set forth in Paragraph 113 of the Cross-Claims.

114. AETC denies the allegations set forth in Paragraph 114 of the Cross-Claims.

115. AETC denies the allegations set forth in Paragraph 115 of the Cross-Claims.

## AETC BILLED AND WAS PAID BY ITS CUSTOMERS FOR THE HAULING AND DISPOSAL OF THEIR WASTES

116. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Cross-Claims.

117. AETC denies the allegations set forth in Paragraph 117 of the Cross-Claims.

118. AETC denies the allegations set forth in Paragraph 118 of the Cross-Claims.

119. AETC denies the allegations set forth in Paragraph 119 of the Cross-Claims.

120. AETC denies the allegations set forth in Paragraph 120 of the Cross-Claims.

121. AETC admits testimony was provided as set forth in Paragraph 121, but denies and objects to its characterization and form in Paragraph 121 and the Cross-Claims.

122. AETC denies the allegations set forth in Paragraph 122 of the Cross-Claims.

123. AETC admits testimony was provided as set forth in Paragraph 123, but denies and objects to its characterization and form in Paragraph 123 and the Cross-Claims.

124. AETC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Cross-Claims.

125. With respect to Ashland's characterization of the testimony in Paragraph 125 of the Cross-Claims, AETC states that the documents speaks for itself. AETC denies the remainder of the allegations set forth in Paragraph 125 of the Cross-Claims.

## ASHLAND'S CROSS-CLAIMS AGAINST AETC FOR CONTRACTUAL AND OTHER COMMON LAW CONTRIBUTION AND/OR INDEMNITY

### Count I – Breach of Written Contract

126. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

127. AETC denies the allegations set forth in Paragraph 127 of the Cross-Claims.

128. AETC denies the allegations set forth in Paragraph 128 of the Cross-Claims.

129. AETC denies the allegations set forth in Paragraph 129 of the Cross-Claims.

130. AETC denies the allegations set forth in Paragraph 130 of the Cross-Claims.

131. AETC denies the allegations set forth in Paragraph 131 of the Cross-Claims.

132. AETC denies the allegations set forth in Paragraph 132 of the Cross-Claims.

133. AETC denies the allegations set forth in Paragraph 133 of the Cross-Claims.

134. AETC denies the allegations set forth in Paragraph 134 of the Cross-Claims.

## Count II – Breach of Oral Agreement

135. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

136. AETC denies the allegations set forth in Paragraph 136 of the Cross-Claims.

137. AETC denies the allegations set forth in Paragraph 137 of the Cross-Claims.

138. AETC denies the allegations set forth in Paragraph 138 of the Cross-Claims.

139. AETC denies the allegations set forth in Paragraph 139 of the Cross-Claims.

## Count III – Breach of Implied Contract

140. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

141. AETC denies the allegations set forth in Paragraph 141 of the Cross-Claims.

142. AETC denies the allegations set forth in Paragraph 142 of the Cross-Claims.

143. AETC denies the allegations set forth in Paragraph 143 of the Cross-Claims.

144. AETC denies the allegations set forth in Paragraph 144 of the Cross-Claims.

145. AETC denies the allegations set forth in Paragraph 145 of the Cross-Claims.

### Count IV – Unjust Enrichment

146. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

147. AETC denies the allegations set forth in Paragraph 147 of the Cross-Claims.

148. AETC denies the allegations set forth in Paragraph 148 of the Cross-Claims.

149. AETC denies the allegations set forth in Paragraph 149 of the Cross-Claims.

### Count V – Detrimental Reliance (Promissory Estoppel)

150. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

151. AETC denies the allegations set forth in Paragraph 151 of the Cross-Claims.

152. AETC denies the allegations set forth in Paragraph 152 of the Cross-Claims.

153. AETC denies the allegations set forth in Paragraph 153 of the Cross-Claims.

### Count VI – Fraud in the Inducement

154. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

155. AETC denies the allegations set forth in Paragraph 155 of the Cross-Claims.

156. AETC denies the allegations set forth in Paragraph 156 of the Cross-Claims.

157. AETC denies the allegations set forth in Paragraph 157 of the Cross-Claims.

158. AETC denies the allegations set forth in Paragraph 158 of the Cross-Claims.

159. AETC denies the allegations set forth in Paragraph 159 of the Cross-Claims.

<u>Count VII – Failure to Exercise Reasonable Care and Control over Contractor/Agent
(Restatement (Second) of Torts § 317)</u>

160. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

161. AETC denies the allegations set forth in Paragraph 161 of the Cross-Claims.

162. AETC denies the allegations set forth in Paragraph 162 of the Cross-Claims.

163. AETC denies the allegations set forth in Paragraph 163 of the Cross-Claims.

164. AETC denies the allegations set forth in Paragraph 164 of the Cross-Claims.

165. AETC denies the allegations set forth in Paragraph 165 of the Cross-Claims.

<u>Count VIII – Negligent Hiring/Breach of Fiduciary Duty</u>

166. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

167. AETC denies the allegations set forth in Paragraph 167 of the Cross-Claims.

168. AETC denies the allegations set forth in Paragraph 168 of the Cross-Claims.

169. AETC denies the allegations set forth in Paragraph 169 of the Cross-Claims.

170. AETC denies the allegations set forth in Paragraph 170 of the Cross-Claims.

171. AETC denies the allegations set forth in Paragraph 171 of the Cross-Claims.

172. AETC denies the allegations set forth in Paragraph 172 of the Cross-Claims.

173. AETC denies the allegations set forth in Paragraph 173 of the Cross-Claims.

### Count IX – Negligent Supervision/Breach of Fiduciary Duty

174. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

175. AETC denies the allegations set forth in Paragraph 175 of the Cross-Claims.

176. AETC denies the allegations set forth in Paragraph 176 of the Cross-Claims.

177. AETC denies the allegations set forth in Paragraph 177 of the Cross-Claims.

### Count X – Negligent Retention/Breach of Fiduciary Duty

178. AETC restates and incorporates by reference as if set forth in full herein its answers to the Plaintiffs' Fifth Amended Complaint as well as its answers to the preceding paragraphs of Ashland's Cross-Claims.

179. AETC denies the allegations set forth in Paragraph 179 of the Cross-Claims.

180. AETC denies the allegations set forth in Paragraph 180 of the Cross-Claims.

181. AETC denies the allegations set forth in Paragraph 181 of the Cross-Claims.

182. AETC denies the allegations set forth in Paragraph 182 of the Cross-Claims.

183. AETC denies the allegations set forth in Paragraph 183 of the Cross-Claims.

WHEREFORE, AETC demands judgment, dismissing the Cross-Claim and all claims therein with prejudice, to enter judgment against Ashland and in favor of AETC, to award AETC its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

### **CROSS-CLAIMS**

Defendant AETC hereby refers to and incorporates herein by reference paragraph 1 of the June 18, 2004 Fifth Case Management Order in the above-captioned, which states that each

defendant's answer shall be deemed to raise cross-claims and counterclaims for contribution pursuant to CERCLA and the Pennsylvania Hazardous Site Cleanup Act, and that all such cross-claims and counterclaims shall be deemed denied by each defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claims fail to state a claim against AETC, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If AETC is liable to Ashland, which AETC denies, its liability is limited to response costs attributable to the release at the Site of materials allegedly brokered by AETC, which costs are divisible from the response costs attributable to materials generated by other parties, including Ashland.

### THIRD AFFIRMATIVE DEFENSE

Any and all damages allegedly sustained, or to be sustained, by Ashland are the result of acts or omissions of third parties with whom AETC had no contractual relationship and over whom AETC had no control.

### FOURTH AFFIRMATIVE DEFENSE

No acts or omission of AETC, alone or in combination, have been an actual cause, "but for" cause, contributing cause, or substantial factor in causing the alleged injury and harm complained of by Ashland.

### FIFTH AFFIRMATIVE DEFENSE

Ashland's Cross-Claims are barred, in whole or in part, by its contributory negligence.

1115746.3

9

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Ashland's Cross-Claims are barred by the applicable statutory and common law statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

Ashland's Cross-Claims are barred, in whole or in part, by reason of the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Ashland's Cross-Claims are barred, in whole or in part, by its failure to properly mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC made no actionable misrepresentations or omissions of facts to Ashland.

### TENTH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because Ashland did not detrimentally rely on one or more of AETC's alleged representations or omissions of fact.

### ELEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by the Ashland were proximately caused by the Ashland's own improper conduct, negligence or omissions and AETC has the right of offset if any amount of money is owed to Ashland or due Ashland by way of damages.

### TWELFTH AFFIRMATIVE DEFENSE

The frivolous claims in Ashland's Cross-Claims violate Rule 1:4-8.

### THIRTEENTH AFFIRMATIVE DEFENSE

If AETC is liable to Ashland, which AETC denies, its liability is limited to its fair,

equitable, and proportionate share of the response costs incurred by Plaintiffs, taking into account: (a) the liability and prior and subsequent conduct of the Plaintiffs, Ashland, and all other defendants in the action; and (b) AETC's rights to set-off and or recoupment.

### FOURTEENTH AFFIRMATIVE DEFENSE

AETC is informed and believes and, on such information and belief, alleges that Ashland breached its contract, if any, with AETC, and that by reason of said breach of contract, AETC has been excused of its duty to perform all obligations set forth in said contract.

### FIFTEENTH AFFIRMATIVE DEFENSE

AETC alleges that it has suffered damages by reason of Ashland's conduct and that AETC has the right of offset if any amount of money is owed to Ashland or due Ashland by way of damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

AETC is informed and believes and, on such information and belief, alleges that Ashland was engaged in conduct that constitutes waiver of its rights under the contract alleged in its Cross-Claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AETC alleges that Ashland's actions constituted a full release and waiver by it of any and all Cross-Claims which Ashland may have against AETC.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AETC alleges that each and every purported cause of action in the Cross-Claims is barred because Ashland has engaged in acts and courses of conduct which rendered it in pari delicto.

### NINETEENTH AFFIRMATIVE DEFENSE

AETC alleges that each and every cause of action contained in the Cross-Claims is barred by reason of acts, omissions, representations, and courses of conduct by Ashland by which AETC was led to rely to its detriment, thereby barring, under the doctrine of equitable estoppel, any causes of action asserted by Ashland.

### TWENTIETH AFFIRMATIVE DEFENSE

AETC alleges that performance by Ashland of certain acts was contingent upon receipt of specific instructions, thus Ashland's authority, direction and cooperation was a condition precedent to any alleged obligation by AETC to perform such acts.

### TWENTY FIRST AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that the damages referred to in the Cross-Claims by Ashland were proximately caused by Ashland and/or others affiliated in any manner with Ashland in that at all times relevant herein, Ashland failed to exercise for its own protection the proper care and precautions, which prudent persons under the same and similar circumstances would have exercised, and that if AETC committed any wrongful act (which AETC denies), the aforesaid conduct of Ashland and/or entities or persons association in any manner with Ashland contributed to the happenings of Ashland's alleged damages.

### TWENTY SECOND AFFIRMATIVE DEFENSE

AETC alleges that Ashland is barred by the Statute of Frauds.

### TWENTY THIRD AFFIRMATIVE DEFENSE

AETC alleges that each and every purported cause of action in the Cross-Claims is barred as a result of a failure of consideration.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

AETC is informed and believes, and on such information and belief, alleges that the contract alleged in the Cross-Claims, if any, has been substantially and/or partially performed, and as such, is subject to divisibility.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that Ashland has failed to mitigate and lessen damages, if any it sustained, as required by law, and is barred from recovery by reason thereof against AETC.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that the matters complained of in the Cross-Claims were proximately caused, in whole or in part, by the acts or omissions of a third party or parties. Accordingly, the liability of the responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of AETC should be reduced accordingly.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that the contract in question, if any, was modified by the parties, and that Ashland is barred from recovery on the unmodified original contract, if any, by reason of said modification.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that a new contract was substituted in place of the original contract, if any, and that Ashland is barred from recovery on the original contract, if any.

## TWENTY NINTH AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that if there presently exists or ever existed, any or all of the alleged rights, claims, or obligations which Ashland seeks by was of its Cross-Claims, said claims or obligations are unenforceable by reason of mutual mistake.

## THIRTIETH AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that if there presently exists or ever existed, any or all of the alleged rights, claims, or obligations which Ashland states by way of its Cross-Claims, said claims or obligations are unenforceable because the written agreement is not fully integrated.

## THIRTY FIRST AFFIRMATIVE DEFENSE

AETC is informed and believes and thereon alleges that if there presently exists, or ever existed, any or all of the alleged rights, claims, or obligations which Ashland seeks by way of its Cross-Claims, said claims or obligations are unenforceable because Ashland assumed the risk involved in the transaction.

## THIRTY SECOND AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC had no duty to Ashland.

## THIRTY THIRD AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC breached no duty to Ashland.

## THIRTY FOURTH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC did not benefit from its business relationship with Ashland.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC never agreed to provide an indemnity to Ashland.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because there was no written agreement between AETC and Ashland.

### THIRTY SEVEN AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because the written agreement Ashland alleges pertains to its Cross-Claims is irrelevant to the issues in this case.

### THIRTY EIGHT AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because DeRewal Chemical Company was never an agent of AETC.

### THIRTY NINTH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC was never a principal of DeRewal Chemical Company.

### FORTIETH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC never acted as an agent for Ashland.

### FORTY FIRST AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC never owed a fiduciary duty to Ashland.

### FORTY SECOND AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC owed no duty of loyalty,

trust or reasonable care to Ashland.

### FORTY THIRD AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC had no duty to supervise DeRewal Chemical Company.

### FORTY FOURTH AFFIRMATIVE DEFENSE

One or more of Ashland's Cross-Claims fail because AETC had no knowledge regarding DeRewal Chemical Company's alleged illegal disposal activities.

### FORTY FIFTH AFFIRMATIVE DEFENSE

The alleged injuries and damages complained of by Ashland were proximately caused by a new, independent, and efficient intervening cause and by AETC's alleged negligence.

### FORTY SIXTH AFFIRMATIVE DEFENSE

AETC is not responsible for the actions of any other party that was an independent contractor and the time of the alleged incident.

### FORTY SEVENTH AFFIRMATIVE DEFENSE

Ashland's injuries, if any, were caused by the intervening acts or omissions of parties other than AETC, which acts were the superseding cause of Ashland's losses, and not reasonably foreseeable.

## FORTY EIGHTH AFFIRMATIVE DEFENSE

AETC hereby reserves the right to assert any affirmative defense that may become available between now and the time that judgment, if any, is rendered in this action.

WOLFF & SAMSON PC

A Professional Corporation
Attorneys for Defendant,
Advanced Environmental
Technology Corp.

By: _____
JOHN A. MCKINNEY, Jr.
JMcKinney@wolffsamson.com

Dated: February 20, 2008

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that a true and correct copy of the foregoing Answer was served upon all counsel of record by first class mail, postage prepaid on this 20th day of February, 2008.

_____
JOHN A. MCKINNEY, Jr.

1115746.3