**EXHIBIT H**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC, TI GROUP AUTOMOTIVE SYSTEMS, L.L.C., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORP.; ASHLAND, INC., CARPENTER TECHNOLOGY CORPORATION; DIAZ CHEMICAL CORPORATION; fcg, INC.; HANDY & HARMAN TUBE COMPANY; NRM INVESTMENT COMPANY, | : | Judge Legrome D. Davis |
| | : | |
| Defendants. | : | |

## FIFTH AMENDED COMPLAINT

Plaintiffs Agere Systems, Inc. ("Agere"), Cytec Industries Inc. ("Cytec") , Ford Motor Company ("Ford"), SPS Technologies, LLC (as successor to SPS Technologies, Inc.) ("SPS"), and TI Group Automotive Systems, L.L.C. (as successor to TI Group Automotive Systems Corporation ("TI") (collectively "Cooperating Plaintiffs"), by and through their attorneys, by way of Complaint against the Defendants hereby state as follows:

## FACTUAL BACKGROUND

1.    Plaintiffs seek cost recovery and contribution from Defendants for the response costs that Plaintiffs have incurred and the damages that Plaintiffs have suffered as a result of releases or threatened releases of one or more hazardous substance as defined by Section 101 (14) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended, ("CERCLA"), 42 U.S.C. § 9601 (14), and Section 103 of the Pennsylvania

DMEAST #9810545 v4

26.     Smiths Group plc, a United Kingdom corporation, was, prior to April 25, 2001, the ultimate parent of TI. On or about April 25, 2001 Smiths sold the shares of TI (and other related companies) to 329th Shelf Investment Company Limited ("329"). Smiths agreed, as part of that transaction (and as set forth in the April 25, 2001 agreement pursuant to which the shares of TI were sold), to indemnify TI and 329 with respect to any liabilities arising as a result of or in connection with the Site. Smiths has, since April 2001, caused its subsidiaries, Smiths Group Services Corp. and Smiths Group North America, Inc., to transfer funds into the OU-1 and OU-2 Group Trust Accounts on behalf of TI and with respect to TI's obligations to the OU-1 and OU-2 Groups. TI has agreed with Smiths Group plc that it will seek to recover in this action and repay to Smiths Group plc all sums paid by Smiths on TI's behalf.

27.     TI seeks cost recovery and contribution from Defendants for the response costs TI has incurred by making payments itself into the OU-1 and OU-2 Group Trust Accounts. TI also seeks cost recovery and contribution from Defendants in its name on behalf of Smiths.

## JURISDICTION AND VENUE

28.     This action arises under Section 107 of CERCLA, 42 U.S.C. § 9607, Section 113 of CERCLA, 42 U.S.C. § 9613, and Section 702(a)(3) of HSCA, 35 PA. CONS. STAT. § 6020.702(a)(3).

29.     This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9313(b), 28 U.S.C. §§ 1331 and 1367. This Court has supplemental jurisdiction over the state claims based on 28 U.S.C. § 1367.

(d)    Ordering Defendants to pay Plaintiffs their costs of this action, including

reasonable attorneys fees; and

(e)    Granting Plaintiffs such other, further, and different relief as the Court

may deem just and appropriate.

Ballard Spahr Andrews & Ingersoll, LLP

By: _____
    Glenn A. Harris, Esquire (#51222)
    Plaza 1000, Suite 500, Main Street
    Voorhees, New Jersey  08043
    Phone:  (856) 761-3400

Attorneys for Plaintiffs Agere Systems, Inc., Cytec
Industries Inc., Ford Motor Company, SPS
Technologies, LLC, and TI Group Automotive
Systems, L.L.C.

Dated:  January 21, 2008

# EXHIBIT I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC
and TI GROUP AUTOMOTIVE
SYSTEMS, L.L.C.,

                    Plaintiffs,

       v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

                   Defendants.

Civil Action No. 02-CV-3830 (LDD)

**PLAINTIFFS' SUPPLEMENTAL
RESPONSES TO JOINT CONTENTION
INTERROGATORIES OF ADVANCED
ENVIRONMENTAL TECHNOLOGY
CORPORATION, ASHLAND, INC.,
CARPENTER TECHNOLOGY
CORPORATION, fcg, inc., HANDY &
HARMAN TUBE COMPANY, INC. AND
NRM INVESTMENT COMPANY**

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems, L.L.C. ("Plaintiffs"), by their undersigned attorneys, supplement their objections and responses to the joint contention interrogatories of Advanced Environmental Technology Corporation ("AETC"), Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company (collectively, "Defendants") as follows:

123.    Does TI contend that it did not receive or had credited on its behalf any monies or other consideration that reduced its share of Total Cleanup Costs of the Site from any source, including, but not limited to, settlement, insurance proceeds, predecessors, or payment under an indemnity agreement?

    (a)    If not, what monies did TI receive and from what sources?

      **ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is vague, confusing, and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the

discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. Plaintiffs also object to this Interrogatory to the extent that its seek information and documents that are not relevant to the subject matter of this action or are not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law that they "did not receive or had credited on its behalf any monies or other consideration that reduced its share of Total Cleanup Costs of the Site from any source, including, but not limited to, settlement, insurance proceeds, predecessors, or payment under an indemnity agreement." By way of further response, Plaintiff TI Group Automotive Systems, L.L.C. is the successor by merger to Bundy Corporation, a Michigan corporation. Bundy Corporation changed its name in or about October 1999 to TI Group Automotive Systems Corporation ("TIGASC") [BSAI103048-BSAI103049]. TI Group plc, a United Kingdom corporation, became the ultimate parent of TIGASC in or about 1987. In or about December 2000 TI Group plc merged into Smiths Industries plc, a United Kingdom corporation, and the surviving company changed its name to Smiths Group plc. On or about July 3, 2001 and pursuant to a April 25, 2001 Transfer Agreement, Smiths transferred the shares of TIGASC (and other related companies) to 329th Shelf Investment Company Limited ("329"), a publicly owned company [BSAI103074-BSAI103164]. Smiths Group plc agreed, as part of that transaction (and as set forth in the April 25, 2001 agreement pursuant to which the shares of TIGASC were sold), to indemnify TIGASC and 329 with respect to any liabilities arising as a result of or in connection with the Site. On or about June 8, 2001 Plaintiff TI Group Automotive Systems, L.L.C. ("TI") was incorporated in the state of Delaware [BSAI103050]. On or about

June 25, 2001 TIGASC was merged into TI [BSAI103051-BSAI103052]. Documents reflecting these transactions are in the Document Repository and available for inspection and copying.

Smiths Group plc has, since April 2001, caused its subsidiaries, Smiths Group Services Corp. and Smiths Group North America, Inc., to transfer funds into the OU-1 and OU-2 Group Trust Accounts on behalf of TI and with respect to TI's obligations to the OU-1 and OU-2 Groups. Those payments are reflected in the accounting ledgers and documents previously produced. Smiths Group plc has also, since April 2001, caused its subsidiaries to directly or indirectly pay certain legal fees of TI, none of which are being sought from Defendants in this action. TI has agreed with Smiths Group plc that it will seek to recover in this action and repay to Smiths Group plc all sums paid by Smiths on TI's behalf.

A portion of the proceeds of the settlement between Plaintiffs and Techalloy were distributed to Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and to TI, Agere previously having settled with those four plaintiffs. TI's share of the proceeds of that settlement were forwarded by TI to Smiths Group Services Corporation. Specifically, on or about May 10, 2007 TI's portion of that settlement payment was distributed to TI by counsel for Plaintiffs. TI then paid those proceeds to Smiths Group plc's designee, Smiths Group Services Corporation. [BSAI103331-BSAI103334]. The proceeds of all earlier settlements between Plaintiffs and other Settling Defendants were held in the trust account of counsel for Plaintiffs and disbursed to pay invoices to Plaintiffs for the fees and costs of this litigation that would otherwise have been paid by Smiths on behalf of TI. Smiths Group plc thus obtained the benefit of those proceeds. Documents reflecting the payment by TI to Smiths of the proceeds from the Techalloy settlement are in the Document Repository and available for inspection and copying.

Smith Industries, Inc. changed its name to Smiths Group North America, Inc. on or about June 13, 2001. Smiths Group North America, Inc. liquidated and sold certain assets to Smiths Group Services Corporation on or about July of 2004. [BSAI103335-BSAI103341]. Upon the dissolution of Smiths Group North America, Inc., Smiths Group Services Corporation changed its name to Smiths Group North America, Inc. [BSAI103335].

Smiths Group Services Corporation was incorporated in Delaware on or about October 6, 1989 as CEI Acquisition, Inc. CEI Acquisition, Inc. changed its name to Infrared Industries, Inc. on or about December 5, 1989. Infrared Industries, Inc. merged Infrared Associates Inc. and Infrared Systems Inc. into itself on or about December 20, 1991. Infrared Industries Inc. changed its name to Graseby Electro-Optics Inc. on or about January 14, 1992. Smiths Industries, Inc. acquired the stock of Graseby Electro-Optics Inc. on or about February, 1998. [BSAI103342]. Graseby Electro-Optics Inc. changed its name to Smiths Group Services Corporation on or about May 22, 2001. [BSAI103341-BSAI103345]. Smiths Group Services Corporation merged Integrated Air Systems, Inc. and Vent-Axia Inc. into itself on or about July, 2001. [BSAI103346-BSAI103349].

The following individuals have knowledge of some or all of the above: Timothy Guerriero, Walter Orme, and Ira Greenberg.

73:    What do plaintiffs contend is the Total Cleanup Cost for the Site?

**ANSWER**:

Except as set forth below, Plaintiff's response to Interrogatory No. 73 remains as stated in their April 2007 Responses to the Defendants' Joint Contention Interrogatories, which were more specifically answered in Glenn Harris's July 12, 2007 letter to the Defendants, and in their November 21, 2007 Amended and Supplemented Responses To Contention Interrogatories.

With respect to OU-1 costs, assessments were made as follows: In approximately August of 2000 Ford, Cytec, SPS and Agere each paid $50,000 and in approximately December of 2000 Ford, Cytec, SPS and Agere each paid $40,000; TI paid $36,666.66 toward these costs, NRM paid $27,416.66, and Worthington paid $ 26,666.66; in approximately August of 2001 Ford, Cytec, SPS and Agere each paid $240,000; TI, NRM, and Worthington each paid $80,000; in approximately February of 2002 Ford, Cytec, SPS and Agere each paid $100,000; TI, NRM, and Worthington each paid $33,333.33; in approximately July of 2002 Ford, Cytec, SPS and Agere each paid $30,000; TI, NRM, and Worthington each paid $10,000; in approximately August of 2003 Ford, Cytec, SPS and Agere each paid $120,000; TI, NRM, and Worthington each paid $40,000; in approximately March of 2005 Ford, Cytec, and SPS each paid $120,000; TI, NRM, and Worthington each paid $40,000; in approximately June of 2006 Ford, Cytec and SPS each paid $100,000; TI, NRM, and Worthington each paid $33,333.33; in approximately June of 2007, Ford, Cytec and SPS each paid $102,000; TI, NRM, and Worthington each paid $34,000. Each entity's percentage share of assessments was thus: Ford - 21.5035%, Cytec - 21.6446%, SPS - 21.5035%, Agere 13.8271%; TI - 7.3268%; NRM - 7.1062%; and Worthington - 7.0884%. Total costs of the response actions required by the OU-1 Consent Decree through 2007 are $4,200,422 as reflected on the attached de maximis OU-1 invoice tracking chart. [BSAI103350-BSAI03358]. Each entity's share of these response costs was thus: Ford - $903,236.60, Cytec - $909,166.05, SPS - $903,236.60, Agere - $580,795.15, TI - $307,754.66, NRM - $298,491.98 and Worthington - $297,740.95. The backup documentation for these assessments and response costs, including invoices and payment proofs as well as the invoice tracking charts themselves are in the Document Repository and available for inspection and copying.

Plaintiffs have incurred through 2007 $13,903,116.50 (the amounts contributed by each individual Plaintiff to the response costs for work required by OU-1 Consent Decree and EPA Oversight Costs pursuant to that decree, the response costs for work required by the OU-2 Consent Decree and EPA's Oversight costs related to that decree, and the payment of EPA's past and interim costs as required by the OU-2 Consent Decree.)

AS TO OBJECTIONS:

Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership

By: _Amy Trojecki_

Amy M. Trojecki, Esquire

Dated: February 8, 2008

LAW OFFICES

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000 · SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

**AMY M. TROJECKI**
DIRECT DIAL: (856) 761-3414
PERSONAL FAX: (856) 761-9014
E-MAIL: TROJECKIA@BALLARDSPAHR.COM

February 25, 2008

**Via E-mail**

ALL COUNSEL ON ATTACHED LIST

      Re:    Boarhead Farm Agreement Group v. Advanced Environmental
             Technology Corporation, et al.; Case No. 02-3830 (LDD)

Dear Counsel:

      I am enclosing the signed verifications on behalf of plaintiffs to the February 8,
2008 Amended and Supplemental Responses to Contention Interrogatories in the above matter.

             Very truly yours,

             Amy M. Trojecki

AMT/cdg
Attachments

DMEAST #9987509 v1

## *Boarhead Farm Defendants' Service List*
## *File No. 892241*

Laurie J. Sands, Esquire
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
Phone: 973-530-2098
Fax: 973-530-2298
e-mail: lsands@wolffsamson.com

-and-

Robert M. Morris, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street
P.O. Box 30477
Philadelphia, PA 19103
Phone: 215-568-5621
Fax: 215-568-3253
e-mail: rmmorris@morrisadelman.com
*Advanced Environmental Technology Corp.*

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
        Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Phone: 973-994-1700
Fax: 973-994-1744
e-mail: mflax@carellabyrne.com
*Handy & Harman Tube Company*

Lynn Wright, Esquire
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, New York 10022-1200
Phone: 212-308-4411
Fax: 212-308-4844
e-mail: lwright@ealaw.com
*Carpenter Technology Corporation*

Christopher R. Booth, Jr., Esquire
Booth and Tucker
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, Pennsylvania 19103
Phone: 215-875-0609
Fax: 215-875-8143
e-mail: cbooth@boothtucker.com
*Special Litigation Counsel for Carpenter Technology Corporation*

Seth v.d.H. Cooley, Esquire
Duane Morris LLP
United Plaza
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: 215-979-1838
Fax: 215-979-1020
e-mail: scooley@duanemorris.com
*Flexible Circuits & Etched Circuits*

Edward Fackenthal, Esquire
Law Office of Edward Fackenthal
One Montgomery Plaza
Suite 209
Norristown, PA 19401
Phone: (610) 279-3370
Fax: (610) 279-0696
*NRM Investment Co.*
e-mail: edwardfackenthal@cs.com

Richard C. Biedrzycki, Esquire
Phelan, Pettit & Biedrzycki
The North American Building
Suite 1600
121 South Broad Street
Philadelphia, PA 19107
Phone: 215-546-0500
Fax: 215-546-9444
e-mail: rbiedrzycki@pp-b.com
*Ashland, Inc.*

STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF WAYNE      )


_____Louis J. Ghilardi_____, being duly sworn, deposes and says that the deponent is an authorized agent of Ford Motor Company, and that the deponent verifies the foregoing PLAINTIFFS' SUPPLEMENTAL RESPONSES TO JOINT CONTENTION INTERROGATORIES OF ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ASHLAND, INC., CARPENTER TECHNOLOGY CORPORATION, fcg, inc., HANDY & HARMAN TUBE COMPANY, INC. AND NRM INVESTMENT COMPANY for and on behalf of Ford Motor Company and is duly authorized so to do; that the matters stated therein are not within the personal knowledge of the deponent; that the facts stated therein have been assembled by authorized employees and counsel of Ford Motor Company, and the deponent is informed that the facts stated therein are true.


_____
Louis J. Ghilardi
Assistant/Secretary

Subscribed and sworn to before me this

14th day of February 2008

JESSICA WESTBROOK
NOTARY PUBLIC-STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires March 17, 2013
Acting in the County of _____

## VERIFICATION

Timothy M. Guerriero, being duly sworn, deposes and says that he is an authorized agent of TI Group Automotive Systems, L.L.C., and that he verifies the foregoing Plaintiffs' February 8, 2008 Supplemented Responses To Joint Contention Interrogatories of Advanced Environmental Technology Corporation, Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of TI Group Automotive Systems, L.L.C.; and deponent is informed that the facts stated therein are true.

Dated: 02-08-08

Timothy M. Guerriero

DMEAST #9977739 v1

## VERIFICATION

Thomas E. Mesevage, being duly sworn, deposes and says that he is an authorized agent of Cytec Industries, Inc., and that he verifies the foregoing Plaintiffs' February 8, 2008 Supplemented Responses To Joint Contention Interrogatories of Advanced Environmental Technology Corporation, Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cytec Industries, Inc.; and deponent is informed that the facts stated therein are true.

Dated: 2/19/08

Thomas E. Mesevage

## VERIFICATION

Jocelyn T. de Grandpre, hereby states that she is an authorized agent of Agere Systems, Inc., and that she verifies the foregoing Plaintiffs' November 21, 2007 Amended and Supplemented Responses To Contention Interrogatories; that the matters stated therein are not within her personal knowledge; that the facts stated therein have been assembled by authorized employees and counsel of Agere Systems, Inc.; and she is informed that the facts stated therein are true.

Dated:   February 20, 2008

_____
Jocelyn T. de Grandpre

## VERIFICATION

Thomas S. Cross, being duly sworn, deposes and says that he is an authorized agent of SPS Technologies, LLC, and that he verifies the foregoing Plaintiffs' February 8, 2008 Supplemented Responses To Joint Contention Interrogatories of Advanced Environmental Technology Corporation, Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company; that the matters stated therein are not within the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of SPS Technologies, LLC; and deponent is informed that the facts stated therein are true.

Dated:  19 February 2008

_____
Thomas S. Cross

**EXHIBIT J**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT GROUP,          :
                                        :
                Plaintiff,              :
                                        :
v.                                      :          Civil Action No. 02-3830
                                        :
ADVANCED ENVIRONMENTAL                  :
TECHNOLOGY CORPORATION, ET AL.,         :          FILED FEB 0 9 2005
                                        :
                Defendants.             :

## SEVENTH CASE MANAGEMENT ORDER

This Court has determined that the just, efficient, cost-effective, and prompt resolution of this case requires entry of this Seventh Case Management Order pursuant to Fed. R. Civ. P. 16(b) and 26(f).

IT IS hereby ORDERED that the Sixth Case Management Order entered on December 30, 2004 is modified as follows:

1.      All fact discovery shall be completed on or before March 18, 2005.

**IT IS SO ORDERED.**

Legrome D. Davis, J.

Date:    2/2/0+