# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC, | CIVIL ACTION |
| Plaintiffs, | Case No. 02-cv-3830 |
|  | Judge LeGrome D. Davis |
| v. |  |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., |  |
| Defendants. |  |

---

**DEFENDANT AETC'S MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY TO ASHLAND'S OPPOSITION TO AETC'S MOTION FOR SUMMARY JUDGMENT**

---

**WOLFF & SAMSON PC**
John A. McKinney
Laurie J. Sands
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
jmckinney@wolffsamson.com
lsands@wolffsamson.com
Attorneys for Defendant Advanced
Environmental Technology Corp.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT ............................................................................................................... 3

POINT I

ASHLAND'S CROSS-CLAIMS ARE NOT CLAIMS FOR CONTRIBUTION
AND INDEMNIFICATION ...................................................................................................... 3

    A.    Ashland's Breach of Contract Claims ................................................................... 3

    B.    Ashland's Tort Claims. ......................................................................................... 6

POINT II

ASHLAND'S CLAIMS ARE BARRED BY THE DOCTRINE OF LACHES ........................... 8

    A.    Ashland's Claims were Filed Late. ....................................................................... 8

    B.    Ashland has always had the Right to Assert Against AETC
        Contribution Claims and Claims for Contractual Indemnity. ................................ 9

    C.    AETC Will Suffer Prejudice if Ashland is Permitted to Assert its
        Ten New Claims. ................................................................................................. 10

POINT III

AETC NEVER SIGNED THE ALLEGED CONTRACT OFFERED BY ASHLAND .............. 12

POINT IV

THE ALLEGED CONTRACT BETWEEN AETC AND ASHLAND WAS
FOR THE CONSTRUCTION AND USE OF A DISTILLATION PLANT TO
HANDLE ASHLAND'S ACID WASTES ................................................................................. 13

POINT V ................................................................................................................................... 14

ASHLAND WAS SIGNIFICANTLY INVOLVED IN THE DECISION
TO HIRE DEREWAL FOR THE DISPOSAL OF ITS WASTES ............................................. 14

CONCLUSION ......................................................................................................................... 14

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

In re Cento Incorporated Securities Litigation,
 642 F. Supp. 539 (N.D. Ill. 1986) ..........................................................................6, 7

In re Sunrise Securities Litigation,
 793 F. Supp. 1306 (E.D.Pa. 1992) ..............................................................................4

United States v. Atlantic Research Corporation,
 127 S. Ct. 2331 (2007)..................................................................................................9

### STATE CASES

County of Delaware v. J.P. Mascaro & Sons, Inc.,
 830 A.2d 587 (Pa. Super. 2003)................................................................................10

Lobolito, Inc. v. North Pocono School District,
 755 A.2d 1287 (Pa. 2000) ............................................................................................5

Lucey v. Workmen's Compensation Appeal Board,
 732 A.2d 1201 (Pa. 1999) ............................................................................................5

Oviatt v. Automated Entrance System Company, Inc.,
 583 A.2d 1223 (Pa. Super. 1990)................................................................................4

Swartz v. Sunderland,
 169 A.2d 289 (Pa. 1961) ..............................................................................................4

Taylor v. Kaufhold,
 84 A.2d 347 (Pa. 1951) ................................................................................................5

### OTHER AUTHORITIES

42 Pa.C.S. §§ 8321-8327 ....................................................................................................4

1125202.1

## PRELIMINARY STATEMENT

Ashland asserts in its opposition to Advanced Environmental Technology Corporation's ("AETC") summary judgment motion that Ashland's claims cannot be time barred because, although they are plead as breach of contract, fraud and negligence, in reality, Ashland is seeking only indemnification and contribution. According to Ashland, since it is only seeking indemnity and contribution, its claims have not yet accrued, and, therefore, cannot be time barred. No matter how Ashland pleads the remedy to its claims – the fact remains - they are not indemnification and contribution claims. They are claims asserting direct harm to Ashland allegedly caused by AETC. Thus, as AETC set forth in its moving papers, the statute of limitation on these claims began to run, at the latest, in 2002. Unfortunately for Ashland, six years is too late for it to assert its claims against AETC.

Indemnification and contribution arise when an entity is found liable to a third party and that entity seeks to shift either a portion of or its entire liability to another liable party. The claims Ashland asserts against AETC are not with respect to liability to the Plaintiffs, but rather, are claims of damages suffered by Ashland because of an alleged breach of contract and fraud and negligence on the part of AETC. No matter how Ashland couches its claims, they are direct claims seeking damages with set statutes of limitations that have run and are not indemnification and contribution claims that have not yet accrued. Although damages Ashland obtains from AETC as a result of its claims may be used to off-set any liability of Ashland to the Plaintiffs, this does not transform Ashland's claims into claims for indemnity and contribution. Accordingly, as set forth in AETC's moving papers, Ashland has failed to file its claims in a timely manner and now the claims are barred.

Moreover, it is troubling that Ashland filed ten new claims against AETC after discovery has closed and dispositive motions have been filed in this case. There is no reason, nor can

Ashland provide one, as to why Ashland waited so long to assert its claims. Ashland knew about its claims at the latest when this action was filed, and, most likely, several years prior to that time. AETC believes it is too late for Ashland to file its claims, but, if this Court allows Ashland to proceed, justice requires that AETC be permitted to take full discovery on Ashland's claims to avoid significant prejudice to AETC. AETC did not pursue such discovery during this case because it had no idea Ashland would be filing these claims. Therefore, to ensure that AETC can properly prepare for trial, AETC must be permitted to propound interrogatories and document requests and take depositions with respect to Ashland's claims.

Further, Ashland based a number of its claims on an alleged contract between AETC and Ashland. An alleged contract where the contract language and evidence show that the contract did not cover the disposal of wastes at issue in this case. An alleged contract that was never signed by either party. An alleged contract where both a representative for AETC and a representative for Ashland testified they did not believe it was ever executed. Accordingly, Ashland's contract claim is based on a contract that never existed. Thus, summary judgment should be granted as to Ashland's breach of contract claim.

Finally, the facts demonstrate that Ashland knew and approved of the use of DeRewal Chemical Company to handle its waste. Therefore, Ashland's late accusations that AETC somehow defrauded them into allowing Ashland's waste to be handled by DeRewal are unsupportable. As such, summary judgment should be granted as to Ashland's fraudulent inducement claim against AETC.

1125202.1

## LEGAL ARGUMENT

## POINT I

## ASHLAND'S CROSS-CLAIMS ARE NOT CLAIMS
## FOR CONTRIBUTION AND INDEMNIFICATION

Ashland in its opposition to AETC's summary judgment motion asserts that the applicable statutes of limitations for Ashland's cross-claims have not run, because, although the claims are alleged as breach of contract, fraud and negligence, they are really claims for indemnity and contribution. As a result, Ashland argues the claims have not accrued, and, therefore, are not barred by the applicable statutes of limitations. In truth, Ashland is attempting to circumvent its failure to assert its claims in a timely manner by seeking in each prayer of relief indemnity and contribution, instead of damages. Regardless of how Ashland labels its claims, they are not indemnity and contribution claims. Ashland's claims are common law claims based on breach of contract, unjust enrichment, promissory estoppel, fraud and negligence. These claims assert direct harm to Ashland, and, as such, allow Ashland to seek damages from AETC, not indemnification or contribution. Unfortunately for Ashland, however, these claims, as demonstrated in AETC's moving papers, are time barred.

**A.    Ashland's Breach of Contract Claims.**

In five of the ten counts Ashland asserts against AETC, Ashland pleads breach of contract or quasi-contract claims. Ashland now argues that such claims are not for damages but for indemnification and contribution. Ashland does this without explaining how allegations that AETC directly harmed Ashland create a remedy of indemnification or contribution. Ashland does not provide an explanation because one is not available.

Indemnification and contribution arise when a third party has been injured and an entity is found liable for such injury. The entity can, in certain circumstances, seek redress from

another potentially responsible party through contribution or indemnification. See In re Sunrise Securities Litigation, 793 F. Supp. 1306, 1321 (E.D.Pa. 1992). Therefore, the basis for an indemnification or contribution claim by Ashland would be an injury to the Plaintiffs and Ashland's liability to the Plaintiffs for such injury. In order to seek indemnification or contribution from AETC, Ashland would have to prove AETC's liability to the Plaintiffs so that Ashland could shift either a portion of or its entire liability to AETC.

Conversely, the basis for the common law claims asserted by Ashland against AETC is the alleged direct harm suffered by Ashland. Although the distinction is subtle it is important, when seeking indemnification or contribution the claim stems from liability to a third party. In a breach of contract claim, the claim stems from direct harm suffered by the party claiming the breach. Although the damages Ashland seeks through its breach of contract claims may be used to offset Ashland's liabilities to the Plaintiffs in this matter, this does not transform Ashland's common law claims into claims for contribution and indemnity.

In addition, although Pennsylvania recognizes that a tortfeasor is entitled to a right of contribution from fellow joint tortfeasors this right is not unlimited. Swartz v. Sunderland, 169 A.2d 289, 290 (Pa. 1961). In Pennsylvania, the right to contribution is a statutory right. Under the Pennsylvania Uniform Contribution Among Tort-Feasors Act, 42 Pa.C.S. §§ 8321-8327 ("UCATA"), a joint-tortfeasor is not permitted to seek contribution from another tortfeasor unless it has discharged a common liability or paid more than its pro rata share of a common liability. Oviatt v. Automated Entrance System Company, Inc., 583 A.2d 1223, 1225 (Pa. Super. 1990). Therefore, in order for Ashland to pursue its contribution claims against AETC it must first extinguish its liability to the Plaintiffs. As such, the fact that AETC allegedly breached a contract with Ashland does not give Ashland the right to pursue contribution from AETC.

Again, the inquiry in a contribution action is how the liability to a third-party, the Plaintiffs, is addressed and not whether Ashland was directly harmed by AETC.

Furthermore, the damages suffered by Ashland for AETC's alleged breach of contract are damages naturally and ordinarily resulting from the breach – not indemnification or contribution. Taylor v. Kaufhold, 84 A.2d 347, 351 (Pa. 1951). The alleged contract between Ashland and AETC was one where Ashland paid AETC for certain services. Although the alleged contract contained an indemnification clause, Ashland is not claiming AETC breached the indemnification clause. Rather, Ashland is claiming AETC did not perform services in compliance with the contact, and, therefore, Ashland is entitled to contractual damages.

The damages for promissory estoppel stem from the reliance of Ashland on alleged promises made by AETC. See Lobolito, Inc. v. North Pocono School District, 755 A.2d 1287, 1292 (Pa. 2000). Therefore, the damages for Ashland's promissory estoppel claim are damages Ashland suffered due to its alleged reliance on promises made by AETC and are similar to the damages for the breach of contract claim. Again, the remedy for such damages is not indemnification or contribution.

With respect to the unjust enrichment claim, as plead by Ashland, the damages result from AETC being able to retain a benefit, the payment by Ashland, when AETC allegedly failed to perform the services for which Ashland paid. Unjust enrichment arises when "one party retains a benefit that in justice and equity belongs to another." Lucey v. Workmen's Compensation Appeal Board, 732 A.2d 1201, 1207 (Pa. 1999). Accordingly, the proper measure of damages for Ashland's unjust enrichment claim is the payment Ashland made to AETC for the services provided by AETC, not indemnification or contribution. Also, unjust enrichment is an equitable doctrine that is inapplicable when there is a written agreement or express contract.

Therefore, Ashland cannot claim that the indemnification clause in the alleged contract between Ashland and AETC applies to a claim of unjust enrichment.

Indemnification and contribution claims are independent actions and not remedies for Ashland's breach of contract, promissory estoppel and unjust enrichment.  In fact, Ashland states in its memorandum of law in support of its opposition to AETC's motion for summary judgment that claims for indemnity and contribution are "independent actions" and cites to a number of cases where parties assert independent indemnity and contribution claims.  Not one of the cases Ashland cites involves a breach of contract or tort claim where the party is seeking indemnity or contribution as a remedy.

Unfortunately for Ashland, no matter how it pleads its remedy, the statute of limitations has run on its breach of contract, promissory estoppel and unjust enrichment claims, precluding Ashland from pursuing such claims against AETC.

**B.**     **Ashland's Tort Claims.**

Ashland in its cross-claims against AETC also asserts claims based on fraud and negligence, which are tort actions.  Ashland then seeks indemnification and contribution as a result of AETC's alleged tortious behavior.   Like the breach of contract claims, the remedy for the tort claims is not indemnification or contribution.

There is a legal distinction between recovery via indemnification or contribution and recovery via damages for a tort.  See In re Cento Incorporated Securities Litigation, 642 F. Supp 539, 541 (N.D. Ill. 1986).  The court in In re Cento stated, "'recovery under principles of contribution or indemnity' is, quite simply, a different animal from 'recovery under principles of direct tort liability.'"  Id.  Indemnity generally exists between two tortfeasors and is found if a contractual or other relationship warrants shifting the total liability of one tortfeasor to the other

tortfeasor.  <u>Id</u>.  In a contribution action, a tortfeasor seeks to share its liability to a third party with another tortfeasor.  Conversely, under a tort claim, a party seeks damages as a result of a tort being committed directly on that party.  Although the element of damages in a tort claim may overlap with what a party may recover through indemnity or contribution, it does transform the tort claim into an indemnification or contribution claim.  <u>Id</u>.

Ashland seeks damages as a result of AETC's alleged tortious behavior as to Ashland – fraud, negligent hiring, negligent supervision and breach of a fiduciary duty.   Ashland's claims are direct tort claims, they are not indemnity or contribution claims.  Ashland cannot transform its tort claims against AETC into indemnification or contributions claims by simply asserting indemnification or contribution in its prayer for relief.

In addition, as stated above, Ashland cannot seek contribution from AETC unless and until it extinguishes its liability to the Plaintiffs.  Ashland's tort claims against AETC do not address Ashland's liability to the Plaintiffs, but rather, address AETC's alleged liability to Ashland.  These tort claims can be asserted for damages regardless of whether Ashland has addressed its liability with the Plaintiffs.  Therefore, as with the breach of contract claims, contribution would not apply to Ashland's tort claims against AETC.

\* \* \*

If Ashland was truly seeking only contribution and indemnification from AETC, Ashland would have added allegations to its existing contribution claim and asserted a separate indemnification claim instead of asserting new claims against AETC.  Ashland's argument that the claims it now asserts against AETC, although plead as breach of contract, fraud and negligence, are contribution and indemnification claims is simply an effort to circumvent the statute of limitations for such claims and allow Ashland to bring claims that it failed to assert in a

timely manner.   Given that Ashland's claims are time-barred, AETC's summary judgment motion with respect to such claims should be granted.

## POINT II

### ASHLAND'S CLAIMS ARE BARRED BY THE DOCTRINE OF LACHES

**A.     Ashland's Claims were Filed Late.**

Ashland alleges that there was no delay in asserting its cross-claims against AETC because, according to Ashland, its claims are not truly breach of contract or tort claims, but rather, claims for indemnity and contribution.  Therefore, as maintained by Ashland, these claims have not yet accrued.   As demonstrated above, Ashland's claims are not indemnity and contribution claims but claims for breach of contract and tort and such claims should have been filed in 2002.  Instead, Ashland waited until the eve of trial in this case to file its claims against AETC.  Ashland simply waited too long and has now relinquished its right to assert such claims.

Ashland also asserts that AETC cannot allege that Ashland's claims were filed late, because Ashland attempted to file the same claims in October 2006.  The fact that Ashland attempted to assert these claims in the past does not excuse Ashland's delay.  Ashland did not press this Court to allow it to file its claims in 2006.  Instead, Ashland allowed the claims to lapse and is now trying to resurrect them two years later – after all discovery has been finalized and dispositive motions filed in this case.

Ashland should have asserted its claims as ordered by the Court in 2004.  In 2006, knowing it was remiss in filing its claims against AETC, Ashland argued, as it does today, that the only reason it waited to assert such claims was because they were contribution and indemnification claims, and, therefore, preempted by CERCLA.  In 2006, when AETC filed its summary judgment motion on liability in this case, Ashland alleged it was concerned that AETC

would be dismissed from this action and Ashland would be required to file its common law claims in a separate action – an action where Ashland would be faced with the fact that the statute of limitations had run for the claims. It is important to note that if AETC was adjudged not liable under CERCLA in 2006, Ashland, by its own admission, would have pursued direct claims against AETC outside of this case. As a result of AETC being held not liable, these claims could not have been for indemnity or contribution. Therefore, in 2006, Ashland recognized that it had direct claims against AETC for damages not related to AETC's liability to the Plaintiffs, but rather, for AETC's alleged liability to Ashland. Ashland chose to pursue only its contribution claims and forego its direct claims against AETC. Ashland cannot now avoid this decision.

**B.      Ashland has always had the Right to Assert Against AETC
Contribution Claims and Claims for Contractual Indemnity.**

Ashland also argues that since circumstances have changed with the Plaintiffs' filing of CERCLA Section 107 claims, Ashland can once again attempt to file its untimely claims. Ashland asserts that it can file its claims because although they were previously preempted by CERCLA Section 113 they are not preempted by the new Section 107 claims. In addition, Ashland argues that because the Plaintiff's CERCLA Section 107 claims assert joint and several liability, Ashland must be permitted to assert its present claims against AETC in case Ashland is required to pay more than its equitable share of the cleanup costs at the Site.

Ashland's argument is misplaced. Ashland always had contribution claims and continues to have such claims under CERCLA. In fact, the Supreme Court in United States v. Atlantic Research Corporation, 127 S. Ct. 2331, 2339 (2007), anticipating Ashland's concern, found that defendants in "a § 107(a) suit could blunt any inequitable distribution of costs by filing a § 113(f) counterclaim." Ashland has asserted just such contribution claims against AETC in this

case. Neither Plaintiffs' CERCLA Section 107 claims or Ashland's common law claims have changed Ashland's right to contribution.

With respect to indemnification, CERCLA does not preempt contractual indemnification. See County of Delaware v. J.P. Mascaro & Sons, Inc., 830 A.2d 587, 592 (Pa. Super. 2003). Therefore, Ashland always had a contractual indemnification claim against AETC, but never brought the claim. Ashland still has not asserted a separate contractual indemnification claim against AETC.

Moreover, the claims Ashland now asserts against AETC are direct claims for damages, and, are not, and never were, preempted by CERCLA. As a result, Ashland's argument that it could not bring its present cross-claims against AETC until the Plaintiffs' asserted their CERCLA Section 107 claims is simply wrong, and, therefore, cannot justify the unreasonable delay by Ashland in pursuing such claims.

## C.     AETC Will Suffer Prejudice if Ashland is Permitted to Assert its Ten New Claims.

Ashland also alleges that AETC has suffered no prejudice as a result of Ashland's failure to file its claims in a timely manner. As Ashland is aware, the focus of the Defendants' discovery in this case has been and continues to be the claims asserted by the Plaintiffs. AETC did not consider in discovery that it would be required to defend itself against ten common law claims asserted by Ashland, including fraud. This is evident in the fact that AETC did not serve any interrogatories or document requests on Ashland regarding its relationship with Ashland or the alleged contract on which Ashland now bases its claims. In fact, the very few questions regarding the alleged contract between AETC and Ashland were not propounded by counsel for AETC during depositions, but rather, were asked by Plaintiffs' counsel. Again, evidencing the fact that AETC never anticipated Ashland's claims.

Moreover, although individuals with knowledge of Ashland's Great Meadows Plant were deposed in this case, not one of these depositions was noticed by AETC. Nor did AETC notice any individual in Ashland's legal department that may have had knowledge of the alleged contract between AETC and Ashland. Furthermore, AETC did not notice a corporate designee deposition of Ashland in order to ascertain Ashland's knowledge regarding the alleged contract and AETC's representations to Ashland prior to AETC and Ashland conducting business. If AETC was aware of Ashland's claims it would have certainly examined various Ashland witnesses with respect to the alleged contract and fraud.

Ashland also alleges that AETC should have known about Ashland's claims and prepared accordingly because Ashland attempted to assert these same claims in 2006. The fact that Ashland attempted to assert its claims two years ago is irrelevant. Ashland did not assert the claims and AETC is not required to conduct discovery on any potential claim that could arise. This is especially true given that the applicable statutes of limitations had run on Ashland's claims. In fact, AETC had no inkling that Ashland was going to assert claims against AETC until AETC was served with Ashland's answer to the Fifth Amended Complaint. There is no reason, nor can Ashland provide one, why AETC would have taken discovery on claims Ashland once attempted to assert but never formally did.

Ashland cannot be permitted to wait until the eve of trial to assert claims against AETC and then argue that AETC is not entitled to discovery on such claims because individuals with potential knowledge were already deposed in the case even though these individuals were not deposed with respect to Ashland's claims against AETC. Surely, Ashland would argue that it was entitled to discovery if it found itself in AETC's position. AETC must be permitted to

1125202.1

conduct full discovery on Ashland's ten new claims against AETC to avoid prejudice and allow AETC to properly prepare for trial.

**POINT III**

**AETC NEVER SIGNED THE ALLEGED CONTRACT OFFERED BY ASHLAND**

Ashland claims that there is a significant disputed issue of material fact as to whether AETC signed the written contract Ashland puts forth in its cross-claims.  There is no issue of fact, as evidenced by the contract provided by Ashland, AETC never signed the contract.  Ashland also misrepresents John Leuzarder's testimony regarding the contract.  Ashland states in its memorandum of law that "Leuzader merely stated that he did not know whether the contract was signed."  In fact, Mr. Leuzader's testimony with respect to the execution of the contract was "However as you can see it was not signed and I have no recollection that it ever was signed or executed."  <u>See</u> Sands Decl., Ex. G.  This testimony is much different than Ashland's representation that Mr. Leuzader could not remember whether it was signed or not.  Mr. Leuzader had no recollection of the contract ever being signed or executed.  In fact, Ashland's own employee, Arthur Curley, was also asked whether the document was ever signed by Ashland, he responded "No, as far as I know, no."  <u>See</u> Sands Declaration in Support of AETC's Reply to Ashland's Opposition to AETC's Summary Judgment Motion, dated April 15, 2008 ("Sands Decl. 2), ¶ 3, Ex. A.  There is no disputed issue of fact – the document was never signed by AETC or Ashland.  Thus, no contract exists and AETC's summary judgment motion as to Ashland's breach of contract claim should be granted.

12

## POINT IV

### THE ALLEGED CONTRACT BETWEEN AETC AND ASHLAND WAS FOR THE CONSTRUCTION AND USE OF A DISTILLATION PLANT TO HANDLE ASHLAND'S ACID WASTES

Ashland assertions that AETC misread the alleged contract between Ashland and AETC are unfounded.  The contract itself, and the letters and memorandums relating to the contract, demonstrate that it was with respect to a distillation project and not simply the disposal of Ashland's wastes.  Ashland points to two sentences in a seven-page document to support its assertion that the alleged agreement concerned the disposal of Ashland's waste and not a distillation project that never came to fruition.  To determine the extent of the contract, the wording of the entire document must be considered.  As AETC explained in its moving papers, the contract read as a whole covers a distillation project and not simply the disposal of Ashland's waste.  The contract was never executed because the distillation project was never pursued.

Ashland also points to a letter written by Mr. Leuzader to Mr. Curley regarding the installation of distillation equipment to support its argument.  A close examination of the letter, however, demonstrates that it actually supports the position set forth by AETC that the contract and applicable correspondence indicate the parties were discussing the installation of a distillation plant, and, in order for AETC to protect its investment, Ashland would be required to have AETC handle all of its acid waste:

> We will install distillation equipment upon receipt of a mutually satisfactory contractual commitment from Ashland for handling all acid produced over a twelve (12) month period (based on a tentative figure of 14 million pounds production).  Safeguards must be built into a contract to protect A.E.T.C. and Environmental Chemical Control's investment.  See Sands Decl., Ex. F.

The evidence establishes that the contract Ashland alleges was executed between AETC and Ashland regarding the handling of Ashland's waste was in reality a contract between AETC

13

and Ashland for a distillation project that never occurred.  Accordingly, the contract was never executed.  As such, AETC's summary judgment motion as to Ashland's breach of contract claim should be granted.

## POINT V

### ASHLAND WAS SIGNIFICANTLY INVOLVED IN THE DECISION TO HIRE DEREWAL FOR THE DISPOSAL OF ITS WASTES

As demonstrated in AETC's moving papers, Ashland's employee, Arthur Curley, was intimately involved in determining whether to use DeRewal to handle Ashland's wastes.  As such, Ashland made an independent decision to use DeRewal and did not rely upon representations of AETC to make such a decision.  In fact, Mr. Curley decided to use DeRewal even after he found out that Mr. DeRewal was fined on several occasions for pollution and made major headlines as a result of pollution.  Ashland cannot support its claim that AETC fraudulently induced it into an agreement with AETC, and, therefore, AETC's summary judgment motion with respect to Ashland's fraudulent inducement claim should be granted.

## CONCLUSION

For the foregoing reasons, Defendant, Advanced Environmental Technology Corporation, respectfully requests that this Court grant Summary Judgment as to Ashland's cross-claims against it in this matter, or in the alternative, dismiss Count Six of Ashland's cross-claim against it for failure to plead with particularity.

WOLFF & SAMSON PC
Attorneys for Defendant Advanced Environmental
Technology Corporation


By: /s/ Laurie J. Sands _____
    LAURIE J. SANDS
    lsands@wolffsamson.com

Dated:  April 15, 2008

14

1125202.1