# EXHIBIT "J"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARHEAD FARM AGREEMENT : 
GROUP, :
        Plaintiff, : CIVIL ACTION
        v. : NO. 02-3830
ADVANCED ENVIRONMENTAL :
TECHNOLOGY CORPORATION, :
et al., :
        Defendants. :

## ORDER

AND NOW, this 23rd day of June, 2005, is it is hereby ORDERED as follows.

1. Upon consideration of Defendant Ashland Chemical Co.'s Motion to Strike Plaintiff's Untimely and Improper Objections to Ashland's Interrogatories and Document Requests and to Compel More Specific Responses Thereto (Doc. No. 125) filed December 20, 2004, it is hereby ORDERED that:

    a. Defendant's Motion is DENIED. Defendant's Motion, insofar as it seeks to compel responses to so-called "contention interrogatories," is premature. However, Defendant may submit narrowly-tailored contention interrogatories to Plaintiff at the close of expert discovery. If appropriate, the Court will consider and favorably view a Motion to Compel and/or a reasonable extension of discovery at that time; and

    b. Plaintiff Boarhead Farms Agreement Group shall swear to the accuracy of their responses to Defendant Ashland Chemical Co.'s interrogatories and

1

      document requests in compliance with Federal Rule of Civil Procedure 33(b)(1) on or before July 8, 2005.

2. Upon consideration of Defendants Techalloy Co., Inc. and Rahns Speciality Metals, Inc.'s Motion to Compel Responses to Interrogatories and for Extension of Time to Complete Discovery (Doc. No. 136), filed March 4, 2005, it is hereby ORDERED that Defendants' Motion is DENIED. Defendant's Motion, insofar as it seeks to compel responses to so-called "contention interrogatories" and interrogatories regarding apportionment of response costs, is premature; Defendant may submit narrowly-tailored contention and cost apportionment interrogatories to Plaintiff at the close of expert discovery; if appropriate, the Court will consider and favorably view a Motion to Compel and/or a reasonable extension of discovery at that time.

3. Upon consideration of Defendant Flexible Circuits' Motion to Join in Defendants Techalloy and Rahns's Motion to Compel and for Extension of Fact Discovery Period (Doc. No. 139), filed March 17, 2005, it is hereby ORDERED that Defendant's Motion is DENIED AS MOOT.

4. Upon consideration of Defendant Handy & Harman Tube Co.'s Motion to Join in Defendants Techalloy and Rahns's Motion to Compel and for Extension of Fact Discovery Period (Doc. No. 145), filed March 22, 2005, it is hereby ORDERED that Defendant's Motion is DENIED AS MOOT.

5. Upon consideration of Defendant Carpenter Technology Corp.'s Motion for Joinder of Carpenter Technologies to Defendants Techalloy Co., Inc. and Rahns

Specialty Metals, Inc.'s Motion to Compel and for Extension of Fact Discovery Period (Doc. No. 150), filed March 28, 2005, it is hereby ORDERED that Defendant's Motion is DENIED AS MOOT.

6. Upon consideration of Plaintiff's Motion for Protective Order (Doc. No. 138), filed March 16, 2005, it is hereby ORDERED that Plaintiff's Motion is GRANTED in part and DENIED in part. As discussed above, questions regarding contentions and contribution are premature. Moreover, the Court agrees with the holding in Smithkline Beecham Corp. v. Apotex, 2004 WL 739959, at *3 (E.D. Pa. March 23, 2004), that contention interrogatories are more appropriate than Rule 30(b)(6) depositions to elicit a party's legal conclusions. Therefore, it is hereby ORDERED that Defendants may not question deponents on those subjects and Plaintiff's Motion is GRANTED in that respect. However, Defendants may depose a corporate designee of Boarhead Farm Agreement Group on nine (9) days notice. Therefore, Plaintiff's Motion is DENIED in that respect.

7. Upon consideration of Defendant Ashland Chemical Co.'s Motion for Extension of Fact Discovery Period (Doc. No. 142), filed March 18, 2005, it is hereby ORDERED that Defendant's Motion is DENIED.

8. Upon consideration of Plaintiff Boarhead Farms Agreement Group's Motion to Compel (Doc. No. 143), filed March 18, 2005, it is hereby ORDERED that Plaintiff's Motion is GRANTED AS UNOPPOSED as against Defendant NRM Investments.

9. The Clerk of Court is hereby directed to terminate Motions 125, 136, 138, 139, 142, 143, 145, and 150.

BY THE COURT:

/s/
Legrome D. Davis, J.