# EXHIBIT "M"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., ET AL.,      :
                                   :     CIVIL ACTION
            Plaintiffs,            :
                                   :
    v.                             :
                                   :
ADVANCED ENVIRONMENTAL             :     NO. 02-3830
TECHNOLOGY CORPORATION, ET AL.,    :
                                   :
            Defendants.            :

ORDER

This is a discovery dispute regarding plaintiffs' answers to various contention interrogatories. The defendants individually and collectively filed motions to compel answers to interrogatories (Doc. No. 233, 234, 235, and 237), and the plaintiff responded in a single motion (Doc. No. 238). After an extensive review of the interrogatories, responses, and supporting documents, defendants' motions (Doc. No. 233, 234, 235, and 237) are granted in part and denied in part.

And now, this 29th day of October, 2007, it is hereby ordered that plaintiffs provide the following discovery responses by Wednesday, November 21, 2007:

1. Plaintiffs are directed to give more comprehensive responses to Interrogatories 78-92 and 94-111 (Doc. Nos. 233, 234, 235, and 237).[1]

---

[1] The Court realizes that plaintiffs answered Joint Contention Interrogatories 78-111 in a single response (Answer to Interrogatory 78) because all of these interrogatories pose the same question with respect to different entities. However, for completeness, the Court directs plaintiffs to answer Interrogatories 78-92 and 94-111. Plaintiffs need not answer Interrogatory 93 because summary judgment was granted as unopposed (Doc. No. 216) with respect to Merit Metal.

1

a. Plaintiffs' answers should demonstrate precisely how they determined the volume of waste they attribute to each entity. These answers should provide sufficient information such that one can trace back the results to the original data source used. In other words, plaintiffs should provide their step-by-step methodology for determining each volume, by demonstrating: (1) the discrete component volumes used to find the total volume for each defendant; (2) for each discrete component volume, citation(s) to document(s) where this number can be found; and (3) if the discrete component volume is not specifically stated in the document, plaintiffs should explain how they calculated, derived, or estimated, the discrete component volume. Given the inherent difficulties of deciphering the photocopied invoices and records, it is crucial that plaintiffs identify the specific values used in their calculations and extrapolations so that defendants may verify plaintiffs' conclusory results.

b. Plaintiffs' answers should also demonstrate precisely how they determined the percentage of waste they allege was disposed of at the Boarhead Farm Site during distinct time periods. These answers should provide sufficient information such that one can trace back the results to the original data source used. In other words, plaintiffs should provide their step-by-step methodology for determining each volume, by demonstrating: (1) the discrete components or numbers of the calculation used to determine the percentage of waste disposed of at the Site during specific time periods; (2) for each discrete component or number of the calculation, citation(s) to document(s) where these items can be found; and (3) if the component or number is not specifically stated in the document, plaintiffs should explain how they calculated, derived, or estimated the component or number.

2. Defendants' motion to compel plaintiffs to withdraw all interrogatory objections based upon the contention being outside the plaintiffs' prima facie case is DENIED (Doc. Nos. 233, 234, 235, and 237).

3. Defendant NRM's motion to compel plaintiffs' answer to Interrogatory 2 is GRANTED only to the extent that it is not already answered by Joint Contention Interrogatory 95 (Doc. No. 233).

4. Defendant NRM's motion to compel plaintiffs' answer to Interrogatory 3 is DENIED (Doc. No. 233).

5. Defendant NRM's motion to compel plaintiffs' answer to Interrogatory 6 is GRANTED only to the extent that it is not already answered by Joint Contention Interrogatory 95 and NRM Interrogatory 2 (Doc. No. 233).

6. Defendant NRM's motion to compel plaintiffs' answer to Interrogatory 7 is

GRANTED only to the extent that it is not already answered by Joint Contention Interrogatory 95 and NRM Interrogatory 2 (Doc. No. 233).

7. Defendant Ashland's motion to compel plaintiffs to fully and completely respond to Joint Contention Interrogatories 67-70 is DENIED (Doc. No. 234).

8. Defendant Ashland's motion to compel plaintiffs to fully and completely respond to Joint Contention Interrogatories 76-82 is DENIED (Doc. No. 234).

9. Defendant Ashland's motion to compel plaintiffs to fully and completely respond to Joint Contention Interrogatory 118 is DENIED (Doc. No. 234).

10. Defendant Ashland's motion to preclude plaintiffs from using the phrase "included, but not limited to" is DENIED (Doc. No. 234).

11. Defendant Ashland's motion to compel plaintiffs to fully and completely respond to Interrogatory 3 is GRANTED (Doc. No. 234).

12. Defendant fcg's motion to compel plaintiffs to fully and completely respond to Interrogatory 1 is GRANTED only to the extent that it is not already answered by Joint Contention Interrogatories 89 and 90. Specifically, plaintiffs should set forth their contention as to the chemical content of the spent etchant and the basis therefore (Doc. No. 235).

13. Defendant fcg's motion to compel plaintiffs to fully and completely respond to Interrogatories 2, 3, 4, and 6 is DENIED (Doc. No. 235).

14. Defendant Carpenter's motion to compel plaintiffs to fully and completely respond to Joint Contention Interrogatories 1-66 is DENIED (Doc. No. 237).

15. Defendant Carpenter's motion to compel plaintiffs to fully and completely respond to Interrogatories 2 and 3 is GRANTED only to the extent that they are not already answered by Joint Contention Interrogatory 86 (Doc. No. 237).

16. Defendant Carpenter's motion to compel plaintiffs to fully and completely respond to Interrogatories 4, 5, and 6 is DENIED (Doc. No. 237).

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.