# EXHIBIT "N"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, L.L.C., | : : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : : | **PLAINTIFFS' SUPPLEMENTAL RESPONSES TO JOINT CONTENTION INTERROGATORIES OF ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ASHLAND, INC., CARPENTER TECHNOLOGY CORPORATION, fcg, inc., HANDY & HARMAN TUBE COMPANY, INC. AND NRM INVESTMENT COMPANY** |
| v. | : : : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : : | |
| Defendants. | : | |

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems, L.L.C. ("Plaintiffs"), by their undersigned attorneys, supplement their objections and responses to the joint contention interrogatories of Advanced Environmental Technology Corporation ("AETC"), Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company (collectively, "Defendants") as follows:

123.    Does TI contend that it did not receive or had credited on its behalf any monies or other consideration that reduced its share of Total Cleanup Costs of the Site from any source, including, but not limited to, settlement, insurance proceeds, predecessors, or payment under an indemnity agreement?

(a)      If not, what monies did TI receive and from what sources?

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks information outside the scope of the contentions that Plaintiffs will make as part of their prima facie case at trial. Plaintiffs further object to this Interrogatory because it is vague, confusing, and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks the

discovery of the mental impressions, conclusions, strategies, opinions, research or legal theories of their attorneys or other representatives or information protected by the attorney-client privilege or any other applicable privilege. Plaintiffs also object to this Interrogatory to the extent that its seek information and documents that are not relevant to the subject matter of this action or are not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any such objections, Plaintiffs will not ask the Court at trial to make findings of fact or conclusions of law that they "did not receive or had credited on its behalf any monies or other consideration that reduced its share of Total Cleanup Costs of the Site from any source, including, but not limited to, settlement, insurance proceeds, predecessors, or payment under an indemnity agreement." By way of further response, Plaintiff TI Group Automotive Systems, L.L.C. is the successor by merger to Bundy Corporation, a Michigan corporation. Bundy Corporation changed its name in or about October 1999 to TI Group Automotive Systems Corporation ("TIGASC") [BSAI103048-BSAI103049]. TI Group plc, a United Kingdom corporation, became the ultimate parent of TIGASC in or about 1987. In or about December 2000 TI Group plc merged into Smiths Industries plc, a United Kingdom corporation, and the surviving company changed its name to Smiths Group plc. On or about July 3, 2001 and pursuant to a April 25, 2001 Transfer Agreement, Smiths transferred the shares of TIGASC (and other related companies) to 329th Shelf Investment Company Limited ("329"), a publicly owned company [BSAI103074-BSAI103164]. Smiths Group plc agreed, as part of that transaction (and as set forth in the April 25, 2001 agreement pursuant to which the shares of TIGASC were sold), to indemnify TIGASC and 329 with respect to any liabilities arising as a result of or in connection with the Site. On or about June 8, 2001 Plaintiff TI Group Automotive Systems, L.L.C. ("TI") was incorporated in the state of Delaware [BSAI103050]. On or about

June 25, 2001 TIGASC was merged into TI [BSAI103051-BSAI103052]. Documents reflecting these transactions are in the Document Repository and available for inspection and copying.

Smiths Group plc has, since April 2001, caused its subsidiaries, Smiths Group Services Corp. and Smiths Group North America, Inc., to transfer funds into the OU-1 and OU-2 Group Trust Accounts on behalf of TI and with respect to TI's obligations to the OU-1 and OU-2 Groups. Those payments are reflected in the accounting ledgers and documents previously produced. Smiths Group plc has also, since April 2001, caused its subsidiaries to directly or indirectly pay certain legal fees of TI, none of which are being sought from Defendants in this action. TI has agreed with Smiths Group plc that it will seek to recover in this action and repay to Smiths Group plc all sums paid by Smiths on TI's behalf.

A portion of the proceeds of the settlement between Plaintiffs and Techalloy were distributed to Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and to TI, Agere previously having settled with those four plaintiffs. TI's share of the proceeds of that settlement were forwarded by TI to Smiths Group Services Corporation. Specifically, on or about May 10, 2007 TI's portion of that settlement payment was distributed to TI by counsel for Plaintiffs. TI then paid those proceeds to Smiths Group plc's designee, Smiths Group Services Corporation. [BSAI103331-BSAI103334]. The proceeds of all earlier settlements between Plaintiffs and other Settling Defendants were held in the trust account of counsel for Plaintiffs and disbursed to pay invoices to Plaintiffs for the fees and costs of this litigation that would otherwise have been paid by Smiths on behalf of TI. Smiths Group plc thus obtained the benefit of those proceeds. Documents reflecting the payment by TI to Smiths of the proceeds from the Techalloy settlement are in the Document Repository and available for inspection and copying.

Smith Industries, Inc. changed its name to Smiths Group North America, Inc. on or about June 13, 2001. Smiths Group North America, Inc. liquidated and sold certain assets to Smiths Group Services Corporation on or about July of 2004. [BSAI103335-BSAI103341]. Upon the dissolution of Smiths Group North America, Inc., Smiths Group Services Corporation changed its name to Smiths Group North America, Inc. [BSAI103335].

Smiths Group Services Corporation was incorporated in Delaware on or about October 6, 1989 as CEI Acquisition, Inc. CEI Acquisition, Inc. changed its name to Infrared Industries, Inc. on or about December 5, 1989. Infrared Industries, Inc. merged Infrared Associates Inc. and Infrared Systems Inc. into itself on or about December 20, 1991. Infrared Industries Inc. changed its name to Graseby Electro-Optics Inc. on or about January 14, 1992. Smiths Industries, Inc. acquired the stock of Graseby Electro-Optics Inc. on or about February, 1998. [BSAI103342]. Graseby Electro-Optics Inc. changed its name to Smiths Group Services Corporation on or about May 22, 2001. [BSAI103341-BSAI103345]. Smiths Group Services Corporation merged Integrated Air Systems, Inc. and Vent-Axia Inc. into itself on or about July, 2001. [BSAI103346-BSAI103349].

The following individuals have knowledge of some or all of the above: Timothy Guerriero, Walter Orme, and Ira Greenberg.

73:    What do plaintiffs contend is the Total Cleanup Cost for the Site?

**ANSWER:**

Except as set forth below, Plaintiff's response to Interrogatory No. 73 remains as stated in their April 2007 Responses to the Defendants' Joint Contention Interrogatories, which were more specifically answered in Glenn Harris's July 12, 2007 letter to the Defendants, and in their November 21, 2007 Amended and Supplemented Responses To Contention Interrogatories.

With respect to OU-1 costs, assessments were made as follows: In approximately August of 2000 Ford, Cytec, SPS and Agere each paid $50,000 and in approximately December of 2000 Ford, Cytec, SPS and Agere each paid $40,000; TI paid $36,666.66 toward these costs, NRM paid $27,416.66, and Worthington paid $ 26,666.66; in approximately August of 2001 Ford, Cytec, SPS and Agere each paid $240,000; TI, NRM, and Worthington each paid $80,000; in approximately February of 2002 Ford, Cytec, SPS and Agere each paid $100,000; TI, NRM, and Worthington each paid $33,333.33; in approximately July of 2002 Ford, Cytec, SPS and Agere each paid $30,000; TI, NRM, and Worthington each paid $10,000; in approximately August of 2003 Ford, Cytec, SPS and Agere each paid $120,000; TI, NRM, and Worthington each paid $40,000; in approximately March of 2005 Ford, Cytec, and SPS each paid $120,000; TI, NRM, and Worthington each paid $40,000; in approximately June of 2006 Ford, Cytec and SPS each paid $100,000; TI, NRM, and Worthington each paid $33,333.33; in approximately June of 2007, Ford, Cytec and SPS each paid $102,000; TI, NRM, and Worthington each paid $34,000. Each entity's percentage share of assessments was thus: Ford - 21.5035%, Cytec - 21.6446%, SPS - 21.5035%, Agere 13.8271%; TI - 7.3268%; NRM - 7.1062%; and Worthington - 7.0884%. Total costs of the response actions required by the OU-1 Consent Decree through 2007 are $4,200,422 as reflected on the attached de maximis OU-1 invoice tracking chart. [BSAI103350-BSAI03358]. Each entity's share of these response costs was thus: Ford - $903,236.60, Cytec - $909,166.05, SPS - $903,236.60, Agere - $580,795.15, TI - $307,754.66, NRM - $298,491.98 and Worthington - $297,740.95. The backup documentation for these assessments and response costs, including invoices and payment proofs as well as the invoice tracking charts themselves are in the Document Repository and available for inspection and copying.

Plaintiffs have incurred through 2007 $13,903,116.50 (the amounts contributed by each individual Plaintiff to the response costs for work required by OU-1 Consent Decree and EPA Oversight Costs pursuant to that decree, the response costs for work required by the OU-2 Consent Decree and EPA's Oversight costs related to that decree, and the payment of EPA's past and interim costs as required by the OU-2 Consent Decree.)

AS TO OBJECTIONS:

Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership

By: _Amy Trojecki_
Amy M. Trojecki, Esquire

Dated: February 8, 2008

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**
ATTORNEY TRUST ACCOUNT
PLAZA 1000, SUITE 500
MAIN STREET
VOORHEES, NJ  08043-4636

STERLING BANK
3737 CHURCH ROAD
MOUNT LAUREL, N.J.  08054    55-765/312

| DATE | CHECK NO. |
|------|-----------|

5/8/2007

0001008

PAY    Seven hundred thousand four hundred eleven dollars and 44/100

| AMOUNT |
|--------|

**$700,411.44**

TO THE
ORDER
OF
        TI Group Automotive Systems, LLC

IOLTA ESCROW ACCOUNT

⑈001008⑈ ⑊031207652⑊  1176757⑈

EMO:

PLEASE DETACH BEFORE DEPOSITING

, CHECK NO.

0001008

#892241

$700,411.44

Disbursement of Agere settlement monies

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
PLAZA 1000, SUITE 500, MAIN STREET • VOORHEES, NJ  08043-4636

BSAI103331

## Pawlak, Lynne

**From:** Kessler, Ralph [rkessler@hhk.com]
**Sent:** Friday, May 11, 2007 12:06 PM
**To:** Pawlak, Lynne
**Subject:** RE: Boarhead Farm Site
**Sensitivity:** Confidential

*Ralph -*
*Check enclosed.*
*Best regards,*
*Lynne*

Thanks Lynne: It would be better if you would cash your check and issue a new check payable to Smiths Group Services Corp. and send it to me. Please include a copy of the check they sent to TI Group Auto. so that the records will be complete.
Many Thanks
Ralph

---

**From:** Pawlak, Lynne [mailto:LPawlak@us.tiauto.com]
**Sent:** Friday, May 11, 2007 11:24 AM
**To:** Kessler, Ralph
**Subject:** Boarhead Farm Site
**Importance:** High
**Sensitivity:** Confidential

Hi Ralph:

We received the Agere settlement check today for $700,411.44. Unfortunately, the check is made payable to TI Group Automotive Systems, L.L.C. How would you like us to handle this, cash the check and send you a TI check made payable to whom you designate, or endorse the check over to you? Hope all is well and you have a great weekend!

Best regards,
Lynne

**Lynne Pawlak**
TI Automotive
Legal Department
12345 East Nine Mile Road
Warren, MI 48090
PH: 586 427 8102
FX: 586 427 8199
E-mail: lpawlak@us.tiauto.com

---

DISCLAIMER:
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are Not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

5/11/2007

BSAI103332

# HINMAN, HOWARD & KATTELL, LLP

## ATTORNEYS AT LAW

JAMES W. ORBAND†‡
LAWRENCE C. ANDERSON
JAMES S. GLEASON
WARREN M. ANDERSON
JOHN C. FISH
JAMES L. CHIVERS♦
JAMES M. HAYES♦
PETER J. VIVONA
JAMES F. LEE
JOHN G. DOWD♦
KATHERINE A. FITZGERALD
JAMES R. FRANZ†
ALBERT J. MILLUS, JR.
LILLIAN L. LEVY
WILBUR D. DAHLGREN♦
KENNETH F. TOMKO

PAUL T. SHEPPARD†
HARVEY D. MERVIS
LESLIE PRECHTL GUY
THOMAS W. CUSIMANO, JR.♦
JON E. JONES♦♦
EUGENE D. FAUGHNAN†
THOMAS A. CONLON, JR.
MICHAEL B. SINICKI
JOHN D. DENMON†
CLIFFORD B. WEBER
ROBERT H. WEDLAKE
ERIC D. FARRELL
RONALD L. GREENE†
TERENCE P. GALLAGHER
ANN S. CIANFLONE†

106 CORPORATE PARK DRIVE
SUITE 317
WHITE PLAINS, NY 10604
(914) 694-4102
FAX: (914) 694-4510
WWW.HHK.COM

RALPH K. KESSLER'S
E-MAIL: rkessler@hhk.com

DONALD R. CAMPBELL
RICHARD B. RINGWOOD
BRIAN R. WRIGHT♦
KURT D. SCHULTE♦
AMY SHAPIRO
FREDERICK A. GRIFFEN
DWIGHT F. BALL†
BRUCE O. BECKER
LORI GRUMET SCHAPIRO
MARTIN J. KANE†
RICHARD C. LEWIS♦†
WILLIAM C. BURTIS, JR.
SARAH GRACE CAMPBELL
STUART A. FRANK
PHILIP J. KRAMER
CHRISTOPHER J. MORAN
JACQUELINE J. WARNER
MATTHEW A. VITANZA
THOMAS F. FARRELL
JON B. BLECHMAN
RALPH K. KESSLER
RICHARD E. FAHRENZ
ELLEN LEARY COCCOMA
RICHARD C. HARMON♦♦†
DAN M. SMOLNIK
LAURIE M. CEPARANO
LAWRENCE R. FRALEY♦♦♦
JOHN C. ROSEKRANS♦
ANNE B. WILLIAMS‡‡‡
DELPHINE O'ROURKE
JOSEPH E. LANENDOLA
JAMES A. LEITER
HOWARD M. SPIZER
CHRISTOPHER RICHMOND
LEO A. CIANCIOSI
ROBERT H. NIELSEN, JR.
BRIAN P. GOLDSTEIN
SHEILA E. GRANT
EDWARD B. FLINK
JAY A. SMITH
JAMES B. O'DAY
SPECIAL COUNSEL

JOHN M. KEELER
A. EDWARD HILL
C. ADDISON KEELER, JR.
JOSEPH P. MINNICH, JR.
RICHARD N. PELLE
KEITH E. OBER
COLIN T. NAYLOR, III
DARWIN R. WALES
PAUL J. STERNBERG
COUNSEL
ERIK EDWARD JOH♦
MARK D. McWILLIAMS†‡
OF COUNSEL - FLORIDA
BERNARD I. PLATEMAN
RESIDENT COUNSEL-NYC
CASEY EGAN DOYLE
KIMBERLY M. KORTUM‡
KEVIN B. GRAHAM
PATRICK B. GUY
JON J. BARRA
SANDRA ELLEN MALKIN
XIAOQIN ZHANG‡
LINDA BLOM JOHNSON‡
DAWN J. LANOUETTE
GEORGE P. FERRO
REINALDO B. VALENZUE
TINA FERNANDEZ
RACHEL E. DONN
LUCIA F. DENB
ERICA L. BARBER†††
JAMES R. DALEY
GARY C. TYLER
MEGAN E. CROWLEY

♦ ALSO ADMITTED IN FLORI
† ALSO ADMITTED IN PENNSY
♦♦ ALSO ADMITTED IN NEW J
♦♦ ALSO ADMITTED IN CONNECT
†† ADMITTED IN FLORIDA ON
‡‡ ADMITTED IN PENNSYLVAN
ONLY
*** ADMITTED IN MASSACHUS
AND UNITED STATES P
AND TRADEMARK OFFIC
††† ADMITTED IN VIRGINIA ON
‡‡‡ ADMITTED IN CALIFORNIA O

May 23, 2007

Mr. Walter Orme, Controller
Smiths Group North America, Inc.
Valleybrooke Corporate Center
101 Lindenwood Drive, Suite 125
Malvern, PA 19355

       Re: <u>Boarhead</u>

Dear Walt:

       Attached is a check in the amount of $700,411.44, which represents a distribution of settlement proceeds for the Boarhead Environmental case.

       Sincerely,

       HINMAN, HOWARD & KATTELL, LLP

       By       *Ralph K. Kessler*

       Ralph K. Kessler

Attached
RKK/er

BSAI103333

**TI Group**

**Automotive Systems**

12345 E. NINE MILE ROAD
WARREN, MI 48090

Standard Register ®

CHECK NO.     794956
CHECK DATE:   5/18/2007

SMITHS GROUP SERVICES CORPORAT

| INVOICE NUMBER | INVOICE DATE | VOUCHER | INVOICE DESC | INVOICE AMOUNT |
|---|---|---|---|---|
| 051407 | 5/14/07 | | ENVIRONMENTAL | 700411.44 |
| TOTAL CHECK | | | | 700411.44 |

---

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT ▪ CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM

Wachovia Bank of Delaware, N.A.

**TI Group**

**Automotive Systems**

12345 E. NINE MILE ROAD
WARREN, MI 48096-2001

CHECK #: **0000794956**

VOID AFTER 180 DAYS

| AUDIT | AMOUNT |
|---|---|
| | $****700,411.44 |

DATE:   5/18/2007

PAY TO THE ORDER OF

SMITHS GROUP SERVICES CORPORAT
VALLEYBROOKE CORPORATE CENTER S
101 LINDENWOOD DRIVE
MALVERN PA 1955

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

⑈"0000794956"⑈ ⑈:031100225: 20799500650 14"

BSAI103334

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF SMITHS GROUP SERVICES CORP.

_____ __, 2004

THE UNDERSIGNED, constituting all of the members of the Board of Directors (the "Board") of Smiths Group Services Corp., a Delaware corporation (the "Company"), in accordance with the authority contained in Section 141(f) of the General Corporation Law of the State of Delaware, do hereby consent in writing that the following resolutions shall have the same force and effect as if duly adopted at a meeting of the Board, duly called and held in accordance with law and the bylaws of the Company:

## CONTRIBUTION, ASSIGNMENT AND ASSUMPTION AGREEMENT

WHEREAS, the Company and Smiths Group North America, Inc., a Florida corporation ("SGNA"), desire to enter into a contribution, assignment and assumption agreement (the "Contribution Agreement") pursuant to which SGNA will contribute all of its assets except certain assets as set forth therein (the "Assets") to the Company, as more fully set forth in the Contribution Agreement attached hereto as Exhibit A;

WHEREAS, pursuant to the Contribution Agreement, the Assets shall include all of SGNA's interest in each of SI US Finance LLC, a Delaware limited liability company, SI Finco LLC, a Delaware corporation, SI Finco 3, Inc., a Delaware limited liability company.

WHEREAS, the Board has reviewed the terms and conditions of the Contribution Agreement and deem it advisable and in the best interests of the Company to enter into such agreement.

NOW THEREFORE, BE IT RESOLVED, that the Contribution Agreement be, and hereby is, approved and the officers of the Company be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to execute and deliver all agreements and instruments and take all further actions that such officers deem to be necessary or appropriate to enter into the Contribution Agreement and perform the Company's obligations thereunder; and it is further

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed to do and perform or cause to be done and performed all such acts, deeds and things, and to make, execute and deliver, or cause to be made, executed and delivered, all such agreements, undertakings, documents, instruments or certificates, in the name and on behalf of the Company and under its corporate seal or otherwise, and to pay all such expenses and taxes, as each such officer or officers shall, in his or their sole discretion, determine to be necessary, proper or advisable to effectuate or carry out fully the purpose and intent of the foregoing resolutions, such determination to be evidenced conclusively by the taking of such action or the execution or delivery of such agreements, documents, instruments or certificates, as the case may be.

## AUTHORIZATION OF NAME CHANGE

WHEREAS, the Board deems it advisable and in the best interests of the Company to amend the Certificate of Incorporation of the Company to change the Company's name, upon the dissolution of SGNA, to "Smiths Group North America, Inc." (the "Amendment").

NOW THEREFORE, BE IT RESOLVED, that the Amendment be submitted to the Sole Stockholder of the Company for approval; and it is further

1-PH/2022731.1

BSAI103335

RESOLVED, that upon approval of the Amendment by the Sole Stockholder of the Company, Article FIRST of the Certificate of Incorporation of the Company be amended in its entirety to read as follows:

"FIRST: The name of the corporation is Smiths Group North America, Inc." ; and it is further

RESOLVED, that the Amendment shall be effective upon the effective date of the filing of a Certificate of Amendment of the Certificate of Incorporation of the Company, setting forth the foregoing Amendment, with the Secretary of State of the State of Delaware; and it is further

RESOLVED, that upon the approval of the foregoing Amendment by the Sole Stockholder of Company, the officers of the Company be, and they hereby are, authorized, empowered and directed to prepare and execute a Certificate of Amendment of the Certificate of Incorporation of the Company and to cause the same to be filed with the Secretary of State of the State of Delaware, and to do all other acts and things whatsoever, whether within or without the State of Delaware, which they shall determine to be necessary or appropriate to effect said Amendment.

GENERAL AUTHORITY

RESOLVED, that any and all actions heretofore taken by any officer or Director of the Company within the terms of the foregoing resolutions be, and they hereby are, ratified and confirmed as the authorized act and deed of the Company; and it is further

RESOLVED, that this Written Consent may be executed in any number of counterparts, and any such counterpart shall be deemed to be an original instrument, but all such counterparts together shall constitute one Written Consent.

*[Signature Page Follows]*

BSAI103336

IN WITNESS WHEREOF, the undersigned have caused this Unanimous Written Consent of Directors to be duly executed as of the day and year first set forth above.

Ira Greenberg

Walter E. Orme

BSAI103337

Schedule I

1. Smiths Aerospace Components, Inc.
2. Flexible Technologies, Inc.
3. Tutco Inc.
4. Polyphaser Corporation
5. Hypertronics Corporation
6. Transtector Systems, Inc.
7. Titeflex Corporation
8. Radio Waves, Inc.
9. Summitek Instruments, Inc.
10. Smiths Interconnect Microwave Components, Inc.
11. Sabritec
12. Smiths Medical ASD Inc.
13. Respiratory Support Products, Inc.
14. Smiths Medical MD Inc.
15. Smiths Medical International, Inc.
16. Smiths Technologies North America, Inc.
17. John Crane Inc.

BSAI103338

# CONTRIBUTION, ASSIGNMENT AND ASSUMPTION AGREEMENT

This CONTRIBUTION, ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Agreement") is entered into as of this _____ day of July, 2004 by and between Smiths Group North America, Inc., a Florida corporation (the "Company"), and Smiths Group Services Corp., a Delaware corporation ("SGS").

## Background

The Company desires to transfer and assign all of its assets and liabilities other than those assets set forth on Schedule I hereto (such assets on Schedule I, "Excluded Assets") to SGS and SGS undertakes to assume the obligations relating to the transferred and assigned assets, all upon the terms and subject to the conditions set forth herein.

## Agreement

NOW THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the parties hereto hereby agree as follows:

1.    Contribution and Assignment.

(a)    The Company hereby grants, conveys, assigns, transfers and delivers to SGS, and its successors and assigns, and SGS hereby accepts, all assets owned by and held by the Company, other than the Excluded Assets (the "Assets"). The Assets shall include, among other things, all of the Company's interest in each of SI US Finance LLC, a Delaware limited liability company, SI Finco 3, Inc., a Delaware corporation and SI Finco, LLC, a Delaware limited liability company.

(b)    As consideration for the grant, conveyance, assignment, transfer and delivery of the Assets made under Section 1(a), SGS hereby assumes and shall perform and fully discharge all past, present or future, direct or indirect liabilities, debts, obligations, expenses, claims, losses, damages, deficiencies, guaranties or endorsements of the Company, whether absolute or contingent, accrued or unaccrued, due or to become due, liquidated or unliquidated (collectively, "Liabilities") resulting from or related to the Assets (the "Assumed Liabilities"). SGS shall indemnify, defend and hold harmless the Company and its affiliates and each of their officers, directors, successors and assigns, from and against any and all of the Assumed Liabilities relating to the Assets, including court costs and reasonable attorneys fees, arising from, related to, arising out of or connected with the Assumed Liabilities.

2.    Representations and Warranties. Each of the Company and SGS represents that it has all the necessary and appropriate rights, powers, legal capacity and authority to enter into and perform its obligations hereunder.

1-PH/2048717.1

BSAI103339

3.   Indemnification.  The Company shall hold harmless and indemnify SGS for any and all Liabilities resulting to it through violation by the undersigned of the above representations.

4.   Assignment; Binding Effect.  All of the terms and conditions of this Agreement shall be binding on and inure to the benefit of and be enforceable by the parties hereto and all their respective permitted successors and assigns.

5.   Entire Agreement; Severability.  This Agreement sets forth the entire agreement and supersedes all prior agreements and understandings, both written and oral, among the parties hereto with respect to the subject matter hereof.  Any provision of this Agreement, which is prohibited or unenforceable in any jurisdiction, shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

6.   Interpretation.  Unless the context of this Agreement clearly requires otherwise, (a) references to the plural include the singular, the singular the plural, the part the whole, (b) references to any gender include all genders, (c) "including" has the inclusive meaning frequently identified with the phrase "but not limited to," and (d) references to "hereunder" or "herein" relate to this Agreement.  The section and other headings contained in this Agreement are for reference purposes only and shall not control or affect the construction of this Agreement or the interpretation thereof in any respect.  Section, subsection, and Schedule references are to this Agreement unless otherwise specified.  Any reference to a party's being satisfied with any particular item or to a party's determination of a particular item presumes that such standard will not be achieved unless such party shall be satisfied or shall have made such determination in its sole or complete discretion.

7.   Governing Law.  This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware without regard to its provisions concerning choice of laws or choice of forum.  The parties hereto hereby irrevocably submit themselves to the non-exclusive jurisdiction of the State and Federal courts sitting in the State of Delaware and hereby agree and consent that services of process may be made upon it in any legal proceedings relating hereto by any means allowed under state and federal law.

8.   Counterparts.  This Agreement may be executed in any number of duplicate originals and each such duplicate original shall be deemed to constitute one and the same instrument.  Counterparts may be signed and delivered to a party by facsimile, which shall be binding on that party when sent by facsimile, with one or more copies signed in original to be later delivered by express delivery service or mail.

## REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

BSAI103340

IN WITNESS WHEREOF, the parties have executed this agreement as of the date first above written.

SMITHS GROUP NORTH AMERICA, INC.

By: _____
   Walter E. Orme
   Assistant Secretary

SMITHS GROUP SERVICES CORP.

By: _____
   Walter E. Orme
   Secretary

1-PH/2048717.1

BSAI103341

FROM SI CORPORATE ACCOUNTS LOF  N          02.11.1998    131          P. 2

# STOCK TRANSFER AGREEMENT

This STOCK TRANSFER AGREEMENT (the "Agreement") is made as of this tenth day of February, 1998, by and between GRASEBY ANDERSEN INC., a Delaware corporation ("GA INC") and SMITHS INDUSTRIES, INC., a Florida corporation ("SI INC").

WHEREAS, GA INC owns a total of 1000 shares of Common Stock of GRASEBY ELECTRO-OPTICS INC., a Delaware corporation ("GEO INC") representing 100% of the outstanding shares of GEO INC (the "Shares"); and

WHEREAS, GA INC desires to sell, and SI INC desires to purchase, the Shares.

NOW THEREFORE, in consideration of the foregoing premises, and intending to be legally bound hereby, the parties hereto agree as follow:

1.    Agreement to Sell and Purchase.  GA INC hereby agrees to sell and transfer the Shares to SI INC and SI INC agrees to purchase the Shares from GA INC, which Shares shall be transferred free and clear of any lien, encumbrance or restriction.

2.    Purchase Price.  SI INC agrees to pay to GA INC $1,000 for the Shares, in cash.

3.    Further Acts.  GA INC shall promptly deliver to SI INC such certificates as represent the Shares, properly endorsed for transfer, and GA INC and SI INC shall each perform such other acts and execute and deliver such other documents as may be required in order to carry out the intent or facilitate the performance of this Agreement.

4.    Governing Law.  This Agreement shall be governed by the laws of the State of Delaware.

5.    Counterparts.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Stock Transfer Agreement as of the date first written above.

GRASEBY ANDERSEN INC.                    SMITHS INDUSTRIES, INC.


By: GRAHAM YOUNG                         By: WALTER E. DEME
Its: SECRETARY                           Its: ASSISTANT SECRETARY

1

BSAI103342

*State of Delaware*

*Office of the Secretary of State*     PAGE  1

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "GRASEBY ELECTRO-OPTICS INC.", CHANGING ITS NAME FROM "GRASEBY ELECTRO-OPTICS INC." TO "SMITHS GROUP SERVICES CORP.", FILED IN THIS OFFICE ON THE TWENTY-SECOND DAY OF MAY, A.D. 2001, AT 10:31 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2209934  8100

010244537

AUTHENTICATION: 1147318

DATE: 05-22-01

BSAI103343

STATE OF DELAWARE
SECRETARY OF STATE          09:54          MORGAN LEWIS PHILA                    215 963 5299     P.04.04
DIVISION OF CORPORATIONS
FILED 10:31 AM 05/22/2001
010244537 - 2209934

## CERTIFICATE OF AMENDMENT
### OF
## CERTIFICATE OF INCORPORATION
### OF
## GRASEBY ELECTRO-OPTICS INC.

Graseby Electro-Optics Inc., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware (the "Corporation"), for the purpose of amending its Certificate of Incorporation pursuant to Section 242 of the Delaware General Corporation Law does hereby certify as follows:

1.    Article FIRST of the Certificate of Incorporation of the Corporation is hereby amended to read in its entirety as follows:

"FIRST:  The name of the corporation is Smiths Group Services Corp."

2.    The Corporation hereby certifies that the amendment set forth above has been duly adopted in accordance with the provisions of Section 242 of the Delaware General Corporation Law and has been consented to in writing by the stockholders of the Corporation in accordance with the provisions of Section 228 of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the Corporation has caused this Certificate of Amendment of Certificate of Incorporation to be duly adopted and executed in its corporate name and on its behalf by its duly authorized officer as of the 22 day of May, 2001.

Graseby Electro-Optics Inc.

By: _____

Walter E. Orme
President

1-PH/1422571.1
1-PH/1422571.2

BSAI103344

TOTAL P.03

GRASEBY ELECTRO-OPTICS INC.

CONSENT OF SOLE STOCKHOLDER

May __, 2001

THE UNDERSIGNED, being the sole stockholder Graseby Electro-Optics Inc., a Delaware corporation (the "Company"), in accordance with the authority contained in Section 228 of the Delaware General Corporation Law ("DGCL"), does hereby consent in writing that the following resolutions shall have the same force and effect as if duly adopted at a meeting of the stockholders of the Company, duly called and held in accordance with the law and the Bylaws of the Company:

ELECTION OF DIRECTORS

RESOLVED, that the following named persons be, and they hereby are, elected as directors of the Company, to hold office in accordance with law and the bylaws of the Company and until their successors have been elected and qualified:

Walter E. Orme
Ira Greenberg

NAME CHANGE

RESOLVED, that the sole stockholder of the Company hereby authorize the Company to change its name to Smiths Group Services Corp. in accordance with the provisions of Section 242 of the DGCL.

IN WITNESS WHEREOF, the undersigned has caused this Consent of Sole Stockholder to be duly executed as of the day and year set forth above.

SMITHS INDUSTRIES, INC., sole stockholder

By: _Walter Orme_
Name: WALTER E. ORME
Title: ASSISTANT SECRETARY

Filed with the minutes of proceedings of the stockholders of the Company by the undersigned as Assistant Secretary of the Company on the day and year set forth above. I do hereby certify that the sole stockholder executing the foregoing document constitutes the sole stockholder of the Company entitled to express consent or dissent in writing to the foregoing corporate actions at the time such document, including any and all counterparts, was filed with me.

Michael J. Pedrick, Assistant Secretary

BSAI103345

**SMITHS GROUP SERVICES CORP.**
**INTEGRATED AIR SYSTEMS, INC.**
**VENT-AXIA, INC.**

**CONSENT OF SOLE STOCKHOLDER**
**IN LIEU OF MEETING**

JULY __, 2001

**THE UNDERSIGNED,** being the sole stockholder of each of SMITHS GROUP SERVICES CORP., a Delaware corporation ("Smiths Group"), INTEGRATED AIR SYSTEMS, INC., a Delaware corporation (the "IAS"), and VENT-AXIA, INC., a Delaware corporation ("Vent-Axia"), in accordance with the authority contained in Section 228 of the Delaware General Corporation Law, does hereby consent in writing that the following resolution shall have the same force and effect as if duly adopted at a meeting of the sole stockholder of each of Smiths Group, IAS and Vent-Axia, duly held in accordance with law and the Bylaws of each of Smiths Group, IAS and Vent-Axia:

**MERGER WITH SMITHS GROUP SERVICES CORP.**

WHEREAS, the Board of Directors of Smiths Group has determined that it is in the best interests of Smiths Group to effect a merger with each of IAS and Vent-Axia, with Smiths Group as the surviving corporation; and

WHEREAS, the Board of Directors of IAS has determined that it is in the best interests of IAS to effect a merger with Smiths Group, with Smiths Group as the surviving corporation.

WHEREAS, the Board of Directors of Vent-Axia has determined that it is in the best interests of Vent-Axia to effect a merger with Smiths Group, with Smiths Group as the surviving corporation.

**NOW, THEREFORE, BE IT:**

RESOLVED, that the Agreement of Merger dated as of the date of this Consent by and among Smiths Group, IAS and Vent-Axia, a draft of which is attached hereto as Exhibit A (the "Merger Agreement"), and the merger (the "Merger") contemplated therein are hereby approved; and it is further

RESOLVED, that all actions heretofore taken consistent with the purposes and intents of the foregoing resolution be and each of them is in all respects hereby ratified, approved, confirmed and adopted.

BSAI103346

**IN WITNESS WHEREOF**, the undersigned have caused this Consent of the Sole Stockholder to be duly executed as of the day and year set forth above.

SMITHS GROUP NORTH
AMERICA, INC.

By: Walter E. Orme
Title: Assistant Secretary

Filed with the minutes of proceedings of the Sole Stockholder of the Company by the undersigned as Assistant Secretary of the Company on the day and year set forth above.

Michael J. Pedrick
Assistant Secretary

1-PH/1453908.2

BSAI103347

# CERTIFICATE OF MERGER

## OF

## INTEGRATED AIR SYSTEMS, INC.
### (a Delaware corporation)

## AND

## VENT-AXIA, INC.
### (a Delaware Corporation)

## INTO

## SMITHS GROUP SERVICES CORP.
### (a Delaware corporation)

---

Pursuant to Sections 103 and 251(c) of the General
Corporation Law of the State of Delaware

---

Smiths Group Services Corp., a Delaware corporation, which desires to merge with Integrated Air Systems, Inc., a Delaware corporation and Vent-Axia, Inc., a Delaware corporation, pursuant to the provisions of Section 251(c) of the General Corporation Law of the State of Delaware (the "Mergers"), hereby certifies as follows:

FIRST:      The names and states of incorporation of the constituent corporations in the Merger (the "Constituent Corporations") are as follows:

| Name | State of Incorporation |
| --- | --- |
| Integrated Air Systems, Inc. | Delaware |
| Vent-Axia, Inc. | Delaware |
| Smiths Group Services Corp. | Delaware |

SECOND:      An Agreement of Merger, dated July ___, 2001, among the Constituent Corporations (the "Agreement"), has been approved, adopted, certified, executed and acknowledged by each of the Constituent Corporations in accordance with the requirements of Section 251(c) of the General Corporation Law of the State of Delaware.

THIRD:      The surviving corporation shall be Smiths Group Services Corp., a Delaware corporation (the "Surviving Corporation").

FOURTH:      The Certificate of Incorporation of the Surviving Corporation shall be the Certificate of Incorporation of Smiths Group Services Corp.

BSAI103348

FIFTH:    The executed Agreement is on file at the principal place of business of the Surviving Corporation.  The address of the principal place of business of the Surviving Corporation is Valleybrook Corporate Center, Suite 125, 101 Lindenwood Drive, Malvern, PA 19355.

SIXTH:    A copy of the executed Agreement will be furnished by the Surviving Corporation, on request and without cost, to any stockholder of either of the Constituent Corporations.

SEVENTH:    The Merger shall become effective at 12:01 a.m. on August 5, 2001.

IN WITNESS WHEREOF, Smiths Group Services Corp. has caused this Certificate of Merger to be signed by its President as of this _____ day of July, 2001.

SMITHS GROUP SERVICES CORP.

By: _____
Name:  Walter E. Orme
Title:  President

BSAI103349

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | 2007 Authorized Budget | Total Cost Through 2006 | BAI 12955 2/23/2007 | BAI 13010 3/29/2007 |
|---|---|---|---|---|
| Invoice # | | | | |
| Date of Invoice | | | | |
| **Eckenfelder/Brown & Caldwell** | | | | |
| 2007 Long-Term GW Monitoring | 100300 | 103197 | | |
| 2007 Residential Well Treatment | 4000 | 5159 | | |
| 2007 Project Meetings | 10000 | 2641 | | |
| | | | | |
| **Subtotal Remedial Design** | 114300 | 1028719 | 0 | 0 |
| | | | | |
| 2007 O&M | 187131 | 0 | 13,229.99 | 11,514.27 |
| **Subtotal Treatment Plant O&M** | 187131 | 1032503 | 13,229.99 | 11,514.27 |
| | | | | |
| **de maximis, inc. (Project Coordinator/O&M Oversight 2007)** | 51000 | 390507 | | |
| | | | | |
| **de maximis, inc. (OU 2 Evaluation) (T&M)** | 0 | 10827 | | |
| | | | | |
| **Project Totals** | 352431 | 3419725 | 13229.99 | 11514.27 |

Notes:

BSAI103350

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | de maximis | de maximis | BAI | B&C | de maximis |
|---|---|---|---|---|---|
| Invoice # | 70241 | 70436 | 13076 | 2853176 | 70603 |
| Date of Invoice | 2/21/2007 | 3/20/2007 | 4/20/2007 | 4/20/2007 | 4/17/2007 |
| **Eckenfelder/Brown & Caldwell** | | | | | |
| 2007 Long-Term GW Monitoring | | | | | |
| 2007 Residential Well Treatment | | | | 817.45 | |
| 2007 Project Meetings | | | | | |
| ***Subtotal Remedial Design*** | 0 | 0 | 0 | 817 | 0 |
| 2007 O&M | | | 11,481.77 | | |
| ***Subtotal Treatment Plant O&M*** | 0.00 | 0.00 | 11,481.77 | 0.00 | 0.00 |
| ***de maximis, inc. (Project Coordinator/O&M Oversight 2007)*** | 4435.21 | 6050.11 | | | 2472.24 |
| ***de maximis, inc. (OU 2 Evaluation) (T&M)*** | | | | | |
| **Project Totals** | 4435.21 | 6050.11 | 11481.77 | 817.45 | 2472.24 |

Notes:

BSAI03351

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | de maximis | BAI | de maximis | de maximis | B&C |
|---|---|---|---|---|---|
| Invoice # | 70783 | 13076 | 70979 | 70980 | 2854472 |
| Date of Invoice | 5/14/2007 | 4/20/2007 | 6/15/2007 | 6/15/2007 | 5/29/2007 |
| **Eckenfelder/Brown & Caldwell** | | | | | |
| 2007 Long-Term GW Monitoring | | | | | 15601.36 |
| 2007 Residential Well Treatment | | | | | |
| 2007 Project Meetings | | | | | 1515 |
| | | | | | |
| ***Subtotal Remedial Design*** | 0 | 0 | 0 | 0 | 17116 |
| | | | | | |
| 2007 O&M | | 12,513.65 | | | |
| | | | | | |
| ***Subtotal Treatment Plant O&M*** | 0.00 | 12,513.65 | 0.00 | 0.00 | 0.00 |
| | | | | | |
| ***de maximis, inc. (Project Coordinator/O&M Oversight 2007)*** | 1914.17 | | 3856.67 | | |
| | | | | | |
| ***de maximis, inc. (OU 2 Evaluation) (T&M)*** | 89.25 | | | 535.5 | |
| | | | | | |
| **Project Totals** | 2003.42 | 12513.65 | 3856.67 | 535.50 | 17116.36 |

Notes:

BSAI103352

Boathead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | B&C | BAI | BAI | de maximis | B&C |
|---|---|---|---|---|---|
| Invoice # | 2857031 | 13224 | 13287 | 71150 | 2858630 |
| Date of Invoice | 6/22/2007 | 6/22/2007 | 7/6/2007 | 7/16/2007 | 7/13/2007 |
| **Eckenfelder/Brown & Caldwell** | | | | | |
| 2007 Long-Term GW Monitoring | 13545.96 | | | | 2440 |
| 2007 Residential Well Treatment | | | | | |
| 2007 Project Meetings | 365 | | | | |
| **Subtotal Remedial Design** | **13911** | **0** | **0** | **0** | **2440** |
| 2007 O&M | | 16,203.59 | 10,856.64 | | |
| **Subtotal Treatment Plant O&M** | **0.00** | **16,203.59** | **10,856.64** | **0.00** | **0.00** |
| **de maximis, inc. (Project Coordinator/O&M Oversight 2007)** | | | | 740.27 | |
| **de maximis, inc. (OU 2 Evaluation) (T&M)** | | | | | |
| **Project Totals** | **13910.96** | **16203.59** | **10856.64** | **740.27** | **2440.00** |

Notes:

BSAI103353

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | de maximis | de maximis | Bigler | B&C | de maximis |
|---|---|---|---|---|---|
| Invoice # | 71315 | 71316 | 13371 | 2860514 | 71512 |
| Date of Invoice | 8/20/2007 | 8/20/2007 | 8/17/2007 | 8/9/2007 | 9/14/2007 |
| **Eckenfelder/Brown & Caldwell** | | | | | |
| 2007 Long-Term GW Monitoring | | | | | |
| 2007 Residential Well Treatment | | | | 2350 | |
| 2007 Project Meetings | | | | 255 | |
| **Subtotal Remedial Design** | 0 | 0 | 0 | 2605 | 0 |
| 2007 O&M | | | 15,039.26 | | |
| **Subtotal Treatment Plant O&M** | 0.00 | 0.00 | 15,039.26 | 0.00 | 0.00 |
| **de maximis, inc. (Project Coordinator/O&M Oversight 2007)** | 1144.51 | | | | 1503.62 |
| **de maximis, inc. (OU 2 Evaluation) (T&M)** | | 89.25 | | | |
| **Project Totals** | 1144.51 | 89.25 | 15039.26 | 2605.00 | 1503.62 |

Notes:

BSAI103354

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | Bigler | Bigler | de maximis | B&C | de maximis |
|---|---|---|---|---|---|
| Invoice # | 13443 | 13510 | 71700 | 2865199 | 71881 |
| Date of Invoice | 9/27/2007 | 10/12/2007 | 10/17/2007 | 10/18/2007 | 11/16/2007 |
| **Eckenfelder/Brown & Caldwell** | | | | | |
| 2007 Long-Term GW Monitoring | | | | 315 | |
| 2007 Residential Well Treatment | | | | 1733.34 | |
| 2007 Project Meetings | | | | 680 | |
| **Subtotal Remedial Design** | 0 | 0 | 0 | 2728 | 0 |
| 2007 O&M | 11,062.35 | 13,639.19 | | | |
| **Subtotal Treatment Plant O&M** | 11,062.35 | 13,639.19 | 0.00 | 0.00 | 0.00 |
| **de maximis, inc. (Project Coordinator/O&M Oversight 2007)** | | | 2062.22 | | 3252.92 |
| **de maximis, inc. (OU 2 Evaluation) (T&M)** | | | | | |
| **Project Totals** | 11062.35 | 13639.19 | 2062.22 | 2728.34 | 3252.92 |

Notes:

BSAI103355

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | Bigler | B&C | Bigler | B&C | de maximis |
|---|---|---|---|---|---|
| Invoice # | 13576 | 2866780 | 13642 | 2868973 | 72069 |
| Date of Invoice | 11/14/2007 | 11/9/2007 | 12/18/2007 | 12/12/2007 | 12/19/2007 |
| **Eckenfelder/Brown & Caldwell** | | | | | |
| 2007 Long-Term GW Monitoring | | 17899.65 | | 26311.37 | |
| 2007 Residential Well Treatment | | 0 | | 0 | |
| 2007 Project Meetings | | 85 | | | |
| **Subtotal Remedial Design** | 0 | 17985 | 0 | 26311 | 0 |
| 2007 O&M | 10,786.76 | | 16,439.18 | | |
| **Subtotal Treatment Plant O&M** | 10,786.76 | 0.00 | 16,439.18 | 0.00 | 0.00 |
| *de maximis, inc.* (Project Coordinator/O&M Oversight 2007) | | | | | 2829.77 |
| *de maximis, inc.* (OU 2 Evaluation) (T&M) | | | | | |
| **Project Totals** | 10786.76 | 17984.65 | 16439.18 | 26311.37 | 2829.77 |

Notes:

BSAI03356

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | Bigler | B&C | dmi | Total 2007 Costs |
|---|---|---|---|---|
| Invoice # | 13179 | 2870997 | 80139 | 2007 |
| Date of Invoice | 1/21/2008 | 1/17/2008 | 1/23/2008 | Costs |
| Eckenfelder/Brown & Caldwell | | | | |
| 2007 Long-Term GW Monitoring | | 1477.5 | | 80758 |
| 2007 Residential Well Treatment | | 165 | | 2153 |
| 2007 Project Meetings | | 4022.5 | | 6668 |
| **Subtotal Remedial Design** | 0 | 5665 | 0 | 89579 |
| 2007 O&M | 11,237.30 | | | 154004 |
| **Subtotal Treatment Plant O&M** | 11,237.30 | 0.00 | 0.00 | 154004 |
| de maximis, inc. (Project Coordinator/O&M Oversight 2007) | | | 4634.26 | 34896 |
| de maximis, inc. (OU 2 Evaluation) (T&M) | | | | 714 |
| **Project Totals** | 11237.30 | 5665.00 | 4634.26 | 279193 |

Notes:

BSAII03357

Boarhead Farms Superfund Site
Cost Tracking For Operable Unit One RD/RA/O&M Activities
Prepared by de maximis, inc.
02/07/08

| Contractor | Total |
|---|---|
| Invoice # | Cost of Services |
| Date of Invoice | Through 2007 |
| **Eckenfelder/Brown & Caldwell** | |
| 2007 Long-Term GW Monitoring | 183955 |
| 2007 Residential Well Treatment | 7312 |
| 2007 Project Meetings | 9309 |
| | |
| **Subtotal Remedial Design** | **1229295** |
| | |
| 2007 O&M | 154004 |
| | |
| **Subtotal Treatment Plant O&M** | **1186507** |
| | |
| ***de maximis, inc.* (Project Coordinator/O&M Oversight 2007)** | **425403** |
| | |
| ***de maximis, inc.* (OU 2 Evaluation) (T&M)** | **11541** |
| | |
| **Project Totals** | **4200422** |

BSAI103358

Notes:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS, LLC | : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 02-CV-3830 (LDD) |
| v. | : : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : : | |

## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of Plaintiffs' Supplemental Responses To Joint Contention Interrogatories of Advanced Environmental Technology Corporation, Ashland, Inc., Carpenter Technology Corporation, fcg, inc., Handy & Harman Tube Company, Inc. and NRM Investment Company by email and first class postage prepaid United States mail, on the counsel listed on the service list.

Amy M. Trojecki

Dated:  February 8, 2008