IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, LLC, et al., | : |
| Plaintiffs, | : CIVIL ACTION NO. |
| v. | : 02-cv-3830 (LDD) |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : |
| Defendants. | : |

**MEMORANDUM ON BEHALF OF DEFENDANT HANDY & HARMAN TUBE COMPANY, INC. IN SUPPORT OF ITS MOTION *IN LIMINE* TO BAR PLAINTIFFS AND CO-DEFENDANTS FROM INTRODUCING INTO EVIDENCE "SUMMARIES" OF INTERVIEWS OF FORMER H&H TUBE EMPLOYEES**

Although Plaintiffs and co-Defendants know that the unsigned and unsworn "summaries" of interviews of three former Handy & Harman Tube Company, Inc. ("H&H Tube") employees are inadmissible, Plaintiffs and co-Defendants have indicated in their respective Trial Exhibit Lists that they intend to introduce into evidence at the time of trial three (3) documents that purport to be "summaries" of interviews taken approximately 15 years ago. The "summaries" constitute double hearsay and are therefore inadmissible. H&H Tube's motion to bar Plaintiffs and co-Defendants from introducing those "summaries" into evidence at the time of trial should be granted.[1]

---

[1] In connection with H&H Tube's summary judgment motion, Plaintiffs submitted two of these "summaries" to the Court in connection with their opposition papers. H&H Tube filed a motion strike the "summaries" for the reasons set forth in this motion. [Docket Entry 250]. In response to H&H Tube's motion to strike and in recognition of the inadmissibility of these unsigned and

## STATEMENT OF FACTS

Thomas Curran ("Curran"), Mary Kollmar ("Kollmar") and Jay Crawford ("Crawford") are former H&H Tube employees. Interviews of these three former H&H Tube employees were allegedly conducted in 1993. A third party prepared "summaries" of these interviews. None of these "summaries" are signed and/or sworn to. Declaration of Melissa E. Flax in Support of Handy & Harman Tube Company, Inc.'s Motions *in Limine* ("Flax Decl."), Exhibits A, B and C.

The "summaries" of the 1993 interviews of Curran, Kollmar and Crawford are not a verbatim record of what was allegedly said by those individuals nor are they signed and/or sworn to by the interviewees. Flax Decl., Exhibits A, B and C. In the case of Curran, Curran never reviewed the "summary" subsequent to its preparation and was never asked at his deposition in this case whether the contents of the "summary" were true and accurate. Flax Decl., Exhibit D at 60:2-62:21.

With respect to Kollmar, she was deposed in this matter by Plaintiffs on November 18, 2004. At no time during her deposition did Plaintiffs present Kollmar with the Kollmar "summary" or otherwise ascertain whether the contents of the "summary" were true and accurate.

Crawford is deceased and was not deposed in this case. *See* Flax Decl., Exhibit E.

---

unsworn "summaries", Plaintiffs withdrew those documents from their summary judgment opposition papers by filing a revised opposition brief. [Docket Entry 261].

## ARGUMENT

### POINT I

### H&H TUBE'S MOTION *IN LIMINE* SHOULD BE GRANTED BECAUSE THE "SUMMARIES" OF INTERVIEWS OF CURRAN, KOLLMAR AND CRAWFORD ARE INADMISSIBLE DOUBLE HEARSAY

The "summaries" of interviews of Curran, Kollmar and Crawford were prepared by a third party purportedly setting forth a "summary" of what the interviewees, Curran, Kollmar and Crawford, said. Even if they were signed, the "summaries" would be inadmissible hearsay. In their current unsigned and unsworn to form, the "summaries" are inadmissible double hearsay. And, although Curran and Kollmar were deposed in this case, neither witness was asked to adopt or confirm the contents of the unsigned and unsworn 15 year old "summaries" as being true, complete and accurate.

In *United States v. Benson*, 961 F.2d 707 (8th Cir. 1992), the Court, in an almost identical situation, found the unsigned and unsworn documents to be inadmissible double hearsay. The *Benson* Court stated:

> The hearsay exception of past-recorded recollection under Fed.R.Evid. 803(5) is not applicable because the requirement of Rule 803(5) that the records be made or adopted by the witness has not been met. The two interviews ... were not reported verbatim and they were unsigned and unsworn by [the witness]. Thus, both reports constitute inadmissible double hearsay....

*Benson*, 961 F.2d at 708. *See also Mays v. Rhodes*, 255 F.3d 644, 648 (8th Cir. 2001) (in which the Court stated in connection with its refusal to consider unsworn and unsigned handwritten statements, "While we review the record in the light most favorable to Mays as the non-moving party, we do not stretch this favorable presumption so far as to consider as evidence statements found only in inadmissible hearsay").

The Court should bar Plaintiffs and co-Defendants from introducing into evidence the "summaries" of interviews of H&H Tube's former employees, Curran, Kollmar and Crawford.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Handy & Harman Tube Company, Inc.'s Motion *in Limine* To Bar Plaintiffs and Co-Defendants From Introducing Into Evidence "Summaries" Of Interviews Of Former H&H Tube Employees be granted.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.

Dated: May 23, 2008

By: _____ MF 1386
MELISSA E. FLAX
JOHN M. AGNELLO
G. GLENNON TROUBLEFIELD (Bar No. 64989)
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)