IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, LLC, et al., | : |
| Plaintiffs, | : CIVIL ACTION NO. |
| v. | : 02-cv-3830 (LDD) |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : |
| Defendants. | : |

**MEMORANDUM ON BEHALF OF DEFENDANT HANDY & HARMAN TUBE COMPANY, INC. IN SUPPORT OF ITS MOTION *IN LIMINE* TO BAR PLAINTIFFS AND CO-DEFENDANTS FROM INTRODUCING INTO EVIDENCE (1) SELECTED PAGES FROM A 1992 REPORT AND (2) A FEBRUARY 1973 INVOICE**

Plaintiffs and co-Defendants have indicated in their respective Trial Exhibit Lists that they intend to introduce into evidence at the time of trial selected pages from a 1992 report and an invoice dated February 1973. Neither of these documents are admissible. The selected pages from a September 1992 site investigation report cannot be authenticated, cannot satisfy the rule of completeness and are irrelevant to any of the issues in this case. The 1973 invoice similarly cannot be authenticated and does not qualify as a business record. Thus, since neither of the two documents are admissible, Handy & Harman Tube Company, Inc.'s ("H&H Tube") motion *in limine* to bar their introduction into evidence should be granted.

## STATEMENT OF FACTS

### A. The Selected Pages from a 1992 Report

In connection with the preparation of his expert report, Jurgen H. Exner ("Exner"), one of Plaintiffs' experts, relied on two selected pages from what purports to be a September 1992 site investigation report that contains comments regarding conditions at H&H Tube's Norristown, PA facility. Flax Decl., Exhibits F and G. At his deposition, Exner testified that he never had a complete copy of a 1992 report entitled Site Investigation, Handy & Harman Tube Co., Inc., Norristown, Montgomery County, Pennsylvania. Flax Decl., Exhibit H at 30:20-31:9. By emails dated January 7, 2007 and January 10, 2007, counsel for H&H Tube requested that Plaintiffs' produce a copy of the complete 1992 report. Flax Decl., Exhibits I and J. Plaintiffs were unable to produce a complete copy of the 1992 report and maintained that they only had the selected pages that were produced as part of Exner's work file. Flax Decl., Exhibit K.

### B. The 1973 Invoice

After 6 years of litigation, the only document that exists that purportedly connects H&H Tube to the Boarhead Farm Superfund site (the "Site") is a one-page DeRewal Chemical Company ("DCC") invoice dated February 1973 (the "1973 Invoice"). Flax Decl., Exhibit L. Plaintiffs deposed four former H&H Tube employees. None of these witnesses could identify the 1973 Invoice or explain what the content of the 1973 Invoice represented – *e.g.* whether the 1973 Invoice related to the delivery of empty drums or the pick up of empty or full drums.[1] The witnesses also could not explain anything about the pricing set forth in the 1973 Invoice. *See* Flax Decl., Exhibit D at 63:1-17; Exhibit L at 24:9-14; Exhibit M at 34:9-17; Exhibit N at 69:25-70:8.

Manfred DeRewal, Sr. ("DeRewal Sr.") and Karen Castillo ("Castillo"), individuals intimately familiar with the illegal dumping operations conducted at the Site were deposed and asked about the 1973 Invoice. Neither DeRewal Sr. nor Castillo could shed any light on the contents, meaning or purpose of the 1973 Invoice. *See* Flax Decl., Exhibit O at 249:7-17; 254:1-8; 254:9-256:11; Exhibit P at 75:13-78:6.

---

[1] Notably, there is nothing in the invoice that indicates or suggests that any of the drums referenced in the 1973 Invoice were taken to or disposed of at the Site.

## ARGUMENT

## POINT I

## THE SELECTED PAGES FROM THE 1992 REPORT ARE INADMISSIBLE

Plaintiffs and co-Defendants have indicated that they intend to offer into evidence against H&H Tube, two selected pages from what purports to be a 1992 report relating to conditions at H&H Tube's Norristown, PA facility. The selected pages from the 1992 report cannot be authenticated, cannot be admitted due to the lack of completeness and are irrelevant.

### A.  The Selected Pages of the 1992 Report Sought to be Introduced Into Evidence Cannot Be Authenticated and Are Therefore Inadmissible

Plaintiffs' and a number of the co-Defendants have indicated that they intend to rely on two selected pages[2] of what Plaintiffs' allege are portions of a September 1992 site investigation report. The selected pages sought to be introduced have not been authenticated.

Rule 901 of the Federal Rules of Evidence sets forth the basis for the requirement of authentication of a document. To authenticate a document, the party proffering the document must demonstrate as "a condition precedent to admissibility" that "that the matter in question is what its proponent claims." Fed.R.Evid. 901(a).

In *Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841 (7th Cir. 1998), defendant moved *in limine* to exclude from admissibility a report in which plaintiff alleged would prove that defendant failed to disclose material information. *Id.* at 846. The Seventh Circuit held that the District Court did not abuse its discretion by excluding the report. *Id.* at 853. In excluding the report from evidence, the court reasoned that no witness had any personal knowledge of and could not testify about the report's authenticity. *Id. See also McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1034 (9th Cir. 2003) (excluding reports by outside engineers because the

4

engineers were not produced as expert witnesses; therefore, none of the reports could be authenticated under Rule 901); *El-Bakley v. Autozone*, 2008 WL 1774962, *7 (N.D. Ill. April 16, 2008) (excluding a report from the Department of Human Services because (a) plaintiff offered no method by which he could authenticate the document to verify that it was what it was purported to be, and (b) there was no witness which could cure this deficiency); *In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769, 780 (C.D. Cal. 2004) (holding that an expert report was not authenticated merely by citing the author's background and the source of the data). Moreover, because the only evidence provided by plaintiff to establish a foundation was a letter, which referred to the report, plaintiff failed to establish the precondition of authenticity and therefore, the report was inadmissible. *Id.*

In *Philips-Van Heusen Corp. v. Mitsui O.S.K. Lines Ltd.*, 2002 WL 32348263 (M.D. Pa. Aug. 14, 2002), the court excluded from evidence two pages of an "equipment interchange report", in part, because the proffering party failed to authenticate the two pages by not producing the report in its entirety. *Id.* at *15.

Here, neither Plaintiffs nor co-Defendants have identified any witness in their Trial Witness Lists who can authenticate the 1992 report. Thus, neither Plaintiffs nor co-Defendants can establish the necessary precondition of authenticity. As such, the two selected pages of the 1992 report are inadmissible.

**B.    The Selected Pages of the 1992 Report Sought to be Introduced by Plaintiffs and Co-Defendants Should Be Excluded Under the Doctrine of Completeness**

Rule 106 of the Federal Rules of Evidence provides that "[w]hen a writing ... or a part thereof is introduced by a party, an adverse party may require the introduction at that time of any other party ... which ought in fairness to be considered contemporaneously

---

[2] The two pages are numbered 6 and 10.

with it." Fed.R.Evid. 106. In *United States v. Soures*, 736 F.2d 87 (3d Cir. 1984), the Court, in addressing the doctrine of completeness, made the following observations:

> Under Fed.R.Evid. 106, when a party introduces a writing or part thereof, the opponent may require the other party to introduce any other part or writing "which ought in fairness to be considered contemporaneously with it." Under this doctrine of completeness, a second writing may be required to be read if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.

*Id.* at 91 (citing *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982)).

In the absence of having the complete document (which Plaintiffs have confirmed they do not have), the doctrine of completeness cannot be complied with. Therefore, the selected pages from the 1992 report should be excluded.

### C.   The Selected Pages of the 1992 Report Sought to be Introduced by Plaintiffs and Co-Defendants Are Irrelevant

#### 1.   The Selected Pages of the 1992 Report Are Irrelevant

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Under this general definition, the two selected pages from the 1992 report are not relevant to the issue of whether H&H Tube's waste was disposed of at the Site during the period 1967 to 1977.

Plaintiffs' complaint seeks contribution and cost recovery under CERCLA and HSCA for contamination at the Site. There are no allegations relating to the conditions existing at H&H Tube's Norristown, PA facility in 1992. This case deals with the disposal of waste at the Site during the period 1969 to 1977. The conditions at H&H Tube's facility in Norristown, PA twenty years later have no relevancy whatsoever to the issues in this matter.

The selected pages of the 1992 report do not have any tendency to make the existence of any fact in this case more or less probable. The selected pages do not relate to the Site and do not relate to the time period at issue. The selected pages of the 1992 report do not satisfy the requirements of Fed.R.Evid. 401 and are therefore inadmissible.

**2. The Selected Pages of the 1992 Report Are Inadmissible Under Fed.R.Evid. 403**

Rule 403 of the Federal Rules of Evidence permits the exclusion of evidence even though it may be relevant to an issue in the case. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

To permit the admission into evidence of selected pages from the 1992 report would be unfairly prejudicial to H&H Tube and would only tend to confuse the issues in this case. Conditions existing at H&H Tube's Norristown facility in 1992 have no temporal or geographical connection with the Site. Clearly, the unfair prejudice to H&H Tube if the two selected pages from the 1992 report are admitted into evidence substantially outweighs any probative value the selected pages may have. Furthermore, the attempted introduction into evidence of the selected pages from the 1992 report would only serve to unduly waste this Court's time. The unfair prejudice to H&H Tube if the two random pages of the 1992 report are admitted substantially outweighs any probative value.

Thus, Plaintiffs and co-Defendants should be precluded from introducing the selected pages from the 1992 report pursuant to Rule 403 of the Federal Rules of Evidence.

## POINT II

## THE SINGLE 1973 INVOICE IS INADMISSIBLE

Plaintiffs and co-Defendants have indicated that they intend to offer as evidence against H&H Tube the 1973 Invoice. The 1973 Invoice cannot be authenticated and does not qualify for admission under the business record exception to the hearsay rule.

### A.   The Authenticity of the 1973 Invoice Cannot Be Established

After 6 years of litigation, the only document that exists that purportedly connects H&H Tube to the Site is the 1973 Invoice. Flax Decl., Exhibit L. Plaintiffs deposed four former H&H Tube employees. None of these witnesses could identify the 1973 Invoice or explain what the content of the 1973 Invoice represented – *e.g.* whether the 1973 Invoice related to the delivery of empty drums or the pick up of empty or full drums.[3] The witnesses also could not explain anything about the pricing set forth in the 1973 Invoice. *See* Flax Decl., Exhibit D at 63:1-17; Exhibit M at 24:9-14; Exhibit N at 34:9-17; Exhibit O at 69:25-70:8.

DeRewal Sr. and Castillo, individuals intimately familiar with the illegal dumping operations conducted at the Site were deposed and asked about the 1973 Invoice. Neither DeRewal Sr. nor Castillo could shed any light on the contents, meaning or purpose of the 1973 Invoice. *See* Flax Decl., Exhibit P at 249:7-17; 254:1-8; 254:9-256:11; Exhibit Q at 75:13-78:6.

As noted in Point I.A. above, the court in *Otto v. Variable Annuity Life Ins. Co.*, excluded a report from evidence because no witness had any personal knowledge of and could not testify about the report's authenticity. *Id.* at 853. Due to the fact that not a single witness can testify that they have ever seen the 1973 Invoice or that they can explain, interpret or identify the information contained in the 1973 Invoice, Plaintiffs and co-Defendants cannot establish that the

---

[3] Notably, there is nothing in the invoice that indicates or suggests that any of the drums referenced in the 1973 Invoice were taken to or disposed of at the Site.

1973 Invoice is what they purport it to be. Plaintiffs and co-Defendants' failure to establish the necessary precondition of authenticity requires the exclusion of the 1973 Invoice.

**B.    The 1973 Invoice Is Inadmissible Hearsay**

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). A statement is "an oral or written assertion ... if it is intended by the person as an assertion." Fed.R.Evid. 801(a). Plaintiffs and co-Defendants intend to introduce the 1973 Invoice as an out of court statement that is purportedly being offered to prove the truth of its contents.[4]

Since the 1973 Invoice is clearly a hearsay document, Plaintiffs and co-Defendants will likely argue for the admission of the 1973 Invoice under the business records exception to the hearsay rule. The business records exception to the hearsay rule permits introduction into evidence records of regularly conducted activity. Such records include:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity

---

[4] It is anticipated that Plaintiffs and co-Defendants will offer the 1973 Invoice into evidence in an attempt to prove that drummed waste from H&H Tube was disposed of at the Site. However, as set forth in the Statement of Facts, none of the former H&H Tube employees who were deposed could identify the 1973 Invoice or explain what the content of the 1973 Invoice represented – *e.g.* whether the 1973 Invoice related to the delivery of empty drums or the pick up of empty or full drums. [footnote omitted]. The witnesses also could not explain anything about the pricing set forth in the 1973 Invoice. *See* Flax Decl., Exhibit L at 63:1-17; Exhibit M at 24:9-14; Exhibit N at 34:9-17; Exhibit O at 69:25-70:8. As stated in footnote 1, notably, there is nothing in the invoice that indicates or suggests that any of the drums referenced in the 1973 Invoice were taken to or disposed of at the Site. DeRewal Sr. and Castillo, individuals intimately familiar with the illegal dumping operations conducted at the Site were deposed and asked about the 1973 Invoice. Neither DeRewal Sr. nor Castillo could shed any light on the contents, meaning or purpose of the 1973 Invoice. *See* Flax Decl., Exhibit P at 249:7-17; 254:1-8; 254:9-256:11; Exhibit Q at 75:13-78:6.

> to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, ... unless the source of information or the method of circumstances or preparation indicate lack of trustworthiness.

Fed.R.Evid. 803(6).

In *U.S. v. Furst*, 886 F.2d 558 (3d Cir. 1989), the government attempted to introduce daily and monthly bank statements into evidence for the truth of their contents. *Id.* at 570. The government was unable to provide a witness that could testify as to the accuracy of the information on which the documents were based. *Id.* at 572. Moreover, no witness could testify whether or not the events reported in the statements ever occurred. *Id.* Therefore, because the witnesses lacked personal knowledge and could not explain the origin of the data reflected in the documents, the government failed to lay a proper foundation for admission under the business records exception. *Id.*

Here, the parties have not and cannot offer any testimony that: (1) the 1973 Invoice was made contemporaneous with the alleged act or event contained in the 1973 Invoice; (2) the information contained in the 1973 Invoice was transmitted by a person with knowledge of the matters set forth in the 1973 Invoice; and (3) that the source of the information or the accuracy of the information was trustworthy. *See id.*

As set forth above, no witness, either from H&H Tube or from DCC, has been able to provide, nor can they provide, any testimony concerning the content, meaning or purpose of the 1973 Invoice. As a result, no witness will be able to testify that (1) the 1973 Invoice was made contemporaneous with the alleged act or event contained in the 1973 Invoice; (2) the information contained in the 1973 Invoice was transmitted by a person with knowledge of the matters set

forth in the 1973 Invoice; and (3) that the source of the information or the accuracy of the information was trustworthy.[5]

In light of the fact that no witness can testify in accordance with the requirements of Fed.R.Evid. 803(6), the 1973 Invoice is inadmissible hearsay, not subject to the business records exception to the hearsay rule and should be excluded.

---

[5] *See also U.S. v. Ortiz*, 182 F.Supp.2d 443, 451 (E.D. Pa. 2000) (citing *Furst*, 886 F.2d at 571), holding that a "qualified witness" must be able to testify that the declarant had knowledge to make accurate statements and that the declarant recorded the statements contemporaneously with the actions which were the subject of the reports – neither which can be shown here.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Handy & Harman Tube Company, Inc.'s Motion *in Limine* To Bar Plaintiffs and Co-Defendants From Introducing Into Evidence (1) Selected Pages From A 1992 Report And (2) A February 1973 Invoice be granted.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.

Dated: May 23, 2008

By: /s/ Melissa E. Flax    MF 1386
MELISSA E. FLAX
JOHN M. AGNELLO
G. GLENNON TROUBLEFIELD (Bar No. 64989)
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)