UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 02-3830 (LDD)<br><br><br>**ORDER** |

THIS MATTER having been opened to the Court upon motion in limine of Defendant Advanced Environmental Technology Corporation ("AETC") to preclude certain evidence from admission at trial; and this Court having reviewed and considered the papers submitted by the parties in support and opposition to this motion, and oral argument (if any), and for good cause shown,

IT IS on this _____ day of _____, 2008

ORDERED and ADJUDGED as follows:

1. Pursuant to FRE 404(b), all parties are precluded from introducing into evidence the letter dated September 9, 1976 from AETC to Manfred DeRewal, Sr. regarding the disposal of Roche waste.

2. Pursuant to FRE 602 and 802, all parties are precluded from introducing into evidence Manfred DeRewal, Sr.'s hearsay statements and statements made outside his personal knowledge that were identified by AETC in its motion papers.

1131744.1

3. Pursuant to FRE 702 and the standard set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, Plaintiffs are precluded from offering into evidence Jay Vandeven's opinions, as stated in his expert report.

4. Plaintiffs are precluded from offering into evidence their own allocation conclusions and/or framework.

5. Plaintiffs are precluded from offering evidence that costs incurred by Plaintiffs with respect to Consent Decree OU-1 and OU-2 were voluntarily incurred.

6. Plaintiffs are precluded from offering into evidence Jay Vandeven's opinions as set forth in his supplemental report, dated May 7, 2008.

7. A copy of this Order shall be served upon all counsel within ____ days of receipt by Wolff & Samson PC.

_____
HON. LEGROME D. DAVIS, U.S.D.J.

1131744.1