notice a schedule for performance of such activities consistent with the Consent Decree or

require the Settling Defendants to submit a schedule to EPA for approval pursuant to Section X

(EPA Approval of Plans and Other Submissions). Settling Defendants shall perform all

activities described in the notice in accordance with the specifications and schedules established

therein, subject to their right to invoke the dispute resolution procedures set forth in Section

XVIII (Dispute Resolution).

b.        If EPA concludes, based on the initial or any subsequent request for

Certification of Completion by Settling Defendants and after a reasonable opportunity for review

and comment by the State, that the Work has been performed in accordance with this Consent

Decree, EPA will so notify the Settling Defendants in writing.

## XIV. EMERGENCY RESPONSE

43.      In the event of any action or occurrence during the performance of the Work which

causes or threatens a release of Waste Material from the Site that constitutes an emergency

situation or may present an immediate threat to public health or welfare or the environment,

Settling Defendants shall, subject to Paragraph 44, immediately take all appropriate action to

prevent, abate, or minimize such release or threat of release, and shall immediately notify the

EPA's Project Coordinator, or, if the Project Coordinator is unavailable, EPA's Alternate Project

Coordinator. If neither of these persons is available, the Settling Defendants shall notify the

EPA Region III Hotline at (215) 814-3255. Settling Defendants shall take such actions in

consultation with EPA's Project Coordinator or other available authorized EPA officer and in

accordance with all applicable provisions of the Health and Safety Plans, the Contingency Plans,

and any other applicable plans or documents developed pursuant to this Consent Decree. In the event that Settling Defendants fail to take appropriate response action as required by this Section, and EPA takes such action instead, Settling Defendants shall reimburse EPA all costs of the response action not inconsistent with the NCP pursuant to Section XV (Reimbursement of Future Response Costs).

44.    Nothing in the preceding Paragraph or in this Consent Decree shall be deemed to limit any authority of the United States: (a) to take all appropriate action to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site; or (b) to direct or order such action, or seek an order from the Court, to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site, subject to Section XX (Covenants Not to Sue by Plaintiff).

## XV. REIMBURSEMENT OF FUTURE RESPONSE COSTS

45.    a.    Settling Defendants shall reimburse the EPA Hazardous Substance Superfund for all Future Response Costs incurred by the United States not inconsistent with the National Contingency Plan. The United States will send Settling Defendants a bill requiring payment that includes a cost summary, setting forth direct and indirect costs incurred by EPA, DOJ, and their contractors on a periodic basis. Within fourteen (14) days after Settling Defendants receive the bill, they may make a written request to EPA for the supporting cost documentation. This supporting cost documentation shall include cost summary reports, work assignments, technical work assignment status reports, direction documents, delivery orders, and other related

documents for EPA and its contractors as applicable but not including confidential business information. Settling Defendants shall make all payments within thirty (30) days of Settling Defendants' receipt of each bill requiring payment, except that if the Settling Defendants request the supporting cost documentation in a timely manner, payment shall be made within ninety (90) days after Settling Defendants' receipt of the supporting cost documentation, except as otherwise provided in Paragraph 46. The Settling Defendants shall make all payments required by this Paragraph in the form of a certified or cashier's check or checks made payable to "EPA Hazardous Substance Superfund" and referencing the EPA Region and Site/Spill ID #03Y2, DOJ Case Number 90-11-2-06036, and the name and address of the party making payment. The Settling Defendants shall send the check(s) to United States Environmental Protection Agency, Region III, Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 15251-6515, and shall send copies of the check(s) to the United States as specified in Section XXV (Notices and Submissions) and to the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103-2029.

b. Notwithstanding Paragraph 45.a, the Settling Defendants shall be obligated to reimburse the United States for oversight costs incurred in connection with Remedial Design and oversight of Removal Actions only if the decision in United States v. Rohm & Haas Co., No. 92-1517 (3rd Cir. Aug. 12, 1993), regarding the liability of responsible parties under Section 107(a)(4)(A) of CERCLA for EPA oversight costs is reversed or overturned by the Court of Appeals for the Third Circuit, the United States Supreme Court, or the United States Congress through amendment to CERCLA or otherwise. Nothing in this Paragraph 45.b shall be deemed to be an adjudication by this Court or an admission by EPA or the United States or shall be

admissible in any other proceeding as to the legal issue whether oversight costs are properly recoverable under Section 107 of CERCLA or pursuant to a settlement of such an action.

46.    Settling Defendants may contest payment of any Future Response Costs under Paragraph 45 if they determine that the United States has made an accounting error or if they allege that a cost item that is included represents costs that are inconsistent with the NCP. Such objection shall be made in writing within thirty (30) days of receipt of the bill, or in the event supporting cost documentation is timely requested, within ninety (90) days of receipt of the supporting cost documentation, and must be sent to the United States pursuant to Section XXV (Notices and Submissions). Any such objection shall specifically identify the contested Future Response Costs and the basis for objection. In the event of an objection, the Settling Defendants shall within the thirty (30) day or ninety (90) day period pay all uncontested Future Response Costs to the United States in the manner described in Paragraph 45. Simultaneously, the Settling Defendants shall establish an interest-bearing escrow account in a federally-insured, duly chartered, bank in the Commonwealth of Pennsylvania and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs. The Settling Defendants shall send to the United States, as provided in Section XXV (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of the correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow account is established as well as a bank statement or other official documentation of deposit by the bank showing the initial balance of the escrow account. Simultaneously with establishment of the escrow account, the Settling Defendants shall initiate the Dispute Resolution procedures in

Section XVIII (Dispute Resolution). If the United States prevails in the dispute, within twenty

(20) days of the resolution of the dispute, the Settling Defendants shall pay the sums due (with

accrued interest) to the United States in the manner described in Paragraph 45. If the Settling

Defendants prevail concerning any aspect of the contested costs, the Settling Defendants shall

pay that portion of the costs (plus associated accrued interest) for which they did not prevail to

the United States in the manner described in Paragraph 45; Settling Defendants shall be

disbursed any balance of the escrow account. The dispute resolution procedures set forth in this

Paragraph in conjunction with the procedures set forth in Section XVIII (Dispute Resolution)

shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendants'

obligation to reimburse the United States for its Future Response Costs.

47.     In the event that the payments required by Paragraph 45 are not made within thirty

(30) days of the Settling Defendants' receipt of the bill, or if supporting cost documentation is

timely requested, within ninety (90) days after receipt of the supporting cost documentation,

Settling Defendants shall pay Interest on the unpaid balance, except for any portion of the

balance which Settling Defendants contest and prevail pursuant to Paragraph 46. The Interest

on Future Response Costs under this Paragraph shall begin to accrue thirty (30) days after the

date of the bill, or in the event supporting cost documentation is requested, within ninety (90)

days after receipt of the supporting cost documentation. The Interest shall accrue through the

date of the Settling Defendant's payment. Payments of Interest made under this Paragraph shall

be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling

Defendants' failure to make timely payments under this Section. The Settling Defendants shall

make all payments required by this Paragraph in the manner described in Paragraph 45.

## XVI. INDEMNIFICATION AND INSURANCE

48.     a.     The United States does not assume any liability by entering into this agreement or by virtue of any designation of Settling Defendants as EPA's authorized representatives under Section 104(e) of CERCLA. Settling Defendants shall indemnify, save, and hold harmless the United States and its officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from any designation of Settling Defendants as EPA's authorized representatives under Section 104(e) of CERCLA. Further, the Settling Defendants agree to pay the United States all costs it incurs including, but not limited to, attorneys fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States based on negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree. The United States shall not be held out as a party to any contract entered into by or on behalf of Settling Defendants in carrying out activities pursuant to this Consent Decree. Neither the Settling Defendants nor any such contractor shall be considered an agent of the United States.

b.     The United States shall give Settling Defendants notice of any claim for which the United States plans to seek indemnification pursuant to Paragraph 48.a., and shall

consult with Settling Defendants prior to settling such claim.

49.   Settling Defendants waive all claims against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States, arising from or on account of any contract, agreement, or arrangement between any one or more of Settling Defendants and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays. In addition, Settling Defendants shall indemnify and hold harmless the United States with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any one or more of Settling Defendants and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

50.   No later than fifteen (15) days before commencing any on-Site Work, Settling Defendants shall secure, and shall maintain until the first anniversary of EPA's Certification of Completion of the Work pursuant to Paragraph 42 of Section XIII (Certification of Completion) comprehensive general liability insurance with limits of five million dollars, combined single limit, and automobile liability insurance with limits of $500,000, combined single limit, naming the United States as an additional insured. In addition, for the duration of this Consent Decree, Settling Defendants shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Settling Defendants in furtherance of this Consent Decree. Prior to commencement of the Work under this Consent Decree, Settling Defendants shall provide to EPA certificates of such insurance and a copy of each insurance

policy. Settling Defendants shall resubmit such certificates and copies of policies each year on

the anniversary of the effective date of this Consent Decree. If Settling Defendants demonstrate

by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance

equivalent to that described above, or insurance covering the same risks but in a lesser amount,

then, with respect to that contractor or subcontractor, Settling Defendants need provide only that

portion of the insurance described above which is not maintained by the contractor or

subcontractor. Settling Defendants may satisfy the provisions of this Paragraph 50 if they

submit to EPA for approval one of the financial assurance mechanisms of Section XII

(Assurance of Ability to Complete Work) in at least the amounts stated in this Paragraph 50

demonstrating that Settling Defendants are able to pay any claims arising out of Settling

Defendants' performance of their obligations under this Consent Decree. Such financial

assurance mechanism shall meet all of the requirements of Section XII (Assurance of Ability to

Complete Work). If Settling Defendants seek to utilize the mechanisms set forth in Section XII

(Assurance of Ability to Complete Work) to satisfy the provisions of this Paragraph 50, they

must demonstrate an ability to pay the amounts required under this Paragraph, above and beyond

that required by the obligations of Section XII (Assurance of Ability to Complete Work).


## XVII. FORCE MAJEURE

51.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising

from causes beyond the control of the Settling Defendants, of any entity controlled by Settling

Defendants, or of Settling Defendants' contractors, that delays or prevents the performance of

any obligation under this Consent Decree despite Settling Defendants' best efforts to fulfill the

obligation. The requirement that the Settling Defendants exercise "best efforts to fulfill the

obligation" includes using best efforts to anticipate any potential force majeure event and best

efforts to address the effects of any potential force majeure event (a) as it is occurring, and (b)

following the potential force majeure event, such that the delay is minimized to the greatest

extent possible. "Force Majeure" does not include financial inability to complete the Work, a

failure to attain the Performance Standards, or increased costs.

52.     If any event occurs or has occurred that may delay the performance of any obligation

under this Consent Decree, whether or not caused by a force majeure event, the Settling

Defendants shall notify orally EPA's Project Coordinator or, in his or her absence, EPA's

Alternate Project Coordinator (or in the absence of both, shall leave a voicemail message on both

of their telephone lines) within forty-eight (48) hours of when Settling Defendants first knew that

the event might cause a delay. Within five (5) days thereafter, Settling Defendants shall provide

in writing to EPA an explanation and description of the reasons for the delay; the anticipated

duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a

schedule for implementation of any measures to be taken to prevent or mitigate the delay or the

effect of the delay; the Settling Defendants' rationale for attributing such delay to a force majeure

event if they intend to assert such a claim; and a statement as to whether, in the opinion of the

Settling Defendants, such event may cause or contribute to an endangerment to public health,

welfare or the environment. The Settling Defendants shall include with any notice all

documentation available to them supporting their claim that the delay was attributable to a force

majeure. Failure to comply with the above requirements shall preclude Settling Defendants from

asserting any claim of force majeure for that event for the period of time of such failure to

comply, and for any additional delay caused by such failure. Settling Defendants shall be deemed to know of any circumstance of which Settling Defendants, any entity controlled by Settling Defendants, or Settling Defendants' contractors knew or should have known.

53.    If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA, after a reasonable opportunity for review and comment by the State, for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. If EPA, after a reasonable opportunity for review and comment by the State, does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify the Settling Defendants in writing of its decision. If EPA, after a reasonable opportunity for review and comment by the State, agrees that the delay is attributable to a force majeure event, EPA will notify the Settling Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

54.    If the Settling Defendants elect to invoke the dispute resolution procedures set forth in Section XVIII (Dispute Resolution), they shall do so no later than fifteen (15) days after receipt of EPA's notice. In any such proceeding, Settling Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Settling Defendants complied with the requirements of

Paragraphs 51 and 52, above. If Settling Defendants carry this burden, the delay at issue shall be deemed not to be a violation by Settling Defendants of the affected obligation of this Consent Decree identified to EPA and the Court.

## XVIII.  DISPUTE RESOLUTION

55.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. However, the procedures set forth in this Section shall not apply (a) to actions by the United States to enforce obligations of the Settling Defendants that have not been disputed in accordance with this Section, or (b) to disputes among the Settling Defendants or to the settlements reached among them.

56.    Any dispute between the United States and the Settling Defendants which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal negotiations shall not exceed thirty (30) days from the time the dispute arises, unless that time is modified by written agreement of the parties to the dispute. The dispute shall be considered to have arisen when one party sends the other parties a written Notice of Dispute.

57.    a.    In the event that the United States and the Settling Defendants cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA shall be considered binding unless, within ten (10) working days after the conclusion of the informal negotiation period, Settling Defendants invoke the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in

dispute, including, but not limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by the Settling Defendants. The Statement of Position shall specify the Settling Defendants' position as to whether formal dispute resolution should proceed under Paragraph 58 or Paragraph 59.

b.    Within fourteen (14) working days after receipt of Settling Defendants' Statement of Position, EPA will serve on Settling Defendants its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to whether formal dispute resolution should proceed under Paragraph 58 or 59. Within seven (7) working days after receipt of EPA's Statement of Position, Settling Defendants may submit a Reply.

c.    If there is disagreement between EPA and the Settling Defendants as to whether dispute resolution should proceed under Paragraph 58 or 59, the parties to the dispute shall follow the procedures set forth in the Paragraph determined by EPA to be applicable. However, if the Settling Defendants ultimately appeal to the Court to resolve the dispute, the Court shall determine which Paragraph is applicable in accordance with the standards of applicability set forth in Paragraphs 58 and 59.

58.    Formal dispute resolution for disputes between EPA and the Settling Defendants pertaining to the selection or adequacy of any response action and all other disputes that are accorded review on the administrative record under applicable principles of administrative law shall be conducted pursuant to the procedures set forth in this Paragraph. For purposes of this Paragraph, the adequacy of any response action includes, without limitation:  (1) the adequacy or

appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this Consent Decree; and (2) the adequacy of the performance of response actions taken pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to allow any dispute by Settling Defendants regarding the validity of the ROD's provisions.

a. An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to this Section. Where appropriate, EPA may allow submission of supplemental statements of position by the parties to the dispute.

b. The Director of the Hazardous Site Cleanup Division, EPA Region III, will issue a final administrative decision resolving the dispute based on the administrative record described in Paragraph 58.a. This decision shall be binding upon the Settling Defendants, subject only to the right to seek judicial review pursuant to Paragraph 58.c. and d.

c. Any administrative decision made by EPA pursuant to Paragraph 58.b. shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by the Settling Defendants with the Court and served on all Parties within ten (10) days of receipt of EPA's decision. The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree. The United States may file a response to Settling Defendants' motion.

d. In proceedings on any dispute governed by this Paragraph, Settling Defendants shall have the burden of demonstrating that the decision of the Director of the Hazardous Site Cleanup Division, EPA Region III, is arbitrary and capricious or otherwise not in

accordance with law.  Judicial review of EPA's decision shall be on the administrative record

compiled pursuant to Paragraph 58.a.

59.    Formal dispute resolution for disputes between EPA and the Settling Defendants that

neither pertain to the selection or adequacy of any response action nor are otherwise accorded

review on the administrative record under applicable principles of administrative law, shall be

governed by this Paragraph.

a.    Following receipt of Settling Defendants' Statement of Position submitted

pursuant to Paragraph 57, the Director of the Hazardous Site Cleanup Division, EPA Region III,

will issue a final decision resolving the dispute.  The Associate Director's decision shall be

binding on the Settling Defendants unless, within ten (10) days of receipt of the decision, the

Settling Defendants file with the Court and serve on the parties a motion for judicial review of

the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the

relief requested, and the schedule, if any, within which the dispute must be resolved to ensure

orderly implementation of the Consent Decree.  The United States may file a response to Settling

Defendants' motion.

b.    Notwithstanding Paragraph O of Section I (Background) of this Consent

Decree, judicial review of any dispute governed by this Paragraph shall be governed by

applicable principles of law.

60.    The invocation of formal dispute resolution procedures under this Section and/or the

existence of a dispute(s) between or among the Settling Defendants shall not extend, postpone,

or affect in any way any obligation of the Settling Defendants under this Consent Decree unless

EPA agrees in writing or the Court otherwise orders.  Stipulated penalties with respect to the

disputed matter shall continue to accrue but payment shall be stayed pending resolution of the dispute as provided in Paragraph 69. Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent Decree. In the event that the Settling Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section XIX (Stipulated Penalties).

## XIX. STIPULATED PENALTIES

61.    Settling Defendants shall be liable for stipulated penalties in the amounts set forth in Paragraphs 62 and 63 to the United States for failure to comply with the requirements of this Consent Decree specified below, unless excused under Section XVII (Force Majeure). "Compliance" by Settling Defendants shall include completion of the activities under this Consent Decree or any work plan or other plan approved under this Consent Decree identified below in accordance with all applicable requirements of law, this Consent Decree, and any plans or other documents approved by EPA pursuant to this Consent Decree and within the specified time schedules established by and approved under this Consent Decree.

62.    a.    The following stipulated penalties shall accrue per violation per day for any noncompliance identified in Subparagraph b:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 2,500 | 1st through 14th day |
| $ 5,000 | 15th through 30th day |
| $10,000 | 31st day and beyond |

b.    Failure to comply with requirements of Section VI (Performance of the Work by Settling Defendants),  Section VII (Quality Assurance, Sampling, and Data Analysis), Section X (EPA Approval of Plans and Other Submissions), and Section XIV (Emergency Response).

63.    a.    The following stipulated penalties shall accrue per violation per day for any noncompliance identified in Subparagraph b:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $  500 | 1st through 14th day |
| $1,000 | 15th through 30th day |
| $2,000 | 30th day and beyond |

b.    All requirements of this Consent Decree that are not identified in Paragraph 62(b) of this Consent Decree.

64.    In the event that EPA assumes performance of a portion or all of the Work pursuant to Paragraph 74 of Section XX (Covenants Not to Sue by Plaintiff), Settling Defendants shall be liable for a stipulated penalty in the amount of Two Million dollars ($2,000,000).

65.    All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  However, stipulated penalties shall not accrue:  (1) with respect to a deficient submission under Section X (EPA Approval of Plans and Other Submissions), during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendants of any deficiency; (2) with respect to a decision by the Director of the Hazardous Site Cleanup Division, EPA Region III, under Paragraph 58.b. or 59.a. of Section XVIII (Dispute Resolution), during the period, if any,

beginning on the 21st day after the date that Settling Defendants' reply to EPA's Statement of

Position is received until the date that the Director of the Hazardous Site Cleanup Division, EPA

Region III, issues a final decision regarding such dispute; or (3) with respect to judicial review

by this Court of any dispute under Section XVIII (Dispute Resolution), during the period, if any,

beginning on the 31st day after the Court's receipt of the final submission regarding the dispute

until the date that the Court issues a final decision regarding such dispute.  Nothing herein shall

prevent the simultaneous accrual of separate penalties for separate violations of this Consent

Decree.

    66.    Following EPA's determination that Settling Defendants have failed to comply with

a requirement of this Consent Decree,  EPA may give Settling Defendants written notification of

the same and describe the noncompliance.  EPA may send the Settling Defendants a written

demand for the payment of the penalties.  However, penalties shall accrue as provided in the

preceding Paragraph regardless of whether EPA has notified the Settling Defendants of a

violation.

    67.    All penalties accruing under this Section shall be due and payable to the United

States within thirty (30) days of the Settling Defendants' receipt from EPA of a demand for

payment of the penalties, unless Settling Defendants invoke the Dispute Resolution procedures

under Section XVIII (Dispute Resolution).  All payments to the United States under this Section

shall be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances

Superfund," shall be mailed to the United States Environmental Protection Agency, Region III,

Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 125251-6515, shall indicate

that the payment is for stipulated penalties, and shall reference the EPA Region and Site/Spill ID

#03Y2, DOJ Case Number 90-11-2-06036, and the name and address of the party making

payment. Copies of check(s) paid pursuant to this Section, and any accompanying transmittal

letter(s), shall be sent to the United States as provided in Section XXV (Notices and

Submissions), and to the Docket Clerk (3RC00), United States Environmental Protection

Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103-2029.

68. The payment of penalties shall not alter in any way Settling Defendants' obligation to

complete the performance of the Work required under this Consent Decree.

69. Penalties shall continue to accrue as provided in Paragraph 65 during any dispute

resolution period, but need not be paid until the following:

a. If the dispute is resolved by agreement or by a decision of EPA that is not

appealed to this Court, accrued penalties determined to be owing shall be paid to EPA within

fifteen (15) days of the agreement or the receipt of EPA's decision or order;

b. If the dispute is appealed to this Court and the United States prevails in

whole or in part, Settling Defendants shall pay all accrued penalties determined by the Court to

be owed to EPA within sixty (60) days of receipt of the Court's decision or order, except as

provided in Subparagraph c below;

c. If the District Court's decision is appealed by any Party, Settling Defendants

shall pay all accrued penalties determined by the District Court to be owing to the United States

into an interest-bearing escrow account within sixty (60) days of receipt of the Court's decision

or order. Penalties shall be paid into this account as they continue to accrue, at least every sixty

(60) days. Within fifteen (15) days of receipt of the final appellate court decision, the escrow

agent shall pay the balance of the account to EPA or to Settling Defendants to the extent that they prevail.

70.    a.    If Settling Defendants fail to pay stipulated penalties when due, the United States may institute proceedings to collect the penalties, as well as interest. Settling Defendants shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 67.

b.    Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(l) of CERCLA. Provided, however, that for any particular violation of this Consent Decree, the United States shall be limited to either demanding stipulated penalties pursuant to this Section XX of the Consent Decree or pursuing civil penalties pursuant to Section 122(l) of CERCLA.

71.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

## XX. COVENANTS NOT TO SUE BY PLAINTIFF

72.    In consideration of the actions that will be performed and the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraph 73 of this Section, the United States covenants not to sue or to

take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of

CERCLA for performance of the Work for all OU-1 activities and for the recovery of Future

Response Costs. These covenants not to sue shall take effect upon entry of this Consent Decree.

These covenants not to sue are conditioned upon the satisfactory performance by Settling

Defendants of their obligations under this Consent Decree. These covenants not to sue extend

only to the Settling Defendants and do not extend to any other person.

73.    General reservations of rights. The covenants not to sue set forth above do not

pertain to any matters other than those expressly specified in Paragraph 72. The United States

reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants

with respect to all other matters, including but not limited to, the following:

(1)    claims based on a failure by Settling Defendants to meet a requirement of this

Consent Decree;

(2)    liability arising from the past, present, or future disposal, release, or threat of

release of Waste Materials outside of the Site;

(3)    liability for future disposal of Waste Material at the Site, other than as

provided in the ROD, the Work, or otherwise ordered in writing or authorized in    writing by

EPA;

(4)    liability for damages for injury to, destruction of, or loss of natural resources,

and for the costs of any natural resource damage assessments;

(5)    criminal liability;

(6)    liability for violations of federal or state law which occur during or after

implementation of the Remedial Action;

(7)    liability, prior to Certification of Completion of the Work under

Paragraph 42, for additional response actions that EPA determines are necessary to

achieve Performance Standards, but that cannot be required pursuant to Paragraph 13

(Modification of the Work);

(8)    liability for costs that the United States has incurred or will incur related to

the Site but that are not within the definition of Future Response Costs; and

(9)    liability for additional operable units at the Site or the final response action.

74.    <u>Work Takeover</u>.  In the event EPA determines that Settling Defendants have ceased

implementation of any portion of the Work, are seriously or repeatedly deficient or late in their

performance of the Work, or are implementing the Work in a manner which may cause an

endangerment to human health or the environment, EPA may assume the performance of all or

any portions of the Work as EPA determines necessary.  Settling Defendants may invoke the

procedures set forth in Section XVIII (Dispute Resolution), Paragraph 58, to dispute EPA's

determination that takeover of the Work is warranted under this Paragraph.  Costs incurred by

the United States in performing the Work pursuant to this Paragraph shall be considered Future

Response Costs that Settling Defendants shall pay pursuant to  Section XV (Reimbursement of

Future Response Costs).

75.    Notwithstanding any other provision of this Consent Decree, the United States

retains all authority and reserves all rights to take any and all response actions authorized by law.

## XXI. COVENANTS BY SETTLING DEFENDANTS

76.    <u>Covenant Not to Sue</u>.  Subject to the reservations in Paragraph 77, Settling

Defendants hereby covenant not to sue and agree not to assert any claims or causes of action

against the United States with respect to the Site Work, past response actions, Future Response

Costs, or this Consent Decree, including, but not limited to:

      a.    any direct or indirect claim for reimbursement from the Hazardous Substance

Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through

CERCLA §§ 106(b)(2), 107, 111, 112, 113, or any other provision of law;

      b.    any claims against the EPA under CERCLA Sections 107 or 113 related to

the Site, or

      c.    any claims arising out of response activities at the Site, including claims

based on EPA's selection of response actions, oversight of response activities or approval of

plans for such activities.

77.    The Settling Defendants reserve, and this Consent Decree is without prejudice to: (a)

claims against the United States, including any department, agency or instrumentality of the

United States except for EPA, for contribution under CERCLA Section 113, 42 U.S.C. Section

9613, related to the Site, including without limitation, claims for response costs and natural

resource damages; (b) claims against the United States, subject to the provisions of Chapter 171

of Title 28 of the United States Code, for money damages for injury or loss of property or

personal injury or death caused by the negligent or wrongful act or omission of any employee of

the United States while acting within the scope of his or her office or employment under

circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred; and (c) claims against

each other as Settling Defendants for contribution under CERCLA related to the Site, including,

without limitation, claims for response costs and natural resource damages. However, the claims

reserved under Paragraph 88(b) above shall not include a claim for any damages caused, in

whole or in part, by the act or omission of any person, including any contractor, who is not a

federal employee as that term is defined in 28 U.S.C. § 2671; nor shall such claims include a

claim based on EPA's selection of response actions, or the oversight or approval of the Settling

Defendants' plans or activities. Paragraph 88(b) applies only to claims which are brought

pursuant to any statute other than CERCLA and for which the waiver of sovereign immunity is

found in a statute other than CERCLA.

78.     Nothing in this Consent Decree shall be deemed to constitute preauthorization of a

claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R.

§ 300.700(d).

79.     Settling Defendants agree to waive all claims or causes of action that they may have

for all matters relating to the Site, including for contribution, against the following persons:

a.      any person (I) whose liability to Settling Defendants with respect to the Site

is based solely on CERCLA § 107(a)(3) or (4), (ii) who arranged for the disposal, treatment, or

transport for disposal or treatment, or accepted for transport for disposal or treatment, of only

Municipal Solid Waste or Sewage Sludge owned by such person, and (iii) who is a Small

Business, a Small Non-Profit Organization, or (except for the owner or any lessee or occupant of

the Site) the Owner, Operator, or Lessee of Residential Property; and

b.      any person (I) whose liability to Settling Defendants with respect to the Site is based solely on CERCLA § 107(a)(3) or (4), and (ii) who arranged for the disposal, treatment, or transport for disposal or treatment, or accepted for transport for disposal or treatment, of 55 gallons or less of liquid materials containing hazardous substances, or 100 pounds or less of solid materials containing hazardous substances, except where EPA has determined that such material contributed or could contribute significantly to the costs of response at the Site.

## XXII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

80.      Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

81.      The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree. The "matters addressed" in this settlement are all response actions taken or to be taken with respect to all OU-1 activities under this Consent Decree, and all Future Response Costs paid by the Settling Defendants to the United States pursuant to this Consent Decree. The "matters addressed" in this settlement do not

include those response costs or response actions as to which the United States has reserved its

rights under this Consent Decree (except for claims for failure to comply with this Consent

Decree), in the event that the United States asserts rights against Settling Defendants coming

within the scope of such reservations, nor do "matters addressed" in this settlement include

contribution claims by the Settling Defendants under CERCLA Section 113(f) against each

other.

82.     The Settling Defendants agree that with respect to any suit or claim for contribution

brought by them for matters related to this Consent Decree they will notify the United States  in

writing no later than sixty (60) days prior to the initiation of such suit or claim.

83.     The Settling Defendants also agree that with respect to any suit or claim for

contribution brought against them for matters related to this Consent Decree they will notify in

writing the United States within ten (10) days of service of the complaint on them.  In addition,

Settling Defendants shall notify the United States within ten (10) days of service or receipt of

any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court

setting a case for trial.

84.     In any subsequent administrative or judicial proceeding initiated by the United States

for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site,

Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the

principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other

defenses based upon any contention that the claims raised by the United States in the subsequent

proceeding were or should have been brought in the instant case; provided, however, that

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in

Section XX (Covenants Not to Sue by Plaintiff).

## XXIII.  ACCESS TO INFORMATION

85.    Settling Defendants shall provide to EPA, upon request and at all reasonable times,

copies of all non-privileged documents and information within their possession or control or that

of their contractors or agents relating to activities at the Site or to the implementation of this

Consent Decree, including, but not limited to, sampling, analysis, chain of custody records,

manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other non-

privileged documents or information related to the Work.  Settling Defendants shall also make

available to EPA, for purposes of investigation, information gathering, or testimony, upon

reasonable notice and at reasonable times and places, their employees, agents, or representatives

with knowledge of relevant facts concerning the performance of the Work.

86.    a.    Settling Defendants may assert business confidentiality claims covering part

or all of the documents or information submitted to Plaintiff under this Consent Decree to the

extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. §

9604(e)(7), and 40 C.F.R. § 2.203(b).  Documents or information determined to be confidential

by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of

confidentiality accompanies documents or information when they are submitted to EPA, or if

EPA has notified Settling Defendants that the documents or information are not confidential

under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such

documents or information without further notice to Settling Defendants.

b.      One or more Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If any Settling Defendant asserts such a privilege in lieu of providing documents, the Settling Defendant shall provide the Plaintiff with the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the contents of the document, record, or information: and (6) the privilege asserted by Settling Defendant.  However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

87.      No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data (other than construction cost estimates used or to be used by the Settling Defendants to solicit bids for the Work), or any other documents or information evidencing conditions at or around the Site.

## XXIV. RETENTION OF RECORDS

88.      Until ten (10) years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 42.b of Section XIII (Certification of Completion of the Work), each Settling Defendant shall preserve and retain at least one (1) copy of all records and documents now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work or liability of any person for response actions conducted

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

Until ten (10) years after the Settling Defendants' receipt of EPA's notification pursuant to

Paragraph 42.b of Section XIII (Certification of Completion), Settling Defendants shall also

instruct their contractors and agents to preserve at least one (1) copy of all documents, records,

and information of whatever kind, nature, or description relating to the performance of the Work.

89.    At the conclusion of this document retention period, Settling Defendants shall notify

the United States at least ninety (90) days prior to the destruction of any such records or

documents, and, upon request by the United States, Settling Defendants shall make any such

records or documents available to EPA.  If the United States has not responded to Settling

Defendants' notice prior to the time Settling Defendants intend to destroy the records or

documents, Settling Defendants shall make all such records and documents available to EPA no

earlier than ten (10) days after providing an additional written notice that such records and

documents will be destroyed, unless EPA provides otherwise after receiving such notice.  The

Settling Defendants may assert that certain documents, records and other information are

privileged under the attorney-client privilege or any other privilege recognized by federal law.  If

the Settling Defendants assert such a privilege, they shall provide the Plaintiff with the

following:  (1) the title of the document, record, or information; (2) the date of the document,

record, or information; (3) the name and title of the author of the document, record, or

information; (4) the name and title of each addressee and recipient; (5) a description of the

subject of the document, record, or information; and (6) the privilege asserted by Settling

Defendants.  However, no documents, reports, or other information created or generated

pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they

are privileged.

90.     Each Settling Defendant hereby certifies individually that, to the best of its

knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed,

or otherwise disposed of any records, documents, or other information relating to its potential

liability regarding the Site since notification of potential liability by the United States or the

State or the filing of suit against it regarding the Site (except as otherwise identified in Appendix

D of this Consent Decree).  Each Settling Defendant further certifies individually that, to the best

of its knowledge and belief, after thorough inquiry that it has fully complied with any and all

EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§

9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XXV.  NOTICES AND SUBMISSIONS

91.     Unless otherwise agreed upon in writing by EPA, whenever, under the terms of this

Consent Decree, written notice is required to be given or a report or other document is required

to be sent by one Party to another, it shall be directed to the individuals at the addresses specified

below, unless those individuals or their successors give notice of a change to the other Parties in

writing.  All notices and submissions shall be considered effective upon receipt, unless otherwise

provided.  Written notice as specified herein shall constitute complete satisfaction of any written

notice requirement of the Consent Decree with respect to the United States, EPA, the State, and

the Settling Defendants, respectively.

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

74

### As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
Re: DOJ # 90-11-2-06036

and

Sarah P. Keating
Senior Assistant Regional Counsel (3RC43)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

### As to EPA:

James P. Harper
EPA Project Coordinator (Remedial Project Manager)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

### As to the State:

Dustin A. Armstrong
State Project Officer
Environmental Cleanup Program
Pa. Department of Environmental Protection
555 North Lane
Suite 6010
Conshohocken, PA 19428

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*

**As to the Settling Defendants:**

Geoffrey C. Seibel
Settling Defendants' Project Coordinator
de maximis, inc.
1125 S. Cedar Crest Boulevard
Suite 202
Allentown, PA 18103

## XXVI. EFFECTIVE DATE

92.    The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XXVII. RETENTION OF JURISDICTION

93.    This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XVIII (Dispute Resolution) hereof.

## XXVIII. APPENDICES

94.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the ROD including the ROD Declaration.

"Appendix B" is the complete list of Settling Defendants.

"Appendix C" is the draft environmental protection easement.

"Appendix D" is the identification by the Settling Defendants of records, documents, or other information pursuant to Section XXV (Retention of Records) of this Consent Decree.

## XXIX. COMMUNITY RELATIONS

95.     Settling Defendants shall propose to EPA their participation in the community relations plan to be developed by EPA. EPA will determine the appropriate role for the Settling Defendants under the Plan. Settling Defendants shall also cooperate with EPA in providing information regarding the Work to the public. As requested by EPA, Settling Defendants shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain activities at or relating to the Site. The Settling Defendants shall not be precluded from undertaking their own community relations efforts if approved by EPA in writing. This Paragraph shall not be interpreted to inhibit or affect the community relations efforts by the Settling Defendants; provided, however, that such efforts shall not be inconsistent with the NCP or any approved community relations plan developed in accordance with this Consent Decree, and provided that EPA approves any such community relations plan in writing.

## XXX. MODIFICATION

96.     Schedules specified in this Consent Decree, or in plans prepared and approved in writing pursuant to this Consent Decree, for completion of the Work may be modified by agreement of the EPA Project Coordinator and the Settling Defendants. All such modifications shall be made in writing. Any permits or permit equivalents required for the Work may be modified in accordance with the procedures governing the modification of such permits.

97.    Except as otherwise provided in this Paragraph, no modifications shall be made to provisions of this Consent Decree without written notification to and written approval of the United States, Settling Defendants, and the Court.  Prior to providing its approval to any modification to the provisions of this Consent Decree, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification. Modifications to the Remedial Design Work Plan, Remedial Action Work Plan, and any other plan approved by EPA under this Consent Decree that do not materially alter the requirements of those documents may be made by written agreement between the EPA Project Coordinator, after providing the State with a reasonable opportunity to review and comment on the proposed modification, and the Settling Defendants.  Modifications to the Work made pursuant to Paragraph 13 ("Modification of the Work") may be made by EPA.  Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

## XXXI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

98.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

99.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXXII. SIGNATORIES/SERVICE

100.    Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for Environment and Natural Resources of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

101.    Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

102.    Each Settling Defendant shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

## XXXIII. RELATIONSHIP BETWEEN CONSENT ORDER AND CONSENT DECREE

103.    The United States and the Settling Defendants have agreed that certain portions of the Work shall commence in accordance with Administrative Order on Consent, EPA Docket

No. _____, ("Consent Order") prior to the effective date of this Consent Decree.

Upon the effective date of this Consent Decree, and as set forth in Section III of the Consent

Order, the Consent Order shall terminate. It is agreed by the Parties, that upon termination of the

Consent Order due to entry of this Consent Decree, performance of Work commenced under the

Consent Order shall continue under this Consent Decree in accordance with the EPA-approved

schedules and requirements developed under the Consent Order. To the extent that Settling

Defendants have fulfilled obligations under the Consent Order that are also required by this

Consent Decree, Settling Defendants shall also be deemed to have fulfilled such obligations

under this Consent Decree.

## XXXIV. <u>STIPULATION AND DISMISSAL OF THE UNITED STATES' CLAIMS</u>

104.    The parties hereby stipulate and agree that those claims barred by the United States'

covenants not to sue (Section XX, Covenants Not To Sue By Plaintiff) shall be dismissed with

prejudice upon Settling Defendants' satisfactory performance of the Work for all OU-1

Activities as documented by EPA's issuance of notification of completion of the work pursuant

to Paragraph 42(b) of this Consent Decree and upon payment of all Future Response Costs as

required by Section XV of this Decree, whichever occurs later. The parties agree, and the court

orders, that all other claims of the United States against Settling Defendants pursuant to Sections

106, 107, and 113 of CERCLA, 42 U.S.C. § 9606, 9607, and 9613, are dismissed without

prejudice as of the date of entry of this Consent Decree. This stipulation of dismissal applies

only to the Settling Defendants and does not apply to any other persons.

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*                                                80

SO ORDERED THIS ____ DAY OF _____, 19__.


_____
United States District Judge


THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. _____, relating to the Boarhead Farms Superfund Site.


FOR THE UNITED STATES OF AMERICA


Date: _____      _____
                             LOIS J. SCHIFFER
                             Assistant Attorney General
                             Environment and Natural Resources
                                  Division
                             U.S. Department of Justice
                             Washington, D.C.  20530


                             _____
                             Donna Duer, Esquire
                             Environmental Enforcement Section
                             Environment and Natural Resources
                                  Division
                             P.O. Box 7611
                             Ben Franklin Station
                             U.S. Department of Justice
                             Washington, D.C.  20044


                             _____
                             United States Attorney
                             Eastern District of Pennsylvania

Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106


W. MICHAEL McCABE
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103


WILLIAM C. EARLY
Acting Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA  19103


SARAH P. KEATING
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA  19103

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*                                                    82

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. _____, relating to the Boarhead Farms Superfund Site.


FOR _____ COMPANY, INC. */


Date: _____         _____
                             [Name -- Please Type]
                             [Title -- Please Type]
                             [Address -- Please Type]



Agent Authorized to Accept Service on Behalf of Above-signed Party:

        Name:      [Please Type]
        Title:     _____
        Address:   _____
        Tel. Number: _____




 */  A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

*Boarhead Farms Superfund Site, Bucks County, Pennsylvania*
*Consent Decree for Remedial Design/Remedial Action*                                                           83

**THE UNDERSIGNED PARTY** enters into this Consent Decree in the matter of United States v. _____, relating to the Boarhead Farms Superfund Site.

FOR _____ COMPANY, INC. */

Date: _____          _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:_____
Title: _____
Address: _____
Tel. Number: _____