## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS L.L.C.,    :    :    :    :    :    : | Civil Action No. 02-CV-3830 (LDD) |

                                            Plaintiffs,    :

         v.    :

ADVANCED ENVIRONMENTAL    :
TECHNOLOGY CORPORATION, et al.,    :

                           Defendants.    :

## ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of Plaintiffs' Motion *in Limine* with respect to certain exhibits and witnesses listed in Defendants' Pretrial Memoranda, it is hereby ORDERED that Plaintiffs' Motion is GRANTED, and that:

1) Depositions or sworn statements taken by the Environmental Protection Agency ("EPA") or the New Jersey Department of Environmental Protection ("Administrative Depositions") may not be offered into evidence;

2) Administrative Depositions may not be used for any purpose if the witness deposed therein is not present at trial;

3) Depositions in other civil actions may not be offered into evidence unless the proponent satisfies the requirements of Fed. R. Civ. P. 32(a)(2);

4) typed or handwritten summaries of EPA witness interviews ("Summaries") may not be offered into evidence;

DMEAST #10040454 v3

5) Summaries may not be used for any purpose if the witness interviewed therein is not present at trial;

6) Expert reports may not be offered into evidence;

7) Rule 26(a) initial disclosures and responses to interrogatories may not be offered into evidence but may only be used to the extent allowed by the Federal Rules of Evidence; and

8) Carpenter Technology may not call as a witness present or former EPA or Pennsylvania Department of Environmental Protection or agents.

_____

Legrome D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC
and TI GROUP AUTOMOTIVE SYSTEMS
L.L.C.,

                    Plaintiffs,

    v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

                  Defendants.

Civil Action No. 02-CV-3830 (LDD)

**PLAINTIFFS' MOTION *IN LIMINE* WITH RESPECT TO CERTAIN EXHIBITS AND WITNESSES LISTED IN DEFENDANTS' PRETRIAL MEMORANDA**

Plaintiffs Agere Systems, Inc., Cytec Industries, Inc., Ford Motor Company, SPS Technologies, LLC, and TI Group Automotive Systems L.L.C. ("Plaintiffs") move this Court, to bar or otherwise restrict Defendants' use of certain exhibits and witnesses listed in Defendants' Pretrial Memoranda.

Dated: May 23, 2008

                  Respectfully submitted,

                  Ballard Spahr Andrews & Ingersoll, LLP

                  By: _____
                      Glenn A. Harris, Esquire
                      Plaza 1000, Suite 500, Main Street
                      Voorhees, New Jersey 08043
                      E-mail: harrisg@ballardspahr.com
                      Phone: (856) 761-3400

                  Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 02-CV-3830 (LDD) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* WITH RESPECT TO CERTAIN EXHIBITS AND WITNESSES LISTED IN DEFENDANTS' PRETRIAL MEMORANDA

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3440
Fax: (856) 761-9001
E-mail: harrisg@ballardspahr.com

Dated: May 23, 2008

DMEAST #10040454 v33

## INTRODUCTION

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC, and TI Group Automotive Systems L.L.C. (collectively "Plaintiffs") move this Court to preclude or limit certain categories of exhibits and certain witnesses listed in Defendants' Pretrial Memoranda. Defendants have listed over one thousand documents on their various exhibit lists. None of those exhibits have been offered pre-marked for inspection by Plaintiffs. Plaintiffs simply cannot determine what many of the documents actually are from the descriptions given.

Plaintiffs also cannot know simply by the listing what uses Defendants intend for these documents at trial. Defendants could, for example, intend to use a particular document to refresh a trial witness' recollection, to impeach a trial witnesses with an alleged prior inconsistent statement, or to actually offer the document into evidence for the proof of some or all of the statements therein. Plaintiffs will make any appropriate objections to a particular document at trial when Defendants' intentions are clarified and they understand the evidentiary foundation Defendants present.

This Court's May 13, 2008 Order states that significant evidentiary issues with respect to the admissibility of particular witness testimony or particular exhibits should be raised in a pretrial motion. Fed. Civ. P. 26(a)(3)(B) requires the filing of a list of objections to use by another party of a deposition under Rule 32(a) and to the admissibility of materials listed in another party's pretrial disclosures with 14 days after those disclosures are made. Fed. Civ. P. 26(a)(3)(B). This Court's Local Rules provide that authenticity of exhibits will be deemed established unless written objection is filed at least five days before trial. Local Rule 16.1(d)(1)(a). Plaintiffs accordingly today will separately file their objections to Defendants'

2

listed exhibits, including as to authenticity. Nevertheless, several categories of documents appear on several Defendants' exhibit lists that either cannot be offered into evidence at trial, or that cannot be used for particular purposes. Plaintiffs therefore seek rulings now concerning the use by Defendants of those documents. They also seek to preclude any witness not properly identified by a Defendant.

**Deposition Transcripts**

Defendants have listed as exhibits transcripts from a variety of depositions, including of witness "deposed" years ago by EPA or the New Jersey Department of Environmental Protection ("NJDEP") ("Administrative Depositions"), witnesses deposed in other civil actions, and witnesses deposed in this action. The Administrative depositions cannot be offered into evidence under any circumstances, and the civil action depositions may only be offered into evidence if the proponent of the transcript does so in compliance with, *inter alia*, Fed. R. Civ. P. 32.

*Administrative Depositions*

The following transcripts of "depositions" taken by EPA personnel of former employees of DeRewal Chemical Corporation ("DCC") and by NJDEP of Marvin Jonas appear on the exhibit lists of one or more Defendants:

1.      Marion Chance:  EPA Administrative Deposition taken on May 14, 1997.

2.      John Barsum:  EPA Administrative Depositions taken on June 4, 1997; and June 5, 1997.

3.      Bruce DeRewal:  EPA Administrative Deposition taken on March 13, 1997.

4.      Manfred F. DeRewal, Jr.:  EPA Administrative Deposition taken on February 26, 1997.

5.      Manfred DeRewal, Sr.:  EPA Administrative Depositions taken on March 15, 1989; March 17, 1989; December 10, 1996; and December 11, 1996.

6.      Marvin Jonas:  EPA Administrative Deposition taken on April 14, 1986; and NJDEP Administrative Depositions taken on April 15, 1986 and April 17, 1986.

7.      Franklin Pertnoy:  EPA Administrative Deposition taken on February 12, 1997.

8.      Jeffrey Shaak:  EPA Administrative Deposition taken on June 25, 1997.

Each of these transcripts shows that the only persons present were EPA (or NJDEP) personnel and the stated witness.  *See* relevant pages of the listed transcripts of Administrative Depositions attached hereto and marked Exhibit A.  Neither Plaintiffs nor anyone else were given any notice of the taking of these Administrative Depositions and neither Plaintiffs, nor a predecessor in interest to Plaintiffs, were present or represented at them.  Consequently, Plaintiffs never had an opportunity to develop the testimony by direct, cross, or redirect examination.

The Administrative Depositions are not admissible and may not be used for any purpose if the witness is not present at the trial of this matter.  The statements elicited of the witnesses during the Administrative Depositions constitute classic inadmissible hearsay under Rule 801 of the Federal Rules of Evidence because they are statements made by the witness out of court and would no doubt be offered by the Defendants to prove the truth of the matters asserted in the statements.  Fed. R. Evid. 801(c); *see also* 7 Moore's Federal Practice

4

§32.02[1][a] (Matthew Bender 3d ed.). While there are several exceptions to the hearsay rule, the Administrative Depositions do not qualify for any of these exceptions, including the exception for former testimony. The Administrative Depositions would only be admissible as former testimony under Fed. R. Evid. 804(b)(1) if the witness is unavailable at trial *and* Defendants can establish that 1) the testimony was taken at "another hearing of the same or a different proceeding, or any deposition taken in compliance with law in the course of the same or another proceeding"; and 2) Plaintiffs herein or a "predecessor in interest" "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1); *PPG Industries, Inc. v. New Jersey Turnpike Authority*, 197 F.3d 96, 110 (3d Cir. 1999). It is impossible for Defendants to satisfy the requirements of Rule 804(b)(1) because, even if the interviews were "proceedings," the second prong cannot be satisfied.

Even if the Administrative Depositions could be categorized as "depositions," the Administrative Depositions are still inadmissible under Fed. R. Civ. P. 32(a) which permits the use of depositions in court proceedings only under certain circumstances. A deposition may be used at trial against a party only if: 1) the party was present or represented at the taking of the deposition or had reasonable notice of it; 2) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying at trial; and 3) the use is allowed by Rule 32(a)(2) through (8). Fed. R. Civ. P. 32(a). Defendants must satisfy all three prongs in order to use the Administrative Depositions at trial. Defendants fail to satisfy the first prong since Plaintiffs were not present at the Administrative Depositions.

Plaintiffs also note that any exhibits to the Administrative Depositions (some of which are listed as exhibits by one or more Defendants either in conjunction with the transcript

or separately) are, of course, hearsay. The fact that they are attached to a transcript does not make them admissible.

Finally, though the Administrative Depositions could be used to show a prior inconsistent statement of a witness testifying at trial, they cannot be used for that purpose if the witness is not actually at trial. For example, some or all of a deposition taken in this action that may be used pursuant to Fed. R. Civ. P. 32(a) because the witness is unavailable may be read into evidence.[1] Rule 801(d)(1) makes clear that a prior statement of a declarant is hearsay unless, *inter alia,* the *declarant* testifies at trial and is subject to cross-examination concerning the statement. Fed. R. Evid. 801(d)(1). *See also* Fed. R. Evid. 613(a) ("In *examining* a witness concerning a prior statement made by the witness"). Fed. R. Evid. 613(a) (*emphasis added*). Rule 613(b) of the Federal Rules of Evidence permits extrinsic evidence of a prior inconsistent statement of a witness only if the witness is "afforded an opportunity to explain or deny the [statement] and the opposite party is afforded an opportunity to interrogate the witness thereon." Fed. R. Evid. 613(b). *See* Wright & Gold, Federal Practice and Procedure: Evidence § 6205. *See also U.S. v. Hudson*, 970 F.2d 948, 955 (1st Cir. 1992) (although defendant did not confront prosecution witness with statement while prosecution witness was on the stand, prior inconsistent statement was admissible even after witness testified only where the witness was available for recall or there was an opportunity for adequate rebuttal). *See also Gong v. Hirsch*, 913 F.2d 1269, 1274 (7th Cir. 1990) (letter authored by witness inadmissible for impeachment purposes when witness was unavailable at trial to explain the alleged inconsistency or to be

---

[1]     For example, Manfred DeRewal, Sr. was deposed in this action. If he is unavailable at trial, Plaintiffs intend to read into the record certain portions of the transcripts of that deposition. Defendants cannot use the Administrative Depositions of Mr. DeRewal under that circumstance to "impeach" his transcript in this action.

DMEAST #10040454 v3

examined regarding the contents of the letter and circumstances in which it was written).

Therefore, Plaintiffs request that this Court preclude the use of the Administrative Depositions as

prior inconsistent statements of any witness who is not present to testify at trial.

*Depositions in this and other civil actions*

Several Defendants have included on their exhibit lists deposition transcripts

taken in this and unrelated civil actions. Perhaps they so listed the transcripts in anticipation of

using them to impeach the particular witness at trial with an alleged prior inconsistent statement,

a permitted use. Fed. R. Civ. P. 32 (a)(2). However, such transcripts are hearsay, and are not

admissible into evidence unless the proponent of the testimony establishes that the witness is

unavailable. Fed. R. Civ. P. 32 (a)(4).[2] Further, with respect to depositions taken in other civil

actions, Defendants would have to satisfy the general requirements of Rule 32 to offer the

testimony into evidence, namely that the party against whom the transcript is being offered was

present or represented at the taking of the deposition, the testimony is otherwise admissible

under the Federal Rules of Evidence, and the use is otherwise allowed. Fed. R. Civ. P. 32 (a)(1).

Plaintiffs thus object to the admissibility of such transcripts unless Defendants can provide the

proper evidentiary foundation for them at trial.[3]

---

[2]    Fed. R. Civ. P. 26(a)(3), incorporated in this Court's May 13, 2008 Order, requires the designation of witnesses whose testimony is expected to be presented by deposition. Plaintiffs so identified four witnesses who are unavailable under Fed. R. Civ. P. 32(a)(4), and stated with respect to their listed witnesses that they would use transcripts of testimony taken in this action if any such witnesses prove to be unavailable at time of trial. Ashland lists the transcript of Robert E. Bailey taken in another matter as an exhibit, including "Exhibit Bailey - 3", but neither designates Mr. Bailey pursuant to Fed. R. Civ. P. 26(a)(3) nor lists him as a witness.

[3]    Similarly, some Defendants have listed exhibits attached to these transcripts are their exhibit lists, either in conjunction with the transcript or separately. The exhibits are inadmissible hearsay unless the proponent can provide an evidentiary foundation for the

(continued...)

7

**EPA Witness Summaries**

Several Defendants listed as exhibits dozens of typed interview summaries obtained from EPA, including but not limited to: 1) Redacted notes of Administrative Deposition of DCC driver, John Barsum, taken on June 18, 1987; 2) Typed interview summaries of Richard C. Grabill ("Mr. Grabill"), former EPA investigator; and 3) Typed interview summaries of Joan Martin-Banks ("Ms. Martin-Banks"), former EPA investigator (collectively "Summaries").

With respect to Mr. Grabill's Summaries, each Summary reflects the name of the interviewer, Richard C. Grabill, the name of his employer, Hemingway Associates, the name of the person interviewed by Mr. Grabill, the date of the interview, and the date the Summary was actually typed. The body of the Summary contains statements by Mr. Grabill concerning the circumstances of the interview and his recollection about the statements made by the witness during the interview. Neither Mr. Grabill nor any of the witnesses signed the Summaries. For example, the Summary attached hereto and marked Exhibit B appears to be Mr. Grabill's summary of his interview on February 5, 1993 of Mary A. Kollmar, then an employee of Handy & Harman Tube Company, Inc. The summary reflects that Ms. Kollmar was told her participation was voluntary, and nothing in the Summary suggests that EPA considered Ms. Kollmar herself to be a potentially responsible party. Most of Mr. Grabill's statements recalling the interview concern Ms. Kollmar's work at Handy & Harman, Handy & Harman's wastes, and its connection with DCC and Manfred DeRewal. The summary was typed eight days later. Mr.

---

(...continued)

document (either with the transcript if the witness is shown to be unavailable, or otherwise).

Grabill has not been listed as a witness by any party, and Plaintiffs have been informed that he is deceased.

One or more of the Defendants have also listed a series of documents from EPA regarding Calvin Abbott, a deceased employee of one or more of Manfred DeRewal's companies. Certain of those documents appear to be handwritten notes of telephone conversations between Ms. Martin-Banks, then an EPA investigator, and Mr. Abbott. There are also two separate typed memos from Ms. Martin-Banks containing statements by her reflecting her recollection of statements made in one telephone interview and one in person interview by her of Mr. Abbott. Copies of the handwritten notes and the two memoranda are attached hereto and marked Exhibit C. The May 29, 1987 memorandum refers to a telephone conversation said to have taken place on May 9, 1987. The October 23, 1990 memorandum refers to an interview said to have taken place on October 12, 1990. This memorandum appears to be signed by Mr. Abbott.

The Summaries are not admissible and may not be used for any purpose if the witness is not present at the trial. The Summaries are nothing more than statements of the purported interviewer reflecting the interviewer's recollection of what the witness to whom he or she was speaking said at a particular time and place. The Summaries are thus inadmissible double hearsay, because they are out of court statements by the preparer of the Summary about out of court statements presumably made to him or her. Fed. R. Evid. 802. Moreover, as with the Administrative Depositions, the Summaries cannot be used to impeach a witness who is not present at trial, such as Mr. Abbott, who is deceased. Fed. R. Evid. 801(d)(1).

**Expert Reports**

Several Defendants have listed as exhibits the expert reports produced herein. Plaintiffs understand that the intent of listing such reports may be for use at trial when the particular witness is testifying. However, such reports are not themselves admissible as evidence. Fed. R. Evid. 802. The reports are *disclosures* of the testimony the proponent intends to offer at trial, not a substitute for that testimony. Fed. R. Civ. P. 26(a)(2).

**Initial Disclosures and Interrogatory Responses**

Several Defendants have included other parties' Rule 26(a) initial disclosures and responses to interrogatories on their exhibit lists. These documents are not themselves admissible into evidence, but may only be used "to the extent allowed by the Federal Rules of Evidence," Fed. R. Civ. P. 32(c), such as by reading particular answers of an adversary into the record.

**Improperly Named Witnesses**

The list of witnesses included in Carpenter Technology's Pretrial Memorandum states, *inter alia*: "EPA and PaDEP witnesses." Carpenter was required by this Court's May 13, 2008 Order to identify each witness by name and to include a brief statement of the nature of the witness's anticipated testimony. Fed. R. Civ. P. 26(a)(3)(A)(i) and the Local Rules require the identification of each witness by name and address. Carpenter should be precluded from offering the testimony of present or former EPA or Pennsylvania Department of Environmental Protection ("PADEP") witnesses.

## CONCLUSION

For the foregoing reasons, and in the interest of justice, Plaintiffs respectfully request that this Court grant this Motion and enter an Order with respect to the above categories

10

DMEAST #10040454 v3

of exhibits listed by various Defendants, precluding or otherwise limiting the use of such

exhibits, and precluding Carpenter from offering the testimony of present or former EPA or

PADEP witnesses.

Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership

By: _____

    Glenn A. Harris, Esquire
    Plaza 1000, Suite 500, Main Street
    Voorhees, New Jersey  08043
    Phone:  (856) 761-3440
    E-mail:  harrisg@ballardspahr.com

Attorneys for Plaintiffs

Dated:  May 23, 2008

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC
and TI GROUP AUTOMOTIVE SYSTEMS
L.L.C.,

                       Plaintiffs,

     v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

                  Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 02-CV-3830 (LDD)

**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* WITH
RESPECT TO CERTAIN EXHIBITS AND WITNESSES LISTED IN DEFENDANTS'
PRETRIAL MEMORANDA**

GLENN A. HARRIS, ESQUIRE hereby certifies:

1.     I am a member of the law firm of Ballard Spahr Andrews & Ingersoll,

LLP, and counsel for Plaintiffs in the above-captioned matter.

2.     I submit this declaration in support of Plaintiffs' Motion *In Limine* with

Respect to Certain Exhibits and Witnesses Listed in Defendants' Pretrial Memoranda.

3.     Attached hereto and marked Exhibit "A" are true and correct copies of the

relevant portions of the Administrative Depositions.

4.     Attached hereto and marked Exhibit "B" is a true and correct copy of the

February 5, 1993 summary of Mr. Grabill's interview with Mary A. Kollmar.

5.    Attached hereto and marked Exhibit "C" are true and correct copies of the handwritten notes and two memoranda regarding telephone conversations between Ms. Martin-Banks, then an EPA investigator, and Mr. Abbott.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated  May 23, 2008

_____
Glenn A. Harris, Esquire

2