## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS L.L.C., | : : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : : | |
| Defendants. | : | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO HANDY & HARMAN TUBE COMPANY, INC.'S MOTIONS *IN LIMINE*

Plaintiffs Agere Systems, Inc., Cytec Industries, Inc. Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems L.L.C. ("Plaintiffs"), by and through their attorneys, respectfully submit this Memorandum in Opposition to Defendant Handy & Harman Tube Company, Inc.'s ("H&H") two motions *in limine*.

**A.    None of the EPA Witness Summaries produced in discovery in this case are admissible evidence.**

Plaintiffs do not disagree that the interview summaries of Mary Kollmar, Thomas Curran and Jay Crawford are inadmissible. Plaintiffs, note, however that there were dozens of other EPA Witness Summaries produced in discovery in this case. H&H included some of these other EPA Witness Summaries on its exhibit list. Plaintiffs filed a motion in limine seeking to bar the admission into evidence of all of the EPA Witness Summaries. There is no reason why the EPA Witness Summaries on H&H's witness list should be admitted into evidence, while the

Kollmar, Curran and Crawford interview summaries are not. For the reasons set forth in

Plaintiffs' previously filed motion in limine, all of the EPA Witness Summaries are inadmissible

double hearsay.

**B.     The February 1973 DeRewal Chemical Company invoice issued to Handy & Harman is admissible into evidence as a business record.**

   Business records of acts and events made by a person with knowledge are

excepted from the hearsay rule if kept in the course of regularly conducted business activity and

it was the regular practice of that business activity to make the record. Fed. R. Evid. 803(6).

   Karen Castillo worked for DeRewal Chemical Company from its inception to at

least March 1973. Castillo 18:5-12 and 64:15-24. Ms. Castillo testified that she prepared all

DCC invoices during the time that she worked for DCC. Castillo 66:15-19. Ms. Castillo was not

specifically shown the February 1973 invoice during her deposition, but she was shown other

DCC invoices with the same form as the February 1973 invoice. Ms. Castillo recognized that

form of the invoice as being a DCC invoice and testified that it was the only form of invoice

used by DCC during the period that she worked for the company. Castillo 53:8-13 and 54:18-25.

Ms. Castillo testified that the information the she needed to complete the invoice came from a

customer quote or Manfred DeRewal. Castillo 76:11-18. Accordingly, Ms. Castillo will be able

to lay the foundation necessary to establish that the February 1973 invoice is a business record

not subject to the hearsay rules. Relevant portions of the transcript of Ms. Castillo's deposition

are attached hereto and marked Exhibit A.

   In addition, Manfred DeRewal testified that the February 1973 invoice is a DCC

invoice and specifically explained the meaning of all of the typeface on the invoice, including

that the first column on the invoice indicates the date that the invoice was prepared; the second

column on the invoice states the date shipped; the third column indicates the method of shipment

and that the reference "our truck" under this column means a DCC truck. DeRewal Dep. at 249:22-250:14 and 256:15-17. Mr. DeRewal also explained that the terms "1%10 & 30" on the invoice represents "discounting" of 1% if the invoice is paid is 10 days. DeRewal Dep. at 251:3-9. Mr. DeRewal further testified that the invoice reflects that DCC picked up drums full of industrial waste solution from H&H. DeRewal Dep. 255:6-8. Relevant portions of the transcript of Mr. DeRewal's deposition are attached hereto and marked Exhibit B.

Despite the testimony of Karen Castillo and Manfred DeRewal, H&H argues that no witness "could shed any light of the contents, meaning or purpose of the 1973 invoice." H&H Brief at Pg. 3. At best, this is a gross misstatement. Ms. Castillo testified that she prepared all DCC invoices during the time that the invoice was issued and recognized the form of the February 1973 invoice as being the only form of invoice that DCC ever used. Mr. DeRewal also identified the invoice as a DCC invoice and testified that the invoice shows that DCC picked up drums of industrial waste solution from H&H. When pressed by H&H's counsel, Mr. DeRewal testified that he did not specifically recollect whether DCC actually made the particular pickup of drums reflected on the DCC invoice. However, the failure of a witness to recollect a specific transaction referenced on a business record does not take the record outside the scope of the business record exception to the hearsay rule. Further, the fact that the H&H witnesses did not recognize the February 1973 invoice is immaterial because none of the witnesses worked in H&H's accounts payable department and would not have ever had an opportunity to see the invoice.

Moreover, it is premature for H&H to argue that the February 1973 invoice does not qualify as a business record. If this Court finds that the deposition testimony of Manfred DeRewal and Karen Castillo is not adequate to lay the foundation necessary to establish that the

invoice is a business record not subject to the hearsay rule, such finding does not mean that

Plaintiffs will not be able to establish the necessary foundation at trial.

      Accordingly, this Court should deny H&H's motion *in limine* with respect to the

February 1973 invoice.

Ballard Spahr Andrews & Ingersoll, LLP
A Pennsylvania Limited Liability Partnership

By: _____

Glenn A. Harris, Esquire
Amy M. Trojecki, Esquire
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3440
E-mail: harrisg@ballardspahr.com

Dated: June 6, 2008