IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, LLC, et al., | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : 02-cv-3830 (LDD) |
| | : |
| ADVANCED ENVIRONMENTAL | : |
| TECHNOLOGY CORPORATION, et al., | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANT, HANDY & HARMAN TUBE COMPANY, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO BAR THE USE
OF ADMINISTRATIVE DEPOSITIONS**

In one of the motions *in limine* filed by Plaintiffs, Plaintiffs seek to exclude, among other things, the parties' ability to use depositions conducted by the United States Environmental Protection Agency ("EPA") (the "Administrative Depositions") at the time of trial if the witness deposed is not present at trial. Three of the Administrative Depositions (Manfred DeRewal, Sr., Manfred DeRewal, Jr. and Bruce DeRewal) refute and undermine Plaintiffs' claim with respect to Handy & Harman Tube Company, Inc.'s ("H&H Tube") nexus to the Boarhead Farm Superfund Site (the "Site"). The use of these witnesses' Administrative Depositions, in the absence of the witnesses appearing at trial, is proper under Rule 807 of the Federal Rules of Evidence because (1) Plaintiffs deposed the three individuals in this case; (2) Plaintiffs have indicated that they intend to introduce into evidence deposition testimony of the three individuals taken in this case based upon the witnesses' unavailability; (3) the Administrative Depositions provide important contextual background for evaluation of the witnesses' subsequent inconsistent deposition testimony in this case; (4) the Administrative Depositions will assist the

Court in determining whether any waste from H&H Tube was disposed of at the Site (the nexus issue); and (5) the Administrative Depositions have significant indicia of trustworthiness, are more probative than any other evidence regarding H&H Tube's nexus to the Site, and the interests of justice will be served by their use at trial. Accordingly, H&H Tube respectfully submits that the Administrative Depositions of Manfred DeRewal, Sr., Manfred DeRewal, Jr. and Bruce DeRewal are admissible under Rule 807 and that portion of Plaintiffs' motion should be denied.

### STATEMENT OF FACTS

Three witnesses that Plaintiffs have identified in their Pretrial Memorandum are Manfred DeRewal, Sr. ("DeRewal Sr."), Manfred DeRewal, Jr. ("DeRewal Jr.") and Bruce DeRewal. These three witnesses gave deposition testimony to the EPA in 1996 (DeRewal Sr.) and in 1997 (DeRewal Jr. and Bruce DeRewal). The sworn testimony that these three witnesses gave to the EPA in 1996 and 1997 directly contradicts the testimony that each of the three individuals gave in depositions taken in this case years later in 2003.

DeRewal Sr. gave an Administrative Deposition in 1996. During that deposition, he testified that he did not recall doing business with H&H Tube. Declaration of Melissa E. Flax in Opposition to Plaintiffs' Motion *in Limine* ("Flax Decl."), Exhibit A at 257-258. Seven years later, in 2003, DeRewal Sr. contradicted his 1996 testimony by testifying in his deposition in this case that his company, DeRewal Chemical Company ("DCC"), did do business with H&H Tube. Flax Decl., Exhibit B at 152-153.

In Bruce DeRewal's 1997 Administrative Deposition, he testified that he was not familiar with H&H Tube and in fact had never heard of H&H Tube. Flax Decl., Exhibit C at 90-91.

Astonishingly, in 2003, Bruce DeRewal testified that he picked up drummed waste from H&H Tube less than ten times. Flax Decl., Exhibit D at 50, 51, 133.

In DeRewal Jr.'s 1997 Administrative Deposition, he testified that he did not recall doing business with H&H Tube and did not know what waste streams were generated by H&H Tube. Flax Decl., Exhibit E at 107. Then, six years later, in his deposition in this litigation, DeRewal Jr. testified that he picked up bulk waste from H&H Tube at least one time. Flax Decl., Exhibit F at 119, 122.

## ARGUMENT

I. **The Administrative Depositions Are Admissible Because There Is Sufficient Guarantees of Trustworthiness, the Testimony Is Material and Probative, and Admitting the Testimony Is In the Interests of Justice**

An out-of-court statement offered for the truth of the matter asserted is inadmissible unless it falls into one of the enumerated hearsay exceptions found in Rules 803 or 804, is considered non-hearsay under Rule 801(d), or satisfies the residual hearsay exception in Rule 807. *See* Fed. R. Evid. 801, 802-804, and 807. Rule 807[1] does not apply where one of the listed exceptions in Rules 803 or 804 directly address the admissibility of a statement. The residual hearsay exception only applies when a more specific hearsay rule does not address the specific situation. *See Schimpf v. Gerald, Inc.*, 52 F. Supp. 2d 976 (E.D. Wis. 1999).

A. **The Residual Exception Applies to the Administrative Depositions**

Under Rule 807, a statement having circumstantial guarantees of trustworthiness, equivalent to those established under the other hearsay exceptions is admissible if the Court determines that: (a) the statement is offered as evidence of a material fact; (b) the statement is more probative on the issue than any other evidence reasonably procurable by the proponent; and

---

[1] Rule 807 replaces former Rules 803(24) and 804(b)(5). Case law interpreting the two former rules should be applicable to Rule 807.

3

(c) the interests of justice will be best served by admitting the statement. *See* Fed. R. Evid. 807. Further, the proponent of the statement must properly notify his or her adversary sufficiently in advance of the trial or hearing of his intention to seek admission of the statement. *See id.*

Pursuant to Rule 807, the proponent of the statement must offer the statement as evidence of a material fact and must show that the statement is "more probative on the point for which it is offered than any other evidence." Fed. R. Evid. 807; *see also Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d, 79, 111-113 (3d Cir. 2001). "In determining reliability, the court must assess 'the nature written or oral – and character of the statement, the relationship of the parties, the probable motivation of the declarant making the statement, and the circumstances under which it was made ... Also significant are the knowledge and qualifications of the declarant.'" *Herdman v. Smith*, 707 F.2d 839, 842 (5th Cir. 1983) (quoting Weinstein, EVIDENCE Sec. 803(24)[01]). While the statement must be trustworthy, material, and in the interests of justice, *see Coyle v. Kristjan Palusalu Maritime Co., Ltd.*, 83 F. Supp. 2d 535, 545 (E.D. Pa. 2000), the statement need not be free from all four categories of risk for hearsay, *i.e.*, insincerity, faulty perception, faulty memory, and faulty narration, to be admitted under the residual exception to the hearsay rule. *Schering Corp. v. Pfizer, Inc.*, 189 F.3d 218 (2d Cir. 1999). "[H]igh degrees of probativeness and necessity" are also required. *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978).

Although Plaintiffs issued trial subpoenas to DeRewal Sr., DeRewal Jr. and Bruce DeRewal, it is highly unlikely that DeRewal Sr. and DeRewal Jr. will be available during trial. It is unclear as to whether Bruce DeRewal will be available during trial. As a result, Plaintiffs will likely seek to offer portions of DeRewal Sr.'s, DeRewal Jr.'s and Bruce DeRewal's deposition testimony taken in this case as proof of H&H Tube's alleged nexus to the Site. In such event,

H&H Tube intends to offer the Administrative Depositions of these same individuals to demonstrate H&H Tube's lack of nexus to the Site and thereby refute the deposition testimony of DeRewal Sr., DeRewal Jr. and Bruce DeRewal given years later in this litigation.

While the residual hearsay exception is not routinely used, the Administrative Depositions present compelling circumstances for application of the Rule 807 exception because the testimony given in the Administrative Depositions in 1996 and 1997 is the best evidence relating to H&H Tube's nexus to the Site. *Compare Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 113 (3d Cir. 2001) (approving the District Court's application of Rule 807 when a material fact can be proved or rebutted only through the application of the residual exception). H&H Tube respectfully submits that Rule 807 should be applied in this case.

### 1. Trustworthiness

Rule 807 should apply in this case because the Administrative Depositions have the requisite indicia of trustworthiness, but are not otherwise admissible. *See United States v. Tafollo-Cardenas*, 897 F.2d 976, 980 (9th Cir. 1990); *United States v. Popenas*, 780 F.2d 545, 547 (6th Cir. 1985). Importantly, the Administrative Depositions are as trustworthy as other hearsay admitted under an exception, *e.g.*, declarations against interest, former testimony, and prior inconsistent statements. Indeed, the testimony is very similar to the type of testimony routinely offered under these exceptions.

Courts consider the following factors in evaluating the trustworthiness of hearsay evidence under Rule 807: (1) whether the declarant was under oath; (2) the voluntariness of the statement; (3) whether the statement was based on personal knowledge; (4) whether the statement contradicted any previous statement; (5) whether the statement was preserved on videotape to provide an opportunity to evaluate the declarant's demeanor; (6) the declarant's

availability for cross-examination; (7) the statement's proximity in time to the events described; (8) whether the statement is corroborated; (9) the declarant's motivation to fabricate; (10) whether the statement was prepared in anticipation of litigation; (11) the statement's spontaneity; and (12) whether the declarant's memory was faulty. *Greco v. Nat'l R.R. Passenger Corp.*, No. 02-6862, 2005 WL 1320147, at *5 (E.D. Pa. June 1, 2005) (Surrick, J.). The vast majority of these factors exist here and overwhelmingly support admission of the Administrative Depositions.

(1)   Whether the declarant was under oath.

The declarants (DeRewal Sr., DeRewal Jr. and Bruce DeRewal) were under oath at the time of the Administrative Depositions.

(2)   The voluntariness of the statement.

There is no indication that the Administrative Depositions were coerced.

(3)   Whether the statement was based on personal knowledge.

Testimony given in the Administrative Depositions of DeRewal Sr., DeRewal Jr. and Bruce DeRewal were on personal knowledge.

(4)   Whether the statement contradicted any previous statement.

The testimony in the Administrative Depositions (unlike the deposition testimony given by the same individuals in this case) did not contradict any previous statement.

(5)   Whether the statement was preserved on videotape to provide an opportunity to evaluate the declarant's demeanor.

Not applicable.

(6)   The declarant's availability for cross-examination.

        The declarants (DeRewal Sr., DeRewal Jr. and Bruce DeRewal) will not be available at the time of trial for cross-examination.

(7)    The statement's proximity in time to the events described.

        The testimony given in the 1996 and 1997 Administrative Depositions was significantly more proximate in time to the events at issue (*i.e.* H&H Tube's alleged waste disposal during the period 1972 to 1975) than were the statements given during the 2003 depositions in this case.

(8)    Whether the statement is corroborated.

        Each of the three witnesses, DeRewal Sr., DeRewal Jr. and Bruce DeRewal, corroborated the testimony of the others, *i.e.* that they were not familiar with and did not do business with H&H Tube. *See Larez v. City of Los Angeles*, 946 F.2d 630, 643 n. 6 (9th Cir. 1991) (declarants' out-of-court statements were "especially reliable" because they corroborated one another).

(9)    The declarant's motivation to fabricate.

        There was no motivation for the witnesses to fabricate anything during the Administrative Depositions.

(10)   Whether the statement was prepared in anticipation of litigation.

        Not applicable.

(11)   The statement's spontaneity.

        The sworn testimony given in the Administrative Depositions was spontaneous in answers to questions by the EPA.

(12)   Whether the declarant's memory was faulty.

There is no indication that the memories of any of the three witnesses were faulty at the time their testimony was given in the 1996 and 1997 Administrative Depositions. Certainly, their memories of events from 1972 to 1975 would be better in 1996 and 1997 than they would be in 2003.

### 2. Materiality and Probativeness

Under the Federal Rules of Evidence, "[r]elevant evidence means evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action *more* or *less* probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added).[2] The Administrative Depositions of DeRewal Sr., DeRewal Jr. and Bruce DeRewal are relevant and material to a significant issue in this case, *i.e.* H&H Tube's nexus to the Site. As the Supreme Court noted in *Tome v. United States*, 513 U.S. 150, 166 (1995), the residual exception to the hearsay rule exists for this circumstance, one in which, "a party seeks to introduce out-of-court statements that contain strong circumstantial indicia of reliability, that are highly probative on the material questions at trial, and that are better than other evidence otherwise available." Application of the residual exception is totally appropriate in this case.

Clearly, the statements by DeRewal Sr., DeRewal Jr. and Bruce DeRewal in the Administrative Depositions (in which they stated they were not familiar with and did not do business with H&H Tube) are highly probative of the fact that H&H Tube's waste was not disposed of at the Site.

### 3. Interests of Justice

---

[2] The phrase "fact that is of consequence to the determination of the action" is another way of saying that a fact that is material to the action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (defining material fact as "facts that might affect the outcome of the suit under the governing law")

8

Allowing the Administrative Depositions into evidence is consistent with the goals of the Federal Rules of Evidence. The purpose of the Federal Rules is set forth in Rule 102, which provides:

> These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

Fed. R. Evid. 102.

The Federal Rules of Evidence seek to ensure fundamental fairness in the administration of justice. Admitting the Administrative Depositions into evidence at the time of trial unquestionably accomplishes this goal. The admission of the Administrative Depositions will allow each side to present sworn testimony that supports their position on the material issue of nexus. This complete presentation will permit the Court to ascertain the truth and render a just determination in this case. Evidence cannot be viewed in a vacuum. Plaintiffs should not be heard to complain that previous sworn testimony by the very witnesses they intend to offer on the very same issue should not be considered by the Court. *See United States v. Iaconetti*, 406 F.Supp. 554, 558-559 (E.D.N.Y. 1976) (concluding that out-of-court statements concerning material fact were admissible because they were more probative on the point than any other evidence, possessed "circumstantial guarantees of trustworthiness," and because there was a conflict of credibility "jury [was] entitled to all the help available on the point") (Weinstein, J.). Admission of portions of the testimony of DeRewal Sr., DeRewal Jr. and Bruce DeRewal given in the Administrative Depositions will serve the interests of justice.

**4. Notice**

9

10

Rule 807 requires a party to notify his or her adversary sufficiently in advance of the trial or hearing of his intention to seek admission under the residual exception to the hearsay rule. H&H Tube listed these depositions as exhibits in its Pretrial Memorandum more than one month before trial. Moreover, all parties have been aware of the testimony of DeRewal Sr., DeRewal Jr. and Bruce DeRewal given in their 1996 and 1997 Administrative Depositions for years. Thus, Plaintiffs had ample notice of H&H Tube's intention to use the Administrative Depositions at trial.

## CONCLUSION

For the foregoing reasons, Defendant Handy & Harman Tube Company, Inc. respectfully requests that the Court deny that portion of Plaintiffs' motion *in limine* that seeks to bar admission of the Administrative Depositions of DeRewal Sr., DeRewal Jr. and Bruce DeRewal.

Respectfully submitted,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Defendant, Handy & Harman
Tube Company, Inc.

Dated: June 6, 2008    By: _____ MF 1386
MELISSA E. FLAX
JOHN M. AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (fax)