IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action<br><br>Case No. 02-cv-3830<br><br>Judge LeGrome D. Davis |

**DEFENDANT AETC'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
REGARDING AETC'S EXPERT KENNETH GOLDSTEIN, P.E.**

**WOLFF & SAMSON PC**
John A. McKinney, Jr.
Laurie J. Sands
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
jmckinney@wolffsamson.com
lsands@wolffsamson.com
Attorneys for Defendant Advanced
Environmental Technology Corp.

1133088.1

**TABLE OF CONTENTS**

<u>**Page**</u>

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT........................................................................................................................... 2

MR. GOLDSTEIN'S TESTIMONY WILL ASSIST THE TRIER OF FACT ....................... 2

        A.     Plaintiffs' Motion Fails to Consider That This Matter Is A Bench Trial............................................................................................ 2

        B.     Mr. Goldstein Is Qualified to Offer Expert Opinions on the State of the Art of Waste Disposal.................................................................. 3

                1.     The Standard For What is An Expert Is Very Liberal............................................................................................. 3

                2.     Mr. Goldstein More Than Meets the Minimum Qualifications for An Expert and Offer an Expert Opinion. ........................................................................................... 5

        C.     Plaintiffs' Remaining Arguments Are Without Merit. .............................. 6

CONCLUSION........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page**

## TABLE OF AUTHORITIES

### FEDERAL CASES

*DeLuca v. Merell Dow Pharmaceuticals, Inc.*, 911 F.2d 941 (3d Cir. 1990)................................4

*Holbrook v. Lykes Brothers S.S. Co., Inc.*, 80 F.3d 777 (3d Cir. 1996)......................................4

*Kannankeril v. Teminix Intern., Inc.*, 128 F.3d 802 (3d Cir. 1997).........................................3, 5

*Paoli R.R. Yard Litigation*, 35 F.3d 717 (3d Cir. 1994) ...............................................................4

*In re Salem*, 465 F.3d 767 (7th Cir. 2006)....................................................................................2

*Seaboard Lumber Co. v U.S.*, 308 F.3d 1283 (Fed. Cir. 2002) .....................................................2

*Trustees of Chicago Painters, et al v. Royal International Drywall and Decorating, Inc.*, 493 F.3d 782 (11th Cir. 2007) ......................................................................................................2

*United States v. Velasquez*, 64 F.3d 844 (3d Cir. 1995) ..............................................................4

*U.S. v. RSR Corp.*, 2005 WL. 5977799 (W.D. Wash. 2005) .......................................................2

1133088.1

## **INTRODUCTION**

The testimony of Kenneth Goldstein, P.E., an expert to be offered at trial by defendant Advanced Environmental Technologies Corporation ("AETC"), will assist the trier of fact regarding, among other issues, the "state of the art" of waste disposal at the times relevant to this action and, therefore, the motion in limine to bar his testimony filed by plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC, and TI Group Automotive Systems, L.L.C. (collectively, "Plaintiffs") should be denied.

Contrary to the presentation made in Plaintiffs' moving brief, none of the issues raised regarding Mr. Goldstein's expected testimony regarding the state of the art have anything to do with his qualifications as an expert, the admissibility of his testimony, or whether his testimony will assist the trier of fact. Rather, all of the arguments raised by Plaintiffs relate solely to the weight the testimony should be afforded by the Court in making its findings at trial, and are most accurately described as fodder for cross-examination of Mr. Goldstein rather than a motion in limine. Thus, the testimony should be admitted, and if Plaintiffs wish to offer evidence that Mr. Goldstein's opinions are not valuable, or cross-examine him, they are free to do so. Moreover, Plaintiffs attempt to mischaracterize Mr. Goldstein's statements regarding issues relating to the state of the art, and the facts of this matter generally, are wholly improper. The three opinions offered by Mr. Goldstein beyond the description of the state of the art relate to the application of Mr. Goldstein's finding to the facts of this action and are, therefore, proper. This is the primary role of an expert – to apply expertise to facts.

As such, Plaintiffs' motion in limine regarding Mr. Goldstein's expected testimony should be denied.

1133088.1

# ARGUMENT

# MR. GOLDSTEIN'S TESTIMONY WILL ASSIST THE TRIER OF FACT

A. **Plaintiffs' Motion Fails to Consider That This Matter Is A Bench Trial.**

As a threshold matter, although this Court sits as the "gate keeper" for purposes of admitting expert testimony, Plaintiffs fail to address the simple fact that this action is a bench trial and no jury is involved. It is well settled that when the Court is the trier of fact, and there is no risk of offering unreliable testimony cloaked in the aura of court-sanctioned expertise to a jury of lay persons, the gatekeeper function is significantly truncated and trial courts are directed to permit expert testimony. Cross-examination will then serve as the primary means to identify testimony that should not be considered by the Court as trier of fact, and Courts are then free to ignore the evidence once they have heard it. See, e.g., Trustees of Chicago Painters, et al v. Royal International Drywall and Decorating, Inc., 493 F.3d 782, 788 (11th Cir. 2007) ("if the gatekeeper and the fact finder are one and the same-that is, the judge-the need to make such decisions prior to hearing the testimony is lessened") (quoting In re Salem, 465 F.3d 767, 777 (7th Cir. 2006)); Seaboard Lumber Co. v U.S., 308 F.3d 1283 (Fed. Cir. 2002) ("these concerns are of lesser import in a bench trial, where no screening of the fact finder can take place"); U.S. v. RSR Corp., 2005 WL 5977799 (W.D. Wash. 2005) ("In a bench trial, the gatekeeper and the trier of fact are the same, raising the metaphysical question of how a trial court can simultaneously perform its gate keeping function and keep unreliable expert testimony from itself"). With these thoughts in mind, the Court should permit expert testimony from Mr. Goldstein, and then, once he has been cross-examined, decide for itself if he has anything of value to offer.

**B.      Mr. Goldstein Is Qualified to Offer Expert Opinions on the State of the Art of Waste Disposal.**

In its motion in limine, Plaintiffs intentionally try to blur the line between the credibility to be afforded an expert and whether that expert may testify at all. Courts interpreting FRE 702 have repeatedly held that credibility determinations are for the trier of fact to consider at the time of trial and Courts should permit experts to testify where they meet the "liberal minimum qualifications" required under FRE 702. As such, Mr. Goldstein should be permitted to offer testimony regarding the state of the art of hazardous waste disposal in the 1970's, when the disposal of the waste at issue occurred.

### 1.      The Standard For What is An Expert Is Very Liberal.

The standard for permitting an expert to testify is well known and interpreted in a manner designed to permit experts to testify even where there may be limitations on the witness's expertise.[1] Specifically, FRE 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702. Thus, FRE 702 has three requirements:

> (1) the proffered witness must be an expert; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact.

Kannankeril v. Teminix Intern., Inc., 128 F.3d 802, 806 (3d Cir. 1997).

---

[1] Of course, AETC does not concede that any such limitations exist here. As set forth below, Mr. Goldstein's qualifications are extensive.

3

1133088.1

This is widely considered to be a very liberal standard favoring admissibility, especially, as discussed, where the trier of fact is the Court, not a jury. As the Third Circuit has repeatedly held, "[t]he Federal Rules of Evidence embody a 'strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact.'" <u>Holbrook v. Lykes Bros. S.S. Co., Inc.</u>, 80 F.3d 777, 780 (3d Cir. 1996) (citing <u>DeLuca v. Merell Dow Pharmaceuticals, Inc.</u>, 911 F.2d 941, 956 (3d Cir. 1990)). "Rule 702, which governs the admissibility of expert testimony, specifically embraces this policy,'" and "has a liberal policy of admissibility." <u>Id.</u> (citing <u>United States v. Velasquez</u>, 64 F.3d 844, 849 (3d Cir. 1995) and <u>In re Paoli R.R. Yard Litigation</u>, 35 F.3d 717, 741 (3d Cir. 1994)).

Here, the issue is the meaning of the term "expert" and Courts assessing whether a witness is indeed an expert have taken a very liberal view consistent with the general parameters cited above for FRE 702 generally:

> We have held that a broad range of knowledge, skills, and training qualify an expert as such, and have eschewed imposing overly rigorous requirements of expertise.

<u>Holbrook</u>, 80 F.3d at 781 (citations omitted). Moreover, the Third Circuit has repeatedly admonished trial courts not to confuse questions of admissibility with the weight to be afforded a particular expert's testimony. Thus, an expert may testify provided he or she meets the minimum threshold for admissibility, even where the expert may not have the ideal background, education or experience:

> Whether the appellants' expert might have done a better job is not the test. We have stated that "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." [citation omitted]. <u>If the expert meets liberal minimum qualifications, then the level of the expert's expertise goes to credibility and weight, not admissibility.</u>

\*\*\*

> As we have repeated above, issues of credibility arise after the determination of admissibility. Credibility is for the jury.

Kannankeril v. Teminix Intern., Inc., 128 F.3d 802, 809-810 (3d Cir. 1997) (emphasis added) (overturning decision because party's expert was barred from testifying).

### 2. Mr. Goldstein More Than Meets the Minimum Qualifications for An Expert and Offer an Expert Opinion.

Here, AETC expects to offer Mr. Goldstein's testimony on the state of the art of hazardous waste disposal at the times during which Ashland and Diaz wastes at issue were disposed. Mr. Goldstein's experience and knowledge of this issue include (a) "more than sixteen years in various managerial positions in the New Jersey Department of Environmental Protection," (b) "thirteen additional years as an environmental consultant after leaving NJ DEP, including management and oversight of environmental compliance and site remediation projects for clients to achieve compliance with State and Federal regulations," (c) drafting work plans and assessments for public and private clients to insure compliance with applicable regulations and law, and (d) testimony and litigation support services in numerous other actions involving environmental claims. (See Kenneth Goldstein, P.E.'s CV, attached as part of Exhibit A to the Declaration of Glenn A. Harris, Esq. submitted by Plaintiffs' in support of their motion in limine) ("Goldstein Report").

Plaintiffs arguments against Mr. Goldstein's testimony stem primarily from the fact that Mr. Goldstein's work at the New Jersey Department of Environmental Protection did not begin until the mid-1970's, and that he purportedly did not focus his career on waste disposal issues similar to those at issue here. With regard to the first issue, because the waste disposal occurred over thirty five years ago, there likely are very few persons available to meet the draconian standard that Plaintiffs would have this Court apply. In addition, Mr. Goldstein did not need to be at NJ DEP during that time to understand the state of the art relevant to this case. His long

term service to NJ DEP, and his other experience, provide him with the requisite level of knowledge. Moreover, with respect to Plaintiffs' claims that Mr. Goldstein's experience does not correlate to this matter, at trial, AETC will demonstrate that Mr. Goldstein's experience provides him with sufficient knowledge to offer an opinion that will assist the Court as trier of fact.

Although Mr. Goldstein is highly qualified to serve an as an expert, and his testimony will assist the Court as trier of fact, the issues raised by Plaintiffs regarding Mr. Goldstein's qualifications more properly address the weight to which the Court should assign his testimony, not whether he should be permitted to testify. At trial, AETC is confident that Mr. Goldstein's testimony will be impressive to the Court and his qualifications demonstrate that he should be allowed to do so.

C.  **Plaintiffs' Remaining Arguments Are Without Merit.**

Finally, Plaintiffs miss the purposes of the opinions beyond the state of the art testimony expected from Mr. Goldstein. These additional opinions are merely applications of the state of the art opinion offered by Mr. Goldstein to the facts of the case. As such, Plaintiffs' arguments in this regard should be ignored by the Court.

Specifically, in addition to a general description of the state of the art, Mr. Goldstein is also expected to testify, as more fully set forth in his report, that (a) disposal of waste as generated by Ashland and Diaz "required specialized equipment, (b) "AETC took no ownership of any hazardous waste," and (c) the DeRewal defendants "deceived AETC and its customers." (Goldstein Report at 21; see also Plaintiffs' Brief at 2). In reaching those conclusions, Mr. Goldstein simply applied what he found with regard to the state of the art for hazardous waste disposal to the facts of this case. This is what expert witnesses are supposed to do. As the

Advisory Committee's Notes published with the Federal Rules of Evidence make perfectly clear, experts commonly apply their knowledge to the facts of the case in which they are testifying:

> It will continue to be permissible for the expert to take the further step of suggesting the inference which should be drawn from applying the specialized knowledge to the facts.

Advisory Committee Notes to FRE 702 (published in Wright & Gold, Federal Practice & Procedure, § 6261); see also FRE 704 ("testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact"). Thus, contrary to Plaintiffs' arguments, it is neither surprising nor unexpected that there are many citations to the factual record in Mr. Goldstein's report or that he acknowledged same during his deposition. Experts assist the trier of fact by taking specialized knowledge and skills, and applying that expertise to the facts of the matter before the Court.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs' motion in limine regarding the expert testimony of Kenneth Goldstein, P.E. should be denied.

>                    WOLFF & SAMSON PC
>                    Attorneys for Defendant Advanced
>                    Environmental Technology Corporation
>
>                    By: _____
>                        JOHN A. MCKINNEY, JR., ESQ.
>                        jmckinney@wolffsamson.com

Dated: June 6, 2008

>                    Robert M. Morris, Esq.
>                    Morris & Adelman
>                    1920 Chestnut Street
>                    Philadelphia, Pennsylvania

8

1133088.1