IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action<br><br>Case No. 02-cv-3830<br><br>Judge LeGrome D. Davis |

**DEFENDANT AETC'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION IN
LIMINE REGARDING ASHLAND'S EXPERTS**

WOLFF & SAMSON PC
John A. McKinney, Jr.
Laurie J. Sands
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
jmckinney@wolffsamson.com
lsands@wolffsamson.com
Attorneys for Defendant Advanced
Environmental Technology Corp.

1132383.2

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ......................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

      A.    In a Bench Trial, The Court's Gatekeeper Function Is Diminished. ............................................................................................... 2

      B.    Plaintiffs Admit That They Have Always Known the Expertise of Each of the Ashland Experts. .................................................. 3

      C.    Plaintiffs' Motion Is Without Merit. ............................................................ 3

CONCLUSION .............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Kannankeril v. Teminix Intern., Inc.*, 128 F.3d 802 (3d Cir. 1997) .................................................. 3

*In re Salem*, 465 F.3d 767 (7th Cir. 2006) ........................................................................................ 2

*Seaboard Lumber Co. v U.S.*, 308 F.3d 1283 (Fed. Cir. 2002) ......................................................... 2

*Trustees of Chicago Painters, et al v. Royal International Drywall and Decorating, Inc.*,
493 F.3d 782 (11th Cir. 2007) ........................................................................................................... 2

*U.S. v. RSR Corp.*, 2005 WL. 5977799 (W.D. Wash. 2005) ............................................................ 2

## INTRODUCTION

There is no basis to bar the trial testimony of three expert witnesses initially identified by defendant Ashland, Inc., and subsequently designated as trial witnesses by defendant Advanced Environmental Technologies Corporation ("AETC"),[1] W. Leigh Short, Ph.D., P.E., James F. Roetzer, Ph.D., and Gordon Jamieson, PG (collectively, the "Ashland Experts"). Contrary to the motion in limine filed by plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC, and TI Group Automotive Systems, L.L.C. (collectively, "Plaintiffs"), there has been full compliance with FRCP 26(a)(2)(B) and Plaintiffs have long known the specific information and opinions collected and formed by each of these witnesses. Thus, there is no basis for Plaintiffs' motion in limine regarding the Ashland Experts and the motion should be denied.

As set forth in Plaintiffs' own moving brief, Ashland submitted one expert report in discovery that set forth the opinions of each of the Ashland Experts. Thus, Plaintiffs deposed each of the Ashland Experts and during those depositions, each of the Ashland Experts identified the opinions which they personally formulated, as well as which were then in turn used by all three of the Ashland Experts in creating their joint report. There is nothing wrong with this approach, and if Plaintiffs believe otherwise, they are free to cross-examine the Ashland Experts who testify at trial regarding their reliance upon the opinions rendered by other experts.

---

[1] Although AETC does not expect any party to object to the filing of this brief, AETC has standing to object. The Ashland Experts are expected to testify largely in response to the expert testimony offered by Plaintiffs' expert, Jay Vandeven. Mr. Vandeven in turn is expected to offer opinions that Plaintiffs contend establish liability against AETC. Therefore, at trial, AETC expects to rely for its defense in part upon the expected testimony of the Ashland Experts, giving AETC standing to object to Plaintiffs' motion. Also, AETC has designated as its experts the Ashland Experts.

1132383.2

# ARGUMENT

A.    <u>**In a Bench Trial, The Court's Gatekeeper Function Is Diminished.**</u>

The fundamental purpose of the Supreme Court's decision in <u>Daubert</u> and its progeny is to prevent juries, who are lay persons, from being unduly influenced by unreliable expert testimony that has the patina of court-approval merely because it has been admitted into evidence. That purpose is absent when the trier of fact is the Court, which will hear not only the evidence at trial, but also any pre-trial motions <u>in limine</u>. Thus, courts across the country have repeatedly held that the best approach in a bench trial is for the Court to admit the evidence, and then decide if it has any value. See, e.g., <u>Trustees of Chicago Painters, et al v. Royal International Drywall and Decorating, Inc.</u>, 493 F.3d 782, 788 (11th Cir. 2007) ("if the gatekeeper and the fact finder are one and the same-that is, the judge-the need to make such decisions prior to hearing the testimony is lessened") (quoting <u>In re Salem</u>, 465 F.3d 767, 777 (7th Cir. 2006)); <u>Seaboard Lumber Co. v U.S.</u>, 308 F.3d 1283 (Fed. Cir. 2002) ("these concerns are of lesser import in a bench trial, where no screening of the fact finder can take place"); <u>U.S. v. RSR Corp.</u>, 2005 WL 5977799 (W.D. Wash. 2005) ("In a bench trial, the gatekeeper and the trier of fact are the same, raising the metaphysical question of how a trial court can simultaneously perform its gate keeping function and keep unreliable expert testimony from itself").

Putting aside Plaintiffs' comments about compliance with discovery rules (because, as discussed below, Plaintiffs have long known which of the Ashland Experts is responsible for which aspect of their report), the sole criticism that Plaintiffs have of the expected testimony of the Ashland Experts is that if only one or two of them testify, they will be required to rely on opinions formed by the absent witness. That issue goes to the credibility of the witness, not whether his or her testimony should be admitted. As such, if Plaintiffs wish to cross-examine

2

1132383.2

the Ashland Experts at trial that their opinions are based upon the work of others, Plaintiffs will be free to do so. Kannankeril v. Teminix Intern., Inc., 128 F.3d 802, 809-810 (3d Cir. 1997) (requiring trial courts to distinguish between questions of admissibility and the weight afforded to expert testimony). However, the fact that such a line of cross-examination exists does not give rise to a motion in limine. Id.

B. **Plaintiffs Admit That They Have Always Known the Expertise of Each of the Ashland Experts.**

In their moving brief, Plaintiffs admit that they now know – and have long known – the expertise of each of the Ashland Experts:

> Plaintiffs deposed each of the three purported authors to determine, *inter alia*, what each of them had to do with the creation of the Report and the opinions stated therein. Plaintiffs learned through those depositions that each of the authors was responsible for forming and drafting text concerning only one or more specific opinions that are disclosed in certain sections of the Report. Not coincidentally, each formed one or more opinions directly related to their specific area of expertise.

(Plaintiffs' Moving Brief at 3). Thus, as required under FRCP 26(a)(2)(B), there has been full disclosure of not only the topics upon which the Ashland Experts will testify, but also of which opinions were formulated by each expert and which are relied upon by the others in formulating their collective report. Nothing more is required. See FRCP 26(a)(2)(B).

C. **Plaintiffs' Motion Is Without Merit.**

Putting aside the arguments of Plaintiffs' counsel, although AETC cannot speak on Ashland's behalf, there has been no effort to deceive, no attempt to gain an unfair procedural advantage, and full disclosure of all that is necessary. In any event, practically speaking, Plaintiffs know – as does every other party – AETC will call all three Ashland Experts as witnesses at trial, if only to prevent cross-examination along the lines of what is described in Plaintiffs' moving brief.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs' motion in limine regarding the Ashland Expert witnesses to be offered at trial by AETC should be denied

WOLFF & SAMSON PC
Attorneys for Defendant Advanced
Environmental Technology Corporation

By: _____
JOHN A. MCKINNEY, JR., ESQ.
jmckinney@wolffsamson.com

Dated: June 6, 2008

                        Robert M. Morris, Esq.
                        Morris & Adelman
                        1920 Chestnut Street
                        Philadelphia, Pennsylvania