UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC AND TI AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL.,<br><br>Defendants. | Civil Action No. 02-CV-3830(LDD) |

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
AND HANDY AND HARMAN'S MOTIONS IN LIMINE WITH
RESPECT TO THE EPA ADMINISTRATIVE DEPOSITION
TESTIMONY, MARVIN JONAS DEPOSITION TESTIMONY
AND THE EPA WITNESS SUMMARIES

**WOLFF & SAMSON PC**
John A. McKinney, Jr.
Laurie J. Sands
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
jmckinney@wolffsamson.com
lsands@wolffsamson.com
Attorneys for Defendant Advanced
Environmental Technology Corp.

1132412.1

# TABLE OF CONTENTS

                                                    **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

LEGAL ARGUMENT ............................................................................................................ 2

POINT I .................................................................................................................................. 2

THE EPA ADMINISTRATIVE DEPOSITIONS AND THE MARVIN JONAS
DEPOSITIONS ARE ADMISSIBLE EVIDENCE ................................................................ 2

    A.    The EPA Administrative Deposition Testimony and the Marvin Jonas
Deposition Testimony are Admissible Pursuant to the Unavailable
Declarant Exception to Hearsay ............................................................................. 2

    B.    The Administrative Deposition Testimony of the DCC Drivers that Testify
at Trial is Admissible as a Prior Statement by a Witness ...................................... 6

POINT II ................................................................................................................................. 7

THE EPA WITNESS SUMMARIES ARE ADMISSIBLE EVIDENCE ............................... 7

CONCLUSION ....................................................................................................................... 9

1132412.1

# TABLE OF AUTHORITIES

**Page**

## CASES

Coleman v. Home Depot, Inc.,
  306 F.3d 1333 (3rd Cir. 2002) ...................................................................................................7

Lloyd v. American Expert Lines, Inc.,
  580 F.2d 1179 (3rd Cir. 1978) ............................................................................................4, 5, 6

Nigroni v. Trump Plaza Associates,
  54 Fed.Appx. 31, 2002 WL 31492370 (3rd Cir. Nov. 8, 2002) ...............................................8, 9

Tracinda Corp. v. Daimlerchrysler AG,
  362 F. Supp. 2d 487 (D.Del 2005) ............................................................................................8

United States v. Workman,
  860 F.2d 140 (4th Cir. 1988) ....................................................................................................8

## RULES

Fed. R. Evid. 801(d)(1) .............................................................................................................6, 7, 8

Fed. R. Evid. 801(d)(2) .............................................................................................................2, 8, 9

Fed. R. Evid. 803(5) ...........................................................................................................................8

Fed. R. Evid. 803(8) .......................................................................................................................2, 7

Fed. R. Evid. 803(8)(C) ..................................................................................................................7, 8

Fed. R. Evid. 804(b)(1) .........................................................................................1, 2, 3, 4, 5, 6

**PRELIMINARY STATEMENT**

Both the Plaintiffs and Defendant Handy and Harman are attempting to exclude relevant evidence in this case by claiming such evidence is inadmissible hearsay. The evidence the Plaintiffs and Handy and Harman seek to exclude is admissible evidence as either an exception to the hearsay rules, or, pursuant to the rules, not considered hearsay. Therefore, AETC should be permitted to use this evidence at trial.

The depositions of the DeRewal Chemical Company ("DCC") drivers taken by the United States Environmental Protection Agency ("EPA") and depositions of Marvin Jonas contain significantly relevant evidence regarding this case. Nevertheless, the Plaintiffs argue that this deposition testimony is not admissible because the Plaintiffs were not present at those depositions, and, therefore, had no opportunity to examine the witnesses. Plaintiffs fail to advise the Court, however, that they had the opportunity in the present case to examine the DCC drivers about their EPA Administrative Deposition testimony and chose not to do so even though several Defendants did indeed examine the DCC drivers about this prior testimony.

Moreover, the EPA thoroughly examined the DCC drivers at the Administrative Depositions about their waste handling procedures and whether any waste hauled by them was disposed of at the Boarhead Farms Site. In addition, the attorneys that took the depositions of Marvin Jonas also questioned him about his waste handling and disposal practices. Therefore, pursuant to Fed. R. Evid. 804(b)(1), the interests of the Plaintiffs were sufficiently addressed by the EPA and other attorneys at the prior depositions.

Further, both the Plaintiffs and Handy and Harman argue that Witness Summaries taken by the EPA in its investigation of the Boarhead Farms Site are not admissible evidence in this case. Again, these EPA Witness Summaries contain information relevant and pertinent to this case. The Witness Summaries were prepared by the EPA and are considered public reports

1132412.1

under the Fed. R. Evid. 803(8), and, therefore, are admissible. Further, the Witness Summaries of employees of Handy and Harman are admissible as a statement of a party-opponent under Rule 801(d)(2).

Accordingly, contrary to the Plaintiffs and Handy and Harman's assertions, the EPA Administrative Depositions, the Marvin Jonas depositions and the EPA Witness Summaries are all admissible evidence pursuant to the Federal Rules of Evidence.

## LEGAL ARGUMENT

### POINT I

### THE EPA ADMINISTRATIVE DEPOSITIONS AND THE MARVIN JONAS DEPOSITIONS ARE ADMISSIBLE EVIDENCE

A. **The EPA Administrative Deposition Testimony and the Marvin Jonas Deposition Testimony are Admissible Pursuant to the Unavailable Declarant Exception to Hearsay.**

Plaintiffs argue that the prior deposition testimony of the DeRewal Chemical Company ("DCC") drivers and Marvin Jonas is not admissible as evidence in this case. The Plaintiffs allege that according to Fed. R. Evid. 804(b)(1), the Plaintiffs must have had the opportunity to examine these witnesses at their prior depositions in order for the deposition testimony to now be admissible in this case. Plaintiffs, however, have misconstrued the requirements of Rule 804(b)(1).

There is a question as to whether some or all of the DCC drivers will appear at trial in this case. As Plaintiffs have indicated, Manfred DeRewal, Sr. and Manfred DeRewal, Jr. are no longer residing in this country and are allegedly living in Costa Rica. AETC is unsure as to the whereabouts or health of the remaining DCC drivers. Marvin Jonas is deceased. In all likelihood certain DCC drivers will not appear at trial and Marvin Jonas is certainly not going to

appear at trial. These individuals, however, have or had knowledge relevant to the issues in this case. As such, there will be a need to introduce their prior testimony at trial.

Contrary to Plaintiffs' assertions, this prior deposition testimony is admissible in this case pursuant to the hearsay exception for unavailable declarants. Fed. R. Evid. 804(b)(1). Under Rule 804(b)(1), testimony provided at another proceeding is admissible "if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." The Plaintiffs argue that because they were not present at the prior depositions of the DCC drivers and Marvin Jonas, they had no opportunity to question or cross-examine these witnesses. As such, according to the Plaintiffs, the prior deposition testimony does not conform to the requirements set forth in Rule 804(b)(1). The Plaintiffs are incorrect.

The Administrative Depositions of the DCC drivers were taken by the EPA in 1996 and 1997 as a result of the EPA's investigation of the Boarhead Farms Site. It is true that Plaintiffs were not present at these depositions. The Deposition transcripts from these Administrative Depositions, however, were available to the Plaintiffs during the depositions taken in the present case of the same DCC drivers. Therefore, the Plaintiffs had the opportunity in this case to examine all of the DCC drivers with respect to the Administrative Deposition testimony. While the Defendants examined the DCC drivers in this case about their Administrative Depositions, the Plaintiffs made a conscious decision not to question the DCC drivers about their EPA Administrative Deposition testimony at the depositions in this case.

Various Defendant counsel used the Administrative Deposition transcripts to question the DCC drivers in this case. For example, Ashland's counsel during Manfred DeRewal, Sr.'s deposition marked as an exhibit Mr. DeRewal's EPA Administrative Deposition testimony and

asked Mr. DeRewal about this testimony. (See Declaration of Laurie J. Sands, Esq. in Support of AETC's Opposition to Plaintiffs' and Handy and Harman's Motions in Limine With Respect to the EPA Administrative Deposition Testimony, Marvin Jonas Deposition Testimony and the EPA Witness Summaries, June 5, 2008 ("Sands Decl.), at ¶ 3, Ex. A). Also, counsel for the Navy and for Ashland asked Manfred DeRewal, Jr. at his deposition in this case about testimony he provided in the EPA Administrative Depositions. (See Sands Decl. at ¶ 4, Ex. B). As demonstrated, the EPA Administrative Deposition transcripts were available to the parties in this case prior to the depositions taken in this case and all of the parties had the opportunity to question the DCC drivers about their prior testimony.

Consequently, it is incorrect when the Plaintiffs assert they did not have the opportunity to examine the DCC drivers about their Administrative Deposition testimony. In reality, the Plaintiffs had a very clear opportunity to examine the DCC drivers about their prior deposition testimony, but, unlike the Defendants, simply chose not to do so. Accordingly, the requirements of Rule 804(b)(1) were met and the EPA Administrative Deposition testimony of the DCC driver is admissible evidence.

Moreover, the Plaintiffs themselves do not have to be present at the former deposition in order for a court to find that a "predecessor in interest" had the "opportunity and similar motive to develop the testimony by direct, cross or redirect examination." Fed. R. Evid. 804(b)(1). In fact, in Lloyd v. American Expert Lines, Inc., 580 F.2d 1179, 1184 (3rd Cir. 1978), the court allowed the transcript of testimony obtained at a Coast Guard Hearing to be submitted into evidence at a subsequent trial even though the party against whom the evidence was offered was not present at the Coast Guard Hearing. Id. at 1186-1187. The court explained that the Coast

Guard was a "predecessor in interest" to the party against whom the evidence was being offered. Id.

When interpreting the phrase "predecessor in interest", the court examined the rationale set forth for Rule 804(b)(1) by both the House of Representatives and the Senate Committee on the Judiciary. Id. at 1185. The court stated that Rule 804 attempted "to strike a proper balance between the recognized risk of introducing testimony of one not physically present on a witness stand and the equally recognized risk of denying to the fact-finder important relevant evidence." Id. The court also stated that "[a]ny fact-finding process is ultimately a search for truth and justice, and legal precepts that govern the reception of evidence must always be interpreted in light of this." Id. Therefore, the court found that if a party in a former proceeding had the opportunity to examine a witness on the same matters relevant to a party in a subsequent case, the testimony from the former proceeding can be received against the party in the subsequent case even though that party was absent from the former proceeding.

As such, the court in Lloyd held that although the party against whom the testimony was offered was an individual, that person's interests were sufficiently similar to the interests of the Coast Guard. Id. at 1185-1186. As explained by the court, the nucleus of operative facts was the same for both the individual and the Coast Guard. Id. at 1186. As a result, in Lloyd, the court found that the Coast Guard was a "predecessor in interest" to the individual against whom the testimony was being used. Id. at 1186-1187.

In the present case, the DCC drivers were examined by attorneys for the EPA. These attorneys were deposing the DCC drivers to determine what type of waste, if any, and how much waste was taken to the Boarhead Farms Site. The EPA also examined the DCC drivers about the entities for which they hauled waste that was allegedly disposed of at the Site. These are the

exact issues of concern to the Plaintiffs in this case – what type of waste, how much and generated by whom was allegedly disposed of at the Boarhead Farms Site. As a result, the EPA attorneys were "predecessors in interest" to the Plaintiffs and the Administrative Deposition testimony is admissible as an exception to hearsay under Rule 804(b)(1).

Further, with respect to the depositions of Marvin Jonas, who is now deceased, Mr. Jonas was questioned about his waste handling procedures, entities from which he collected waste, what type and how much waste was collected and where the waste was disposed. There is evidence in this case that Mr. Jonas disposed of waste at the Boarhead Farms Site and the DCC drivers picked up waste for Mr. Jonas and disposed of it at the Site. Therefore, the pertinent inquires of Mr. Jonas would be his waste handling procedures, entities from which he collected waste, what type and how much waste was collected and where that waste was disposed – the same areas of inquiry pursued in his prior depositions. Accordingly, the attorneys involved in the prior depositions are "predecessors in interest" to the Plaintiffs in this case. Also, as stated by the court in Lloyd, the fact-finding process is a search for the truth. Therefore, the fact that Marvin Jonas provided information under oath relevant to this case and is now deceased provides additional support for the admission of his deposition transcripts as evidence in this case.

B.  **The Administrative Deposition Testimony of the DCC Drivers that Testify at Trial is Admissible as a Prior Statement by a Witness.**

If the DCC drivers appear at trial, their Administrative Deposition testimony is admissible under Fed. R. Evid. 801(d)(1) as a prior statement of a witness. Rule 801(d) sets forth evidence that is not considered hearsay. This includes prior statements of a witness. According to the Rule, if a declarant testifies at trial and is cross-examined on a prior statement that is either inconsistent or consistent with testimony given under oath in another proceeding, the statement is not considered hearsay under the Federal Rules of Evidence.

1132412.1                                       6

In the present case, the Administrative Depositions of the DCC drivers were taken under oath as part of an investigation conducted by the EPA of the Boarhead Farms Site. Pursuant to Rule 801(d)(1), if the DCC drivers appear at trial and testify, AETC is permitted to use the Administrative Deposition testimony during its examination of the DCC drivers.

## POINT II

### THE EPA WITNESS SUMMARIES ARE ADMISSIBLE EVIDENCE

The EPA Witness Summaries are admissible under the hearsay exception for public records and reports. Fed. R. Evid. 803(8). Pursuant to Rule 803(8)(C), records, reports, statements or data compilations of public offices or agencies setting forth in proceedings factual findings resulting from an investigation are admissible evidence. The EPA Summaries that the Plaintiffs and Defendant Handy and Harman argue are inadmissible were created as part of the EPA investigation into the alleged illegal disposal of waste at the Boarhead Farms Site. The Summaries were taken to assist the EPA in determining what types, how much and what entities' wastes were disposed of at the Site. Therefore, these Summaries are governmental data compilations subject to Rule 803(8)(C).

Hearsay exceptions are based on some underlying circumstantial guarantee of trustworthiness. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1341 (3rd Cir. 2002). The hearsay exception set forth in Rule 803(8) for public records is grounded in the presumption of the reliability of government records. The circumstantial trustworthiness of Rule 803(8) is that government officials will perform their job faithfully and honestly. Id.

In the present case, there is no reason to believe that the EPA officials conducting witness interviews as part of the EPA investigation into the alleged illegal disposal of waste by DCC did not fulfill their jobs faithfully and honestly. In fact, there was no motive for the EPA officials to

do anything but obtain as much relevant and truthful information as possible to determine what waste was disposed of at the Site and by which entities. There is no evidence that the statements obtained by the EPA from the witnesses were not truthful. Therefore, the EPA Witness Summaries are public investigatory records that have the indicia of trustworthiness and are admissible as evidence in this case pursuant to Rule 803(8)(C).

Moreover, the EPA Witness Summaries are admissible as recorded recollections under Fed. R. Evid. 803(5). Under Rule 803(5), a memorandum recording statements made by a witness when the matter was fresh in the witness' memory is admissible evidence if the witness later has insufficient recollection as to the facts in the memorandum. See Tracinda Corp. v. Daimlerchrysler AG, 362 F. Supp. 2d 487, 496 (D.Del 2005) (holding article containing recorded recollection admissible as evidence); United States v. Workman, 860 F.2d 140, 144 (4th Cir. 1988) (finding recorded statement by deceased witness admissible as evidence). With certain of the EPA Witness Summaries, the witness is deceased, and, therefore, no longer able to recollect any facts or statements. Also, some of the Witness Summaries were recorded over twenty (20) years ago. As a result, the facts set forth in the Witness Summaries are going to be more accurate than facts recollected today. Therefore, the EPA Witness Summaries are admissible as evidence pursuant to Rule 803(5). Also, if these witnesses testify at trial in this case, the Witness Summaries are admissible pursuant to Rule 801(d)(1) as a prior statement by a witness.

Finally, the Witness Summaries of the Handy and Harman witnesses are admissible pursuant to Rule 801(d)(2) as admissions by a party-opponent. Pursuant to Rule 801(d)(2), statements offered against a party and made by a party's servant concerning a matter within their scope of agency or employment and made during the existence of their relationship with the party is admissible evidence. In Nigroni v. Trump Plaza Associates, et al., 54 Fed.Appx. 31,

1132412.1                                    8

2002 WL 31492370 (3rd Cir. Nov. 8, 2002), the court admitted a statement by an hourly employee of a defendant. The employee worked as a mechanic and made a statement about a State inspection of an elevator. The court found that the employee was acting in the context of his employment for the defendant, and, as such, his statement was admissible as an admission by a party-opponent. Id.

Handy and Harman employees were interviewed by the EPA during its investigation of the Boarhead Farms Site. (See Sands Decl. at ¶ 5, Ex. C). These employees worked in areas of the Handy and Harman operations that would have allowed these employees to obtain knowledge about the waste disposal practices of Handy and Harman, which is at issue in this case. Therefore, any statements made by these employees to the EPA with respect to Handy and Harman's waste disposal would be admissible under Rule 801(d)(2).

## CONCLUSION

For the forgoing reasons, Plaintiffs and Handy and Harman's motion in limine regarding prior deposition testimony of DDC drivers and Marvin Jonas and EPA Witness Summaries should be denied.

WOLFF & SAMSON PC
Attorneys for Defendant Advanced
Environmental Technology Corporation

By: _____
JOHN A. McKINNEY, JR., ESQ.
jmckinney@wolffsamson.com

Dated: June 6, 2008

Robert M. Morris, Esq.
Morris & Adelman
1920 Chestnut Street
Philadelphia, Pennsylvania

1132412.1                          9