UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC AND TI AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, ET AL.,<br><br>Defendants. | Civil Action No. 02-CV-3830(LDD) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING THE PRESENTATION OF EVIDENCE AT TRIAL**

**WOLFF & SAMSON PC**
John A. McKinney, Jr.
Laurie J. Sands
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
jmckinney@wolffsamson.com
lsands@wolffsamson.com
Attorneys for Defendant Advanced Environmental Technology Corp.

1133209.1

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

LEGAL ARGUMENT .............................................................................................................. 2

CONCLUSION ......................................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

Brasure v. Optimum Choice Insurance Company,
  37 F. Supp. 3d 340, 344 (D.Del. 1996) ................................................................................ 6

Chafee v. Kraft General Foods, Inc.,
  886 F. Supp. 1164 (D.N.J. 1995) ......................................................................................... 7

International Paper Company v. United States,
  36 Fed. Cl. 313 (Fed.Cl. 1996) ............................................................................................ 6

United States v. Atlantic Research Corp.,
  ___ U.S. ___, 127 S. Ct. 2331 (2007) ............................................................................ 3, 4

## STATUTES

42 U.S.C. §§ 9601 to 9675 ...................................................................................................... 3

Pennsylvania Hazardous Sites Cleanup Act,
  35 Pa. Cons. Stat. § 6020.101 et seq. ................................................................................. 3

## **INTRODUCTION**

The Plaintiffs move to inform this Court as to what the Plaintiffs believe is the proper presentation of evidence for trial. Plaintiffs admit that this is more appropriately addressed by the Court at the pretrial conference. Yet, the Plaintiffs state they wanted to raise it as early as possible so that no party is surprised by the Plaintiffs' approach. AETC is not only surprised by the Plaintiffs' approach but also objects to the approach.

The Plaintiffs in their motion argue that the most efficient manner in which to try this case is to allow the Plaintiffs to offer their proofs concerning: (1) Defendants' liability; (2) response costs the Plaintiffs incurred; and (3) equitable factors the Plaintiffs think the Court should consider. The Plaintiffs also state they should be permitted to make admissions the Plaintiffs choose concerning their wastes or the wastes of settled parties. The Plaintiffs then state that the Defendants can offer evidence (1) to defend against Plaintiffs' claims; (2) to support their own contribution claims; and (3) any other evidence the Defendants think is relevant. The Plaintiffs also state the Defendants can offer proof that the waste volumes and types allegedly admitted by Plaintiffs are too low.

The Plaintiffs' proposal for the presentation of evidence at trial in this case will not work. First, the Plaintiffs must put on their proofs with respect to both their CERCLA Section 107 and 113 claims. Next, the Plaintiffs cannot make admissions unless those admissions are based upon facts alleged by their opponents. Therefore, the Plaintiffs must offer evidence to support their waste volumes and waste types hauled and allegedly disposed of at the Site. Finally, the Plaintiffs cannot be allowed to shift their burden of proof to the Defendants especially given that the Plaintiffs represented to this Court the burden would not shift if the Plaintiffs were permitted to assert their Section 107 claims.

1133209.1

## LEGAL ARGUMENT

In this litigation, Plaintiffs have asserted claims against the Defendants under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 to 9675 ("CERCLA"), Section 107, cost recovery, and Section 113, contribution. Although Plaintiffs have added Section 107 claims, they have not, except for Agere and TI, identified which of their claims are contribution under Section 113 and which are cost recovery under Section 107.[1] Yet, the Plaintiffs in their proposal for trial do not address how they plan to prove their contribution claims under CERCLA Section 113 and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 et seq. ("HSCA"). Instead, the Plaintiffs are suggesting they be allowed to proceed through trial without having to prove the elements of their Section 113 claims, and, instead, address all claims as if they are Section 107 claims.[2]

As set forth in United States v. Atlantic Research Corp., ___ U.S. ___, 127 S.Ct. 2331, 2338 (2007) "[n]othing in §113(f) suggests that Congress used the term "contribution" in anything other than this traditional sense." The Court continues "[t]hus, §113(f)(1) permits suit before or after the establishment of common liability. In either case, a PRP's right to contribution under §113(f)(1) is contingent upon an inequitable distribution of common liability among liable parties." Id. Conversely, cost recovery claims made pursuant to CERCLA Section 107 do not require a showing of common liability. But, pursuant to the ruling in Atlantic Research, in order to pursue a claim under Section 107, a party must establish that its claims are

---

[1] Plaintiffs also claim that "future response costs" are incurred costs that fall under Section 107. Given that these costs have not yet been paid, AETC fails to understand how they are incurred.

[2] If the Plaintiffs are now arguing the case should be treated as a strictly CERCLA Section 107 case, then AETC would argue that the Plaintiffs made a decision to forego their Section 113 claims.

2

for costs "voluntarily incurred" by that party at the site and not for the reimbursement of costs paid by other parties.[3] Atlantic Research, 127 S.Ct. at 2338.

Although Plaintiffs have asserted both CERCLA Section 113 and 107 claims, Plaintiffs are now suggesting that they do not have to put on any case as to the Plaintiffs' liability and equitable allocation of response costs as required pursuant to Atlantic Research for a Section 113 claim. The Plaintiffs have conveniently ignored they have CERCLA Section 113 contribution claims they must prove in this case. As noted in footnote 6 in Atlantic Research, discussing Section 113 and 107 claims, "[t]hus, at a minimum, neither remedy swallows the other, contrary to the Government's argument." 127 S.Ct. 2338. Yet, Plaintiffs are attempting to have their later added Section 107(a) claims procedurally swallow their Section 113 claims. By doing so, they are attempting to avoid proving all necessary elements to their Section 113 claims. They cannot proceed in this manner.

In order to prove their Section 113 claims, the Plaintiffs must prove that they are liable and have paid more than their fair share of the liability in this case. Their suggested presentation for trial indicates that the Plaintiffs have no intention of proving any party's share, let alone their own. In fact, the Plaintiffs state they "do not intend, however, to offer into evidence the documents upon which they relied in those discovery responses to essentially prove the case against themselves . . ." Instead, the Plaintiffs claim that "Defendants thus have the burden of proving the equitable shares of each other Defendant and of each Plaintiff by, inter alia, proving the quantities of each party's wastes that were disposed of at the Site." The Plaintiffs are

---

[3] AETC in its prior motion in limine has argued that the Plaintiffs' costs under the OU-1 and OU-2 Consent Decrees were not "voluntarily incurred," but were costs incurred to satisfy a settlement agreement. Therefore, AETC asserts that all of the Plaintiffs' claims are CERCLA Section 113 claims and not Section 107 claims.

3

1133209.1

essentially asking this Court to shift the entire burden of proof at trial from the Plaintiffs to the Defendants.

This directly contradicts statements made by the Plaintiffs in their motion for leave to amend the Fourth Amended Complaint and stands CERCLA and Plaintiffs' burden of proof on its ear. The Plaintiffs in their memorandum of law supporting their motion for leave to amend the Fourth Amended Complaint advised this Court that asserting Section 107 claims would not change the burden of proof:

> Nothing in the proposed pleading will delay the progress of the action. Plaintiffs believe that this Court will at trial adjudicate an equitable allocation of the costs of cleaning up the Boarhead Farms site among the Plaintiffs and the Defendants just as it would do pursuant to the existing pleadings. The alterations in the pleading proposed by this motion seek only to assure that such allocation is reached based upon correct causes of action as clarified by the United States Supreme Court. (See Plaintiffs Memorandum in Support of Motion for Leave to Amend Fourth Amended Complaint, July 26, 2007 ("Plaintiffs' Memorandum"), at pg. 1).

> Nothing in the proposed pleading will change the essential relief sought from the Defendants – the recovery by Plaintiffs of the equitable shares attributable to the Defendants of the past and future response costs paid or to be paid from OU-1 and OU-2 accounts, which accounts have been and will continue to be funded by Plaintiffs (and by Smiths on behalf of TI). (See Plaintiffs' Memorandum at pg. 6).

This Court, accepting the Plaintiffs' representations, found that the burden of proof with respect to the parties would not change if the Plaintiffs were permitted to bring Section 107 claims. In fact, the Court held that "[p]ursuant to a §113(f) claim, plaintiffs have the burden of establishing the same four elements as under §107(a), and, in addition, the burden of demonstrating each defendant's equitable share of the costs." (See Memorandum and Order, January 11, 2008 at pg. 7-8). The Plaintiffs' proposal for trial is also directly counter to this Court's ruling regarding the allocation of the Settled Defendant's liability where the Court held the Plaintiffs bear the risk that the Settled Defendant's share of the cleanup costs may be greater

4

1133209.1

than the settlement amount. (See Memorandum and Order, June 3, 2004 at pg. 8). The Plaintiffs ignoring their prior representations and this Court's prior decisions, are now attempting to shift the entire burden of proof to the Defendants.

This Court should reject the Plaintiffs' attempt to jigger the presentation of the case to avoid their legal burdens of proof. Also, it is not lost on AETC that the Plaintiffs are doing this while objecting to all of the relevant evidence the Defendants would need to provide at trial to support the case the Plaintiffs are now attempting to structure. Instead, the Court should have the Plaintiffs prove all elements of their Sections 113 and 107 claims, including their, the Defendants' and the settled parties' liability, and the fact that, in light of each of those entities' equitable liability, each Plaintiff has paid more than its fair share. The Court should allow the Defendants to make their motions to dismiss at the close of the Plaintiffs' case. If the Defendants are unsuccessful in whole or in part, the Court should have the Defendants move forward to prove what their and the Plaintiffs' equitable shares should be. This is the proper presentation of evidence for this trial.

Moreover, the Plaintiffs cannot be allowed to make judicial admissions in this case as they suggest. "A judicial admission is a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for purposes of litigation that the proposition of <u>fact alleged by the opponent is true</u>." <u>International Paper Company v. United States</u>, 36 Fed.Cl. 313, 318 (Fed.Cl. 1996) (emphasis added). A judicial admission is used to withdraw a fact from contention. The rationale for a judicial admission is "to reduce the number of factual issues in dispute thereby allowing the parties and the court to focus on the relevant issues." <u>Brasure v. Optimum Choice Insurance Company</u>, 37 F. Supp. 3d 340, 344 (D.Del. 1996). As such, once a judicial admission is made the party making it does not

need to offer evidence to prove it and the adverse party is not allowed to disprove it. <u>Chafee v. Kraft General Foods, Inc.</u>, 886 F.Supp. 1164, 1168 (D.N.J. 1995).

The Plaintiffs cannot make judicial admissions as to a minimal amount and limited type of waste in an attempt to then require the Defendants to prove they are wrong. The point of allowing judicial admissions is to reduce the number of factual issues in dispute. The Plaintiffs are fully aware that volumes and waste types are the main issues in this case. The Plaintiffs admitting to their volumes and types of wastes, based upon the Plaintiffs' numbers and interpretations, does not reduce a factual dispute. The Plaintiffs have stated, "each Defendant may offer evidence to prove . . . that the volumes and waste types admitted by Plaintiffs as to Plaintiffs . . . are too low." Therefore, facts remain in dispute. If the Plaintiffs would like to make a judicial admission as to the volume and waste types disposed of by them in the relevant time period, the Plaintiffs can admit to the volumes and waste types set forth by the Defendants' expert Joseph Hochreiter. Otherwise, the Plaintiffs must submit as evidence proof they are liable parties.

Finally, although AETC does not agree with the finding by the Court that it is a liable party and reserves its right to appeal that determination, given the liability ruling, AETC contends that there should be no evidence offered at trial to establish its liability. Instead, the only issue before the Court as to AETC is its allocable share of liability <u>vis</u> <u>a</u> <u>vis</u> the Plaintiffs, the Settled Parties and the other Defendants.

6

1133209.1

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion regarding the presentation of evidence at trial should be denied.

                                        WOLFF & SAMSON PC
                                        Attorneys for Defendant Advanced
                                        Environmental Technology Corporation

                                        By: _____
                                        JOHN A. MCKINNEY, JR., ESQ.
                                        jmckinney@wolffsamson.com

Dated: June 6, 2008

                                        Robert M. Morris, Esq.
                                        Morris & Adelman
                                        1920 Chestnut Street
                                        Philadelphia, Pennsylvania