## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES, INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC and
TI GROUP AUTOMOTIVE SYSTEMS LLC,

               Plaintiffs,

v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

               Defendants.

Civil Action

Case No. 02-cv-3830

Judge LeGrome D. Davis

---

**DEFENDANT AETC'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS'
OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS OR, IN THE ALTERNATIVE,
DEFENDANT AETC'S MOTION TO STRIKE PLAINTIFFS' OBJECTION TO
DEFENDANTS' EXHIBITS**

---

**WOLFF & SAMSON PC**
John A. McKinney, Jr.
Laurie J. Sands
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
jmckinney@wolffsamson.com
lsands@wolffsamson.com
Attorneys for Defendant Advanced
Environmental Technology Corp.

1133440.3

Defendant Advanced Environmental Technology Corporation ("AETC") submits this response to "Plaintiffs' Objections to Defendants' Trial Exhibits" filed with the Court on May 23, 2008 (hereinafter "Plaintiffs' Objections"). While not styled as a motion, Plaintiffs' Objections were filed along with Plaintiffs' motions in limine including one with respect to certain exhibits and witnesses listed in Defendants' pretrial memoranda, which specifically refers to Plaintiffs Objections, and also refers to the Court's Order implying a deadline for raising said objections by May 23, 2008. While AETC disagrees with its interpretation of the Court's Order, AETC, in an abundance of caution, submits this as a Response to Plaintiffs' Objections, or in the alternative, as a Motion to Strike Plaintiffs' Objections.

Plaintiffs' Objections, as they relate to AETC's Trial Exhibits, are based on two theories: (1) hearsay and/or (2) authenticity. Rather than provide specific substantive objections to AETC's Trial Exhibits, Plaintiffs haphazardly, arbitrarily, and opportunistically denounce the admissibility of these documents providing merely that approximately 940 of AETC's exhibits are hearsay and that approximately 67 of AETC's exhibits allegedly cannot be authenticated. Plaintiffs' Objections to Defendants' Trial Exhibits, 23-51; 59-63 (May 23, 2008).

After reviewing Plaintiffs Objections, it is quite obvious that Plaintiffs have not diligently reviewed AETC's Pretrial Statement and have improperly objected to most, if not all, of AETC's exhibits without sufficient cause. AETC should not be required to bear Plaintiffs' burden to serve "any objection, together with the grounds for it, that may be made to the admissibly of materials" and speculate as to the substance of Plaintiffs' objections. Fed. R. Civ. P. 26(a)(3)(B) (emphasis added).

2

First, Plaintiffs have objected to certain exhibits which are identical to those Plaintiffs have designated in their own trial exhibit list, except for the exhibit number assigned thereto.[1] For instance, Plaintiffs object to AETC's Exhibit AETC-0933 which is Defendant Ford's Answers to Interrogatories of Defendant Thomas & Betts Corporation.[2] However, Plaintiffs also designate this document in their Pretrial Memorandum, as Exhibit AGERE–144.    AETC provides in its Pretrial Memorandum that it intends to use AETC-0933 at trial to elicit information and testimony regarding Ford's participation in the Plaintiffs group and as signatory to the consent decree and the corporate relationship between Ford Motor Company and its predecessor Philco-Ford.    Pretrial Memorandum of Defendant Advanced Environmental Technology Corporation at 8-9 (May 19, 2008).  In addition to the above, there are numerous other contradictory examples, including but not limited to:  AETC–0935 which is the same document as AGERE–289; AETC–1146 which is the same document as AGERE–313; AETC–1147 which is the same document as AGERE–133; AETC–1148 which is the same document as AGERE–132; AETC–1244 which is the same document as AGERE–248; AETC-1338 which is the same as document AGERE–67; and AETC–1341 which is the same document as AGERE–34.  Even though these documents are the same as those offered by Plaintiffs, and the intent of AETC in offering the documents is clear from the Pretrial Memorandum, Plaintiffs inexplicably object to their admissibility.

---

[1] Neither AETC nor any other party (including Plaintiffs) provided the actual exhibits in their Pretrial Memorandum.

[2] AETC's examples are provided herein for illustrative purposes only and are not an attempt by AETC to address each of Plaintiffs' objections.  AETC reserves the right to provide a comprehensive response to each of Plaintiffs' objections if necessary.

3

Second, Plaintiffs object to various exhibits as hearsay. These objections have no merit. By way of example, Exhibit AETC-0444 is actually another discovery response. Specifically, AETC-0444 is Plaintiffs' Responses to Defendant Carpenter Technology Corporation's Contention Interrogatories. This document is admissible under Federal Rules of Evidence ("FRE") 801(d)(2) as an admission by a party-opponent and is not considered hearsay because, among other things, it is "the party's own statement." FRE 801(d)(2). Similarly, Plaintiffs object to a number of letters that are also unequivocally admissible as party admissions and therefore not hearsay, even though Plaintiffs' blanket objection includes these exhibits (See AETC-0460, AETC-0514, AETC-0556). For instance, AETC-0556 is a letter written by David Mann, a Chemical Engineer at Carpenter Technology at the time the letter was written. The letter discusses a trip by Mann to Revere Chemical Corporation to "evaluate the Revere plant and their proposed treatment of our HCL waste acid." Mann was an employee at Carpenter at the time the letter was written and the trip to Revere that is described in the letter was within the scope of his employment. Thus, under FRE 801(d)(2) the letter is admissible as a party admission.

Not only do Plaintiffs' Objections include documents that fall outside the hearsay rule, but they also include documents to which exceptions to the hearsay rule apply. For example, Plaintiffs object to bills of lading, invoices, shipping orders, and purchase orders which are admissible under the business records exception of FRE 803(6), among others. These include but are not limited to Exhibits AETC–1183 through 1187; AETC-1195 through 1217; and AETC–0033 through 0071. Notably, Plaintiffs object to the admission of some, but not all, of the bills of lading, invoices, shipping orders, and purchase orders and there are no discernible differences between those Plaintiffs object to and those they do not. Presumably, Plaintiffs

4

object to this category of documents because they are hopeful that an agreement can be reached among counsel to stipulate to both the volume contributed and that DeRewal Chemical Company hauled waste for these entities.    However, to date no such stipulation has been reached. Therefore, AETC intends to offer these documents at the time of trial as set forth in its Pretrial Memorandum to elicit testimony and information concerning each party's volume and relationship with DeRewal Chemical Company.

Plaintiffs also object to exhibits that are admissible under FRE 803(8), the public records and reports exception (i.e., AETC–1224 is an EPA Report; AETC–1233 is an EPA Residential Well Sample Analysis; AETC–0754 through 0756 is a Violation Notice issued by Bucks County Department of Health).  Each of these documents may be offered into evidence for conclusions and statements contained therein.

Plaintiffs admit that they have not reviewed each of the Defendants' exhibits,  and admittedly raised these objections to preserve their rights just in case they are in fact objectionable.  Plaintiffs state they are willing to withdraw these objections if they are satisfied with the evidentiary foundation for each of the documents once such evidentiary foundation is known. Yet, as exemplified herein, such evidentiary foundation has already been provided to Plaintiffs within the text of AETC's Pretrial Memorandum, which includes specific references to the documents to be offered by AETC at the time of trial in support of each factual statement. AETC's disclosures amounts to a higher level of disclosure than that offered by the Plaintiffs whose Pretrial Memorandum merely refers to their responses to Contention Interrogatories as their basis rather than providing the justification for each statement within its Pretrial Memorandum by referring to the applicable exhibit that will be offered at trial.

5

By way of these objections, Plaintiffs are attempting to avoid their responsibility to review adverse parties' pretrial memoranda and exhibits to determine whether an actual good-faith basis lies for such document's admission into evidence.  Therefore, AETC submits that this Court should strike Plaintiffs' Objections due to Plaintiffs' lack of foundation for their blanket legal contentions that such trial exhibits should be excluded and order Plaintiffs to more carefully craft any legitimate objections to allow for meaningful discussion between the parties and an amicable resolution of any concerns.  Any other outcome would result in AETC being unfairly burdened to respond to each of Plaintiffs' objections without truly knowing the basis for the objections.

Dated:  June 6, 2008

Respectfully submitted,

John A. McKinney, Jr.
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
973-325-1500
973-325-1501

6

1133440.3