IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, LLC, ET AL., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants | : | |

ORDER

AND NOW, this 12th day of June 2008, upon consideration of defendant Handy & Harman Tube Company's Motion in Limine to Bar Plaintiffs and Co-defendants from Introducing into Evidence (1) Selected Pages from a 1992 Report and (2) A February 1973 Invoice (Doc. No. 332) and plaintiffs' response (Doc. No. 345) it is ORDERED that the Motion is GRANTED in part and DENIED in part.

Defendant Handy & Harman Tube Company ("H&H Tube") seeks to exclude two items of evidence in its motion. The first consists of two selected pages from a 1992 site investigation report and the second is an invoice date February 1973.

I.  Selected Pages from the 1992 Site Investigation Report

With respect to the selected pages of the 1992 report, H&H Tube argues that the evidence is inadmissible because it cannot be authenticated, violates the doctrine of completeness, and is irrelevant. Plaintiffs did not address this item of evidence in their response to this motion. (See Doc. No. 345.) Moreover, none of H&H Tube's co-defendants opposed this motion. As such,

the portion of H&H Tube's Motion seeking to exclude the selected pages of the 1992 site investigation report is GRANTED as unopposed.

II.  1973 Invoice

H&H Tube seeks to exclude "a one-page DeRewal Chemical Company ("DCC") invoice dated February 1973 (the "1973 Invoice")." (Doc. No. 332 at 2.)  H&H Tube argues that the authenticity of the 1973 Invoice cannot be established and that the 1973 Invoice is inadmissible hearsay.  (Id. at 8-11.)  Plaintiffs counter that 1973 Invoice is admissible under Federal Rule of Evidence 803(6)–the business record exception to the hearsay rule.  (Doc. No. 345 at 2-4.)

A.  Authentication of the 1973 Invoice

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a).  Testimony of a witness with knowledge that a document is what it purports to be is sufficient to authenticate the document.  Id. at 901(b)(1).

Manfred DeRewal testified that the 1973 Invoice was a typical DCC invoice.  (Doc. No. 345, Ex. B, 249:18-24.)  Manfred DeRewal is a witness with knowledge of DCC invoices. Therefore, his testimony that the 1973 Invoice is a typical DCC invoice is sufficient to authenticate the document.

Additionally, Karen Castillo testified in her deposition that she worked for DCC preparing invoices.  (Doc. No. 345, Ex. A, 53:17-19; 66:11-19.)  According to plaintiffs, Castillo was shown an invoice similar in format to the 1973 invoice, and in response to being shown that document, she testified that this was the only form of invoice used by DCC during her tenure at

2

the company. (Id. at 53:2-54:25.) Provided that plaintiffs can demonstrate that the invoice shown to Castillo in her deposition is in the same format as the 1973 Invoice, this too would be sufficient to authenticate the 1973 Invoice.

### B. Business Record Exception to the Hearsay Rule

Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay statements are inadmissible unless they fall under one of the many exceptions listed in the Rules of Evidence. Fed. R. Evid. 802. One such exception is commonly referred to as the business record exception. Fed. R. Evid. 803(6). Rule 803(6) provides that the following is not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6).

The 1973 invoice is an out-of-court statement offered to prove the truth of the matter asserted–that DCC picked up and removed a number of drums containing industrial waste solution from H&H Tube Company. (See Doc. No. 333, Ex L.) However, Castillo testified that during the relevant time period, she was the only DCC employee who generated invoices. (Doc.

3

No. 345, Ex. A, 53:17-19; 66:11-19.) She further testified that she generated these invoices from information transmitted to her from DCC employees or from customer quotes generated by Manfred DeRewal. (Id. at 54:11-15; Doc. No. 333, Ex. Q, 75:21-76:18.) Moreover, Castillo testified that it was the regular practice of DCC to generate and maintain these invoices as part of its records. (53:25-54:4.)

    If the testimony tendered at trial comports with the offer, it will prove sufficient to demonstrate that the 1973 Invoice is a business record excepted from the hearsay rule under Federal Rule of Evidence 803(6).

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.