IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, LLC, ET AL., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants | : | |

ORDER

AND NOW, this 12th day of June 2008, upon consideration of defendant AETC's Memorandum of Law in Support of its Motions in Limine (Doc. No. 337) and plaintiffs response in opposition (Doc. No. 346) it is ORDERED that the motion is GRANTED in part and DENIED in part.

It is further ORDERED as follows:

1. The September 9, 1976 Letter from AETC to DeRewal Chemical Company is admissible provided it is offered for a proper evidentiary purpose.

2. AETC's objection that statements in the deposition testimony are allegedly hearsay or not based on personal knowledge is DENIED as premature. Objections will be entertained only after parties wishing to admit deposition testimony identify the specific portions of the testimony by page and line number.

3. AETC's motion to exclude plaintiffs' expert, Jay Vandeven, is DENIED at this juncture. To the extent AETC is of the view that the expert's testimony is tendered in violation of the Federal Rules of Evidence, defendant shall interpose specific objections at trial.

4. AETC's motion to exclude "Plaintiffs' unfounded allocation theories" is DENIED as speculative. To the extent AETC expects plaintiffs to introduce evidence in violation of the Federal Rules of Evidence, defendant shall interpose specific objections at trial.

5.  AETC's Motion entitled "Plaintiffs Cannot Provide Evidence that Their Costs were Voluntarily Incurred Because they do not have a 107 Claim" is DENIED. As a preliminary matter, AETC disregards the Supreme Court's specific language in Atlantic Research: "We do not suggest that §§ 107(a)(4)(B) and 113(f) have no overlap at all.  For instance we recognize that a PRP may sustain expenses pursuant to a consent decree following a suit under § 106 or § 107(a).  In such a case, the PRP does not incur costs voluntarily but does not reimburse the costs of another party. *We do not decide whether these compelled costs of response are recoverable under § 113(f), § 107(a), or both*." United States v. Atlantic Research Corp., 127 S. Ct. 2331, 2338 n.6 (2007) (emphasis added) (internal citations omitted).

    Moreover, this Court granted plaintiffs leave to amend their complaint in order to add claims under § 107(a).  Therefore, AETC's statement that plaintiffs "do not have a 107 claim" simply ignores the reality of plaintiffs' Fifth Amended Complaint. (Def.'s Mot. Limine at 34.)  At its core, AETC's challenge to the viability of plaintiffs' § 107(a) claims may best be viewed as either a dismissal or summary judgment motion masquerading as a motion in limine.  This ploy brings to mind the English expression "mutton dressed as lamb" which refers to an aged idea, repackaged and presented as a new one.

6.  Despite plaintiffs' offer to make its expert available for a supplemental deposition prior to trial, given the time constraints created by the imminence of trial, it is not practical to have Jay Vandeven deposed as to his most recent supplemental report dated May 7, 2008.  Therefore, all costs for work done through November 2005 will be treated as past costs at trial.  Costs since November 2005 should be presented as future response costs subject to the declaratory judgment.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.