**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES, INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al.,<br><br>Defendants. | Civil Action<br><br>Case No. 02-cv-3830<br><br>Judge LeGrome D. Davis |

**DEFENDANT AETC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DESIGNATE ASHLAND'S EXPERTS**

**WOLFF & SAMSON PC**
John A. McKinney, Jr.
Laurie J. Sands
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
jmckinney@wolffsamson.com
lsands@wolffsamson.com
Attorneys for Defendant Advanced Environmental Technology Corp.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

FACTUAL BACKGROUND .......... 2

ARGUMENT .......... 3

PLAINTIFFS WILL NOT BE HARMED IF THE ASHLAND EXPERTS ARE PERMITTED TO TESTIFY AT TRIAL .......... 3

A. Rule 37 Permits AETC To Offer the Ashland Experts At Trial. .......... 3

B. Plaintiffs Have Not Been Prejudiced. .......... 5

CONCLUSION .......... 7



1134334.2

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*A+ Homecare, Inc.*, 546 U.S. 1063 (2005) .......... 4

*David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003) .......... 5

*In re Mercedes-Benz Anti-Trust Litigation*, 225 F.R.D. 498 (D.N.J. 2005) .......... 5

*Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153 (3d Cir. 1995) .......... 4, 5, 6

*U.S. ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc.*, 400 F.3d 428 (6th Cir.), Cert. denied sub nom Winters v. U.S. ex rel .......... 4

## RULES

FRCP 26 .......... 3

FRCP 37(c) .......... 4

**INTRODUCTION**

Defendant Advanced Environmental Technologies Corporation ("AETC") requests the Court to permit it to designate as trial witnesses three experts who have already been deposed by Plaintiffs,[1] who produced an expert report to Plaintiffs over two and half years ago in 2006, and whom all parties have long known would testify at trial. Accordingly, allowing the designation of W. Leigh Short, Ph.D., P.E., James F. Roetzer, Ph.D., and Gordon Jamieson, PG (collectively, the "Ashland Experts") will not prejudice any party in this matter. As set forth herein, (a) Plaintiffs have long known that these witnesses will testify at trial, (b) AETC planned to rely upon their testimony at trial, (c) Plaintiffs were served with an expert report that fully disclosed all of the expected testimony of the Ashland Experts, (d) Plaintiffs exercised their right to depose the Ashland Experts, and, (e) as a result of the forgoing, that Plaintiffs will suffer no prejudice if these witnesses are permitted to testify.

Under these circumstances, AETC respectfully submits this motion to designate the Ashland Experts as trial witnesses for AETC in the upcoming trial of this matter.

---

1 The Plaintiffs in this action are Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC, and TI Group Automotive Systems, L.L.C. (collectively, "Plaintiffs").

**FACTUAL BACKGROUND**[2]

Plaintiffs allege that certain waste streams from Ashland's Great Meadows, New Jersey plant were deposited at the Boarhead Site. Plaintiffs further alleged that AETC was a responsible party with respect to the Ashland waste, and were successful in having AETC being found liable as an arranger for the Ashland waste. Thus, all parties have always known that the evidence to be presented at trial with respect to the damage caused by Ashland's waste relates not only to Ashland, but also to AETC.

During discovery, Ashland produced an expert report from the Ashland Experts. That report sets forth the expected trial testimony of the Ashland Experts regarding the role Ashland's waste played in the environmental issues at the Boarhead site. Plaintiffs not only received that report, but exercised their right to examine these witnesses at depositions.[3]

AETC intended to rely on Ashland's evidence as to its waste, including its experts' conclusions about that waste. For example, AETC identified the Ashland Experts in its Pre-Trial Memorandum to the Court as witnesses to be presented as part of its case.

By letter dated June 5, 2008, filed shortly AETC learned that Ashland was about to settle with Plaintiffs, AETC notified the Court and all parties that it intended to call the Ashland Experts as part of its own case. During a conference before the Court on June 10, 2008, the issue was discussed and the Court requested a motion on the issue by AETC.

---

2 The Court is already fully familiar with the facts and allegations in this action, but a few background facts are necessary to give this motion context. As such, for the convenience of the Court, we will limit our factual presentation to only those facts necessary for the resolution of this motion.

3 For the sake of brevity, the deposition transcripts are not included with this application because they are already before the Court as part of the record in Plaintiffs' motion in limine to bar the testimony of the Ashland Experts for reasons other than those at issue here.

## ARGUMENT

## PLAINTIFFS WILL NOT BE HARMED IF THE ASHLAND EXPERTS ARE PERMITTED TO TESTIFY AT TRIAL

AETC respectfully requests that the Court exercise its broad discretion in overseeing discovery and the evidence to be admitted at trial in favor of permitting AETC to offer the testimony of the Ashland Experts at trial. At its core, Plaintiffs' argument is that because AETC failed to designate experts well-known to Plaintiffs because they were previously designated by another party, AETC should be barred from using these experts at trial. This position has been rejected by this and other courts and AETC asks this Court to exercise its authority to permit the Ashland Experts to testify.

As set forth in greater detail below, Plaintiffs will suffer no prejudice if AETC is authorized to designate the Ashland Experts as trial witnesses. These witnesses have long been known to Plaintiffs, the Ashland Experts produced an expert report during discovery, and all three of the Ashland Experts have been deposed. Trials should be resolved on the merits of the evidence presented to the trier of fact, not on procedural disputes. As such, AETC asks that its motion be granted and that AETC be authorized to designate the Ashland Experts as its experts at trial.

### A. Rule 37 Permits AETC To Offer the Ashland Experts At Trial.

As a general matter, all evidence to be presented to the trier of fact must be disclosed during discovery. See FRCP 26 and 37. This has occurred here. As set forth above, everything about which the Ashland Experts are expected to testify was disclosed to Plaintiffs long ago. Plaintiffs argument is that because AETC itself did not produce the evidence at issue, it may not use that evidence at trial. This kind of approach, where the Federal Rules of Civil Procedure are used as to gain substantive advantage at trial rather than to protect litigants from unfair surprise

and other unfairly prejudicial tactics, has been repeatedly rejected by the federal courts and AETC asks this Court to take the same approach here to allow this matter to be resolved on the merits. See, e.g., U.S. ex rel. A+ Homecare, Inc. v. Medshares Management Group, Inc., 400 F.3d 428, 440 (6th Cir.), Cert. denied sub nom Winters v. U.S. ex rel. A+ Homecare, Inc., 546 U.S. 1063 (2005) ("[t]o allow otherwise would permit a litigant to manipulate discovery rules and use a favorable discovery limitation as a sword").

The operative rule is FRCP 37(c), which provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FRCP 37(c) (emphasis added). Thus, even if Plaintiffs are correct and AETC had an obligation to designate the Ashland Experts as their trial witness at an earlier stage of these proceedings, this Court is fully empowered to permit the Ashland Experts to testify if the failure was "substantially justified or harmless." Here, it is both and the Court has broad discretion under such circumstances:

> Nonetheless, the rule expressly provides that sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless. Thus, the rule does not leave district courts without discretion.

Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995).

Any error, to the extent there is one, is harmless. Although FRCP 37(c) does not define harmless, the Advisory Committee Notes to the 1993 Amendments to the Rule provide helpful information about what the drafters of the rule intended. Specifically, the drafters of the rule never intended to require district courts to bar witnesses in circumstances such as those presented here:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures.

1993 Advisory Committee Notes to Amendments to Federal Rules of Civil Procedure, available at http://www.law.cornell.edu/rules/frcp/ACRule37.htm (emphasis added); see also In re Mercedes-Benz Anti-Trust Litigation, 225 F.R.D. 498 (D.N.J. 2005) (quoting same and applying Newman factors to deny motion to exclude). Here, the Ashland Experts are witnesses known to all parties as well as witnesses designated by other parties. Thus, Rule 37 does not contemplate or countenance the harsh result requested by Plaintiffs. For this reason alone, AETC asks the Court to grant this motion.

**B. Plaintiffs Have Not Been Prejudiced.**

In addition, courts across the county have identified several factors for district courts to use in exercising their discretion, and we respectfully request that the Court weigh these factors here:

> However, we have indicated that the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003); Compagnie des Bauxites de Guinee v. Three Rivers Insurance Co., 2007 WL 403915 (W.D. Pa. Feb. 1, 2007) (applying same to permit expert testimony); see also Newman, 60 F.3d at 156-57 (applying same to affirm denial of motion to exclude). Furthermore, many courts also consider the importance of the evidence to resolution of the trial on the merits. In re Mercedes-Benz Anti-Trust Litigation, 225 F.R.D. 498,

506 (D.N.J. 2005) ("the Court will consider the factors mentioned by the Third Circuit in Newman and the importance of the evidence…").

All of these factors weigh in favor of permitting AETC to offer the Ashland Experts at trial. First, there is no prejudice here. Plaintiffs have known about the Ashland Experts for several years. These witnesses were deposed and produced an expert report. Thus, Plaintiff has long known that these witnesses will testify at trial, have had ample time to prepare for their testimony, and will suffer no procedural disadvantage from the testimony. As such, the first factor weighs in favor of permitting the Ashland Experts to testify.

Similarly, the second and third factors (ability to cure and disruption of the trial) also weigh in favor of admitting the disputed testimony. Simply put, there is nothing to cure and there will be no disruption of the trial. There is no need for a delay of these proceedings to accommodate a special deposition or to permit Plaintiffs the opportunity to prepare for these witnesses. All of that has already occurred, and well within the time periods set by the Court in its prior scheduling orders.

Moreover, there is no bad faith or willfulness here. AETC made no attempt to hide its intention to rely upon the Ashland Experts at trial. AETC rightly assumed that given its common interest with Ashland, AETC could rely upon Ashland to present these witness to the Court for the benefit of Ashland and AETC. When AETC learned that Ashland's settlement with Plaintiffs was imminent, AETC notified all concerned that it intended to use the Ashland Experts on its own through the letter to the Court.

Finally, the evidence is extremely important to AETC's case at trial. One of the central issues in this action is the degree to which Ashland's wastes caused environmental problems that require remediation. The Ashland Experts are expected to testify in response to the experts

expected to be offered by Plaintiffs on this issue, and as part of AETC's defense that Ashland's wastes did not cause the problems to the degree alleged by Plaintiffs. As such, this factor also weighs heavily in favor of permitting the evidence.

In sum, Plaintiffs have suffered no harm, and the Ashland Experts should be permitted to testify. Furthermore, Ashland will suffer not hard as AETC has offered to pay half of all fees charged by these experts prior to AETC's letter of June 6, 2008 and assume all further costs.

**CONCLUSION**

For the forgoing reasons, AETC should be permitted to offer the testimony of the Ashland Experts at trial.

WOLFF & SAMSON PC
Attorneys for Defendant Advanced Environmental Technology Corporation

By: ______________________.
JOHN A. MCKINNEY, JR., ESQ.
jmckinney@wolffsamson.com

Dated: June 12, 2008

Robert M. Morris, Esq.
Morris & Adelman
1920 Chestnut Street
Philadelphia, Pennsylvania