IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, LLC, ET AL., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants | : | |

ORDER

AND NOW, this 23rd day of June 2008, upon consideration of plaintiffs' unopposed Motion for Dismissal of Defendant Advanced Environmental Technology Corporation ("settling defendant") (Doc. No. 367), it is ORDERED that the Motion is GRANTED.

It is further ORDERED as follows:

1. All claims asserted by the plaintiffs in the Fifth Amended Complaint against the settling defendant and all actual and potential counterclaims by the settling defendant against the plaintiffs arising out of the subject matter of the Fifth Amended Complaint shall be and hereby are dismissed and barred with prejudice, and the settling defendant is hereby dismissed as a party to this action.

2. This dismissal is without costs or attorneys' fees against the plaintiffs or the settling defendant, each party to bear its own costs and fees.

3. All deemed, asserted and potential cross-claims (whether for CERCLA section 107 cost recovery, CERCLA section 113 contribution, or otherwise) by the non-settling defendants against the settling defendant and by the settling defendant against the non-settling defendants arising out of the claims asserted in the Fifth Amended Complaint (including any claims or cross-claims otherwise assigned by the settling defendant to the plaintiffs in the settlement agreement), shall be and hereby are dismissed and barred with prejudice.

4. The Court's Memorandum and Order filed June 30, 2004 (Doc. No. 96) will govern in determining the extent, if any, to which the non-settling defendants'

liability, if any, should be offset, in whole or in part, by the Settlement Agreement.

5. This Order of Dismissal with Prejudice does not bar or otherwise adjudicate the following potential claims or cross-claims relating to the Site that potentially may be asserted in the future by or against any party or other person, which potential claims were neither asserted in the Fifth Amended Complaint nor resolved in the Settlement Agreement:

   a. Toxic tort claims (including but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property);

   b. Claims at other sites arising from the direct or indirect shipment prior to 1990 hazardous waste, hazardous substances, or other materials from the Site; and

   c. Claims for natural resource damages or assessments at or caused by the Site.

6. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding no just reason for delay, this Order of Dismissal with Prejudice shall be entered as a final judgment of the Court with respect to the settling defendant, and the dismissal of cross-claims with prejudice as provided herein shall be deemed a final order of the Court.

BY THE COURT:

/S/LEGROME D. DAVIS)

Legrome D. Davis, J.