IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, LLC, ET AL., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-3830 |
| | : | |
| ADVANCED ENVIRONMENTAL | : | |
| TECHNOLOGY CORPORATION, ET AL., | : | |
| | : | |
| Defendants | : | |

ORDER

AND NOW, this 24th day of June 2008, upon consideration of plaintiffs' Objection to the Admission of EPA Depositions (Doc. No. 375) it is ORDERED that the objection is SUSTAINED.

In or around 1996 and 1997 and well before commencement of this litigation, the EPA deposed Manfred DeRewal, Senior, Manfred DeRewal, Junior, Bruce DeRewal, and Jeffrey Shaak. These depositions were conducted under oath. However, the individuals deposed were not represented by counsel. Additionally, none of the parties to this case were present when the depositions were taken, and the depositions were not taken in accordance with the Federal Rules of Civil Procedure. Specifically, an EPA attorney, investigator, and paralegal sporadically posed questions to the deponents. Defendants Carpenter Technology and Handy & Harman Tube Company now seek to admit portions of these depositions.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.

1

Fed. R. Evid. 801. The EPA Depositions, if offered to prove the truth of the matter asserted, are hearsay. As such, the EPA depositions are only admissible if they fall within an exception to the hearsay rule. See Fed. R. Evid. 802, 803, 804.

The EPA depositions do not fall within the hearsay exception for former testimony by an unavailable witness. Fed. R. Evid. 804(b)(1). The exception reads as follows:

> Testimony given as a witness at another hearing of the same or a different proceeding or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed. R. Evid. 804(b)(1). The plaintiffs were not present at the EPA depositions. Therefore, the designated portions of the EPA depositions are only admissible if the EPA is considered a predecessor in interest of the plaintiffs. "If it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party. Under these circumstances, the previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party." Lloyd v. American Export Lines, Inc., 580 F.2d 1179, 1187 (3d Cir. 1978).

The Court finds that the EPA was not a predecessor in interest of the plaintiffs. The EPA's motive in developing the testimony was not the same as the plaintiffs. In particular, consistent with the burden of proof of plaintiffs' CERCLA § 113(f) claims, plaintiffs have an interest in developing testimony regarding the equitable allocation of the potentially responsible parties' response costs. The EPA has no such motive.

Moreover, the EPA depositions do not fall within the "catchall" exception to the hearsay rule. Fed. R. Evid. 807. Federal Rule of Evidence 807 provides that:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. . . .

Fed. R. Evid. 807. "In assessing the guarantees of trustworthiness, factors to consider include whether: (1) the declarant was known and named; (2) the statement was made under oath; (3) the declarant knew his assertions were subject to cross-examination; (4) the statement was based on personal knowledge; (5) the declarant had motivation to lie; (6) the statement was corroborated; and (7) the declarant was qualified to make the assertion." United States v. Wilson, 2008 WL 2333023 *3 (3d Cir. 2008) (citing Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 113 (3d Cir.2001)).

Initially, the Court finds that the EPA depositions do not have the requisite guarantees of trustworthiness. The declarants were not subject to cross-examination and all of the declarants had motivation to testify falsely to the EPA. Additionally, the Court finds that EPA depositions are not "more probative . . . than any other evidence which" the defendants can produce, as the declarants were deposed in the present civil litigation. Lastly, the Court finds that the interests of justice do not warrant admitting these statements, as the declarants could have been questioned regarding their prior inconsistent statements during their depositions.

Lastly, the EPA depositions cannot be used to establish a prior inconsistent statement for purposes of credibility (as opposed to the truth of the matter asserted) unless the declarant

testifies at trial. Fed. R. Evid. 801(d)(1).

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.
