# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS L.L.C., | : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : : | |

## MOTION FOR ORDER OF DISMISSAL

Plaintiffs Agere Systems, Inc., Cytec Industries Inc., Ford Motor Company, SPS Technologies, LLC and TI Group Automotive Systems L.L.C. ("Plaintiffs") and Defendant Handy & Harman Tube Company, Inc. ("Settling Defendant"), by their undersigned counsel, hereby move for the entry of an Order dismissing and barring claims against Settling Defendant. In support of this motion, Plaintiffs and Settling Defendant aver as follows:

1.    On June 18, 2002, Plaintiffs filed a Complaint[1] against Defendants alleging that they were liable under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9613 ("CERCLA") and the Pennsylvania Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. § 6020.101 *et seq.* ("HSCA"), and seeking response costs,

---

[1]    Four Amended Complaints were filed after this date as follows:  Amended Complaint, filed August 26, 2002; Second Amended Complaint filed February 21, 2003; Third Amended Complaint filed September 8, 2003; and Fourth Amended Complaint filed August 1, 2005.  The Fourth Amended Complaint is captioned *Agere Systems, Inc., et al. v. Advanced Environmental Technology Corporation, et al.*

contribution, and declaratory relief in connection with the Boarhead Farm Superfund Site (the "Site").

2.      On June 30, 2004, this Court entered a Memorandum Order setting forth certain rulings concerning the dismissal of Defendants who enter into settlements with Plaintiffs.

3.      Following settlement negotiations, Settling Defendant entered into an agreement with Plaintiffs to settle Plaintiffs' claims against it in the within action.

4.      The settlement reached between the parties and embodied in the settlement agreement is neither collusive nor fraudulent, was arrived at by arms-length process of negotiation and in good faith, and resolves all claims between the parties.

5.      The proposed Order of Dismissal submitted herewith reflects the Court's opinion in the June 30, 2004 Memorandum Order.

WHEREFORE, Plaintiffs and Settling Defendant respectfully request that this Court enter the proposed Order.

Dated:  July 11, 2008

_____
Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll
A Pennsylvania Limited Liability Partnership
Plaza 1000, Suite 500, Main Street
Voorhees, New Jersey  08043
Phone:  (856) 761-3400
E-mail:  harrisg@ballardspahr.com

Attorney for Plaintiffs

John M. Agnello, Esquire
Melissa E. Flax, Esquire
Carella, Byrne, Bain, Gilfillan, Cecchi,
Stewart & Olstein
5 Becker Farm Road
Roseland, NJ 07068
E-mail:  JAgnello@carellabyrne.com

Attorney for Defendant Handy & Harman
Tube Company, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., CYTEC INDUSTRIES INC., FORD MOTOR COMPANY, SPS TECHNOLOGIES, LLC and TI GROUP AUTOMOTIVE SYSTEMS L.L.C., | : : : : : : | Civil Action No. 02-CV-3830 (LDD) |
| Plaintiffs, | : | |
| v. | : : | |
| ADVANCED ENVIRONMENTAL TECHNOLOGY CORPORATION, et al., | : : : | |
| Defendants. | : : | |

## ORDER

AND NOW, this _____ day of _____, 2008, it is hereby ORDERED that Plaintiffs' Motion for Dismissal of Defendant Handy & Harman Tube Company, Inc . ("Settling Defendant") (Doc. No. _____) is GRANTED.

IT IS FURTHER ORDERED AS FOLLOWS:

1.     All claims asserted by the Plaintiffs in the Fifth Amended Complaint against the Settling Defendant and all actual and potential counterclaims by the Settling Defendant against the Plaintiffs arising out of the subject matter of the Fifth Amended Complaint shall be and hereby are dismissed and barred with prejudice, and the Settling Defendant is hereby dismissed as a party to this action.

2.     This dismissal is without costs or attorneys' fees against the Plaintiffs or the Settling Defendant, each party to bear its own costs and fees.

DMEAST #10077295 v1

3.    All deemed, asserted and potential cross-claims (whether for CERCLA section 107 cost recovery, CERCLA section 113 contribution, or otherwise) by the Non-Settling Defendants against the Settling Defendant and by the Settling Defendant against the Non-Settling Defendants arising out of the claims asserted in the Fifth Amended Complaint (including any claims or cross-claims otherwise assigned by the Settling Defendant to the Plaintiffs in the Settlement Agreement), shall be and hereby are dismissed and barred with prejudice.

4.    The Court's Memorandum Order filed June 30, 2004 (Doc. No. 96) will govern in determining the extent, if any, to which the Non-Settling Defendants' liability, if any, should be offset, in whole or in part, by the Settlement Agreement.

5.    This Order of Dismissal with Prejudice does not bar or otherwise adjudicate the following potential claims or cross-claims relating to the Site that potentially may be asserted in the future by or against any party or other person, which potential claims were neither asserted in the Fifth Amended Complaint nor resolved in the Settlement Agreement:

A.    Toxic tort claims (including, but not limited to, claims for injury to persons or offsite property, and related claims for medical monitoring, consequential damages, punitive damages and/or loss of value of property);

B.    Claims at other sites arising from the direct or indirect shipment prior to 1990 of hazardous waste, hazardous substances or other materials from the Site; and

C.    Claims for natural resource damages or assessments at or caused by the Site.

6.      Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court

finding no just reason for delay, this Order of Dismissal with Prejudice shall be entered as a final

judgment of the Court with respect to the Settling Defendant, and the dismissal of cross-claims

with prejudice as provided herein shall be deemed to be a final Order of the Court.

BY THE COURT:

_____

Legrome D. Davis, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AGERE SYSTEMS, INC., CYTEC
INDUSTRIES INC., FORD MOTOR
COMPANY, SPS TECHNOLOGIES, LLC
and TI GROUP AUTOMOTIVE SYSTEMS
L.L.C.,

                Plaintiffs,

    v.

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION, et al.,

              Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 02-CV-3830 (LDD)

### CERTIFICATE OF SERVICE

DAWN M. NEUKIRCH, of full age, certifies as follows:

1.      I am employed by the law firm of Ballard Spahr Andrews & Ingersoll, LLP, as a legal administrative assistant.

2.      On this date, I caused one copy of Plaintiffs' Motion for Order of Dismissal of Defendant Handy & Harman Tube Company, Inc and Certification of Service to be served via electronic submission upon the following:

### ALL DEFENDANTS ON ATTACHED SERVICE LIST

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dawn Neukirch /s/                  

Dated:  July 15, 2008

DMEAST #10077295 v1

Boarhead Farm Defendant Service List

File No.  892241

Melissa Flax, Esquire
Carella, Byrne, Bain, Gilfillian, Cecchi,
        Stewart & Olstein, P.C.
5 Becker Farm Road
Roseland, New Jersey  07068-1739
Phone:  973-994-1700
Fax:  973-994-1744
e-mail:  mflax@carellabyrne.com
*Handy & Harman Tube Company*


Lynn Wright, Esquire
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, New York  10022-1200
Phone:  212-308-4411
Fax:  212-308-4844
e-mail:  lwright@ealaw.com
*Carpenter Technology Corporation*

Christopher R. Booth, Jr., Esquire
Booth and Tucker
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, Pennsylvania  19103
Phone:  215-875-0609
Fax:  215-875-8143
e-mail:  cbooth@boothtucker.com
*Special Litigation Counsel for Carpenter Technology Corporation*