IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | CV – 02-3830 |
| CARPENTER TECHNOLOGY CORPORATION, et al., | : | |
| Defendants. | : | |

## DEFENDANT CARPENTER TECHNOLOGY CORPORATION'S RESPONSE TO PLAINTIFFS' REVISED INTEREST CALCULATION FOR THE BOREHEAD FARMS SITE

Defendant Carpenter Technology Corporation ("Defendant"), by and through its undersigned counsel, respectfully submits this Response to Plaintiffs' Revised Interest Calculation for the Borehead Farms Site.

1. On August 18, 2008, this Court ordered Plaintiff to submit a revised interest calculation for the Borehead Farms site, with which Plaintiffs complied on August 20, 2008. See Letter from Glenn Harris, Esquire to the Honorable Legrome D. Davis, dated August 20, 2008, attached hereto as Ex. A.

2. In the revised interest calculation, Plaintiffs reduced the response costs payments for OU-1 and one of the past costs payments to the EPA "to reflect the fact that those payments were made from OU-1 group accounts, and thus partially funded by NRM Investment Company and Worthington Industries." See Ex. A.

3. However, Plaintiffs failed to reduce the response costs for payments made

by settled parties and thus, Plaintiffs' revised interest calculation is considerably overstated.

4. More specifically, while Defendant does not object to the mathematical calculation of the revised interest, Defendant unequivocally objects to Plaintiffs' attempt to seek to recover for losses that they have not actually incurred.

5. Plaintiffs are only entitled to seek prejudgment interest on actual losses. As set forth in the Court's Findings of Fact and Conclusions of Law, prejudgment interest is discretionary under Section 113 and awarded only in cases where the Plaintiffs have been deprived of the use of an ascertainable amount of money for a period of time and where there is an actual loss.

6. In this case, since the Plaintiffs have settled with numerous defendants for millions of unknown dollars, they have not suffered an actual loss on the money since, upon information and belief, the Plaintiffs have settled for approximately the amount of the judgment against Carpenter. See Action Mfg. Co. v. Simon Wrecking Co., 428 F. Supp. 2d 288, 332-334 (EDPA 2006) (finding that "although the CSDG has incurred significant liability by signing the Consent Decree with the EPA and has paid several million dollars in response costs from its account, it has recovered more than that amount from other PRPs, so that the CSDG members have not yet had to use their own money for response costs. Because the CSDG's demand was unreasonable and its loss, if any, in not being able to use the Simon Entities' money earlier was negligible, the CSDG is not entitled to prejudgment interest on its CERCLA claim.").

7. Accordingly, interest should be calculated on the actual amount Plaintiffs

are out-of pocket rather than the total judgment amount.

8.   Lastly, Carpenter respectfully reserves the right to file a motion for reconsideration of certain of the Court's Findings of Fact and Conclusions of Law.

WHEREFORE, Defendant Carpenter Technology Corporation respectfully request that the Court order Plaintiffs to submit a second revised interest calculation reduced by the amounts paid by the settled parties.

**BOOTH & TUCKER, LLP**

Dated: August 21, 2008         BY:   /s/CRB2896
                                     Christopher R. Booth, Jr., Esquire
                                     Attorney I.D. No. 59395
                                     Joan E. Clarke, Esquire
                                     Attorney I.D. No. 91576
                                     1617 JFK Blvd., Suite 1700
                                     Philadelphia, PA 19103

## CERTIFICATE OF SERVICE

I, Christopher R. Booth, Jr., Esquire, hereby certify that I am an Attorney admitted to the bar of this court, and on this day a copy of Defendant Carpenter Technology Corporation's Response to Plaintiffs' Revised Interest Calculation for the Borehead Farms Site to the following via electronic filing:

Glenn A. Harris, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000 – Suite 500
Main Street
Voorhees, NJ  08043=4636
(856) 761-3440
(856) 761-9001 (Fax)
harrusg@ballardspahr.com

(Counsel for Boarhead Farms Agreement Group)

**BOOTH & TUCKER, LLP**

Dated: August 21, 2008       BY:   /s/CRB2896
                                    Christopher R. Booth, Jr., Esquire
                                    Attorney I.D. No. 59395
                                    Joan E. Clarke, Esquire
                                    Attorney I.D. No. 91576
                                    One Penn Center at Suburban Station
                                    1617 JFK Blvd., Suite 1700
                                    Philadelphia, PA 19103
                                    (215) 875-0609