IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGERE SYSTEMS, INC., ET AL., : | | |
|     Plaintiffs, : | | CIVIL ACTION |
| : | | |
|     v. : | | |
| : | | |
| ADVANCED ENVIRONMENTAL : | | NO. 02-3830 |
| TECHNOLOGY CORPORATION, ET AL., : | | |
|     Defendants. : | | |

ORDER

AND NOW, this 22nd day of August 2008, upon consideration of Plaintiffs' Revised Interest Calculation (Doc. No. 410) and Defendant Carpenter's Objections (Doc. No. 411) it is ORDERED that defendant Carpenter's objections are OVERRULED.

On August 18, 2008, this Court issued its Findings of Facts and Conclusions of Law. (Doc. No. 408.) The Court held that Carpenter was liable for 80% of all past and future response costs and awarded plaintiffs prejudgment interest on past response costs. The Court ordered plaintiffs to recalculate their prejudgment interest in accordance with that decision. Specifically, because Carpenter was only liable for 80% of all past response costs, plaintiffs were only entitled to interest on 80% of any particular expenditure.

Plaintiffs recalculated prejudgment interest by first reducing all expenditure by 80% and then calculating interest thereon. Additionally, two non-plaintiff entities, NRM Investment Company and Worthington Industries, contributed to the OU-1 Trust Account from which OU-1 expenditures were paid. Plaintiffs were not entitled to interest on monies expended by other parties. Thus, plaintiffs calculated the percentage of costs paid by NRM and Worthington Industries and reduced expenditures from the OU-1 Trust Account by that percentage.

Carpenter objects to plaintiffs' revised interest calculation arguing that it is entitled to a reduction for all settlement monies obtained by plaintiffs. This argument overlooks two important points addressed by this Court's Findings of Fact and Conclusions of Law. First, Carpenter is liable for 80% of all past response costs. Thus, Carpenter is also liable for prejudgment interest on 80% of all past response costs. Plaintiffs' settlements with other parties are irrelevant to Carpenter's prejudgment interest, as settled parties' liability is encompassed within the remaining 20% of response costs.

Secondly, this Court already held that the Uniform Comparative Fault Act ("UCFA") governs allocation of the settled parties' share of liability in this matter. (Doc. No. 96.) As stated in the Conclusions of Law, under the UCFA plaintiffs bore the risk that a settling defendant's share of cleanup costs might, at trial, be determined to be greater than the settlement amount. (Doc. No. 408 at 68.) As such, a non-settling defendant would not be responsible for any shortfall. The other side of the coin, however, is that plaintiffs received the benefit of any settlement made in excess of a settling defendant's equitable share.[1] Moreover, CERCLA allocations are based on principles of equity, which would not be served by permitting Carpenter, a party who chose not to cooperate with the EPA, to reap the benefit of excess settlement monies procured by plaintiffs.

---

[1] Although the existence of any excess or deficiency is not germane to this Court's analysis, it is worth nothing that, despite Carpenter's assertions, there is no evidence of record that any excess exists. Additionally, because plaintiffs incurred costs after settlements were reached and will continue to incur costs for an indefinite future period, even if they did collect monies in excess of their expenditures thus far, this does not necessarily indicate there will be an excess when cleanup is completely finished at the Boarhead Farms Superfund Site. For this reason, Action Mfg. Co. v. Simon Wrecking Co., 428 F. Supp. 2d 288, 293 (E.D. Pa. 2006), is distinguishable because, in that case, the Court determined the actual monetary amount of future allocable costs.

      For all of these reasons, Carpenter's Objection to Plaintiffs' Revised Interest Calculation (Doc. No. 411) is OVERRULED.

                                              BY THE COURT:

                                              /S/LEGROME D. DAVIS

                                              Legrome D. Davis, J.